Office of the Attorney General
Douglas B. Moylan
Attorney General of Guam
Civil Division
Guam Judicial Center, Suite 2-200E
120 West O'Brien Drive
Hagåtña, Guam 96910 • USA
(671) 475-3324 • (671) 472-2493 (Fax)
www.guamattorneygeneral.com • law@mail.justice.gov.gu

**Attorneys for Respondents**

# UNITED STATES DISTRICT COURT
# DISTRICT OF GUAM

| | |
|---|---|
| JULIE BABAUTA SANTOS, individually and on behalf of those similarly situated,<br><br>                Petitioner,<br><br>vs.<br><br>FELIX P. CAMACHO, Governor of Guam; ART ILAGAN, Director of Department of Revenue and Taxation; LOURDES M. PEREZ, Director of Department of Administration; DOUGLAS B. MOYLAN, Attorney General; and GOVERNMENT OF GUAM,<br><br>                Respondents. | Civil Case No. CV04-00006<br><br>**OPPOSITION TO CLASS ACTION PETITION FOR RECOVERY OF INCOME TAX REFUNDS OR IN THE ALTERNATIVE FOR WRIT IN THE NATURE OF MANDAMUS** |

Respondents submit this Opposition to Petitioner's Class Action Petition for Recovery of Income Tax Refunds or in the Alternative for a Writ in the Nature of Mandamus and states:

**OPPOSITION TO AVERMENTS IN THE PETITION**

1. Respondents admit the averments in the following paragraphs of the Petition: 3, 4, 5, 7, 14, 15, 16, 17, 19, 20, 21, 22, and 23.

2. Respondents deny the averments in the following paragraphs of the Petition: 24 and 25.

3. Respondents are without sufficient knowledge or information sufficient to form a belief as to the truth of the averments in the following paragraphs of the Petition: 2, 9, 10, 11, 12, 13, and 28.

4. As to paragraph 1 of the Petition: The Respondents admit that the Court has exclusive original jurisdiction over this matter under 48 U.S.C. § 1421i(h) and that this Court has original jurisdiction over this matter under 28 U.S.C. § 1361.

5. As to paragraph 6 of the Petition: The Respondents admit that Douglas B. Moylan is the elected Attorney General of Guam, the head of the Department of Law and chief legal officer of the Government of Guam. Respondents deny the other allegations in this paragraph.

6. As to paragraph 8 of the Petition: The Respondents admit that Petitioner is bringing this petition in her own behalf. Respondents deny the other allegations in this paragraph.

7. As to paragraph 18 of the Petition: The Respondents deny that Guam taxpayers have been eligible for the EIC since its effective date in 1975. Respondents admit the other allegations in this paragraph.

8. As to paragraph 26 of the Petition: The Respondents admit that Petitioner is seeking relief from the Court. Respondents deny the other allegations in this paragraph.

9. As to paragraphs 27 of the Petition: The Respondents admit that Petitioner is seeking relief from the Court. Respondents deny the other allegations in this paragraph.

10. Respondents deny every averment in the Petition which is not specifically admitted above.

## AFFIRMATIVE DEFENSES

1. The Petition fails to state a claim upon which relief can be granted.

2. The Petitioner has an adequate remedy at law.

3. The Petitioner's claims for tax years 1999 and 2000 are time-barred by the statute of limitations governing tax refunds.

4. The Petition fails to state a claim upon which a claim for costs and attorneys fees in the amount of ten percent of the total recovered may be maintained.

5. The claims against Respondents Camacho, Ilagan, Perez, and Moylan, who acted in good faith, are barred by the doctrine of qualified immunity.

6. The Petitioner has not met the class certification requirements set forth in Rule 23(a) and (b) of the Federal Rules of Civil Procedure.

7. The Respondents are not bound by the Guam Supreme Court's ruling in *In re Request of I Mina Bente Sing'ko Na Liheslaturan Guahan Relative to the Application of the Earned Income Tax Credit Program to Guam Taxpayers*, 2001 Guam 3 (2001), because pursuant to 48 U.S.C. § 1421i(h)(1) this Court has exclusive original jurisdiction over all judicial proceedings in Guam, both criminal and civil, regardless of the degree of the offense or of the amount involved, with respect to the Guam Territorial income tax.

8. The Petitioner has failed to exhaust her administrative remedies.

WHEREFORE, the Respondents pray for the following relief:

1. That the Court dismiss the Petition as to Respondent Moylan for failure to state a claim upon which relief can be granted.

2. That the Court dismiss the Petition as to Respondents Camacho, Ilagan, Perez, and Moylan based on qualified immunity.

3. That the Court issue a ruling regarding the application of the Earned Income Tax Credit Program to Guam taxpayers.

4. That Petitioner take nothing as a result of her Petition.

5. That Respondents be awarded costs and disbursements incurred herein.

6. For such other relief as the Court deems just and equitable.

Respectfully submitted this 11th day of March, 2004.

OFFICE OF THE ATTORNEY GENERAL
DOUGLAS B. MOYLAN, Attorney General of Guam

_____
J. Basil O'Mallan III
Deputy Attorney General