

The Law Offices of

# PHILLIPS & BORDALLO

A Professional Corporation

410 West O'Brien Drive, Suite 102 Hagåtña, Guam 96910-5044
Tel: (671) 477-ABCD (2223) • Fax: (671) 477-2FAX (2329)
" I Erensia, Lina'Ia', Espiritu-ta"



FILED
DISTRICT COURT OF GUAM

JUN 17 2004

MARY L. M. MORAN
CLERK OF COURT

5

6   Attorneys for Petitioner

7

8               UNITED STATES DISTRICT COURT

9                         OF GUAM

10  JULIE BABAUTA SANTOS, individually,  )       DOCKET NO. CIV04-00006
    and on behalf of all those similarly situated, )
11                                       )
                    Petitioner,          )
12                                       )
13          vs.                          )
                                         )          [*pw y*] STIPULATED
14  FELIX A. CAMACHO, Governor of Guam,  )       ORDER GRANTING
    ART ILAGAN, Director of Department of )      PRELIMINARY APPROVAL
15  Revenue and Taxation, LOURDES M.     )       OF CLASS ACTION
    PEREZ, Director of Department of     )       SETTLEMENT
16  Administration; and GOVERNMENT OF    )
    GUAM,                                )
17                                       )
18                  Respondents.         )
    ─────────────────────────────────────)

19
        The Petitioner, individually and on behalf of all those similarly situated
20
    (hereinafter "EIC Class"), through her attorneys of record Phillips and Bordallo, P.C., by
21
    Michael F. Phillips, and the Governor of Guam, Director of Department of Revenue and
22
    Taxation, Director of Department of Administration, and the GOVERNMENT OF GUAM,
23
    (hereinafter collectively referred to as "Government of Guam"), through their attorneys
24
    of record, the Office of the Attorney General, by Attorney General Douglas B. Moylan,
25
    move the Court for an order granting preliminary approval of the parties' Settlement
26

27

28

JULIE BABAUTA SANTOS, individually, and on behalf of all those similarly situated, Petitioner, Page 2
vs. FELIX A. CAMACHO, Governor of Guam, ART ILAGAN, Director of Department of Revenue and
Taxation, LOURDES M. PEREZ, Director of Department of Administration; and GOVERNMENT OF GUAM,
Respondents.
[PROPOSED] STIPULATED ORDER GRANTING PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT
DOCKET NO. CIV04-00006

Agreement, attached as Exhibit "A," and in support thereof, stipulate to the following for

purposes of settlement of this case:

1.    Petitioner brings this action on behalf of a class of taxpayers claiming

refunds as a result of the Earned Income Tax Credit program.

2.    "EIC Class" means all persons who (a) filed Guam income tax returns and

(b) were and are entitled to be paid refundable earned income tax credits under the

Guam Territorial Income Tax and the Earned Income Program for any or all of the

following tax years: 1996, 1998, 1999, 2000, 2001, 2002 and 2003.

3.    The EIC Class members, otherwise eligible, are entitled to the Earned

Income Tax Credit, pursuant to a provision in Subtitle A of the Internal Revenue Code

and applied to Guam by operation of the Organic Act, 48 U.S.C. § 1421 et seq.

4.    The Government of Guam is required to pay the Earned Income Tax

Credit to eligible taxpayers.

5.    The Petitioner and Government of Guam wish to settle all claims (defined

in the Settlement Agreement) by the EIC Class against the Government of Guam.

6.    The terms of the Settlement Agreement are incorporated in this Motion.

7.    The Petitioner and Government of Guam seek approval of this action to

proceed as a class action with the certified class including all persons who are within

the EIC Class.  The parties also seek approval of the form and manner of notice and

objection procedures as set forth in sections II.D and II.E of the Settlement Agreement,

JULIE BABAUTA SANTOS, individually, and on behalf of all those similarly situated, Petitioner,     Page 3
vs. FELIX A. CAMACHO, Governor of Guam, ART ILAGAN, Director of Department of Revenue and
Taxation, LOURDES M. PEREZ, Director of Department of Administration; and GOVERNMENT OF GUAM,
Respondents.
[PROPOSED] STIPULATED ORDER GRANTING PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT
DOCKET NO. CIV04-00006

and request the Court schedule a hearing date for final approval of the Settlement Agreement.

8.    The Petitioner and the Government of Guam stipulate and agree that this case should proceed as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure for the following reasons and hereby move the Court for such certification:

(a) The EIC Class, described above and composed of the tax payers entitled to receive the refundable EIC, is so numerous that joinder of all members is impracticable.

(b) There are questions of law or fact common to the EIC Class.

(c) The claims or defenses of the representative party are typical of the claims or defenses of the EIC Class.

(d) The representative party will fairly and adequately protect the interests of the EIC Class.

(e) The prosecution of separate actions by or against individual members of the EIC Class would create a risk of

(i) inconsistent or varying adjudications with respect to individual members of the EIC Class which would establish incompatible standards of conduct for the party opposing the EIC Class.

(ii) adjudications with respect to individual members of the EIC Class which would as a practical matter be dispositive of the interests of

JULIE BABAUTA SANTOS, individually, and on behalf of all those similarly situated, Petitioner, Page 4
vs. FELIX A. CAMACHO, Governor of Guam, ART ILAGAN, Director of Department of Revenue and
Taxation, LOURDES M. PEREZ, Director of Department of Administration; and GOVERNMENT OF GUAM,
Respondents.
[PROPOSED] STIPULATED ORDER GRANTING PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT
DOCKET NO. CIV04-00006

the other members not parties to the adjudications or substantially impair

or impede their ability to protect their interests.

