*VAN DE VELD  SHIMIZU  CANTO  &  FISHER*

Attorneys At Law
Suite 101, Dela Corte Bldg.
**167 East Marine Corps Drive**
Hagåtña, Guam  96910
Office: (671) 472-1131
Facsimile: (671) 472-2886

Attorney for Petitioner/Intervenor:
   **CHRISTINA MARIA SANTOS NAPUTI**

FILED
DISTRICT COURT OF GUAM

JUN 2 9 2004

MARY L. M. MORAN
CLERK OF COURT

18

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT COURT OF GUAM

| | |
|---|---|
| JULIE BABAUTA SANTOS, Individually and on behalf of all those similarly situated, ) ) ) ) | Civil Case No. CIV.04-00006 |
| Petitioner, ) | **MOTION TO INTERVENE IN A** |
| ) | **CLASS ACTION FOR** |
| vs. ) | **RECOVERY OF INCOME TAX** |
| ) | **REFUNDS OR IN THE** |
| FELIX CAMACHO, Governor of Guam, ) | **ALTERNATIVE FOR A WRIT** |
| ART ILAGAN, Director of Department ) | **IN THE NATURE OF** |
| of Revenue and Taxation, LOURDES M. ) | **MANDAMUS with** |
| PEREZ, Director of Department of ) | **MEMORANDUM OF POINTS** |
| Administration, and GOVERNMENT ) | **AND AUTHORITIES with** |
| OF GUAM, ) | **REQUEST FOR** |
| ) | **DETERMINATION OF MOTION** |
| Respondents, ) | **BY AN ARTICLE III JUDGE** |
| ) | |
| CHRISTINA M. S. NAPUTI, ) | |
| ) | |
| Petitioner/Intervenor. ) | ***Class Action*** |

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

Santos, et al.  v.  Governor Camacho, et al., CHRISTINA M. S. NAPUTI, Petitioner/Intervenor
*MOTION TO INTERVENE IN A CLASS ACTION FOR RECOVERY OF INCOME TAX REFUNDS OR IN THE ALTERNATIVE FOR A WRIT IN THE NATURE OF MANDAMUS with MEMORANDUM OF POINTS AND AUTHORITIES.*

Civil Case No. CIV04-00006                                         **Page  1**

ORIGINAL

**\* \* \* MOTION TO INTERVENE \* \* \***

COMES NOW Petitioner/Intervenor CHRISTINA M.S. NAPUTI through her counsel

VAN DE VELD SHIMIZU CANTO & FISHER, by Curtis C. Van de veld, Esq., to move this court,

pursuant to <u>Federal Rules of Civil Procedure Rule 24</u>, (hereinafter designated "<u>FRCP Rule</u>

<u>24</u>"), brought before this court pursuant to <u>FRCP Rules 7, 8, 10, 11 and 12</u>, and <u>District Court</u>

<u>of Guam Local Court Rules, LR 7.1, and LR23</u>, to allow the Petitioner/Intervenor leave to

intervene in this matter. This motion is supported by the following memorandum of points

and authorities, the evidence provided in the exhibits filed in support of this motion and such

other further evidence as the court may permit these parties to submit at the hearing of this

motion.

**\* \* \* MEMORANDUM OF POINTS AND AUTHORITIES \* \* \***

**STATEMENT OF FACTS**

Petitioner/Intervenor incorporates by reference, here as though fully set forth, all facts

contained in the record of this matter, in particular, the Proposed Settlement on file in this

matter which is set for a fairness hearing on or about September 09, 2004. Further,

Petitioner/Intervenor incorporates here as though fully set forth, the allegations of the

*Proposed Petitioner/Intervenor's Complaint In Intervention In A Class Action*, appended

hereto as "Attachment F."

The action Petitioner/Intervenor seeks to join by intervention involves a dispute over

unpaid earned income tax credits (EITC) to persons who meet and met the qualifications for

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

Santos, et al. v. Governor Camacho, et al., CHRISTINA M. S. NAPUTI, Petitioner/Intervenor
*MOTION TO INTERVENE IN A CLASS ACTION FOR RECOVERY OF INCOME TAX REFUNDS OR IN THE ALTERNATIVE FOR A WRIT IN THE NATURE OF MANDAMUS with MEMORANDUM OF POINTS AND AUTHORITIES.*

Civil Case No. CIV04-00006                                   **Page  2**

the EITC, but who went unpaid by the government of Guam for that tax credit since tax year 1996 but excluding tax year 1997.

The statute of limitation of actions for claiming unpaid tax refunds, credits and benefits under federal law is three (3) years. *See* 26 U.S.C. 6511.

There is a proposed settlement agreement between the parties to this action, through which the parties seek to compensate persons for claims which lie beyond the statute of limitations of actions for recovery of unpaid money under the tax code. The total amount of the settlement, as stated therein, is for an amount of money slightly more than one half of the projected total liability of the government to persons who qualified for the earned income tax credit for all years referenced in the settlement and original complaint. The settlement calls for the government of Guam to pay certain sums to persons deemed eligible for the EITC by specific dates set forth in the Settlement. Should all persons proposed as eligible to receive the payments remain in the proposed class, the amount of payments to persons whose claims are within the statute of limitations will be reduced to less than fifty percent (50%) of the amount to which the person was entitled because of the payments to persons whose claims lie outside the statute of limitations.

Pursuant to the settlement, eligible claimants are all those who a) filed Guam income tax returns and b) were and are entitled to be paid refundable earned income tax credits for the years 1996, 1998, 1999, 2000, 2001, 2002 and 2003. *See* "Attachment A," *Settlement Agreement*, Definitions I and Q. Thus, the settlement allows payment to those with no

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
Santos, et al. v. Governor Camacho, et al., CHRISTINA M. S. NAPUTI, Petitioner/Intervenor
**MOTION TO INTERVENE IN A CLASS ACTION FOR RECOVERY OF INCOME TAX REFUNDS OR IN THE ALTERNATIVE FOR A WRIT IN THE NATURE OF MANDAMUS with MEMORANDUM OF POINTS AND AUTHORITIES.**
Civil Case No. CIV04-00006                                          **Page 3**

Case 1:04-cv-00006    Document 18    Filed 06/29/2004    Page 3 of 72

legitimate interest (time-barred claimants), and excludes parties who would be eligible for the

refund upon filing a late return.

Should persons opt-out of the settlement to protect their interests in receiving full

payment of their EITC, those persons may, after separate litigation, receive unfunded

judgments against the Respondent Government Of Guam, and would then be unable to seek

immediate enforcement of the judgment. Those judgment holders would be required to stand

in line behind other judgment creditors of Respondent Government Of Guam, awaiting a time

when Respondent Government of Guam decided to again fund the payment of such judgments

in the Government Claims Fund.

Additionally, a putative class member who elects to opt-out of the settlement may lose

the right to pursue claims for tax year 2000 since the claim would be time barred upon opting

out. *See* American Pipe and Construction Co. v. Utah, 414 U.S. 538, 94 S.Ct. 756 (1974).

Furthermore, the record does not evidence that Petitioner Santos' counsel conducted

any discovery; that the government's EITC arrearage is actually one hundred twelve million

dollars ($112,000,000.00) and not any more or less; or that Petitioner Santos' counsel

attempted to discover the true amount in arrears or had any basis, rational or otherwise, for

compromising the claim at sixty million dollars ($60,000,000.00.) Respondent's have gloated

about how the settlement is a very good deal for Respondent Government Of Guam. *See*

"Attachment B."

On Sunday, June 27th 2004, a notice purporting to inform putative class members of a

settlement agreement in this matter was published in the Pacific Sunday News, a local

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

Santos, et al. v. Governor Camacho, et al., CHRISTINA M. S. NAPUTI, Petitioner/Intervenor
**MOTION TO INTERVENE IN A CLASS ACTION FOR RECOVERY OF INCOME TAX REFUNDS OR
IN THE ALTERNATIVE FOR A WRIT IN THE NATURE OF MANDAMUS with MEMORANDUM OF
POINTS AND AUTHORITIES.**

Civil Case No. CIV04-00006 **Page 4**

newspaper distributed on Guam. As will be seen, that notice is legally deficient. *See* "Attachment C ."

## ARGUMENT

### 1. Petitioner/Intervenor May Intervene In This Matter As Of Right.

Federal Rule of Civil Procedure 24 instructs that "[u]pon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."

FRCP Rule 24(a) Intervention of right.

The "[r]ule governing intervention traditionally receives liberal construction in favor of applicants for intervention; courts are guided primarily by practical and equitable considerations." Arakaki v. Cayetano, 324 F.3d 1078, 1082 (9th Cir. 2003). "Intervention rule is to be construed liberally with all doubts resolved in favor of permitting intervention." Jochims v Isuzu Motors, ltd. 148 F.R.D. 624, 626. (S.D. Iowa 1993).

An applicant seeking to intervene as of right most show that 1) the applicant has a significant protectable interest relating to the property or transaction that is the subject of the action; 2) disposition of the action may, as a practical matter, impair or impede applicant's ability to protect applicant's interest; 3) the application is timely; 4) existing parties may not

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

Santos, et al. v. Governor Camacho, et al., CHRISTINA M. S. NAPUTI, Petitioner/Intervenor
**MOTION TO INTERVENE IN A CLASS ACTION FOR RECOVERY OF INCOME TAX REFUNDS OR IN THE ALTERNATIVE FOR A WRIT IN THE NATURE OF MANDAMUS with MEMORANDUM OF POINTS AND AUTHORITIES.**

Civil Case No. CIV04-00006                                    **Page 5**

Case 1:04-cv-00006     Document 18     Filed 06/29/2004     Page 5 of 72

adequately represent applicant's interest. <u>Donnelly v. Glickman</u>, 159 F.3d 405, 409 (9th Cir. 1998). "[The Ninth Circuit Court of Appeals] generally interpret[s] the requirements broadly in favor of intervention." *Id.* Petitioner/Intervenor's position satisfies all aspects of this examination.

## 1.1. <u>Intervenor Has A Significant Protectable Interest Relating To The Property Or Transaction That Is The Subject Of the Action</u>.

Whether applicant for intervention as of right demonstrates sufficient interest in an action is a practical, threshold inquiry and no specific legal or equitable interest need be established; however, movant must demonstrate significantly protectable interest in lawsuit to merit intervention. <u>Northwest Forest Council v. Glickman</u>, 82 F.3d 825, 837 (9th Cir. 1996). As a taxpayer on Guam who meets (and met) the requirements of qualification for the EITC, Petitioner/Intervenor is entitled to an award of a refund of the EITC and is entitled to have said reward fully paid. In fact, Petitioner/Intervenor is entitled to a refund of all monies owed her, as are those similarly situated, and not a fractional amount and an increased likelihood of less than full refund as in the proposed settlement agreement. Petitioner/Intervenor has an interest in the litigation and particularly the subject amount of payment. The results of this litigation will be binding on all class members as *res judicata* and, accordingly, Petitioner/Intervenor is entitled to participate in the litigation of her case.

Petitioner Santos acts for a class whose members include individuals who filed returns and whose claims are time barred, as well as those who filed returns whose claims are not time barred. It is only by virtue of a proposed settlement that those with otherwise time

Santos, et al. v. Governor Camacho, et al., CHRISTINA M. S. NAPUTI, Petitioner/Intervenor **MOTION TO INTERVENE IN A CLASS ACTION FOR RECOVERY OF INCOME TAX REFUNDS OR IN THE ALTERNATIVE FOR A WRIT IN THE NATURE OF MANDAMUS with MEMORANDUM OF POINTS AND AUTHORITIES.**

Civil Case No. CIV04-00006                    **Page 6**

Case 1:04-cv-00006    Document 18    Filed 06/29/2004    Page 6 of 72

barred claims may hope to receive a refund. As structured, the settlement anticipates sixty

million dollars ($60,000,000.00) will be placed in a fund from which all claimants may draw,

including those who have no valid claim, in settlement of a projected liability of one hundred

twelve million dollars ($112,000,000.00) if all settled claims were paid in full. Each claimant

may draw up to 100% of the amount owed them, contingent upon there being enough money

in the fund to cover all the claimants. Therefore, the more people who qualify as claimants,

the less each one will collect; and the less likely Petitioner/Intervenor, and those similarly

situated, will receive full satisfaction. Petitioner Santos revives extinguished claims to the

detriment of the class. Finally, Petitioner Santos enables those with no legitimate claim to

collect refunds, and yet refuses them to those who would be entitled upon a late filing. It is

unclear why a responsible class representative would compromise the legitimate claims in

this way. *See* Hardy-Latham v. Wellons, 415 F.2d 674 (4th Cir. 1968) (where intervenors

claimed interest in both transaction of sale of candy business and broker's fund which were

subject of main action and if entire amount were paid directly to Petitioner broker

intervenors' ability to collect proper share would be more difficult, intervention was as of

right and district court acted correctly in granting motion to intervene).

### 1.2. Disposition Of The Action Would Impair And Impede Petitioner/Intervenor's Ability To Protect Her Interests.

Petitioner/Intervenor must intervene to protect, at a minimum, those claims for

refunds that arose in tax year 2000. This is because the statute of limitations for such claims

runs to three (3) years. Were Petitioner/Intervenor, and those similarly situated, to opt out of

Santos, et al. v. Governor Camacho, et al., CHRISTINA M. S. NAPUTI, Petitioner/Intervenor
*MOTION TO INTERVENE IN A CLASS ACTION FOR RECOVERY OF INCOME TAX REFUNDS OR IN THE ALTERNATIVE FOR A WRIT IN THE NATURE OF MANDAMUS with MEMORANDUM OF POINTS AND AUTHORITIES.*
Civil Case No. CIV04-00006                                     **Page 7**

Case 1:04-cv-00006    Document 18    Filed 06/29/2004    Page 7 of 72

the action in an attempt to preserve their interests, they would do so at the risk of

extinguishing their claims for an entire tax year. *See* 26 U.S.C. §6511; American Pipe,

*supra*. Additionally, it is worth noting that Petitioner Santos describes the class as containing

the attributes of Federal Rule of Civil Procedure Rule 23(b)1, (b)2 and (b)3 and does not

designate a species of class in the Settlement Agreement. Under these circumstances, a claim

that a putative class member can protect herself by opting out may be erroneous. Rogers v.

