**LUJAN AGUIGUI & PEREZ LLP**
Attorneys at Law
Pacific News Building, Suite 300
238 Archbishop Flores Street
Hagåtña, Guam 96910
Telephone (671) 477-8064/5
Facsimile (671) 477-5297

*Attorneys for Applicant for Intervention*

FILED
DISTRICT COURT OF GUAM
JUL 06 2004
MARY L. M. MORAN
CLERK OF COURT

# DISTRICT COURT OF GUAM
## TERRITORY OF GUAM

| | |
|---|---|
| JULIE BABAUTA SANTOS, individually, and on behalf of all those similarly situated,<br><br>Petitioner,<br><br>-vs-<br><br>FELIX P. CAMACHO, Governor of Guam; ART ILAGAN, Director of Department of Revenue and Taxation; LOURDES M. PEREZ, Director of Department of Administration; and GOVERNMENT OF GUAM,<br><br>Respondents.<br><br>CHARMAINE R. TORRES, on behalf of herself and all others similarly situated,<br><br>Applicant for Intervention. | CIVIL CASE NO. CV04-00006<br><br>**MOTION FOR LEAVE TO INTERVENE AS A PLAINTIFF/PETITIONER**<br><br>(Rules 23 and 24)<br><br>**CLASS ACTION** |

Page 1 of 2
Julie Babauta Santos v. Felix P. Camacho et al.,
Charmaine R. Torres, Applicant for Intervention
Civil Case No. CV04-00006
Motion for Leave to Intervene as a Plaintiff/Petitioner

ORIGINAL

Case 1:04-cv-00006   Document 21   Filed 07/06/2004   Page 1 of 8

APPLICANT FOR INTERVENTION CHARMAINE R. TORRES ("Applicant"), on behalf of herself and all others similarly situated, moves pursuant to Rules 23 and 24 of the Federal Rules of Civil Procedure for leave to intervene as a plaintiff/petitioner in this action in order to assert her claims against Respondents set forth in Applicant's proposed complaint and petition, a copy of which is attached hereto.

In support of this motion, Applicant states that:

1. Applicant has an interest in the transaction that is the subject of this suit as specifically and particularly set forth in the attached proposed complaint and petition.

2. Applicant is so situated that disposition of this action without this intervention will, or may as a practical matter, impair or impede her ability to protect that interest.

3. Applicant's interest cannot be adequately represented by existing parties.

4. Applicant's claims and the main action have questions of law or fact in common.

This motion is further supported by the memorandum of points and authorities filed concurrently herewith, the files and records in this case, the arguments of counsel, and such oral and documentary evidence as may be submitted and presented at the hearing on this motion.

Respectfully submitted this 6th day of July, 2004.

LUJAN, AGUIGUI & PEREZ LLP

By: _____
IGNACIO C. AGUIGUI, ESQ.
*Attorneys for Applicant for Intervention*

Page 2 of 2
Julie Babauta Santos v. Felix P. Camacho et al.,
Charmaine R. Torres, Applicant for Intervention
Civil Case No. CV04-00006
Motion for Leave to Intervene as a Plaintiff/Petitioner

Case 1:04-cv-00006   Document 21   Filed 07/06/2004   Page 2 of 8

**LUJAN AGUIGUI & PEREZ LLP**
Attorneys at Law
Pacific News Building, Suite 300
238 Archbishop Flores Street
Hagåtña, Guam 96910
Telephone (671) 477-8064/5
Facsimile (671) 477-5297

*Attorneys for Intervenor*

# DISTRICT COURT OF GUAM

# TERRITORY OF GUAM

| | |
|---|---|
| JULIE BABAUTA SANTOS, individually, and on behalf of all those similarly situated,<br><br>Petitioner,<br><br>-vs-<br><br>FELIX P. CAMACHO, Governor of Guam; ART ILAGAN, Director of Department of Revenue and Taxation; LOURDES M. PEREZ, Director of Department of Administration; and GOVERNMENT OF GUAM,<br><br>Respondents.<br><br>CHARMAINE R. TORRES, on behalf of herself and all others similarly situated,<br><br>Plaintiff/Petitioner-Intervenor. | CIVIL CASE NO. CV04-00006<br><br><br>**INTERVENOR'S COMPLAINT FOR RECOVERY OF INCOME TAX REFUNDS OR, IN THE ALTERNATIVE, PETITION FOR WRIT IN THE NATURE OF MANDAMUS** |

