**LUJAN AGUIGUI & PEREZ LLP**
Attorneys at Law
Pacific News Building, Suite 300
238 Archbishop Flores Street
Hagåtña, Guam 96910
Telephone (671) 477-8064/5
Facsimile (671) 477-5297

*Attorneys for Applicant for Intervention*

# DISTRICT COURT OF GUAM

## TERRITORY OF GUAM

| | |
|---|---|
| JULIE BABAUTA SANTOS, individually, and on behalf of all those similarly situated,<br><br>Petitioner,<br><br>-vs-<br><br>FELIX P. CAMACHO, Governor of Guam; ART ILAGAN, Director of Department of Revenue and Taxation; LOURDES M. PEREZ, Director of Department of Administration; and GOVERNMENT OF GUAM,<br><br>Respondents.<br><br>CHARMAINE R. TORRES, on behalf of herself and all others similarly situated,<br><br>Applicant for Intervention. | CIVIL CASE NO. CV04-00006<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO INTERVENE AS A PLAINTIFF/PETITIONER**<br><br>(Rules 23 and 24)<br><br>**CLASS ACTION** |

Page 1 of 11
Julie Babauta Santos v. Felix P. Camacho et al.,
Charmaine R. Torres, Applicant for Intervention
Civil Case No. CV04-00006
Memorandum of Points and Authorities in Support of Motion for Leave to Intervene as a Plaintiff/Petitioner

ORIGINAL

**APPLICANT CHARMAINE R. TORRES** ("Applicant") respectfully submits this memorandum of points and authorities in support of her motion for leave to intervene in this action as a plaintiff/petitioner.

## INTRODUCTION AND FACTUAL BACKGROUND

This case involves a dispute concerning the entitlement of eligible Guam taxpayers to earned income tax credits ("EIC") under Guam law and federal tax laws made applicable to Guam through the Organic Act of Guam. Applicant is an eligible Guam taxpayer who qualifies, and who has qualified, for the EIC.

At the time of its enactment in 1950, the Organic Act mandated that certain provisions of the federal income tax laws then in effect and "those which may hereafter be enacted" shall apply to Guam. 28 U.S.C. § 1421i(a). The provisions of the IRC made applicable to Guam included Subtitle A of the Internal Revenue Code ("IRC"). The EIC was enacted as part of Subtitle A of the IRC in tax year 1975. *See* U.S. Pub. L. 94-12, Title II, § 204 (now codified at 26 U.S.C. § 32). Therefore, the EIC applied to Guam by operation of the Organic Act of Guam and entitled Guam taxpayers to the credit beginning in tax year 1975.

The EIC allows an eligible taxpayer to claim a tax credit against the amount of income tax liability, if any, reported on the taxpayer's annual income tax return. It can be used to offset an eligible individual's income tax liability and, depending on the circumstances, can be used to reduce a taxpayer's liability below zero. Thus, an eligible individual who has low income on which little or no tax would otherwise be due can receive a refundable cash payment in an amount greater than the amount of tax due, if any.

The applicability of the EIC to Guam taxpayers was apparently first questioned in 1989. On June 23, 1989, the Office of the Guam Attorney General ("AG's office") issued Memorandum Opinion No. DOA 89-0750, stating that the Government of Guam was obligated to pay the EIC.

Several years later, on January 4, 1996, the AG's office revoked Memorandum Opinion No. DOA 89-0750, and instead relied upon and deferred to the Guam Department of Revenue and

Page 2 of 11
Julie Babauta Santos v. Felix P. Camacho et al.,
Charmaine R. Torres, Applicant for Intervention
Civil Case No. CV04-00006
Memorandum of Points and Authorities in Support of Motion for Leave to Intervene as a Plaintiff/Petitioner
Case 1:04-cv-00006    Document 22    Filed 07/06/2004    Page 2 of 11

Taxation's Revenue Ruling 96-001. *See* AG's Office Memorandum Opinion No. DRT/DOA 96-001. Revenue Ruling 96-001 concluded that that the EIC as contained in the IRC does not apply to Guam. In response to these developments, the Guam Legislature passed legislation to ensure that Guam taxpayers remained eligible for the EIC and that funds were appropriated for EIC payments. Applicant is informed and believes that the Government of Guam apparently made the EIC available in tax year 1997 to eligible taxpayers, but discontinued this practice in subsequent years. Moreover, although the EIC should have been made available to eligible Guam taxpayers since tax year 1975, other than tax year 1997 it is unclear at this point during what years the EIC was made available and, if made available, whether such credits were actually paid to eligible Guam taxpayers.

