

The Law Offices of
# PHILLIPS & BORDALLO
A Professional Corporation
410 West O'Brien Drive, Suite 102 Hagåtña, Guam 96910-5044
Tel: (671) 477-ABCD (2223) • Fax: (671) 477-2FAX (2329)
" I Erensia, Lina'la', Espiritu-ta"

Attorneys for Petitioner

## UNITED STATES DISTRICT COURT

## FOR THE TERRITORY OF GUAM

| | |
|---|---|
| JULIE BABAUTA SANTOS, individually, and on behalf of all those similarly situated, <br><br> Petitioner, <br><br> vs. <br><br> FELIX A. CAMACHO, Governor of Guam, ART ILAGAN, Director of Department of Revenue and Taxation, LOURDES M. PEREZ, Director of Department of Administration; and GOVERNMENT OF GUAM, <br><br> Respondents. | CIVIL CASE NO. 04-00006 <br><br><br> **MOTION FOR CONTINUANCE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |

The Petitioner, Julie Babauta Santos, individually and on behalf of all those similarly situated (hereinafter "EIC Class"), through her attorneys of record Phillips and Bordallo, P.C., by Michael F. Phillips, moves the Court pursuant to Local Rule 7.1(h) and General Rule 6.1 for a short continuance of the hearing on motions presently scheduled for August 2, 2004. All Respondents consent to Petitioner's request.

The Petitioner bases her motion on the accompanying Memorandum of Points and Authorities, Declaration of Michael F. Phillips, Exhibit "A" (travel information), the

1

ORIGINAL

record on file, and on any evidence or arguments presented should the Court order a hearing on this matter.

### * * * *MEMORANDUM OF POINTS AND AUTHORITIES* * * *

The Court recently set a hearing date of August 2, 2004 for motions to intervene filed over the last few days. Attorney Michael F. Phillips, counsel for Petitioner Julie Babauta Santos, is scheduled to return from off-island the evening of August 2, 2004. Attorney Phillips departs Guam on July 22, 2004 as an official delegate to the Democratic National Convention taking place the week of July 25, 2004 in Boston, Massachusetts. Petitioner and counsel request the Court re-set the hearings for a date on or after August 4, 2004. Petitioner's counsel will be able to abide by the other deadlines set by the Court for the filing of Petitioner's response to the pending motion to intervene.

Local Rule 7.1(h) addresses motion practice and continuances:

> (1) Any moving party who does not intend to press the motion or who intends to withdraw before the hearing date, any opposing party who does not intend to oppose the motion, and any party who intends to move for a continuance of the hearing of a motion shall, not later than five (5) working days preceding the oral argument date, notify opposing counsel and the court clerk in writing.
>
> (2) Absent good cause shown, a deadline fixed by these rules and the "Agreement of Hearing Date" will not be extended.

General Rule 6.1 governs continuances:

> No continuance shall be granted merely on the stipulation of the parties. If the Court is satisfied that counsel are preparing the case with diligence and additional time is required to comply with these Rules, the parties may move the Court to extend the dates for the obligations imposed under these Rules, upon submission of a timely stipulated motion signed by all counsel setting forth the reasons for the requested continuance. No continuance will be granted

2

unless the stipulation has been lodged before the date upon which the act was to have been completed under this Rule.

"The District Court has considerable latitude in granting or denying continuances." United States v. Pope, 841 F.2d 954, 956 (9th Cir., 1988) citing United States v. Flynt, 756 F.2d 1352, 1358 (9th Cir. 1985). It is an abuse of discretion for a District Court to deny a request for an extension of time where hardship in complying with the original deadline is explained by the plaintiff and clearly constitutes just cause for awarding the extension. Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir., 1987).

Counsel for the Petitioner has remained diligent in all matters and, specifically, while preparing his opposition to the new motions by parties attempting to intervene. The continuance will allow counsel to attend and participate in a previous commitment off-island and still make it back in time for oral arguments. The short continuance will not inconvenience the Court nor will it prejudice any parties seeking to intervene.

Petitioner's counsel attempted unsuccessfully to obtain the consent of the attorney representing Applicant for Intervention Christina Naputi. Attorney Van de veld is not able to stipulate to a short continuance without first receiving a new hearing date because of his assertion Magistrate Judge Joaquin Manibusan should be removed from this case and an Article III judge appointed in his place. Attorney Ignacio C. Aguigui, representing Applicant for Intervention Charmaine Torres, does not object to the continuance for one or two days, but wants the hearings held as soon as possible. The Attorney General of Guam, representing all Respondents, does not object to the continuance.

3

While the attorney for Applicant for Intervention Christina Naputi has filed various motions with the Court, he has failed to allege "extraordinary circumstances" requiring the removal of Magistrate Judge Manibusan from this matter. 28 U.S.C. § 636(c)(4). There are no reasons presented why the Magistrate Judge, who has presided over a number of matters herein and who the parties consented to in writing, is unable to rule on motions to intervene or continue to preside over this case at this stage.

This case does not involve the Federal Government, making it difficult to understand opposing counsel's insistence on an Article III Judge. This Court has already ruled on similar attempts to disqualify local Judges in favor of Article III Judges. In United States v. Bordallo, Crim. Case No. 86-00049, the Defendant argued, "Article III, Section 1 of the United States Constitution mandates in clear and specific language that federal judges serve for life or good behavior. ...The reasoning was if a judge's tenure was subject to approval by other branches of the government then judicial determinations would inevitably be biased in favor of the Federal Government." Motion to Dismiss, pp. 16-17 (Filed Jan. 16, 1987). This Court rejected the arguments and denied the Defendant's Motion.

The Bordallo case demonstrates that even in cases where the United States is a named party, arguably justifying a heightened awareness of due process and separation of powers issues, the Court has rejected both the substantive argument and what may appear to be "judge shopping" by parties in search of a Judge with an alternative opinion.

4

For all the above reasons, the Court should grant Petitioner Julie Babauta Santos' Motion for Continuance and set all hearings on motions to intervene for dates and times on or after August 4, 2004.

Respectfully submitted this 9th day of July, 2004.

PHILLIPS & BORDALLO, P.C.

By: _____
Michael F. Phillips

Lujan Aguigui & Perez LLP
Date: 7·9·04
Time: 1:26 p.m.
Rec'd: TW

THE VANDEVELD LAW OFFICES, P.C.
Received by: Maggie
Date: 7/9/04    Time: 1:11


RECEIVED
JUL - 9 2004
1:35p
ATTORNEY GENERAL'S OFFICE

5