LUJAN AGUIGUI & PEREZ LLP
Attorneys at Law
Pacific News Building, Suite 300
238 Archbishop Flores Street
Hagåtña, Guam 96910
Telephone (671) 477-8064/5
Facsimile (671) 477-5297

*Attorneys for Applicant for Intervention
Charmaine R. Torres*

FILED
DISTRICT COURT OF GUAM
JUL 15 2004
MARY L. M. MORAN
CLERK OF COURT

# DISTRICT COURT OF GUAM

# TERRITORY OF GUAM

| | |
|---|---|
| JULIE BABAUTA SANTOS, individually, and on behalf of all those similarly situated,<br><br>Petitioner,<br><br>-vs-<br><br>FELIX P. CAMACHO, Governor of Guam; ART ILAGAN, Director of Department of Revenue and Taxation; LOURDES M. PEREZ, Director of Department of Administration; and GOVERNMENT OF GUAM,<br><br>Respondents.<br><br>CHARMAINE R. TORRES, on behalf of herself and all others similarly situated,<br><br>Applicant for Intervention. | CIVIL CASE NO. CV04-00006<br><br>**REPLY IN SUPPORT OF MOTION TO VACATE AUGUST 9, 2004 OBJECTION AND OPT-OUT DATE AND TO VACATE SEPTEMBER 9, 2004 HEARING DATE FOR FINAL APPROVAL OF SETTLEMENT AGREEMENT**<br><br>**CLASS ACTION** |

Page 1 of 9
Julie Babauta Santos v. Felix P. Camacho et al.,
Civil Case No. CV04-00006
Reply in Support of Motion to Vacate August 9, 2004 Objection
and Opt-Out Date And To Vacate September 9, 2004
Hearing Date for Final Approval of Settlement Agreement

Case 1:04-cv-00006    Document 49    Filed 07/15/2004    Page 1 of 9

ORIGINAL

APPLICANT FOR INTERVENTION CHARMAINE R. TORRES ("Applicant"), on behalf of herself and all others similarly situated, respectfully submits this reply in support of her motion to vacate the August 9, 2004 opt-out and objection date in connection with the proposed settlement agreement in this action, and to vacate the September 9, 2004 hearing date for final approval of the settlement agreement.

On July 14, 2004, Petitioner Julie Babauta Santos filed a "Response" to Applicant's instant motion, and a Stipulation of the Parties Regarding Additional Notices to the Class, Extending the Objection and Opt-Out Date, and Continuing the Hearing on Final Approval of the Settlement Agreement. Petitioner Santos served various other filings, for which the Court has neither set a hearing date nor a briefing schedule.[1] No other responses to Applicant's motion either from Respondents or from Applicant Christina Naputi were served on Applicant's counsel pursuant to the Court's June 13, 2004 Order.

In her Response and Stipulation, Petitioner Santos admits that proper notice was not provided, in violation of the Court's June 17, 2004 Stipulated Order. This alone warrants vacatur of the August 8 and September 9 dates as requested by Applicant's motion. However, Petitioner Santos argues that the Court should *not* vacate the August 9, 2004 Objection and Opt-Out Date or the September 9, 2004 fairness hearing, but instead should *extend* the opt-out and objection date to October 8, 2004, and *continue* the fairness hearing until November 9, 2004. Petitioner asserts

---

[1] These filings include (1) Motion for an Order Appointing Class Counsel, or In the Alternative, for an Order Designating Interim Counsel; For an Order Preliminarily Approving the Granting of Attorneys' Fees; For an Order Approving Additional Notice to the Proposed Class Members; and For an Order Continuing the Hearing on Final Approval of the Settlement Agreement and Extending the Objection and Opt Out Date; (2) Memorandum of Points and Authorities in Support of Petitioner's Motion for an Order Appointing Class Counsel *etc.*; (3) Declaration of Michael F. Phillips in Support of Petitioner's Motion for An Order Appointing Class Counsel, or, in the Alternative, for An Order Designating Interim Counsel; and (4) [Proposed] Order Appointing Class Counsel, Preliminarily Approving the Granting of Attorneys' Fees *etc.* Applicant opposes these motions and reserves her right to file more detailed oppositions at a later time pursuant to the Court's orders.

