Van de veld Shimizu Canto & Fisher
Attorneys At Law
Suite 101, Dela Corte Bldg.
167 East Marine Corps Drive
Hagåtña, Guam 96910
Office: (671) 472-1131
Facsimile: (671) 472-2886

**Attorneys for Petitioner/Intervenor :**
  **CHRISTINA MARIE SANTOS NAPUTI**



FILED
DISTRICT COURT OF GUAM
JUL 1 6 2004
MARY L. M. MORAN
CLERK OF COURT

# IN THE DISTRICT COURT OF GUAM

## TERRITORY OF GUAM

JULIE BABAUTA SANTOS,
Individually and on behalf of all those
similarly situated,

      Petitioner,

      vs.

FELIX CAMACHO, Governor of Guam,
ART ILAGAN, Director of Department
of Revenue and Taxation, LOURDES M.
PEREZ, Director of Department of
Administration, and GOVERNMENT
OF GUAM,

      Respondents,

CHRISTINA M. S. NAPUTI,

      Petitioner/Intervenor.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Docket No. Civ.04-00006

**OPPOSITION TO
APPLICANT CHARMAINE R.
TORRES' MOTION FOR
LEAVE TO INTERVENE AS A
PLAINTIFF/PETITIONER
with MEMORANDUM OF
POINTS AND AUTHORITIES.**

*Class Action*

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
J.B. Santos, et al. v. Governor F.P. Camacho, et al., CHRISTINA M. S. NAPUTI, Petitioner/Intervenor.
OPPOSITION TO CHARMAINE R. TORRES' MOTION FOR LEAVE TO INTERVENE AS A PLAINTIFF/
PETITIONER with MEMORANDUM OF POINTS AND AUTHORITIES. Civil Case No. CIV04-00006
**Page** 1

Case 1:04-cv-00006     Document 51     Filed 07/16/2004     Page 1 of 21

## * * * OPPOSITION TO MOTION TO INTERVENE * * *

COMES NOW Petitioner/Intervenor CHRISTINA M.S. NAPUTI through her counsel VAN DE VELD SHIMIZU CANTO & FISHER, by Curtis C. Van de veld, Esq., to oppose the motion for leave to intervene filed by Applicant for Intervention, Charmaine R. Torres, on July 6, 2004, brought before this court pursuant to FRCP Rules 7, 8 and 11, and District Court of Guam Local Court Rules, LR 7.1, and LR23. This opposition is supported by the following memorandum of points and authorities, the documents and pleadings on file, and such other further evidence as the court may permit these parties to submit at the hearing of this motion.

## * * * MEMORANDUM OF POINTS AND AUTHORITIES * * *

## STATEMENT OF FACTS

Petitioner/Intervenor Christine M. S. Naputi incorporates by reference, here as though fully set forth, all facts contained in the record of this matter, in particular, the content of Petitioner/Intervenor's *Motion to Intervene In A Class Action For Recovery Of Income Tax Refunds Or In The Alternative For A Writ In The Nature of Mandamus ... Request For ... An Article III Judge*; and the content of the *(Proposed) Petitioner/Intervenor's Complaint In Intervention In A Class Action*, appended thereto.

J.B. Santos, et al. v. Governor F.P. Camacho, et al., CHRISTINA M. S. NAPUTI, Petitioner/Intervenor.
OPPOSITION TO CHARMAINE R. TORRES' MOTION FOR LEAVE TO INTERVENE AS A PLAINTIFF/
PETITIONER with MEMORANDUM OF POINTS AND AUTHORITIES. Civil Case No. CIV04-00006
**Page 2**

Case 1:04-cv-00006     Document 51     Filed 07/16/2004     Page 2 of 21

On February 12, 2004, Petitioner Julie Babauta Santos filed a *Class Action Petition For Recovery Of Income Tax Refunds Or In The Alternative For A Writ In The Nature Of Mandamus* (hereinafter "Santos Class Action Petition"). On March 9, 2004, then Chief Judge of the District Court of Guam John S. Unpingco signed an order dismissing the complaint against Attorney General of Guam Douglas B. Moylan in a *Stipulation To Dismiss Douglas B. Moylan, Attorney General, As A Named Defendant*, filed March 10, 2004. Then District Court Judge John S. Unpingco entered further orders regarding the action when he signed a *Scheduling Order; Discovery Plan* on April 30, 2004, filed that same date. Thereafter, Judge John S. Unpingco resigned from his position on the bench and became a partner with the law firm Lujan, Aguigui & Perez, LLP, the counsel for Applicant for Intervention Charmaine R. Torres (Attachment A and Attachment B). All parties to the action executed a document entitled *Settlement Agreement* on June 14, 2004, detailing a proposed settlement of class claims (hereinafter "settlement agreement"). On June 14, 2004, Magistrate Judge Joaquin V. E. Manibusan Jr. entered orders preliminary approving the settlement agreement (*[Proposed] Stipulated Order Granting Preliminary Approval Of Class Action Settlement*, filed June 17, 2004). Undersigned counsel filed on June 29, 2004 a *Motion to Intervene In A Class Action For Recovery Of*

