


Office of the Attorney General
Douglas B. Moylan
Attorney General of Guam
Civil Division
Guam Judicial Center, Suite 2-200E
120 West O'Brien Drive
Hagåtña, Guam 96910   USA
(671) 475-3324   (671) 472-2493 (Fax)
www.guamattorneygeneral.com   law@mail.justice.gov.gu

Attorneys for Respondents

# UNITED STATES DISTRICT COURT
# DISTRICT OF GUAM

| | |
|---|---|
| JULIE BABAUTA SANTOS, individually and on behalf of those similarly situated,<br><br>                    Petitioner,<br>        vs.<br>FELIX P. CAMACHO, Governor of Guam; ART ILAGAN, Director of Department of Revenue and Taxation; LOURDES M. PEREZ, Director of Department of Administration; and GOVERNMENT OF GUAM,<br><br>                    Respondents. | Civil Case No. CV04-00006<br><br><br><br><br><br>**RESPONDENTS' MEMORANDUM IN OPPOSITION TO MOTIONS TO INTERVENE**<br><br>**CLASS ACTION** |

## I. INTRODUCTION

This action commenced on February 12, 2004, with the filing of petitioner Julie Babauta Santos's Class Action Petition for Recovery of Income Tax Refunds or in the Alternative for a Writ in the Nature of Mandamus. By mid-June 2004, the parties had worked out a settlement agreement, and on June 14, 2004, petitioner Santos and respondent Government of Guam submitted a Proposed Stipulated Order Granting Preliminary Approval of Class Action Settlement. On June 24, 2004, the court issued an Order Approving Notice of Class Action and

Proposed Settlement; on that same day, the court also issued an Order Granting Attorneys Fees and Costs.

On June 29, 2004, applicant for intervention Christina M.S. Naputi filed a Motion to Intervene in a Class Action for Recovery of Income Tax Refunds or in the Alternative for a Writ in the Nature of Mandamus with Memorandum of Points and Authorities with Request for Determination of Motion by an Article III Judge. On July 6, 2004, applicant for intervention Charmaine R. Torres filed a Motion for Leave to Intervene as a Plaintiff/Petitioner; she subsequently submitted a Second Amended Proposed Complaint and Petition on July 13, 2004.

On July 12, 2004, applicant Torres filed a Motion to Vacate August 9, 2004 Objection and Opt-Out Date and to Vacate September 9, 2004 Hearing Date for Final Approval of Settlement Agreement. On July 14, 2004, Petitioner responded with a Motion for an Order Appointing Class Counsel or, in the Alternative, for an Order Designating Interim Counsel; for an Order Preliminarily Approving the Granting of Attorneys' Fees; for an Order Approving Additional Notice to the Proposed Class Members; and for an Order Continuing the Hearing on Final Approval of the Settlement Agreement and Extending the "Objection and Opt Out Date". This was accompanied by a Stipulation of the Parties Regarding Additional Notices to the Class, Extending the Objection and Opt Out Date, and Continuing the Hearing on Final Approval of the Settlement Agreement.

On July 16, 2004, applicant Naputi filed an Opposition to Applicant Charmaine R. Torres' Motion for Leave to Intervene as a Plaintiff/Petitioner with Memorandum of Points and Authorities.

Following a hearing on July 16, 2004, the court issued an Order appointing Attorney Michael F. Phillips Interim Class Counsel, which counsel for Naputi and Torres refused to sign,

and setting a briefing schedule for the intervention motions.

Respondents now submit this Memorandum in Opposition to Motions to Intervene of the putative applicants for intervention. As discussed below, applicants fail to meet the test for intervention as of right on several grounds. They have failed to show that the existing parties cannot adequately represent their interests. In addition, granting their untimely motions at this point in the proceedings would result in undue prejudice to the parties. Thus, the Court should deny applicants leave to intervene as of right under Rule 24(a).

The Court should also deny applicants' alternative motions for permissive intervention under Rule 24(b) because granting the motions would unduly delay and prejudice adjudication of the parties' rights in this action because of the inappropriate and hypothetical issues that applicants propose to litigate.

