LUJAN AGUIGUI & PEREZ LLP
Attorneys at Law
Pacific News Building, Suite 300
238 Archbishop Flores Street
Hagåtña, Guam 96910
Telephone (671) 477-8064/5
Facsimile (671) 477-5297

*Attorneys for Applicant for Intervention
Charmaine R. Torres*

FILED
DISTRICT COURT OF GUAM
AUG - 2 2004
MARY L. M. MORAN
CLERK OF COURT

# DISTRICT COURT OF GUAM

## TERRITORY OF GUAM

| | |
|---|---|
| JULIE SANTOS SANTOS, individually, and on behalf of all those similarly situated,<br><br>Petitioner,<br><br>-vs-<br><br>FELIX P. CAMACHO, Governor of Guam; ART ILAGAN, Director of Department of Revenue and Taxation; LOURDES M. PEREZ, Director of Department of Administration; and GOVERNMENT OF GUAM,<br><br>Respondents.<br><br>CHARMAINE R. TORRES, on behalf of herself and all others similarly situated,<br><br>Applicant for Intervention. | CIVIL CASE NO. CV04-00006<br><br>**REPLY TO PETITIONER'S AND RESPONDENTS' OPPOSITION TO MOTIONS FOR LEAVE TO INTERVENE**<br><br>**CLASS ACTION** |

**APPLICANT CHARMAINE R. TORRES** ("Applicant") respectfully submits this Reply to the oppositions of Petitioner Santos and Respondents (collectively the "opposing Parties") to the motions to intervene.

## INTRODUCTION

By relying on inapplicable standards, immaterial facts, and inapposite law, the opposing Parties would have this Court believe that the motion of Applicant Torres for leave to intervene should be denied. But a careful reading of the relevant standards, a proper reliance on material facts, and an reasoned analysis of the applicable law, all point to a different conclusion. Paying particular attention to the rule in this circuit requiring that Rule 24(a) (governing intervention as of right) be "construed liberally in favor of potential intervenors," *Southwest Center for Biological Diversity v. Berg,* 268 F.3d 810, 818 (9th Cir. 2001), it is clear that Applicant Torres is entitled to intervene in this class action. Applicant Torres has met the standards for intervention as of right by demonstrating:

1. That her motion is timely;
2. That she asserts an interest relating to the property or transaction which is the subject of this action;
3. That she is so situated that without intervention the disposition of the action may as a practical matter impair or impede her ability to protect that interest; and
4. That her interests are inadequately represented by existing parties.

*County of Fresno v. Andrus,* 622 F.2d 436, 438 (9th Cir. 1980). Accordingly, Applicant Torres's motion for leave to intervene should be granted.

## ARGUMENT

### I. APPLICANT TORRES'S MOTION IS TIMELY

Despite the opposing Parties' collective 11-page attempt to argue that Applicant Torres's motion to intervene is untimely, the fact is that they rely on incorrect standards and immaterial facts.

Page 1
Julie Babauta Santos v. Felix P. Camacho et al.,
Civil Case No. CV04-00006
Reply to Petitioner's and Respondents' Opposition
To Motions for Leave to Intervene

Case 1:04-cv-00006   Document 66   Filed 08/02/2004   Page 2 of 11

In evaluating the timeliness requirements, courts of this circuit examine: (1) the stage of the proceedings at which an applicant seeks to intervene; (2) the prejudice to the existing parties if intervention is allowed; and (3) the reasons for and the length of the delay. *United States v State of Wash.*, 86 F.3d 1499, 1503 (9th Cir. 1996); *United States ex. rel. Killingsworth v. Northrop Corp.*, 25 F.3d 715, 719 (9th Cir. 1994). Timeliness considerations, along with each of the other factors of Rule 24(a), should be construed favorably for intervenors. *United States v. State of Oregon*, 745 F.2d 550, 552 (9th Cir. 1984) (*citing Westlands Water Dist. v. U.S.*, 700 F.2d 561, 563 (9th Cir. 1983)).

