LUJAN AGUIGUI & PEREZ LLP
Attorneys at Law
Pacific News Building, Suite 300
238 Archbishop Flores Street
Hagåtña, Guam 96910
Telephone (671) 477-8064/5
Facsimile (671) 477-5297

*Attorneys for Applicant for Intervention
Charmaine R. Torres*

FILED
DISTRICT COURT OF GUAM
AUG - 2 2004
MARY L. M. MORAN
CLERK OF COURT

# DISTRICT COURT OF GUAM

## TERRITORY OF GUAM

| | |
|---|---|
| JULIE SANTOS SANTOS, individually, and on behalf of all those similarly situated, <br><br> Petitioner, <br><br> -vs- <br><br> FELIX P. CAMACHO, Governor of Guam; ART ILAGAN, Director of Department of Revenue and Taxation; LOURDES M. PEREZ, Director of Department of Administration; and GOVERNMENT OF GUAM, <br><br> Respondents. <br><br> CHARMAINE R. TORRES, on behalf of herself and all others similarly situated, <br><br> Applicant for Intervention. | CIVIL CASE NO. CV04-00006 <br><br> **REPLY TO CHRISTINA M.S. NAPUTI'S OPPOSITION TO APPLICANT CHARMAINE R. TORRES'S MOTION FOR LEAVE TO INTERVENE** <br><br> **CLASS ACTION** |

ORIGINAL

## INTRODUCTION

Christina M.S. Naputi's misguided and misleading Opposition relies on two flawed arguments, both of which are readily controvertible:

**FLAWED ARGUMENT NO. 1**: "Applicant Torres' [sic] Interest Is In Fact Adequately Represented By Petitioner/Intervenor Naputi." (Opp. at 5).

**Response To Flawed Argument No. 1.** It is irrelevant whether Naputi adequately represents Applicant Torres's interest. The standard is whether a would-be intervenor's interest is adequately represented by an *existing party*, and not by another would-be intervenor. Naputi improperly calls herself a "Petitioner/Intervenor." She is not a Petitioner/Intervenor, she is a prospective party, an Applicant, just like Applicant Torres. Naputi may subsequently *become* an intervenor, but only if the Court grants her leave to intervene. In any event, as explained in detail below, neither Applicant Naputi nor Petitioner Santos adequately represents Applicant Torres and the class she represents. For all the foregoing reasons, Naputi's Flawed Argument No. 1 must be rejected.

**FLAWED ARGUMENT NO. 2**: "Conflicts of Interest of Counsel for Applicant Torres Prohibit Their Participation In This Action." (Opp. at 9.)

**Response To Flawed Argument No. 2.** Had Applicant Naputi properly investigated the facts and the law, she would have discovered there are, in fact, *no conflicts*. Naputi raises a host of sensationalistic accusations, most of which are based on supposed conflicts arising from positions formerly held by partners (a former judge, and a former legal counsel for the Governor) of the Lujan Aguigui & Perez firm. The truth is that any relevant involvement of the challenged partners is either non-existent (as in the case of undersigned counsel Ignacio C. Aguigui) or insubstantial (as in the case of former Judge John S. Unpingco). Accordingly, under the relevant rules of professional conduct, no conflict exists. Moreover, in Naputi's desperate attempt to manufacture conflicts for the firm, she even goes as far claiming that another high-profile partner in the firm, David J. Lujan, supposedly owns the Pacific News Building, and that a conflict exists

Page 1
Julie Babauta Santos v. Felix P. Camacho et al.,,
Civil Case No. CV04-00006
Reply to Christina M.S. Naputi's Opposition to Applicant
Charmaine R. Torres's Motion for Leave to Intervene     Filed 08/02/2004     Page 2 of 11

because the Governor's Office leases space in the building. Such far-fetched accusations strain the bounds of logic, professionalism, and common decency. Worse, they are false. The truth is that David J. Lujan does not own the Pacific News Building. The building is owned by DNA, Inc., a corporation, of which Attorney Lujan is a minority shareholder. Naputi's attacks are meritless and brought in bad faith, solely for tactical reasons, thus justifying the imposition of sanctions. *Optyl Eyewear Fashion Int'l Corp. v. Style Companies, Ltd.*, 760 F.2d 1045, 1050-51 (9th Cir. 1985).

