**LUJAN AGUIGUI & PEREZ** LLP
Attorneys at Law
Pacific News Building, Suite 300
238 Archbishop Flores Street
Hagåtña, Guam 96910
Telephone (671) 477-8064/5
Facsimile (671) 477-5297

*Attorneys for Applicant for Intervention*
*Charmaine R. Torres*

FILED
DISTRICT COURT OF GUAM

AUG - 2 2004

MARY L. M. MORAN
CLERK OF COURT

(63)

# DISTRICT COURT OF GUAM

# TERRITORY OF GUAM

| | |
|---|---|
| JULIE BABAUTA SANTOS, individually, and on behalf of all those similarly situated,<br><br>Petitioner,<br><br>-vs-<br><br>FELIX P. CAMACHO, Governor of Guam; ART ILAGAN, Director of Department of Revenue and Taxation; LOURDES M. PEREZ, Director of Department of Administration; and GOVERNMENT OF GUAM,<br><br>Respondents.<br><br>CHARMAINE R. TORRES, on behalf of herself and all others similarly situated,<br><br>Applicant for Intervention. | CIVIL CASE NO. CV04-00006<br><br>**DECLARATION OF JOHN S. UNPINGCO** |

Julie Babauta Santos v. Felix P. Camacho et al.,
Civil Case No. CV04-00006
Declaration of John S. Unpingco

**ORIGINAL**

I, John S. Unpingco, declare as follows:

1. I submit this declaration in response to Christina Naputi's Opposition to Applicant Charmaine R. Torres's Motion for Leave to Intervene as a Plaintiff/Petitioner.

2. I am a member of the law firm of Lujan, Aguigui & Perez LLP. I served as Chief District Judge of the District Court of Guam from November 9, 1992, until April 30, 2004. After leaving this position, I joined Lujan, Aguigui & Perez LLP beginning June 1, 2004. Lujan, Aguigui & Perez LLP is counsel for Applicant for Intervention, Charmaine R. Torres, in this action.

3. It is my understanding that the Petition in this case was filed on February 12, 2004. My involvement in this case was minimal and ministerial and not substantial in any way. To the best of my recollection, during my tenure on the Court, I had no personal communications with any parties to the case or their counsel in connection with this case, either in court or out of court. I am absolutely certain that I was not involved in any settlement discussions in connection with the case.

4. I signed only two (2) orders in this case, both of which were stipulated, and involved no contact or personal communications with any of the parties or their counsel, to the best of my recollection.

5. On March 9, 2004, I signed an Order based on a Stipulation to Dismiss Douglas B. Moylan, Attorney General, As A Named Defendant. The Stipulation was executed by Michael F. Phillips on behalf of the Petitioner, and J. Basil O'Mallan III, on behalf of the Office of the Attorney General. This was a ministerial act on my part. I conducted no hearings in connection with the stipulation and had no personal communications with the parties or their counsel with respect to the Stipulation.

6. On April 30, 2004, I signed a Scheduling Order and Discovery Plan which was stipulated and submitted by Michael F. Phillips, and the Office of the Attorney General. Again, this was a ministerial act on my part. I conducted no hearing in connection with the Scheduling Order and Discovery Plan and personally had no communications with the parties or their counsel

Julie Babauta Santos v. Felix P. Camacho et al.,
Civil Case No. CV04-00006
Declaration of John S. Unpingco

with respect to this submission. My law clerks usually call counsel to discuss dates on the scheduling orders. After arriving at a date convenient to all counsel and the court's calendar, my law clerks usually make pen and ink changes to the proposed order and then submit the order to me for my signature and for me to initial changes, both of which I perfunctorily do.

I declare under penalty of perjury under the laws of Guam that the foregoing is true to the best of my knowledge and belief.

Executed this 2nd day of August, 2004, in Hagåtña, Guam.

JOHN S. UNPINGCO

Julie Babauta Santos v. Felix P. Camacho et al.,
Civil Case No. CV04-00006
Declaration of John S. Unpingco

Case 1:04-cv-00006   Document 69   Filed 08/02/2004   Page 3 of 3