**LUJAN AGUIGUI & PEREZ** LLP
Attorneys at Law
Pacific News Building, Suite 300
238 Archbishop Flores Street
Hagåtña, Guam 96910
Telephone (671) 477-8064/5
Facsimile (671) 477-5297

*Attorneys for Applicant for Intervention
Charmaine R. Torres*

# DISTRICT COURT OF GUAM

## TERRITORY OF GUAM

| | |
|---|---|
| JULIE BABAUTA SANTOS, individually, and on behalf of all those similarly situated,<br><br>Petitioner,<br><br>-vs-<br><br>FELIX P. CAMACHO, Governor of Guam; ART ILAGAN, Director of Department of Revenue and Taxation; LOURDES M. PEREZ, Director of Department of Administration; and GOVERNMENT OF GUAM,<br><br>Respondents.<br><br>CHARMAINE R. TORRES, on behalf of herself and all others similarly situated,<br><br>Applicant for Intervention. | CIVIL CASE NO. CV04-00006<br><br>**DECLARATION OF IGNACIO C. AGUIGUI** |

Page 1 of 2
Julie Babauta Santos v. Felix P. Camacho et al.,
Civil Case No. CV04-00006
Declaration of Ignacio C. Aguigui

ORIGINAL

I, Ignacio C. Aguigui, declare as follows:

1. I submit this declaration in response to Christina Naputi's Opposition to Applicant Charmaine R. Torres's Motion for Leave to Intervene as a Plaintiff/Petitioner.

2. Attached hereto as Exhibit A is a transcription of a KUAM news broadcast of June 30, 2004, obtained from the kuam.com website.

3. I am a member of the law firm of Lujan, Aguigui & Perez LLP, counsel for Applicant for Intervention, Charmaine R. Torres, in this action. Lujan Aguigui & Perez LLP was formed on or about January 1, 2003.

4. Applicant for Intervention Christina Naputi alleges that the firm has a conflict of interest in this action because of my previous employment as legal counsel in the Governor's Office in 2003. This allegation is untrue.

5. On or about March 23, 2003, I left the firm temporarily to assume the position as legal counsel in the Governor's Office. I returned to the firm in or about August 2003.

6. During my tenure as legal counsel, I was not involved in any way with respect to matters concerning the Earned Income Tax Credit ("EIC") issues that are at stake in this case, or any matters substantially related thereto, including the rendering of any legal advice to or the representation of the Governor in connection therewith. Indeed, this case was not even filed until February 12, 2004, some seven (7) months after I left my position in the Office of the Governor.

I declare under penalty of perjury under the laws of Guam that the foregoing is true to the best of my knowledge and belief.

Executed this 2nd day of August, 2004, in Hagåtña, Guam.

_____
IGNACIO C. AGUIGUI

# Exhibit A

Print this story

## Attorneys seek to intervene in EITC class action lawsuit

**by Ken Wetmore, KUAM News**
**Wednesday, June 30, 2004**

While the Guam Attorney General, the Camacho Administration and Attorney Mike Phillips have proclaimed the proposed Earned Income Tax Credit settlement as a win/win situation for all involved, it appears all involved may not see it that way. On Monday the law firm of Van de Veld, Shimizu, Canto & Fisher filed a motion to intervene in the class action lawsuit on behalf of their client, Christina Naputi.

Said that firm's partner Attorney Curtis Van del Veld, "We looked at the settlement that was announced and we were shocked that the settlement that was reached. It was, in our opinion, so substandard that we felt compelled to correct what we think is a very serious wrong being done to the people that are entitled to the Earned Income Tax Credit."

Van de Veld says while $0.50 on the dollar in past due EITC may be fine for Attorney Phillips' client, he believes it is completely unacceptable for his clients. It appears Van de Veld is not alone in seeking to intervene in the case. Attorney Rob Kutz says he and Attorney Lawrence Teker are also looking to represent parties interested in intervening in the case. "The difficulty that Mr. Teker and I have with this particular situation is that a settlement has been reached which has been tentatively approved by the magistrate judge - the federal judge - without any discovery without and any indication as whether or not the amount of the settlement correctly or even reasonably approximates how much money is due," he told KUAM News.

Kutz says he would also like to see a judge other than Federal Magistrate Joaquin Manibusan preside over the case. He continued, "I'm sorry to say that while I respect Judge Manibusan, I believe that this case should be heard by a completely disinterested federal judge who has no ties to Guam and does not have to be swayed by the political considerations that we have to deal with here."

Attorney Van de Veld is likewise requesting a new judge to hear the

case. He says he doesn't believe Judge Manibusan has the experience with class action lawsuits other federal judges in the ninth circuit have. He expressed his concerned that notifications about the settlement have only been published in a local newspaper, saying, "Since the transition of civil service at the military base to this outside contract with Raytheon, many people over the last eight years have had to leave Guam to find employment elsewhere. These are the same people that probably fit into this potential group of recipients."

Van de Veld additionally said he believes the Court should order that these people be notified by mail of the settlement.

This afternoon, Attorney General Douglas Moylan told KUAM News he doesn't care how many attorneys seek to intervene, as long as the $60 million payout stays the same. The AG says he believes other attorneys are seeing the $6 million contingency fee Attorney Phillips may receive in the settlement, and want a piece of the pie. The AG is unapologetic that the government got what he describes as a great deal. "That's our adversarial form of justice and it was up to the petitioner's counsel to adequately represent his class that he was purporting to represent, and I think there's equities on both sides," said Moylan.

Attorney Phillips was in court all of today and was unable to take part in an on-camera interview with KUAM News, but during a phone interview he said its to be expected other attorneys would try to intervene in the case. Phillips said, "It's interesting not a single attorney stepped forward in other class actions cases I've filed, but now with this settlement and a contingency award they are coming forward." Phillips also objected to the call for a different judge, saying it is really demeaning to say an off-island judge is needed.

Both Kutz and Van de Veld unabashedly say they will expect to be compensated with some sort of contingency fee, but both say the fact is those who are owed the Earned Income Tax Credit are receiving a raw deal in this settlement and encourage anyone who agrees with them and is owed the EITC to call their law offices.

**Copyright © 2000-2004 by Pacific Telestations, Inc.**

Print this story