VAN DE VELD SHIMIZU CANTO & FISHER
Attorneys At Law
Suite 101, Dela Corte Bldg.
**167 East Marine Corps Drive**
Hagåtña, Guam 96910
Office: (671) 472-1131
Facsimile: (671) 472-2886

Attorney for Petitioner/Intervenor:
**CHRISTINA MARIE SANTOS NAPUTI**

FILED
DISTRICT COURT OF GUAM
AUG - 3 2004
MARY L. M. MORAN
CLERK OF COURT

67

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT COURT OF GUAM

| | |
|---|---|
| JULIE BABAUTA SANTOS, Individually and on behalf of all those similarly situated, <br><br> Petitioner, <br><br> vs. <br><br> FELIX CAMACHO, Governor of Guam, ART ILAGAN, Director of Department of Revenue and Taxation, LOURDES M. PEREZ, Director of Department of Administration, and GOVERNMENT OF GUAM, <br><br> Respondents, <br><br> CHRISTINA M. S. NAPUTI, <br><br> Petitioner/Intervenor. | Civil Case No. CIV.04-00006 <br><br> **MEMORANDUM IN SUPPORT OF PETITIONER/ INTERVENOR CHRISTINA M.S. NAPUTI REQUEST FOR DISQUALIFICATION OF MAGISTRATE JUDGE AND REQUEST FOR JUDGE ANOINTED WITH <u>UNITED STATES CONSTITUTION</u>, <u>ARTICLE III</u>, STANDING.** <br><br> *Class Action* |


Santos, et al. v. Governor Camacho, et al., CHRISTINA M. S. NAPUTI, Petitioner/Intervenor
**MEMORANDUM IN SUPPORT OF PETITIONER/ INTERVENOR CHRISTINA M.S. NAPUTI REQUEST FOR DISQUALIFICATION OF MAGISTRATE JUDGE AND REQUEST FOR JUDGE ANOINTED WITH <u>UNITED STATES CONSTITUTION</u>, <u>ARTICLE III</u>, STANDING.**
Civil Case No. CIV04-00006                    Page 1

Case 1:04-cv-00006    Document 73    Filed 08/03/2004    Page 1 of 12

## STATEMENT OF FACTS

CHRISTINA M.S. NAPUTI, Petitioner for Intervention, here incorporates by this reference all the facts stated in her Declaration filed pursuant to 28 U.S.C. §144, as though such facts were set forth here in full. Plaintiff's complaint was filed in this action on February 12, 2004. Thereafter, the original parties agreed to submit this matter to the jurisdiction of a magistrate judge after being advised by the Magistrate Judge of the manner in which the case would proceed if the parties did not consent to the Magistrate Judge handling the case, i.e., that the matter would be assigned to a visiting district court judge. [See, *Minutes* filed May 27, 2004, prepared by Law Clerk Judith P. Hattori. A Notice of Availability of a United States Magistrate Judge was filed on June 15, 2004 after being executed by United States Designated Judge, Frances M. Tydingco-Gatewood. The consent shows on its face in handwriting that it was executed by the Attorney General of Guam on June 4, 2004, though it further purports to show a date of April 22, 2004 by type written matter. On June 17, 2004, the court by Magistrate Manibusan entered a *STIPULATED ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT.* On June 29, 2004, Christina M.S. Naputi filed her

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
Santos, et al. v. Governor Camacho, et al., CHRISTINA M. S. NAPUTI, Petitioner/Intervenor
**MEMORANDUM IN SUPPORT OF PETITIONER/ INTERVENOR CHRISTINA M.S. NAPUTI REQUEST FOR DISQUALIFICATION OF MAGISTRATE JUDGE AND REQUEST FOR JUDGE ANOINTED WITH <u>UNITED STATES CONSTITUTION</u>, <u>ARTICLE III</u>, STANDING.**
Civil Case No. CIV04-00006                                                          Page 2

Case 1:04-cv-00006    Document 73    Filed 08/03/2004    Page 2 of 12

Petition for intervention. Since that time, Magistrate Manibusan has acted on significant matters affecting the interests of the class and attempted to cure defects for the benefit of Attorney Michael Phillips.

