

The Law Offices of
# PHILLIPS & BORDALLO
A Professional Corporation
410 West O'Brien Drive, Suite 102 Hagåtña, Guam 96910-5044
Tel: (671) 477-ABCD (2223) • Fax: (671) 477-2FAX (2329)
" I Erensia, Lina'la', Espiritu-ta"

FILED
DISTRICT COURT OF GUAM
OCT 25 2004
MARY L. M. MORAN
CLERK OF COURT

Attorneys for Petitioners

## DISTRICT COURT OF GUAM
## TERRITORY OF GUAM

| | |
|---|---|
| JULIE BABAUTA SANTOS, *et al.*, <br><br> Petitioners, <br><br> vs. <br><br> FELIX A. CAMACHO, etc., *et al.*, <br><br> Respondents. | CIVIL CASE NO. 04-00006 <br><br> **PETITIONERS' MOTION FOR ORDERS APPROVING THE ADMINISTRATION PLAN AND AMENDED NOTICE AND FOR ORDERS ESTABLISHING THE FAIRNESS HEARING DATE AND OBJECTION AND OPT OUT DATE, AND VACATING THE APRIL 30, 2004 SCHEDULING ORDER** |

The Petitioner, individually and on behalf of all those similarly situated (hereinafter "EIC Class"), through her attorneys of record and interim class counsel, Phillips and Bordallo, P.C., by Michael F. Phillips, moves the Court for an order granting approval of the Plan of EIC Settlement Administration (the "Administration Plan"), attached hereto as Exhibit "A," and the Amended Notice, attached hereto as Exhibit "B,"

and for orders establishing the Fairness Hearing Date for February 25, 2005 and an Objection and Opt Out Date of January 25, 2005, and vacating this Court's scheduling order issued on April 30, 2004.

This Motion is based on the Memorandum of Points and Authorities filed concurrently herewith, the exhibits attached hereto, the record before the Court, and all other arguments and evidence that this Court may otherwise permit.

Respectfully submitted this 25th day of October, 2004.

PHILLIPS & BORDALLO, P.C.
Attorneys for Petitioner

By: _____
Michael F. Phillips



The Law Offices of
# PHILLIPS & BORDALLO
A Professional Corporation
410 West O'Brien Drive, Suite 102 Hagåtña, Guam 96910-5044
Tel: (671) 477-ABCD (2223) • Fax: (671) 477-2FAX (2329)
" I Erensia, Lina'Ia', Espiritu-ta"

Attorneys for Petitioners

**DISTRICT COURT OF GUAM**
**TERRITORY OF GUAM**

| | |
|---|---|
| JULIE BABAUTA SANTOS, et al., <br><br> Petitioners, <br><br> vs. <br><br> FELIX A. CAMACHO, etc., et al., <br><br> Respondents. | CIVIL CASE NO. 04-00006 <br><br> **ADMINISTRATION PLAN** |

### PLAN OF EIC SETTLEMENT ADMINISTRATION

### INTRODUCTION

The following Plan of EIC Settlement Administration (the "Administration Plan") defines the recovery achieved for Guam taxpayers who qualify as EIC Class Members, outlines the proposed plan for calculations and payments to individuals, sets out methods used to identify EIC Class Members, and lists the duties and responsibilities of the Department of Revenue and Taxation, and counsel for the parties. All matters relating to the Administration Plan are subject to further orders as the Court may issue.

# BACKGROUND AND EIC SETTLEMENT FUND

## I. BACKGROUND

On June 17, 2004, the Court signed an order granting preliminary approval of a Settlement Agreement entered into between the parties in the above-referenced case. The Settlement Agreement called for payment by the Respondents of sixty million dollars ($60,000,000) in several installments and the creation of an EIC Settlement Fund for the benefit of EIC Class Members. Section V. of the Settlement provides in part that:

> The EIC Settlement Fund shall be administered by the Department of Revenue and Taxation under the supervision and direction of the Court. The Department of Revenue and Taxation shall submit quarterly reports to all parties signing this Agreement, including the Petitioner regarding the administration of the EIC Settlement Fund.

