

The Law Offices of
# PHILLIPS & BORDALLO
A Professional Corporation
410 West O'Brien Drive, Suite 102 Hagåtña, Guam 96910-5044
Tel: (671) 477-ABCD (2223) • Fax: (671) 477-2FAX (2329)
" I Erensia, Lina'la', Espiritu-ta"



Attorneys for Petitioners



## DISTRICT COURT OF GUAM

## TERRITORY OF GUAM

CIVIL CASE NO. 04-00006

JULIE BABAUTA SANTOS, et al.,

Petitioners,

vs.

FELIX A. CAMACHO, etc., et al.,

Respondents.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITIONERS' MOTION FOR ORDERS APPROVING THE ADMINISTRATION PLAN AND AMENDED NOTICE AND FOR ORDERS ESTABLISHING THE FAIRNESS HEARING DATE AND OBJECTION AND OPT OUT DATE AND VACATING THE APRIL 30, 2004 SCHEDULING ORDER**

### I. INTRODUCTION

On February 12, 2004, Petitioner initiated this Class Action Petition for the recovery of unpaid refundable earned income tax refunds and to compel the full

1
Case 1:04-cv-00006    Document 81    Filed 10/25/2004    Page 1 of 8

implementation of the Earned Income Program. On March 11, 2004, Respondents filed an Opposition to the Class Action Petition. This Court issued an expedited Scheduling Order on April 30, 2004, and held a Scheduling Conference on May 26, 2004.

On June 14, 2004, shortly after the local media reported that the Camacho administration permitted one taxpayer to receive his 1998 Earned Income Tax Credit payment, the parties entered into a Settlement Agreement, subject to this Court's approval. The proposed Settlement Agreement created a settlement class, known as the "EIC Class," defined to include all persons who (a) filed Guam income tax returns and (b) were and are entitled to be paid refundable earned income tax credits under the Guam Territorial Income Tax and the Earned Income Program for any or all of the following tax years: 1996, 1998, 1999, 2000, 2001, 2002 and 2003.

The proposed Settlement Agreement provided for a Settlement Amount of Sixty Million Dollars ($60,000,000) to be made available by the Government of Guam to pay for claims made by members of the EIC Class and other fees and expenses in accordance with the Settlement Agreement.

The Government of Guam agreed to pay into an EIC Settlement Fund the amount of Three Million Dollars ($3,000,000) by July 17, 2004, and a total of Twenty Million Dollars ($20,000,000) by the end of June, 2005. Under the proposed agreement, the Government of Guam also agreed to pay an additional Forty Million Dollars ($40,000,000) over eight years into the fund, and to fully implement and pay refundable earned income taxes for tax years 2004 and beyond.

The parties filed a Consent to the Exercise of Jurisdiction by a United States Magistrate Judge on June 15, 2004. On June 17, 2004, this Court held a Settlement

Conference and issued a Stipulated Order Granting Preliminary Approval of Class Action Settlement. The stipulated order included the preliminary approval of the certification of the EIC Class. The stipulated order also required that the notice informing class members of the class action and the proposed settlement be published in local newspapers periodically for three weeks ending on July 9, 2004.

The stipulated order set a deadline of August 9, 2004 for class members to provide written objections to the settlement or to opt out of the EIC Class (the "Objection and Opt Out Date"). Finally, the stipulated order requested this Court set a hearing for final approval of the Settlement Agreement on a date approximately thirty (30) days after the Objection and Opt Out Date.

On June 22, 2004, this Court issued an Order scheduling the hearing on final approval of the Settlement Agreement for September 9, 2004. This Court issued an Order Approving Notice of Class Action and Proposed Settlement on June 24, 2004.

On July 29, 2004, Applicant for Intervention Christina M.S. Naputi filed a motion to intervene. On July 6, 2004, Applicant for Intervention Charmaine Torres filed a motion to intervene.

On July 14, 2004, Petitioners filed a Motion for an order appointing class counsel, or for an alternative order designating interim counsel; for an order preliminarily approving the granting of attorneys' fees; for an order approving additional notices to the proposed class members; and for an order continuing the fairness hearing and extending the Objection and Opt Out Date.

In conjunction with Petitioners' motion, Petitioners and Respondents executed and filed a stipulation of the parties regarding additional notices to the EIC Class,

extending the Objection and Opt Out Date, and continuing the hearing on final approval of the Settlement Agreement. The parties agreed to the continuance of the Fairness Hearing to November 9, 2004 and extension of the Objection and Opt Out Date to October 9, 2004. Pursuant to the stipulation, the parties also agreed that the Department of Revenue and Taxation, with the approval of the Court, would send an amended notice to all potential members of the EIC Class by August 9, 2004. Finally, the parties agreed that the amended notice would be published immediately at the Government of Guam's expense. The stipulation acknowledged that the Government of Guam failed to fully publish the original notice pursuant to the Stipulated Order Granting Preliminary Approval of the Class Action Settlement. The stipulation declared that the issuance of individual notices to members of the EIC Class regarding the class action and proposed settlement would be best for all parties involved.

