1  SHANNON TAITANO, ESQ.
   OFFICE OF THE GOVERNOR OF GUAM
2  Ricardo J. Bordallo Governor's Complex
3  Adelup, Guam  96910
   Telephone:    (671) 472-8931
4  Facsimile:    (671) 477-4826

5  RODNEY J. JACOB, ESQ.
   DANIEL M. BENJAMIN, ESQ.
6  CALVO AND CLARK, LLP
7  Attorneys at Law
   655 South Marine Drive, Suite 202
8  Tamuning, Guam  96913
   Telephone:    (671) 646-9355
9  Facsimile:    (671) 646-9403

10

11 Attorneys for *Felix P. Camacho, Governor of Guam*

12

13                IN THE UNITED STATES DISTRICT COURT

14                          DISTRICT OF GUAM

15

| JULIE BABAUTA SANTOS, et. al., | CIVIL CASE NO. 04-00006 |
|---|---|
| Petitioners, | |
| -v- | REQUEST FOR HEARING AND OBJECTION TO (1) PETITIONER'S MOTION FOR ORDERS APPROVING THE ADMINISTRATION PLAN AND AMENDED NOTICE; AND (2) THE ATTORNEY GENERAL OF GUAM'S MPA IN RESPONSE TO MOTION FOR ORDERS APPROVING ADMINISTRATION PLAN |
| FELIX P. CAMACHO, etc., et. al. | |
| Respondents. | |

23        The Governor of Guam, Felix P. Camacho, hereby objects to:  (1) Petitioner Julie

24 B. Santos' October 25, 2004 Motion to Approve the Administration Plan and Amended Notice;

25 and (2) the Memorandum of Points and Authorities in Response to Petitioner's Motion for Orders

26 Approving Administration Plan filed by the Attorney General, purportedly on behalf of the

27

28

Governor of Guam. The Governor also respectfully asks for the opportunity to submit a brief stating his concerns about the Plan and an opportunity to be heard by this Court.

The Governor has been deprived of any opportunity to make his concerns known on a matter of great public importance. On October 27, 2004, the Attorney General's office informed the Governor that it would obtain an extension until November 29, 2004 to respond to the proposed administration plan. (Declaration of Daniel M. Benjamin, Exh. D.) On November 8, 2004, the Governor learned that the Attorney General's office had not obtained such an extension. (Benjamin Decl., Exh. G.) Instead, the Attorney General filed a response to the Plan without consulting his client, the Governor. (*Id.*) As a result, the Governor has been deprived of the most basic right to have his interests and the interests of his office represented in a suit in which he is a named defendant.

Indeed, the Attorney General frankly admits that he has decided that he has no duty to consult with his client in this litigation. The Attorney General has taken this position even though it is contrary to an Order of the Guam District Court issued less than two weeks ago in the Proposal A litigation.[1] That Order held that a purported stipulated preliminary injunction would not be granted as the Attorney General appeared to be acting without the consent of the defendants he claimed to represent (the Legislature, the Governor, and the Election Commission). (Benjamin Decl. Exh. F at 3 (holding that "[i]t seems inappropriate to bind the Government of Guam to a stipulation and order where it appears that the AG may not be the government's counsel").)[2]

---

[1] These cases are *Merrill v. Guam Election Comm'n*, Dist. Ct. of Guam Case No. CV04-00046, and *Aguon-Schulte v. v. Guam Election Comm'n*, Dist. Ct. of Guam Case No. CV04-00045.

[2] The Attorney General's action are also contrary to an express ruling of the Guam Supreme Court, which back in February 2003 expressly told the Attorney General he could not act in litigation on behalf of government defendants without their consent. In the Guam Supreme

*Civil Case No. 04-00006*                    2
MR041108 382-00010[Obj.]

The issue of whether the Governor has a right to have independent counsel who will faithfully represent his interests in litigation is now before the Guam District Court in that Proposal A litigation. The Attorney General has filed a motion to strike the appearances of independent counsel for the Legislature and Governor. Given that this identical issue is already pending in those cases, it may make sense for the Court and parties to wait until that issue is determined before proceeding further in this case. Certainly, basic due process confirms the importance of either having the issue of who represents the Governor resolved in this Court or another before further proceedings are conducted.

In any case, the Attorney General's failure to disclose the nature of the Governor's "concerns" with this settlement—which are well known to the Attorney General—is outrageous. The Governor's "concerns" are that the contract that was entered into by the Acting Governor on the advice of the Attorney General is *illegal*—a fact that the Attorney General's office has partially conceded, though it makes no mention of it to the Court.

