# MANTANONA
LAW OFFICE

GCIC Bldg., Suite 601B
414 West Soledad Avenue
Hagatna, Guam 96910
Telephone (671) 472-3666
Facsimile (671) 472-3668

FILED
DISTRICT COURT OF GUAM

NOV 2 4 2004

MARY L. M. MORAN
CLERK OF COURT



Attorney for **Lourdes M. Perez and Artemio B. Ilagan**

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF GUAM

| | |
|---|---|
| JULIE BABAUTA SANTOS, et. al., | ) Civil Case No. 04-00006 |
| Petitioners, | ) |
| | ) **DEFENDANTS PEREZ AND ILAGAN'S** |
| | ) **REQUEST FOR HEARING AND** |
| vs. | ) **OBJECTIONS TO (1) PETITIONER'S** |
| | ) **MOTION FOR ORDERS APPROVING THE** |
| FELIX P. CAMACHO, etc., et. al., | ) **ADMINISTRATION PLAN AND AMENDED** |
| | ) **NOTICE; AND (2) THE ATTORNEY** |
| Respondents. | ) **GENERAL OF GUAM'S MPA IN** |
| | ) **RESPONSE TO MOTION FOR ORDERS** |
| | ) **APPROVING ADMINISTRATION PLAN** |
| | ) |

Defendants Lourdes M. Perez, the Director of Administration and Artemio B. Ilagan, the Director of the Department of Revenue and Taxation hereby objects to: (1) Petitioner Julie B. Santos' October 25, 2004 Motion to Approve the Administration Plan and Amended Notice; and (2) the Memorandum of Points and Authorities in Response to Petitioner's Motion for Orders Approving Administration Plan filed by the Attorney General, purportedly on behalf of the Director of Administration and the Director of Revenue and Taxation. The Director of Administration and Director of Revenue and Taxation also respectfully asks for the opportunity to submit a brief stating their concerns about the Plan and an opportunity to be heard by this Court.

Julie B. Santos, et. al. v. Felix P. Camacho, etc., et. al
Defendants Request for Hearing and Objections
Page 1

Case 1:04-cv-00006    Document 92    Filed 11/24/2004    Page 1 of 7

Defendants Perez and Illagan, in their official capacities, do not feel that they are being adequately represented by the Attorney General's Office in this particular litigation. Further, they do not have the confidence in their representation and do not feel that their individual and departmental needs are addressed and protected. (See declarations of Defendant's Ilagan and Perez.) Further, Defendant Ilagan believes that there is clear conflict in his representation and sets forth his basis as contained in his declaration. (See Defendant Ilagan's declaration.) Defendant Ilagan believes that the Office of the Attorney General of Guam has currently set a priority in representing the interest the People as opposed to his interest as a party in the above entitled matter. Both parties expressed their disagreement with counsel in regards to their legal opinion as to the appropriateness of the settlement and their non-criminal liability for the actions called for in the settlement and administrative plan.

Since they do not believe they are adequately protected criminally and are not being advised properly in regards to their individual liability, they have sought their own legal counsel. Their representation and contact by the Attorney General's office as clients in regards to this matter has been minimal.

Indeed, the Attorney General frankly admits that he has decided that he has no duty to consult with his client in this litigation. The Attorney General has taken this position even though it is contrary to an Order of the Guam District Court issued less than two (2) weeks ago in the Proposal A litigation.[1] That Order held that a purported stipulated preliminary injunction would be granted as the Attorney General appeared to be acting without the consent of the defendants he claimed to represent (the Legislature, the

---

[1]    These cases are *Merrill v. Guam Election Comm'n*, Dist. Ct. of Guam Case No. CV04-00046, and *Aguon-Schulte v. Guam Election Comm'n*, Dist. Ct. of Guam Case No. CV-00045.

