**MANTANONA**
**LAW OFFICE**

GCIC Bldg., Suite 601B
414 West Soledad Avenue
Hagatna, Guam 96910
Telephone (671) 472-3666
Facsimile (671) 472-3668



Attorney for **Lourdes M. Perez and Artemio R. Ilagan**

# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF GUAM

| | |
|---|---|
| JULIE BABAUTA SANTOS, et. al., | Civil Case No. 04-00006 |
| Petitioners, | |
| vs. | **DECLARATION OF LOURDES M. PEREZ IN SUPPORT OF HER OBJECTION TO (1) PETITIONER'S MOTION FOR ORDERS APPROVING THE ADMINISTRATION PLAN AND AMENDED NOTICE; AND (2) THE ATTORNEY GENERAL OF GUAM'S MPA IN RESPONSE TO MOTION FOR ORDERS APPROVING ADMINISTRATION PLAN** |
| FELIX P. CAMACHO, etc., et. al., | |
| Respondents. | |

I, LOURDES M. PEREZ, declare that:

1. Declarant is the Director of the Department of Administration.

2. That as the Director of the Department of Administration, I am of the belief that the settlement and administration plan is impractical, illegal and will inevitably jeopardize the continual operation of the Government of Guam.

3. The settlement agreement in the administrative plan calls for the Government of Guam to pay the settlement with "unencumbered funds".

Julie B. Santos, et. al, v. Felix P. Camacho, etc., et. al.
Declaration of Lourdes M. Perez
Page 1

4. Due to the financial state of the government, there are no surplus funds or non-appropriated funds in the government, much less that could be used for the payment of this settlement agreement.

5. The Department of Administration in an effort to try to comply with the settlement agreement in the administrative plans has been taking and setting aside funding from "appropriated funds". This has been made possible by the monetary advances from Section 30 funds which are to be prorated and used for the operations of the Government of Guam for the year 2005. The use of these funds are taking away from the duly designated appropriations and governmental recipients. This act of withholding appropriated funds does have consequences. The results of the withholding of these appropriated funds are starting to be seen and felt in the operations of the government and will be seen more strongly felt as the fiscal year goes on.

6. The use in deduction of these appropriated funds will result in long reaching affects to the Government of Guam. The government will eventually be without resources to make payment for the use of the government utilities and vendors. Secondly, the government will not be able to make cash allotments to the other Government of Guam agencies duly appropriated, such as the Department of Education operations. This of course, will lead to hardships in the operations of those departments. Third, the inevitable result from the use of appropriated funds can lead to the Government of Guam's inability to meet payroll which will result in the reduction of work hours, the inability to make payroll and/or payless paydays.

7. The Declarant states that the settlement agreement was entered without her consent and without a fiscal impact analysis that was necessary to be conducted prior to agreement of such a plan. This is evidenced in the September 20, 2004 from the Director

Julie B. Santos, et. al, v. Felix P. Camacho, etc., et. al.
Declaration of Lourdes M. Perez
Page 2

Case 1:04-cv-00006   Document 94   Filed 11/24/2004   Page 2 of 3

8. The Declarant is also concerned in regards to her current actions as it may be deemed a criminal act in regards to spending or using appropriated funds for other purposes than declared by the legislature in violation of 5 GCA Division 2, Chapter 22. Further, the Declarant further believes it is improper and illegal for her to continue such actions as it would violate the budget bill, Public Law 27-106 and 107.

9. Declarant as a party does not feel her concerns are addressed and her rights are protected with her current attorney, the Attorney General of Guam. The Attorney General's office has been slow or unresponsive to her inquiries and concerns. Further, she along with the Governor disagrees with the Attorney General's opinion as to the legality of payment of the settlement agreement would not constitute a criminal act under 5 GCA Division 2, Chapter 22, Article 4.

I declare under penalty of perjury pursuant to the laws of the United States and of the Territory of Guam that the foregoing declaration is true and correct.

Executed this 23 day of November, 2004, in Hagatna, Guam.

LOURDES M. PEREZ
Director of Department of Administration
Government of Guam

SUBSCRIBED AND SWORN to before me this 23 day of November, 2004.

NOTARY PUBLIC



LISA M. BROADWAY
NOTARY PUBLIC
In and for Guam, U.S.A.
My Commission Expires: Nov. 25, 2007
P.O. Box 4835 Hagatna, GU 96932

Julie B. Santos, et. al, v. Felix P. Camacho, etc., et. al.
Declaration of Lourdes M. Perez
Page 3

Case 1:04-cv-00006  Document 94  Filed 11/24/2004  Page 3 of 3