**MANTANONA**
**LAW OFFICE**

GCIC Bldg., Suite 601B
414 West Soledad Avenue
Hagatna, Guam 96910
Telephone (671) 472-3666
Facsimile (671) 472-3668



Attorney for **Lourdes M. Perez and Artemio B. Ilagan**



# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF GUAM

| | |
|---|---|
| JULIE BABAUTA SANTOS, et. al., ) | Civil Case No. 04-00006 |
| ) | |
| Petitioners, ) | |
| ) | |
| vs. ) | **DECLARATION OF ARTEMIO B. ILAGAN IN SUPPORT OF HIS OBJECTION TO (1) PETITIONER'S MOTION FOR ORDERS APPROVING THE ADMINISTRATION PLAN AND AMENDED NOTICE; AND (2) THE ATTORNEY GENERAL OF GUAM'S MPA IN RESPONSE TO MOTION FOR ORDERS APPROVING ADMINISTRATION PLAN** |
| FELIX P. CAMACHO, etc., et. al., ) | |
| ) | |
| Respondents. ) | |
| ) | |

I, ARTEMIO B. ILAGAN, declare that:

1.  The Declarant is the Director of Revenue and Taxation.

2.  On Saturday, June 12, 2004, the Declarant was instructed by the Chief of Staff of the Lieutenant Governor's office to get the data in regards to the Earned Income Credit (EIC). That evening, the Declarant and his staff began to develop a "rough" estimate on a potential payment for the EIC for the years in question. The Declarant states that the $20 million dollar figure which is the basis for this settlement, was a "rough" estimate based upon the 1997 payout and the escalation of the number of taxpayers that seem to be eligible for the EIC. The Declarant believes this rough estimate was used to determine the final total settlement of $120 million dollars.

Declaration of Aretmio B. Ilagan
Page 1

3. On Sunday, June 13, 2004, at 3:00 p.m., the Declarant was called to the Lieutenant Governor's office to sign this settlement agreement. The Declarant never had an opportunity to review the settlement agreement, much less determine the impact on his office.

4. After execution of the settlement agreement, the Declarant was subsequently provided a copy of the agreement. Upon review, the Declarant and his staff submitted recommendations that they felt were vital for the implementation of the plan.

5. The Declarant further states that he is yet to implement the settlement and administrative plan. The reason for the failure to implement the settlement agreement is the impact it would have financially on his department and on the operations of the accounting processing side of the Department of Revenue and Taxation.

The Declarant states that if he implements the settlement it would entail the following: first, determining every potential member of the class. Secondly, seeing if every potential class member has filed a claim and exhausted administrative remedies in this matter. Third, the Department of Revenue and Taxation must determine if the members are entitled to a tax return. Fourth, that the Department must compare the claims with the previous tax returns to make sure they are consistent. Fifth, to determine whether an audit is necessary. Sixth, if the class member is entitled to a return from his claim then there must be a determination whether the claimant has any offsets owed to any of the Government of Guam departments.

6. The Declarant states that for him to comply with the order to make a payment available after three (3) months, he will be required to have his entire processing side of the Department of Revenue and Taxation work on this plan which will cause them not to address the timely returns owed to taxpayers. More importantly, the inability to address the returns on a timely manner will result in an estimated $12 million dollar interest penalty

to be paid to the entitled taxpayers. Further, the Declarant states that since the Department will be three (3) months behind the $12 million dollar interest penalty is not a total amount of interest penalty that will be owed and incurred by the Government of Guam. The Government of Guam will continually be behind and incurring further interests penalties until they are caught up.

7. Further, the Delcarant will state that even if the $1 million dollar appropriations are made as said forth in the settlement agreement that it would not alleviate the end result or the $12 million dollars in interest penalties.

8. The Declarant feels that his current counsel has a conflicting interest in this litigation. The Declarant feels that the Attorney General's office is more concerned in regards to representing the People's interest which are in conflict with the interests of the Department of Revenue and Taxation. It appears that the Attorney General's office is willing to settle this matter no matter what hardships and penalties will be incurred by the Department of Revenue and Taxation. Further, it seems to not be concerned of any possible criminal ramifications to the Declarant.

9. Further, the Declarant is not confident in the advice being provided to him. One of the attorneys representing the Declarant is Assistant Attorney General Steven Cohen. Assistant Attorney General Steven Cohen is the author of the opinion which initially rendered that the EITC did not apply to the Territory of Guam. The Declarant does not have faith in the Attorney General of Guam to protect his interest and those of the Department of Revenue and Taxation.

10. The Declarant feels that a conflict of interest exists in his representation by the Attorney General's office.

*ARTEMIO B. ILAGAN*
ARTEMIO B. ILAGAN
Director of Department of
Revenue and Taxation
Government of Guam

SUBSCRIBED AND SWORN to before me this 24th day of November, 2004.

NOTARY PUBLIC



LISA M. BROADWAY
NOTARY PUBLIC
In and for Guam, U.S.A.
My Commission Expires: Nov. 25, 2007
P.O. Box 4835 Hagåtña, GU 96932