



FILED
DISTRICT COURT OF GUAM

DEC - 6 2004

MARY L. M. MORAN
CLERK OF COURT

97

Office of the Attorney General
**Douglas B. Moylan**
Attorney General of Guam
Solicitor's Division
Guam Judicial Center, Suite 2-200E
120 West O'Brien Drive
Hagåtña, Guam 96910 ● USA
(671) 475-3324 ● (671) 472-2493 (Fax)
www.guamattorneygeneral.com ● law@mail.justice.gov.gu

**Attorneys for Respondents**

# IN THE DISTRICT COURT OF GUAM
# HAGÅTÑA, GUAM

| | |
|---|---|
| JULIE BABAUTA SANTOS, individually and on behalf of all those similarly situated,     )<br>)<br>) | Civil Case No. 04-00006 |
|     )<br>Petitioner,     )<br>) | **MOTION OF RESPONDENTS AND ATTORNEY GENERAL TO STRIKE** |
| vs.     )<br>) | **ENTRY OF APPEARANCE OF RAWLEN MT MANTANONA AND TO STRIKE ALL SUBSEQUENT DOCUMENTS** |
| FELIX P. CAMACHO, Governor of Guam; ART ILAGAN, Director of Department of Revenue and Taxation; LOURDES M. PEREZ, Director of Department of Administration; DOUGLAS B. MOYLAN, Attorney General of Guam; and GOVERNMENT OF GUAM,     )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **FILED HEREIN BY RAWLEN MT MANTANONA** |
|     )<br>Respondents.     )<br>) | |

**COMES NOW** the Respondents and Douglas B. Moylan, Attorney General of Guam, and

move the Court under Rule 11(a) & (b) of the Federal Rules of Civil Procedure ("FRCP") and Rule

19.1 of the General Rules of the District Court of Guam ("GR") to strike the ENTRY OF

Respondents' Motion to Strike Appearances of Rawlen MT Mantanona.
SANTOS v FELIX P. CAMACHO, et. al.
District Court of Guam Civil Case No. 04-00036

Case 1:04-cv-00006    Document 104    Filed 12/06/2004    Page 1 of 13

ORIGINAL

APPEARANCE of Rawlen MT Mantanona, Esq. and the Mantanona Law Office filed allegedly on behalf of Respondents Lourdes M. Perez and Artemio R. Ilagan on November 24, 2004, and to strike all other documents subsequently filed herein by the said Rawlen MT Mantanona, Esq. and the Mantanona Law Office, including but not limited to the following documents:

(i)   DEFENDANTS PEREZ AND ILAGAN'S REQUEST FOR HEARING AND OBJECTIONS TO (1) PETITIONER'S MOTION FOR ORDERS APPROVING THE ADMINISTRATION PLAN AND AMENDED NOTICE; AND (2) THE ATTORNEY GENERAL OF GUAM'S MPA IN RESPONSE TO MOTION FOR ORDERS APPROVING ADMINISTRATION PLAN, filed November 24, 2004;

(ii)  DECLARATION OF ARTEMIO B. ILAGAN IN SUPPORT OF: (1) MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO ATTORNEY GENERAL'S BRIEF; AND (2) MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO PETITIONER'S MOTION FOR APPROVAL OF THE ADMINISTRATION PLAN, filed November 24, 2004;

(iii) DECLARATION OF LOURDES M. PEREZ IN SUPPORT OF: (1) MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO ATTORNEY GENERAL'S BRIEF; AND (2) MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO PETITIONER'S MOTION FOR APPROVAL OF THE ADMINISTRATION PLAN, filed November 24, 2004;

(iv)  DECLARATION OF JOSEPH C. MANIBUSAN IN SUPPORT OF: (1) MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO ATTORNEY GENERAL'S BRIEF; AND (2) MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO PETITIONER'S MOTION FOR APPROVAL OF THE ADMINISTRATION PLAN, filed November 24, 2004.

///

///

///

Respondents' Motion to Strike Appearances of Rawlen MT Mantanona.
SANTOS v FELIX P. CAMACHO, et. al.
District Court of Guam Civil Case No. 04-00036

1    This motion is based upon the files and records herein, upon the declaration of

2    Robert M. Weinberg, and the following Memorandum of Points and Authorities.

3        **DATED** THIS 6th DAY OF December 2004.

