

Office of the Attorney General
**Douglas B. Moylan**
Attorney General of Guam
Solicitor's Division
Guam Judicial Center, Suite 2-200E
120 West O'Brien Drive
Hagåtña, Guam 96910 • USA
(671) 475-3324 • (671) 472-2493 (Fax)
www.guamattorneygeneral.com • law@mail.justice.gov.gu

**Attorneys for Respondents**



FILED
DISTRICT COURT OF GUAM
DEC - 6 2004
MARY L. M. MORAN
CLERK OF COURT

# IN THE DISTRICT COURT OF GUAM
# HAGÅTÑA, GUAM

| | |
|---|---|
| JULIE BABAUTA SANTOS, individually and on behalf of all those similarly situated,<br><br>Petitioner,<br><br>vs.<br><br>FELIX P. CAMACHO, Governor of Guam; ART ILAGAN, Director of Department of Revenue and Taxation; LOURDES M. PEREZ, Director of Department of Administration; DOUGLAS B. MOYLAN, Attorney General of Guam; and GOVERNMENT OF GUAM,<br><br>Respondents. | Civil Case No. 04-00006<br><br>**DECLARATION OF ROBERT M. WEINBERG PERTAINING TO CURRENT PROCEEDINGS** |

I, ROBERT M. WEINBERG, declare under the penalty of perjury that the following is true and correct to the best of my knowledge and belief.

1. I am an Assistant Attorney General in the Office of the Attorney General of Guam, and make this Declaration with respect to proceedings currently pending in this case. This Declaration is based on my personal knowledge and the records of the Attorney General's Office.

Page 1

2. I have caused the records of the Attorney General's Office to be searched to ascertain whether the Attorney General of Guam has ever approved a legal services contract with Rodney J. Jacob, Esq., Daniel M. Benjamin, Esq. and/or Calvo & Clark, LLP regarding the instant case. No such contract could be found.

3. I have caused the records of the Attorney General's Office to be searched to ascertain whether the Attorney General of Guam has ever approved a legal services contract with Rawlen MT Mantanona and/or the Mantanona Law Office regarding the instant case. No such contract could be found.

4. Contrary to assertions made by purported counsel on behalf of the Governor, Assistant Attorney General Stephen A. Cohen and I have met with attorneys for the Office of the Governor of Guam on two occasions since September 2004 regarding the Earned Income Tax Credit ("EITC"). The meetings took place at the offices of Calvo & Clark, LLP. The first meeting occurred on September 10, 2004, at which Raymond L. Souza, Jr., Esq. of the Office of the Governor of Guam, Rodney J. Jacob, Esq. and Daniel M. Benjamin, Esq. of Calvo & Clark were present. The second meeting occurred on October 19, 2004, at which Shannon Taitano, Esq. of the Office of the Governor of Guam, and Rodney J. Jacob, Esq. and Daniel M. Benjamin, Esq. of Calvo & Clark were present. The full range of issues concerning the EITC were discussed at these meetings.

5. Numerous telephone calls have been exchanged between Assistant Attorney General Stephen A. Cohen and Rodney J. Jacob, Esq. and Daniel M. Benjamin, Esq. regarding the EITC. Assistant Attorney General Stephen A. Cohen transmitted to Rodney J. Jacob, Esq. and Daniel M. Benjamin, Esq. a draft of a proposed Answer he prepared and drafts of a proposed Motion to

Page 2

Declaration of Robert M. Weinberg
SANTOS v FELIX P. CAMACHO, et. al.
District Court of Guam Civil Case No. 04-00036

Case 1:04-cv-00006   Document 106   Filed 12/06/2004   Page 2 of 8

Dismiss and a proposed Memorandum of Points and Authorities he prepared in the other EITC case filed in this Court, *Charmaine R. Torres v. Government of Guam, Felix P. Camacho, et al*, Civil Case No. 04-00038. Rodney J. Jacob, Esq., Daniel M. Benjamin, Esq. and Shannon Taitano, Esq. requested the Attorney General's Office to concur with the MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF GOVERNOR OF GUAM'S MOTION TO DISMISS they filed in the *Torres* case, which the Attorney General's Office agreed to do and did.

6. To address concerns expressed by Shannon Taitano, Esq. on behalf of the Governor, Director of Administration Lourdes Perez, and Director of Revenue and Taxation Artemio Ilagan regarding the Illegal Expenditures Act, 5 G.C.A. §22401, Attorney General Douglas B. Moylan directed Deputy Attorney General Charles Troutman to prepare a Memorandum on the subject. He prepared such a Memorandum and it was transmitted to Shannon Taitano, Esq., Director of Administration Lourdes Perez, and Director of Revenue and Taxation Artemio Ilagan.

7. Attached hereto is an article from the November 27, 2004 issue of the Pacific Daily News in Guam reporting on a press release issued by Shawn Gumataotao, Governor Felix P. Camacho's spokesperson, on November 26, 2004.

