

Office of the Attorney General
**Douglas B. Moylan**
Attorney General of Guam
Guam Judicial Center, Suite 2-200E
120 West O'Brien Drive
Hagåtña, Guam 96910 • USA
(671) 475-3324 • (671) 472-2493 (Fax)

**Attorneys for Respondents**

FILED
DISTRICT COURT OF GUAM
DEC 13 2004
MARY L. M. MORAN
CLERK OF COURT

# IN THE DISTRICT COURT OF GUAM
# HAGÅTÑA, GUAM

| | |
|---|---|
| JULIE BABAUTA SANTOS, individually and on behalf of all those similarly situated,<br><br>Petitioner,<br><br>vs.<br><br>FELIX P. CAMACHO, Governor of Guam; ART ILAGAN, Director of Department of Revenue and Taxation; LOURDES M. PEREZ, Director of Department of Administration; DOUGLAS B. MOYLAN, Attorney General of Guam; and GOVERNMENT OF GUAM,<br><br>Respondents. | Civil Case No. 04-00006<br><br>**MOTION FOR CONTINUANCE OF DECEMBER 17, 2004 HEARING, AND MEMORANDUM IN SUPPORT** |

The Attorney General of Guam, respectfully moves the Court to continue the hearing currently set for December 17, 2004 in the above-styled matter for a minimum of 30 to 45 days, and in support says as follows:

**MOTION AND APPLICATION FOR CONTINUANCE**

By Order dated November, 12, 2004, this matter was previously scheduled for a hearing on "Petitioner's Motion for Orders Approving the Administration Plan and Amended Notice and for

Page 1

SANTOS v FELIX P. CAMACHO, et. al.
District Court of Guam Civil Case No. 04-00036

Case 1:04-cv-00006   Document 114   Filed 12/13/2004   Page 1 of 7

Orders Establishing the Fairness Hearing Date and Objection and Opt Out Date." Ordinarily, such matters would be deemed almost "routine" and "administrative" in nature, and as such, not very controversial. Since the November 12, 2004 Order, however, the complexion of the case has changed considerably. Private attorneys have appeared, namely, Rodney J. Jacobs, Esq. and Daniel M. Benjamin, Esq. of the law firm of Calvo and Clark, LLP, as putative counsel for defendant Governor; and Rawlen Mantanona, Esq. putative counsel for defendants Artemio B. Ilagan and Lourdes M. Perez, As the Court is aware, the Governor has, through private counsel, filed extensive objections to the plan contradicting filings by the Attorney General which were to be heard. But the Attorney General, who respectfully contends he is sole counsel and representative of the named defendants, has moved to strike the appearances of private counsel and all subsequent documents filed by them on behalf of any named defendant, asserting *inter alia*, that the private counsel purportedly retained by the named defendants have appeared without legal authority to do so. A critical issue has thus arisen which must be resolved first, before any further proceeding, namely, the question of who is lawfully authorized to appear on behalf of the named defendants in this matter.

On December 9, 2004, only eight days before the prior scheduled hearing, this Honorable Court issued an Order stating,

> the Court believes that oral argument will assist the Court in reaching a decision [respecting the controversy as to who represents whom in this action]. Accordingly, the Court schedules said motions for hearing on December 17, 2004 *as well*. No further briefing on these motions is necessary, *however, all parties should be prepared to proceed with all necessary witnesses on the hearing date.*

> Finally, *because the Court expects the presentation of argument to be lengthy,* the Court hereby moves the hearing from 10:00 a.m. to 1:30 p.m.

(Emphasis added.) The Attorney General concurs with the Court, and believes opposing counsel would agree, that witnesses will be necessary to a complete appreciation of the facts and issues presented to the Court, and further concurs that a hearing and argument are likely to be lengthy given the significant and potentially dispositive legal issues presented. Specifically, serious factual disputes have arisen which will require the testimony of, at a minimum, Governor Felix P. Camacho, Lourdes M. Perez, and Artemio B. Ilagan, and possibly the Governor's counsel, Shannon Taitano. And the legal issues presented will likely define the future courses of this and other related litigation. These issues must be decided first.

