

Office of the Attorney General
**Douglas B. Moylan**
Attorney General of Guam
Guam Judicial Center, Suite 2-200E
120 West O'Brien Drive
Hagåtña, Guam 96910 • USA
(671) 475-3324 • (671) 472-2493 (Fax)

**Attorneys for Respondents**

FILED
DISTRICT COURT OF GUAM
DEC 13 2004
MARY L. M. MORAN
CLERK OF COURT

# IN THE DISTRICT COURT OF GUAM
## HAGÅTÑA, GUAM

| | |
|---|---|
| JULIE BABAUTA SANTOS, individually and on behalf of all those similarly situated,<br><br>Petitioner,<br><br>vs.<br><br>FELIX P. CAMACHO, Governor of Guam; ART ILAGAN, Director of Department of Revenue and Taxation; LOURDES M. PEREZ, Director of Department of Administration; DOUGLAS B. MOYLAN, Attorney General of Guam; and GOVERNMENT OF GUAM,<br><br>Respondents. | Civil Case No. 04-00006<br><br>**DECLARATION<br>AND<br>L.R. 7.1(k) CERTIFICATE<br>OF<br>ROBERT M. WEINBERG<br>PERTAINING TO EX PARTE<br>APPLICATION FOR ORDER TO<br>SHORTEN TIME AND MOTION FOR<br>CONTINUANCE** |

I, ROBERT M. WEINBERG, declare under penalty of perjury that the following is true and correct to the best of my knowledge, information and belief.

1. I am an Assistant Attorney General in the Office of the Attorney General of Guam, and make this Declaration with respect to proceedings currently pending in this case. This Declaration is based on my personal knowledge and the records of the Attorney General's Office.

Page 1

Case 1:04-cv-00006  Document 116  Filed 12/13/2004  Page 1 of 5

2. By Order dated November, 12, 2004, this matter was previously scheduled for a hearing on "Petitioner's Motion for Orders Approving the Administration Plan and Amended Notice and for Orders Establishing the Fairness Hearing Date and Objection and Opt Out Date." Ordinarily, such matters would be deemed almost "routine" and "administrative" in nature, and as such, not very controversial. Since the November 12, 2004 Order, however, the complexion of the case has changed considerably. Private attorneys have appeared, namely, Rodney J. Jacobs, Esq. and Daniel M. Benjamin, Esq., of the law firm of Calvo and Clark, LLP, as putative counsel for defendant Governor; and Rawlen Mantanona, Esq., putative counsel for defendants Artemio B. Ilagan and Lourdes M. Perez, As the Court is aware, the Governor has filed extensive objections to the plan which were to be heard. But the Attorney General, who respectfully contends he is sole counsel and representative of the named defendants, has moved to strike the appearances of private counsel and all documents filed by them on behalf of any named defendant, asserting *inter alia*, that the private counsel purportedly retained by the named defendants have appeared without legal authority to do so. A critical issue has thus arisen which must be resolved first, before any further proceeding, namely, the question of who is lawfully authorized to appear on behalf of the named defendants in this matter.

3. On December 9, 2004, only eight days before the prior scheduled hearing, this Honorable Court issued an Order stating,

> the Court believes that oral argument will assist the Court in reaching a decision [respecting the controversy as to who represents whom in this action]. Accordingly, the Court schedules said motions for hearing on December 17, 2004 *as well*. No further briefing on these motions is necessary, *however, all parties should be prepared to proceed with all necessary witnesses on the hearing date.*

Declaration of Robert M. Weinberg
SANTOS v FELIX P. CAMACHO, et. al.
District Court of Guam Civil Case No. 04-00006

> Finally, *because the Court expects the presentation of argument to be lengthy,* the Court hereby moves the hearing from 10:00 a.m. to 1:30 p.m.

(Emphasis added.) The undersigned concurs with the Court, and believes opposing counsel would agree, that witnesses will be necessary to a complete appreciation of the facts and issues presented to the Court, and further concurs that a hearing and argument are likely to be lengthy. Specifically, serious factual disputes have arisen which will require the testimony of, at a minimum, Governor Felix P. Camacho, Lourdes M. Perez, and Artemio B. Ilagan, and possibly the Governor's counsel, Shannon Taitano.

4. At present, only three attorneys in the Office of Attorney General are knowledgeable about the facts and legal issues pending before the Court and presently set for hearing on December 17, 2004: Attorney General Douglas B. Moylan; Assistant Attorney General Stephen A. Cohen; and the undersigned Assistant Attorney General Robert M. Weinberg. Through no fault of their own, Attorney General Douglas B. Moylan; Assistant Attorney General Stephen A. Cohen and the undersigned Assistant Attorney General Robert M. Weinberg will not be available to appear before the Court on the scheduled date to address these critical *new* issues, which perforce must be heard before the Court hears the matter originally scheduled for December 17, 2004.

