SHANNON TAITANO, ESQ.
OFFICE OF THE GOVERNOR OF GUAM
Ricardo J. Bordallo Governor's Complex
Adelup, Guam 96910
Telephone: (671) 472-8931
Facsimile: (671) 477-4826

RODNEY J. JACOB, ESQ.
DANIEL M. BENJAMIN, ESQ.
CALVO AND CLARK, LLP
Attorneys at Law
655 South Marine Drive, Suite 202
Tamuning, Guam 96913
Telephone: (671) 646-9355
Facsimile: (671) 646-9403

Attorneys for *Felix P. Camacho, Governor of Guam*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF GUAM

| | |
|---|---|
| JULIE BABAUTA SANTOS, et. al., <br><br> Petitioners, <br><br> -v- <br><br> FELIX P. CAMACHO, etc., et. al. <br><br> Respondents. | CIVIL CASE NO. 04-00006 <br><br> **THE GOVERNOR OF GUAM'S OPPOSITION TO THE ATTORNEY GENERAL OF GUAM'S MOTIONS TO STRIKE THE APPEARANCES OF CALVO AND CLARK, LLP AND THE OFFICE OF THE GOVERNOR AND FOR RELIEF FROM THE COURT'S ORDER OF NOVEMBER 12, 2004** |

The Governor of Guam, Felix P. Camacho (the "Governor"), hereby submits this combined Opposition to the Motions by the Attorney General to Strike the Appearances of Calvo and Clark and the Office of the Governor ("Motion to Strike") and the Motion for Relief from the Order of November 12, 2004 ("Motion for Relief"). Based upon the Court's Order of December 10, 2004, the Governor understands that no Opposition is required, but wishes to place several issues into the record to provide the Court with a complete record prior to the upcoming hearing.

The first issue raised in the Attorney General's motion is the Governor's asserted noncompliance with General Rule 19.1(b). (Motion to Strike at 7-9; Motion for Relief at 6-8.) The Governor's counsel respectfully believes that counsel did comply with this rule.

On October 27, 2004, the Attorney General told the Governor that an extension of time to respond to the administrative plan would be obtained until November 29, 2004. (Decl. of Daniel M. Benjamin ("Benjamin Decl.") at Exh. A.) On October 28, 2004, the Governor wrote to the Attorney General instructing him to take no further actions without consulting with the Governor, and wrote to the Attorney General further questioning the legality of the settlement. (*Id*. Exh. B.) On November 8, 2004, the Attorney General filed a response to the administrative plan that frankly admitted that the Attorney General's office would not accept the Governor's directions and that did not disclose the nature of the Governor's concerns. (MPA in Response to Petitioner's Motion for Orders Approving Administration Plan (filed 11/8/2004) at 5-6).)

The Governor's counsel learned of the Attorney General's filing the next morning and immediately entered an appearance to raise the Governor's objections. (Entry of Appearance (filed 11/9/204); Request for Hearing and Objection (filed 11/9/2004).) On November 12, 2004, this Court entered an Order stating that these objections would be heard and setting a briefing and hearing schedule.

The Governor respectfully believes that the previous sequence of events complies with General Rule 19.1(b), which states:

> **When an attorney of record for any reason ceases to act for a party, such party shall appear in person or appoint another attorney either:**
>
> (1) by a written substitution of attorney signed by the party, the attorney ceasing to act, and the newly appointed attorney; or

> **(2) by a written designation filed in the cause and served upon the attorney ceasing to act**, unless said attorney is deceased, in which event the designation of a new attorney shall so state.
> Until such substitution is approved by the Court, the authority of the attorney of record shall continue for all proper purposes.

(emphasis added). The entry of appearance by the Office of the Governor and Calvo and Clark, LLP on November 9, 2004 was a written designation served upon the attorney ceasing to act, the Attorney General's office. (Benjamin Decl. Exh. F (Certificate of Service for 11/9/004 filings).) Further, the November 12, 2004 Order now challenged by the Attorney General was a proper action by this Court to approve that appearance by stating that the Governor would be heard.[1]

There is no substantive dispute as to whether the Governor wishes to employ different counsel in this action. The Attorney General knows the Governor's desire to retain other counsel after the Attorney General chose to disregard the Governors instructions. Just days before filing the present motions to strike and vacate, the Attorney General's office signed a stipulation (prepared at their request) to move a hearing date that identified the Officer of the Governor and Calvo and Clark as the Governor's counsel. (Benjamin Decl. Exh.G.)[2] Further, subsequent to the filing of these motions, the Governor's counsel submitted a form confirming the substitution of counsel to the Attorney General's office *signed by the Governor*, which the Attorney General refused to sign even with the Governor's signature clearing evidencing his desire for other counsel. (Benjamin Decl. ¶ 9 and Exh. H.) This is wholly a substantive dispute as to who controls the Governor's access to the courts—the Governor or the Attorney General.

---

[1] The Court's actions also were consistent with the actions of Judge Munson in the litigation surrounding Proposal A, in which similar documents were filed after the Attorney General acted unilaterally and without notice. (*See* Benjamin Decl. Exhs. C, D, & E (Governor's entry of appearance and objection, and Order denying injunction in part based on objection).)

[2] Petitioner's counsel subsequently refused to sign this stipulation because he would not agree to the extension of the hearing date as requested by the Attorney General.

