# ORIGINAL

1

**MANTANONA**
2 LAW OFFICE

3 GCIC Bldg., Suite 601B
414 West Soledad Avenue
4 Hagatna, Guam 96910
Telephone (671) 472-3666
5 Facsimile (671) 472-3668



FILED
DISTRICT COURT OF GUAM

DEC 14 2004

MARY L. M. MORAN
CLERK OF COURT

6 Attorney for **Lourdes M. Perez and Artemio B. Ilagan**

7 **IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF GUAM**



8

9 JULIE BABAUTA SANTOS, et. al.,           ) Civil Case No. 04-00006
                                          )
   Petitioners,                           )
10                                         )   **DEFENDANT'S ILAGAN AND PEREZ**
   vs.                                    )   **OPPOSITION TO ATTORNEY**
11                                         )   **GENERAL'S MOTION TO**
   FELIX P. CAMACHO, etc., et. al.,        )   **STRIKE APPEARANCE**
12                                         )   **AND SUBSEQUENT DOCUMENTS**
   Respondents.                           )
13 _____ )

14

15     Defendants Ilagan and Perez hereby submits this Opposition to the Motion by the

Attorney General to Strike the Appearance of Rawlen MT Mantanona ("Motion to Strike")
16
and all subsequent documents filed by Rawlen MT Mantanona. Based upon the Court's
17
Order of December 10, 2004, Defendants Ilagan and Perez understand that no Opposition
18
is required, but wish to place several issues into the record to provide the Court with a
19
complete record prior to the December 17, 2004 hearing.
20
       In addition to providing this brief, Defendants Ilagan and Perez join the arguments
21
set forth in the Governor of Guam's December 13, 2004 Opposition to the Attorney
22
General's Motion to Strike, and in the Governor of Guam's November 24, 2004 Opposition
23
to the Attorney General's Brief.
24

25
Julie B. Santos, et. al., v. Felix P. Camacho, etc, et. al.
04-00006
Defendant's Ilagan and Perez Opposition to Attorney
General's Motion To Strike Appearance and Subsequent Documents
Page 1

## A.    Respondents Complied with General Rule 19.1

Although the Attorney General's office has never had any reason to doubt the desire of Ilagen and Perez to retain separate counsel for the reasons set forth in their declarations filed in this Court on November 24, 2004, Ilagen and Perez do not wish to have any procedural objections cloud the substantive issues at stake here.  Therefore, Ilagan and Perez both sent written letters clarifying that they were discharging the Attorney General's Office in this matter.  See Declaration of Rawlen MT Mantanona, Exhibits "A" and "B".  On December 10, 2004, retained counsel also sent a letter to the Attorney General requesting that the Attorney General execute a substitution of counsel that had already been executed by Ilagen & Perez.  See Declaration of Rawlen MT Mantanona Exhibit "C", "D" and "E".  Retained counsel then had a telephone conversation with Assistant Attorney General Robert M. Weinberg, who informed retained counsel that he would not execute the substitution of counsel.  Further, on December 13, 2004, the Attorney General of Guam sent letters to Defendants Ilagan and Perez individually refusing to withdraw from the representation.  See Declaration of Rawlen MT Mantanona, Exhibit "F" and "G".  Thus, Defendants Ilagan and Perez and retained counsel have tried to comply with GR 19.1(b)(1) (pertaining to substitution of counsel through a substitution signed by former counsel) but with no avail.

For this reason, retained counsel has submitted a written designation of counsel to the Court pursuant to GR 19.1(b)(2) and has served it upon the Attorney General's office.  See Declaration of Rawlen MT Mantanona Exhibit "H".  This Rule permits a designation of counsel without the signature of former counsel, see GR 19.1(b)(2), and this filing moots the Attorney General's argument in regard to non-compliance with GR 19.1(b)(1).

Julie B. Santos, et. al., v. Felix P. Camacho, etc, et. al.
04-00006
Defendant's Ilagan and Perez Opposition to Attorney
General's Motion To Strike Appearance and Subsequent Documents
Page 2       Case 1:04-cv-00006    Document 122    Filed 12/14/2004    Page 2 of 10

**B.     Respondents have complied with procurement law.**

With regard to the issue of Guam Procurement law, Ilagan & Perez refer the Court to the copy of the Emergency Procurement authorizing their retention of counsel attached as Exhibit "I" to the Declaration of Rawlen MT Mantanona.

