SHANNON TAITANO, ESQ.
**OFFICE OF THE GOVERNOR OF GUAM**
Ricardo J. Bordallo Governor's Complex
Adelup, Guam 96910
Telephone:   (671) 472-8931
Facsimile:   (671) 477-4826

**RODNEY J. JACOB, ESQ.**
**DANIEL M. BENJAMIN, ESQ.**
**CALVO AND CLARK, LLP**
Attorneys at Law
655 South Marine Drive, Suite 202
Tamuning, Guam 96913
Telephone:   (671) 646-9355
Facsimile:   (671) 646-9403

Attorneys for *Felix P. Camacho, Governor of Guam*

**FILED**
DISTRICT COURT OF GUAM

JAN 13 2005

MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF GUAM

| | |
|---|---|
| JULIE BABAUTA SANTOS, et. al., | CIVIL CASE NO. 04-00006 |
| Petitioners, | |
| -v- | **DECLARATION OF DANIEL M. BENJAMIN IN SUPPORT OF THE GOVERNOR OF GUAM'S MOTION TO QUASH OR MODIFY SUBPOENAS AD TESTIFICANDUM FOR HEARING OF JANUARY 19, 2005** |
| FELIX P. CAMACHO, etc., et. al. | |
| Respondents. | |

**ORIGINAL**

I, DANIEL M. BENJAMIN, declare that:

1.      I am an attorney with the law firm of Calvo and Clark, LLP, counsel of record for Respondent Felix P. Camacho, Governor of Guam. I make this declaration on personal knowledge, and if called to testify I could and would testify competently thereto.

2.      Attached as Exhibit "A" is a true and correct copy of the Subpoena in a Civil Case to Felix P. Camacho, Governor of Guam filed on January 6, 2005.

3.      Attached as Exhibit "B" is a true and correct copy of the Subpoena in a Civil Case to Shannon Taitano, Legal Counsel to the Governor filed on January 6, 2005.

4.      Attached as Exhibit "C" is a true and correct copy of the Subpoena in a Civil Case to Erica Perez filed on January 6, 2005.

5.      Attached as Exhibit "D" is a true and correct copy of the Subpoena in a Civil Case to Anthony Sanchez filed on January 6, 2005.

6.      Attached as Exhibit "E" is a true and correct copy of the Subpoena in a Civil Case to Shawn Gumataotao filed on January 6, 2005.

7.      Attached as Exhibit "F" is a true and correct copy of the Subpoena in a Civil Case to Lourdes M. Perez, Director, Department of Administration, Government of Guam, filed on January 6, 2005.

/ /

/ /

/ /

/ /

/ /

/ /

/ /

8. Attached as Exhibit "G" is a true and correct copy of the Subpoena in a Civil Case to Artemio Ilagan, Director, Department of Revenue & Taxation, Government of Guam, filed on January 6, 2005.

I declare under penalty of perjury pursuant to the laws of the United States and of the Territory of Guam that the foregoing declaration is true and correct.

Executed this 13th day of January, 2005, in Tamuning, Guam.

_____
DANIEL M. BENJAMIN

# EXHIBIT A

AO 88 (Rev. 1/94) Subpoena in a Civil Case

**FILED**

DISTRICT COURT OF GUAM

JAN - 6 2005

## Issued by the
## UNITED STATES DISTRICT COURT

DISTRICT OF ___Guam___

**MARY L.M. MORAN**
CLERK OF COURT

JULIE BABAUTA SANTOS,

      Petitioner,

**V.**

FELIX C. CAMACHO, Governor of Guam,
et al.,

      Respondents.

CASE NUMBER: ¹ Civil Case No. 04-00006

### SUBPOENA IN A CIVIL CASE

TO:   FELIX P. CAMACHO, Governor of Guam

RECEIVED
JAN 07 2005
CALVO AND CLARK, LLP
AM

☒ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| District Court of Guam<br>520 West Soledad Avenue<br>Hagatna, GU | 4th Floor |
| | DATE AND TIME<br>January 19, 2005<br>1:30 p.m. |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHED

| PLACE<br>District Court of Guam<br>520 West Soledad Avenue, Hagatna, Guam | DATE AND TIME<br>January 19, 2005<br>1:30 p.m. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>Assistant Attorney General<br>Attorney for Respondents | DATE<br>1/3/05 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Stephen A. Cohen, Suite 2-200E, Guam Judicial Center, 120 West O'Brien Dr.
Hagatna, GU  96910; (671)  475-3324

