SHANNON TAITANO, ESQ.
OFFICE OF THE GOVERNOR OF GUAM
Ricardo J. Bordallo Governor's Complex
Adelup, Guam 96910
Telephone: (671) 472-8931
Facsimile: (671) 477-4826

**RODNEY J. JACOB, ESQ.**
**DANIEL M. BENJAMIN, ESQ.**
**CALVO AND CLARK, LLP**
Attorneys at Law
655 South Marine Drive, Suite 202
Tamuning, Guam 96913
Telephone: (671) 646-9355
Facsimile: (671) 646-9403

Attorneys for *Felix P. Camacho, Governor of Guam*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF GUAM

| | |
|---|---|
| JULIE BABAUTA SANTOS, et. al., <br><br> Petitioners, <br><br> -v- <br><br> FELIX P. CAMACHO, etc., et. al. <br><br> Respondents. | CIVIL CASE NO. 04-00006 <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO QUASH OR MODIFY SUBPOENAS AD TESTIFICANDUM FOR HEARING OF JANUARY 19, 2005** |

**ORIGINAL**

Case 1:04-cv-00006   Document 136   Filed 01/13/2005   Page 1 of 11

The Governor of Guam (the "Governor") respectfully submits this memorandum of points and authorities in support of the motion to quash or to modify the subpoenas ad testificandum served by the Attorney General of Guam demanding the testimony at the January 19, 2005 hearing of Governor of Guam Felix P. Camacho, his Legal Counsel Shannon Taitano ("Ms. Taitano"), his Spokesperson Erica Perez ("Ms. Erica Perez"), his Chief of Staff Anthony Sanchez ("Mr. Sanchez"), and his Executive Assistant Shawn Gumataotao ("Mr. Gumataotao").[1]

## INTRODUCTION

The Attorney General insists that he represents the Governor in this case. He wishes to do so for the purpose of asserting legal positions on "behalf" of the Governor with which the Governor strongly disagrees, while silencing the Governor's right to be heard. Now, the Attorney General has subpoenaed the Governor—his supposed client—along with four of the Governor's top staff, to testify at the January 19, 2005 hearing. Nothing could more clearly illustrate the lack of a workable attorney-client relationship between the Attorney General and the Governor in this case than this hostile and unnecessary maneuver.

The subpoenas seek testimony on no topic that is discernibly relevant to the January 19, 2005 hearing. The hearing concerns two issues. The first is whether the motion to adopt an administrative plan should be denied without prejudice while the Court determines: (1) whether it ever had subject-matter jurisdiction over this action and (2) whether the settlement violates Guam's Illegal Expenditures Act. The second is whether the Governor, Ms. Lourdes Perez, and Mr. Ilagan may retain counsel to protect their interests as defendants in this case. The Attorney General gives no indication of any testimony that the Governor or his subordinates (other than defendants Ms. Lourdes Perez and Mr. Ilagan, who are already committed to testify)

---

[1] Copies of these subpoenas are attached hereto as exhibit A-E to the Declaration of Daniel M. Benjamin in Support of Motion to Quash or Modify Subpoenas ("Benjamin Decl.")

*Civil Case No. 04-00006* 1
T050113.382-00010.CT(MPA In Support of Order to Quash)

could possibly provide that would be relevant to the legal issues at stake. This alone requires quashing the subpoenas under Fed. R. Civ. P. 45(c)(3)(A)(iv).

The subpoenas also fail to comply with federal standards governing the subpoenaing of senior executive officials. They seek the testimony of the Governor personally, with no showing of need for his personal testimony as opposed to that of subordinates, and no showing that the subpoenas will not invade matters of executive discretion. Under such circumstances, federal law requires quashing the subpoena of the Governor pending a demonstration that a less-senior official cannot address the matter and that the matter is an appropriate subject for the subpoena of a senior executive officer.

