**MANTANONA**
LAW OFFICE

GCIC Bldg., Suite 601B
414 West Soledad Avenue
Hagatna, Guam 96910
Telephone (671) 472-3666
Facsimile (671) 472-3668

Attorney for **Lourdes M. Perez and Artemio B. Ilagan**

FILED
DISTRICT COURT OF GUAM
JAN 19 2005
MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF GUAM

| | |
|---|---|
| JULIE BABAUTA SANTOS, et. al., ) | Civil Case No. 04-00006 |
| Petitioners, ) | **ARTEMIO B. ILAGAN'S OBJECTION TO THE PEOPLE'S SUBPOENA DUCES TECUM** |
| vs. ) | |
| FELIX P. CAMACHO, etc., et. al., ) | |
| Respondents. ) | |

## GENERAL OBJECTIONS

Mr. Ilagan objects to the subpoena *duces tecum* served by the Attorney General on January 5, 2005. It seeks irrelevant documents and is overbroad, unduly burdensome, harassing, and redundant. Leaving aside the absence of any need for these documents in the first place, the Attorney General already has them because Mr. Ilagan already produced all responsive non-privileged documents to the Attorney General pursuant to a Sunshine Act request that the Attorney General served upon Mr. Ilagan on January 4, 2005.

Moreover, it is improper to use a subpoena *duces tecum* in lieu of a document request, when the recipient of the subpoena is a party, such as Mr. Ilagan. *Wirtz v. Local Union 169*, 37 F.R.D. 349, 351 (D. Nev. 1965).

Artemio B. Ilagan's objections
Page 1
Case 1:04-cv-00006   Document 142   Filed 01/19/2005   Page 1 of 4
ORIGINAL

> [F]ederal discovery processes are not intended to require such wholesale disclosure of government memoranda, reports, communications and statements as is contemplated under the terms of this subpoena. A subpoena *duces tecum*, under Rule 45, is not intended as a substitute for a motion to produce under Rule 34, where, as in this case, the subpoena requires production of documents under the control of plaintiff, as distinguished from documents in the possession and control of an independent witness.

*Id.*

Mr. Ilagan further objects that the subpoena calls for documents that are protected by the attorney-client privilege, by executive privilege, are not in his possession, and/or could be obtained from others. Mr. Ilagan also objects that the subpoena calls for documents that are equally available to the Attorney General.

Subject to the foregoing objections, and incorporating each General Objection into the foregoing responses, Mr. Ilagan makes the following specific objections:

## DOCUMENT DEMANDS

### Document Demand No. 1

All contracts, purchase orders, memoranda, executive orders, correspondence, notices and other documents evidencing, relating to and bearing on the hiring of Rawlen MT Mantanona, Esq. and/or the Mantanona Law Office to provide legal services to you in this court case.

### Objections

Mr. Ilagan objects that this demand is irrelevant and redundant of the Sunshine Act request made by the Attorney General to which Mr. Ilagan already has responded fully. This request also seeks privileged communications, documents that are available from sources other than Mr. Ilagan, and documents that are within the Attorney General's possession.

Notwithstanding the specific and general objections stated above, all non-privileged documents not already in the possession of the Attorney General's office will be produced at the January 25, 2004 hearing pursuant to the Court's Order of January 14, 2005 moving the hearing date.

**Document Demand No. 2**

All correspondence in 2004 and 2005 from you and/or your representatives to the Attorney General or any Assistant Attorney General regarding this case and any other EITC court cases.

**Objections**

Mr. Ilagan objects that this demand is irrelevant and redundant of the Sunshine Act request made by the Attorney General to which Mr. Ilagan already has responded fully. This request also seeks privileged communications, documents that are available from sources other than Mr. Ilagan, and documents that are within the Attorney General's possession, such as "[a]ll correspondence in 2004 and 2005 from you and/or your representatives to the Attorney General or any Assistant Attorney General regarding this case and any other EITC court cases."

Notwithstanding the specific and general objections stated above, all non-privileged documents not already in the possession of the Attorney General's office will be produced at the January 25, 2004 hearing pursuant to the Court's Order of January 14, 2005 moving the hearing date.

**Document Demand No. 3**

"All documents, memoranda, e-mails and other documents evidencing, bearing on and relating to any payments of Earned Income Tax Credits by the government of Guam to anyone during 2004."

## Objections

Mr. Ilagan objects that this demand is irrelevant and redundant of the Sunshine Act request made by the Attorney General to which Mr. Ilagan already has responded fully. This request also seeks privileged communications and documents that are available from sources other than Mr. Ilagan. Mr. Ilagan further objects that pursuant to 26 U.S.C. § 7213(a), federal and state official cannot disclose the tax records of any taxpayer.

Notwithstanding the specific and general objections stated above, all non-privileged documents and non-confidential records not already in the possession of the Attorney General's office will be produced at the January 25, 2004 hearing pursuant to the Court's Order of January 14, 2005 moving the hearing date.

Dated: January 19, 2005

>MANTANONA LAW OFFICE
>Attorney for **Lourdes M. Perez and Artemio B. Ilagan**
>
>By: _____
>RAWLEN M T MANTANONA
>A duly licensed employee.

Artemio B. Ilagan's objections
Page 4
Case 1:04-cv-00006    Document 142    Filed 01/19/2005    Page 4 of 4