SHANNON TAITANO, ESQ.
OFFICE OF THE GOVERNOR OF GUAM
Ricardo J. Bordallo Governor's Complex
Adelup, Guam 96910
Telephone: (671) 472-8931
Facsimile: (671) 477-4826

RODNEY J. JACOB, ESQ.
DANIEL M. BENJAMIN, ESQ.
CALVO AND CLARK, LLP
Attorneys at Law
655 South Marine Drive, Suite 202
Tamuning, Guam 96913
Telephone: (671) 646-9355
Facsimile: (671) 646-9403

Attorneys for *Felix P. Camacho, Governor of Guam,
and the Office of the Governor of Guam*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF GUAM

| | |
|---|---|
| JULIE BABAUTA SANTOS, et. al., | CIVIL CASE NO. 04-00006 |
| Petitioners, | |
| -v- | **FIRST REQUEST FOR JUDICIAL NOTICE** |
| FELIX P. CAMACHO, etc., et. al. | |
| Respondents. | |

The Governor of Guam respectfully requests the Court to take judicial notice of Executive Order Number 2005-01. Pursuant to Federal Rule of Evidence 201, a "court may judicially notice matters of public record unless the matter is a fact subject to reasonable dispute." *Disabled Rights Action Committee v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n.1 (9th Cir. 2004) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 669 (9th Cir. 2003) and collecting additional authorities); *see also Civil Trials and Evid.* § 8:846 (The Rutter Guide) (collecting authorities) ("Courts may take judicial notice of the official acts of the legislative, executive and judicial departments.").

The foregoing documents were issued as a matter of public record by the Governor. That fact is not subject to reasonable dispute. Judicial notice is therefore warranted. *Id.*

Dated this 21st day of January, 2005.

OFFICE OF THE GOVERNOR OF GUAM
CALVO AND CLARK, LLP
Attorneys at Law

By: _____
DANIEL M. BENJAMIN

# EXHIBIT 1



OFFICE OF THE GOVERNOR
HAGÅTÑA, GUAM 96910
U.S.A.

EXECUTIVE ORDER NO. 2005- 01

## RELATIVE TO FILING EARNED INCOME TAX CREDIT CLAIMS WITH THE DEPARTMENT OF REVENUE AND TAXATION

**WHEREAS**, the Guam Territorial Income Tax is established in the Organic Act of Guam to mirror the federal Internal Revenue Code in most, but not all, respects, as a tax that is collected by and payable to the government of Guam; and

**WHEREAS**, the Earned Income Tax Credit ("EITC") was enacted by the United States Congress in 1975 as a subsidy to the working poor as an extension of social welfare benefits; and

**WHEREAS**, the federal EITC is funded in the Fifty States in part through the collection of Social Security taxes, which are not collected by the government of Guam and therefore are not available to fund payment of the EITC in Guam absent federal action; and

**WHEREAS**, in 1996, under the previous administration, the Department of Revenue and Taxation ("DRT") issued Revenue Ruling No. 96-001, which provided that the EITC was not applicable in Guam, it should not be administered by DRT, and DRT should not certify to the Department of Administration ("DOA") for payment the amounts of EITC cash refunds reported by Guam taxpayers on their Guam individual income tax returns; and

**WHEREAS**, pursuant to Revenue Ruling No. 96-001, and with the exceptions of tax years 1997 and 1998, DRT has in most cases not accepted filings that claimed the EITC; and

**WHEREAS**, in response to Revenue Ruling No. 96-001, the Legislature has passed a number of laws intended to mirror the federal EITC, including the Guam Earned Income Program, but there presently is no funding of the EITC on Guam; and

**WHEREAS**, the government of Guam wishes to promptly and efficiently determine which taxpayers claim eligibility for the EITC and whether such claims are otherwise valid under the laws of Guam and/or the United States, regardless of legal disputes over the applicability of the EITC on Guam and regardless of issues over the lack of availability of funding for payment of EITC claims; and

**WHEREAS**, taxpayers should not have to bear the primary burden of determining whether they are eligible for the EITC in past tax years, or in what amounts, and to expect them to do so could at a minimum require them to obtain copies of all relevant back years' tax returns, at substantial cost and burden to both taxpayers and DRT; and

**WHEREAS**, the use of a new simplified claim form for EITC claims, which requires only information not already known to DRT from taxpayers' previously submitted tax returns, would minimize the burden on taxpayers of making EITC claims and would allow DRT to determine the eligibility and calculate the amount of the legitimate claims of each taxpayer submitting the simplified form in the fastest possible time; and

