**MANTANONA**
LAW OFFICE

GCIC Bldg., Suite 601B
414 West Soledad Avenue
Hagatna, Guam 96910
Telephone (671) 472-3666
Facsimile (671) 472-3668



**FILED**
DISTRICT COURT OF GUAM

JAN 3 1 2005 *nbc*

**MARY L.M. MORAN
CLERK OF COURT**



Attorney for **Lourdes M. Perez and Artemio B. Ilagan**

**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF GUAM**

JULIE BABAUTA SANTOS, et. al.,  )   Civil Case No. 04-00006
)
   Petitioners,   )   **SUPPLEMENTAL AUTHORITIES IN**
)   **SUPPORT OF DEFENDANT'S ILAGAN**
vs.   )   **AND PEREZ OPPOSITION TO THE**
)   **ATTORNEY GOVERNMENT'S MOTION**
FELIX P. CAMACHO, etc., et. al.,   )   **TO STRIKE THE APPEARANCE AND**
)   **PLEADING OF ATTORNEY RAWLEN**
   Respondents.   )   **M.T. MANTANONA**
)
)
)
————————————————————)

**STATEMENT OF FACTS**

The motion to strike appearances and pleadings of Attorney Rawlen M.T.
Mantanona and the Law Firm of Calvo and Clark was heard on January 25, 2005. During
arguments, the court inquired from movant's counsel whether he knew of any legal
authority that would permit Defendant's Perez and Ilagan to secure separate legal counsel.
At the hearing, the movement's counsel advised the court that he was unaware of any
such authority at the time. Subsequent to the hearing, Defendant Ilagan advised counsel
that there is such authority as set forth in this supplemental pleading.

Julie Babauta Santos, et. al., vs. Felix P. Camacho, etc. et. al.
Supplemental Authorities
Page 1

Case 1:04-cv-00006  Document 153  Filed 01/31/2005  Page 1 of 6

ORIGINAL

## ARGUMENT

Guam tax laws and regulations mirror those of the federal tax code pursuant to the Organic Act and 48 USC 1421i.

### TITLE 48 USC 142i
### Sec. 1421i Income Tax

#### Applicability Of Federal Laws' Separate Tax

The income-tax law in force in the United States of America and those which may hereafter be enacted shall be held to be likewise in force in Guam: Provided, That notwithstanding any other provision of law, the Legislature of Guam may levy a separate tax on all taxpayers in an amount not to exceed 10 per centum of their annual income tax obligation to the Government of Guam. "Income-tax law" defined; administration and enforcement; rules and regulations

(1) The income-tax law in force in Guam pursuant to subsection (a) of this section include but are not limited to the following provisions of the Internal Revenue Code of 1986, where not manifestly inapplicable or incompatible with the intent of this section: Subtitle A [26 U.S.C. 1 et seq.] (not including chapter 2 [26 U.S.C. 1401 et seq.] and section 931 [26 U.S.C. 9311); chapters 24 and 25 of subtitle C [26 U.S.C. 3401 et seq. and 3501 et seq.]; with reference to the collection of income tax at source on wages; and all provisions of subtitle F [26 U.S.C. 6001 et seq.] which apply to the income tax, including provisions as to crimes, other offenses, and forfeitures contained in chapter 75 [26 U.S.C. 7201 et seq.]. For the period after 1950 and prior to the effective date of the repeal of any provision of the Internal Revenue Code of 1939 which corresponds to one or more of those provisions of the Internal Revenue Code of 1986 which are included in the income-tax laws in force in Guam pursuant to subsection (a) of this section, such income-tax law include but are not limited to such provisions of the Internal Revenue code of 1939.

(2) The Governor or his delegate shall have the same administrative and enforcement powers and remedies with regard to the Guam Territorial income tax as the Secretary of the Treasury, and other United States officials of the executive branch, have with respect to the United States income tax. Needful rules and regulations not inconsistent with the regulations prescribed under section 7654 (e) of the

Julie Babauta Santos, et. al., vs. Felix P. Camacho, etc. et. al.
Supplemental Authorities
Page 2
Case 1:04-cv-00006    Document 153    Filed 01/31/2005    Page 2 of 6

(3) Internal Revenue Code of 1986 [26 U.S.C. 7654 (e)] for enforcement of the Guam Territorial income tax shall be prescribed by the Governor. The Governor or his delegate shall have authority to issue, from time to time, in whole or in part, the text of the income-tax law in force in Guam pursuant to subsection (a) of this section.

Congress intended that Guam should apply the Internal Revenue Code with deletions prescribed by provisions of this section to persons and income within its territories, just as the United States applies the code to persons and income within its territory. *Sayre and Co. vs. Riddell* 395 F.2d 407 (9th Cir. 1968). This section reads as whole, exhibited intent to apply to Guam substantiate provisions of income tax laws of the United States with specific exceptions, except when manifested inapplicable or incompatible with the intent to that section, and any adaption of the United States Revenue Code, which could not be justified would not be authorized. *Government of Guam vs. Kostei*, 362 F.2d 248 (9th Cir. 1966).

As Ilagan and Perez assert, the United States Tax Code provides the Federal Tax Commissioner a statutory right to separate "chief counsel". Accordingly, the same right was adopted and provided to the Director of Revenue and Taxation.

Title 26 USC 7803
Sec. 7803 Commissioner of Internal Revenue; other officials

(b)     Chief Counsel for the Internal Revenue Service

(1) Appointment

There shall be in the Department of the Treasury a Chief Counsel for the Internal Revenue Service who shall be appointed by the President, by and with the consent of the Senate.

