
Office of the Attorney General
Douglas B. Moylan
Attorney General of Guam
Stephen A. Cohen
Robert M. Weinberg
Assistant Attorneys General
Guam Judicial Center, Suite 2-200E
120 West O'Brien Drive
Hagåtña, Guam 96910 • USA
(671) 475-3324 • (671) 472-2493 (Fax)

**Attorneys for Respondents**

# IN THE DISTRICT COURT OF GUAM
# HAGÅTÑA, GUAM

| | |
|---|---|
| JULIE BABAUTA SANTOS, individually and on behalf of all those similarly situated, | Civil Case No. 04-00006 |
| Petitioner, | **ATTORNEY GENERAL'S MOTION TO RECONSIDER COURT'S ORDER OF FEBRUARY 9, 2005** |
| vs. | |
| FELIX P. CAMACHO, Governor of Guam; ART ILAGAN, Director of Department of Revenue and Taxation; LOURDES M. PEREZ, Director of Department of Administration; DOUGLAS B. MOYLAN, Attorney General of Guam; and GOVERNMENT OF GUAM, | |
| Respondents. | |

Pursuant to L.R. 7.1(i), the Attorney General of Guam respectfully moves the Court to reconsider its Order dated February 9, 2005.

First, the Attorney General hesitates to bring this to the Court's attention, but must respectfully advise the Court that he was surprised by the speed of the Court's Order coming on the heels of Respondents Ilagan's and Perez's "Supplemental Authorities in Support of … Opposition

- 1 -

SANTOS v FELIX P. CAMACHO, et. al.
District Court of Guam Civil Case No. 04-00036

Case 1:04-cv-00006    Document 165    Filed 02/17/2005    Page 1 of 15

to the Attorney General's Motion To Strike Appearance Of Rawlen M.T. Mantanona," filed January 31, 2005. The Attorney General was in the process of drafting a reply when the Court's Order was received. At a minimum, this Court should consider what the Attorney General intended to argue, for Respondents Ilagan and Perez raised an entirely new, if novel, argument not previously presented to the Court.

More importantly, the Attorney General respectfully requests an opportunity to address this Court's citation and reference to the previous day's decision from the Guam Supreme Court in *A.B. Won Pat Guam International Airport Authority v. Moylan*, ("*GIAA*") CVA04-008 (Feb. 8, 2004). Unfortunately, the Court's February 9, 2005 Order appears to have adopted the reasoning of the Director of Revenue and Taxation and Director of Administration and relied heavily upon the decision of the Guam Supreme Court without having the benefit of the Attorney General's reply.[1]

As noted by the Court with emphasis at page 6 of its Order, 48 U.S.C. § 1421i(d)(2) provides that the "Governor or his delegate shall have the same administrative and enforcement powers and remedies with regard to the Guam Territorial income tax as the Secretary of the Treasury, and other United States officials of the executive branch, have with respect to the United States income tax." Now, the Secretary of the Treasury executes its authority through the Internal

---

[1] This Court is, of course, not bound the Guam Supreme Court's interpretation of federal law in *GIAA*, particularly in a pending appeal between different parties. *Cf. Ada v. Government of Guam*, 179 F.3d 672, 676 n. 3 (9th Cir. 1999), *rev'd on other grounds*, 528 U.S. 250 (2000). The time for seeking rehearing in *GIAA* under the local rules of appellate procedure has not yet run, nor has the time for filing a petition for writ of certiorari in the United States Supreme Court run under the U.S. Supreme Court's rules. The California decision in *Agarwal v. Johnson*, 25 Cal.3d 932, 160 Cal.Rptr. 141, 603 P.2d 58, 72 n. 11 (1979), cited with approval by the Ninth Circuit in *Ada* as the law applicable on Guam, held that a judgment is not final "during the pendency of *and until the resolution of the appeal*." It is the Attorney General's announced intent in *GIAA* to file a petition for writ of certiorari in the U.S. Supreme Court, which, under the local rules of appellate procedure, operates as an automatic stay of the mandate. The appeal of that case is far from resolved.

