


**ORIGINAL**

Office of the Attorney General
Douglas B. Moylan
Attorney General of Guam
Stephen A. Cohen
Robert M. Weinberg
Assistant Attorneys General
Guam Judicial Center, Suite 2-200E
120 West O'Brien Drive
Hagåtña, Guam 96910 • USA
(671) 475-3324 • (671) 472-2493 (Fax)

**Attorneys for Respondents**

FILED
DISTRICT COURT OF GUAM
FEB 2 8 2005
MARY L.M. MORAN
CLERK OF COURT

(162)

# IN THE DISTRICT COURT OF GUAM
# HAGÅTÑA, GUAM

| | |
|---|---|
| JULIE BABAUTA SANTOS, individually and on behalf of all those similarly situated,<br><br>Petitioner,<br><br>vs.<br><br>FELIX P. CAMACHO, Governor of Guam; ART ILAGAN, Director of Department of Revenue and Taxation; LOURDES M. PEREZ, Director of Department of Administration; DOUGLAS B. MOYLAN, Attorney General of Guam; and GOVERNMENT OF GUAM,<br><br>Respondents. | Civil Case No. 04-00006<br><br><br><br><br><br>**ATTORNEY GENERAL'S REPLY TO MOTION TO DISQUALIFY ATTORNEY GENERAL'S OFFICE** |

The Attorney General of Guam respectfully replies to the Governor's and Department of Revenue and Taxation's Motion to Disqualify Attorney General's Office as follows:

Aside from being legally wrong, the motion to disqualify the Attorney General's Office is predicated on a factual fallacy, namely: that the Attorney General "switched sides" against his own client. As the partial hearing on January 25, 2005 before this Court clearly demonstrated, many

- 1 -

SANTOS v. FELIX P. CAMACHO, et. al.
District Court of Guam Civil Case No. 04-00006

months after the preliminary settlement agreement was signed by the Governor's Office and preliminarily approved by this Court, and many months without a peep from the Governor that he had second thoughts, it was not the Attorney General who sought to change direction, back out, jump ship, or switch sides. Call it cold feet or buyer's remorse, it was the Governor who decided to renege on the deal his Office had entered into. Now he seeks not only the right to counsel of his choice for himself and the Director of Revenue and Taxation and Director of Administration, he seeks to disqualify the Attorney General from representing the Government of Guam altogether. Having succeeded in abandoning ship and obtaining his own lawyers, the Governor now seeks to climb back aboard with a new crew and throw the captain overboard.

The Governor makes much ado about the fact that the Attorney General subpoenaed his own clients to the January 25, 2005 hearing; that "Assistant Attorneys General questioned their own clients in a manner designed to harass and intimidate [and that they] even went so far as to request permission to treat one of their own clients as a hostile witness." Memorandum in Support of Motion to Disqualify, p. 2. But let us put the facts in appropriate perspective. It was the Governor who backed out; it was the Governor who changed direction; it was the Governor who sought to bend Guam procurement law and regulations by declaring an artificial emergency months after he had knowingly and voluntarily entered into a settlement agreement; and it was the Governor who then sought to blame his lawyer, the Attorney General, because he, the Governor, suddenly did not like the legal answers to questions he had known about for months; and it was the Governor who cast aspersions on the legal policies and direction set by the Attorney. In short, it was the Governor who cast the first stones; it was the Governor who placed these matters into issue before the Court; and the Attorney General was more than entitled to query his "clients" about it on the witness stand.

- 2 -

SANTOS v FELIX P. CAMACHO, et. al.
District Court of Guam Civil Case No. 04-00006

Case 1:04-cv-00006 Document 171 Filed 02/28/2005 Page 2 of 12

The Governor's legal analysis lacks full context of the rules he cites. The Governor's motion to disqualify the Attorney General is premised on Guam Rules of Professional Conduct, Rules 1.7 and 1.9, ostensibly made applicable to government lawyers in the present case by virtue of Rule 1.11(d). The Governor argues that Rule 1.7 prohibits an attorney from representing a party directly adverse to an existing client; and Rule 1.9 prohibits an attorney from representing a party directly adverse to a *former* client in the same manner.

