

Office of the Attorney General
Douglas B. Moylan
Attorney General of Guam
Solicitor's Division
Guam Judicial Center, Suite 2-200E
120 West O'Brien Drive
Hagåtña, Guam 96910 • USA
(671) 475-3324 • (671) 472-2493 (Fax)
www.guamattorneygeneral.com • law@mail.justice.gov.gu

Attorneys for Respondent Government of Guam



DISTRICT COURT OF GUAM
MAR - 2 2005
MARY L.M. MORAN
CLERK OF COURT



# IN THE DISTRICT COURT OF GUAM
# HAGÅTÑA, GUAM

| | |
|---|---|
| JULIE BABAUTA SANTOS, individually and on behalf of all those similarly situated, <br><br> Petitioner, <br><br> vs. <br><br> FELIX P. CAMACHO, Governor of Guam; ART ILAGAN, Director of Department of Revenue and Taxation; LOURDES M. PEREZ, Director of Department of Administration; DOUGLAS B. MOYLAN, Attorney General of Guam; and GOVERNMENT OF GUAM, <br><br> Respondents. | Civil Case No. 04-00006 <br><br> **OPPOSITION OF GOVGUAM TO GOVERNOR'S MOTION TO VACATE THE STIPULATED ORDER OF JUNE 17, 2004 PRELIMINARILY APPROVING SETTLEMENT** |

Respondent Government of Guam respectfully submits the following Opposition to the motion of Respondent Governor of Guam to vacate the stipulated order of June 17, 2004 preliminarily approving the Settlement Agreement filed in this case.

In its order dated February 9, 2005, the Court removed the Attorney General of Guam as attorney-of-record in this case for Respondent Governor of Guam (the "Governor"), Respondent

Page 1

Opposition of GovGuam to Motion of Governor to Vacate Preliminary Approval
SANTOS v FELIX P. CAMACHO, et. al.
District Court of Guam Civil Case No. 04-00036

Case 1:04-cv-00006    Document 172    Filed 03/02/2005    Page 1 of 5

Director of the Department of Revenue and Taxation and Respondent Director of the Department of Administration (collectively the "Directors"). The Court ruled that the Organic Act of Guam vests the Governor with the power to administer and enforce the Guam territorial income tax and to select his own attorneys in this case to represent himself and his Directors. Subsequently, the Governor and his Directors moved the Court to disqualify the Attorney General from representing Respondent Government of Guam ("GovGuam") due to an alleged conflict of interest. This motion is pending decision by the Court.

Based on the above posture of this case, it is apparent that the dispute framed by the present motion of the Governor, relating to the June 17, 2004 stipulated order preliminarily approving the Settlement Agreement, is between Petitioner and the Governor. Petitioner bears the primary responsibility of defending the June 17, 2004 stipulated order against the Governor's motion to vacate the same. Nonetheless, GovGuam offers the following points for consideration by the Court.

The Governor has failed in his Memorandum of Points and Authorities to supply the Court with any procedural basis for his motion to vacate. The Governor has completely ignored the existence and applicability of Rule 60(b) of the Federal Rules of Civil Procedure ("FRCP"). Perhaps, it is because FRCP 60(b) does not provide him with any succor for his motion to vacate. FRCP 60(b) provides in relevant part as follows:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it

Opposition of GovGuam to Motion of Governor to Vacate Preliminary Approval
SANTOS v FELIX P. CAMACHO, et al.
District Court of Guam Civil Case No. 04-00036

is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

Since the Governor has not cited and discussed FRCP 60(b), he has not identified which provision of FRCP 60(b), if any, serves as the basis for his motion to vacate the June 17, 2004 stipulated order. Neither the Court nor GovGuam should have to guess which provision is applicable. For this reason alone, the Governor's motion to vacate should be denied.

