

The Law Offices of
# PHILLIPS & BORDALLO
A Professional Corporation
410 West O'Brien Drive, Suite 102 Hagåtña, Guam 96910-5044
Tel: (671) 477-ABCD (2223) • Fax: (671) 477-2FAX (2329)
" I Erensia, Lina'la', Espiritu-ta"



FILED
DISTRICT COURT OF GUAM
MAR - 2 2005
MARY L.M. MORAN
CLERK OF COURT

Attorneys for Petitioners
Interim Class Counsel

## DISTRICT COURT OF GUAM

## TERRITORY OF GUAM

| | |
|---|---|
| JULIE BABAUTA SANTOS, et al., <br><br> Petitioners, <br><br> vs. <br><br> FELIX A. CAMACHO, etc., et al., <br><br> Respondents. | CIVIL CASE NO. 04-00006 <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITIONER'S MOTION TO STRIKE THE ENTRY OF APPEARANCE BY CHRISTINA M.S. NAPUTI AND MARY GRACE SIMPAO.** |

### I. INTRODUCTION

On February 12, 2004, Petitioner Santos initiated this Class Action Petition for the recovery of unpaid refundable earned income tax refunds and to compel the full implementation of the Earned Income Program.

On July 29, 2004, Applicant for Intervention Christina M.S. Naputi ("Naputi"), represented by the law firm Van De Veld Shimizu Canto & Fisher ("Van De Veld"), filed a motion to intervene. This Court issued an Order on August 5, 2004 denying the motion for intervention.

On or about December 3, 2004, a class action complaint was filed in this Court by Mary Grace Simpao ("Simpao") and Christina M.S. Naputi, seeking "redress for, and to put an end to, the unfairness and uncertainty associated with the income tax Earned Income Credit . . ." See Simpao v. Government of Guam, Civil Case No. 04-00049, Complaint, ¶1.2.

On February 3, 2005, Naputi and Simpao filed a "Representation Statement and Entry of Appearance" in this matter, citing former Rule 23 (c)(2)(c) of the Federal Rules of Civil Procedure.

## II. ARGUMENT

Former Rule 23 (c)(2) provided in part as follows:

> "(2) In any class action maintained under subdivision (b)(3), the court shall direct to the members of the class the best notice practicable under the circumstances . . . The notice shall advise each member that (A) the court will exclude him from the class if he so requests by a specified date; (B) the judgment, whether favorable or not, will include all members who do not request exclusion; and (C) any member who does not request exclusion may, if he desires, enter an appearance through his counsel."

Under the language of the former rule, a class member had the alternative of entering an appearance through counsel or requesting exclusion. Thus, former Rule 23(c)(2) required that opportunity to "opt out" and alternative opportunity to enter appearance through counsel must be afforded in any class action maintained under Rule 23(b)(3). See Air Line Stewards & Stewardesses Asso. v American Airlines, Inc. 490 F2d 636 (7th Cir. 1973).

New Rule 23 (c)(2)(B) provides in part as follows:

> (2) (B) For any class certified under Rule 23(b)(3), the court must direct to class members the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must concisely and clearly state in plain, easily understood language:
> the nature of the action,
> the definition of the class certified,

> the class claims, issues, or defenses,
> that a class member may enter an appearance through counsel if the member so desires,
> that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded, and
> the binding effect of a class judgment on class members under Rule 23(c)(3).

Although couched in different language, Rule 23(c)(2)(B) does not eliminate the intent to provide alternative, not cumulative rights in regards to exclusion and right of appearance. The Notes of the Advisory Committee on Rules specifically addressed this issue as follows:

> Subdivision (c)(2) makes special provision for class actions maintained under subdivision (b)(3). . . . Thus the court is required to direct notice to the members of the class of the right of each member to be excluded from the class upon his request. <u>A member who does not request exclusion may, if he wishes, enter an appearance</u> in the action through his counsel; whether or not he does so, the judgment in the action will embrace him.

(Emphasis added).

In this case, Naputi, already denied her application for intervention, and Simpao, seek to enter an appearance in this case, when they have already exercised their rights to file a separate lawsuit to redress the same issues present in this case. Indeed, their lawsuit addressed their intent to follow through on the alternatives present after this Court's denial of Naputi's application for intervention. See Complaint, Civil Case No. 04-00049, ¶ 4.36:

> In the Order denying the Petition, the Court noted the proper procedure for Plaintiff Naputi, and others who sought to intervene, was to participate in the Santos action as objectors <u>or</u> to file a parallel action of their own.

(Citations omitted) (emphasis added).

Naputi and Simpao's complaint proceeded to describe their efforts to proceed consistent with this Court's Order. See Complaint, Civil Case No. 04-00049, ¶ 4.37.

Thus, Naputi and Simpao filed a parallel lawsuit as is their right, but they cannot simultaneously seek to enter this case to provide objections or otherwise participate. By allowing Naputi and Simpao to enter appearances in this class action while they simultaneously pursue a parallel lawsuit in anticipation of opting out, this Court would essentially be permitting Naputi and Simpao to exercise rights reserved to both opt out and opt in class members.

### III. CONCLUSION

For the forgoing reasons, this Court should grant Petitioners' motion to strike Naputi and Simpao's Entry of Appearance.

Respectfully submitted this 2nd day of March, 2005.

PHILLIPS & BORDALLO, P.C.
Interim Class Counsel

By: _____
Michael F. Phillips