


Office of the Attorney General
Douglas B. Moylan
Attorney General of Guam
Robert M. Weinberg
Stephen A. Cohen
Assistant Attorneys General
Guam Judicial Center, Suite 2-200E
120 West O'Brien Drive
Hagåtña, Guam 96910 • USA
(671) 475-3324 • (671) 472-2493 (Fax)

Attorneys for Respondents

# IN THE DISTRICT COURT OF GUAM
## HAGÅTÑA, GUAM

| | |
|---|---|
| JULIE BABAUTA SANTOS, individually and on behalf of all those similarly situated,<br><br>Petitioner,<br><br>vs.<br><br>FELIX P. CAMACHO, Governor of Guam; ART ILAGAN, Director of Department of Revenue and Taxation; LOURDES M. PEREZ, Director of Department of Administration; DOUGLAS B. MOYLAN, Attorney General of Guam; and GOVERNMENT OF GUAM,<br><br>Respondents. | Civil Case No. 04-00006<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ATTORNEY GENERAL'S MOTION TO AMEND MARCH 2, 2005 ORDER DENYING RECONSIDERATION OF FEBRUARY 9, 2005 ORDER TO CERTIFY INTERLOCUTORY APPEAL TO THE COURT OF APPEALS FOR THE NINTH CIRCUIT** |

**PURSUANT** to 28 U.S.C. §1292(b) and Rule 5(a)(3) of the Federal Rules of Appellate Procedure, the Attorney General of Guam submits the following Memorandum of Points and Authorities in Support of its motion to amend the Court's March 2, 2005 Order Denying Reconsideration of the Court's February 9, 2005 Order to certify an interlocutory appeal by the Attorney General to the United States Court of Appeals for the Ninth Circuit.

Page 1

SANTOS v FELIX P. CAMACHO, et. al.
District Court of Guam Civil Case No. 04-00036



Case 1:04-cv-00006   Document 190   Filed 03/11/2005   Page 1 of 9

The Attorney General respectfully submits that (1) the "order involves a controlling question of law"; (2) there is "substantial ground for difference of opinion"; and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." *See* 28 U.S.C. § 1292(b).

Specifically, the Attorney General moves the Court to certify an immediate appeal of the following question:

> Whether, in an action filed in the District Court of Guam for the "for recovery or collection of taxes," 48 U.S.C. § 1421i(h), the Attorney General's designation as "Chief Legal Officer of the Government of Guam," 48 U.S.C. § 1421g(d)(1), precludes the Governor and his representatives from appearing before the Court through separate counsel without the Attorney General's consent; or, in the alternative, whether the Organic Act of Guam, specifically 48 U.S.C. § 1421i(c), which provides that "[t]he administration and enforcement of the Guam Territorial Income Tax shall be performed by or under the supervision of the Governor…(either directly, or indirectly by one or more redelegations of authority)…." authorizes the Governor and his representatives, to appear before this Court through counsel other than the Attorney General and Chief Legal Officer of the Government of Guam, *see* 48 U.S.C. § 1421g(d)(1).

## DISCUSSION

The closest analogy to what this Court has effectively done in authorizing the Governor and his representatives to retain their own counsel over the objection of the Attorney General is disqualify the Attorney General, and "Chief Legal Officer of the Government of Guam," 48 U.S.C. § 1421g(d)(1), from representing his own clients. Ordinarily, an order disqualifying counsel is not an appealable order as of right. *In re: Grand Jury Investigation*, 182 F.3d 668, 670 (9th Cir. 1999). And while the Attorney General has his doubts whether his disqualification from representing the Governor and his representatives would not satisfy the collateral order doctrine of *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541 (1949), given the Attorney General's assertion that

Page 2

SANTOS v FELIX P. CAMACHO, et. al.
District Court of Guam Civil Case No. 04-00036

