VAN DE VELD SHIMIZU CANTO & FISHER
Suite 101 Dela Corte Bldg.
167 East Marine Corps Drive
Hagatna, Guam 96910
Telephone: (671) 472-1131
Facsimile: (671) 472-2886

*Attorneys for Plaintiffs Christina Naputi and Mary Grace Simpao.*

FILED
DISTRICT COURT OF GUAM
MAR 16 2005
MARY L.M. MORAN
CLERK OF COURT

DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| JULIE BABAUTA SANTOS, Individually and on behalf of all those similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>FELIX CAMACHO, Governor of Guam, ART ILAGAN, Director of Department of Revenue and Taxation, LOURDES M. PEREZ, Director of Department of Administration, and GOVERNMENT OF GUAM,<br><br>Defendants. | Civil Case No. 04-00006<br><br>**OPPOSITION TO PETITIONER AND RESPONDENT'S MOTION TO STRIKE ENTRY OF APPEARANCE BY CHRISTINA M.S. NAPUTI AND MARY GRACE SIMPAO** |

**\* \* OPPOSITION TO MOTION TO STRIKE ENTRY OF APPEARANCE \* \***

COME NOW class members Christina M.S. Naputi and Mary Grace Simpao (hereinafter "Naputi and Simpao") through their counsel VAN DE VELD SHIMIZU CANTO & FISHER and TOUSLEY BRAIN STEPHENS PLLC, by James L. Canto II, Esq., to oppose "Petitioner's Motion To Strike Entry of Appearance By Christina M.S. Naputi And Mary Grace Simpao" (hereinafter "Petitioner's Motion to Strike") and "Memorandum Of Points And Authorities In Support Of Petitioner's Motion To Strike Entry of Appearance By Christina

PLAINTIFFS' OPPOSITION - 1
TO MOTION TO STRIKE



VAN DE VELD SHIMIZU CANTO & FISHER
167 East Marine Corps Drive
Hagatna, Guam 96910
TEL. 671.472.1131 • FAX 671.472.2886

M.S. Naputi And Mary Grace Simpao" (hereinafter "Petitioner's MPOA") both filed on March 2, 2005 by Petitioner Julie Babauta Santos (hereinafter "Petitioner"). By this document, Naputi and Simpao additionally oppose "Respondent Government of Guam's Joinder In Petitioner's Motion To Strike Entry Of Appearance By Christina M.S. Naputi And Mary Grace Simpao" (hereinafter "Respondent's Joinder"), filed March 4, 2005. Naputi and Simpao submit this opposition to this Court pursuant to <u>FRCP Rules 7, 8, and 11</u>, and <u>District Court of Guam Local Court Rules LR 7.1 and LR 23.1</u>. This opposition is supported by the following memorandum of points and authorities, the documents and pleadings on file, and such other further evidence as the Court may permit these parties to submit at the hearing of this objection and motion.

## * * MEMORANDUM OF POINTS AND AUTHORITIES * *

**Entry Of Appearance By Naputi And Simpao Is Proper And Should Not Be Stricken.**

Petitioner moves to strike the entry of appearance by Naputi and Simpao as class members from District Court of Guam Civil Case No. 04-00006 (the "Santos Action"), which Naputi and Simpao made for the record through their "Representation Statement and Entry Of Appearance" filed February 3, 2005. Neither Petitioner nor Respondent presents any legal authority to support their contention this Court should strike the entry of appearance by Naputi and Simpao.

The entry of appearance in this case is legally supported by Federal Rule of Civil Procedure (FRCP) Rule 23(c)(2)(B), which states in part: "[A] class member may enter an appearance through counsel if the member so desires, [and] that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded ..." Naputi and Simpao have never requested exclusion (opt-out) from the class and, to the contrary, their filed Representation Statement and Entry of Appearance expresses their intent to remain and participate in the proceedings. Petitioner implies that filing a separate lawsuit is a request to be excluded from the class in the Stantos Action, yet Petitioner provides

PLAINTIFFS' OPPOSITION - 2
TO MOTION TO STRIKE

VAN DE VELD SHIMIZU CANTO & FISHER
167 East Marine Corps Drive
Hagatna, Guam 96910
TEL. 671.472.1131• FAX 671.472.2886

Case 1:04-cv-00006   Document 192   Filed 03/16/2005   Page 2 of 5

no legal precedent for her arbitrary characterization. On the other hand, courts have long held "the existence of ... [an independent action] d[oes] not automatically exclude plaintiffs as potential members of the class. The exclusion could only be effected by compliance with the provisions of Rule 23(c)(2)(B)." *Supermarkets General Corp. v. Grinnel Corp.*, 59 F.R.D. 512, 513 (S.D.N.Y. 1973). As defined by Petitioner's Class Action Complaint in the Santos Action, Naputi and Simpao are class members of this class action and, regardless of the disposition of any other lawsuit, Naputi and Simpao will be bound by any judgment in the Santos Action as class members. In fact, Petitioner acknowledges that Naputi and Simpao have not opted out of the Santos Action class, alleging they are currently acting "in anticipation of opting out ..." Petitioner's MPOA, p.4, ln.3.

