

The Law Offices of
# PHILLIPS & BORDALLO
A Professional Corporation
410 West O'Brien Drive, Suite 102 Hagåtña, Guam 96910-5044
Tel: (671) 477-ABCD (2223) • Fax: (671) 477-2FAX (2329)
" I Erensia, Lina'Ia', Espiritu-ta"



FILED
DISTRICT COURT OF GUAM
MAR 2 3 2005
MARY L.M. MORAN
CLERK OF COURT



Attorneys for Petitioners

## DISTRICT COURT OF GUAM
## TERRITORY OF GUAM

| | |
|---|---|
| JULIE BABAUTA SANTOS, et al.,<br><br>Petitioners,<br><br>vs.<br><br>FELIX A. CAMACHO, etc., et al.,<br><br>Respondents. | CIVIL CASE NO. 04-00006<br><br>**PETITIONER'S RESPONSE TO OPPOSITION TO PETITIONER'S MOTION TO STRIKE ENTRY OF APPEARANCE** |

The Petitioner, individually and on behalf of all those similarly situated (hereinafter "EIC Class"), through her attorneys of record and interim counsel for the EIC Class, Phillips and Bordallo, P.C., by Michael F. Phillips, hereby submits this Response to the Opposition to Petitioner's Motion to Strike the Entry of Appearance by Christina M.S. Naputi and Mary Grace Simpao ("Naputi and Simpao").

## I. ARGUMENT

### A. Rule 23(c)(2)(B) Does Not Grant An Unlimited Right To Enter An Appearance In This Class Action.

Federal Rule of Civil Procedure 23(c)(2)(B), cited by Naputi and Simpao as the only support for their request to enter an appearance in this action, requires that this Court grant Petitioner's motion to strike the entry of appearance. The Notes of the Advisory Committee on Rules make it abundantly clear that a class member has the right to make an appearance in a class action only if the member fails to request exclusion from the class, <u>after being provided the required notice</u>:

> The Subdivision (c)(2) makes special provision for class actions maintained under subdivision (b)(3). As noted in the discussion of the latter subdivision, the interests of the individuals in pursuing their own litigations may be so strong here as to warrant denial of a class action altogether. Even when a class action is maintained under subdivision (b)(3), this individual interest is respected. Thus the court is required to direct notice to the members of the class of the right of each member to be excluded from the class upon his request. **A member who does not request exclusion may, if he wishes, enter an appearance in the action through his counsel;** whether or not he does so, the judgment in the action will embrace him.

(emphasis added).

Designed to fulfill due process requirements, the notice requirement of Rule 23 is consistently interpreted by the courts as necessary to inform class members of alternative

rights that they possess pursuant to the notice - to opt out of the class to preserve the right to file separate suits, or to make an appearance in the case if the member so desires. See Crown v. Parker, 462 U.S. 345, 351 (1983) (The "notice requirement was intended to inform the class member that he could preserve his opportunity to press his claim *separately* by opting out of the class.") (quotations omitted; italics in original); Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 176 (1974) ("[E]ach class member . . . must be notified that he may request exclusion from the action and thereby preserve his opportunity to press his claim separately or that he may remain in the class and perhaps participate in the management of the action.") (emphasis added); Denney v. Jenkens & Gilchrist, 2005 U.S. Dist. LEXIS 2507 (S.D.N.Y. 2005) ("Rule 23(c)(2)(B) requires that . . [t]he notice must inform each class member of the nature of the action and the class certified, and that he has the right to exclude himself from the action on request or to enter an appearance through counsel, and further that the judgment, whether favorable or not, will bind all class members not requesting exclusion.") (citations and quotations omitted) (emphasis added); and Woolen v. Surtran Taxicabs, 684 F.2d 324, 332 (5th Cir. 1982) ("A class member who does not consider that he is being represented adequately has the option in a (b) (3) action to opt out under 23(c) (2) or to enter an appearance through counsel of his choosing.") (emphasis added).

