SHANNON TAITANO, ESQ.
OFFICE OF THE GOVERNOR OF GUAM
Ricardo J. Bordallo Governor's Complex
Adelup, Guam 96910
Telephone: (671) 472-8931
Facsimile: (671) 477-4826

EDUARDO A. CALVO, ESQ.
RODNEY J. JACOB, ESQ.
DANIEL M. BENJAMIN, ESQ.
CALVO & CLARK, LLP
Attorneys at Law
655 South Marine Corps Drive, Suite 202
Tamuning, Guam 96913
Telephone: (671) 646-9355
Facsimile: (671) 646-9403

Attorneys for *Felix P. Camacho, Governor of Guam*

**FILED**
DISTRICT COURT OF GUAM
MAR 24 2005
MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF GUAM

JULIE BABAUTA SANTOS, et. al.,

Petitioners,

-v-

FELIX P. CAMACHO, etc., et. al.

Respondents.

CIVIL CASE NO. 04-00006

**OPPOSITION TO MOTION TO AMEND ORDER OF MARCH 2, 2005 TO CERTIFY INTERLOCUTORY APPEAL**

{G0000564.DOC;2}

The Governor of Guam, Felix P. Camacho, respectfully submits this opposition to the Attorney General's motion to amend the Court's Order of March 2, 2005 to certify an interlocutory appeal.

## INTRODUCTION

The Attorney General's motion to amend the Court's Order of March 2, 2005 to certify the issue of the Governor's right to independent counsel should be rejected. As the Attorney General expressly concedes, the representation issue is a collateral issue in this case. The Ninth Circuit has held that collateral issues cannot be certified because they cannot constitute a "controlling question" of law. Moreover, the Attorney General's vehement disagreement with the Court's Order does not demonstrate the requisite "substantial" difference of opinion. As the Court's Orders of February 9, 2005 and March 2, 2005 aptly explained, the issue in this case ultimately boils down to a simple application of the Governor's powers and duties under 48 U.S.C. § 1412i(d)(2) that does not conflict with the Attorney General's designation as "Chief Legal Officer" under the Organic Act. Lastly, certification will not materially advance this litigation even in the extremely unlikely event that the Governor's chosen counsel were removed on appeal. The issues that the Governor has raised in this litigation with regard to the proposed settlement—jurisdiction, illegality, and class certification—would have to be addressed by this Court even if the Governor was deprived of representation to raise these issues.

## ARGUMENT

Under 28 U.S.C. § 1292(b), a district court has the discretion to certify an order for interlocutory appeal if all of the three following criteria are met:

(1) The order involves a controlling question of law;

(2) There is substantial grounds for difference of opinion; and

(3) An immediate appeal from the order may materially advance the ultimate termination of the litigation.

1

*In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982). However, even then, this discretion is to be used sparingly, and only in "extraordinary circumstances." *United States v. Woodbury*, 263 F.2d at 799 n.11 (9th Cir. 1959). As will be shown, none of the three criteria are met, and the circumstances do not justify certification.

## I. The Question Here Is Collateral, and the Ninth Circuit Has Held that Collateral Questions Cannot Be a Basis for Certification

As the Attorney General admits, the question on which he seeks certification "is **collateral** to the merits of whether or not the petitioner and the putative class are entitled to the relief they seek in this Court." (MPA at 5 (emphasis added).) Under Ninth Circuit precedent, a collateral issue cannot constitute a "controlling" question. *United States v. Woodbury*, 263 F.2d 784, 787-88 (9th Cir. 1959) ("the claim of privilege here asserted is collateral to the basic issues of this case, and cannot be regarded as presenting a 'controlling question of law' as those words are used in the statute"); *In re Cement Antitrust Litig.*, 673 F.2d at 1027 (following *Woodbury* and rejecting certification because "[t]he question whether Judge Muecke erroneously disqualified himself under 28 U.S.C. § 455(b)(4) must be viewed as collateral to the basic issues of this lawsuit."). Accordingly, because the issue on which certification is sought is collateral, it cannot be a controlling question and the Attorney General's motion fails at the first step.[1]

## II. The Vehemence of the Attorney General's Difference of Opinion with this Court Does Not Demonstrate "Substantial Grounds" for a Difference of Opinion

The Attorney General plainly strongly disagrees with this Court's decision, as evidenced by his original motions to strike, his motion for reconsideration of the February 9, 2005

---

[1] A collateral issue is not controlling even if the resolution of the issue might speed the final resolution of this case. As the Ninth Circuit has explained: "[s]ome courts have adopted the view that a question is controlling if it is one the resolution of which may appreciably shorten the time, effort, or expense of conducting a lawsuit." *In re Cement Antitrust Litig.*, 673 F.2d at 1027 (citations omitted). However, the Ninth Circuit went on to state that this would be "essentially reading the 'controlling question of law' requirement out of section 1292(b)." *Id.* Thus, the Court emphatically stated: "We reject this approach." *Id.*

