1
VAN DE VELD SHIMIZU CANTO & FISHER
Suite 101 De La Corte Bldg.
2
167 East Marine Corps Drive
Hagatna Guam 96910
3
671.472.1131

4
TOUSLEY BRAIN STEPHENS PLLC
Kim D. Stephens, P.S., WSBA #11984
Nancy A. Pacharzina, WSBA #25946
5
700 Fifth Avenue, Suite 5600
Seattle, Washington 98104-5056
6
206.682.5600

*Attorneys for class members Christina Naputi and Mary Grace Simpao.*

**FILED**
DISTRICT COURT OF GUAM

MAR 2 5 2005

MARY L.M. MORAN
CLERK OF COURT

(192)

# IN THE UNITED STATES
# DISTRICT COURT OF GUAM

JULIE BABAUTA SANTOS,
individually, and on behalf of all
those similarly situated,

        Plaintiff,

    vs.

FELIX A. CAMACHO, Governor of Guam, et al.

    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)

D.C. Guam Civil Case No.
CV04-0006

**MEMORANDUM OF POINTS AND
AUTHORITY IN SUPPORT OF
MOTION TO JOIN PROPOSED
MEDIATION**


**Class Action**

## I. INTRODUCTION

The parties in this action stipulated they will engage in mediation by April 11, 2005. *Stipulation and Order, CV 04-0006, 11 March 2005.* Absent class members Simpao and Naputi requested to participate in the mediation. All but one of the parties, however, rejected that request.

As the Court is aware, Plaintiffs Simpao and Naputi also have a pending class action regarding the same matters at issue in this action. *Naputi et al v. Guam, CV04-00049.* They have also appeared in this matter to protect their interest. *Motion to Intervene, CV 04-00006,*

Civil Case No. CIV04-00006
Memorandum in Support/ Motion to Join Mediation

**Page 1**

ORIGINAL

*filed 29 June 2004.* In this motion, Simpao and Naputi ask this Court to order the parties to include them, through their counsel, in the planned mediation process.

This Court has discretion pursuant to Fed.R.Civ.P 23(d) to enter such an order. It should do so here to : (1) bolster and increase the adequacy of representation of Guam's citizens in this important dispute regarding the Government's illegal termination of the EITC program; (2) to facilitate global settlement of all EITC claims brought by Guam's citizens in both the Santos and Simpao actions ; and (3), in doing, so, control its own docket by potentially resolving two pending complex class actions currently before the Court.

# I. STATEMENT OF THE CASE

1.1     This court is well aware of the facts underlying the substantive dispute regarding Guam's EITC Program.

1.2     Plaintiff Santos filed a class action complaint in this Court on 12 February 2004 seeking only payment of EICs due for certain Guam citizens entitled to the EIC. (*Santos v. Camacho, et al.*, CV No. 04-00006).

1.3     Plaintiff Naputi filed a class action complaint on December 3, 2004. *Simpao et al v. Guam, CV 04-00049.* Plaintiff Simpao joined Plaintiff Naputi in her action and both filed a First Amended Complaint on February 3, 2005. *Id*[1]

1.4     Unlike the Santos complaint, Plaintiff Naputi's Complaint highlights the need for the Government to: (1) establish a claims procedure for Guam's taxpayers to claim EICs; (2) recognize and pay claims already filed; and/or (3) enforce the creation and maintenance of

---

[1] On 11 February 2005 the Government of Guam attempted to have the complaint dismissed based upon, *inter alia*, allegations of sovereign immunity and failure to exhaust administrative remedies. This motion was denied in its entirety.

Civil Case No. CIV04-00006
Memorandum in Support/ Motion to Join Mediation

**Page 2**

1  statutorily mandated reserve and trust funds to ensure EICs will be paid as required by law.

2  *Id.*

3  1.5   Plaintiffs Simpao and Naputi seek to certify this case as a class action and ask the

4  Court to: (1) declare the EIC applies to Guam; (2) declare income tax returns already filed

5  constitute timely and proper administrative claims for EICs or order the Government to notify

6  tax payers of their entitlement to make a claim and provide a procedure to do so; (3) order the

7  Government to create, adequately fund, maintain and administer the Income Tax Refund

8  Reserve Fund and Income Tax Refund Efficient Payment Trust Fund; as required by law; and

9  (4) award damages consisting of the EICs already due.

