FILED
DISTRICT COURT OF GUAM
MAR 30 2005
MARY L.M. MORAN
CLERK OF COURT

DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| JULIE BABAUTA SANTOS, individually and on behalf of all those similarly situated,<br><br>Petitioner,<br><br>vs.<br><br>FELIX A. CAMACHO, Governor of Guam; ART ILAGAN, Director of Department of Revenue and Taxation; LOURDES M. PEREZ, Director of Department of Administration; and GOVERNMENT OF GUAM,<br><br>Respondents. | Civil Case No. 04-00006<br><br><br><br>ORDER |

On March 10, 2005, the parties in this action made a joint request to continue for 30 days certain motions scheduled for hearing before the Court, because the parties "wish[ed] to explore whether they could achieve a mutually agreeable resolution" through a voluntary mediation process. (Stipulation and Order, Docket No. 179.) The Court approved the parties' stipulation on March 11, 2005. (Id.)

On March 25, 2005, alleged class members Christina M.S. Naputi and Mary Grace Simpao (collectively referred to as the "Movants") filed a Motion to Join Proposed Mediation (the "Motion") along with an Application for Order Shortening Time (the "Application") to hear their Motion. (Docket Nos. 191 and 189 respectively.) The Motion and Application asserted:

///

///

> [b]ecause class members Naputi and Santos [sic] have entered an appearance in this action, because they have filed a parallel action embracing many of the same issues, and because they are seriously concerned about Class Representative's ability to protect their interests and the interests of the class members, they now ask this Court to order the parties to include them, through their counsel, in the proposed mediation process.

(Mem. P. & A. Supp. Mot., Docket No. 192, at ¶1.15.)

The Movants have stated that this Court has discretion to order that they be allowed to participate in the proposed mediation. (Id. at p.5.) The Court declines to so exercise its discretion in this instance. The Court notes that Ms. Naputi previously sought to intervene in this action because she felt that her interests were inadequately represented by Petitioner Santos and her counsel. However, the District Judge denied her motion to intervene and concluded that Ms. Naputi failed to demonstrate that her interests could not be adequately represented by Petitioner Santos and her counsel. (Order, Docket No. 69, at 9.) To allow Ms. Naputi's counsel to now participate in the voluntary mediation would contravene the District Judge's denial of the motion to intervene.

Additionally, denying the Motion and Application would not result in substantial injury to the Movants. As the District Judge noted in his Order denying the motions to intervene, the Movants still have other options available to them. If they disagree with a resolution reached by the parties in the proposed mediation, they can still protect their interests by raising objections at a scheduled fairness hearing or by opting out of any potential settlement. The Movants and their counsel are obviously aware of their ability to protect their interests if they believe them to be impaired as they have filed a separate suit (Civil Case No. 04-00049) which, in their own words, "embrac[es] many of the same issues" as those raised in this case. Furthermore, the Movants also have the ability to enter into voluntary mediation in their separate case as well.

Finally, the proposed mediation was voluntarily entered into by the parties, as opposed to being mandated by the Court. Since the Governor and Petitioner Santos object to the participation of the Movants' counsel, see T. Fisher Decl., Docket No. 193, at ¶5, the Court believes the process would no longer be "voluntary" in nature if it ordered the parties to permit a non-party to participate in the mediation. Such participation, if forced upon the parties, may

possibly forestall an amicable resolution of this matter. Because the parties themselves agreed to the mediation, without prompting by the Court, it is they who should more appropriately determine whom to include in the mediation. Moreover, the parties may have agreed upon a cost-sharing scheme for the mediation process. Ordering that the Movants be allowed to participate in the mediation would shield them from incurring any cost resulting from the mediation process. The Court simply can not allow this to happen.

For the reasons set forth above, the Court hereby DENIES the Motion and Application in their entirety.

SO ORDERED this 30th day of March 2005.

JOAQUIN V.E. MANIBUSAN, JR.
U.S. Magistrate Judge

Notice is hereby given that this document was entered on the docket on 3/30/05. No separate notice of entry on the docket will be issued by this Court.
Mary L. M. Moran
Clerk, District Court of Guam
By: _____ 3/30/05
Deputy Clerk   Date