FILED
DISTRICT COURT OF GUAM
JUN 2 0 2005 9P
MARY L.M. MORAN
CLERK OF COURT

Attorneys for Petitioners

# DISTRICT COURT OF GUAM
# TERRITORY OF GUAM

JULIE BABAUTA SANTOS, et al.,

Petitioners,

vs.

FELIX A. CAMACHO, etc., et al.,

Respondents.

CIVIL CASE NO. 04-00006

**AMENDED CLASS ACTION PETITION FOR THE RECOVERY OF EARNED INCOME TAX REFUNDS OR IN THE ALTERNATIVE FOR A WRIT IN THE NATURE OF MANDAMUS**

The Petitioner, individually and on behalf of all those similarly situated (hereinafter "EIC Class"), through her attorneys of record Phillips and Bordallo, P.C., by Michael F. Phillips, petitions this Court for the recovery of income tax refunds, or, in the alternative, for a writ in the nature of mandamus directed to Respondents, in their official capacities, and by this verified Amended Petition alleges:

## JURISDICTION

1.      This Court has exclusive original jurisdiction pursuant to 48 U.S.C. §§1421i(h) and 1424(b), and 28 U.S.C. §1361. Section 1421i(h) provides this Court with exclusive, original jurisdiction over all judicial proceedings in Guam with respect to the Guam Territorial Income Tax. Section 1424(b) provides this Court with the jurisdiction of a district court of the United States. Section 1361 provides this Court with original jurisdiction of any action in the nature of mandamus to compel the performance of duty owed to the plaintiff.

## PARTIES

2.      Petitioner is a United States citizen, a Guam resident, and a taxpayer. Petitioner is over the age of 18 years, and was and is legally qualified to apply for and receive refundable earned income tax credits (the "EIC") which Petitioner is seeking to have implemented and applied to Guam taxpayers.

3.      Respondent Felix P. Camacho, Governor of Guam (hereinafter "Respondent Camacho"), is the Governor of Guam, such office established within the Government of Guam by virtue of the 1950 Organic Act of Guam (the "Organic Act"), 48 U.S.C. §1421, et seq., and responsible for the administration and enforcement of the Guam Territorial Income Tax ("GTIT"). 48 U.S.C. §1421i.

4.      Respondent Art Ilagan, Director of the Department of Revenue and Taxation (hereinafter "Respondent Illagan"), is responsible under the Governor with the administration and enforcement of the GTIT, as provided by 11 G.C.A. §§1104 and 1107.

2

5. Respondent Lourdes M. Perez, Director of the Department of Administration (hereinafter "Respondent Perez"), is responsible to set aside all money reserved for income tax refunds, earned income tax credits and child tax credits from income tax receipts, as required by the Income Tax Refund Reserve Fund Law. 11 G.C.A. §50104.

6. Respondent Government of Guam, created through the Organic Act, is made up of three (3) co-equal branches of government consisting of the Executive, Legislative, and Judicial branches, and only has those powers granted to it through the Organic Act.

### THE CLASS

7. Petitioner brings this petition on Petitioner's own behalf and on behalf of all persons similarly situated. The EIC Class Petitioner represents consists of the following persons:

> All persons who do not elect to request exclusion from the class and: (1) were subject to the Guam Territorial Income Tax established in 48 U.S.C. § 1421i for tax years 1995-1996 and/or 1999-2004 and would have been eligible to file (whether or not they actually filed) for the EIC established in 26 U.S.C. § 32 (as it applied in each respective tax year) if that program were applied in the Territory of Guam; and/or (2) were eligible to receive an EIC credit under certain Guam territorial laws for tax years 1995-1996 and/or 1999-2004 that mirrored the federal EIC law (26 U.S.C. § 32), including the Guam Earned Income Program (Chapter 42 of 11 G.C.A.); and/or (3) actually filed a claim for the EIC with DRT for tax year 1998 under the GTIT or Guam Earned Income Program (Chapter 42 of 11 G.C.A.) on or before April 15, 2002.

8. The EIC Class, described above and composed of more than 10,000 taxpayers entitled to and qualified to apply for and receive EIC, is so numerous that joinder of all members is impracticable;

9. There are questions of law or fact common to the EIC Class. Each EIC Class member was denied the full implementation of the earned income tax credit program as applied to Guam, including the Government's prohibition or prevention of EIC Class members to file claims for earned income tax credit refunds, and/or the Government's denial or failure to pay earned income tax credit refunds to otherwise qualified EIC Class members. The questions are such that proof of a state of facts common to the members of the class will entitle each member of the class to the relief requested in this Amended Petition.

