



Attorneys for Petitioners

### DISTRICT COURT OF GUAM
### TERRITORY OF GUAM

| | |
|---|---|
| JULIE BABAUTA SANTOS, et al., | |
| Petitioners, | CIVIL CASE NO. 04-00006 |
| vs. | PETITIONER'S MOTION FOR CONDITIONAL CERTIFICATION OF THE EIC CLASS FOR SETTLEMENT PURPOSES. |
| FELIX A. CAMACHO, etc., et al., | |
| Respondents. | |

The Petitioner, individually and on behalf of all those similarly situated (hereinafter "EIC Class"), through her attorneys of record Phillips and Bordallo, P.C., by Michael F. Phillips, hereby submits this Motion for Conditional Certification of the EIC Class for Settlement Purposes, pending Orders for Final Approval of the proposed Settlement Agreement and for Certification of the Class. This motion is supported by the Points and Authorities below, and is filed concurrently with a joint motion by the parties for preliminary approval of a proposed Settlement Agreement; a motion by

*ORIGINAL*

Interim Counsel for the EIC Class for the appointment of class counsel; and a motion by Petitioner for leave to file an amended Petition.

## MEMORANDUM OF POINTS AND AUTHORITIES

This Action was filed on February 14, 2004 on behalf of a class of taxpayers seeking the implementation of the earned income tax credit program and the payment of earned income tax credit refunds for Guam taxpayers. On June 14, 2004, the parties reached a settlement agreement which was preliminarily approved by this Court on June 17, 2004.

The parties subsequently disagreed as to the legality of the June 14, 2004 agreement, and entered into Mediation to resolve their conflicts. The parties have since entered into a new Settlement Agreement. Concurrently with this motion seeking conditional certification of the EIC Class, the parties have filed a joint motion seeking preliminary approval of the proposed Settlement Agreement.

As provided in the amended petition and proposed Settlement Agreement filed with this Court, the proposed "EIC Class" is defined as follows:

> all persons who do not elect to request exclusion from the class under the procedures described [in the Settlement Agreement] and: (1) were subject to the Guam Territorial Income Tax ("GTIT") established in 48 U.S.C. § 1421i for tax years 1995-1996 and/or 1999-2004 and would have been eligible to file (whether or not they actually filed) for the EIC established in 26 U.S.C. § 32 (as it applied in each respective tax year) if that program were applied in the Territory of Guam; and/or (2) were eligible to receive an EIC credit under certain Guam territorial laws for tax years 1995-1996 and/or 1999-2004 that mirrored the federal EIC law (26 U.S.C. § 32), including the Guam Earned Income Program (Chapter 42 of 11 G.C.A.); and/or (3) actually filed a claim for the EIC with DRT for tax year 1998 under the GTIT or Guam Earned Income Program (Chapter 42 of 11 G.C.A.) on or before April 15, 2002.

This action should proceed as a class action pursuant to Federal Rules of Civil Procedure (FRCP) Rule 23(b)(3) consisting of members of the EIC Class for the following reasons:

(1) The EIC Class, described above and is alleged to be composed of more than 10,000 taxpayers entitled to and qualified to receive EIC, is so numerous that joinder of all members is impracticable;

(2) There are questions of law or fact common to the EIC Class. Each EIC Class member was denied the full implementation of the earned income tax credit program as applied to Guam, including the Government's prohibition or prevention of EIC Class members to file claims for earned income tax credit refunds, and/or the Government's denial or failure to pay earned income tax credit refunds to otherwise qualified Guam taxpayers.

(3) The claims of the representative party are typical of the claims of the EIC Class. The representative party was denied the full implementation of the earned income tax credit program as applied to Guam, including the Government's prohibition or prevention of the representative party to file claims for earned income tax credit refunds, and/or the Government's denial or failure to pay earned income tax credit refunds to the otherwise qualified representative party.

(4) The representative party will fairly and adequately protect the interests of the EIC Class.

(5) In consideration of (a) the minimal interest of members of the EIC Class in individually controlling the prosecution of separate actions, (ii) the extent and nature of the litigation concerning the controversy already commenced by members of the EIC

Class, (iii) the desirability of concentrating the litigation of the claims in this Court, and (iv) the difficulties unlikely to be encountered in the management of this class action, the questions of law or fact common to the members of the EIC Class predominate over any questions affecting only individual members, and this class action is superior to other available methods for the fair and efficient adjudication of the controversy.

Pursuant to the proposed Settlement Agreement, the parties have agreed the Petitioner will file a motion for final certification of the class at least 28 days prior the Fairness Hearing to be scheduled by this Court. This motion will be accompanied by a joint motion of the parties for final approval of the proposed Settlement Agreement.

The parties have also, as part of their joint motion for preliminary approval of the proposed Settlement Agreement, requested the Court to approve and order the required class notice pursuant to FRCP Rule 23.

Based on the foregoing, Petitioner respectfully requests this Court to conditionally certify the EIC Class for settlement purposes.

Respectfully submitted this 20th day of June, 2005.

**PHILLIPS & BORDALLO, P.C.**
Attorneys for Petitioner

By: _____
Michael F. Phillips