[Appearing Counsel on next page]

FILED
DISTRICT COURT OF GUAM
JUN 20 2005
MARY L.M. MORAN
CLERK OF COURT
203

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF GUAM

| | |
|---|---|
| JULIE BABAUTA SANTOS, et. al., <br><br> Petitioners, <br><br> -v- <br><br> FELIX P. CAMACHO, etc., et. al. <br><br> Respondents. | CIVIL CASE NO. 04-00006 <br><br> **JOINT MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT; MEMORANDUM OF POINT AND AUTHORITIES IN SUPPORT THEREOF** <br><br> [ORAL ARGUMENT REQUESTED] |

{G0003152.DOC;1}
*Civil Case No. 04-00006*

**ORIGINAL**

SHANNON TAITANO, ESQ.
**OFFICE OF THE GOVERNOR OF GUAM**
Ricardo J. Bordallo Governor's Complex
Adelup, Guam 96910
Telephone: (671) 472-8931
Facsimile: (671) 477-4826

**EDUARDO A. CALVO, ESQ.**
**RODNEY J. JACOB, ESQ.**
**DANIEL M. BENJAMIN, ESQ.**
**CALVO & CLARK, LLP**
Attorneys at Law
655 South Marine Drive, Suite 202
Tamuning, Guam 96913
Telephone: (671) 646-9355
Facsimile: (671) 646-9403
Attorneys for *Felix P. Camacho, Governor of Guam*

**RAWLEN M.T. MANTANONA**
**MANTANONA LAW OFFICE**
414 W. Soledad Avenue
GCIC Bldg. Suite 601B
Hagåtña, Guam 96910
Telephone: (671) 472-3666
Facsimile: (671) 472-3668
Attorneys for Respondents *Lourdes M. Perez and Artemio R. Ilagen*

**MICHAEL F. PHILLIPS**
**PHILLIPS & BORDALLO, P.C.**
410 West O'Brien Drive
Hagåtña, Guam 96910
Telephone: (671) 477-2223
Facsimile: (671) 477-2329
Interim Class Counsel and Attorneys for Petitioner *Julie Babauta Santos*

{G0003152.DOC;1}
*Civil Case No. 04-00006*

## MOTION

In this Joint Motion, the moving parties (the "Moving Parties"), which are Petitioner Julie B. Santos ("Petitioner"), Interim Class Counsel Mike Phillips, Esq. ("Interim Class Counsel"), Governor of Guam Felix P. Camacho (the "Governor"), and the Director of Revenue & Taxation Artemio B. Ilagan and the Director of Administration Lourdes M. Perez (the "Directors"), jointly move this Court for an order that: (1) Grants preliminary approval to a settlement agreement they executed on June 20, 2005; (2) Sets all necessary Court dates under the Settlement Agreement; and (3) Approves and orders the issuance of the class notice.

This Joint Motion is based upon the accompanying memorandum of points and authorities, the Declaration of Rodney J. Jacob, the files and records in this action, and such other evidence and arguments as may be presented at or before the hearing on this motion.

The Moving Parties request oral argument. Pursuant to Rule 7.1(e)(2), the Moving Parties will work with the Attorney General to agree upon oral argument dates with respect to this and certain other motions that will be at issue before the Court. The required Rule 7.1(e)(2) statement will be filed promptly once the parties are able to reach a scheduling agreement. The Moving Parties will provide notice of the hearing date once the Court provides a date. Respectfully submitted this 20th day of June, 2005.

| | |
|---|---|
| OFFICE OF THE GOVERNOR OF GUAM<br>CALVO & CLARK, LLP<br>Attorneys for Respondent Felix P. Camacho,<br>Governor of Guam<br><br>By: _____<br>RODNEY J. JACOB | PHILLIPS & BORDALLO, P.C.<br>Interim Class Counsel and Attorneys for Petitioner<br>Julie Babauta Santos<br><br>By: _____<br>MICHAEL F. PHILLIPS |
| MANTANONA LAW OFFICE<br>Attorneys for Respondents Lourdes M. Perez and<br>Artemio R. Ilagen<br><br>By: _____<br>RAWLEN M.T. MANTANONA | |

