

Office of the Attorney General
**Douglas B. Moylan**
Attorney General of Guam
Robert M. Weinberg
Assistant Attorneys General
Guam Judicial Center, Suite 2-200E
287 West O'Brien Drive
Hagåtña, Guam 96910 ● USA
(671) 475-3324 ● (671) 472-2493 (Fax)

**Attorneys for Respondents**



**FILED**
DISTRICT COURT OF GUAM
JUL - 6 2005

MARY L.M. MORAN
CLERK OF COURT

211

# IN THE DISTRICT COURT OF GUAM
# HAGÅTÑA, GUAM

| | |
|---|---|
| JULIE BABAUTA SANTOS, individually and on behalf of all those similarly situated, | Civil Case No. 04-00006 |
| Petitioner, | **CLARIFICATION OF ATTORNEY GENERAL'S MARCH 11, 2005 MOTION TO AMEND MARCH 2, 2005 ORDER DENYING RECONSIDERATION OF FEBRUARY 9, 2005 ORDER TO CERTIFY INTERLOCUTORY APPEAL TO THE COURT OF APPEALS FOR THE NINTH CIRCUIT** |
| vs. | |
| FELIX P. CAMACHO, Governor of Guam; ART ILAGAN, Director of Department of Revenue and Taxation; LOURDES M. PEREZ, Director of Department of Administration; DOUGLAS B. MOYLAN, Attorney General of Guam; and GOVERNMENT OF GUAM, | |
| Respondents. | |

The Court has requested the Office of Attorney General to clarify it's March 11, 2005 filing

which asks the Court to amend its order of March 2, 2005 to certify for interlocutory appeal to the

1  Ninth Circuit U.S. Court of Appeals questions presented by the Court's February 9, 2005 and

2  March 2, 2005 Orders.[1] However, a procedural problem has arisen in this case.

3      In the February 9, 2005 Order, this Court wrote as follows:

> Finally, the Court notes that the consent to full disposition
> by the below-signed [Magistrate] judge was signed only by
> Attorney Phillips and the Attorney General. (See Docket No. 13.)
> This consent form was executed and filed during the time period
> when the Governor was off-island and the Settlement Agreement
> was being negotiated. The Governor has asserted that he was not
> involved in the negotiations and has not been fully informed of the
> negotiation process. Thus, the Court finds that there has been no
> consent by the Governor to proceed before the Magistrate Judge.
> *The motion for adoption of the administrative plan will therefore
> proceed on February 28, 2005, before the visiting District Judge.*

11  (Emphasis added.) The docket entry for February 9, 2005 [NR. 149-1], states the same: That

12  because the Governor had not consented to proceed before the Magistrate Judge, the "motion for

13  adoption of the administrative plan will therefore proceed on 2/28/05, before the visiting District

14  Judge." It is unclear from the face of the February 9, 2005 Order that any other aspect of this case

15  other than the motion for adoption of the administrative plan was to proceed before the District

16  Judge. Nor did the March 2, 2005 Order denying the Attorney General's Motion for

17  Reconsideration state that all pending matters were henceforth to decided by the District Judge, nor

18  did either order advise the parties that all matters subsequent to the February 9, 2005 Order should

19  be considered to be governed by the rules and General Order No. 04-00016 pertaining to the

20  authority of the Magistrate Judge to perform judicial functions.

---

[1] *See* 28 U.S.C. § 636(c)(3). Had the case proceeded by consent of the parties, a direct appeal would lie to the Ninth Circuit U.S. Court of Appeals. That is why the Attorney General sought in the first instance to ask the Magistrate Judge to amend its March 2, 2005 order in order to certify the issues presented for interlocutory appeal by permission.

SANTOS v FELIX P. CAMACHO, et. al.
District Court of Guam Civil Case No. 04-00036

On February 17, 2005, the Attorney General filed a "Motion to Reconsider Court's Order of February 9, 2005." That motion was denied by Order of the Court dated March 2, 2005. On March 11, 2005, the Attorney General moved the Court to amend that Order.

