FILED
DISTRICT COURT OF GUAM
JUL 11 2005
MARY L.M. MORAN
CLERK OF COURT

DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| JULIE BABAUTA SANTOS, *et al.*,<br>　　Petitioners,<br>　　vs.<br>FELIX A. CAMACHO, etc., *et al.*,<br>　　Respondents. | Civil Case No. 04-00006<br><br><br>ORDER |

　　On June 28, 2005, the Court held a Status Conference to discuss the effect the new settlement agreement may have on the various pending motions and vice versa. See Minutes (Docket No. 210). Among other things, the Court discussed the "Motion to Amend March 2, 2005 Order Denying Reconsideration of February 9, 2005 Order to Certify Interlocutory Appeal to the Court of Appeals for the Ninth Circuit (Docket No. 180), filed on March 11, 2005 by the Attorney General of Guam (the "Attorney General") (the "March 11, 2005 pleading"). Specifically, the Court directed the Attorney General to clarify whether said pleading was an appeal to the District Judge of this Court's March 2, 2005 denial of the Attorney General's motion for reconsideration, or whether the Attorney General was filing a "new" motion seeking interlocutory appeal on the issue of the ability of the Governor and government directors to retain counsel separate from the Attorney General.

　　On July 6, 2005, the Attorney General suggested that its March 11, 2005 pleading be construed as an objection to this Court's March 2, 2005 Order. See Docket No. 211 at p.6.

Additionally, the Attorney General requested

> that the Magistrate Judge amend its March 2, 2005 Order to reflect (a) that it is a proposed order, findings and recommendation; and (b) that the proposed order of the Magistrate Judge include the recommendation that regardless of how the District Judge rules on the objection, that the issues be certified for interlocutory review as presented in the Attorney General's March 11, 2005 filing.

Id. The Court respectfully denies the Attorney General's request to amend its March 2, 2005 Order.

On February 9, 2005, the Court denied three separate motions by the Attorney General related to the issue of representation of the respondents by counsel other than the Attorney General. See Order, Docket No. 149. When the Court permitted the individual respondents to be represented by private counsel, the Court also concluded that all the parties had not consented to full disposition authority by the Magistrate Judge pursuant to 28 U.S.C. § 636(c). Accordingly, all dispositive matters would have to proceed before a District Judge. The Court, however, would still continue to rule upon pretrial nondispositive matters.

Pursuant to General Order 04-00016, the Magistrate Judge is authorized to "[h]ear and determine any pretrial motions, including discovery motions, other than case-dispositive motions." General Order 04-00016 at 3. This is consistent with Rule 72 of the Federal Rules of Civil Procedure which provides that "[a] magistrate judge to whom a pretrial matter not dispositive of a claim or defense of a party is referred to hear and determine shall promptly conduct such proceedings as are required and when appropriate enter into the record a *written order* setting forth the disposition of the matter." Fed. R. Civ. P. 72(a) (emphasis added). While the terms "dispositive" and "nondispositive" are not defined in either Rule 72 or 28 U.S.C. § 636, the legislative history of Section 636 confirms that Congress considered all preliminary procedural matters not expressly delineated in Section 636(b)(1)(A) to be nondispositive, and therefore properly assigned to a magistrate judge for determination." Robinson v. Eng, 148 F.R.D. 635, 639 (D. Neb. 1993) (*citing* H.R. Rep. No. 94-1609, at 10-11 (1976), *reprinted in* 1976 U.S.C.C.A.N. 6162, 6170-71 (Congress intends that magistrate judges shall have the power to determine any pretrial matter except the motions specifically enumerated in Section 636(b)(1)(A) which Congress considers "dispositive of the litigation")).

In this case, contrary to the Attorney General's assertions, the issue of who is authorized under the Organic Act to represent the respondents in this action is by no means dispositive of the case. The Court's February 9, 2005 Order did not dispose of the merits of the Petitioner's claims or the respondents' defenses, nor did it terminate the action herein. Because the issues before it were nondispositive, it was proper for this Court to issue an Order, as opposed to a report and recommendation, on the Attorney General's motions. It was equally appropriate for this Court on March 2, 2005 to issue an Order – not a report and recommendation – on the Attorney General's motion for reconsideration. Based upon these considerations, the Court finds it inappropriate to amend its March 2, 2005 Order as requested.

Furthermore, the Court declines the Attorney General's invitation to recommend that the District Judge certify the issue for interlocutory review. Neither the Attorney General's original motions (Docket Nos. 97, 98 and 100) nor the subsequent motion for reconsideration (Docket No. 156) discuss the Attorney General's ability to seek interlocutory review of the issue regarding representation of the respondents. The first time a request for interlocutory review was raised by the Attorney General was in its March 11, 2005 pleading. The Attorney General now clarifies that this pleading be characterized as an "objection" to this Court's March 2, 2005 Order. The objection cannot be determined by this Court, but must be ruled upon by a District Judge. Thus, it would also be inappropriate for this Court to rule upon or make a recommendation on a matter not properly before it. Accordingly, the Court declines the Attorney General's request to recommend that the District Judge certify the issue for interlocutory appeal. Instead, the Clerk of Court shall refer the Attorney General's objection to the next visiting District Judge, who shall then determine the matter. A party wishing to file a response to the Attorney General's objection shall do so no later than July 22, 2005. The District Judge shall thereafter determine whether a hearing on the matter is necessary.

SO ORDERED this 11th of July 2005.

Notice is hereby given that this document was entered on the docket on 07/12/05. No separate notice of entry on the docket will be issued by this Court.

Mary L. M Moran
Clerk, District Court of Guam

By: _____ 07/12/05
Deputy Clerk   Date

JOAQUIN V.E. MANIBUSAN, JR.
United States Magistrate Judge

- 3 -