

Office of the Attorney General
Douglas B. Moylan
Attorney General of Guam
Robert M. Weinberg
Assistant Attorney General
287 West O'Brien Drive
Hagåtña, Guam 96910 • USA
(671) 475-3324 • (671) 472-2493 (Fax)

Attorneys for Respondents



FILED
DISTRICT COURT OF GUAM
JUL 19 2005
MARY L.M. MORAN
CLERK OF COURT
(213)

# IN THE DISTRICT COURT OF GUAM
## HAGÅTÑA, GUAM

| | |
|---|---|
| JULIE BABAUTA SANTOS, individually and on behalf of all those similarly situated,<br><br>Petitioner,<br><br>vs.<br><br>FELIX P. CAMACHO, Governor of Guam; ART ILAGAN, Director of Department of Revenue and Taxation; LOURDES M. PEREZ, Director of Department of Administration; DOUGLAS B. MOYLAN, Attorney General of Guam; and GOVERNMENT OF GUAM,<br><br>Respondents. | Civil Case No. 04-00006<br><br>**ATTORNEY GENERAL'S SUPPLEMENTAL REPLY TO MOTION TO DISQUALIFY ATTORNEY GENERAL'S OFFICE** |

The Attorney General respectfully supplements his Reply to Motion to Disqualify Attorney General's Office filed February 28, 2005, as follows:

Armed with Orders authorizing him to select his own counsel for himself and the Director of Revenue and Taxation and Director of Administration, which effectively disqualifies the Attorney General from representing any named official defendant in this case, the Governor seeks

- 1 -

SANTOS v FELIX P. CAMACHO, et. al.
District Court of Guam Civil Case No. 04-00006

Case 1:04-cv-00006   Document 222   Filed 07/19/2005   Page 1 of 11

to disqualify the Attorney General from representing the Government of Guam altogether. Having succeeded in abandoning ship and obtaining his own lawyers, the Governor now seeks to climb back aboard with a new crew and throw the captain overboard.

As argued previously, this is nothing more and nothing less than a tax refund case. Plaintiffs claim they are entitled to a refund of EITC. The Governor, generally supportive of the concept, argued he cannot fund it (although now he has tendered a settlement to the Court that will cost the Government of Guam $30 million more than the original settlement preliminarily approved by the Court that was tendered by the Attorney General). But, as a matter of federal law, the only real defendant party in interest in this tax refund case is not the Governor, Department of Revenue and Taxation, or Department of Administration, but the "Government of Guam."

> Suits for the recovery of any Guam Territorial income tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, under the income-tax laws in force in Guam, pursuant to subsection (a) of this section, may, regardless of the amount of claim, be maintained against the *government of Guam*....

48 U.S.C. § 1421i(h)(2) (emphasis added). The Governor is neither a necessary nor an indispensable party to this action, except for relief purposes once a judgment against the Government of Guam has become final. *See* 48 U.S.C. § 1421i(h)(2) ("When any judgment against the government of Guam under this paragraph has become final, the Governor shall order the payment of such judgments out of any unencumbered funds in the treasury of Guam."). Once a judgment is obtained against the Government of Guam, the Governor's duties are purely ministerial.

The tax laws on Guam, of course, mirror the federal law. "The income tax laws in force in the United States of America and those which may hereafter be enacted shall be held to be likewise

- 2 -

SANTOS v FELIX P. CAMACHO, et. al.
District Court of Guam Civil Case No. 04-00006

Case 1:04-cv-00006   Document 222   Filed 07/19/2005   Page 2 of 11

in force in Guam" 48 U.S.C. § 1421i(a). And the Organic Act expressly substitutes the term "Guam" for "United States" in the Revenue Code.[1] Construing the Organic Act together with the Internal Revenue Code, it is clear that not only is the "Government of Guam" the only proper defendant in this action, but that the Governor and Directors of Revenue and Taxation and Administration are due to be dismissed. Substituting the term "Guam" for "United States," federal law is clear that suits for tax refunds are to be maintained only against the Government of Guam, and not any officer or employee thereof.

