1   **SHANNON TAITANO, ESQ.**
    **OFFICE OF THE GOVERNOR OF GUAM**
2   Ricardo J. Bordallo Governor's Complex
    Adelup, Guam 96910
3   Telephone:    (671) 472-8931
4   Facsimile:    (671) 477-4826

5   **EDUARDO A. CALVO, ESQ.**
    **RODNEY J. JACOB, ESQ.**
6   **DANIEL M. BENJAMIN, ESQ.**
7   **CALVO & CLARK, LLP**
    Attorneys at Law
8   655 South Marine Drive, Suite 202
    Tamuning, Guam 96913
9   Telephone:    (671) 646-9355
    Facsimile:    (671) 646-9403
10

11  Attorneys for *Felix P. Camacho, Governor of Guam*

12

13              IN THE UNITED STATES DISTRICT COURT
14                      DISTRICT OF GUAM

15  JULIE BABAUTA SANTOS, et. al.,          CIVIL CASE NO. 04-00006

16
                         Petitioners,
17                                          **RESPONSE BY THE GOVERNOR**
            -v-                             **OF GUAM TO THE ATTORNEY**
18                                          **GENERAL'S "OBJECTION" TO**
    FELIX P. CAMACHO, etc., et. al.         **THE MAGISTRATE JUDGE'S**
19                                          **ORDER OF MARCH 2, 2005**
                         Respondents.
20

21

22

23

24

25

26

27

28              **ORIGINAL**

    {G0004143.DOC;1}

FILED
DISTRICT COURT OF GUAM
JUL 22 2005
MARY L.M. MORAN
CLERK OF COURT
214

# INTRODUCTION

Pursuant to the Court's Order of July 11, 2005, Governor of Guam Felix P. Camacho (the "Governor") respectfully submits this response to the Attorney General's March 11, 2005 pleading. That pleading concerned the Magistrate Judge's Orders of February 9, 2005 and March 2, 2005. In his July 6, 2005 pleading the Attorney General has now stated that his March 11, 2005 pleading was intended to serve as an "objection" to those Orders.

In the February 9, 2005 Order, the Magistrate Judge denied the Attorney General's motion to strike the appearances of independent counsel on behalf of the Governor of Guam and the Directors of the Departments of Administration and Revenue & Taxation. The Magistrate Judge held that, based upon the express provisions of the Organic Act of Guam,[1] the Governor and those to whom he delegated his authority (such as the Directors) had the right to independent counsel in proceedings (such as the present case) concerning the Guam Territorial Income Tax.

The Magistrate Judge specifically relied upon 48 U.S.C. § 1412i(d)(2). That provision states: "The Governor or his delegate shall have the same administrative and enforcement powers and remedies with regard to the Guam Territorial Income Tax as the Secretary of the Treasury, and other United States officials of the executive branch, have with respect to the United States income tax." Because the Governor had not just the powers of the Secretary of the Treasury, but also any other executive branch official (such as the U.S. Attorney General), it was clear that the Governor and his delegates were entitled to appear in this tax refund litigation through attorneys who advocated their policies and gave voice to their concerns.

In the March 2, 2005 Order, the Magistrate Judge rejected the Attorney General's motion to reconsider the February 9, 2005 Order. The Magistrate Judge held:

---

[1] The Organic Act of Guam, 48 U.S.C. § 1421, *et seq.*, is the functional equivalent of Guam's constitution. *See Bordallo v. Baldwin*, 624 F.2d 932, 934 (9th Cir. 1980).

The Attorney General contends that the Court should listen to him instead of the Governor, since the Attorney General is responsible for establishing a "coherent and uniform legal policy" for the Government of Guam. On the other hand, as the chief executive officer of the Government of Guam granted with the additional exclusive authority to administer and enforce the GTIT laws, the Governor has the responsibility for setting a "coherent and uniform tax policy" for the island. **The Governor's authority would be rendered meaningless if the Attorney General were permitted to prevent the Governor from being heard in this action except through him. The Attorney General essentially seeks to supplant his decision for that of the Governor, and this Court will not allow such usurpation to occur.**

(March 2, 2005 Order at 4 (emphasis added)).

On March 11, 2005, the Attorney General filed his pleading asking that the Court amend the Magistrate Judge's March 2, 2005 Order to permit certification of the issues in that Order for interlocutory appeal. This was not, accordingly, an "objection" to the March 2, 2005 Order. It was a brand new issue. Nonetheless, in his July 6, 2005 pleading, the Attorney General seeks to characterize his March 11, 2005 pleading as such an "objection."

The Attorney General's March 11, 2005 "objection" should be rejected on two independent grounds. First, the Attorney General has waived his right to challenge the February 9, 2005 Order and March 2, 2005 Order. As will be discussed, under 28 U.S.C. § 636 and General Order No. 04-00016, there are stated procedures for challenging a Magistrate Judge's Order, and the Attorney General has not timely followed them. Accordingly, the Attorney General has waived the right to raise a challenge in the District Court to those Orders.

Second, the Attorney General's March 11, 2005 filing is asking that the Court certify for interlocutory appeal the issue of the Governor's right to independent counsel. This issue is not a proper subject for certification for interlocutory appeal. As will be discussed, the issue is collateral, which alone makes certification improper under controlling Ninth Circuit law. Further, the Attorney General has not demonstrated the existence of the two other requirements

1   for certification for interlocutory appeal: That there are substantial grounds for a difference of

2   opinion, and that certification will materially advance the litigation.

3                                            **ARGUMENT**

4   **I.    THE FEBRUARY 9 AND MARCH 2 ORDERS ARE MAGISTRATE ORDERS**
5   **      SUBJECT TO THE CLEARLY ERRONEOUS STANDARD OF REVIEW**

6          **A.    The Orders Cannot Be Characterized as "Findings And Recommendations"**

7                  Before addressing the grounds on which the Court should reject the Attorney

8   General's argument, it is necessary to resolve the issue the Attorney General has raised regarding
9
    the nature of the February 9, 2005 and March 2, 2005 Orders. In his July 6, 2005 pleading, the
10
11  Attorney General attempted to argue that those Orders were "Findings and Recommendations."

12  This is incorrect.

13                 As the Magistrate Judge correctly ruled in his July 11, 2005 Order, the February 9

14  and March 2 Orders were addressed to pretrial matters. Under 28 U.S.C. § 636(b)(1)(A), a

15  magistrate judge may "hear and determine <u>any pretrial matter pending</u> before the court, except a
16
    motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or
17
18  quash an indictment or information made by the defendant, to suppress evidence in a criminal

19  case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim

20  upon which relief can be granted, and to involuntarily dismiss an action." (Emphasis added).

21  "Findings and Recommendations" are issued under 28 U.S.C. § 636(b)(1)(b), and pertain solely

22  to those specific motions listed and specified in subsection (A) of 28 U.S.C. § 636(b)(1). *See* 28

23  U.S.C. § 636(b)(1)(B).

24
25                 In the present case, in the February 9, 2005 Order, the Magistrate Judge was

26  hearing motions filed by the Attorney General of Guam to strike the appearances of independent

27  counsel for the Governor of Guam and the Directors of Revenue & Taxation and Administration.

28  (*See* February 9, 2005 Order at 1). In the March 2, 2005 Order, the Magistrate Judge was hearing

*Civil Case No. 04-00006*                          3
{G0004143.DOC;1}

a motion to reconsider the February 9, 2005 Order. (*See* March 2, 2005 Order at 1.) Thus, the Magistrate Judge was hearing three non-dispositive motions that may be heard and decided by a Magistrate Judge under 28 U.S.C. § 636(b)(1)(A). He was not hearing any of the specifically identified matters listed in 28 U.S.C. § 636(b)(1)(A) that can only be assigned to a magistrate judge for findings and recommendations. *See* 28 U.S.C. § 636 (b)(1)(A)-(B).

**B.    The Clearly Erroneous Standard of Review Applies**

On April 30, 2004, the District Court of Guam issued General Order No. 04-00016 (the "General Order"). The General Order ordered that "the United States Magistrate Judge of this Court is authorized to perform all of the duties and functions prescribed and authorized by 28 U.S.C. §636...." General Order at 1. It specified that the Magistrate Judge was in civil cases to "[h]ear and determine any pretrial motions . . . other than case-dispositive motions." *Id.* at 3. It also automatically assigned all civil cases to the Magistrate Judge. *Id.* at 6.

Under 28 U.S.C. § 636(b)(1)(A), a district court may only "reconsider any pretrial matter under [section (b)(1)(A)] where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." The Court's General Order similarly states the Court will only set aside "any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law." General Order at 7.[2] Consequently, the "clearly erroneous" standard governs the Attorney General's "objection" to the February 9, 2005 and March 2, 2005 Orders. As discussed below, the Attorney General has not demonstrated an error under this standard.

**II.    THE ATTORNEY GENERAL HAS WAIVED HIS RIGHT TO APPEAL THE MAGISTRATE JUDGE'S DECISION TO THE DISTRICT COURT**

As stated in the February 9, 2005 and March 2, 2005 Orders, the issue in those Orders was whether the Attorney General could prevent the Governor of Guam from appearing in

---

[2] The Court, however, does retain the ability to reconsider any matter *sua sponte*. *See id.*

this action concerning the Guam Territorial Income Tax through independent counsel who would faithfully represent his views. (*See* February 9, 2005 Order at 3-4; March 2, 2005 Order at 2-4). The Attorney General's March 11, 2005 pleading does not identify any clear error or ruling contrary to law with regard to that issue as required by the General Order and 28 U.S.C. § 636(b)(1)(A). Instead, in his March 11, 2005 pleading, the Attorney General asks the Court to amend the March 2, 2005 Order to certify the issue presented in the February 9, 2005 and March 2, 2005 Orders for interlocutory appeal under 28 U.S.C. § 1292(b). (*See* March 11, 2005 MPA at 1-5.) Based on the requirements established in the Court's General Order, the Attorney General has failed to file a proper objection to the February 9, 2005 and March 2, 2005 Orders.

### A.    The Attorney General's Objection Is Untimely

This Court's General Order requires that any objection to an order on a non-dispositive motion be filed within ten days. General Order at 7. Although the Attorney General made a filing on March 11, 2005 (nine days after the March 2, 2005 Order), at the time it was characterized as a "motion to amend" the March 2, 2005 Order. It was only on July 6, 2005 that the Attorney General changed his mind and labeled it an "objection." As such, it is untimely.[3]

### B.    The Attorney General's "Objection" Is Improperly Based Upon an Issue (Interlocutory Certification) Not Raised With the Magistrate Judge

Under the Court's General Order, an objection to an Order on a non-dispositive motion "shall specifically designate the order, or part thereof, appealed from and the basis for any objection thereto." General Order at 7. But, the Attorney General's March 11, 2005 pleading does not seek review of the previous Orders at all. It seeks *amendment* of the Orders to certify the issue for interlocutory appeal. (*See* AG's March 11, 2005 MPA). Certification is an issue

---

[3] The Attorney General's waiver relates to the right to file an "objection" with this Court; a different body of laws and rules governs an appeal to the Ninth Circuit after a final judgment.

1    never previously raised with the Magistrate Judge. It therefore cannot properly constitute an

2    "objection" to the Orders at all.

