

The Law Offices of
# PHILLIPS & BORDALLO
A Professional Corporation
410 West O'Brien Drive, Suite 102 Hagåtña, Guam 96910-5044
Tel: (671) 477-ABCD (2223) • Fax: (671) 477-2FAX (2329)
" I Erensia, Lina'Ia', Espiritu-ta"



FILED
DISTRICT COURT OF GUAM
AUG -2 2005
MARY L.M. MORAN
CLERK OF COURT

DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| JULIE BABAUTA SANTOS, *et al.*, | CIVIL CASE NO. 04-00006 |
| Petitioners, | **DECLARATION OF MICHAEL F. PHILLIPS IN SUPPORT OF INTERIM CLASS' JOINDER IN RESPONDENT GOVERNOR OF GUAM'S RESPONSE TO ATTORNEY GENERAL'S "OBJECTION" TO THE MAGISTRATE JUDGE'S ORDER OF MARCH 2, 2005** |
| vs. | |
| FELIX A. CAMACHO, etc., *et al.*, | |
| Respondents. | |

I, Michael F. Phillips, declare as follows:

1. I am the attorney of record for the above-named Petitioner, the Interim Class, designated by the District Court of Guam as Interim Class Counsel, and duly admitted to practice before this Court. I make this declaration of my own knowledge, and, if called as a witness, I could and would testify to the facts set forth herein.

2. On February 12, 2004, I filed this class action lawsuit on behalf of my client and all those similarly situated against all named Respondents, including then-Respondent Attorney General of Guam Douglas Moylan. I caused to be served a copy of the applicable Summons and Petition upon each Respondent. Media reports immediately after the suit was filed indicated Respondents' desire to pay the earned income tax credit.

3. Shortly thereafter, Assistant Attorney General J. Basil O'Mallan, III inquired regarding the dismissal of the Attorney General of Guam as a named Respondent. Attorney O'Mallan explained their office did not think the Attorney General was needed as a

Respondent in this case if they were going to represent the interests of the Governor and the Directors. Attorney O'Mallan informed me the Office of the Attorney General was awaiting feedback and information from the Governor of Guam regarding the determination of whether the Office of the Attorney General of Guam would represent all Respondents. I eventually agreed to dismiss the Attorney General from this case as a party to the case. See Dismissal, filed March 8, 2004.

4. Despite media reports indicating a desire from the Governor's Office to pay the EIC and implement the program, the Office of the Attorney General filed an answer to our Petition three (3) days later, March 11, 2004, denying various allegations and setting forth numerous affirmative defenses.

5. On March 23, 2004, the District Court sent a Scheduling Notice to counsel of record for Petitioner and Respondents. Assistant Attorney General O'Mallan and I began negotiations regarding the required Scheduling Order. We further negotiated minor changes and on April 28, 2004, we filed the required Scheduling Order and Discovery Plan with the District Court;

6. As part of our discovery and trial schedule negotiations, Assistant Attorney General O'Mallan and I agreed this case was primarily a question of law and an expedited discovery and motion period would serve all parties' interests. Attorney O'Mallan represented he understood the hardship inflicted upon the working poor by not having this matter resolved as quickly as possible. I represented to Attorney O'Mallan (and to the Court) that I had prepared a motion for summary judgment and expected this case to be resolved as a matter of law. After discussions before the Court, all agreed the Petitioner would begin the work needed to move for class certification. I also discussed with Assistant Attorneys General O'Mallan

and Phil Issacs my request for leave to amend Petitioner's class action petition to include years prior to 1998 (date back to 1995). I also informed the Court of my intent during the Scheduling Conference. Attorney Issacs, who represented the Office of the Attorney General during one hearing, informed me he could not make that decision and suggested I speak with Attorney O'Mallan or the attorney presently assigned to the case. Attorney O'Mallan told me he would have to think about my request and would get back to me.

7. On June 14, 2004, shortly after the local media revealed the Camacho administration ordered Department of Revenue and Taxation personnel to pay out at least one (1) Earned Income Tax Credit payment, and after the Camacho administration announced a policy of paying out EITC payments albeit on a "hardship" basis, Attorney General Moylan raised the possibility of potentially settling the class action. The negotiation of a settlement agreement proceeded with full participation of the Acting Governor at the time. I negotiated and entered into a settlement with the named Respondents, subject to this Court's approval. During settlement negotiations, the parties agreed to a settlement covering income tax filers for tax years 1996 through 2003 (with the exception of 1997 which the previous administration ordered the Department of Revenue and Taxation to pay shortly before a gubernatorial election), and furthermore Respondents agreed to implement the EITC program beginning tax year 2004. Negotiations lasted over three (3) days, and included the Attorney General himself, the Acting Governor of Guam and his staff, and all named Respondents or their representatives.

