

FILED
DISTRICT COURT OF GUAM
AUG 12 2005
MARY L.M. MORAN
CLERK OF COURT

DISTRICT COURT OF GUAM

TERRITORY OF GUAM

JULIE BABAUTA SANTOS, *et al.*,

Petitioners,

vs.

FELIX A. CAMACHO, etc., *et al.*,

Respondents.

Civil Case No. 04-00006

ORDER RE: ATTORNEY GENERAL'S MOTION TO AMEND MARCH 2, 2005 ORDER

This matter comes before the Court on the Attorney General of Guam's Motion to Amend March 2, 2005 Order Denying Reconsideration of February 9, 2005 Order to Certify Interlocutory Appeal to the Court of Appeals for the Ninth Circuit.[1] After reviewing the parties' submissions, as well as relevant caselaw and authority, the Court hereby DENIES the Motion to Amend filed on March 11, 2005 and the Request for Certification of Interlocutory Appeal by the Attorney General. The Court sets forth the basis for its decision herein.

**BACKGROUND**

On January 25, 2005, the Magistrate Judge heard the following motions filed by the

---

[1] Pursuant to Local Civil Rule 7.1(e)(3), this Court will dispense with oral argument and will decide the matter on the submitted briefs. Local Civ.R. 7.1(e)(3) states "[i]n cases where the parties have requested oral argument, such oral argument may be taken off calendar by Order of the Court, in the discretion of the Court, and a decision rendered on the basis of the written materials on file."



ORIGINAL

Attorney General of Guam ('Attorney General"):[2] (1) Motion to Strike Entry of Appearance of Rawlen Mantanona and to Strike all Subsequent Documents Filed Herein by Rawlen MT Mantanona[3]; (2) Motion to Strike Entry of Calvo & Clark, LLP & Purported Entry of Appearance of Shannon Taitano, Esq. And to Strike all Subsequent Documents Filed Herein by Calvo & Clark, LLP & Shannon Taitano, Esq.; and (3) Motion for Relief from Order Issued by the Court on November 12, 2004.[4] The Magistrate Judge issued his decision on February 9, 2005, denying the Attorney General's motions to strike the appearances of independent counsel on behalf of the Governor of Guam and the Directors of the Departments of Administration and Revenue & Taxation. On February 17, 2005, the Attorney General filed a Motion for Reconsideration of the Court's February 9, 2005 Order. On March 2, 2005, the Magistrate Judge issued an Order denying the Motion for Reconsideration. On March 11, 2005, the Attorney General filed a "Motion to Amend the March 2, 2005 Order Denying Reconsideration of February 9, 2005 Order to Certify Interlocutory Appeal to the Court of Appeals for the Ninth Circuit" ("Motion to Amend").

On June 28, 2005, the Court held a Status Conference and discussed the Attorney General's Motion to Amend. Specifically, the Court directed the Attorney General to clarify its position with respect to how the Court should treat the motion. *See* Minutes dated June 28, 2005. On July 6, 2005, the Attorney General filed a Clarification of Attorney General's March 11, 2005 Motion to Amend March 2, 2005 Order Denying Reconsideration of February 9, 2005 Order to Certify Interlocutory Appeal to the Court of Appeals for the Ninth Circuit. The

---

[2] The Court also heard the Petitioner's Motion for Orders Approving the Administration Plan and Amended Notice and for Orders Establishing the Fairness Hearing Date and Objection and Opt Out Date. However, for purposes of this Order the ruling as to that matter has no bearing on the issues discussed herein.

[3] Counsel Mantanona represents Respondents, Art Illagan, Director of Department of Revenue and Taxation and Lourdes M. Perez, Director of Department of Administration.

[4] On November 12, 2004, the Court issued an order permitting the Governor of Guam to be represented by counsel other than that of the Attorney General. Felix A. Camacho, was sued in his official capacity as the Governor of Guam.

2

Attorney General suggested that the Court treat the Motion to Amend as an objection to the Court's March 2, 2005 Order. In addition, the Attorney General requested the Magistrate Judge to amend the March 2, 2005 Order to reflect "(a) that it is a proposed order, findings and recommendation; and (b) that the proposed order of the Magistrate Judge include the recommendation that regardless of how the District Court Judge rules on the objection, that the issues be certified for interlocutory review as presented in the Attorney General's March 11, 2005 filing."

On July 11, 2005, the Magistrate Judge issued an Order denying the Attorney General's request to amend the March 2, 2005 Order. The Magistrate Judge held that pursuant to General Order 04-00016, the Magistrate Judge is authorized to "[h]ear and determine any pretrial motions, including discovery motions, other than case-dispositive motions." General Order 04-00016 at 3. The Magistrate Judge found that the question as to who is authorized under the Organic Act to represent the respondents was a nondispositive issue. Accordingly, the Magistrate Judge found that it was proper for him to have issued an Order concerning the matter as opposed to a Report and Recommendation. Furthermore, the Magistrate Judge declined to grant the Attorney General's request to recommend that the District Court certify the issue for interlocutory review.

