1

2

3

4

5

6

7

8

**FILED**
DISTRICT COURT OF GUAM

SEP 1 9 2005

MARY L.M. MORAN
CLERK OF COURT

DISTRICT COURT OF GUAM

TERRITORY OF GUAM

ORIGINAL

| | | |
|---|---|---|
| JULIE BABAUTA SANTOS, individually and on behalf of all those similarly situated, | ) ) ) | Civil Case No. 04-00006 |
| Petitioner, | ) ) | |
| vs. | ) ) | |
| FELIX A. CAMACHO, Governor of Guam; ART ILAGAN, Director of Department of Revenue and Taxation; LOURDES M. PEREZ, Director of Department of Administration; and GOVERNMENT OF GUAM, | ) ) ) ) ) ) ) | ORDER |
| Respondents. | ) ) | |

On February 9, 2005, the Court issued an Order (Docket No. 158) which allowed the Respondents to be represented by counsel independent of the Attorney General's office and permitted the Attorney General continue representing the interests of the Government of Guam in this action. On February 16, 2005, the Respondent Felix P. Camacho, Governor of Guam (the "Governor") filed a Motion to Disqualify the Attorney General's Office. For the reasons set forth herein, the Court hereby DENIES the Motion to Disqualify the Attorney General's office without the need for oral argument.[1]

---

[1] Pursuant to Local Rule LR 7.1(e)(1) of the Local Rules of Practice for the District Court of Guam, oral argument is not automatic and may granted or denied in the discretion of the judge, except where oral argument is required by statute or federal rule of procedure. This is not one of those instances.

Julie Babauta Santos v. Felix P. Camacho, Governor of Guam, et al., Civil Case No. 04-0006
Order Denying Governor's Motion to Disqualify Attorney General's Office

# ANALYSIS

The Court has previously determined that the Organic Act, specifically 48 U.S.C.A. § 1421i(c) and (d)(2), explicitly vests the Governor with the ultimate and exclusive authority to administer and enforce Guam's tax laws. (Order, Docket No. 158 at 6.) While recognizing that the Attorney General was the Chief Legal Officer of the Government of Guam, the Court also ruled that the Attorney General did not have the authority to override the Governor's decisions which relate to the Guam Territorial Income Tax ("GTIT") laws. (Id.) Accordingly, the Court permitted the Governor and the Respondent Directors to be represented by private counsel and further permitted the Attorney General to remain as counsel of record for respondent Government of Guam.

Thereafter, the Governor sought to disqualify the Attorney General from further appearing in this action on behalf of the Government of Guam.[2] The Governor asserted that the Attorney General has a conflict of interest as set forth by the Guam Rules of Professional Conduct and thus must be disqualified. The Governor specifically relied upon Rules 1.7 and 1.9, which provides in pertinent part as follows:

**RULE 1.7:  CONFLICT OF INTEREST: CURRENT CLIENTS**

(a) . . . a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:

(1) the representation of one client will be directly adverse to another client; or

(2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.

**RULE 1.9: DUTIES TO FORMER CLIENTS**

(a) A lawyer who, has formerly represented a client in a matter shall not thereafter represent another person in the same of substantially related matter in which the person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.

GUAM RULES OF PROF'L CONDUCT R. 1.7 and 1.9.

The Governor argued that the Attorney General has a conflict of interest because he

---

[2] The Respondent Directors joined in the Governor's motion to disqualify the Attorney General. (Docket No. 169.)

- 2 -

Julie Babauta Santos v. Felix P. Camacho, Governor of Guam, et al., Civil Case No. 04-0006
Order Denying Governor's Motion to Disqualify Attorney General's Office

has "switched sides," first claiming to represent the Governor and the Respondent Directors only to then take actions contrary to their wishes. The Governor contended that the Attorney General's position is openly adverse to his own position with respect to the settlement agreement reached between the Petitioner and the Attorney General. Furthermore, the Governor claimed that the Attorney General's former representation of himself and the Respondent Directors herein prevents the Attorney General from representing a different party, *i.e.*, the Government of Guam, in this same matter.

The Court, however, is not persuaded by the governor's arguments. First, as the Attorney General notes, it was the Governor and the Respondent Directors who "switched sides," first by signing off on the initial settlement agreement and thereafter seeking to vacate the preliminary approval of the settlement agreement. Thus, the alleged conflict was created in part by the Governor's actions. Second, like other courts, this Court recognizes that the Guam Rules of Professional Conduct can not be mechanically applied to the Attorney General's office. The Attorney General is not necessarily prohibited from representing governmental clients whose interests may be adverse to each other because of the unique roles held by the Attorney General.

