DISTRICT COURT OF GUAM

TERRITORY OF GUAM

JULIE BABAUTA SANTOS, individually and on behalf of all those similarly situated,

Petitioner,

vs.

FELIX A. CAMACHO, Governor of Guam; ART ILAGAN, Director of Department of Revenue and Taxation; LOURDES M. PEREZ, Director of Department of Administration; and GOVERNMENT OF GUAM,

Respondents.

Civil Case No. 04-00006

ORDER

On February 3, 2005, potential class members Christina M.S. Naputi[1] and Mary Grace Simpao filed a Representation Statement and Entry of Appearance. (Docket No. 154.) On March 2, 2005, the Petitioner filed a Motion to Strike the Appearances of Mss. Naputi and Simpao. (Docket No. 173.) For the reasons set forth herein, the Court hereby DENIES the

///

///

---

[1] Ms. Naputi had previously sought to intervene in this action, but her motion was subsequently denied because she failed to demonstrate that her interests could not be adequately represented by Petitioner and her counsel. See Order (Docket No. 76) at 9. Ms. Naputi along with Ms. Simpao then filed a parallel lawsuit which also sought a refund of the earned income tax credit allegedly owed to them. See Simpao, et al. v. Government of Guam, Civil Case No. 04-00049.

motion to strike without the need for oral argument.[2]

## ANALYSIS

The Representation Statement and Entry of Appearance pleading filed notified the Court and all parties herein that Mss. Naputi and Simpao were represented by the law firm of Van de veld Shimizu Canto & Fisher. Additionally, Mss. Naputi and Simpao requested that their counsel be served with all pleadings filed or to be filed herein.

The Petitioner now seeks to strike the appearances of Mss. Naputi and Simpao on the basis that they should not be permitted to participate in this lawsuit while simultaneously pursuing a parallel lawsuit in anticipation of opting out of any settlement reached in this action. The Petitioner cites to Rule 23(c)(2)(B) of the Federal Rules of Civil Procedure to support her assertion that only those class members who do not request exclusion may enter an appearance through counsel. This rule states

> For any class certified under Rule 23(b)(3), the court must direct to class members the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must concisely and clearly state in plain, easily understood language:
> - the nature of the action,
> - the definition of the class certified,
> - the class claims, issues, or defenses,
> - that a class member may enter an appearance through counsel if the member so desires,
> - that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded, and
> - the binding effect of a class judgment on class members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).

Contrary to the Petitioner's assertions, Rule 23(c)(2)(B) merely sets forth the requirements for notice to be sent to class members once a class is certified under Rule 23(b)(3). The rule does not preclude Mss. Naputi and Simpao from notifying the Court and parties of their

---

[2] Pursuant to Local Rule LR 7.1(e)(1) of the Local Rules of Practice for the District Court of Guam, oral argument is not automatic and may granted or denied in the discretion of the judge, except where oral argument is required by statute or federal rule of procedure. This is not one of those instances.

intent to be represented by counsel separate from Petitioner's counsel or from requesting that they be served with copies of all pleadings. The Court, however, cautions Mss. Naputi and Simpao and their counsel that it will not permit the Representation Statement and Entry of Appearance to circumvent the previous denial of Ms. Naputi's motion to intervene.

Because Mss. Naputi and Simpao pleading can be characterized as a mere "courtesy notice," the Court DENIES the Petitioner's motion to strike.

SO ORDERED this 20th day of September 2005.

JOAQUIN V.E. MANIBUSAN, JR.
U.S. Magistrate Judge