VAN DE VELD SHIMIZU CANTO & FISHER
Suite 101 De la Corte Bldg.
167 East Marine Corps Drive
Hagatna, Guam 96910
671.472.1131

TOUSLEY BRAIN STEPHENS PLLC
Kim D. Stephens, P.S., *Pro Hac Vice*
Nancy A. Pacharzina, *Pro Hac Vice*
700 Fifth Avenue, Suite 5600
Seattle, Washington 98104-5056
206.682.5600
*Attorneys for Mary Grace Simpao, Christina Naputi and Janice Cruz. Plaintiffs in related case 04 CV 0049*

FILED
DISTRICT COURT OF GUAM
NOV -3 2005
MARY L.M. MORAN
CLERK OF COURT

DISTRICT COURT OF GUAM
TERRITORY OF GUAM

| | |
|---|---|
| JULIE BABAUTA SANTOS, et al, <br><br> Plaintiffs, <br><br> vs. <br><br> FELIX P. CAMACHO, etc., et al., <br><br> Defendants. | Civil Case No. 04-00006 <br><br> Submission of Interested Parties/Objectors Mary Grace Simpao, et al. <br> In Re: Court's Order of October 13, 2005 |

## I. INTRODUCTION

Interested parties Mary Grace Simpao, Christina Naputi and Janice Cruz are plaintiffs in a related case concerning the non-payment by the Government of Guam of the Earned Income Tax Credit. *Simpao, et al. v. Government of Guam*, CV04-00049 (hereinafter "*Simpao*"). The Governor of Guam intervened in that case to seek a stay based solely on his proposed settlement in this matter. Thus the Governor's motion to stay in *Simpao* presents the same issue as before the Court here, *i.e.*, "Can the Governor of Guam wrest control of litigation away from the independently elected Attorney General solely because the litigation relates to a tax matter?" Because this issue addresses the validity

of a settlement to which the *Simpao* plaintiffs (as putative class members here) object, it is appropriate they be heard on this issue in this forum. The *Simpao* Plaintiffs assert: the only proper representative of the Government of Guam in this litigation and their own action is the Attorney General, and only the Attorney General is authorized to settle a tax refund suit.[1]

## II. ARGUMENT

### A. The Only Proper Defendant In Any of the EITC Actions Is The Government Of Guam.

No party can genuinely dispute that suits for the refund of taxes can be maintained only against the Government of Guam and not against an agency or person. 48 U.S.C. §1421i(h); 26 U.S.C. §7422(f)(1). Where, as in this action, the Governor has improperly been named a defendant, the Court should order a change in the pleading such that the Government of Guam is the only named defendant. 48 U.S.C. §1421i(e); 26 U.S.C. 7422(f)(2). Therefore, pursuant to statute, this action is properly brought against the Government of Guam only. The question thus presented is whether the Governor, through independently appointed counsel, can assume representation of the Government of Guam, over the objection of the Attorney General, solely because the litigation addresses a tax matter. The statutory authorities, the intent of Congress and past practices all demonstrate he cannot.

### B. As A General Matter, the Attorney General Represents the Government of Guam in Litigation.

It is well established that, as a general matter, the Attorney General represents the Government of Guam in lawsuits brought against it. This authority was granted to the Attorney General by the U.S. Congress in Guam's Organic Act and echoed by grants of authority from the Guam Legislature. See 48

---

[1] The *Simpao* plaintiffs properly filed a statement of representation and notice of appearance in this action on February 2, 2005 (Docket No. 154). Although they do not have the status of the party they do have the status of class members. *See Liebman v. J. W. Petersen Coal & Oil Co.*, 73 F.R.D. 531, 535 (D.C. Ill. 1973) noting that plaintiff's counsel's views are entitled to weight in preliminary evaluation of settlement agreement.

U.S.C. §1421g(d)(1); 5 G.C.A. §§30101, 30102, 30109(c), 30103. Consistent with the Organic Act and local statutes, the Attorney General's authority has been recognized by the Supreme Court of Guam (*A.B. Won Pat Guam Intern. Airport Authority ex rel. Board of Directors v. Moylan*, 2005 Guam 5, at 25 (2005) *citing* 7 Am. Jur. 2nd, *Attorney General* §7 (2004)) ("We hold that the Attorney General, as Chief Legal Officer, is charged with all the powers and duties pertaining to the office at common law, except insofar as they have been expressly restricted or modified by statute.") as well as the federal court (*Santos, et al. v. Camacho etc., et al.*, Civil Case No. 04-00049, Order (Docket No. 237 at 3-4) *citing Lourdes P. Aguon-Schulte v. Guam Election Commission, et al.*, Civil Case No. 04-00045, Findings and Recommendations (Docket No. 106 at 9-10))("the Attorney General has the dual role of representing the state [Guam] and instrumentalities of the government.")

