CABOT
MANTANONA LLP
BankPacific Bldg., Second Floor
825 South Marine Corps Drive
Tamuning, Guam 96913
Telephone: (671) 646-2001
Facsimile: (671) 646-0777



FILED
DISTRICT COURT OF GUAM

NOV - 4 2005

MARY L.M. MORAN
CLERK OF COURT

DISTRICT COURT OF GUAM

| | | |
|---|---|---|
| JULIE BABAUTA SANTOS, et al., | ) | CIVIL CASE NO. 04-00006 |
| | ) | |
| Petitioners, | ) | **DEFENDANTS ILAGAN AND** |
| vs. | ) | **PEREZ' REPLY TO ATTORNEY** |
| | ) | **GENERAL'S SUBMISSION RE** |
| FELIX A. CAMACHO, et al., | ) | **OCTOBER 13, 2005, ORDER** |
| | ) | |
| Respondents. | ) | |

The first sentence of 48 U.S.C. 1421i(d)(2) states that

> [t]he Governor or his delegate shall have the same administrative and enforcement powers and remedies with regard to the Guam Territorial income tax as the Secretary of the Treasury, and other United States officials of the executive branch, have with respect to the United States income tax.

In addition, 48 U.S.C. 1422 states that "[t]he Governor .... shall be responsible for the faithful execution of the laws of Guam and the laws of the United States applicable in Guam."

In the present case, defendants Ilagan and Perez are the delegates of the Governor pursuant to 48 U.S.C. 1421i(d)(2), see also 48 U.S.C 1471i(c) ("[a]ny function needful to the administration and enforcement of the income-tax laws in force in Guam pursuant to subsection (a) of this section shall be performed *by any office or employee of the government of Guam duly authorized by the Governor*" (emphasis added), yet the Attorney General has acted adverse and hostile to them, see October 3, 2005, Objections pp. 3-4.

Julie Babauta Santos, et al. v. Felix A. Camacho, et al., CV04-00006
Defendants Ilagan and Perez' Reply to Attorney General's
Submission re October 13, 2005, Order
Page 2 of 9

The Attorney General's entire argument in its October 28, 2005, Submission ("Submission") arises from the erroneous premise that the 1998 amendment to the Organic Act, which added 48 U.S.C. 1421g(d), transferred authority from the Governor to the Attorney General. See, e.g., Submission pp.2 ("In 1998 and 1999, however, reacting to a perception of gubernatorial political interference with the appointed Attorney General, Congress amended the Organic Act to allow the people of Guam to elect the Attorney General" (emphasis omitted)) and 10-11 ("As a result of the amendment, the Attorney General of Guam is now confirmed as 'the Chief Legal Officer of the Government of Guam,' insulated from the pressure of gubernatorial interference" (citation omitted)).

And this is the only argument that the Attorney General can make, for the Organic Act did not even provide for an Attorney General prior to 1998. At the time of the 1998 amendment, the Attorney General was entirely a creation of the former 5 GCA 30101, which provided in part that "the Attorney General of Guam ... shall be appointed by the Governor for a term of four (4) years." [1] Therefore, the Attorney General's observation that "48 U.S.C. 1421i(e) ... omits any substitution of 'Governor' with 'Attorney General,'" see Submission p.20 n.10, is simply not very significant, for at least prior to 1998, 48 U.S.C. 1421i(e) *could not* have substituted the Governor in place of the Attorney General, since the Organic Act did not provide for an Attorney General. But what is clearly damaging to the Attorney General's present argument is that even since 1998, when the Organic Act did first provide for an Attorney General, Congress has never amended Section 1421i(e) to substitute the Attorney General in place of either the Governor or anyone else.

