SHANNON TAITANO, ESQ.
OFFICE OF THE GOVERNOR OF GUAM
Ricardo J. Bordallo Governor's Complex
Adelup, Guam 96910
Telephone: (671) 472-8931
Facsimile: (671) 477-4826

ARNE D. WAGNER, ESQ.
RODNEY J. JACOB, ESQ.
DANIEL M. BENJAMIN, ESQ.
CALVO & CLARK, LLP
Attorneys at Law
655 South Marine Corps Drive, Suite 202
Tamuning, Guam 96913
Telephone: (671) 646-9355
Facsimile: (671) 646-9403

Attorneys for *Felix P. Camacho, Governor of Guam*

FILED
DISTRICT COURT OF GUAM
NOV 10 2005
MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF GUAM

JULIE BABAUTA SANTOS, et. al.,

                Petitioners,

-v-

FELIX P. CAMACHO, etc., et. al.

                Respondents.

CIVIL CASE NO. 04-00006

THE GOVERNOR OF GUAM'S REPLY TO THE FILING BY THE NON-PARTY *SIMPAO* PLAINTIFFS IN REGARD TO THE GOVERNOR OF GUAM'S OBJECTIONS TO THE SEPTEMBER 19, 2005 MAGISTRATE'S ORDER

ORIGINAL

CIVIL CASE NO. 04-00049

On November 3, 2005, certain non-parties to this action, the plaintiffs in the action entitled *Simpao, et al. v. Govt. of Guam*, Guam District Court Civil Case No. 04-00049 (the "*Simpao* Plaintiffs"), acting without leave of Court, filed a brief in this action regarding the Governor of Guam's Objections to the September 19, 2005 Magistrate's Order.

As they admit in their brief, the *Simpao* Plaintiffs are merely "putative class members here," not parties (*Simpao* Br. at 2.) As such, the *Simpao* Plaintiffs are not entitled to file briefs in this action (except as specifically provided under FRCP 23(e)(4)(A) in regard to the future fairness determination and approval of the settlement). Indeed, on August 5, 2004, the Court denied the effort of *Simpao* plaintiff Christina Naputi (utilizing the same counsel as here) to intervene in this action. The Court held that she and other putative class members would have the opportunity to raise their "concerns at the fairness hearing." (August 5, 2005 Order at 5.) The Court also held that, until then, they were "adequately represented" in these proceedings by plaintiff Santos. (*Id*. at 7.) The Court further reasoned that allowing intervention would only unnecessarily delay final disposition of this case. (*Id*. at 8.)

In their brief, the *Simpao* Plaintiffs concede that they are not parties to this action, but emphasize that they have "properly filed a statement of representation and notice of appearance in this action." (Simpao Br. at 2, n.1.) That filing does not confer upon the *Simpao* Plaintiffs any right to file their present brief. In fact, the Court recognized their statement of representation "as a mere 'courtesy notice'" of the *Simpao* Plaintiffs' "intent to be represented by counsel separate from Petitioner's counsel." (September 20, 2005 Order at 3.) Furthermore, the Court expressly "caution[ed] Mss. Naputi and Simpao and their counsel that it will not permit the Representation Statement and Entry of Appearance to circumvent the previous denial of Ms. Naputi's motion to intervene." (*Id*.) Obviously, this warning has not been heeded.

Lastly, the filing by the *Simpao* plaintiffs, made the day before the Governor's reply brief was due, essentially duplicates the arguments the Attorney General made one week earlier. And, unless the Court instructs otherwise, the Governor does not believe it would be proper for him to respond to such arguments, as the result only will be unnecessary briefing that will burden the Court with sorting through arguments by non-parties. He will therefore not respond to these

arguments (although again, they essentially follow the Attorney General's brief) unless the Court so instructs.[1]

DATED this 10th day of November, 2005.

OFFICE OF THE GOVERNOR OF GUAM
CALVO & CLARK, LLP
  Attorneys for Respondent
  *Felix P. Camacho, Governor of Guam*

By: _____
      DANIEL M. BENJAMIN

---

[1] A couple quick points, simply to protect the record: First, the *Simpao* Plaintiffs cite the Governor's decision to move to intervene as opposed to substituting as counsel in *Simpao*. (*Simpao* Br. at 8.) Obviously, the reason for this is that there are existing orders in *Santos* establishing his right to be present on equivalent facts in *Simpao*, but until this disqualification motion is determined, the issue of the Governor's right to substitute counsel remains undecided. There seemed no reason to litigate this same issue in both cases simultaneously. In any case, asserting one alternative right does not foreclose another. Second, the *Simpao* Plaintiffs argue that "past practice on Guam" indicates that the Attorney General, and not the Governor, represents the Government in tax litigation. (*Simpao* Br. at 4, 7.) But, past practice also was that the Attorney General's actions were consistent with the Governor's tax policy. The Governor is aware of no tax cases until this series of EIC cases where there was a divergent policy between the two offices.