

The Law Offices of
# PHILLIPS & BORDALLO
A Professional Corporation
410 West O'Brien Drive, Suite 102 Hagåtña, Guam 96910-5044
Tel: (671) 477-ABCD (2223) • Fax: (671) 477-2FAX (2329)
" I Erensia, Lina'Ia', Espiritu-ta"



**FILED**
DISTRICT COURT OF GUAM
NOV 14 2005
MARY L.M. MORAN
CLERK OF COURT

Attorneys for Petitioners

## DISTRICT COURT OF GUAM
## TERRITORY OF GUAM

| | |
|---|---|
| JULIE BABAUTA SANTOS, et al., <br><br> Petitioners, <br><br> vs. <br><br> FELIX A. CAMACHO, etc., et al., <br><br> Respondents. | CIVIL CASE NO. 04-00006 <br><br> **PETITIONERS' MOTION FOR APPOINTMENT OF CLASS COUNSEL** |

The Petitioner, individually and on behalf of the all those similarly situated (hereinafter "EIC Class"), through her attorneys of record Phillips and Bordallo, P.C., by Michael F. Phillips, Interim Class Counsel, hereby submits this Motion for the Appointment of Class Counsel pursuant to Federal Rules of Civil Procedure Rule 23(g). This motion is supported by the Points and Authorities below, the Declaration of Interim Class Counsel Michael F. Phillips, filed concurrently herewith, the record in this case, and any arguments that may be heard at a hearing, if any, on this matter.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. BACKGROUND

This Class Action Petition was filed on February 12, 2004 on behalf of a class of taxpayers seeking the implementation of the earned income tax credit program and the payment of earned income tax credit refunds for Guam taxpayers. On March 11, 2004, Respondents filed an Opposition to the Class Action Petition. This Court issued an expedited Scheduling Order on April 30, 2004, and held a Scheduling Conference on May 26, 2004.

On June 14, 2004, shortly after the local media revealed the government's payment to one taxpayer of his 1998 earned income tax credit refund, Petitioners and then acting Governor Kaleo Moylan, along with other Respondents, entered into negotiations and executed a settlement agreement. The settlement agreement provided for a settlement amount of Sixty Million Dollars ($60,000,000) to pay for earned income tax credit refund claims made by members of the EIC Class for tax years 1996, 1998, 1999, 2000, 2001, 2002, and 2003.

On June 17, 2004, Magistrate Judge Joaquin V.E. Manibusan, Jr. held a settlement conference and issued a Stipulated Order Granting Preliminary Approval of Class Action Settlement. On June 22, 2004, the Magistrate Judge set a fairness hearing for September 9, 2004. On June 24, 2004, the Magistrate Judge issued an order approving attorney's fees and costs in the amount of ten percent (10%) of the amount recovered for the EIC Class. On the same day, the Magistrate Judge also issued an Order Approving Notice of Class Action and Proposed Settlement.

On July 14, 2004, Petitioners filed a Motion for an order appointing class counsel, or for an alternative order designating interim counsel; for an order preliminarily approving the granting of attorneys' fees pursuant to FRCP Rules 54(d) and Rule 23(h); for an order approving additional notices to the proposed class members; and for an order continuing the fairness hearing and extending the objection and opt out date.

On June 29, 2004, Applicant for Intervention Christina M.S. Naputi filed a motion to intervene. On July 6, 2004, Applicant for Intervention Charmaine Torres also filed a motion to intervene. In addition to basing their motions on their desire to obtain more compensation, Counsel for Applicant Naputi, Curtis Van De Veld, raised several unfounded accusations of collusion among the parties to the settlement agreement and also sought the disqualification of the Magistrate Judge. On July 16, 2004, the Magistrate Judge vacated the original objection and opt out date and the hearing date for final approval of the settlement agreement, pending resolution of the two Motions for Intervention. The Magistrate Judge also appointed Michael F. Phillips as the Interim Counsel for the EIC Class.

