
**Office of the Attorney General
Douglas B. Moylan**
Attorney General of Guam
**Civil Division**
The Justice Building
287 West O'Brien Drive
Hagåtña, Guam 96910 • USA
(671) 475-3324 • (671) 472-2493 (Fax)
www.guamattorneygeneral.com • guamattorneygeneral@hotmail

**Attorneys for the People of Guam (Government of Guam)**

FILED
DISTRICT COURT OF GUAM
MAR 14 2006
MARY L.M. MORAN
CLERK OF COURT

# IN THE DISTRICT COURT OF GUAM
# HAGÅTÑA, GUAM

| | |
|---|---|
| JULIE BABAUTA SANTOS, individually and on behalf of all those similarly situated,<br><br>Petitioner,<br><br>vs.<br><br>FELIX P. CAMACHO, Governor of Guam; ART ILAGAN, Director of Department of Revenue and Taxation; LOURDES M. PEREZ, Director of Department of Administration; DOUGLAS B. MOYLAN, Attorney General of Guam; and GOVERNMENT OF GUAM,<br><br>Respondents. | Civil Case No. 04-00006<br><br><br><br><br><br>**MOTION TO CERTIFY QUESTION FOR INTERLOCUTORY APPEAL** |

The Attorney General of Guam, by virtue of his democratically elected status as the People of Guam's (Government of Guam's) counsel and a respondent in this matter, respectfully moves this Honorable Court to certify this important question for interlocutory appeal pursuant to Pursuant to 28 U.S.C. § 1292(b) and Rule 5(a) (3) of the

Federal Rules of Appellate Procedure to the Ninth Circuit Court of Appeals. This request is respectfully submitted in the event that this Court is disinclined to reconsider its March 10, 2006 order, as requested in the separately filed Motion.

### Certification for Interlocutory Appeal Appropriate.

Pursuant to 28 U.S.C. § 1292(b) and Rule 5(a)(3) of the Federal Rules of Appellate Procedure, the Attorney General of Guam respectfully submits that (1) the "order involves a controlling question of law"; (2) there is "substantial ground for difference of opinion"; and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." *See* 28 U.S.C. § 1292(b).

Specifically, the Attorney General of Guam moves this Honorable Court to certify an interlocutory appeal to the Ninth Circuit Court of Appeals for the following question:

> *Whether the Attorney General of Guam may be disqualified from representing the Government of Guam (People of Guam) in tax litigation cases when his opinion varies from that of the Governor of Guam.*

Interlocutory appeal by permission is governed by 28 U.S.C. § 1292(b), which provides in full:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court

unless the district judge or the Court of Appeals or a judge thereof shall so order.

The standards governing the grant or denial of interlocutory appeal by permission are well-defined. As noted by the District Court for the District Court of Oregon:

> Pursuant to 28 USC § 1291, the federal courts of appeals postpone appellate review until after a final judgment has been entered by a district court. The Interlocutory Appeals Act, 28 USC § 1292(b) ("§ 1292(b)"), provides a limited exception to this final judgment rule. It authorizes district courts to certify an order for interlocutory appeal only if: (1) the "order involves a controlling question of law;" (2) there is "substantial ground for difference of opinion;" and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Id*; *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir1982), *aff'd sub nom Arizona v. Ash Grove Cement Co.*, 459 U.S. 1190, 103 S.Ct. 1173, 75 L.Ed.2d 425 (1983).

*Marsall v. City of Portland*, not reported in F.Supp.2d, 2004 WL 1774532 (D.Or. 2004) (Stewart, Magistrate J.) (Footnote omitted).

The criteria for interlocutory appeal are easily established in this case. Indeed, in footnote 8 of the March 20, 2006 Order, at page 12 this Honorable Court clearly invites certification of this issue by stating the following:

> The court is mindful that until this matter is finally determined, the issue will be revisited to potentially bog down the progress of this as well as other cases. Accordingly, the court notes the possibility of a motion to certify the issue as to the representation of the "Government of Guam" to the Ninth Circuit for interlocutory appeal.

The closest analogy to what this Court has effectively done in authorizing the Governor and his representatives to retain their own counsel over the objection of the Attorney General is disqualify the Attorney General, and "Chief Legal Officer of the Government of Guam," 48 U.S.C. § 1421g(d)(1), from representing his own clients. Ordinarily, an order disqualifying counsel is not an appealable order as of right. *In re: Grand Jury Investigation*, 182 F.3d

668, 670 (9th Cir. 1999). And while the Attorney General has his doubts whether his disqualification from representing the Governor and his representatives would not satisfy the collateral order doctrine of *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541 (1949), given the Attorney General's assertion that the right to control this litigation and represent the respondents belongs not to the respondents, but to the Attorney General under the Organic Act, the Attorney General, indeed, the Public, need not wait until the conclusion of this litigation to appeal the issue. As noted by the United States Supreme Court:

> Moreover, a rule precluding appeals pursuant to § 1291 would not necessarily leave the client or the disqualified attorney without a remedy. As we noted in *Firestone* [*Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 101 S.Ct. 669 (1981)], "a party may seek to have the question certified for interlocutory appellate review pursuant to 28 U.S.C. § 1292(b) ... and, in the exceptional circumstances for which it was designed, a writ of mandamus from the court of appeals might be available." 449 U.S., at 378-379, n. 13, 101 S.Ct. at 675-676, n. 13.

