
DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| JULIE BABAUTA SANTOS, *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>FELIX A. CAMACHO, *et al.*,<br><br>Defendants. | Civil Case No. 04-00006<br>(Consolidated with Civil<br>Case Nos. 04-00038 and<br>04-00049)[1]<br><br>ORDER RE: MOTION<br>FOR RECONSIDERATION OF<br>ORDER DISQUALIFYING<br>ELECTED ATTORNEY GENERAL |

This matter comes before the court on the Attorney General's Motion for Reconsideration of Order Disqualifying Elected Attorney General. Pursuant to Local Civil Rule 7.1(e)(3), this matter is appropriate for decision without the need for oral argument.[2] After reviewing the submissions, as well as relevant caselaw and authority, the court hereby denies the motion.

### BACKGROUND

Currently there are three class actions pending concerning Guam's Earned Income Tax Credit ("EIC"). The above-captioned case is the first of the three. It was filed on February 12,

---

[1] All parties in the consolidated cases are to hereafter file their documents under the caption of *Santos v. Camacho,* Civil Case No. 04-00006.

[2] Local Civ.R. 7.1(e)(3) states "[i]n cases where the parties have requested oral argument, such oral argument may be taken off calendar by Order of the Court, in the discretion of the Court, and a decision rendered on the basis of the written materials on file."

2004. On August 9, 2004, Ms. Charmaine R. Torres filed a second putative EIC class action, *Torres v. Government of Guam, et. al.,* Guam Dist. Ct. Civil Case No. CV04-00038. The third class action, *Simpao v. Government of Guam,* Guam Dist. Ct. Civil Case No. CV04-00049 was filed in December 2004.

On February 16, 2005, the Governor of Guam moved to disqualify the Attorney General from further representation of the Government of Guam in the *Santos* matter. On September 19, 2005, the magistrate judge denied the Governor's Motion to Disqualify the Attorney General from this action. The Governor then filed objections to the magistrate judge's order which this court sustained in its March 10, 2006 Order. The court now considers the Attorney General's motion to reconsider the most recent order.

## DISCUSSION

Pursuant to Local Civil Rule 7.1(i), a party may seek the reconsideration for only three reasons:

> (1) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or,
>
> (2) the emergence of new material facts or a change of law occurring after the time of such decision, or,
>
> (3) a manifest showing of a failure to consider material facts presented to the Court before such decision.

Local Civ. R. 7.1(i).

The Attorney General's motion does not state or otherwise suggest a basis for reconsideration under Local Rule 7.1. The Attorney General has failed to demonstrate a material difference in fact or law, the emergence of new facts or a change in law, or to make a manifest showing that the court failed to consider material facts. The Attorney General's motion for reconsideration is denied.

In the alternative, the Attorney General moves the court for interlocutory appeal for the following question:

> *Whether the Attorney General of Guam may be disqualified from representing the Government of Guam (People of Guam) in tax litigation cases when his*

*opinions varies from that of the Governor of Guam.*[3]

Motion to Certify Question for Interlocutory Appeal, p. 2.[4]

Interlocutory appeal by permission is governed by 28 U.S.C. § 1292(b), which provides as follows:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however*, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

The certification for an order for interlocutory appeal is proper provided: (1) it "involves a controlling question of law; (2) there is substantial grounds for difference of opinion; and (3) an immediate appeal may materially advance the ultimate termination of the litigation." *In re Cement Antitrust Litigation*, 673 F.2d 1020, 1026 (9th Cir.1982) (Section 1292 is to be used only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation").

The court finds that the Attorney General's proposed appeal meets the requirements of §1292(b). The question of who is in charge of the litigation is a controlling question of law which clearly has bearing on the outcome of these matters. Over the past two years this issue has been gaining steam. The parties and the court have expended considerable time and resources grappling with this issue as the docket in the three cases reflects. It would be imprudent for the court to further expend resources until the issue of who controls the litigation

---

[3]The court does not necessarily agree with the framing of the question by the Attorney General and views the following issues as more appropriate for appeal: 1) whether the Governor should control the course of litigation for the Government of Guam when it involves tax matters; and 2) is the Attorney General's disqualification necessary when he takes an adverse position to former clients in the same case.

