

The Law Offices of
# PHILLIPS & BORDALLO
A Professional Corporation
410 West O'Brien Drive, Suite 102 Hagåtña, Guam 96910-5044
Tel: (671) 477-ABCD (2223) • Fax: (671) 477-2FAX (2329)
" I Erensia, Lina'la', Espiritu-ta"

Attorneys for Petitioner: JULIE BABAUTA SANTOS

FILED
DISTRICT COURT OF GUAM
MAR 17 2006
MARY L.M. MORAN
CLERK OF COURT

## DISTRICT COURT OF GUAM
## TERRITORY OF GUAM

| | |
|---|---|
| JULIE BABAUTA SANTOS, et al., ) | CIVIL CASE NO. 04-00006 |
| ) | |
| Petitioners, ) | PETITIONER SANTOS' MOTION FOR |
| ) | PARTIAL RECONSIDERATION OF ORDER |
| vs. ) | STAYING PROCEEDINGS AND INVITING |
| ) | MOTIONS FOR APPOINTMENT OF LEAD |
| FELIX A. CAMACHO, et al., ) | COUNSEL; MEMORANDUM OF POINTS |
| ) | AND AUTHORITIES IN SUPPORT THEREOF |
| Respondents. ) | |

In its March 16, 2006 Order, the Court denied the Attorney General's Motion for Reconsideration and stayed all proceedings pending completion of an interlocutory appeal to the Ninth Circuit Court of Appeals. The Court also invited counsel from all three (3) pending cases to file motions for appointment as lead counsel. Although the Court expressed an inclination during the parties' March 15, 2006 joint hearing to have the parties enter into mediation or negotiations in efforts to settle all three (3) cases, the Court's March 16, 2006 Order does not permit immediate mediation or negotiations.

**ORIGINAL**

The Court's consolidation of the three (3) cases for pretrial purposes results in the Attorney General maintaining his role as "representative of the Government," at least in the Torres and Simpao actions. All parties and counsel, therefore, remain available for immediate settlement negotiations and/or mediation.

On March 10, 2006, the Court directed the parties to appear and discuss the possibility of consolidation. The Court expressed great concerns during the March 14, 2006 hearing regarding the potential for inconsistent results and waste of judicial resources. The Court also expressed concerns regarding the "fairness" of one class settling without resolution of all cases.

Petitioner Santos submits reconsideration under Local Civil Rule 7.1(i) (3) is justified. A party may seek reconsideration with "a manifest showing of a failure to consider material facts presented to the Court before such decision." The history of this case, the current posture of all parties and counsel, and the Court's expressed intent and concerns all point to the need for immediate settlement negotiations and/or mediation. The Santos parties have twice negotiated settlements to this matter. This case proceeded to mediation last year with positive results. The Court's Order, if not modified, results in substantial delay and rules out the possibility of the parties and counsel working out their differences in the immediate future. The Court's commencement of a battle for lead counsel is also inconsistent with a quick resolution of pending matters for the benefit of class members.

While part of the record, the Court may have overlooked the history of this case.

On February 12, 2004, Petitioner brought this Class Action Petition for the recovery of unpaid refundable earned income tax refunds and to compel the full implementation of the Earned Income Program. This Court issued a Stipulation to Dismiss Attorney General Douglas

B. Moylan as a named defendant on March 9, 2004. On March 11, 2004, Respondents filed an Opposition to the Petition, denying various allegations and setting forth numerous affirmative defenses. With the consent of all parties, the Court issued an expedited Scheduling Order on April 30, 2004, and held a Scheduling Conference on May 26, 2004.

The parties entered into a Settlement Agreement on June 14, 2004, subject to this Court's approval. The parties filed Consent to the Exercise of Jurisdiction by a United States Magistrate Judge on June 15, 2004.

On June 17, 2004, this Court held a Settlement Conference and issued a Stipulated Order Granting Preliminary Approval of Class Action Settlement. The stipulated order included the preliminary approval of the certification of the EIC Class. The stipulated order set a deadline of August 9, 2004 for class members to provide written objections to the settlement or to opt out of the EIC Class (the "Objection and Opt Out Date"). Finally, the stipulated order requested this Court set a hearing for final approval of the Settlement Agreement on a date approximately thirty (30) days after the Objection and Opt Out Date. On June 22, 2004, this Court issued an Order scheduling the hearing on final approval of the Settlement Agreement for Thursday, September 9, 2004.

During the Settlement Conference on June 17, 2004, a thorough discussion occurred between this Court and the parties, including representatives of the Department of Revenue and Taxation, regarding the Government of Guam's ability to provide the installment payments required by the Settlement Agreement. Based on the financial figures discussed throughout the settlement process, it is fair to conclude the government was moved to commit almost every available local fund to resolve this class action.

Even if settlement had not proceeded in this class action, counsel for *Santos* was prepared early on to try this matter. Attorney Phillips successfully negotiated an expedited trial schedule with the Attorney General who at that time remained counsel of record for all Respondents. During the Scheduling Conference, Phillips informed this Court that he was prepared to file a Motion for Summary Judgment. However, soon after this Court issued the expedited scheduling order, a change in policy by the administration occurred possibly from the discovery of certain evidence, and meaningful settlement negotiations commenced resulting in the Settlement Agreement preliminarily approved by this Court.

