SHANNON TAITANO, ESQ.
**OFFICE OF THE GOVERNOR OF GUAM**
Ricardo J. Bordallo Governor's Complex
Adelup, Guam 96910
Telephone: (671) 472-8931
Facsimile: (671) 477-4826

**EDUARDO A. CALVO, ESQ.**
**RODNEY J. JACOB, ESQ.**
**DANIEL M. BENJAMIN, ESQ.**
**CALVO & CLARK, LLP**
Attorneys at Law
655 South Marine Corps Drive, Suite 202
Tamuning, Guam 96913
Telephone: (671) 646-9355
Facsimile: (671) 646-9403

Attorneys for *Felix P. Camacho, Governor of Guam*

**FILED**

DISTRICT COURT OF GUAM

APR 20 2006

MARY L.M. MORAN
CLERK OF COURT

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF GUAM

| | |
|---|---|
| JULIE BABAUTA SANTOS, et. al., <br><br> Petitioners, <br><br> -v- <br><br> FELIX P. CAMACHO, etc., et. al. <br><br> Respondents. | CIVIL CASE NO. 04-00006 <br> (Consolidated with Civil Case Nos. 04-00038 and 04-00049) <br><br> **THE GOVERNOR OF GUAM'S REPORT TO THE COURT PURSUANT TO THE ORDER OF MARCH 20, 2006** |

# ORIGINAL

Governor of Guam Felix P. Camacho respectfully submits this report to the Court pursuant to the Court's Order of March 20, 2006.

The parties to the three consolidated cases conducted a mediation on April 6, 7, and 8, 2006. The parties mutually selected a JAMS Mediator, the Honorable Judge William J. Cahill (Ret.), as the mediator. Prior to entering the mediation, the parties entered into a confidentiality agreement about the contents of the mediation. *See* Attachment A.

The various parties to the *Santos* and *Torres* cases have reached an agreement in principle. The agreement is subject to final documentation, and the Governor asks that they be afforded an additional twenty-one days to complete that documentation. The agreement will bring the *Torres* case into the proposed resolution of the EIC litigation, as well as providing additional benefits to the putative class.

The various parties to the *Simpao* case (the Government, Governor, and the *Simpao* plaintiffs) were unable to reach a resolution.[1]

The Governor notes the request of *Simpao* counsel for briefing on class counsel. No class has been certified in any of the three consolidated cases. No determination can be made on class counsel unless a class is certified. *See* Fed. R. Civ. Proc. 23(g)(1)(A). Until then, at most, interim class counsel can be appointed. *See* Fed. R. Civ. Proc. 23(g)(2)(A). However, it is noteworthy that in *Santos*, on July 16, 2004, the Court appointed Mike Phillips, Esq. interim class counsel over the objections of the same counsel who now represent the plaintiffs in *Torres* and *Simpao* (and who at the time represented proposed intervenors who included some of the named plaintiffs in *Torres* and *Simpao*). Moreover, the Governor notes that the propriety of class certification (and thus appointment of class counsel) can be affected by whether there is a

_____

[1] The Governor is aware of the comment made by the *Simpao* plaintiffs in their Status Report of April 18, 2006. Indeed, plaintiffs' counsel in *Simpao* counsel made similar comments to a local newspaper last week. *See* Attachment B. Those comments appeared in a story that went on to incorrectly state the *Santos* settlement had been cancelled by the Court, when no ruling approving or disapproving that agreement has been issued. *See id.* The Governor is concerned that statements were made to confuse the putative class members and undermine efforts to settle the case. Although the Governor intends to follow the confidentiality agreement and thus does not believe he can directly respond to the statements made by plaintiff's counsel in *Simpao,* the Governor reserves his rights to raise any violations of the agreement as appropriate.

1

*CIVIL CASE NO. 04-00006*
*(Consolidated with Civil Case Nos. 04-00038 and 04-00049)*
Case 1:04-cv-00006    Document 314    Filed 04/20/2006    Page 2 of 21

settlement in a case. Specifically, a case may be practicable for class action treatment where there is a settlement, but present intractable management problems where there is to be a trial. *Amchem Prods. Inc. v. Winsor*, 521 U.S. 591, 620 (1997) ("Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems, *see* Fed. Rule Civ. Proc. 23(b)(3)(D), for the proposal is that there be no trial."). This may apply here, as the Court is confronted with three cases involving tens of thousands of confidential tax returns that cannot be disclosed without the consent of individual taxpayers and that are subject to numerous federal laws regarding processing.

