ORIGINAL

[Appearing Counsel on next page]

FILED
DISTRICT COURT OF GUAM
JUN - 2 2006
MARY L.M. MORAN
CLERK OF COURT

# DISTRICT COURT OF GUAM

## TERRITORY OF GUAM

| | |
|---|---|
| JULIE BABAUTA SANTOS, et. al.,<br><br>　　　　　　　　　Petitioners,<br><br>-v-<br><br>FELIX P. CAMACHO, et. al.<br><br>　　　　　　　　　Respondents. | Civil Case No. 04-00006<br><br>**STIPULATION OF THE *SANTOS* AND *TORRES* PARTIES PURSUANT TO SECTION II(a)(i) OF THE MAY 26, 2006 CLASS ACTION SETTLEMENT AGREEMENT**<br><br>**CLASS ACTION** |
| CHARMAINE R. TORRES, et al.,<br><br>　　　　　　　　　Plaintiffs,<br><br>-v-<br><br>GOVERNMENT OF GUAM, et al.,<br><br>　　　　　　　　　Defendants. | Civil Case No. 04-00038 |
| MARY GRACE SIMPAO, et al.,<br><br>　　　　　　　　　Plaintiffs,<br><br>-v-<br><br>GOVERNMENT OF GUAM,<br><br>　　　　　　　　　Defendant.<br><br>-v-<br><br>FELIX P. CAMACHO, Governor of Guam,<br><br>　　　　　　　　　Intervenor-Defendant. | Civil Case No. 04-00049 |

SHANNON TAITANO, ESQ.
OFFICE OF THE GOVERNOR OF GUAM
Ricardo J. Bordallo Governor's Complex
Adelup, Guam 96910
Telephone: (671) 472-8931
Facsimile: (671) 477-4826

EDUARDO A. CALVO, ESQ.
RODNEY J. JACOB, ESQ.
DANIEL M. BENJAMIN, ESQ.
CALVO & CLARK, LLP
Attorneys at Law
655 South Marine Drive, Suite 202
Tamuning, Guam 96913
Telephone: (671) 646-9355
Facsimile: (671) 646-9403
Attorneys for *Felix P. Camacho, Governor of Guam*

RAWLEN M.T. MANTANONA
CABOT MANTANONA LLP
BankPacific Buiding, 2nd Floor
825 S. Marine Corps Drive
Telephone: (671) 646-2001
Facsimile: (671) 646-0777
Attorneys for Respondents *Lourdes M. Perez and Artemio R. Ilagan*

MICHAEL F. PHILLIPS
PHILLIPS & BORDALLO, P.C.
410 West O'Brien Drive
Hagatña, Guam 96910
Telephone: (671) 477-2223
Facsimile: (671) 477-2329
Interim Class Counsel and Attorneys for Petitioner *Julie Babauta Santos*

IGNACIO C. AGUIGUI
PETER C. PEREZ
LUJAN AGUIGUI & PEREZ LLP
300 Pacific News Building
Hagatña, Guam 96910
Telephone: (671) 477-8064
Facsimile: (671) 477-5297
Attorneys for Plaintiff *Charmaine R. Torres*

## STIPULATION

Pursuant to Section II(a)(i) of the May 26, 2006 Settlement Agreement, the parties to the *Santos* and *Torres* Actions (Civil Action Nos. 04-00006 and 04-00038 respectively), hereby stipulate to the filing of a joint petition by JULIE BABAUTA SANTOS and CHARMAINE R. TORRES, in the form attached hereto as Exhibit "1."

SO STIPULATED.

Respectfully submitted this 2nd day of June, 2006.

OFFICE OF THE GOVERNOR OF GUAM
CALVO & CLARK, LLP
Attorneys for Respondent Felix P. Camacho, Governor of Guam

By: _____
DANIEL M. BENJAMIN

CABOT MANTANONA LLP
Attorneys for Respondents Lourdes M. Perez and Artemio B. Ilagan

By: _____
RAWLEN M.T. MANTANONA

PHILLIPS & BORDALLO, P.C.
Interim Class Counsel & Attorneys for Petitioner Julie Babauta Santos

By: _____
MICHAEL F. PHILLIPS

LUJAN AGUIGUI & PEREZ LLP
Attorneys for Plaintiff Charmaine R. Torres

By: _____
IGNACIO C. AGUIGUI

# EXHIBIT 1

MICHAEL F. PHILLIPS, ESQ.
PHILLIPS & BORDALLO, P.C.
410 West O'Brien Drive
Hagåtña, Guam 96910
Telephone (671) 477-2223
Facsimile (671) 477-2329

