IGNACIO C. AGUIGUI, ESQ.
PETER C. PEREZ, ESQ.
LUJAN AGUIGUI & PEREZ LLP
Pacific News Building, Suite 300
238 Archbishop Flores Street
Hagåtña, Guam 96910
Telephone (671) 477-8064
Facsimile (671) 477-5297

*Attorneys for Plaintiff Charmaine R. Torres*

FILED
DISTRICT COURT OF GUAM
JUN - 2 2006
MARY L.M. MORAN
CLERK OF COURT

# DISTRICT COURT OF GUAM

## TERRITORY OF GUAM

| | |
|---|---|
| JULIE BABAUTA SANTOS, *et. al.*,<br><br>Petitioners,<br><br>-v-<br><br>FELIX P. CAMACHO, *et. al.*<br><br>Respondents. | Civil Case No. 04-00006<br><br>NOTICE OF DISMISSAL OF CLAIMS AGAINST ATTORNEY GENERAL DOUGLAS B. MOYLAN IN CIVIL ACTION NO. 04-00038 OR, IN THE ALTERNATIVE, MOTION TO DISMISS CLAIMS AGAINST ATTORNEY GENERAL DOUGLAS B. MOYLAN IN CIVIL ACTION NO. 04-00038, PURSUANT TO SECTION II(a)(ii) OF THE MAY 26, 2006 CLASS ACTION SETTLEMENT AGREEMENT, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF<br><br>**CLASS ACTION** |
| CHARMAINE R. TORRES, *et al.*,<br><br>Plaintiffs,<br><br>-v-<br><br>GOVERNMENT OF GUAM, *et al.*,<br><br>Defendants. | Civil Case No. 04-00038 |
| MARY GRACE SIMPAO, *et al.*,<br><br>Plaintiffs,<br><br>-v-<br><br>GOVERNMENT OF GUAM,<br><br>Defendant.<br><br>-v-<br><br>FELIX P. CAMACHO, Governor of Guam,<br>Intervenor-Defendant. | Civil Case No. 04-00049 |

# NOTICE OF DISMISSAL

Pursuant to Federal Rule of Civil Procedure 41(a)(1) and consistent with Section II(a)(ii) of the May 26, 2006 Settlement Agreement entered into by the *Santos* and *Torres* parties (Civil Action Nos. 04-00006 and 04-00038 respectively), Plaintiff **CHARMAINE R. TORRES** ("Torres") in Civil Action No. 04-00038 hereby dismisses claims in Civil Action No. 04-00038 against Attorney General Douglas B. Moylan ("AG Moylan").

Rule 41(a)(1) provides, in relevant part, as follows:

> **Rule 41. Dismissal of Actions**
>
> **(a) Voluntary Dismissal: Effect Thereof.**
>
> **(1) By Plaintiff; by Stipulation.** Subject to the provisions of Rule 23(e), of Rule 66, and of any statute of the United States, an action may be dismissed by the plaintiff without order of court (i) *by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs*, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action...

Fed. R. Civ. P. 41(a)(1) (emphasis added).

In this case, dismissal of the claims against AG Moylan is appropriate without court order under Rule 41(a)(1), as AG Moylan has never filed an answer or a motion for summary judgment in this matter. Therefore, Torres hereby dismisses her claims against AG Moylan in Civil Action No. 04-00038.

However, in the event that this Honorable Court finds voluntary dismissal without court order inappropriate, Torres, in the alternative, moves to dismiss the claims against AG Moylan, as further set forth in this filing.[1]

---

[1] Prior to 2003, it was held by many courts, including the Ninth Circuit, that court approval was required under Federal Rule of Civil Procedure 23(e) for a dismissal or compromise of claims in a precertification class action. *See, e.g., Diaz v. Trust Territory of the Pac. Islands*, 876 F. 2d 1401, 1408 (9th Cir. 1989). Such courts arrived at their conclusions based on the language of pre-2003 Rule 23(e), which stated that "[a] class action shall not be dismissed or compromised without the approval of the court, and notice of the proposed dismissal or compromise shall be given to all members of the class in such manner as the court directs." However, Rule 23(e) was amended effective December 1, 2003 and presently provides in relevant part that "[t]he court must approve any settlement, voluntary dismissal, or compromise of the claims, issues, or defenses of a *certified* class." Fed. R. Civ. P. 23(e)(1)(A) (emphasis added). According to the Advisory Committee Notes, the amended Rule 23(e)(1)(A) "resolves the
*(footnote continues on next page)*

# MOTION TO DISMISS CLAIMS AGAINST ATTORNEY GENERAL DOUGLAS B. MOYLAN IN CIVIL ACTION NO. 04-00038 AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

**PLAINTIFF CHARMAINE R. TORRES** ("Torres") hereby moves to dismiss her claims against Attorney General Douglas B. Moylan in Civil Action No. 04-00038, consistent with the requirements of Section II(a)(ii) of the May 26, 2006 Settlement Agreement entered into by the *Santos* and *Torres* parties (Civil Action Nos. 04-00006 and 04-00038 respectively).

## I. INTRODUCTION

Torres commenced Civil Action No. 04-00038 on August 9, 2004, asserting claims against defendants including Attorney General Douglas B. Moylan ("AG Moylan").[2] Torres amended the complaint on August 27, 2004. On October 28, 2004, AG Moylan filed a motion to dismiss the First Amended Complaint and to strike him as a party defendant to the action. On September 29, 2005, Magistrate Judge Joaquin V.E. Manibusan issued a Report and Recommendations in which he recommended, *inter alia*, that the District Judge grant AG Moylan's motion to strike himself as a party defendant. At no time has AG Moylan ever filed an answer to the First Amended Complaint or a motion for summary judgment.