(f) The Government of Guam has acted or refused to act on grounds

generally applicable to the EIC Class.

(g) The questions of law or fact common to the members of the EIC Class

predominate over any questions affecting only individual members, and a class

action is superior to other available methods for the fair and efficient adjudication

of the controversy.

9. <u>Judgment</u>. Upon final approval of the settlement agreement, the Court is

expected to enter judgment enforceable against all parties to this Settlement

Agreement.

10. <u>Notice</u>.

A. Petitioner requests the Court for an order authorizing summary notice

by publication to the EIC Class, substantially in a form to be approved by the

Government of Guam or, in the event of disagreement between the Petitioner and the

Government of Guam, in a form to be approved by the Court (the "Notice"). The Notice

shall inform the EIC Class of the terms of the Settlement Agreement, state the date

scheduled by the Court for the hearing on final approval of the Settlement, and advise

class members of their right to object to the Settlement Agreement and to request

exclusion from the class by delivering or mailing to the Court any written objections or

written requests to opt out of the class by August 9, 2004, or such other date as the

JULIE BABAUTA SANTOS, individually, and on behalf of all those similarly situated, Petitioner, Page 5
vs. FELIX A. CAMACHO, Governor of Guam, ART ILAGAN, Director of Department of Revenue and
Taxation, LOURDES M. PEREZ, Director of Department of Administration; and GOVERNMENT OF GUAM,
Respondents.
[PROPOSED] STIPULATED ORDER GRANTING PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT
DOCKET NO. CIV04-00006

Court may approve (the "Objection and Opt Out Date"), and to appear at the hearing on

final approval. The Court will hear any and all objections on the date set by the Court

for final approval of the Settlement Agreement.

B. Subject to approval of the Court, Petitioner and the Government of

Guam agree that the Notice shall be published a total of three (3) times in both the

Pacific Daily News and The Marianas Variety, once per week for three (3) consecutive

weeks beginning the week of June 21, 2004, and ending on the last publication date of

July 9, 2004. Each Notice published in the Pacific Daily News and The Marianas

Variety shall be approximately one full page in size and appear on different days of the

week. One (1) Pacific Daily News Notice shall be in a Sunday edition. The

Government of Guam will bear the cost of publishing the Notice. The Petitioner and the

Government of Guam shall provide such additional or alternative notice or notices as

required by the Court.

11. Procedures for Objecting to the Settlement.

Petitioner and the Government of Guam recommend that the Court approve an

Objection and Opt Out Date of August 9, 2004, or thirty (30) days after the last

publication date of the Notice required. Any member of the EIC Class may appear at

the hearing on final approval of the Settlement to present any objections to the

Settlement; provided, however, that no member of the EIC Class shall be heard, unless

his or her objection is made in writing and is filed, together with copies of all other

PHILLIPS & BORDALLO

JULIE BABAUTA SANTOS, individually, and on behalf of all those similarly situated, Petitioner, Page 6
vs. FELIX A. CAMACHO, Governor of Guam, ART ILAGAN, Director of Department of Revenue and
Taxation, LOURDES M. PEREZ, Director of Department of Administration; and GOVERNMENT OF GUAM,
Respondents.
[PROPOSED] STIPULATED ORDER GRANTING PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT
DOCKET NO. CIV04-00006

papers or briefs to be submitted to the Court at the hearing on final approval of the Settlement, with the Court no later than the Objection and Opt Out Date.

12. Motion for Court Approval and Entry of Final Judgment. Petitioner and the Government of Guam request that the Court set a hearing on final approval of the Settlement for a date that is approximately thirty (30) days after the Objection and Opt Out Date. At least fifteen (15) days prior to the date the Court sets for the hearing on final approval of the Settlement, Petitioner will submit a motion for an Order of Approval and Final Judgment, the Order of Approval and Final Judgment in a form to be agreed upon by Petitioner and the Government of Guam, not inconsistent with the terms of the Settlement Agreement; and:

A. Determining that Petitioner and the Government of Guam have submitted to the jurisdiction of the Court for purposes of this Settlement, that the Court has jurisdiction to approve the Settlement Agreement as fair, reasonable, adequate, and in the best interests of the class members and named petitioner pursuant to 48 U.S.C. §1421i(h) and 28 U.S.C. §1361; Rule 23 of the Federal Rules of Civil Procedure; and any other applicable rules of the Court;

B. Finding that the notice provided in the Settlement Agreement (a) constitutes reasonable and the best practical notice; (b) constitutes notice that is reasonably calculated, under the circumstances, to apprise members of the EIC Class of the pendency of this action, the terms of the Settlement, the right to object to the Settlement, the right to opt out of the class, and the right to appear at the hearing on

JULIE BABAUTA SANTOS, individually, and on behalf of all those similarly situated, Petitioner, Page 7
vs. FELIX A. CAMACHO, Governor of Guam, ART ILAGAN, Director of Department of Revenue and
Taxation, LOURDES M. PEREZ, Director of Department of Administration; and GOVERNMENT OF GUAM,
Respondents.
[PROPOSED] STIPULATED ORDER GRANTING PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT
DOCKET NO. CIV04-00006

final approval; (c) constitutes due, adequate and sufficient notice to all persons entitled to receive such notice; and (d) meets the requirements of due process under the applicable law and rules of the Court;

C. Reserving for the Court exclusive jurisdiction over this Settlement, including the administration, consummation and enforcement of this Settlement, and including all proceedings both before and after the Final Judgment become final and is no longer subject to appeal;

D. Determining that there is no just reason for delay and directing that the Final Judgment be final and appealable; and

E. Incorporating the release set forth in § III of the Settlement Agreement and forever discharging the Government of Guam from All Claims.