United States Department of Housing and Urban Development, 96 F.R.D. 149 (N.D. Cal.

1982); FRCP Rule 23. In this instance, where unpresent class members are bound by the

judgment, courts are especially vigilant in their supervision of class counsel's conduct of the

litigation. Rogers, at 150-51.

Petitioner/Intervenor must also be allowed to protect the interests of legitimate

claimants from a distribution of refunds to non-eligible claimants (*See discussion at 1.4.1,*

*infra*.), and finally, to protect the interests of those who are eligible for a refund upon filing a

return.

### 1.3.    **Application To Intervene Is Timely Filed**.

"Timeliness must be determined on a case by case basis, based on the particular facts

and circumstances of each." Jochims v. Isuzu Motors, ltd., 148 F.R.D. 624, 627 (S.D. Iowa

1993). No court has determined the merits of this particular case, nor is it clear any

substantial discovery has been conducted. Thus this petition to intervene is timely filed. *See*

United States Steel v. Multistate Tax Com. 18 Fed. R. Serv. 2d 287 (S.D. N.Y. 1974).

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

Santos, et al.  v.  Governor Camacho, et al., CHRISTINA M. S. NAPUTI, Petitioner/Intervenor
*MOTION TO INTERVENE IN A CLASS ACTION FOR RECOVERY OF INCOME TAX REFUNDS OR*
*IN THE ALTERNATIVE FOR A WRIT IN THE NATURE OF MANDAMUS with MEMORANDUM OF*
*POINTS AND AUTHORITIES.*

Civil Case No. CIV04-00006                                          **Page  8**

Case 1:04-cv-00006     Document 18      Filed 06/29/2004     Page 8 of 72

Additionally, the petition is filed immediately after notice was first published and weeks before the next hearing. As such, intervention in no way postpones this litigation.

### 1.4 Petitioner/Intervenor Is Not Adequately Represented By Petitioner Santos.

Adequate representation requires that plaintiff's counsel be qualified, experienced, generally able to conduct the litigation, and that there be no evidence of collusion or of conflicting interests between plaintiff and members of the class. Sullivan v. Chase Investment Services of Boston, Inc., 79 F.R.D. 246 (N.D. Cal. 1978). "In scrutinizing the class representatives, courts focus on two factors: (a) the Petitioner's attorney must be qualified, experienced, and generally able to conduct the proposed litigation, and (b) the Petitioner must not have interests antagonistic to those of the class." Schatzman v. Talley, 91 F.R.D. 270, 273 (N.D. Ga. 1981), quoting Wetzel v. Liberty Mutual Insurance Co., 508 F.2d 239, 247 (3rd Cir. 1975), cert denied, 421 U.S. 1011, 95 S.Ct. 2415 (1975).

### 1.4.1. Petitioner Santos' scope of representation is directly adverse to interests of Petitioner/Intervenor and other class members similarly situated.

Petitioner/Intervenor seeks to intervene to protect a substantial interest she has in the subject of the litigation. Present Petitioner has so broadly described the class of eligible claimants, by including claims outside the statute of limitations into the settlement agreement, that the interests of Petitioner/Intervenor are necessarily damaged. Present Petitioner is thereby acting directly against the interests of Petitioner/Intervenor. See Buchet v. ITT Consumer Financial Corp. 845 F.Supp. 684 (D.C. Minn. 1994), amended 858 F.Supp 684 (class members' objections to amended settlement agreement in class action against

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
Santos, et al. v. Governor Camacho, et al., CHRISTINA M. S. NAPUTI, Petitioner/Intervenor
*MOTION TO INTERVENE IN A CLASS ACTION FOR RECOVERY OF INCOME TAX REFUNDS OR IN THE ALTERNATIVE FOR A WRIT IN THE NATURE OF MANDAMUS with MEMORANDUM OF POINTS AND AUTHORITIES.*
Civil Case No. CIV04-00006                                    **Page 9**

Case 1:04-cv-00006    Document 18    Filed 06/29/2004    Page 9 of 72

consumer loan company that scrip opposed as part of settlement gave class insufficient value, that proposed release was overbroad, and that notice given to class members was deficient, put them at odds with class counsel and thus class members made minimal showing necessary to support their motions to intervene); Diaz v. Southern Drilling Corp., 427 F.2d 1118 (5th Cir. 1970), *cert. denied* 400 U.S. 878, *rehearing denied* 400 U.S. 1025. (where supposed representative actually represents interest adverse to party seeking intervention, representation is not "adequate" within meaning of this rule governing intervention); *see also* U.S. v. Union Elec. Co., 64 F.3d 1152 (8th Cir.), *on remand* 934 F.Supp. 324 (interests of non-settling potentially responsible parties ("PRP's") in preserving their contribution claims and in avoiding excessive CERCLA liability were not adequately protected by existing parties in action to approve consent decree between other PRP's and Environmental Protection Agency ("EPA"), which thus supported allowing intervention as of right; settling PRP's sought to cut off contribution claims, and EPA had disregarded interests of non-settling PRP's by seeking consent decree to which they had objected during negotiations and public comment procedures).

### 1.4.2. **Petitioner Santos' relationship with parties creates inadequate representation of class interests.**

Petitioner/Intervenor notes that Petitioner Santos' counsel, the negotiator for Petitioner and signatory to the proposed settlement agreement, is actively seeking employment with the signatory Respondent, Lieutenant Governor Kaleo Moylan  as his legal counsel. *See* "Attachment D." Additionally, during the pendency of this litigation, he has

Santos, et al.  v.  Governor Camacho, et al., CHRISTINA M. S. NAPUTI, Petitioner/Intervenor
*MOTION TO INTERVENE IN A CLASS ACTION FOR RECOVERY OF INCOME TAX REFUNDS OR IN THE ALTERNATIVE FOR A WRIT IN THE NATURE OF MANDAMUS with MEMORANDUM OF POINTS AND AUTHORITIES.*

Civil Case No. CIV04-00006                                         **Page  10**

Case 1:04-cv-00006    Document 18    Filed 06/29/2004    Page 10 of 72

actively represented signatory Respondent. *See* In re Request of Governor Felix P. Camacho Relative to the Interpretation and Application of Sections 6 and 9 of the Organic Act of Guam, 2004 Guam 10. Moreover, there is no record that Petitioner Santos' counsel has conducted any discovery, attempted to conduct discovery, verified Respondent's potential liability or even moved to certify a class. "[Counsel's] pro forma attempts at discovery could only have left their attorneys faced with a trial for which they were ill prepared. At the discovery stage, Petitioners failed their fellow prospective class members." Johnson v. Shreveport Garment Company, 422 F.Supp. 526, 536 (W.D. La. 1976). With this in mind, it is noteworthy that Petitioner Santos' counsel anticipates attorney's fees of six million dollars ($6,000,000,00). *See* "Attachment E" and "Attachment C."

To insure class protection in peculiar situations like this, courts employ heightened scrutiny in determining fairness and, "settlements that take place prior to formal class certification require a higher standard of fairness." Molski v. Gleich, 318 F.3d 937, 953 (9th Cir. 2003). "To be sure, an essential concomitant of adequate representation is that the party's attorney be qualified, experienced and generally able to conduct the proposed litigation. Additionally, it is necessary to eliminate so far as possible the likelihood that the litigants are involved in a collusive suit or that Petitioner has interests antagonistic to those of the remainder of the class. Eisen v. Carlisle & Jacquelin, 391 F.2d 555, 562 (2d Cir. 1968). *See* Hansberry v. Lee, 311 U.S. 32, 61 S.Ct. 115 (1940). "Adequate representation as required by Federal Rules of Civil Procedure Rule 23(a)(4) depends on the qualifications of counsel for the representatives, an absence of antagonism, a sharing of interests between

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
Santos, et al. v. Governor Camacho, et al., CHRISTINA M. S. NAPUTI, Petitioner/Intervenor
*MOTION TO INTERVENE IN A CLASS ACTION FOR RECOVERY OF INCOME TAX REFUNDS OR IN THE ALTERNATIVE FOR A WRIT IN THE NATURE OF MANDAMUS with MEMORANDUM OF POINTS AND AUTHORITIES.*

Civil Case No. CIV04-00006                                           **Page 11**

Case 1:04-cv-00006     Document 18     Filed 06/29/2004     Page 11 of 72

representatives and absentees and an unlikelihood that the suit is collusive." <u>Brown v. Ticor Title Ins. Co.</u> 982 F.2d 386, 390 (9th Cir. 1992); <u>Shump v. Balka</u>, 574 F.2d 1341 (10th Cir. 1978) (collusion between party purporting to represent the position of others and those on the other side of the suit will necessarily destroy the adequacy of representation contemplated by provisions of this rule that persons are not entitled to intervene if their interest is adequately represented by existing parties).

What is of paramount concern for courts in protecting the integrity of the class action is the "forthrightness and vigor with which the representative party can be expected to assert and defend the interests of the members of the class. [citation omitted] Accordingly, courts will inquire into the personal characteristics and integrity of the proposed Petitioner and class counsel. Courts will also consider the knowledge and involvement of Petitioner with the suit, and the skill of counsel as some of the factors relevant to a determination of a Petitioner's adequacy as a class representative." <u>Schatzman</u>, 91 F.R.D. at 273. In this situation Petitioner/Intervenor's rights, and those of class members similarly situated, are plainly not protected. Petitioner Santos has produced a settlement contrary to the interests of the entire class of legitimate non-time barred or non-filing claimants, one that is highly lucrative to Petitioner's counsel and an impressive bargain for Respondents. Petitioner Santos and her counsel have failed in their duty to adequately represent the class. "At this stage, as at the early pretrial stage, class counsel owes a greater duty to absent clients than to those who are present." <u>Johnson</u>, 422 F.Supp. at 535 (W.D. La. 1976). *See* <u>Hatch v. Reliance Insurance</u>, 758 F.2d 409, 416 (9th Cir. 1985) (counsel's performance in these proceedings demonstrates

Santos, et al. v. Governor Camacho, et al., CHRISTINA M. S. NAPUTI, Petitioner/Intervenor
**MOTION TO INTERVENE IN A CLASS ACTION FOR RECOVERY OF INCOME TAX REFUNDS OR IN THE ALTERNATIVE FOR A WRIT IN THE NATURE OF MANDAMUS with MEMORANDUM OF POINTS AND AUTHORITIES.**

Civil Case No. CIV04-00006 **Page 12**

Case 1:04-cv-00006 Document 18 Filed 06/29/2004 Page 12 of 72

an inability to adequately and competently represent a single Petitioner, much less a class of Petitioners). Petitioner/Intervenor submits that vigilance on the part of the court is most appropriate in litigation involving the rights of Guam's working poor.

### 1.4.3. **Petitioner Santos' counsel fails to provide proper notice to the class, which results in, and is evidence of, inadequate representation.**

Petitioner Santos' counsel failed to insure proper notice to the class, by foregoing individual notice and publishing a defective and inadequate notice in the local newspaper, the Pacific Daily News. In viewing what constitutes 'best notice practicable' the U.S. Supreme Court ruled that "the express language and intent of Rule 23(c)(2) leave no doubt that individual notice must be provided to those class members who are identifiable through reasonable effort." Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 175, 94 S.Ct. 2140 (1974). The Court was clear in mandating that "individual notice to identifiable class members is not a discretionary consideration to be waived in a particular case. It is, rather, an unambiguous requirement of Rule 23." Id., at 176. In the present case, Petitioner's counsel did not provide individual notice to class members, despite the fact that Petitioner's counsel possesses information that there are thousands of potential class members with legally valid claims whose addresses are known to Respondent (see Pacific Sunday News, June 27, 2004 at 25, column 2, "If the settlement becomes final *you will be mailed* a notice informing you of the information that must be provided . . . ."). The U.S. Supreme Court, addressing 'reasonable effort' to provide notice in Eisen, determined that "the names and addresses of 2,250,000 class members are easily ascertainable, and there is nothing to show that individual notice

Santos, et al. v. Governor Camacho, et al., CHRISTINA M. S. NAPUTI, Petitioner/Intervenor
*MOTION TO INTERVENE IN A CLASS ACTION FOR RECOVERY OF INCOME TAX REFUNDS OR IN THE ALTERNATIVE FOR A WRIT IN THE NATURE OF MANDAMUS with MEMORANDUM OF POINTS AND AUTHORITIES.*

Civil Case No. CIV04-00006                                      **Page 13**

Case 1:04-cv-00006     Document 18     Filed 06/29/2004     Page 13 of 72

cannot be mailed to each." *Id.*, at 175. It is obvious that Petitioner Santos' counsel decided to ignore appropriate individual notice in favor of less effective but more convenient notice by publication. Accordingly, the published notice is deficient and Petitioner Santos' counsel thereby failed to adequately represent the class in terms of notification to its members. At the very least, those potentially qualified individuals who have left Guam will not receive notice of the class action and proposed settlement via Petitioner's counsel's publication.

### 1.4.4. Published notice to the class was inaccurate misleading and failed to make counsel known to class members.

Petitioner Santos' notice by publication on June 27, 2004 is both inadequate and misleading to the detriment of class members. The notice inaccurately states in its "Summary of the Lawsuit" that: "This lawsuit has been certified by the Court as a class action." This is incorrect as the District Court has not yet decided whether to certify the class. Petitioner Santos' counsel goes on to misstate that he (Michael F. Phillips of Phillips & Bordallo, P.C.) is the counsel for the class. This also is misleading since Petitioner Santos' counsel has not been designated as class counsel by the court. The notice also claims the court awarded attorneys' fees and court costs to Petitioner Santos and "class counsel" in the amount of ten percent (10%) of the sixty million dollar ($60,000,000.00) amount in the settlement agreement, or 6 million dollars ($6,000,000.00). Pacific Sunday News *at* 25, *supra*. This is inaccurate and misleading since no such award has been made. See "Attachment A," the *Settlement Agreement*, p. 21. Were a claimant to know the truth of the

Santos, et al. v. Governor Camacho, et al., CHRISTINA M. S. NAPUTI, Petitioner/Intervenor
**MOTION TO INTERVENE IN A CLASS ACTION FOR RECOVERY OF INCOME TAX REFUNDS OR IN THE ALTERNATIVE FOR A WRIT IN THE NATURE OF MANDAMUS with MEMORANDUM OF POINTS AND AUTHORITIES.**
Civil Case No. CIV04-00006                                              **Page 14**

Case 1:04-cv-00006     Document 18     Filed 06/29/2004     Page 14 of 72

matter -- that their refund might be reduced by as much as 25% (the Ninth Circuit's benchmark for attorney's fees) – that claimant might well opt out of the settlement.