**INTERVENOR CHARMAINE R. TORRES,** on behalf of herself and all others similarly situated, alleges as follows:

## JURISDICTION

1. This Court has jurisdiction over this action pursuant to 48 U.S.C. §§ 1421i(h) & 1424, and 28 U.S.C. §§ 1331 & 1367.

## THE PARTIES

1. Intervenor is a United States citizen, a resident of Guam, and a taxpayer. Intervenor is over the age of eighteen (18) years, and is, and has been, eligible to receive the earned income tax credit ("EIC") for Guam taxpayers under 48 U.S.C. § 1421i and the earned income tax credits under the Guam Earned Income Program, 11 GCA § 42101 *et seq.*

2. Respondent Felix P. Camacho ("Governor Camacho") is the Governor of Guam and in such official capacity is responsible for administration and enforcement of the Guam Territorial Income Tax ("GTIT") under 28 U.S.C. 1421i.

3. Respondent Artemio B. Ilagan is the Director of the Guam Department of Revenue and Taxation. Ilagan in his official capacity has overall supervision of such department, and is under the general supervision of Governor Camacho. Under Guam law, Ilagan is responsible for the administration and enforcement of the GTIT, 11 GCA §§ 1104 & 1107.

4. Respondent Lourdes M. Perez is the Director of the Guam Department of Administration. Perez in her official capacity has overall supervision of such department, and is under the general supervision of Governor Camacho. Under Guam law, Perez is responsible for setting aside all funds reserved for income tax refunds, earned income tax credits, and child tax credits from income tax receipts, 11 GCA § 50104.

5. Respondent Government of Guam was created through enactment of the Organic Act of Guam, 48 U.S.C. § 1421 *et seq.*

## THE CLASS

6. Intervenor brings this Complaint in Intervention on her own behalf and on behalf of all persons similarly situated pursuant to Rules 23 and 24 of the Federal Rules of Civil Procedure. The class Intervenor represents consists of all Guam taxpayers who were and are entitled to be

paid the EIC under the Guam Territorial Income Tax (48 U.S.C. § 1421i) and the Guam Earned Income Program (11 G.C.A. § 42101 *et seq.*), who were not paid such credits as required by law, and who are or may hereafter object to and/or opt out of the settlement preliminarily approved by this Court on June 17, 2004.

7. Intervenor is informed and believes and on that basis alleges that the subject settlement agreement is infirm. The agreement fails to provide adequate relief for members of the class in that recovery of EIC payments owed to the class under the agreement provides for approximately 50% recovery of benefits, instead of the full amount that class members are entitled to receive under law with interest.

8. The class Intervenor represents is so numerous such that joinder of each member of the class is impracticable.

9. There are questions of law and fact common to the class, which questions predominate over any questions affecting only individual class members.

10. The claims of Intervenor are typical of the claims of the class members.

11. Intervenor can fairly and adequately protect the interests of the class.

12. Intervenor and the class are represented by able and well-qualified counsel.

13. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class. Furthermore, adjudications with respect to individual members of the class would as a practical matter be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

### **INTERVENOR'S CLAIMS**

14. In 1950, Congress declared Guam to be an unincorporated territory of the United States through the Organic Act of Guam, codified at 48 U.S.C. § 1421 *et seq.* The Organic Act established the framework for Guam's local government and, in addition, specifically provided for an income taxation scheme for the island mirroring certain provisions of the federal income

1     tax laws then in effect and "those which may hereafter be enacted," 28 U.S.C. § 1421i(a).

2     Congress designated this tax as the "Guam Territorial Income Tax" ("GTIT"), 48 U.S.C. §

3     1421i(b), which Guam residents pay to the government of Guam and not the federal government.

        15. Under the Organic Act, the administration and enforcement of the GTIT shall be performed by or under the supervision of the Governor of Guam, 48 U.S.C. 1421i(c).

        16. Among the provisions of the federal income tax laws that Congress made applicable to Guam through the GTIT is the EIC provision, 26 U.S.C. § 32, contained in Subtitle A of the Internal Revenue Code ("IRC"). The EIC provision became effective in tax year 1975.