In response to the Government's refusal to implement the EIC, the Guam Legislature filed a request for a declaratory judgment in the Guam Supreme Court in May 2000, asking the Court to decide the question whether the EIC applied to eligible Guam taxpayers. In 2001, the Guam Supreme Court held that the EIC, pursuant to the relevant provision in Subtitle A of the Internal Revenue Code, applied to Guam by operation of the Organic Act, 28 U.S.C. *et seq.*, and that the Governor of Guam is required to enforce and administer the EIC. *In Re Request of I Mina' Bente Sing'ko Na Liheslaturan Guahan Relative to the Application of the Earned Income Tax Credit Program to Guam Taxpers ("The EIC question")*, 2001 Guam 3.

On February 12, 2004, this lawsuit followed through the filing of a Petition for recovery of the EIC and, in the alternative, for a writ in the nature of mandamus by the current Petitioner Julie Babauta Santos. The named respondents were the Governor of Guam, the Director of the Guam Department of Revenue and Taxation, the Director of the Guam Department of Administration, the Attorney General of Guam,[1] and the Government of Guam. The current

---

[1] The Attorney General was later dismissed from the case by stipulation of the parties on or about March 10, 2004.
Page 3 of 11
Julie Babauta Santos v. Felix P. Camacho et al.,
Charmaine R. Torres, Applicant for Intervention
Civil Case No. CV04-00006
Memorandum of Points and Authorities in Support of Motion for Leave to Intervene as a Plaintiff/Petitioner
Case 1:04-cv-00006   Document 22   Filed 07/06/2004   Page 3 of 11

Petitioner seeks recovery of the EIC in the amount of $112,400,000.00 for the tax years 1998-2003.

Only four (4) months after the filing of this case, the parties to this action entered into a preliminary class action settlement agreement in which the Respondents agreed to set aside $60 million of government of Guam funds to pay EIC claims for eligible taxpayers in the years 1996, 1998, 1999, 2000, 2001, 2002, and 2003.[2] Under the settlement agreement, the $60 million fund would be used to compensate eligible taxpayers for approximately 50% of the full amounts to which they were fully entitled to receive under the EIC formulas. Furthermore, the settlement agreement contemplates that this fund would also be used to pay for attorneys' fees and other expenses. This Court issued a stipulated order granting preliminary approval of the settlement agreement on June 17, 2004.

Applicant seeks leave to intervene as a plaintiff/petitioner in this action. The incredibly short of period of time in which a settlement agreement was reached in the action raises serious questions about the fairness of the proposed settlement for eligible EIC claimants. There is no indication that any discovery was completed in this action to verify whether the total EIC liability for the years claimed in the Petition is $112 million, as alleged by Petitioner. In her Petition, Santos speculated that there exist over 5,000 class members entitled to the EIC. However, Applicant is informed and believes that in 1997 over 11,000 persons received EIC payments. As it stands, Petitioner Santos appears to have grossly underestimated the number of class members. Furthermore, in her Petition, Santos relied upon a projected costs analysis of the EIC debt based upon U.S. Treasury projections of average annual growth rates in the United States. *See* Government of Guam EITC Costs (Projected), attached as Exhibit "A" to the Petition. There is no indication that such an analysis accurately applies to Guam. Consequently, without any efforts

---

[2] The original Petition filed by Petitioner Santos did not seek EIC payments for tax year 1996, although this year was included as part of the settlement.

Page 4 of 11
Julie Babauta Santos v. Felix P. Camacho et al.,
Charmaine R. Torres, Applicant for Intervention
Civil Case No. CV04-00006
Memorandum of Points and Authorities in Support of Motion for Leave to Intervene as a Plaintiff/Petitioner
Case 1:04-cv-00006   Document 22   Filed 07/06/2004   Page 4 of 11

to identify the number of eligible class members or the total EIC liability for the relevant years, it is impossible to determine whether settlement of this matter for $60 million is a fair amount.

Moreover, as justification for entering into the $60 million settlement, it should be no excuse that the Government of Guam cannot afford to fund more than the $60 million settlement fund in light of its financial situation. The current Petitioner has failed to explore other avenues of relief, including exploring the possibility of seeking funding from the United States government through the instant lawsuit.