Page 2 of 9

Julie Babauta Santos v. Felix P. Camacho et al.,
Civil Case No. CV04-00006
Reply in Support of Motion to Vacate August 9, 2004 Objection
and Opt-Out Date And To Vacate September 9, 2004
Hearing Date for Final Approval of Settlement Agreement

Case 1:04-cv-00006   Document 49   Filed 07/15/2004   Page 2 of 9

that this "would alleviate the concerns set forth to this Court by the Applicant for Intervention." To the contrary, Petitioner's alternative proposal would *not* alleviate Applicant's concerns. Instead, the Court should vacate both dates, and revisit the issue of whether new dates should be set *after* the pending motions to intervene are resolved by the Court in August, the class or classes are certified by the Court, and Applicant has had an opportunity to present her views and positions on the proposed settlement.

There are too many unresolved issues pending before the Court at this stage of the proceedings. Many of these issues should be resolved *before* significant resources are devoted to advancing a settlement agreement that may likely, in the end, be set aside. Such resources include the considerable cost of providing the "amended notice" suggested by the Petitioner. To date, perhaps thousands of dollars have already been wasted in publishing deficient notices in the Marianas Variety and Pacific Daily News. Before any further resources are wasted on the proposed settlement, the Court, in the interests of judicial economy should simply vacate the August 8 opt-out and objection date and the September 9 fairness hearing date at this point, cause publication of such rulings to be given in the local newspapers as suggested by Applicant, and wait until the motions to intervene are decided as well as other issues regarding the proposed settlement that Applicant intends to raise before the Court upon being allowed to participate in the case as an intervenor.

There are a number of issues going to the heart of this case that deserve close scrutiny. Many of these issues call into question whether the Petitioner and Respondents presented the Court with a proper settlement agreement for preliminary approval, and even suggest that preliminary approval of the agreement should be reconsidered,[2] and any further notices suspended

---

[2] At the preliminary approval hearing, a judge "must make a preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms and must direct the preparation of notice of the certification, proposed settlement, and date of the final fairness hearing. In

(Footnote continues on following page.)

Page 3 of 9
Julie Babauta Santos v. Felix P. Camacho et al.,
Civil Case No. CV04-00006
Reply in Support of Motion to Vacate August 9, 2004 Objection
and Opt-Out Date And To Vacate September 9, 2004
Hearing Date for Final Approval of Settlement Agreement

Case 1:04-cv-00006   Document 49   Filed 07/15/2004   Page 3 of 9

(other than notice regarding vacatur of the August 9 and September 9 dates) until such issues are resolved. These issues include, but are not limited to, the following:

**Certification.** Despite representations contained in the deficient notices already published in the Marianas Variety and the Pacific Daily News as well as in Petitioner's proposed amended notices, it is questionable whether the class or classes in this action have been properly identified and certified.

In *Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997), the U.S. Supreme Court held that in order to be certified, a settlement class must meet each of the applicable requirements of Rules 23(a)-(b) of the Federal Rules of Civil Procedure. The June 17, 2004 Stipulated Order nowhere indicates that the Court independently ruled on this critical issue. Instead, certification, if any, resulted merely from the parties' stipulation that the class should be certified, thus contravening the teachings of *Amchem*. As one authoritative treatise cautions:

> Class actions certified solely for settlement, particularly early in the case, sometimes make meaningful judicial review more difficult and more important. *Courts have held that approval of settlement class actions under Rule 23(e) requires closer judicial scrutiny than approval of settlements reached only after class certification has been litigated through the adversary process.* Extended litigation between or among adversaries might bolster confidence that the settlement negotiations were at arm's length. *If, by contrast, the case is filed as a settlement class action or certified for settlement with little or no discovery, it may be more difficult to assess the strengths and weaknesses of the parties' claims and defenses, to determine the appropriate definition of the class, and to consider how class members will actually benefit from the proposed settlement. The court should ask questions about the settlement and*

---

(Footnote continued from previous page)

settlement classes, however, it is often prudent to hear not only from counsel but also from the named plaintiffs, from other parties, *and from attorneys who represent individual class members but did not participate in the settlement negotiations.*" Manual for Complex Litigation (4th) § 21.632 (emphasis added).

Page 4 of 9

Julie Babauta Santos v. Felix P. Camacho et al.,
Civil Case No. CV04-00006
Reply in Support of Motion to Vacate August 9, 2004 Objection
and Opt-Out Date And To Vacate September 9, 2004
Hearing Date for Final Approval of Settlement Agreement

Case 1:04-cv-00006   Document 49   Filed 07/15/2004   Page 4 of 9

> *provide an adequate opportunity for settlement opponents to be fully heard.*

*Manual for Complex Litigation* (4th) § 21.612 (internal citations omitted) (emphasis added).