J.B. Santos, et al. v. Governor F.P. Camacho, et al., CHRISTINA M. S. NAPUTI, Petitioner/Intervenor.
OPPOSITION TO CHARMAINE R. TORRES' MOTION FOR LEAVE TO INTERVENE AS A PLAINTIFF/
PETITIONER with MEMORANDUM OF POINTS AND AUTHORITIES. Civil Case No. CIV04-00006
**Page** 3

Case 1:04-cv-00006     Document 51     Filed 07/16/2004     Page 3 of 21

*Income Tax Refunds Or In The Alternative For A Writ In The Nature of*

*Mandamus ...Request For ... An Article III Judge* on behalf of

Petitioner/Intervenor Christine M. S. Naputi (hereinafter "Naputi Motion to

Intervene"). Seven days later, the subject of this opposition, Applicant for

Intervention Charmaine R. Torres (hereinafter "Applicant Torres"), filed a

*Motion For Leave To Intervene As A Plaintiff/Petitioner* on July 6, 2004

(hereinafter "Torres Motion to Intervene"). On the same day, Applicant Torres

also filed her document *Memorandum Of Points And Authorities In Support Of*

*Motion For Leave To Intervene As A Plaintiff/Petitioner* (hereinafter "Torres

Points and Authorities"). Also on July 6, Applicant Torres filed her *Intervenor's*

*Complaint For Recovery Of Income Tax Refunds Or, In The Alternative, Petition*

*For Writ In The Nature Of Mandamus* (hereinafter "Torres Complaint #1").

Two days later on July 8, 2004, Applicant Torres submitted an Amended

Proposed *Intervenor's Complaint For Recovery Of Income Tax Refunds Or, In*

*The Alternative, Petition For Writ In The Nature Of Mandamus* (hereinafter

"Torres Complaint #2"). Five days afterward on July 13, 2004, Applicant Torres

yet another amended complaint, entitled Second Amended Proposed *Intervenor's*

*Complaint For Recovery Of Income Tax Refunds Or, In The Alternative, Petition*

*For Writ In The Nature Of Mandamus* (hereinafter "Torres Complaint #3").

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
J.B. Santos, et al. v. Governor F.P. Camacho, et al., CHRISTINA M. S. NAPUTI, Petitioner/Intervenor.
OPPOSITION TO CHARMAINE R. TORRES' MOTION FOR LEAVE TO INTERVENE AS A PLAINTIFF/
PETITIONER with MEMORANDUM OF POINTS AND AUTHORITIES. Civil Case No. CIV04-00006
**Page 4**

Case 1:04-cv-00006    Document 51    Filed 07/16/2004    Page 4 of 21

Petitioner/Intervenor Christina M. S. Naputi files this opposition to the Torres Motion to Intervene, and its supporting pleadings of Torres Complaint #1, Torres Complaint #2 and Torres Complaint #3.

## 1.   Applicant Torres' Interest Is In Fact Adequately Represented By Petitioner/Intervenor Naputi.

In her motion to intervene, Applicant Torres brings no original issues or questions not already maintained by Petitioner/Intervenor Naputi in her motion to intervene, filed 7 days prior to Applicant Torres' filing. Applicant Torres seeks to intervene solely upon her general objection to the proposed settlement agreement, and only so that she may be able to obtain a greater amount in compensation than the proposed settlement agreement allows.

Petitioner/Intervenor Naputi has already previously propounded the same exact claim on behalf of herself and those similarly situated, as one of several collateral arguments justifying her intervention. Thus the same argument for intervention made by Applicant Torres a week later is cumulative and redundant. Furthermore, after three attempts at defining the class in this action, Applicant Torres also fails to align herself with the primary argument by Petitioner/Intervenor Naputi:  the class is improperly defined by Petitioner Santos to include legally ineligible claimants. Regardless, the fact that Petitioner/Intervenor has already made this argument succeeds in protecting the

J.B. Santos, et al.  v.  Governor F.P. Camacho, et al., CHRISTINA M. S. NAPUTI, Petitioner/Intervenor. OPPOSITION TO CHARMAINE R. TORRES' MOTION FOR LEAVE TO INTERVENE AS A PLAINTIFF/ PETITIONER with MEMORANDUM OF POINTS AND AUTHORITIES. Civil Case No. CIV04-00006
**Page  5**

Case 1:04-cv-00006     Document 51     Filed 07/16/2004     Page 5 of 21

interest of Applicant Torres by invalidating the proposed settlement agreement if Petitioner/Intervenor Naputi's argument prevails. Therefore, the interest of Petitioner/Intervenor Naputi further adequately represents the interest of Applicant Torres, even though Applicant Torres failed to recognize the error in the proposed class construction. In fact, by eliminating ineligible time-barred claims there would exist an increased amount in funds currently available to pay remaining legitimate claimants than what is currently proposed in the settlement agreement. This would advance Applicant Torres' claimed interest in affording an increased amount to be available for her compensation, which is all that she is seeking anyway.