## II. ARGUMENT

**A. Applicants are not Entitled to Intervention as a Matter of Right under Rule 24(a)**

Rule 24(a) of the Federal Rules of Civil Procedure governing intervention of right provides as follows:

> Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed. R. Civ. P. 24(a).

The Ninth Circuit Court of Appeals has set forth a four-part test for determining whether an applicant is permitted to intervene as of right under Rule 24(a)(2), requiring the applicant to show that

> (1) it has a significant protectable interest relating to the property or transaction that is the subject of the action;
> (2) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest;
> (3) the application is timely; and
> (4) the existing parties may not adequately represent the applicant's interest.

United States v. Alisal Water Corp., 370 F.3d 915, 919 (9th Cir. 2004) (quoting United States v. City of Los Angeles, 288 F.3d 391, 397 (9th Cir. 2002) (quoting Donnelly v. Glickman, 159 F.3d 405, 409 (9th Cir.1998) (internal quotations omitted))); see also United States ex rel. Killingsworth v. Northrop Corp., 25 F.3d 715, 719 (9th Cir. 1994) (citing United States ex rel. McGough v. Covington Technologies Co., 967 F.2d 1391, 1393-94 (9th Cir. 1992) (citing Orange County v. Air California, 799 F.2d 535, 537 (9th Cir. 1986), cert. denied sub nom. City of Irvine v. Orange County, 480 U.S. 946, 107 S. Ct. 1605, 94 L. Ed. 2d 791 (1987))).

The movant for intervention carries the burden of showing that he has met all four requirements of the intervention test. Alisal Water Corp., 370 F.3d at 919 (citing City of Los Angeles, 288 F.3d at 397); see United States v. Brooks, 163 F.R.D. 601, 604 (D. Ore. 1995). In deciding whether intervention is appropriate, "courts are guided primarily by practical and equitable considerations, and the requirements for intervention are broadly interpreted in favor of intervention." Alisal Water Corp., 370 F.3d at 919 (citing City of Los Angeles, 288 F.3d at 397); see also Waller v. Fin'l Corp. of Am., 828 F.2d 579, 582 (9th Cir. 1987) ("Rule 24 traditionally has received a liberal construction in favor of applications for intervention.") (quoting Washington State Building & Construction Trades v. Spellman, 684 F.2d 627, 630 (9th Cir. 1982), cert. denied sub nom. Don't Waste Washington Legal Defense Foundation v. Washington, 461 U.S. 913, 103 S. Ct. 1891, 77 L. Ed. 2d 282 (1983); and citing Sagebrush Rebellion, Inc. v. Watt, 713 F.2d 525, 527 (9th Cir. 1983)); Brooks, 163 F.R.D. at 603 ("Rule 24(a)(2) is to be construed liberally in favor of the applicant for intervention.") (citing

Yorkshire v. United States I.R.S., 26 F.3d 942, 944 (9th Cir.), cert. denied sub nom. S&P Co. v. Yorkshire, 513 U.S. 989, 115 S. Ct. 487, 130 L. Ed. 2d 399 (1994)).

Under the first part of the intervention test, "[a]n applicant for intervention has a significantly protectable interest if the interest is protected by law and there is a relationship between the legally protected interest and the plaintiff's claims." Alisal Water Corp., 370 F.3d at 919 (citing Southern Cal. Edison Co. v. Lynch, 307 F.3d 794, 803 (9th Cir.), modified on other grounds, 353 F.3d 648 (2003) (quoting Donnelly, 159 F.3d at 409)). The second part of the test, a showing of impairment or impediment, is straightforward. As to the third part of the intervention test, whether a motion to intervene is timely depends on a three-part test articulated by the Ninth Circuit as follows:

(1) the stage of the proceeding at which an applicant seeks to intervene;
(2) the prejudice to other parties; and
(3) the reason for and length of the delay.

Alisal Water Corp., 370 F.3d at 921 (quoting California Dep't of Toxic Substances Control v. Commercial Realty Projects, Inc., 309 F.3d 1113, 1119 (9th Cir. 2002)); Killingsworth, 25 F.3d at 719 (citing McGough, 967 F.2d at 1394 (citing Air California, 799 F.2d at 537)).