The opposing Parties present a host of arguments, suggesting that the motions to intervene should have been filed much earlier because of various media reports publicizing the EIC issue. But whether there is a delay in intervention is measured not from the inception of the lawsuit,[1] but from when the intervenor should have been aware that her interests would no longer be adequately protected by the parties. *United States v. Carpenter*, 298 F.3d 1122, 1124 (9th Cir. 2002) (per curiam); *Officers for Justice v. Civil Service Comm'n*, 934 F.2d 1092, 1095 (9th Cir. 1991). In class actions, when the intervenor acts "as soon as it [becomes] clear … that the interests of the unnamed class members would no longer be represented by the named class representatives," the application to intervene is timely. *United Airlines, Inc. v. McDonald*, 432 U.S. 385, 394, *reh'g denied*, 343 U.S. 989 (1977). *Accord Crawford v. Equifax Payment Services, Inc.*, 201 F.3d 877, 880 (7th Cir. 2000) ("A representative plaintiff acts as fiduciary for

---

[1] Indeed Petitioner trumpets the "highly publicized" Guam Supreme court proceedings in 2000-2001 leading to the decision in *In Re Request of I Mina' Bente Sing'ko Na Liheslaturan Guahan Relative to the Application of the Earned Income Tax Credit Program to Guam Tax Payers ("The EIC Question")*, 2001 Guam 3, as well as media reports appearing in the Pacific Daily News more than a year ago in March 2003. Petitioner asserts that "Of course, at that time, Applicants and their counsel did not find it necessary to protect their 'significant' interests." (Opp. at 6), as if though it could have been possible to intervene in a lawsuit that was not even filed. This demonstrates the readily apparent flaws in Petitioner's arguments.

Page 2
Julie Babauta Santos v. Felix P. Camacho et al.,
Civil Case No. CV04-00006
Reply to Petitioner's and Respondents' Opposition
To Motions for Leave to Intervene

Case 1:04-cv-00006 Document 66 Filed 08/02/2004 Page 3 of 11

the others [and only] when the class members suspect that the representative is not acting in their best interests is there a need to intervene").

The Ninth Circuit's decision in *United States v. Carpenter* demonstrates why Applicant Torres should be allowed to intervene in this matter. In *Carpenter*, the appellants sought to intervene to object to a proposed settlement agreement, and filed their intervention petition four weeks after a proposed settlement agreement was made public. 298 F.3d at 1124. The Ninth Circuit found the motion to intervene timely, finding that the "intervenors acted as soon as they had notice that the proposed settlement was contrary to their interests." *Id.* at 1125. Furthermore, the Ninth Circuit rejected claims that allowing intervention would have delayed the settlement and result in possible prejudice. *Id.*

Here, the applicability of *Carpenter* is clear. Applicant Torres did not have reason to believe that her interests were no longer being adequately protected by Petitioner, until the specifics of the class action settlement appeared in the Pacific Daily News towards the end of June 2004.[2] Furthermore, the negotiations leading to the settlement were not public knowledge, and Applicant is unaware of when and where the settlement negotiations took place or who was involved in the negotiations. *See United States v. Alisal Water Corp.*, 370 F.3d 915, 922 (9th Cir. 2004) (noting that intervention "has been granted after settlement agreements were reached in cases where the applicants had no means of knowing that the proposed settlements [were] contrary to their interests"). Before the public disclosure, Applicant Torres had no knowledge that Petitioner would settle the EIC claims at issue in this action for the amounts provided for in the tentative settlement. Nor did she know that the claims being settled were not only insufficient in amount, but in scope in terms of the number and range of tax years being compromised.

---

[2] Indeed, the Seventh Circuit has held that the time for intervention by unnamed members of a class action cannot begin until notice is provided under Rule 23, which in this case was June 27, 2004 when the notice appeared in the Pacific Daily News. *See Crawford v. Equifax Payment Services, Inc.*, 201 F.3d at 881.

Page 3
Julie Babauta Santos v. Felix P. Camacho et al.,
Civil Case No. CV04-00006
Reply to Petitioner's and Respondents' Opposition
To Motions for Leave to Intervene

Applicant filed her motion to intervene just days after the June 27, 2004 publication of notice in the Pacific Daily News. Accordingly, Applicant's motion is timely.

Adopting a position advanced by the opposing Parties would set a dangerous precedent. The opposing Parties would have this Court adopt a rule requiring intervention as soon as anyone realizes a case involves some general subject matter of interest. If the opposing Parties' position prevails, would-be intervenors of every description would have to move to intervene as soon as they know or have reason to know that a case has been filed in which they have any protectable interest, lest they lose the opportunity to participate. One can imagine the flood of intervention motions resulting from such a rule.

The opposing Parties further argue that prejudice would result if the intervention were allowed because it would purportedly jeopardize the proposed settlement, and would threaten the original parties' interest in the prompt resolution of this class action and the avoidance of continued litigation. This argument is flawed for several reasons.