The Court must view Applicant Naputi's conduct in this litigation for what it really is: A desperate attempt to seize total control of the proceedings by blocking the entry of any other would-be intervenor and by minimizing (or altogether eliminating) the participation of Petitioner Santos and her counsel. To carry out this plan, she will make reckless, misleading, and false accusations, and she will attack the integrity of anyone who gets in her way – the parties, the parties' counsel, and even this Court. Such selfish and self-serving motives have no place in a court of law. The Court should summarily reject Naputi's opposition, and grant Applicant Torres's motion for leave to intervene.

## ARGUMENT

I. **NEITHER APPLICANT NAPUTI NOR PETITIONER SANTOS HAS AN IDENTITY OF INTEREST WITH APPLICANT TORRES AND THE CLASS SHE REPRESENTS**

Applicant Naputi first argues that Applicant Torres should not be allowed to intervene because Torres's interests are adequately represented by Naputi. This argument, even if factually true (which it is not), is irrelevant.

The very cases cited by Applicant Naputi refute her own argument. All stand for the proposition that the alignment of a putative intervenor's interest with that of *an existing party* – and *not* that of another would-be intervenor – is a factor considered on a motion to intervene. Naputi relies on the following cases:

Page 2
Julie Babauta Santos v. Felix P. Camacho et al.,
Civil Case No. CV04-00006
Reply to Christina M.S. Naputi's Opposition to Applicant
Christine R. Torres's Motion for Leave to Intervene

Case 1:04-cv-00006   Document 67   Filed 08/02/2004   Page 3 of 11

- *Nat'l Resources Defense Council, Inc. v. N.Y. State Dept. of Environmental Conserv.*, 834 F.2d 60 (2d Cir. 1987). In this case, the court noted that "A putative intervenor does not have an interest not adequately represented by a party to a lawsuit simply because it has a motive to litigate that is different from the motive of ***an existing party***." *Id.* at 62 (emphasis added).
- *Washington Electric Cooperative, Inc. v. Mass. Municipal Wholesale Electric Co.*, 922 F.2d 92 (2d Cir. 1990). This is another Second Circuit decision[1] noting that "Where there is an identity of interest between a putative intervenor and ***a party***, adequate representation is assured." *Id.* at 98 (emphasis added).
- *Ionian Shipping Co. v. British Law Ins. Co., Ltd.*, 426 F.2d 186, 189 (2d Cir. 1970) Yet another Second Circuit decision noting that sole issue in action is whether "Ionian [***an existing party***] will provide Allied [the putative intervenor] with adequate representation in the suit for the insurance proceeds." *Id.* at 189 (emphasis added).
- *Brock v. McGee Brothers Co., Inc.*, 111 F.R.D. 484, 486 (W.D.N.C. 1986). A district court case from North Carolina, stating that "The issue whether the Church's interest is adequately represented by the ***present litigants*** is dispositive of whether the Church may intervene of right." *Id.* at 486 (emphasis added).

Moreover, Applicant Naputi even misleads the court by citing bad law. She cites *Oneida Indian Nation of Wisconsin v. State of New York*, 102 F.R.D. 445 (N.D.N.Y. 1983), a district court decision that was later ***reversed*** by the Second Circuit, 732 F.2d 261 (2d Cir. 1984). (*See* Opp. at 9.) Like the other cases cited by Naputi, the Second Circuit, in reversing the district

---

[1] One wonders whether Applicant Naputi's counsel realizes he is litigating in the Ninth Circuit, rather than the Second Circuit. None of the case cited in his Opposition are from the Ninth Circuit, and most are from the Second Circuit.