## ARGUMENT

### 1. PETITIONER IS ENTITLED TO HAVE THE ISSUE OF HER INTERVENTION DECIDED BY A JUDGE ANOINTED WITH AUTHORITY UNDER UNITED STATES CONSTITITION, ARTICLE III.

Petitioner filed a petition for intervention and in that pleading requested the matter be presented to the attention of a Judge anointed with the protections of United States Constitution, Article III.

Denial of a motion to intervene made pursuant to Federal Rules of Civil Procedure, Rule 24(a), is a final and appealable order. Brotherhood Of R.R. Trainmen v. Baltimore & Ohio R.R., 331 U.S. 519, at 524, 67 S.Ct. 1387, at 1389, 91 L.Ed. 1646 (1947); Sellers v. United States, 709 F.2d 1469 (11th Cir. 1983); New York Chinese TV Programs, Inc. v. U.E. Enterprises, Inc., 996 F.2d 21 (2nd Cir. 1993). Petitioner Naputi presents a Petition asserting her right to intervene based in part on FRCP Rule 24(a). Petitioner Naputi has further

---

Santos, et al. v. Governor Camacho, et al., CHRISTINA M. S. NAPUTI, Petitioner/Intervenor
**MEMORANDUM IN SUPPORT OF PETITIONER/ INTERVENOR CHRISTINA M.S. NAPUTI REQUEST FOR DISQUALIFICATION OF MAGISTRATE JUDGE AND REQUEST FOR JUDGE ANOINTED WITH UNITED STATES CONSTITUTION, ARTICLE III, STANDING.**
Civil Case No. CIV04-00006                                              Page 3

Case 1:04-cv-00006   Document 73   Filed 08/03/2004   Page 3 of 12

demanded hearing before an Article III judge. Petitioner Naputi is entitled to have this Petition decided by an Article III judge.

The statutory authority for a Magistrate Judge to act is set forth in <u>Federal Rules of Civil Procedure</u>, <u>Rule 72</u>, which states:

> *Federal Rules of Civil Procedure Rule 72.*
>
> *(a) Nondispositive Matters. A magistrate judge to whom a pretrial matter not dispositive of a claim or defense of a party is referred to hear and determine shall promptly conduct such proceedings as are required and when appropriate enter into the record a written order setting ofrth the disposition of the matter. Within 10 days after being served with a copy of the magistrate judge's order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made. The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.*
>
> *(b) Dispositive Motions and Prisoner Petitions. A magistrate judge assigned without consent of the parties to hear a pretrial matter dispositive of a claim or defense of a party or a prisoner petition challenging the conditions of confinement shall promptly conduct such proceedings as are required. A record shall be made of all evidentiary proceedings before the magistrate judge, and a record may be made of such other proceedings as the magistrate judge deems necessary. The*

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
Santos, et al. v. Governor Camacho, et al., CHRISTINA M. S. NAPUTI, Petitioner/Intervenor
**MEMORANDUM IN SUPPORT OF PETITIONER/ INTERVENOR CHRISTINA M.S. NAPUTI REQUEST FOR DISQUALIFICATION OF MAGISTRATE JUDGE AND REQUEST FOR JUDGE ANOINTED WITH <u>UNITED STATES CONSTITUTION</u>, <u>ARTICLE III</u>, STANDING.**
Civil Case No. CIV04-00006                                    Page 4

Case 1:04-cv-00006   Document 73   Filed 08/03/2004   Page 4 of 12

*magistrate judge shall enter into the record a recommendation for disposition of the matter, including proposed findings of fact when appropriate. The clerk shall forthwith mail copies to all parties. A party objecting to the recommended disposition of the matter shall promptly arrange for the transcription of the record, or portions of it as all parties may agree upon or the magistrate judge deems sufficient, unless the district judge otherwise directs. Within 10 days after being served with a copy of the recommended disposition, a party may serve and file specific, written objections to the proposed findings and recommendations. A party may respond to another party's objections within 10 days after being served with a copy thereof. The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objections has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.*

Similarly, the jurisdiction is codified at 28 U.S.C. §636.