Pursuant to the Order and direction of the Court, this Administration Plan is submitted to the Court for approval. The Administration Plan specifies: (1) the source, custodian, and uses of the EIC Settlement Fund; (2) the duties of the parties, including the Department of Revenue and Taxation; (3) the plan of allocation of the EIC Settlement Fund among EIC Class Members; and (4) provisions governing distribution to EIC Class Members.

This Administration Plan, together with subsequent Court orders, if any, will enable the parties to fulfill their responsibilities by maximizing the return to EIC Class Members filing proper claims while maintaining the integrity of the EIC Settlement Fund and expediting payments to EIC Class Members.

## II. EIC SETTLEMENT FUND

### A. Source

Respondents agreed to pay sixty million dollars ($60,000,000) in several installments: (1) an initial installment of three million dollars ($3,000,000), paid within thirty (30) days of the preliminary approval of the Settlement Agreement; (2) a second through twelfth installments, each consisting of at least one million five hundred forty-five thousand four hundred fifty-four dollars and fifty-four cents ($1,545,454.54), each month for eleven (11) months following the first installment, for a total of seventeen million dollars ($17,000,000); and (3) a thirteenth through twentieth installments, each consisting of at least five million dollars ($5,000,000), on or before June 30th of each subsequent year, beginning on June 30, 2006 and ending June 30, 2013.

### B. Custodian

The EIC Settlement Fund shall be a separate sub-account within the Income Tax Reserve Fund established pursuant to Section 50102 of Title 11 of the Guam Code Annotated. The custodian of the EIC Settlement Fund shall be the Director of Revenue and Taxation. The custodian shall be authorized to hold such funds and process the payment of claims to qualified EIC Class Members and other fees and costs in accordance with this Administration Plan, the terms of the Settlement Agreement, and under the direction and supervision of the Court. All funds paid into the EIC Settlement Fund shall not be subject to any transfer authority of the Governor.

C. Use of Fund

The EIC Settlement Fund shall be available to pay refundable earned income tax credits to Qualified EIC Class Members as provided in this Administration Plan, the terms of the Settlement Agreement, and as directed and ordered by the Court.

Upon receipt of each installment of part or all of the Settlement Amount, ten percent (10%) of said installment, or such other percentage approved by the Court, shall be set aside for the payment of attorneys' fees as the Court in its discretion may direct.

## ADMINISTRATION ORGANIZATION

### I. ADMINISTRATION OVERVIEW

The Department of Revenue and Taxation will carry out the Plan of Settlement Administration, under the supervision and direction of the Court. The Director of Revenue and Taxation will utilize existing resources within the Department to implement the Administration Plan to (A) identify and locate EIC Class Members; (B) obtain earned income tax credit qualifying information regarding EIC Class Members; (C) prepare a Claim Form requiring the pertinent information necessary to determine refundable earned income tax credit qualification; (D) provide Claim Forms to located EIC Class Members; and (E) distribute recovery payments to Qualified EIC Class Members.

### II. DUTIES AND RESPONSIBILITIES

A. Duties

The Department of Revenue and Taxation, under the direction of its Director, will administer the relief provided by this Administration Plan by resolving claims in a

4

rational, responsive, cost-effective, and timely manner, subject to the supervision and orders of the Court.

B. Reports

The Department of Revenue and Taxation shall submit quarterly reports to counsels for the parties regarding the administration of the EIC Settlement Fund, including all disbursements to Qualified EIC Class Members and disbursements for the payment of attorneys' fees.

III. **PROJECTED COSTS**

The projected costs for the administration of the EIC Settlement Fund, set out below, includes estimated costs: (A) to identify EIC Class Members and prepare for Settlement Administration; (B) for the provision of notices to the EIC Class Members; and (C) to process claims. All such costs shall be the responsibility of the Government of Guam.