On July 16, 2004, this Court vacated the original Objection and Opt Out Date of August 9, 2004 and the November 9, 2004 hearing date on final approval of the Settlement Agreement, pending resolution of two Motions for Intervention. This Court also appointed Michael F. Phillips as the interim counsel for the EIC Class. The order did not address the motion for preliminary approval of attorney fees.

After the submission of briefs by the parties and the two Applicants for Intervention, this Court issued an Order on August 5, 2004 denying the motions for intervention.

## II. PLAN OF EIC SETTLEMENT ADMINISTRATION

On or about September 8, 2004, Petitioners transmitted a draft Plan of EIC Settlement Administration and other supporting documents, including a draft stipulation

to establish the Objection and Opt Out Date and Fairness Hearing Date, to Respondents for their review. Respondents raised concerns regarding the ability of the Department of Revenue and Taxation to offset tax liabilities against Claims made under the Settlement Agreement, and the ability of the Department of Revenue and Taxation to conduct audits of income tax returns in conjunction with its role under the proposed Administration Plan. Both issues have been addressed in the Plan of EIC Settlement Administration submitted to this Court for its approval, attached as Exhibit "A to the Motion for Orders Approving the Administration Plan and Amended Notice And For Orders Establishing the Fairness Hearing Date and Objection and Opt Out Date" (the "Administration Plan").

As provided above, the Settlement Agreement called for payment by the Respondents of sixty million dollars ($60,000,000) in several installments and the creation of an EIC Settlement Fund for the benefit of EIC Class Members. Part A of Section V of the Settlement Agreement requires that this Court approve an Administration Plan to be agreed upon by the parties.

The Settlement Agreement required at a minimum that the Administration Plan address several issues, including, but not limited to: (1) the administration of the EIC Settlement Fund by the Department of Revenue and Taxation; (2) The procedure upon which the Department of Revenue and Taxation will identify members of the EIC Class and distribute Notices and Claim Forms for the processing of refundable earned income tax credits; (3) The procedure to administer the EIC Settlement Fund, including the determination of the Payment Rates to pay Claims under the Settlement Agreement; (4) the priority for the payment of Claims to EIC Class Members based on the applicable

tax years; and (5) other terms to carry out the Settlement Agreement or as required by this Court.

Consistent with the Settlement Agreement, the Administration Plan defines the recovery achieved for Guam taxpayers who qualify as EIC Class Members, outlines the proposed plan for calculations and payments to individuals, sets out methods used to identify and notify EIC Class Members regarding the procedure to institute Claims, and lists the duties and responsibilities of the Department of Revenue and Taxation, and counsel for the parties. All matters relating to the Administration Plan are subject to further orders as the Court may issue. The Plan of Settlement Administration is fair, reasonable, and in the best interest of EIC Class Members and should be approved by this Court.

### III. AMENDED NOTICE

For purposes of notifying the class, and consistent with the Settlement Agreement and the parties' previous agreement, Petitioners request that the Court approve the amended notice, attached hereto as Exhibit "B" to Petitioners' Motion, and require that the amended notice be published and mailed to potential class members on an individual basis, beginning immediately after the Court's approval.

The amended notice would clarify the existence of a motion for attorney fees, and class members' opportunity to provide objections to such a motion, as is required under Federal Rule of Civil Procedure 23(h). The amended notice would also refer to the appointment of Mr. Phillips as interim class counsel, clarify that the EIC Class has been preliminarily approved pursuant to this Court's issuance of the Stipulated Order Granting Preliminary Approval of Class Action Settlement on June 17, 2004, and refer

to the updated dates concerning the "Objection and Opt Out Date" and the hearing for final approval of the Settlement Agreement.

Petitioners request this Court approval of a procedure requiring that the amended notice be mailed by the Department of Revenue and Taxation to potential EIC Class Members by November 25, 2004. Potential EIC Class Members will be identified and located by a review of the reported income and filing status of Guam income tax returns filed beginning with tax year 1996, and then tax years 1998, 1999, 2000, 2001, 2002 and 2003. The amended notice will be mailed to the last mailing address from the EIC Class Member's most recent filed Guam income tax return.

Petitioners request this Court's approval of a procedure requiring that the amended notice be published, at the Government of Guam's expense, in both local newspapers immediately upon this Court's approval.

Consistent with the Settlement Agreement and the parties' previous agreement, and in order to provide potential class members with additional time to file objections or to opt out of the class, Petitioners request that this Court establish January 25, 2005 as the "Objection and Opt Out Date". Petitioners anticipate that with the amended notice published and individually sent by the Department of Revenue and Taxation by November 25, 2004, the class members will have at least sixty (60) days to provide written objections to the proposed settlement or to opt out of the class.

Finally, Petitioners request, consistent with the Settlement Agreement, that this Court schedule February 25, 2005 for the hearing on final approval of the Settlement Agreement, or such other date convenient to the Court.

## IV. SCHEDULING ORDER

On April 30, 2004, this Court issued an expedited scheduling order. Pursuant to the terms of the Settlement Agreement reached between the parties, the stipulations of the parties on record before this Court, and this Court's preliminary approval of the Settlement Agreement, Petitioner respectfully requests this Court vacate the scheduling order.

Respectfully submitted this 25th day of October, 2004.

PHILLIPS & BORDALLO, P.C.
Attorneys for Petitioners

By: _____
Michael F. Phillips