Guam law forbids any officer of the Government of Guam from involving "the government of Guam in any contract or other obligation, for the payment of money for any purpose, in advance of the appropriation made for such purpose." 5 G.C.A. § 22401(a)(3); *see Pangelinan v. Gutierrez*, 2003 Guam 13 (2003), *reconsidered in part on other grounds* 2004 Guam 16. Guam law also forbids the participation in any contract that requires the expenditure of non-appropriated funds. 5 G.C.A. § 22401(a)(2). The reason for this is that the Organic Act of

---

Court, the Attorney General attempted to assert the right to withdraw his clients' brief. His clients were the executive officers of the Government of Guam, including the Governor. The Supreme Court refused to permit the withdrawal of the brief until the Attorney General obtained the consent of the executive officers at issue. *See Pangelinan v. Guitierrez*, Sup. Ct. Case No. CVA 02-003 (Order 2/10/2003) at 1 ("On February 6, 2003, at the oral argument in this matter, the court ordered the Attorney General to submit the written consent of all named government parties to withdraw the brief. The Attorney General submitted such written consent on February 6, 2003. *Based upon the consent of all named government parties* the court hereby grants the Attorney General's motion to withdraw the brief.") (emphasis added).

*Civil Case No. 04-00006*                    3
MR041108 382-00010[Obj.]

Guam "expressly reserves for the Legislature the power to appropriate money." *Pangelinan*, 2003 Guam 13, at ¶15 (citing 48 U.S.C. § 1423j(a)).

Any violation of the Illegal Expenditures Act voids a contract and makes it unenforceable under Guam law. *Pangelinan*, 2003 Guam 13, at ¶25 ("If contracts violative of statutory prohibitions may be executed by government agencies and subsequently enforced, the power of the legislature and the processes of government itself would be undermined.") (quoting *Heyl & Patterson Int'l v. Rich Housing of Virgin Islands, Inc.*, 663 F.2d 419, 432 (3d Cir. 1981)); *see also Robert F. Simmons and Assocs. v. United States*, 360 F.2d 962, 965 (Ct. Cl. 1966) ("It is settled law that an agency of the Government cannot create a binding contract without the authority of an appropriation of funds from the Congress to cover the contract. If such an unauthorized contract is entered into, it is a nullity.") (applying identical U.S. law). Further, as the Attorney General admits in his November 8, 2004 filing, a knowing violation of 5 G.C.A. § 22401 subjects an officer to discipline and prosecution for the commission of a misdemeanor. (Attorney General's MPA at 3.)

The Attorney General's failure to disclose the potential illegality of the settlement contract is particularly outrageous because his own office *already stated that contract was illegal*. Specifically, it has advised the Governor that compliance with the portion of the contract calling for payment of the EITC in the future would "expose the Governor and our other clients to possible liability under 5 G.C.A. § 22401." (Benjamin Decl. Exh. C.)

Moreover, the Attorney General has failed to respond in full to the Governor's inquiries as to how the expenditure of $60 million in unappropriated funds under the settlement contract—$6 million of which goes to a single attorney—complies with Guam law. (Benjamin Decl. Exhs. A, B, E.) The Attorney General's rationalization was that the Governor can use unencumbered funds to pay final tax refund judgments under 48 U.S.C. § 1421i(h)(3). (Benjamin

*Civil Case No. 04-00006*
MR041108 382-00010[Obj.]

4

Decl. Exh. C.) However, this neither addresses the issue that the unencumbered funds in existence fall far short of the monthly payments required by the settlement contract, nor the fact that the power to pay a judgment for a tax refund does not include the power to contract for a judgment, especially one that pays $6 million in attorneys' fees (which is not even a tax refund). (Benjamin Decl. Exh. E.) Thus, the Governor is in the impossible situation of having legal counsel who not only will not take instructions or consult with him, but also will not address questions of whether that counsel caused his office to enter into a contract that violates civil and criminal statutory prohibitions under Guam law.

The Governor wishes to file a formal opposition to Petitioner's October 25, 2004 Motion as soon as possible. In that opposition, he will fully brief the issues raised herein, which he realizes were not previously raised with the Court by the Attorney General. He also wishes to fully respond to the Attorney General's filing, which he learned of only through inquiries by his legal counsel this morning after the Attorney General failed to advise the Governor of the filing. However, the Governor's new counsel first must have an opportunity to fully review the pleadings and to prepare the Governor's response.

//

//

//

//

//

//

//

//

1    The Governor therefore respectfully requests that the Court hold this matter in

2  abeyance until Monday, November 15, 2004 to permit the Governor's new counsel time to

3  prepare an opposition addressing the proposed administration plan. The Governor further

4  requests that hearings be held to address the issues that exist once briefing can be completed.

5  This would be consistent with a federal court's duty to protect the public interest in considering

6  any settlement of a class action. *See In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th

7  Cir. 2000). If the Court wishes to wait to address the issue of who may represent the Governor

8  pending determination of that identical issue in the cases of Proposal A litigation, the Governor

9  asks that the Court so inform the parties.

10       Dated this 9th day of November, 2004.

11                                    OFFICE OF THE GOVERNOR OF GUAM
                                     CALVO AND CLARK, LLP
12                                   Attorneys at Law

13

14

15  By: _____

16       **DANIEL M. BENJAMIN**

Case 1:04-cv-00006    Document 87    Filed 11/09/2004    Page 6 of 6