Julie B. Santos, et. al. v. Felix P. Camacho, etc., et. al
Defendants Request for Hearing and Objections
Page 2
Case 1:04-cv-00006    Document 92    Filed 11/24/2004    Page 2 of 7

Governor, and the Election Commission). (Benjamin Decl. Exh. F at 3 (holding that "[i]t seems inappropriate to bind the Government of Guam to a stipulation and order where it appears that the Attorney General may not be the government's counsel").)[2]

The issue of whether the Director of Administration and the Director of Revenue and Taxation has the right to have independent counsel who will faithfully represent his interests in litigation is now before the Guam District Court in that Proposal A litigation. The Attorney General has filed a motion to strike the appearances of independent counsel for the Legislature and Governor. Given that this identical issue is already pending in those cases, it may make sense for the Court and parties to wait until that issue is determined before proceeding further in this case. Certainly, basic due process confirms the importance of either having the issue of who represents the Directors resolved in this Court or another before further proceedings are conducted.

As stated previously, Defendants Perez and Ilagan are concerned about their own criminal liability in that of their employees. The Governor, in his request for hearing and objection filed November 9, 2004, briefly addresses the potential criminal liability as set forth in 5 GCA §22401.

Defendants Perez and Ilagan would like the Court to review the statute as said. 5 GCA §22401(a)(1)(2).

> (a)     No officer or employee of the government of Guam, including the Governor of Guam, shall:

---

[2] The Attorney General's action are also contrary to an express ruling of the Guam Supreme Court, which back in February 2003 expressly told the Attorney General he could not act in litigation on behalf of the government defendants without their consent. In the Guam Supreme Court, the Attorney General attempted to assert the right to withdraw his clients' brief. His clients were the executive officers of the Government of Guam, including the Governor. The Supreme Court refused to permit the withdrawal of the brief until the Attorney General obtained the consent of the executive officers at issue. *See Pangelinan v. Guitierrez*, Sup. Ct. Case no. CVA 02-003 (Order 2/10/2003) at 1 ("on February 6, 2003, at the oral argument in this matter, the court ordered the Attorney General to submit the written consent of all named government parties to withdraw brief. The Attorney General submitted such written consent on February 6, 2003. *Based upon the consent of all named government parties* the court hereby grants the Attorney General's motion to withdraw the brief.") (emphasis added).

Julie B. Santos, et. al. v. Felix P. Camacho, etc., et. al
Defendants Request for Hearing and Objections
Page 3

Case 1:04-cv-00006   Document 92   Filed 11/24/2004   Page 3 of 7

(1) Make or authorize any expenditure from, or create or authorize any obligation under, any appropriation or fund in excess of the amount available therein, or for other than an authorized purpose;

(2) Commence, continue, or proceed with any operational activity, construction, improvement, contract, or obligation without an appropriation or fund the payment thereof; or after any such appropriation or fund is exhausted;

Emphasis Added.

Aside from the liability set forth previously in the Governor's objection, more specifically in regards to 5 GCA§22401(a)(3), Defendants Perez and Ilagan are concerned about their liability under 5 CGA §22401(a)(2). The liability under this subsection is wholly separate and has not been addressed.

All parties in this matter agree that there is an Earned Income Tax Credit "Fund" though it is known the fund has no monetary resources. Defendants Perez and Ilagan asserts that the act of payment of the obligation with the appropriated funds is clearly illegal and would expose them to criminal liability. It is clear that in a reading of §22401(a)(2), that pursuant to the settlement they would be proceeding with operational activities of a fund by paying the obligation of said fund knowing the fund is exhausted which is clearly illegal.

Further, Defendants Perez and Ilagan hereby join in the objections set forth in the Governor's objection filed November 9, 2004.

Defendants Perez and Ilagan, and their Deputy Directors were not given any opportunity to review the proposed settlement agreement before it was entered. See Declarations of Defendants Ilagan and Perez and Joseph C. Manibusan. Defendants state that the settlement agreement was hurried and executed without a full and careful analysis by either department in regards to the feasibility and impact it would have on the

Julie B. Santos, et. al. v. Felix P. Camacho, etc., et. al
Defendants Request for Hearing and Objections
Page 4

Case 1:04-cv-00006    Document 92    Filed 11/24/2004    Page 4 of 7

1  Government. Both Defendants in regards to their departments have reviewed the

2  settlement agreement and the implications of implementing the administrative plan.