4                                    OFFICE OF THE ATTORNEY GENERAL
5                                    **Douglas B. Moylan, Attorney General**

6                                    _____
                                     ROBERT M. WEINBERG
7                                    Assistant Attorney General
                                     Attorney for Respondents and
8                                    Attorney General Douglas B. Moylan

9

10                   **MEMORANDUM OF POINTS AND AUTHORITIES**

11                                      FACTS

12   •    **Appearance of Attorney General Douglas B. Moylan.**

13       This case was commenced on February 12, 2004 by a CLASS ACTION PETITION FOR

14   RECOVERY OF INCOME TAX REFUNDS OR IN THE ALTERNATIVE FOR A WRIT IN

15   THE NATURE OF MANDAMUS filed in this Court.  Thereafter, on March 11, 2004, the

16   Attorney General of Guam, Douglas B. Moylan, appeared as attorney of record for the

17   Respondents by filing an OPPOSITION TO CLASS ACTION PETITION FOR RECOVERY

18   OF INCOME TAX REFUNDS OR IN THE ALTERNATIVE FOR WRIT IN THE NATURE

19   OF MANDAMUS.  From that time until November 9, 2004, in accordance with FRCP 11(a) &

20   (b) and GR 19.1, all pleadings filed with the Court on behalf of the Respondents were signed by

21   an attorney in the Office of the Attorney General as attorney of record, and by no attorneys

22
     outside of the Office of the Attorney General.
23

24

25

Respondents' Motion to Strike Appearances of Rawlen MT Mantanona.
SANTOS v. FELIX P. CAMACHO, et. al.
District Court of Guam Civil Case No. 04-00036

- **Attempted Appearance by Rodney J. Jacob, Esq. and Daniel M. Benjamin, Esq. of Calvo & Clark, LLP, and Shannon Taitano, Esq. of the Office of the Governor of Guam.**

On November 9, 2004, Rodney J. Jacob, Esq. and Daniel M. Benjamin, Esq. of Calvo & Clark, LLP, and Shannon Taitano, Esq. of the Office of the Governor of Guam, ostensibly on behalf of Felix P. Camacho, Governor of Guam, filed an ENTRY OF APPEARANCE and other documents in this case.

- **Court's Order issued on November 12, 2004.**

On November 12, 2004, as a result of the filing of the above documents by Rodney J. Jacob, Esq. and Daniel M. Benjamin, Esq. of Calvo & Clark, LLP, and by Shannon Taitano, Esq. of the Office of the Governor of Guam, the Court entered the following Order in this case:

> On November 9, 2004, this case came before the Court on a Request for Hearing on Objection to (1) Petitioner's Motion for Orders Approving the Administration Plan and Amended Notice; and (2) the Attorney General of Guam's MPA in Response to Motion for Orders Approving Administration Plan, filed by Defendant, Felix P. Camacho, Governor of Guam. Although there may be questions as to the timing of such a request, the Court believes the Defendant should be heard. Accordingly, the Defendant is given until Wednesday, November 24, 2004 to file his Objections. Responses to said Objections will be filed by Wednesday, December 8, 2004. A hearing on the matter is scheduled for Friday, December 17, 2004 at 10:00 a.m.
>
> SO ORDERED this 12th day of November, 2004.

Thereafter, based on the above Order, Rodney J. Jacob, Esq. and Daniel M. Benjamin, Esq. of Calvo & Clark, LLP, and Shannon Taitano, Esq. of the Office of the Governor of Guam, filed other documents in this case on November 24, 2004.