8. Attached hereto is a Memorandum dated September 21, 2004 from Artemio B. Ilagan, Director of the Department of Revenue and Taxation, to Assistant Attorney General Stephen A. Cohen.

9. Attached hereto is a letter dated September 20, 2004 from Lourdes M. Perez to Assistant Attorney General Stephen A. Cohen.

DATED THIS 6th DAY OF December, 2004.

ROBERT M. WEINBERG

Page 3

Declaration of Robert M. Weinberg
SANTOS v FELIX P. CAMACHO, et. al.
District Court of Guam Civil Case No. 04-00036

Case 1:04-cv-00006    Document 106    Filed 12/06/2004    Page 3 of 8



**Pacific Daily News**

Home • News • Entertainment • Bridal Guide • Communities • Classifieds • Coupons • Homes • Customer Service • F

Archive (1999- )

Local News  -  Saturday, November 27, 2004

- Home
- News
  - Local News
  - Lifestyle
  - Islandstyle
  - Local Sports
  - Elections
  - Opinion
  - Police Blotter
  - Gov't Meetings
  - Nation/World
  - Technology
  - Space & Science
  - Weather
  - Photo Gallery
- News Products
  - Bridal Guide
  - Cruising
  - Live it up
  - Man, Land & Sea
  - Oh Baby
  - Vibe
  - 2003 Year in Review
- Entertainment
- PIKA Style
- Communities
- Classifieds
- Coupons
- Homes
- Customer Service
- Funerals

☑ **SUBSCRIBE TO THE PACIFIC DAILY NEWS**

# Governor files suit to halt EITC settlement

By Theresa Merto
Pacific Daily News

Attorneys for Gov. Felix Camacho filed documents in the U.S. District Court of Guam this week opposing the payment of the Earned Income Tax Credit settlement.

In June, the government of Guam agreed to pay $60 million – over nine years – after it was sued by taxpayer Julie Babauta Santos for failing to pay the EITC to eligible taxpayers.

> **TO THE POINT**
>
> Gov. Felix Camacho's attorneys have filed documents in the District Court of Guam opposing the payment of the Earned Income Tax Credit settlement.

Lt. Gov. Kaleo Moylan, who was acting governor at the time, signed the settlement agreement while Camacho was off island. Governor's spokesman Shawn Gumataotao had said that Camacho supported the agreement. The governor, however, has since said the settlement is illegal and unfair.

On Wednesday, the governor's attorneys filed an opposition to the settlement in District Court.

"No facts regarding how this settlement was negotiated, or even whether there were negotiations, have been provided to the governor," the court documents said.

After the settlement was executed, Attorney General Douglas Moylan and Santos' attorney, Mike Phillips, submitted a stipulated proposed order preliminarily approving the settlement, documents state. It was signed on June 14 but days later another stipulated order was entered awarding the petitioner's counsel 10 percent of the settlement amount, the documents state.

"Before the court may enforce the settlement agreement, it must determine whether the court has jurisdiction over this case, whether the settlement is legal and whether it is fair and reasonable," documents state.

In August 2004, Charmaine Torres filed a similar lawsuit against a number of parties, including the governor and the attorney general.






"After legal research was done in connection with the Torres suit, the governor became concerned regarding the legality of the settlement in this case and wrote to the attorney general's office to inquire as to these concerns," documents state.

The governor's concern was that committing to pay any money before the Legislature had appropriated it would violate the Illegal Expenditures Act, documents state.

Camacho was further concerned that the proposed settlement was illegal and could expose him and all other government employees to criminal punishment if they proceeded.

"For this alone, the attorney general, as an officer of the government, lacks the authority to bind anyone to it," documents state.

The Earned Income Tax Credit is a refundable federal income tax credit for low-income working individuals and families.

The former administration stopped paying the tax credit for the working poor in 1998, calling it an unfunded federal mandate.

The settlement allows an estimated 30,000 residents to file claims as far back as 1996, which is when the Department of Revenue and Taxation first started changing its tax policy.

In a release, Douglas Moylan said, "The settlement was intended to benefit the most number of people according to our limited financial resources."

The release further said all of the parties believed that the people of Guam were best served through the settlement. Kaleo Moylan did not return calls for comment yesterday afternoon.

Email this story

**Originally published Saturday, November 27, 2004**



www.coconutvilla.com



Home | News | Entertainment | Pika Style | Bridal Guide | Communities
Classifieds | Coupons | Homes | Customer Service | Funerals



Contact Us | Subscribe | Place an ad
Copyright ©2004 Pacific Daily News. All rights reserved.
Use of this site indicates your agreement to the Terms of Service
(Terms updated 12/20/02)




Dipåttamenton Kontribusion yan Adu'ånå

KALEO S. MOYLAN, Lt. Governor Tiñente Gubetnadot

## DEPARTMENT OF
## REVENUE AND TAXATION
### GOVERNMENT OF GUAM    Gubetnamenton Guåhan

ARTEMIO B. ILAGAN, Director
Direktot
JOHN P. CAMACHO, Deputy Director
Segundo Direktot

September 21, 2004

**MEMORANDUM**

TO: Stephen A. Cohen, Assistant Attorney General

FROM: Artemio B. Ilagan, Director

RE: Julie Babauta Santos v Felix P. Camacho, Government of Guam, et al
<u>District Court of Guam, Civil Case No. 04-00006</u>

This is in reply to your letter dated September 9, 2004. The following are the changes we would like to make:

1. The projected cost listed on pages 5 & 6 have not been appropriated or funded by the Legislature at this point so until they do so, the Department cannot implement the Administration plan.