At present, only three attorneys in the Office of Attorney General are knowledgeable about the facts and legal issues pending before the Court and presently set for hearing on December 17, 2004: Attorney General Douglas B. Moylan; Assistant Attorney General Stephen A. Cohen; and Assistant Attorney General Robert M. Weinberg. Through no fault of their own, Attorney General Douglas B. Moylan; Assistant Attorney General Stephen A. Cohen and Assistant Attorney General Robert M. Weinberg will not be available to appear before the Court on the scheduled date to address these critical *new* issues, which perforce must be heard before the Court hears the matter originally scheduled for December 17, 2004.

Attorney General Moylan is presently a party to litigation in his personal capacity in a jury trial in the Superior Court of Guam. The trial is estimated to last a minimum of another two weeks, if not longer. The Superior Court judge is unlikely to excuse him or continue this jury trial which has been scheduled for some time in advance of the December 17, 2004 date set by this Court, and which has already been continued many times for various reasons. Unknown to this Court in issuing

Page 3

SANTOS v FELIX P. CAMACHO, et. al.
District Court of Guam Civil Case No. 04-00036

Case 1:04-cv-00006   Document 114   Filed 12/13/2004   Page 3 of 7

its December 9, 2004 Order, Assistant Attorney General Cohen's father died following a protracted illness on December 4, 2004. Mr. Cohen is presently off-island attending to the affairs of his father's estate. He is not expected to return before December 20, 2004 at the earliest. And, unknown to this Court in issuing its December 9, 2004 Order, Assistant Attorney General Weinberg is expecting the birth of his first child on or about December 16, 2004, and expects to be on paternity leave for a minimum of five business or working days following the date of his child's birth. All of this has been communicated to opposing counsel. *See* "Declaration and L.R. 7.1(k) Certificate Of Robert M. Weinberg Pertaining To Ex Parte Application For Continuance," filed concurrently with this motion.

While it is possible that an attorney may have been found to address the questions originally set to be heard, there are no other attorneys in the Office of the Attorney General qualified or available to argue the extremely serious *preliminary* matters that the Court has indicated it intends to address at the December 17, 2004 hearing.

Recognizing the seriousness of the preliminary question of representation that must be resolved, and cognizant and understanding of the personal hardships of their opposing counsel, Daniel M. Benjamin, Esq., putative counsel for defendant Governor; and Rawlen Mantanona, Esq., putative counsel for defendants Artemio B. Ilagan and Lourdes M. Perez, have expressed their understanding and willingness to stipulate to continue the proceedings at least one month, in order to allow either Mr. Cohen or Mr. Weinberg, if not the Attorney General himself, to participate in the scheduled hearing. However, Mr. Michael Phillips, Esq., counsel for the plaintiff and putative plaintiff class, has declined to agree to continue the hearing. *See again*, "Declaration and L.R. 7.1(k) Certificate Of Robert M. Weinberg Pertaining To Ex Parte Application For Continuance."

Page 4

SANTOS v FELIX P. CAMACHO, et. al.
District Court of Guam Civil Case No. 04-00036

Case 1:04-cv-00006   Document 114   Filed 12/13/2004   Page 4 of 7

The Court can take judicial notice that there are two other EITC-related cases filed in this Court, *Charmaine R.. Torres v. Government of Guam, Felix P. Camacho, et al*, Civil Case No. 04-00038; and the recently filed *Mary Grace Simpao and Christina M.S. Naputi,* Civil case No. 04-00049. The legal issues and factual contentions raised in these other two cases are very similar, if not identical in large degree, to the matter presently before the Court. What happens in one case will have ramifications in, if not be dispositive of, the other two. It appears that the principle distinction between the three are the definitions of the proposed classes in each case, but all three proposed classes appear to overlap in one or more ways. The relief sought by the three proposed class appears to overlap one another. The likelihood that some party may move, or the Court may *sua sponte* suggest to the parties, that consolidate of the three cases may be appropriate, and the possibility that some party may file an objection to the exercise of jurisdiction over all three by the Magistrate-Judge is very high. Considering the uncertainty of the cases at this juncture, and the critical preliminary question that must be answered as to who is legally authorized represent whom, the likelihood that a hearing on "Petitioner's Motion for Orders Approving the Administration Plan, [etc.]" will serve any purpose at all is extremely low.