5. Attorney General Moylan is presently a party to litigation in his personal capacity in a jury trial in the Superior Court of Guam. The trial is estimated to last a minimum of another two weeks, if not longer. The Superior Court judge is unlikely to excuse him or continue this jury trial which has been scheduled for some time in advance of the December 17, 2004 date set by this Court, and which has already been continued many times for various reasons. Unknown to this Court in issuing its December 9, 2004 Order, Assistant Attorney General Cohen's father died

Page 3

Declaration of Robert M. Weinberg
SANTOS v FELIX P. CAMACHO, et. al.
District Court of Guam Civil Case No. 04-00006

Case 1:04-cv-00006   Document 116   Filed 12/13/2004   Page 3 of 5

following a protracted illness on December 4, 2004. Mr. Cohen is presently off-island attending to the affairs of his father's estate. He is not expected to return before December 20, 2004 at the earliest. And, unknown to this Court in issuing its December 9, 2004 Order, Assistant Attorney General Weinberg is expecting the birth of his first child on or about December 16, 2004, and expects to be on paternity leave for a minimum of five business or working days following the date of his child's birth.

6. There are no other attorneys in the Office of the Attorney General qualified or available to argue the extremely serious matters that the Court has indicated it intends to address at the December 17, 2004 hearing.

7. The undersigned certifies for purposes of L.R. 7.1(k) and declares that on December 9 and 10, 2004, by telephone, he personally spoke with opposing counsel, Michael Phillips, attorney for the plaintiff and putative plaintiff class; Daniel M. Benjamin, putative counsel for defendant Governor; and Rawlen Mantanona, putative counsel for defendants Artemio B. Ilagan and Lourdes M. Perez, to request that they stipulate to a continuance. Considering the unavoidable personal reasons tendered by the undersigned, and the critical issues to be presented and argued before the Court, Daniel M. Benjamin, putative counsel for defendant Governor; and Rawlen Mantanona, putative counsel for defendants Artemio B. Ilagan and Lourdes M. Perez both expressed their understanding and willingness to stipulate to continue the proceedings at least one month, in order to allow either Mr. Cohen or the undersigned, if not the Attorney General himself, to participate in the scheduled hearing. Although cordial and polite, Mr. Phillips, counsel for the plaintiff and putative plaintiff class, declined to agree to continue the hearing.

Declaration of Robert M. Weinberg
SANTOS v. FELIX P. CAMACHO, et. al.
District Court of Guam Civil Case No. 04-00006

Case 1:04-cv-00006   Document 116   Filed 12/13/2004   Page 4 of 5

8. The Court can take judicial notice that there are two other EITC-related cases filed in this Court, *Charmaine R. Torres v. Government of Guam, Felix P. Camacho, et al*, Civil Case No. 04-00038; and the recently filed *Mary Grace Simpao and Christina M.S. Naputi*, Civil case No. 04-00049. The legal issues and factual contentions raised in these other two cases are very similar, if not identical in large degree, to the matter presently before the Court. What happens in one case will have ramifications in, if not be dispositive of, the other two. It appears that the principle distinction between the three are the definitions of the proposed classes in each case, but all three proposed classes appear to overlap in one or more ways. The relief sought by the three proposed class appears to overlap one another. The likelihood that some party may move, or the Court may *sua sponte* suggest to the parties, that consolidation of the three cases may be appropriate, and the possibility that some party may file an objection to the exercise of jurisdiction over all three by the Magistrate-Judge is very high. Considering the uncertainty of the cases at this juncture, and the critical preliminary question that must be answered as to who is legally authorized to represent whom, the likelihood that a hearing on "Petitioner's Motion for Orders Approving the Administration Plan, [etc.]" will serve any purpose at all is extremely low. On December 10, 2004, the undersigned discussed all of this with Mr. Phillips, counsel for the plaintiff and putative plaintiff class, as good cause grounds why, in the interest of justice, the matter should be continued. Still, plaintiffs' counsel declined to agree to stipulate to continue the hearing.

FURTHER DECLARANT SAYETH NOT.

This the 13th day of December, 2004.

Robert M. Weinberg
Assistant Attorney General

Page 5

Declaration of Robert M. Weinberg
SANTOS v. FELIX P. CAMACHO, et. al.
District Court of Guam Civil Case No. 04-00006

Case 1:04-cv-00006   Document 116   Filed 12/13/2004   Page 5 of 5