Moreover, any procedural issues are entirely curable and do not (and cannot) go to the merits. In an excess of caution, the Governor has submitted concurrently herewith a new notice under General Rule 19.1(b)(2). If there is any procedural issue, this should cure the issue, and the Governor's briefs either should remain filed or be re-filed.

But the fact of the matter is that this Court's actions in its November 12, 2004 Order to ensure that the Governor's objections would be "heard" were in accordance not only with General Rule 19.1(b), but also with the more important constitutional issues at stake:

> The right to be heard would be, in many cases, of little avail if it did not comprehend the right to be heard by counsel. .... **If in any case, civil of criminal, a state or federal court were arbitrarily to refuse to hear a party by counsel, employed by and appearing for him, it reasonably may not be doubted that such a refusal would be a denial of a hearing, and, therefore, of due process in the constitutional sense.**

*Powell v. Alabama*, 287 U.S. 45, 68-69 (1932) (emphasis added). The Attorney General's papers had quite freely admitted that the Attorney General was seeking to compromise his client's rights without his client's consent. This is impermissible. *Cf. Linsk v. Linsk*, 70 Cal.2d 272, 276-77 (1969) (attorney may stipulate to procedural matters but may not impair client's substantial rights or the cause of action by stipulation). If there were any conflict between the rules and the Governor's right to be heard, the right to be heard must be preserved. *See In re Primus*, 436 U.S. 412, 439 (1978) (rules of practice for attorneys must give way to constitutional rights).

The Attorney General's remaining procedural arguments are without merit. There was no violation of FRCP 11. (Motion to Strike at 10-11; Motion for Relief at 9-10.) Calvo and Clark and the Office of the Governor entered their appearance on an emergency basis to prevent prejudice to a client (the Governor) whose attorney (the Attorney General) had acted unilaterally and without notice to that client. Protecting a client's rights by making their positions known in court is among the fundamental purposes of an attorney. (*See* Guam Rules of Professional

Conduct, *Preamble: A Lawyer's Responsibilities*, ¶¶ 1, 2.) In any case, this obviously is not a true FRCP 11 motion because such a motion requires compliance with the safe harbor provision of FRCP 11(c)(1)(A) (requiring 21-day notice of all motions under FRCP 11 prior to filing in Court). That would have allowed correction of any procedural issues that might exist, as has now occurred through the Governor's filing of his confirmation of his designation of counsel. The failure to comply with the safe harbor provision shows that the Attorney General is concerned with denying the Governor access to the Court, not the technicalities of procedure.

The argument regarding procurement law is irrelevant. (Motion to Strike 9; Motion for Relief at 8-9.) Calvo and Clark was awarded a duly authorized procurement for the position of the Governor's conflict counsel. (Benjamin Decl. Exhs. I & J.) The Attorney General's misuse of any authority to sign contracts cannot bar the Governor's chosen counsel; this would allow the Attorney General to control the Governor's access to the courts without even a hearing.

The Attorney General cites the cooperation between his office and the Governor's chosen counsel in the *Torres* case. (Motion to Strike at 11-12; Motion for Relief at 10-11.) Counsel for the Governor and Attorney General were able to work together to move to dismiss that action, including on jurisdictional issues that ought to have been raised in this case. But that does not change the fact that the Attorney General—by his own admission—was not willing to follow the Governor's directions in this case.

The allegation that the Governor's counsel failed to disclose the Troutman opinion to this Court (Motion to Strike at 12; Motion for Relief at 11) is untrue; the Troutman opinion was submitted to this Court by the Governor in the November 9, 2004 filing (and subsequently). (Request for Hearing and Objection (filed 11/9/204) at 4.)

Finally, the Attorney General reargues his supposed right to prevent the Governor from having a voice in this Court. (Motion to Strike at 10, 12-14; Motion for Relief at 9, 12-13.) The Governor has already thoroughly briefed this issue in his other filings. The Governor notes, however, that the assertion that the Governor's objections should be raised at a fairness hearing are flatly wrong. First, the Governor is a defendant, not an objector, and is free to raise all proper objections to the administrative plan. Second, objections to subject matter jurisdiction can and should be raised at any time. *Kuntz v. Lamar Corp.*, 385 F.3d 1177, 1181 (9th Cir. 2004). This is all the more true here, where multi-million dollar government expenditures might otherwise be undertaken as to a settlement that the Court may lack jurisdiction to finalize. *Local No. 93, Intern. Ass'n of Firefighters v. City of Cleveland*, 478 U.S. 501, 525 (1986) ("a consent decree must spring from and serve to resolve a dispute within the court's subject-matter jurisdiction") (internal citation omitted). Third, the Illegal Expenditures Act states that officers must not "continue" to apply an unlawful contract, *see* 5 G.C.A. § 22401(a)(2); therefore, the Governor was obligated to raise this issue now, not later. Fourth, multiple other issues the Governor raised—issues including the adequacy of the notice—go to the administrative plan's propriety.

The issues in this case are of great importance and deserve a fair hearing before this Court, as the Court recognized in its November 12, 2004 Order. The procedural objections raised in the Attorney General's motion are not well-taken and the Governor respectfully requests that the Motions to Strike and for Relief from the Court's Order be denied.

Dated this 13th day of December, 2004.

OFFICE OF THE GOVERNOR OF GUAM
CALVO AND CLARK, LLP
Attorneys at Law

By: _____
**DANIEL M. BENJAMIN**