**C.     The Attorney General's concurrent representation of the People of Guam and Ilagan and Perez has created a conflict of interest pursuant to Rule 1.7 of the Guam Rules of Professional Conduct necessitating substitution of counsel.**

The Attorney General of Guam has entered an appearance and has been acting as counsel for Defendants Ilagan and Perez since the inception of this case. The Attorney General in this matter is also counsel for the Co-Defendant, the Government of Guam. The Attorney General also asserts that he represents the People of Guam pursuant to his statutory and common law powers.

Defendants Ilagan and Perez believe that Attorney General's conclusion as to what he believes lies in the public interest directly conflicts with their rights, interest and positions as individual Defendants and as Administrative Officers of the Government. Further, the Defendants are dissatisfied with the services provided to them.

Conflicts of interest are addressed in Rule 1.7 of the Guam Rules of Professional Conduct:

**RULE 1.7; CONFLICT OF INTEREST:  CURRENT CLIENTS**

> (a)     Except as provided in paragraph (b), a lawyer shall not represent a client if    the representation involves a concurrent conflict of interest.  A concurrent conflict of interest exists if:
> (1)     the representation of one client will be directly adverse to another client; or
> (2)     there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a

Julie B. Santos, et. al., v. Felix P. Camacho, etc, et. al.
04-00006
Defendant's Ilagan and Perez Opposition to Attorney
General's Motion To Strike Appearance and Subsequent Documents
Page 3     Case 1:04-cv-00006     Document 122     Filed 12/14/2004     Page 3 of 10

former client or a third person or by a personal interest of the lawyer.
(b)        Notwithstanding the existence of a concurrent conflict or interest under    paragraph (a), a lawyer may represent a client if:
(4)      each affected client gives informed consent, confirmed in writing.

Emphasis Added.

The Defendants assert that there are huge problems with the concurrent representation of the People of Guam and Defendants Ilagan and Perez in their official capacity.  First, the Attorney General of Guam in his representation of the People has already committed himself to the position of supporting the settlement agreement and administrative plan in the above-entitled case, which he believes to be for the betterment of the People of Guam.

Defendant's Ilagan and Perez disagree with the settlement agreement and proposed administrative plan, which is in direct conflict with the Attorney General's established position in his representation of the People of Guam.  Defendants Ilagan and Perez, as parties, believes the settlement is wrong, it was rushed, not well thought out, and done without study and careful consultation to the Defendants as to the ramifications to their departments and overall to the Government.  Defendants Ilagan and Perez believe that the settlement agreement and administrative plan in its current form is going to be disastrous with severe consequences to the Government which far outweigh the benefits.  The Attorney General has not represented their position to the Court.  This failure to represent Defendants Ilagan and Perez continues to date. This difference in position with the Attorney General constitutes a clear conflict of interest prohibiting joint representation.

Defendants Ilagan and Perez believe their representation and protection is further compromised by the concurrent representation because they believe their compliance

Julie B. Santos, et. al., v. Felix P. Camacho, etc, et. al.
04-00006
Defendant's Ilagan and Perez Opposition to Attorney
General's Motion To Strike Appearance and Subsequent Documents
Page 4        Case 1:04-cv-00006    Document 122    Filed 12/14/2004    Page 4 of 10

with the settlement agreement and proposed administration plan would expose them to criminal liability under 5 GCA §22401. Even the Attorney General in the Troutman opinion has stated that part of the Defendants' required acts in compliance with the agreement would violate the law, and expose the defendants to discipline, removal from office, or even criminal prosecution. But even as to the portions of the agreement the Attorney General claims are valid, Ilagan and Perez are very concerned because they question the correctness of this legal opinion and other opinions that require them to authorize the expenditure of millions of dollars they know does not exist and has not been authorized. For this reason, they have little faith in the quality of their representation. They believe on this issue they are not being heard and are being sacrificed by current counsel, in his supposed representation of the People.