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

---

### PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | 1/5/05 2:57 pm | |

SERVED ON (PRINT NAME) *Felix M. Camacho*     MANNER OF SERVICE

SERVED BY (PRINT NAME) *Francisco M. Santos*     TITLE *Process officer II*

---

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on *Jan. 05, 2005*
DATE

SIGNATURE OF SERVER
*Francisco M. Santos*

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where

person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## DOCUMENTS TO BE PRODUCED BY FELIX P. CAMACHO, GOVERNOR OF GUAM

1.  All contracts, purchase orders, memoranda, executive orders, correspondence, notices and other documents evidencing, relating to and bearing on the hiring of the law firm of Calvo & Clark, LLP and /or Rodney J. Jacob, Esq. and Daniel M. Benjamin, Esq. to provide legal services to you in this case, and any and all correspondence in 2004 and 2005 from you and/or your representatives to the Attorney General or any Assistant Attorneys General regarding this case and any other EITC cases.

2.  All contracts, purchase orders, memoranda, executive orders, correspondence, notices and other documents evidencing, relating to and bearing on the hiring of Rawlen MT Mantanona, Esq. and/or the Mantanona Law Office to provide legal services to Lourdes M. Perez, the Director of the Department of Administration, in this case, and any and all correspondence in 2004 and 2005 from the said Director of the Department of Administration and/or her representatives to the Attorney General or any Assistant Attorneys General regarding this case and any other EITC cases.

3.  All contracts, purchase orders, memoranda, executive orders, correspondence, notices and other documents evidencing, relating to and bearing on the hiring of Rawlen MT Mantanona, Esq. and/or the Mantanona Law Office to provide legal services to Artemio B. Ilagan, the Director of the Department of Revenue and Taxation, in this case, and any and all correspondence in 2004 and 2005 from the said Director of the Department of Revenue and Taxation and/or his representatives to the Attorney General or any Assistant Attorneys General regarding this case and any other EITC cases.

4.  All documents, memoranda, e-mails and other documents evidencing, bearing-on and relating to any payments of Earned Income Tax Credits by the government of Guam to anyone during 2004.

# EXHIBIT B

# FILED
## DISTRICT COURT OF GUAM
## JAN - 6 2005

### Issued by the
# UNITED STATES DISTRICT COURT
———————— DISTRICT OF ———— Guam ————

## MARY L.M. MORAN
## CLERK OF COURT

JULIE BABAUTA SANTOS,

     Petitioner,

## SUBPOENA IN A CIVIL CASE

    **V.**

FELIX C. CAMACHO, Governor of Guam, et al.,

CASE NUMBER: ¹ Civil Case No. 04-00006

    Respondents.

**RECEIVED**
**JAN 07 2005**
CALVO AND CLARK, LLP

TO: SHANNON TAITANO, Legal Counsel to the Governor
        Office of the Governor

☒ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| District Court of Guam<br>520 West Soledad Avenue<br>Hagatna, GU | 4th Floor |
| | **DATE AND TIME**<br>January 19, 2005<br>1:30 p.m. |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

**SEE ATTACHED**

| PLACE | DATE AND TIME |
|---|---|
| District Court of Guam<br>520 West Soledad Avenue, Hagatna, Guam | January 19, 2005<br>1:30 p.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Assistant Attorney General<br>Attorney for Respondents | 1/3/05 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Stephen A. Cohen, Suite 2-200E, Guam Judicial Center, 120 West O'Brien Dr.
Hagatna, GU 96910; (671) 475-3324

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

## PROOF OF SERVICE

DATE 1/5/05 2:40 PLACE pm

SERVED _Su Sto Shannon Taiteno_

SERVED ON (PRINT NAME)     MANNER OF SERVICE

SERVED BY (PRINT NAME) _Francisco M. Santos_     TITLE _Process Officer II_

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _Jan. 05, 2005_
DATE

SIGNATURE OF SERVER _Francisco M. Santos_

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in

person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, things not produced that is sufficient to enable the demanding party to contest the claim.