The Governor also respectfully requests that if the subpoenas of the Governor, Ms. Taitano, and/or Mr. Gumataotao are not quashed or modified on other grounds, the Court modify the date for testimony to accommodate the Governor's and his staff's other duties. On January 19, 2005, the Governor, Ms. Taitano, and Mr. Gumataotao will be attending the inauguration of the President of the United States in Washington, D.C. This is an important and obligatory function for the Governor as the chief executive officer of Guam, and the Governor had already selected Ms. Taitano and Mr. Gumataotao to attend the inauguration events with him and assist him in using this opportunity to meet with important federal and state officials in regard to various issues affecting the island. Thus, the Governor hopes that if the Court finds the Attorney General can demonstrate relevancy, the Court can accommodate the Governor's and his staff's other governmental obligations and schedule an alternative date.

---

The subpoenas were also subpoenas duces tecum, but those portions of the subpoenas are not the subject of this motion.

# ARGUMENT

## I. THE SUBPOENAS SEEK IRRELEVANT TESTIMONY FROM THE GOVERNOR AND HIS STAFF

"On timely motion, the court by which a subpoena was issued **shall** quash or modify the subpoena if it ... requires disclosure of privileged or other protected matter and no exception or waiver applies, or subjects a person to undue burden." FRCP 45(c)(3)(A)(iii)-(iv) (emphasis added). This requirement is mandatory. *E.g.*, Advisory Committee Notes to 1991 Amendment to Rule 45 ("Subparagraph (c)(3)(A) identifies those circumstances in which a subpoena must be quashed").

Where the information subpoenaed is "not relevant nor calculated to lead to the discovery of admissible evidence, then any burden whatsoever imposed upon [the party subpoenaed] would be by definition 'undue.'" *Compaq Computer Corp. v. Packard Bell Electronics, Inc.*, 163 F.R.D. 329, 335-36 (N.D. Cal. 1995); *Jones v. Hirschfeld*, 219 F.R.D. 71, 77 (S.D.N.Y. 2003) (granting motion to quash because of the "inexorable conclusion that Mr. Clinton has no relevant information to offer"); *Wiesenberger v. W. E. Hutton & Co.*, 35 F.R.D. 556, 557-58 (S.D.N.Y. 1964) (quashing subpoena because it sought tax records that were irrelevant to litigation).

The glaring feature of the subpoenas for the testimony of the Governor, Ms. Taitano, Ms. Erica Perez, Mr. Sanchez, and Mr. Gumataotao for the January 19, 2005 hearing is the complete absence of any suggestion by the Attorney General as to what, if any, potentially relevant testimony they might produce. At the January 19, 2005 hearing, the Court is examining two issues. The first issue is whether the motion to adopt an administrative plan should be denied without prejudice while the Court determines: (1) whether it ever had subject-matter jurisdiction over this action given, among other things, the lack of exhaustion and inappropriateness of class actions in tax refund cases; and (2) whether the settlement violates Guam's Illegal Expenditures

*Civil Case No. 04-00006* 3
T050113.382-00010.CT(MPA In Support of Order to Quash)
Case 1:04-cv-00006 Document 136 Filed 01/13/2005 Page 4 of 11

Act because there was not $60 million in any fund to support the contract when it was signed. The second issue is whether the Governor, Ms. Lourdes Perez, and Mr. Ilagan can retain independent counsel to represent their interests as defendants in this case. Nothing suggests that the subpoenas at issue seek to elicit testimony relevant to these two issues.

The Attorney General has filed five briefs and memoranda that relate to the upcoming January 19, 2005 hearing.[2] Yet, nowhere in any of these filings does he state that any of the subpoenaed officials are needed to testify at this hearing. Nor does he raise any factual questions on which their testimony is needed. Nor has he disclosed any purpose to these subpoenas in any communication to the Governor.

The only possible indication of what might be intended as topics for testimony are the document demands that are attached to the subpoenas.[3] (*See* Benjamin Decl. Exhs. A-E (attaching document demands).) These document demands, which address four basic topics, strongly support the conclusion that the Attorney General is pursuing topics irrelevant to the upcoming hearing.