**WHEREAS**, a new simplified claim form can be designed to support a computerized tracking system that will automatically identify duplicative, mutually inconsistent, and otherwise improper claims (specifically including fraudulent claims regarding qualifying children and head



of household status) thereby preventing overpayments and facilitating the prosecution of false or fraudulent claims; and

**WHEREAS**, the Governor urges the federal government to fund the EITC on Guam to establish equality between the rights of taxpayers residing in the United States and its territories, but will work in the meantime with the Legislature to pass an appropriation or bond to fund the payment of otherwise valid but unpaid claims for the EITC.

**NOW, THEREFORE, I, FELIX P. CAMACHO**, *I Maga'låhen Guåhan*, Governor of Guam, by virtue of the authority vested in me by the Organic Act of Guam, as amended, do order as follows:

1. The Department of Revenue and Taxation ("DRT") shall begin accepting claims for the Earned Income Tax Credit pursuant to the Guam Earned Income Program, 11 G.C.A. §§ 42101-04, as soon as forms described in paragraph 2 below can promulgated and printed, and in no event later than January 31, 2005.

2. Pursuant to the authority vested in it by 11 G.C.A.§§ 42102 and 42103, DRT shall prepare simplified forms to permit submission of EITC claims for tax years 1995-1996 and 1999-2004, together with explanatory materials as necessary to inform taxpayers about the procedures and plans for administration of such claims. The simplified forms shall require only information not already provided to DRT in tax returns and necessary for DRT to determine taxpayers' eligibility, calculate the amount of taxpayers' legitimate claims, and detect duplicative, mutually inconsistent, and fraudulent claims. Submission of a claim under the Guam Earned Income Program shall constitute submission of a claim for the federal EITC to the extent the federal EITC applies to Guam. However, any taxpayer who has not yet filed a tax return as to a given tax year shall be required to file that tax return for that tax year along with the simplified EITC claim form in order to be eligible for the EITC under the Guam Earned Income Program for that tax year.

3. DRT shall use the information submitted by taxpayers on the form described in paragraph 2, together with information already in DRT's possession, to determine taxpayers' eligibility, calculate the amount of taxpayers' legitimate claims, and promptly communicate that information to taxpayers submitting the form. Submitted information must be truthful, and the form shall require that its contents be submitted under penalty of perjury. The provisions of 26 U.S.C. § 32(k) will in all other respects apply to claims under the Guam Earned Income Program pursuant to 11 G.C. A. § 42102.

4. To detect duplicative, mutually inconsistent, and fraudulent claims, DRT shall institute a computer-based tracking system to compare the information submitted by each taxpayer on the form described in paragraph 2 to other information submitted by the same and other taxpayers, with particular emphasis on preventing the submission of false or incorrect claims regarding qualifying children or head of household status.

5. DRT shall make a preliminary determination of eligibility and shall calculate the proper amount of the claim for each claim submitted on the form described in paragraph 2, pursuant to all governing laws including DRT's procedures for auditing tax returns and claim forms as necessary, but in no case shall DRT pay any such claim until lawful funding is determined and made available.

6. The Directors of DOA, DRT, and the Bureau of Budget and Management Research ("BBMR") are instructed to begin immediately the implementation of 11 G.C.A. §§ 50101-07 and 51101-08 to the degree compliance with the current budget law, P.L. 27-106, can be achieved. In all future years, the Directors of DOA, DRT, and BBMR are instructed to implement 11 G.C.A. §§ 50101-07 and 51101-08 without reservation.

7. Nothing in this Executive Order or in the processing of an EITC claim pursuant to this Order shall entitle any claimant to paym EITC and nothing shall relieve any



claimant of the requirements of the Internal Revenue Code (including without limitation 26 U.S.C. §§ 32(k), 7206, and 7207) or the Guam Territorial Income tax with regard to claims for tax refunds, claims for the EITC, or any other applicable laws.

8. Revenue Ruling 96-001 is revoked to the degree it is inconsistent with this Order.

**SIGNED AND PROMULGATED** at Hagåtña, Guam this _12th_ day of January, 2005.

FELIX P. CAMACHO
*I Maga' låhen Guåhan*
Governor of Guam

**COUNTERSIGNED**

MARK FORBES
*I Segundo Maga Låhen Guåhan Para Pago*
Acting Lieutenant Governor of Guam