Julie Babauta Santos, et. al., vs. Felix P. Camacho, etc. et. al.
Supplemental Authorities
Page 3

Case 1:04-cv-00006     Document 153     Filed 01/31/2005     Page 3 of 6

The Chief Counsel shall be the chief law officer for the Internal Revenue Service and shall perform such duties as may be prescribed by the Secretary, including the duty –
(A)    to be legal advisor to the Commissioner and the Commissioner's officers and employees;
(B)    to furnish legal opinions for the preparation and review of rulings and memoranda of technical advice;
(C)    to prepare, review, and assist in the preparation of proposed legislation, treaties, regulations, and Executive orders relating to laws which affect the Internal Revenue Service;
(D)    to represent the Commissioner in cases before the Tax Court; and
(E)    to determine which civil actions should be litigated under the laws relating to the Internal Revenue Service and prepare recommendations for the Department of Justice regarding the commencement of such actions

(3) Persons to Whom Chief Counsel Reports

The Chief Counsel shall report directly to the Commissioner of Internal Revenue, except that –
(A)    the Chief Counsel shall report to both the Commissioner and the General Counsel for the Department of the Treasury with respect to –
        (i)    legal advice or interpretation of the tax law not relating solely to tax policy;
        (ii)    tax litigation; and
(B)    the Chief Counsel shall report to the General Counsel with respect to legal advice or interpretation of the tax law relating solely to tax policy.
If there is any disagreement between the Commissioner and the General Counsel with respect to any matter jointly referred to them under subparagraph (A), such matter shall be submitted to the Secretary or Deputy Secretary for resolution.

The right to seek counsel is very similar to the right to a "taxpayer advocate" as provided in 26 USC § 7803(c), the subsequent statutory subsection to the chief counsel statute. This issue was addressed in *Marangi vs. Government of Guam*, 319 F.2d 1179 (District of Guam 2004). In that case, the courts determined that the notice of levy was improperly issued due to the failure to provide in the notice, the address of the taxpayer

Julie Babauta Santos, et. al., vs. Felix P. Camacho, etc. et. al.
Supplemental Authorities
Page 4
Case 1:04-cv-00006    Document 153    Filed 01/31/2005    Page 4 of 6

advocate. The Defendants, in that matter, asserted that there was no such entity in that the adoption of the taxpayer advocate required by the Internal Revenue Code was incompatible with the intent of the Organic Act. The court felt that it was not absurd or contradictory to require the Government of Guam to establish such an office. In Marangi, the court stated the 9th Circuit has held that the term of "manifestly incompatible" as used in the Organic Act, must be read narrowly. *Holmes vs. Director of Revenue and Taxation*, 827 F.2d 1243, 1246 (9th Cir. 1987) The 9th Circuit construed the terms as giving the court the flexibility to avoid results that are absurd, on their faced, or lead to internal contradictions in the application of code *id*.

Now in this case, as in Marangi, the Defendant has to demonstrate that it would be an absurd or contradictory requirement for the Government of Guam to establish an office of Chief Counsel for the Director of Revenue and Taxation. The result of this decision was the passage of public law 27-139 which established the office of taxpayers advocate.

It is clear that the same analysis would apply to legal counsel for the Director of Revenue and Taxation. Defendants Ilagan and Perez cannot see how defendant Ilagan getting independent counsel would be absurd or contradictory to the intent of the Organic Act.

## CONCLUSION

Defendants Ilagan and Perez assert that statutory authority exists for the retention of separate and independent counsel.

Dated: January 31 2005

                              MANTANONA LAW OFFICE
                              Attorney for **Lourdes M. Perez and**
                              **Artemio B. Ilagan**

                    By:       _____
                              RAWLEN M T MANTANONA
                              A duly licensed employee.

Julie Babauta Santos, et. al., vs. Felix P. Camacho, etc. et. al.
Supplemental Authorities
    Page 5

Case 1:04-cv-00006     Document 153     Filed 01/31/2005     Page 5 of 6

# CERTIFICATE OF SERVICE

I, Rawlen M. T. Mantanona, do hereby certify that on the 1st day of February, 2005, caused the above Supplemental Authorities In Support of Defendant's Ilagan and Perez Opposition to the Attorney Government's Motion to Strike the Appearance and Pleading of Attorney Rawlen M. T. Mantanona to be served upon the counsels of record in this matter by delivering and leaving one (1) copy of same at the following offices, as follows:

Michael Phillips, Esq.
Phillips & Bordallo, P.C.
410 West O'Brien Drive
Hagatna, GU 96910

Shannon Taitano, Esq.
Office of the Governor of Guam

Douglas Moylan
Office of the Attorney General
Suite 2-200E, Guam Judicial Center
120 West O'Brien Drive
Hagatna, GU 96910

Rodney Jacob, Esq.
Calvo & Clark, LLP
655 S. Marine Corps Drive
Tamuning, GU 96913

Dated: January 31, 2005

MANTANONA LAW OFFICE
Attorney for **Lourdes M. Perez and Artemio B. Ilagan**

By: _____
RAWLEN M T MANTANONA
A duly licensed employee.

Julie Babauta Santos, et. al., vs. Felix P. Camacho, etc. et. al.
Supplemental Authorities
Page 6

Case 1:04-cv-00006    Document 153    Filed 01/31/2005    Page 6 of 6