- 2 -

SANTOS v FELIX P. CAMACHO, et. al.
District Court of Guam Civil Case No. 04-00036

Case 1:04-cv-00006   Document 165   Filed 02/17/2005   Page 2 of 15

Revenue Service ("IRS"). And the IRS is, of course, a bureau within the Treasury Department. From the Department of Treasury's website:

> The Internal Revenue Service (IRS) is a division of the Treasury Department. On July 1, 1862, Congress passed a law (12 Stat. 432; 26 U.S.C. 7802) establishing it as the Bureau of Internal Revenue. In 1953 following a reorganization of its function, its name became the Internal Revenue Service. The new name was chosen to stress the service aspect of the work it does. The IRS is responsible for administering and enforcing the Internal Revenue laws and related statutes, except those relating to alcohol, tobacco, firearms, and explosives.

http://www.treas.gov/education/faq/treasury/history.shtml#q5. "There shall be in the Department of the Treasury a Commissioner of Internal Revenue who shall be appointed by the President, by and with the advice and consent of the Senate, to a 5-year term." 26 U.S.C. § 7803(a)(1)(A). "The Commissioner shall have such duties and powers as the Secretary [of the Treasury] may prescribe, including the power to (A) administer, manage, conduct, direct, and supervise the execution and application of the internal revenue laws or related statutes and tax conventions to which the United States is a party." 26 U.S.C. § 7803(a)(2). Thus, the Commissioner of the Internal Revenue Service has been delegated the "administrative and enforcement powers and remedies" referred to in the Organic Act, 48 U.S.C. § 1421i(d)(2) and relied upon by this Court at pp. 5 - 8 of its Order. Under the Organic Act, then, just as the Secretary of the Treasury's responsibilities are delegated by statute to the Commissioner of Revenue, in Guam, according to the Governor's argument and this Court's analysis, the Governor's authority over administration and enforcement of tax matters has been delegated to the Guam Department of Revenue and Taxation.

The Court appears to have adopted the Governor's, Mr. Ilagan's and Ms. Perez's argument that because the Commissioner of the Internal Revenue Service is statutorily authorized to have his own counsel, *see* 26 U.S.C. § 7803, that, by analogy, they should be authorized to represent

- 3 -

SANTOS v. FELIX P. CAMACHO, et al.
District Court of Guam Civil Case No. 04-00036

Case 1:04-cv-00006    Document 165    Filed 02/17/2005    Page 3 of 15

themselves in court too. As the Attorney General understands it, the Court's reasoning is that because the Governor has, under the Organic Act, all the powers and authority to administer and enforce the Guam Territorial income tax laws as the Secretary of Treasury has with respect to United States income tax laws, that he can, in essence, represent himself and the Department of Revenue and Taxation over the objection of the Attorney General, who is the Chief Legal Officer for the Government of Guam.

It may very well be true that the income tax laws on Guam are intended to "mirror" the Internal Revenue Code with respect to the administration and enforcement of Guam Territorial income tax laws. *See*, 48 U.S.C. § 1421i(a)("The income-tax laws in force in the United States of America and those which may hereafter be enacted shall be held to be likewise in force in Guam."); *see again* 48 U.S.C. § 1421i(d)(2).[2] But even so, the statutes quoted by Ilagan and Perez to the Court with respect to the "chief counsel" provision in the IRS Code still beg the question presented here, namely: Whether the Attorney General, as Chief Legal Officer for the Government of Guam, *see* 48 U.S.C. § 1421g(d)(1), controls the litigation decisions and legal policies of line and autonomous executive agencies, even if those agencies *were* authorized under local law to hire their own attorneys. Whether a statute provides that a line or autonomous agency may have its own counsel is irrelevant to the question whether that attorney's legal decisions and positions taken in

---

[2] Is it not ironic that the Directors of the Department of Revenue and Tax and Department of Administration are relying on these "mirror" provisions of federal law at this time? This lawsuit came to be only because they and the Governor have refused to apply the Earned Income Tax Credit ("EITC"), which is "the income-tax law in force in the United States America," and therefore applicable to Guam.