The Governor argues that Rules 1.7 and Rule 1.9 both are "expressly" applicable to the current situation by virtue of Rule 1.11. Now, Rule 1.11(a) – (c) pertain to lawyers who leave government service or as counsel for the government who enter private practice, which is not the case here, and the Governor does not contend otherwise. So, those subsections are inapplicable. Rule 1.11(d) applies to current government lawyers who formerly represented clients in the private sector in the same matter. But that is not what we have here, either.

Rule 1.11(d) provides:

> Except as law may otherwise expressly permit, a lawyer currently serving as a public officer or employee:
>
> (1) is subject to Rules 1.7 and 1.9; and
>
> (2) shall not:
>
> (i) participate in a matter in which the lawyer participated personally and substantially while in private practice or nongovernmental employment, unless the appropriate government agency gives its informed consent, confirmed in writing; or
>
> (ii) negotiate for private employment with any person who is involved as a party or as lawyer for a party in a matter in which the lawyer is participating personally and substantially, except that a lawyer serving as a law clerk to a judge, other adjudicative officer or arbitrator may negotiate for private employment as permitted by Rule 1.12(b) and subject to the conditions stated in Rule 1.12(b).

- 3 -

SANTOS v. FELIX P. CAMACHO, et. al.
District Court of Guam Civil Case No. 04-00006

Case 1:04-cv-00006   Document 171   Filed 02/28/2005   Page 3 of 12

Note that Rule 11(d)(1) and (2) are in the conjunctive. Rule 11(d)(2) prohibits a government lawyer from participating as a government lawyer in a matter in which he participated previously in private practice or nongovernmental employment. That is not the situation here. On its face, then, Rule 1.11(d)(2) is inapplicable, for no government lawyer in this case participated in this matter while in the private sector, nor has any government lawyer left government service or attempted to negotiate private employment while serving as counsel to the government.

What we have here is a question of whether there is a conflict of interest between multiple government entities – the Government of Guam versus the Governor and Department of Revenue and Taxation and Department of Administration. But according to the Comments to Rule 1.11, "The question of whether two government agencies should be regarded as the same or different clients for conflict of interest purposes is beyond the scope of these Rules. See Rule 1.13 Comment [9]." Rule 1.11 Comment [5] available at http://www.abanet.org/cpr/mrpc/rule_1_11_comm.html. The rules themselves state that the situation the Governor is attempting to fit this into are beyond the scope of the rules he cites.

Now, Rule 1.13, referred to in Comments [5] Rule 1.11, pertains to Organizations as clients. And that is what we really are concerned about here. For the Governor, Department of Revenue and Taxation and Department of Administration, like fingers on a hand, are nothing more than constituent parts of one organizational client known as the Government of Guam. What we are concerned with here is not a conflict between different clients, but within the same organization, the Government of Guam. Comment [9], Rule 1.13 reads as follows:

> Government Agency
>
> The duty defined in this Rule applies to governmental organizations. *Defining precisely the identity of the client and prescribing the resulting obligations of such lawyers may be more*

- 4 -

SANTOS v FELIX P. CAMACHO, et. al.
District Court of Guam Civil Case No. 04-00006

Case 1:04-cv-00006 Document 171 Filed 02/28/2005 Page 4 of 12

> *difficult in the government context and is a matter beyond the scope of these Rules. See Scope [18]. Although in some circumstances the client may be a specific agency, it may also be a branch of government, such as the executive branch, or the government as a whole.* For example, if the action or failure to act involves the head of a bureau, either the department of which the bureau is a part or the relevant branch of government may be the client for purposes of this Rule. *Moreover, in a matter involving the conduct of government officials, a government lawyer may have authority under applicable law to question such conduct more extensively than that of a lawyer for a private organization in similar circumstances.* Thus, when the client is a governmental organization, a different balance may be appropriate between maintaining confidentiality and assuring that the wrongful act is prevented or rectified, for public business is involved. In addition, duties of lawyers employed by the government or lawyers in military service may be defined by statutes and regulation. *This Rule does not limit that authority.* See Scope.

Comment [9], Rule 1.13, ABA Model Rules, available at http://www.abanet.org/cpr/mrpc/rule_1_13_comm.html (emphasis added).