Significantly, the Governor has not complied with the requirement of FRCP 60(b) that a motion to vacate "shall be made within a reasonable time". Although the Governor was off-island when the Settlement Agreement was signed, he was on-island when the settlement conference was held by the Court and the stipulated order preliminarily approving the Settlement Agreement was entered by the Court on June 17, 2004. The Governor could have derailed the process at that time by having his attorneys appear in Court and protest the Settlement Agreement. He did not because he supported the Settlement Agreement. Moreover, within a month thereafter, the Governor caused the sum of $3,000,000 to be allocated from GovGuam funds as the first installment required by the Settlement Agreement. If he had disagreed with the Settlement Agreement and believed that the stipulated order approving the Settlement Agreement should have been vacated, he could have refused to authorize the $3,000,000 allocation, and filed a motion in Court to vacate the stipulated order. He did not because he approved of the Settlement Agreement.

It was not until September 2004 that the Governor apparently changed his mind about the Settlement Agreement and in correspondence to the Attorney General's Office indicated that he no longer supported it. But, he did not file a motion at that time to vacate the stipulated order preliminarily approving the Settlement Agreement. The Governor's motion to vacate the June 17,

Opposition of GovGuam to Motion of Governor to Vacate Preliminary Approval
SANTOS v FELIX P. CAMACHO, et. al.
District Court of Guam Civil Case No. 04-00036

Case 1:04-cv-00006  Document 172  Filed 03/02/2005  Page 3 of 5

2004 stipulated order was made in February 2005, eight (8) months after the stipulated order was entered by the Court. The Governor has offered no explanation of his dilatoriness in filing the motion to vacate the June 17, 2004 stipulated order.

The Governor complains that the Settlement Agreement was signed while he was off-island, by the then Acting Governor, who is his Lt. Governor, and his Directors. But, why is this fact relevant? No where in his Memorandum of Points and Authorities is it suggested that the then Acting Governor or the Directors lacked the power to sign the Settlement Agreement on behalf of the Administration. If the Governor now has a complaint about the Settlement Agreement and the stipulated order preliminarily approving the same, his complaint is with his Lt. Governor and his Directors for signing the Settlement Agreement and not with GovGuam or the Attorney General of Guam. This is a political matter and not a legal matter.

Finally, it is noteworthy that the Governor has not brought a motion to vacate the Settlement Agreement itself. His motion is directed only at the stipulated order preliminarily approving the Settlement Agreement. Thus, if the Governor's motion to vacate the stipulated order were to be granted, the Settlement Agreement would still be in effect.

The Governor's motion to vacate the June 17, 2004 stipulation should be denied.

**DATED:** March 2, 2005.

> OFFICE OF THE ATTORNEY GENERAL
> **Douglas B. Moylan, Attorney General**
>
> _____
> Stephen A. Cohen
> Robert M. Weinberg
> Assistant Attorneys General
> Attorneys for Respondent Government of Guam

Page 4

Opposition of GovGuam to Motion of Governor to Vacate Preliminary Approval
SANTOS v FELIX P. CAMACHO, et. al.
District Court of Guam Civil Case No. 04-00036

Case 1:04-cv-00006   Document 172   Filed 03/02/2005   Page 4 of 5

# CERTIFICATE OF SERVICE

This is to certify that I have this day caused the within document to be served on the opposing parties in this case by having true and correct copies of the same hand delivered to the following attorneys:

Michael Phillips, Esq.
Phillips & Bordallo, P.C.
410 West O'Brien Drive
Hagatna, Guam 96910

Rawlen MT Mantanona, Esq.
Mantanona Law Office
GCIC Building, Suite 601B
414 West Soledad Ave.
Hagatna, Guam 96910

Rodney J. Jacob, Esq.
Daniel Benjamin, Esq.
Calvo & Clark, LLP
655 South Marine Drive, Suite 202
Tamuning, Guam 96913

Shannon J. Taitano, Esq.
Legal Counsel
Office of the Governor of Guam
Adelup, Guam 96910

DATED: March 2, 2005.

Stephen A. Cohen
Assistant Attorney General

Page 5

Opposition of GovGuam to Motion of Governor to Vacate Preliminary Approval
SANTOS v FELIX P. CAMACHO, et. al.
District Court of Guam Civil Case No. 04-00036

Case 1:04-cv-00006    Document 172    Filed 03/02/2005    Page 5 of 5