Case 1:04-cv-00006    Document 190    Filed 03/11/2005    Page 2 of 9

the right to control this litigation and represent the respondents belongs not to the respondents, but to the Attorney General under the Organic Act, the Attorney General, indeed, the Public, need not wait until the conclusion of this litigation to appeal the issue. As noted by the United States Supreme Court:

> Moreover, a rule precluding appeal pursuant to § 1291 would not necessarily leave the client or the disqualified attorney without a remedy. As we noted in *Firestone* [ *Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 101 S.Ct. 669 (1981)], "a party may seek to have the question certified for interlocutory appellate review pursuant to 28 U.S.C. § 1292(b), ... and, in the exceptional circumstances for which it was designed, a writ of mandamus from the court of appeals might be available." 449 U.S., at 378-379, n. 13, 101 S.Ct., at 675-676, n. 13.

*Richardson-Merrell Inc. v. Koller*, 472 U.S. 424, 435 (1985)

Because this is an extraordinary case involving the interpretation and application of the Organic Act of Guam, to an issue that is wholly collateral to the merits, but which may well be critical to its ultimate disposition, mandamus may very well be an appropriate remedy. However, the Attorney General respectfully submits that, in these circumstances, certification for interlocutory appeal is the more appropriate remedy. *Cf.*, *Christenson v. United States District Court for the Central District of California*, 844 F.2d 694 n. 4 (9th Cir. 1988).

Interlocutory appeal by permission is governed by 28 U.S.C. § 1292(b) which provides in full:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it

Page 3

SANTOS v FELIX P. CAMACHO, et. al.
District Court of Guam Civil Case No. 04-00036

Case 1:04-cv-00006    Document 190    Filed 03/11/2005    Page 3 of 9

within ten days after the entry of the order: Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

The standards governing the grant or denial of interlocutory appeal by permission are well-defined. As noted by the District Court for the District Court of Oregon:

> Pursuant to 28 USC § 1291, the federal courts of appeals postpone appellate review until after a final judgment has been entered by a district court. The Interlocutory Appeals Act, 28 USC § 1292(b) ("§ 1292(b)"), provides a limited exception to this final judgment rule. It authorizes district courts to certify an order for interlocutory appeal only if: (1) the "order involves a controlling question of law;" (2) there is "substantial ground for difference of opinion;" and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Id*; *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir1982), *aff'd sub nom Arizona v. Ash Grove Cement Co.*, 459 U.S. 1190, 103 S.Ct. 1173, 75 L.Ed.2d 425 (1983).

*Marsall v. City of Portland*, not reported in F.Supp.2d, 2004 WL 1774532 (D.Or. 2004) (Stewart, Magistrate J.) (footnote omitted).

> Additionally, the Ninth Circuit has cautioned that § 1292(b) "is to be applied sparingly and only in exceptional circumstances." *United States v. Woodbury*, 263 F.2d 784, 799 n. 11 (9th Cir 1959). The legislative history makes clear that § 1292(b) is reserved for "extraordinary cases where decision of an interlocutory appeal might avoid protracted and expensive litigation," such as "antitrust and similar protracted cases." *United States Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir1966), quoting S Rep No 2434 (1958), reprinted in 1958 USCCAN 5255, 5260.

*Id*. The criteria for interlocutory appeal are easily established in this case.

### The Order Involves a Controlling Question of Law

A "question of law" is "controlling:" under § 1292(b) if resolving it on appeal could materially affect the outcome of litigation in the district court. *In re Cement Antitrust Litig.*, 673 F.2d at 1026. A "question of law" means a "pure question of law," not a mixed

Page 4

SANTOS v FELIX P. CAMACHO, et. al.
District Court of Guam Civil Case No. 04-00036

Case 1:04-cv-00006    Document 190    Filed 03/11/2005    Page 4 of 9

> question of law and fact or an application of law to a particular set of facts. *See Ahrenholz v. Board of Trustees of the Univ. of Illinois*, 219 F.3d 674, 675-77 (7th Cir 2000). Writing for the Seventh Circuit, Chief Judge Posner explained that in the context of § 1292(b), the term "'question of law' means an abstract legal issue rather than an issue of whether summary judgment should be granted." *Id* at 677 (emphasis added).