Petitioner argues that by allowing the appearance of Naputi and Simpao, this Court would be permitting them to exercise rights of both opt-in and opt-out class members. Petitioner's MPOA, p.4, lns.2-6. However, this Court has not approved any current notice to class members pursuant to FRCP Rule 23(c)(2)(B), required to inform Naputi and Simpao of their rights to opt out of the class and their method for doing so. Naputi and Simpao cannot have opted out if the Court has not yet ordered the notice "stating when and how members may [prospectively] elect to be excluded" per FRCP Rule 23(c)(2)(B) . The Court could not be permitting Naputi and Simpao to exercise the rights of opt-out class members since it has not yet established what those rights are, and more importantly it has not yet created the opportunity for one to even become an opt-out class member.

This Court has already condoned by anticipation the actions of Naputi and Simpao in entering their appearance to possibly file objections to the Settlement Agreement. Order, J. Coughenour, p.9, lns.4-8, August 5, 2004. Petitioner misrepresents the language of Naputi and Simpao's First Amended Complaint that recites this Court's order, by injecting an exclusive reading of the word "or" (*i.e.*, to participate as objectors or file a parallel action). Petitioner's MPOA, p.3, lns.17-24. To the contrary, this Court actually stated: "[T]here are other means of

PLAINTIFFS' OPPOSITION - 3
TO MOTION TO STRIKE

VAN DE VELD SHIMIZU CANTO & FISHER
167 East Marine Corps Drive
Hagåtña, Guam 96910
TEL. 671.472.1131• FAX 671.472.2886

Case 1:04-cv-00006   Document 192   Filed 03/16/2005   Page 3 of 5

protecting their interests (such as by opting out, filing objections to the Settlement Agreement, and/or filing a separate law suit)." Order, p.9, lns.6-8. Judge Coughenour offered all of the foregoing as appropriate actions by Naputi and Simpao, and did not restrict any of the choices to be exclusive of each other.

Naputi and Simpao properly maintain their appearance through counsel in the Santos Action pursuant to Federal Rule of Civil Procedure (FRCP) Rule 23(c)(2)(B). Naputi and Simpao have never requested exclusion from the class and continue to be putative class members of this class action, bound by any class judgment. Moreover, this Court has not approved any current notice to class members pursuant to FRCP Rule 23(c)(2)(B), necessary to inform all class members of their rights and requirements to opt out of the class. Thus Naputi and Simpao cannot have possibly opted out because that option is yet unripe. Furthermore, this Court, through Judge Coughenour, did not foreclose the possibility of Naputi and Simpao's current posture amidst the appropriate options given. Certainly Petitioner and Respondent offer no basis in controlling or persuasive law as to why this Court should strike the appearance of Naputi and Simpao from the Santos Action. For the foregoing reasons, Naputi and Simpao respectfully request this Court deny Petitioner's and Respondent's joint Motion to Strike Entry of Appearance.

DATED this 16TH day of March, 2005.

VAN DE VELD SHIMIZU CANTO & FISHER
TOUSLEY BRAIN STEPHENS PLLC

By: _____
James L. Canto II
Attorneys for Plaintiffs

PLAINTIFFS' OPPOSITION - 4
TO MOTION TO STRIKE

VAN DE VELD SHIMIZU CANTO & FISHER
167 East Marine Corps Drive
Hagatna, Guam 96910
TEL. 671.472.1131 • FAX 671.472.2886

Case 1:04-cv-00006    Document 192    Filed 03/16/2005    Page 4 of 5

# CERTIFICATE OF SERVICE

I, JAMES L. CANTO II, certify that I caused a copy of the foregoing document here filed to be served on the following individuals or entities on March 16, 2005, via hand delivery at the following addresses:

Douglas B. Moylan, Esq.
Attorney General of Guam
Office of the Attorney General of Guam
Pedro's Plaza
247 West O'Brien Drive
Hagatna, Guam 96910
Counsel for Government of Guam

Michael F. Phillips, Esq.
Phillips & Bordallo, P.C.
410 W. O'Brien Drive
Suite 102
Hagatna, Guam 96910
Counsel for Petitioner

Shannon Taitano, Esq.
Office of the Governor of Guam
Governor's Complex
East Marine Corps Drive
Adelup, Guam 96910
Counsel for Governor of Guam

Calvo and Clark, LLP
Attorneys at Law
655 S. Marine Corps Drive
Suite 202
Tamuning, Guam 96912
Counsel for Governor of Guam

Mantanona Law Office
GCIC Building, Suite 601B
414 W. Soledad Avenue
Hagatna, Guam 96910
Counsel for Director of Administration
  and Director of Revenue and Taxation

Respectfully submitted this _MARCH 16, 2005_

VAN DE VELD SHIMIZU CANTO & FISHER

James L. Canto II
Attorneys for Christina M.S. Naputi
and Mary Grace Simpao