See also In re Vitamin Cases, 107 Cal. App. 4th 820, 828, 132 Cal. Rptr. 2d 425 (2003) ("The purpose of class notice in the context of a settlement is to give class members sufficient information to decide whether they should accept the benefits offered, opt out and pursue their own remedies, or object to the settlement."); and Zimmer Paper Prods. Inc. v. Berger & Montague, P.C., 758 F.2d 86, 90 (3d Cir. 1985) (The notice requirements of Rule 23 is "designed to fulfill requirements of due process.")(citations omitted). "Notice to class members

is crucial to the entire scheme of Rule 23(b)(3). It sets forth an impartial recital of the subject matter of the suit, informs members that their rights are in litigation, and alerts them to take appropriate steps to make certain their individual interests are protected." Erhardt v. Prudential Group, Inc., 629 F.2d 843, 846 (2d. Cir. 1980). (Citing In re Gypsum Antitrust Cases, 565 F.2d 1123, 1125 (9 Cir. 1977) and In re Nissan Motor Corp. Antitrust Litigation, 552 F.2d 1088 (5 Cir. 1977)). "It also preserves the right of class members to 'opt out' if they believe their interests are antagonistic to the other class members, or if they wish to proceed by separate suit." Id. (citations omitted).

In this case, the Court vacated the exclusion period published pursuant to Rule 23(c). Thus, there is no existing period for a class member to request exclusion, or for that matter, to fail to request exclusion and exercise the right to appear in this matter or to otherwise provide objections to the settlement. After an unsuccessful attempt to intervene in this matter, Naputi, along with Simpao, now assume that Rule 23(c)(2) creates an inherent right to appear in this action at any time, apparently as long they do not request exclusion from the class, or until they request exclusion. The authorities are completely contrary to this proposition.

As alternative options, class members can only enter an appearance if they choose not to exclude themselves from the class. This decision can only be made after expiration of the exclusion period. Thus, Naputi and Simpao cannot be allowed to enter an appearance at any time, and then decide prior to the expiration of the exclusion period that they will opt out of the class. Contrary to the authority above, Naputi and Simpao would not have alternative rights, but will have the opportunity to exercise both rights granted to different sets of class members by the notice requirement of Rule 23. In In re Linerboard Antitrust Litigation, 292 F. Supp. 2d 644, 650 ( (E.D. Penn. 2003), the court discussed a prior procedural issue on point with Naputi

and Simpao's attempt to appear in this case. After a class member sought to appear in the action, the court granted a motion to strike the appearance based on the court's conclusion that Rule 23(c)(2) "precluded 'entries of appearance by counsel for class members until an election to formally participate in the case has been made.'" Id. (emphasis added).

With no exclusion period applicable, its apparent that Naputi and Simpao have not made an election not to be excluded from the class.[1] Comically, Naputi and Simpao argue that despite their filing of a separate lawsuit to address the same issues in this action, their "Representation Statement and Entry of Appearance expresses their intent to remain and participate in the proceedings." As discussed more thoroughly below, their separate lawsuit indicates an intent entirely inconsistent with an intent to remain a class member, and entirely inconsistent with an election to forego their right to opt out of the class. More importantly, however, consistent with Naputi's prior unsuccessful attempt to intervene to object to the settlement reached in this action, Naputi and Simpao will have every opportunity to object to the settlement notwithstanding this Court's denial of their entry of appearance. As provided by Rule 23(c)(2), if Naputi and Simpao, after being notified of their options as class members, decide to forego their right to exclusion (effectively rendering their separate lawsuit a nullity),[2] they will be welcome and Petitioner looks forward to entertaining any objections they desire to present to this Court.

---

[1] Naputi and Simpao assert that they cannot have opted out since the Court has "not yet created the opportunity for one to even become an opt-out class member. Similarly, the Court has also not yet created the opportunity for one to decide to become an opt-in class member and, if desired, to enter an appearance in the action.