Order, and now this motion to certify. However, the Attorney General is mistaking his strong disagreement for what is actually required—a substantial ground for a difference of opinion. *Yakima Products, Inc. v. Industri AB Thule*, 1998 WL 173205, *5 (N.D. Cal. March 19, 1998) ("Although Defendants disagree with the Court's evaluation of the facts in this action, their strong disagreement is not sufficient to justify an interlocutory appeal.") (citation omitted); *First Am. Corp. v. Al-Nahyan*, 948 F. Supp. 1107, 1116 (D.D.C. 1996) ("Mere disagreement, even if vehement, with a court's ruling on a motion to dismiss does not establish a 'substantial ground for difference of opinion' sufficient to satisfy the statutory requirements for an interlocutory appeal.") (quotation omitted).

Nor is it sufficient that the issue before the Court is of first impression. "[T]he mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion. ... Rather, '[i]t is the duty of the district judge ... to analyze the strength of the arguments in opposition to the challenged ruling when deciding whether the issue for appeal is truly one on which there is a substantial ground for dispute.'" *In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996) (citations and quotations omitted).

Here, the months of briefing concerning the Governor's right to faithful representation, along with the lengthy hearing then held, have given the Court ample opportunity to carefully consider the issue. But this does not mean that the issue, once resolved, is one on which there can be a substantial dispute. The Organic Act of Guam states that "[t]he Governor or his delegate shall have the same administrative and enforcement powers and remedies with regard to the Guam Territorial Income Tax as the Secretary of the Treasury, and other United States officials of the executive branch, have with respect to the United States income tax." 48 U.S.C. § 1412i(d)(2). Nothing in the Attorney General's designation as "Chief Legal Officer," a

3

designation made without any enumeration of powers, contradicts this provision or prevents the Governor from fully exercising his powers by appearing in Court through counsel of his choosing. The issue, once fully and thoroughly explained as it has been in the Court's February 9, 2005 and March 2, 2005 Orders, is not one on which there can be a substantial dispute.

### III. Certification Will Not Materially Advance The Litigation

The Attorney General argues that resolution of the question he seeks certification on will materially advance this litigation because if he succeeds on appeal "the plaintiff class and anticipated objectors will only have [one] attorney and one legal position for the whole of the Government of Guam to contend with." (MPA at 7.) The Attorney General's apparent underlying assumption, therefore, is that if he removes the Governor's chosen attorneys, the Attorney General will have made all of the Governor's objections to the proposed settlement agreement go away. But that is just not right.

The issues that the Governor is raising are issues that the Court would have to consider even if the Attorney General had silenced the Governor. The Governor is raising jurisdictional objections, and these must be addressed by any federal court, whether or not they are raised by the parties. *E.g. Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1093 (9th Cir. 2004). The Governor is raising a question of legality under the Illegal Expenditure Act, and courts will not enforce contracts that violate that Act on public policy grounds. *Pangelinan v. Gutierrez*, 2003 Guam 13, ¶ 25 *vacated in part on other grounds by* 2004 Guam 16 ¶ 1. And the Governor is raising issues—including due process issues—regarding the class, and the Court has an independent duty to protect absent class members no matter what issues are raised by the parties. *E.g. Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997); *Ficalora v. Lockheed Cal. Co.*, 751 F.2d 955, 997 (9th Cir. 1985). In sum, even if the Attorney General succeeded in ousting the

4

Governor's chosen attorneys and silencing his voice in this Court, the issues that the Governor has raised, once brought before the Court, cannot again be swept under the rug.

## IV. The Circumstances Do Not Justify Certification

Lastly, the Attorney General argues that there are extraordinary circumstances justifying certification because the Court's Order permitting the Governor his own counsel and own voice in Court have somehow "undermine[d] democratic principles of self-governance..." (MPA at 8.) This argument is impossible to accept on the facts of this case. The Governor is elected by the people of Guam. If there was a threat to the principles of self-governance, it occurred when the Governor, duly elected and charged with administration of the Guam Territorial Income Tax by 48 U.S.C. § 1412i(d)(2), was silenced in this litigation by the Attorney General's actions. With the Governor's voice now restored by this Court's Orders, the extraordinary circumstances have been abated.

## **CONCLUSION**

The Attorney General's motion should be denied. Collateral orders cannot be certified under Ninth Circuit precedent, and the remaining requirements for certification are also absent. Accordingly, the Governor respectfully requests that the Court deny the motion.

Dated this 24th day of March, 2005.

OFFICE OF THE GOVERNOR OF GUAM
CALVO & CLARK, LLP
Attorneys at Law

By: _____
DANIEL M. BENJAMIN