10  1.6   Thus this Court currently has before it two class actions regarding the dispute over the

11  EIC in Guam. Neither action has been certified for class treatment, although the Santos action

12  has been conditionally certified for the purpose of settlement only.

13  1.7   As the Court is aware, a settlement was proposed in this action..

14  1.8   That settlement has been attacked procedurally and substantively by both Naputi,

15  *Motion to Intervene, Id.*, and the Governor of Guam, *see Objection to Petitioner's Motion for*

16  *Orders Approving the Administration Plan, CV 04-0006, 09 November 2004,*, a party here.

17  1.9   Naputi has objected to that settlement, in part, on the basis the class as a whole is

18  inadequately represented. *Motion to Intervene, Id.*

19  1.10   Consistent with that concern, Naputi and Simpao, as class members entered an

20  appearance through counsel in this action in order to monitor proceedings, bolster

21  representation of the class and protect their interests in the portion of their own claims that

22

23

24

overlap with this action. *Representation Statement and Entry of Appearance, CV 04-0006.*

*filed 03 February 2005.*

1.11    Plaintiff Santos has sought to prevent any such monitoring or involvement by Naputi

and Simpao, solely on the basis they have their own pending action. *Petitioner's Motion to*

*Strike Entry of Appearance, CV04-0006, 02 March 2005* currently pending before the Court.

1.12    The parties in this action have now obtained a stipulated order staying any further

resolution of the dispute regarding the legality of the proposed settlement on the condition

they engage in mediation prior to April 11, 2005. *Stipulation and Order, CV 04-0006, 11*

*March 2005.*

1.13    Plaintiffs Naputi and Simpao, through counsel, requested to be included in the

proposed mediation process through written correspondence and telephone calls.

*Declaration, Thomas J. Fisher, filed herewith.*

1.14    All parties, with the exception of the Attorney General, have either refused to allow

Simpao and Naputi to participate in the mediation or failed to respond to their request. *Id.*

1.15    Because class members Naputi and Santos have entered an appearance in this action,

because they have filed a parallel action embracing many of the same issues, and because they

are seriously concerned about Class Representative's ability to protect their interests and the

interests of the class members, they now ask this Court to order the parties to include them,

through their counsel, in the proposed mediation process.

## II. ARGUMENT

In class actions, Courts frequently treat class members as parties to the suit. In

*American Pipe Co. v. Utah*, 414 U.S. 538, 94 S.Ct. 756 (1974), the Supreme Court said,

Civil Case No. CIV04-00006
Memorandum in Support/ Motion to Join Mediation                    **Page  4**

1  "under the circumstances of this case, the claimed members of the class stood as parties to the

2  suit until and unless they received notice thereof and chose not to continue." Id. at 550-51.

3  Class members are not regarded in the same light as mere members of an organization. *See*

4  *Local 194, retail, Wholesale & Department Store Union v. Standard Brands*, 540 F.2d 864,

5  867 (7th Cir. 1976), rather they are regarded as parties. In class actions, courts retain a degree

6  of control over the litigation which they do not otherwise enjoy. *See In re General Motors*

7  *Corp. Pick-up Truck Fuel Tank Products Liability Litigation*, 55 F.3d 768, (3rd Cir. 1995).

8      This Court has discretion to order that class members Simpao and Naputi be allowed

9  to participate in the mediation contemplated in this matter. Fed.R.Civ.P 23(d)(1)(2). It is

10  appropriate that this order be granted since the purpose of the mediation is to arrive at a

11  settlement and judgment to which all class members, including Simpao and Naputi will be

12  bound. Fed. R.Civ.P. 23 (c)(3).

13

14

15  By: _____
        Thomas J. Fisher
16      Attorney for Class Members
        Naputi and Simpao

17

18

19

20

21

22

23

24
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
~~~~~~~~~~~~~
Civil Case No. CIV04-00006
Memorandum in Support/ Motion to Join Mediation                    **Page  5**