10. The claims of Petitioner are typical of the claims of the EIC Class. The Petitioner was denied the full implementation of the earned income tax credit program as applied to Guam, including the Government's prohibition or prevention of Petitioner to file claims for earned income tax credit refunds, and/or the Government's denial or failure to pay earned income tax credit refunds to the otherwise qualified Petitioner.

11. The Petitioner will fairly and adequately protect the interests of the EIC Class.

12. In consideration of (a) the minimal interest of members of the EIC Class in individually controlling the prosecution of separate actions, (ii) the extent and nature of the litigation concerning the controversy already commenced by members of the EIC Class, (iii) the desirability of concentrating the litigation of the claims in this Court, and (iv) the difficulties unlikely to be encountered in the management of this class action, the

4

questions of law or fact common to the members of the EIC Class predominate over any questions affecting only individual members, and this class action is superior to other available methods for the fair and efficient adjudication of the controversy.

13. Petitioner and members of the EIC Class have a clear right to the relief sought, Respondents have plainly defined, peremptory and non-discretionary duties to implement the provisions of the GTIT related to earned income tax credits, and no other adequate remedy is available. Petitioner has exhausted her administrative remedies and/or Respondents are estopped from alleging non-exhaustion. Petitioner and the members of the class Petitioner represents have no plain, speedy, or adequate remedy at law against Respondents other than by maintenance of this class action, because Petitioner is informed and believes, and on the basis of that information and belief alleges, that the Respondents have refused to implement federal and local laws requiring implementation of the earned income tax credit program, including the allowance and acceptance of claims for earned income tax credit refunds, and the payment of earned income tax credit refunds; and that the damage to each member of the class is relatively small, and that it would be economically infeasible to seek the enforcement of laws requiring the implementation of the earned income tax credit program, including the allowance and acceptance of claims for earned income tax credit refunds, and the payment of earned income tax credit refunds, other than by a class action.

## PETITIONER'S CLAIMS

14. Congress organized Guam as an unincorporated possession of the United States through the Organic Act of Guam, 48 U.S.C. §1421 et. seq. Congress also provided an income tax scheme for Guam in 48 U.S.C. §1421i ("Income Tax Section").

15. Guam residents do not pay any income tax to the U.S. federal government; instead, they pay a territorial income tax to the government of Guam. Rather than writing an entirely new tax code for Guam, Congress applied certain provisions of the Internal Revenue Code, 26 U.S.C. §1 et. seq. ("IRC."), to Guam as the Guam Territorial Income Tax, including Subtitle A, which contains the EIC. 26 U.S.C. §32.

16. In passing the Income Tax Section, Congress intended to provide uniform treatment for United States and Guam taxpayers. Only those provisions of the IRC that are manifestly inapplicable or incompatible with the intent of the Income Tax Section do not apply to Guam taxpayers. The EIC is not manifestly inapplicable or incompatible with the intent of the Income Tax Section.

17. The EIC was enacted in part to provide special tax benefits to low-income workers by reducing tax burdens and making employment more attractive than welfare.

18. Under the mirror code, Guam taxpayers have been eligible for the EIC since its effective date in 1975, and remain eligible unless Guam de-links from the IRC and enacts its own tax code. Guam has not de-linked from the IRC nor has it enacted its own tax code.

19. On February 28, 1996, Public Law 23-74, sponsored by then-Senator Felix P. Camacho, specifically made the EIC applicable to Guam. Although the provisions of Public Law 23-74 were later repealed, the Guam Legislature, through Public Law 24-

6

61:4, as amended by Public Law 25-03:IV;22, enacted the Earned Income Program (the "Earned Income Program") to mandate the fulfillment of the Government of Guam's obligations under the Income Tax Section. 11 G.C.A. §42101, et. seq.

20. Section 42103 of Title 11 G.C.A. requires the Earned Income Program be instituted using the same income levels as are used in the EIC law to compute a subsidy which will be paid to residents of Guam who file Income Tax Returns to the Department of Revenue and Taxation.