{G0003152.DOC;1}  1
*Civil Case No. 04-00006*

# MEMORANDUM OF POINTS AND AUTHORITIES

The Moving Parties are requesting that the Court issue an order that:

- Grants preliminary approval to a settlement agreement they executed on June 20, 2005 (the "Settlement Agreement");

- Holds that the Governor has bound the Government of Guam to the Settlement Agreement pursuant to 48 U.S.C. §§ 1421i(c), 1421i(d)(2) and the Court's Orders of February 9, 2005 and March 2, 2005, notwithstanding the Attorney General's failure to execute that Settlement Agreement;

- Sets all necessary Court dates under the Settlement Agreement; and

- Approves and orders the issuance of the class notice.

## I. BACKGROUND

The Court already is familiar with the lengthy history of this action regarding the earned income tax credit ("EIC"), which is the first of three cases to be filed in this Court seeking class-wide relief regarding the Government of Guam's alleged non-payment of that tax credit. Pursuant to a previous stipulation and Order, from March 31 to April 2, 2005 the parties to this litigation engaged in face-to-face negotiations with the assistance of JAMS Mediator Catherine Yanni, Esq. At the conclusion of these negotiations, the parties agreed to continue their negotiations with the assistance of the Mediator. The negotiations were subsequently extended through two subsequent stipulations and orders. As a result of these negotiations, Petitioner, Interim Class Counsel, the Governor, and the Directors agreed to and executed a confidential term sheet. *See* Decl. of Rodney J. Jacob Exh. 1.

Case 1:04-cv-00006   Document 212   Filed 06/20/2005   Page 4 of 8

On June 20, 2005, Respondents Governor and the Directors executed a settlement agreement with Petitioner and Interim Class Counsel. *See* Decl. of Rodney J. Jacob Exh. 2. The Attorney General of Guam has declined to execute this Settlement Agreement.

## II.   ARGUMENT

### A.   Preliminary Approval

In seeking preliminary approval of the Settlement Agreement so as to be able to proceed with class notice, the Moving Parties believe that the terms of the Settlement Agreement largely speak for themselves. Further, they are aware that the Court cannot enter any final findings regarding the fairness of the Settlement Agreement until after there is notice and a fairness hearing occurs. *See* FRCP 23(e)(1)(C). Nonetheless, the parties wish to highlight several terms of the Agreement:

- The Agreement will provide for $90 million to be paid to the class by devoting at least 15% of any amount placed into the Government of Guam's tax refund reserve funds, which are the funds used to pay general tax refunds (*see* Settlement Agreement § V(a));

- The Agreement provides for full implementation of the EIC beginning with tax year 2005 for all qualifying taxpayers (*see* Settlement Agreement § IV(d));

- The Agreement covers tax years 1995-1996, and 1998-2004 (*see* Settlement Agreement § I(b));

- Despite creating a class action, the Agreement avoids imposing an undue burden on the Court or the Government by utilizing the existing structures to process tax claims (*see* Settlement Agreement § VI(a));

- The Agreement uses the EIC claim forms created pursuant to Executive Order 2005-001 and otherwise tracks Executive Order 2005-001 in terms of claims

procedures (*see* Settlement Agreement § VI(b))—the same forms and procedures that recently were upheld by the District Court of Guam in the Order dated June 16, 2005 in the case of *Simpao, et al. vs. Govt. of Guam*, Dist. of Guam Case No. CV04-00049;

- By providing a funding mechanisms for each expenditure under the Settlement Agreement, the Agreement addresses the Governor's and the Directors' concerns regarding the Illegal Expenditure Act (5 G.C.A. § 22401) that had caused them to oppose the previous settlement agreement of June 14, 2004 (*see* Settlement Agreement § V); and

- The Agreement leaves the Respondents free to pursue federal reimbursement of the EIC, while providing the class with a final resolution and payment of their claims now (*see* Settlement Agreement § X(e)).