It is respectfully submitted that the issue of who is properly authorized under the Organic Act to represent the defendants in this action is a "case-dispositive" matter. This is so because the question of who is properly authorized to represent the Government of Guam and the named defendants goes to the very heart of the issue of who is properly before the Court. General Order No. 04-00016 expressly provides that the Magistrate Judge is authorized to [h]ear and determine any pretrial motions, including discovery motions, *other than case-dispositive* motions." General Order No. 04-00016 also provides for the referral of specific motions to the Magistrate Judge who shall "submit proposed findings of fact and recommendations for disposition by the District Judge." Thus, it may very well have been that upon the appearance of independent counsel on behalf of the Governor, the Department of Administration, and Department of Revenue and Taxation, the questions that were decided by the Magistrate Judge in its February 9, 2005 Order should either have been heard in the first instance by the District Judge, or by Order of Referral to the Magistrate Judge for findings and recommendation. Nevertheless, the issues were tried by consent before the Magistrate Judge.

Since the entry of the February 9, 2005 Order, the Docket Sheet reflects two express orders of referral of any pending matters from the District Judge to the Magistrate Judge as is provided by General Order No. 04-00016. By Order dated February 21, 2005 [NR. 150], the District Judge referred Petitioner's Motion for Orders Approving Administration Plan, and by Order February 22, 2005 [NR 158], the District Judge referred the Governor's Motion to Vacate the Stipulated Order of

SANTOS v FELIX P. CAMACHO, et. al.
District Court of Guam Civil Case No. 04-00036

1   June 17, 2004 Preliminarily Approving Settlement to the Magistrate Judge for findings and

2   recommendation.

3          On March 10, 2005, District Judge Ronald S.W. Lew signed a "Request and Order" which

4   was filed with the Court on March 11, 2005 [NR. 182]. The Request and Order was submitted by all

5   counsel and reads:

            The parties respectfully requests [sic] that all present and
7       future motions in this case be referred hereinafter for initial
        disposition to the United States Magistrate Judge of the District
8       Court of Guam, subject to the review of a District Court Judge as
        provided by law. Most motions thus far have been referred to the
9       Magistrate on a piecemeal basis at least one of the two similar tax
        refund cases brought by individuals who initially attempted to
10      intervene in this case also have been referred to the Magistrate in
        some part. As a result, the Magistrate is abundantly familiar with all
11      of the facts, local tax laws, and issues herein. However this request
        is not intended to constitute consent by all parties to a magistrate as
12      provided in 28 U.S.C. § 636(c) and/or Fed.R.Civ.P. 73.[1]
13          ──────────
            [1]Petitioner and the Attorney General have previously
        consented to the Magistrate; however, the Court found in its
14      February 9, 2005 Order that "there has been no consent by the
        Governor to proceed before the Magistrate Judge." (Order at 10.)
15

16         Presumably, therefore, the Court's March 2, 2005 Order denying reconsideration should

17  have been styled as a proposed order, or finding and recommendation of the Magistrate Judge. *See*

18  28 U.S.C. § 636(b)(1) (C) ("the magistrate shall file his proposed findings and recommendations

19  under subparagraph (B) with the court and a copy shall forthwith be mailed to all parties"). Except

20  that as of March 2, 2005, all parties were proceeding as though they had consented to the Magistrate

21  Judge continuing to exercise full jurisdiction of all matters. And, of course, to add to the confusion,

22  if that is the case, the Attorney General's February 17, 2005 "Motion to Reconsider Court's Order

23  of February 9, 2005" should have been construed *post hoc* as an objection to the "findings and

24  recommendations" of the Magistrate Judge dated February 9, 2005.