> (1) General rule
>
> *A suit or proceeding referred to in subsection (a) may be maintained only against the United States and not against any officer or employee of the United States* (or former officer or employee) or his personal representative. Such suit or proceeding may be maintained against the United States notwithstanding the provisions of section 2502 of title 28 of the United States Code (relating to aliens' privilege to sue) and notwithstanding the provisions of section 1502 of such title 28 (relating to certain treaty cases).
>
> (2) Misjoinder and change of venue
>
> If a suit or proceeding brought in a United States district court against an officer or employee of the United States (or former officer or employee) or his personal representative is improperly brought solely by virtue of paragraph (1), *the court shall order, upon such terms as are just, that the pleadings be amended to substitute the United States as a party for such officer or employee as of the time such action commenced,* upon proper service of process on the United States. Such suit or proceeding shall upon request by the

---

[1] "In applying as the Guam Territorial Income Tax the income tax laws in force in Guam pursuant to subsection (a) of this section, except where it is manifestly otherwise required, the applicable provisions of the Internal Revenue Codes of 1954 and 1939, shall be read so as to substitute "Guam" for "United States", "Governor or his delegate" for "Secretary or his delegate", "Governor or his delegate" for "Commissioner of Internal Revenue" and "Collector of Internal Revenue", "District Court of Guam" for "district court" and with other changes in nomenclature and other language, including the omission of inapplicable language, where necessary to effect the intent of this section." 48 U.S.C. § 1421i(e).

- 3 -

SANTOS v FELIX P. CAMACHO, et. al.
District Court of Guam Civil Case No. 04-00006

Case 1:04-cv-00006   Document 222   Filed 07/19/2005   Page 3 of 11

> United States be transferred to the district or division where
> it should have been brought if such action initially had been
> brought against the United States.

26 U.S.C. § 7422(f) (emphasis added).

The Attorney General acknowledges that the Magistrate Judge has concluded that because the Governor is tasked with administering and enforcing the tax laws on Guam, *see* 48 U.S.C. §§ 1421i(c) and (d), he may therefore be entitled to be heard through separate counsel. On March 2, 2005, the Magistrate Judge issued an Order denying the Attorney General's motion for reconsideration of its February 9, 2005 Order authorizing the Governor to obtain separate counsel. In part, this Court held:

> The Attorney General contends that the Court should listen to him instead of the Governor, since the Attorney General is responsible for establishing a "coherent and uniform legal policy" for the Government of Guam. On the other hand, the chief executive officer of the Government of Guam granted with the additional exclusive authority to administer and enforce the GTIT [Guam Territorial Income Tax] laws, the Governor has responsibility for setting a "coherent and uniform tax policy" for the island. The Governor's authority would be rendered meaningless if the Attorney General were permitted to prevent the Governor from being heard in this action except through him. The Attorney General essentially seeks to supplant his decision for that of the Governor, and this Court will not allow such usurpation to occur. The Governor has a right to be heard in this action involving the GTIT. See Graddick v. Newman, 453 U.S. 928, 102 S. Ct. 4 (1981) (holding that the Alabama attorney general had no standing to seek a stay of a court order releasing prisoners in light of state statutes which vested responsibility for state prison system in the governor, and governor opposed the attorney general's application for stay).

Order, March 2, 2005, p. 4 {NR. 168].

It is respectfully submitted that the Court's analysis is flawed. First, the fact that the Governor is charged with the "exclusive authority to administer and enforce" the GTIT does not mean he unilaterally controls litigation that is only rightfully brought against the "Government of

- 4 -

SANTOS v FELIX P. CAMACHO, et. al.
District Court of Guam Civil Case No. 04-00006

Case 1:04-cv-00006    Document 222    Filed 07/19/2005    Page 4 of 11

Guam." Else, he would be a proper party to this action, which under the Organic Act he is not. Second, even if the Governor were a proper party to this action (for relief purposes to perform a ministerial act), that fact does not *ipso facto* mean he is authorized to represent the Government of Guam to the exclusion of the Attorney General who is the only official charged under the Organic Act with representing the legal interests of the Government of Guam. Yet that is the practical effect of this Court's holdings to-date. An official who is not even a proper party to this litigation has usurped the role of the Chief Legal Counsel for the Government of Guam. Third, the Court's reliance on *Graddick v. Newman* is in error.