3            The comparable situation is where a party has failed to raise an issue in the district

4    court, but then seeks to raise the issue on appeal to the court of appeals. The Ninth Circuit has

5    held repeatedly that such a failure to raise a specific issue waives the right of appeal. *E.g. Janes*

6    *v. Wal-Mart Stores Inc.*, 279 F.3d 883, 887 (9th Cir. 2002) ("Issues raised for the first time on

7    appeal usually are not considered.") (citation omitted). Here, the issues raised in the March 11,

8    2005 pleading were not raised with the Magistrate Judge; accordingly, they are not proper

9    subjects for an "objection" in this Court.

10

11   **III.    THE REQUIREMENTS FOR CERTIFICATION ARE NOT MET**

12           Construing the Attorney General's pleading as a bid for certification of the issues

13   in the Orders, rather than as an objection to those Orders, is equally unavailing. The issue in

14   those Orders is not certifiable for interlocutory appeal. The Governor already submitted an

15   opposition to certification on March 24, 2005 (a courtesy copy of which is attached as Exhibit 1),

16   and will not fully restate the arguments stated therein. But, to summarize, a district court has the

17   discretion to certify an order for interlocutory appeal if: (1) it involves a controlling question of

18   law; (2) there is substantial grounds for difference of opinion; and (3) an immediate appeal may

19   materially advance the ultimate termination of the litigation. *In re Cement Antitrust Litig.*, 673

20   F.2d 1020, 1026 (9th Cir. 1982). None of these criteria are met here.

21

22   **A.    The Issue is Collateral to the Merits and Therefore Not "Controlling"**

23           The Attorney General admits the question on which he seeks certification "is

24   collateral to the merits." (March 11, 2005 MPA at 5). Under Ninth Circuit precedent, a collateral

25   issue cannot constitute a "controlling" question. *United States v. Woodbury*, 263 F.2d 784, 787-

26   88 (9th Cir. 1959) ("the claim of privilege here asserted is collateral to the basic issues of this

case, and cannot be regarded as presenting a 'controlling question of law' as those words are used in the statute"); *In re Cement Antitrust Litig.*, 673 F.2d at 1027 (following *Woodbury* and rejecting certification because "[t]he question whether Judge Muecke erroneously disqualified himself under 28 U.S.C. § 455(b)(4) must be viewed as collateral to the basic issues of this lawsuit."). Thus, the Attorney General's request for certification fails at the first step.

## B. There Are Not *Substantial* Grounds for a Difference of Opinion

Certification also is improper because the Attorney General is mistaking his strong disagreement with the Magistrate Judge's February 9, 2005 Order and March 2, 2005 Order for what is actually required—a substantial ground for a difference of opinion. *Yakima Prods., Inc. v. Industri AB Thule*, 1998 WL 173205, *5 (N.D. Cal. March 19, 1998) ("Although Defendants disagree with the Court's evaluation of the facts in this action, their strong disagreement is not sufficient to justify an interlocutory appeal."). As stated, this case concerns the Guam Territorial Income Tax. The Organic Act of Guam unambiguously states that "**[t]he Governor or his delegate shall have the same administrative and enforcement powers and remedies with regard to the Guam Territorial income tax as the Secretary of the Treasury, and other United States officials of the executive branch, have with respect to the United States income tax.**" 48 U.S.C. § 1412i(d)(2) (emphasis added).

The powers that the "officials of the [federal] executive branch" have concerning United States income tax include the powers of the officials in both the Department of Treasury (of which the IRS is one part) and the Department of Justice, which together direct the defense and prosecution of tax refund actions. *See* 26 U.S.C. § 7803 (creating the IRS's counsel, who prepares recommendations to the Department of Justice in tax cases); 28 C.F.R. § 0.70 (creating the tax division at the Department of Justice for tax litigation). Thus, under 48 U.S.C. § 1412i(d)(2), the Governor specifically is granted as to the Guam Territorial Income Tax powers

1  equivalent to those held by the members of the Department of Treasury and Department of Justice

2  as to federal taxes, and consequently must have the ability to appear through his chosen counsel

3  in this action and control its defense.

4       Moreover, the Governor is a named party to this action. In proceedings before the

5  Guam District Court in a case that did not involve the Guam Territorial Income Tax, this Court

6

7  has held that where the Attorney General represents the Governor but has a conflict between the

8  policy objectives of the Governor and his own policy objectives, he must step aside in favor of

9  independent counsel. *Merrill v. Guam Election Comm'n*, Dist. Ct. of Guam Case Nos. CV04-

10 00046 & CV04-00045 (consolidated proceedings), Order at 2 (May 10, 2005) ("There are those

11 instances, when the Attorney General may need to step aside and let independent counsel

12

13 represent elected officials and/or public agencies when the Attorney General is also seeking to

14 represent and protect the public's interest.") (courtesy copy attached hereto as Exhibit 2).[4]

15 Accordingly, even without the express provisions of the Organic Act, the Governor already has a

16 clear right to independent counsel in this action that demonstrates the lack of a substantial ground

17 for a difference of opinion.

18       **C.     Certification Would Not Materially Advance the Litigation**

19       Lastly, the Attorney General argues that resolution of the question he seeks to

20 certify will materially advance this litigation because if he succeeds on appeal "the plaintiff class

21

22 and anticipated objectors will only have [one] attorney and one legal position for the whole of the

23 Government of Guam to contend with." (March 11, 2005 MPA at 7.) The Attorney General's

24 apparent underlying assumption is that if he removes the Governor's chosen attorneys, the

25

26       [4] This Order expressly adopted an earlier Findings and Recommendation that reached the
identical conclusion. *Merrill v. Guam Election Comm'n*, Dist. Ct. of Guam Case Nos. CV04-
27 00046 & CV04-00045 (consolidated proceedings), Findings & Recommendation (March 16,
28 2005) (courtesy copy attached hereto as Exhibit 3).

1  Attorney General can silence the many issues the Governor has raised in this litigation, especially

2  concerning the previous unlawful settlement that the Attorney General attempted to push through

3  this Court. However, this case is a class action, and once those issues are raised, they will be

4  examined no matter the position of the Attorney General. Certification will not materially

5  advance this litigation—it will needlessly impede it when the issue of the Governor's right to

6

7  appear and control the litigations is plainly addressed by Congress in 48 U.S.C. § 1412i(d)(2)

8  ("The Governor or his delegate shall have the same administrative and enforcement powers and

9  remedies with regard to the Guam Territorial income tax as the Secretary of the Treasury, and

10  other United States officials of the executive branch, have with respect to the United States

11  income tax.").

12  **CONCLUSION**

13

14  For the foregoing reasons, the Governor respectfully requests that the Court

15  summarily deny and reject the relief sought by the Attorney General in his filings of March 11,

16  2005 and July 6, 2005. These filings are untimely attempts to object to the Magistrate Judge's

17  Orders of February 9, 2005 and March 2, 2005 that do not comply with the Court's General

18  Order. Alternatively, the Governor requests that the Court deny the relief sought—certification

19  for interlocutory appeal—because the requirements for such certification are not met.

20  Dated this 𝒩𝓊𝒹 day of July, 2005.

21
22  OFFICE OF THE GOVERNOR OF GUAM
     CALVO & CLARK, LLP
     Attorneys at Law
23    Attorneys for Respondent
      *Felix P. Camacho, Governor of Guam*

24

25  By: _____

26        **DANIEL M. BENJAMIN**

27

28

# EXHIBIT 1

1  SHANNON TAITANO, ESQ.
   OFFICE OF THE GOVERNOR OF GUAM
2  Ricardo J. Bordallo Governor's Complex
3  Adelup, Guam 96910
   Telephone:    (671) 472-8931
4  Facsimile:    (671) 477-4826

5  EDUARDO A. CALVO, ESQ.
   RODNEY J. JACOB, ESQ.
6  DANIEL M. BENJAMIN, ESQ.
7  CALVO & CLARK, LLP
   Attorneys at Law
8  655 South Marine Corps Drive, Suite 202
   Tamuning, Guam 96913
9  Telephone:    (671) 646-9355
   Facsimile:    (671) 646-9403
10

11  Attorneys for *Felix P. Camacho, Governor of Guam*

12

13               IN THE UNITED STATES DISTRICT COURT

14                        DISTRICT OF GUAM

15
    JULIE BABAUTA SANTOS, et. al.,          CIVIL CASE NO. 04-00006
16
                         Petitioners,
17
                                            **OPPOSITION TO MOTION TO**
18          -v-                             **AMEND ORDER OF MARCH 2, 2005**
                                            **TO CERTIFY INTERLOCUTORY**
19                                          **APPEAL**
20  FELIX P. CAMACHO, etc., et. al.,

21                         Respondents.

22

23

24

25

26

27

28

The Governor of Guam, Felix P. Camacho, respectfully submits this opposition to the Attorney General's motion to amend the Court's Order of March 2, 2005 to certify an interlocutory appeal.

## INTRODUCTION

The Attorney General's motion to amend the Court's Order of March 2, 2005 to certify the issue of the Governor's right to independent counsel should be rejected. As the Attorney General expressly concedes, the representation issue is a collateral issue in this case. The Ninth Circuit has held that collateral issues cannot be certified because they cannot constitute a "controlling question" of law. Moreover, the Attorney General's vehement disagreement with the Court's Order does not demonstrate the requisite "substantial" difference of opinion. As the Court's Orders of February 9, 2005 and March 2, 2005 aptly explained, the issue in this case ultimately boils down to a simple application of the Governor's powers and duties under 48 U.S.C. § 1412i(d)(2) that does not conflict with the Attorney General's designation as "Chief Legal Officer" under the Organic Act. Lastly, certification will not materially advance this litigation even in the extremely unlikely event that the Governor's chosen counsel were removed on appeal. The issues that the Governor has raised in this litigation with regard to the proposed settlement—jurisdiction, illegality, and class certification—would have to be addressed by this Court even if the Governor was deprived of representation to raise these issues.

## ARGUMENT

Under 28 U.S.C. § 1292(b), a district court has the discretion to certify an order for interlocutory appeal if all of the three following criteria are met:

(1) The order involves a controlling question of law;

(2) There is substantial grounds for difference of opinion; and

(3) An immediate appeal from the order may materially advance the ultimate termination of the litigation.

*In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982). However, even then, this discretion is to be used sparingly, and only in "extraordinary circumstances." *United States v. Woodbury*, 263 F.2d at 799 n.11 (9th Cir. 1959). As will be shown, none of the three criteria are met, and the circumstances do not justify certification.