8. On June 17, 2004, the Court signed an order granting preliminary approval of a Settlement Agreement entered into between the parties in the above-referenced case. The Settlement Agreement called for payment by the Respondents of sixty million dollars

($60,000,000) in several installments and the creation of an EIC Settlement Fund for the benefit of EIC Class Members.

9. The proceedings were delayed, however, as on July 6, 2004, Applicant for Intervention Charmaine Torres filed a motion to intervene, and on July 29, 2004, Applicant for Intervention Christina M.S. Naputi also filed a motion to intervene. Both Applicants for Intervention sought to intervene to object to the settlement in favor of seeking additional funds. Applicant for Intervention Naputi based her claim on her belief the settlement sought to compensate persons for claims which lie beyond the statute of limitations. Interestingly, after reversing their arguments and adopting those presented earlier by Interim Class Counsel, Naputi subsequently filed her own separate suit (Simpao, Naputi and Cruz v. Government of Guam, Civil Case No. CV04-00049) addressing the same claims as the class action herein, and although held subsequent to the new settlement reached in this case, this Court recently and specifically found those earlier claims to be valid.

10. After extensive briefing on the motions for intervention, on August 5, 2004, the Honorable John C. Coughenour, United States Chief District Judge for the Western District of Washington, sitting by designation, denied the Motions for Intervention filed by Applicants Naputi and Torres.

11. On July 14, 2004, Petitioner filed a Motion for an Order Approving Class Counsel, or, in the Alternative, for an Order Designating Interim Counsel, and on July 16, 2004, this Court appointed me as the Interim Counsel for the EIC Class.

12. After Petitioner filed a motion for approval of an Administration Plan, the proceedings in the case came to another halt as Respondent Governor, through independent

counsel, on November 9, 2004, filed a Request for Hearing and Objection to the motion for approval of the Administration Plan.

13. On November 12, 2004, this Court granted a hearing so that Governor Camacho may be heard. On November 24, 2004, Respondent Directors Perez and Ilagan, through independent counsel, also requested a hearing and filed objections to the Administration Plan.

14. The Governor of Guam and Directors Perez and Illagan subsequently filed motions to vacate the order of this Court preliminarily approving the settlement agreement. After extensive filings on the issues raised by the Governor and the Directors, all Respondents, including the Attorney General, entered into mediation to resolve the conflicts.

15. Although Counsels for the Governor and the Directors and myself continue to disagree on the legal issues related to the original settlement agreement, including the applicability of the Illegal Expenditures Act, in the interests of the class, I agreed it would be best to resolve all pending issues to allow the case to proceed. I filed this case in the interest of my client and those similarly situated. Based on meritless decisions by the Government of Guam over the last ten years, tax credit refunds for the poorest working people of the community were comprehensively denied. These working class individuals and their families have waited more than ten years to have their rights under federal and local law vindicated, and the continued delays in the case only furthered the harm caused by the government.

16. On March 10, 2005 all the parties, including the Office of the Attorney General, agreed to take the motions to enter the administration plan and to vacate the preliminary approval of the previous settlement off-calendar and to enter mediation before JAMS Mediator Catherine Yanni, Esq.

17. Counsels for the parties, including Attorney General Moylan or his representatives, participated in extensive face-to-face negotiations from March 31, 2005 through April 2, 2005.

18. Negotiations continued for weeks thereafter, and as is apparent from the new settlement agreement reached on June 20, 2005, the Office of the Attorney General declined to participate in the execution of the new settlement agreement to resolve the pending issues raised by the Governor and the Directors. My belief is that the new settlement agreement, aside from providing increased benefits to the EIC Class, also, in the interest of the Class, sought to bring closure to this matter once and for all and to move this case forward after a year and half from its inception, and an entire year from the previous settlement agreement.

19. For whatever personal or professional reasons the Attorney General may have in objecting to participate in the new settlement agreement, it is apparent those same reasons do not preclude the Attorney General from accepting and apparently agreeing to essentially fast-track an identical and copy-cat class action lawsuit filed by failed Applicant for Intervention Naputi and her Counsel Curtis Van De Veld.