## DISCUSSION

Under 28 U.S.C. § 636(b)(1)(A), a magistrate judge may "hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action." "Findings and Recommendations" are issued under 28 § 636(b)(1)(B) concerning matters specifically excepted under 28 § 636(b)(1)(A). In this instance, the Magistrate Judge ruled on the issue of whether the Governor of Guam and the Directors of the Departments of Administration and Revenue & Taxation could be represented by counsel other than the Attorney General. The Court finds that this issue was clearly of a

3

pretrial nature and was not identified as a dispositive matter needing a judicial referral and a Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(B).

Under Title 28 U.S.C. § 636(b)(1)(A) a district judge may reconsider a Magistrate Judge's order on a nondispositive pretrial motion if the order was "clearly erroneous or contrary to law;" it is not subject to *de novo* determination as are proposed findings and recommendations under 28 U.S.C. § 636(b)(1)(B). Similarly, Federal Rules of Civil Procedure 72(a) provides "[t]he district judge . . . shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law . . . " Under this standard of review, the magistrate judge's order should be affirmed unless the district court is left with the "definite and firm conviction that a mistake has been committed." *Burdick v. Comm'r*, 979 F.2d 1369, 1370 (9th Cir.1992). The reviewing court may not simply substitute its judgment for that of the deciding court. *Grimes v. City & County of San Francisco*, 951 F.2d 236, 241 (9th Cir.1991).

Relying upon 48 U.S.C. § 1412i(d)(2) for support, the Magistrate Judge held that the express provisions of the Organic Act provided the Governor of Guam and those to whom he delegated his authority the right to independent counsel in proceedings concerning the Guam Territorial Tax. That provision provides:

> The **Governor or his delegate shall have the same administrative and enforcement powers and remedies with regard to the Guam Territorial income tax as the Secretary of the Treasury, and other United States officials of the executive branch**, have with respect to the United States income tax. Needful rules and regulations not inconsistent with the regulations prescribed under section 7654(e) of the Internal Revenue Code of 1986 [26 U.S.C.A. § 7654(e)] for enforcement of the Guam Territorial income tax shall be prescribed by the Governor. The Governor or his delegate shall have authority to issue, from time to time, in whole or in part, the text of the income-tax laws in force in Guam pursuant to subsection (a) of this section.

48 U.S.C.A. § 1421i(d)(2) (emphasis added).

The Magistrate Judge found that since the Governor, not the Government of Guam, is responsible for administering and enforcing the Guam Territorial income tax law, the Governor has an interest in the outcome of the action; and that the Attorney General should not have the authority to override the Governor's decisions as they relate to the Guam Territorial income tax

laws. *See* February 9, 2005 Order. After reviewing the record, this Court finds the Magistrate Judge's factual findings were not clearly erroneous nor were his legal conclusions contrary to law.

In addition, the Court denies the Attorney General's request to certify for interlocutory appeal the issue of the Governor of Guam's right to independent counsel. The Attorney General first raised certification as an issue in its March 11, 2005 pleading wherein the Attorney General requested the Magistrate Judge to amend his March 2, 2005 Order to provide a recommendation to the district court judge to certify the issue. Finding that the issue of certification had not been previously raised by the Attorney General, the Magistrate Judge determined that the matter was not properly before him and that he was without jurisdiction to decide the question. Therefore, the Magistrate Judge directed the Clerk of Court to refer the matter to the District Court Judge. *See* July 11, 2005 Order.

The certification for an order for interlocutory appeal is proper under section Title 28 U.S.C. §1292(b) provided: (1) it "involves a controlling question of law; (2) there is substantial grounds for difference of opinion; and (3) an immediate appeal may materially advance the ultimate termination of the litigation." *In re Cement Antitrust Litigation*, 673 F.2d 1020, 1026 (9th Cir.1982). "[T]his section [is] to be used only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." *Id.* The Attorney General fails to meet the requirements under §1292(b).

The issue in question is collateral to the merits of the case as to whether or not the petitioner and putative class are entitled to the tax relief they seek. The Court is not convinced that the issue of whether the Governor of Guam may be represented by separate counsel is a controlling question of law that will have bearing on the outcome of this matter. The Court agrees with the Magistrate Judge that because the Governor of Guam is tasked with administering the Guam Territorial Income Tax, he should have input in this action and be represented by counsel of his choosing, particularly when there appears to be a conflict between the policy objectives of the Attorney General compared to those of the Governor of Guam. Additionally, this Court is not persuaded that certification would materially advance the

5

litigation. Presently a Settlement Agreement and a motion to certify the class have been filed. A grant of certification at this point on a collateral matter will only stall the advance of this litigation.

**CONCLUSION**

To the extent the motion to amend is viewed as an objection to the Magistrate Judge's March 2, 2005 Order, the Court overrules the objection. The Magistrate Judge's factual findings were neither clearly erroneous nor his legal conclusions contrary to law. In addition, the Attorney General has failed to satisfy the requirements for certification of an interlocutory appeal. Accordingly, the Court DENIES the relief sought by the Attorney General March 11, 2005 motion.

SO ORDERED this /2- day of August, 2005.

CONSUELO B. MARSHAL*
UNITED STATES DISTRICT JUDGE

---

*The Honorable Consuelo B. Marshal, United States Chief District Judge for Central District of California, by designation.

6