This Court has previously discussed the roles of the Attorney General in the cases of Lourdes P. Aguon-Schulte v. Guam Election Commission, et al., Civil Case No. 04-00045 and Jay Merrill, etc., et al. v. Guam Election Commission, et al., Civil Case No. 04-00046. In those cases, the plaintiffs had filed actions in the Superior Court of Guam plaintiffs seeking declaratory and injunctive relief, and an order requiring the Governor to hold a special election on Proposal A. Without the consent of the defendants, the Attorney General removed the actions to this Court. The defendants, through private counsel, then moved to remand the actions to the Superior Court, but the Attorney General moved to strike the appearances of private counsel. In discussing the Attorney General's roles, the Court stated:

> The Organic Act's designation of the Attorney General as Chief Legal Officer of the Government of Guam appears to have adopted basic common law principles regarding the Attorney General's primary role: that of representing the interests of the government the attorney general represents – in other words, the state interest or the public interest. As chief legal officer

- 3 -

Case 1:04-cv-00006   Document 237   Filed 09/19/2005    Page 4 of 6
Julie Babauta Santos v. Felix P. Camacho, Governor of Guam, et al., Civil Case No. 04-0006
Order Denying Governor's Motion to Disqualify Attorney General's Office

1    of the government, it is this interest that the attorney general must at all times represent. In this respect, it can be said that the attorney general's real client

2    is the state he represents or the public interest he represents. It therefore necessarily embodies the principle that if the attorney general finds his duties

3    to the state and the public interest conflicting with his other duties, it is his duty to represent the state and the public interest which is paramount. In this

4    role, the attorney general's responsibility has generally been regarded as being the protector and guardian of the public interest, *i.e.*, the state or government

5    interest which he advocates.

       . . .

6

7        In addition to his role as representative of the state, the state's interest or the public interest, the attorney general also has the dual role and

8    responsibility of representing the instrumentalities of that government, *i.e.*, the agencies and officials in matters in which the said entities are involved as

9    parties in any litigation. While the Court has noted above that the Organic Act does not expressly reserve to the Attorney General the representation of

10    the Government of Guam's agencies and officials in litigation in which they are involved, it is an implied grant of authority. In order to be the Chief Legal

11    Officer of the Government of Guam, the Attorney General must necessarily be the primary legal counsel for its employees and agencies.

12 Lourdes P. Aguon-Schulte v. Guam Election Commission, *et al.*, Civil Case No. 04-00045,

13 Findings & Recommendation (Docket No. 106) at 9-10.

14        While the Court eventually recommended that the defendants in the Proposal A cases

15 be permitted to retain private counsel to represent them, the Court recognized that the case

16 before it was "rare" because "[n]ormally, government entities and officials appearing before

17 the Courts will find representation in their respective litigations by the Attorney General.

18 This must be the case because the Attorney General is the Chief Legal Officer of the

19 Government of Guam." Id. at 20.

20        In this GTIT case, the Governor does not ask that the Attorney General be

21 disqualified from representing a government official or a government agency, rather he asks

22 that the Attorney General be disqualified from completely representing the Government of

23 Guam. Because the governor has supervision over the administration and enforcement of the

24 GTIT (48 U.S.C. § 1421i(c)(2)) and because he has the same administrative and enforcement

25 powers with regard to the GTIT as the Secretary of the Treasury *and other United States*

26 *officials of the Executive branch* (48 U.S.C. § 1421i(d)(2)), he argues that he alone represents

27 the interest of the Government of Guam in GTIT matters. He further argues that under 48

28 U.S.C. § 1421i(d)(2), he possesses powers which would normally be possessed by the United

- 4 -

Case 1:04-cv-00006 Document 237 Filed 09/19/2005 Page 5 of 6
Julie Babauta Santos v. Felix P. Camacho, Governor of Guam, *et al.*, Civil Case No. 04-0006
Order Denying Governor's Motion to Disqualify Attorney General's Office

States Attorney General in relation to litigation of these tax matters. Based upon his powers granted by 48 U.S.C. § 1421i(d)(2), the Governor asks that the Attorney General be disqualified from representing the Government of Guam because the Government of Guam already has a client representative in the Governor – a representative whose interests the Attorney General does not represent or advocate.

The Court recognizes the powers possessed by the Governor under 48 U.S.C. §§ 1421i(c)(2) and (d)(2), but it also recognizes that suits for the collection of tax refunds under the GTIT are maintained against the Government of Guam under 48 U.S.C. § 1421i(h)(2). Recognizing these applicable provisions of the Organic Act, the Petitioner has brought suit not only against the Governor but against the Government of Guam as well.

Most important, the Organic Act provides that the Attorney General is the Chief Legal Officer of the Government of Guam. 48 U.S.C. § 1421g(d). This provision would be rendered meaningless if the Attorney General was automatically disqualified from representing the Government of Guam based on a mechanical application of the professional rules of conduct each time the Governor or one of his directors disagreed with the Attorney General's position. The Attorney General's paramount duty is to represent the public interest. He is entitled to represent what he perceives to be the interest of the public at large. The Court believes that the Attorney General can faithfully carry out this duty by permitting him to remain in this litigation. The Governor's duty to administer and enforce the income tax laws of Guam should not be hampered or hindered by the Attorney General's continued representation in this actions since the Court has already permitted him to be represented by separate counsel. Additionally, the Attorney General's continued representation of the Government of Guam gives full meaning to Congress's intent when it declared the Attorney General the Chief Legal Officer of the Government of Guam.

///

///

///

///

- 5 -

Julie Babauta Santos v. Felix P. Camacho, Governor of Guam, et al., Civil Case No. 04-0006
Order Denying Governor's Motion to Disqualify Attorney General's Office

## CONCLUSION

Based on the above analysis, the Court hereby DENIES the Governor's motion to disqualify the Attorney General from further representing the Government of Guam in this action.

SO ORDERED this _19th_ day of September 2005.

JOAQUIN V.E. MANIBUSAN, JR.
U.S. Magistrate Judge

- 6 -