Until 1998 the Attorney General served at the pleasure of the Governor. Thus the Attorney General was subject to gubernatorial influence in performing his functions. Then in 1998, Congress amended the Organic Act to allow Guam's Legislature to authorize the people of Guam to elect an independent Attorney General. *See* 48 U.S.C. §1421g(d)(1)(2). This was done in part to cure the evil of undue political interference with the functions of the Attorney General. *See* H.R. Rep. No. 742, 105th Cong., 2nd Sess. at 2-3(1998)("Controversies have arisen in the past because of the appointment nature of the position of Attorney General. Public concerns revolve around political interference with investigations, inefficiency of case work and dismissal of the Attorney General without cause"). Guam's Legislature in fact implemented this approach in 2000. See 5 G.C.A. §30101. As a result of the amendment and the Legislature's action, the Attorney General now occupies an "organically protected" position and can exercise his judgment independent from others in the Executive Branch.[2]

---

[2] There is little to no case law in Guam addressing situations in general where the Governor and Attorney General disagree on the proper course of a given legal action. There is an abundance of cases, however, from other jurisdictions in which the Attorney General is similarly independent of the

## C. The Attorney General's Role in Tax Litigation is No Different.

Contrary to the Governor's assertions, the above-described balance of power established by the Organic Act and Guam's Legislature is no different for litigation related to tax matters. To hold otherwise would be contrary to Congress' intent in mandating Guam's Territorial Income Tax system mirror the United States' tax system; contrary to both Congress' and the Guam Legislature's intent in establishing an independent Attorney General; and contrary to past practice on Guam.

First, it is undisputed that in the United States the Attorney General controls litigation in tax refund suits and not the Secretary of the Treasury or anyone else from the executive branch who was involved in the administration and enforcement activity that spawned the litigation. See 26 U.S.C §7122(a) and *Slovacek v. U.S., 40 Fed. Cl. 828, 833 (1998)*("As defendant correctly argues, once plaintiffs filed their refund action in court, their case was referred to DOJ, and the authority to settle their case shifted from the IRS to the Attorney General, or her delegate. *See* I.R.C. §7122(a). This authority cannot be defeated by a settlement made by the IRS with another taxpayer, since the IRS can no more settle this case indirectly by binding DOJ to settlement terms the IRS negotiated with other taxpayers, than the IRS can settle the case directly"). Furthermore, it is undisputed Congress expressly intended Guam citizens would be treated the same as U.S. citizens in tax matters. 26 U.S.C. § 1421i(h)(2)("Suits for the recovery of any Guam Territorial income tax . . . may . . . be maintained against the government of Guam subject to the same statutory requirements as are applicable to suits for the recovery of such amounts maintained against the United States . . . with respect to the United States income tax."). *See also Gumataotao v. Director of Department of Revenue and Taxation*, 236 F.3d 1077, 1082 (9th Cir. 2001)("In passing the Income Tax Section, Congress intended to provide

---

Governor, that note the Attorney General retains control of litigation in such circumstances. *See* Submission of the Attorney General filed October 28, 2005 at 8-9 fn.7 (Docket No. 260).

uniform tax treatment for U.S. and Guam taxpayers. ('[C]ongressional intent [was] to implement some degree of uniformity.'); ('Congress intended that Guam should apply the [I.R.C.] ... to persons and income within *its* territory just as the United States applies the Code to persons and income within its territory.')") (internal citations omitted). If this were not so, it would make little sense to impose a "mirror code." *See Sayre & Co. v. Riddell,* 395 F.2d 407, 409, 412 (9th Cir. 1968) ("The general conclusion that we draw from the available evidence, then, is that Congress intended that Guam should apply the Internal Revenue Code . . . to persons and income within its territory just as the United States applies the Code to persons and income within its territory.")

If the Governor's arguments are accepted, Guam taxpayers will be denied the separation of powers Federal taxpayers enjoy, and they will receive disparate treatment. This is a disparity scholars have noted makes a difference. *See* Garbis, Junghans, and Struntz, *Federal tax Litigation, Civil Practice and Procedure* § 2.02[2](Warren, Gorham & Lamont, Inc. 1985)("A taxpayer who desires a compromise but has reached a stalemate at the administrative level may have more luck at settling the case with the tax division [of the U.S. Justice Department] in a refund suit than with the District coiunsel and the Appeals Division Of the [Internal Revenue] Service in a Tax Court case.") Thus, under section 1421i(h)(2) of the Organic Act the Attorney General of Guam should act with the same independence as would the Attorney General of the United States with regard to tax refund suits.