The Attorney General's attempted application of Section 1421i(e) to 26 U.S.C. 7122(a), see Submission pp.2 and 12-14, reflects a fundamental misunderstanding of Section 7122(a). "Attorney

---

[1] The Attorney General's authority on p.10 of its Submission states that under prior law, "[t]he Governor may remove the Attorney General for cause." But see Territorial Prosecutor v. Superior Court, Civ. App. No. 82-0215 (D. Guam May 26, 1983).

Julie Babauta Santos, et al. v. Felix A. Camacho, et al., CV04-00006
Defendants Ilagan and Perez' Reply to Attorney General's
Submission re October 13, 2005, Order
Page 3 of 9

General" in Section 7122(a) refers to the Attorney General of the United States, see 26 U.S.C. 7701(a)(22), not to the Attorney General of Guam, as demonstrated by the Attorney General's own authorities, see Slovacek v. United States, 40 Fed.Cl. 828, 830 (1998); International Paper Co. v. United States, 36 Fed.Cl. 313, 321 (1996); United States v. Forma, 784 F.Supp. 1132, 1139 (S.D.N.Y. 1992). Since the Attorney General of the United States is an "other United States official of the executive branch,"[2] its authority is transferred to the Governor of Guam by Section 1421i(d)(2) rather than by Section 1421i(e). Defendants Ilagan and Perez therefore specifically object to the Attorney General's mischaracterization of the "[p]roperly mirrored" Section 7122 which appears in the first full paragraph on p.13 of its Submission.[3]

---

[2] The Attorney General of the United States is the head of the Department of Justice, 28 U.S.C. 503, which is an executive department of the United States, see 28 U.S.C. 501.

With respect to the Internal Revenue Service Oversight Board, 26 U.S.C. 7801(b), which the Attorney General cites on p.15 of its Submission, has been repealed, and this Board now appears in 26 U.S.C. 7802, which gives it "responsibilities," not "powers and remedies."

S.Rep.No. 85-2176 indicates that the 1958 bill "is in accordance with the decision in Wilson v. Kennedy, 232 F.2d 153, 155 (9th Cir. 1956). Wilson affirms the collection of the Guam Territorial income tax by the Director of Finance. Accord, Laguana v. Ansell, 102 F.Supp. 919, 922 (D.Guam 1952), aff'd, 212 F.2d 207 (9th Cir. 1954), cert. denied, 348 U.S. 830 (1954) (holding that Government of Guam officials may collect tax). Neither S.Rep.No. 85-2176 nor Wilson nor Laguana indicates that the Governor or his delegate have only the powers of tax officials or that they could not litigate. The decision in Flores v. Government of Guam, 444 F.2d 284, 287-88 (9th Cir. 1971), appears to rely on legislative history other than what the Attorney cites, and on a different issue involving taxation of foreign income. The second sentence in 48 U.S.C. 1421i(d)(2) was not added until 1972. See generally Submission pp.18-20.

[3] Indeed, the Attorney General's entire discussion of the Attorney General of the United States and the Secretary of the Treasury overlooks that, like the Department of Justice, see n.2, *supra*, the Department of the Treasury is an executive department of the United States Government, 31 U.S.C. 301(a), of which the Secretary of the Treasury is the head, id. at 301(b), and that under Art. II, Section 1, of the United States Constitution, "[t]he executive power shall be vested in a President of the United States of America," thereby providing some unity between the Attorney General and the Secretary of the Treasury which is preserved by the transfer of all of their authority to the Governor.

The Attorney General's argument at the bottom of p.14 of its Submission to the effect that "there would be no need for an Attorney General as the Governor would control all litigation decisions" is a non-sequitur; the issues here are disqualification and settlement authority, as opposed to control of litigation in the absence of disqualification.