After extensive briefing on the Motions for Intervention, on August 5, 2004, the Honorable John C. Coughenour, United States Chief District Judge for the Western District of Washington, sitting by designation, denied the motions filed by Applicants Naputi and Torres. Santos v. Camacho, 2004 U.S. Dist. LEXIS 19365 (D.C. Guam 2004). The Court found in part that "the applicants have failed to demonstrate that their allegedly unique interests could not be adequately represented by Petitioner Santos and her experienced counsel." Id. at 17.

3

In addition, the Court expressed disappointment in Applicant Naputi Counsel Van De Veld's "baseless allegations" regarding the impartiality of the Magistrate Judge, and also found that Van De Veld's attempts to cast a shadow on the settlement negotiations by alleging collusion between the parties was unfounded and without merit. Id. at n.3; p.12. Applicant Naputi subsequently filed her own putative EIC class action with plaintiffs Mary Simpao and Janice Cruz. See Simpao v. Government of Guam, Guam Dist. Ct. Civil Case No. CV04-00049. Applicant for Intervention Torres also filed her own putative EIC class action. See Torres v. Government of Guam, et. al., Guam Dist. Ct. Civil Case No. CV04-00038.

On October 25, 2004, Petitioner filed a Motion for Orders Approving the Administration Plan and Amended Notice and For Orders Establishing the Fairness Hearing Date and Objection and Opt Out Date, and Vacating the April 30, 2004 Scheduling Order. However, on November 9, 2004, Respondent Governor and other Respondents entered an appearance through independent counsel and subsequently filed oppositions to Petitioner's Motion for Approval of the Administration Plan and moved to vacate the preliminary approval of the original June 14, 2004 settlement agreement.

After extensive briefings on the issues raised by Respondent Governor and Respondent Directors, on March 10, 2005, all Respondents and their counsel, including the Attorney General, agreed to take the motions to enter the administration plan and to vacate the preliminary approval of the previous settlement off-calendar and to enter mediation before JAMS Mediator Catherine Yanni, Esq. The parties, through their counsels, engaged in extensive face-to-face negotiations with the assistance and active

4

participation of the Mediator, from March 31, 2005 through April 2, 2005. The parties continued to engage in subsequent negotiations with the assistance of the Mediator until they agreed, with the exception of the Attorney General, to a term sheet in May, 2005. On June 20, 2005, after further negotiations, all parties, again with the exception of the Attorney General, entered into a binding proposed settlement agreement for $90 million dollars (the "Settlement Agreement").

The Settlement Agreement will provide for $90 million to be paid to the EIC Class, as defined in the Settlement Agreement, by devoting at least 15% of any amount placed into the Government of Guam's tax refund reserve funds, which are the funds used to pay general tax refunds, including the assurance of an immediate reservation of at least $15 million See Settlement Agreement §§ V(a) and VIII. The Settlement Agreement covers tax years 1995-1996 and 1998-2004, and also provides for the full implementation of the EIC beginning with tax year 2005. See Settlement Agreement §§ I(b)) and IV(d).

On June 20 and June 21, 2005, the parties filed pleadings to request preliminary approval of the settlement agreement and conditional certification of the EIC Class for purposes of class notice. In addition, Petitioner filed a motion for leave to amend the Petition. On June 28, 2005, this Court held a Status Conference to discuss the effect of the new Settlement Agreement on the various pending motions in the case. The Court determined it would address the Attorney General's March 11, 2005 Motion to Amend March 2, 2005 Order Denying Reconsideration of February 9, 2005 Order to Certify Interlocutory Appeal to the Court of Appeals for the Ninth Circuit. On August 12, 2005,

United States District Court Judge Consuelo B. Marshal, sitting by designation, denied the Attorney General's motion.

On September 19, 2005, the Magistrate Judge, recognizing the parties' desire to proceed with the June 20, 2005 Settlement Agreement, denied pending motions related to the earlier June 14, 2004 settlement agreement, including Petitioner's Motion for an order Preliminarily Approving the Granting of Attorneys' Fees; Petitioner's Motion for Orders Approving the Administration Plan and Amended Notice, for Orders Establishing the Fairness Hearing Date and Objections and Opt Out Date, and Vacating the April 30, 2004 Scheduling Order; and Respondent Governor's Motion to Vacate the Stipulated Order of June 17, 2004 Preliminarily Approving Settlement.