*Richardson-Merrell Inc. v. Koller*, 472 U.S. 424, 435 (1985).

Because this is an extraordinary case involving the interpretation and application of the Organic Act of Guam, to an issue that is wholly collateral to the merits, but which is critical to its ultimate disposition, mandamus may very well be an appropriate remedy. However, the Attorney General respectfully submits that, in these circumstances, certification for interlocutory appeal is the more appropriate remedy. *Cf., Christenson v. United States District Court for the Central District of California*, 844 F.2d 694 n. 4 (9th Cir. 1988).

Page 4
*Motion to Certify Question for Interlocutory Appeal*
District Court of Guam Case Number 04-00006

Case 1:04-cv-00006   Document 294   Filed 03/14/2006   Page 4 of 10

## A. The Order Involves a Controlling Question of Law.

A "question of law" is "controlling" under § 1292(b) if resolving it on appeal could materially affect the outcome of litigation in the district court. *In re Cement Antitrust Litig.*, 673 F.2d at 1026, a "question of law" means a "pure question of law," not a mixed question of law and fact or an application of law to a particular set of facts. *See Ahrenholz v. Board of Trustees of the Univ. of Illinois*, 219 F.3d 674, 675-77 (7th Cir 2000). Writing for the Seventh Circuit Court of Appeals, Chief Judge Posner explained that in the context of § 1292(b), the term "'question of law' means an abstract legal issue rather than an issue of whether summary judgment should be granted." *Id* at 677 (emphasis added).

In keeping with the congressional directive that § 1292(b) be applied narrowly and only in exceptional circumstances, numerous other Federal courts also have interpreted the phrase "question of law" to mean a pure legal issue. *Ahrenholz, Id.* at 676.

The question presented here, namely: [W]ho is the attorney for the Government of Guam and who controls litigation, is, of course, a pure legal issue. The Attorney General believes that the U.S. Congress mandated that he represent the legal interests of the People by virtue of the passage of 48 U.S.C. § 1421(g)(d)(1). Indeed, it is collateral to the merits of whether or not the petitioner and the putative class are entitled to the relief they seek in this Honorable Court. There are no facts in dispute. The question of who controls the litigation and who are the lawyers qualified to appear before this Honorable Court is without question a controlling issue, and an important issue to conserve judicial and the parties' resources.

It is the first question any court must ask. The first criteria – whether the order presents a controlling issue of law -- is thus easily established.

## B. There is Substantial Ground for Difference of Opinion.

To demonstrate "a substantial ground for difference of opinion" on a question for § 1292(b) certification, a party must show more than its own disagreement with a court's ruling. *See, e.g., First Am. Corp. v. Al-Nahyan*, 948 F.Supp. 1107, 1116 (D.D.C.1996) ("Mere disagreement, even if vehement, with a court's ruling on a motion to dismiss does not establish a 'substantial ground for difference of opinion' sufficient to satisfy the statutory requirements for an interlocutory appeal"). However, "in determining whether a substantial ground for difference of opinion truly exists, a district court must analyze the strength of the arguments in opposition to the challenged ruling." *Ryan, Beck & Co., LLC*, 275 F Supp2d at 398 (internal quotation omitted). Indeed, an issue can be a controlling question of law for which there is a substantial ground for difference of opinion when it is "difficult and of first impression." *Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria*, 921 F.2d 21, 25 (2nd Cir1990); *but see In re Flor*, 79 F.3d 281, 284 (2nd Cir1996) ("[T]he mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion. Rather, [i]t is the duty of the district judge . . . to analyze the strength of the arguments in opposition to the challenged ruling when deciding whether the issue for appeal is truly one on which there is a substantial ground for dispute" (internal citations and quotations omitted), *Marsall v. City of Portland, Supra* at page 5 (editorial brackets and ellipses in original).

This is no mere disagreement, even vehement disagreement, with the Court's ruling. Moreover, this is no mere dispute between adverse parties to the litigation, between plaintiff and defendant, or petitioner and respondent, as is true in the ordinary case, and even the usual disqualification cases. This dispute is within one set of the parties – the respondents – themselves, as to who their lawyer is and what legal policy decisions are to be made on their behalf.