[4]The ruling set forth herein disposes of the Motion to Certify Question for Interlocutory Appeal and the court will not rule on the motion in a separately filed order.

-3-

Case 1:04-cv-00006    Document 300    Filed 03/16/2006    Page 3 of 5

is finally resolved. For example, it would be a waste of resources to proceed with a complex fairness evaluation of a settlement agreement, if it is later determined that the Governor was actually lacking the settlement authority to enter into it.

It is not enough for a party to show that it disagrees with a court ruling to demonstrate "a substantial ground for difference of opinion" on a question for § 1292(b) certification. *See, e.g., First Am. Corp. v. Al-Nahyan*, 948 F. Supp. 1107, 1116 (D.D.C. 1996) ("Mere disagreement, even if vehement, with a court's ruling on a motion to dismiss does not establish a 'substantial ground for difference of opinion' sufficient to satisfy the statutory requirements for an interlocutory appeal"). However, a district court must analyze the strength of the arguments in opposition to the challenged ruling in determining whether a substantial ground for difference of opinion truly exists. *Ryan, Beck & Co., LLC*, 275 F. Supp. 2d, 393, 398. Indeed, an issue can be a controlling question of law for which there is a substantial ground for difference of opinion when it is "difficult and of first impression." *Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria*, 921 F.2d 21, 25 (2nd Cir1990).

The Guam Organic Act gives the Governor primacy as to tax matters and enforcement powers over the Guam Territorial income tax. In contrast, the Attorney General is the "Chief Legal Officer," constitutionally empowered to *represent* the Government of Guam. "The Organic Act serves the function of a constitution for Guam." *Hauser v. Department of Law*, 97 F.3d 1152, 1156 (9th Cir. 1996).[5] Both the Governor and the Attorney General claim the Organic Act provides each with the ultimate power over tax litigation matters.

This court determined that the Governor has authority over the enforcement of tax matters, and thus, may dictate the course of litigation in this matter. However, the court recognizes that this issue is one of first impression on Guam and there is considerable room for reasonable jurists to disagree.

---

[5] The "Guam Organic Act Amendments of 1998", H.R. 2370, 105th Cong. (1998), created the position of the Attorney General of Guam.

-4-

Lastly, the court finds that an immediate appeal of this issue will materially advance the ultimate termination of the litigation. Two settlement agreements have been drafted, one that the Attorney General agrees with, and a second one that the Governor of Guam proposes. The ultimate termination of the litigation by trial or settlement is only possible with all the right parties present. The Ninth Circuit's ruling in the pending motion will assist in this process.

## CONCLUSION

For the foregoing reasons, the court **DENIES** the Attorney General's Motion for Reconsideration. However, the court finds the Attorney General has satisfied the requirements for certification of an interlocutory appeal. Accordingly, the court **GRANTS** the Attorney General's Motion to Certify Question for Interlocutory Appeal and certifies the issue of the Attorney General of Guam's disqualification in this case to the Ninth Circuit of Appeals. Meanwhile, this court will consider any motions filed by counsel for appointment as lead counsel. Any such motion should be filed by April 7, 2006. Oppositions or responses should be filed by April 21, 2006, and replies should be filed by April 28, 2006. Thereafter, the court will decide the issue on the pleadings or set the matter for a hearing should one be deemed necessary. All other matters are hereby stayed pending the interlocutory appeal.

SO ORDERED this 16th day of March, 2006.

_____
JAMES L. ROBART[*] for
RICARDO S. MARTINEZ[**]
United States District Judge

---

[*]The Honorable James L. Robart, United States District Judge for the Western District of Washington, by designation.

[**]The Honorable Ricardo S. Martinez, United States District Judge for the Western District of Washington, by designation.

-5-