Petitioner *Santos* asks only that the Court not hold up negotiations and mediation during the interlocutory appeal process. Furthermore, *Santos* submits that counsel in each of the three (3) cases are prepared to represent the interests of their individual clients and putative classes (where applicable). The fight over who will be "lead counsel" without a defined "global" class, and prior to good faith attempts to resolve remaining differences through negotiations and/or mediation, is not in the interest of class members. The Court can save resources by directing the parties and counsel to initiate negotiations and/or mediation immediately.

The Court's recent order setting forth a briefing schedule for the appointment of lead counsel has prompted the above motion. Petitioner submits that based on the record in Santos v. Camacho, proceedings related to the consolidation of *Santos* and Simpao v. Government of Guam and Torres v. Government of Guam, to include motions for the appointment of lead counsel, would likely lead to protracted and prolonged litigation, furthering the delay in resolving these cases through settlement. This Court recently ordered consolidation of these cases, despite the clear prejudice to the *Santos* Petitioners' interest in furthering the complex settlement they reached without further delay. See International Paving

Systems, Inc. v. Van-Tulco, Inc., 806 F. Supp. 17, 22 (E.D.N.Y. 1992) (consolidation will generally be appropriate so long as any confusion or prejudice does not outweigh efficiency concerns). Nevertheless, Petitioner does not at this time seek to challenge consolidation. Instead, Petitioner seeks only to further resolve the issues related to consolidation through mediation, rather than further litigation.

The record in this case clearly supports mediation to prevent further delays. Indeed, the record in Santos establishes this Court's recognition and disposition against delays due to the adversity of the interests of the parties in Simpao and Torres against the settlement interests of the Petitioners in Santos. The record in this case also establishes this Court's efforts from the beginning to further proceedings without undue delay. For example, shortly after the Santos case was filed, this Court granted an expedited trial schedule.

On August 4, 2004, this Court denied motions for intervention by applicants Christina Naputi and Charmaine Torres[1]. See Santos v. Camacho, Civil Case No. 04-00006, Order, August 5, 2004. By its recent order consolidating the three cases, this Court essentially granted to Naputi and Torres more than what they even sought months ago as applicants for intervention in Santos. Indeed, the consolidation, and more importantly, the proceedings that will likely result, effectively nullifies the rationale and purposes of denying those applicants Intervention in Santos. In its Order denying intervention, this Court specifically recognized Naputi and Torres' option of filing separate suits to protect their interests in receiving 100% of the EIC funds allegedly due them:

> The applicants' ability to protect their interests will not be impaired or impeded because, as noted by Petitioner Santos, their rights and interests are preserved by opting out of the settlement and/or raising these same concerns at the fairness hearing. Moreover, the

---

[1] Ms. Naputi, represented by Attorney Curtis Van De Veld, later filed one of the consolidated actions with co-plaintiff Mary Grace Simpao, as did Ms. Torres.

> applicants may protect their interests by filing separate suits. Intervention would not accomplish any more than their participation as objectors.

Id. at p. 5 (citations omitted).

In addition, and more importantly, this Court, in denying permissive intervention, also recognized intervention would merely delay the progress of the settlement reached by the parties in this case to the prejudice of the settling class:

> In the present case, the Court finds that granting these motions to intervene could unduly prejudice the settling parties by unnecessarily delaying the fairness hearing on the Settlement Agreement and final disposition of this action.

Id. at p. 8 (citation omitted). Thus, this Court concluded in part in denying intervention: "Moreover, because the prejudice to the settling class would be substantial and because the applicants can be heard without granting them leave to intervene, the Court denies both motions for permissive intervention." Id. at p. 9.

The Plaintiffs in *Simpao* also eventually entered an appearance in *Santos*. Again, although granting limited appearance in *Santos*, this Court acknowledged the necessity of preventing undue delay to settlement proceedings. In it's Order, the Court cautioned the plaintiffs and their counsel that the Court would not permit them to circumvent the Court's previous denial of their motion to intervene in this case. See Santos v. Camacho, Civil Case No. 04-00006, Order, September 20, 2005, p.3.

The Plaintiffs in *Simpao* also sought unsuccessfully to force their participation in the voluntary mediation in the *Santos* case leading to the complex settlement pending before this Court. See Santos v. Camacho, Civil Case No. 04-00006, Order, March 30, 2005 ("The Movants and their counsel are obviously aware of their ability to protect their interests if they believe them to be impaired as they have filed a separate suit . . . which, in their own words,

'embrac[es] many of the same issues' as those raised in this case.") (brackets in original). After months of intense negotiations, the parties in Santos successfully completed a complex settlement agreement furthering their interests in settling their claims.

Petitioner seeks to continue the protection of the interests of the EIC Class in furthering settlement rather than protracted litigation, as it has done throughout the history of the Santos action, with the favorable guidance of this Court.

Based on the foregoing, Petitioner Santos requests this Court's reconsideration in establishing a briefing schedule for the appointment of lead counsel. Petitioner further respectfully requests an order to all parties in the consolidated action above, to enter mediation to resolve all issues related to consolidation, to include the complex issue of class definition.

In the Alternative, should this Court determine a substantial need for "lead counsel" at this point, Petitioner Santos requests this Court designate Mr. Phillips as interim counsel for the EIC Class pursuant to Rule 23(g)(2)(A), pending the outcome of the Attorney General's interlocutory appeal to the Ninth Circuit. As reviewed above, the Court has previously appointed Phillips as interim counsel, resulting in negotiations, mediation, and two settlements.

Respectfully submitted this 17th day of March, 2006.

PHILLIPS & BORDALLO, P.C.
Attorneys for Petitioner Santos

By: _____
Michael F. Phillips