For these reasons, the Governor believes the request of *Simpao* counsel to be premature and improvident. Given that the consolidated cases are stayed as to all other matters at present, the Governor does not believe any party would be prejudiced by his request for an additional period in which to complete documentation of his agreement in principle with the *Santos* and *Torres* parties.

DATED this 20th day of April, 2006.

OFFICE OF THE GOVERNOR OF GUAM
CALVO & CLARK, LLP
Attorneys for Defendant Felix P. Camacho,
 Governor of Guam

By: _____
      EDUARDO A. CALVO

2

*CIVIL CASE NO. 04-00006*
*(Consolidated with Civil Case Nos. 04-00038 and 04-00049)*
Case 1:04-cv-00006    Document 314    Filed 04/20/2006    Page 3 of 21

# ATTACHMENT A



## CONFIDENTIALITY AGREEMENT

Re:   Mediation of EITC - Consolidated Cases, District Court of Guam Civil Case Nos.
      04-00006; 04-00038 and 04-00049

JAMS Reference Number: _____

        In order to promote communication among the parties and to facilitate resolution
of the dispute, the participants agree as follows:

        1.  This mediation process is to be considered settlement negotiations for the
purpose of all state and federal rules protecting disclosures made during such process
from later discovery and/or use in evidence.

        2.  The provisions of Article II, Chapter 43-A of Title 7 of the Guam Code, as
attached hereto, shall apply to this mediation. THIS CONFIDENTIALITY AGREEMENT
("AGREEMENT") EXTENDS TO ALL PRESENT AND FUTURE CIVIL, JUDICIAL,
QUASI-JUDICIAL, ARBITRAL, ADMINISTRATIVE OR OTHER PROCEEDINGS.

        3.  The participants' sole purpose in conducting or participating in mediation is to
compromise, settle or resolve their dispute, in whole or in part.

        4.  The privileged character of any information or documents is not altered by
disclosure to the mediator.  The mediation process may continue after the date
appearing below.   Therefore,  the  mediator's  subsequent  oral  and  written
communications with the mediation participants in a continuing effort to resolve the
dispute are subject to this Agreement. This Agreement may be signed before, during or
after the mediation.

        5.  ANY WRITTEN SETTLEMENT AGREEMENT PREPARED DURING OR AT
THE CONCLUSION OF THE MEDIATION IS SUBJECT TO DISCLOSURE, BINDING,
ENFORCEABLE, AND ADMISSIBLE to prove the existence of and/or to enforce the
agreement.

        6.  Because the participants are disclosing information in reliance upon this
Agreement, any breach of this Agreement would cause irreparable injury for which
monetary damages would be inadequate. Consequently, any party to this Agreement
may obtain an injunction to prevent disclosure of any such confidential information in
violation of this Agreement.

7. The mediator is serving as a neutral intermediary and settlement facilitator and may not act as an advocate for any party. THE MEDIATOR'S STATEMENTS DO NOT CONSTITUTE LEGAL ADVICE TO ANY PARTY. ACCORDINGLY, THE PARTIES ARE STRONGLY ENCOURAGED TO SEEK LEGAL ADVICE FROM THEIR OWN COUNSEL. If the mediator assists in preparing a settlement agreement, each participant is advised to have the agreement independently reviewed by their own counsel before executing the agreement.

8. This Agreement may be executed in counterparts which if taken as a whole will constitute the entire Agreement. Facsimile signatures shall have the force and effect of original signatures.