*Attorneys for Petitioner Julie B. Santos and Lead Counsel*

IGNACIO C. AGUIGUI, ESQ.
PETER C. PEREZ, ESQ.
LUJAN AGUIGUI & PEREZ LLP
Pacific News Building, Suite 300
238 Archbishop Flores Street
Hagåtña, Guam 96910
Telephone (671) 477-8064
Facsimile (671) 477-5297

*Attorneys for Petitioner Charmaine R. Torres*

## DISTRICT COURT OF GUAM

## TERRITORY OF GUAM

| | |
|---|---|
| JULIE BABAUTA SANTOS and CHARMAINE R. TORRES, on behalf of themselves and a class of others similarly situated,<br><br>Petitioners,<br><br>-vs-<br><br>FELIX P. CAMACHO, Governor of Guam; ARTEMIO ILAGAN, Director of Department of Revenue and Taxation; LOURDES M. PEREZ, Director of Department of Administration; and GOVERNMENT OF GUAM,<br><br>Respondents. | CIVIL CASE NOS. 04-00006 and 04-00038<br><br>**JOINT PETITION FOR DECLARATORY AND INJUNCTIVE RELIEF, AND/OR FOR RECOVERY OF EARNED INCOME TAX CREDITS, OR IN THE ALTERNATIVE FOR A WRIT IN THE NATURE OF MANDAMUS**<br><br>**CLASS ACTION** |

Page 1 of 9

Julie B. Santos and Charmaine R. Torres *et al.* v. Felix P. Camacho *et al.*
Civil Case Nos. 04-00006 and 04-00038
*Joint Petition for Declaratory and Injunctive Relief, and/or
for Recovery of Earned Income Tax Credits, or in the Alternative
for a Writ in the Nature of Mandamus*

**PETITIONERS JULIE BABAUTA SANTOS AND CHARMAINE R. TORRES** ("Petitioners"), by and through their attorneys of record, Phillips & Bordallo, P.C. and Lujan Aguigui & Perez LLP, allege as follows:

## JURISDICTION

1. This Court has jurisdiction over this action pursuant to 48 U.S.C. §§ 1421i(h) & 1424; 28 U.S.C. §§ 1331, 1361, 1367, & 2201; and other applicable law.

## THE PARTIES

2. Petitioners are United States citizens, residents of Guam, and taxpayers. Petitioners are over the age of eighteen (18) years and are, and have been, eligible to receive the earned income tax credits ("EIC") for eligible Guam taxpayers under federal law, 48 U.S.C. § 1421i (a provision of the Organic Act of Guam) and Guam law, known as the Guam Earned Income Program, 11 Guam Code Annotated ("G.C.A.") § 42101 *et seq.*, since at least tax years 1995 to 2004. Petitioners filed income tax returns with the Guam Department of Revenue & Taxation ("DRT") for the subject tax years.

3. Respondent Felix P. Camacho is the Governor of Guam and in such official capacity is responsible for the administration and enforcement of the Guam Territorial Income Tax ("GTIT") under 48 U.S.C. § 1421i. Under the Organic Act of Guam, Governor Camacho has general supervision and control of all the departments, bureaus, agencies, and other instrumentalities of the executive branch of the Government of Guam and is responsible for the faithful execution of the laws of Guam and the laws of the United States applicable to Guam. 48 U.S.C. § 1422.

4. Respondent Artemio Ilagan is the Director of DRT and is responsible under the Governor of Guam with the administration and enforcement of the GTIT, as provided by 11 G.C.A. §§ 1104 and 1107.

5. Respondent Lourdes M. Perez is the Director of the Department of Administration ("DOA") and is responsible for setting aside all money reserved for income tax refunds, earned

Julie B. Santos and Charmaine R. Torres *et al.* v. Felix P. Camacho *et al.*
Civil Case Nos. 04-00006 and 04-00038
*Joint Petition for Declaratory and Injunctive Relief, and/or for Recovery of Earned Income Tax Credits, or in the Alternative for a Writ in the Nature of Mandamus*

Case 1:04-cv-00006   Document 327   Filed 06/02/2006   Page 6 of 13

income tax credits, and child tax credits from income tax receipts, as required by the Income Tax Reserve Fund Law, 11 G.C.A. § 50104.