On May 26, 2006, the settling parties to the *Santos* and *Torres* actions submitted to the Court a Settlement Agreement resolving the class action claims in those cases. In Section

---

*(footnote cont'd from previous page)*
ambiguity in former Rule 23(e)'s reference to dismissal or compromise of 'a class action' " as the language in the former rule "could be—and at times was—read to require court approval of settlements with putative class representatives that resolved only individual claims." The Advisory Committee Notes further state: "The new rule requires approval only if the claims, issues, or defenses of a certified class are resolved by a settlement, voluntary dismissal, or compromise."

As the class in Civil Action No. 04-00038 has not yet been certified, the current Rule 23(e) does not appear to require court approval of any claims that are dismissed prior to certification. Therefore, it is Torres's position that her voluntary dismissal of claims against AG Moylan at this time, in this pre-certification class action, is proper under Rule 41(a)(1). However, because the revisions to subsection (e) of Rule 23 have only been in effect for a little more than two years and courts have had only that limited period to interpret the new amendments, Torres recognizes that the Court may decide to require court approval as a condition of dismissal. Consequently, Torres, in the alternative, moves the court for an order dismissing AG Moylan.

[2] The Attorney General is not a party to either Civil Action No. 04-00006 (the *Santos* Action) or Civil Action No. 04-00049 (the *Simpao* Action). He was initially named as a Respondent in the *Santos* Action, but was subsequently dismissed by stipulation of the parties.

II(a)(ii) of the Settlement Agreement, Torres agreed to seek a dismissal of AG Moylan as a party from the *Torres* action and the parties to the Settlement Agreement agreed to support such motion.

## II.  ARGUMENT

### A.  Dismissal

As noted earlier,[3] Federal Rule of Civil Procedure 23(e)(1)(A) (effective Dec. 1, 2003) provides that "[t]he court must approve any settlement, voluntary dismissal, or compromise of the claims, issues, or defenses of a *certified* class." Fed. R. Civ. P. 23(e)(1)(A) (emphasis added). It would appear that since the class here has not yet been certified,[4] court approval of the dismissal of claims against AG Moylan is not required under Rule 23(e). But the new amendments to Rule 23 (which include amendments to subdivision (e)), have been in effect only since December 1, 2003 – a little more than two (2) years – and Torres recognizes that courts have only had that period of time in which to interpret the amended language. Accordingly, Torres recognizes that the Court here may decide to require court approval for the dismissal of claims against AG Moylan, even though such a dismissal could otherwise be accomplished without court order under Fed. R. Civ. P. 41(a)(1).   Therefore, Torres has filed this motion for court approval

In this case, a voluntary dismissal of Torres's claims against AG Moylan is warranted. A settlement agreement has been reached in these class action cases in which the parties to the *Santos* and *Torres* actions agreed that Torres would seek a dismissal of AG Moylan as a party defendant in Civil Action No. 04-00038. *See* May 26, 2006 Settlement Agreement, § II(a)(ii). The rationale for seeking dismissal of AG Moylan was to avoid continued litigation over an issue that was not germane to the relief and recovery secured for the benefit of the putative EIC class by virtue the May 26, 2006 Settlement Agreement. In Civil Action No. 04-00038, AG Moylan sought his dismissal from this case not long after the action was commenced, and his request for

---

[3] *See* note 1, *supra*.

[4] Certification for settlement purposes is being sought concurrently pursuant to the section II(a)(iii) of the Settlement Agreement.

dismissal was acted upon favorably as set forth in the Report and Recommendations filed by Magistrate Judge Manibusan on September 29, 2005.

**B.     Notice**

In the event that the Court determines that it is necessary to give notice to the EIC Class regarding the voluntary dismissal of claims against AG Moylan (whether as a result of Torres's Notice of Dismissal under Rule 41(a)(1) or court order pursuant to Rule 23(e)),[5] Torres submits that such notice can be incorporated into the language of the proposed notice attached as Exhibit "C" to the May 26, 2006 Settlement Agreement, which is intended to be sent to all putative class members upon the Court's preliminary approval of the Settlement Agreement. The language to be incorporated in Exhibit "C" would be approved by the Court.

**III.    CONCLUSION**

Based on the foregoing, Torres respectfully requests that the Court approve the dismissal of AG Moylan as a party defendant to Civil Action No. 04-00038, and that if deemed necessary, the Court order that notice of such dismissal be given to EIC class members by incorporating such language into Exhibit "C" of the May 26, 2006 Settlement Agreement, and proceeding thereafter with the notice procedures provided for under the Settlement Agreement.

**RESPECTFULLY SUBMITTED** this 2nd day of June, 2006.

**LUJAN AGUIGUI & PEREZ LLP**

By: _____
IGNACIO C. AGUIGUI, ESQ.
*Attorneys for Charmaine R. Torres*

---

[5] *Cf.* (pre-2003 cases) *Diaz v. Trust Territory of the Pac. Islands*, 876 F. 2d at 1408 ("[i]n no pre-certification dismissal would the court reject the dismissal and require anything more than notice to the class and an opportunity to intervene."); *Burgener v. Calif. Adult Auth.*, 407 F.Supp. 555, 560 (N.D. Cal. 1976) (requiring notice except under certain limited circumstances, including involuntary dismissals).