13. Effect of Disapproval. If the Court for any reason (1) determines not to approve the Settlement Agreement; or (2) does not enter Final Judgment, then the Settlement Agreement terminates and becomes null and void, except as otherwise provided in the Settlement Agreement.

14. Jurisdiction. The District Court of Guam shall have continuing, exclusive jurisdiction over all provisions of this case and over any and all disputes of any kind relating in any way to, or arising in any way out of, the Settlement Agreement.

/ / /

/ / /

/ / /

/ / /

JULIE BABAUTA SANTOS, individually, and on behalf of all those similarly situated, Petitioner, vs. FELIX A. CAMACHO, Governor of Guam, ART ILAGAN, Director of Department of Revenue and Taxation, LOURDES M. PEREZ, Director of Department of Administration; and GOVERNMENT OF GUAM, Respondents.
**[PROPOSED] STIPULATED ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**
**DOCKET NO. CIV04-00006**

/ / /

APPROVED AS TO FORM AND CONTENT:

PHILLIPS & BORDALLO, P.C.
Attorneys for Petitioner

OFFICE OF THE ATTORNEY GENERAL
Attorneys for Government of Guam

By:
Michael F. Phillips

By:
Douglas B. Moylan

SO ORDERED, this 14 day of June 2004.

JOAQUIN V.E. MANIBUSAN, Jr. ,
Magistrate Judge, District Court of Guam

RECEIVED
JUN 14 2004
DISTRICT COURT OF GUAM
HAGATNA, GUAM

PHILLIPS & BORDALLO

DISTRICT COURT OF GUAM
TERRITORY OF GUAM

| | |
|---|---|
| JULIE BABAUTA SANTOS, individually, and on behalf of all those similarly situated,<br><br>Petitioner,<br><br>vs.<br><br>FELIX P. CAMACHO, Governor of Guam, ART ILAGAN, Director of Department of Revenue and Taxation, LOURDES M. PEREZ, Director of Department of Administration; and GOVERNMENT OF GUAM,<br><br>Respondents. | DOCKET NO. CIV04-00006<br><br><br><br>**SETTLEMENT AGREEMENT** |

This Settlement Agreement ("Settlement") is made and entered into, subject to Court approval, as of June 14, 2004, by the Petitioner (as defined below), and the Governor of Guam, the Director of the Department of Revenue and Taxation, the Director of the Department of Administration; and the Government of Guam (collectively the "Government of Guam"), in Docket No. CIV04-00006, pending before Magistrate Judge Joaquin Manibusan, Jr. in the District Court of Guam.

WHEREAS, Petitioner has made certain claims against the Government of Guam based upon the failure of the Government of Guam to implement the Earned Income Program (as defined below) and to pay refundable earned income tax credits to Petitioner and the EIC Class (as defined below), and the Government of Guam's continued denial to the EIC Class of the benefits of the Earned Income Program, as mandated by the Organic Act and Guam law; and

WHEREAS, Petitioner contends that she and the members of the EIC Class are entitled to all unpaid refundable earned income tax credits for the years 1996, 1998, 1999, 2000, 2001, 2002, and 2003, in the approximate amount of One Hundred Twenty Million Dollars ($120,000,000.00); and

WHEREAS, on or about January 4, 1996, the Office of the Attorney General issued Memorandum Opinion No. DRT/DOA 96-001, which adopted Department of Revenue and Taxation Revenue Ruling 96-001, ruling that the Earned Income Tax Credit ("EIC") does not apply to Guam; and

WHEREAS, the Government of Guam refused or failed to implement or otherwise pay refundable earned income tax credits to qualified Guam taxpayers for tax years 1996, 1998, 1999, 2000, 2001, 2002, and 2003; and

WHEREAS, throughout the tax period identified above, with the exception of tax year 1998, the Government of Guam prevented the EIC Class from providing the Department of Revenue and Taxation with the information necessary to prove qualification for refundable earned income taxes by refusing to accept applications or denying the applicability of the EIC; and

WHEREAS, on February 9, 2001, the Supreme Court of Guam held that in In re Request of I Mina Bente Sing 'ko na Liheslaturan Guahan Relative to the Application of the Earned Income Tax Credit Program to Guam Taxpayers ("The EIC question"), the EIC applied to Guam taxpayers and the Government of Guam was obligated to pay the refundable earned income tax credits to eligible Guam taxpayers; and

WHEREAS, despite the Supreme Court of Guam's ruling, the Government of Guam still failed to implement or otherwise pay refundable earned income tax credits; and

WHEREAS, after extensive arm's-length negotiations between Counsel for the EIC Class (as defined below) and Counsel for the Government of Guam (as defined below), this Settlement Agreement has been reached; and

WHEREAS, Petitioner and members of the EIC Class will receive relief directly benefiting them immediately upon execution of this Settlement Agreement by the parties, and when Final Judgment issues; and