Petitioner Santos' counsel neglects to provide any contact information for himself or his office. Counsel merely refers readers of the notice to the Department of Revenue and Taxation or to the Attorney General of Guam's website for any inquiries. By this omission, Petitioner's counsel declines to sufficiently identify himself so that putative class members might decide whether they are satisfied with that particular attorney's representation. "Not only must the substantive claims be adequately described but the notice must also contain information reasonably necessary to make a decision to remain a class member and be bound by the final judgment." Hitt v. Nissan Motor Company, LTD., 552 F.2d 1088, 1104-05 (5th Cir. 1977); see In re Domestic Air Transportation Antitrust Litigation, 141 F.R.D. 534 (N.D. Ga. 1992).

In numerous ways, Petitioner Santos significantly fails to adequately represent the class. Her interests, as contained in the settlement agreement, necessarily damage the position of Petitioner/Intervenor (and all those similarly situated) by paying invalid claims to some and diminishing or foreclosing the recovery of other valid claimants. Actions by Petitioner's counsel also indicate an uncomfortable closeness with Respondent which casts in doubt the adequacy of representation. Finally, insufficient notice as published contains misleading factual inaccuracies. "In evaluating the adequacy of attorneys representing the class, a court may examine the attorneys' professional qualifications, skill, experience, and resources. [citation omitted] The court may also look at the attorneys' demonstrated

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

Santos, et al.  v.  Governor Camacho, et al., CHRISTINA M. S. NAPUTI, Petitioner/Intervenor
*MOTION TO INTERVENE IN A CLASS ACTION FOR RECOVERY OF INCOME TAX REFUNDS OR IN THE ALTERNATIVE FOR A WRIT IN THE NATURE OF MANDAMUS with MEMORANDUM OF POINTS AND AUTHORITIES.*

Civil Case No. CIV04-00006                                      **Page  15**

Case 1:04-cv-00006     Document 18     Filed 06/29/2004     Page 15 of 72

performance in the action itself." Westways World Travel, Inc. v. AMR Corporation, 218 F.R.D. 223, 236 (C.D. Cal. 2003). "Courts examining settlement classes have emphasized the special need to assure that class counsel: (1) possessed adequate experience; (2) vigorously prosecuted the action; and (3) acted at arm's length from the defendant. . . . But the second and third points require attention in view of the lack of significant discovery and the extremely expedited settlement of questionable value accompanied by an enormous legal fee." In re General Motors Corporation Pick-up Truck Fuel Tank Products Liability Litigation, 55 F.3d 768, 801 (3rd Cir. 1995).

The present case involves perhaps thousands of class members, has been settled in an expedited manner with little discovery, grants short shrift to the interests of legitimate claimants, and may result in a tremendous windfall for Petitioner Santos' counsel. The court's attention is legitimately raised.

## 2. In The Alternative Petitioner/Intervenor Seeks Permission To Intervene.

Federal Rules of Civil Procedure, Rule 24, provides that " Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common.    . . . In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Id., at (b). It is clear from the discussion above that Petitioner/Intervenor and Petitioner Santos share fundamental questions of law and fact: whether Guam must pay the EITC and, (relevant to the second factor) who is entitled to

Santos, et al. v. Governor Camacho, et al., CHRISTINA M. S. NAPUTI, Petitioner/Intervenor
**MOTION TO INTERVENE IN A CLASS ACTION FOR RECOVERY OF INCOME TAX REFUNDS OR IN THE ALTERNATIVE FOR A WRIT IN THE NATURE OF MANDAMUS with MEMORANDUM OF POINTS AND AUTHORITIES.**
Civil Case No. CIV04-00006                                                   **Page 16**

Case 1:04-cv-00006    Document 18    Filed 06/29/2004    Page 16 of 72

1   receive it. Hence Petitioner/Intervenor's rights in this matter are determined in this litigation

2   and she will be bound by the outcome. *See* Arizona v. California, 460 U.S. 605, 103 S.Ct.

3   1382 (1983) (the Tribes' interests in the water of the Colorado basin have been and will

4   continue to be determined in this litigation since the United States' action as their

5   representative will bind the Tribes to any judgment). Additionally, Federal Rule of Civil

6   Procedure 23 (d)(2) also encourages permissive joinder and provides: "In the conduct of

7   actions to which this rule applies, the court may make appropriate orders: . . . (2)[allowing

8   members of the class] to intervene and present claims or defenses, or otherwise to come into

9   the action."

10

11      Since this petition in intervention was filed more than two months prior to the

12  September 9, 2004 hearing for final approval of the proposed settlement, and was filed as

13  soon as notice of settlement was published, Petitioner/Intervenor submits there is no undue

14  delay resulting from intervention. Nor can it be maintained that the rights of the original

15  parties are prejudiced by intervention. It must be noted that the current posture of the class is

16  pre-certification and there is no final approval of the settlement as proposed. At this point,

17  absent finality, the extent of the rights of the parties is conjectural.

18      In a case involving the Rule 23 notice provisions of the Federal Rule of Civil

19  Procedure, the Ninth Circuit Court of Appeals noted: "If the claims of the intervenor class

20  were properly dismissed without notice, then intervenors lack any 'interest' in the remaining

21  claims and the motion to intervene was properly denied." Diaz v. Trust Territory of the

22  Pacific Islands, 876 F.2d 1401, 1405 (9th Cir. 1989). By the same reasoning,

23

24  ~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

25  Santos, et al.  v.  Governor Camacho, et al., CHRISTINA M. S. NAPUTI, Petitioner/Intervenor
    *MOTION TO INTERVENE IN A CLASS ACTION FOR RECOVERY OF INCOME TAX REFUNDS OR
    IN THE ALTERNATIVE FOR A WRIT IN THE NATURE OF MANDAMUS with MEMORANDUM OF
    POINTS AND AUTHORITIES.*

    Civil Case No. CIV04-00006                              **Page  17**

    Case 1:04-cv-00006    Document 18    Filed 06/29/2004    Page 17 of 72

Petitioner/Intervenor's entrance in the case cannot prejudice a right which is yet to be established, rather it serves to insure adequately effective representation of the class.

CONCLUSION

For the reasons as set forth above, and to achieve a just and proper outcome in this matter, the court should approve the Proposed Order submitted by Petitioner/Intervenor and grant Petitioner/Intervenor's request for intervention in this matter, thereby granting Petitioner/Intervenor ten (10) days leave to file Petitioner/Intervenor's Complaint in the form attached hereto as "Attachment F."

Respectfully submitted this 29 June 04 .

VAN DE VELD SHIMIZU CANTO & FISHER

Curtis C. Van de veld, Esq.
Attorneys for Petitioner/Intervenor

**\* \* \* REQUEST FOR DETERMINATION OF MOTION**

**BY AN ARTICLE III JUDGE \* \* \***

Petitioner/Intervenor respectfully requests that the above motion be heard by an Judge empowered by Article III of the United States Constitution or alternatively, a regular District Court Judge, but not a local judge acting under designation or a magistrate judge.

Respectfully submitted this 29 June 04 .

VAN DE VELD SHIMIZU CANTO & FISHER

Curtis C. Van de veld, Esq.
Attorneys for Petitioner/Intervenor

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

Santos, et al. v. Governor Camacho, et al., CHRISTINA M. S. NAPUTI, Petitioner/Intervenor
*MOTION TO INTERVENE IN A CLASS ACTION FOR RECOVERY OF INCOME TAX REFUNDS OR IN THE ALTERNATIVE FOR A WRIT IN THE NATURE OF MANDAMUS with MEMORANDUM OF POINTS AND AUTHORITIES.*

Civil Case No. CIV04-00006                                    **Page 18**

Case 1:04-cv-00006    Document 18    Filed 06/29/2004    Page 18 of 72

## CERTIFICATE OF SERVICE

I, CURTIS C. VAN DE VELD, certify that I caused a copy of the foregoing document here filed, to be served on counsel for the parties on June 29, 2004, via hand delivery at the following address:

Counsel For Petitioner                    Counsel for Repondents

Michael F. Phillips, Esq.                 Douglas B. Moylan, Esq.
Phillips & Bordallo, P.C.                 Office of the Attorney General of Guam
410 West O'Brien Drive                    Suite 2-200E, Guam Judicial Center
Hagåtña, Guam 96910                       120 West O'Brien Drive
                                          Hagåtña, Guam 96910

Respectfully submitted: this ___23 June 04___.

**VAN DE VELD  SHIMIZU  CANTO  &  FISHER**

**Curtis C. Van de veld, Esq.**
Attorneys for Petitioner/Intervenor

CCV:ccv
VSCF/EITC Clients/CV001533

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

Santos, et al.  v.  Governor Camacho, et al., CHRISTINA M. S. NAPUTI, Petitioner/Intervenor
*MOTION TO INTERVENE IN A CLASS ACTION FOR RECOVERY OF INCOME TAX REFUNDS OR IN THE ALTERNATIVE FOR A WRIT IN THE NATURE OF MANDAMUS with MEMORANDUM OF POINTS AND AUTHORITIES.*
Civil Case No. CIV04-00006                                      **Page  19**

# TABLE OF AUTHORITIES

**Cases**

American Pipe and Construction Co. v. Utah, 414 U.S. 538,
94 S.Ct. 756 (1974)  .  .  .  .  .  .  4, 8

Arakaki v. Cayetano, 324 F.3d 1078, 1082 (9th Cir. 2003) .  5

Arizona v. California, 460 U.S. 605, 103 S.Ct. 1382 (1983)  17

Brown v. Ticor Title Ins. Co. 982 F.2d 386, 390 (9th Cir. 1992) 12

Buchet v. ITT Consumer Financial Corp. 845 F.Supp 684
(D.C. Minn. 1994), *amended* 858 F.Supp 684  .  .  9

Diaz v. Southern Drilling Corp., 427 F.2d 1118 (5th Cir. 1970),
*cert. denied* 400 U.S. 878, *rehearing denied* 400 U.S. 1025  10

Diaz v. Trust Territory of the Pacific Islands, 876 F.2d 1401,
1405 (9th Cir. 1989)  .  .  .  .  .  .  17

Donnelly v. Glickman, 159 F.3d 405, 409 (9th Cir. 1998) .  6

Eisen v. Carlisle & Jacquelin, 391 F.2d 555, 562
(2d Cir. 1968)  .  .  .  .  .  .  .  11

Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 175,
94 S.Ct. 2140 (1974)  .  .  .  .  .  .  13, 14

Hansberry v. Lee, 311 U.S. 32, 61 S.Ct. 115 (1940)  .  11

Hardy-Latham v. Wellons, 415 F.2d 674 (4th Cir. 1968) .  7

Hatch v. Reliance Insurance, 758 F.2d 409, 416 (9th Cir. 1985) 12

Case 1:04-cv-00006     Document 18     Filed 06/29/2004     Page 20 of 72

# TABLE OF AUTHORITIES (cont.)

Hitt v. Nissan Motor Company, LTD., 552 F.2d 1088,
1104-05 (5th Cir. 1977) . . . . . . . 15

In re Domestic Air Transportation Antitrust Litigation,
141 F.R.D. 534 (N.D. Ga. 1992) . . . . 15

In re General Motors Corporation Pick-up Truck Fuel Tank
Products Liability Litigation, 55 F.3d 768, 801 (3rd Cir. 1995) 16

In re Request of Governor Felix P. Camacho Relative
to the Interpretation and Application of Sections 6 and 9
of the Organic Act of Guam, 2004 Guam 10 . . . 11

Jochims v Isuzu Motors, Ltd. 148 F.R.D. 624, 626
(S.D. Iowa 1993) . . . . . . . . 5, 8

Johnson v. Shreveport Garment Company, 422 F.Supp. 526,
536 (W.D. La. 1976) . . . . . . . 11, 12

Molski v. Gleich, 318 F.3d 937, 953 (9th Cir. 2003). . 11

Northwest Forest Council v. Glickman, 82 F.3d 825, 837
(9th Cir. 1996). . . . . . . . 6

Rogers v. United States Department of Housing
and Urban Development, 96 F.R.D. 149 (N.D. Cal. 1982). 8

Schatzman v. Talley, 91 F.R.D. 270, 273 (N.D. Ga. 1981) 9, 12

Shump v. Balka , 574 F.2d 1341 (10th Cir. 1978) . . 12

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
Santos, et al.  v.  Governor Camacho, et al., CHRISTINA M. S. NAPUTI,
Petitioner/Intervenor
*MOTION TO INTERVENE*

Civil Case No. CIV04-00006 **Page** ii

# TABLE OF AUTHORITIES (cont.)

Sullivan v. Chase Investment Services of Boston, Inc.,
79 F.R.D. 246 (N.D. Cal. 1978). . . . . . 9

U.S. v. Union Elec. Co., 64 F.3d 1152 (8th Cir.),
*on remand* 934 F.Supp. 324 . . . . . 10

United States Steel v. Multistate Tax Com.
18 Fed. R. Serv. 2d 287 (S.D. N.Y. 1974) . . . 8

Wetzel v. Liberty Mutual Insurance Co., 508 F.2d 239, 247
(3rd Cir. 1975), *cert denied,*
421 U.S. 1011, 95 S.Ct. 2415 (1975) . . . . 9

Westways World Travel, Inc. v. AMR Corporation,
218 F.R.D. 223, 236 (C.D. Cal. 2003) . . . . 16


**Statutes**

26 U.S.C. §6511 . . . . . . . 3

**Rules**

FRCP Rule 7 . . . . . . . 2

FRCP Rule 8 . . . . . . . 2

FRCP Rule 10 . . . . . . . 2

FRCP Rule 11 . . . . . . . 2

FRCP Rule 12 . . . . . . . 2

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

Case 1:04-cv-00006    Document 18    Filed 06/29/2004    Page 22 of 72

# TABLE OF AUTHORITIES (cont.)

FRCP Rule 23 . . . . . . . 8, 11, 13, 17

FRCP Rule 24 . . . . . . . 2, 5, 16

Local Rules LR7.1 . . . . . . . 2

Local Rules LR23 . . . . . . . 2

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

Santos, et al. v. Governor Camacho, et al., CHRISTINA M. S. NAPUTI,
Petitioner/Intervenor
*MOTION TO INTERVENE*

Civil Case No. CIV04-00006                                    **Page** iv

## DISTRICT COURT OF GUAM
## TERRITORY OF GUAM

| | | |
|---|---|---|
| JULIE BABAUTA SANTOS, individually, and on behalf of all those similarly situated, | ) ) ) ) | DOCKET NO. CIV04-00006 |
| Petitioner, | ) ) ) ) | |
| | ) | **SETTLEMENT AGREEMENT** |
| vs. | ) ) ) | |
| FELIX P. CAMACHO, Governor of Guam, ART ILAGAN, Director of Department of Revenue and Taxation, LOURDES M. PEREZ, Director of Department of Administration; and GOVERNMENT OF GUAM, | ) ) ) ) ) ) ) | |
| Respondents. | ) ) ) | |

This Settlement Agreement ("Settlement") is made and entered into, subject to Court approval, as of June 14, 2004, by the Petitioner (as defined below), and the Governor of Guam, the Director of the Department of Revenue and Taxation, the Director of the Department of Administration; and the Government of Guam (collectively the "Government of Guam"), in Docker No. CIV04-00006, pending before Magistrate Judge Joaquin Manibusan, Jr. in the District Court of Guam.