        17. Congress provided through the Organic Act that provisions of the IRC that are manifestly inapplicable or incompatible with the intent of the income tax provision of § 1421i shall not apply to Guam. The EIC provision is not manifestly inapplicable or incompatible with the intent of § 1421i. The EIC provision was enacted by Congress to provide an incentive to individuals with modest means to engage in income-earning activities.

        18. In or about 1989, the government of Guam first questioned the applicability of the EIC to Guam taxpayers.

        19. On or about January 4, 1996, the Attorney General of Guam issued an opinion stating that the EIC does not apply to Guam and that the Guam Department of Revenue & Taxation should not administer the EIC.

        20. The Guam Legislature subsequently enacted statutes to implement the EIC through establishment of the Earned Income Program.

        21. 11 GCA § 42103 requires the Earned Income Program be established using the same income levels as are used in the EIC provisions "to compute a subsidy which will be paid to residents of Guam who file Income Tax Returns to the Department of Revenue and Taxation."

        22. 11 GCA § 50103 requires Respondent Illagan, in consultation with Respondent Perez and the Director of the Bureau of Budget and Management Research, to establish a formula for reserving income tax receipts to pay income tax refunds, earned income tax credits and child tax credits.

23. 11 GCA § 50104 requires Respondent Perez to set aside all money reserved for income tax refunds, earned income tax credits and child tax credits from income tax receipts.

24. The Guam Supreme Court has held that Guam taxpayers are entitled to the EIC and the EIC must be applied in mirrored fashion to Guam. The Supreme Court further held that the Governor is required to enforce and administer the EIC. *In Re Request of I Mina' Bente Sing'ko Na Liheslaturan Guahan Relative to the Application of the Earned Income Tax Credit Program to Guam Taxpers ("The EIC question")*, 2001 Guam 3.

25. Respondents have refused requests for earned income tax credits, have failed to establish mechanisms to enforce and implement the EIC and the Earned Income Program to Guam taxpayers, and continue to deny Guam taxpayers, including Intervenor and the class Intervenor represents, the full benefits of the EIC and the Earned Income Program.

26. Intervenor and the class Intervenor represents seeks monetary relief for all unpaid earned income tax credits under the EIC and/or the Earned Income Program for the years in which such benefits were not paid.

27. In the alternative, Intervenor seeks a writ in the nature of mandamus compelling Respondents to implement the EIC and/or the Earned Income Program as required by the Organic Act and Guam law, and furthermore that Respondents cause to be paid to Intervenor and the class Intervenor represents all unpaid earned income tax credits under the EIC and/or the Earned Income Program. Intervenor has a clear right of to the relief sought; Respondents have plainly defined, peremptory and non-discretionary duties to implement the EIC and/or the Earned Income Program and to pay in full all unpaid earned income tax credits. No other plain, speedy, or adequate remedy at law is available.

28. Intervenor has incurred, and will continue to incur, expenses for costs and attorneys' fees necessary for the investigation, institution, and prosecution of this action. Such fees and expenditures will result in a member to all members of the class Intervenor represents.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Intervenor prays that she be permitted to become a Petitoner to this suit, that Respondents be served with copies of this Complaint of Intervention and be directed to

appear and answer it according to law; and that after the lapse of all legal delays and due proceedings had that,

1.  There be judgment in favor of Intervenor and the class Intervenor represents for the payment of earned income credits for all years in which such credits were not paid as required by law, with interest, in an amount to be determined at trial;

2.  In the alternative, a writ in nature of mandamus issue compelling Respondents to implement the EIC and/or the Earned Income Program and pay Intervenor and the class Intervenor represents all unpaid earned income credits for all years in which such credits were not paid as required by law, with interest;

3.  Intervenor recover costs and attorney's fees in the amount of 25% of the total amount recovered by the class or an amount to be determined by the Court, and that payment of such fees and costs be made from the amount recovered for the common benefit of the class;

4.  The Court retain jurisdiction over this action to assure full compliance with the Orders of this Court and with applicable law and require Respondents to file such reports as the Court deems necessary to evaluate such compliance;

5.  Grant such additional and further relief as the Court deems proper and just.

Respectfully submitted this _____ day of _____, 2004.

**LUJAN, AGUIGUI & PEREZ LLP**

[PROPOSED]

By:_____

*Attorneys for Plaintiff/Petitioner-Intervenor*