By hastily agreeing to settle this matter without engaging in meaningful efforts to ascertain the true state of affairs, Petitioner and her counsel have compromised the interests of all EIC claimants. Accordingly, it is for these reasons and others that Applicant seeks to intervene before her interests and the interests of the class she represents are further compromised.

## ARGUMENT

### I. INTERVENTION IS ALLOWED AS A MATTER OF RIGHT UNDER RULE 24(a).

Under Rule 24(a) of the Federal Rules of Civil Procedure, "Upon timely application anyone *shall* be permitted to intervene in an action .... (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." Fed. R. Civ. P. 24(a) (emphasis added).

Rule 24 traditionally receives liberal construction in favor of applications for intervention. *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003) (*citing Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998)). Courts are guided primarily by practical and equitable considerations. *Id.* A party seeking to intervene as a matter of right must meet four requirements: (1) the applicant must timely move to intervene; (2) the applicant must have a significantly protectable interest relating to the property or transaction that is the subject of the action; (3) the applicant must be situated such that the disposition of the action may impair or impede the party's ability to

Page 5 of 11
Julie Babauta Santos v. Felix P. Camacho et al.,
Charmaine R. Torres, Applicant for Intervention
Civil Case No. CV04-00006
Memorandum of Points and Authorities in Support of Motion for Leave to Intervene as a Plaintiff/Petitioner

Case 1:04-cv-00006   Document 22   Filed 07/06/2004   Page 5 of 11

protect that interest; and (4) the applicant's interest must not be adequately represented by existing parties. *Id.* All four elements of this test should be read together with a commonsense view of litigation. *See Public Service Co. of New Hampshire v. Patch*, 136 F.3d 197, 204 (1st Cir. 1998).

### A. The Application Is Timely

The requirements of Rule 24(a), including timeliness, are to be construed broadly in favor of the party seeking intervention. *See Westlands Water Dist. v. United States*, 700 F.2d 561, 563 (9th Cir. 1983). Courts are required to be more lenient in applying the timeliness requirement where intervention is sought as a matter of right, than where it is merely permissive because of the likelihood of more serious harm. *See United States v. Oregon*, 745 F.2d 550, 552 (9th Cir. 1984). Factors relevant to timeliness include the stage of the proceedings at the time of intervention; prejudice to the existing parties from applicant's delay in seeking leave to intervene; and any reason for and the length of delay in seeking intervention. *See United States v. State of Washington*, 86 F.3d 1499, 1502 (9th Cir. 1996).

First, the critical inquiry in determining whether an intervention is timely is what proceedings of substance on the merits have occurred. *See Mountain Top Condominium Ass'n v. Dave Stabbert Master Builder, Inc.* 72 F.3d 361, 369 (3rd Cir. 1995). Here, no proceedings of substance on the merits have occurred as no discovery has been conducted and no motions have been argued. The only substantive proceedings that have occurred relate to the tentative settlement of this case. Other than the filed pleadings in the case, the merits of the case have not been adjudicated in any way or even addressed by the parties. Instead, the case has proceeded directly from the pleading stage to a tentative settlement without any proceedings on the merits. Thus, this motion is clearly timely.

Second, there is no prejudice to the existing parties based on this motion to intervene. No final judgment has been entered in the case. The settlement agreement has only been tentatively approved, with a fairness hearing set for September 9, 2004. At this time, notice of the proposed

Julie Babauta Santos v. Felix P. Camacho et al.,
Charmaine R. Torres, Applicant for Intervention
Civil Case No. CV04-00006
Memorandum of Points and Authorities in Support of Motion for Leave to Intervene as a Plaintiff/Petitioner

settlement is in the process of being given via publication pursuant to the Court's orders. The deadline for class members to opt-out of the tentative settlement is more than a month away. Thus, the instant motion for intervention may be resolved prior to any other hearings on this matter.

Third, Applicant has not delayed in filing the motion to intervene. Instead, she timely filed the motion upon being made aware of settlement in this case. Generally, the time for intervention by unnamed members of a class action cannot begin until notice is provided under Rule 23 either as to class certification or any proposed settlement. *See Crawford v. Equifax Payment Services, Inc.* (7th Cir. 2000). Here, notice as to the proposed settlement was published on June 21, 2004, with the last publication set to occur on July 9, 2004. Applicant thus timely filed this motion, within the notice period, upon being made aware of a settlement in this matter. Thus, the motion is timely.