The issue of class certification is far from being resolved, but should have been resolved at the preliminary approval stage. *See id.* at § 22.72 ("The better practice is to determine class certification *at the preliminary approval stage* [of the settlement], thus resolving the central issue of class certification *before investing the significant resources required in reviewing what is often a complex settlement agreement and the considerable costs of providing notice to the class*); Rule 23(c)(1)(A). Indeed, Applicant for Intervention Christina Naputi's position is that no class has been certified, and no specific certification undertaken pursuant to Rules 23(b)(1), (b)(2), or (b)(3), under the June 17, 2004 Stipulated Order. She further suggests that certification under subparagraphs (b)(1), (b)(2), or (b)(3) bears on whether putative class members may be allowed to opt out. *See* Mem. Of Pts. & Auth. at 8, 14. If true, this affects the question of whether the amended notices proposed by Petitioner Santos are deficient, thus counseling against permitting the issuance of such notices until the certification question is resolved. Moreover, there is an absence of any formal discovery in this case, which is critical in determining exactly what class or classes are certifiable and the definition of such classes.

**Appointment of Class Counsel**. Appointment of class counsel is tied to a certification of a definable class, and proper certification of a definable class under the requirements of Rule 23 affects the propriety, accuracy, and reasonableness of any proposed notice to putative class members. Appointment of class counsel requires the scrutiny mandated by Rule 23(g). Although counsel for Petitioner has now moved the Court for appointment of class counsel, scrutiny of this motion will require time and effort to determine whether the requirements of Rule 23(g) have been met. The Court has not set a hearing date on the motion. A hearing date should be set only after the pending motions to intervene have been decided so that the anticipated intervenors may have an opportunity to comment on the motion. Furthermore, other counsel

Julie Babauta Santos v. Felix P. Camacho et al.,
Civil Case No. CV04-00006
Reply in Support of Motion to Vacate August 9, 2004 Objection
and Opt-Out Date And To Vacate September 9, 2004
Hearing Date for Final Approval of Settlement Agreement

may wish to move the Court for appointment as class counsel. Given the short period of time remaining until the putative class members must be adequately informed that the August 9 and September 9 dates are no longer in effect, it is neither practicable nor feasible to permit the Petitioner and Respondents to proceed with publishing their proposed amended notices. Such amended notice would not and could not accurately and timely reflect any proper designation of class counsel.

**Adequacy of Notice.** Even assuming that a particular class or classes have been properly certified in this action under Rule 23(b)(3) as Petitioner asserts (which they have not), serious questions remain about the adequacy of the notices already published and the amended notices proposed by Petitioner. Rule 23(c) contains the requirements for proper notice, which include (1) the nature of the action; (2) the definition of the class certified; (3) the class claims, issues, or defenses, (4) that class members may enter an appearance through counsel if the member so desires; (5) that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded; and (6) the binding effect of a class judgment on class members under Rule 23(c)(3). Fed. R. Civ. P. 23(c)(2)(B). Furthermore, where notice of certification is combined with notice of settlement, adequate notice should also include,

> Sufficient information about the case ... [to] enable class members to make an informed decision about their participation. The notice should
>
> - Describe succinctly the positions of the parties;
>
> - Identify the opposing parties, class representatives, and counsel;
>
> - Describe the relief sought; and
>
> - Explain any risks and benefits of retaining class membership and opting out, while emphasizing the court has not ruled on the merits of any claims or defenses.

Page 6 of 9

Julie Babauta Santos v. Felix P. Camacho et al.,
Civil Case No. CV04-00006
Reply in Support of Motion to Vacate August 9, 2004 Objection
and Opt-Out Date And To Vacate September 9, 2004
Hearing Date for Final Approval of Settlement Agreement

Case 1:04-cv-00006   Document 45   Filed 07/15/2004   Page 6 of 9

*Manual for Complex Litigation* (4th) § 21.311. Here, various deficiencies exist in the notices already given and the proposed amended notices. The notices do not describe the positions of the parties; they do not inform class members that they may enter an appearance in the case through counsel; they do not describe the class claims, issues, or defenses; they do not describe the relief sought; and they utterly fail to adequately explain any risks and benefits of retaining class membership and opting out, including the fact that the settlement agreement does not provide for payment of claims of members who opt out.