Federal courts have held that where the interests of a proposed intervenor and an existing party are congruent, and where the intervenor offers no new issues to the analysis, the intervention is denied. The analogy to the present case with two petitioning intervenors is immediately apparent: where the interests of a subsequent intervenor are preserved by an initial intervenor, and where the subsequent intervenor raises no original issues to those already advanced by initial intervenor, the subsequent intervenor should be denied intervention. The U.S. Supreme Court has ruled: "It is common knowledge that, where a suit is of large public interest, the members of the public often desire to present their

J.B. Santos, et al. v. Governor F.P. Camacho, et al., CHRISTINA M. S. NAPUTI, Petitioner/Intervenor. OPPOSITION TO CHARMAINE R. TORRES' MOTION FOR LEAVE TO INTERVENE AS A PLAINTIFF/ PETITIONER with MEMORANDUM OF POINTS AND AUTHORITIES. Civil Case No. CIV04-00006
**Page 6**

Case 1:04-cv-00006    Document 51    Filed 07/16/2004    Page 6 of 21

views to the court in support of the claim or the defense. To permit a multitude of such interventions may result in accumulating proofs and arguments without assisting the court. The record here discloses that the parties produced all data they and the court thought was available upon the issues in the case." <u>Allen Calculators, Inc. v. National Cash Register Co.</u>, 322 U.S. 137, 141-42, 64 S.Ct. 905 (1944)

The 2nd Circuit Court of Appeals has held: "Where there is an identity of interest between a putative intervenor and a party, adequate representation is assured." <u>Washington Electric Cooperative, Inc. v. Massachusetts Municipal Wholesale Electric Co.</u>, 922 F.2d 92, 98 (1990); *see also* <u>Ionian Shipping Co. v. British Law Ins. Co.</u>, 426 F.2d 186 (2d Cir. 1970). "[A] putative intervenor's interest is not inadequately represented merely because its motive to litigate is different from that of a party to the action. *Id*.; *see* <u>Natural Resources Defense Council v. N. Y. State Dep't of Environ. Conservation</u>, 834 F.2d 60 (2d Cir. 1987). "Intervention cannot be used as a means to inject collateral issues into an existing action." *Id*. Whereas the motives for intervention may differ between Petitioner/Intervenor Naputi and Applicant Torres, it is clear there is an identity of interest between them which Petitioner/Intervenor Naputi has already set forth in her earlier filed motion to intervene and consequently subsumed.

J.B. Santos, et al. v. Governor F.P. Camacho, et al., CHRISTINA M. S. NAPUTI, Petitioner/Intervenor. OPPOSITION TO CHARMAINE R. TORRES' MOTION FOR LEAVE TO INTERVENE AS A PLAINTIFF/ PETITIONER with MEMORANDUM OF POINTS AND AUTHORITIES. Civil Case No. CIV04-00006
**Page** 7

Case 1:04-cv-00006    Document 51    Filed 07/16/2004    Page 7 of 21

United States District Courts have followed this same line of reasoning. The rule allowing intervention when an applicant's claim or defense possesses a question of law or fact in common with the main action was not intended to permit intervention by an applicant who merely seeks to assert a defense that has already been asserted. Brock v. McGee Brothers Company, Inc., 111 F.R.D. 484, 487 (W.D. N.C. 1986). "[I] believe that the rule [for intervention] should be construed in accordance with its underlying purpose, which is the prevention of a multiplicity of lawsuits involving common questions of law or fact. . . . I have therefore concluded that where a suit has been designated a class action, admitting intervenors who raise no new issues and who fall within the class merely clusters the action unnecessarily." Hurley v. Van Lare, 365 F.Supp. 186, 196 (S.D. N.Y. 1973), *rev'd on other grounds*, Taylor v. Lavine, 497 F.2d 1208 (2nd Cir. 1974).