In considering the stage of the proceeding at which an applicant seeks to intervene, courts have recognized that "[a]lthough delay can strongly weigh against intervention, the mere lapse of time, without more, is not necessarily a bar to intervention." Alisal Water Corp., 370 F.3d at 921 (citing United States v. Oregon, 745 F.2d 550, 552 (9th Cir. 1984)); Smith v. Marsh, 194 F.3d 1045, 1051 (9th Cir. 1999) (citing Air California, 799 F.2d at 537). However, "a party's seeking to intervene merely to attack or thwart a remedy rather than participate in the future administration of the remedy is disfavored." Alisal Water Corp., 370 F.3d at 922 (citing United States v. Oregon, 913 F.2d 576, 588 (9th Cir. 1990), cert. denied sub nom. Makah Indian

Tribe v. United States, 501 U.S. 1250, 111 S. Ct. 2889, 115 L. Ed. 2d 1054 (1991)). The fact that the litigation is still at the pretrial stage does not necessarily preclude denial of a motion to intervene. Alisal Water Corp., 370 F.3d at 922 (citing Smith, 194 F.3d at 1049; League of United Latin Am. Citizens v. Wilson, 131 F.3d 1297, 1303 (9th Cir. 1997)).

In considering the prejudice to other parties, "courts are concerned when 'relief from long-standing inequities is delayed.'" Alisal Water Corp., 370 F.3d at 922 (quoting Alaniz v. Tillie Lewis Foods, 572 F.2d 657, 659 (9th Cir.), cert. denied sub nom. Beaver v. Alaniz, 439 U.S. 837, 99 S. Ct. 123, 58 L. Ed. 2d 134 (1978); and citing California Dep't of Toxic Substances Control, 309 F.3d at 1119). An intervention that injects new issues into the proceedings has a higher likelihood of inflicting prejudice on the other parties. Alisal Water Corp., 370 F.3d at 922; see Smith, 194 F.3d at 1051. A court may also appropriately consider the additional delay resulting from intervention at a time when the litigation is beginning to wind down. Smith, 194 F.3d at 1051.

Under the fourth part of the intervention test, which requires the applicant to show that the existing parties may not adequately represent the applicant's interest, "[t]he requirement of [Rule 24(a)(2)] is satisfied if the applicant shows that representation of his interest 'may be' inadequate; and the burden of making that showing should be treated as minimal." Brooks, 163 F.R.D. at 604 (quoting Trbovich v. United Mine Workers of Am., 404 U.S. 528, 538 n.10, 92 S. Ct. 630, 636 n.10, 30 L. Ed. 2d 686 (1972)). However, the mere fact that the parties may adopt a different litigation strategy does not suffice to show that the parties will not adequately represent the applicant's interest. Brooks, 163 F.R.D. at 605 (citing Natural Resources Defense Council, Inc. v. New York State Dep't of Envtl. Conservation, 834 F.2d 60, 61-62 (2d Cir. 1987) ("the simple fact that an existing party and a putative intervenor do not share a common

motive to litigate does not mean that the intervenor's interest is not adequately represented")).

Furthermore, when a magistrate judge is permitted to decide a civil case under 28 U.S.C. § 636(c), "[t]he unanimous and voluntary consent of the parties is the constitutional 'linchpin' of [his] power" to do so. Williams v. Gen. Elec. Capital Auto Lease, Inc., 159 F.3d 266, 268 (7th Cir. 1998) (citing Adams v. Heckler, 794 F.2d 303, 307 (7th Cir. 1986)), cert. denied sub nom. Harper v. Gen. Electric Capital Auto Lease, Inc., 527 U.S. 1035, 119 S. Ct. 2392, 144 L. Ed. 2d 793 (1999). As a consequence, "parties added to a case after the original litigants have filed a consent under § 636(c) must also agree to the submission of the case to the magistrate judge; if they do not, then the case must be returned to a district judge." Williams, 159 F.3d at 268 (citing Brook, Weiner, Sered, Kreger & Weinberg v. Coreq, Inc., 53 F.3d 851, 852 (7th Cir. 1995)).