First, it assumes that if intervention were allowed the settlement agreement would not be approved. While Applicant Torres intends to challenge the terms of the settlement, allowing intervention at this stage would only mean that Applicant could challenge the settlement, not necessarily that she would prevail. If the existing parties are successful in having the settlement agreement approved, then they will not have been prejudiced in the time spent negotiating the settlement (however substantial or insubstantial that time might have been). If, on the other hand, the settlement is set aside as unfair, unreasonable, and inadequate, it clearly should not have been entered into or approved in the first instance. Such a result could hardly be deemed prejudicial. Moreover, a blanket rule prohibiting intervention any time existing parties have negotiated a settlement, even if the settlement is contrary to the intervenor's interest, would contravene the protections guaranteed by Rule 24(a). As the Eighth Circuit noted in *Mille Lacs Band of Chippewa Indians v. State of Minn.*, 989 F.2d 994 (8th Cir. 1993):

> Prejudice that results from the mere fact that a proposed intervenor opposes one's position and may be unwilling to settle always exists

Page 4
Julie Babauta Santos v. Felix P. Camacho et al.,
Civil Case No. CV04-00006
Reply to Petitioner's and Respondents' Opposition
To Motions for Leave to Intervene

Case 1:04-cv-00006  Document 66  Filed 08/02/2004  Page 5 of 11

> when a party with an adverse interest seeks intervention. Any prejudice to the [Plaintiff's] ability to settle results not from the fact of the [intervenor's delay] in seeking intervention, but rather from the [intervenor's] presence in the suit. Rule 24(a) protects precisely this ability to intervene in litigation to protect one's interests.

*Id.* at 999. *Accord Butchet v. ITT Consumer Financial Corp.*, 845 F.Supp. 684, 689 (D. Minn. 1994).

Second, if the avoidance of continued litigation were, by itself, enough to constitute prejudice, then no intervenor could come into a case once the proceedings were underway, regardless of when the intervenor became aware that his or her interests were no longer being adequately represented. Under such circumstances, no intervention would be allowed and the provisions of Rule 24(a) would be made meaningless. "The prejudice prong of the timeliness inquiry 'measures prejudice caused by the intervenors' delay – not by the intervention itself.'" *Utah Ass'n of Counties v. Clinton*, 255 F.3d 1246, 1251 (10th Cir. 2001) (*citing Ruiz v. Estelle*, 161 F.3d 814, 828 (5th Cir. 1998)). Here, there has been no delay in seeking intervention. Applicant sought to intervene as soon as she was made aware that Petitioner was not adequately representing her interests. Moreover, the opposing Parties' claimed interest in avoiding continued litigation is hardly convincing in light of the fact that this case has, in actuality, not even been litigated. The case proceeded from the pleading stage to settlement, without any discovery, motions, or hearings on the merits of the claims.

## II. APPLICANT TORRES HAS A SIGNIFICANTLY PROTECTABLE INTEREST RELATING TO THE SUBJECT OF THIS ACTION

Rule 24(a) requires that an applicant for intervention have "an interest relating to the property or transaction which is the subject matter of the action..." Fed. R. Civ. P. 24(a). The rule is plainly stated and requires nothing more. The requirement is generally satisfied when the interest is protectable under some law and there is a relationship between the interest and the claims at issue. *See Arakaki v. Cayetano*, 324 F.3d 1078, 1084 (9th Cir.), *cert. denied sub nom Hoohuli v. Lingle*, 124 S.Ct. 570 (2003). Here, Applicant was qualified to receive the EIC
Page 5
Julie Babauta Santos v. Felix P. Camacho et al.,
Civil Case No. CV04-00006
Reply to Petitioner's and Respondents' Opposition
to Motions for Leave to Intervene

pursuant to Guam law. Intervenor has not received the EIC, yet is fully entitled to full reimbursement of the EIC during years in which she was eligible.

Applicant's protectable interest is directly related to the claims at issue. Petitioner Santos has filed a class action petition for recovery of EIC refunds. Applicant is entitled to such refunds and is thus a potential class member. Applicant's position, which she seeks to protect, is that proposed settlement agreement entered into by the opposing Parties is insufficient in scope and in amount to compensate Applicant and members of the class Applicant represents for the government's failure to pay the EIC during periods of their eligibility.