Page 3
Julie Babauta Santos v. Felix P. Camacho et al.,,
Civil Case No. CV04-00006
Reply to Christina M.S. Naputi's Opposition to Applicant Charmaine R. Torres' Motion for Leave to Intervene

court's decision, noted that a putative intervenor's interest is measured against the interest of *existing parties* in evaluating a motion to intervene. *Oneida Indian Nation of Wisconsin*, 732 F.2d at 265 ("an application to intervene ….[among other things] turns on whether the applicant has demonstrated that … representation by *existing parties* would not adequately protect [its] interest."(emphasis added)).

Accordingly, it is irrelevant for Naputi to argue that the interests of a would-be intervenor are the same as the interests of another would-be intervenor. But even if Naputi's argument were relevant (which it is not), it would still fail because it is factually untrue. Applicant Torres's interests are not adequately represented by either Applicant Naputi or Petitioner Santos.

Under the law of this circuit, a court considers three factors in determining the adequacy of representation: (1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect. *Southwest Center for Biological Diversity v. Berg*, 268 F.3d 810, 822 (9th Cir. 2001); *County of Fresno v. Andrus*, 622 F.2d 436, 438-439 (9th Cir. 1980). Only a *minimal showing* is required. It is satisfied if the representation *may* be inadequate, not that the representation is, in fact, inadequate. *Id.* at 823. Again, the most important factor in determining the adequacy of representation is how the interest of the would-be intervenor compares with the interest of *the existing parties*. *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir.), *cert. denied sub nom Hoohuli v. Lingle*, 124 S.Ct. 570 (2003).

Here, the interest of Applicant Torres is in conflict with the interest of Petitioner Santos, an existing party. The interest of Applicant Torres is to preserve her ability and the ability of the class she represents to seek the maximum amount of compensation up to 100% for EIC claims, including pursuing these claims through adjudication on the merits, if necessary. Applicant seeks to determine the total amount of EIC owed by the government and the number of eligible class members to ensure a fair, accurate, and just resolution of the EIC claims at issue. Furthermore,

Page 4
Julie Babauta Santos v. Felix P. Camacho et al.,,
Civil Case No. CV04-00006
Reply to Christina M.S. Naputi's Opposition to Applicant
Charmaine R. Torres's Motion for Leave to Intervene

Applicant Torres desires to seek compensation for claims not limited to the tax years specified in Petitioner Santos's petition, but for *all* years in which the government has not paid such claims.

Such interests are not shared by Petitioner Santos, and are certainly not shared by Applicant Naputi. Petitioner Santos's sole interest involves settling this matter quickly, and obtaining for the class she purportedly represents only a fraction of what is rightfully owed. By her petition, her claims are limited to tax years 1998-2003. Although Santos and her counsel somehow managed to include an additional tax year (1996) in the tentative settlement secretly orchestrated over the span of a few days, Applicant Torres is informed and believes that the government's EIC liability extends to periods before 1996. Accordingly, Petitioner Santos does not represent Applicant Torres's interest.

And Applicant Naputi – with her misplaced statute of limitations argument – certainly does not and cannot represent Applicant Torres's interests. Applicant Torres has EIC claims as far back as the early 1990s. Thus, if analyzed under the flawed framework constructed by Applicant Naputi, Applicant Torres's claims fall into two categories: (1) those falling within the purported three-year statute of limitations; and (2) those falling outside the three-year period. Applicant Torres desires to pursue all of those claims, and not just her claims falling within the three-year period. However, Applicant Naputi has asserted that she represents only those individuals with claims exclusively within the three-year period, which demonstrates that she cannot adequately represent Applicant Torres's interests.