One reason that a district court should consider voiding a reference [of a matter] to a magistrate *sua sponte* is where the "rights of numerous parties not present before the court might be affected by the decision. See, Pacemaker Diagnostic Clinic of America v. Instromedix, Inc., 725 F.2d 53, 545 (9th Cir. 1984) (en banc) (Kennedy, J.).

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
Santos, et al. v. Governor Camacho, et al., CHRISTINA M. S. NAPUTI, Petitioner/Intervenor
**MEMORANDUM IN SUPPORT OF PETITIONER/ INTERVENOR CHRISTINA M.S. NAPUTI REQUEST FOR DISQUALIFICATION OF MAGISTRATE JUDGE AND REQUEST FOR JUDGE ANOINTED WITH UNITED STATES CONSTITUTION, ARTICLE III, STANDING.**
Civil Case No. CIV04-00006                                    Page 5

Case 1:04-cv-00006    Document 73    Filed 08/03/2004    Page 5 of 12

At the time of filing of Petitioner Naputi's petition for intervention, no class counsel existed. Further, little to no notice to persons who may be affected by the class has been given. While Magistrate Manibusan has attempted to assist the present parties in curing this glaring deficiency, the rights of numerous persons not present before the court might be affected by the decision of whether or not to grant intervention to Petitioner Naputi. The Magistrate should have sua sponte withdrawn from further proceedings on this matter at the time that Petitioner sought intervention and stayed proceedings hereunder until the Petition of Petitioner Naputi could be heard.

2. **THE DECLARATION OF PETITIONER NAPUTI RAISES OTHER ISSUES OF DISQUALIFICATION WHICH CAN ONLY BE DECIDED BY A JUDGE OTHER THAN MAGISTRATE JUDGE MANIBUSAN AND WHICH REQUIRES THE STAYING OF FURTHER PROCEEDINGS UNTIL DECIDED BY ANOTHER JUDGE.**

The test of whether disqualification of judge is required under statue is whether a reasonable person with knowledge of all facts would conclude that the judge's impartiality might reasonably be questioned. United States v. Wilkerson, 208 F.3d 794 (9th Cir. 2000), citing, United States v. Hernandez, 109 F.3d 1450, at 1453 (9th Cir. 1994). If the record of the matter display a deep-seated favoritism or antagonism that would make fair judgment impossible, the judge should disqualify himself/herself. United States v. Liteky, 510 U.S. 540, 551, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994).

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
Santos, et al. v. Governor Camacho, et al., CHRISTINA M. S. NAPUTI, Petitioner/Intervenor
**MEMORANDUM IN SUPPORT OF PETITIONER/ INTERVENOR CHRISTINA M.S. NAPUTI REQUEST FOR DISQUALIFICATION OF MAGISTRATE JUDGE AND REQUEST FOR JUDGE ANOINTED WITH UNITED STATES CONSTITUTION, ARTICLE III, STANDING.**
Civil Case No. CIV04-00006      Page 6

Case 1:04-cv-00006    Document 73    Filed 08/03/2004    Page 6 of 12

The bias or prejudice of a judge is to be raised pursuant to <u>28 U.S.C. §144</u>. Bias or prejudice of judge, which states:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

<u>28 U.S.C. §144. Bias or prejudice of judge</u>.

This provision requires that proceedings be stayed until the reasons for disqualification can be determined by another judge.