**Personnel:**

| | | |
|---|---:|---:|
| Salary | $375,020 | |
| Overtime | 100,000 | |
| Benefits | 115,369 | $590,389 |
| **Operation:** | | |
| Software Program Development | $200,000 | |
| Postage Expenses (10yrs.) | 75,000 | |
| Printing of Forms | 65,000 | $340,000 |
| **Supplies:** | | |
| Xerox Papers | $20,000 | |

5

| | | |
|---|---|---|
| Envelopes | 10,000 | |
| Ink Cartridges | 15,000 | $45,000 |
| **TOTAL** | | **$975,389** |

## ALLOCATION OF EIC SETTLEMENT FUND

### I. PLAN OF ALLOCATION OF EIC SETTLEMENT FUND

A. <u>Responsibility</u>

The Department of Revenue and Taxation shall oversee the processing and payment of Claims of Qualified EIC Class Members and other obligations set forth in this Section, subject to the supervision and orders of the Court.

B. <u>Attorneys' Fees</u>

Upon application by Counsel for the EIC Class and approval of the Court, ten percent (10%) of each installment paid into the EIC Settlement Fund, or such other percentage as approved by the Court, shall be immediately available for the payment of attorneys' fees.

C. <u>Payments to the Settlement Fund</u>

The Respondents will make payments to the EIC Settlement Fund in twenty installments as provided in the Settlement Agreement:

(1) Following the first installment payment of three million dollars ($3,000,000), two million seven hundred thousand dollars ($2,700,000) (exclusive of the portion allocated for attorneys' fees), or such other amount as directed by the Court, will be used for distribution to Qualified 1996 EIC Class Members, as defined below.

(2) Following the second through twelfth installments, each consisting of one million five hundred forty-five thousand four hundred fifty-four dollars and fifty-four cents

($1,545,454.54), one million three hundred thirteen thousand six hundred thirty-six dollars and thirty-six cents ($1,313,636.36) (exclusive of the portion allocated for attorneys' fees), or such other amount as directed by the Court, plus any amount of the EIC Settlement Fund (exclusive of the portion allocated for attorneys' fees) remaining after each previous distribution, will be used for distribution to Qualified EIC Class Members, as defined below.

(3) Following the thirteenth through twentieth installments, each consisting of at least five million dollars ($5,000,000), four million five hundred thousand dollars ($4,500,000) (exclusive of the portion allocated for attorneys' fees), or such other amount as directed by the Court, plus any amount of the EIC Settlement Fund (exclusive of the portion allocated for attorneys' fees) remaining after each previous distribution, will be used for distribution to qualified EIC Class Members.

D. <u>Individual Distributions: Eligibility/Distribution</u>

To be eligible for refundable earned income tax credit payments, an EIC Class Member must validate and return a completed Earned Income Tax Credit Settlement Claim Form ("**Claim Form**"). The Claim Form will require EIC Class Members to provide information necessary to determine whether they qualified or qualify for refundable earned income tax credits for any or all of tax years 1996, 1998, 1999, 2000, 2001, 2002, and 2003, including information related to qualifying children for each applicable tax year.

The Claim Form will also require EIC Class Members to provide information necessary to validate the refundable earned income tax credits claimed by EIC Class Members for each applicable tax year.

7

Within fifteen (15) days after the Effective Date of the Settlement, as defined in the Settlement Agreement, a **Notice** (identified as the "Second Notice" under the Settlement Agreement) including instructions and procedures to complete and file the Claim Form will be mailed along with the Claim Form to each potential EIC Class Member.

The Notice will direct the EIC Class Member to complete, validate and return the Claim Form within one (1) year from the date of the Notice. The Notice will inform the EIC Class member that failure to complete, validate and return the Claim Form within the time period specified will be deemed a voluntary renunciation and abandonment by the EIC Class Member of any right to qualify for payment under the Settlement Agreement. EIC Class Members who timely file a completed Claim Form and satisfy all requirements to participate in the Settlement recovery shall be designated as "**Qualified EIC Class Members**".

In addition to the foregoing, the Notice will inform EIC Class Members claiming refundable earned income tax credits for tax year 1996, that in order to participate on a *pro rata* basis in the disbursement of the first installment, or two million seven hundred thousand dollars ($2,700,000) (exclusive of the portion allocated for attorneys' fees), or such other amount as directed by the Court, such members must complete, validate and return the Claim Form within forty-five (45) days of the date of the Notice.