3  In regards to the Department of Administration, it is clear that the financial impact on

4  the Government of Guam would be enormous and detrimental to the overall operations of

5  the Government. The implementation of the plan will result eventually in the non-payment

6  of vendors, the failure to appropriate funds to government agencies which will jeopardize

7  the general operations of those departments. Lastly, the shortage of funds will eventually

8  lead to hardships and make shortage of funding for employee salaries for the Government

9  of Guam.

10  In regards to the Department of Revenue and Taxation, the implementation of the

11  plan will call for the reassignment of all the employees of the processing department to be

12  shifted to administer the plan. The successful implementation of the plan will lead the

13  Government of Guam to incur at a minimum an estimated $12 million dollars in interest

14  penalties owed to entitled taxpayers. Thus, the settlement rushed into by the Petitioner

15  and the Acting Governor will have long-term reaching and devastating effects to the

16  Government of Guam.

17  Defendants, Perez and Ilagan, along with the Governor wish to file a formal

18  opposition to Petitioner's October 25, 2004 Motion. In that opposition, they will fully brief

19  the issues raised herein, which they realize were not previously raised with the Court by

20  the Attorney General. They also wish to fully respond to the Attorney General's filing.

21  However, the Defendants' new counsel first must have an opportunity to fully review the

22  pleadings and to prepare the Defendants' response.

23  The Defendants' further request that hearings be held to address the issues that

24  exist once briefing can be completed. This would be consistent with a federal court's duty

25  to protect the interest in considering any settlement of a class action. *See In re Mego Fin.*

Julie B. Santos, et. al. v. Felix P. Camacho, etc., et. al
Defendants Request for Hearing and Objections
Page 5

Case 1:04-cv-00006    Document 92    Filed 11/24/2004    Page 5 of 7

*Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir. 2000). If the Court wishes to wait to address the issue of who may represent the Defendants' pending determination of that identical issue in the cases of Proposal A litigation, the Defendants' ask that the Court so inform the parties.

Dated this 24th of November, 2004.

MANTANONA LAW OFFICE
Attorney for **Lourdes M. Perez**
**and Artemio B. Ilagan**

_____
RAWLEN MT MANTANONA
A duly licensed employee

Julie B. Santos, et. al. v. Felix P. Camacho, etc., et. al
Defendants Request for Hearing and Objections
Page 6

Case 1:04-cv-00006    Document 92    Filed 11/24/2004    Page 6 of 7

# CERTIFICATE OF SERVICE

I, Rawlen M. T. Mantanona, do hereby certify that on the 24th day of November, 2004, caused the above Defendants Perez and Ilagan's Request for Hearing and Objections to (1) Petitioner's Motion for Orders Approving the Administration Plan and Amended Notice: and (2) the Attorney General of Guam's MPA in Response to Motion for Orders Approving Administration Plan to be served upon the UNITED STATES OF AMERICA by delivering and leaving one (1) copy of same at the offices of its attorneys of record, as follows:

Michael Phillips, Esq.
Phillips & Bordallo, P.C.
410 West O'Briend Drive
Hagatna, GU  96910

Shannon Taitano, Esq.
Office of the Governor of Guam

Douglas Moylan
Office of the Attorney General
Suite 2-200E, Guam Judicial Center
120 West O'Brien Drive
Hagatna, GU  96910

Rodney Jacob, Esq.
Calvo & Clark, LLP
655 S. Marine Corps Drive
Tamuning, GU  96913

Dated: November 24, 2004        MANTANONA LAW OFFICE

Attorney for **Lourdes M. Perez and Artemio B. Ilagan**

By: _____
RAWLEN M T MANTANONA
A duly licensed employee.

Julie B. Santos, et. al. v. Felix P. Camacho, etc., et. al
Defendants Request for Hearing and Objections
Page 7

Case 1:04-cv-00006    Document 92    Filed 11/24/2004    Page 7 of 7