Respondents' Motion to Strike Appearances of Rawlen MT Mantanona.
**SANTOS v FELIX P. CAMACHO, et. al.**
District Court of Guam Civil Case No. 04-00036

- **Attempted Appearance by Rawlen MT Mantanona, Esq. and the Mantanona Law Office.**

On November 24, 2004, the following documents were filed in this case by Rawlen MT

Mantanona, Esq. and the Mantanona Law Office:

(1) ENTRY OF APPEARANCE;

(2) DEFENDANTS PEREZ AND ILAGAN'S REQUEST FOR HEARING AND OBJECTIONS TO (1) PETITIONER'S MOTION FOR ORDERS APPROVING THE ADMINISTRATION PLAN AND AMENDED NOTICE; AND (2) THE ATTORNEY GENERAL OF GUAM'S MPA IN RESPONSE TO MOTION FOR ORDERS APPROVING ADMINISTRATION PLAN;

(3) DECLARATION OF ARTEMIO B. ILAGAN IN SUPPORT OF: (1) MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO ATTORNEY GENERAL'S BRIEF; AND (2) MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO PETITIONER'S MOTION FOR APPROVAL OF THE ADMINISTRATION PLAN;

(4) DECLARATION OF LOURDES M. PEREZ IN SUPPORT OF: (1) MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO ATTORNEY GENERAL'S BRIEF; AND (2) MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO PETITIONER'S MOTION FOR APPROVAL OF THE ADMINISTRATION PLAN;

(5) DECLARATION OF JOSEPH C. MANIBUSAN IN SUPPORT OF: (1) MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO ATTORNEY GENERAL'S BRIEF; AND (2) MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO PETITIONER'S MOTION FOR APPROVAL OF THE ADMINISTRATION PLAN.

The ENTRY OF APPEARANCE, item no. 1 above, is signed by "Rawlen MT

Mantanona, a duly licensed employee", and states that "Rawlen MT Mantanona, Esq. hereby

enters his appearance through the undersigned counsel on behalf of Defendants Lourdes M.

Respondents' Motion to Strike Appearances of Rawlen MT Mantanona.
SANTOS v. FELIX P. CAMACHO, et. al.
District Court of Guam Civil Case No. 04-00036

Perez and Artemio R. Ilagan, in the above entitled action and requests that the firm be served with all papers and notices filed in this matter".

- **No Withdrawal of Attorney or Substitution of Attorneys Filed.**

None of the documents filed in this case by Rawlen MT Mantanona, Esq. and the Mantanona Law Office have requested Attorney General Douglas B. Moylan to withdraw as attorney of record for Lourdes M. Perez or Artemio R. Ilagan, or stated that they desire Rawlen MT Mantanona, Esq. and the Mantanona Law Office to represent them in the case in lieu of Attorney General Douglas B. Moylan. No Notice of Withdrawal of Attorney General Douglas B. Moylan or Substitution of Attorneys, substituting Rawlen MT Mantanona, Esq. and the Mantanona Law Office for Attorney General Douglas B. Moylan, have been filed in this case. Moreover, no motion seeking Attorney General Douglas B. Moylan's withdrawal as attorney of record for Lourdes M. Perez or Artemio R. Ilagan has been filed herein.

Lourdes M. Perez is the Director of the Department of Administration and Artemio R. Ilagan is the Director of the Department of Revenue and Taxation. They were both appointed by Felix P. Camacho, Governor of Guam, and serve in the cabinet of Felix P. Camacho, Governor of Guam. The Order issued by the Court on November 12, 2004, does not apply to them.

## LEGAL DISCUSSION

- **Attorney General Douglas B. Moylan Remains Attorney of Record of Directors Perez and Ilagan.**

For the reasons discussed below, Attorney General Douglas B. Moylan remains the attorney of record of Director of Administration Lourdes M. Perez and Director of Revenue and Taxation Artemio R. Ilagan, to the exclusion of Rawlen MT Mantanona, Esq. and the Mantanona Law Office.

Respondents' Motion to Strike Appearances of Rawlen MT Mantanona.
**SANTOS v FELIX P. CAMACHO, et. al.**
District Court of Guam Civil Case No. 04-00036

- **The Entry of Appearance of Rawlen MT Mantanona, Esq. and the Mantanona Law Office violates 28 U.S.C. §1654 and GR 19.1.**

Section 1654 of Title 28, U.S.C., states that "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein". The applicable local rule of the District Court of Guam governing appearances, withdrawals and substitution of attorneys is GR 19.1.

Subsection (a) of GR 19.1 provides as follows:

> Whenever a party has appeared by an attorney, the party may not thereafter appear or act in his or her own behalf in the action, or take any steps therein, unless an order of substitution shall first have been made by the Court, after notice to the attorney of such party, and to all other parties; provided that the Court may in its discretion hear a party in open court, notwithstanding the fact that the party has appeared, or is represented by an attorney.