2. On page 3, last paragraph, the document states that "The custodian of the EIC Settlement Fund shall be the Director of Revenue and Taxation". The custodian should be the Director of Administration for they have the manpower to do this and presently do all the accounting for all the different funds of the Government.

3. Presently, refunds are used to offset amounts owed to the Government by the taxpayer. EIC Claims should be subject to offsets for the following liabilities. The order of offsets is listed below:

   1. Accounts Receivable – Department of Revenue & Taxation
   2. Child Support
   3. Guam Memorial Hospital
   4. GHURA

4. The Department would like to stress that the period of limitation to examine the EIC Claims should be the same as that of the Individual Tax Return – 3 years from the date filed.

5. On top of page 8, it says " Within (15) days after the Effective Date . . . including instructions and procedures to complete and file the Claim form . . . ". Due to the voluminous amount of materials and the cost of postage, the Department would like to

reword the sentence to say that a "... Notice ... including the procedure how to obtain instructions and forms will be mailed to each potential EIC Class Member".

6. Projected Costs (page 5)

   Postage expense     $100,000

   The Department underestimated the postage expense in the original document. Also please take out the (10 years).

7. Currently, we have GEIPA applications for 1998 that were filed with their 1998 1040s. We intend to close the returns and not address them. We feel that taxpayers should file another EIC Claim for 1998 under the settlement agreement and to ensure that only one EIC claim be addressed, the Department will not entertain the 1998 GEIPA applications.

   Steve, we leave it up to your discretion whether to add a provision in the settlement agreement regarding this matter.

If you have any questions regarding these changes, please contact Paul Terlaje at 475-1821.

*Artemio B. Ilagan*
Artemio B. Ilagan

J.C.
9/21



**GOVERNMENT OF GUAM**
(GUBETNOMENTON GUAHAN)
**DEPARTMENT OF ADMINISTRATION**
(DIPATTAMENTON ATMENESTRASION)
**DIRECTOR'S OFFICE**
(Ufisinan Direktot)
Post Office Box 884 • Hagatna, Guam 96932
• Tel (671) 475-1101/1250 • Fax: (671) 477-6788



**Felix P. Camacho**
*Governor*
**Kaleo S. Moylan**
*Lieutenant Governor*

**Lourdes M. Perez**
*Director*
**Joseph C. Manibusan**
*Deputy Director*

September 20, 2004

Attorney Stephen A. Cohen
Assistant Attorney General
Office of the Attorney General
Suite 2-200 E, 120 West O'Brien Drive
Hagatna, Guam 96910 USA

Re: District Court of Guam, Civil Case No. 04-00006

Dear Assistant Attorney General Cohen:

I am in receipt of your September 9, 2004 letter, accompanied by copies of various documents pertaining to the District Court of Guam Civil Case reference above.

Although I am aware that the Government of Guam entered into a settlement agreement, I am not aware of any fiscal or financial impact analyses done prior to the execution of this agreement to ensure full compliance with the terms of the agreement, as it pertains not only to the government's ability to set funds aside, but also as to whether it has the necessary resources to administer the program. Moreover, I wish to inquire whether an authorization and appropriation from the Guam Legislature is necessary to proceed with the execution of this agreement, since ordinarily court settlements and or claims against the Government of Guam are charged against the Government of Guam Claims Fund (historically, the fund is appropriated $250,000 annually by the Legislature), or to the department involved in the litigation. I ask this because the Legislature did make a specific appropriation to fund the earned income tax credit program in 1997. Do we not need Legislative authorization and appropriation to execute and expend such a huge settlement amount? Do we not need a legislative authorization and appropriation to pay such legal fees as called for in the agreement?

While every effort is being made to work with the Department of Revenue & Taxation to set funds aside pursuant to the agreement, earned income tax credit payments are an un-funded liability and are above and beyond income tax refund payments. I respectfully request legal guidance as to whether or not legislative authorization and appropriation is necessary inorder to proceed, especially in light of laws pertaining to obligating the Government of Guam without appropriate authorization, absence of which may constitute the making of illegal local expenditures pursuant to 5 GCA Division 2, Chapter 22, Article 4.

Thank you for your attention to this matter.

Sincerely,

Lourdes M. Perez
Director

RECEIVED
SEP 21 2004
11:55 AM
ATTORNEY GENERAL'S OFFICE