## MEMORANDUM OF POINTS AND AUTHORITIES

Rule 6(b)1, F.R.Civ.P. provides in pertinent part:

> When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefore is made before the expiration of the period originally prescribed or as extended by a previous order....

No party can legitimately dispute that the Attorney General has shown good cause for a continuance considering: (1) the three attorneys qualified to appear have unavoidable personal

Page 5

SANTOS v FELIX P. CAMACHO, et. al.
District Court of Guam Civil Case No. 04-00036

Case 1:04-cv-00006     Document 114     Filed 12/13/2004     Page 5 of 7

commitments of a most serious nature; (2) the unavailability of any other attorney in the Office to adequately prepare and present argument to the Court on short notice; (3) the lack of objection by all but one attorney in this matter, namely, counsel for the plaintiffs; (4) the lack of prejudice to any opposing parties; (5) the agreed upon necessity for witness testimony at a hearing; (6) the likelihood of "lengthy" argument on the preliminary question of who represents whom, and accordingly, what defenses will be asserted and what defenses will not be, thus critically defining the nature of the remainder of the case and, significantly, whether there even remains a preliminary settlement for the parties to pursue; (7) the high probability someone will move that this case be consolidated with *Charmaine R.. Torres v. Government of Guam, Felix P. Camacho, et al*, Civil Case No. 04-00038; and the recently filed *Mary Grace Simpao and Christina M.S. Naputi*, Civil case No. 04-00049; (8) the possibility that someone may object to the current exercise of jurisdiction by the Magistrate-Judge; and (9) that in light of all the above, what was originally scheduled and plaintiffs are insisting be heard, "Petitioner's Motion for Orders Approving the Administration Plan, [etc.]" will likely serve no purpose at all.

Rule 83(a)(2), F.R.Civ.P. provides: "A local rule imposing a requirement of form shall not be enforced in a manner that causes a party to lose rights because of a nonwillful failure to comply with the requirement." Clearly, any failure on the part of the attorneys in the Office of Attorney General to comply with the scheduling notice, and to be prepared to present testimony and argument on these extremely critical *preliminary* issues is "nonwillful," and through no fault of their own. And, to the extent that the local rules and orders of this Court in the circumstances presented will cause the Office of the Attorney General substantial prejudice, and violate his duties as he understands them to be under the Organic Act, a continuance is due to be granted. Conversely, the plaintiffs will suffer no prejudice whatsoever by a mere delay of one month in

Page 6

SANTOS v FELIX P. CAMACHO, et al.
District Court of Guam Civil Case No. 04-00036

Case 1:04-cv-00006   Document 114   Filed 12/13/2004   Page 6 of 7

order to resolve the preliminary question of who is lawfully authorized to represent their adversaries is in Court.

Rule 1, F.R.Civ.P. provides that the Rules of Civil Procedure "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action." A 30 to 45 day continuance for the parties to appear and present testimony and argument will serve the ends of justice and judicial economy far better than any rush to hold a hearing on a matter that, in and of itself, will likely have little or no consequence due to complexities of the issues that have recently been brought before this Court.

This motion and application is based upon the files and records herein, and the declaration of Robert M. Weinberg filed contemporaneously herewith.

WHEREFORE, The Attorney General of Guam, respectfully moves the Court to continue the hearing currently set for December 17, 2004 in the above-styled matter for a minimum of 30 to 45 days,

This 13th day of December, 2004.

OFFICE OF THE ATTORNEY GENERAL
**Douglas B. Moylan, Attorney General**

**Robert M. Weinberg**
Assistant Attorney General
Attorney for Respondents and
Attorney General Douglas B. Moylan

Page 7

SANTOS v FELIX P. CAMACHO, et. al.
District Court of Guam Civil Case No. 04-00036