The Attorney General may believe that his duties and attorney-client relationship with state agencies and officers differ from those of the traditional attorney-client relationship. Defendants Ilagan and Perez respectfully disagrees. Tice v. Dept't of Transp., 312 S.E.2d 241, 245 (N.C. App. 1984) ("[T]he legislature intended that when the Attorney General represents a State department...the traditional attorney-client relationship should exist."); League of United Latin American Citizens, Counsel NO 4434 v. Clements, 999 F.2d 831, 842-843 (5th Cir. 1993) (en banc) (similar); Public Utility Commission of Texas v. Cofer, 754 S.W.2d 121, 125 (Tex. 1988). ("We emphasize that when a statute confers a right upon the attorney general to represents an agency, it imposes a corollary duty, and the agency has every right to expect the same diligent and faithful representation as another 'client'."); Santa Rita Mining Co. v. Department of Property Valuation, 530 P.2d 360, 362 (Ariz. 1975) (similar); State ex rel. Howard v. Oklahoma Corporation Commission, 614 P.2d 45, 50 (Okl. 1980).

Julie B. Santos, et. al., v. Felix P. Camacho, etc, et. al.
04-00006
Defendant's Ilagan and Perez Opposition to Attorney
General's Motion To Strike Appearance and Subsequent Documents
Page 5    Case 1:04-cv-00006    Document 122    Filed 12/14/2004    Page 5 of 10

The Attorney General should terminate the representation. Terminating a representation is addressed in Guam Rules of Professional Conduct Rule 1.16.

### Rule 1.16: DECLINING OR TERMINATING REPRESENTATION

> (b)    Except as stated in paragraph (c), <u>a lawyer shall not represent a client</u> or, where <u>representation has commenced, shall withdraw from the representation of a client if</u>:
>     (1)    <u>the representation will result in violation of the rules of professional conduct or other law</u>;
>     (2)    the lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client; or
>     (3)    <u>the lawyer is discharged</u>.

Obvious violations of Rules of Professional Conduct Rule 1.7 (a)(1) and (2) have occurred because of the present concurrent representation. Further, as stated, Ilagan and Perez have attempted to discharge the Attorney General in this case by delivery of a written notification. See Declaration of Rawlen MT Mantanona, attached and incorporated as Exhibit "A" and "B". The Attorney General's termination of representation is mandated by Rule 1.16(b)(1).

**D.    The concurrent representation of the Attorney General with the Government of Guam and the named defendants prevents Defendants Ilagan and Perez from being heard and thereby denies them due process.**

The Attorney General's concurrent representation with the People of Guam and Defendants Ilagan and Perez is denying Defendants Ilagan and Perez an opportunity to be effectively heard by the Court as named defendants. This denial is clearly a denial of due process for Defendants Ilagan and Perez.

Defendants Ilagan and Perez have had minimal contact with the designated counsel in this case. Present counsel has never sat down and explained or reviewed the case thoroughly with them. The Attorney. General appears disinterested in their views,

Julie B. Santos, et. al., v. Felix P. Camacho, etc, et. al.
04-00006
Defendant's Ilagan and Perez Opposition to Attorney
General's Motion To Strike Appearance and Subsequent Documents
Page 6    Case 1:04-cv-00006    Document 122    Filed 12/14/2004    Page 6 of 10

position or thoughts. Defendants Ilagan and Perez do not feel they have been and are being adequately represented. More importantly, they feel the Court has not heard from them and that, if current representation continues, the Court will never hear them. The Court has a right to hear from them as named defendants.

Aside from the criminal culpability in this matter, they were never consulted in regards to the feasibility and ramifications of the settlement agreement on their departments or on the Government of Guam as a whole. They were never asked by counsel if they believe or agree with the settlement and proposed administrative plan as would be asked by any other Defendant. They feel that even though they are defendants, their opinions and positions do not matter and that the Attorney General's office is unconcerned about any personal ramifications to them or professional ramifications on the offices they administer. Defendants Ilagan and Perez believe they are being hung-out to dry and sacrificed in this matter.

More importantly, they believe the doors to the Court to them is closed. The courts must be open to all. When the Attorney General refuses to fulfill his duty, as required by law, to provide effective legal assistance to a state officer involved in litigation, such results would operate to deny due process; State ex rel. Allain v. Mississippi Public Service Commission, 418 So.2d 779, 784 (Miss. 1982) (similar); Frazier v. State by and through Pittman, 504 So.2d 675, 692 n.17 (Miss. 1987) (similar); Tice v. Department of Transportation, 312 S.E.2d 241, 245 (N.C. App. 1984).