## DOCUMENTS TO BE PRODUCED BY SHANNON TAITANO, LEGAL COUNSEL OF THE GOVERNOR

1.  All contracts, purchase orders, memoranda, executive orders, correspondence, notices and other documents evidencing, relating to and bearing on the hiring of the law firm of Calvo & Clark, LLP and /or Rodney J. Jacob, Esq. and Daniel M. Benjamin, Esq. to provide legal services to Felix P. Camacho, the Governor of Guam, in this case.

2.  All contracts, purchase orders, memoranda, executive orders, correspondence, notices and other documents evidencing, relating to and bearing on the hiring of Rawlen MT Mantanona, Esq. and/or the Mantanona Law Office to provide legal services to Lourdes M. Perez, the Director of the Department of Administration, in this case.

3.  All contracts, purchase orders, memoranda, executive orders, correspondence, notices and other documents evidencing, relating to and bearing on the hiring of Rawlen MT Mantanona, Esq. and/or the Mantanona Law Office to provide legal services to Artemio B. Ilagan, the Director of the Department of Revenue and Taxation, in this case.

4.  Any and all correspondence in 2004 and 2005 from you and/or the Governor of Guam to the Attorney General of Guam or any Assistant Attorney General regarding this case and any other EITC cases.

# EXHIBIT C

# FILED

DISTRICT COURT OF GUAM

JAN - 6 2005

MARY L.M. MORAN
CLERK OF COURT

### Issued by the
## UNITED STATES DISTRICT COURT

—————————— DISTRICT OF    Guam ——————————

JULIE BABAUTA SANTOS,

        Petitioner,

      **V.**

FELIX C. CAMACHO, Governor of Guam,
et al.,

        Respondents.

## SUBPOENA IN A CIVIL CASE

CASE NUMBER: [1] Civil Case No. 04-00006

TO: ERICA PEREZ, Office of the Governor

RECEIVED
JAN 07 2005
CALVO AND CLARK, LLP

☒ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| District Court of Guam<br>520 West Soledad Avenue<br>Hagatna, GU | 4th Floor |
| | DATE AND TIME<br>January 19, 2005<br>1:30 p.m. |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

**SEE ATTACHED**

| PLACE | DATE AND TIME |
|---|---|
| District Court of Guam<br>520 West Soledad Avenue, Hagatna, Guam | January 19, 2005<br>1:30 p.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Assistant Attorney General<br>Attorney for Respondents | 1/3/05 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Stephen A. Cohen, Suite 2-200E, Guam Judicial Center, 120 West O'Brien Dr.
Hagatna, GU  96910 ; (671) 475-3324

## PROOF OF SERVICE

|  | DATE *1/5/5 2;4/6:0* | PLACE |
|---|---|---|
| SERVED | *Vi* | |
| SERVED ON (PRINT NAME) *Epico Perez* | | MANNER OF SERVICE |

SERVED BY (PRINT NAME) *Francisco M. Santos*          TITLE *Process officer*

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on *Jan. 05, 2005*
DATE

SIGNATURE OF SERVER
*Francisco M. Santos*

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## DOCUMENTS TO BE PRODUCED BY ERICA PEREZ. OFFICE OF THE GOVERNOR OF GUAM

All press releases and press briefing memoranda in 2004 and 2005 bearing on and relating to the Earned Income Tax Credit and any court cases regarding the Earned Income Tax Credit.

# EXHIBIT D

AO 88 (Rev. 1/94) Subpoena in a Civil Case

# FILED
DISTRICT COURT OF GUAM

JAN - 6 2005

MARY L.M. MORAN
CLERK OF COURT

Issued by the
## UNITED STATES DISTRICT COURT
_____ DISTRICT OF _____ Guam

JULIE BABAUTA SANTOS,

        Petitioner,

### V.

FELIX C. CAMACHO, Governor of Guam,
et al.,

        Respondents.