The Attorney General seeks to have Ms. Erica Perez and Mr. Gumataotao provide documents regarding the press statements the Governor has made concerning the EITC. (*See*

---

[2] These are: (1) Memorandum of Points and Authorities in Response to Petitioner's Motion for Orders Approving Administration Plan, Etc. filed on November 8, 2004; (2) Motion of Respondents and Attorney General to Strike Entry of Appearance of Rawlen MT Mantanona and to Strike All Subsequent Documents Filed Herein by Rawlen MT Mantanona; (3) Motion of Respondents and Attorney General for Relief from Order Issued by the Court on November 12, 2004; (4) Motion of Respondents and Attorney General to Strike Entry of Appearance of Calvo & Clark, LLP and Purported Entry of Appearance of Shannon Taitano, Esq. and to Strike all Subsequent Documents Filed Herein by Calvo & Clark, LLP and Shannon Taitano, Esq. all filed on December 6, 2004; and (5) Attorney General's Response to Governor's Objections and Opposition to Petitioner's Motion for Approval of the Administration Plan Filed November 24, 2004 filed on December 7, 2004.

[3] These document demands themselves seek irrelevant and privileged materials, and will be addressed by the Governor through appropriate objections pursuant to FRCP 45(c)(2)(B). The demands are also duplicative as the Attorney General's office already requested identical documents under Guam's Sunshine Act, and has already received all non-privileged documents

Benjamin Exhs. C, E.) Press statements, or testimony about them, cannot be relevant to whether the settlement contract violates Guam law. No press statements by any person on that subject, either supporting or denying the contract's legality, would have any bearing on the legal question itself. What matters legally is whether the settlement is or is not supported by an appropriation or fund worth $60 million, and thus does or does not violate the Illegal Expenditures Act. The witness who can provide relevant testimony on this subject is Ms. Lourdes Perez. As the Director of Administration, she is the government officer with knowledge of the funds possessed by the government. And she is already prepared to take the stand to explain to the Court her declaration of November 24, 2004 that adequate funds do not exist.

The Attorney General also has subpoenaed the Governor and Mr. Sanchez for any records of the payment of the EITC to "anyone" in 2004. (*See* Benjamin Exhs. A, D.) Compliance with these document subpoenas would violate federal criminal law because, under 26 U.S.C. § 7213(a), federal or state official cannot disclose the tax records of any taxpayer. Accordingly, if the production of individual tax records is prohibited, so too is testimony as to those tax records. *See* FRCP 45(c)(3)(A)(iii) (subpoena must be quashed where it seeks privileged information). And, in any case, this also would be an irrelevant topic. Payment of an EITC claim to "anyone" in 2004 would have no more bearing on the legality of the settlement than a press statement would. Any such payment would have no relevance to the legality of a settlement that attempts to commit the Government of Guam to pay $60 million in unfunded claims and $6 million in attorneys' fees as a matter of contract law.

The Attorney General also seeks to have the Governor and Ms. Taitano provide documents concerning the procurement procedures followed by the Governor, Ms. Lourdes

---

not already possessed by the Attorney General's office in response to those Sunshine Act Requests.

Perez, and Mr. Ilagan in procuring legal services. (*See* Benjamin Exhs. A, B.) But these procurements go only to the issue of whether their chosen counsel can be *paid* (an issue not before the Court). Procurement procedures have nothing to do with whether the Governor, Ms. Lourdes Perez, and Mr. Ilagan are entitled to appear through independent counsel of their choosing when the Attorney General refuses to represent their interests faithfully, obey their instructions, or even tell them what he wants (the issue before the Court). Again, if this is an intended topic of testimony, it fails to meet the relevancy standard.