- 4 -

SANTOS v FELIX P. CAMACHO, et. al.
District Court of Guam Civil Case No. 04-00036

Case 1:04-cv-00006    Document 165    Filed 02/17/2005    Page 4 of 15

court on behalf of that agency are subject to the ultimate control of the Chief Legal Officer for the Government of Guam under the Organic Act.[3]

What Mr. Ilagan and Ms. Perez have done in bringing this novel theory and 26 U.S.C. § 7803 to the Court's attention is to actually prove the Attorney General's point. For the sake of argument, let us assume that the bureaucracy on Guam is intended to mirror that of the Federal Government, and that the Department of Revenue and Taxation is entitled to its own counsel. Among the duties of the IRS's Chief Counsel are "to determine which civil actions should be litigated under the laws relating to the Internal Revenue Service *and prepare recommendations for the Department of Justice regarding the commencement of such actions.*" 26 U.S.C. § 7803(b)(2)(E) (emphasis added). When it comes to making decisions in court as to positions to be taken with respect to the defense or prosecution of a case, a *recommendation* is a far cry from what Perez and Ilagan seek, which is control of the decision itself.

The Attorney General need not rely on the language of the statute alone. A more in-depth analysis of the actual relationship between the IRS's Chief Counsel and the U.S. Justice Department under the direction of the U.S. Attorney General proves that, structurally, the federal system is practically identical to what the Guam Attorney General is asserting is the law on Guam: Even though the IRS may have its own separate "chief counsel" by statute (which neither the Organic Act

---

[3] The U.S. Attorney General and the Justice Department are, of course, the federal counterpart to Guam's Attorney General and Department of Law under the Organic Act. It is interesting to note that Guam law already has its own local analog to federal law in this regard, and has specifically designated the Attorney General as the Department of Revenue and Taxation's attorney. *See* 11 G.C.A. § 26102(b)(4): "Construction of revenue laws. [The Commissioner of Revenue and Taxation] shall construe the tax and revenue laws, the administration of which are within the scope of his official duties, whenever requested by any officer acting under law, or by any interested person, provided that the Attorney General's Office shall give him such aid and assistance as he may require." It is clear that under Guam law the Director of Revenue and Taxation has no other legal basis upon which to retain counsel elsewhere. He is simply lawyer-shopping. Neither federal law in the Organic Act nor local law permits that.

- 5 -

SANTOS v FELIX P. CAMACHO, et. al.
District Court of Guam Civil Case No. 04-00036

Case 1:04-cv-00006   Document 165   Filed 02/17/2005   Page 5 of 15

nor Guam law provides for the Departments of Revenue and Taxation or Administration), the Attorney General and the Justice Department is the final decision-maker with respect to representing the United States Government in court.

All of this information is readily available on the Internet. The IRS may have it's chief counsel who provides legal guidance and interpretive advice to the IRS, *see* http://www.irs.gov/irs/article/0,,id=100956,00.html. But it is the Department of Justice, Tax Division, under the direction of the U.S. Attorney General, that is responsible for all litigation involving the tax laws of the United States. *See* http://www.usdoj.gov/tax/:

> Tax Division attorneys [of the U.S. Justice Department] work closely with the Internal Revenue Service and United States Attorneys to develop tax administration policies; handle civil trial and appellate litigation in federal and state courts; pursue federal grand jury investigations; and handle criminal prosecutions and appeals.
>
> * * *
>
> Since 1934, the Tax Division [of the U.S. Justice Department] has been charged with maintaining uniformity by handling most litigation arising under the internal revenue laws. The Division's authority is codified at 28 C.F.R. § 0.70. This centralized control of tax litigation better enables the government to take consistent positions on tax issues and thereby promote the fair and uniform enforcement of the tax laws.

That is precisely the argument the Attorney General of Guam has been making in this and other courts: While some line and autonomous agencies may have their own statutory authority to hire independent counsel (which neither the Department of Revenue and Taxation or Department of Administration can claim), ultimately they must still report to the Attorney General who is the only person authorized to establish a coherent legal policy for the Government of Guam, and decide

SANTOS v FELIX P. CAMACHO, et. al.
District Court of Guam Civil Case No. 04-00036

litigation matters for the Government of Guam as a whole. It is not the Chief Counsel of the Internal Revenue Service, or the Secretary of the Treasury, but the Justice Department, Tax Division, that is expressly assigned the duties of prosecution and defense in all courts, other than the U.S. Tax Court, of all civil suits arising under the internal revenue laws. If the Governor, Mr. Ilagan, and Ms. Perez wish to insist that Guam follow the federal model, the Attorney General has no objection.