Now, what does the Scope of the Guam Rules of Professional Conduct say?

> Under various legal provisions, including constitutional, statutory and common law, the responsibilities of government lawyers may include authority concerning legal matters that ordinarily reposes in the client in private client-lawyer relationships. For example, a lawyer for a government agency may have authority on behalf of the government to decide upon settlement or whether to appeal from an adverse judgment. Such authority in various respects is generally vested in the attorney general and the state's attorney in state government, and their federal counterparts, and the same may be true of other government law officers. *Also, lawyers under the supervision of these officers may be authorized to represent several government agencies in intragovernmental legal controversies in circumstances where a private lawyer could not represent multiple private clients. These Rules do not abrogate any such authority.*

Guam Rules of Professional Conduct, [18] (emphasis added).

The rules themselves are dispositive of the Governor's argument. Indeed, the very rules the Governor cites are dispositive of his argument that he, the Department of Revenue and Taxation,

- 5 -

SANTOS v FELIX P. CAMACHO, et. al.
District Court of Guam Civil Case No. 04-00006

Case 1:04-cv-00006 Document 171 Filed 02/28/2005 Page 5 of 12

and the Department of Administration may obtain their own attorneys without the approval and consent of the Attorney General. The Governor recognizes, and acknowledges as he must, that the rules cannot be mechanically applied. *See* Memorandum in Support of Motion to Disqualify at p. 15. That acknowledgement is consistent with the majority rule.

> The majority rule is that the Attorney General may represent adverse state agencies in intragovernmental disputes. *State ex rel Allain v. Mississippi Public Service Comm.*, 418 So.2d 779, 783 (Miss. 1982). *See also, Superintendent of Ins. v. Attorney General*, 558 A.2d 1197 (Me. 1989); *Gust K. Newberg, Inc. v. Illinois State Toll Highway Authority*, 98 Ill.2d 58, 456 N.E.2d 50 (Ill. 1983); *Gibson v. Johnson*, 35 Or.App. 493, 582 P.2d 452 (1978).

*Attorney General of Guam v. Y'Asel Pereira, Treasurer, Government of Guam*, Superior Court of Guam, Case No. 32-03, "Order Granting AG's Motion to Represent Government of Guam," p.3 (May 5, 2003). A certified copy of this order is attached for the convenience of the Court.

As stated elsewhere, this is a tax refund case. Nothing more, and nothing less. Plaintiffs claim they are entitled to a refund of EITC. The Governor, generally supportive of the concept, now argues he cannot fund it. There is no question but that the only real defendant party in interest in this tax refund case is not the Governor, Department of Revenue and Taxation, or Department of Administration. The "Government of Guam" is the only real party in interest.

> Suits for the recovery of any Guam Territorial income tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, under the income-tax laws in force in Guam, pursuant to subsection (a) of this section, may, regardless of the amount of claim, be maintained against the *government of Guam*....

48 U.S.C. § 1421i(h)(2) (emphasis added). The Governor is not even a necessary or indispensable party to this action, except for relief purposes once a judgment against the Government of Guam has become final. *See* 48 U.S.C. § 1421i(h)(2) ("When any judgment against the government of

- 6 -

SANTOS v. FELIX P. CAMACHO, et. al.
District Court of Guam Civil Case No. 04-00006

Case 1:04-cv-00006   Document 171   Filed 02/28/2005   Page 6 of 12

Guam under this paragraph has become final, the Governor shall order the payment of such judgments out of any unencumbered funds in the treasury of Guam."). The Attorney General has not become suddenly adverse to his own client. His client has always been the Government of Guam, and its position has never changed. The Attorney General's individual clients simply want out of the deal.