*Marsall*, *2.

> In keeping with the congressional directive that § 1292(b) be applied narrowly and only in exceptional circumstances, numerous other federal courts also have interpreted the phrase "question of law" to mean a pure legal issue.

*Id.*

The question presented here, namely: who controls this litigation, is, of course, a pure legal issue. Indeed, it is collateral to the merits of whether or not the petitioner and the putative class are entitled to the relief they seek in this Court. There are no facts in dispute. The question of who controls the litigation and who are the lawyers qualified to appear before the court is without question a controlling issue. It is the first question any court must ask. The first criteria – whether the order presents a controlling issue of law -- is thus easily established.

### There is Substantial Ground for Difference of Opinion

> To demonstrate "a substantial ground for difference of opinion" on a question for § 1292(b) certification, a party must show more than its own disagreement with a court's ruling. *See, e.g., First Am. Corp. v. Al-Nahyan*, 948 F.Supp. 1107, 1116 (D.D.C.1996) ("Mere disagreement, even if vehement, with a court's ruling on a motion to dismiss does not establish a 'substantial ground for difference of opinion' sufficient to satisfy the statutory requirements for an interlocutory appeal"). However, "in determining whether a substantial ground for difference of opinion truly exists, a district court must analyze the strength of the arguments in opposition to the challenged ruling." *Ryan, Beck & Co.*, LLC, 275 F Supp2d at 398 (internal quotation omitted). Indeed, an issue can be a controlling question of law for which there is a substantial ground for difference of opinion when it is "difficult and of first impression." *Klinghoffer v. S.N.C. Achille Lauro Ed Altri-*

Page 5

SANTOS v FELIX P. CAMACHO, et. al.
District Court of Guam Civil Case No. 04-00036

Case 1:04-cv-00006  Document 190  Filed 03/11/2005  Page 5 of 9

> *Gestione Motonave Achille Lauro in Amministrazione Straordinaria*, 921 F.2d 21, 25 (2nd Cir1990); *but see In re Flor*, 79 F.3d 281, 284 (2nd Cir1996) ("[T]he mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion. Rather, [i]t is the duty of the district judge ... to analyze the strength of the arguments in opposition to the challenged ruling when deciding whether the issue for appeal is truly one on which there is a substantial ground for dispute" (internal citations and quotations omitted)).

*Marsall*, *5 (editorial brackets and ellipses in original).

This is no mere disagreement, even vehement disagreement, with the Court's ruling. Moreover, this is no mere dispute between adverse parties to the litigation, between plaintiff and defendant, or petitioner and respondent, as is true in the ordinary case, and even the usual disqualification cases. This dispute is within one set of the parties – the respondents – themselves, as to who their lawyer is and what legal policy decisions are to be made on their behalf.

The decision of this Court disqualifying the "Chief Legal Officer of the Government of Guam" from representing his own clients, as envisioned by Congress, and as evidenced by the substantial briefing in this case demonstrates a substantial grounds for a difference of opinion with respect to this dispute. This Court and the parties have already expended considerable time and resources in pursuit of a judicial resolution of this dispute. The arguments presented are by no means frivolous; and no party would presume to suggest otherwise.

This Court has been asked to ascertain Congressional intent, and to make inferences from Congressional silence; the Court has had to grapple with an intra-Organic conflict that will ultimately define the separation of powers within the Executive Branch of the Government of Guam in all future tax refund cases ever to be heard before this Court; and the Court has been favored with

Page 6

SANTOS v FELIX P. CAMACHO, et. al.
District Court of Guam Civil Case No. 04-00036

Case 1:04-cv-00006   Document 190   Filed 03/11/2005   Page 6 of 9

case law from numerous jurisdictions which present different answers to the question presented. The dispute is substantial.