[2] See McCubbrey v. Boise Cascade Home and Land Corporation, 71 F.R.D. 62 (N.D. CA 1976), where the court addressed the adequacy of a notice to class members who filed prior independent lawsuits. ("Nothing in the detailed, 29-page Notice would alert even a careful reader that he must satisfy the exclusion requirements or suffer the consequence of permitting his ongoing litigation to evaporate. The language of Option 1 [failing to exclude] . . . suggests that inaction will result in barring *future* litigation, not automatic termination of present suits. Nor does the language of Option 2 [opt-out procedure] advise class members that they must satisfy exclusion requirements to maintain the viability of independent litigation.") (italics in original).

Naputi and Simpao have not declined exclusion from the class, nor can they make such an election until the notice informing them of such rights is approved and distributed pursuant to Rule 23(c)(2). Allowing their appearance now does nothing to accomplish the due process concerns at the heart of the Rule 23 notice requirement. Based on Rule 23(c)(2) and the foregoing authorities, Naputi and Simpao have no right to enter an appearance in this matter, and Petitioner's motion to strike their appearance should be granted.

**B.   Naputi And Simpao's Separate Lawsuit Demonstrates An Unmistakable Desire To Be Excluded From This Class Action**

In their opposition, Naputi and Simpao cite <u>Supermarkets General Corp. v. Grinnel Corp.</u>, 59 F.R.D. 512, 513 (S.D.N.Y. 1973) for the proposition that "courts have long held" that separate lawsuits do not automatically exclude potential members of the class. <u>Grinnel</u>, like many other cases, involve class members seeking to avoid the binding effect of class action judgments on their individual lawsuits - by requesting relief from their failure to follow the procedures for exclusion. <u>Id</u>. Naputi and Simpao attempt to mislead this Court by representing this lone decision as a long held proposition - yet courts have held the exact opposite.

Importantly, for purposes of the motion at hand, Petitioner need not demonstrate that Naputi and Simpao would prevail if they later sought to be treated as excluded members based solely on their independent lawsuit. Nor is Petitioner seeking by this motion to demonstrate that once Naputi and Simpao filed their separate lawsuit they are stuck with a decision to opt out of the class. Rather, Petitioner's reference to Naputi and Simpao's separate lawsuit demonstrates their attempt to obliterate the "long held" separation of rights granted to class members to preserve the ability to file separate suits by opting out, or,

6

alternatively, to maintain their class membership and if desired, to make an appearance in the action.

Contrary to Naputi and Simpao's presentation to this Court, courts have found independent actions to not only be overwhelmingly indicative of a request for exclusion, but as a substitute for formal compliance with exclusion procedures.

In McCubbrey v. Boise Cascade Home & Land Corp., 71 F.R.D. 62 (N.D. Cal. 1976), supra ftn.2, the court held that various parties had effectively opted out of a class by filing their own lawsuit against the class action defendants, even though they had not filed a formal, written exclusion request. The court's common sense rationale is completely inapposite of Naputi and Simpao's position on the issue:

> The serious due process implications of holding an absent class member bound by a class adjudication demand that we look beyond formalistic procedures to evaluate whether a class member has reasonably expressed a desire to be excluded from a class suit. Respondents in the present case, who drafted, filed and served a complaint, clearly made substantial efforts toward communicating a request for exclusion . . . Indeed, we believe that even the courts stressing the policy of finality in complex adjudications would hold that these respondents had discharged their burden of opting out of the class suit. . . . **No reasonable person could view their conduct as expressing a desire to participate in the proposed settlement.**

Id. at 70-71. (emphasis added). The court later added in its opinion:

> [W]e are not called upon in this motion to define what constitutes sufficient notice of a class member's request for exclusion, for it seems clear that institution of litigation, with its concomitant personal service of a complaint on a reasonable officer of a corporation, constitutes an effective - indeed, strident - expression of a desire not to acquiesce in an impending class settlement.

Id.