21. Section 50103 of Title 11 G.C.A. requires Respondent Illagan, in consultation with Respondent Perez and the Director of the Bureau of Budget and Management Research, to establish a formula for reserving income tax receipts to pay income tax refunds, earned income tax credits and child tax credits.

22. Section 50104 of Title 11 G.C.A. requires Respondent Perez to set aside all money reserved for income tax refunds, earned income tax credits and child tax credits from income tax receipts.

23. The Guam Supreme Court recently held that the substantive provisions of the IRC enlisted in the Organic Act, including the EIC, must be applied in mirrored fashion to Guam, and the Governor is required to enforce and administer the EIC. See In re Request of I Mina Bente Singko Na Liheslaturan Guahan Relative to the Application of the Earned Income Tax Credit Program to Guam Taxpayers, 2001 Guam 3 (2001).

24. Respondents have refused to allow or accept claims for EIC from Guam taxpayers, and/or have denied and failed to pay EIC to otherwise qualified Guam

7

taxpayers, and have publicly continued to allege that the EIC is inapplicable to Guam taxpayers.

25. Respondents have continued to deny Guam taxpayers the benefits of federal and local law relevant to earned income tax credit refunds, including Earned Income Program.

26. Petitioner seeks relief in the form of damages for all unpaid refundable earned income tax credits for the years 1995, 1996, 1998, 1999, 2000, 2001, 2002, 2003, and 2004, in the approximate amount of One Hundred Thirty-Five Million Dollars ($135,000,000.00).

27. In the alternative, Petitioner seeks a writ in the nature of mandamus compelling Respondents to implement the EIC as required by the Organic Act and Guam law, including the to allowance and acceptance of EIC claims from Guam taxpayers, and furthermore, that Respondents pay to Petitioner and the class all unpaid refundable earned income tax credits for the years 1995, 1996, 1998, 1999, 2000, 2001, 2002, 2003, and 2004 in the approximate amount of One Hundred Thirty-Five Million Dollars ($135,000,000.00). Petitioner has a clear right to the relief sought, Respondents have plainly defined, peremptory and non-discretionary duties to implement the EIC, including the allowance and acceptance of EIC claims, and to pay unpaid refundable income tax credits, and no other adequate remedy is available.

28. Petitioner has incurred, and will continue to incur, expenses for costs and attorneys' fees necessary for the investigation, formulation, and prosecution of this action. Those attorney fees and other expenditures will result in a benefit to all members of the class.

WHEREFORE, Petitioner prays for judgment against Respondents as follows:

1. Damages in the approximate amount of One Hundred Thirty-Five Dollars ($135,000,000.00), for the payment of refundable earned income tax credits for the years 1995, 1996, and 1998 through 2004, or some other amount to be shown at trial.

2. In the alternative, a writ in the nature of mandamus compelling Respondents to implement the EIC, including the allowance and acceptance of EIC claims, and pay Petitioner and the class all unpaid refundable earned income tax credits for the years 1995, 1996, and 1998 through 2004, in the approximate amount of One Hundred Thirty-Five Million Dollars ($135,000,000.00), or some other amount to be shown at trial.

3. Petitioner recover costs and attorneys' fees in the amount of ten percent (10%) of the total amount recovered by the class.

4. Payment of Petitioner's costs and attorneys' fees from the amount recovered for the common benefit of the class; and

5. The Court grant such other relief as at law or in equity may be granted, whether or not prayed for herein.

Respectfully submitted this 20th day of June, 2005.

PHILLIPS & BORDALLO, P.C.
Attorneys for Petitioner

BY: _____
MICHAEL F. PHILLIPS

# VERIFICATION

GUAM, U.S.A.      )
                  ) ss.
CITY OF HAGÄTÑA)

The undersigned, being first duly sworn, deposes and says that she is a party to the above-entitled matter; the foregoing document is true of her own knowledge, except as to matters which are therein stated on her information or belief and as to those matters she believes them to be true.

_____
JULIE BABAUTA SANTOS

SUBSCRIBED AND SWORN to before me this 20th day of June, 2005.



_____
NOTARY PUBLIC

ARLENE B. MENDIOLA
NOTARY PUBLIC
In and for Guam, U.S.A.
My Commission Expires: May 31, 2009
P. O. Box 2950 Hagatna, Guam 96932
(671) 475-9417