For all of these reasons (and others), the Governor, the Directors, Petitioner, and Interim Class Counsel believe this Agreement represents a fair and reasonable resolution of this matter.

### B. The Government of Guam's Position

The Moving Parties have been unable to secure the execution of the Settlement Agreement by the Attorney General (who remains counsel of record for the Government of Guam) despite repeated efforts to do so. However, the Moving Parties do not believe such agreement is necessary. Guam law provides that the client, not the attorney, controls the decision to settle pending litigation. Guam R. Prof. Cond. 1.2(a) ("A lawyer shall abide by a client's decision whether to settle a matter.") Here, pursuant to the Organic Act of Guam, the Governor has the right to decide whether the Government will settle this matter.

The Organic Act provides that "[t]he administration and enforcement of the Guam Territorial Income Tax shall be performed by or under the supervision of the Governor," and that

the Governor of Guam or his delegate has "the same administrative and enforcement powers and remedies with regard to the Guam Territorial Income Tax as the Secretary of the Treasury, and other United States officials of the executive branch, have with respect to the United States income tax." 48 U.S.C. §§ 1421i(c), 1421i(d)(2). Thus, in Orders issued on February 9, 2005 and March 2, 2005, this Court has previously ruled that the Governor controls matters affecting the Guam Territorial Income Tax where there is a disagreement between the Governor and Attorney General.

Consequently, the Moving Parties respectfully contend that the Governor's execution of the Settlement Agreement makes it binding upon the Government of Guam. *See* 48 U.S.C. §§ 1421i(c), 1421i(d)(2). So as to remove any ambiguity, they ask that the Court rule that the Government of Guam is bound by the Settlement Agreement.

### C. Setting of Dates & Issuance of Class Notice

Because it is a class action settlement, the execution of the Settlement Agreement will require that the Court establish a number of Court dates. These are as follows:

- The date by which the "Class Notice Period" defined in Section III(d) of the Settlement Agreement will be completed.

- The "Opt-Out Date" under Section II(b)(i) of the Settlement Agreement.

- The date by which any motions for intervention are to be filed and served under Section II(c)(i) of the Settlement Agreement.

- The date by which the parties to the Settlement Agreement shall file a joint motion for an Order of Approval and Final Judgment, and a proposed form of judgment, under Section II(c)(ii) of the Settlement Agreement.

- The date by which Petitioner and Interim Class Counsel shall file a motion for final certification of the class under Section II(c)(iii) of the Settlement Agreement.

{G0003152.DOC;1}
*Civil Case No. 04-00006*

4

- The date by which any objection or comment on the Settlement Agreement must be filed and served, and the date by which any responses shall be filed, under Section III(c)(vi) of the Settlement Agreement.

- The dates for any additional filings, oppositions, or replies regarding attorneys' fees under Section II(c)(iv)-(vi) of the Settlement Agreement.

- The date for the "Fairness Hearing" as that term is defined in Section II(c)(i) of the Settlement Agreement.

Once these dates are set, the Moving Parties will amend the draft form of class notice, which is Exhibit D to the Settlement Agreement. Along with inserting the dates into the class notice, the Parties also will insert a brief description of Interim Class Counsel's motion for attorneys' fees and costs, should one be filed. They will then submit the draft notice for the Court's approval so that the Court can authorize and order the publication and mailing of this notice pursuant to Section III of the Settlement Agreement.

Respectfully submitted this 20th day of June, 2005.

| | |
|---|---|
| OFFICE OF THE GOVERNOR OF GUAM<br>CALVO & CLARK, LLP<br>Attorneys for Respondent Felix P. Camacho,<br>Governor of Guam<br><br>By: _____<br>RODNEY J. JACOB | PHILLIPS & BORDALLO, P.C.<br>Interim Class Counsel & Attorneys for<br>Petitioner Julie Babauta Santos<br><br>By: _____<br>MICHAEL F. PHILLIPS |

MANTANONA LAW OFFICE
Attorneys for Respondents Lourdes M. Perez and Artemio R. Ilagen

By: _____
RAWLEN M.T. MANTANONA