25

SANTOS v FELIX P. CAMACHO, et. al.
District Court of Guam Civil Case No. 04-00036

1    Nevertheless, whether by mistake, inadvertence or excusable neglect, and even in the face of

2   the Court's recognition in its February 9, 2005 Order that the Governor had not consented, it

3   appears that all parties, and perhaps the Court, had continued to treat the issues presented by the

4   Court's February 9, 2005 Order and March 2, 2005 Order denying reconsideration as matters

5   properly consented to be presented to the Magistrate Judge for decision. Indeed, it can easily be

6   inferred by the conduct of the parties that the issues presented relating to who is properly authorized

7   to represent the Government of Guam and the named defendants were originally tried before the

8   Magistrate Judge by implied consent, and without objection from the Governor or the Department

9   of Revenue and Taxation and Department of Administration. Stated another way, although the

10   Governor was entitled to appear and object to the exercise of jurisdiction by the Magistrate Judge, it

11   appears the confusion was caused by the parties impliedly continuing to proceed by consent before

12   the Magistrate Judge, in particular with respect to the issues presented by the February 9, 2005 and

13   March 2, 2005 Orders. *Cf. Roell v. Withrow*, 538 U.S. 580 (2003) (consent to proceedings before

14   Magistrate Judge can be inferred from a party's conduct during litigation).

15

16    Now, in light of the Attorney General's March 11, 2005 Motion to Amend the March 2,

17   2005 Order Denying Reconsideration of its February 9, 2005 Order, and to Certify Interlocutory

18   Appeal to the Court of Appeals for the Ninth Circuit, the Court has *sua sponte* raised the issue of

19   whether this motion is properly before the Magistrate Judge, or if so, what relief the Attorney

20   General is seeking. Specifically, the Magistrate Judge has inquired of the Attorney General whether

21   by asking the Court to amend its March 2, 2005 Order (entered at a time when all parties at least

22   impliedly consented to the exercise of jurisdiction by the Magistrate Judge), he is (1) seeking an

23   appeal to the District Judge of the March 2, 2005 denial of the motion for reconsideration; or (2)

asking the Magistrate Judge to issue a report and recommendation to the District Judge recommending the certification of an interlocutory appeal to the Ninth Circuit.

Given the procedural complexities and the parties' confusion, the Attorney General respectfully suggests that the Attorney General's March 11, 2005 filing be construed as an objection to the Magistrate Judge's March 2, 2005 Order denying reconsideration, with the additional request that the Magistrate Judge amend its March 2, 2005 Order to reflect (a) that it is a proposed order, findings and recommendation; and (b) that the proposed order of the Magistrate Judge include the recommendation that regardless of how the District Judge rules on the objection, that the issues be certified for interlocutory review as presented in the Attorney General's March 11, 2005 filing.

Respectfully submitted, this 6th day of July, 2005.

OFFICE OF THE ATTORNEY GENERAL
**Douglas B. Moylan, Attorney General**

Robert M. Weinberg
Assistant Attorney General

SANTOS v FELIX P. CAMACHO, et. al.
District Court of Guam Civil Case No. 04-00036

1

## CERTIFICATE OF SERVICE

This is to certify that I have this day served counsel for the opposing party(ies) with a copy of the foregoing by hand delivery, or by first class properly addressed, to:

Michael Phillips, Esq.
Phillips & Bordallo, P.C.
410 West O'Brien Dr.
Hagåtña, Guam 96910

Rawlen MT Mantanona, Esq.
Mantanona Law Office
GCIC Bldg., Suite 601B
414 West Soledad Ave.
Hagåtña, Guam 96910

Rodney J. Jacob, Esq.
Daniel Benjamin, Esq.
Calvo and Clark, LLP
655 South Marine Drive, Suite 202
Tamuning, Guam 96913

Shannon J. Taitano, Esq.
Legal Counsel
Office of the Governor of Guam
P.O. Box 2950
Hagåtña, Guam 96932

this 6th day of July, 2005.

Robert M. Weinberg
Assistant Attorney General

<u>SANTOS v FELIX P. CAMACHO, et. al.</u>
District Court of Guam Civil Case No. 04-00036