Contrary to the Court's parenthetical description of the holding in *Graddick v. Newman*, the United States Supreme Court did not hold that because the Governor of Alabama was vested with responsibility for the state prison system, the Attorney General of Alabama did not have standing to appear and seek a stay on behalf of the State of Alabama. Rather, the Court, per Justice Powell, denied the Attorney General's application for a stay on the basis that as a matter of Alabama law it was *unclear* whether the Attorney General had standing to control litigation against the State, given the Governor and Attorney General's conflicting positions. "His standing to represent Alabama's interests in this matter were not self-evident in the unusual context of this case." 453 U.S. at 934, 102 S. Ct. at 8. Therefore, as a matter of federal law, the Attorney General had simply failed to show irreparable injury sufficient to meet the "exacting standard" required when seeking a stay. 453 U.S. at 937, 102 S. Ct. at 10. The most that can be said of Justice Powell's dicta in *Graddick* is that because of the confusion in Alabama law, the Attorney General's application fell "far distant" from satisfying the requirements of a stay. *Id.*

Justice Rehnquist wrote separately in *Graddick* to emphasize that Justice Powell's rationale should not be construed to have been adopted by entire Court, and that in his view Alabama law

- 5 -

SANTOS v FELIX P. CAMACHO, et. al.
District Court of Guam Civil Case No. 04-00006

Case 1:04-cv-00006    Document 222    Filed 07/19/2005    Page 5 of 11

and precedent were clear enough as to the Attorney General's standing to seek a stay on behalf of the State of Alabama, even if the Governor opposed it. 453 U.S. at 937-943, 102 S. Ct. at 10-13. And, finally, if Alabama law were not clear enough before *Graddick* that the Attorney General controlled litigation against the State of Alabama, *see State ex rel. Carmichael v. Jones*, 252 Ala. 479, 41 So.2d 280 (1949), cited by Justice Rehnquist in his separate opinion, it has since become clear in Alabama that while the Governor may sometimes in proper cases be permitted his own voice if he has identifiable interests separate from the State, it is the Attorney General who represents the State of Alabama, even over the objection of the state official charged with administering and enforcing a particular aspect of the law. *See Ex parte Weaver*, 570 So.2d 675 (Ala. 1990). The fact that the Governor "administers and enforces" the tax laws on Guam does not end the inquiry who is authorized to make litigation decisions on behalf of the only proper defendant in this action – the Government of Guam.

The Governor's legal analysis in support of his motion to disqualify the Attorney General lacks full context of the rules he cites. The Governor's motion is premised on Guam Rules of Professional Conduct, Rules 1.7 and 1.9, ostensibly made applicable to government lawyers in the present case by virtue of Rule 1.11(d). The Governor argues that Rule 1.7 prohibits an attorney from representing a party directly adverse to an existing client; and Rule 1.9 prohibits an attorney from representing a party directly adverse to a *former* client in the same manner. He argues that Rules 1.7 and Rule 1.9 both are "expressly" applicable to the current situation by virtue of Rule 1.11. But Rule 1.11(a) – (c) pertains to lawyers who leave government service or as counsel for the government who enter private practice, which is not the case here, and the Governor does not contend otherwise. So, those subsections are inapplicable.