## I.     The Question Here Is Collateral, and the Ninth Circuit Has Held that Collateral Questions Cannot Be a Basis for Certification

As the Attorney General admits, the question on which he seeks certification "is **collateral** to the merits of whether or not the petitioner and the putative class are entitled to the relief they seek in this Court." (MPA at 5 (emphasis added).) Under Ninth Circuit precedent, a collateral issue cannot constitute a "controlling" question. *United States v. Woodbury*, 263 F.2d 784, 787-88 (9th Cir. 1959) ("the claim of privilege here asserted is collateral to the basic issues of this case, and cannot be regarded as presenting a 'controlling question of law' as those words are used in the statute"); *In re Cement Antitrust Litig.*, 673 F.2d at 1027 (following *Woodbury* and rejecting certification because "[t]he question whether Judge Muecke erroneously disqualified himself under 28 U.S.C. § 455(b)(4) must be viewed as collateral to the basic issues of this lawsuit."). Accordingly, because the issue on which certification is sought is collateral, it cannot be a controlling question and the Attorney General's motion fails at the first step.[1]

## II.    The Vehemence of the Attorney General's Difference of Opinion with this Court Does Not Demonstrate "Substantial Grounds" for a Difference of Opinion

The Attorney General plainly strongly disagrees with this Court's decision, as evidenced by his original motions to strike, his motion for reconsideration of the February 9, 2005

---

[1] A collateral issue is not controlling even if the resolution of the issue might speed the final resolution of this case. As the Ninth Circuit has explained: "[s]ome courts have adopted the view that a question is controlling if it is one the resolution of which may appreciably shorten the time, effort, or expense of conducting a lawsuit." *In re Cement Antitrust Litig.*, 673 F.2d at 1027 (citations omitted). However, the Ninth Circuit went on to state that this would be "essentially reading the 'controlling question of law' requirement out of section 1292(b)." *Id.* Thus, the Court emphatically stated: "We reject this approach." *Id.*

Order, and now this motion to certify. However, the Attorney General is mistaking his strong disagreement for what is actually required—a substantial ground for a difference of opinion. *Yakima Products, Inc. v. Industri AB Thule*, 1998 WL 173205, *5 (N.D. Cal. March 19, 1998) ("Although Defendants disagree with the Court's evaluation of the facts in this action, their strong disagreement is not sufficient to justify an interlocutory appeal.") (citation omitted); *First Am. Corp. v. Al-Nahyan*, 948 F. Supp. 1107, 1116 (D.D.C. 1996) ("Mere disagreement, even if vehement, with a court's ruling on a motion to dismiss does not establish a 'substantial ground for difference of opinion' sufficient to satisfy the statutory requirements for an interlocutory appeal.") (quotation omitted).

Nor is it sufficient that the issue before the Court is of first impression. "[T]he mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion. ... Rather, '[i]t is the duty of the district judge ... to analyze the strength of the arguments in opposition to the challenged ruling when deciding whether the issue for appeal is truly one on which there is a substantial ground for dispute.'" *In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996) (citations and quotations omitted).

Here, the months of briefing concerning the Governor's right to faithful representation, along with the lengthy hearing then held, have given the Court ample opportunity to carefully consider the issue. But this does not mean that the issue, once resolved, is one on which there can be a substantial dispute. The Organic Act of Guam states that "[t]he Governor or his delegate shall have the same administrative and enforcement powers and remedies with regard to the Guam Territorial Income Tax as the Secretary of the Treasury, and other United States officials of the executive branch, have with respect to the United States income tax." 48 U.S.C. § 1412i(d)(2). Nothing in the Attorney General's designation as "Chief Legal Officer," a

1  designation made without any enumeration of powers, contradicts this provision or prevents the

2  Governor from fully exercising his powers by appearing in Court through counsel of his

3  choosing. The issue, once fully and thoroughly explained as it has been in the Court's February

4  9, 2005 and March 2, 2005 Orders, is not one on which there can be a substantial dispute.

5

6  **III.    Certification Will Not Materially Advance The Litigation**

7          The Attorney General argues that resolution of the question he seeks certification

8  on will materially advance this litigation because if he succeeds on appeal "the plaintiff class and

9  anticipated objectors will only have [one] attorney and one legal position for the whole of the

10 Government of Guam to contend with." (MPA at 7.) The Attorney General's apparent

11 underlying assumption, therefore, is that if he removes the Governor's chosen attorneys, the

12 Attorney General will have made all of the Governor's objections to the proposed settlement

13 agreement go away. But that is just not right.

14

15         The issues that the Governor is raising are issues that the Court would have to

16 consider even if the Attorney General had silenced the Governor. The Governor is raising

17 jurisdictional objections, and these must be addressed by any federal court, whether or not they

18 are raised by the parties. *E.g. Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1093 (9th Cir. 2004).

19 The Governor is raising a question of legality under the Illegal Expenditure Act, and courts will

20 not enforce contracts that violate that Act on public policy grounds. *Pangelinan v. Gutierrez*,

21 2003 Guam 13, ¶ 25 *vacated in part on other grounds by* 2004 Guam 16 ¶ 1. And the Governor

22 is raising issues—including due process issues—regarding the class, and the Court has an

23 independent duty to protect absent class members no matter what issues are raised by the parties.

24 *E.g. Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997); *Ficalora v. Lockheed Cal. Co.*,

25 751 F.2d 955, 997 (9th Cir. 1985). In sum, even if the Attorney General succeeded in ousting the

26

27

28

Governor's chosen attorneys and silencing his voice in this Court, the issues that the Governor has raised, once brought before the Court, cannot again be swept under the rug.

## IV. The Circumstances Do Not Justify Certification

Lastly, the Attorney General argues that there are extraordinary circumstances justifying certification because the Court's Order permitting the Governor his own counsel and own voice in Court have somehow "undermine[d] democratic principles of self-governance..." (MPA at 8.) This argument is impossible to accept on the facts of this case. The Governor is elected by the people of Guam. If there was a threat to the principles of self-governance, it occurred when the Governor, duly elected and charged with administration of the Guam Territorial Income Tax by 48 U.S.C. § 1412i(d)(2), was silenced in this litigation by the Attorney General's actions. With the Governor's voice now restored by this Court's Orders, the extraordinary circumstances have been abated.

### CONCLUSION

The Attorney General's motion should be denied. Collateral orders cannot be certified under Ninth Circuit precedent, and the remaining requirements for certification are also absent. Accordingly, the Governor respectfully requests that the Court deny the motion.

Dated this 24th day of March, 2005.

OFFICE OF THE GOVERNOR OF GUAM
CALVO & CLARK, LLP
Attorneys at Law

By: _____

DANIEL M. BENJAMIN

# EXHIBIT 2

FILED

DISTRICT COURT OF GUAM

MAY 10 2005

MARY L.M. MORAN
CLERK OF COURT

DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| LOURDES P. AGUON-SCHULTE, | CIVIL CASE NO. 04-00045 |
| Plaintiff, | (as removed from the Superior Court of Guam Civil Case No. CV-1103-04) |
| vs. | |
| THE GUAM ELECTION COMMISSION, GERALD A. TAITANO, in his official capacity as the Executive Director of the Guam Election Commission, I MINA' BENTE SIETE NA LIHESLATURAN GUAHAN (The 27th Guam Legislature) and FELIX P. CAMACHO, in his official capacity as the Governor of Guam, | |
| Defendants. | |
| JAY MERRILL, on his own behalf and on behalf of all other similarly situated voters desirous of casting a vote in favor of Proposal A at a fair and legal election, | CIVIL CASE NO. 04-00046 |
| | (as removed from the Superior Court of Guam Civil Case No. CV-1111-04) |
| Plaintiffs, | |
| vs. | ORDER |
| THE GUAM ELECTION COMMISSION, GERALD A. TAITANO, in his official capacity as the Executive Director of the Guam Election Commission, I MINA' BENTE SIETE NA LIHESLATURAN GUAHAN (The 27th Guam Legislature) and FELIX P. CAMACHO, in his official capacity as the Governor of Guam, | |
| Defendants. | |

This matter comes before the Court on Defendants' Motion to Remand and the Attorney

General's Motion to Strike Appearance by and Pleadings of Private Counsel. These motions were referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and General Order No. 04-00016 on December 12, 2004.[1] Docket No. 63. The Magistrate Judge reviewed the submissions and held oral argument on February 18, 2005. Thereafter the Magistrate Judge filed his Findings and Recommendations on March 15, 2005. Docket No. 102. On March 29, 2005 the Attorney General's filed objections to the Findings and Recommendations. Docket No. 104.

The Attorney General states that the Magistrate Judge's recommendation and findings in effect eviscerate the authority of the Attorney General with "respect to litigation decisions of agencies and instrumentalities of the Government of Guam." *See* Docket No. 104, p.2. This Court does not agree. The Magistrate Judge's analysis does not eviscerate the Attorney General's authority as much as he seeks to define the balancing act required of the Attorney General in representing the needs of public with those of elected officials and/or governmental agencies. There are those instances, when the Attorney General may need to step aside and let independent counsel represent elected officials and/or public agencies when the Attorney General is also seeking to represent and protect the public's interests.

Under 28 U.S.C. § 636(b)(1)(C), the Court may accept, reject or modify in whole or in part the Magistrate Judge's recommendation, but must make a *de novo* determination as to any portion of the recommendation has been filed. Having thoroughly considered the entire case and relevant law, the Court hereby adopts the Magistrate's Findings and Recommendations in full. Accordingly, the defendants' Motions to Remand is GRANTED and the Attorney General's Motion to Strike the Appearances of the Private is DENIED. In addition all remaining motions

///

///

///

///

_____

[1] At the time of the hearing there were several motions pending before the Magistrate Judge. He decided to consider and rule on the two motions discussed herein first since a decision on those matters could obviate the need

pending are considered moot and will not be further considered by this Court.

SO ORDERED this _10_ day of May, 2005.

_David O. Carter_
District Judge David O. Carter
United States District Judge

Notice is hereby given that this document was
entered on the docket on MAY 1 0 2005 .
No separate notice of entry on the docket will
be issued by this Court.
Mary L. M. Moran
Clerk, District Court of Guam

By: _____     MAY 1 0 2005
Deputy Clerk          Date

# EXHIBIT 3



FILED

DISTRICT COURT OF GUAM

MAR 1 6 2005

MARY L.M. MORAN
CLERK OF COURT

DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| LOURDES P. AGUON-SCHULTE,<br><br>        Plaintiff,<br><br>vs.<br><br>THE GUAM ELECTION COMMISSION,<br>GERALD A. TAITANO, in his official<br>capacity as the Executive Director of the<br>Guam Election Commission, I MINA'<br>BENTE SIETE NA LIHESLATURAN<br>GUAHAN (The 27th Guam Legislature) and<br>FELIX P. CAMACHO, in his official<br>capacity as the Governor of Guam,<br><br>        Defendants. | CIVIL CASE NO. 04-00045<br><br>(as removed from the Superior Court of Guam<br>Civil Case No. CV-1103-04) |
| JAY MERRILL, on his own behalf and on<br>behalf of all other similarly situated voters<br>desirous of casting a vote in favor of<br>Proposal A at a fair and legal election,<br><br>        Plaintiffs,<br><br>vs.<br><br>THE GUAM ELECTION COMMISSION,<br>GERALD A. TAITANO, in his official<br>capacity as the Executive Director of the<br>Guam Election Commission, I MINA'<br>BENTE SIETE NA LIHESLATURAN<br>GUAHAN (The 27th Guam Legislature) and<br>FELIX P. CAMACHO, in his official<br>capacity as the Governor of Guam,<br><br>        Defendants. | CIVIL CASE NO. 04-00046<br><br>(as removed from the Superior Court of Guam<br>Civil Case No. CV-1111-04)<br><br><br>**FINDINGS AND RECOMMENDATION<br>BY MAGISTRATE JUDGE** |

On February 18, 2005, these consolidated cases came before the Court for hearing on the

Lourdes P. Aguon-Schulte v. Guam Election Commission, et al., Civil Case No. 04-00045
Jay Merrill, etc., et al. v. Guam Election Commission, et al., Civil Case No. 04-00046
Order Denying Motions to Strike and Granting Motions to Remand

Attorney General's motions to strike the appearances by and pleadings of private counsel and the defendants' motions to remand these actions to the Superior Court of Guam. At the conclusion of the hearing, the Court took the motions under advisement. The Court now issues its findings and recommendation for the parties' and the district judge's review.