20. It is common knowledge that the Attorney General and the Governor of Guam have legally fought over the scope of the powers of the Attorney General of Guam in numerous cases, some resolved in local court, some resolved in this Court, and others pending before the Ninth Circuit Court of Appeals. I admit the decisions to continue to engage in struggles over the scope of power of the attorney general are decisions left to those involved, whether it be the Attorney General, the Governor of Guam, or others. However, given the history of delays in this case, and the situation of Petitioners and the EIC Class of having to essentially both litigate the merits of the case and the merits of the original settlement agreement,

continued delays on the basis of a the Attorney General's continued quest to define his role in the government would at worst obliterate the efforts put forth by all parties, including the Attorney General, to finally resolve this case, and at best, only further delay the vindication of the rights of my clients.

21. The Attorney General's actions in this case include several that are entirely inconsistent with the position it submits today. The Answer submitted by the Attorney General was completely silent regarding the issues he presses today. Early on in this matter, the Attorney General requested that he be dismissed from the action as a named party so he could represent the interests of the Governor and other Respondents, if indeed they desired such representation. In actions to originally settle this matter, the Attorney General did not request and direct settlement pursuant to alleged overall authority to direct this litigation, but pursuant to the full participation (as directed by the Attorney General) of the Acting Governor at the time. Subsequently, the parties entered into mediation, not to the exclusion of the Governor, but with his full participation through counsel, and the participation of the Attorney General. Indeed, the actions of the Attorney General throughout this entire case recognized the rightful participation of the Governor or the Acting Governor, as a client in this matter.

22. In Pangelinan v. Gutierrez, 2003 Guam 13, a similar situation existed as the Attorney General attempted to change the position of his client, the prior administration, in his request to withdraw a previously filed appellate brief. The Supreme Court ordered the Attorney General to submit a written consent of all named government parties, including the Governor. See Supreme Court Order dated February 10, 2003, attached as Exhibit "A". Indeed, the Attorney General submitted in response a consent of the Governor and other named parties confirming the client's decision to change positions, consistent with viewing the Governor and

other named government parties as clients with authority to make ultimate decisions. See Consent to Withdrawal of Brief and Notification of Change of Position, attached as Exhibit "B". Now, the Attorney General desires to delay the proceedings further despite successful mediation, on issues entirely unrelated thereto, and entirely inconsistent with its recognition throughout this case of the Governor or Acting Governor as parties with the authority to direct this litigation, whether through their own independent counsel, or through their chosen representative earlier in the case, the Office of the Attorney General.

23. Primarily on the basis of the circumstances described herein, it is my belief that it is in the best interest of my clients, the Petitioner and the EIC Class, that I, on behalf of them, join the Governor of Guam's Response to the Attorney General's "Objection" to the Magistrate Judge's Order of March 2, 2005, that this Court should not amend its March 2, 2005 Order, including specifically an amendment recommending that the issues presented therein be certified for interlocutory review.

I declare under penalty of perjury pursuant to the laws of the United States and of the Territory of Guam that the foregoing declaration is true and correct.

Respectfully submitted this 2nd day of August, 2005.

_____
MICHAEL F. PHILLIPS

W034

The Law Offices of
PHILLIPS & BORDALLO

RECEIVED BY: _____
DATE: 2-11-03
TIME: 8:45am

FILED
SUPREME COURT
OF GUAM

FEB 10 10 12 AM '03

IN THE SUPREME COURT OF GUAM

| | |
|---|---|
| VICENTE C. PANGELINAN<br>JOSEPH C. WESLEY,<br><br>Plaintiff-Appellants.<br>vs.<br><br>CARL T.C. GUTIERREZ, Governor,<br>JOHN F. TARATINO, Attorney General,<br>JAMES H. UNDERWOOD, Director of<br>the Department of Public Works;<br>EDWARD G. UNTALAN, Administrator<br>of the Guam Economic Development<br>Authority; CARL J.C. AGUON, Director<br>of the Department of Land Management;<br>Y'ASELA A. PEREIRA, Treasurer of<br>Guam; GOVERNMENT OF GUAM,<br><br>Defendant-Appellee.<br><br>GUAM RESOURCE RECOVERY<br>PARTNERS,<br><br>Intervening Defendant-Appellees. | SUPREME COURT CASE NO. 02-003<br>SUPERIOR COURT CASE NO. 212-00<br><br><br><br><br><br><br><br>**ORDER** |

This matter is before the court upon the motion of Defendant-Appellee Douglas B. Moylan, Attorney General of Guam, to withdraw the government's brief. On February 6, 2003, at the oral argument in this matter, the court ordered the Attorney General to submit the written consent of all named government parties to withdraw the brief. The Attorney General submitted such written consent on February 6, 2003. Based upon the consent of all named government parties the court hereby grants the Attorney General's motion to withdraw brief.