Second, section 1421i(d)(2) of the Organic Act which grants the Governor the powers of the "Secretary of the Treasury, and other United States officials of the executive branch" *to administer and enforce tax matters* cannot be read so broadly as to grant the Governor the power *in litigation regarding tax matters* that he seeks here. Rather the section must be read in context with, and in harmony with, the other sections of the Organic Act and the policies they seek to further.

> [There is a] cardinal rule that a statute is to be read as a whole, since the meaning of statutory language, plain or not, depends on context. "Words are not pebbles in alien juxtaposition; they have only a communal existence; and not only does the meaning of each interpenetrate the other, but all in their aggregate take their purport from the setting in which they are used...."

*King v. St.Vincent's Hosp.*, 502 U.S. 215, 221, 112 S.Ct. 570 (1991). *See also United States v. Hartwell,* 73 U.S. (6 Wall.) 385, 396, 18 L.Ed. 830 (1868) (in construing statute court should adopt that sense of words which best harmonizes with context and promotes policy and objectives of legislature); *see generally* 2A C. Sands, Sutherland on Statutory Construction § 46.05 (rev. 4th ed. 1984). Specifically, section 1421i(d)(2) must be harmonized with the section providing the Attorney General is the Chief Legal Officer of Guam, 48 U.S.C. § 1421g(d)(2), and with Congress' intent that Guam taxpayers be treated the same as U.S. taxpayers with regard to the tax. 48 U.S.C. § 1421i(h)(2). The only reading that makes sense when all these provisions are read as a whole is that control over the resolution of tax matters shifts from the Governor to the Attorney General when the dispute shifts from the administrative forum to the courts - just like it does in the United States.

This reading is further supported by the legislative history of section 1421i(d)(2) which demonstrates Congress gave the Governor of Guam only the power to administer and enforce the GTIT that other *"tax officials"* of the executive branch have, not the powers of all other officials in the

executive branch up to and including the Attorney General. *See* S.Rep. No. 2176, 85th Cong., 2nd Sess. 1958, *reprinted in* 1958 U.S.C.C.A.N. 3647, 3652 ("Paragraph 2 expressly indicates the intent that the Governor of his delegate has the same enforcement powers as United States tax officials"). Relevant here is the fact there are other tax officials in the executive branch who have tax oversight yet are independent of the Secretary of the Treasury (*see* 26 U.S.C. §7802)(Congress created the Internal Revenue Service Oversight Board which consists of certain members not under the authority of the Secretary of the Treasury.). Thus the phrase "other . . . officials of the executive branch" logically embraces these other tax officials and not the Attorney General.[4]

Third, in actual practice on Guam the Attorney General has represented the Government of Guam *in tax cases* including after 2000 when the office became independent. *See Crain v. Government of Guam*, 195 F.2d 414(9th Cir. 1952), *Wilson v. Kennedy*, 232 F.2d 153 (9th Cir. 1956), *Guam Bowling Center Inc. v. Ingling*, 188 F.Supp. 104 (D.Guam 1960), *Sayre & Co. v. Riddell*, 395 F.2d 407 (9th Cir. 1968), *Gayle v. Blaz*, 432 F.Supp. 1167 (D.Guam 1977), *Holmes v. Director of the Department of Revenue and Taxation, Government of Guam*, 937 F.2d 481 (9th Cir. 1991), *Hotels of Marianas, Inc. v. Government of Guam*, 71 F.3d 1455 (9th Cir. 1995), *Marangi v. Government of Guam*, 319 F.Supp. 2nd

---

[4] This Court should refer to the legislative history to discover the meaning of the statute. "Examination of purpose is a staple of statutory interpretation for every American appellate court . . . and governmental purpose is a key element of a good deal of constitutional doctrine . . . . Scrutinizing purpose makes practical sense in Establishment Clause analysis, where an understanding of official objective emerges from readily discoverable fact set forth in a statute's text, legislative history and implementation or comparable official act." *McCreary County, Ky. v. American Civil Liberties Union of Ky.*, 125 S.Ct. 2722, 2734, 162 L.Ed.2d 729 (2005) *internal citations omitted*. See also *U.S. v. Awadallah*, 349 F.3d 42 (2d. Cir. 2003)("Where statutory language is ambiguous [as is 1421i(d)(2)], a court may resort to the canons of statutory interpretation and to the statute's legislative history to resolve the ambiguity.") *See also In re BCE West, L.P.*, 319 F.3d 1166 (9th Cir. 2003)(noting where statutory language is not dispositive, Courts look to the Congressional intent revealed in legislative history and purposes of statutory scheme).