Julie Babauta Santos, et al. v. Felix A. Camacho, et al., CV04-00006
Defendants Ilagan and Perez' Reply to Attorney General's
Submission re October 13, 2005, Order
Page 4 of 9

Since Congress also has never expressly amended the first sentence of Section 1421i(d)(2), the Attorney General's entire remaining argument amounts to the assertion that Congress repealed or amended Section 1421(d)(2) by implication merely by adding the single sentence in 48 U.S.C. 1421g(d)(1) in 1998 that "[t]he Attorney General of Guam shall be the Chief Legal Officer of the Government of Guam." The Attorney General also notes that "[b]efore 1998, the Governor was able to exercise de facto control over both tax disputes and tax lawsuits because the Governor appointed and could remove the Attorney General" but that "[i]n 2002, ... the Attorney General was elected." See Submission p.2 (emphasis omitted). Of course, the Attorney General's argument runs counter to the well-established rule that "absent a clearly expressed congressional intention, repeals by implication are not favored." See Branch v. Smith, 538 U.S. 254, 273 (2003).[4] "An implied repeal will only be found where provisions in two statutes are in irreconcilable conflict, or where the latter act covers the whole subject of the earlier one and is clearly intended as a substitute." Ibid.

---

With respect to the Attorney General's policy arguments on pp.16-17 of the Attorney General's Submission, "[s]ubstantive revision of the basic scheme of the Code as applied to Guam must be left to Congress," see Sayre & Co. v. Riddle, 395 F.2d 407, 413 (9th Cir. 1968), cited in Submission p.12. However, the decisions in Gumataotao v. Director of Revenue and Taxation, 236 F.3d 1077, 1082 (9th Cir. 2001), and in Riddell, 395 F.2d at 413, each hold that Guam may tax certain forms of income, and it is on this issue that Gumataotao states that "Congress intended to provide uniform tax treatment for U.S. and Guam taxpayers" and Riddell recognizes "Congress' purpose that the income tax code be applied by Guam in its territory as it is applied by the United States in its territory." Gumataotao cites authority that "Congressional intent was to implement *some degree of* uniformity" (emphasis added, citations omitted). Incidentally, it appears that their own counsel, not the Attorney General, represented the Department of Revenue & Taxation in Gumataotao, at least on appeal. See 236 F.3d at 1078.

This is a civil case, and defendants Ilagan and Perez are not specifically raising the Attorney General's authority in criminal matters at this time. However, 48 U.S.C. 1424-4 does not vest the Attorney General "with exclusive authority over criminal matters" as its Submission asserts on p.16; rather, Section 1424-4 substitutes "the Attorney General of Guam *or such other person or persons as may be authorized by the laws of Guam*" in the Federal Rules of Criminal Procedure (emphasis added). The Attorney General fails to demonstrate how the Governor's civil authority would cause criminal cases to "be held captive" as it asserts on p.17 of its Submission. The decision in Kungys v. United States, 485 U.S. 759, 783 (1988), concerns revocation of citizenship and appears not to apply.

[4] Amendments by implication, like repeals by implication, are also not favored. United States v. Welden, 377 U.S. 95, 102 n.12 (1964); see also Singer at 22:13 297 ("Amendment by implication is identical with repeal by implication when only part of the prior statute is repealed").

Julie Babauta Santos, et al. v. Felix A. Camacho, et al., CV04-00006
Defendants Ilagan and Perez' Reply to Attorney General's
Submission re October 13, 2005, Order
Page 5 of 9

(citations omitted). "Where the repealing effect of a statute is doubtful, the statute is strictly construed to effectuate its consistent operation with previous legislation." 1A Norman J. Singer, Sutherland Statutory Construction 23:10 485-86 (6th ed. 2002)(emphasis omitted). Such canons of construction carry special weight when an implied repeal or amendment might raise constitutional questions, see St. Martin Evangelical Lutheran Church v. South Dakota, 451 U.S. 772, 788 (1981), and apply specifically to tax statutes, see Sylk v. United States, 331 F.Supp. 661, 664 (E.D.Pa. 1971). "The rarity with which we have discovered implied repeals is due to the relatively stringent standard for such findings." Matsushita Electric Industrial Co. Ltd. v. Epstein, 516 U.S. 367, 381 (1996). "[O]verwhelming evidence" is required. See J.E.M. AG Supply Inc. v. Pioneer Hi-Bred International Inc., 534 U.S. 124, 137 (2001), reh'g denied, 535 U.S. 1013 (2002); cf. Chevron USA Inc. v. Natural Resources Defense Council Inc., 467 U.S. 837, 843 (1984), reh'g denied, 468 U.S. 1227 (1984) (court does not impose its own construction on statute where Congress has not directly addressed it), cited in Submission p.17.