## II. ARGUMENT

### A. Pursuant to FRCP Rule 23(g), Petitioners Request the Appointment of Attorney Michael F. Phillips as Class Counsel.

The Federal Rules of Civil Procedure Rule 23(g) requires that this Court appoint class counsel who must fairly and adequately represent the interests of the class. The Court previously designated Attorney Michael F. Phillips of the law offices of Phillips & Bordallo, P.C. as Interim Counsel for the EIC Class. Petitioners now request the Court issue an Order appointing Attorney Michael F. Phillips as EIC Class Counsel.

According to Rule 23(g), the "attorney appointed to serve as class counsel must fairly and adequately represent the interests of the class." 23(g)(1)(B). The Court must consider "the work counsel has done in identifying or investigating potential claims in the action, counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action, the resources counsel will commit to

Case 1:04-cv-00006    Document 275    Filed 11/14/2005    Page 6 of 20

6

representing the class, and counsel's knowledge of the applicable law." 23(g)(1)(C)(i). This Court may also consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class. 23(g)(1)(C)(ii).

Michael F. Phillips is a local attorney from Guam, raised in the village of Santa Rita. He has worked his entire legal career here on Guam. Attorney Phillips attended Cathedral Grade School in Hagåtña, Mount Carmel School in Agat, and in 1980 graduated from George Washington High School in Mangilao. Phillips immediately entered the University of Guam, and received his B.A. in Economics from the University of Hawaii at Manoa in 1984. He then attended the University of California at Los Angeles (UCLA) and received his Degree of Juris Doctor (JD) in 1987. See Declaration of Interim Class Counsel Michael F. Phillips in Support of Motion for Appointment of Class Counsel ("Phillips Decl."), par. 3-4. Phillips immediately returned to Guam and after completing a clerkship with the Superior Court of Guam, began the practice of law in 1988. He is licensed to practice in all courts on Guam, and before the Court of Appeals for the Ninth Circuit. Phillips has extensive experience in criminal defense and civil litigation, and continues to represent clients before the Superior Court of Guam, District Court of Guam, Supreme Court of Guam, and Ninth Circuit Court of Appeals. Phillips Decl, Par. 5.

Phillips was the first and most likely still the only attorney on Guam to win a "not guilty by reason of entrapment" defense case before a jury in the Superior Court of Guam, and did so very early in his career. Phillips has defended many cases before juries, including murder and other first-degree felony matters. He has served as lead counsel in a number of lengthy jury trials, and has successfully defended and argued

many "high profile" criminal and civil cases before the Supreme Court of Guam, District Court of Guam, and Ninth Circuit Court of Appeals. Phillips served as lead counsel in the Chamorro Land Trust case, the first court case televised live from the Superior Court of Guam. Supreme Court justices and judges of the Superior Court continue to request Attorney Phillips handle many of the more serious and sensitive court appointed criminal cases. Phillips Decl, Par. 6.

Attorney Phillips has served as lead counsel in a number of extremely complex cases involving many thousands of discovery documents. Phillips was lead counsel for EIE International in <u>EIE Guam Corporation, et al. v. The Long Term Credit Bank of Japan, et al.</u>, District Court of Guam Civil Case No. 00-00009, a complex international civil case with claims totaling in the hundreds of millions of dollars which commenced in the Superior Court and ended in the District Court of Guam. He was also lead counsel for the defense, representing one of two defendants in a recent discovery-intense case involving multi-million dollar claims, <u>Western Systems, Inc., Guam Cable TV, Southern media, Inc., Lee M. Holmes, Joan S. Holmes, Pacific Color Press, Holmes Management Company, Holmes Cliff Corporation, Holmes Enterprises and Guam Radio Services, Inc. v. Atkins Kroll, Inc., F/K/A Atkins (Guam) Ltd., and Aon Insurance Micronesia (Guam) Inc., F/K/A Atkins Kroll Insurance, Inc.</u> CV1314-01. Additionally, Phillips has served as local counsel on other occasions for off-island firms. Phillips Decl, Par. 7.