The decision of this Court disqualifying the People's first democratically elected *"Chief Legal Officer of the Government of Guam"* from representing his own clients, as envisioned by Congress, and as evidenced by the substantial briefing in this case demonstrates substantial grounds for a difference of opinion with respect to this dispute. *Note* 48 U.S.C. § 1421(g)(d)(1). This Court and the parties have already expended considerable time and resources in pursuit of a judicial resolution of this dispute. The arguments presented are by no means frivolous; and no party would presume to suggest otherwise. It is a question of first impression on Guam, although not unique to other jurisdictions, which is reasonably foreseeable considering the recent creation of a Constitutional and democratically elected Attorney General.

This Court has been asked to ascertain Congressional intent, and to make inferences from Congressional silence. The Court has had to grapple with an intra-Organic conflict that will ultimately define the balance of powers within the Executive Branch of the Government of Guam, in all future tax refund cases, and possibly in many other types of cases, civil and criminal, that will be heard before this Court; and the Court has been favored with case law from numerous jurisdictions which present different answers to the question presented. The dispute is substantial.

## C. An Immediate Appeal from the Order May Materially Advance the Ultimate Termination of the Litigation.

Unquestionably, an interlocutory order will materially advance the ultimate termination of this litigation as well as the issue in future litigation. Indeed, the litigation has been materially delayed, and a settlement of this case disrupted because of this collateral dispute. If an interlocutory appeal is certified and the Attorney General ultimately prevails, the Plaintiff class and anticipated objectors will only have attorney and one legal position for the whole of the Government of Guam to contend with. If an appeal is not certified, any progress made throughout the case – whether the petitioners prevail in whole or in part or not -- will be held in abeyance pending final resolution by the Court of Appeals of what is actually a preliminary question: [W]ho is the lawyer for the respondents and who controls the litigation? If the Attorney General is ultimately successful in his position, all the Court's and the parties' time and energies to-date will have been wasted.

## D. This Case Presents Extraordinary Circumstances.

This case involves the construction of Congressional intent in amending Guam's Organic Act in 1998, establishing the Office of Attorney General, designated by Congress as the "Chief Legal Officer for the Government of Guam." 48 U.S.C. § 1421g(d)(1). It is no ordinary case wherein an attorney is disqualified because of an ethical or other conflict. It presents a possible conflict within the Organic Act itself with respect to the doctrine of separation of powers and the balance of powers that the Attorney General of Guam was created to ensure. The question presented directly impacts Guam's self-governance, as authorized only by Congress, and the allocation and delegation of

Page 8
*Motion to Certify Question for Interlocutory Appeal*
District Court of Guam Case Number 04-00006

Case 1:04-cv-00006    Document 294    Filed 03/14/2006    Page 8 of 10

powers, duties and responsibilities not merely *between* the three branches of government for the Territory of Guam – executive, judicial and legislative – but *within* the branches of government itself, namely, the Executive Branch. The Attorney General respectfully submits that the Court's order is contrary not only to Congressional intent in establishing the Office of Attorney General within the Organic Act independent of legislative and gubernatorial oversight and control, but undermines democratic principles of self-governance with respect to the People of Guam's choice of their Chief Legal Counsel for all the Government of Guam. For that reason, an interlocutory appeal is appropriate for certification.

## Conclusion.

For the foregoing reasons, the undersigned elected Attorney General of Guam requests that this Honorable Court certify the issue of the Attorney General of Guam's disqualification in this case to the Ninth Circuit Court of Appeals.

Respectfully submitted this 14th day of March, 2006.

**OFFICE OF THE ATTORNEY GENERAL**
**Douglas B. Moylan, Attorney General of Guam**

**DOUGLAS B. MOYLAN**
Attorney General of Guam, Elected

# CERTIFICATE OF SERVICE

This is to certify that I have this day caused to be served counsel for the opposing party(ies) with a copy of the foregoing by hand delivery, or by first class properly addressed, to:

Michael Phillips, Esq.
Phillips & Bordallo, P.C.
410 West O'Brien Dr.
Hagåtña, Guam 96910

Rawlen MT Mantanona, Esq.
Mantanona Law Office
GCIC Bldg., Suite 601B
414 West Soledad Ave.
Hagåtña, Guam 96910

Rodney J. Jacob, Esq.
Daniel Benjamin, Esq.
Calvo and Clark, LLP
655 South Marine Drive, Suite 202
Tamuning, Guam 96913

Shannon J. Taitano, Esq.
Legal Counsel
Office of the Governor of Guam
P.O. Box 2950
Hagåtña, Guam 96932

Respectfully submitted this 13th day of March, 2006.

OFFICE OF THE ATTORNEY GENERAL
Douglas B. Moylan, Attorney General of Guam

_____
DOUGLAS B. MOYLAN
Attorney General of Guam, Elected