Executed on _30 March 06_

_Curtis Van develd_
for

_Plaintiffs in Case No._
for

_CIV 04-00049_
for

_[signature]_
for

_[signature]_
for THOMAS J. FISHER

_[signature]_
for JAMES L. CANTO II

_[signature]_
for Michael F. Phillips

_[signature]_
for Ricardo D. [illegible]

_Van develd Shimizu Canto & Fisher_
for _Mary Grace Simpao,_
_Christina Naputi, and_
for _Janice Cruz —_
_Plaintiffs_
for

for

for

for

_[signature]_
for _Felix [illegible]_
for

page 3/4

## CHAPTER 43-A OF 7 G.C.A

### ARTICLE II. EVIDENCE.

§43201.  Admissibility of Evidence; Nondisclosure; Exception.  When persons agree to participate in mediation under this Chapter 43-A:

    (a)    Evidence of anything said or of any admission made in the course of the mediation is not admissible in evidence, and disclosure of any such evidence shall not be compelled, in any civil or criminal action in which, pursuant to law, testimony may be compelled to be given. However, this Subsection does not limit the admissibility of evidence if all parties participating in mediation consent to its disclosure;

    (b)    In the event that any such evidence is offered in contravention of this Section, the arbitration tribunal or the court shall make any order which it considers to be appropriate to deal with the matter, including, without limitation, orders restricting the introduction of evidence, or dismissing the case without prejudice; and

    (c)    Unless the document otherwise provides, no document prepared for the purpose of, or in the course of or pursuant to, the mediation, nor any copy thereof, is admissible in evidence, and disclosure of any such document shall not be compelled in any arbitration or civil action in which, pursuant to law, testimony may be compelled to be given.

§43202. Mediator's Writings.

    (a)    Any writing produced by the mediator shall not be disclosed to the parties, the public, or anyone other than the mediator, unless all parties to the mediation expressly agree otherwise in writing, or disclosure of the writing is otherwise mandated by court rule, local rule or other law.

    (b)    Neither a mediator nor anyone else may submit to a Court or other adjudicative body, and a court or other adjudicative body may not consider, any writing by the mediator concerning a mediation conducted by the mediator, other than a report that is mandated by court rule, local rule or other law, unless all parties to the mediation expressly agree otherwise in writing.

**§43203.  Otherwise Admissible Evidence.**

(a)  Evidence otherwise admissible or subject to discovery outside of a mediation or a mediation consultation shall not be or become inadmissible or protected from disclosure solely by reason of its introduction or use in a mediation or a mediation consultation.

(b)  This Section does not limit any of the following:

(1)  the admissibility of an agreement to mediate a dispute;

(2)  the effect of an agreement not to take a default or an agreement to extend the time within which to act or refrain from acting in a pending civil action; or

(3)  disclosure of the mere fact that a mediator has served, is serving, will serve, or was contacted about serving as a mediator in a dispute.

**§43204.  Protections Before and After Mediation Ends.**  Anything said, any admission made, or any writing that is inadmissible, protected from disclosure, and confidential under this Chapter 43-A before a mediation ends, shall remain inadmissible, protected from disclosure, and confidential to the same extent after the mediation ends.

## CONFIDENTIALITY AGREEMENT

Re:   Mediation of EITC - Consolidated Cases, District Court of Guam Civil Case Nos.
      04-00006; 04-00038 and 04-00049

JAMS Reference Number: _____

       In order to promote communication among the parties and to facilitate resolution
of the dispute, the participants agree as follows.

       1.  This mediation process is to be considered settlement negotiations for the
purpose of all state and federal rules protecting disclosures made during such process
from later discovery and/or use in evidence.

       2.  The provisions of Article II, Chapter 43-A of Title 7 of the Guam Code, as
attached hereto, shall apply to this mediation. THIS CONFIDENTIALITY AGREEMENT
("AGREEMENT") EXTENDS TO ALL PRESENT AND FUTURE CIVIL, JUDICIAL,
QUASI-JUDICIAL, ARBITRAL, ADMINISTRATIVE OR OTHER PROCEEDINGS.

       3.  The participants' sole purpose in conducting or participating in mediation is to
compromise, settle or resolve their dispute, in whole or in part.

       4.  The privileged character of any information or documents is not altered by
disclosure to the mediator.  The mediation process may continue after the date
appearing below.   Therefore,  the  mediator's  subsequent  oral  and  written
communications with the mediation participants in a continuing effort to resolve the
dispute are subject to this Agreement. This Agreement may be signed before, during or
after the mediation.

       5.  ANY WRITTEN SETTLEMENT AGREEMENT PREPARED DURING OR AT
THE CONCLUSION OF THE MEDIATION IS SUBJECT TO DISCLOSURE, BINDING,
ENFORCEABLE, AND ADMISSIBLE to prove the existence of and/or to enforce the
agreement.