6. Respondent Government of Guam was created through enactment of the Organic Act of Guam, 48 U.S.C. § 1421 *et seq*.

## THE CLASS

7. Petitioners bring this Joint Petition on their own behalf and on behalf of a class of persons similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure.

8. The class Petitioners represent consists of the following persons:

> All persons who: (1) were subject to the Guam Territorial Income Tax ("GTIT") established in 48 U.S.C. § 1421i for tax years 1995-1996 and/or 1999-2004 and would have been eligible to file (whether or not they actually filed) for the EIC established in 26 U.S.C. § 32 (as it applied in each respective tax year) if that program were applied in the Territory of Guam; and/or (2) were eligible to receive an EIC credit under certain Guam territorial laws for tax years 1995-1996 and/or 1999-2004 that mirrored the federal EIC law (26 U.S.C. § 32), including the Guam Earned Income Program (Chapter 42 of 11 G.C.A.); and/or (3) actually filed a claim for the EIC with DRT for tax year 1998 under the GTIT or Guam Earned Income Program (Chapter 42 of 11 G.C.A.) on or before April 15, 2002, and have not yet received full payment for that claim; and/or (4) actually filed a claim for the EIC with DRT for tax year 1997 under the GTIT or Guam Earned Income Program (Chapter 42 of 11 G.C.A.) on or before April 16, 2001 and have not yet received full payment for that claim.

9. The class Petitioners represent is so numerous such that joinder of each member of the class is impracticable.

10. There are questions of law and fact common to the class, which questions predominate over any questions affecting only individual class members.

11. The claims of Petitioners are typical of the claims of the class members.

12. Petitioners can and will fairly and adequately protect the interests of the class.

13. Petitioners and the class are represented by able and well-qualified counsel.

Page 3 of 9
Julie B. Santos and Charmaine R. Torres *et al.* v. Felix P. Camacho *et al.*
Civil Case Nos. 04-00006 and 04-00038
*Joint Petition for Declaratory and Injunctive Relief, and/or*
*for Recovery of Earned Income Tax Credits, or in the Alternative*
*for a Writ in the Nature of Mandamus*
Case 1:04-cv-00006    Document 327    Filed 06/02/2006    Page 7 of 13

14. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class. Respondents have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole. Furthermore, adjudications with respect to individual members of the class would as a practical matter be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

## STATEMENT OF CLAIMS

15. In 1950, Congress declared Guam to be an unincorporated territory of the United States through the Organic Act of Guam, codified at 48 U.S.C. § 1421 *et seq.* The Organic Act established the framework for Guam's local government and, in addition, specifically provided for an income taxation scheme for the island mirroring certain provisions of the federal income tax laws then in effect and "those which may hereafter be enacted," 48 U.S.C. § 1421i(a). Congress designated this tax as the "Guam Territorial Income Tax" ("GTIT"), 48 U.S.C. § 1421i(b), which Guam residents pay to the Government of Guam and not the federal government.

16. Among the provisions of the federal income tax laws that Congress made applicable to Guam through the GTIT is the federal earned income tax credit provision ("federal EIC"), 26 U.S.C. § 32, contained in Subtitle A of the Internal Revenue Code ("IRC"). This provision became effective in tax year 1975.

17. Congress provided through the Organic Act that provisions of the IRC that are manifestly inapplicable or incompatible with the intent of the income tax provision of 48 U.S.C.

Page 4 of 9
Julie B. Santos and Charmaine R. Torres *et al.* v. Felix P. Camacho *et al.*
Civil Case Nos. 04-00006 and 04-00038
*Joint Petition for Declaratory and Injunctive Relief, and/or*
*for Recovery of Earned Income Tax Credits, or in the Alternative*
*for a Writ in the Nature of Mandamus*

Case 1:04-cv-00006   Document 327   Filed 06/02/2006   Page 8 of 13

§ 1421i shall not apply to Guam. The federal EIC provision is not manifestly inapplicable or incompatible with the intent of § 1421i. The federal EIC provision was enacted by Congress to provide an incentive to individuals with modest means to engage in income-earning activities.

18. In or about 1989, the Government of Guam questioned the applicability of the federal EIC to Guam taxpayers.

19. On or about January 4, 1996, the Attorney General of Guam issued an opinion stating that the EIC does not apply to Guam and that the Guam Department of Revenue & Taxation should not administer the EIC, thus hindering the implementation, execution, and enforcement of the EIC. Upon information and belief, the opinion of the Attorney General has not been rescinded.