WHEREAS, each member of the EIC Class has an undisputed and mathematically ascertainable claim to part of the Settlement Amount (as defined below) recovered on his behalf; and

WHEREAS, Petitioner and the Government of Guam intend this Settlement Agreement to materially alter the legal relationship between the parties by modifying the Government of Guam's behavior and position in ways that directly benefit the Petitioner and the EIC Class, and by entitling the EIC Class to enforce this Settlement Agreement, the Order of Approval and Final Judgment against the Government of Guam; and

WHEREAS, the Petitioner and the Government of Guam intend that notwithstanding the long history of the dispute over the applicability of the EIC on Guam, and the required monitoring and related work necessary and remaining to bring closure to this matter, this Settlement Agreement encourages the efficient resolution of this case; and

WHEREAS, Petitioner's filing of this lawsuit serves as a catalyst motivating the Government of Guam to provide the relief originally sought through litigation; and

WHEREAS, the Government of Guam's dire financial condition, with a deficit over one hundred million dollars, and almost two hundred million dollars in past due cash obligations, operates against any possible or realistic distribution of the total claims for refundable earned income tax credits in the event that Petitioner and the EIC Class succeed on the merits; and

WHEREAS, this Settlement Agreement provides immediate relief and creates an enforceable entitlement to a stream of payments to be made by the Government of Guam; and

WHEREAS, the class representative and Counsel for the EIC Class have concluded, after investigation of the facts, and after carefully considering the circumstances, that it would be in the best interests of the EIC Class to enter into this Settlement Agreement; and both the class representative and Counsel for the EIC Class consider the Settlement set forth below to be fair, reasonable, adequate and in the best interests of the EIC Class, and that all members of the EIC Class will benefit as a result of this Settlement; and

WHEREAS, the Government of Guam has concluded that it will enter into this Settlement Agreement in order to, among other things, avoid the further expense, inconvenience, burden, uncertainty, and risk of this litigation; and

WHEREAS, this Settlement Agreement is not an admission of liability nor to be used against the Government of Guam by any party who may opt out, and does not waive or estop the Government of Guam from pursuing reimbursement from the Federal Government on any legal theory; and

WHEREAS, no preferences will be made in EIC payments based upon hardship exceptions; and

WHEREAS, no interest or penalty will be paid by the Government; and

WHEREAS, Petitioner and the Government agree that with the high risk of either Petitioner and the EIC Class failing on the merits of this case, or the previous possibility of financial inability of the Government to pay this claim, the terms of the Settlement Agreement are fair and just.

NOW, THEREFORE, it is agreed by the undersigned on behalf of the EIC Class and the Government of Guam, that All Claims (as defined below) of the EIC Class against the Government of Guam be settled and compromised, on the following terms and conditions:

## I. DEFINITIONS

For purposes of this Settlement Agreement, the following terms shall have the meanings set forth below.

A. "Administration Plan" means the plan of administration of the EIC Settlement Fund as provided in section V.A of this Settlement Agreement.

B. "All Claims" means all claims, demands, actions, suits and causes of action against the Government of Guam, whether known or unknown, asserted or unasserted, that any member of the EIC Class ever had, could have had, now has or hereinafter can, shall or may have, relating in any way to the conduct, act or omission which was or could have been alleged in the EIC Class Action and where the claims, demands, actions, suits or causes of action concern or relate to the following: (a) the Government of Guam's failure or refusal to implement the Earned Income Program or its failure or refusal to acknowledge or accept requests for refundable earned income tax credits, or its failure or refusal to pay any refundable earned income tax credits, or its denial to Guam taxpayers of the benefits of the Earned Income Program; and (b) refundable earned income tax credits applicable for the tax years 1996, 1998, 1999, 2000, 2001, 2002 and 2003. "All Claims" does not include claims relating to the Government of Guam's conduct, acts or omissions that result in unpaid refundable earned income tax credits applicable for tax year 2004 and all subsequent tax years.

C. "Counsel for the EIC Class" means Michael F. Phillips, Phillips & Bordallo, P.C.

D. "Counsel for the Government of Guam" means Douglas B. Moylan, Attorney General of Guam.

E. "Court" means the District Court of Guam.

F. "Date of Final Approval" means the first date upon which all of the events listed in section I.L below have occurred.

G. "Earned Income Program" means the program enacted by the Guam Legislature, through Public Law 24-61:4, as amended by Public Law 25-03:IV;22

(codified at 11 G.C.A. §42101, *et. seq.*), to mandate the fulfillment of the Government of Guam's obligations under the Guam Territorial Income Tax.

H. "Effective Date of the Settlement" means fifteen (15) days after the Date of Final Approval.

I. "EIC Class" means all persons who (a) filed Guam income tax returns and (b) were and are entitled to be paid refundable earned income tax credits under the Guam Territorial Income Tax (as defined below) and the Earned Income Program for any or all of the following tax years: 1996, 1998, 1999, 2000, 2001, 2002 and 2003.

J. "EIC Class Action" means the class action case filed by Julie Babauta Santos, individually, and on behalf of all those similarly situated, Docket No. CIV04-00006 in the District Court of Guam.

K. "EIC Settlement Fund" means the sub-account created under section IV.A of this Settlement Agreement.

L. "Final Approval" means the occurrence of all of the following events:

1. This Settlement is approved in all respects by the Court.

2. The Administration Plan (as defined below) is approved by the Court.

3. The Court enters an Order of Approval and Final Judgment as provided in section II below.

4. The time to appeal or seek permission to appeal from the Court's Order of Approval and/or Final Judgment has expired, or, if appealed, the Order of Approval and Final Judgment have been affirmed in their entirety by the court of last resort to which such appeal has been taken and such affirmance has become no longer subject to further appeal or review.