## EXHIBIT A

WHEREAS, Petitioner has made certain claims against the Government of Guam based upon the failure of the Government of Guam to implement the Earned Income Program (as defined below) and to pay refundable earned income tax credits to Petitioner and the EIC Class (as defined below), and the Government of Guam's continued denial to the EIC Class of the benefits of the Earned Income Program, as mandated by the Organic Act and Guam law; and

WHEREAS, Petitioner contends that she and the members of the EIC Class are entitled to all unpaid refundable earned income tax credits for the years 1996, 1998, 1999, 2000, 2001, 2002, and 2003, in the approximate amount of One Hundred Twenty Million Dollars ($120,000,000.00); and

WHEREAS, on or about January 4, 1996, the Office of the Attorney General issued Memorandum Opinion No. DRT/DOA 96-001, which adopted Department of Revenue and Taxation Revenue Ruling 96-001, ruling that the Earned Income Tax Credit ("EIC") does not apply to Guam; and

WHEREAS, the Government of Guam refused or failed to implement or otherwise pay refundable earned income tax credits to qualified Guam taxpayers for tax years 1996, 1998, 1999, 2000, 2001, 2002, and 2003; and

WHEREAS, throughout the tax period identified above, with the exception of tax year 1998, the Government of Guam prevented the EIC Class from providing the Department of Revenue and Taxation with the information necessary to prove qualification for refundable earned income taxes by refusing to accept applications or denying the applicability of the EIC; and

WHEREAS, on February 9, 2001, the Supreme Court of Guam held that in In re Request of I Mina Bente Sing 'ko na Liheslaturan Guahan Relative to the Application of the Earned Income Tax Credit Program to Guam Taxpayers ("The EIC question"), the EIC applied to Guam taxpayers and the Government of Guam was obligated to pay the refundable earned income tax credits to eligible Guam taxpayers; and

WHEREAS, despite the Supreme Court of Guam's ruling, the Government of Guam still failed to implement or otherwise pay refundable earned income tax credits; and

WHEREAS, after extensive arm's-length negotiations between Counsel for the EIC Class (as defined below) and Counsel for the Government of Guam (as defined below), this Settlement Agreement has been reached; and

WHEREAS, Petitioner and members of the EIC Class will receive relief directly benefiting them immediately upon execution of this Settlement Agreement by the parties, and when Final Judgment issues; and

WHEREAS, each member of the EIC Class has an undisputed and mathematically ascertainable claim to part of the Settlement Amount (as defined below) recovered on his behalf; and

WHEREAS, Petitioner and the Government of Guam intend this Settlement Agreement to materially alter the legal relationship between the parties by modifying the Government of Guam's behavior and position in ways that directly benefit the Petitioner and the EIC Class, and by entitling the EIC Class to enforce this Settlement Agreement, the Order of Approval and Final Judgment against the Government of Guam; and

WHEREAS, the Petitioner and the Government of Guam intend that notwithstanding the long history of the dispute over the applicability of the EIC on Guam, and the required monitoring and related work necessary and remaining to bring closure to this matter, this Settlement Agreement encourages the efficient resolution of this case; and

WHEREAS, Petitioner's filing of this lawsuit serves as a catalyst motivating the Government of Guam to provide the relief originally sought through litigation; and

WHEREAS, the Government of Guam's dire financial condition, with a deficit over one hundred million dollars, and almost two hundred million dollars in past due cash obligations, operates against any possible or realistic distribution of the total claims for refundable earned income tax credits in the event that Petitioner and the EIC Class succeed on the merits; and

WHEREAS, this Settlement Agreement provides immediate relief and creates an enforceable entitlement to a stream of payments to be made by the Government of Guam; and

WHEREAS, the class representative and Counsel for the EIC Class have concluded, after investigation of the facts, and after carefully considering the circumstances, that it would be in the best interests of the EIC Class to enter into this Settlement Agreement; and both the class representative and Counsel for the EIC Class consider the Settlement set forth below to be fair, reasonable, adequate and in the best interests of the EIC Class, and that all members of the EIC Class will benefit as a result of this Settlement; and

WHEREAS, the Government of Guam has concluded that it will enter into this Settlement Agreement in order to, among other things, avoid the further expense, inconvenience, burden, uncertainty, and risk of this litigation; **and**

WHEREAS, this Settlement Agreement is not an admission of liability nor to be used against the Government of Guam by any party who may opt out, and does not waive or estop the Government of Guam from pursuing reimbursement from the Federal Government on any legal theory; and

WHEREAS, no preferences will be made in EIC payments based upon hardship exceptions; and

WHEREAS, no interest or penalty will be paid by the Government; and

WHEREAS, Petitioner and the Government agree that with the high risk of either Petitioner and the EIC Class failing on the merits of this case, or the previous possibility of financial inability of the Government to pay this claim, the terms of the Settlement Agreement are fair and just.

NOW, THEREFORE, it is agreed by the undersigned on behalf of the EIC Class and the Government of Guam, that All Claims (as defined below) of the EIC Class against the Government of Guam be settled and compromised, on the following terms and conditions:

## I. DEFINITIONS

For purposes of this Settlement Agreement, the following terms shall have the meanings set forth below.

A. "Administration Plan" means the plan of administration of the EIC Settlement Fund as provided in section V.A of this Settlement Agreement.

B. "All Claims" means all claims, demands, actions, suits and causes of action against the Government of Guam, whether known or unknown, asserted or unasserted, that any member of the EIC Class ever had, could have had, now has or hereinafter can, shall or may have, relating in any way to the conduct, act or omission which was or could have been alleged in the EIC Class Action and where the claims, demands, actions, suits or causes of action concern or relate to the following: (a) the Government of Guam's failure or refusal to implement the Earned Income Program or its failure or refusal to acknowledge or accept requests for refundable earned income tax credits, or its failure or refusal to pay any refundable earned income tax credits, or its denial to Guam taxpayers of the benefits of the Earned Income Program; and (b) refundable earned income tax credits applicable for the tax years 1996, 1998, 1999, 2000, 2001, 2002 and 2003. "All Claims" does not include claims relating to the Government of Guam's conduct, acts or omissions that result in unpaid refundable earned income tax credits applicable for tax year 2004 and all subsequent tax years.

C. "Counsel for the EIC Class" means Michael F. Phillips, Phillips & Bordallo, P.C.

D. "Counsel for the Government of Guam" means Douglas B. Moylan, Attorney General of Guam.

E. "Court" means the District Court of Guam.

F. "Date of Final Approval" means the first date upon which all of the events listed in section I.L below have occurred.

G. "Earned Income Program" means the program enacted by the Guam Legislature, through Public Law 24-61:4, as amended by Public Law 25-03:IV;22

6

(codified at 11 G.C.A. §42101, *et. seq.*), to mandate the fulfillment of the Government of Guam's obligations under the Guam Territorial Income Tax.

H. "Effective Date of the Settlement" means fifteen (15) days after the Date of Final Approval.

I. "EIC Class" means all persons who (a) filed Guam income tax returns and (b) were and are entitled to be paid refundable earned income tax credits under the Guam Territorial Income Tax (as defined below) and the Earned Income Program for any or all of the following tax years: 1996, 1998, 1999, 2000, 2001, 2002 and 2003.

J. "EIC Class Action" means the class action case filed by Julie Babauta Santos, individually, and on behalf of all those similarly situated, Docket No. CIV04-00006 in the District Court of Guam.

K. "EIC Settlement Fund" means the sub-account created under section IV.A of this Settlement Agreement.

L. "Final Approval" means the occurrence of all of the following events:

1. This Settlement is approved in all respects by the Court.

2. The Administration Plan (as defined below) is approved by the Court.

3. The Court enters an Order of Approval and Final Judgment as provided in section II below.

4. The time to appeal or seek permission to appeal from the Court's Order of Approval and/or Final Judgment has expired, or, if appealed, the Order of Approval and Final Judgment have been affirmed in their entirety by the court of last resort to which such appeal has been taken and such affirmance has become no longer subject to further appeal or review.

7

M. "Government of Guam" or "Government" means the Governor of Guam, the Director of the Department of Revenue and Taxation, the Director of the Department of Administration; and the Government of Guam.

N. "Guam Territorial Income Tax" means the provisions of the Internal Revenue Code, including the provisions providing for the EIC (26 U.S.C. §32), which Congress, pursuant to the Organic Act of Guam (48 U.S.C. § 1421i), applied to Guam as the Guam Territorial Income Tax.

O. "Objection and Opt Out Date" means August 9, 2004, or such other date as the Court may approve, by which members of the EIC Class must file with the Court any written objections to the Settlement and any written requests to opt out of the class.

P. "Payment Rate" means the percentage of refundable earned income tax credits that will be paid to members of the EIC Class based on Settlement Amount and the total claims filed, as further defined under section V of this Settlement Agreement.

Q. "Petitioner" means Julie B. Santos, individually, and the EIC Class.

R. "Settlement Amount" means Sixty Million Dollars ($60,000,000) to be made available to pay for claims made by members of the EIC Class and other fees and expenses in accordance with this Settlement Agreement as further defined in section IV.A below.

## II. COURT APPROVAL, CLASS NOTICE AND OBJECTION PROCEDURES

A. <u>Best Efforts</u>. Petitioner and the Government of Guam agree that they will: (1) recommend approval of this Settlement Agreement to the Court; and (2) use their best efforts to obtain approval of this Settlement Agreement and to carry out its terms.

B. Preliminary Stipulated Order. Petitioner shall submit to the Court on or before June 14, 2004 a proposed preliminary stipulated order preliminarily approving this Settlement Agreement in substantially a form to be agreed upon by Petitioner and the Government of Guam, not inconsistent with the terms of this Settlement Agreement. The proposed preliminary stipulated order shall seek approval of the action to proceed as a class action with the certified class including all persons who are within the EIC Class. The proposed preliminary stipulated order shall also seek approval of the form and manner of notice and objection procedures as set forth in sections II.D and II.E below. The proposed preliminary stipulated order shall also ask the Court to schedule a hearing date for final approval of this Settlement Agreement.

    1. The Petitioner and the Government of Guam stipulate and agree that this case should proceed as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure for the following reasons, and will move the Court for such certification:

    (a) The EIC Class, described above and composed of the tax payers entitled to receive the refundable EIC, is so numerous that joinder of all members is impracticable.

    (b) There are questions of law or fact common to the EIC Class.

    (c) The claims or defenses of the representative party are typical of the claims or defenses of the EIC Class.

    (d) The representative party will fairly and adequately protect the interests of the EIC Class.

    (e) The prosecution of separate actions by or against individual members of the EIC Class would create a risk of

9

(i) inconsistent or varying adjudications with respect to individual members of the EIC Class which would establish incompatible standards of conduct for the party opposing the EIC Class.

(ii) adjudications with respect to individual members of the EIC Class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

(f) The Government of Guam has acted or refused to act on grounds generally applicable to the EIC Class.

(g) The questions of law or fact common to the members of the EIC Class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

C. Judgment. Upon final approval of the settlement agreement, the Court is expected to enter judgment which will be enforceable against all parties to this Settlement Agreement.

D. Notice.

1. In the motion for preliminary approval of this Settlement Agreement (as set forth in section II.B. above), Petitioner shall apply to the Court for an order authorizing summary notice by publication to the EIC Class, substantially in a form to be approved by the Government of Guam or, in the event of disagreement between the Petitioner and the Government of Guam, in a form to be approved by the Court (the "Notice"). The Notice shall inform the EIC Class of the terms of the Settlement

10

Agreement, state the date scheduled by the Court for the hearing on final approval of the Settlement, and advise class members of their right to object to the Settlement Agreement and to request exclusion from the class by delivering or mailing to the Court any written objections or written requests to opt out of the class by August 9, 2004, or such other date as the Court may approve (the "Objection and Opt Out Date"), and to appear at the hearing on final approval. The Court will hear any and all objections on the date set by the Court for final approval of the Settlement Agreement.

2. Subject to approval of the Court, Petitioner and the Government of Guam agree that the Notice shall be published a total of three (3) times in both the Pacific Daily News and The Marianas Variety, once per week for three (3) consecutive weeks beginning the week of June 21, 2004, and ending on the last publication date of July 9, 2004. Each Notice published in the Pacific Daily News and The Marianas Variety shall be approximately one full page in size and appear on different days of the week. One (1) Pacific Daily News Notice shall be in a Sunday edition. The Government of Guam will bear the cost of publishing the Notice. The Petitioner and the Government of Guam shall provide such additional or alternative notice or notices as required by the Court.

E. <u>Procedures for Objecting to the Settlement</u>.

Petitioner and the Government of Guam will recommend that the Court approve an Objection and Opt Out Date of August 9, 2004, or thirty (30) days after the last publication date of the Notice required under this Section. Any member of the EIC Class may appear at the hearing on final approval of the Settlement to present any objections to the Settlement; provided, however, that no member of the EIC Class shall be heard, unless his or her objection is made in writing and is filed, together with copies of all other

11

papers or briefs to be submitted to the Court at the hearing on final approval of the Settlement, with the Court no later than the Objection and Opt Out Date.