### B. Applicant Has A Significantly Protectable Interest In This Cause Of Action.

The significantly protectable interest prong of the analysis is generally satisfied when the interest is protectable under some law and there is a relationship between the interest and the claims at issue. *See Arakaki v. Cayetano*, 324 F.3d at 1084. Here, Applicant is and has been qualified to receive the EIC pursuant to Guam law.[3] Intervenor has not received the EIC, yet is fully entitled to full reimbursement of the EIC during years in which she was eligible.

Applicant's protectable interest is directly related to the claims at issue. Petitioner Santos has filed a class action petition for recovery of EIC refunds. Applicant is entitled to such refunds and is thus a potential class member. Applicant's position, which she seeks to protect, is that proposed settlement agreement entered into by Petitioner Santos is insufficient in scope and in

---

[3] *See* Public Law 23-74, 11 GCA 4108, 11 GCA 4104, 11 GCA 50103.

Page 7 of 11
Julie Babauta Santos v. Felix P. Camacho et al.,
Charmaine R. Torres, Applicant for Intervention
Civil Case No. CV04-00006
Memorandum of Points and Authorities in Support of Motion for Leave to Intervene as a Plaintiff/Petitioner
Case 1:04-cv-00006    Document 22    Filed 07/06/2004    Page 7 of 11

amount to compensate Applicant and members of the class Applicant represents for the government's failure to pay the EIC during periods of their eligibility.

C. **Disposition Of This Lawsuit Through A Settlement Agreement Will Adversely Affect Applicant's Interest In Receiving Full Payment Of The EIC Unless Intervention Is Permitted.**

An interest is impaired where a disposition of the pending action would have a potential adverse impact on the would-be intervenor's interest. *See SEC v. Navin*, 166 FRD 435, 440 (N.D. Cal. 1995). The proposed settlement agreement entered into by Petitioner Santos provides for a partial settlement of the total actual entitlement of the class. Applicant is a potential member of the class. Settlement of this case would severely impair Applicant's interest in maximizing the amount of just compensation for her EIC claims.

A judicial decision which would foreclose the would-be intervenor's interest is a sufficient impairment. *See Sierra Club v. United States EPA*, 995 F.2d 1478, 1486 (9th Cir. 1993). Thus, final judicial approval of the proposed settlement in this case may foreclose Applicant's interest in receiving her EIC entitlements. If the proposed settlement agreement is approved, and Applicant does not opt out of the class, the partial settlement will be binding and all claims to the full EIC amount will be lost. Section III on page 13 of the Settlement Agreement states that upon final approval of the settlement, EIC class members expressly and irrevocably waive all claims against the Government of Guam arising out of this lawsuit. If Applicant opts out of the class, and pursues a separate claim against Respondents, she may be faced with a worthless judgment if no funds remain to pay for claims of members who opt out. In the settlement agreement, the Government has agreed to pay $60 million to the EIC class, but no provision exists for payment of persons who opt-out of the class. Indeed, the settlement agreement states "[t]he Government of Guam agrees that no part of the Settlement Amount and no portion of funds paid into the EIC Settlement Fund shall be used for the potential refund for class members who opt-out of the class." *See* Settlement Agreement at 16. Thus, the settlement

Page 8 of 11
Julie Babauta Santos v. Felix P. Camacho et al.,
Charmaine R. Torres, Applicant for Intervention
Civil Case No. CV04-00006
Memorandum of Points and Authorities in Support of Motion for Leave to Intervene as a Plaintiff/Petitioner
Case 1:04-cv-00006   Document 22   Filed 07/06/2004   Page 8 of 11

agreement essentially forces class members to stay in the class or risk non-payment of their respective EIC claims. Thus, the Applicant has an interest in intervening in this lawsuit.

### D. Applicant's Interest Is Not Adequately Represented By Petitioner Santos As She Seeks To Settle The Dispute By Receiving Only Partial Payment Of Funds Owed.

There are three factors to consider in determining the adequacy of representation: (1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect. *See California v. Tahoe Reg'l Planning Agency*, 792 F.2d 775, 778 (9th Cir. 1986). The requirement is satisfied if the representation *may* be inadequate. *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003). A minimal showing of inadequacy is all that is required. *Id.*

The most important factor in determining the adequacy of representation is how the interest of the would-be Intervenor compares with the interests of existing parties. *Id.* at 1086. Here, the interest of Applicant is in conflict with the interest of Petitioner Santos. Applicant's primary interest in this lawsuit is to preserve her ability and the ability of the class she represents to seek the maximum amount of compensation for the EIC claims, including pursuing these claims through adjudication on the merits. Applicant seeks to determine the total amount of EIC owed and the number of eligible class members to ensure a fair, accurate, and just resolution of the EIC claims at issue.