**Scheduling of Opt Out and Fairness Hearing Dates**. If Applicant is granted leave to intervene in this action, Applicant intends to present the foregoing issues for the Court's consideration. Notice should *not* be issued regarding any further dates in this class action until the aforementioned issues are presented to and ruled upon by the Court. This Court is broadly empowered pursuant to Rule 23(d) to make appropriate orders,

> (1) determining the course of proceedings or *prescribing measures to prevent undue repetition or complication in the presentation of evidence or argument*; and
>
> (2) requiring, for the protection of the members of the class or otherwise for the fair conduct of the action, *that notice be given in such manner as the court may direct to some or all of the members of any step in the action*, or of the proposed extent of the judgment, or of the opportunity of members to signify whether they consider the representation fair and adequate, to intervene and present claims or defenses, or otherwise come into the action; …

Fed. R. Civ. P. 23(d) (emphasis added). Approving the issuance of the "amended" notices suggested by the Petitioner may prove to be a substantial waste of resources should the foregoing issues (and others) be decided against the Petitioner and her counsel. The amended notices could be subject to further legal challenges from class members (for at least the reasons stated above), causing undue repetition in these proceedings and a waste of judicial resources, which Rule 23(d)

Julie Babauta Santos v. Felix P. Camacho et al.,
Civil Case No. CV04-00006
Reply in Support of Motion to Vacate August 9, 2004 Objection
and Opt-Out Date And To Vacate September 9, 2004
Hearing Date for Final Approval of Settlement Agreement

Case 1:04-cv-00006    Document 45    Filed 07/15/2004    Page 7 of 9

contemplates avoiding. The proposed amended notice is deficient on its face. Proper notice cannot be given until requirements, such as class certification, are ruled upon by the Court.[3] In the interests of judicial economy, Applicant recommends that preliminary matters such as certification, form and adequacy of notice, appointment of class counsel, and intervention be addressed first. The best interests of the putative class members are furthered if decisions regarding whether to opt out or partake in the proposed settlement are made after ensuring that the requirements of a class action have been satisfied. Indeed, for the protection of class members and for the fair conduct of the action, Applicant asks the Court to consider setting opt-out dates, if any, *after* the Court has finally approved the settlement agreement. In this manner, members could decide whether to opt-out of the settlement after knowing whether the Court has determined that the settlement agreement is fair, reasonable, and adequate. Fed. R. Civ. P. 23(c)(1)(C).

In light of the foregoing, the more prudent approach would be to hold in abeyance any decision on establishing an "extended" opt-out and objection date and continuing the September 9 fairness hearing, until the Court has had the opportunity to address the issues raised herein and other issues that may be raised at the appropriate time. The solution is to vacate the present August 8 and September 9 dates at this point and cause notice of such decision to be published so as to properly inform putative class members. At a later point, the Court can then revisit the issue of setting new dates, if appropriate.

---

[3] It is for the Court, rather than Petitioner and Respondents, to determine the type of certification of the class pursuant to Rule 23(b), and to determine whether the requirements of Rule 23(a) have been satisfied.

Page 8 of 9
Julie Babauta Santos v. Felix P. Camacho et al.,
Civil Case No. CV04-00006
Reply in Support of Motion to Vacate August 9, 2004 Objection
and Opt-Out Date And To Vacate September 9, 2004
Hearing Date for Final Approval of Settlement Agreement

Case 1:04-cv-00006    Document 46    Filed 07/15/2004    Page 8 of 9

Respectfully submitted this 15th day of July, 2004.

                                        **LUJAN, AGUIGUI & PEREZ** LLP

                                        By: _____
                                             **IGNACIO C. AGUIGUI, ESQ.**
                                             *Attorneys for Applicant for Intervention*
                                             *Charmaine R. Torres*

Page 9 of 9

Julie Babauta Santos v. Felix P. Camacho et al.,
Civil Case No. CV04-00006
Reply in Support of Motion to Vacate August 9, 2004 Objection
and Opt-Out Date And To Vacate September 9, 2004
Hearing Date for Final Approval of Settlement Agreement

Case 1:04-cv-00006   Document 45   Filed 07/15/2004   Page 9 of 9