District courts have denied intervention when it would otherwise unduly complicate or delay litigation, or renders the litigation unnecessarily complex, particularly when the proposed intervenor relies upon redundant or cumulative issues as a basis for intervention. "From the court's perspective, intervention may promote judicial economy by resolving related issues in one lawsuit, but at the expense of rendering the single lawsuit more complex and protracted,

J.B. Santos, et al. v. Governor F.P. Camacho, et al., CHRISTINA M. S. NAPUTI, Petitioner/Intervenor. OPPOSITION TO CHARMAINE R. TORRES' MOTION FOR LEAVE TO INTERVENE AS A PLAINTIFF/ PETITIONER with MEMORANDUM OF POINTS AND AUTHORITIES. Civil Case No. CIV04-00006
**Page 8**

Case 1:04-cv-00006    Document 51    Filed 07/16/2004    Page 8 of 21

perhaps to the point of unmanageability." <u>Oneida Indian Nation of Wisconsin v. State of New York</u>, 102 F.R.D. 445, 449 (N.D. N.Y. 1983) (Applicant was not entitled to intervene as of right where their interest was largely aligned with that of plaintiff and thus adequately represented, and to the extent their interests were adverse to plaintiff, their ability to protect their interests was not impaired). "Notwithstanding the existence of common questions of law or fact, a request to intervene may be denied when granting the motion would unduly expand the litigation." <u>Rich v. KIS California, Inc., et. al.</u>, 121 F.R.D. 254, 260 (M.D. N.C. 1988), <em>citing</em> <u>Sellers v. U. S.</u>, 709 F.2d 1469 (11th Cir. 1983). "Merely because the delay and prejudice incident to intervention will be minimal does not justify intervention when the conservation of judicial resources will, likewise, be minimal." <em>Id.</em>, at 261; <em>see also</em> <u>Wolf by Wolf v. Proctor & Gamble Co.</u>, 555 F.Supp. 613 (D.N.J. 1982).

## 2. **Conflicts of Interest of Counsel for Applicant Torres Prohibit Their Participation In This Action.**

The Local Rules of Practice for the District Court of Guam provide that every attorney coming before the court shall comply with the Guam Bar Association standards of professional conduct and the American Bar Association Model Rules of Professional Conduct. (<u>District Court of Guam Local Court</u>

J.B. Santos, et al. v. Governor F.P. Camacho, et al., CHRISTINA M. S. NAPUTI, Petitioner/Intervenor.
OPPOSITION TO CHARMAINE R. TORRES' MOTION FOR LEAVE TO INTERVENE AS A PLAINTIFF/
PETITIONER with MEMORANDUM OF POINTS AND AUTHORITIES. Civil Case No. CIV04-00006
**Page 9**

Case 1:04-cv-00006    Document 51    Filed 07/16/2004    Page 9 of 21

Rules, GR 22.3). The counsel of record for Applicant Torres, namely Lujan, Aguigui & Perez, LLP (hereinafter "Lujan law firm"), does not conform to this standard by their appearance in the class action in representation of Applicant Torres. Moreover, the Lujan law firm stands in direct contravention of the required rules of professional conduct by their representation of Applicant Torres in this action.

Under the American Bar Association Model Rules of Professional Conduct (hereinafter "ABA Model Rules"), there exists Rule 1.12, entitled "Former Judge, Arbitrator, Mediator or Other Third-Party Neutral." It states in part: (a) Except as stated in paragraph (d), a lawyer shall not represent anyone in connection with a matter in which the lawyer participated personally and substantially as a judge or other adjudicative officer or law clerk to such a person or as an arbitrator, mediator or other third-party neutral, unless all parties to the proceeding give informed consent, confirmed in writing.

One of the partners for the Lujan law firm is Former District Court Judge John S. Unpingco, who participated personally and substantially in this class action as a judge. On March 9, 2004, then Chief Judge of the District Court of Guam John S. Unpingco signed an order dismissing the complaint against Attorney General of Guam Douglas B. Moylan in a *Stipulation To Dismiss*

J.B. Santos, et al. v. Governor F.P. Camacho, et al., CHRISTINA M. S. NAPUTI, Petitioner/Intervenor.
OPPOSITION TO CHARMAINE R. TORRES' MOTION FOR LEAVE TO INTERVENE AS A PLAINTIFF/
PETITIONER with MEMORANDUM OF POINTS AND AUTHORITIES. Civil Case No. CIV04-00006
**Page** 10

Case 1:04-cv-00006   Document 51   Filed 07/16/2004   Page 10 of 21

*Douglas B. Moylan, Attorney General, As A Named Defendant*, filed March 10,

2004. Then District Court Judge John S. Unpingco entered further orders

regarding the action when he signed a *Scheduling Order; Discovery Plan* on

April 30, 2004, filed that same date. Thereafter, Judge John S. Unpingco

resigned from his position on the bench and became a partner with the law firm

Lujan, Aguigui & Perez, LLP, the counsel for Applicant for Intervention

Charmaine R. Torres (Attachment A and Attachment B, *supra*). There can be no

doubt that Attorney John S. Unpingco is prohibited from representing Applicant

Torres. It is also apparent that the entire Lujan law firm is equally disqualified

from ethically representing Applicant Torres due to the imputation of the conflict

of interest and the firm's failure to correct it.