In the instant case, assuming that applicants have a significant protectable interest relating to the property or transaction that is the subject of this action and that the disposition of this action will impair or impede the applicants' ability to protect their interests, the Court should nevertheless deny their intervention motions because their applications to intervene are untimely, and because the existing parties can adequately represent the applicants' interests in this matter. Applicants' proposed complaints are very similar to petitioner's original petition—the only significant difference is that they disagree with the amount of the settlement.

Respondents' financial condition is widely known in Guam. The government has long found itself in dire financial straits and unable to fund the earned income credit program. For that reason, the government did not pay out the EIC in the past. The settlement reached with petitioner Santos represents the parties' best efforts. Thus, the existing parties are adequately representing the applicants' interests in this matter.

Further litigation will not improve the amount paid out to eligible taxpayers. On the contrary, prolonging this action only increases the risk that taxpayers could wind up with even less than the amounts promised in the proposed settlement agreement, if the government has to expend scarce resources on litigating this matter. Applicants fail to recognize the time value of money: a sure settlement that pays taxpayers now a portion of what they are owed is worth more than a judgment in the distant future that pays taxpayers the full amount owed.

This matter has already been settled. Applicants will have full opportunity to opt out of the class or raise their objections to the settlement agreement at the fairness hearing, if they so choose.

In addition, applicants have had constructive knowledge of the government's failure to pay the EIC for the past several years, as well as of petitioner's lawsuit. The appropriate time for intervention was before the lawsuit began winding down with a settlement agreement. Applicants' motions to intervene are therefore untimely and prejudicial to the parties.

Finally, applicant Naputi objects to a magistrate judge hearing this case. Thus, if the Court permits this applicant to intervene, the case will have to be returned to the district judge. Owing to a vacancy on the bench, no district judge has yet been appointed. Therefore, granting applicant Naputi's motion to intervene could lead to further delays. For these reasons, the Court should deny applicants' motions to intervene as of right.

**B. The Court Should Not Grant Permissive Intervention under Rule 24(b)**

Rule 24(b) of the Federal Rules of Civil Procedure governing permissive intervention provides as follows:

> Upon timely application anyone may be permitted to intervene in an action:
> (1) when a statute of the United States confers a conditional right to intervene; or
> (2) when an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim or

> defense upon any statute or executive order administered by a federal or state governmental officer or agency or upon any regulation, order, requirement, or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Fed. R. Civ. P. 24(b).

"[T]he court has broad discretion to grant or deny a motion to intervene under [Rule] 24(b)(2)." Brooks, 163 F.R.D. at 605 (citing Air California, 799 F.2d at 539; see also Venegas v. Skaggs, 867 F.2d 527, 530-31 (9th Cir. 1989) ("in deciding whether to grant or deny permissive intervention, courts must consider equitable factors of judicial economy, adequacy of representation, and prejudice"), aff'd sub nom. Venegas v. Mitchell, 495 U.S. 82, 110 S. Ct. 1679, 109 L. Ed. 2d 74 (1990)). In the instant case, none of the factors a court should consider, i.e., judicial economy, adequacy of representation, or prejudice, weigh in favor of granting permissive intervention to either of the putative intervenors. In fact, granting applicants' motions would only further delay the proceedings, in contravention of the considerations a court must take into account under Rule 24(b). Consequently, applicants' motions for permissive intervention should be denied.

### III. CONCLUSION

Given the foregoing, applicants have failed to meet the requirements for intervention as of right set forth in Ninth Circuit case law. In addition, the criteria for permissive intervention do not mitigate in favor of granting applicants' motions. Finally, if applicants sincerely believe the settlement is contrary to their best interests, they should opt out of the settlement. Therefore, in light of the foregoing, Respondents urge the Court to deny applicants' motions for intervention.

Respectfully submitted this 23rd day of July, 2004.

OFFICE OF THE ATTORNEY GENERAL
DOUGLAS B. MOYLAN, Attorney General of Guam

_____
Douglas B. Moylan
Attorney General