### III. DISPOSITION OF THIS LAWSUIT MAY AS A PRACTICAL MATTER IMPAIR OR IMPEDE APPLICANT TORRES'S ABILITY TO PROTECT HER INTEREST IN THE SUBJECT OF THIS ACTION

Rule 24(a) requires not only that an intervenor have an interest relating to the subject matter of an action, but that that "applicant is so situated that the disposition of the action *may* as a practical matter impair or impede the applicant's ability to protect that interest." Fed. R. Civ. P. 24(a) (emphasis added). The use of the word "may" in the rule does not require an absolute certainty of impairment, only a possibility of impairment. Applicant's ability to protect her interest in the payment of her EIC claims may as a practical matter be impaired or impeded by tentative settlement in this case, thus satisfying Rule 24(a)'s requirement. If the proposed settlement agreement is approved, and Applicant does not opt out of the class, the settlement will be binding and all claims to the full EIC amount will be lost. Section III on page 13 of the Settlement Agreement states that upon final approval of the settlement, EIC class members expressly and irrevocably waive all claims against the Government of Guam arising out of this lawsuit.

If Applicant opts out of the class, and pursues a separate claim against Respondents, she may be faced with a worthless judgment if no funds remain to pay for claims of members who opt out. In the settlement agreement, the Government has agreed to pay $60 million to the EIC class, but no provision exists for payment of persons who opt-out of the class. Indeed, the settlement

Page 6
Julie Babauta Santos v. Felix P. Camacho et al.,
Civil Case No. CV04-00006
Reply to Petitioner's and Respondents' Opposition
To Motions for Leave to Intervene

Case 1:04-cv-00006   Document 66   Filed 08/02/2004   Page 7 of 11

agreement states "[t]he Government of Guam agrees that no part of the Settlement Amount and no portion of funds paid into the EIC Settlement Fund shall be used for the potential refund for class members who opt-out of the class." *See* Settlement Agreement at 16. Thus, the settlement agreement essentially forces class members to stay in the class or risk non-payment of their respective EIC claims. This possibility of impairment entitles Applicant to intervene.

The opposing Parties want the Court to ignore the provisions of Rule 24(a) and adopt a blanket rule that would prohibit intervention by any class member who has the ability to opt-out of a class action settlement. Such a rule would contravene the protections afforded by Rule 24 (governing intervention) and Rule 23 (governing class actions). Rule 23(c)(2)(B) contemplates the participation of putative class members in a class action. *See* Fed. R. Civ. P. 23(c)(2)(B) (requiring notice to class members that they "may enter an appearance through counsel if the member so desires"); *Moore's Federal Practice 3d* § 23.67[3] (noting one view that an "'appearance' under Rule 23(c)(2)(B) is the equivalent of intervention under Rule 24(a)"). More significantly, Rule 23(d) "expressly recognizes that court may permit intervention in class actions." *Moore's Federal Practice 3d* § 23.67[1]. Rule 23(d) empowers the district court to make appropriate orders allowing class members "to intervene and present claims or defenses, or otherwise to come into the action." Fed. R. Civ. P. 23(d)(2). Courts have held that "[t]o the extent that Rule 23 deals with intervention, it should be construed harmoniously with Rule 24." *Diduck v. Kaszycki & Sons Contractors, Inc.*, 149 F.R.D. 55, 58 (S.D.N.Y. 1993).

If the opposing Parties' position were adopted, it would write a new standard into the Federal Rules; worse, a new standard that would directly contravene the clear language and intent of the existing rules. There is no merit to the opposing Parties' argument that just because a putative class member may have the right to opt out, intervention should be automatically denied.

The disposition of this action "may" impede Applicant Torres's ability to protect the interests in her EIC claims. Fed. R. Civ. P. 24(a). Accordingly, she is entitled to intervene.


Page 7
Julie Babauta Santos v. Felix P. Camacho et al.,
Civil Case No. CV04-00006
Reply to Petitioner's and Respondents' Opposition
to Motion for Leave to Intervene

Case 1:04-cv-00006   Document 66   Filed 08/02/2004   Page 8 of 11

## IV. APPLICANT TORRES IS NOT ADEQUATELY REPRESENTED BY EXISTING PARTIES

Applicant Torres's interests are not adequately represented by Petitioner Santos.[3]

Under the law of this circuit, a court considers three factors in determining the adequacy of representation: (1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect. *Southwest Center for Biological Diversity v. Berg*, 268 F.3d at 822; *County of Fresno v. Andrus*, 622 F.2d at 438-439. Only a minimal showing is required, and is satisfied if the representation *may* be inadequate, not that representation is, in fact, inadequate. *Id.* at 823. Again, the most important factor in determining the adequacy of representation is how the interest of the would-be intervenor compares with the interest of *the existing parties*. *Arakaki v. Cayetano*, 324 F.3d at 1086.