It is difficult to conceive how Applicant Naputi could argue otherwise. If Applicant Naputi does *not* have claims exclusively within the three-year period, but instead has claims falling *both* within and outside that period, while choosing to pursue only those claims falling within the three-year period, it appears that her counsel would be committing malpractice by not zealously pursuing the aggregate interests of his client. Naputi's counsel has essentially already conceded that a majority of his client's claims are time-barred without even litigating the issue. Accordingly, under such circumstances it is impossible for Applicant Naputi or her counsel to

Page 5
Julie Babauta Santos v. Felix P. Camacho et al.,
Civil Case No. CV04-00006
Reply to Christina M.S. Naputi's Opposition to Applicant
Charmaine R. Torres's Motion for Leave to Intervene
Case 1:04-cv-00006   Document 67   Filed 08/02/2004   Page 6 of 11

adequately represent individuals, like Applicant Torres, with claims falling both within and outside the purported three-year statute of limitations.

## II. NAPUTI'S ATTACKS ON APPLICANT TORRES'S COUNSEL ARE MERITLESS

Rather than taking the high road and sticking with the applicable (and correct) facts and law, it is clear that both Applicant Naputi and her counsel have chosen to continue resorting to underhanded attacks in a plan to acquire a tactical advantage in this lawsuit. Since the filing of her motion to intervene on June 29, 2004, Naputi has launched attack after attack on Petitioner Santos, her counsel, and this Court. *See* Ex. D attached to Petitioner's 7/26/04 Amended Opposition (describing the settlement negotiated by Petitioner Santos's counsel as "thoughtless," "ham-handed" and "unfair"); Naputi 7/30/04 Reply at 2 (accusing counsel for Petitioner of "act[ing] in concert with the opposing party"); Ex. A attached to the Declaration of Ignacio C. Aguigui submitted concurrently herewith (KUAM news broadcast reporting that counsel for Naputi states that he wants a new judge to sit on the case because he "doesn't believe Judge Manibusan has the experience with class action lawsuits other federal judges in the Ninth Circuit have"); Naputi 6/29/04 Motion and 7/30/04 Reply (requesting Article III judge to hear Naputi's motion to intervene).

Naputi and her counsel have found another target – counsel for Applicant Torres. In a desperate attempt to cast doubt and suspicion on Applicant Torres's motion to intervene, Applicant Naputi alleges – falsely, recklessly, and in bad faith – that the partners in the firm representing Applicant Torres suffer from alleged conflicts of interest prohibiting their participation in this case.[2] Nothing could be further from the truth.

---

[2] Moreover, Naputi's baseless assertions are irrelevant in determining whether Applicant Torres is entitled to intervene under Rules 24 and 23.

Page 6
Julie Babauta Santos v. Felix P. Camacho et al.,
Civil Case No. CV04-00006
Reply to Christina M.S. Naputi's Opposition to Applicant
Charmaine R. Torres's Motion for Leave to Intervene

Case 1:04-cv-00006   Document 67   Filed 08/02/2004   Page 7 of 11

Courts know that attempts to disqualify counsel are "often tactically motivated" while tending "to derail the efficient progress of the litigation." *Universal Bank, N.A. v. Marvel (In Re Marvel)*, 251 B.R. 869, 871 (Bankr. N.D. Cal. 2000). They are subject to strict judicial scrutiny because they are often brought for an "improper purpose." *Id.* at 872 (motion to disqualify improper when brought as a "pre-emptive" strike, to make challenged counsel's actions more difficult, and to discourage counsel from taking further action in the litigation). Where, as here, an attempt to disqualify counsel is meritless, where it is brought solely for tactical reasons, and where it is brought in bad faith, sanctions are appropriate. *Optyl Eyewear Fashion Int'l Corp. v. Style Companies, Ltd.*, 760 F.2d at 1050-51. *See also Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1416 (9th Cir. 1990) (affirming sanctions imposed for frivolous motion to disqualify counsel), *cert. denied sub nom Lewis & Co. v. Thoeren*, 498 U.S. 1109 (1991). Moreover, sanctions are appropriate not only against the attorney moving for disqualification but also against his client. *Universal Bank*, 251 B.R. at 872. Sanctions serve to deter future improper conduct.