Reasons for disqualification are set forth in <u>28 U.S.C. §455, Disqualification of justice, judge or magistrate</u>, which requires:

> (a) Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:

Santos, et al. v. Governor Camacho, et al., CHRISTINA M. S. NAPUTI, Petitioner/Intervenor
**MEMORANDUM IN SUPPORT OF PETITIONER/ INTERVENOR CHRISTINA M.S. NAPUTI REQUEST FOR DISQUALIFICATION OF MAGISTRATE JUDGE AND REQUEST FOR JUDGE ANOINTED WITH <u>UNITED STATES CONSTITUTION</u>, <u>ARTICLE III</u>, STANDING.**
Civil Case No. CIV04-00006         Page 7

Case 1:04-cv-00006    Document 73    Filed 08/03/2004    Page 7 of 12

(1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of the disputed evidentiary facts concerning the proceeding;

(2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;

(3) Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;

(4) He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;

(5) He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:

(i) Is a party to the proceeding or an officer, director, or trustee of a party;

(ii) Is acting as a lawyer in the proceeding;

(iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;

Santos, et al. v. Governor Camacho, et al., CHRISTINA M. S. NAPUTI, Petitioner/Intervenor
**MEMORANDUM IN SUPPORT OF PETITIONER/ INTERVENOR CHRISTINA M.S. NAPUTI REQUEST FOR DISQUALIFICATION OF MAGISTRATE JUDGE AND REQUEST FOR JUDGE ANOINTED WITH UNITED STATES CONSTITUTION, ARTICLE III, STANDING.**
Civil Case No. CIV04-00006    Page 8

Case 1:04-cv-00006    Document 73    Filed 08/03/2004    Page 8 of 12

(c) A judge should inform himself about his personal and fiduciary financial interests, and make a reasonable effort to inform himself about the personal financial interests of his spouse and minor children residing in his household.

(d) For purposes of this section the following words or phrases shall have the meaning indicated:

(1) "proceeding" includes pretrial, trial, appellate review, or other stages of litigation;

(2) the degree of relationship is calculated according to the civil law system;

(3) "fiduciary" includes such relationships as are executor, administrator, trustee, and guardian;

(4) "financial interest" means ownership of a legal or equitable interest, however small, or a relationship as a director, adviser, or other active participant in the affairs of a party, except that:

(i) Ownership in a mutual or common investment fund that holds securities is not a "financial interest" in such securities unless the judge participates in the management of the fund;

(ii) An office in an educational, religious, charitable, fraternal, or civic organization is not a "financial interest" in securities held by the organization;

(iii) The proprietary interest of a policyholder in a mutual insurance company, of a depositor in a mutual savings association, or a similar

---

Santos, et al. v. Governor Camacho, et al., CHRISTINA M. S. NAPUTI, Petitioner/Intervenor
**MEMORANDUM IN SUPPORT OF PETITIONER/ INTERVENOR CHRISTINA M.S. NAPUTI REQUEST FOR DISQUALIFICATION OF MAGISTRATE JUDGE AND REQUEST FOR JUDGE ANOINTED WITH <u>UNITED STATES CONSTITUTION</u>, <u>ARTICLE III</u>, STANDING.**
Civil Case No. CIV04-00006                                          Page 9

Case 1:04-cv-00006   Document 73   Filed 08/03/2004   Page 9 of 12

proprietary interest, is "financial interest" in the organization only if the outcome of the proceeding could substantially affect the value of the securities.

(e) No justice, judge or magistrate shall accept from the parties to the proceeding a waiver of any ground for disqualification enumerated in subsection (b). Where the ground for disqualification arises only under subsection (a), waiver may be accepted provided it is preceded by a full disclosure on the record of the basis for disqualification.

(f) Notwithstanding the preceding provisions of this section, if any justice, judge or magistrate, or bankruptcy judge to whom a case has been assigned would be disqualified, after the matter was assigned to him or her, that he or she individually or as a fiduciary, or his or her spouse or minor child residing in his or her household, has a financial interest in a party (other than an interest that could be substantially affected by the outcome) disqualification is not required if the justice, judge, magistrate or bankruptcy judge, spouse or minor child as the case may be, divests himself or herself of the interest that provides the grounds for disqualification.