E. Payments to Qualified EIC Class Members for Tax Year 1996

Payments shall be made under this Section to Qualified EIC Class Members whose Claims relate to refundable earned income tax credits for tax year 1996, and

8

whose Claim Forms have been filed within forty-five (45) days of the date of the Notice sent to EIC Class Members ("**Qualified 1996 EIC Class Members**").

The first installment of two million seven hundred thousand dollars ($2,700,000) (exclusive of the portion allocated for attorneys' fees), or such other amount as directed by the Court, shall be distributed pro rata (equally) to Qualified 1996 EIC Class Members within sixty (60) days of the date of the Notice. Payments to Qualified 1996 EIC Class Members shall be in an amount not to exceed the amount payable to such members based on the Initial Payment Rate, as defined below. If the distributions fail to equal the amount payable to such members based on the Initial Payment Rate, the second and subsequent installments, if necessary, or portions thereof, shall be distributed to Qualified 1996 EIC Class Members until such members are compensated based on the Initial Payment Rate.

Upon return of a Claim Form by EIC Class Members for tax year 1996 and verification of the Claim by the Department of Revenue and Taxation, and within the time period and terms as provided in this Section, a check will be issued in the name of the Qualified 1996 EIC Class Member and mailed to the address of record.

F. <u>Payments to Qualified EIC Class Members</u>

Payments shall be made under this Section to Qualified EIC Class Members whose Claims relate to refundable earned income tax credits for tax years 1996, 1998, 1999, 2000, 2001, 2002 and 2003, and whose Claim Forms have been filed within one (1) year of the date of the Notice sent to EIC Class Members ("**Claim Period**"). Payments made under this Section shall include those made to Qualified EIC Class Members who are not Qualified 1996 EIC Class Members pursuant to Section E above.

9

Immediately following the payments to Qualified 1996 EIC Class Members under Section E above, the available funds in the EIC Settlement Fund, if any, or the available funds after each subsequent installment in accordance with the Settlement Agreement and this Administration Plan, exclusive of the portion allocated for attorneys' fees, shall be distributed to Qualified EIC Class Members. The amount paid to each Qualified EIC Class Member shall be determined by multiplying the Initial Payment Rate or the Revised Payment Rate, as applicable, by the refundable earned income tax credit claimed by each Qualified EIC Class Member for each applicable tax year. For example, if a Qualified EIC Class Member is entitled to a refundable earned income tax credit in the amount of $500 for tax year 1998, and the applicable Payment Rate is 55%, the amount to be distributed to such member is $275.

Upon return of a Claim Form by a Qualified EIC Class Member and verification of the Claim by the Department of Revenue and Taxation, and subject to the availability of funds in the EIC Settlement Fund, a check will be issued in the name of the Qualified EIC Class Member and mailed to the address of record.

The priority of payments under this Section, subject to Sections G and H below, shall be (a) first to Qualified EIC Class Members for tax year 1996; (b) second to Qualified EIC Class Members for tax year 1998; and (c) then to Qualified EIC Class Members for each subsequent year beginning with tax year 1999 and ending with tax year 2003.

G. <u>Priority; Offsets; Audits</u>

No priority shall be given to any EIC Class Member based upon hardship or any other criteria not otherwise approved by the Court. Any payments of refundable earned

10

income tax credits to EIC Class Members made prior to the Effective Date of the Settlement Agreement and in excess of the amount otherwise payable pursuant to this Administration Plan, shall be off-set against all other Claims made by such member pursuant to the Settlement Agreement and this Administration Plan.

Unless otherwise prohibited by applicable law, if any EIC Class Member has an outstanding tax liability prior to the payment of any Claim made by such Member pursuant to the Settlement Agreement and this Administration Plan, then such Claim or Claims shall be reduced by the amount of the applicable tax liability.

No provision in this Administration Plan shall be intended to prohibit the Department of Revenue and Taxation from conducting an audit of the income tax returns and supplemental filings of any EIC Class Member otherwise permitted by applicable law.