None of the safeguards set forth in subsection (a) of GR 19.1 have been followed here. No substitution has been obtained from Attorney General Douglas B. Moylan or been ordered by the Court, and neither Director of Administration Lourdes M. Perez nor Director of Revenue and Taxation Artemio R. Ilagan have appeared to be heard in open court as to their desires in this matter. The documents filed by Rawlen MT Mantanona, Esq. and the Mantanona Law Office are not an appearance in open court by Directors Perez and Ilagan.

Moreover, subsection (b) of GR 19.1 states that:

> When an attorney of record for any person ceases to act for a party, such party shall appear in person or appoint another attorney either: (1) by a written substitution of attorney signed by the party, the attorney ceasing to act, and the newly appointed attorney; or (2) by a written designation filed in the cause and served upon the attorney ceasing to act, unless said attorney is deceased, in which event the designation of a new attorney shall so state. Until such substitution is approved by the Court, the authority of the attorney of record shall continue for all proper purposes.

Respondents' Motion to Strike Appearances of Rawlen MT Mantanona.
**SANTOS v FELIX P. CAMACHO, et. al.**
District Court of Guam Civil Case No. 04-00036

Clearly, no substitution of attorneys has been filed in this case, whereby Attorney

General Douglas B. Moylan has withdrawn as attorney of record for Directors Perez and Ilagan,

in favor of Rawlen MT Mantanona, Esq. and the Mantanona Law Office.

Finally, subsection (c) of GR 19.1 provides:

> An attorney may withdraw from an action or proceeding only by leave of
> court for good cause shown, and after serving written notice reasonably in
> advance to the client and to all other parties who have appeared in the case.
> Leave to withdraw may be granted subject to the condition that subsequent papers
> may continue to be served on counsel for forwarding purposes or on the clerk of
> the Court, as the judge may direct, unless and until the client appears by other
> counsel or in propria persona, and any notice to the client shall so state and any
> filed consent of the client shall so acknowledge. The authority and duty of
> counsel of record shall continue until relieved by order of a judge issued
> hereunder.

Since Attorney General Douglas B. Moylan has not sought to withdraw as attorney of

record for Directors Perez and Ilagan, he remains their attorney of record under GR 19.1.

Lest there be any doubt on this issue, the Guam Rules of Professional Responsibility,

Rule 1.16(a)(3), state that an attorney shall continue to represent a party for whom he or she has

appeared until "the lawyer is discharged".

- **The Entry of Appearance of Rawlen MT Mantanona, Esq. and the
  Mantanona Law Office violates Guam Procurement Law.**

The Guam Procurement Law, in 5 G.C.A. §5121(b), provides that no contract for

services of legal counsel in the Executive Branch of the government of Guam shall be executed

without the approval of the Attorney General of Guam. The Office of the Attorney General of

Guam has no record of the Attorney General of Guam having approved any contract for legal

services covering the instant case with Rawlen MT Mantanona, Esq. and/or the Mantanona Law

Office. Accordingly, the aforesaid are not authorized under Guam law to represent Directors

Respondents' Motion to Strike Appearances of Rawlen MT Mantanona.
SANTOS v FELIX P. CAMACHO, et. al.
District Court of Guam Civil Case No. 04-00036

Perez and Ilagan in this case, and any funds disbursed by the Government of Guam as payment to the Rawlen MT Mantanona, Esq. or the Mantanona Law Office for services rendered in this case are unlawful and may recovered for the treasury of Guam.

- **The Entry of Appearance of Rawlen MT Mantanona, Esq. and the Mantanona Law Office violates the Responsibilities conferred on Attorney General Douglas B. Moylan by the Organic Act of Guam, the Laws of Guam, and Common Law.**

The Court is referred to pages 5 – 10 of the MEMORANDUM OF POINTS AND AUTHORITIES IN RESPONSE TO PETITIONER'S MOTION FOR ORDERS APPROVING ADMINISTRATION PLAN, ETC., filed herein by the Respondents on November 8, 2004, setting forth the position of the Attorney General of Guam regarding this point.