When confronted with a situation where he disagrees with his client's instructions, the Attorney General needs to withdraw. See Chun v. Board of Trustees, 952 P.2d 1215, 1239 (Hawaii 1998). ("[T]he Attorney General did not afford the Board of the loyal representation to which it was statutorily entitled. Indeed the Attorney General

Julie B. Santos, et. al., v. Felix P. Camacho, etc, et. al.
04-00006
Defendant's Ilagan and Perez Opposition to Attorney
General's Motion To Strike Appearance and Subsequent Documents
Page 7     Case 1:04-cv-00006     Document 122     Filed 12/14/2004     Page 7 of 10

1   acknowledges as much as in Board supplemental answering brief, in which he asserts

2   'that while the Attorney General represents state officers, her paramount duty is to protect

3   the interests of the people of the State'.  Having perceived herself to be in a conflict of

4   interest with the Board, the Attorney General was ethically obligated to recommend

5   retention of other counsel.")  Manchin, 296 S.E.2d at 922 (attorney general must withdraw

6   in favor of appointed counsel if a conflict exists).  As one court explained, after an attorney

7   general begins a representation, it is possible that a department's view might diverge from

8   the attorney general's, but "[s]uch an eventuality should not give the attorney general the

9   power to impose his will on the department.  [Instead,] [i]t might well provide the basis for

10  substitution of counsel with a tardy appearance by the attorney general in behalf of what

11  he perceives to be the state interest."  Motor Club of Iowa, 251 N.W.2d at 516; accord

12  State ex rel. Allain, 418 So.2d at 784.  ("The unique position the attorney general requires

13  that when his views differ from or he finds himself at odds with an agency, then he must

14  allow the assigned counsel or specifically appointed counsel to represent the agency

15  unfettered and uninfluenced by the attorney general's personal opinion.")

16      It is clear that Defendants Ilagan and Perez's views differ greatly from those of the

17  Attorney General's office.  They should be permitted to enter their designation of new

18  counsel to protect their right to due process.

19

20

21

22

23

24

25

Julie B. Santos, et. al., v. Felix P. Camacho, etc, et. al.
04-00006
Defendant's Ilagan and Perez Opposition to Attorney
General's Motion To Strike Appearance and Subsequent Documents
Page 8

## CONCLUSION

The motion to strike is without merit. The Attorney General's opinion and position will be heard since he is also counsel of record for the Government of Guam in this matter. Defendants Ilagen and Perez should be permitted to proceed through their chosen counsel so that they can be heard in this Court.

Dated: December 14, 2004

MANTANONA LAW OFFICE
Attorney for **Lourdes M. Perez and Artemio B. Ilagan**

By: _____
Rawlen M T Mantanona, a duly
licensed employee.

Julie B. Santos, et. al., v. Felix P. Camacho, etc, et. al.
04-00006
Defendant's Ilagan and Perez Opposition to Attorney
General's Motion To Strike Appearance and Subsequent Documents
Page 9    Case 1:04-cv-00006    Document 122    Filed 12/14/2004    Page 9 of 10

# CERTIFICATE OF SERVICE

I, Rawlen M. T. Mantanona, do hereby certify that on the 14th day of December, 2004, caused the above Defendants Ilagan and Perez's Opposition to Attorney General's Motion to Strike Appearance and Subsequent Documents to be served upon the counsels of record in this matter by delivering and leaving one (1) copy of same at the following offices, as follows:

Michael Phillips, Esq.
Phillips & Bordallo, P.C.
410 West O'Briend Drive
Hagatna, GU 96910

Shannon Taitano, Esq.
Office of the Governor of Guam

Douglas Moylan
Office of the Attorney General
Suite 2-200E, Guam Judicial Center
120 West O'Brien Drive
Hagatna, GU 96910

Rodney Jacob, Esq.
Calvo & Clark, LLP
655 S. Marine Corps Drive
Tamuning, GU 96913

Dated: December 14, 2004

MANTANONA LAW OFFICE
Attorney for **Lourdes M. Perez and Artemio B. Ilagan**

By: 
_____
RAWLEN M T MANTANONA
A duly licensed employee.

Julie B. Santos, et. al., v. Felix P. Camacho, etc, et. al.
04-00006
Defendant's Ilagan and Perez Opposition to Attorney
General's Motion To Strike Appearance and Subsequent Documents
Page 11    Case 1:04-cv-00006    Document 122    Filed 12/14/2004    Page 10 of 10