## SUBPOENA IN A CIVIL CASE

CASE NUMBER: [1] Civil Case No. 04-00006

TO: ANTHONY SANCHEZ, Office of the Governor

[x] YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| District Court of Guam 520 West Soledad Avenue Hagatna, GU | 4th Floor |
| | DATE AND TIME January 19, 2005 1:30 p.m. |

[ ] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

[x] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHED

| PLACE | DATE AND TIME |
|---|---|
| District Court of Guam 520 West Soledad Avenue, Hagatna, Guam | January 19, 2005 1:30 p.m. |

[ ] YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Assistant Attorney General Attorney for Respondents | 1/3/05 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Stephen A. Cohen, Suite 2-200E, Guam Judicial Center, 120 West O'Brien Dr.
Hagatna, GU 96910; (671) 475-3324

Case 1:04-cv-00006    Document 135    Filed 01/13/2005    Page 17 of 31

## PROOF OF SERVICE

| | DATE 1/5/ 2:00pm | PLACE |
|---|---|---|
| SERVED | | |
| | Anthony Sanchez | |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| | | |
| Francisco M. Santos | | Process Officer II |
| SERVED BY (PRINT NAME) | | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _Jan. 05, 2005_  
DATE

SIGNATURE OF SERVER  
_Francisco M Santos_

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in

person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## DOCUMENTS TO BE PRODUCED BY ANTHONY SANCHEZ, OFFICE OF THE GOVERNOR OF GUAM

All correspondence, memoranda, e-mails and other documents evidencing, bearing-on and relating to any payments of Earned Income Tax Credits by the government of Guam to anyone during 2004.

# EXHIBIT E

FILED
DISTRICT COURT OF GUAM

JAN - 6 2005

**Issued by the**

## UNITED STATES DISTRICT COURT

——————————— DISTRICT OF ——— Guam

MARY L.M. MORAN
**CLERK OF COURT**

JULIE BABAUTA SANTOS,

Petitioner,

**v.**

FELIX C. CAMACHO, Governor of Guam,
et al.,

Respondents.

## SUBPOENA IN A CIVIL CASE

CASE NUMBER: [1] Civil Case No. 04-00006

RECEIVED
JAN 07 2005
DISTRICT COURT OF GUAM

TO: SHAWN GUMATAOTAO, Office of the Governor

[x] YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| District Court of Guam<br>520 West Soledad Avenue<br>Hagatna, GU | 4th Floor<br>DATE AND TIME<br>January 19, 2005<br>1:30 p.m. |

[ ] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

[x] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

**SEE ATTACHED**

| PLACE<br>District Court of Guam<br>520 West Soledad Avenue, Hagatna, Guam | DATE AND TIME<br>January 19, 2005<br>1:30 p.m. |
|---|---|

[ ] YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>Assistant Attorney General<br>Attorney for Respondents | DATE<br>1/3/05 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Stephen A. Cohen, Suite 2-200E, Guam Judicial Center, 120 West O'Brien Dr.
Hagatna, GU 96910; (671) 475-3324

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

## PROOF OF SERVICE

|  | DATE 1/5/ 7:44P | PLACE |
|---|---|---|
| SERVED | *Shawn Guerrero too* | MANNER OF SERVICE |

SERVED ON (PRINT NAME)

| Francisco M Santos | Process officer II |
|---|---|
| SERVED BY (PRINT NAME) | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ____Jan. 05/2005____
DATE

_____
SIGNATURE OF SERVER
Francisco M. Santos

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where

person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, things not produced that is sufficient to enable the demanding party

## DOCUMENTS TO BE PRODUCED BY SHAWN GUMATAOTAO, OFFICE OF THE GOVERNOR OF GUAM

All press releases and press briefing memoranda in 2004 and 2005 bearing on and

relating to the Earned Income Tax Credit and any court cases regarding the Earned

Income Tax Credit.

# EXHIBIT F

# FILED

**DISTRICT COURT OF GUAM**

JAN - 6 2005

**Issued by the**

# UNITED STATES DISTRICT COURT

**MARY L.M. MORAN**

**CLERK OF COURT**

DISTRICT OF    Guam

JULIE BABAUTA SANTOS,

         Petitioner,

**V.**

FELIX C. CAMACHO, Governor of Guam, et al.,

         Respondents.