Finally, the Attorney General seeks to have Ms. Taitano provide documents regarding the communications between the Attorney General's office and the Office of the Governor concerning the EITC. (*See* Benjamin Exh. B.) Along with raising issues of privilege, any such communications cannot show that the Attorney General has faithfully represented the Governor. The Attorney General has conceded to this Court that he did not do so and does not intend to do so. In the Attorney General's brief dated November 8, 2004, the Attorney General expressly stated that he would not follow the Governor's instructions. (*See* Attorney General's MPA in Response to Petitioner's Motion for Orders Approving Administration Plan, Etc. (filed 11/8/04) at 6 (claiming that "[t]he Governor is without authority to 'instruct' the Attorney General....").) In fact, that brief was filed in the Governor's name but without any notice to the Governor or any permission from the Governor as the purported client.[4]

In sum, the Attorney General has identified no ground demonstrating the relevancy of any of these witness subpoenas to the issues of the January 19, 2005 hearing, witness subpoenas that instead only underscore the inconsistency and inappropriateness of the Attorney General's continued insistence that he represents the Governor despite his hostility to the

---

[4] This sequence was fully detailed and documented on page 2 of the Governor's Request for Hearing and Objection filed November 9, 2004, and the Attorney General has never disputed its accuracy.

Governor's positions. The Attorney General's accompanying document demands, if at all probative, completely support the conclusion that no relevant testimony is being sought through these subpoenas. For these reasons, the subpoenas must be quashed. Fed. R. Civ. P. 45(c)(3)(A).

II. **THE ATTORNEY GENERAL HAS FAILED TO DEMONSTRATE THAT TESTIMONY FROM ONE OF THE GOVERNOR'S SUBORDINATES WOULD BE INADEQUATE OR THAT THE TESTIMONY WILL NOT CONCERN MATTERS OF EXECUTIVE DISCRETION**

Even if some of the other government witnesses subpoenaed were to be needed to testify—either at the upcoming hearing or in the future—no circumstance supporting the subpoena of the Governor himself has been shown. High-ranking officials should not be compelled to testify until it is first demonstrated that testimony from subordinates is inadequate:

> Department heads and similarly high-ranking officials should not ordinarily be compelled to testify unless it has been established that the testimony to be elicited is necessary and relevant and unavailable from a lesser ranking officer.

*Halderman v. Pennhurst State School and Hosp.*, 96 F.R.D. 60, 64 (D. Pa. 1982) (citing *Sneaker Circus, Inc. v. Carter*, 457 F. Supp. 771, 794 n.33 (E.D.N.Y. 1978); *United States v. Northside Realty Assoc.*, 324 F. Supp. 287, 293 (N.D. Ga. 1971)). Further, compelled testimony of high-ranking executive officials should not be required where they may be asked for testimony on their discretionary determinations, which are matters of executive discretion. *Northside Realty Assoc.*, 324 F. Supp. at 293 ("It has been recognized that a member of the Cabinet or the head of a large executive department should not be called upon to give his deposition if such deposition is taken in order to probe the mind of the official to determine why he exercised his discretion as he did in regard to a particular matter.") (citing *De Cambra v. Rogers*, 189 U.S. 119, 122 (1903); *United States v. Morgan*, 313 U.S. 409, 422 (1941)); *Marisol A. v. Giuliani*, 1998 WL 132810, at *2-3 (S.D.N.Y. Mar. 23, 1998) ("high ranking government officials are not subject to depositions absent a showing by the party seeking the deposition that '(1) the deposition is necessary in order

to obtain relevant information that cannot be obtained from any other source and (2) the deposition would not significantly interfere with the ability of the official to perform his governmental duties.'"); *accord In re United States*, 985 F.2d 510, 511-13 (11th Cir.), *cert. denied*, 510 U.S. 989 (1993) ("the Supreme Court has indicated that the practice of calling high officials as witnesses should be discouraged") (citing *Morgan*, 313 U.S. 409).