> The following functions are assigned to and shall be conducted, handled, or supervised by, the Assistant Attorney General, Tax Division:
>
> (a) Prosecution and defense in all courts, other than the [U.S.] Tax Court, of civil suits, and the handling of other matters, arising under the internal revenue laws, and litigation resulting from the taxing provisions of other Federal statutes (except civil forfeiture and civil penalty matters arising under laws relating to liquor, narcotics, gambling, and firearms assigned to the Criminal Division by Sec. 0.55(d)).

28 C.F.R. 0.70. There are sound reasons for this division of labor, between the role of advising the Revenue Commissioner on day-to-day affairs versus the Attorney General's role in exercising global control of litigation that may affect more than one department or agency. And aside from establishing a coherent legal policy, the Justice Department is likely to be far more objective in assessing the merits of any particular claim.

> Tax Division attorneys [of the U.S. Justice Department] are primarily trial lawyers, and their primary interest is litigation rather than taxes. Therefore, their approach to a case is likely to be the traditional one of the advocate: What are the chances of success in court? Moreover, neither they nor their agency has passed upon the case prior to litigation. A taxpayer who desires a compromise but has reached a stalemate at the administrative level may have more luck at settling the case with the Tax Division [of the U.S. Justice Department] *in a refund suit* than with the District Counsel and the Appeals Division of the [Internal Revenue] Service in a Tax Court case.

SANTOS v FELIX P. CAMACHO, et. al.
District Court of Guam Civil Case No. 04-00036

Garbis, Junghans and Struntz, *Federal Tax Litigation, Civil Practice and Procedure*, § 2.02[2] (Warren, Gorham & Lamont, Inc. 1985) (emphasis added).

Ms. Perez, Mr. Ilagan, and the Governor may not like how the Attorney General of Guam has settled this tax refund case, but if we are to follow their suggestion and adopt the federal model, that decision rests with the Attorney General alone. "The Tax Division of the Department of Justice controls the course of litigation of tax-refund suits for the government, and has been delegated the power, by the Attorney General, to negotiate settlements." *Id.* § 19.01. The role of the Internal Revenue Service Chief Counsel is narrowly defined by statute and practice.

> The Chief Counsel, Internal Revenue Service, usually through the Service's Tax Litigation Division, acts as "house counsel" to the Tax Division of the Justice Department to assist in the resolution of tax-refund suits. After a complaint is filed *in a tax-refund suit*, the Chief Counsel's office collects the Service's pertinent files to deliver to the Tax Division [of the U.S. Justice Department] and prepares a memorandum (commonly called a "defense letter") summarizing the facts as they appear from the [Internal Revenue] Service's files, stating the more pertinent legal authorities bearing on the case, and recommending either defense or concession by the government.

*Id.* § 19.02[2] (emphasis added). The Chief Counsel of the Internal Revenue Service may *recommend* that a particular course of action be followed, *see again* 26 U.S.C. § 7803(b)(2)(E), but it is the Attorney General, and not the Secretary of the Treasury or the Commissioner of Revenue, who decides the course and conduct of litigation on behalf of the government. Most interestingly, in litigation, the Chief Counsel for the Internal Revenue Service has no visible role to the courts or opposing counsel.

> During the course of a *tax-refund suit*, Chief Counsel acts as the Tax Division's liaison with the field offices and the other branches of the [Internal Revenue] Service. As a practical matter, contact between the Tax Division's trial attorney and his counterpart in Chief Counsel's Tax Litigation Division is frequent and informal.

- 8 -

SANTOS v FELIX P. CAMACHO, et. al.
District Court of Guam Civil Case No. 04-00036

Case 1:04-cv-00006   Document 165   Filed 02/17/2005   Page 8 of 15

> Taxpayer's counsel, however, is unlikely to meet a member of Chief Counsel's staff during the course of a refund suit.

*Id.* § 19.02[2] (footnotes omitted) (emphasis added).