Consider the mischief the Governor now proposes. The Governor's staff and appointees participated and signed the preliminary settlement agreement. Indeed, it was the Governor's own chief of staff who participated in organizing and announcing the deal. Months and months later, the Governor and individual signatories appear in court with affidavits complaining they felt coerced into signing the deal. The Governor claims he was "out of the loop," so to speak; that he did not know what was really going on; that he was ignorant then, but knows better now. But whether the Governor was off-island when the deal was signed and returned unaware of the ramification of what was done is not really the key question here. Individual government officers come and go all the time in government service. New administrations come and go with different philosophies than their predecessors. If each successor administration, or every administration that changed its mind in the middle of litigation, is permitted to renege on the deals it or its predecessor made, and at the same time disqualify the "Chief Legal Counsel for the Government of Guam," *see* 48 U.S.C. § 1421g(d)(1), there can never be a coherent legal policy for the Government of Guam. Any settlement agreement entered into before the courts would become meaningless and unenforceable. That is not the intent of the Rules of Professional Conduct; it is not the intent of the Organic Act; and the majority of jurisdictions do not countenance such a result. But that is the mischief this Court would invite were it to adopt the Governor's reasoning. The law is clear that intragovernmental disputes such as those in the case at bar do not rise to the level of

- 7 -

SANTOS v FELIX P. CAMACHO, et. al.
District Court of Guam Civil Case No. 04-00006

Case 1:04-cv-00006   Document 171   Filed 02/28/2005   Page 7 of 12

disqualifying conflicts of interest for government lawyers, and the Attorney General is not disqualified from representing the Government of Guam merely because the Governor has changed his mind.

## CONCLUSION

The Attorney General respectfully submits that the Motion to Disqualify the Attorney General's Office is without merit and due to be denied.

Respectfully submitted,

this 28th day of February, 2005.

OFFICE OF THE ATTORNEY GENERAL
**Douglas B. Moylan, Attorney General**

_____
**Robert M. Weinberg**
Assistant Attorney General

SANTOS v FELIX P. CAMACHO, et. al.
District Court of Guam Civil Case No. 04-00006

- 8 -

Case 1:04-cv-00006    Document 171    Filed 02/28/2005    Page 8 of 12

# CERTIFICATE OF SERVICE

This is to certify that I have this day served counsel for the opposing party(ies) with a copy of the foregoing by hand delivery, or by first class properly addressed, to:

Michael Phillips, Esq.
Phillips & Bordallo, P.C.
410 West O'Brien Dr.
Hagåtña, Guam 96910

Rawlen MT Mantanona, Esq.
Mantanona Law Office
GCIC Bldg., Suite 601B
414 West Soledad Ave.
Hagåtña, Guam 96910

Rodney J. Jacob, Esq.
Daniel Benjamin, Esq.
Calvo and Clark, LLP
655 South Marine Drive, Suite 202
Tamuning, Guam 96913

Shannon J. Taitano, Esq.
Legal Counsel
Office of the Governor of Guam
P.O. Box 2950
Hagåtña, Guam 96932

this 28th day of February, 2005.

_____
Robert M. Weinberg
Assistant Attorney General

- 9 -

SANTOS v. FELIX P. CAMACHO, et. al.
District Court of Guam Civil Case No. 04-00006

Case 1:04-cv-00006    Document 171    Filed 02/28/2005    Page 9 of 12



Office of the Attorney General
Douglas B. Moylan
Attorney General of Guam
Civil Division
Guam Judicial Center, Suite 2-200E
120 West O'Brien Drive
Hagåtña, Guam 96910
(671) 475-3324 • (671) 472-____
www.guamattorneygeneral.com • law@mail.justice.gov.gu

Attorneys for the Government of Guam

# IN THE SUPERIOR COURT OF GUAM
# HAGÅTÑA, GUAM

| | |
|---|---|
| ATTORNEY GENERAL OF GUAM, | Special Proceedings Case 32-03 |
| Petitioner, | |
| vs. | ORDER GRANTING AG'S MOTION TO REPRESENT GOVERNMENT OF GUAM |
| Y'ASELA PEREIRA, TREASURER, GOVERNMENT OF GUAM, | |
| Respondent. | |

Whereas this matter came before the Court on the Attorney General of Guam's Motion to Represent the Government of Guam, notwithstanding this instant lawsuit suing the Government of Guam, on this 5th day of May, 2003. Representing Petitioner is Deputy Attorney General J. Basil O'Mallen, and representing Respondent is Attorney Arthur Barcinas. The Court hereby Grants the motion for the foregoing reasons.