### An Immediate Appeal from the Order May Materially Advance the Ultimate Termination of the Litigation.

Unquestionably, an interlocutory order will materially advance the ultimate termination of this litigation. Indeed, the litigation has been materially delayed, and a settlement of this case disrupted because of this collateral dispute. If an interlocutory appeal is certified and the Attorney General ultimately prevails, the plaintiff class and anticipated objectors will only have attorney and one legal position for the whole of the Government of Guam to contend with. If an appeal is not certified, any progress made throughout the case – whether the petitioners prevail in whole or in part or not -- will be held in abeyance pending final resolution by the Court of Appeals of what is actually a preliminary question: Who is the lawyer for the respondents and who controls the litigation? If the Attorney General is ultimately successful in his position, all the Court's and the parties' time and energies to-date will have been wasted.

### This Case Presents Extraordinary Circumstances

This case involves the construction of Congressional intent in amending Guam's Organic Act in 1998, establishing the Office of Attorney General, designated by Congress as the "Chief Legal Officer for the Government of Guam." 48 U.S.C. § 1421g(d)(1). It is no ordinary case wherein an attorney is disqualified because of an ethical or other conflict. It presents a possible conflict within the Organic Act itself with respect to the doctrine of separation of powers. The question presented directly impacts Guam's self-governance, as authorized only by Congress, and the allocation and delegation of powers, duties and responsibilities not merely *between* the three branches of government for the Territory of Guam – executive, judicial and

Page 7

SANTOS v FELIX P. CAMACHO, et. al.
District Court of Guam Civil Case No. 04-00036

Case 1:04-cv-00006   Document 190   Filed 03/11/2005   Page 7 of 9

legislative – but *within* the branches of government itself, namely, the executive branch. The Attorney General respectfully submits that the Court's order is contrary not only to Congressional intent in establishing the Office of Attorney General within the Organic Act independent of legislative and gubernatorial oversight and control, but undermines democratic principles of self-governance with respect to the People of Guam's choice of their Chief Legal Counsel for all the Government of Guam. For that reason, an interlocutory appeal is due to be certified.

## CONCLUSION

Based upon the foregoing, the Attorney General respectfully moves the Court to amend its March 2, 2005 Order Denying Reconsideration of the Court's February 9, 2005 Order, and to certify the question presented for interlocutory appeal to the United States Court of Appeals for the Ninth Circuit.

Respectfully submitted,

OFFICE OF THE ATTORNEY GENERAL
**Douglas B. Moylan, Attorney General**

_____
Robert M. Weinberg
Assistant Attorney General

Page 8

SANTOS v FELIX P. CAMACHO, et. al.
District Court of Guam Civil Case No. 04-00036

Case 1:04-cv-00006   Document 190   Filed 03/11/2005   Page 8 of 9

# CERTIFICATE OF SERVICE

This is to certify that I have this day served counsel for the opposing party(ies) with a copy of the foregoing by hand delivery, or by first class properly addressed, to:

Michael Phillips, Esq.
Phillips & Bordallo, P.C.
410 West O'Brien Dr.
Hagåtña, Guam 96910

Rawlen MT Mantanona, Esq.
Mantanona Law Office
GCIC Bldg., Suite 601B
414 West Soledad Ave.
Hagåtña, Guam 96910

Rodney J. Jacob, Esq.
Daniel Benjamin, Esq.
Calvo and Clark, LLP
655 South Marine Drive, Suite 202
Tamuning, Guam 96913

Shannon J. Taitano, Esq.
Legal Counsel
Office of the Governor of Guam
P.O. Box 2950
Hagåtña, Guam 96932

this 11th day of March, 2005.

_____
Robert M. Weinberg
Assistant Attorney General

Page 9

SANTOS v FELIX P. CAMACHO, et. al.
District Court of Guam Civil Case No. 04-00036

Case 1:04-cv-00006    Document 190    Filed 03/11/2005    Page 9 of 9