Indeed, the weight of authority endorses flexibility in determining whether a class member has effectively requested exclusion. See Bonner v. Texas City Independent School District of Texas, 305 F. Supp. 600 (D.Tex. 1969), where the court held that the trial testimony of three teachers expressing disapproval of the plaintiff's suit sufficient to constitute a request for exclusion from the plaintiff class; 7A Wright and Miller, Federal Practice and Procedure, § 1787 ("considerable flexibility is desireable in determining what constitutes an effective expression of a class member's desire to exclude himself and any written evidence of it should suffice."); Council of Social Work Education, Inc. v. Texas Instruments, 105 F.R.D. 68, 71 (N.D. Tex. 1985), discussing McCubbrey and other related cases ("[t]he clear theme of these cases is that 'considerable flexibility' should be used in determining what constitutes an effective request for exclusion.") (Citing 2 Newberg, Class Actions § 2475r (1977)); Plummer v. Chemical Bank, 668 F.2d 654, 657 n.2 (2d Cir. 1982) ('Any reasonable indication of a desire to get out should suffice.'"); and In re Linerboard Antitrust Litigation, 223 F.R.D. 357, 366 (E.D. Penn. 2004) ("In sum, the law requires a "reasonable indication" of a party's intent to opt-out for an opt-out to be proper. In determining whether a party has given a reasonable indication of its intent to opt out, courts use considerable flexibility.").

Naputi and Simpao effectively request the parties and this Court to ignore its current lawsuit as indicative of their posture before this Court. Indeed, in their opposition, Naputi and Simpao's only reference to the effect of their separate lawsuit is devoid of both legal and common sense. Naputi and Simpao assert that they "are class members of this class action and, regardless of the disposition of any other lawsuit, [they] will be bound by any judgment in the Santos Action as class members." On one hand, Naputi and Simpao acknowledge they have yet to have an opportunity to opt out of the class, and on another, they claim they will

never have an opportunity to avoid the status of a class member. Naputi and Simpao's attempt to rationalize their need to appear in this action is akin to Naputi's failed attempt to intervene. Indeed, their entire approach merely represents an additional attempt to intervene, albeit through a premature exercise of a right to appear in this action. In light of their separate lawsuit, Naputi and Simpao's attempt to convince this Court of their intent to remain class members, and the unknown and made-up legal requirement that they are bound by the resolution of this case as class members, is pointless. Naputi and Simpao's seek to exercise rights limited to opt-in class members, while simultaneously taking action expressly contrary to such a status.

As discussed above, the right to appear in this action as a class member and the right to opt out and file separate lawsuits are mutually exclusive rights. Even if this Court finds that class members may enter appearances prior to their election to remain in the class, as made by their inaction during the exclusion period, this Court should find that Naputi and Simpao's actions in filing a separate lawsuit preclude them from appearing in this case. Their lawsuit is a strident expression of a desire not to acquiesce in the impending class settlement. As such, they must be precluded from exercising rights flowing only to class members who express contrary desires. Naputi and Simpao should not be allowed to obliterate the distinctive and separate rights granted to opt out and opt in class members, respectively. Based on the foregoing, Petitioner's motion to strike the entry of appearance should be granted.

## II. CONCLUSION

Naputi and Simpao have not declined exclusion from the class as required by Rule 23(c)(2) before exercising a right to enter an appearance, nor can they make such an election until the notice informing them of such rights is approved and distributed pursuant to Rule

23(c)(2). Based on Rule 23(c)(2) and relevant authority, Naputi and Simpao have no right to enter an appearance in this matter, and Petitioner's motion to strike the entry of appearance should be granted. Alternatively, because Naputi and Simpao's action in filing a separate lawsuit is indicative of their express desire not to be part of this class action, they should be precluded from exercising rights granted only to opt in class members. On this basis, Petitioner's motion to strike the entry of appearance should be granted.

Respectfully submitted this 23rd day of March, 2005.

PHILLIPS & BORDALLO, P.C.
Attorneys for Petitioners

By: _____
Michael F. Phillips