- 6 -

SANTOS v FELIX P. CAMACHO, et. al.
District Court of Guam Civil Case No. 04-00006

Case 1:04-cv-00006     Document 222     Filed 07/19/2005     Page 6 of 11

Rule 1.11(d) applies to current government lawyers who formerly represented clients in the private sector in the same matter. But that is not what we have here, either. Rule 1.11(d) provides:

> Except as law may otherwise expressly permit, a lawyer currently serving as a public officer or employee:
>
> (1) is subject to Rules 1.7 and 1.9; and
>
> (2) shall not:
>
> (i) participate in a matter in which the lawyer participated personally and substantially while in private practice or nongovernmental employment, unless the appropriate government agency gives its informed consent, confirmed in writing; or
>
> (ii) negotiate for private employment with any person who is involved as a party or as lawyer for a party in a matter in which the lawyer is participating personally and substantially, except that a lawyer serving as a law clerk to a judge, other adjudicative officer or arbitrator may negotiate for private employment as permitted by Rule 1.12(b) and subject to the conditions stated in Rule 1.12(b).

Note that Rule 11(d)(1) and (2) are in the conjunctive. Rule 11(d)(2)(i) prohibits a government lawyer from participating as a government lawyer in a matter in which he participated previously in private practice or nongovernmental employment. That is not the situation here. On its face, then, Rule 1.11(d)(2) is inapplicable, for no government lawyer in this case participated in this matter while in the private sector, nor has any government lawyer left government service or attempted to negotiate private employment while serving as counsel to the government.

What we have appears to be a conflict between two government entities – the Government of Guam versus the Governor. But according to the Comments to Rule 1.11, "The question of whether two government agencies should be regarded as the same or different clients for conflict of interest purposes is beyond the scope of these Rules. See Rule 1.13 Comment [9]." Rule 1.11 Comment [5] available at http://www.abanet.org/cpr/mrpc/rule_1_11_comm.html. Now, Rule

-7-

SANTOS v FELIX P. CAMACHO, et. al.
District Court of Guam Civil Case No. 04-00006

Case 1:04-cv-00006    Document 222    Filed 07/19/2005    Page 7 of 11

1.13, referred to in Comments [5] Rule 1.11, pertains to Organizations as clients. And that is what we really are concerned about here. For the Governor, Department of Revenue and Taxation and Department of Administration, like fingers on a hand, are nothing more than constituent parts of one organizational entity known as the "Government of Guam." It is an absurd fiction to argue otherwise. What we have here is not a conflict between different clients, but within the same organization, the Government of Guam. Comment [9], Rule 1.13 reads as follows:

> Government Agency
>
> The duty defined in this Rule applies to governmental organizations. *Defining precisely the identity of the client and prescribing the resulting obligations of such lawyers may be more difficult in the government context and is a matter beyond the scope of these Rules. See Scope [18]. Although in some circumstances the client may be a specific agency, it may also be a branch of government, such as the executive branch, or the government as a whole.* For example, if the action or failure to act involves the head of a bureau, either the department of which the bureau is a part or the relevant branch of government may be the client for purposes of this Rule. *Moreover, in a matter involving the conduct of government officials, a government lawyer may have authority under applicable law to question such conduct more extensively than that of a lawyer for a private organization in similar circumstances.* Thus, when the client is a governmental organization, a different balance may be appropriate between maintaining confidentiality and assuring that the wrongful act is prevented or rectified, for public business is involved. In addition, duties of lawyers employed by the government or lawyers in military service may be defined by statutes and regulation. *This Rule does not limit that authority.* See Scope.

Comment [9], Rule 1.13, ABA Model Rules, available at http://www.abanet.org/cpr/mrpc/rule_1_13_comm.html (emphasis added). Now, consider what the "Scope" of the Guam Rules of Professional Conduct has to say:

> Under various legal provisions, including constitutional, statutory and common law, the responsibilities of government lawyers may include authority concerning legal matters that

- 8 -

SANTOS v FELIX P. CAMACHO, et. al.
District Court of Guam Civil Case No. 04-00006

Case 1:04-cv-00006    Document 222    Filed 07/19/2005    Page 8 of 11

> ordinarily reposes in the client in private client-lawyer relationships. For example, a lawyer for a government agency may have authority on behalf of the government to decide upon settlement or whether to appeal from an adverse judgment. Such authority in various respects is generally vested in the attorney general and the state's attorney in state government, and their federal counterparts, and the same may be true of other government law officers. *Also, lawyers under the supervision of these officers may be authorized to represent several government agencies in intragovernmental legal controversies in circumstances where a private lawyer could not represent multiple private clients. These Rules do not abrogate any such authority.*

Guam Rules of Professional Conduct, [18] (emphasis added).