## BACKGROUND

On or about October 18, 2004, Plaintiff Lourdes P. Aguon-Schulte filed a Complaint (CV 1103-04) in the Superior Court of Guam against the Guam Election Commission, Gerald A. Taitano, in his official and individual capacity, *I Mina Bente Siete Na Liheslaturan Guahan* (the 27th Guam Legislature), and Felix P. Camacho, in his official capacity as the Governor of Guam. The plaintiff sought declaratory and injunctive relief, and an order from the Court requiring the Governor to hold a special election on Proposal A.

On or about October 25, 2004, Plaintiff Jay Merrill, on his behalf and all others similarly situated, filed a Complaint (CV 1111-04) in the Superior Court of Guam against the Guam Election Commission, Gerald A. Taitano, in his official and individual capacity, *I Mina Bente Siete Na Liheslaturan Guahan* (the 27th Guam Legislature), and Felix P. Camacho, in his official capacity as the Governor of Guam. The plaintiffs sought declaratory and injunctive relief, and an order from the Court requiring the Governor to hold a special election on Proposal A.

On October 26, 2004, the Attorney General of Guam filed a Notice of Removal of the said cases to the District Court of Guam. In his removal petition, the Attorney General noted that the Plaintiffs complained about alleged violations of their right to vote protected by the First and Fourteenth Amendments to the Constitution and their right to vote for initiatives, a right protected by the Organic Act of Guam, a federal statute. Furthermore, the Attorney General alleged that as Chief Legal Officer of the Government of Guam, he represented all the named defendants in the litigation. At the same time, the Attorney General lodged with this court a Stipulation and Order for Preliminary Injunction in both cases.[1] The Stipulation was executed by

---

[1] Copies of the Stipulation and Order for Preliminary Injunction are attached as Exhibits A and B to this Findings and Recommendation.

Lourdes P. Aguon-Schulte v. Guam Election Commission, et al., Civil Case No. 04-00045
Jay Merrill, etc., et al. v. Guam Election Commission, et al., Civil Case No. 04-00046
Order Denying Motions to Strike and Granting Motions to Remand

1  the Plaintiffs' counsel, Thomas L. Roberts, Esq.[2] and the Attorney General, through his assistant,

2  Robert M. Weinberg, on behalf of all the defendants.

3  On or about October 28, 2004, *I Mina Bente Siete Na Liheslaturan Guahan* (the 27th

4  Guam Legislature) filed an entry of appearance through its legislative counsel, Therese M.

5  Terlaje. At the same time, *I Mina Bente Siete Na Liheslaturan Guahan* (the 27th Guam

6  Legislature) lodged an objection to the proposed stipulation and order for preliminary injunction

7  executed between the plaintiffs and the Attorney General, on behalf of the defendant, *I Mina*

8  *Bente Siete Na Liheslaturan Guahan* (the 27th Guam Legislature). On the same day, Felix P.

9  Camacho, the Governor of Guam, filed an appearance through the law firm of Calvo & Clark

10  LLP, as attorneys for the Governor. The Governor simultaneously filed an objection to the

11  proposed stipulation and order for preliminary injunction. On or about the same time, Attorney

12  Cesar C. Cabot entered his appearance for the Guam Election Commission and Gerald Taitano,

13  in his individual and official capacities. Attorney Cabot also objected to the stipulation and order

14  for preliminary injunction on behalf of the Guam Election Commission and Director Taitano.

15  On October 29, 2004, the Attorney General filed motions[3] to strike the appearances of

16  the various counsel, made on behalf of the said named defendants. Also on the same date, the

17  Court denied the Attorney General and the Plaintiffs' request for a temporary injunction.

18  On or about November 22, 2004, *I Mina Bente Siete Na Liheslaturan Guahan* (the 27th

19  Guam Legislature) moved the Court to remand the cases[4] to Superior Court arguing that it did not

20  consent to the removal of the cases to federal court. The Governor, Executive Director Taitano,

21

22  [2] The Plaintiffs in both cases are represented by Attorney Roberts.

23

24  [3] Prior to consolidation of these two cases, the Attorney General filed a motion to strike
appearances and pleadings by private counsel in each action. See Docket No. 18 in Civil Case
No. 04-00045 and Docket No. 13 in Civil Case No. 04-00046. All further references to docket

25  numbers herein shall be to the docket in the lead case, Civil Case No. 04-00046, unless otherwise

26  specified.

27  [4] *I Mina Bente Siete Na Liheslaturan Guahan* (the 27th Guam Legislature) filed a motion
to remand in each case. See Docket No. 28 in Civil Case No. 04-00045 and Docket No. 30 in

28  Civil Case No. 04-00046.cv-00006    Document 223    Filed 07/22/2005    Page 25 of 51

Lourdes P. Aguon-Schulte v. Guam Election Commission, et al., Civil Case No. 04-00045
Jay Merrill, etc., et al. v. Guam Election Commission, et al., Civil Case No. 04-00046
Order Denying Motions to Strike and Granting Motions to Remand

1   and the Guam Election Commission have joined in the said motion and for the same reason —

2   that they did not consent to the removal of the Superior Court actions to this Court.[5]

3         The motions to strike and to remand are two of several motions pending before this

4   Court. The Court has decided to hear the motions to strike first since a decision reached therein

5   ultimately decides whether these cases remain with this Court or are remanded back to the

6   Superior Court of Guam.

7                                    **DISCUSSION**

8   I.    **Attorney General Provision in the Organic Act of Guam**

9         The pertinent provision of the Organic Act of Guam regarding the Attorney General

10  provides:

11        (d) Attorney General

12        (1) The Attorney General of Guam shall be the Chief Legal Officer of the
          Government of Guam. At such time as the Office of the Attorney General of
-13------Guam-shall-next-become-vacant,-the-Attorney General of Guam shall be appointed
          by the Governor of Guam with the advice and consent of the legislature, and shall
14        serve at the pleasure of the Governor of Guam.

15        (2) Instead of an appointed Attorney General, the legislature may, by law, provide
          for the election of the Attorney General of Guam by the qualified voters of Guam
16        in general elections after 1998 in which the Governor of Guam is elected. The
          term of an elected Attorney General shall be 4 years. The Attorney General may
17        be removed by the people of Guam according to the procedures specified in
          section 1422d of this title or may be removed for cause in accordance with
18        procedures established by the legislature in law. A vacancy in the office of an
          elected Attorney General shall be filled —

19
          (A) by appointment by the Governor of Guam if such vacancy occurs less than 6
20        months before a general election for the Office of Attorney General of Guam; or

21        (B) by a special election held no sooner than 3 months after such vacancy occurs
          and no later than 6 months before a general election for Attorney General of
22        Guam, and by appointment by the Governor of Guam pending a special election
          under this subparagraph.

23

24  42 U.S.C. § 1421g(d).

25

26  _____

27        [5] Subsequent to the filing of its motions to remand, *I Mina Bente Siete Na Liheslaturan
    Guahan* (the 27th Guam Legislature) was dismissed as a named defendant in each case. The
28  motions to remand, however, are still pending as to the remaining Defendants who have joined in
    the motions. Case 1:04-cv-00006    Document 223    Filed 07/22/2005    Page 26 of 51

Lourdes P. Aguon-Schulte v. Guam Election Commission, et al., Civil Case No. 04-00045
Jay Merrill, etc., et al. v. Guam Election Commission, et al., Civil Case No. 04-00046
Order Denying Motions to Strike and Granting Motions to Remand



1   Because the Attorney General is the Chief Legal Officer of the Government of Guam, he

2   argues that he has exclusive right to represent the Government of Guam's agencies and officials

3   in litigation in which the said agencies and officials are involved. In these actions, an entity of

4   the government of Guam, (the Guam Election Commission), and two government officials,

5   (Felix P. Camacho, the Governor of Guam and Gerald A. Taitano, the Executive Director of the

6   Guam Election Commission) are named defendants. Because the named defendants are parts and

7   parcel of the Government of Guam, the Attorney General has opined that he and only he or his

8   staff attorneys within the Office of Attorney General can legally represent them. The Attorney

9   General has stated the issue pending before this Court is constitutional in nature, i.e., his

10   congressional designation as Chief Legal Officer of the Government of Guam prevents any

11   entity, agency, and official of the Government of Guam from being represented by counsel other

12   than the Attorney General. Furthermore, he asserts that the Guam Legislature has no authority to

13   enact legislation which would allow any official, agency, or entity within the Government of

14   Guam to be represented by any attorney other than the Attorney General. The Court must

15   therefore decide whether Governor Felix P. Camacho, the Guam Election Commission, and its

16   Executive Director Gerald A. Taitano may be represented by the attorneys who have made

17   entries of appearances in this litigation on behalf of the said defendants or whether the Court

18   should strike their entries of appearances as motioned by the Attorney General.

19   In 1998, Congress was petitioned by the people of Guam to amend the Organic Act to

20   allow for the election of their Attorney General. Rather than providing outright for an elected

21   Attorney General, Congress deemed it best to allow the people of Guam to make that

22   determination through local legislation. In order to provide the framework for an elected

23   Attorney General, if such local legislation was to be enacted, Congress was required to create that

24   office (Attorney General) within the framework of Guam's Organic Act. Thus, Congress added a

25   new subsection (48 U.S.C. §1421g(d)) to the Organic Act and created and designated an office of

26   Attorney General of Guam. In so doing, Congress declared the Attorney General "shall be the

27   Chief Legal Officer of the Government of Guam." The Organic Act amendment became law

28   October 27, 1998. See Pub. L. No. 105-291.

Lourdes P. Aguon-Schulte v. Guam Election Commission, et al., Civil Case No. 04-00045
Jay Merrill, etc., et al. v. Guam Election Commission, et al., Civil Case No. 04-00046
Order Denying Motions to Strike and Granting Motions to Remand

1    Because Congress did not allow outright for an elected Attorney General and there was

2  insufficient time in 1998 to pass local legislation providing for an elected Attorney General, the

3  selection of the next Attorney General (following the November 1998 gubernatorial general

4  election) would be governed by the appointment provisions of the Organic Act, *i.e.,* by

5  Section 1421g(d)(1). The next Attorney General would thus be appointed by the Governor of

6  Guam with the advice and consent of the Legislature. Furthermore, the Attorney General would

7  serve at the pleasure of the Governor.

8    On June 9, 1999, Substitute Bill No. 52 of the 25th Guam Legislature was signed into law

9  as P. L. 25-44 (the "Act"). The Act provided for the election of the Attorney General. The Act,

10  among other things, set forth the qualifications for the Attorney General, the procedure for the

11  election and removal of the Attorney General, and it further set forth the compensation of the

12  Attorney General. Thus, the enactment by the 25th Guam Legislature of the elected Attorney

13  General bill triggered the Organic Act provisions of Section 1421g(d)(2). The Attorney

14  General's election had to coincide with the election of Guam's governor and the Attorney

15  General would serve a four year term. In addition, the Attorney General could only be removed

16  under certain circumstances and a vacancy would be filled as provided under the provisions of 48

17  U.S.C. § 1421g(d)(2) of the Organic Act.

18    The Court takes note that when the Defendant Felix P. Camacho was chosen on

19  November 5, 2002 by the People of Guam as their seventh elected Governor of Guam, the People

20  of Guam also chose Douglas B. Moylan as their first elected Attorney General.