At the oral argument, the Attorney General requested leave of the court to file a supplemental brief opposing the position of the Intervening Defendant-Appellee Guam Resources Recovery Partners ("GRRP"). This request was not made in the Attorney General's motion to withdraw brief. Moreover, the Attorney General's brief in reply to GRRP's opposition brief stressed that the filing

Case 1:04-cv-00006    Document 230    Filed 08/02/2005    Page 9 of 12
EXHIBIT A    COPY
20030380

of a new brief or the making of certain arguments at oral argument were not issues being brought before the court. The court finds that the Attorney General's last minute oral request to file a supplemental brief in opposition to GRRP's positions is inappropriate, untimely, and without merit. We hereby deny the request to file a supplemental brief and admonish the Attorney General for making such a request just before the issues on appeal were to be orally argued.

**SO ORDERED**, this 10th day of February, 2003.

*Frances M. Tydingco-Gatewood*

_____
FRANCES TYDINGCO-GATEWOOD
Chief Justice, Acting

**Peter C. Siguenza, Jr.**

_____
PETER C. SIGUENZA, JR.
Justice Pro Tempore

**John A. Manglona**

_____
JOHN A. MANGLONA
Designated Justice

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Supreme Court of Guam
Dated at Hagatna, Guam

FEB 1 0 2003

_Imelda P. Duenas_
Deputy Clerk, Supreme Court of Guam

2

OFFICE OF THE ATTORNEY GENERAL
Guam
Suite 2-200E, Judical Center Building
120 West O'Brien Drive
Hagåtña, Guam 96910
TEL: 475-3324 FAX: 472-2493

# IN THE SUPREME COURT OF GUAM

| | |
|---|---|
| VICENTE C. PANGELINAN and JOSEPH C. WESLEY, <br><br> Plaintiffs-Appellants, <br><br> vs. <br><br> CARL T.C. GUTIERREZ, Governor, JOHN F. TARANTINO, Attorney General, JAMES H. UNDERWOOD, Director of the Department of Public Works; EDWARD G. UNTALAN, Administrator of the Guam Economic Development Authority; CARL J.C. AGUON, Director of the Department of Land Management; Y'ASELA A. PEREIRA, Treasurer of Guam; GOVERNMENT OF GUAM, <br><br> Defendants-Appellees, <br><br> and <br><br> GUAM RESOURCE RECOVERY PARTNERS, <br><br> Intervening Defendant-Appellee. | SUPREME COURT CASE NO. CVA 02-003 <br><br> SUPERIOR COURT CASE NO. SP 0212-00 <br><br> CONSENT TO WITHDRAWAL OF BRIEF AND NOTIFICATION OF CHANGE OF POSITION |



The below identified Defendants-Appellees have previously consented to the withdrawal of their appellate brief opposing the Appeal of Appellants on grounds that we disagree with the position taken in their brief. We agree with the legal position sought by the Attorney General of Guam.

_____
FELIX P. CAMACHO, Governor of Guam

Date: 2/6/03

*Pangelinan v. Gutierrez*
Supreme Court Case No. CVA 02-003
Consent to Withdrawal of Brief
   and Notification of Change of Position

_____      Date: 2/6/03
JOSE P. MORCILLA, JR.
Acting Director, Dept. of Public Works

_____     Date: 02/06/03
EDWARD G. UNTALAN
Administrator, Guam Economic Development
   Authority

_____     Date: 02/06/2003
FELIXBERTO R. DUNGCA, JR.
Interim Director, Dept. of Land Management

_____     Date: 2/6/03
ROSE T. FEJERAN
Acting Treasurer of Guam

Respectfully submitted:

DOUGLAS B. MOYLAN
Attorney General

By: _____     Date: 2/6/03
    JOSEPH P. GUTHRIE
    Deputy Attorney General
    Civil Division