1179 (D. Guam 2004). Counsel has found no case where the Governor has assumed control of such litigation through its own independently appointed counsel.

Further, even in the related EITC cases (*Torres v. Government of Guam, Felix P. Camacho et al.*, CV04-00038 and *Simpao et al. v. Government of Guam*, CV04-00049), the Governor has not acted in a manner consistent with the position he claims here. Notably in *Simpao*, where the only defendant is the Government of Guam, the Governor has *not* sought to assume control of the litigation by substituting counsel. To the contrary he moved to intervene citing *inter alia* his control over the administration of the GTIT, and *his status as a named defendant in two other class actions* (a status he does not properly have). *See* Governor's Memorandum of Points and Authorities in Support of Motion to Intervene at 4, CV04-00049 (Docket No. 103).

D. **The Court Should Affirm the Attorney General's Authority.**

In the order at issue here, the Magistrate, while allowing the Governor input, properly refused to deny the Attorney General his status as the Chief Legal Officer of Guam and the representative of the Government's interest.

> Most important, the Organic Act provides that the Attorney General is the Chief legal officer of the Government of Guam. This provision would be rendered meaningless if the Attorney General was automatically disqualified from representing the Government of Guam based upon a mechanical application of the professional rules of conduct each time the Governor or one of his directors disagreed with the Attorney General's position. The Attorney General's paramount duty is to represent the public interest. He is entitled to represent what he perceives to be the interest of the public at large.

Order, J. Manibusan, CV04-0006, (Docket No. 237), Sept. 19, 2005.

The Governor of Guam has improperly sought to expand a right to have input into a right to control this litigation that neither this Court nor Congress has granted him (and arguably Guam's Legislature expressly denied him when it provided the Attorney General should be independent). As a result, Plaintiffs in all the Earned Income Tax Case actions have been placed in an untenable position – they are litigating against one proper defendant, the Government of Guam, that is speaking with two

voices. Only one attorney can represent the Government of Guam in this action and the related cases. Under the relevant provisions of the Organic Act, that must be Guam's Attorney General.

### III. CONCLUSION

For all the reasons stated herein, this Court should uphold the Magistrate's order refusing to disqualify the Attorney General. The Court should also find it is the Attorney General who represents the Government of Guam and controls the actions taken on behalf of the Government in all of the EITC actions.

Respectfully submitted this 3rd day of November, 2005.

VAN DE VELD SHIMIZU CANTO & FISHER

By: _____
Thomas J. Fisher

TOUSLEY BRAIN STEPHENS PLLC
KIM STEPHENS
NANCY PACHARZINA

Attorneys for Plaintiffs in related case, Simpao et al. v. Government of Guam, CV04-0049

# CERTIFICATE OF SERVICE

I, THOMAS J. FISHER, certify that I caused a copy of the foregoing document here filed to be served on the following individuals or entities on November 3, 2005, via hand delivery at the following addresses:

Counsel for Respondent Government of Guam
Douglas B. Moylan, Esq.
Office of the Attorney General of Guam
Pedro's Plaza
247 West O'Brien Drive
Hagatna, Guam 96910

Counsel for Respondent
   Felix P. Camacho
Daniel M. Benjamin, Esq.
Calvo & Clark, LLP
655 S. Marine Corps Drive, Ste. 202
Tamuning, Guam 96913

Counsel for Respondent
   Felix P. Camacho
Shannon Taitano, Esq.
Office of the Governor of Guam
Governor's Complex
East Marine Corps Drive
Adelup, Guam 96910

Counsel for Respondents
Artemio Ilagan and Lourdes Perez
Rawlen M.T. Mantanona, Esq.
Cabot Mantanona LLP
BankPacific Building, 2nd Floor
825 South Marine Corps Drive
Tamuning, Guam 96913

Counsel for Petitioner
Julie Babauta Santos
Michael F. Phillips, Esq.
Phillips & Bordallo, P.C.
410 West O'Brien Drive
Hagatna, Guam 96910

Respectfully submitted this  3 NOV 05

VAN DE VELD SHIMIZU CANTO & FISHER
TOUSLEY BRAIN STEPHENS PLLC

Thomas J. Fisher
Attorneys for Plaintiffs