The reason for recognizing repeals by implication in some cases is that

> [t]he legislature cannot be expected to have complete knowledge of the detail contained in the statute laws of a state, nor have they the time to extensively research the mass of statutory provisions in order to specify what statutes should be repealed.

See Singer at 23:9 457-58. This rationale does not apply in the present case, for there is no suggestion that Congress was unaware of Section 1421i(d)(2) when it enacted Section 1421g(d)(1).

There is simply no inherent conflict between the Attorney General being the Chief Legal Officer of the Government of Guam and the Governor's powers with respect to the income tax: even if the Attorney General acts as the Governor's attorney, it must "abide by a client's decision whether

Julie Babauta Santos, et al. v. Felix A. Camacho, et al., CV04-00006
Defendants Ilagan and Perez' Reply to Attorney General's
Submission re October 13, 2005, Order
Page 6 of 9

to settle a matter in order to comply with Rule 1.2, Guam Rules of Professional Conduct,[5] and the 1998 amendment does not cover the whole subject of powers with respect to the tax, as the Attorney General's Submission expressly concedes on p.20 (the Governor's "powers are not inconsiderable"). This court should not so lightly infer a repeal or amendment of Guam's constitution; the evidence supporting this is not "overwhelming," in fact it does not exist at all. If Congress had intended to repeal or amend Section 1421(d)(2), then

they would have done so clearly enough that the Attorney General would not now have to make the strained legal interpretations in its 20-page submission.

Further, "a statute dealing with a narrow, precise and specific subject is not submerged by a later enacted statute covering a more generalized spectrum." Radzanower v. Touche Ross &

---

[5] The Attorney General fails to provide authority supporting its various assertions to the effect that "without the concurrence of the Chief Legal Officer for the 'Government of Guam,' there is no settlement, see Submission p.3, that it is "authorized by Congress to establish a coherent legal policy for the Government of Guam," see id. at 6, that it has "final settlement authority in this case over the objection of the Governor," see id. at 7, that "the singular consistent views of the Attorney General designed to establish a consistent coherent legal policy for the Government of Guam are final, even though the Attorney General's views may conflict with those of another appointed or elected officer, up to and including the Governor," see id. at 8, and that "the Attorney General's decisions that are contrary to the desires of those officers ultimately control on behalf of the Government of Guam (People of Guam)," see ibid. All of the cases cited by the Attorney General on pp.8-10 are distinguishable. See Battle v. Anderson, 708 F.2d 1523, 1529 (10 Cir. 1983), cert. dismissed, 465 U.S. 1014 (1984) (department had specifically requested representation by Attorney General); Prisco v. New York, 804 F.Supp. 518, 520 (S.D.N.Y. 1992)(no conflict of interest on particular facts); Wade v. Mississippi Cooperative Extension Service, 392 F. Supp. 229, 232 (D.Miss. 1975) (state constitution did not limit attorney general's powers); Ex parte Weaver, 570 So.2d 675, 678 (Ala. 1990)(same); State ex rel. Igoe v. Bradford, 611 S.W.2d 343, 347 (Mo. App. 1980)(dictum; defendant other than state was only nominal party); Opinion of Justices, 373 A.2d 647, 649 (N.H. 1977)(legislative resolution passed after attorney general had reached agreement in litigation for which legislature had specifically appropriated funds did not make agreement unauthorized); Environmental Protection Agency v. Pollution Control Board, 372 N.E.2d 50, 52 (Ill. 1977)(state constitution gave attorney general sole prerogative); Feeney v. Commonwealth, 366 N.E.2d 1262, 1267 (Mass. 1977)(decided based on particular law); Michigan State Chiropractic Association v. Kelley, 262 N.W.2d 676, 677 (Mich. App. 1977)(no indication that board opposed attorney general); Public Defender Agency v. Superior Court, 534 P.2d 947, 950 (Alaska 1975)(court cannot order attorney general to prosecute); Perillo v. Dreher, 314 A.2d 74, 79 (N.J. Super. 1974), cert. denied, 317 A.2d 725 (N.J. 1974) (legislative staff may not waive sovereign immunity); State ex rel. Derryberry v. Kerr-McGee Corporation, 516 P.2d 813, 821 (Okla. 1973)(attorney general may dismiss suit brought by him even without consideration); Slezak v. Ousdigian, 110 N.W.2d 1, 6 (Minn. 1961)(dictum; State ex rel. Board of Transportation v. Fremont, E. & M.V.R. Co., 35 N.W. 118, 120 (Neb. 1887)(no indication of statutory or other authority for board to settle).