For over a decade, Phillips has continuously represented legislative committees or offices, and, likewise, has extensive experience representing other governmental entities. Phillips served as counsel to the Territorial Board of Education and Department of Education. This involvement with the day-to-day operations of

government has contributed to his extensive knowledge and experience dealing with government-related claims, government revenue projections, cash flow, debt, accounts, and the manner in which the executive branch receives and pays out tax dollars. Phillips Decl, Par. 8.

Phillips' *pro bono* service to the community is unmatched in the Guam Bar. Phillips has contributed an enormous amount of his time to direct legal representation of those that could not otherwise afford legal services. In the early 1990's, Phillips hosted a Chamorro radio talk show wherein he explained the law and answered questions for the Chamorro speaking population. Phillips served as an instructor of law for the University of Guam, and for eleven years as a volunteer coach for high school mock trial, while one year coaching his team to second place in the entire United States. Phillips Decl, Par.9.

Phillips is extremely active in civic and political organizations on Guam. Democrats have three times elected him as their party chair, and Phillips remains the youngest person ever elected to such a position on Guam. Phillips is the President of the George Washington High School Class of 1980 Alumni Association and the first recipient of the University of Guam Alumni Association's "Achiever Award." He has received numerous awards and legislative commendations, including repeated recognition for his pro bono work and success in a number of landmark cases. Pacific Magazine, a regional publication, has recognized Phillips' performance as an attorney on a number of occasions, and recently informed him of his selection for an upcoming feature. Phillips Decl, Par. 10.

In the class action case of Rios et al. v. Ada, et al., respondents argued the Court should consider counsel's political notoriety and disapprove the appointment of Phillips & Bordallo as class counsel. While rejecting respondents' arguments, the Superior Court certified Phillips & Bordallo as class counsel and commented on the firm's qualifications:

> Here, it is true Petitioner's counsel successfully completed a wide-sweeping class action, namely, the Chamorro Land Trust Act, against Governor Ada, but they also represent various government entities in this administration. (Petitioner's Reply Memorandum in Support of Class Certification and Attorneys' Fees, filed 15 March 1994, p. 9.) They have been in practice together for five years and have appeared in this court on a wide variety of causes. It is not likely that the political affiliations of the Petitioner and class counsel will undermine the counsel's impartiality and performance. Additionally, Petitioner's counsel already successfully argued what both sides concede to be the main issue of this case on 20 December 1993. The decision by the Court illustrates counsels' competence in handling the type of litigation involved and their motivation in spite of additional political commitments.

Special Proceedings Case No. SP0206—93 (Decision and Order, August 8, 1994) p. 8.

As can be seen from the Superior Court of Guam's Decision and Order, as far back as a decade ago the Interim Class Counsel and his law firm had already developed a reputation for pursuing similar causes. More importantly, on at least one occasion, Guam Courts have certified Attorney Phillips and Phillips & Bordallo, P.C. as class counsel after entertaining objections and arguments from respondents and defendants. Phillips & Bordallo pursued the above class action in the Superior Court of Guam for over a decade and have battled three separate administrations on behalf of the class they represent. Phillips Decl, Par. 11.