       6.  Because the participants are disclosing information in reliance upon this
Agreement, any breach of this Agreement would cause irreparable injury for which
monetary damages would be inadequate. Consequently, any party to this Agreement
may obtain an injunction to prevent disclosure of any such confidential information in
violation of this Agreement.

7. The mediator is serving as a neutral intermediary and settlement facilitator and may not act as an advocate for any party. THE MEDIATOR'S STATEMENTS DO NOT CONSTITUTE LEGAL ADVICE TO ANY PARTY. ACCORDINGLY, THE PARTIES ARE STRONGLY ENCOURAGED TO SEEK LEGAL ADVICE FROM THEIR OWN COUNSEL. If the mediator assists in preparing a settlement agreement, each participant is advised to have the agreement independently reviewed by their own counsel before executing the agreement.

8. This Agreement may be executed in counterparts which if taken as a whole will constitute the entire Agreement. Facsimile signatures shall have the force and effect of original signatures.

Executed on _30 March 06_

_Curtis Van develd_
for
_Plaintiffs in Case No._
for
_CIV 04-00049_
for _(signature)_
for
for _(signature)_
for _THOMAS J. FISHER_
for _JAMES L. CANTO II_
for
for

_Van de Veld Shimizu Canto & Fisher_
for _Mary Grace Simpao,_
_Christina Naputi, and_
for _Janice Cruz –_
_Plaintiffs_
for
for
for
for
for

03/30/2006 THU 1:13 FAX                                                                      003/004

Mar-29-06    01:28pm    From-Calvo and Clark Guam Main              +671 6469403         T-906   P.004/005   F-512

## CHAPTER 43-A OF 7 G.C.A

### ARTICLE II. EVIDENCE.

§43201.   **Admissibility of Evidence; Nondisclosure; Exception.**   When persons agree to participate in mediation under this Chapter 43-A:

    (a)    Evidence of anything said or of any admission made in the course of the mediation is not admissible in evidence, and disclosure of any such evidence shall not be compelled, in any civil or criminal action in which, pursuant to law, testimony may be compelled to be given. However, this Subsection does not limit the admissibility of evidence if all parties participating in mediation consent to its disclosure;

    (b)    In the event that any such evidence is offered in contravention of this Section, the arbitration tribunal or the court shall make any order which it considers to be appropriate to deal with the matter, including, without limitation, orders restricting the introduction of evidence, or dismissing the case without prejudice; and

    (c)    Unless the document otherwise provides, no document prepared for the purpose of, or in the course of or pursuant to, the mediation, nor any copy thereof, is admissible in evidence, and disclosure of any such document shall not be compelled in any arbitration or civil action in which, pursuant to law, testimony may be compelled to be given.

### §43202. Mediator's Writings.

    (a)    Any writing produced by the mediator shall not be disclosed to the parties, the public, or anyone other than the mediator, unless all parties to the mediation expressly agree otherwise in writing, or disclosure of the writing is otherwise mandated by court rule, local rule or other law.

    (b)    Neither a mediator nor anyone else may submit to a Court or other adjudicative body, and a court or other adjudicative body may not consider, any writing by the mediator concerning a mediation conducted by the mediator, other than a report that is mandated by court rule, local rule or other law, unless all parties to the mediation expressly agree otherwise in writing.

☑004/004

### §43203. Otherwise Admissible Evidence.

(a)   Evidence otherwise admissible or subject to discovery outside of a mediation or a mediation consultation shall not be or become inadmissible or protected from disclosure solely by reason of its introduction or use in a mediation or a mediation consultation.

(b)   This Section does not limit any of the following:

   (1)   the admissibility of an agreement to mediate a dispute;

   (2)   the effect of an agreement not to take a default or an agreement to extend the time within which to act or refrain from acting in a pending civil action; or

   (3)   disclosure of the mere fact that a mediator has served, is serving, will serve, or was contacted about serving as a mediator in a dispute.

§43204.  Protections Before and After Mediation Ends.  Anything said, any admission made, or any writing that is inadmissible, protected from disclosure, and confidential under this Chapter 43-A before a mediation ends, shall remain inadmissible, protected from disclosure, and confidential to the same extent after the mediation ends.