20. The Guam Legislature subsequently enacted local statutes to implement the federal EIC through establishment of the Guam Earned Income Program.

21. 11 G.C.A. § 42103 requires that the Guam Earned Income Program be established using the same income levels as are used in the federal EIC provision "to compute a subsidy which will be paid to residents of Guam who file Income Tax Returns to the Department of Revenue and Taxation."

22. The Guam Supreme Court has held that eligible Guam taxpayers are entitled to the EIC and that the EIC must be applied in a mirrored fashion to Guam. The Supreme Court further held that the Governor is required to enforce and administer the EIC. *In Re Request of I Mina' Bente Sing'ko Na Liheslaturan Guahan Relative to the Application of the Earned Income Tax Credit Program to Guam Taxpayers ("The EIC question")*, 2001 Guam 3.

23. The administration, execution, and enforcement of the GTIT and the Guam Earned Income Program are performed by or under the general supervision of the Governor of Guam, 48 U.S.C. §§ 1421i(c) & 1422.

Page 5 of 9
Julie B. Santos and Charmaine R. Torres *et al.* v. Felix P. Camacho *et al.*
Civil Case Nos. 04-00006 and 04-00038
*Joint Petition for Declaratory and Injunctive Relief, and/or
for Recovery of Earned Income Tax Credits, or in the Alternative
for a Writ in the Nature of Mandamus*

Case 1:04-cv-00006    Document 327    Filed 06/02/2006    Page 9 of 13

24. Respondent Ilagan, in consultation with Respondent Perez and the Director of the Bureau of Budget and Management Research, is required to establish a formula for reserving income tax receipts to pay income tax refunds, earned income tax credits, and child tax credits. 11 G.C.A. § 50103.

25. Respondent Perez is required to set aside all money reserved for income tax refunds, earned income tax credits, and child tax credits from income tax receipts. 11 G.C.A. § 50104.

26. Despite the foregoing statutory and judicial mandates to implement and enforce the EIC, Respondents have nonetheless systematically refused requests by eligible Guam taxpayers for earned income tax credits, hindered or denied the ability of eligible taxpayers to claim the EIC, failed to establish systemwide mechanisms to implement the EIC, and have denied and continue to deny Guam taxpayers, including Petitioners and the class Petitioners represent, the full benefits of the EIC, all in violation of the entitlements guaranteed to eligible Guam taxpayers under the Organic Act of Guam and the Guam Earned Income Program.

27. More specifically, upon information and belief, the Government of Guam (acting by and through Respondents and their predecessors) denied the ability of eligible Guam taxpayers to claim entitlement to the EIC since at least tax year 1995. Upon information and belief, the Government of Guam allowed eligible Guam taxpayers to claim the EIC for tax years 1997 and 1998, but only paid the EIC for tax year 1997. Even then, EIC claims for tax year 1997 were not paid in full and/or to all eligible Guam taxpayers who had filed claims.

28. Petitioners and the class Petitioners represent have suffered and will continue to suffer economic hardship from Respondents' refusal to enforce and implement the EIC as required by the Organic Act and the Guam Earned Income Program and from the delay in implementing and enforcing the EIC at the administrative level.

Page 6 of 9
Julie B. Santos and Charmaine R. Torres *et al.* v. Felix P. Camacho *et al.*
Civil Case Nos. 04-00006 and 04-00038
*Joint Petition for Declaratory and Injunctive Relief, and/or
for Recovery of Earned Income Tax Credits, or in the Alternative
for a Writ in the Nature of Mandamus*

Case 1:04-cv-00006   Document 327   Filed 06/02/2006   Page 10 of 13

29. Petitioners and the class Petitioners represent are entitled to an award of damages for all unpaid EIC for all years in which such credits were not paid as required by law, with interest.

30. In the alternative, Petitioners and the class Petitioners represent are entitled to the issuance of a writ in the nature of mandamus compelling Respondents to implement the EIC as is required by the Organic Act and Guam law, including allowing and accepting EIC claims from Guam taxpayers, and to pay Petitioners and the class Petitioners represent all unpaid EIC for all years such credits were not paid as required by law, with interest. Petitioners and the class Petitioners represent have a clear right to the relief sought, and Respondents have plainly defined, peremptory, and non-discretionary duties to implement the EIC, including the allowance and acceptance of EIC claims, and the payment of all unpaid EIC for all years in which such credits were not paid as required by law, with interest, and no other adequate remedy is available.