M. "Government of Guam" or "Government" means the Governor of Guam, the Director of the Department of Revenue and Taxation, the Director of the Department of Administration; and the Government of Guam.

N. "Guam Territorial Income Tax" means the provisions of the Internal Revenue Code, including the provisions providing for the EIC (26 U.S.C. §32), which Congress, pursuant to the Organic Act of Guam (48 U.S.C. § 1421i), applied to Guam as the Guam Territorial Income Tax.

O. "Objection and Opt Out Date" means August 9, 2004, or such other date as the Court may approve, by which members of the EIC Class must file with the Court any written objections to the Settlement and any written requests to opt out of the class.

P. "Payment Rate" means the percentage of refundable earned income tax credits that will be paid to members of the EIC Class based on Settlement Amount and the total claims filed, as further defined under section V of this Settlement Agreement.

Q. "Petitioner" means Julie B. Santos, individually, and the EIC Class.

R. "Settlement Amount" means Sixty Million Dollars ($60,000,000) to be made available to pay for claims made by members of the EIC Class and other fees and expenses in accordance with this Settlement Agreement as further defined in section IV.A below.

## II. COURT APPROVAL, CLASS NOTICE AND OBJECTION PROCEDURES

A. <u>Best Efforts</u>. Petitioner and the Government of Guam agree that they will: (1) recommend approval of this Settlement Agreement to the Court; and (2) use their best efforts to obtain approval of this Settlement Agreement and to carry out its terms.

B. <u>Preliminary Stipulated Order</u>. Petitioner shall submit to the Court on or before June 14, 2004 a proposed preliminary stipulated order preliminarily approving this Settlement Agreement in substantially a form to be agreed upon by Petitioner and the Government of Guam, not inconsistent with the terms of this Settlement Agreement. The proposed preliminary stipulated order shall seek approval of the action to proceed as a class action with the certified class including all persons who are within the EIC Class. The proposed preliminary stipulated order shall also seek approval of the form and manner of notice and objection procedures as set forth in sections II.D and II.E below. The proposed preliminary stipulated order shall also ask the Court to schedule a hearing date for final approval of this Settlement Agreement.

1. The Petitioner and the Government of Guam stipulate and agree that this case should proceed as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure for the following reasons, and will move the Court for such certification:

(a) The EIC Class, described above and composed of the tax payers entitled to receive the refundable EIC, is so numerous that joinder of all members is impracticable.

(b) There are questions of law or fact common to the EIC Class.

(c) The claims or defenses of the representative party are typical of the claims or defenses of the EIC Class.

(d) The representative party will fairly and adequately protect the interests of the EIC Class.

(e) The prosecution of separate actions by or against individual members of the EIC Class would create a risk of

(i) inconsistent or varying adjudications with respect to individual members of the EIC Class which would establish incompatible standards of conduct for the party opposing the EIC Class.

(ii) adjudications with respect to individual members of the EIC Class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

(f) The Government of Guam has acted or refused to act on grounds generally applicable to the EIC Class.

(g) The questions of law or fact common to the members of the EIC Class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

C. Judgment. Upon final approval of the settlement agreement, the Court is expected to enter judgment which will be enforceable against all parties to this Settlement Agreement.

D. Notice.

1. In the motion for preliminary approval of this Settlement Agreement (as set forth in section II.B. above), Petitioner shall apply to the Court for an order authorizing summary notice by publication to the EIC Class, substantially in a form to be approved by the Government of Guam or, in the event of disagreement between the Petitioner and the Government of Guam, in a form to be approved by the Court (the "Notice"). The Notice shall inform the EIC Class of the terms of the Settlement

Agreement, state the date scheduled by the Court for the hearing on final approval of the Settlement, and advise class members of their right to object to the Settlement Agreement and to request exclusion from the class by delivering or mailing to the Court any written objections or written requests to opt out of the class by August 9, 2004, or such other date as the Court may approve (the "Objection and Opt Out Date"), and to appear at the hearing on final approval. The Court will hear any and all objections on the date set by the Court for final approval of the Settlement Agreement.

2. Subject to approval of the Court, Petitioner and the Government of Guam agree that the Notice shall be published a total of three (3) times in both the Pacific Daily News and The Marianas Variety, once per week for three (3) consecutive weeks beginning the week of June 21, 2004, and ending on the last publication date of July 9, 2004. Each Notice published in the Pacific Daily News and The Marianas Variety shall be approximately one full page in size and appear on different days of the week. One (1) Pacific Daily News Notice shall be in a Sunday edition. The Government of Guam will bear the cost of publishing the Notice. The Petitioner and the Government of Guam shall provide such additional or alternative notice or notices as required by the Court.

E. Procedures for Objecting to the Settlement.

Petitioner and the Government of Guam will recommend that the Court approve an Objection and Opt Out Date of August 9, 2004, or thirty (30) days after the last publication date of the Notice required under this Section. Any member of the EIC Class may appear at the hearing on final approval of the Settlement to present any objections to the Settlement; provided, however, that no member of the EIC Class shall be heard, unless his or her objection is made in writing and is filed, together with copies of all other

papers or briefs to be submitted to the Court at the hearing on final approval of the Settlement, with the Court no later than the Objection and Opt Out Date.