F. Motion for Court Approval and Entry of Final Judgment. Petitioner and the Government of Guam will request that the Court set a hearing on final approval of the Settlement for a date that is approximately thirty (30) days after the Objection and Opt Out Date. At least fifteen (15) days prior to the date the Court sets for the hearing on final approval of the Settlement, Petitioner will submit a motion for an Order of Approval and Final Judgment, the Order of Approval and Final Judgment in a form substantially a form to be agreed upon by Petitioner and the Government of Guam, not inconsistent with the terms of this Settlement Agreement; and:

    1.   Determining that Petitioner and the Government of Guam have submitted to the jurisdiction of the Court for purposes of this Settlement, that the Court has jurisdiction to approve this Settlement Agreement as fair, reasonable, adequate, and in the best interests of the class members and named petitioner pursuant to 48 U.S.C. §1421i(h) and 28 U.S.C. §1361; Rule 23 of the Federal Rules of Civil Procedure; and any other applicable rules of the Court;

    2.   Finding that the notice provided in this Settlement Agreement (a) constitutes reasonable and the best practical notice; (b) constitutes notice that is reasonably calculated, under the circumstances, to apprise members of the EIC Class of the pendency of this action, the terms of this Settlement, the right to object to this Settlement, the right to opt out of the class, and the right to appear at the hearing on final approval; (c) constitutes due, adequate and sufficient notice to all persons entitled to

receive such notice; and (d) meets the requirements of due process under the applicable law and rules of the Court;

3. Reserving for the Court exclusive jurisdiction over this Settlement, including the administration, consummation and enforcement of this Settlement, and including all proceedings both before and after the Final Judgment become final and is no longer subject to appeal;

4. Determining that there is no just reason for delay and directing that the Final Judgment be final and appealable; and

5. Incorporating the release set forth in § III below and forever discharging the Government of Guam from All Claims.

G. <u>Effect of Disapproval</u>. If the Court for any reason (1) determines not to approve this Settlement Agreement; or (2) does not enter Final Judgment, then this Settlement Agreement terminates and becomes null and void, except as otherwise provided in this Settlement Agreement.

### III. RELEASE

Upon Final Approval, each member of the EIC Class hereby expressly and irrevocably waives and fully, finally and forever settles and releases all claims, demands, actions, suits and causes of action against the Government of Guam, whether known or unknown, asserted or unasserted, that any member of the EIC Class ever had, could have had, now has or hereinafter can, shall or may have, relating in any way to the conduct, act or omission which was or could have been alleged in the EIC Class Action and where the claims, demands, actions, suits or causes of action concern or relate to the following: (a) the Government of Guam's failure or refusal to implement the Earned Income Program

13

or its failure or refusal to acknowledge or accept requests for refundable earned income tax credits, or its failure or refusal to pay any refundable earned income tax credits, or its denial to Guam taxpayers of the benefits of the Earned Income Program; and (b) refundable earned income tax credits applicable for the tax years 1996, 1998, 1999, 2000, 2001, 2002 and 2003. This Release does not include claims relating to the Government of Guam's conduct, acts or omissions that result in unpaid refundable earned income tax credits applicable for tax year 2004 and all subsequent tax years.

## IV. PAYMENT OF EARNED INCOME TAX CREDITS

A. <u>Consideration.</u> As part of the consideration for the agreement herein, and for entry of Final Judgment as provided for in the Settlement Agreement, Petitioner and the Government of Guam agree that the Government of Guam shall pay the Settlement Amount of Sixty Million Dollars ($60,000,000) to the EIC Class. The Settlement Amount shall be paid in such installments as provided below and deposited in a separate sub-account within the Income Tax Refund Reserve Fund (11 G.C.A. § 50102) to be known and designated as the "EIC Settlement Fund." Any and all expenditures from the EIC Settlement Fund shall be for the payment of claims and fees as provided for in this Settlement Agreement, or as otherwise directed by the Court, and for no other purpose. All funds paid into the EIC Settlement Fund shall not be subject to any transfer authority of the Governor, until such time as all monies required to be paid hereunder have been done so.

As further consideration, Petitioner and the Government of Guam agree that the Government of Guam shall continue to implement the Earned Income Program and shall

14

take the appropriate steps necessary to ensure that refundable earned income tax credits are available and paid for all tax years following Tax Year 2003.

B. Installments Paid Into EIC Settlement Fund.

1. The first installment of *at least* Three Million Dollars ($3,000,000) shall be paid into the EIC Settlement Fund within thirty (30) days of the preliminary approval of this Settlement Agreement.

2. The second through twelfth installments, each consisting of *at least* One Million Five Hundred Forty-five Thousand Four Hundred Fifty-Four Dollars and Fifty-four Cents ($1,545,454.54), shall be paid each month for eleven (11) months following the first installment, for a total of Seventeen Million Dollars ($17,000,000).

3. The thirteenth through twenty-second installments, each consisting of *at least* Five Million Dollars ($5,000,000), shall be paid on or before June 30th of each subsequent year, beginning on June 30, 2006 and ending June 30, 2013.

4.     No interest shall accrue against the Government of Guam to any payments required under this Settlement Agreement.

The payment schedule specified herein shall not restrict the Government of Guam from increasing amounts placed into the EIC Settlement Fund before each period specified, and does not specify when payments are to be actually disbursed by the Government of Guam to Class members.

C. Intent to Extinguish Liability.

It is the intent of Petitioner and the Government of Guam that the Settlement Amount completely extinguish the Government of Guam's liability to the EIC Class, excluding those members of the class who request to opt out of the class within the time

15

period specified in this Settlement Agreement. The Government of Guam's settlement herein shall not constitute an acknowledgment or admission of any legal or financial liability to pay under any legal theory for EIC or otherwise. This Agreement shall be construed simply a resolution of a dispute without admitting liability whatsoever. The Government of Guam agrees that no part of the Settlement Amount and no portion of funds paid into the EIC Settlement Fund shall be used for the potential refund for class members who opt out of the Class.

The Petitioner and the Government of Guam agree that this Settlement Agreement does not waive any party's right to pursue Federal Government reimbursement or payment of any portion of unpaid refundable earned income tax credits, nor constitute a waiver of, or restrict any legal theory which may be applied. In the event that any portion of the Settlement Amount remains in the EIC Settlement Fund after the final payment made to the EIC Class pursuant to the "Payment Rate" established in § V below, the Government of Guam shall pay such remaining amounts to the EIC Class in equal proportion, provided, however, that no member of the EIC Class shall receive payments exceeding one hundred percent (100%) of the refundable earned income tax credit for any tax year for which he or she qualifies under the Guam Territorial Income Tax. Any portion of the Settlement Amount remaining in the EIC Settlement Fund after the final payment made to the EIC Class which equals one hundred percent (100%) of the refundable earned income tax credits for all applicable tax years, and after all other payments are made as required by this Settlement Agreement, shall be transferred to the Income Tax Refund Reserve Fund to be used in accordance with the law applicable to the administration of such fund.

16

# V. PROCESSES FOR CLAIMING EARNED INCOME TAX CREDITS

A. <u>Administration Plan</u>. Within forty-five (45) days after the preliminary approval of this Settlement Agreement, the Petitioner and the Government of Guam, with the cooperation and assistance of the Department of Revenue and Taxation, shall agree on a plan of administration of the EIC Settlement Fund to be submitted to the Court for approval ("Administration Plan"). The Administration Plan shall at a minimum include the following terms:

1. The EIC Settlement Fund shall be administered by the Department of Revenue and Taxation under the supervision and direction of the Court. The Department of Revenue and Taxation shall submit quarterly reports to all parties signing this Agreement, including the Petitioner regarding the administration of the EIC Settlement Fund.

2. The procedure upon which the Department of Revenue and Taxation will identify members of the EIC Class, and send a "Second Notice" by mail to the last known address of each member or potential member, or to such other updated address as is provided to the Department of Revenue and Taxation. The Second Notice shall include a description of the procedure to administer the EIC Settlement Fund and shall include a claim form for eligible members of the EIC Class to process the refundable earned income tax credits to be paid out of the EIC Settlement Fund. The information requested to process payments to members of the EIC Class shall be the minimum necessary to determine the qualification of members of the EIC Class to refundable earned income tax credits for each applicable tax year. The Administration Plan shall

adopt a one (1) year time period, to begin on the date the Second Notice is sent to the EIC Class, for the submission of claims for all of the applicable tax years.

3. The procedure to administer the EIC Settlement Fund shall include the determination by the Department of Revenue and Taxation of a "Payment Rate" (i.e. 55%) to be made within thirty (15) days after the Objection and Opt Out Date. The Payment Rate shall be agreed upon by Petitioner and the Government of Guam, and subject to the approval of the Court. The Payment Rate shall be determined by comparing the Settlement Amount with the estimated total refundable earned income tax credits for the EIC Class under the rules and procedures relating to such qualification under the Guam Territorial Income Tax, and in considering the percentage of members of the EIC Class who opt out of the class. The Petitioner and Government of Guam agree that the parties currently project that the Payment Rate will be *at least* fifty percent (50%) if no member of the EIC Class opts out of the class and all members of the EIC Class submit the required information necessary to qualify for and process the refundable earned income tax credits.

Within thirty (30) days after the completion of the one (1) year period after the date the last Second Notice is mailed pursuant to the Administration Plan, the Department of Revenue and Taxation, with the agreement of the Petitioner and the Attorney General of Guam, shall revise the Payment Rate, if necessary, subject to approval by the Court. The Department of Revenue and Taxation shall provide such additional payments as necessary to members of the EIC Class that were paid prior to the date the revised Payment Rate is approved by the Court, in order to fully compensate such members at the rate of the revised Payment Rate.

18

4. The Department of Revenue and Taxation shall make payments to the EIC Class out of the EIC Settlement Fund by multiplying the Payment Rate by the refundable earned income tax credit for each member of the EIC Class determined to be qualified under the procedures of the Administration Plan. The priority of payment shall be (a) first to qualified members of the EIC Class for tax year 1996; (b) second to qualified members of the EIC Class for tax year 1998; and (c) then to qualified members of the EIC Class for each subsequent year ending with tax year 2003.

Notwithstanding the foregoing, within sixty (60) days after the date the last Second Notice is mailed for Tax Year 1996 pursuant to the Administration Plan, the first installment of Three Million Dollars ($3,000,000) provided in § IV above shall be distributed *pro rata* (equally) to qualified members of the EIC Class for Tax Year 1996. Those eligible for the first Three Million Dollar disbursement shall be those Class members who have applied within forty-five (45) days after the last Second Notice is mailed for Tax Year 1996 in an amount not exceeding the amount payable based on the applicable Payment Rate. If the distributions fail to equal the amount payable to such members based on the Payment Rate, the second and subsequent installments, if necessary, or portions thereof, shall be distributed to such members in order to fully compensate the members at the rate of the Payment Rate.

No priority shall be given to any members of the EIC Class based upon hardship or any other criteria other than as provided herein. The Government of Guam shall not make any payments to any person for EIC outside of this Agreement without the express written consent of the Attorney General of Guam. In addition, any payment of refundable earned income tax credits made to any member of the EIC Class prior to the

Effective Date of the Settlement in excess of the applicable Payment Rate shall be off-set against all other claims made by such member pursuant to this Settlement Agreement.

5. Any other terms of the Administration Plan as required and agreed to by the Petitioner and the Government of Guam, to carry out the terms of this Settlement Agreement, or as required by the Court.

## VI. OTHER PROVISIONS

A. Binding Effect. This Settlement Agreement shall be binding upon, and inure to the benefit of, each member of the EIC Class, the Government of Guam, and their respective heirs, executors, administrators, successors, and assigns.

B. Integrated Agreement. This Settlement Agreement contains the entire, complete and integrated statement of each and every term and provision agreed to by Petitioner and the Government of Guam, and is not subject to any condition not provided for in this Settlement Agreement. This Settlement Agreement shall not be modified in any respect except by a writing executed by all signatories to the Settlement Agreement, with the written approval of the Attorney General of Guam, Counsel for the Government of Guam, and Michael F. Phillips, Phillips & Bordallo, P.C., Counsel for the EIC Class. In entering this Settlement Agreement, neither Petitioner nor the Government of Guam has made or relied on any warranty or representation not specifically set forth in the document.

C. Jurisdiction. The District Court of Guam shall have continuing, exclusive jurisdiction over all provisions of this Settlement Agreement and over any and all disputes of any kind relating in any way to, or arising in any way out of, this Settlement Agreement.

D. Notice. Any notice, request, instruction or other document to be given by the Government of Guam to Petitioner, or vice versa, shall be in writing and (a) delivered personally or by Certified Mail, Return Receipt Requested, to counsel for the parties as follows:

> If to the Government of Guam:
>
> Honorable Douglas B. Moylan
> Attorney General of Guam
> Office of the Attorney General
> Guam Judicial Center
> 120 West O'Brien Drive, Suite 2-200E
> Hagatna, Guam 96910
>
> If to the Petitioner:
>
> Michael F. Phillips, Esq.
> Phillips & Bordallo, P.C.
> 410 West O'Brien Drive, Suite 102
> Hagatna, Guam 96910

E. Attorneys' Fees. The Petitioner and the Government of Guam agree that Counsel for the EIC Class shall recover attorneys' fees ~~and court costs in the amount of~~ *in an amount to be determined by the court.* ~~ten percent (10%) of the Settlement Amount.~~ The recovery of attorneys' fees and court costs shall be from, and not in addition to, the Settlement Amount, and shall be executed in such manner as provided in the Administration Plan, not inconsistent with this Settlement Agreement. The Settlement Amount is attributed to the efforts of Petitioner and Counsel for the EIC Class. Although the value of the benefit conferred by Petitioner and Counsel for the EIC Class to each member of the EIC Class cannot be determined with complete accuracy until all claims are presented, attorneys' fees awarded against the Settlement will shift the costs of litigation to each member of the EIC Class in the exact proportion that the value of each individual's claim bears to the total recovery.

21

F.  Costs of Administration Plan.  The Government shall bear all the costs of administering the EIC Settlement Fund and all costs and expenses related to the Administration Plan, with the exception of court costs.