Such interests are not shared by Petitioner Santos. Petitioner Santos's interest at this point is to quickly settle this matter without conducting discovery to determine the total EIC liability and the number of class members. Her interest is to settle this case on behalf of the proposed class in order to receive only a fraction of what is rightfully owed to class members. Petitioner Santos is not interested in filing motions, conducting discovery, or pursuing any adjudication on the merits. Petitioner Santos has not, and is neither capable nor willing, to make all of

Page 9 of 11
Julie Babauta Santos v. Felix P. Camacho et al.,
Charmaine R. Torres, Applicant for Intervention
Civil Case No. CV04-00006
Memorandum of Points and Authorities in Support of Motion for Leave to Intervene as a Plaintiff/Petitioner
Case 1:04-cv-00006   Document 22   Filed 07/06/2004   Page 9 of 11

Applicant's arguments. Because Petitioner has already entered into a proposed settlement agreement and is awaiting final approval of the settlement agreement, Petitioner logically would not make any of Applicant's arguments while the proposed settlement to which she has agreed is pending.

Third, Applicant will add a necessary element to the lawsuit that Petitioner would neglect. As stated, Petitioner is not seeking full EIC compensation, but only a partial settlement of the claims at only 50%. Petitioner has already entered into a settlement agreement for such partial compensation and is attempting to bind the class to that agreement. Petitioner is thus neglecting pursuit of greater compensation for the EIC claims, including pursuing recovery of funds or payments from the federal government.

Based on the foregoing arguments, Applicant is entitled to intervene in this action as a matter of right.

## II. IN THE ALTERNATIVE, INTERVENTION IS PERMISSIBLE UNDER RULE 24(b) and 23(d).

Rule 24(b) of the Federal Rules of Civil Procedure ("Permissive Intervention") provides that "Upon timely application anyone may be permitted to intervene in an action: ... (2) when an applicant's claim or defense and the main action have a question of law or fact in common. ... In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Furthermore, Rule 23(d) of the Federal Rules of Civil Procedure provides that " in the conduct of [class] actions to which this rule applies, the court may make appropriate orders: ... (2) ... [permitting class members] to intervene and present claims or defenses, or otherwise to come into the action."

As discussed throughout this motion, and as made clear by Applicant's proposed complaint and petition, Applicant's and Petitioner Santos's claims clearly share questions of law and fact in common. The first question is whether the Government of Guam must pay the EIC; second, which individuals are entitled to receive the EIC; third, what amounts of EIC are to be received by qualified persons.

Julie Babauta Santos v. Felix P. Camacho et al.,
Charmaine R. Torres, Applicant for Intervention
Civil Case No. CV04-00006
Memorandum of Points and Authorities in Support of Motion for Leave to Intervene as a Plaintiff/Petitioner
Case 1:04-cv-00006    Document 22    Filed 07/06/2004    Page 10 of 11

In addition, intervention by Applicant will not unduly delay or prejudice the adjudication of the rights of the original parties. The original parties are currently awaiting final approval of the settlement agreement. The Stipulated Order Granting Preliminary Approval of Class Action Settlement was filed on June 17, 2004, a little over two weeks ago. Notice of the proposed settlement is still being published. Class members are still within the opt-out period of the settlement agreement. The class has apparently not been properly certified. The next court hearing in this case is not scheduled until September 9, 2004, more than two months from now. The case is currently at a stand-still. Thus, intervention by the Applicant is appropriate and will not delay or prejudice the rights of the original parties.

## CONCLUSION

Based upon foregoing, Applicant respectfully asks this Court to grant her leave to intervene in this action and to file her proposed complaint and petition.

Respectfully submitted this 6th day of July, 2004.

**LUJAN, AGUIGUI & PEREZ LLP**

By: _____
**IGNACIO C. AGUIGUI, ESQ.**
*Attorneys for Applicant for Intervention*

Page 11 of 11
Julie Babauta Santos v. Felix P. Camacho et al.,
Charmaine R. Torres, Applicant for Intervention
Civil Case No. CV04-00006
Memorandum of Points and Authorities in Support of Motion for Leave to Intervene as a Plaintiff/Petitioner
Case 1:04-cv-00006   Document 22   Filed 07/06/2004   Page 11 of 11