Ignacio C. Aguigui is another partner in the Lujan law firm and the sole

signatory to all pleadings filed on behalf of Applicant Torres to date. Mr.

Aguigui became a partner in the Lujan law firm on or about January 2, 2003.

Additionally, until on or about July 3, 2003, Mr. Aguigui was simultaneously the

legal counsel to the Governor of Guam Felix P. Camacho, a named defendant in

this class action. Rule 1.9 of the ABA Model Rules ("Duties to Former Clients")

states: "(a) A lawyer who has formerly represented a client in a matter shall not

thereafter represent another person in the same or a substantially related matter in

J.B. Santos, et al. v. Governor F.P. Camacho, et al., CHRISTINA M. S. NAPUTI, Petitioner/Intervenor.
OPPOSITION TO CHARMAINE R. TORRES' MOTION FOR LEAVE TO INTERVENE AS A PLAINTIFF/
PETITIONER with MEMORANDUM OF POINTS AND AUTHORITIES. Civil Case No. CIV04-00006
**Page** 11

Case 1:04-cv-00006    Document 51    Filed 07/16/2004    Page 11 of 21

which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing." Rule 1.11 of the ABA Model Rules ("Special Conflicts of Interest for Former and Current Government Officers and Employees") also states: "(a) Except as law may otherwise expressly permit, a lawyer who has formerly served as a public officer or employee of the government: (1) is subject to Rule 1.9(c); and (2) shall not otherwise represent a client in connection with a matter in which the lawyer participated personally and substantially as a public officer or employee, unless the appropriate government agency gives its informed consent, confirmed in writing, to the representation." ABA Model Rule 1.11 goes on to state that the entire law firm of the former government attorney is equally disqualified from representation by imputation unless the disqualified former government attorney is timely screened from any participation in the matter and apportioned no part of the relevant fees; and written notice is promptly given to the appropriate government agency. ABA Model Rule 1.11(b)(1) & (b)(2). Mr. Aguigui's participation in the present matter has been substantial to say the least, as he is the exclusive signatory to all documents filed to date on behalf of Applicant Torres. Obviously, Mr. Aguigui was not timely screened from the matter and thus the disqualification is imputed to the entire Lujan law firm.

J.B. Santos, et al. v. Governor F.P. Camacho, et al., CHRISTINA M. S. NAPUTI, Petitioner/Intervenor.
OPPOSITION TO CHARMAINE R. TORRES' MOTION FOR LEAVE TO INTERVENE AS A PLAINTIFF/
PETITIONER with MEMORANDUM OF POINTS AND AUTHORITIES. Civil Case No. CIV04-00006
**Page 12**

Case 1:04-cv-00006    Document 51    Filed 07/16/2004    Page 12 of 21

Furthermore, the Lujan law firm is the counsel of record for at least two Government of Guam agencies: the Guam Telephone Authority and the Guam Housing and Urban Renewal Authority. The contracts for legal services rendered to both of these Government of Guam instrumentalities were awarded by Governor of Guam Felix P. Camacho, a named defendant in this class action. Accordingly, the compensation for legal services that the Lujan law firm receives upon these contracts is ultimately authorized by Governor of Guam Felix P. Camacho, a named defendant in this class action. ABA Model Rule 1.7 ("Conflict of Interest: Current Clients") reads: "(a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if: (1) the representation of one client will be directly adverse to another client; *or (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.*" (emphasis added). The Lujan law firm is operating under divided loyalties which invokes the application of subparagraph (2) and stands as yet another reason why their participation as counsel in the action before this Court is ethically prohibited.

J.B. Santos, et al. v. Governor F.P. Camacho, et al., CHRISTINA M. S. NAPUTI, Petitioner/Intervenor. OPPOSITION TO CHARMAINE R. TORRES' MOTION FOR LEAVE TO INTERVENE AS A PLAINTIFF/ PETITIONER with MEMORANDUM OF POINTS AND AUTHORITIES. Civil Case No. CIV04-00006
**Page** 13

Case 1:04-cv-00006    Document 51    Filed 07/16/2004    Page 13 of 21

Finally, another example of divided loyalties on the part of the Lujan law firm exists in the fact that David Lujan, another partner of the Lujan law firm, is the owner of the Pacific News Building and leases a significant portion of the premises to the Governor's Office of the Government of Guam for use as their operational offices. Again, the executive of the Governor's Office is, of course, Governor of Guam Felix P. Camacho, a named defendant in this class action.