Here, the interest of Applicant Torres is in conflict with the interest of Petitioner Santos. The interest of Applicant Torres is to preserve her ability and the ability of the class she represents to seek the maximum amount of compensation up to 100% for EIC claims, including pursuing these claims through adjudication on the merits, if necessary. Applicant seeks to determine the total amount of EIC owed by the government and the number of eligible class members to ensure a fair, accurate, and just resolution of the EIC claims at issue. Furthermore, Applicant Torres desires to seek compensation for claims not limited to the tax years specified in Petitioner Santos's petition, but for *all* years in which the government has not paid such claims.

---

[3] Nor are Applicant Torres' interests adequately represented by Applicant Naputi. Applicant Torres's analysis of this issue is set forth in her Reply to Applicant Naputi's Opposition to her motion to intervene, filed concurrently herewith. In any event, whether the interests of one would-be intervenor are adequately represented by another would-be intervenor is irrelevant in analyzing the requirements of Rule 24(a). The interests are measured against *existing parties*.

Page 8
Julie Babauta Santos v. Felix P. Camacho et al.,
Civil Case No. CV04-00006
Reply to Petitioner's and Respondents' Opposition
To Motions for Leave to Intervene

Such interests are not shared by Petitioner Santos. Petitioner Santos's sole interest involves settling this matter quickly, and obtaining for the class she purportedly represents only a fraction of what is rightfully owed. By her petition, her claims are limited to tax years 1998-2003. Although Santos and her counsel somehow managed to include an additional tax year (1996) in the tentative settlement orchestrated over an unknown period of time, Applicant Torres is informed and believes that the government's EIC liability extends to tax years prior to 1996. Applicant Torres has EIC claims as far back as the early 1990s. Accordingly, Petitioner Santos does not represent Applicant Torres's interest.

Indeed, one telling fact of the inadequacy of representation by any existing party (or even by Applicant Naputi) is that it was Applicant Torres who acted to inform the Court of the opposing Parties' failure to publish adequate notices as required by the June 17 Stipulated Order. As a result of Applicant Torres's initiative, the Court vacated the previously established August 9 objection and opt-out date and the September 9 fairness hearing. Certainly this factor weighs against finding that the existing parties represent Applicant Torres's interests, and weighs in favor of granting Applicant Torres's motion to intervene.[4]

## V. IN THE ALTERNATIVE, APPLICANT TORRES SHOULD BE PERMITTED TO INTERVENE UNDER RULE 24(B) OR 23(D)

Rule 24(b) of the Federal Rules of Civil Procedure ("Permissive Intervention") provides that "Upon timely application anyone may be permitted to intervene in an action: ... (2) when an applicant's claim or defense and the main action have a question of law or fact in common."

---

[4] In an attempt to tread the low path paved by Applicant Naputi and her counsel, Petitioner Santos tries to discredit Applicant Torres and her counsel by alluding to purported conflicts of interests of the Lujan Aguigui & Perez firm. Applicant Torres addresses those meritless allegations in her Reply to Naputi's Opposition, filed concurrently herewith, with the exception of the issue concerning the firm's representation of Respondent Perez in two previous lawsuits. No conflict exists with respect to those representations because (1) the firm's representation of Perez has terminated; and (2) the matters were completely different from the instant action. *See* Declaration of Peter C. Perez filed concurrently herewith.

---

Page 9
Julie Babauta Santos v. Felix P. Camacho et al.,
Civil Case No. CV04-00006
Reply to Petitioner's and Respondents' Opposition
to Motion for Leave to Intervene

Furthermore, Rule 23(d) of the Federal Rules of Civil Procedure provides that " in the conduct of [class] actions to which this rule applies, the court may make appropriate orders: ... (2) ... [permitting class members] to intervene and present claims or defenses, or otherwise to come into the action."

Here, Applicant Torres's claims and the instant action have common questions of law and fact regarding EIC entitlements, thus satisfying the applicable requirements. Although in granting permissive intervention a court considers whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties, the Parties claims of prejudice here are without merit for the reasons discussed above regarding intervention as of right. *See* Argument, § 1, *supra*.

## CONCLUSION

Based on the reasons herein stated, Applicant Torres respectfully asks this Court to grant her motion for leave to intervene.

Respectfully submitted this 2nd day of August, 2004.

LUJAN, AGUIGUI & PEREZ LLP

By: _____
IGNACIO C. AGUIGUI, ESQ.
*Attorneys for Charmaine R. Torres*

Page 10
Julie Babauta Santos v. Felix P. Camacho et al.,
Civil Case No. CV04-00006
Reply to Petitioner's and Respondents' Opposition
to Motion for Leave to Intervene

Case 1:04-cv-00006   Document 66   Filed 08/02/2004   Page 11 of 11