Here there can be no doubt that Naputi's attacks against Applicant Torres's counsel are meritless and brought in bad faith, solely for tactical reasons.

First, Naputi attacks John S. Unpingco, former Chief Judge of the District Court of Guam, and now a partner in Lujan Aguigui & Perez LLP. Relying on ABA Model Rule of Professional Conduct 1.12, Naputi alleges that Unpingco has a conflict because he "participated personally and substantially" in this action as a judge. The truth is that although Attorney Unpingco was a judge when this case was initially filed on February 12, 2004, his participation was insubstantial. *See* Declaration of John S. Unpingco ("Unpingco Decl.") submitted concurrently herewith. It was limited to the ministerial task of signing two (2) stipulated orders: (1) a stipulation dismissing the Attorney General as a Respondent from the case; and (2) a stipulated Scheduling Order and Discovery Plan. Attorney Unpingco held no hearings in the case, presided over no settlement discussions, and had no communications in connection with the case with any of the parties or their counsel. Accordingly, no conflict exists.

Page 7
Julie Babauta Santos v. Felix P. Camacho et al.,,
Civil Case No. CV04-00006
Reply to Christina M.S. Naputi's Opposition to Applicant
Charmaine R. Torres's Motion for Leave to Intervene

Case 1:04-cv-00006   Document 67   Filed 08/02/2004   Page 8 of 11

Second, Naputi attacks undersigned counsel, Ignacio C. Aguigui, on grounds that he is the former legal counsel to the Governor of Guam. Citing Model Rules 1.11 and 1.12 but relying on zero facts whatsover, Naputi argues that undersigned counsel is conflicted because (1) under Rule 1.12, an attorney is prohibited from representing another person in the "same or substantially related matter in which that person's interest are materially adverse to the interest of the former client"; and (2) under Rule 1.11 a former public officer or government employee cannot "represent a client in connection with a matter in which the lawyer participated personally and substantially as a public officer or employee." The short answer to this allegation is simple. Undersigned counsel left the Governor's Office in July of 2003. He could not have participated in this case because it was filed some seven months after he left office. Nor did undersigned counsel have any involvement whatsoever in the EIC issues at stake in this case, or any matters substantially related thereto, including the rendering of legal advice or the representation of the Governor or any other individual. *See* Declaration of Ignacio C. Aguigui submitted concurrently herewith. Accordingly, Naputi's attacks are baseless.

Not content with two meritless attacks against two members of the firm, Naputi next claims there is conflict involving David J. Lujan (another partner of the firm) and the leasing of office space in the Pacific News Building. Naputi somehow manages to think that a conflict exists because, as Naputi claims, David Lujan is "the owner of the Pacific News Building and leases a significant portion of the premises to the Governor's Offices." (Opp. at 14.) Again, this is another meritless accusation. David Lujan does not own the Pacific News Building. *See* Declaration of David J. Lujan ("Lujan Decl.") submitted concurrently herewith. The building is owned by a corporation, DNA, Inc., of which Attorney Lujan is a minority shareholder. Moreover, although the Governor's Office has previously leased space in the building,[3] the

---

[3] Indeed most of the Governor's Office moved back to the Governor's Office Complex in Adelup at the end of June 2004. Lujan Decl. ¶ 5.

Page 8
Julie Babauta Santos v. Felix P. Camacho et al.,
Civil Case No. CV04-00006
Reply to Christina M.S. Naputi's Opposition to Applicant Charmaine R. Torres's Motion for Leave to Intervene

relationship is obviously one in the nature of a landlord-tenant relationship. Moreover, it is a relationship between the Governor's Office and the corporate entity DNA, Inc., and not with Attorney Lujan personally. Any duties of DNA, Inc., as landlord under a lease agreement with the Governor's Office do not and could not affect the firm's representation of Applicant Torres in this action. Under the circumstances, there is no risk, much less a "significant risk," that the firm's representation of Charmaine R. Torres and the class she represents will be materially limited by the firm's responsibilities to "another client, a former client, or a third person or by the personal interests" of the firm or its lawyers, contrary to what Applicant Naputi mistakenly claims. ABA Model Rule. 1.7.