28 U.S.C. §455, Disqualification of justice, judge or magistrate.

In this matter Judge Manibusan's spouse is related to plaintiff's counsels to a degree of kinship unknown to Petitioner Naputi. Further, despite reason to disqualify himself due to Petitioner's Naputi's outstanding petition for intervention under FRCP Rule 24(a), and the Pacemaker, supra, decision,

Santos, et al. v. Governor Camacho, et al., CHRISTINA M. S. NAPUTI, Petitioner/Intervenor
MEMORANDUM IN SUPPORT OF PETITIONER/ INTERVENOR CHRISTINA M.S. NAPUTI REQUEST FOR DISQUALIFICATION OF MAGISTRATE JUDGE AND REQUEST FOR JUDGE ANOINTED WITH UNITED STATES CONSTITUTION, ARTICLE III, STANDING.
Civil Case No. CIV04-00006                                              Page 10

Case 1:04-cv-00006    Document 73    Filed 08/03/2004    Page 10 of 12

Magistrate Manibusan has remained active in this case and made orders designed to cure defects in representation of Attorney Phillips and to assist said counsel in being certified as Class Counsel.

The potential of Judge Manibusan attempting to curry favor for suggestion by this Republican Governor to the Republican President for nomination to fill the vacancy on the bench by causing the extremely gratuitous settlement for the government of Guam to be effectuated further raises questions of the Magistrate Judge's impartiality which raises an appearance of lack of impartiality.

## CONCLUSION

For all the foregoing reasons, this matter should be stayed until the disqualification of Magistrate Judge Manibusan can be determined by an <u>Article III</u> judge and the matter re-assigned to an Article III judge for further disposition.

Respectfully submitted: Tuesday, August 03, 2004.

VAN DE VELD SHIMIZU CANTO & FISHER

_[signature]_

Curtis C. Van de veld, Esq.
Attorneys for Petitioner/Intervenor
CHRISTINA M.S. NAPUTI

///

---

Santos, et al. v. Governor Camacho, et al., CHRISTINA M. S. NAPUTI, Petitioner/Intervenor
**MEMORANDUM IN SUPPORT OF PETITIONER/ INTERVENOR CHRISTINA M.S. NAPUTI REQUEST FOR DISQUALIFICATION OF MAGISTRATE JUDGE AND REQUEST FOR JUDGE ANOINTED WITH <u>UNITED STATES CONSTITUTION, ARTICLE III</u>, STANDING.**

Civil Case No. CIV04-00006                Page 11

Case 1:04-cv-00006   Document 73   Filed 08/03/2004   Page 11 of 12

# CERTIFICATE OF SERVICE

I, CURTIS C. VAN DE VELD, certify that I caused a copy of the foregoing document here filed, to be served on counsel for the parties on August 3, 2004, via hand delivery at the following address:

Counsel For Petitioner

Michael F. Phillips, Esq.
Phillips & Bordallo, P.C.
410 West O'Brien Drive
Hagåtña, Guam 96910

Ignacio C. Aguigui, Esq.
Aguigui, Lujan & Perez
Suite 501, Pacific News Building
238 Archbishp Flores Street
Hagåtña, Guam 96910

Counsel for Repondents

Douglas B. Moylan, Esq.
Office of the Attorney General of Guam
Suite 2-200E, Guam Judicial Center
120 West O'Brien Drive
Hagåtña, Guam 96910

Respectfully submitted: this  03 AUGUST 04  .

VAN DE VELD SHIMIZU CANTO & FISHER

_____
Curtis C. Van de veld, Esq.
Attorneys for Petitioner/Intervenor
CHRISTINA M.S. NAPUTI

CCV:ccv
VSCF/EITC Clients/CV001543
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
Santos, et al. v. Governor Camacho, et al., CHRISTINA M. S. NAPUTI, Petitioner/Intervenor
**MEMORANDUM IN SUPPORT OF PETITIONER/ INTERVENOR CHRISTINA M.S. NAPUTI REQUEST FOR DISQUALIFICATION OF MAGISTRATE JUDGE AND REQUEST FOR JUDGE ANOINTED WITH <u>UNITED STATES CONSTITUTION</u>, <u>ARTICLE III</u>, STANDING.**

Civil Case No. CIV04-00006                                Page 12