H. Additional Payments Based On Revised Payment Rate

Notwithstanding the priority for payments established above in Sections F and G, immediately following the approval by the Court of a Revised Payment Rate (after the expiration of the Claim Period), the available funds in the EIC Settlement Fund, if any, or the available funds after each subsequent installment in accordance with the Settlement Agreement and this Administration Plan, exclusive of the portion allocated for attorneys' fees, shall be distributed to Qualified EIC Class Members who received payments based on the Initial Payment Rate, in such amounts necessary to fully compensate such members based on the Revised Payment Rate, as further provided in Section II.B of this Administration Plan.

11

I. Final Payment

After the Qualified EIC Class Members are compensated for refundable earned income tax credits based on the Revised Payment Rate, all available funds in the EIC Settlement Fund, including available funds after the last installment pursuant to the Settlement Agreement and this Administration Plan, exclusive of the portion allocated for attorneys' fees, shall be distributed to Qualified EIC Class Members in equal proportion based on each member's Claim for refundable earned income tax credits for each applicable tax year; provided, however, that the total payments from the EIC Settlement Fund shall not exceed one hundred percent (100%) of each member's Claim for refundable earned income tax credits for each applicable tax year. Any remaining funds in the EIC Settlement Fund shall be transferred to the Income Tax Reserve Funds to be used in accordance with the law applicable to the administration of such fund, or as otherwise directed by the Court.

## II. DISTRIBUTION TO QUALIFIED EIC CLASS MEMBERS

An EIC Class Member becomes a **Claimant** by completing, validating and timely returning a Claim Form to the Department of Revenue and Taxation. A Claimant becomes a Qualified 1996 EIC Class Member or Qualified EIC Class Member who may participate in distributions from the EIC Settlement Fund upon acceptance of the Claim Form and its validation by the Department of Revenue and Taxation, or as otherwise provided by the Court.

A. Locating EIC Class Members

Potential EIC Class Members will be identified and located by a review of the reported income and filing status of Guam income tax returns filed beginning with tax

12

year 1996, and then tax years 1998, 1999, 2000, 2001, 2002, and 2003. The Notice and Claim Form will be mailed to the last mailing address available under the following priority: (1) receipt of a Notice of Current Address Form for the EIC Class Member; and (b) the mailing address from the EIC Class Member's most recent filed Guam income tax return.

In addition, within fifteen (15) days after the Effective Date of the Settlement, the Department of Revenue and Taxation will publish a "General Notice of Claim Period" in a local newspaper of general circulation informing EIC Class Members who cannot be located to file a Notice of Current Address so that the Notice and Claim Form can be forwarded to the EIC Class Member. The Department of Revenue and Taxation and EIC Class Counsel will make the Notices, Claim Forms and Notice of Current Address Forms available to potential EIC Class Members upon request.

B. Payment Rate

Within fifteen (15) days after the "Objection and Opt Out Date", the Department of Revenue and Taxation shall determine the **"Initial Payment Rate"**, to be agreed upon by the parties and subject to the approval of the Court. The Initial Payment Rate shall be determined by comparing the Settlement Amount of sixty million dollars ($60,000,000) with the estimated total refundable earned income tax credits for all of the applicable tax years. The estimated total refundable earned income tax credits shall be projected based upon: (1) the best available information related to Guam income tax returns and earned income tax credit qualifications; (2) the qualifying standards applicable under the Guam Territorial Income Tax laws for each applicable tax year; (3) the assumption that all EIC Class Members not opting out will filed Claims within the

13

Claim Period; and (4) the number of EIC Class Members opting out of the class and foregoing participation in the EIC Settlement Fund. The Initial Payment Rate shall be *at least* fifty percent (50%).

Within thirty (30) days after the expiration of the Claim Period, the Initial Payment Rate shall be revised based on the total amount of Claims for refundable earned income tax credits received by the Department of Revenue and Taxation from Qualified EIC Class Members. The "**Revised Payment Rate**" shall be used (1) to calculate the amount from available funds to distribute to Qualified EIC Class Members who received payments for any applicable tax year prior to the date that the Revised Payment Rate is approved by the Court; and (2) to calculate the amount from available funds to distribute to Qualified EIC Class Members who did not receive payments for any applicable tax year prior to the date that the Revised Payment Rate is approved by the Court.