- **The Entry of Appearance of Rawlen MT Mantanona, Esq. and the Mantanona Law Office violates FRCP 11(a) & (b).**

FRCP 11(a) provides that every pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's individual name, and shall state the signer's address and telephone number, if any. Since Attorney General Douglas B. Moylan is the attorney of record of Directors Perez and Ilagan, the above documents signed and filed by Rawlen MT Mantanona, Esq. and the Mantanona Law Office were wrongful

FRCP 11(b) provides that "By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney ... is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances – (1) it is not being presented for any improper purpose ...." Clearly, Rawlen MT Mantanona, Esq. and the Mantanona Law Office have violated this prescription.

Respondents' Motion to Strike Appearances of Rawlen MT Mantanona.
**SANTOS v. FELIX P. CAMACHO, et. al.**
District Court of Guam Civil Case No. 04-00036

- **The Office of the Attorney General of Guam has cooperated with the Office of the Governor of Guam regarding the EITC.**

Although it is contended that the Office of the Attorney General has not cooperated with the Office of the Governor of Guam, or Directors Perez and Ilagan, regarding the EITC, the contention is not true.

Assistant Attorneys General Stephen A. Cohen and Robert W. Weinberg have met with attorneys for the Office of the Governor of Guam on two occasions since September 2004 at the offices of Calvo & Clark, LLP regarding the EITC. The first meeting occurred on September 10, 2004, at which Raymond L. Souza, Jr., Esq. of the Office of the Governor of Guam, and Rodney J. Jacob, Esq. and Daniel M. Benjamin, Esq. of Calvo & Clark were present. The second meeting occurred on October 19, 2004, at which Shannon Taitano, Esq. of the Office of the Governor of Guam, and Rodney J. Jacob, Esq. and Daniel M. Benjamin, Esq. of Calvo & Clark were present. The full range of issues concerning the EITC were discussed at these meetings.

Moreover, numerous telephone conversations occurred regarding the EITC, and the Office of the Attorney General transmitted to Rodney J. Jacob, Esq. and Daniel M. Benjamin, Esq. of Calvo & Clark, LLP, a draft of a proposed Answer and a draft of a proposed Motion to Dismiss in the other EITC case filed in this Court, *Charmaine R. Torres v. Government of Guam, Felix P. Camacho, Governor of Guam, et al*, Civil Case No. 04-00038. At their request, the Office of the Attorney General agreed to adopt, and did adopt, the MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF GOVERNOR OF GUAM'S MOTION TO DISMISS filed in the *Torres* case. *See*: Exhibits "J" & "K" attached to the DECLARATION OF RODNEY J. JACOB etc., filed November 24, 2004.

Respondents' Motion to Strike Appearances of Rawlen MT Mantanona.
SANTOS v FELIX P. CAMACHO, et. al.
District Court of Guam Civil Case No. 04-00036

1    At the request of Shannon Taitano, Esq. and Directors Perez and Ilagan, Deputy Attorney

2    General Charles Troutman prepared a Memorandum, dated October 13, 2004, addressing

3    concerns they expressed regarding the applicability of the Illegal Expenditures Act, 5 G.C.A.

4    §22401, to the various aspects of the Settlement Agreement. *See* Exhibit "C" of the

5    DECLARATION OF RODNEY J. JACOB etc., filed on November 24, 2004. Apparently, the

6    Office of the Governor of Guam has chosen to disregard the advice given.

7        Significantly, the technical concerns raised by Director Ilagan in his memorandum, dated

8    September 21, 2004, were addressed by Attorney General Douglas B. Moylan in his

9    MEMORANDUM OF POINTS AND AUTHORITIES IN RESPONSE TO PETITIONER'S

10   MOTION FOR ORDERS APPROVING ADMINISTRATION PLAN, ETC., filed on November

11   8, 2004.