## SUBPOENA IN A CIVIL CASE

CASE NUMBER: [1]   Civil Case No. 04-00006

RECEIVED

JAN 07 2005

TO:   LOURDES M. PEREZ, Director, Department of Administration
                   Government of Guam

☒ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| District Court of Guam<br>520 West Soledad Avenue<br>Hagatna, GU | 4th Floor |
| | DATE AND TIME<br>January 19, 2005<br>1:30 p.m. |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

**SEE ATTACHED**

| PLACE | DATE AND TIME |
|---|---|
| District Court of Guam<br>520 West Soledad Avenue, Hagatna, Guam | January 19, 2005<br>1:30 p.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Assistant Attorney General<br>Attorney for Respondents | 1/3/05 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Stephen A. Cohen, Suite 2-200E, Guam Judicial Center, 120 West O'Brien Dr.
Hagatna, GU   96910;   (671)   475-3324

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

---

## PROOF OF SERVICE

| | DATE 1/5/05  3:35 pm | PLACE |
|---|---|---|
| SERVED | *Lindsey* *Leander M. Perez* | |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| *Francisco M. Stites* | *Process Officer II* |

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ___Jan, 05, 2005___
                     DATE

SIGNATURE OF SERVER

                                    *Francisco M Stites*

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in

person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## DOCUMENTS TO BE PRODUCED BY LOURDES M. PEREZ, DIRECTOR OF THE DEPARTMENT OF ADMINISTRATION

1.  All contracts, purchase orders, memoranda, executive orders, correspondence, notices and other documents evidencing, relating to and bearing on the hiring of Rawlen MT Mantanona, Esq. and/or the Mantanona Law Office to provide legal services to you in this court case.

2.  Any and all correspondence in 2004 and 2005 from you and/or your representatives to the Attorney General of Guam or any Assistant Attorney General regarding this court case and any other EITC court cases.

3.  All correspondence, memoranda, e-mails, and other documents evidencing, bearing-on and relating to any payments of Earned Income Tax Credits by the government of Guam to anyone during 2004.

# EXHIBIT G



**Issued by the**

**DISTRICT COURT OF GUAM**

**UNITED STATES DISTRICT COURT**

JAN - 6 2005

——————— DISTRICT OF ——— Guam

~~MARY L.M. MORAN~~

**CLERK** OF COURT

JULIE BABAUTA SANTOS,

        Petitioner,

**SUBPOENA IN A CIVIL CASE**

**V.**

FELIX C. CAMACHO, Governor of Guam, et al.,

        Respondents.

CASE NUMBER: ' Civil Case No. 04-00006

TO:   ARTEMIO ILAGAN, Director, Department of Revenue & Taxation
         Government of Guam

RECEIVED
JAN 07 2005
CALVO AND CLARK, LLP

☒ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| District Court of Guam<br>520 West Soledad Avenue<br>Hagatna, GU | 4th Floor |
| | DATE AND TIME<br>January 19, 2005<br>1:30 p.m. |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHED

| PLACE<br>District Court of Guam<br>520 West Soledad Avenue, Hagatna, Guam | DATE AND TIME<br>January 19, 2005<br>1:30 p.m. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>Assistant Attorney General<br>Attorney for Respondents | DATE<br>1-3-05 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Robert M. Weinberg, Suite 2-200E, Guam Judicial Center, 120 West O'Brien Dr.
Hagatna, GU 96910; (671) 475-3324

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

## PROOF OF SERVICE

|  | DATE 1/5/05 3:30 pm | PLACE |
|---|---|---|
| SERVED | Artemio B Llanpn | Artemio I Logpn |
| | SERVED ON (PRINT NAME) | MANNER OF SERVICE |
| | Franzisca M. Santos | Process officer II |
| | SERVED BY (PRINT NAME) | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _Jan 5, 2005_
DATE

SIGNATURE OF SERVER
_Franzisca M. Santos_

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where

person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified condition.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, things not produced that is sufficient to enable the demanding party

**DOCUMENTS TO BE PRODUCED BY ARTEMIO B. ILAGAN, DIRECTOR OF THE DEPARTMENT OF REVENUE AND TAXATION**

1. All contracts, purchase orders, memoranda, executive orders, correspondence, notices and other documents evidencing, relating to and bearing on the hiring of Rawlen MT Mantanona, Esq. and/or the Mantanona Law Office to provide legal services to you in this court case.

2. All correspondence in 2004 and 2005 from you and/or your representatives to the Attorney General of Guam or to any Assistant Attorney General regarding this court case and any other EITC court cases.

3. All correspondence, memoranda, e-mails, and other documents evidencing, bearing-on and relating to any payments of Earned Income Tax Credits by the government of Guam to anyone during 2004.