These rules apply to the Governor. *Sweeney v. Bond*, 669 F.2d 542, 546 (8th Cir. 1982) (governor not required to testify where plaintiffs "failed to show that Governor Bond possessed information which was essential to plaintiffs' case and which could not be obtained from Director James or other staff members").[5] Here, the Attorney General has as much as admitted that the Governor holds no unique knowledge that requires his particular presence. The document requests attached to the subpoena of the Governor are exactly the same four requests that are attached to the subpoena of Ms. Taitano. (Compare Benjamin Decl. Exh. A (subpoena of the Governor) *with* Exh. B (subpoena of Ms. Taitano).) Further, even without Ms. Taitano's presence, most of these four sets of documents are also requested from Ms. Lourdes Perez, Mr. Sanchez, and Mr. Ilagan. (*See* Benjamin Decl. Exhs. B, F, G.) The document requests are the only available indication of what the Attorney General would seek in testimony from the Governor. There is simply no demonstrated need for the Governor to testify as any legitimate inquiries can be addressed by a lower ranking officer. *Halderman*, 96 F.R.D. at 64. The Governor asks that his subpoena either be quashed or modified to require his testimony only after the Attorney General demonstrates that his inquiries cannot be addressed by a lesser ranking official and do not improperly intrude on executive discretion. *Id.*; *Northside Realty Assoc.*, 324 F. Supp. at 293

---

[5] *Abrogated on other grounds by O'Hare Truck Service, Inc. v. City of Northlake*, 518 U.S. 712 (1996) (addressing issue regarding rights of public contractors).

### III. THE GOVERNOR, MS. TAITANO, AND MR. GUMATAOTAO ARE OBLIGATED TO BE IN WASHINGTON D.C. ON OFFICIAL BUSINESS ON JANUARY 19, 2005

The Governor's and his office's principal objection to the Attorney General's subpoenas is their lack of relevancy, as well as the inadequate showing with regard to why the Governor needs to testify. Therefore, the Governor does wish to emphasize that his staff (within the bounds of governing privileges) are available to testify if the Court should find their testimony relevant. In fact, Mr. Ilagan and Ms. Perez have been instructed by the Governor to be prepared to testify at the January 19 hearing given that they may possess information relevant to that hearing (especially Ms. Perez, who can address the issue of a lack of funding for the settlement).[6]

However, if the Governor, Ms. Taitano, or Mr. Gumataotao is required, a problem arises because the Court's hearing is scheduled for January 19, 2005. The inauguration of President Bush is that same week, and the governors of all States and the territories are expected to attend this event and the surrounding meetings and functions. (*See* Decl. of Shawn Gumataotao in Support of Motion to Quash or Modify Subpoenas at ¶ 2 & Exh. A (Governor's Itinerary).) This is an important event for Guam as it represents an opportunity for the Governor and selected senior staff to engage in formal and informal meetings and lobbying of federal officials for the benefit of the island. (*Id.* ¶ 3.) Thus, prior to being served with the subpoenas, the Governor already had made arrangements not only for his attendance, but also for the attendance of Ms. Taitano and Mr. Gumataotao, who will both be assisting the Governor in his efforts. (*Id.* ¶ 4.)

Thus, given the nature of their obligations, it is respectfully requested that if the testimony of Ms. Taitano, Mr. Gumataotao, or even the Governor himself, is required by the Court, then either the January 19 hearing be rescheduled or the subpoenas be modified to address

---

[6] Of course, they may still object to irrelevant or privileged lines of questioning.

the undue burden they otherwise would cause by permitting the testimony to occur at a subsequent hearing held after their return from Washington, D.C. *See* FRCP 45(c)(3)(A)&(B) (court may modify or quash subpoena for protection of subpoenaed person).)

## CONCLUSION

For the foregoing reasons, the Office of the Governor respectfully requests that the Court quash or modify the subpoenas ad testificandum of the Governor, Ms. Taitano, Ms. Erica Perez, Mr. Sanchez, and Mr. Gumataotao.

Dated this 13th day of January, 2005.

OFFICE OF THE GOVERNOR OF GUAM
CALVO AND CLARK, LLP
Attorneys at Law

By: _____
**DANIEL M. BENJAMIN**