Pertinent to the case at bar, according to the Internal Revenue Manual, the Chief Counsel:

> K. *Cooperates with and assists* the Department of Justice in conducting civil and criminal litigation and in preparing briefs and arguments with respect thereto;
>
> L. Determines which court decisions should be appealed or further reviewed *and makes recommendations to the Department of Justice with respect thereto*, clearing significant appellate cases and Supreme Court cases with the General Counsel;

Internal Revenue Manual ("IRM"), 1.1.6.1.2, available at http://www.irs.gov/irm/part1/ch01s05.html (emphasis added). The Assistant Chief Counsel for General Litigation "[w]orks with the attorneys in the field and the Department of Justice in *recommending* a course of action." IRM, 1.1.6.5.3.1B. And in General Legal Services Matters, the Regional Chief Counsel "[h]andles legal work in preparing recommendations to the Department of Justice, or U.S. Attorney, regarding litigation positions in court cases involving employee appeals in other personnel cases, suits by labor organizations, claims cases arising out of contracts, and damage suits brought against employees while performing official duties." IRM, 1.1.6.9.1.4F.

Nowhere do any of the offices of the Chief Counsel for the Internal Revenue Service or the Commissioner of Revenue have the final authority to decide the course and conduct of litigation affecting the U.S. Government. That responsibility and sole authority is delegated exclusively to the Attorney General of the United States through the U.S. Justice Department, Tax Division. "The Attorney General is the chief executive officer of the Department of Justice. Under I.R.C. § 7122, the Attorney General has the authority to compromise any civil or criminal tax case after the case has been referred to the Department of Justice." IRM 35.16.2.2.1, available at http://www.irs.gov/

- 9 -

SANTOS v FELIX P. CAMACHO, et. al.
District Court of Guam Civil Case No. 04-00036

Case 1:04-cv-00006  Document 165  Filed 02/17/2005  Page 9 of 15

irm/part35/ch16s02.html. The Chief Counsel may recommend, but it is the Attorney General who decides. "[T]he Department of Justice has final authority in the disposition of litigation outside of the Tax Court." IRM 35.16.1.1.4. "The Tax Division of the Department of Justice has responsibility for all federal tax litigation (except that in the Tax Court), including criminal, collections and refund cases. The major units of the Tax Division [of the U.S. Justice Department] which have an impact on refund litigation are the Civil Trial Sections, the Office of Review, and the Appellate Section." IRM 35.16.2.4.1. Finally, the role of the Chief Counsel in refund litigation is set forth at IRM 35.16.3, available at http://www.irs.gov/irm/part35/ch16s03.html. What is clear is that the Chief Counsel of the Internal Revenue Service makes *recommendations* with respect to litigation decisions – whether to concede, defend, settle, or appeal – but the Attorney General makes the final decision. That is the way it is in the federal system, and that is the way it is on Guam, especially since Congress amended the Organic Act. If there is to be one coherent legal policy for the Government of Guam, one Chief Legal Officer for the Government of Guam, that is the only way that makes sense. The alternative is an invitation to chaos.[4]

---

[4] The recent decision from the Guam Supreme Court in *A.B. Won Pat Guam International Airport Authority v. Moylan*, CVA04-008 (Feb. 8, 2004), is not to the contrary. Although the Attorney General of Guam respectfully disagrees with this local court's interpretation of federal law, and intends to seek further review, there, an autonomous agency purported to have specific statutory authority to retain its own counsel to represent it, including in litigation. *See* 12 G.C.A. § 1108(c) ("The Attorney for the Authority shall represent the Authority in litigation concerning the affairs of the Authority."). Among other reasons, the Guam Supreme Court is in error for it fails to adequately address the argument that Congressional amendments to the Organic Act supercede local laws in conflict with Congressional intent. Indeed, the practical consequence of the Guam Supreme Court's decision is nothing short of a violation of the Supremacy Clause, for it presumes that the local Legislature may abridge the powers, duties, and responsibilities of a Congressionally created Office. And for that reason, the Attorney General respectfully submits that this Court's citation to the Guam Supreme Court's decision, albeit in *dicta*, is misplaced. Of course, in the case at bar, the directors of the Department of Revenue and Taxation and Department of Administration do not even have a local statute to rely upon as authority for hiring their own attorney over the objection of the Guam Attorney General. As line agencies in the Executive Branch, they have no statutory argument that would bring them within the holding applicable to this autonomous agency. Thus, even if the Guam Supreme Court were correct in its interpretation of federal law and the Organic Act, the decision in the case is simply inapplicable to the case at bar, on the constitutional or Organic Act question presented here.