In granting the Attorney General of Guam's motion, the Court recognizes the special status of the Attorney General as the "*Chief Legal Officer of the Government of Guam,*" (48 U.S.C. § 1421g(d)(1)) which language carries with it certain inherent common law powers and duties,

Page 1
*Order Granting AG's Motion to Represent Government of Guam*
Superior Court of Guam Special Proceedings Case No. SP32-03

Case 1:04-cv-00006   Document 171   Filed 02/28/2005   Page 10 of 12

granted by Congress in 1998. Feeney v. Commonwealth, 373 Mass. 359, 366 N.E.2d 1262 (Mass. 1977). The Attorney General in his *parens patriae* role represents both the Government of Guam and the Public Interest, and when the Government of Guam injures the Public Interest, the Attorney General must protect the Public Interest above all other interests, including the Government of Guam. *However*, the Attorney General's action in protecting the Public Interest does *not* automatically disqualify the Attorney General from representing the Government of Guam, including under the conflict of interest and imputed disqualification rules contained within the Guam Rules of Professional Conduct for Lawyers (7 G.C.A. Appendix F).

This Court incorporates the reasoning and rationale of the Attorney General's dual role in protecting the Public Interest as set forth in State of South Carolina ex rel. Condon v. Hodges, 349 S.C. 232, 562 S.E.2d 623 (S.C. 2002) wherein the Supreme Court of South Carolina found that the Attorney General did *not* violate the ethical rule against conflicts of interest by bringing an action against a government official, since the Attorney General has a dual role of serving the sovereign of the State and the general public (*parens patriae*). See also, Connecticut Commission on Special Revenue v. Connecticut Freedom of Information Comm'n., 174 Conn. 308, 318-319, 387 A.2d 533 (Conn. 1979); Gray v. Rhode Island Dept. of Children, Youth and Families, 937 F.Supp. 153 (D.R.I. 1996).

In Attorney General v. Michigan Public Service Commission, 625 N.W.2d 16 (Mich. 2000) the Michigan appellate courts stated,

> "... the rules of professional conduct do apply to the office of attorney general; while mechanical application of these rules is not possible because of the unique nature of that office, thus allowing dual representation in certain circumstances not otherwise permitted in the arena of private practice, the rules do recognize a clear conflict of interest when the AG acts as a party litigant in opposition to an agency or department that she also represents in the same cause of action ... a conflict is not necessarily automatic disqualification of the Attorney General as counsel for the state agency or,

Page 2
*Order Granting AG's Motion to Represent Government of Guam*
Superior Court of Guam Special Proceedings Case No. SP32-03

Case 1:04-cv-00006   Document 171   Filed 02/28/2005   Page 11 of 12

conversely, a bar to the ability of the Attorney General to pursue an action as a active party ... "

The majority rule is that the Attorney General may represent adverse state agencies in intragovernmental disputes. State ex rel Allain v. Mississippi Public Service Comm., 418 So.2d 779, 783 (Miss. 1982). See also, Superintendent of Ins. v. Attorney General, 558 A.2d 1197 (Me. 1989); Gust K. Newberg, Inc. v. Illinois State Toll Highway Authority, 98 Ill.2d 58, 456 N.E.2d 50 (Ill. 1983); Gibson v. Johnson, 35 Or.App. 493, 582 P.2d 452 (1978).

In granting the Attorney General's motion, the Court recognizes the crucial and dual role which the Attorney General provides in providing the Government of Guam economical legal services and in exercising his sworn duty to protect the Public Interest.

For the foregoing reasons, the Court hereby GRANTS the Attorney General of Guam's Motion to Represent the Government of Guam.

SO ORDERED this 5th day of May, 2003.

**HONORABLE JOAQUIN V.E. MANIBUSAN**
Judge, Superior Court of Guam



I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam
Dated at Hagatna, Guam

FEB 0 4 2005

James R. Borja
Deputy Clerk, Superior Court of Guam

Page 3
*Order Granting AG's Motion to Represent Government of Guam*
Superior Court of Guam Special Proceedings Case No. SP32-03

Case 1:04-cv-00006    Document 171    Filed 02/28/2005    Page 12 of 12