The rules themselves are dispositive of the Governor's argument. Indeed, the very rules the Governor cites should have been dispositive of his argument that he, the Department of Revenue and Taxation, and the Department of Administration may obtain their own attorneys in this action against the "Government of Guam." The Attorney General has not become suddenly adverse to his own client. His client has always been the Government of Guam, and its position has never changed. The Governor, who has no business being in this lawsuit to begin with, simply wanted to make his own deal, and has wrested control of the case from the only person authorized by the Organic Act to represent the only proper defendant in this case, Government of Guam. Contrary to this Court's March 2, 2005 Order, it is not the Attorney General who seeks to usurp the role of the Governor; it is the other way around.

Consider the mischief the Governor's motion to disqualify now proposes. Individual government officers come and go all the time in government service, or change their mind. New administrations come and go with different philosophies than their predecessors. If each successor administration, or every administration that changed its mind in the middle of litigation, is permitted to renege on the deals it or its predecessor made, and at the same time disqualify the "Chief Legal Counsel for the Government of Guam," *see* 48 U.S.C. § 1421g(d)(1), there can

- 9 -

SANTOS v FELIX P. CAMACHO, et. al.
District Court of Guam Civil Case No. 04-00006

Case 1:04-cv-00006   Document 222   Filed 07/19/2005   Page 9 of 11

never be a coherent legal policy for the Government of Guam. Any settlement agreement entered into before the courts on behalf of the Government of Guam would become meaningless and unenforceable merely because an executive officer charged with enforcing and administering a particular aspect of law on Guam disagrees with the Attorney General. The rules governing disqualification of counsel as applied to the government do not support that reasoning; and it is not the intent of the Organic Act. But that is the mischief of the Governor's reasoning. The law is clear that intra-governmental disputes such as those in the case at bar do not rise to the level of disqualifying conflicts of interest for government lawyers, and the Attorney General is not disqualified from representing the Government of Guam merely because the Governor, who has no business being in this lawsuit to begin with, has changed his mind.

## CONCLUSION

The Attorney General respectfully submits that the Motion to Disqualify the Attorney General's Office is without merit and due to be denied.

Respectfully submitted,

this 19th day of July, 2005.

OFFICE OF THE ATTORNEY GENERAL
**Douglas B. Moylan, Attorney General**

*[signature]*

Robert M. Weinberg
Assistant Attorney General

- 10 -

SANTOS v FELIX P. CAMACHO, et. al.
District Court of Guam Civil Case No. 04-00006

Case 1:04-cv-00006    Document 222    Filed 07/19/2005    Page 10 of 11

# CERTIFICATE OF SERVICE

This is to certify that I have this day served counsel for the opposing party(ies) with a copy of the foregoing by hand delivery, or by first class properly addressed, to:

Michael Phillips, Esq.
Phillips & Bordallo, P.C.
410 West O'Brien Dr.
Hagåtña, Guam 96910

Rawlen MT Mantanona, Esq.
Mantanona Law Office
GCIC Bldg., Suite 601B
414 West Soledad Ave.
Hagåtña, Guam 96910

Rodney J. Jacob, Esq.
Daniel Benjamin, Esq.
Calvo and Clark, LLP
655 South Marine Drive, Suite 202
Tamuning, Guam 96913

Shannon J. Taitano, Esq.
Legal Counsel
Office of the Governor of Guam
P.O. Box 2950
Hagåtña, Guam 96932

this 19th day of July, 2005.

Robert M. Weinberg
Assistant Attorney General

- 11 -

SANTOS v FELIX P. CAMACHO, et. al.
District Court of Guam Civil Case No. 04-00006

Case 1:04-cv-00006   Document 222   Filed 07/19/2005   Page 11 of 11