21    Whether Guam decided to elect its Attorney General or not, Congress was clear in its

22  1998 Organic Act amendment that the Attorney General was to be the Chief Legal Officer of the

23  Government of Guam. Congress did not articulate further the duties and responsibilities of the

24  Attorney General. One could speculate that Congress may have thought it inappropriate to

25  articulate the duties and responsibilities of that office since Guam's Attorney General had been

26  appointed since the Organic Act's inception in 1950 and continued to remain appointed (48 years

27  of gubernatorial appointments). Moreover, local legislation presently provided areas of duties

28  and responsibilities for the appointed Attorney General.

Lourdes P. Aguon-Schulte v. Guam Election Commission, et al., Civil Case No. 04-00045
Jay Merrill, etc., et al. v. Guam Election Commission, et al., Civil Case No. 04-00046
Order Denying Motions to Strike and Granting Motions to Remand

1    Was Congress's then proclamation of the Attorney General as the Chief Legal Officer of

2  the Government of Guam merely an acknowledgment of all the existing powers of the Attorney

3  General, or did Congress intend to place a deeper and more substantive power into the office, an

4  authority and power which would negate executive as well as legislative intrusion into the

5  Attorney General's authority as Chief Legal Officer of the Government of Guam?  Whatever the

6  case may be, it appears to this Court that in interpreting the Attorney General's status as Chief

7  Legal Officer of the Government of Guam, it must attempt to give full meaning and expression to

8  Congress's declaration that the Attorney General shall be the Chief Legal Officer of the

9  Government of Guam.  How then does the Court give this declaration full expression and

10  meaning?  As it relates to the representation issue before the Court, it appears reasonable and

11  logical to conclude that the Attorney General's authority as Chief Legal Officer would generally

12  be negated and diminished  when an entity, agency or official within the Government of Guam is

13  represented by counsel other than the Attorney General.  This Court recognizes  as fundamental

14  to his authority under the Organic Act the Attorney General's ability to represent entities,

15  agencies and officers of the Government of Guam.

16    Examining the provisions of Guam's Organic Act in relation to the Office of Attorney

17  General of Guam, the Court takes note of the Attorney General's statements that only once

18  previously did Congress enact legislation for an office of the Attorney General, that being the

19  creation of the Office of the Attorney General of the United States.  When Congress created the

20  Department of Justice and headed that office with the Attorney General, it reserved, however, to

21  the officers of the Department of Justice, under the direction of the Attorney General, the conduct

22  of all "litigation in which the United States, an agency, or officer thereof is a party, or is

23  interested." 28 U.S.C. § 516.  Furthermore, Congress prohibited the heads of all Executive and

24  military departments, unless expressly authorized by law or exempted under section 1037 of title

25  10, from employing an attorney or counsel for the "conduct of litigation in which the United

26  States, an agency, or employee thereof is a party, or is interested, or for the securing of evidence

27  therefor, but shall refer the matter to the Department of Justice." 5 U.S.C. § 3106.  Most

28  important, the Attorney General of the United States was required to "supervise all litigation to

Lourdes P. Aguon-Schulte v. Guam Election Commission, *et al.*, Civil Case No. 04-00045
Jay Merrill, etc., *et al.* v. Guam Election Commission, *et al.*, Civil Case No. 04-00046
Order Denying Motions to Strike and Granting Motions to Remand

1  which the United States, an agency, or officer thereof is a party" unless otherwise provided by

2  law. 28 U.S.C. § 519.

3      In contrast, when Congress provided for the Office of the Attorney General of Guam, it

4  did not reserve to the Attorney General supervision over the conduct of all litigation in which the

5  Government of Guam's agencies and officials were parties. Congress simply proclaimed the

6  Attorney General the Chief Legal Officer of the Government of Guam. In this regard, the Court

7  notes that in 1999, the succeeding Attorney General of Guam became the first Attorney General

8  to be designated Chief Legal Officer of the Government of Guam pursuant to the provisions of

9  the Organic Act. Yet that Attorney General's ability to supervise litigation in which the

10 government's agencies or officials were involved was subject to the Governor's removal

11 authority.

12      There is little legislative history behind Congress's intent in designating the Attorney

13 General as the Chief Legal Officer of the Government of Guam. It has been argued that the

14 current designation was patterned after the designation of another state attorney general. A

15 review of state constitutional provisions and statutes does reflect that in many jurisdictions the

16 attorney general has received the designation as chief legal officer for the respective state. State

17 courts, however, differ in their interpretations of the powers and duties of their attorneys general

18 especially as it relates to the representation of state agencies and officials. Some courts have

19 taken the position that their attorney general has exclusive right to represent agencies which are

20 involved in litigation.

21      The Organic Act does not contain express language which reserves to the Attorney

22 General of Guam or the Department of Law all litigation in which the Government of Guam or

23 any of its agencies or officers are involved. A further review of Guam's statutes reveals that

24 there is no specific legislation which requires the Attorney General to represent officials of the

25 Government of Guam when sued as defendants. The Court, however, recognizes that the power

26 and authority of the Attorney General to represent such agencies and individuals is presumed and

27 implied as contained within his Organic Act designation as Chief Legal Officer of the

28 ///

Lourdes P. Aguon-Schulte v. Guam Election Commission, et al., Civil Case No. 04-00045
Jay Merrill, etc., et al. v. Guam Election Commission, et al., Civil Case No. 04-00046
Order Denying Motions to Strike and Granting Motions to Remand

1   Government of Guam. However, while the authority to represent government agencies and

2   officials is implied, it is not expressed.

3   **II.      The Roles of the Attorney General**

4            The Organic Act's designation of the Attorney General as Chief Legal Officer of the

5   Government of Guam appears to have adopted basic common law principles regarding the

6   Attorney General's primary role:  that of representing the interests of the government the attorney

7   general represents – in other words, the state interest or the public interest.  As chief legal officer

8   of the government, it is this interest that the attorney general must at all times represent.  In this

9   respect, it can be said that the attorney general's real client is the state he represents or the public

10  interest he represents.  It therefore necessarily embodies the principle that if the attorney general

11  finds his duties to the state and the public interest conflicting with his other duties, it is his duty

12  to represent the state and the public interest which is paramount.  In this role, the attorney

13  general's responsibility has generally been regarded as being the protector and guardian of the

14  public interest, i.e., the state or government interest which he advocates.

15           In his role as guardian of the public interest and representative of the state and its

16  interests, the attorney general may bring suits against officials and agencies of the government.

17  See Moylan v. Camacho, Superior Court of Guam Special Proceeding No. SP230-03, Decision

18  and Order (November 10, 2003).  The Court notes that as advocate of the state government or the

19  public interest, the attorney general has generally not been restricted from prosecuting said

20  actions because of ethics considerations or the application of the rules of professional

21  responsibility to his office.

22           In addition to his role as representative of the state, the state's interest or the public

23  interest, the attorney general also has the dual role and responsibility of representing the

24  instrumentalities of that government, i.e., the agencies and officials in matters in which the said

25  entities are involved as parties in any litigation.  While the Court has noted above that the

26  Organic Act does not expressly reserve to the Attorney General the representation of the

27  Government of Guam's agencies and officials in litigation in which they are involved, it is an

28  implied grant of authority.  In order to be the Chief Legal Officer of the Government of Guam,

Lourdes P. Aguon-Schulte v. Guam Election Commission, et al., Civil Case No. 04-00045
Jay Merrill, etc., et al., v. Guam Election Commission, et al., Civil Case No. 04-00046
Order Denying Motions to Strike and Granting Motions to Remand

1    the Attorney General must necessarily be the primary legal counsel for its employees and

2    agencies. It is in this vein that this matter comes before the Court. As the Chief Legal Officer,

3    the Attorney General has appeared in this action as the legal representative of the Defendants.

4    The Defendants have also made entries of appearances but through separate counsel.

5         In light of the Defendants' conflicting legal representations, the Court must decide who

6    should represent the Defendants in the actions herein. Should the Court allow the Attorney

7    General to represent the Defendants to the exclusion of the other attorneys because he

8    exclusively represents the Governments's agencies and officials as Chief Legal Counsel? The

9    Court finds that in order to resolve this question, it must determine what role and responsibility

10    the Attorney General shoulders when undertaking the representation of the Defendants. The

11    parties offer differing positions.

12         The Attorney General argues that when he assumes the representation of the Defendants,

13    they speak through his voice, regardless of whether his voice represents their position or not.

14    This is so because he is the Chief Legal Officer of the Government of Guam, and this designation

15    prevents the Defendants from having any other attorney represent them other than the Attorney

16    General. The Attorney General justifies this position based upon the need and necessity for a

17    uniform litigation policy which can only be established by the Attorney General. The Attorney

18    General cites case law in various jurisdictions establishing the Attorney General's paramount

19    right to represent government agencies and officials to the exclusion of any other attorney.

20         The Guam Election Commission and Director Taitano argue that the Attorney General's

21    motions to strike should be denied because Guam law authorizes the Commission to have its

22    own attorney. Specifically, 2 GUAM CODE ANN. § 2103(b) authorizes the election board to retain

23    an attorney to advise the board and its executive director on all legal matters pertaining to the

24    Commission. Its attorney is also mandated to "represent the Commission in litigation in which

25    the Commission is interested or involved." The Defendants further argue that the Attorney

26    General's designation as Chief Legal Officer does not prevent the Guam Legislature from

27    allowing autonomous agencies to retain independent counsel. The election board is established

28    as an "autonomous instrumentality and an independent commission of the [G]overnment of

Lourdes P. Aguon-Schulte v. Guam Election Commission, et al., Civil Case No. 04-00045
Jay Merrill, etc., et al. v. Guam Election Commission, et al., Civil Case No. 04-00046
Order Denying Motions to Strike and Granting Motions to Remand

1    Guam." 2 GUAM CODE ANN. § 2101. The Defendants cite the court to jurisdictions which have

2    allowed public agencies to employ independent counsel to protect its rights when not prohibited

3    by statute from doing so.

4           The Governor argues he has a right to appear in this litigation to object to the stipulated

5    preliminary injunction agreed to between the Attorney General and Plaintiffs. He emphasizes

6    that he is vested with the executive authority of the Government of Guam, and the Attorney

7    General cannot strip him of his executive authority and duties through the guise of a stipulation

8    for a preliminary injunction. The Governor further argues that once the Attorney General makes

9    a determination to represent him in these actions, the Attorney General must represent and serve

10   his client (the Governor) in the court litigation or, if he cannot do so, he must step aside and

11   allow the entry of independent counsel.