Julie Babauta Santos, et al. v. Felix A. Camacho, et al., CV04-00006
Defendants Ilagan and Perez' Reply to Attorney General's
Submission re October 13, 2005, Order
Page 7 of 9

Co., 426 U.S. 148, 152 (1976). Section 1421g(d)(1) addresses the relationship between the Attorney General and the entire Government of Guam and is therefore more general, whereas Section 1421i(d)(2) concerns the Governor's powers only with respect to the tax and is therefore more specific. Therefore, Section 1421g(d)(1) does not supersede Section 1421i(d)(2).

And an even more specific problem with the Attorney General's argument is that the same new Section 1421g(d)(1) which declares the Attorney General "the Chief Legal Officer of the Government of Guam" states in the very next sentence[6] that "the Attorney General of Guam shall be appointed by the Governor of Guam ... and shall serve at the pleasure of the Governor of Guam."

So the Attorney General *cannot* maintain that the 1998 amendment transferred authority from the Governor to the Attorney General, for under this amendment the Attorney General serves "at the pleasure of the Governor," having lost the four-year term he previously enjoyed under the former 5 GCA 30101.[7]

It is true that the present Attorney General was elected in 2002, but this was not *required* by the Organic Act and occurred only because Legislature of Guam chose to exercise its discretion under 48 U.S.C. 1421g(d)(2), which states: "Instead of an appointed Attorney General, the legislature *may*, by law, provide for the election of the Attorney General of Guam .... The term of an elected Attorney General shall be 4 years" (emphasis added).

The Attorney General argues that the elective nature of its office is significant, see Submission pp.2 (the Attorney General "now exercises the duties of this office ... independent of the Governor, by will of Congress, the Legislature of Guam and the People of Guam"), 8 ("the Attorney

---

[6] As the Attorney General has observed, "words and people are known by their companions," see Submission p.19, citing Gutierrez v. Ada, 528 U.S. 250, 255 (2000).

[7] The appointed Attorney General created by 48 U.S.C. 1421(d)(1) was in office during most of the period for which petitioners seek refunds.

Julie Babauta Santos, et al. v. Felix A. Camacho, et al., CV04-00006
Defendants Ilagan and Perez' Reply to Attorney General's
Submission re October 13, 2005, Order
Page 8 of 9

General is directly chosen and accountable to the People of Guam") and 10 ("The Attorney General is the democratic choice of the People of Guam"), and that there are "benefits from centralization," see id. at 10, but these considerations do not support the transfer of authority from the Governor, who is also both elected, see 48 U.S.C. 1422, and centralized, see ibid. ("The Governor shall have general supervision and control of all of the departments, bureaus, agencies, and other instrumentalities of the executive branch of the government of Guam"). In fact, since the elected Attorney General is not subject to the control of the Governor, other than through the Guam Rules of Professional Conduct in cases where the Attorney General is acting as the Governor's attorney, a transfer of authority to the elected Attorney General would run counter to its stated goal of centralization.