Attorney Phillips has filed numerous lawsuits over the last seventeen (17) years representing the public interest, various causes, and on behalf of himself, individual petitioners, or on behalf of a class of claimants. These cases include successful claims for arguably hundreds of millions of dollars worth of land for the indigenous Chamorros of Guam, and the Cost Of Living Allowance case (Rios, et al. v. Ada, et al.) estimated to entitle the class to over One Hundred Million Dollars (resulting in summary judgment in favor of class). Phillips has prosecuted cases against numerous developers to enjoin the desecration of Chamorro burial remains, various freedom of information actions against the Government of Guam, and a large number of constitutional (Organic Act) cases. Phillips' civil litigation experience includes the following:

Vicente C. Pangelinan, Senator, Individually and on behalf of the People of Guam v. Carl T.C. Gutierrez, Governor; John F. Tarantino, Attorney General of Guam, Guam Memorial Hospital Authority; Ann A. Muna, James Stadler, M.D., Rosemarie Trapp, Bevan Geslanie, M.D., Annie Make Peace and Edward M. Calvo, in their capacities as members of the Guam Memorial Hospital Authority Board of Trustees and Lillian P. Posadas, in her capacity as Acting Hospital Administrator, Special Proceedings Case No. SP86-00 (Case brought on behalf of Senator and People of Guam to authorize the hiring of nurses at Guam Memorial Hospital);

Angel Santos and The Chamorro Nation v. Joseph F. Ada, Governor of Guam, SP83-92 (Claim by Chamorro people of Guam resulting in landmark decision mandating grant of tens of thousands of acres formerly in possession of the federal government and Government of Guam);

Celestine C. Babauta, individually and on the behalf of all persons similarly situated; Estate Of Lorenzo C. Rosario by Lorenzo C. Rosario, Jr. and Judy M. Rosario; and Estates Of Bernabe And Trinidad Paulino by Ana Paulino Mafnas v. Government Of Guam, SP0339-96 (Action to force Government of Guam to pay for lands taken for easements);

Thomas C. Ada, Senator v. Guam Telephone Authority, Paul D. Untalan, Leslie D. Moreno, Pedro R. Martinez, Edward L.G. Aguon, Nora P. Hitosis, Rena B. Wang, and Roman L. Cepeda, personally and in their capacities as members of the Guam Telephone Authority Board of Directors, and Vicente M. Camacho, personally and in his capacity as the Guam Telephone Authority General

Manager, SP265-96 (Prosecution of taxpayer's action to enjoin Guam Telephone Company from expending local tax dollars in the CNMI and for the return of tax dollars improperly spent);

Vincente C. Pangelinan, Senator, and Joseph C. Wesley, Mayor, on behalf of themselves and all those similarly situated v. Carl T.C. Gutierrez, Govenor, Y'Asela A. Pereira, Treasurer, the Government of Guam, and Does 1 through 10, SP73-98 (Case filed on behalf of Senator, Mayor, and those similarly situated to block construction of incinerator);

Pacita Aguon v. Carl T.C. Gutierrez, Governor of Guam, Michael J. Reidy, Acting Director of Administration; Y'Asela A. Pereira, Treasurer of Guam; John H. Rios, Director of the Governement of Guam Retirement Fund; Gerald S.A. Perez, Odilla M. Bautista, Jennifer Muna-Aguon, Mark J. Heath and Paul M. Untalan, in their capacities as members of the Trustees of the Government of Guam Retirement Fund, and Does 1 through 50, inclusive, SP207-97 (Class action prosecuted attempting to secure statutory supplement for retirees);

Vicente C. Pangelinan and Joseph C. Wesley v. Carl T.C. Gutierrez, et al, Guam Resources Recovery Partners, SP 0212-00 (Taxpayers' case brought against government and large developer to enjoin the expenditure of millions in tax dollars on an incinerator contract);

Ignacio Tainatongo, et al. v. Territorial Board of Education, et al., SP114-95, CV1383-95, CV1856-95, SP24-96 (Successfully defended constitutionality of an elected school board resulting in landmark decision authorizing residents of Guam to elect representatives to school board);

Glora B. Nelson, et al, v. Gus Diaz, Attorney General of Guam, et al., SP 254-98 (Landmark decision wherein Phillips successfully argued legislation violated Organic Act of Guam resulting in court ruling that children of Guam have a right to public education); and

Ignacio J. Pangelinan, a.k.a. "Ike Pangelinan," on behalf of himself and all Government of Guam Employees v. Carl T.C. Gutierrez, I Maga'lahi; John F. Tarantino, Attorney General of Guam; and Rosie R. Tainatongo, Direktora, Depattamenton Edukasion, SP98-00 (Prosecution of case attempting to enjoin Executive Order preventing government employees from speaking to Legislature). Phillips Decl, Par. 12.