ATTORNEYS
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WASHINGTON 98101-1332
FACSIMILE 206.682.2992
TELEPHONE 206.682.5600

MARCH 30, 2006

TOTAL PAGES (INCLUDING COVER SHEET): 2

PLEASE DELIVER THE FOLLOWING PAGE(S) TO:

| (NAME) | (COMPANY/TELEPHONE) | (FAX NUMBER) |
|---|---|---|
| Daniel M. Benjamin | CALVO AND CLARK, LLP<br>671.646.9355 | 671.646.9403 |
| cc: | | |
| Curtis C. Van de Veld | VAN DE VELD, SHIMIZU, CANTO & FISHER<br>671.472.1131 | 671.472.2886 |

FROM:   Nancy A. Pacharzina

RE:   *Naputi v. Government of Guam*
      <u>District Court of Guam Civil Case No. 04-00049</u>

<u>COMMENTS/ENCLOSURES</u>

**Please find attached our signature page for the Confidentiality Agreement for the EITZ Litigation executed by attorneys of Tousley Brain Stephens PLLC representing the Simpao Plaintiffs.**

RETURN TO: nap

FILE NO.: N-4162-001.L1A

IF YOU DO NOT RECEIVE ALL PAGES, PLEASE CALL US IMMEDIATELY. THANK YOU.

<u>CONFIDENTIALITY NOTICE</u>

The information contained in this communication is confidential, may be attorney-client privileged, and is intended only for the use of the addressee. Unauthorized use, review, disclosure, or copying is strictly prohibited. If you have received this communication in error, please notify us by telephone immediately at 206.682.5600 so that we can arrange for retrieval of the documents at no cost to you. If the transmission is incomplete or illegible, please call the receptionist at the above number.
4162/001/191270.1

7.  The mediator is serving as a neutral intermediary and settlement facilitator and may not act as an advocate for any party. THE MEDIATOR'S STATEMENTS DO NOT CONSTITUTE LEGAL ADVICE TO ANY PARTY.  ACCORDINGLY, THE PARTIES ARE STRONGLY ENCOURAGED TO SEEK LEGAL ADVICE FROM THEIR OWN COUNSEL.  If the mediator assists in preparing a settlement agreement, each participant is advised to have the agreement independently reviewed by their own counsel before executing the agreement.

8.  This Agreement may be executed in counterparts which if taken as a whole will constitute the entire Agreement.  Facsimile signatures shall have the force and effect of original signatures.

Executed on 3/30/06

for _____

for _____

for _____

for _____

for _____

for _____

for _____

Tousley Bram Stephens PLLC
for Simpao TTS

Tousley Brain Stephens PLLC
for Simpao TTS

for _____

for _____

for _____

for _____

for _____

**CALVO & CLARK** LLP

655 SOUTH MARINE CORPS DRIVE, SUITE 202
TAMUNING, GUAM 96913
P: 671.646.9355 F: 671.646.9403
WWW.CALVOCLARK.COM

March 29, 2006

**TO:**   Michael F. Phillips, Esq.            Rawlen M.T. Mantanona, Esq.
          **PHILLIPS & BORDALLO, P.C.**       **CABOT MANTANONA LLP**
          Facsimile No.: 477-2329             Facsimile No.: 646-0777

          Peter C. Perez, Esq.               Curtis C. Van de Veld, Esq.
          **LUJAN, AGUIGUI & PEREZ, LLP**    **VAN DE VELD, SHIMIZU, CANTO &**
          Facsimile No.: 477-5297            **FISHER**
                                             Facsimile No.: 472-2886

**CC:**   Shannon J. Taitano, Esq.
          **OFFICE OF THE GOVERNOR OF GUAM**
          Facsimile No. 477-6666

**FROM:**  Daniel M. Benjamin

**NUMBER OF PAGES INCLUDING THIS ONE:**  5

**RE:**   **EITC: GUAM MEDIATION**

**DOCUMENTS TRANSMITTED HEREWITH:**

1.        **Confidentiality Agreement**

---

### MESSAGE

Counsel:

Attached is the final confidentiality agreement. I have added a provision governing facsimile signatures. Please have it executed by all attorneys who will attend the mediation, all clients, and all other planned representatives at the mediation or other persons who will be privy to mediation materials. When we have a full set of all signatures, we will circulate a full copy set to all parties. Thank you.