31. Petitioners have incurred, and will continue to incur, expenses for costs and attorneys' fees necessary for the investigation, institution, and prosecution of this action. Such fees and expenditures will result in benefits to all members of the class Petitioners represent.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Petitioners, on behalf of themselves and all others similarly situated, pray that Respondents be served with copies of this Joint Petition and be directed to appear and answer it according to law; and that this Honorable Court:

1. Advance this case on the docket and cause this case to be in every way expedited;

2. Certify this as a class action pursuant to the Federal Rules of Civil Procedure;

3. Issue a declaratory judgment that the Respondents' acts, policies, practices, and procedures complained of herein violate the rights of Petitioners and the class Petitioners

Page 7 of 9
Julie B. Santos and Charmaine R. Torres *et al.* v. Felix P. Camacho *et al.*
Civil Case Nos. 04-00006 and 04-00038
*Joint Petition for Declaratory and Injunctive Relief, and/or*
*for Recovery of Earned Income Tax Credits, or in the Alternative*
*for a Writ in the Nature of Mandamus*

Case 1:04-cv-00006   Document 327   Filed 06/02/2006   Page 11 of 13

represent to be entitled to the EIC under the Organic Act of Guam and the Guam Earned Income Program;

4. Issue a declaratory judgment that the Petitioners and the class Petitioners represent are entitled to receive the EIC under the Organic Act of Guam and/or the Guam Earned Income Program for all years in which such credits were not paid as required by law, together with interest and other amounts allowed by law;

5. Issue preliminary and permanent injunctions compelling Respondents to do all that is necessary and proper to implement and enforce the EIC to the full extent required by the Organic Act of Guam and the Guam Earned Income Program, and to rescind, modify, and/or amend any and all rulings, opinions, determinations, orders, or circulars that have the effect of denying entitlement of eligible Guam taxpayers to the EIC;

6. In addition or in the alternative to declaratory and injunctive relief, award Petitioners and the class Petitioners represent damages in the amount of all unpaid EIC for all years in which such credits were not paid as required by law, with interest;

7. In addition or in the alternative to the relief prayed for herein, issue a writ in the nature of mandamus compelling Respondents to implement the EIC, including the allowance and acceptance of EIC claims, and pay to Petitioners and the class Petitioners represent all amounts of unpaid EIC for all years in which such credits were not paid as required by law, with interest;

8. Award Petitioners and the class Petitioners represent costs, and attorney's fees in the amount of ten percent (10%) of the total amount recovered by and/or for the benefit of the class;

9. Award costs and attorneys' fees from the amount recovered by and/or for the common benefit of the class;

Page 8 of 9
Julie B. Santos and Charmaine R. Torres *et al.* v. Felix P. Camacho *et al.*
Civil Case Nos. 04-00006 and 04-00038
*Joint Petition for Declaratory and Injunctive Relief, and/or*
*for Recovery of Earned Income Tax Credits, or in the Alternative*
*for a Writ in the Nature of Mandamus*

Case 1:04-cv-00006   Document 327   Filed 06/02/2006   Page 12 of 13

10. Retain jurisdiction over this action to assure full compliance with the Orders of this Court and with applicable law and require Respondents to file such reports as the Court deems necessary to evaluate such compliance;

11. Grant such additional and further relief as this Court deems proper and just.

Respectfully submitted this _____ day of _____, 2006.

**PHILLIPS & BORDALLO, P.C.**

By:_____
MICHAEL F. PHILLIPS, ESQ.

*Attorneys for Petitioner Julie Babauta Santos and Lead Counsel*

**LUJAN AGUIGUI & PEREZ LLP**

By: _____
IGNACIO C. AGUIGUI, ESQ.

*Attorneys for Petitioner Charmaine R. Torres*

Page 9 of 9
Julie B. Santos and Charmaine R. Torres *et al.* v. Felix P. Camacho *et al.*
Civil Case Nos. 04-00006 and 04-00038
*Joint Petition for Declaratory and Injunctive Relief, and/or for Recovery of Earned Income Tax Credits, or in the Alternative for a Writ in the Nature of Mandamus*

Case 1:04-cv-00006   Document 327   Filed 06/02/2006   Page 13 of 13