F. Motion for Court Approval and Entry of Final Judgment. Petitioner and the Government of Guam will request that the Court set a hearing on final approval of the Settlement for a date that is approximately thirty (30) days after the Objection and Opt Out Date. At least fifteen (15) days prior to the date the Court sets for the hearing on final approval of the Settlement, Petitioner will submit a motion for an Order of Approval and Final Judgment, the Order of Approval and Final Judgment in a form substantially a form to be agreed upon by Petitioner and the Government of Guam, not inconsistent with the terms of this Settlement Agreement; and:

1. Determining that Petitioner and the Government of Guam have submitted to the jurisdiction of the Court for purposes of this Settlement, that the Court has jurisdiction to approve this Settlement Agreement as fair, reasonable, adequate, and in the best interests of the class members and named petitioner pursuant to 48 U.S.C. §1421i(h) and 28 U.S.C. §1361; Rule 23 of the Federal Rules of Civil Procedure; and any other applicable rules of the Court;

2. Finding that the notice provided in this Settlement Agreement (a) constitutes reasonable and the best practical notice; (b) constitutes notice that is reasonably calculated, under the circumstances, to apprise members of the EIC Class of the pendency of this action, the terms of this Settlement, the right to object to this Settlement, the right to opt out of the class, and the right to appear at the hearing on final approval; (c) constitutes due, adequate and sufficient notice to all persons entitled to

receive such notice; and (d) meets the requirements of due process under the applicable law and rules of the Court;

3. Reserving for the Court exclusive jurisdiction over this Settlement, including the administration, consummation and enforcement of this Settlement, and including all proceedings both before and after the Final Judgment become final and is no longer subject to appeal;

4. Determining that there is no just reason for delay and directing that the Final Judgment be final and appealable; and

5. Incorporating the release set forth in § III below and forever discharging the Government of Guam from All Claims.

G. Effect of Disapproval. If the Court for any reason (1) determines not to approve this Settlement Agreement; or (2) does not enter Final Judgment, then this Settlement Agreement terminates and becomes null and void, except as otherwise provided in this Settlement Agreement.

### III. RELEASE

Upon Final Approval, each member of the EIC Class hereby expressly and irrevocably waives and fully, finally and forever settles and releases all claims, demands, actions, suits and causes of action against the Government of Guam, whether known or unknown, asserted or unasserted, that any member of the EIC Class ever had, could have had, now has or hereinafter can, shall or may have, relating in any way to the conduct, act or omission which was or could have been alleged in the EIC Class Action and where the claims, demands, actions, suits or causes of action concern or relate to the following: (a) the Government of Guam's failure or refusal to implement the Earned Income Program

or its failure or refusal to acknowledge or accept requests for refundable earned income tax credits, or its failure or refusal to pay any refundable earned income tax credits, or its denial to Guam taxpayers of the benefits of the Earned Income Program; and (b) refundable earned income tax credits applicable for the tax years 1996, 1998, 1999, 2000, 2001, 2002 and 2003. This Release does not include claims relating to the Government of Guam's conduct, acts or omissions that result in unpaid refundable earned income tax credits applicable for tax year 2004 and all subsequent tax years.

## IV. PAYMENT OF EARNED INCOME TAX CREDITS

A. Consideration. As part of the consideration for the agreement herein, and for entry of Final Judgment as provided for in the Settlement Agreement, Petitioner and the Government of Guam agree that the Government of Guam shall pay the Settlement Amount of Sixty Million Dollars ($60,000,000) to the EIC Class. The Settlement Amount shall be paid in such installments as provided below and deposited in a separate sub-account within the Income Tax Refund Reserve Fund (11 G.C.A. § 50102) to be known and designated as the "EIC Settlement Fund." Any and all expenditures from the EIC Settlement Fund shall be for the payment of claims and fees as provided for in this Settlement Agreement, or as otherwise directed by the Court, and for no other purpose. All funds paid into the EIC Settlement Fund shall not be subject to any transfer authority of the Governor, until such time as all monies required to be paid hereunder have been done so.

As further consideration, Petitioner and the Government of Guam agree that the Government of Guam shall continue to implement the Earned Income Program and shall

take the appropriate steps necessary to ensure that refundable earned income tax credits are available and paid for all tax years following Tax Year 2003.

　　　B. Installments Paid Into EIC Settlement Fund.

　　　　　1. The first installment of *at least* Three Million Dollars ($3,000,000) shall be paid into the EIC Settlement Fund within thirty (30) days of the preliminary approval of this Settlement Agreement.

　　　　　2. The second through twelfth installments, each consisting of *at least* One Million Five Hundred Forty-five Thousand Four Hundred Fifty-Four Dollars and Fifty-four Cents ($1,545,454.54), shall be paid each month for eleven (11) months following the first installment, for a total of Seventeen Million Dollars ($17,000,000).

　　　　　3. The thirteenth through twenty-second installments, each consisting of *at least* Five Million Dollars ($5,000,000), shall be paid on or before June 30th of each subsequent year, beginning on June 30, 2006 and ending June 30, 2013.

　　　　　4.　　No interest shall accrue against the Government of Guam to any payments required under this Settlement Agreement.

　　　The payment schedule specified herein shall not restrict the Government of Guam from increasing amounts placed into the EIC Settlement Fund before each period specified, and does not specify when payments are to be actually disbursed by the Government of Guam to Class members.