G.  Applicability.  Nothing in this Settlement Agreement shall be used or construed against the Government of Guam for any reason whatsoever by anyone or entity other than the EIC Class, including those persons who opt out of the class and the Federal Government.  This Agreement shall not waive the Government of Guam's right or ability to pursue the Federal Government for any reimbursement, indemnification or otherwise of any amounts the Government of Guam may be legally entitled to receive.

In addition, nothing in this Settlement Agreement shall be used or interpreted as a waiver of the Government of Guam or any official thereunder to any rights it may have to pursue civil recovery or to prosecute any wrongdoing or illegality relating to the Earned Income Tax program or any payments made therein.

H.  Amendments.  This Agreement may only be amended in writing by Petitioner's counsel on behalf of the EIC Class, and the Attorney General of Guam on behalf of the Government of Guam.

I. Severability.  The invalidity or unenforceability of any provision of this Settlement Agreement shall not affect the validity or enforceability of the remainder of this Settlement Agreement.

**IN WITNESS THEREOF,** Petitioner and the Government of Guam have duly executed this Settlement Agreement on this 14th day of June, 2004.

*Petitioner and Counsel for the EIC Class*

_____
Julie Babauta Santos

_____
Michael F. Phillips,
Counsel for the EIC Class

*The Government of Guam*

_____
Kaleo S. Moylan,
Acting Governor of Guam

_____
Art Illagan, Director
Revenue and Taxation

_____
Douglas B. Moylan,
Attorney General of Guam

_____
Joseph Manibusan,
Acting Director,
Department Administration

Approved as to Legality & Form:

_____
Joseph A. Guthrie,
Deputy Attorney General



23

Print this story

# Acting Governor, Attorney General announce EITC will be paid over six years

**by Zita Taitano, KUAM News**
**Sunday, June 13, 2004**

A settlement agreement was reached on the Earned Income Tax Credit for eligible taxpayers, as well as for the payment of overtime payments for public safety officers. The announcement was made during a joint press conference between Acting Governor Kaleo Moylan and Attorney General Douglas Moylan at the Office of the Governor at Adelup.

Saying it has always been the Administration's intent to pay the EITC, Acting Governor Moylan announced a settlement in a class action lawsuit to force the Government of Guam to pay out an estimated $120-160 million in tax credits over six years. The acting governor was flanked by the Attorney General, who represented the government in the case, and Attorney Mike Phillips, who was the legal counsel representing the plaintiffs in the class action suit.

The two sides announced they had agreed on terms that called for $60 million in owed EITCs to be paid out over eight years. GovGuam is required to immediately post $3 million to an account for payouts of the tax credit and must put an additional $17 million in over the next year. For the next eight years, $5 million would be set aside. The settlement also calls for the government to pay out the Earned Income Tax Credit in full in from this point on.

The $60 million settlement represents only about half of what is owed to eligible taxpayers. AG Moylan called the settlement "great for the Government of Guam as it means the government will only have to come up with half of what a court might have ordered by paid." At the same time, opposing attorney Phillips said the settlement was good for his clients because it allowed them to finally get at least a portion of the money owed to them.

As for where the public sector is going to come up with $60 million, Department of Revenue and Taxation director Art Ilagan said it is likely that payout of income tax refunds, as well as vendor payments may be slowed down as the government tries to find the cash to come up with the $3 million immediately and the additional $17 million over the next year. In future years the revenue projections will be adjusted to reflect the EITC payments.

According to Attorney Phillips, he was approached by the Attorney General on Thursday about the terms of this settlement and the along with the acting governor and Administration cabinet members worked out the details over the last several days. AG Moylan said today the settlement was not forced by the payment of a single EITC in March of this year. Moylan said the payment did not force the government into the settlement and said it has always been his desire to see the case settled.

It was also announced at this afternoon's press conference that a settlement had been reached between the Camacho Administration and the Guam Attorney General regarding the payment overtime to the Department of Corrections, the Guam Fire Department and the Guam Police Department. Acting Governor Moylan says that with an increase in business license renewals this year the Administration has been able to find the $2.7 million necessary to pay the past due overtime.

It was noted that this is the first time in years that the government does not owe overtime to the agencies.

**Copyright © 2000-2004 by Pacific Telestations, Inc.**

Print this story

Case 1:04-cv-00006     Document 18     Filed 06/29/2004     Page 48 of 72

CIVIL NO. CIV04-00006

**JULIE BABAUTA SANTOS, individually and on behalf of all those similarly situated,**

Petitioner.

vs.

**FELIX A. CAMACHO, Governor of Guam, ART ILAGAN, Director of Department of Revenue and Taxation, LOURDES M. PEREZ, Director of Department of Administration; and GOVERNMENT OF GUAM,**

Respondents.

# NOTICE OF CLASS ACTION AND PROPOSED SETTLEMENT

**To:** All individuals who filed Guam income tax returns and qualified for earned income tax credits for any or all of tax years 1996, 1998, 1999, 2000, 2001, 2002 or 2003.

**Summary of the Lawsuit.** This lawsuit sought payment of refundable earned income tax credits for tax years 1996, 1998, 1999, 2000, 2001, 2002, and 2003 (the "applicable tax period"). This lawsuit has been certified by the Court as a class action. The counsel for the petitioner and the class is Michael F. Phillips of Phillips & Bordallo, P.C. The counsel for the respondents is Douglass B. Moylan, Attorney General of Guam.

**Definition of the Class.** You are a member of the class if you (a) filed Guam income tax returns and (b) were and are entitled to be paid refundable earned income tax credits under the Guam Territorial Income Tax and the Earned Income Program for any or all of the following tax years: 1996, 1998, 1999, 2000, 2001, 2002 and 2003.

**Proposed Settlement.** The petitioner and the Government of Guam reached a Settlement of this lawsuit. The Court preliminarily approved the Settlement. The Settlement will provide payments, before Court-ordered deductions, to you of approximately fifty percent (50%) or more of the estimated refundable earned income tax credits you may have claimed for the applicable tax period. The Settlement Amount is **$60 Million Dollars.** The Settlement Amount will be deposited into an EIC Settlement Fund as follows: At least $3 Million Dollars by July 17, 2004; at least $17 Million Dollars over eleven months following the first installment; and at least Five Million Dollars on or before June 30th of each subsequent year, beginning on June 30, 2006 and ending June 30, 2013. The Settlement also provides that the Government of Guam will fully implement the earned income tax program for tax years 2004 and beyond. The Court awarded attorneys' fees and court costs to petitioner and Class Counsel in the amount of ten percent (10%) of the Settlement Amount. This Settlement will release the Government of Guam from all further liability for refundable earned income tax credits to Class Members for the applicable tax period.

September 9, 2004, at 10:00 a.m., the Court will hold a hearing at the District Court of Guam before Magistrate Judge Joaquin V.E. Manibusan, Jr. to determine whether the Settlement is fair and reasonable and should be given Final Approval.

**Objections to the Settlement and Requests for Exclusion.** If you believe the Court should not approve the Settlement, you may deliver or mail to the Court written objections to the Settlement no later than August 9, 2004, together with evidence of qualification for earned income tax credits for any tax year within the applicable tax period. You may also appear at the hearing on Final Approval, provided, however, that no Class member shall be heard unless he or she complies with the requirements to file written objections. If you do **NOT** want to participate in the Settlement Amount of $60 Million Dollars, or if you want to pursue separate claims, you may request exclusion from the class by delivering to the Court a written request to opt out of the class by August 9, 2004. All objections and requests for exclusion shall be personally signed by the Class member and delivered to EIC Settlement, c/o Clerk of Court, 4th Floor, U.S. Courthouse, 520 West Soledad Avenue, Hagatna, Guam 96910.

**Participation in Settlement.** If you want to participate in the Settlement Amount of $60 Million Dollars, you do not have to take any action at this time. If the Settlement becomes final, you will be mailed a notice informing you of the information that must be provided to the Department of Revenue and Taxation and all other procedures necessary to obtain your portion of the Settlement Amount. Those who do NOT request exclusion will be bound by the judgment in this Class Action and by the Settlement if it becomes final. Any person who provides false information in an attempt to obtain a portion of the settlement will be prosecuted to the fullest extent of the law.

**Further Information.** For further details of this Settlement, you may request further information from the Department of Revenue and Taxation at Bldg. 13-1, Mariner Avenue, Tiyan, Guam, 96913, or visit the Attorney General of Guam's website at www.guamattorneygeneral.com.

PLEASE FOLLOW THE PROCEDURES SET OUT ABOVE. DO NOT CONTACT THE COURT FOR QUESTIONS ABOUT THE SETTLEMENT.

PACIFIC SUNDAY NEWS, June 27, 2004 guampdn.com

Attachment C



## Lieutenant Governor still negotiating legal representation

**by Ken Wetmore, KUAM News**
**Friday, June 18, 2004**

The Office of the Lieutenant Governor is still in negotiations for the services of an attorney. The Lieutenant Governor's Office only received one bidder on their request for proposal for legal services in May. While the Lieutenant Governor's Office hasn't revealed whom the proposal came from, saying procurement law bars them from answering that question, Attorney Mike Phillips says his law firm submitted the bid.

Phillips says while his firm has not dropped its proposal negotiations are not actively ongoing. According to news files the Lieutenant Governor's Office is contending since both the Superior and Supreme courts have found the Office of the Lieutenant Governor to be an individual entity outside of the Governor's Office, the Lieutenant Governor should have his own attorney to represent and give legal advice to his office.

**Copyright © 2000-2004 by Pacific Telestations, Inc.**

Print this story

Attachment D

Print this story

# Lieutenant Governor's Office still working out detail with single legal services bidder

**by Ken Wetmore, KUAM News**
**Tuesday, June 22, 2004**

The Office of the Lieutenant Governor still has to finalize negotiations with the single bidder on a request for proposal for an attorney to represent the office. Lieutenant Governor's spokesperson Phil Roberto would only say on the matter that negotiations are ongoing.

While the Lieutenant Governor's Office would not reveal who the single bidder is, KUAM News has confirmed with Attorney Mike Phillips that his law firm was the lone bidder. The original deadline to turn in proposals was May 7, but the request for proposal had to be extended to May 19, when there were no takers for the original RFP.

The Lieutenant Governor's Office is contending since both the Superior and Supreme courts have found the Office of the Lieutenant Governor to be an individual entity outside of the Lieutenant Governor, he should have his own attorney to represent and give legal advice to his office.

**Copyright © 2000-2004 by Pacific Telestations, Inc.**

Print this story

Case 1:04-cv-00006   Document 18   Filed 06/29/2004   Page 51 of 72



# Federal judge signs off on EITC settlement

**by Ken Wetmore, KUAM News**
**Thursday, June 17, 2004**

Guam Federal District Court Magistrate Judge Joaquin Manibusan has signed off on a settlement in the Earned Income Tax Credit case. Guam Attorney General Douglas Moylan said he and Attorney Mike Phillips, who represents the plaintiffs in the EITC class action lawsuit, met with Judge Manibusan for about twenty-four minutes this morning.

The AG says he is very happy the judge saw fit to sign off on the settlement. "I think it's a big win for Guam both the government and the EIC recipients and its also showing good government practice that we're meeting our obligations," expressed Moylan. "It's going to be difficult - it's going to require a bit of sacrificing and discipline, but this is the way the government is supposed to operate."

Under the terms of the settlement, the Government of Guam will pay out $60 million over nine years to taxpayers who were eligible for the Earned Income Tax Credit in the years 1996, 1998, 1999, 2000, 2001, 2002 and 2003. Within ninety days of the settlement taking effect, GovGuam must deposit $3 million into an account to start paying out the past due EITC. Within the next twelve months another $17 million must be deposited into the account and for the eight years thereafter the Government of Guam must place $5 million in the account.

According to the settlement, the one taxpayer who received the full EITC for 1998 will have the amount prorated against the other years that are owed him. Attorney Phillips will be receiving a percentage of the settlement for his work. According to Phillips, the Ninth Circuit Court of Appeals has set the benchmark or standard percentage in class action suits at 25%. The attorney says Judge Manibusan suggested his percentage be 15%, but says he is only asking for 10%, which translates to $6 million of the $60 million settlement.

AG Moylan today said there are still a number of administrative hurdles that have to be satisfied before the settlement is finalized. Moylan said a notice to the public must be put out that the class must be certified and that the Department of Revenue and Taxation has a number of administrative logistics to take care of. The AG also noted anyone who objects to settlement also has the opportunity to file papers with the District Court.

Attorney General Moylan has the settlement does not mean his office will stop investigating the payout of the 1998 Earned Income Tax Credit to a single tax payer in march. Governor's chief of staff Tony Sanchez has said he authorized the payment for hardship reasons. While the AG may still be investigating, Governor Camacho today made he clear he feels the matter is resolved, after KUAM News tried to find out what the Governor's involvement in the payout may have been.

Governor Camacho said that he had since been made aware of the fact that Sanchez authorized the EITC payment to a single resident. When asked if he was aware of it at the time, the Governor responded by saying, "Its not an issue anymore. The issue has been brought to court, there has been settlement. I'm not going to get into the game of laying blame and who's at fault, we're beyond that and I will not comment on this any further."

**Copyright © 2000-2004 by Pacific Telestations, Inc.**

Print this story

**VAN DE VELD SHIMIZU CANTO & FISHER**

Attorneys At Law
Suite 101, Dela Corte Bldg.
**167 East Marine Corps Drive**
Hagåtña, Guam 96910
Office: (671) 472-1131
Facsimile: (671) 472-2886

Attorney for Petitioner/Intervenor:
   **CHRISTINA MARIA SANTOS NAPUTI**

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT COURT OF GUAM

| | |
|---|---|
| JULIE BABAUTA SANTOS, Individually and on behalf of all those similarly situated, | Civil Case No. CIV.04-00006 |
| Petitioner, | |
| vs. | **(PROPOSED) PETITIONER/ INTERVENOR'S COMPLAINT IN INTERVENTION IN A CLASS ACTION** |
| FELIX CAMACHO, Governor of Guam, ARTEMIO ILAGAN, Director of Department of Revenue and Taxation, LOURDES M. PEREZ, Director of Department of Administration, and GOVERNMENT OF GUAM, | |
| Respondents, | *Class Action* |
| CHRISTINA M. S. NAPUTI, | |
| Petitioner/Intervenor. | |

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

Santos, et al. v. Governor Camacho, et al., CHRISTINA M. S. NAPUTI, Petitioner/Intervenor.
(PROPOSED) PETITIONER/INTERVENOR'S COMPLAINT IN INTERVENTION IN A CLASS ACTION
Civil Case No. CIV04-00006                                            **Page 1**

Case 1:04-cv-00006    Document 13    Filed 12/29/2004    Page 54 of 72

"*Attachment 6*"

## * * COMPLAINT * *

**NOW COMES** Petitioner/Intervenor Christina Maria Santos Naputi by this complaint in intervention, filed by leave of court, to join with Petitioner Santos and all those similarly situated in claiming what is sought by the complaint and unites with the Petitioner Santos and all those similarly situated, demands relief, and seeks to intervene as of right and permissively in the above captioned matter.