ABA Model Rule 1.10, entitled "Imputation of Conflicts of Interest: General Rule" holds in part: "(a) While lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by Rules 1.7 or 1.9, unless the prohibition is based on a personal interest of the prohibited lawyer and does not present a significant risk of materially limiting the representation of the client by the remaining lawyers in the firm. . . . The disqualification of lawyers associated in a firm with former or current government lawyers is governed by Rule 1.11." As indicated above, several of the partner attorneys of the Lujan law firm suffer from conflicts of interest which cannot reasonably be argued to somehow avoid significant risks of material limitation of their representation of Applicant Torres on the part of any remaining attorneys. These conflicts of interest plainly impute the entire Lujan law firm and disqualify that firm's ability to ethically represent

J.B. Santos, et al. v. Governor F.P. Camacho, et al., CHRISTINA M. S. NAPUTI, Petitioner/Intervenor. OPPOSITION TO CHARMAINE R. TORRES' MOTION FOR LEAVE TO INTERVENE AS A PLAINTIFF/ PETITIONER with MEMORANDUM OF POINTS AND AUTHORITIES. Civil Case No. CIV04-00006
**Page** 14

Case 1:04-cv-00006    Document 51    Filed 07/16/2004    Page 14 of 21

Applicant Torres in this class action. Any one of the conflicts stated earlier are sufficient to prevent intervention of Applicant Torres if, to do so, she would be represented by any attorney in the Lujan law firm. These ethical disqualifications not only prevent the firm's representation of Applicant Torres, they speak to a glaring inability of Applicant Torres and her retained counsel to adequately represent the class as a whole.

CONCLUSION

For the reasons as set forth above, and to achieve a just and proper outcome in this matter, the court should deny the motion for intervention submitted by Applicant for Intervention Charmaine R. Torres. Petitioner/Intervenor Christina M. S. Naputi requests that an Article III federal judge hear this matter.

Respectfully submitted this 16th day of July 2004.

VAN DE VELD  SHIMIZU  CANTO  &  FISHER

**Curtis C. Van de veld, Esq.**
Attorneys for Petitioner/Intervenor Naputi

J.B. Santos, et al.  v.  Governor F.P. Camacho, et al., CHRISTINA M. S. NAPUTI, Petitioner/Intervenor. OPPOSITION TO CHARMAINE R. TORRES' MOTION FOR LEAVE TO INTERVENE AS A PLAINTIFF/ PETITIONER with MEMORANDUM OF POINTS AND AUTHORITIES. Civil Case No. CIV04-00006
**Page**  15

Case 1:04-cv-00006    Document 51    Filed 07/16/2004    Page 15 of 21



# Pacific Daily News

GUAM'S *complete* SOURCE

Home • News • Entertainment • Bridal Guide • Communities • Classifieds • Coupons • Homes • Customer Service • F

**Home**
**News**
- Local News
- Lifestyle
- Islandstyle
- Local Sports
- Elections
- Opinion
- Police Blotter
- Gov't Meetings
- Nation/World
- Technology
- Space & Science
- Weather

**News Products**
- Bridal Guide
- Cruising
- Live it up
- Man, Land & Sea
- Oh Baby
- Vibe
- 2003 Year in
  Review

**Entertainment**
**PIKA Style**
**Communities**
**Classifieds**
**Coupons**
**Homes**
**Customer Service**
**Funerals**





Local News  -  Friday, April 30, 2004

☑ **SUBSCRIBE TO THE PACIFIC DAILY NEWS**

# Court employees bid farewell to Unpingco

**By Mark-Alexander Pieper**
Pacific Daily News



Masako Watanabe/Pacific Daily
News/mwatanabe@guampdn.com

**Merienda: Clerk of court Mary Moran presents a lei and a hug to U.S. District Court of Guam Chief Judge John Unpingco at his farewell party at the U.S. District Court of Guam parking lot yesterday.**

U.S. District Court of Guam Chief Judge John Unpingco described himself as "speechless" when he walked out of the court yesterday afternoon to find dozens of co-workers and attorneys welcoming him to an outdoor merienda in his honor.

Unpingco, after more than 11 years on the bench, will return today to the private sector as an attorney because of a federal law that requires territorial judges to leave the bench after 10 years.

---

## TO THE POINT

● U.S. District Court of Guam employees said farewell to Chief Judge John Unpingco yesterday. His term has expired and he will be joining the law firm of Lujan, Aguigui and Perez.

---

Gov. Felix Camacho had asked the Bush administration to retain Unpingco, but the administration has to make a new appointment. Camacho has nominated two local attorneys, Arthur Barcinas and Alicia Limtiaco. The governor is awaiting word from the Bush administration.

Unpingco was nominated by the current president's father, President George H.W. Bush, and was confirmed by the Senate

ATTACHMENT A

 and took his oath of office Dec. 22, 1992, Pacific Daily News files state.

Unpingco will become a senior partner at the Lujan, Aguigui and Perez law firm. He said while he's excited about returning to private practice, he will miss working with his "District Court family."

Several of the people who have worked with Unpingco referred to him as an intelligent, hard-working and just man.