The last ludicrous claim by Applicant Naputi based on the purported operation of Model Rule 1.7 is that the firm has alleged conflicts because of its representation of the Guam Housing and Urban Renewal Authority ("GHURA") and the Guam Telephone Authority ("GTA"). This claim is demonstrably untrue. GHURA and GTA are autonomous government instrumentalities that have the authority under law to retain counsel in their own right, and are not dependent on the authorization of approval of the Governor of Guam.[4] The firm's responsibilities to GHURA and GTA do not pose any risk, much less a "significant risk," that its representation of Applicant Torres will be "materially limited," contrary to what Applicant Naputi erroneously argues. Moreover, the firm's responsibilities to GHURA and GTA do not extend to the Governor.

---

[4] *See* 12 GCA § 7104(e) (The [Guam Telephone] Authority shall have and exercise each and all of the following powers: ... (e) Enter into contracts and execute all instruments necessary or convenient in the exercise of its powers, adopt a seal, and sue or be sued in its own corporate name;...(i) Employ, retain or contract for the services of qualified managers, specialists or experts, as individuals or as organizations, to advise and assist its Board of Directors and employees...."; 12 GCA § 7107 (a) & (d) (empowering GTA board to "appoint ...an attorney, who shall serve at the pleasure of the Board" and "advise the Board and the General Manager on all legal matters to which the Authority is a party or in which the Authority is legally interested"); 12 GCA 5104(4) (empowering GHURA to "Enter into and execute contracts and instruments of every kind and nature, necessary or convenient to the exercise of its powers and functions"); 12 GCA § 5103(g) (empowering GHURA "employ or retain its own counsel and legal staff"); 48 U.S.C. § 1425d (Organic Act provision ratifying and confirming GHURA's enabling statute, including authority to retain counsel of its choice).

---

Page 9
Julie Babauta Santos v. Felix P. Camacho et al.,,
Civil Case No. CV04-00006
Reply to Christina M.S. Naputi's Opposition to Applicant
Charmaine R. Torres's Motion for Leave to Intervene

In light of the foregoing, Naputi's meritless attacks should be rejected,[5] and sanctions imposed on her and her counsel for the frivolous filing.

## CONCLUSION

Applicant Naputi's baseless, inaccurate, and flawed arguments compel summary rejection of her opposition and the imposition of sanctions. Applicant Torres respectfully asks this Court to grant her motion for leave to intervene.

Respectfully submitted this 2nd day of August, 2004.

LUJAN, AGUIGUI & PEREZ LLP

By: *[signature]*
IGNACIO C. AGUIGUI, ESQ.
*Attorneys for Charmaine R. Torres*

---

[5] In passing, Applicant Torres notes that if the relationships of all parties and their counsel were to be scrutinized, Applicant would be remiss in not directing the Court to the relationships and possible conflicts of counsel for Applicant Naputi. Applicant notes the matters raised in Petitioner Santos's filings. (*See* Petitioner's 7/26/04 Amended Opp. at 30.) In particular, the law partnership involving Mr. Van de Veld and the Attorney General merits discussion here. Applicant Torres is unaware of whether the partnership has been terminated, or whether it continues to this day in one form or another. Furthermore, even if the partnership has been terminated, it is unknown whether remuneration or other financial agreements or arrangements between the two subsist to this day.

Page 10
Julie Babauta Santos v. Felix P. Camacho et al.,,
Civil Case No. CV04-00006
Reply to Christina M.S. Naputi's Opposition to Applicant
Charmaine R. Torres's Motion for Leave to Intervene

Case 1:04-cv-00006    Document 67    Filed 08/02/2004    Page 11 of 11