The amount to be distributed to Qualified EIC Class Members who received payments for any applicable tax year prior to the date that the Revised Payment Rate is approved by the Court shall be determined by: (1) multiplying the Revised Payment Rate by the refundable earned income tax credit claimed by each Qualified EIC Class Member for each applicable tax year and (2) subtracting the previous payment made to such members for each applicable tax year based on the Initial Payment Rate. For example, if a Qualified EIC Class Member claims $500 as a refundable earned income tax credit for tax year 1998, and received $275 for tax year 1998 based on the Initial Payment Rate (55%), the calculation of further payment based on a Revised Payment Rate of 75% would be as follows:

$500 X 75% = $375 - $275 = **$100**

The amount to be distributed to Qualified EIC Class Members who did not receive payments for any applicable tax year prior to the date that the Revised Payment Rate is approved by the Court shall be determined by multiplying the Revised Payment Rate by the refundable earned income tax credit claimed by each Qualified EIC Class Member for each applicable tax year.

## III. MISCELLANEOUS PROVISIONS

### A. Retention of Jurisdiction

The Court shall retain continuing jurisdiction over the parties and this Settlement for any and all purposes related to the Settlement including all rights, duties and obligations arising under the Settlement or the administration of the EIC Settlement Fund.

### B. Discharge of duties

Upon completion of the distributions called for in this Administration Plan, the Court will enter an order discharging the Department of Revenue and Taxation and all other parties from the responsibilities and duties set out in this Administration Plan.

## IV. DEFINITIONS

As used in this Administration Plan, in addition to any definitions elsewhere in this Administration Plan, the following terms shall have the meanings set forth below.

**Claimant** means a person who is an EIC Class Member and who has completed, verified and timely returned a Claim Form.

**Claim** means the amount of refundable earned income tax credit calculated or determined for each Qualified EIC Class Member for each applicable tax year as set forth in this Administration Plan.

**Claim Form** means the form(s) prepared by the Department of Revenue and Taxation to be forwarded to identified and located EIC Class Members pursuant to the terms of this Administration Plan. The Claim Form is also known as the "Earned Income Tax Credit Settlement Claim Form."

**Claim Period** means the one (1) year period beginning on the date of the Notice sent to EIC Class Members pursuant to the terms of this Administration Plan, informing such members of the procedures and information required to file a Claim for refundable earned income tax credits pursuant to the Settlement Agreement.

**Initial Payment Rate** means the percentage of recovery of refundable earned income tax credits to be established within fifteen (15) days after the "Objection and Opt Out Date."

**Notice** means the notice that will be sent to EIC Class Members within fifteen (15) days after the Effective Date of the Settlement, to include instructions and procedures to complete and file the Claim Form.

**Notice of Current Address Form** is a form which EIC Class Members can use to provide the Department of Revenue and Taxation of their current address.

**Qualified EIC Class Member** means a Claimant who has satisfied all requirements to participate in the Settlement recovery, including a Qualified 1996 EIC Class Member.

**Qualified 1996 EIC Class Member** means Qualified EIC Class Member for tax year 1996 who has satisfied all requirements to participate in the Settlement recovery to include the initial installment amount provided under this Administration Plan.

16

**Revised Payment Rate** means the revised percentage of recovery of refundable earned income tax credits to be established within thirty (30) days after the expiration of the Claim Period.

UNITED STATES DISTRICT COURT
OF GUAM
CIVIL NO. CIV04-00006

JULIE BABAUTA SANTOS, individually, )
and on behalf of all those similarly situated, )
)
Petitioner, )
)
vs. )
FELIX A. CAMACHO, Governor of Guam, )
ART ILAGAN, Director of Department of )
Revenue and Taxation, LOURDES M. )
PEREZ, Director of Department of )
Administration; and GOVERNMENT OF )
GUAM, )
Respondents. )
_____ )

# AMENDED NOTICE OF CLASS ACTION AND PROPOSED SETTLEMENT

**To:** **All individuals who filed Guam income tax returns and qualified for earned income tax credits for any or all of tax years 1996, 1998, 1999, 2000, 2001, 2002 or 2003.**

This Notice is being provided pursuant to Federal Rules of Civil Procedure 23(c) and an Order of the United States District Court of Guam. The purpose of this Notice is to inform you of the proposed settlement of this class action litigation, and of the hearing to be held by the Court to consider the fairness, reasonableness and adequacy of the proposed settlement.