12

13        •    **Motion to Strike Entry of Appearance and Subsequent Documents.**

14        For the reasons discussed above, the filing of the ENTRY OF APPEARANCE by

15   Rawlen MT Mantanona, Esq. and the Mantanona Law Office and the filing of the subsequent

16   documents herein were wrongful, as Attorney General Douglas B. Moylan is and remains the

17   attorney of record of Directors Perez and Ilagan, to the exclusion of Rawlen MT Mantanona,

18   Esq. and the Mantanona Law Office.

19        The Settlement Agreement being disputed was signed by the Acting Governor of Guam,

20   the Acting Director of the Department of Administration, and the Director of the Department of

21   Revenue and Taxation on behalf of the Executive Branch of the Government of Guam, and it is

22   binding on the Executive Branch. It has not been contended that the Acting Governor of Guam,

23   the Acting Director of the Department of Administration, or the Director of the Department of

24

25

Page 11

Respondents' Motion to Strike Appearances of Rawlen MT Mantanona.
**SANTOS v FELIX P. CAMACHO, et. al.**
District Court of Guam Civil Case No. 04-00036

Revenue and Taxation lacked the power or the right to sign the Settlement Agreement, or that they acted contrary to the instructions of Felix P. Camacho, Governor of Guam. In a press release on November 26, 2004, the Governor's spokesperson, Sean Gumataotao, stated that Felix P. Camacho, Governor of Guam, supported the Settlement Agreement when it was signed and only later withdrew his support.

Under the Organic Act of Guam, the laws of Guam and common law, Attorney General Douglas B. Moylan has the power, the right and the duty to determine litigation policy in this and other cases. A key aspect of litigation policy is that settlements once made, such as the Settlement Agreement here, can not be undone at a later date because certain individuals find them to be inconvenient. The Court should not countenance the attempt made here to undermine the Settlement Agreement by supplanting Attorney General Douglas B. Moylan's power to carry forward under the Settlement Agreement.

The Settlement Agreement provides for a fairness hearing to be conducted by the Court, at which the EITC claimants can express any objections to the Settlement Agreement. The Petitioner's motion now before the Court seeks approval of a date for the fairness hearing, as well as dates for the EITC claimants to opt-out of the Settlement Agreement and to file objections to the Settlement Agreement. Thus, the Settlement Agreement has built into it a process for addressing the objections raised in the documents filed by Rawlen MT Mantanona, Esq. and the Mantanona Law Office. Instead, an attempt is being made to short circuit this process through the so-called objections they have filed, which would deny to EITC claimants their right to be heard, although no motion to set aside the Settlement Agreement has been filed

Respondents' Motion to Strike Appearances of Rawlen MT Mantanona.
**SANTOS v FELIX P. CAMACHO, et. al.**
District Court of Guam Civil Case No. 04-00036

1    and no motion under FRCP 60(b) to vacate the Court's Order of June 17, 2004 preliminarily

2    approving the Settlement Agreement has been filed.

3 **CONCLUSION**

4       No motion has been filed in this case seeking the withdrawal of Attorney General

5    Douglas B. Moylan as attorney of record for Directors Perez and Ilagan, and no motions have

6    been filed in this case seeking to set aside the Settlement Agreement or to vacate the Court's

7    Order preliminarily approving the Settlement Agreement. The ENTRY OF APPEARANCE

8    filed by Rawlen MT Mantanona, Esq. and the Mantanona Law Office, and the subsequent

9    documents filed by them in this case, violate the provisions of law discussed above.

10   Accordingly, the motion of the Respondents and Attorney General Douglas B. Moylan to strike

11   the ENTRY OF APPEARANCE of Rawlen MT Mantanona, Esq. and the Mantanona Law

12   Office, and to strike all subsequent documents filed herein by them, should be granted.

13

14       **DATED** THIS 6th DAY OF _December_ 2004.

15

16                 OFFICE OF THE ATTORNEY GENERAL
                 **Douglas B. Moylan, Attorney General**

17

18                  ROBERT M. WEINBERG
                 Assistant Attorney General

19                  Attorney for Respondents and
                 Attorney General Douglas B. Moylan

20

21

22

23   F:AG_DATA\Solicitor\Cohen\ Santos Motion to Strike Appearance of Rawlen MT Mantanona.

24

25

Page 13

Respondents' Motion to Strike Appearances of Rawlen MT Mantanona.
**SANTOS v FELIX P. CAMACHO, et. al.**
District Court of Guam Civil Case No. 04-00036

Case 1:04-cv-00006     Document 104     Filed 12/06/2004     Page 13 of 13