SANTOS v FELIX P. CAMACHO, et. al.
District Court of Guam Civil Case No. 04-00036

Case 1:04-cv-00006 Document 165 Filed 02/17/2005 Page 10 of 15

At pp. 6 and 7 of its Order, the Court relies on *Bordallo v. Baldwin*, 624 F.2d 932 (9th Cir. 1980) and *Nelson v. Ada*, 878 F.2d 277 (9th Cir. 1989) in support of the following proposition:

> This case involves a dispute over the proper application of the Guam Territorial income tax laws. The Governor, not the Government of Guam, is responsible for the administration and enforcement of the Guam Territorial income tax laws. Thus, although the Attorney General is the Chief Legal Officer of the Government of Guam, the Attorney General does not have the authority to override the Governor's decisions which relate to the Guam Territorial income tax laws.

The first sentence in incorrect. This is a tax refund case. Nothing more, nothing less. Plaintiffs claim they are entitled to a refund of EITC. The Governor now argues he supports that claim, but cannot fund it. The second sentence depends upon a legal fiction – that the "Government of Guam" is somehow distinguishable from the Governor of Guam, the Department of Revenue and Taxation and other subordinate officers in the Executive Branch who administer and enforce the Guam Territorial income laws – that is not supported in the Organic Act, and indeed, defies practical application in terms of the exercise of this Court's jurisdiction.

> Jurisdiction of District Court; suits for recovery or collection of taxes; payment of judgment
>
> (1) Notwithstanding any provision of section 1424 of this title or any other provision of law to the contrary, the District Court of Guam shall have exclusive original jurisdiction over all judicial proceedings in Guam, both criminal and civil, regardless of the degree of the offense or of the amount involved, with respect to the Guam Territorial income tax.
>
> (2) *Suits for the recovery of any Guam Territorial income tax alleged to have been erroneously or illegally assessed or collected*, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, under the income-tax laws in force in Guam, pursuant to subsection (a) of this section, *may, regardless of the amount of claim, be maintained against the government of Guam subject* to the same statutory requirements as

- 11 -

SANTOS v FELIX P. CAMACHO, et. al.
District Court of Guam Civil Case No. 04-00036

Case 1:04-cv-00006   Document 165   Filed 02/17/2005   Page 11 of 15

>are applicable to suits for the recovery of such amounts maintained against the United States in the United States district courts with respect to the United States income tax. When any judgment against the government of Guam under this paragraph has become final, the Governor shall order the payment of such judgments out of any unencumbered funds in the treasury of Guam.

48 U.S.C. § 1421i(h) (emphasis added).[5]

Pursuant to subsection (2) above, the real defendant in interest in this tax refund case is the "government of Guam." The Governor's role is purely ministerial -- to "order the payment of such judgments out of unencumbered funds in the treasury of Guam." *Id.* Thus, while the Governor may, pursuant to 48 U.S.C. § 1421i(d)(2), have the authority under the Organic Act to administer and enforce the Territorial income tax laws, his only role with respect to litigation under the Organic Act is to pay judgments out of unencumbered funds. There is no conflict in the Organic Act between the Governor's ministerial role to pay judgments out of unencumbered funds in the treasury, and the role of the Attorney General as Chief Legal Counsel of Guam to set legal policy for the "government of Guam," which may include settling a lawsuit that will result in a judgment against the Government of Guam.

But from a purely common sense point of view, who is the "Government of Guam," but the executive officials, the governor, the Director of Revenue and Taxation, and the Director of Administration who comprise it? Can there be one without the other? Of course not. The Governor, Director of Revenue and Taxation, and Director of Administration *are* the "Government of Guam." Without them, there is no "Government of Guam." Who else does a plaintiff execute a tax refund

---

[5] *Cf.* 26 U.S.C. § 7422(f) ("A suit or proceeding referred to in subsection (a) may be maintained only against the United States and not against any officer or employee of the United States (or former officer or employee) or his personal representative."). Thus, if this case is to mirror that of claims against the United States Government, only the "Government of Guam," and not any officer or employee thereof, is a proper defendant.

- 12 -

SANTOS v FELIX P. CAMACHO, et. al.
District Court of Guam Civil Case No. 04-00036

Case 1:04-cv-00006   Document 165   Filed 02/17/2005   Page 12 of 15

judgment against the "Government of Guam," but against the Governor? *See again* 48 U.S.C. § 1421i(h)(2). This Court has held the Attorney General represents the "Government of Guam," and as this tax refund suit can only be maintained against the "Government of Guam" the Attorney General is the attorney for all named defendants.