12          The Court has reviewed the decisions of other courts which have had to wrestle with the

13   situation similar to that presented here concerning the powers and duties of an attorney general to

14   represent state officials in civil actions. For instance, in Manchin v. Browning, 170 W. Va. 779,

15   296 S.E.2d 909 (1982), suit was brought against the secretary of state in his official capacity

16   challenging the state apportionment statute as unconstitutional. The matter was referred to the

17   attorney general, who was charged with defending suits against state officials. The secretary of

18   state agreed that the statute was unconstitutional, but the attorney general disagreed. The

19   attorney general attempted to take action that was contrary to the position of the secretary of

20   state. Because of the conflict in their respective positions, the secretary of state requested the

21   attorney general to appoint special counsel to represent him in the federal suit. The attorney

22   general refused, and the secretary of state sought relief before the West Virginia Supreme Court

23   of Appeals. The attorney general asserted that as the chief law officer of the state, he is "charged

24   with representing the public interest in any such litigation without interference from or the

25   approval of any other official." Id. at 783, 296 S.E.2d at 913. The court did not agree with the

26   attorney general's characterization of his powers and duties with respect to suits against state

27   officials. The court stated:

28   ///          Case 1:04-cv-00006    Document 223    Filed 07/22/2005    Page 33 of 51

Lourdes P. Aguon-Schulte v. Guam Election Commission, *et al.*, Civil Case No. 04-00045
Jay Merrill, etc., *et al.* v. Guam Election Commission, *et al.*, Civil Case No. 04-00046
Order Denying Motions to Strike and Granting Motions to Remand

1    The Attorney General ordinarily exercises complete control of litigation
     conducted in his name. When the Attorney General appears in a proceeding on
2    behalf of the state in his name, he exercises his discretion as to the course and
     conduct of the litigation. He assumes the role of a litigant and he is entitled to
3    represent what he perceives to be the interest of the state and the public at large.

4    However, the Attorney General's representation of the state as an entity and the
     discretion that accompanies such representations are limited and finite
5    propositions. In some cases, ... the Attorney General is statutorily charged as an
     administrator of the law and appears in civil proceedings on his own motion as the
6    agent and legal representative of the state and the citizens thereof. ...

7    The Attorney General performs quite a different function when he appears to
     defend a state officer [or instrumentality] ... sued in [their] official capacity. In
8    this circumstance the Attorney General does not appear as a party to the action.
     That role is filled by the state officer [or instrumentality] against whom the suit is
9    brought. Rather, the Attorney General's function is to act as legal advisor and
     agent of the ... litigant and to prosecute or defend, within the bounds of the law,
10   the decision or policy of such officer [or instrumentality] which is called into
     question by such lawsuit.
11
     A problem arises, however, when, as here, the policy advocated by the state
12   officer [or instrumentality] conflicts with what the Attorney General perceives to
     be the interest of the state. The [Attorney General] asserts that when such a
13   conflict arises, the Attorney General's duty to represent the interests of the state
     takes preeminence over the interests the state officer [or instrumentality] seek[ ] to
14   advocate. After all, he argues, any suit brought against a state officer [or
     instrumentality] is, in effect, a suit against the state and the interest of the public
15   must predominate.

16   We cannot agree with the Attorney General's characterization of his powers and
     duties with respect to suits against state officials. Ordinarily the state acts only
17   through its officers and agents. .... [I]n the performance of their statutorily
     prescribed duties, some officers [or instrumentalities] ... are empowered to make
18   good faith policy decisions which implement the laws they administer and
     comport with the requirements of our constitutions. .... When the official
19   policies of a particular state officer [or instrumentality] are called into question in
     civil litigation, that officer or [instrumentality] is entitled to the same access to the
20   courts and zealous and adequate representation by counsel to vindicate the public
     interest, as is the private citizen to vindicate his [or her] personal rights.
21

22   Id. at 788-89, 296 S.E.2d at 918-19 (citations omitted). The Manchin court further declared:

23       Since the Attorney General is designated as the statutory counsel for state
     officers sued in their official capacities, he is required by the Code of Professional
24   Responsibility to make legal counsel available to those officers in such
     circumstances. The Attorney General is required to exercise his independent
25   professional judgment on behalf of a state officer for whom he is bound to provide
     legal counsel. In this regard his duty is to analyze and advise his clients as to the
26   permissible alternative approaches to the conduct of the litigation. The Attorney
     General should inform his client of the different legal strategies and defenses
27   available and of his professional opinion as to the practical effect and probability
     of the outcome of each alternative, so as to enable the officer to make an
28   intelligent decision with respect to how the litigation could be conducted. *He*

Lourdes P. Aguon-Schulte v. Guam Election Commission, et al., Civil Case No. 04-00045
Jay Merrill, etc., et al. v. Guam Election Commission, et al., Civil Case No. 04-00046
Order Denying Motions to Strike and Granting Motions to Remand

1    *should then stand aside and allow his client to exercise his independent judgment
2    on which course to pursue.* We emphasize the importance of this independent
     judgment because "advice of counsel" is not a defense to civil or criminal liability
3    for nonfeasance, misfeasance or malfeasance in office. Once the state officer
     whom the Attorney General represents has determined the course he desires the
4    litigation to take, it is the duty of the Attorney General to zealously advocate the
     public policy positions of his client in pleadings, in negotiations, and in the
5    courtroom and to avoid even the appearance of impropriety by appearing to be in
     conflict with the desires of his client.

6           In summary, the Attorney General's statutory authority to prosecute and
     defend all actions brought by or against any state officer simply provides such
7    officer with access to his legal services and does not authorize the Attorney
     General "to assert his vision of state interest." The Attorney General stands in a
8    traditional attorney-client relationship to a state officer he is required by statute to
     defend. His authority to manage and control litigation on behalf of a state officer
9    is limited to his professional discretion to organize legal arguments and to develop
     the case in the areas of practice and procedure so as to reflect and vindicate the
10   lawful public policy of the officer he represents. The Attorney General is not
     authorized in such circumstances to place himself in the position of a litigant so as
11   to represent his concept of the public interest, but he must defer to the decisions of
     the officer whom he represents concerning the merits and the conduct of the
12   litigation and advocate zealously those determinations in court.

13   Id. at 790-91, 296 S.E.2d at 920-21 (emphasis in original, internal citation omitted). The West

14   Virginia Supreme Court of Appeals further held that "[i]f, in the course of advising or counseling

15   a state officer involved in litigation, it becomes apparent that the Attorney General is unable to

16   adequately represent the officers as required by law or that such representation would create

17   professional conflicts or adversity, the Attorney General must appoint counsel to represent such

18   officer." Id. at 792, 296 S.E.2d at 922.

19          The Supreme Court of Hawaii also expressly approved and adopted the Manchin analysis.

20   See Chun v. Board of Trustees of Employees' Retirement Sys. of the State of Hawaii, 87 Haw.

21   152, 174, 952 P.2d 1215, 1237 (1998). In Chun, the retirement board refused to authorize an

22   appeal from a judgment entered in favor of the plaintiffs and against the board, but the state

23   attorney general filed an appeal on behalf of the board anyway. The Supreme Court of Hawaii

24   eventually dismissed the appeal and recognized that "the attorney general's professional

25   obligations as legal counsel to her statutory client – a public officer or instrumentality of the state

26   vested with policy-making authority – may clash with her vision of what is in the best global

27   interests of the state or the public at large." Id. at 170, 952 P.2d at 1233. When the Attorney

28   General's "paramount duty to represent the public interest cannot be discharged without conflict,

Lourdes P. Aguon-Schulte v. Guam Election Commission, *et al.*, Civil Case No. 04-00045
Jay Merrill, etc., *et al.* v. Guam Election Commission, *et al.*, Civil Case No. 04-00046
Order Denying Motions to Strike and Granting Motions to Remand

1  [he] may consent to the employment of special counsel by a state agency or officer." Id. (*quoting*

2  D'Amico v. Board of Med. Exam'rs, 112 Cal. Rptr. 786, 800, 520 P.2d 10, 20 (1974).[6] Thus, the

3  Chun court stated that "[h]aving perceived [himself] to be in a conflict of interest with the Board,

4  the Attorney General was ethically obligated to recommend the retention of other counsel to

5  represent the Board and to take such other action as, in [his] opinion, the circumstances

6  required." Id. at 176, 952 P.2d 1239.

7  In another case, Tennessee *ex rel.* Comm'r of Transp. v. Medicine Bird Black Bear White

8  Eagle, 63 S.W.3d 734, (Tenn. Ct. App. 2001), the state attorney general had been disqualified

9  from simultaneously representing the Tennessee Department of Transportation and the Tennessee

10  Commission of Indian Affairs. The Court of Appeals of Tennessee eventually reversed the trial

11  court's ruling but stated the following with regard to the attorney general's ethical obligations:

12  > By statute, the General Assembly has mandated a relationship akin to the
13  > traditional attorney-client relationship between the Attorney General and the state
14  > officials and agencies the Attorney General represents. Thus, the Attorney
15  > General owes a duty of undivided loyalty to his or her clients and must exercise
16  > the utmost good faith to protect their interests. The Attorney General must (1)
17  > preserve client confidences to the extent public clients are permitted confidences,
18  > (2) exercise independent judgment on his or her client's behalf, and (3) represent
19  > his or her clients zealously within the bounds of the law.
20
21  > Unlike the conflict-of-interest rules governing the conduct of lawyers
22  > representing private clients, the Attorney General is not necessarily prohibited
23  > from representing governmental clients whose interests may be adverse to each
24  > other. The majority rule is that the Attorney General, through his or her assistants,
25  > may represent adverse state agencies in intra-governmental disputes. This rule
26  > applies, however, only when the Attorney General is not an actual party to the
27  > litigation. When the Attorney General is an actual party to the litigation,

---

[6] The Supreme Court of Hawaii also recognized that because of the Attorney General's
various statutorily mandated roles, the Hawaii Code of Professional Responsibility ("HRPC")
could not be mechanically applied to the Attorney General's office. Chun, 87 Haw. at 173, 952
P.2d at 1236 (*quoting* Hawaii v. Klattenhoff, 71 Haw. 598, 602, 801 P.2d 548, 550-51 (1990).
Nevertheless, the court stated that the Attorney General's office was never relieved of all
obligations to conform its conduct to the HRPC, which was applicable to all attorneys licensed to
practice in the Hawaii courts. Id. at 174, 952 P.2d at 1237. Specifically, the court discussed
HRPC Rule 1.7 dealing with conflicts of interest and the comments to said rule which explained
that "loyalty to a client is . . . impaired when a lawyer cannot consider, recommend, or carry out
an appropriate course of action because of the lawyer's other responsibilities or interests." Id.
(*quoting* comment [4] to HRPC Rule 1.7). This rule is similar to Rule 1.7 of the Guam Rules of
Professional Conduct.

Lourdes P. Aguon-Schulte v. Guam Election Commission, et al., Civil Case No. 04-00045
Jay Merrill, etc., et al. v. Guam Election Commission, et al., Civil Case No. 04-00046
Order Denying Motions to Strike and Granting Motions to Remand

1         independent counsel should be appointed for the state agency in order to remedy
the ethical impediment to the Attorney General's position as a party.

2

3   Id., 63 S.W.3d at 773 (citations omitted).

4        Again, the Court points out the Attorney General's position that only he is authorized to

5 represent the named Defendants and that the named Defendants have no voice. The Attorney

6 General contends that the Defendants' voice, if any, is what he decides is the government's legal

7 position or what he determines to be the governmental or public interest. The Court has alluded

8 above to the Attorney General's authority to sue government entities, agencies and officials on

9 behalf of the public interest. Such was the case in Moylan v. Camacho. Therein, the Attorney

10 General sued the Governor to compel the appointment of members to the Guam's Procurement

11 Board. In that case, the Governor retained the same firm representing him in these cases. The

12 Attorney General never moved to strike the appearances of the Governor's independently

13 retained counsel. A motion to strike was never made because it would have been a conflict of

14 interest for the Attorney General to sue the Governor and represent him at the same time.

15 Moylan v. Camacho thus stands for the proposition that independent counsel may be retained to

16 defend a government official in a case where the Attorney General has a conflict of interest.