More importantly, *no* act of the Legislature can undermine the authority of the Governor as set forth in the Organic Act. See 48 U.S.C. 1423a ("The legislative power of Guam shall extend to all rightful subjects of legislation *not inconsistent with the provisions of this chapter and the laws of the United States applicable to Guam*" (emphasis added); Bordallo v. Baldwin, 624 F.2d 932, 934 (9th Cir. 1980).[8] Nor can the common law, as the Attorney General's own authority recognizes. See A.B. Won Pat Guam International Airport Authority v. Moylan, 2005 Guam 5, 62 ("except insofar as they have been expressly restricted or modified by statute"), cited in Submission p.11.

Nor can the Legislature authorize the Attorney General to violate the Guam Rules of Professional Conduct, which apply pursuant to 48 U.S.C. 1424-1(a)(7)[9] and which provide much

---

[8] The Attorney General's Submission mentions four Guam statutes, 5 GCA 30101, 30102, 30103 and 30109(c). However, none of these statutes authorizes the Attorney General to infringe the Organic Act powers of the Governor.

[9] Section 1424-1(a) states: "The Supreme Court of Guam shall be the highest court of the judicial branch of Guam (excluding the District Court of Guam) and shall ... (7) govern attorney and judicial ethics and the practice of law in Guam, including admission to practice law and the conduct and discipline of persons admitted to practice law."

Julie Babauta Santos, et al. v. Felix A. Camacho, et al., CV04-00006
Defendants Ilagan and Perez' Reply to Attorney General's
Submission re October 13, 2005, Order
Page 9 of 9

of the basis for the objections to the Magistrate's Order. Even the Attorney General's performance of its Organic Act functions is subject to the Guam Rules of Professional Conduct and other rules adopted pursuant to Section 1424-1(a)(7).

Where, as here, the Attorney General has a conflict of interest, the Governor's responsibility for the faithful execution of the laws, see 48 U.S.C. 1422, cited at p.1, *supra*, entitles him to obtain other counsel, as he has done in this case. Cf. Guam v. Lujan, 1998 Guam 28, 4 (Governor may appoint special prosecutor where attorney general has conflict of interest). As discussed on p. 8 of the October 3, 2005, Objections, the Government of Guam has no interest in this matter other than the Governor's execution of the law, therefore the Governor's counsel also represents the Government of Guam.[10]

            CABOT MANTANONA LLP
            Attorneys for Respondents Ilagan and Perez

      By: _____
            RAWLEN M.T. MANTANONA

TSC:km
EITC/SUBMISSION

---

[10] Although 26 U.S.C. 7422(f)(1) states that "[a] suit or proceeding referred to in subsection (a) may be maintained only against the United States and not against any officer or employee of the United States," 48 U.S.C. 1421i(c) allows that

> [a]ny function needful to the administration and enforcement of the income-tax laws in force in Guam pursuant to subsection (a) of this section shall be performed by *any officer or employee of the government of Guam duly authorized by the Governor*

(emphasis added), see p.1, *supra*; accord, 48 U.S.C. 1421i(d)(2) ("Governor *or his delegate*" (emphasis added)), see p.1, *supra* and although the title of petition in the present case seeks "recovery of income tax refunds," the prayer for relief seeks both damages in an "amount to be shown at trial" and mandamus relief. This explains why there are named defendants other than the Government of Guam, including Ilagan and Perez. Cf. Simpao v. Government of Guam, District Court of Guam Civil Case No. 04-00049, September 12, 2005, Order Re: Motion to Intervene (Hon. R. Martinez, J.)(Governor may intervene even where not party).