Phillips has spent virtually all his career defending clients prosecuted by the government and representing petitioners against the government. Phillips takes cases most attorneys will not accept without payment, and at times is the only attorney able

and willing to represent the "underdog" or litigants involved in controversial cases. He has represented plaintiffs against every sitting Governor of Guam since his admission to the practice of law approximately seventeen (17) years ago. As a result of his success as an attorney, Mayors and Senators of both political parties have retained Phillips' services for both consultation and litigation. Large, international, multi-billion dollar corporations have retained Phillips to represent them in court and in negotiations with the Government of Guam (e.g. AT&T, Yamaha Motors of Japan, Aon Insurance Company). Both Republican and Democratic Senators (and their legislative committees) have utilized Phillips' services for over a decade in every capacity ranging from the initiation of law suits to the conducting of oversight and investigative hearings. He has represented former Governors and Lt. Governors, and, just last year, filed an action against the Governor of Guam on behalf of the Republican Lt. Governor of Guam and the Office of the Lt. Governor of Guam. The Lt. Governor and his Office subsequently retained Phillips to defend them against the Governor in an expedited appellate case before the Supreme Court of Guam. See In Re Request of Governor Felix P. Camacho Relative to the Interpretation and Application of §§ 6 and 9 of the Organic Act of Guam, Supreme Court Case No. CRQ04-01 (2004). Phillips also recently successfully defended the former Director of the Retirement Fund (the co-defendant to the former Governor of Guam) against criminal charges in a high profile case resulting in the dismissal of the entire indictment against both defendants based on his pre-trial arguments before the Superior Court. See People of Guam v. Gutierrez and Rios, Superior Court Criminal Case No. CF0216-04, now on appeal before the Supreme Court of Guam. Phillips Decl, Par. 13.

The law offices of Phillips & Bordallo researched and followed the EIC developments at the Department of Revenue and Taxation, Supreme Court of Guam, and the Guam Legislature from early 1998 to the present. Initially, Interim Class Counsel intended to file this action in 1998 and then learned the administration at the time intended to (and did) pay EIC refunds that year for tax year 1997, reversing their policy position and appearing to commit to compliance with EIC mandates. Since then, the Guam Legislature has mandated and authorized payment of the refunds on a yearly basis. In 2001, the Guam Legislature sued the Governor of Guam in the Supreme Court and received a declaratory judgment interpreting the EIC program as applicable to Guam. Phillips Decl, Par. 14.

Nevertheless, even after allowing applications for EIC refunds for tax year 1998, and after the Supreme Court of Guam held in In re Request of I Mina Bente Singko Na Liheslaturan Guahan Relative to the Application of the Earned Income Tax Credit Program to Guam Taxpayers, 2001 Guam 3 (2001) that the substantive provisions of the Internal Revenue Code enlisted in the Organic Act, including the EIC, must be applied in mirrored fashion to Guam, and that the Governor is required to enforce and administer the EIC, the Government of Guam still failed to implement EIC and pay earned income tax refunds. Phillips Decl, Par. 15.

Although Phillips was not involved in an official capacity during the Supreme Court case above, he had the benefit of presentations by both sides of the argument, attended the hearing, reviewed all submissions and briefs, listened to arguments, and reviewed the Supreme Court decision. As can be seen from the Supreme Court

decision, the issues and facts involved in that case are similar if not identical to the issues presented in this class action. Phillips Decl, Par. 16.

Before completing the original June 14, 2004 settlement agreement in this case, the Interim Class Counsel obtained information regarding the current Government of Guam deficit, debt, cash shortfall, economic and cash flow projections, and other information relating to the Government's ability to pay past refundable earned income tax refunds and commence full payment of all future refunds (e.g. GPA expected bond payments and projected individual taxpayer refunds). Phillips Decl, Par. 17.