---

### CONFIDENTIALITY NOTICE

The documents accompanying this FACSIMILE transmission may contain confidential information which is legally privileged. The information is intended only for the use of the individual or entity named above. If you are not the intended recipient, or the person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in this transmission is strictly PROHIBITED. If you have received this transmission in error, please immediately notify us by telephone and mail the original transmission to us. Thank you.

Should you have any trouble please call (671) 646-9355 or fax (671) 646-9403. Thank you.

GUAM          SAIPAN          SAN FRANCISCO

## CONFIDENTIALITY AGREEMENT

Re:    Mediation of EITC - Consolidated Cases, District Court of Guam Civil Case Nos.
       04-00006; 04-00038 and 04-00049

JAMS Reference Number: _____

       In order to promote communication among the parties and to facilitate resolution
of the dispute, the participants agree as follows:

       1.  This mediation process is to be considered settlement negotiations for the
purpose of all state and federal rules protecting disclosures made during such process
from later discovery and/or use in evidence.

       2.  The provisions of Article II, Chapter 43-A of Title 7 of the Guam Code, as
attached hereto, shall apply to this mediation. THIS CONFIDENTIALITY AGREEMENT
("AGREEMENT") EXTENDS TO ALL PRESENT AND FUTURE CIVIL, JUDICIAL,
QUASI-JUDICIAL, ARBITRAL, ADMINISTRATIVE OR OTHER PROCEEDINGS.

       3.  The participants' sole purpose in conducting or participating in mediation is to
compromise, settle or resolve their dispute, in whole or in part.

       4.  The privileged character of any information or documents is not altered by
disclosure to the mediator.  The mediation process may continue after the date
appearing  below.      Therefore,  the  mediator's  subsequent  oral  and  written
communications with the mediation participants in a continuing effort to resolve the
dispute are subject to this Agreement. This Agreement may be signed before, during or
after the mediation.

       5.  ANY WRITTEN SETTLEMENT AGREEMENT PREPARED DURING OR AT
THE CONCLUSION OF THE MEDIATION IS SUBJECT TO DISCLOSURE, BINDING,
ENFORCEABLE, AND ADMISSIBLE to prove the existence of and/or to enforce the
agreement.

       6.  Because the participants are disclosing information in reliance upon this
Agreement, any breach of this Agreement would cause irreparable injury for which
monetary damages would be inadequate. Consequently, any party to this Agreement
may obtain an injunction to prevent disclosure of any such confidential information in
violation of this Agreement.

7.  The mediator is serving as a neutral intermediary and settlement facilitator and may not act as an advocate for any party. THE MEDIATOR'S STATEMENTS DO NOT CONSTITUTE LEGAL ADVICE TO ANY PARTY. ACCORDINGLY, THE PARTIES ARE STRONGLY ENCOURAGED TO SEEK LEGAL ADVICE FROM THEIR OWN COUNSEL. If the mediator assists in preparing a settlement agreement, each participant is advised to have the agreement independently reviewed by their own counsel before executing the agreement.

8.  This Agreement may be executed in counterparts which if taken as a whole will constitute the entire Agreement. Facsimile signatures shall have the force and effect of original signatures.

Executed on_____

_____          _____
for GOVERNOR'S OFFICE                    Felix P. Camacho, Governor of Guam
                                         for Office of the Governor

_____          _____
for BBMR                                 for Governor's Council of Guam

_____          _____
for BBMR                                 for Rev & Tax & DOA

_____          _____
for DOA                                  for Rev & Tax

_____          _____
for DRT                                  for

_____          _____
for Gov. of Guam                         for

_____          _____
for Gov. of Guam                         for

_____          _____
for                                      for

**CHAPTER 43-A OF 7 G.C.A**

**ARTICLE II. EVIDENCE.**

**§43201.    Admissibility of Evidence; Nondisclosure; Exception.**    When persons agree to participate in mediation under this Chapter 43-A:

(a)    Evidence of anything said or of any admission made in the course of the mediation is not admissible in evidence, and disclosure of any such evidence shall not be compelled, in any civil or criminal action in which, pursuant to law, testimony may be compelled to be given. However, this Subsection does not limit the admissibility of evidence if all parties participating in mediation consent to its disclosure;

(b)    In the event that any such evidence is offered in contravention of this Section, the arbitration tribunal or the court shall make any order which it considers to be appropriate to deal with the matter, including, without limitation, orders restricting the introduction of evidence, or dismissing the case without prejudice; and

(c)    Unless the document otherwise provides, no document prepared for the purpose of, or in the course of or pursuant to, the mediation, nor any copy thereof, is admissible in evidence, and disclosure of any such document shall not be compelled in any arbitration or civil action in which, pursuant to law, testimony may be compelled to be given.