　　　C. Intent to Extinguish Liability.

　　　It is the intent of Petitioner and the Government of Guam that the Settlement Amount completely extinguish the Government of Guam's liability to the EIC Class, excluding those members of the class who request to opt out of the class within the time

period specified in this Settlement Agreement. The Government of Guam's settlement herein shall not constitute an acknowledgment or admission of any legal or financial liability to pay under any legal theory for EIC or otherwise. This Agreement shall be construed simply a resolution of a dispute without admitting liability whatsoever. The Government of Guam agrees that no part of the Settlement Amount and no portion of funds paid into the EIC Settlement Fund shall be used for the potential refund for class members who opt out of the Class.

The Petitioner and the Government of Guam agree that this Settlement Agreement does not waive any party's right to pursue Federal Government reimbursement or payment of any portion of unpaid refundable earned income tax credits, nor constitute a waiver of, or restrict any legal theory which may be applied. In the event that any portion of the Settlement Amount remains in the EIC Settlement Fund after the final payment made to the EIC Class pursuant to the "Payment Rate" established in § V below, the Government of Guam shall pay such remaining amounts to the EIC Class in equal proportion, provided, however, that no member of the EIC Class shall receive payments exceeding one hundred percent (100%) of the refundable earned income tax credit for any tax year for which he or she qualifies under the Guam Territorial Income Tax. Any portion of the Settlement Amount remaining in the EIC Settlement Fund after the final payment made to the EIC Class which equals one hundred percent (100%) of the refundable earned income tax credits for all applicable tax years, and after all other payments are made as required by this Settlement Agreement, shall be transferred to the Income Tax Refund Reserve Fund to be used in accordance with the law applicable to the administration of such fund.

## V. PROCESSES FOR CLAIMING EARNED INCOME TAX CREDITS

A.  <u>Administration Plan</u>.  Within forty-five (45) days after the preliminary approval of this Settlement Agreement, the Petitioner and the Government of Guam, with the cooperation and assistance of the Department of Revenue and Taxation, shall agree on a plan of administration of the EIC Settlement Fund to be submitted to the Court for approval ("Administration Plan").  The Administration Plan shall at a minimum include the following terms:

1.  The EIC Settlement Fund shall be administered by the Department of Revenue and Taxation under the supervision and direction of the Court.  The Department of Revenue and Taxation shall submit quarterly reports to all parties signing this Agreement, including the Petitioner regarding the administration of the EIC Settlement Fund.

2.  The procedure upon which the Department of Revenue and Taxation will identify members of the EIC Class, and send a "Second Notice" by mail to the last known address of each member or potential member, or to such other updated address as is provided to the Department of Revenue and Taxation.  The Second Notice shall include a description of the procedure to administer the EIC Settlement Fund and shall include a claim form for eligible members of the EIC Class to process the refundable earned income tax credits to be paid out of the EIC Settlement Fund.  The information requested to process payments to members of the EIC Class shall be the minimum necessary to determine the qualification of members of the EIC Class to refundable earned income tax credits for each applicable tax year.  The Administration Plan shall

adopt a one (1) year time period, to begin on the date the Second Notice is sent to the EIC Class, for the submission of claims for all of the applicable tax years.

3. The procedure to administer the EIC Settlement Fund shall include the determination by the Department of Revenue and Taxation of a "Payment Rate" (i.e. 55%) to be made within thirty (15) days after the Objection and Opt Out Date. The Payment Rate shall be agreed upon by Petitioner and the Government of Guam, and subject to the approval of the Court. The Payment Rate shall be determined by comparing the Settlement Amount with the estimated total refundable earned income tax credits for the EIC Class under the rules and procedures relating to such qualification under the Guam Territorial Income Tax, and in considering the percentage of members of the EIC Class who opt out of the class. The Petitioner and Government of Guam agree that the parties currently project that the Payment Rate will be *at least* fifty percent (50%) if no member of the EIC Class opts out of the class and all members of the EIC Class submit the required information necessary to qualify for and process the refundable earned income tax credits.

Within thirty (30) days after the completion of the one (1) year period after the date the last Second Notice is mailed pursuant to the Administration Plan, the Department of Revenue and Taxation, with the agreement of the Petitioner and the Attorney General of Guam, shall revise the Payment Rate, if necessary, subject to approval by the Court. The Department of Revenue and Taxation shall provide such additional payments as necessary to members of the EIC Class that were paid prior to the date the revised Payment Rate is approved by the Court, in order to fully compensate such members at the rate of the revised Payment Rate.

4. The Department of Revenue and Taxation shall make payments to the EIC Class out of the EIC Settlement Fund by multiplying the Payment Rate by the refundable earned income tax credit for each member of the EIC Class determined to be qualified under the procedures of the Administration Plan. The priority of payment shall be (a) first to qualified members of the EIC Class for tax year 1996; (b) second to qualified members of the EIC Class for tax year 1998; and (c) then to qualified members of the EIC Class for each subsequent year ending with tax year 2003.