### JURISDICTION

1. This Court has original jurisdiction over this matter pursuant to 48 U.S.C. §§1421i(h) *and* 1424 *and* 28 U.S.C. §§1330 *and* 1361.

### THE PARTIES

2. Petitioner/Intervenor is informed and upon such information alleges that Petitioner JULIE BABUATA SANTOS is now a resident of Guam.

3. Respondent GOVERNMENT OF GUAM is now, and at all times herein relevant was, an organized unincorporated territory of the United States of America, formed August 1, 1950, by 48 U.S.C. §1421a, and a sovereign government entity.

4. Respondent FELIX P. CAMACHO (hereinafter referred to as "Governor Camacho") is now the duly elected Governor of the unincorporated

Santos, et al. v. Governor Camacho, et al., CHRISTINA M. S. NAPUTI, Petitioner/Intervenor.
(PROPOSED) PETITIONER/INTERVENOR'S COMPLAINT IN INTERVENTION IN A CLASS ACTION
Civil Case No. CIV04-00006                                                              **Page 2**

Case 1:04-cv-00006    Document 18    Filed 06/29/2004    Page 55 of 72

territory of Guam and, under 48 U.S.C. §1421i(c), charged with the supervision

of the administration and enforcement of the Guam Territorial Income Tax.

5.     Respondent ARTEMIO ILAGAN is now the Director of the

Government of Guam Department of Revenue and Taxation and has overall

supervision of such department under the general supervision of Respondent

Governor Camacho.

6.     Respondent LOURDES M. PEREZ, is now the Director of the

Government of Guam Department of Administration, having overall supervision

over the treasury of Respondent Government Of Guam under the general

supervision of Respondent Governor Camacho.

7.     Petitioner/Intervenor CHRISTINA MARIA SANTOS NAPUTI is

now, and during the relevant period of time was, a resident of Guam.

## FIRST CAUSE OF ACTION

## CLAIM FOR PAYMENT OF EARNED INCOME TAX CREDIT

8.     On February 12th 2004, Petitioner Santos commenced this action

against Respondents, seeking recovery of income tax refunds not paid to a class

of plaintiffs or, in the alternative, that a writ of mandamus issue.  Petitioner

Santos alleged that the Government of Guam failed to refund monies to her and

all those similarly situated under the Earned Income Tax Credit (EITC)

provisions of the Internal Revenue Code enacted by the Congress of the United

Santos, et al.  v.  Governor Camacho, et al., CHRISTINA M. S. NAPUTI, Petitioner/Intervenor.
(PROPOSED) PETITIONER/INTERVENOR'S COMPLAINT IN INTERVENTION IN A CLASS ACTION
Civil Case No. CIV04-00006                                                                    **Page  3**
Case 1:04-cv-00006     Document 18     Filed 06/29/2004     Page 56 of 72

States and applicable to Guam. *See* <u>Class Action Petition filed in the District</u> <u>Court of Guam</u>, February 12th 2004, Docket No. 04-0006; *see also* <u>In re</u> <u>Request of I Mina Bente Sing'ko Na Liheslaturan Guahan Relative to the</u> <u>Application of the Earned Income Tax Credit Program to Guam Taxpayers,</u> 2001 Guam 3 (2001).

9.     Petitioner/Intervenor Naputi is over eighteen (18) years of age, is a resident of Guam during all relevant times, earned income on Guam during all relevant times, and was and is eligible to receive EITC during the last four tax years.

10.     Petitioner/Intervenor Naputi claims an interest relating to the refunds which are the subject of this action, and is so situated that the disposition of this action may as a practical matter impair or impede Petitioner/Intervenor's ability to protect that interest unless she is permitted to intervene in this action, and that interest is not adequately represented by any existing party. Petitioner/Intervenor Naputi also has an interest in the matter in litigation and has an interest against all existing parties in this action.

11.     Petitioner/Intervenor Naputi brings this complaint in intervention on behalf of herself and on behalf of all persons similarly situated. Petitioner/Intervenor Naputi represents the class of all Guam taxpayers who were, and are entitled to be paid refundable EITC, including those who may

Santos, et al. v. Governor Camacho, et al., CHRISTINA M. S. NAPUTI, Petitioner/Intervenor. (PROPOSED) PETITIONER/INTERVENOR'S COMPLAINT IN INTERVENTION IN A CLASS ACTION

Civil Case No. CIV04-00006                                                          **Page 4**

Case 1:04-cv-00006     Document 18     Filed 06/29/2004     Page 57 of 72

become eligible upon filing a return, and whose claims are not time barred by the applicable statute of limitations. *See* 26 USCA §6511 (claim for credit or refund of an overpayment of any tax imposed by this title, in respect of which tax the taxpayer is required to file a return, shall be filed within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid.); *see also* attachment A.

12.    Congress organized Guam as an unincorporated possession of the United States through the Organic Act of Guam, 48 U.S.C. § 1421 *et. seq.* Congress also provided an income tax scheme for Guam in 48 U.S.C. § 1421i ("Income Tax Section").

13.    Guam residents do not pay any income tax to the U.S. Federal Government; instead they pay a territorial income tax to the government of Guam. Rather than writing an entirely new tax code for Guam, Congress applied certain provisions of the Internal Revenue Code, 26 U.S.C. § 1 *et. seq.* ("IRC"), to Guam as the Guam Territorial Income Tax, including Subtitle A, which contains the EITC. 26 U.S.C. §32.

14.    In passing the Income Tax Section, Congress intended to provide uniform treatment for the United States and Guam taxpayers. Only those provisions of the IRC that are manifestly inapplicable or incompatible with the

Santos, et al. v. Governor Camacho, et al., CHRISTINA M. S. NAPUTI, Petitioner/Intervenor.
(PROPOSED) PETITIONER/INTERVENOR'S COMPLAINT IN INTERVENTION IN A CLASS ACTION
Civil Case No. CIV04-00006                                                                                          **Page 5**
Case 1:04-cv-00006      Document 18      Filed 06/29/2004      Page 58 of 72

intent of the Income Tax Section do not apply to Guam taxpayers. The EITC is not manifestly inapplicable or incompatible with the intent of the Income Tax Section.

15. The EITC was enacted in part to provide special tax benefits to low-income workers by reducing tax burdens and making employment more attractive than welfare.

16. Under this "mirror code", Guam taxpayers have been eligible for the EITC since its effective date in 1975, and remain eligible unless Guam separates itself from the IRC and enacts its own tax code. Guam has not separated itself from IRC nor has it enacted its own tax code.

17. On February 28, 1996, Public Law 23-74, sponsored by then-Senator Felix P. Camacho, specifically made the EITC applicable to Guam. Although the provisions of Public Law 23-74 were later repealed, the Guam Legislature, through Public Law 24-61:4, as amended by Public Law 25-03:IV;22, enacted the Earned Income Program (the "Earned Income Program") to mandate the fulfillment of the Government of Guam's obligations under the Income Tax Section. 11 G.C.A. §42101, *et. seq.*

18. Section 42103 of Title 11 Guam Code Annotated requires the Earned Income Program be instituted using the same income levels as are used

Santos, et al. v. Governor Camacho, et al., CHRISTINA M. S. NAPUTI, Petitioner/Intervenor.
(PROPOSED) PETITIONER/INTERVENOR'S COMPLAINT IN INTERVENTION IN A CLASS ACTION
Civil Case No. CIV04-00006                                                              **Page 6**
Case 1:04-cv-00006     Document 18     Filed 06/29/2004     Page 59 of 72

in the EITC law "to compute a subsidy which will be paid to residents of Guam who file income tax returns to the Department of Revenue and Taxation."

19.     Section 50103 of Title 11 Guam Code Annotated requires Respondent Illagan, in consultation with Respondent Perez and the Director of the Bureau of Budget and Management Research, to establish a formula for reserving income tax receipts to pay income tax refunds, earned income tax credits and child tax credits.

20.  Section 50104 of Title 11 Guam Code Annotated requires Respondent Perez to set aside all money reserved for income tax refunds, earned income tax credits and child tax credits from income tax receipts.

21.     The Guam Supreme Court recently held that the substantive provisions of the IRC enlisted in the Organic Act, including the EITC, must be applied in mirrored fashion to Guam, and the Governor is required to enforce and administer the EITC. *See* In re Request of *I Mina Bente Sing'ko Na Liheslaturan Guahan* Relative to the Application of the Earned Income Tax Credit Program to Guam Taxpayers, 2001 Guam 3 (2001).

22.     Respondents have refused requests for refundable earned income tax credits, and have publicly continued to allege that the EITC is inapplicable to Guam taxpayers.

Santos, et al. v. Governor Camacho, et al., CHRISTINA M. S. NAPUTI, Petitioner/Intervenor.
(PROPOSED) PETITIONER/INTERVENOR'S COMPLAINT IN INTERVENTION IN A CLASS ACTION
Civil Case No. CIV04-00006                                                                 **Page 7**
Case 1:04-cv-00006      Document 18      Filed 06/29/2004      Page 60 of 72

23.     Respondents have failed to pay refundable earned income tax credits to Intervenor/Petitioner, and continue to deny Guam taxpayers the benefits of the EITC, as mandated by the Organic Act and Guam law, thereby making appropriate injunctive or declaratory relief with respect to the class as a whole.

24.     Petitioner/Intervenor Naputi seeks relief in the form of damages for all unpaid refundable earned income tax credits for Petitioner/Intervenor and all those similarly situated, in an amount equal to the unpaid refundable earned income tax credits for Petitioner/Intervenor and all those similarly situated, together with attorneys' fees, costs and accrued interest.

25.     In the alternative, Petitioner/Intervenor Naputi seeks a writ in the nature of mandamus compelling Respondents to implement the EITC as required by the Organic Act and Guam law, and furthermore, that Respondents pay to Plaintiff/Intervenor and all those similarly situated an amount equal to the unpaid refundable earned income tax credits for herself and all those similarly situated, together with attorneys' fees, costs and accrued interest. Petitioner/Intervenor Naputi has a clear right to the relief sought; Respondents have plainly defined, peremptory and non-discretionary duties to implement the EITC and to pay unpaid refundable income tax credits; and no other adequate remedy is available.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
Santos, et al.  v.  Governor Camacho, et al., CHRISTINA M. S. NAPUTI, Petitioner/Intervenor.
(PROPOSED) PETITIONER/INTERVENOR'S COMPLAINT IN INTERVENTION IN A CLASS ACTION
Civil Case No. CIV04-00006                                                          **Page 8**
Case 1:04-cv-00006     Document 18     Filed 06/29/2004     Page 61 of 72

26.     Petitioner/Intervenor Naputi's rights, and the rights of those who are similarly situated, are not adequately represented by present Petitioner Julie Babauta Santos.

27.     Based upon information and belief, Petitioner/Intervenor Naputi represents a class that constitutes thousands of Guam taxpayers who are similarly situated. This class is so numerous that the joinder of each member is impracticable.

28.     There is a well-defined community interest in the questions of law affecting the class Petitioner/Intervenor Naputi represents. The class members' claims against Respondents involve questions of law and fact common to the members of the class, and said claims predominate over any question affecting only individual members. Questions of common or general interest exist, in that the statutory formula used to determine qualification for refundable earned income tax credits has never been applied, nor has the Respondent paid said claims though obliged to do so. Moreover, litigation of separate actions by individual members of the class may result in inconsistent adjudications or adjudications which are binding on absent class members. Failure to allow intervention will result in substantial injury to Petitioner/Intervenor Naputi and those similarly situated since:

Santos, et al.  v.  Governor Camacho, et al., CHRISTINA M. S. NAPUTI, Petitioner/Intervenor.
(PROPOSED) PETITIONER/INTERVENOR'S COMPLAINT IN INTERVENTION IN A CLASS ACTION
Civil Case No. CIV04-00006                                                    **Page  9**
Case 1:04-cv-00006     Document 18     Filed 06/29/2004     Page 62 of 72

a) the inclusion in the claimant pool in the proposed settlement agreement of time barred claimants who have no right to a refund reduces the amount of refund Petitioner/Intervenor, and those who will file a tax return, may receive; and

b) Petitioner/Intervenor, and all those similarly situated, may opt out of the proposed settlement but only to their own detriment by losing, at a minimum, the EITC refund for tax year 2000. *See* American Pipe and Construction Co. v. Utah, 414 U.S. 538, 94 S.Ct. 756 (1974).

The questions are such that proof of a state of facts common to the members of the class will entitle each member of the class to the relief requested in this petition.

29.    The Government of Guam has previously acknowledged its obligation to pay the EITC and has, in one recent case, paid said EITC. *See* attachments B and C.

30.    The members of the class Petitioner/Intervenor Naputi represents have no plain speedy or adequate remedy at law against Respondents other than by maintenance of this class action because Petitioner/Intervenor is informed and believes, and on the basis of that information and belief alleges, that the claims of each member of the class are relatively small, making recovery economically infeasible other than by class action against the Respondents.

Santos, et al.  v.  Governor Camacho, et al., CHRISTINA M. S. NAPUTI, Petitioner/Intervenor. (PROPOSED) PETITIONER/INTERVENOR'S COMPLAINT IN INTERVENTION IN A CLASS ACTION

Civil Case No. CIV04-00006                                    **Page  10**

Case 1:04-cv-00006     Document 18     Filed 06/29/2004     Page 63 of 72

31.     The litigation of separate actions by class members creates the risk of inconsistent adjudications of the issues which may be dispositive of the interests of other class members.