"He is an excellent boss, he respects his staff, he drives us to succeed and is truly supportive of our needs," said Leilani Hernandez, a deputy clerk who has worked with Unpingco for more than three years.

Assistant U.S. Attorney Fred Black said Unpingco was very effective on drug cases as he issued "stiff" sentences.

Guam Supreme Court Justice Robert Torres said Unpingco's accomplishments included placing a full-time magistrate on Guam, implementing a full-time independent federal public defender's office and securing millions of dollars for the Department of Corrections.

He said Unpingco accomplished those things because he never accepted "no, or that Guam was too small, as an answer."

"His heart is in the island and (he) strove to do what he could do to improve the administration of justice on Guam," Torres said.

Mike Cruz, chief U.S. probation officer for Guam and the Northern Marianas, said he has worked with Unpingco since the chief judge's appointment.

"He taught us that we should never settle for mediocrity and he instilled in us a confidence and determination that we could be as good as any court organization in the United States," said Cruz, 53.

"He's, well, it's just difficult to express myself with a lump the size of an orange in my throat — he's a good man and we'll miss him," Cruz said.

**Originally published Friday, April 30, 2004**



Contact Us | Subscribe | Place an ad
Copyright ©2004 Pacific Daily News. All rights reserved.
Use of this site indicates your agreement to the Terms of Service
(Terms updated 12/20/02)

 

Case 1:04-cv-00006     Document 51     Filed 07/16/2004     Page 17 of 21     7/13/04



# Pacific Daily News

GUAM'S *complete* SOURCE

Home • News • Entertainment • Bridal Guide • Communities • Classifieds • Coupons • Homes • Customer Service • F

**Home**
**News**
  Local News
  Lifestyle
  Islandstyle
  Local Sports
  Elections
  Opinion
  Police Blotter
  Gov't Meetings
  Nation/World
  Technology
  Space & Science
  Weather

**News Products**
  Bridal Guide
  Cruising
  Live it up
  Man, Land & Sea
  Oh Baby
  Vibe
  2003 Year in
  Review

**Entertainment**
**PIKA Style**
**Communities**
**Classifieds**
**Coupons**
**Homes**
**Customer Service**
**Funerals**

**NEWSLETTERS**
◇ BREAKING NEWS
◇ MORNING UPDATE
◇ SPECIAL OFFERS
**CLICK HERE NOW!**




HAWAII.com


DAN

Local News  -  Wednesday, March 17, 2004

☑ **SUBSCRIBE TO THE PACIFIC DAILY NEWS**

# Unpingco to step down
## Judge aims to re-enter private law

**By Theresa Merto**
Pacific Daily News



Victor Consaga For Pacific Daily News

**Recognized: U.S. District Court of Guam Judge John Unpingco receives a gesture of appreciation from Guam Bar Association President Jay Arriola at the luncheon portion of the 2004 Courts of Guam Conference at Nikko Hotel Guam yesterday. At left is Cynthia Ecube, an officer of the Guam Bar, and at right is Rodney Jacob, also with the lawyers' group.**

U.S. District Court of Guam Judge John Unpingco will step down from the federal position in several months and become a partner in the high-profile law firm of Lujan, Aguigui and Perez.

Unpingco made the announcement before dozens of attorneys, judges and court staff yesterday during the luncheon portion of the 2004 Courts of Guam Conference at Nikko Hotel Guam in Tumon.

"There is a lot of speculation on what I am going to do," Unpingco said yesterday of his next professional move, jokingly adding that he "can't hold on to jobs very long."

Unpingco has presided over a slew of high-profile trials, including drug and public corruption cases, during more than a decade on the

## TO THE POINT

• U.S. District Court of Guam Judge John Unpingco said yesterday that he plans to step down from his position in a couple of months and then join the law firm of Lujan, Aguigui and Perez.

## ABOUT JUDGE UNPINGCO

U.S. District Court of Guam Judge John Unpingco

ATTACHMENT B

 **style** bench.

Unpingco yesterday said he will be "rejoining" the ranks of practicing lawyers and will become a senior partner at the Lujan, Aguigui and Perez law firm. Attorneys David Lujan, Ike Aguigui and Peter Perez are currently partners at the firm.

The firm has drawn attention in recent months for representing high-profile clients, including former Gov. Carl Gutierrez and former Guam Power Authority General Manager Thelma Ann Perez, who are both accused of misusing government funds, Pacific Daily News files state.

Lujan also received local and national media attention for his role in a global court paternity settlement involving children claimants to the estate of millionaire Larry Hillblom, co-founder of -- and the "H" in -- international courier business DHL, files state. Lujan represented a Palauan boy, who was one of several children who won a paternity settlement several years ago against the Hillblom estate. Hillblom died in 1995 when his seaplane crashed near Saipan, where he lived, files state.