**Summary of the Lawsuit**. This lawsuit sought payment of refundable earned income tax credits for tax years 1996, 1998, 1999, 2000, 2001, 2002, and 2003 (the "applicable tax period"). This lawsuit has been preliminarily approved by the Court as a class action. The counsel for the petitioner and interim counsel for the class is Michael F. Phillips of Phillips & Bordallo, P.C. The counsel for the respondents is Douglas B. Moylan, Attorney General of Guam.

**Definition of the Class**. You are a member of the class if you (a) filed Guam income tax returns and (b) were and are entitled to be paid refundable earned income tax credits under the Guam Territorial Income Tax and the Earned Income Program for any or all of the following tax years: 1996, 1998, 1999, 2000, 2001, 2002 and 2003.

**Proposed Settlement**. The petitioner and the Government of Guam reached a Settlement of this lawsuit. The Court preliminarily approved the Settlement. The Settlement will provide payments, before Court-ordered deductions, to you of approximately fifty percent (50%) or more of the estimated refundable earned income tax credits you may have claimed for the applicable tax period. The Settlement Amount is **$60 Million Dollars**. The Settlement Amount will be deposited into an EIC Settlement Fund as follows: At least $3 Million Dollars by July 17, 2004; at least $17 Million Dollars over eleven months following the first installment; and at least Five Million Dollars on or before June 30th of each subsequent year, beginning on June 30, 2006 and ending June 30, 2013. The Settlement also provides that the Government of Guam will fully implement the earned income tax program for tax years 2004 and beyond. Petitioner has filed a motion for attorney fees and court costs in the amount of ten percent (10%) of the Settlement Amount. You may file with the court any written objections to the motion by **January 25, 2005**. This Settlement, if approved by the Court, will release the Government of Guam from all further liability for refundable earned income tax credits to Class Members for the applicable tax period.

**Procedures Concerning the Settlement**. On **February 25, 2005**, at 10:00a.m., the Court will hold a hearing at the District Court of Guam to determine whether the Settlement is fair and reasonable and should be given Final Approval. A class member has the right to make an appearance through counsel if the member so desires.

**Objections to the Settlement and Requests for Exclusion**. If you believe the Court should not approve the Settlement, you may deliver or mail to the District Court written objections to the Settlement no later than **January 25, 2004**, together with evidence of qualification for earned income tax credits for any tax year within the applicable tax period. You may also appear at the hearing on Final Approval, provided, however, that no Class member shall be heard unless he or she complies with the requirements to file written objections. If you do **NOT** want to participate in the Settlement Amount of $60 Million Dollars, or if you want to pursue separate claims, you may request exclusion from the class by delivering to the Court a written request to opt out of the class by **January 25, 2004**. All objections and requests for exclusion shall be personally signed by the Class member and delivered to EIC Settlement, c/o Clerk of Court, 4th Floor, U.S. Courthouse, 520 West Soledad Avenue, Hagatna, Guam 96910.

**Participation in Settlement**. If you want to participate in the Settlement Amount of $60 Million Dollars, you do not have to take any action at this time. If the Settlement becomes final, you will be mailed a notice informing you of the information that must be provided to the Department of Revenue and Taxation and all other procedures necessary to obtain your portion of the Settlement Amount, including the completion and return of a Claim Form. Those who do NOT request exclusion will be bound by the judgment in this Class Action and by the Settlement if it becomes final. Any person who provides false information in an attempt to obtain a portion of the settlement will be prosecuted to the fullest extent of the law.

**Further Information**. For further details of this Settlement, you may request further information from the Department of Revenue and Taxation at Bldg. 13-1, Mariner Avenue, Tiyan, Guam, 96913, or visit the Attorney General of Guam's website at www.guamattorneygeneral.com; or call the Offices of Phillips & Bordallo at 477-2223.

PLEASE FOLLOW THE PROCEDURES SET OUT ABOVE. DO NOT CONTACT THE COURT FOR QUESTIONS ABOUT THE SETTLEMENT.