Now, while *Bordallo v. Baldwin*, 624 F.2d 932 (9th Cir. 1980) and *Nelson v. Ada*, 878 F.2d 277 (9th Cir. 1989) are pertinent to the issues presented, the Attorney General respectfully submits that the Court erred in their application. Correctly applied, the question is whether the two statutory provisions in the Organic Act, the Governor's authority to administer and enforce Guam Territorial income tax laws, 48 U.S.C. § 1421i(d)(2), and the Attorney General's authority as Chief Legal Officer for the Government of Guam, 48 U.S.C. § 1421g(d)(1), are in conflict. For the reasons suggested above, they are not. But for other reasons as well.

Just as is true in the federal system, the Governor administers and enforces the internal revenue laws through the Department of Revenue and Taxation, as does the Secretary of Treasury through the Internal Revenue Service. *See again* 26 U.S.C. § 7803(a)(2) ("The [IRS] Commissioner shall have such duties and powers as the Secretary [of the Treasury] may prescribe, including the power to (A) administer, manage, conduct, direct, and supervise the execution and application of the internal revenue laws or related statutes and tax conventions to which the United States is a party."). But ultimately, when the decision as to litigation of the internal revenue laws is made, it is the Attorney General and Justice Department, not the Secretary of the Treasury or Commissioner or Commissioner of the Internal Revenue Service who decides. Contrary to the Court's reasoning at p. 7 of the Order, there is a significant distinction between the Governor's powers and Chief Executive Officer to administer and enforce the Territorial tax laws, and the Attorney General's authority to control litigation decisions on behalf of the Government of Guam.

By the Court's reasoning, applied to the U.S. Government, merely because the U.S. Attorney General and Justice Department "control[s] all legal policy and litigation decision for the entire U.S. Government," the Secretary of the Treasury and Revenue Commissioner are not "stripped of all power ... to administer and enforce the income tax laws." Court Op. at p. 7. Under a correct application of *Bordallo v. Baldwin* and *Nelson v. Ada*, the chief executive officer (on Guam, the Governor) is in no way "stripped of all power ... to administer and enforce the income tax laws" any more or less the Secretary of the Treasury is when final legal policies and litigation decisions for the government as a whole are made by the U.S. Attorney General. While the Governor may administer and enforce, the Attorney General decides legal policy and controls litigation.

## CONCLUSION

The Attorney General respectfully submits that the Court's Order of February 9, 2005 is due to be reconsidered and the motions to strike previously filed are due to be granted. In a tax refund case such as this, there is only one attorney for the Government of Guam and the officials charged with administering and enforcing its income tax laws. That is the Attorney General.

Respectfully submitted,

this 17th day of February, 2005.

OFFICE OF THE ATTORNEY GENERAL
**Douglas B. Moylan, Attorney General**

**Robert M. Weinberg**
Assistant Attorney General
Attorney for Respondents and
Attorney General Douglas B. Moylan

- 14 -

SANTOS v FELIX P. CAMACHO, et al.
District Court of Guam Civil Case No. 04-00036

Case 1:04-cv-00006    Document 165    Filed 02/17/2005    Page 14 of 15

# CERTIFICATE OF SERVICE

This is to certify that I have this day served counsel for the opposing party(ies) with a copy of the foregoing by hand delivery, or by first class properly addressed, to:

Michael Phillips, Esq.
Phillips & Bordallo, P.C.
410 West O'Brien Dr.
Hagåtña, Guam 96910

Rawlen MT Mantanona, Esq.
Mantanona Law Office
GCIC Bldg., Suite 601B
414 West Soledad Ave.
Hagåtña, Guam 96910

Rodney J. Jacob, Esq.
Daniel Benjamin, Esq.
Calvo and Clark, LLP
655 South Marine Drive, Suite 202
Tamuning, Guam 96913

Shannon J. Taitano, Esq.
Legal Counsel
Office of the Governor of Guam
P.O. Box 2950
Hagåtña, Guam 96932

this 17th day of February, 2005.

Robert M. Weinberg
Assistant Attorney General

- 15 -

SANTOS v FELIX P. CAMACHO, et. al.
District Court of Guam Civil Case No. 04-00036

Case 1:04-cv-00006    Document 165    Filed 02/17/2005    Page 15 of 15