17        In determining whether to strike the appearances of the defendants' independent

18 attorneys, the Court looks at the nature of the appearances and the reasons for it. In these

19 consolidated cases, the Plaintiffs have sued the Defendants to obtain an injunction declaring that

20 the Guam Election Commission violated the law by failing to mail ballot pamphlets which

21 contained the complete text of the Proposal A gambling initiative which was to be voted upon

22 during the November 2004 general election. The Court notes that prior to the Defendants filing

23 answers to the Complaints, the Attorney General filed a notice of removal of both cases to this

24 Court. At the same time that the Attorney General filed the removal, it submitted a "Stipulation

25 and Order for Preliminary Injunction." The stipulation provided:

26     1. With respect to the scheduled November 2, 2004 election on the Guam Casino
Gaming Commission Act, otherwise known as Proposal A ("the Proposal A"), the

27     Guam Election Commission and the Executive Director of the Guam Election
Commission failed to follow the relevant Guam election statutes and duly adopted

28     Guam election rules governing the peoples' right to vote by initiative.

Lourdes P. Aguon-Schulte v. Guam Election Commission, et al., Civil Case No. 04-00045
Jay Merrill, etc., et al. v. Guam Election Commission, et al., Civil Case No. 04-00046
Order Denying Motions to Strike and Granting Motions to Remand

Specifically, the failure to follow Guam law constituted a violation of vested rights of the registered voters of Guam under the First and Fourteenth Amendments to the United States Constitution, and under the Organic Act, 48 U.S.C. §§ 1421(b) and 1422(a).

2. The scheduled November 2, 2004 election on Proposal A is constitutionally, organically and statutorily invalid as a result of their failure of the Guam Election Commission and the Executive Director of the Guam Election Commission to follow all relevant Guam election statutes duly adopted election rules related to the peoples' right to vote by initiative.

3. Pending further order of this Court, the Guam Election Commission and the Executive Director of the Guam Election Commission, their agents, employees and assigns, and all those acting in concert with them, are preliminarily enjoined from counting, tabulating or certifying the results of any votes for or against Proposal A, and if that is not possible without affecting the other races for elected office, from printing or in any manner reporting, disclosing or certifying the results of any votes for or against Proposal A, whether by absentee ballot or otherwise, in connection with the scheduled November 2, 2004 election of Proposal A. This provision does not prevent defendants from moving for the disclosure of the results of the vote on Proposal A, after the November 2, 2004 election.

The filing of the proposed stipulation caused a flurry of filings of entries of appearances by the then named defendants and objections to the proposed stipulation. *I Mina Bente Siete Na Liheslaturan Guahan* (the 27th Guam Legislature) and the Governor filed appearances through independent counsel on October 28th, and the Guam Election Commission and Executive Director Taitano subsequently filed their entries. The Defendants made appearances for the purpose of opposing the execution of the proposed stipulation by this Court.

Had the Court executed and approved the proposed stipulation, this would have resulted in (1) the scheduled November 2, 2004 vote on Proposal A being found to have constituted a violation of the rights of the registered voters of Guam under the First and Fourteenth Amendments of the United States Constitution and under the Organic Act; (2) the scheduled vote on Proposal A being found by the Court to be unconstitutional, inorganic, and statutorily invalid based upon the Election Commission and Executive Director Taitano's violation of Guam's laws and rules relative to the people's right to vote by initiative; and (3) the Election Commission would have been enjoined from tabulating the results of the votes on Proposal A on November 2, 2004.

///

Lourdes P. Aguon-Schulte v. Guam Election Commission, *et al.*, Civil Case No. 04-00045
Jay Merrill, etc., *et al.*, v. Guam Election Commission, *et al.*, Civil Case No. 04-00046
Order Denying Motions to Strike and Granting Motions to Remand

1    When the Attorney General entered his appearance on behalf of the Defendants, he did so

2  in his role as protector and guardian of the public and government's interest and representative of

3  the Government of Guam. He has come to Court – argued and advocated the legal position of

4  the Government of Guam and *his* views as protector and guardian of the public interest. *He has*

5  *not advocated and is not advocating the legal positions of the Defendants.* The Defendants

6  maintain and advise the Court that they have complied with Guam law relating to the people's

7  right to vote by initiative. Furthermore, they believe that the Proposal A vote on

8  November 2, 2004 was constitutional, organic and statutorily valid. The Court finds the

9  positions of the Attorney General and the Defendants to be directly in conflict.

10    The Defendants entered their appearances and sought only to have their voices heard and

11  their positions defended. Their voices will not be heard and their positions will not be defended

12  if the Court grants the Attorney General's motions to strike their attorneys' appearances. As the

13  Court has pointed out, in the Moylan v. Camacho case, the Attorney General never questioned

14  the ability of the Governor to procure independent counsel. He legally could not because the

15  matter involved a clear conflict and resulted in the representation of the Governor by independent

16  counsel.

17    Having entered his appearance as attorney for the Defendants, the Attorney General has a

18  duty to zealously represent the interests of these Defendants. This entails representing and

19  zealously defending their positions. The Attorney General, however, did not enter his

20  appearance for the purpose of advocating or defending the Defendants' positions. He entered his

21  appearance on behalf of these Defendants for the purpose of advocating the position of the

22  Government – what he believes is in the public interest and should be the legal position of the

23  Government. In essence, he has advocated the position of his primary client (the public and

24  governmental interest) and not those of his secondary clients (the respective Defendants). While

25  the Court does not deny that the Attorney General can advance and advocate the public and

26  governmental position, he cannot do so in the name of and at the expense of the Defendants in

27  this case, his secondary clients. In essence, the Attorney General, in substance, has appeared as

28  ///

Lourdes P. Aguon-Schulte v. Guam Election Commission, et al., Civil Case No. 04-00045
Jay Merrill, etc., et al, v. Guam Election Commission, et al., Civil Case No. 04-00046
Order Denying Motions to Strike and Granting Motions to Remand

1  a separate party in this action even though he has not formally entered an appearance as a

2  separate party.

3  　　　The Court thus finds and concludes that under the circumstances of these cases the

4  Attorney General has a conflict of interest. The Attorney General has chosen to exercise his dual

5  role as (1) representative of the government and protector of the public interest and (2)

6  representative and attorney for the Defendants. The Attorney General cannot represent both

7  interests because these interests directly conflict with each other. Moreover, the Attorney

8  General has confused the issue further by advocating the public and governmental interest in his

9  representation of the Defendants. This poses a direct conflict of interest. See Rule 1.7(a) of the

10  Guam Rules of Professional Conduct.[7] Under the authorities cited by the Court, once the

11  Attorney General decides to undertake the representation of an governmental agency and/or a

12  public official, he has a duty to zealously defend the positions advocated by the said agency or

13  official. If he is unable to do so, the Attorney General must allow the party to be represented by

14  independent counsel. Based upon the conflicts which are clearly apparent in these cases, the

15  Court finds there is a need for independent counsel to represent the Defendants. The Court

16

17

18  　　　[7] This rule provides:

19  **RULE 1.7: CONFLICT OF INTEREST: CURRENT CLIENTS**

20  (a) Except as provided in paragraph (b), a lawyer shall not represent a client if the
     representation involves a concurrent conflict of interest. A concurrent conflict of interest
21  exists if:

22  　　　(1) the representation of one client will be directly adverse to another client; or

23  　　　(2) there is a significant risk that the representation of one or more clients will
     　　　be materially limited by the lawyer's responsibilities to another client, a former
     　　　client or a third person or by a personal interest of the lawyer.

24

25  Like other courts, this Court recognizes that the Guam Rules of Professional Conduct
     can not be mechanically applied to the Attorney General's office. Nevertheless, the
26  unique circumstances presented here clearly present a direct conflict of interest for the
     Attorney General. Additionally, the Court takes judicial notice of the fact that the
27  Attorney General's civil division is comprised of a small number of attorneys such that it
     would not be feasible for an assistant attorney general to represent the Defendants in this
28  dispute.

Lourdes P. Aguon-Schulte v. Guam Election Commission, *et al.*, Civil Case No. 04-00045
Jay Merrill, etc., *et al.* v. Guam Election Commission, *et al.*, Civil Case No. 04-00046
Order Denying Motions to Strike and Granting Motions to Remand

1   comes to this conclusion based upon its finding that the Attorney General has opined and

2   concluded that the election board has violated the initiative law and that the Proposal A election

3   was unconstitutional, inorganic and statutorily invalid. The Defendants do not share these

4   positions and the Attorney General cannot defend these positions. The Court must therefore

5   deny the Attorney General's motions to strike the appearances of the attorneys for the

6   Defendants. In so doing, the Court notes that the more appropriate action would have been for

7   the Attorney General to intervene and join this action as a co-plaintiff, or the Attorney General

8   could maintain a new and separate suit against the Defendants rather than espousing the

9   government's position in the course of the representation of the Defendants.

10         The Guam Election Commission has asked the Court to decide the constitutional issue

11   which the Attorney General has advocated before the Court. The election board asks the Court to

12   find that Guam law authorizes the commission to retain its own attorneys to represent them in

13   this matter. It also asks this Court to affirm the recent opinion by the Supreme Court of Guam on

14   the same subject matter. The Court finds that it is not necessary to a decision of this case for this

15   Court to make a finding that the Election Commission has authority to retain its own attorneys to

16   represent the board in this case nor does such a finding resolve the representation issues before

17   the Court. Assuming, the constitutionality of the statute authorizing the *Board* to retain an

18   attorney to *advise* the board and its executive director on all legal matters pertaining to the

19   Commission, the statute does not authorize the board's counsel to represent *Executive Director*

20   *Taitano* in this litigation. The Court will decline ruling on that issue until it is necessary to do so

21   as federal courts generally avoid deciding constitutional issues if a case can be resolved on other

22   grounds. See Lyng v. Northwest Indian Cemetery Protective Ass'n, 485 U.S. 439, 445, 108 S.

23   Ct. 1319, 1323 (1988) ("A fundamental and longstanding principle of judicial restraint requires

24   that courts avoid reaching constitutional questions in advance of the necessity of deciding

25   them.").

26   **III.    Motions to Remand Action to the Superior Court**

27         Having decided to recommend denial of the Attorney General's motions to strike the

28   appearances of counsel representing the Defendants, the Court must therefore also recommend

Lourdes P. Aguon-Schulte v. Guam Election Commission, *et al.*, Civil Case No. 04-00045
Jay Merrill, etc., *et al.* v. Guam Election Commission, *et al.*, Civil Case No. 04-00046
Order Denying Motions to Strike and Granting Motions to Remand

1   that this matter be remanded to the Superior Court of Guam because the Defendants have not

2   consented to the removals. Unanimous consent to the removal by all defendants is a procedural

3   requirement under 28 U.S.C. § 1446 for federal question removal under Section 1441. The Ninth

4   Circuit has stated that "[o]rdinarily, under 28 U.S.C. § 1446(a), all defendants in a state action

5   must join in the petition for removal." Emrich v. Touche Ross & Co., 846 F.2d 1190, 1193 n.1

6   (9th Cir. 1988). "The failure to join all proper defendants in a removal petition may otherwise

7   render the removal petition procedurally defective." Id. See also Parrino v. FHP, Inc., 146 F.3d

8   699, 703 (9th cir. 1998), *cert. denied*, 119 S. Ct. 510 (1998); Hewitt v. City of Stanton, 789 F.2d

9   1230, 1232-33 (9th Cir. 1986). Because the Attorney General did not obtain the consent of the

10  Defendants when he removed this action, the removal of these cases from the Superior Court of

11  Guam to this Court was procedurally defective and improper.

12          The Court therefore recommends to the District Judge that the Attorney General's

13  motions to strike be denied and the Defendants' motion to remand be granted. The Court finds

14  the posture of the instant case to be the rare case. Normally, government entities and officials

15  appearing before the Courts will find representation in their respective litigations by the Attorney

16  General. This must be the case because the Attorney General is the Chief Legal Officer of the

17  Government of Guam. In exercising his powers of representation in cases similar to the one

18  before this Court, the Attorney General must decide whether he wishes to advocate the position

19  of (1) the government (the public interest) or (2) the government entity or official involved in the

20  litigation. If the Attorney General desires to advocate the public interest, he must determine

21  whether in the course of representing the public interest he will still be able to zealously advocate

22  and represent the interests and desires of the named government entity or official. If he is unable

23  to do so, or if he finds the agency or official's position to be in conflict with his position, the

24  Attorney General should allow the aggrieved agency or government official to be represented by

25  independent counsel.