At the time of the original settlement negotiations, the cash deficit of the Government of Guam was estimated to be in excess of Two Hundred Million Dollars ($200,000,000). Respondent Governor Camacho described the sad state of government finances in 2003 as a "crisis," and, while bracing our people for further reductions in services and government employment, stated "The harsh reality of our economy and our government's financial state leaves us no choice. Our community must begin to understand that government cannot be all things to all people. . . ." State of the Island Address, May 13, 2003. Phillips Decl, Par. 18.

In 2003, the administration had to reduce government spending by an estimated Eighty Four Million Dollars ($84,000,000). In order to avoid "payless paydays" and the financial collapse of the Government, the Legislature and Governor increased the Gross Receipts Tax ("GRT") by 50%. The administration implemented a reduced 32-hour work week for most line agency employees of the Government of Guam. Taxpayers continued to wait for individual tax refunds not paid in years because of the unavailability of government revenue. As of January 2004, the Government was still

attempting to make payments on individual tax refunds for tax years 2000 and 2001. Making matters worse, the Legislature and Governor terminated the additional stream of government revenue in early 2004 resulting from the tax increase by repealing the 50% GRT increase. Phillips Decl, Par. 19.

Except for one payment months before a gubernatorial election, the Government has not paid EIC refunds in nearly a decade. In fact, while misleading taxpayers in 1998 by including a section on tax forms for EIC application, the Government still failed to pay out the refunds. The Government had consistently opposed paying the EIC since the middle 1990's. The Government's responses, whether in public, the Supreme Court of Guam, or even in the District Court, included defenses of the lack of federal or local appropriations (unfunded mandate), the financial inability of the Government to pay the EIC refunds, a lack of Congressional intent to have the EIC applicable to Guam, the EIC is inorganic as it undermines the Government's ability to control expenditures as provided in section 1423j of the Organic Act, statute of limitations issues, challenges to the Supreme Court of Guam's jurisdiction, the supremacy of local tax commissioner Revenue Rulings, and allegations that a remedy could not be secured from the District Court of Guam because it is not an Article III court. After the initial pleadings in this action and a Scheduling Conference, it appeared that the Government of Guam intended to vigorously challenge the success of this class action. Phillips Decl, Par. 20.

It was within this climate of financial crisis that the Interim Class Counsel negotiated and completed the original settlement of $60 million plus full implementation of the EIC program estimated to cost the government an additional $15 to $20 million each year for subsequent years. The parties were meticulous in analyzing and

considering the government's financial condition in arriving at the original settlement, and during the initial settlement conference, the government expressed confidence in its ability to meet the obligations of the settlement agreement. Phillips Decl, Par. 21.

After two applicants for Intervention sought to derail the original settlement agreement, Interim Class Counsel defended the settlement agreement as providing a resolution of claims in the best interest of the EIC Class, and was successful in obtaining a decision denying the applicants' intervention. Shortly after Petitioners moved the Court for approval of the Administration Plan and other procedural issues, Respondent Governor and Respondent Directors made appearances to vacate the preliminary approval of the original settlement agreement. Respondent Governor and Respondent Directors asserted a variety of legal arguments ranging from statute of limitation concerns to the lack of legislative appropriation. Phillips Decl. Par. 22.

The Interim Class Counsel continued to defend the legality of the settlement agreement in the interests of the EIC Class. During this period, Respondent Governor and the Office of the Attorney General also entered into a conflict over the legal authority of the first-elected Attorney General of Guam. In the best interests of the EIC Class, Interim Class Counsel agreed to enter Mediation with all Respondents, including the Attorney General, in the hope that all legal issues could be resolved in favor of furthering payments of EIC to the EIC Class. Phillips Decl. Par. 23.