**§43202. Mediator's Writings.**

(a)    Any writing produced by the mediator shall not be disclosed to the parties, the public, or anyone other than the mediator, unless all parties to the mediation expressly agree otherwise in writing, or disclosure of the writing is otherwise mandated by court rule, local rule or other law.

(b)    Neither a mediator nor anyone else may submit to a Court or other adjudicative body, and a court or other adjudicative body may not consider, any writing by the mediator concerning a mediation conducted by the mediator, other than a report that is mandated by court rule, local rule or other law, unless all parties to the mediation expressly agree otherwise in writing.

### §43203. Otherwise Admissible Evidence.

(a)    Evidence otherwise admissible or subject to discovery outside of a
mediation or a mediation consultation shall not be or become
inadmissible or protected from disclosure solely by reason of its
introduction or use in a mediation or a mediation consultation.

(b)    This Section does not limit any of the following:

   (1)    the admissibility of an agreement to mediate a dispute;

   (2)    the effect of an agreement not to take a default or an
   agreement to extend the time within which to act or refrain
   from acting in a pending civil action; or

   (3)    disclosure of the mere fact that a mediator has served, is
   serving, will serve, or was contacted about serving as a
   mediator in a dispute.

§43204. **Protections Before and After Mediation Ends.** Anything said, any
admission made, or any writing that is inadmissible, protected from disclosure, and
confidential under this Chapter 43-A before a mediation ends, shall remain inadmissible,
protected from disclosure, and confidential to the same extent after the mediation ends.

# ATTACHMENT B

# ᴰᴬᴵᴸʸ Marianas Variety News & Views

## Micronesia's Leading Newspaper Since 1972

Vol. 34 No. 19
©2006 Marianas Variety

Tuesday, April 11, 2006

www.mvariety.com
Serving the CNMI for 34 years

Headlines

Local News

Pacific Islands

Forum

Sports

Advertisement

Subscription

Staff Box

© 2006 Marianas Variety
Published by Younis Art
Studio Inc.
All Rights Reserved
Email :
mvariety@vzpacifica.net

## EITC negotiations bog down

*By Gina Tabonares*
*Variety News Staff*

INITIAL efforts to consolidate the three pending Earned Income Tax Credit cases were unsuccessful after lawyers involved in the class suit failed to reach an agreement with the governor's legal representative.

The legal representatives from three separate EITC cases started their negotiations last Thursday after U.S. District Court Judge Ricardo Martinez ordered them to conduct global mediation for a consolidated case.

The group of Julie Babauta Santos was represented by Atty. Michael Phillips, Atty. Curtis Van de Veld was the counsel for the group of Mary Grace Simpao, Atty. Peter Perez represented the group of Charmaine Torres, and the lawyers from Calvo & Clark LLP were negotiating on behalf of Gov. Felix P. Camacho.

The negotiations, which continued on Friday, bogged down after the parties learned that Camacho has no intention of negotiating for consolidation.

According to Van de Veld, they were informed last Friday of the governor's position, prompting the rest of the parties to return to court and file their respective status reports. The EITC parties are expected to file their status reports on April 21 as the judge ordered.

Atty. Shannon Taitano, the governor's legal counsel, said she couldn't comment on the development, adding that all parties involved in the mediation have signed a confidentiality agreement and are bound not to disclose any details of the negotiations. "We are readying our own status report for April 21. We cannot comment on Atty. Van de Veld's disclosure because we are adhering to the confidentiality agreement that we signed with the rest of the parties," Taitano told Variety.

Phillips, the lawyer of the Santos group who signed a $90 million settlement agreement with the governor on June 20, 2005, could not be reached for comment.

The settlement agreement was, however, set aside after Martinez ordered the Santos group to consolidate their case with the Simpao and Torres cases.