Notwithstanding the foregoing, within sixty (60) days after the date the last Second Notice is mailed for Tax Year 1996 pursuant to the Administration Plan, the first installment of Three Million Dollars ($3,000,000) provided in § IV above shall be distributed *pro rata* (equally) to qualified members of the EIC Class for Tax Year 1996. Those eligible for the first Three Million Dollar disbursement shall be those Class members who have applied within forty-five (45) days after the last Second Notice is mailed for Tax Year 1996 in an amount not exceeding the amount payable based on the applicable Payment Rate. If the distributions fail to equal the amount payable to such members based on the Payment Rate, the second and subsequent installments, if necessary, or portions thereof, shall be distributed to such members in order to fully compensate the members at the rate of the Payment Rate.

No priority shall be given to any members of the EIC Class based upon hardship or any other criteria other than as provided herein. The Government of Guam shall not make any payments to any person for EIC outside of this Agreement without the express written consent of the Attorney General of Guam. In addition, any payment of refundable earned income tax credits made to any member of the EIC Class prior to the

10

Effective Date of the Settlement in excess of the applicable Payment Rate shall be off-set against all other claims made by such member pursuant to this Settlement Agreement.

5. Any other terms of the Administration Plan as required and agreed to by the Petitioner and the Government of Guam, to carry out the terms of this Settlement Agreement, or as required by the Court.

## VI. OTHER PROVISIONS

A. Binding Effect. This Settlement Agreement shall be binding upon, and inure to the benefit of, each member of the EIC Class, the Government of Guam, and their respective heirs, executors, administrators, successors, and assigns.

B. Integrated Agreement. This Settlement Agreement contains the entire, complete and integrated statement of each and every term and provision agreed to by Petitioner and the Government of Guam, and is not subject to any condition not provided for in this Settlement Agreement. This Settlement Agreement shall not be modified in any respect except by a writing executed by all signatories to the Settlement Agreement, with the written approval of the Attorney General of Guam, Counsel for the Government of Guam, and Michael F. Phillips, Phillips & Bordallo, P.C., Counsel for the EIC Class. In entering this Settlement Agreement, neither Petitioner nor the Government of Guam has made or relied on any warranty or representation not specifically set forth in the document.

C. Jurisdiction. The District Court of Guam shall have continuing, exclusive jurisdiction over all provisions of this Settlement Agreement and over any and all disputes of any kind relating in any way to, or arising in any way out of, this Settlement Agreement.

D. Notice. Any notice, request, instruction or other document to be given by the Government of Guam to Petitioner, or vice versa, shall be in writing and (a) delivered personally or by Certified Mail, Return Receipt Requested, to counsel for the parties as follows:

If to the Government of Guam:

Honorable Douglas B. Moylan
Attorney General of Guam
Office of the Attorney General
Guam Judicial Center
120 West O'Brien Drive, Suite 2-200E
Hagatna, Guam 96910

If to the Petitioner:

Michael F. Phillips, Esq.
Phillips & Bordallo, P.C.
410 West O'Brien Drive, Suite 102
Hagatna, Guam 96910

E. Attorneys' Fees. The Petitioner and the Government of Guam agree that Counsel for the EIC Class shall recover attorneys' fees ~~and court costs in the amount of~~ *in an amount to be d[...]* ~~ten percent (10%) of the Settlement Amount.~~ *by The Court.* The recovery of attorneys' fees and court costs shall be from, and not in addition to, the Settlement Amount, and shall be executed in such manner as provided in the Administration Plan, not inconsistent with this Settlement Agreement. The Settlement Amount is attributed to the efforts of Petitioner and Counsel for the EIC Class. Although the value of the benefit conferred by Petitioner and Counsel for the EIC Class to each member of the EIC Class cannot be determined with complete accuracy until all claims are presented, attorneys' fees awarded against the Settlement will shift the costs of litigation to each member of the EIC Class in the exact proportion that the value of each individual's claim bears to the total recovery.

F. <u>Costs of Administration Plan</u>. The Government shall bear all the costs of administering the EIC Settlement Fund and all costs and expenses related to the Administration Plan, with the exception of court costs.

G. <u>Applicability</u>. Nothing in this Settlement Agreement shall be used or construed against the Government of Guam for any reason whatsoever by anyone or entity other than the EIC Class, including those persons who opt out of the class and the Federal Government. This Agreement shall not waive the Government of Guam's right or ability to pursue the Federal Government for any reimbursement, indemnification or otherwise of any amounts the Government of Guam may be legally entitled to receive.

In addition, nothing in this Settlement Agreement shall be used or interpreted as a waiver of the Government of Guam or any official thereunder to any rights it may have to pursue civil recovery or to prosecute any wrongdoing or illegality relating to the Earned Income Tax program or any payments made therein.

H. <u>Amendments</u>. This Agreement may only be amended in writing by Petitioner's counsel on behalf of the EIC Class, and the Attorney General of Guam on behalf of the Government of Guam.

I. <u>Severability</u>. The invalidity or unenforceability of any provision of this Settlement Agreement shall not affect the validity or enforceability of the remainder of this Settlement Agreement.

**IN WITNESS THEREOF,** Petitioner and the Government of Guam have duly executed this Settlement Agreement on this 14th day of June, 2004.

*Petitioner and Counsel for the EIC Class*


_____
Julie Babauta Santos


_____
Michael F. Phillips,
Counsel for the EIC Class


*The Government of Guam*


_____
Kaleo S. Moylan,
Acting Governor of Guam


_____
Art Illagan, Director,
Revenue and Taxation


_____
Douglas B. Moylan,
Attorney General of Guam


_____
Joseph Manibusan,
Acting Director,
Department Administration


Approved as to Legality & Form:


_____
Joseph A. Guthrie,
Deputy Attorney General