32.     Petitioner/Intervenor Naputi will fairly and adequately represent the interests of all class members because she is a member of said class and is represented by four experienced, knowledgeable attorneys.

33.     Federal Rules of Civil Procedure 23 and 24 liberally allow intervention in class actions as of right and permissively.

34.     **WHEREFORE,** Petitioner/Intervenor CHRISTINA MARIA SANTOS NAPUTI prays that this honorable Court grant the following relief:

34.1.  That Respondents pay to Petitioner/Intervenor, and all persons similarly situated, all monies together with interest owed pursuant to the EITC;

34.2.  That Respondents pay all attorneys' fees as well as costs and that this be in addition to, and not drawn from, Petitioner/Intervenor's recovery;

34.3.  That Respondents be ordered to continue to fulfill their obligations pursuant to law and particularly the tax laws, and;

34.4. All such other and further relief not specifically requested herein which the court determines upon the hearing of this matter that it is just and proper to award to Petitioner/Intervenor.

Santos, et al. v. Governor Camacho, et al., CHRISTINA M. S. NAPUTI, Petitioner/Intervenor.
(PROPOSED) PETITIONER/INTERVENOR'S COMPLAINT IN INTERVENTION IN A CLASS ACTION
Civil Case No. CIV04-00006                                              **Page 11**
Case 1:04-cv-00006     Document 18     Filed 06/29/2004     Page 64 of 72

Respectfully submitted this _29 June 04_ .

**VAN DE VELD SHIMIZU CANTO & FISHER**

**Curtis C. Van de veld, Esq.**
Attorneys for Petitioner/Intervenor

# * * * VERIFICATION * * *

I hereby swear and affirm under penalty of perjury of the laws of Guam that the allegations of the foregoing Complaint are true and correct to the best of my knowledge and belief pursuant to 6 G.C.A. §4308, this Monday, June 28, 2004.

**Christina Maria Santos Naputi**
Petitioner/Intervenor

///
///
///

Santos, et al. v. Governor Camacho, et al., CHRISTINA M. S. NAPUTI, Petitioner/Intervenor.
(PROPOSED) PETITIONER/INTERVENOR'S COMPLAINT IN INTERVENTION IN A CLASS ACTION
Civil Case No. CIV04-00006 **Page 12**
Case 1:04-cv-00006 Document 18 Filed 06/29/2004 Page 65 of 72

**CERTIFICATE OF SERVICE**

I, CURTIS C. VAN DE VELD, certify that I caused a copy of the foregoing document here filed, to be served on counsel for the parties on _____, via hand delivery at the following address:

Counsel For Petitioner                    Counsel for Repondents

Michael F. Phillips, Esq.                 Douglas B. Moylan, Esq.
Phillips & Bordallo, P.C.                 Office of the Attorney General of Guam
410 West O'Brien Drive                    Suite 2-200E, Guam Judicial Center
Hagåtña, Guam 96910                       120 West O'Brien Drive
                                          Hagåtña, Guam 96910

Respectfully submitted: this _____.

VAN DE VELD  SHIMIZU  CANTO  &  FISHER

_____
**Curtis C. Van de veld, Esq.**
Attorneys for Petitioner/Intervenor

CCV:ccv
VSCF/EITC Clients/CV001534

Santos, et al. v. Governor Camacho, et al., CHRISTINA M. S. NAPUTI, Petitioner/Intervenor
(PROPOSED)PETITIONER/ INTERVENOR'S COMPLAINT IN INTERVENTION IN A CLASS ACTION
Civil Case No. CIV04-00006                                    **Page  13**

Case 1:04-cv-00006     Document 18     Filed 06/29/2004     Page 66 of 72



Print - Close Window

**Date:** Thu, 24 Jun 2004 09:44:15 -0600

**From:** TaxHelp@hal1.ausc.irs.gov

**Subject:** IRS Email Tax Law Assistance

**To:** tfisher96910@yahoo.com

NOTE: Thank you for your inquiry. Our response to your tax law
question appears below. I hope this information has been helpful. If you have
a follow-up question or another general tax law question, please return
to our web site at: (http://www.irs.gov) to submit it. Please do not
use your "reply" button to respond to this message. More helpful
information is provided at the end of this message.

Your Question Was:
Sir or Madam, Is there a statute of limitations on amending a tax
return to claim the Earned Income Tax Credit? Thanks. Thomas Fisher

The Answer To Your Question Is:
Thank you for your e-mail inquiry concerning whether there is a statute
of limitations to claim the earned income tax credit.

Yes, there is. The Internal Revenue Code imposes a time frame for
filing an amended return and claiming a refund. Generally, to claim a
refund, Form 1040X must be received within 3 years from the date you filed
your original return or within 2 years from the date you paid the tax,
whichever is later. A return filed early is considered filed on the
due date. There are exceptions to this rule for certain items such as
net operating losses, general business credit carry backs, bad debts, and
worthless securities. Please review the instructions to Form 1040X for
exceptions.

We presume that you do not require a list of the general rules that
apply to the earned income credit. This information is contained in
Publication 596, Earned Income Credit.

You can file an amended return if you qualify to claim the earned
income credit and the statue of limitations has not expired. Use Form
Number 1040X, Amended U.S. Individual Income Tax Return, to correct a
previously filed Form Number 1040, Form Number 1040A, Form Number 1040EZ, or
TeleFile return. [If you are filing to claim an additional refund, wait
until you have received your original refund (you may cash that
check)].

Be sure to enter the year of the return you are amending at the top of
Form 1040X. The form has three columns. Column A is used to show
original or adjusted figures from the original return. Column C is used to
show the correct figures. The difference between the figures in Columns A
and C is shown in Column B. There is an area on the back of the form
where you explain the specific changes being made on the return and the

reason for each change. If the changes involve another schedule or form,
attach it to the 1040X. For example, if you are filing a 1040X because
you have a qualifying child and now want to claim the Earned Income
Credit, you must attach a Form Number 1040 Schedule EIC to show the
qualifying person's name, year of birth, and social security number.

If your return was previously adjusted or examined you must use the
adjusted figures when filing an amended return.

If you are filing more than one amended return, be sure to mail each in
a separate envelope to the service center for the area in which you
live. The Instructions for Form Number 1040X list the addresses for the
service centers.  The normal processing time for a Form 1040X is 8 to 12
weeks.

Please Note: Your state tax liability may be affected by a change made
on your federal return. For information on how to correct your state
tax return, contact your http://www.taxadmin.org/fta/forms.ssi - state
tax agency.

We hope this is helpful.


Reference:

 Publication 17, Your Federal Income Tax, pages 19 - 20

IRS forms and publications may be accessed on our web site at the
following address: http://www.irs.gov/forms_pubs/index.html or ordered
through our toll-free forms line at:
 800-829-3676
which is available 24 hours a day, 7 days a week, with 7-10 days
delivery time.

Other useful toll-free numbers include:
 800-829-1040 IRS Tax Help Line for Individuals
(NEW) 800-829-4933 Business and Specialty Tax Help Line
(NEW) 800-829-1954 Refund Hotline

We are interested in your opinion and providing the best possible
service to you. Please take a moment to answer our survey at:
http://www.irs.gov/help/page/0,,id=13155,00.html
This answer is based on our understanding of the facts you presented in
your question.  Omission of facts may affect the answer given.

Here's a tip for navigating the IRS web site. Use the "search" button
at the left side of the web page.  Enter key words or phrases for your
topic in the entry box.   It could help you find your answer
immediately.

EMPLOYEE ID: 04-05004    Ms. Sanchez    Tel.:(800)829-1040    msg#:
1654963

Print this story

# Acting Governor, Attorney General announce EITC will be paid over six years

**by Zita Taitano, KUAM News**
**Sunday, June 13, 2004**

A settlement agreement was reached on the Earned Income Tax Credit for eligible taxpayers, as well as for the payment of overtime payments for public safety officers. The announcement was made during a joint press conference between Acting Governor Kaleo Moylan and Attorney General Douglas Moylan at the Office of the Governor at Adelup.

Saying it has always been the Administration's intent to pay the EITC, Acting Governor Moylan announced a settlement in a class action lawsuit to force the Government of Guam to pay out an estimated $120-160 million in tax credits over six years. The acting governor was flanked by the Attorney General, who represented the government in the case, and Attorney Mike Phillips, who was the legal counsel representing the plaintiffs in the class action suit.

The two sides announced they had agreed on terms that called for $60 million in owed EITCs to be paid out over eight years. GovGuam is required to immediately post $3 million to an account for payouts of the tax credit and must put an additional $17 million in over the next year. For the next eight years, $5 million would be set aside. The settlement also calls for the government to pay out the Earned Income Tax Credit in full in from this point on.

The $60 million settlement represents only about half of what is owed to eligible taxpayers. AG Moylan called the settlement "great for the Government of Guam as it means the government will only have to come up with half of what a court might have ordered by paid." At the same time, opposing attorney Phillips said the settlement was good for his clients because it allowed them to finally get at least a portion of the money owed to them.

As for where the public sector is going to come up with $60 million, Department of Revenue and Taxation director Art Ilagan said it is likely that payout of income tax refunds, as well as vendor payments may be slowed down as the government tries to find the cash to come up with the $3 million immediately and the additional $17 million over the next year. In future years the revenue projections will be adjusted to reflect the EITC payments.

According to Attorney Phillips, he was approached by the Attorney General on Thursday about the terms of this settlement and the along with the acting governor and Administration cabinet members worked out the details over the last several days. AG Moylan said today the settlement was not forced by the payment of a single EITC in March of this year. Moylan said the payment did not force the government into the settlement and said it has always been his desire to see the case settled.

It was also announced at this afternoon's press conference that a settlement had been reached between the Camacho Administration and the Guam Attorney General regarding the payment overtime to the Department of Corrections, the Guam Fire Department and the Guam Police Department. Acting Governor Moylan says that with an increase in business license renewals this year the Administration has been able to find the $2.7 million necessary to pay the past due overtime.

It was noted that this is the first time in years that the government does not owe overtime to the agencies.

**Copyright © 2000-2004 by Pacific Telestations, Inc.**

Print this story

Print this story

# One in thousands received EITC

**by Ken Wetmore, KUAM News**
**Wednesday, June 09, 2004**

The Earned Income Tax Credit is designed as a tax break for America's working poor. For years however, those who would fall under that moniker have been denied the EITC. The Guam Supreme Court has ruled that the tax credit applies to Guam, but currently the Government of Guam is contesting a class action lawsuit to force the payment of over $110 million in unpaid tax credits over six years.

On Sunday, Governor Felix Camacho sent out a press release announcing he is petitioning Congress to help fund the EITC. Wrote Camacho, "Since the full cost of the EITC would be nearly 10% of all revenues of the Government of Guam, it is virtually impossible to remit the refundable portion of the credit to Guam taxpayers without having to eliminate critical public services."

Today however, KUAM News learned for at least one taxpayer, Guam's public sector was willing to pay up.

By the Department of Revenue and Taxation's own figures, it could potentially owe $120 million over six years to local taxpayers who are eligible for the EITC. In fact, that agency has refused to pay out earned income tax credits to taxpayers - that's why it was surprising to learn on March 5 of this year that Rev & Tax paid out EITC to one taxpayer, but said that person couldn't be identified due to privacy laws.

"Right now we're not doing it because we don't have the money - it's a money problem, $20 million," said Rev & Tax director Art Ilagan, adding, "Where are we going to come up with $20 million dollars for that one year?" This prompted KUAM News to ask if he thought that if his agency was unable to come up with that amount for all the people, then shouldn't he come up with it for all the people no matter what? Ilagan responded by saying, "I believe what happened with that case, whoever reviewed the request was influenced by the taxpayer and it went through."

Ilagan says he was off-island at the time the decision was made and referred us to his deputy director, John Camacho. Camacho says the taxpayer received his Earned Income Tax Credit from 1998 and says the reason is because the tax had a death in the family and needed money. The deputy director says he also received a call from the Governor's chief of staff Tony Sanchez.

Camacho confirmed, "I was told to go ahead and run the check, yes." He further said Sanchez told him to perform such action. "I was told by the front office, Mr. Sanchez, to run the check, but it's always been the policy of the Governor to pay out these Earned Income Credit; its just a matter of funding right now," he said.

Attorney Mike Phillips represents Julie Babauta Santos, who has brought a class action lawsuit against the Government of Guam in the District Court. He says he's

**Attachment C**
Case 1:04-cv-00006  Document 18  Filed 06/29/2004  Page 71 of 72

surprised to learn that it's been the Administration's policy to pay out EITC. He commented on the matter, telling KUAM News, "Obviously, I'm shocked and disappointed because we filed this class action lawsuit in February and if in fact Mr. Sanchez ordered that payment that day in March, that's directly in opposition to the answer they filed a few days later, so they've misrepresented their position to the Court. It's important for everyone to remember that they've not only acknowledged (or failed to acknowledge) the debt but they're saying the program does not apply so the question is why are they paying money out in a program that they're allegedly or taking the position in court that it does not exist."

The Guam Attorney General's Office is representing the Government of Guam in that lawsuit, and AG Douglas Moylan said he had not been told about Rev & Tax paying EITC to one taxpayer. "I am concerned if any payments are being made under a preferential treatment and especially if the Governor's Office is undermining our position at the District Court of Guam," he stated.

Continuing, the AG stressed the criticality of the issue. "This is a very serious matter. It involves millions of dollars of taxpayer money and possibly the debilitating of the Government of Guam and the required payment that might be incurred by this Government. I am going to have our attorneys start to investigate and find out the facts and circumstances of why Rev & Tax made a single payment, if that is the case."

The AG says if GovGuam is forced to pay out all the back EITC, it could potentially bankrupt Guam's public sector.

In a phone interview this afternoon, Sanchez says he did authorize the Earned Income Tax Credit to be paid to the one taxpayer because of a hardship situation. Sanchez says it has always been the Administration's position that the Credit should be paid to eligible taxpayers and says the Administration admits the debt needs to be paid. Sanchez says others who are in a hardship situation can also apply to receive the tax credit, but says the government doesn't have the money to pay out what's owed to everyone.

The Governor's chief of staff says the Camacho Administration is urging the Legislature to fund the EITC. Sanchez said he would further explain his position during an interview on Thursday morning.

---

**Copyright © 2000-2004 by Pacific Telestations, Inc.**

Print this story