Family: Married with three children

Education:

• Graduated magna cum laude from St. Louis University, St. Louis, Missouri.

• Masters degree in business administration, juris doctor degree, New York University, New York City.

• Master of law degree, Georgetown University, Washington, D.C., specializing in private international law.

Work experience:

• Associate with the Oakland, Calif., firm of Ferenz, Bramhall, Williams, & Gruskin, which later merged with the firm of Carlsmith, Wichman, Case & Mukai. Unpingco was assigned to the Guam office, where he practiced corporate law.

• Called to active duty as an Air Force judge advocate, where he prosecuted crimes, including stabbings and drug cases.

• Practiced international law in the United Kingdom, where he did extensive work in British labor law, taxation and customs.

• Worked in Japan on Japanese telecommunications law.

• Command counsel for the China Lake site of the Naval Air Warfare Center, 1987 to 1992.

• Became Chief Judge for the U.S. District Court of Guam in 1992.

*Pacific Daily News files*

## CASES

Judge John Unpingco has handled some of Guam's most high-profile cases, including:

Case 1:04-cv-00006     Document 51     Filed 07/16/2004     Page 19 of 21

"We are extremely pleased that Judge Unpingco has decided to join our firm," said attorney Ike Aguigui, a partner at Lujan, Aguigui and Perez. "We believe he will be a tremendous asset to our law practice and we have no doubt that this will be a rewarding relationship and experience for all of the members of the firm."

Attorney Peter Perez added that Unpingco will bring a "wealth of experience and prestige" to the firm.

When Unpingco joins the firm, the name will change to Lujan, Unpingco, Aguigui and Perez. Unpingco said he will work on cases involving government contracts and corporate law, among other things, but will not work on criminal cases.

• March 1996: Unpingco issues a ruling reversing a law passed by island lawmakers in October 1995 that excludes non-U.S. citizens from several welfare programs, including the Medically Indigent Program and Medicaid.

• 1998: Unpingco sentences the Cabaccang brothers to life terms in prison for heading one of the largest drug empires in Guam. Roy Cabaccang is sentenced to six life terms, the highest punishment ever issued on Guam.

• December 1998: Unpingco orders a runoff in the gubernatorial race between Gov. Carl Gutierrez and former Gov. Joseph Ada, a decision later overturned by the U.S. Supreme Court.

• September 2001: Unpingco presides over the corruption trial of A.J. "Sonny" Shelton. Shelton, a former high-ranking government official, is found guilty on 12 of 14 corruption charges and is sentenced to 10 years in federal prison and ordered to pay $112,000 in restitution.

*Pacific Daily News files*

## 'Couple of months'

Unpingco did not give a definite date on when he will step down from the position he has held for more than 11 years, but said it will take a "couple of months" to tie up loose ends.

"It has gone by very quickly," Unpingco said of the judge position, which he calls one of the best jobs he has had. "I want to leave my office with my head held high," he said.

During a surprise presentation at the luncheon yesterday, the Guam Bar Association gave Unpingco an ifit wood scales of justice, the Judicial Council presented him with a framed photo and gavel, and an award from the 9th U.S. Circuit Court of Appeals was presented to him for the many years of service as the island's federal judge.

Attorney Rodney Jacob, who is the secretary of the Guam Bar, said during the presentation that Unpingco accomplished numerous things during his term, including placing a full-time

magistrate on Guam, implementing a full-time independent federal public defender's office, and securing millions of dollars for the Department of Corrections.

Unpingco was nominated by the current president's father, President George H.W. Bush, in 1992, was confirmed by the Senate and took the oath of office Dec. 22, 1992, files state. The seat had been vacant for three years after Judge Cristobal Duenas retired.

His appointment was for 10 years, which means it expired December 2002. Federal judges in the 50 states have lifetime tenure, while territorial judges are appointed to 10-year terms, files state.

## Nominees

Gov. Felix Camacho had asked the Bush administration to retain Unpingco, but the administration's current policy is to make new appointments.

Camacho has nominated two local attorneys -- Arthur Barcinas and Alicia Limtiaco -- to sit on the District Court of Guam bench, one of whom likely will replace Unpingco. The nominations of attorneys have been submitted to President Bush.

Unpingco said yesterday that there is still much more that can be done to improve the court system and the island itself, and urged those who attended the luncheon to do their part.

"Never settle for mediocrity," he said. "Push yourself always. That's the only way we can get progress."

**Originally published Wednesday, March 17, 2004**

 

Contact Us | Subscribe | Place an ad
Copyright ©2004 Pacific Daily News. All rights reserved.
Use of this site indicates your agreement to the Terms of Service
(Terms updated 12/20/02)

 

Case 1:04-cv-00006   Document 51   Filed 07/16/2004   Page 21 of 21