26          The Court finds its recommendations and findings herein to be reasonable. Imposing a

27  duty upon the Attorney General to zealously represent the interests of the clients for which the

28  Attorney General has entered his appearance allows those clients to have a voice in the Court



Lourdes P. Aguon-Schulte v. Guam Election Commission, et al., Civil Case No. 04-00045
Jay Merrill, etc., et al. v. Guam Election Commission, et al., Civil Case No. 04-00046
Order Denying Motions to Strike and Granting Motions to Remand

1  proceeding. It is crucial in cases similar to the one before the Court that a government agency

2  which maintains that it has not violated election initiative laws, even though the Attorney

3  General has concluded that it has, have the necessary representation to argue and defend that

4  position in the litigation. A failure by this Court to allow that defendant's voice to be heard is a

5  failure by the court's system of fairness and justice.

**CONCLUSION**

7      Based on the Court's findings and recommendations, IT IS RECOMMENDED that the

8  Attorney General's motions to strike the appearances of the Defendants' private counsel be

9  denied and the Defendants' motions to remand these cases back to the Superior Court of Guam

10  be granted.

11      Dated this ___16th___ day of March 2005.

_(signature)_

JOAQUIN V.E. MANISUBAN, JR.
U.S. Magistrate Judge

**NOTICE**

**Failure to serve and file written objections to the Report's findings and
recommendations within ten (10) days from the date of its service shall bar
an aggrieved party from attacking such Report and Recommendations
before the assigned/designated District Judge. 28 U.S.C. § 636(b)(1).**

Notice is hereby given that this document was
entered on the docket on __3/16/05__ .
No separate notice of entry on the docket will
be issued by this Court.
          Mary L. M. Moran
          Clerk, District Court of Guam
By _(signature)_          3/16/05
      Deputy Clerk          Date



Douglas B. Moylan
Attorney General of Guam
Robert M. Weinberg
Assistant Attorney General
Civil Division
Guam Judicial Center, Suite 2-200E
120 West O'Brien Drive
Hagåtña, Guam 96910 ● USA
(671) 475-3324 ● (671) 472-2493 (Fax)

Attorneys for the Government of Guam

# IN THE DISTRICT COURT
# FOR THE TERRITORY OF GUAM

LOURDES P. AGUON-SCHULTE,

        Plaintiff,

        vs.

THE GUAM ELECTION COMMISSION,
et al.

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)

**Civil Case No. CIV04-00045**

(removed from the Superior Court of Guam
Civil Case No. CV-1103-04)

**STIPULATION AND ORDER FOR**

**PRELIMINARY INJUNCTION**

COME NOW Plaintiff Lourdes P. Aguon-Schulte, through her attorneys Dooley Roberts & Fowler LLP, by Thomas L. Roberts, Esq., and all of the Defendants named herein, represented by their counsel, the Office of the Attorney General, Government of Guam, by Assistant Attorney General Robert Weinberg, and hereby stipulate as follows:

    1.    With respect to the scheduled November 2, 2004 election on the Guam Casino Gaming Control Commission Act, otherwise known as Proposal A ("Proposal A"), the Guam Election Commission and the Executive Director of the Guam Election Commission failed to follow the relevant Guam election statutes and duly adopted Guam election rules governing the

peoples' right to vote by initiative. Specifically, the failure to follow Guam law constituted a violation of vested rights of the registered voters of Guam under the First and Fourteenth Amendments to the United States Constitution, and under the Organic Act, 48 U.S.C. §§ 1421(b) and 1422(a).

2.     The scheduled November 2, 2004 election on Proposal A is constitutionally, organically and statutorily invalid as a result of the failure of the Guam Election Commission and the Executive Director of the Guam Election Commission to follow all relevant Guam election statutes and duly adopted election rules related to the peoples' right to vote by initiative.

3.     Pending further order of this Court, the Guam Election Commission and the Executive Director of the Guam Election Commission, their agents, employees and assigns, and all those acting in concert with them, are preliminarily enjoined from counting, tabulating or certifying the votes for or against Proposal A, and if that is not possible without affecting the other races for elected office, from printing or in any manner reporting, disclosing or certifying the results of any votes for or against Proposal A, whether by absentee ballot or otherwise, in connection with the scheduled November 2, 2004 election on Proposal A. This provision does not prevent defendants from moving for the disclosure of the results of the vote on Proposal A, after the November 2, 2004 election.

4. All further Proceedings in this case shall be held on the _____ day of _____, 2004 at the hour of _____ ____.m. to address Plaintiff's remaining claims for relief as well as any and all other issues the parties may wish to raise.

DOOLEY ROBERTS & FOWLER LLP

Dated: October 27, 2004          By: _____

**THOMAS L. ROBERTS**
Attorneys for Plaintiff Lourdes P. Aguon-Schulte

//

//

DOUGLAS B. MOYLAN
Attorney General of Guam

Dated: October 27, 2004          By: _____

**ROBERT M. WEINBERG**
Attorneys for Defendants the Guam Election
Commission, Gerald A. Taitano, in his capacity as
the Executive Director of the Guam Election
Commission, I Mina' Bente Siete Na Liheslaturan
Guahan (The 27th Guam Legislature); Felix P.
Camacho, In His Official Capacity As The Governor
Of Guam

SO ORDERED: this _____ day of _____, 2004.

_____
**HONORABLE ALEX R. MUNSON**
Judge, District Court of Guam

RECEIVED

OCT 27 2004

DISTRICT COURT OF GUAM
HAGATNA, GUAM

| | |
|---|---|
| Courtesy copies: | Cesar Cabot, Esq. |
| | For Guam Election Commission |
| | Gerald Taitano |
| | Shannon Taitano, Esq. |
| | For Governor of Guam |
| | Therese Terlaje', Esq. |
| | Legislature of Guam |
| | Joaquin C. Arriola, Jr., Esq. |
| | For proposed Intervenor, Lina'La'Sin Casino |



1

2  Douglas B. Moylan
   Attorney General of Guam
3  Robert M. Weinberg
   Assistant Attorney General
4  Civil Division
   Guam Judicial Center, Suite 2-200E
5  120 West O'Brien Drive
   Hagåtña, Guam 96910 ● USA
6  (671) 475-3324 ● (671) 472-2493 (Fax)

7  Attorneys for the Government of Guam

8                    IN THE DISTRICT COURT
                  FOR THE TERRITORY OF GUAM
9

10 JAY MERRILL, etc., et al.,              )
11                                         )
                      Plaintiff,           )      Civil Case No. CIV04-00046
12                                         )
                          vs.              )   (removed from the Superior Court of Guam
13                                         )        Civil Case No. CV-1111-04)
   THE GUAM ELECTION COMMISSION,           )
14  et al.                                 )
                                           )   STIPULATION AND ORDER FOR
15                    Defendants.          )
                                           )      PRELIMINARY INJUNCTION
16 _____)

17         COME NOW Plaintiff Lourdes P. Aguon-Schulte, through her attorneys Dooley Roberts

18 & Fowler LLP, by Thomas L. Roberts, Esq., and all of the Defendants named herein, represented

19 by their counsel, the Office of the Attorney General, Government of Guam, by Assistant

20 Attorney General Robert Weinberg, and hereby stipulate as follows:

21         1.     With respect to the scheduled November 2, 2004 election on the Guam Casino

22 Gaming Control Commission Act, otherwise known as Proposal A ("Proposal A"), the Guam

23 Election Commission and the Executive Director of the Guam Election Commission failed to

24 follow the relevant Guam election statutes and duly adopted Guam election rules governing the

25

peoples' right to vote by initiative. Specifically, the failure to follow Guam law constituted a violation of vested rights of the registered voters of Guam under the First and Fourteenth Amendments to the United States Constitution, and under the Organic Act, 48 U.S.C. §§ 1421(b) and 1422(a).

2.     The scheduled November 2, 2004 election on Proposal A is constitutionally, organically and statutorily invalid as a result of the failure of the Guam Election Commission and the Executive Director of the Guam Election Commission to follow all relevant Guam election statutes and duly adopted election rules related to the peoples' right to vote by initiative.

3.     Pending further order of this Court, the Guam Election Commission and the Executive Director of the Guam Election Commission, their agents, employees and assigns, and all those acting in concert with them, are preliminarily enjoined from counting, tabulating or certifying the votes for or against Proposal A, and if that is not possible without affecting the other races for elected office, from printing or in any manner reporting, disclosing or certifying the results of any votes for or against Proposal A, whether by absentee ballot or otherwise, in connection with the scheduled November 2, 2004 election on Proposal A. This provision does not prevent defendants from moving for the disclosure of the results of the vote on Proposal A, after the November 2, 2004 election.

4.    All further Proceedings in this case shall be held on the ____ day of

_____, 2004 at the hour of _____ ____.m. to address Plaintiff's

remaining claims for relief as well as any and all other issues the parties may wish to raise.

DOOLEY ROBERTS & FOWLER LLP

Dated: October 27, 2004                    By: _____

**THOMAS L. ROBERTS**
Attorneys for Plaintiff Lourdes P. Aguon-Schulte

//

//

**DOUGLAS B. MOYLAN**
Attorney General of Guam

Dated: October 27, 2004                    By: _____

**ROBERT M. WEINBERG**
Attorneys for Defendants the Guam Election
Commission, Gerald A. Taitano, in his capacity as
the Executive Director of the Guam Election
Commission, I Mina' Bente Siete Na Liheslaturan
Guahan (The 27th Guam Legislature); Felix P.
Camacho, In His Official Capacity As The Governor
Of Guam

SO ORDERED: this _____ day of _____, 2004.

RECEIVED

OCT 27 2004

DISTRICT COURT OF GUAM
HAGATNA, GUAM

**HONORABLE ALEX R. MUNSON**
Judge, District Court of Guam

| | | |
|---|---|---|
| 1 | Courtesy copies: | Cesar Cabot, Esq. |
| 2 | | For Guam Election Commission |
| | | Gerald Taitano |
| 3 | | Shannon Taitano, Esq. |
| 4 | | For Governor of Guam |
| | | Therese Terlaje', Esq. |
| 5 | | Legislature of Guam |
| 6 | | Joaquin C. Arriola, Jr., Esq. |
| | | For proposed Intervenor, Lina'La'Sin Casino |