The June 20, 2005 Settlement Agreement is the culmination of extensive negotiations between the parties to finally resolve all disputes in this matter. Interim Class Counsel prepared extensively to both defend the legality of the original settlement agreement and to keep the interests of the EIC Class primary in any further settlement

of the case. Interim Class Counsel extensively researched the financial condition of the government, sought and utilized expert assistance, including continued discussions with administrators from the Department of Revenue and Taxation, and participated in Mediation with an experienced negotiation team capable of analyzing and discussing all outstanding legal and economic issues, and, most importantly, resolving such issues in favor of the EIC Class. Phillips Decl, Par. 24.

Interim Class Counsel believes the proposed Settlement is in the best interests of the EIC Class. The Settlement Agreement will provide for $90 million to be paid to the EIC Class, including the assurance of an immediate reservation of at least $15 million. The proposed Settlement Agreement also provides for the full implementation of the EIC beginning with tax year 2005 and includes relief to EIC claimants for tax years 1995 and 2004. Phillips Decl. Par. 25.

The proposed Settlement Agreement provides immediate relief and creates an enforceable entitlement to a stream of payments to be made by the Government of Guam to qualified taxpayers. Considering the longstanding failure of the Government of Guam to not only pay refundable earned income tax refunds, but to even recognize the applicability of the program and to allow applications for the credit, the proposed Settlement Agreement demonstrates the competency and ability of the Interim Class Counsel to provide fair and exemplary representation of the interests of the EIC Class.

Even if settlement had not proceeded in this class action, Interim Class Counsel was prepared early on to try this matter. Phillips successfully negotiated an expedited trial schedule with the Government of Guam. During the Scheduling Conference, Phillips informed this Court that he was prepared to file a Motion for Summary

18

Judgment. However, soon after the expedited scheduling order was issued by this Court, an apparent change in policy by the administration occurred, and meaningful settlement negotiations commenced resulting in the original settlement agreement of June 14, 2004, which was preliminarily approved by this Court, and now the June 20, 2005 proposed Settlement Agreement. Phillips Decl. Par. 26.

The performance of Interim Class Counsel throughout this case demonstrates he possesses now and has possessed throughout this litigation the requisite competence, experience, dedication, knowledge, training, interest, objectivity and resources to adequately litigate the claims and defenses raised by the parties to this class action. Phillips Decl. Par. 27.

Interim Class Counsel prosecuted this action from its inception and settled the action on two separate occasions against the power struggles of Respondents, yet has always acted in the best interests of the EIC Class. As provided above, Interim Class Counsel tracked the progress of the EIC program for years before filing this action, and extensively worked to identify and investigate all claims raised by the Petition and proposed Amended Petition and ultimately resolved by the proposed Settlement Agreement. Despite unfounded public allegations of collusion by counsel for an applicant for Intervention, and the continued public scrutiny of his office, initially by Respondent Governor over the original settlement, and more recently by the Office of the Attorney General regarding the proposed Settlement Agreement, Interim Class Counsel remained and will continue to remain steadfast in defending the best interests of the EIC Class, and expended, and will continue to expend, the resources necessary to obtain the benefits due EIC claimants under the law. From the inception of this

19

action through its defense against two applicants for intervention, and further through the negotiation and execution of two separate complex settlement agreements, Interim Class Counsel demonstrated considerable and superior knowledge of the applicable law in this action. Phillips Decl. Par. 28.

On the basis of the above and the entire record in this case, Petitioners submit that Interim Class Counsel's ability to fairly and adequately represent the interests of the EIC Class is unmistakable. Petitioners respectfully request the appointment of the Interim Class Counsel as Class Counsel for the EIC Class.

### III. CONCLUSION

Based on the foregoing, Petitioners respectfully requests that this Court appoint Interim Class Counsel Attorney Michael F. Phillips of Phillips & Bordallo, P.C. as Class Counsel, pursuant to FRCP Rule 23(g). Interim Counsel Phillips has demonstrated throughout this matter that he will continue to fairly and adequately represent the interests of the EIC Class.

Respectfully submitted this 10th day of November, 2005.

**PHILLIPS & BORDALLO, P.C.**
Attorneys for Petitioners

By: _____
Michael F. Phillips