1 | Counsel appearing on following page

2

3 DISTRICT COURT OF GUAM

4 TERRITORY OF GUAM

| | |
|---|---|
| 5 JULIE BABAUTA SANTOS, *et.al* | Civil Case No. 04-00006 * |
| 6 Petitioners, | |
| 7 v. | |
| 8 FELIX P. CAMACHO, et al. | |
| Respondents | |
| 9 | |
| 10 _____ | Civil Case No. 04-00038 |
| 11 CHARMAINE R. TORRES, *et al*. | |
| 12 Plaintiffs | |
| 13 v. | |
| 14 GOVERNMENT OF GUAM, et al. | |
| Respondents | |
| 15 | |
| 16 _____ | Civil Case No. 04-00049 |
| MARY GRACE SIMPAO, *et al*, | **SUPPLEMENTAL FILING IN** |
| 17 Plaintiffs, | **OPPOSITION TO PRELIMINARY** **APPROVAL OF CLASS ACTION** |
| 18 v. | **SETTLEMENT** |
| 19 GOVERNMENT OF GUAM | |
| 20 Defendant. | |
| v. | |
| 21 FELIX P. CAMACHO, Governor of Guam | |
| Intervenor-Defendant | |

22

23

24 SUPPLEMENTAL FILING IN OPPOS.   VAN DE VELD SHIMIZU CANTO & FISHER   TOUSLEY BRAIN STEPHENS PLLC
TO PRELIM. APPROVAL OF CLASS   167 East Marine Corps Drive   1700 Seventh Avenue, Suite 2200
ACTION SETTLEMENT   Hagatna, Guam 96910   Seattle, Washington 98101-1332
25   TEL. 671.472.1131 • FAX 671.472.2886   TEL. 206.682.5600 • FAX 206.682.2992
Page 1

Case 1:04-cv-00006   Document 345   Filed 08/11/2006   Page 1 of 25

ORIGINAL

1    VAN DE VELD SHIMIZU CANTO & FISHER
     Suite 101 Dela Corte Bldg.
2    167 East Marine Corps Drive
     Hagatna, Guam 96910
3    671.472.1131

4    TOUSLEY BRAIN STEPHENS PLLC
     Kim D. Stephens, P.S., WSBA #11984
5    Nancy A. Pacharzina, WSBA #25946
     1700 Seventh Avenue, Suite 2200
6    Seattle, Washington 98101-7332
     206.682.5600
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24   SUPPLEMENTAL FILING IN OPPOS.    VAN DE VELD SHIMIZU CANTO & FISHER  TOUSLEY BRAIN STEPHENS PLLC
     TO PRELIM. APPROVAL OF CLASS     167 East Marine Corps Drive         1700 Seventh Avenue, Suite 2200
     ACTION SETTLEMENT                Hagatna, Guam 96910                 Seattle, Washington 98101-1332
25   Page 2                           TEL. 671.472.1131 • FAX 671.472.2886  TEL. 206.682.5600 • FAX 206.682.2992

Case 1:04-cv-00006    Document 345    Filed 08/11/2006    Page 2 of 25

I. Introduction ............................................................................5

II. Facts Relevant to the Motion ......................................................6

    A. The Government's Malfeasance ...........................................6

        1. The Government's failure to pay the EITC.........................6

        2. The Government's faiulure to maintain the Tax Refund Reserve Fund .........6

    B. The Claims.......................................................................8

        1. Procedural nature of the claims........................................8

        2. Value of the claims ....................................................9

        3. Value of the settlement................................................9

    C. The History of the Litigation...............................................10

        1. Santos I.................................................................10

        2. The Simpao litigation..................................................12

        3. Santos II................................................................13

        4. The "global" mediation fiasco........................................14

        5. Santos III...............................................................15

III. Preliminary Approval Should Be Denied......................................16

    A. The Standard for Preliminary Approval..................................16

    B. The Court Lacks Jurisdiction Over Some Proposed Claims ...........16

    C. The Settlement is Illegal on Its Face.....................................19

        1. Santos III Funding Violates the Tax Refund Reserve Fund Statute and the Illegal Expenditures Act .................................20

          a. The Tax Refund Reserve Fund.............................. 20

SUPPLEMENTAL FILING IN OPPOS.
TO PRELIM. APPROVAL OF CLASS
ACTION SETTLEMENT
Page 3

VAN DE VELD SHIMIZU CANTO & FISHER
167 East Marine Corps Drive
Hagatna, Guam 96910
TEL. 671.472.1131 • FAX 671.472.2886

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

Case 1:04-cv-00006   Document 345   Filed 08/11/2006   Page 3 of 25

        b. The Illegal Expenditures Act...................................................22

D. The Settlement Creates Conflicts Between and Among Class Maembers.............. 24

    1. Abandoning interest creates antagonism ...........................................24

    2. Abandoning interest shifts damage to older claims ...............................25

    3. The Respondent's "zero netting" windfall .......................................26

E. Respondent Does Not Commit to Paying the Settlement Amount....................... 26

F. The Claim-Making and Notice Procedures are Unconscionable........................ 27

    1. Claim making procedure is oppressive............................................. 27

    2. The immediate payout to 1997 and 1998 is coercive............................. 29

    3. Notice to class is inadequate......................................................30

G. The Settlement is Unreasonable Because Compensation is Inadequate................ 32

    1. 1995, 1996, 1999 and 2000 suffer unnecessary injury............................33

    2. The injury to 2000................................................................. 34

    3. In light of the Simpao holding this settlement is wholly inadequate............. 35

IV. Conclusion.................................................................................35

Appendix, Table of Authorities

SUPPLEMENTAL FILING IN OPPOS.   VAN DE VELD SHIMIZU CANTO & FISHER   TOUSLEY BRAIN STEPHENS PLLC
TO PRELIM. APPROVAL OF CLASS   167 East Marine Corps Drive   1700 Seventh Avenue, Suite 2200
ACTION SETTLEMENT   Hagatna, Guam 96910   Seattle, Washington 98101-1332
Page 4   TEL. 671.472.1131 • FAX 671.472.2886   TEL. 206.682.5600 • FAX 206.682.2992

Case 1:04-cv-00006   Document 345   Filed 08/11/2006   Page 4 of 25

# I. INTRODUCTION

The Simpao Plaintiffs in these consolidated class cases oppose preliminary approval of the settlement proposed by the Government of Guam and the Santos and Torres Plaintiffs. This settlement is found as Exhibit 1 to the *Amended Declaration Of Daniel M. Benjamin In Support Of Joint Motion Of The* Santos *And* Torres *Parties For Preliminary Approval Of Class Action Settlement Agreement*, filed May 31, 2006 (hereinafter "*Santos III*" or "*Settlement*"). The settlement is as infirm, if not more so, than the prior two settlements proposed by the Santos plaintiffs - the first hastily entered into with the Attorney General and which the Governor opposed (the *Santos I* Settlement), and the second entered into with the Governor and which the Attorney General opposed (the *Santos II* Settlement).

Notably, after *Santos II* was filed, the Court sought briefing on which of the three Plaintiff's counsel should serve as lead counsel for these consolidated actions. Order, J. Robart, Dist. Ct. of Guam, CV04-00006, March 16, 2006, Docket No. 300. The Santos plaintiffs avoided such scrutiny by asking for a chance to conduct a "global" settlement. Instead however, the Santos plaintiffs failed to meaningfully negotiate with the Simpao plaintiffs and, over the objection of the Simpao plaintiffs, refused to include the Attorney General at all.

*Santos III* is merely old wine in a new skin. The only real differences between *Santos II* and *III* are: (1) the inclusion of 1997 EITC claimants -- a group included in the *Simpao* action but never until now included in *Santos*; (2) the proposal to rush out checks for 1997 and 1998 claims (i.e., claims already eight and nine years old) if recipients will forego a sufficient period to review the settlement terms before they cash them; and (3) a split of attorneys fees with the Torres attorneys.

SUPPLEMENTAL FILING IN OPPOS. TO PRELIM. APPROVAL OF CLASS ACTION SETTLEMENT
Page 5

VAN DE VELD SHIMIZU CANTO & FISHER
167 East Marine Corps Drive
Hagatna, Guam 96910
TEL. 671.472.1131 • FAX 671.472.2886

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

Case 1:04-cv-00006    Document 345    Filed 08/11/2006    Page 5 of 25

1    *Santos III* also attempts to confer jurisdiction upon the Court where none exists.  In

2    addition to this fundamental infirmity, the settlement violates Guam law, inadequately represents

3    the class, is unfairly adhesive, provides no assurance of payment to class members and, in light

4    of a grant of partial judgment to Simpao Plaintiffs, utterly deficient.

## II. FACTS RELEVANT TO THE OPPOSITION

### A. The Government's Malfeasance.

1.  *The Government's Failure to Pay the EITC*

    The Government of Guam, after properly paying the EITC since at least the 1970s,

abruptly stopped paying the refund and affirmatively prevented its poorest citizens from filing

claims. It did so to keep from having to pay this money.  The government continued to

wrongfully deny its citizens EITC's even after Guam's Supreme Court ruled it had a duty to pay

the credit.  See Order [for partial summary judgment], J. Martinez, Dist. Ct. of Guam, CV04-

00049, June 15, 2005, Docket No. 99, at p. 6.  It continues to deny the credit to this day and it

refuses to admit its lawful obligation to do so.  See Santos III, p. 39 at ¶ IX.d.

2.  *The Government's Failure to Maintain the Tax Refund Reserve Fund* [1]

    This same Government ignores legislative mandates passed to create and maintain

reserve funds designed to cure its chronic failure to pay any tax refund in a timely manner.  The

Guam Legislature created two tools by which the government would be forced to set aside

portions of tax receipts and devote the amounts to tax refunds and, since 1999, the EITC.  These

---

[1] While the current settlement does not purport to resolve claims related to this misconduct, the history of these funds is relevant to the adequacy of the proposed settlement.

SUPPLEMENTAL FILING IN OPPOS.    VAN DE VELD SHIMIZU CANTO & FISHER    TOUSLEY BRAIN STEPHENS PLLC
TO PRELIM. APPROVAL OF CLASS     167 East Marine Corps Drive           1700 Seventh Avenue, Suite 2200
ACTION SETTLEMENT                Hagatna, Guam 96910                   Seattle, Washington 98101-1332
Page 6                           TEL. 671.472.1131 • FAX 671.472.2886  TEL. 206.682.5600 • FAX 206.682.2992

Case 1:04-cv-00006    Document 345    Filed 08/11/2006    Page 6 of 25

1 enactments are known as the Income Tax Refund Reserve Fund and the Income Tax Refund
2 Efficient Payment Trust Fund) *See 11 Guam Code Ann. Chapters 50 and 51*. If the Government
3 had abided by the law, it would have devised a formula for setting aside a portion of each dollar
4 received in proportion to projected refund amounts. As a result it would have sufficient reserves
5 available to return to the taxpayer the money owed him or her.

6 Yet the Government does not abide by the law. Simpao plaintiffs' counsel have made
7 inquiry to both the Guam Department of Administration and the Department of Revenue and
8 Taxation concerning compliance with the law. Director Perez of the Department of
9 Administration candidly admits that "we have not been able to locate files or copies of monthly
10 correspondence or transmittals indicating compliance with the public law since its enactment."
11 *See Declaration of Thomas J. Fisher in support of Supplemental Filing In Opposition To*
12 *Preliminary Approval Of Class Action Settlement (*hereinafter *"Fisher Decl."), Exhibit A, Letter
13 from L. Perez to T. Fisher, dated Jan. 18, 2005. Further, the Director of the Department of
14 Revenue and Taxation admits, "As we discussed via our telephone conversation, DRT has been
15 unable to formulate a workable plan to ensure deposits into this fund. As you may already know,
16 the Government's tax revenues have been declining due to special interest legislations that have
17 exempted many from payment of the Business Privilege Tax (GRT) and the Bush Tax Cuts have
18 also impacted income taxes by lessening tax rates and the increasing deductions and credits such
19 as the Child tax Credits, Additional Child Tax Credit, etc." *Fisher Decl.* at Exhibit B, Letter
20 from A. Ilagan to T. Fisher, dated February 8, 2005.

21 Now in *Santos III*, the class is assured that the Government will pay the settlement by
22 setting aside 15% of the money placed into the Reserve. *See Settlement* at p. 18. However, 15%
23 of zero is zero.

24

SUPPLEMENTAL FILING IN OPPOS. VAN DE VELD SHIMIZU CANTO & FISHER TOUSLEY BRAIN STEPHENS PLLC
TO PRELIM. APPROVAL OF CLASS 167 East Marine Corps Drive 1700 Seventh Avenue, Suite 2200
ACTION SETTLEMENT Hagatna, Guam 96910 Seattle, Washington 98101-1332
TEL. 671.472.1131 • FAX 671.472.2886 TEL. 206.682.5600 • FAX 206.682.2992
25 Page 7

Case 1:04-cv-00006    Document 345    Filed 08/11/2006    Page 7 of 25

## B. The Claims

### 1. Procedural Nature of The Claims

This is a tax case. Plaintiffs allege that since 1995, with the exception of certain tax years, the government has denied them the ability to claim the EITC and failed to pay EITC's due.[2] Resolution of the case requires the court to resolve two questions: (1) Does the EITC apply to Guam; and (2) if it does, who is still eligible to receive the credit for the tax years at issue. Because this is a tax case, the second issue turns on rigid statutory tax claim procedures applied in light of the government's conduct in this case. Specifically, absent any other consideration, the deadline to file administrative claims for EITCs for each tax years at issue is as follows:

| For tax year 1995 | 15 April 1999 |
|---|---|
| 1996 | 15 April 2000 |
| 1997 | 15 April 2001 |
| 1998 | 15 April 2002 |
| 1999 | 15 April 2003 |
| 2000 | 15 April 2004 |
| 2001 | 15 April 2005 |
| 2002 | 15 April 2006 |
| 2003 | 15 April 2007 |
| 2004 | 15 April 2008 |

See 26 U.S.C. § 6511.

Thus, pursuant to law, claims from tax years 1995 through 1999 are precluded. That is to say, if you haven't already made a claim, you never can. Claims for 2000 forward are still

---

[2] A claims procedure was provided for 1997 and 1998; some 1997 claims were paid; 1998 claims, save one, were not paid.

SUPPLEMENTAL FILING IN OPPOS.
TO PRELIM. APPROVAL OF CLASS
ACTION SETTLEMENT
Page 8

VAN DE VELD SHIMIZU CANTO & FISHER
167 East Marine Corps Drive
Hagatna, Guam 96910
TEL. 671.472.1131 • FAX 671.472.2886

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

Case 1:04-cv-00006    Document 345    Filed 08/11/2006    Page 8 of 25

possible, owing to the doctrine of *American Pipe & Const. Co. v. Utah*[3] (414 U.S. 538, 94 S.Ct. 756 (1974))and the calendar.

### 2. *Value of the Claims*

It is not apparent that any settling party attempted to discover the value of the claims, nor the actual value of the settlement.

*Simpao* plaintiffs' counsel, on the other hand, caused the accounting firm of J. Scott Magliari & Company to produce an analysis of Respondent's probable liability. This analysis is based upon an assumption of EITC's per year at $15,000,000.00, $17,000,000.00 and $20,000,000.00 respectively, includes tax year 1997, includes statutory interest, and is current through 30 September 2005. This analysis reveals the following:

      At $15,000,000.00 per annum, total liability; **$208,907,306.76**

      At $17,000,000.00 per annum, total liability; **$236,761,614.33**

      At $20,000,000.00 per annum, total liability; **$278,543,075.68**

*See Fisher Decl.* at Exhibit C, *Independent Accountant's Report on Applying Agreed Upon Procedures,* by J. Scott Magliari & Company, C.P.A., dated Sept. 7, 2005.

### 3. *Value of the Settlement*

Settling parties propose a settlement that offers the class years $15,000,000.00 per year with exception of years 1995, 1996, 1999, and 2000. Thus, based upon the settlement offer and the projected actual value of the claim, one can discover what the percentage recovery for each year actually is:

\\

---

[3] Settling parties reject *American Pipe* and include tax year 2000 in a pool of "potentially time barred claims" which they deeply discount. *See discussion infra.*

SUPPLEMENTAL FILING IN OPPOS. VAN DE VELD SHIMIZU CANTO & FISHER TOUSLEY BRAIN STEPHENS PLLC
TO PRELIM. APPROVAL OF CLASS 167 East Marine Corps Drive 1700 Seventh Avenue, Suite 2200
ACTION SETTLEMENT Hagatna, Guam 96910 Seattle, Washington 98101-1332
Page 9 TEL. 671.472.1131 • FAX 671.472.2886 TEL. 206.682.5600 • FAX 206.682.2992

Case 1:04-cv-00006    Document 345    Filed 08/11/2006    Page 9 of 25

| Class Year | Settlement compensation | Projected actual value including interest[4] | Settlement recovery as a percent of actual projected value |
|---|---|---|---|
| 1995 | $3,500,000.00[5] | $28,596,226.52 | 12% |
| 1996 | $3,500,000.00 | $26,453,611.53 | 13% |
| 1997 | Total | n/a | n/a |
| 1998 | $15,000,000.00 | $22,769,186.85 | 66% |
| 1999 | $3,500,000.00 | $21,006,130.16 | 16% |
| 2000 | $3,500,000.00 | $19,205,733.88 | 18% |
| 2001 | $15,000,000.00 | $17,920,677.92 | 83% |
| 2002 | $15,000,000.00 | $16,925,291,71 | 88% |
| 2003 | $15,000,000.00 | $16,178,587.07 | 93% |
| 2004 | $15,000,000.00 | $15,422,519.40 | 97% |

## C. The History of This Litigation

### 1. Santos I.

The *Santos* plaintiffs filed (and settled in less than 4 months) the first class action regarding the Government's failure to pay EITCs. That settlement did not include claimants for all tax years 1995, provided for a $60,000,000.00 payout over the years, and failed to plead jurisdiction.

On June 29, 2004, Ms. Christine Naputi, now a *Simpao* Plaintiff, on behalf of herself and a class of similarly situated individuals, cited serious deficiencies in the settlement and moved to intervene. *See Santos v. Camacho, CV 04-0006 at* Docket No. 18. Later, Plaintiff Charmaine

---

[4] Simpao plaintiffs' counsel had the accounting firm compute three calculations for each class year based on an assumption of total EITC claims of $15, $17 and $20 million. For purposes of this table we choose the more conservative number, $15 million.

[5] Tax years 1995, 1996, 1999 and 2000 each share a $15 million dollar award.

SUPPLEMENTAL FILING IN OPPOS.
TO PRELIM. APPROVAL OF CLASS
ACTION SETTLEMENT
Page 10

VAN DE VELD SHIMIZU CANTO & FISHER
167 East Marine Corps Drive
Hagatna, Guam 96910
TEL. 671.472.1131 • FAX 671.472.2886

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

Case 1:04-cv-00006    Document 345    Filed 08/11/2006    Page 10 of 25

1 | Torres also attempted to intervene. *Id.* at Docket No. 21. Both motions were denied. *Id. at*
2 | Docket No. 76.

3 | When Plaintiff Naputi's motion to intervene was denied, her counsel joined with *Tousley*
4 | *Brain Stephens PLC*, a law firm with extensive nationwide class action expertise, in anticipation
5 | of suit. Prior to suit, Torres filed an action seeking, inter alia, to represent those who wanted a
6 | greater than 50% recovery of the EITC and otherwise would opt out of the Santos settlement. *See*
7 | *Torres v. Government of Guam, CV 04-0038 at* Docket No. 1.

8 | On December 3, 2004 *Simpao* filed a complaint for recovery of the EITC. Her
9 | complaint, unlike *Santos*, properly pled jurisdiction, included all Guam taxpayers wrongly
10 | denied EITC's and sought relief in the form of both a claims filing process and actual refund of
11 | past and future EITC's, as well as other forms of necessary relief not contemplated by the *Santos*
12 | petition. *See Simpao v. Government of Guam, CV 04-0049 at* Docket No. 1.

13 | On November 29, 2004, the Governor of Guam filed an opposition to *Santos*' motion to
14 | approve the administration plan implementing the settlement in *Santos I*. In his opposition, the
15 | Governor cited certain flaws in the settlement including:

16 |     a. The Court's lack of subject matter jurisdiction (the Plaintiffs had not exhausted
17 |        administrative remedies pursuant to 26 U.S.C. §7422),
18 |     b. Illegality of the settlement under the Organic Act of Guam, 48 U.S.C. §1421 et seq.,
       and the Illegal Expenditures act of 5 Guam Code Ann. § 22401,
19 |     c. Failure of the parties to conduct any discovery as to several "worrisome indicia"
20 |        including certification of the class upon settlement, adequacy of class counsel, and notice
       to the class,
21 |     d. Failure of the parties to conduct any discovery as to the government's actual liability,
22 |     e. Lack of an adversarial relationship between the parties,

23 |

SUPPLEMENTAL FILING IN OPPOS.
TO PRELIM. APPROVAL OF CLASS
ACTION SETTLEMENT
25 | Page 11

VAN DE VELD SHIMIZU CANTO & FISHER
167 East Marine Corps Drive
Hagatna, Guam 96910
TEL. 671.472.1131 • FAX 671.472.2886

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

Case 1:04-cv-00006    Document 345    Filed 08/11/2006    Page 11 of 25

1    f. A conflict of interest within the class between those whose claims are untimely and
2       those whose are not,
     g. The amount and payment of attorney fees,
3    h. Substantive fairness where class members receive only 50% of the money owed them.

4  *See Fisher Decl.* at Exhibit D, *Amended Memorandum Of Points And Authorities In Support Of
     Opposition To Petitioner's Motion For Approval Of The Administration Plan*, filed Nov. 29,
5       2004, CV04-00006, Docket No. 102.

6       Dispute over the *Santos I* settlement led to a battle between the Attorney General and the

7  Governor of Guam as to which entity controlled this litigation and had the ultimate power to

8  establish settlement terms. That dispute left all Plaintiffs in a quandary, essentially litigating

9  against a single defendant that spoke with two voices.

10     *2. The Simpao Litigation*

11      While Santos pursued a second settlement, this time with the Governor, Simpao litigated

12 the case. Simpao survived the Government's motion to dismiss and on April 14, 2005 filed a

13 Motion for Partial Summary Judgment. *See Simpao, CV 04-0049 at* Docket No. 59. This motion

14 was opposed by Respondent. On June 15, 2005, the Court granted Simpao's motion in part and

15 held:

16      (1) "*as a matter of law, Guam must pay the EIC,*" Summ.J Order at 7-8; and

17      (2) "*under the circumstances, the filing of the tax returns should*
18          *be considered a claim satisfying the jurisdiction requirement*
19          *under 26 U.S.C. § 6511* [6].

20 *See Fisher Decl.* at Exhibit E, Order, J. Martinez, Dist Ct. of Guam, CV04-00049, June 15, 2006
     (hereinafter "*Summ. J. Order*").

21 _____

[6] In that order, the Court expressed (and Plaintiffs do not dispute) that it made no determination as to whether class
22 members' claims are time barred pursuant to 26 U.S.C. § 6532. However, it should be noted that both the Governor
   and the Government of Guam admit that plaintiffs did not receive any formal notice of disallowance of their EIC
   claims from the Government. Because no formal disallowance notices were issued, the limitation provision of 26
23 U.S.C. §6532 do not apply.

24 ══════════════════════════════════════════════
SUPPLEMENTAL FILING IN OPPOS.    VAN DE VELD SHIMIZU CANTO & FISHER   TOUSLEY BRAIN STEPHENS PLLC
TO PRELIM. APPROVAL OF CLASS     167 East Marine Corps Drive           1700 Seventh Avenue, Suite 2200
ACTION SETTLEMENT                Hagatna, Guam 96910                   Seattle, Washington 98101-1332
25 Page 12                          TEL. 671.472.1131 • FAX 671.472.2886   TEL. 206.682.5600 • FAX 206.682.2992

Case 1:04-cv-00006    Document 345    Filed 08/11/2006    Page 12 of 25

The Court rightly held: (1) the EITC applies to Guam; and (2) given the government's conduct in blocking out the EITC section of tax return forms, all those who filed a timely tax return in any given tax year are deemed to have also filed a timely administrative claim for an EITC. Thus, the court establish, that plaintiffs *who filed tax returns in the relevant years,* had exhausted their administrative remedies thus conferring jurisdiction on the Court to hear their refund claims.

The Court then ordered Simpao to proceed with class certification. See [partial summary judgment] Order at p. 13.

3. *Santos II.*

Shortly after the Simpao plaintiffs won summary judgment, the Santos Plaintiffs and the Governor submitted a second proposed settlement for preliminary approval. This was the product of mediation between the parties, a mediation Simpao unsuccessfully asked to join. This time the Attorney General objected to the settlement.

Despite the significant victories obtained for the class in *Simpao*, *Santos II* was no better than *Santos I*. The settlement provided for a $90,000,000.00 recovery for the entire class (which now included to groups forgotten in Santos I) but no difference for the individual years. In some ways Santos II was actually worse, e.g. it provided for an illegal use of the Income Tax Refund Reserve Fund and subjected the entire settlement to injunction. *Santos II*, like *Santos I*, grossly under-compensated the class as a whole, compounded the injury as to class years 1995, 1996, 1999 and 2000, waived all interest, was produced without benefit of discovery, did not include all taxpayers denied EITCs (it excluded tax year 1997 in which some but not all EITC claims

SUPPLEMENTAL FILING IN OPPOS.
TO PRELIM. APPROVAL OF CLASS
ACTION SETTLEMENT
Page 13

VAN DE VELD SHIMIZU CANTO & FISHER
167 East Marine Corps Drive
Hagatna, Guam 96910
TEL. 671.472.1131 • FAX 671.472.2886

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

Case 1:04-cv-00006    Document 345    Filed 08/11/2006    Page 13 of 25

1 were paid), and did not require a class member to have filed a claim. Thus it neither alleged,
2 established nor required subject matter jurisdiction.

3     *4. The "Global" mediation fiasco*

4        On 14 March 2006 this Court ordered the Santos, Simpao and Torres suits consolidated
5 for hearing, *see Santos at* Docket No. 299. The court made it clear no settlement would be
6 considered until an issue of who represented the Government was resolved and expressed its
7 preference that all parties work together to achieve a global settlement. To that end, the Court
8 stayed the cases pending the outcome of the resolution of the representation issue but sought
9 briefing on who should be lead counsel.

10        Rather than face a judicial lead counsel determination, Respondent, who previously
11 rejected the Simpao Plaintiffs requests to join in settlement (see *Order*, J. Manibusan, CV04-
12 0006, Mar. 30, 2005, Docket No. 203), requested a delay to allow a "global" settlement
13 conference. See *Request For Settlement Conference Pursuant To Local Rule 16.6*, filed Mar. 16,
14 2006, CV04-00006, Docket No. 303. The Respondent's view of "global" settlement, however,
15 differed dramatically from that of *Simpao* (and apparently the Court).

16        Prior to the settlement conference, Simpao suggested to all parties that the Attorney
17 General of Guam be invited to participate. Simpao thought this advisable since, although the
18 Court had ruled it was the Governor who controlled tax refund litigation (*see Order*, J. Robart,
19 CV04-00006, Mar. 10, 2006, Docket No. 285), the Court observed that the question was close.
20 Simpao believed that a successful settlement with the Attorney General on board would ensure
21 the viability of the settlement. Torres, Santos and Respondent all rejected this suggestion.

22
23
24 SUPPLEMENTAL FILING IN OPPOS.  VAN DE VELD SHIMIZU CANTO & FISHER  TOUSLEY BRAIN STEPHENS PLLC
   TO PRELIM. APPROVAL OF CLASS  167 East Marine Corps Drive  1700 Seventh Avenue, Suite 2200
   ACTION SETTLEMENT  Hagatna, Guam 96910  Seattle, Washington 98101-1332
25    Page 14  TEL. 671.472.1131 • FAX 671.472.2886  TEL. 206.682.5600 • FAX 206.682.2992

1    The conference occurred on Guam on April 6 - 8, 2006. At the conference Respondent

2  informed the Simpao group that it would not negotiate with them, and that their presence was

3  unnecessary as Respondent would not include them in the negotiation. *See* Simpao *Plaintiffs'*

4  *Status Report*, filed April 18, 2006, CV04-00006, Docket No. 312.

5    Apparently, "global" settlement in Santos' view was simply to redefine its class to

6  include Simpao's putative class members previously left out of the Santos action and to eliminate

7  Torres as a potential objector by providing a cut of anticipated attorney's fees.

8  *5. Santos III*

9    On 26 May 2005 Santos and Respondent, now with Torres in tow, filed a motion for

10 preliminary approval of a class action settlement. *See Santos at* Docket No. 320. This

11 Settlement (*Santos III*) provides $90,000,000.00 for all years, includes the claims of an

12 additional class year, compensates tax year 1997, waives all interest but is otherwise not

13 substantively different from prior proposals. *Santos III* compromises all claims together at 43%

14 or less[7] and for individual tax years differently. For example, tax year 1995 receives

15 approximately 12% of total value and tax year 2004 receives approximately 97% of total value.

16 *See supra*. There is no evidence that Torres or Santos conducted any discovery with respect to

17 the amount owed the class, nor the capacity of Respondent to pay.

18    Today the Court is presented the third permutation of the *Santos* settlement; this time

19 with the addition of *Torres*, and with the same infirmities cited by Respondent in his objections

20 to *Santos I*.

21

22
[7] $90,000,000.00 divided by $208,000,000.00 (the projected value of all claims as of September 2005). This is a
23 conservative estimate assuming principal amount of $15,000,000.00 per year. The actual value of the claims may be
much higher.

24
SUPPLEMENTAL FILING IN OPPOS.   VAN DE VELD SHIMIZU CANTO & FISHER   TOUSLEY BRAIN STEPHENS PLLC
TO PRELIM. APPROVAL OF CLASS   167 East Marine Corps Drive      1700 Seventh Avenue, Suite 2200
ACTION SETTLEMENT              Hagatna, Guam 96910              Seattle, Washington 98101-1332
25                             TEL. 671.472.1131 • FAX 671.472.2886   TEL. 206.682.5600 • FAX 206.682.2992
Page 15

# III. PRELIMINARY APPROVAL SHOULD BE DENIED

## A. The Standard for Preliminary Approval

A settling party submitting a settlement has "the burden of persuading the court that their compromise is fair, reasonable and adequate." *In re General Tire and Rubber Co. Securities Litigation*, 726 F.2d 1075, 1080 (6th Cir. 1984) *citing Cotton v. Hinton*, 559 F.2d 1326 (5th Cir. 1977). Additionally, "District courts must be skeptical of some settlement agreements put before them because they are presented with a "bargain proffered for ··· approval without benefit of an adversarial investigation.) *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1021 (9th Cir. 1998).

## B. The Court Lacks Jurisdiction Over Some Proposed Claims

The current settlement class includes claimants **who have never filed a tax return.** *See Settlement at p. 6 (class definition) and p. 22 (discussing settlement claim procedures for claimants who have not previously filed a tax return).* This Court has no jurisdiction over those claims and thus the class is overbroad.

In a tax refund action such as this, the Court's jurisdiction is dependent on the claimants' prior compliance with statutory requirements to exhaust administrative remedies. This is because these sections are waivers of sovereign immunity. *See 26 U.S.C. §§ 7422 and 6511. See also Thomas v. United States, 755 F.2d 728 (9th Cir. 1985).* In the Simpao litigation, it was established that the <u>filing of a tax return</u>, under these circumstances, was sufficient to meet the requirements of *§6511*. *Santos III,* though, allows a claimant to entirely evade both *§6511* and *§7422* and requires neither a return nor an administrative claim. Thus, a significant issue presented here is whether claims for tax years, for which the statutory time to file an

SUPPLEMENTAL FILING IN OPPOS.
TO PRELIM. APPROVAL OF CLASS
ACTION SETTLEMENT
Page 16

VAN DE VELD SHIMIZU CANTO & FISHER
167 East Marine Corps Drive
Hagatna, Guam 96910
TEL. 671.472.1131 • FAX 671.472.2886

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

Case 1:04-cv-00006    Document 345    Filed 08/11/2006    Page 16 of 25

administrative claim or timely return has passed (i.e., 1995-1999, *see supra*), nevertheless meet the jurisdictional requirements of §§ *7422* and *6511*.

The parties asserting jurisdiction, in this case the settling parties, bear the burden of defeating the presumption that any given cause lies outside the statutorily limited jurisdiction of the court. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377, 114 S.Ct. 1673 (1994) (holding the Court did not have inherent power to enforce terms of settlement agreement). This issue can only be resolved by Court ruling. No action of the parties (including waiver or stipulation) can confer subject matter jurisdiction upon a federal court and consent of the parties to jurisdiction, via a settlement agreement, is irrelevant. *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701, 102 S.Ct. 2099 (1982); *Northern Life Ins. Co. v. United States*, 685 F.2d 277, 279 (9th Cir. 1982); *Rosenbluth Trading, Inc. v. United States,* 736 F.2d 43, 47 (2nd Cir. 1984). Further, such statutory mandates cannot be avoided for judicial economy or any other seemingly beneficial reason. *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 98 S.Ct. 2396 (1978). In addition, no executive officer may waive sovereign immunity in a settlement agreement; sovereign immunity can only be waived by strict Congressional enactment. *Presidential Gardens Associates v. United States*, 175 F.3d 132, 140 (2nd Cir. 1999). *See also United States v. Garbutt Oil Co.*, 302 U.S. 528, 534, 58 S.Ct. 320 (1938); *Overhauser v. United States*, 45 F.3d 1085, 1088 (7th Cir. 1995).

The Motion for Preliminary Approval, however, contains no discussion of jurisdictional issues. However, in prior briefing, the Government has acknowledged its reliance on the holding obtained in the Simpao litigation to establish jurisdiction over certain potentially time-barred claims. *See Government Reply in Support of a Motion to Stay, at 7 and n.6,* CV04-00049 (*Simpao*) at Docket No. 65 (noting *Simpao* convinced the Court the Government could not assert

SUPPLEMENTAL FILING IN OPPOS. TO PRELIM. APPROVAL OF CLASS ACTION SETTLEMENT
Page 17

VAN DE VELD SHIMIZU CANTO & FISHER
167 East Marine Corps Drive
Hagatna, Guam 96910
TEL. 671.472.1131 • FAX 671.472.2886

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

Case 1:04-cv-00006   Document 345   Filed 08/11/2006   Page 17 of 25

1  non-exhaustion as a basis to deny jurisdiction and "the same reasoning provides the basis for

2  jurisdiction in *Santos.*") That holding, however, does not establish jurisdiction for the claims of

3  those who never filed a timely tax return.

4      *Simpao* sought and obtained an appropriately narrow (and sustainable) summary

5  judgment ruling that, among other things, given the government's obliteration of the EITC

6  section of its tax return forms, a claimant's filing of a timely tax return should be considered a

7  timely filing of an EIC claim. *See Summ J. Order at 8-9.* In doing so, *Simpao* sought to prevent

8  the government from asserting against claimants who had actually filed tax returns the defense

9  that a specific "EITC claim" was nevertheless not made because it was inadequately stated on

10  the claim form. In granting the holding the Court noted it was "concerned that the Government

11  took actions that discouraged if not actually affirmatively prohibited *the filing of a return with*

12  *the request for an EIC.*" *Summ.J. Order at 9 (emphasis added).* Thus the Court held: " . . .

13  under the circumstances, *the filing of the tax returns should be considered a claim satisfying the*

14  *jurisdictional requirement under 26 U.S.C. § 6511.*" *Summ.J. Order at 9.*

15      *Simpao* did not seek, and the Court never made a ruling, that the Government was

16  estopped from asserting a time bar against any untimely EITC claim (e.g., an EITC claim

17  untimely made by a person who never filed a timely tax return). Thus the Court's holding in

18  Simpao establishes jurisdiction only for claimants who previously filed tax returns.

19      Further, there is good reason for the Court not to overreach in equitably extending its

20  jurisdiction. Judicial expansion of a sovereign's consent to be sued should be done only in rare

21  circumstances. *See Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456

22  U.S. 694, 701, 102 S.Ct. 2099 (1982) (noting federal courts are limited by the sovereign's

23  consent to be sued). The Court's prior holding limits but does not destroy the Government's

24  SUPPLEMENTAL FILING IN OPPOS.   VAN DE VELD SHIMIZU CANTO & FISHER  TOUSLEY BRAIN STEPHENS PLLC
TO PRELIM. APPROVAL OF CLASS   167 East Marine Corps Drive    1700 Seventh Avenue, Suite 2200
ACTION SETTLEMENT           Hagatna, Guam 96910         Seattle, Washington 98101-1332
25  Page 18             TEL. 671.472.1131 • FAX 671.472.2886  TEL. 206.682.5600 • FAX 206.682.2992

Case 1:04-cv-00006   Document 345   Filed 08/11/2006   Page 18 of 25

1  jurisdictional defenses. It properly recognized the difference between claimants who have

2  demonstrated diligence and sought tax refunds as opposed to those who did not, and the

3  government's need to close the door on late claims. The broader holding required to establish

4  jurisdiction over non-filers included in *Santos III* could easily be seen as impermissibly broad.

5      The Settling parties have not met their burden to demonstrate that jurisdictional

6  requirements are met for claimants who have not previously filed a timely tax return. As such,

7  preliminary approval for such claims should be denied. *See Boyd v. United States*, 762 F.2d

8  1369, 1371 (9th Cir. 1985) and *Sorenson v. Secretary of the Treasury*, 752 F.2d 1433 (9 th Cir.

9  1985).

10 **C. The Settlement is Illegal on Its Face**

11      In *Santos III* the Government does not stipulate to a judgment that the EITC applies to

12  Guam, yet it obligates the Government to pay past and future "EITC claims" from Legislatively

13  created Income Tax Refund Reserve and Trust Funds of 11 Guam Code Ann., Chapters 50 and

14  51.[8] However, the Governor has no authority to obligate the government to use its tax reserve

15  and trust funds to pay a tax credit the government has not recognized as legitimate. Such action

16  impermissibly encumbers these funds in violation of both their enacting statues and Guam's

17  Illegal Expenditures Act.

18      Guam law prohibits a government official, including the Governor, from "[Involving] the

19  government of Guam in any contract or other obligation, for the payment of money for any

20  purpose, in advance of the appropriation made for such purpose." *5 Guam Code Ann. §22401,*

21

22  [8] The Legislature can stop the payments, not just by the deliberate delinking of its tax code and public abolishment
    of the EITC, but also by simply eliminating the tax reserve and trust funds, mechanisms heretofore never used by the

23  government anyway. The effect of these provisions on the fairness of the settlement is discussed in section III.E.,
    infra.

24  SUPPLEMENTAL FILING IN OPPOS.   VAN DE VELD SHIMIZU CANTO & FISHER   TOUSLEY BRAIN STEPHENS PLLC
    TO PRELIM. APPROVAL OF CLASS   167 East Marine Corps Drive   1700 Seventh Avenue, Suite 2200
    ACTION SETTLEMENT   Hagatna, Guam 96910   Seattle, Washington 98101-1332
      TEL. 671.472.1131 • FAX 671.472.2886   TEL. 206.682.5600 • FAX 206.682.2992

25  Page 19

*Illegal Expenditures.* Parties to the proposed settlement recognize this prohibition. *See*

*Settlement, p. 19, Concerns Regarding the Illegal Expenditures Act.*

This Court has no authority to approve a settlement that contains or embraces illegality.

*See Isby v. Bayh*, 75 F.3d 1191, 1197 (7th Cir. 1996); *see also Tennessee Ass'n of Health*

*Maintenance Organizations, Inc. v. Grier*, 262 F.3d 559, 565 (6th Cir. 2001). Because the

financial obligations *Santos III* creates are illegal, preliminary approval must be denied.

1.  *Santos III Funding Violates the Tax Refund Reserve Fund Statute and the Illegal Expenditures Act.*

a. The Tax Refund Reserve Fund

The Income Tax Refund Reserve Fund and the Income Tax Refund Efficient Payment

Trust funds were created by the legislature in 1994 and 2002, respectively, to ensure money was

set aside from government revenues for tax refunds and credits. The enabling statute provides:

> Any and all expenditures from the Fund shall be for the payment of
> income tax refunds, earned income tax credits, child tax credits,
> tax rebate relief and for no other purpose. The fund is *not* subject
> to the provisions of 5 GCA §2214 which provisions would
> otherwise permit I Maga'lahen Guåhan [Governor of Guam] to
> pledge the Fund.

*5 Guam Code Ann. § 50105. Expenditures from the Fund (emphasis added).* Thus, the

Legislature expressly prohibits the Governor from encroaching on these funds for his own

purposes.

Inherent in the Legislature's statement of purpose for these funds is that payments will

be made from them only for tax refunds and credits *properly due under Guam's tax laws*. The

funds are decidedly not dedicated to pay sums the Government offers to settle a legal dispute.

SUPPLEMENTAL FILING IN OPPOS.
TO PRELIM. APPROVAL OF CLASS
ACTION SETTLEMENT
Page 20

VAN DE VELD SHIMIZU CANTO & FISHER
167 East Marine Corps Drive
Hagatna, Guam 96910
TEL. 671.472.1131 • FAX 671.472.2886

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

Case 1:04-cv-00006    Document 345    Filed 08/11/2006    Page 20 of 25

1   This is true even if those funds are labeled a "tax credit" and **would be** a tax credit **if** they were

2   being paid pursuant to a legitimate tax provision.

3       *Santos III* expressly states the Government's payment of EITC amounts under this

4   settlement is a "resolution of a dispute and not an admission of liability." *See Settlement* at p. 39.

5   Thus payments made pursuant to the settlement are not payment of an EITC, but rather

6   consideration given in return for a release of a claim for an EITC.[9] *See Settlement* at p.14

7   (characterizing the payments as consideration for the agreement.)

8       Had the Defendant actually admitted liability, the amounts promised could properly be

9   characterized as a compromised payment of a tax credit, and money from the tax reserve fund

10  could potentially be used to pay them. Absent that admission, however, *Santos III* does nothing

11  less than unilaterally create a new social welfare program illegally funded from the tax reserve

12  fund.

13      The Legislature has not authorized payment from these funds for this <u>settlement</u> of EITC

14  claims as distinguished from payment of an actual EITC (whether in full or compromised). In

15  fact, the Governor himself has lucidly noted that the very funding mechanism present in *Santos*

16  *III* is illegal. Moving in opposition to *Santos I*, the Governor said:

17      However, even as to the $54 million, the settlement fails to comply with the illegal

18      Expenditures Act. The settlement attempts to pay claims from tax years 1996, 1998
        and 1999 (as well as 2000-2003). No reserves for the EITC were occurring at that

19      time because there was no EITC reserves provision until June 1999. See P.L. 25-

20      43. The Illegal Expenditures Act states that no officer can make or authorize any

21      expenditure from, or create or authorize any obligation under, <u>any appropriation or</u>

---

22  [9] The fact that these settlement payments are not legitimate compromise payments of a tax credit is further supported
    by the fact that there are specific statutory provisions prescribing how the government can close or compromise a
23  tax claims, see 26 U.S.C. §§7121 & 7122, and 26 CFR §§ 301.7121-1, 301.7122-1, 601.202 & 601.203 none of
    which is incorporated in *Santos III*.

24  SUPPLEMENTAL FILING IN OPPOS.   VAN DE VELD SHIMIZU CANTO & FISHER   TOUSLEY BRAIN STEPHENS PLLC
    TO PRELIM. APPROVAL OF CLASS    167 East Marine Corps Drive          1700 Seventh Avenue, Suite 2200
    ACTION SETTLEMENT               Hagatna, Guam 96910                  Seattle, Washington 98101-1332
25                                  TEL. 671.472.1131 • FAX 671.472.2886 TEL. 206.682.5600 • FAX 206.682.2992
    Page 21

fund in excess of the amount available therein, or for other than an authorized purpose" or to continue such expenditures. 5 G.C.A. §22401(a)(1)-(2) (emphasis added). If the governor tried to use the reserve fund to pay for tax years 1996-1999 he would therefore be violating the Act . . . . Next, as everyone who lives on Guam knows, Guam does not have any income tax reserves at present. The "reserve funds are exhausted because Guam is trying to pay off a multi-year backlog of refunds developed during the previous administration.

*Amended Memorandum Of Points And Authorities In Support Of Opposition To Petitioner's Motion For Approval Of The Administration Plan*, at pp. 13-14, filed Nov. 29, 2004, CV04-00006, Docket No. 102 (found in *Fisher Decl*. Exhibit D) (hereinafter "Gov. Opp. to *Santos I*") (emphasis in original).

   b.   The Illegal Expenditures Act

   Guam's Illegal Expenditures Act provides that no government official, including the Governor, can:

> (1)  Make or authorize any expenditure from, or create or authorize any obligation under, any appropriation or fund in excess of the amount available therein, or for other than an authorized purpose;

> (2)  Involve the government of Guam in any contract or other obligation, for the payment of money for any purpose, in advance of the appropriation made for such purpose.

*5 Guam Code Ann. §22401, Illegal Expenditures.* [10]

   It is well settled that settlement agreements are contracts (*Jeff D. v. Andrus I*, 889 F.2d 753, 759 (9th Cir. 1989)), subject to restrictions on the expenditure of unappropriated funds. *Cf. Blackhawk Heating & Plumbing Co., v. United States*, 622 F.2d 539, 542, 553 (Claims Ct. 1980)

---

[10] In *Pangelinan v. Gutierrez* (2003 Guam 13 at ¶ 17), the Guam Supreme Court noted the language of the Illegal Expenditures Act tracks that of the Federal Anti-Deficiency act (31 USC. §1341), and said the Act "addresses the problem that Executive branch officials were obligating funds before they were appropriated by Congress, and then making deficiency requests for appropriations that Congress had little choice in deciding because government agencies had basically committed to the United States to make good on the promise."

SUPPLEMENTAL FILING IN OPPOS. TO PRELIM. APPROVAL OF CLASS ACTION SETTLEMENT
Page 22

VAN DE VELD SHIMIZU CANTO & FISHER
167 East Marine Corps Drive
Hagatna, Guam 96910
TEL. 671.472.1131 • FAX 671.472.2886

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

Case 1:04-cv-00006    Document 345    Filed 08/11/2006    Page 22 of 25

1  (enforcing provision of settlement contract that was contingent on funding pursuant to

2  comparable federal Anti-Deficiency Act.)

3      Here, as argued above, *Santos III* obligates the use of the Reserve Fund for something

4  other than its authorized purpose, and as such it violates the Act.   This is an illegality of which

5  the Governor is fully aware, and this was a pillar of his argument opposing *Santos I*.  As seen, he

6  argued to this Court that funding a settlement through the Income Tax Reserve and Trust Funds

7  would be illegal.  Specifically he noted:

8      1) The funds were not established until June 1999.  Accordingly, no money was ever

9  appropriated to these funds for payment of any tax claim from tax years 1995, 1996 and 1999,

10 yet such claims are included in this Settlement.  Thus, the Governor unambiguously concludes:

11 "If the Governor tried to use the reserve fund to pay for tax years 1996-1999 he would therefore

12 be violating the Act."  See Gov. Opp. to *Santos I* at 13.

13     2) The Legislature appropriates funds for these accounts on a year-by-year basis using a

14 formula designed to predict only the present year's need for reserves.  Thus according to the

15 Governor, the Government cannot reserve in these funds any more than the formula predicts it

16 will need to pay the next year's returns.  Consequently there can never be enough in the funds

17 (nor is there intended to be), to pay both the current year's tax returns and the payments required

18 by this settlement. *Id. See also 5 Guam Code Ann. §22401*(prohibiting obligations for the

19 payment of money for any purpose, in advance of the appropriation made for such purpose).

20     3) The funds can not be used to pay attorneys fees.  Notably, *Santos III* is silent on the

21 funding mechanism to be used for payment of fees. The Santos motion for fees however,

22 indicates fees are intended to be deducted from funds made available to pay the settlement

23

24  SUPPLEMENTAL FILING IN OPPOS.   VAN DE VELD SHIMIZU CANTO & FISHER   TOUSLEY BRAIN STEPHENS PLLC
    TO PRELIM. APPROVAL OF CLASS    167 East Marine Corps Drive              1700 Seventh Avenue, Suite 2200
    ACTION SETTLEMENT               Hagatna, Guam 96910                      Seattle, Washington 98101-1332
                                    TEL. 671.472.1131 • FAX 671.472.2886     TEL. 206.682.5600 • FAX 206.682.2992
25  Page 23

Case 1:04-cv-00006   Document 345   Filed 08/11/2006   Page 23 of 25

1  amounts. See *Amended Motion For Attorney's Fees And Costs Pursuant To Section II(a)(iv) Of*

2  *The May 26, 2006 Class Action Settlement Agreement*, at p. 3, filed June 26, 2006, CV04-00006.

3  Further, the Attorney General prepared a written opinion for the Governor that stated any

4  commitment to pay future EITCs would violate the Illegal Expenditures act. *See Fisher Decl.,*

5  Exhibit F, *Memorandum from C. Troutman to Attorney General,* dated October 13, 2004.

6  If Guam does not want to admit the EITC applies to Guam and properly compromise

7  outstanding claims for EITC's pursuant to tax statutes, then it is for the Legislature, not the

8  Governor, to determine if public funds will be spent for a settlement structured such as this one.

9  *See 48 USC § 1423j* (Appropriations, except as otherwise provided in this chapter, and except

10  such appropriations as shall be made from time to time by the Congress of the United States,

11  shall be made by the legislature.)   Because the Legislature has never appropriated funds for this

12  settlement it violates the Illegal Expenditures act and is subject to injunction. *See Pangelinan*,

13  2003 Guam 13. On this basis alone, the court should deny preliminary approval.

14  **D. The Settlement Creates Conflicts Between and Among Class Members**

15

16  The architecture of the settlement is inherently unsound. Many of the settlement's

17  features, together and independently, result in inadequate representation of all years. Santos III

18  abandons all interest, dramatically reduces compensation for all, unfairly shifts damage to earlier

19  years, abandons the revenue code's "zero netting" mechanism to the advantage of the

20  Government, and rejects the principal of "first in, first out" at the expense of earlier years.

21  1. *Abandoning interest creates antagonism.*

22  Under the structure, class years must queue for payment and wait for each precedent year

23  to be satisfied. *See Settlement* p. 25, ¶ e, *When EIC Claims for Tax years 1995-1996 and 1998-*

24  SUPPLEMENTAL FILING IN OPPOS. VAN DE VELD SHIMIZU CANTO & FISHER TOUSLEY BRAIN STEPHENS PLLC
TO PRELIM. APPROVAL OF CLASS    167 East Marine Corps Drive              1700 Seventh Avenue, Suite 2200
ACTION SETTLEMENT                       Hagatna, Guam 96910                          Seattle, Washington 98101-1332
                                                   TEL. 671.472.1131 • FAX 671.472.2886   TEL. 206.682.5600 • FAX 206.682.2992

25  Page 24

1 | *2004 Will be Paid.*  Naturally, because a class year suffers additional damage as each day elapses

2 | (they get no interest while waiting in line), each year would prefer to be at the head of the line.

3 | Additionally, each year would prefer to displace 1998 from its preferred position and share in the

4 | initial immediate distribution of $10,000,000.00.  This is particularly true when one considers the

5 | indefinite nature of the funding.  Put simply, the Guam Legislature could simply abolish the

6 | Reserve Fund and cut short all settlement payments.[11]  In contrast to the years at the end of the

7 | queue, class year 1998 prefers the structured payout since it reduces the number of participants in

8 | the initial payout.  The settlement creates an unnecessary antagonism among the years.

9 |     In any event this structure is unnecessary.  Respondent admits to having more than

10 | 20,000 "claims" in hand.  If the "Goldbergian" structure is an attempt at "first in first out"

11 | theory, pay these claims first or, alternatively, pay 1995 through 2004 in chronological order;

12 | there is no reason for the settlement's artificial order of payment.

13 |     2. *Abandoning interest shifts damage to older claims.*

14 |     Pursuant to law, unpaid tax refunds accumulate interest at the Federal short term interest

15 | rate plus 3%.  *See 26 U.S.C. §6621.*  The settlement, to the contrary, abandons all interest for all

16 | class years.[12]  *See Settlement* at p. 17, *No Interest.*   This waiver, because of the passage of time

17 | and the compounding of interest, hurts earlier years more than later.  For example, a claim from

18 | 1995 has accumulated more interest than a 2004 claim.  *See table, supra.* The injustice of this

19 | scheme and its illogical distribution of damage is particularly true in light of the settlement's

20 | reservation to Respondent of off-sets under 26 USC §6402.

21 |

22 | [11]  This scenario is not farfetched; this court has noted that Guam's decision to stop paying the EITC was "more attributable to the shortfall in the public coffers than one in legal reasoning."  *See Summ. J. Order*, p.7.

23 | [12] Tax year 1997 will receive interest, though.  Presumably the Respondent concedes liability for this year; if it does not, there is no explanation for the payment of interest for 1997 and not for other years.

24 | SUPPLEMENTAL FILING IN OPPOS.  VAN DE VELD SHIMIZU CANTO & FISHER  TOUSLEY BRAIN STEPHENS PLLC
TO PRELIM. APPROVAL OF CLASS  167 East Marine Corps Drive  1700 Seventh Avenue, Suite 2200
ACTION SETTLEMENT  Hagatna, Guam 96910  Seattle, Washington 98101-1332

25 | Page 25  TEL. 671.472.1131 • FAX 671.472.2886  TEL. 206.682.5600 • FAX 206.682.2992

### 3. *The respondent's "zero netting" windfall*

Many taxpayers may actually have underpaid the government throughout the years or otherwise owe the Government money. The Respondent is keenly aware of this, otherwise the settlement would not have insisted upon maintenance of the offset procedure in 26 USC §6402. *See Settlement* at p. 24. Under this provision, the Government reduces the amount of a taxpayer's recovery by the amount owed to the Government.

A debt owed to the government by the taxpayer accumulates interest at the same rate as a debt owed to the taxpayer by the government. Where taxpayer debt and government debt overlap, tax law cancels interest in both directions. This is known as "zero netting". *See 26 USC §6621(d)*[13].

*Santos III* does not retain this advantage for a class member. Because he loses all interest, he loses the advantage of zero netting while the government continues to gather interest to enlarge an offsetting debt. Thus, *Santos III* can actually result in an <u>increase</u> of taxpayer debt to the Government[14].

## E. Respondent Does Not Commit to Paying the Settlement Amount

Under the settlement, fifteen per centum (15%) of monies "set aside or earmarked by the Government or Legislature for income tax refunds <u>and</u> placed into either the Income Tax Reserve Fund . . . or the Income Tax Efficient Payment Trust Fund . . ." will be used to pay

---

[13] 26 U.S.C. §6621(d). Elimination of interest on overlapping periods of tax overpayments and underpayments.--To the extent that, for any period, interest is payable under subchapter A and allowable under subchapter B on equivalent underpayments and overpayments by the same taxpayer of tax imposed by this title, the net rate of interest under this section on such amounts shall be zero for such period

[14] In the event the Court does grant preliminary approval of *Santos III*, the Court should insist that the potential class be noticed of this possibility.

SUPPLEMENTAL FILING IN OPPOS. TO PRELIM. APPROVAL OF CLASS ACTION SETTLEMENT
Page 26

VAN DE VELD SHIMIZU CANTO & FISHER
167 East Marine Corps Drive
Hagatna, Guam 96910
TEL. 671.472.1131 • FAX 671.472.2886

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

settlement amounts. *See Settlement* at p. 18, ¶ V.a.i, *Funding Source for the $90 Million.* (*emphasis in the original*).

Payment to class members is predicated on two contingencies: money must be placed in the reserve or trust fund, and the legislature must not repeal the statutes which created the fund. The Legislature can stop the payments, not just by the deliberate de-linking of Guam from the federal tax code and public abolishment of the EITC, but also by simply eliminating the tax reserve and trust funds, mechanisms heretofore not used by the government anyway. *See Fisher Decl.*, at Exhibit B. (The Director of Revenue and Taxation admits that Guam "has been unable to formulate a workable plan to ensure deposits into this Fund."). The settlement amounts to a promise to pay if money is collected into a specific pot <u>and</u> if the Government continues to allow the pot to exist.

## F. The claim-making and notice procedures are unconscionable

### 1. *Claim making procedure is oppressive*

The parties have agreed that the Respondent will determine who is eligible for a refund in each class year. This will be done by identifying the name and social security number "of all persons whose income level falls within the range of persons who may be eligible to receive the EIC under 26 U.S.C. §32 <u>as it applied in each respective tax year</u> and whose filing status otherwise indicates they could be eligible for the EIC under 26 U.S.C. §32 <u>as it applied in each respective tax year</u>." *See Settlement* at pp.11-12., *Class Notice* (emphasis added). "DRT shall then combine the lists developed into one master list" and to each person on this list, even though they may have a claim for multiple years, he or she "will be mailed <u>only one copy</u> of the notice" *Id.* at pp.12-13 (emphasis added) addressing all class years.

SUPPLEMENTAL FILING IN OPPOS.
TO PRELIM. APPROVAL OF CLASS
ACTION SETTLEMENT
Page 27

VAN DE VELD SHIMIZU CANTO & FISHER
167 East Marine Corps Drive
Hagatna, Guam 96910
TEL. 671.472.1131 • FAX 671.472.2886

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

Case 1:04-cv-00006    Document 345-2    Filed 08/11/2006    Page 2 of 15

1   To make a claim however, a taxpayer must file a form for each year in which they were

2   eligible. *Id.* at pp.21-22, *How EIC Class Members Will File Their Claims for Tax Years 1995-*

3   *1996 and 1998-2004.* Each claim must be filed within sixty days of the completion of the class

4   notice period. See *Id.,* p. 23, *When Members of the Class Must File Their Claims.* This class

5   notice period closes upon completion of court ordered publication and *mailing* of notices which

6   must be mailed within 35 days of the Court's order to publish class notice. *Id.* pp. 11-13, *Class*

7   *Notice.* While notice makes its way through the mails, the clock ticks.

8       Although the Department of Revenue and Taxation, through creation of the master lists,

9   knows in which years a taxpayer is eligible for an EITC, this is not revealed to the taxpayer (say,

10  by mailing them a form for each year). It is up to the taxpayer to determine in which years he or

11  she is eligible.

12      Within this sixty day period, a taxpayer must set aside the needs of daily life, find each of

13  his or her tax returns and, inevitably for many, request copies from the Department of Revenue

14  and Taxation (at his or her expense). While the clock ticks, the taxpayer then waits for the

15  arrival of these old returns. This is a risky strategy. After all, the Respondent is *still* processing

16  old filings. *See Id.* at p. 13, (it is not reasonably practicable for DRT to identify any tax filings

17  not yet entered into DRT's computer system . . . because this would substantially delay or even

18  prevent DRT's completion of its list.)

19      Class members must then uncover and *carefully* analyze the various changes of the EIC

20  program over the last 11 years to determine eligibility and then, for each year make a separate

21  claim. Attention in this matter is crucial. A mistake by the taxpayer in just one year could forfeit

22  all refunds for all years. *See Id* at p. 24, d.iii.

23

24  SUPPLEMENTAL FILING IN OPPOS.   VAN DE VELD SHIMIZU CANTO & FISHER   TOUSLEY BRAIN STEPHENS PLLC
    TO PRELIM. APPROVAL OF CLASS     167 East Marine Corps Drive            1700 Seventh Avenue, Suite 2200
    ACTION SETTLEMENT                Hagatna, Guam 96910                    Seattle, Washington 98101-1332
                                     TEL. 671.472.1131 • FAX 671.472.2886   TEL. 206.682.5600 • FAX 206.682.2992
25  Page 28

    Case 1:04-cv-00006    Document 345-2    Filed 08/11/2006    Page 3 of 15

1    Again, this occurs in spite of the fact that the information is already in the hands of

2    Respondent. Clearly this is a deliberately constructed barrier to entry and participation in the

3    settlement.

4    Very few of the class members can be expected to work their way through this thicket.

5    This is notice given to the least educated and most disadvantaged of us,[15] many of whom speak

6    languages other than English. It is a notice replete with lawyer jargon, with sentences in the

7    conjunctive and disjunctive, informing people of "litigation pending before the District Court of

8    Guam" and directed to persons "who do not elect to request exclusion from the class" and on

9    whose behalf someone has filed a claim opposed by the Governor of Guam who has "filed

10   pleadings denying the claims and asserting various affirmative defenses." Further, class

11   members are placed on alert that unless they "opt out" they will be "releasing claims" and

12   entering "covenants not to sue" which have "limitations" that "shall not be construed to preclude

13   class members from undertaking administrative and/or judicial procedures." This is all presented

14   in 9 point font, running across 6 entire, single-spaced pages.

15   *2. The immediate payout to 1997 and 1998 is coercive*

16   In ancient days mariners were warned not to listen to the siren's song. Although her song

17   was beautiful, the sailor was eventually led on to the rocks and to his death.

18   This payout is a siren's song. The government intends to issue these checks (by and large

19   to the poor and needy) immediately upon preliminary approval. If the recipient cashes the check,

20   they lose the right to opt out. Thus before they may properly consider the settlement, determine

21

22   _____

     [15] According to one study, 45% of recipients are single with children. Of these, 23 % are high school dropouts, 40%

23   graduated high school only and 6% graduated college. *See Making Work Pay; The Earned Income Tax Credit and
     Its Impact on America's Families,* Meyer and Holtz-Eakin, Russell Sage Foundation, New York, 2001, p.4.

24   SUPPLEMENTAL FILING IN OPPOS.      VAN DE VELD SHIMIZU CANTO & FISHER   TOUSLEY BRAIN STEPHENS PLLC
     TO PRELIM. APPROVAL OF CLASS      167 East Marine Corps Drive          1700 Seventh Avenue, Suite 2200
     ACTION SETTLEMENT                 Hagatna, Guam 96910                  Seattle, Washington 98101-1332
25                                     TEL. 671.472.1131 • FAX 671.472.2886  TEL. 206.682.5600 • FAX 206.682.2992
     Page 29

1  their own anticipated compensation, or receive their old returns from the Department, they out of

2  necessity will bind themselves to this inadequate settlement. See settlement at 25-27.

3      Through this mechanism, Respondent binds many to a settlement greatly benifitting itself.

4  This might be good business practice but it is repellant when done by the Government. It is not

5  the place of Respondent to bully, deceive and prey upon those whom it is charged to serve.

6      3. *Notice to the class is inadequate*

7      Settling parties propose to notify class year members of the settlement in two ways;

8  publication in locally circulated newspapers and individual notice by mailing. Addresses for

9  potential claimants will be discovered by searching the Department of Revenue and Taxation's

10  computer data base for the last known address appearing in the Department's records. This

11  search extends through 2004. *See Settlement* at pp. 11-13.

12      The parties have agreed not to notice class members whose returns have not yet been

13  entered into the Department's data base. This is a factor entirely controlled by Respondent. By

14  not entering the information, they avoid liability to these claimant's. These class members also

15  receive no notice. Respondent states that the reason for this is that entering the information

16  would substantially delay or even prevent creation of the master list. It is difficult to see how

17  the Court can pass on the fairness of this provision without some showing of the number of un-

18  entered filings.

19      This scheme is guaranteed to miss many claimants. The Department has addresses of those

20  who have filed on Guam. For those who no longer live on Guam, the Department will have no

21  address since they no longer file here. The only reasonable way to reach them is by publication.

22  However, publication in local newspapers is unlikely to reach these individuals since they no

23

24  SUPPLEMENTAL FILING IN OPPOS.   VAN DE VELD SHIMIZU CANTO & FISHER   TOUSLEY BRAIN STEPHENS PLLC
    TO PRELIM. APPROVAL OF CLASS      167 East Marine Corps Drive            1700 Seventh Avenue, Suite 2200
    ACTION SETTLEMENT                  Hagatna, Guam 96910                    Seattle, Washington 98101-1332
                                       TEL. 671.472.1131 • FAX 671.472.2886   TEL. 206.682.5600 • FAX 206.682.2992
25  Page 30

    Case 1:04-cv-00006   Document 345-2   Filed 08/11/2006   Page 5 of 15

1  longer live here. It is equally important to remember that the right to a claim that attached to a

2  taxpayer is residue within their estate. Thus notice should also be designed to reach heirs.

3      Fair notice in this matter should include reasonable nation wide publication in order to reach

4  those who have moved off island throughout the last 10 years and also notice the estates of

5  decedents.

6      The parties have indicated no consideration of nation wide publication, even though due

7  process in this matter requires it. *See Eisen v. Carlisle and Jacquelin*, 417 U.S. 156, 94 S.Ct.

8  2140 (1974). Nor have they indicated consultation with an expert in the field of notice who

9  could analyze this scheme for adequacy (though such expertise is readily available). This notice

10  is shallow, limited and does not meet constitutional muster.

11      Settling parties will argue to the Court that they should receive 10% of the settlement

12  amount in fees. *See Motion for attorney fees*. If this Court grants preliminary approval to this

13  settlement, the class should be told that this award will reduce their settlement to approximately

14  $81,000,000.00 and told how these fees will affect each years payout. This is an important factor

15  for a member since he or she might elect to opt out based on this reduction in actual

16  compensation.

17      Although the attorneys did not mention when they will be paid, presumably they seek

18  payment from the initial award. Because they have structured such a protracted and uncertain

19  schedule of payment though, they should bear the same risks they create. Therefore fairness

20  dictates that attorney fees come as a proportional amount of each payout to the class, they should

21  receive no interest and just as for the class, their fees will not survive a legislative abolishment of

22  the Reserve Fund or delinkage.

23

24  SUPPLEMENTAL FILING IN OPPOS.  VAN DE VELD SHIMIZU CANTO & FISHER  TOUSLEY BRAIN STEPHENS PLLC
    TO PRELIM. APPROVAL OF CLASS  167 East Marine Corps Drive  1700 Seventh Avenue, Suite 2200
    ACTION SETTLEMENT  Hagatna, Guam 96910  Seattle, Washington 98101-1332
                                 TEL. 671.472.1131 • FAX 671.472.2886  TEL. 206.682.5600 • FAX 206.682.2992
25  Page 31

    Case 1:04-cv-00006    Document 345-2    Filed 08/11/2006    Page 6 of 15

## G. The Settlement is Unreasonable Because Compensation is Inadequate

Pleadings in this matter have, from time to time, referred to the importance of the EITC to the "working poor." "[T]he EITC goes primarily to very low income single parents, and it amounts to a large share of the resources this group has available to consume." *See Making Work Pay; The Earned Income Tax Credit and Its Impact on America's Families,* Meyer and Holtz-Eakin, Russell Sage Foundation, New York, 2001. Concern for this working poor is not much in evidence in this settlement, though. Assuming a taxpayer makes it safely through the claims-making forest, she will emerge to find dramatically discounted, and dramatically deferred, compensation.

"America's families" in this law suit is not an abstraction; it is a real group of neighbors, fellow villagers, family members and co-workers, on Guam. It is a group deserving the highest attention from the litigants.

The impact of the EITC upon the country has been well observed. One study found that:

- Two thirds of the recipients used the EITC payment on children as a priority
- Many families hope to save a portion of the EITC check
- Furniture is the most common post check purchase
- Some families save for down payments on homes
- Some use the check for transportation
- Just as significantly, people take joy in being able to finally give their kids money

*See How Families View and Use the Earned Income Tax Credit: Advance Payment Versus Lump-Sum Delivery, Romer and Weisner, in Making Work Pay; The Earned Income Tax Credit and Its Impact on America's Families, Id. at passim, pp.366-91.*

The EITC is no government giveaway; it is a well thought out program designed to raise people out of poverty. It is an expression of a mature society's mindfulness of those among us in

SUPPLEMENTAL FILING IN OPPOS.
TO PRELIM. APPROVAL OF CLASS
ACTION SETTLEMENT
Page 32

VAN DE VELD SHIMIZU CANTO & FISHER
167 East Marine Corps Drive
Hagatna, Guam 96910
TEL. 671.472.1131 • FAX 671.472.2886

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

Case 1:04-cv-00006   Document 345-2   Filed 08/11/2006   Page 7 of 15

1 | need. Settlement of this dispute then cannot tolerate the presence of cynicism in the structure
2 | and miserliness in the amount.

3 | In spite of this, settling parties create a scheme with both barriers to participation and
4 | entry. They have developed a notice scheme that is unconscionably short, confounding in
5 | design, and embracing of a generous discount in Respondent liability. In fact, there is no
6 | indication that either the Torres or Santos parties have attempted an analysis of the amounts the
7 | class is owed.

8 | 1. *Years 1995, 1996, 1999 and 2000 suffer unnecessary injury.*

9 | Sovereigns are immune from suit except as they consent. Waivers of sovereign immunity
10 | are strictly construed by courts. *Ruckleshaus v. Sierra Club*, 463 U.S. 680, 685, 103 S.Ct. 3274
11 | (1983); *Block v. North Dakota*, 461 U.S. 273, 287, 103 S.Ct. 1811 (1983). As has been stated,
12 | tax refund suits are subject to two waivers of sovereign immunity; 26 U.S.C.A. §§6511 and
13 | 7422. A plaintiff who fails to meet either section cannot be heard. *Zeier v. U.S.I.R.S.*, 80 F.3d
14 | 1360 (9th Cir. 1996); *Quarty v. United States*, 170 F.3d 961 (9th Cir. 1999).

15 | 26 U.S.C.A. §6511 requires that a claim for the refund of a tax be filed within three years
16 | from the time the return was filed or within two years of paying the tax, whichever expires later.
17 | *26 U.S.C. §6511(a)*. If you have not made the claim for that refund within the allotted time, you
18 | will not receive a refund, nor will a court hear your complaint. This occasionally leads to harsh
19 | results, yet no estoppel will lie against the government in this regard. *U.S. v. Brockamp*, 519
20 | U.S. 347, 117 S.Ct. 849 (1997). Because §6511 is jurisdictional, (*Zeier*, 80 F.3d 1360) and may
21 | not be waived (*Gabelman v. C.I.R.*, 86 F.3d 609 (6th Cir. 1996)), it may fairly be stated that in tax
22 | refund litigation, a plaintiff is either "in the tent or out" and there is no middle ground.

23 |

24 | SUPPLEMENTAL FILING IN OPPOS.   VAN DE VELD SHIMIZU CANTO & FISHER   TOUSLEY BRAIN STEPHENS PLLC
TO PRELIM. APPROVAL OF CLASS   167 East Marine Corps Drive   1700 Seventh Avenue, Suite 2200
ACTION SETTLEMENT   Hagatna, Guam 96910   Seattle, Washington 98101-1332
25 |   TEL. 671.472.1131 • FAX 671.472.2886   TEL. 206.682.5600 • FAX 206.682.2992
Page 33

Case 1:04-cv-00006   Document 345-2   Filed 08/11/2006   Page 8 of 15

1  In the *Simpao* case, this threshold issue was addressed and the Court found that the class

2  years had met the jurisdictional bar of *§6511. See Summ. J. Order.*[16] Because of this, class years

3  1995, 1996, 1998 and 2000 are as fully "in the tent" as any other year. Had the Court found

4  otherwise, pursuant to law these years (with the exception of 2000, *see infra*) could not be a part

5  of the settlement and could collect nothing.

6      Despite this, the parties treat them as years "for which there is an arguable risk of a time

7  bar if litigated" and compromise all the claims at approximately twenty five per centum (25%) of

8  the other years. *See Joint Motion for Preliminary Approval at 8.*

9      However to the contrary, this point has already been litigated and this Court found these

10 years had met the jurisdictional bar. Because the years are in parity with later years, there is no

11 basis for different treatment, nor should Santos and Torres ignore the law of the case just because

12 Respondent still (apparently) disagrees.

13     The folly of Santos and Torres' position as to the law of the case suggests they have

14 compromised later year claims in order to reward what they believe to be stale claims.

15 Presumably but for the presence of "time barred claims," the Respondent would have at a

16 minimum another $15,000,000.00 to distribute among the other years. Later years' recovery,

17 though, is reduced to compensate the earlier years. This possibility is difficult to ignore given

18 the improper nature of the compromise and the disregard of the law of the case.

19     2. *The injury to year 2000.*

20     Inexplicably, class year 2000 is treated as a potentially time-barred year in spite of

21 Supreme Court precedent. *See Devlin v. Scardelletti,* 536 U.S. 1, 122 S.Ct. 2005 (2002) (non-

22 named class members are, for instance, parties in the sense that the filing of an action on behalf

23 ---
[16] Judge Martinez did note the potential existence of a time bar pursuant to 26 U.S.C. §6532, see fn. 6, *supra.*

24 SUPPLEMENTAL FILING IN OPPOS. VAN DE VELD SHIMIZU CANTO & FISHER TOUSLEY BRAIN STEPHENS PLLC
TO PRELIM. APPROVAL OF CLASS    167 East Marine Corps Drive        1700 Seventh Avenue, Suite 2200
ACTION SETTLEMENT               Hagatna, Guam 96910                Seattle, Washington 98101-1332
                                TEL. 671.472.1131 • FAX 671.472.2886  TEL. 206.682.5600 • FAX 206.682.2992
25 Page 34

1   of the class tolls a statute of limitations against them) *citing American Pipe & Const. Co. v.*

2   *Utah*, 414 U.S. 538, 94 S.Ct. 756 (1974). Class year 2000 was required to file a claim no later

3   than April 15, 2004. The filing of the *Santos* action on February 12, 2004, however, stopped the

4   clock for all class years two months before the expiration date, therefore there is no basis

5   whatsoever for treating 2000 as "potentially time-barred."

6       3. *In light of the Simpao holding, this settlement is wholly inadequate*

7       In a fundamental sense, this case has already been won for plaintiffs. This Court

8   determined that the EITC applies on Guam and that the claimants met the jurisdictional

9   requirements of 26 U.S.C. §6511. Against this victory stands a settlement that discounts the

10  class as a whole to 43% of the claims' worth, and for some years to 12%. A factor courts

11  consider when passing on a settlement is the adequacy of compensation in light of the risks of

12  litigation. *See e.g., Staton v. Boeing Co.*, 327 F.3d 938, 959-60 (9th Cir. 2003). The risks here

13  are minimal and thus counsel should instead be vigorous in assuring the plaintiffs adequate

14  compensation. The flaccidness of this settlement condemns its viability.

15

16                                  **IV. CONCLUSION**

17      This Court must make a determination on whether it will grant preliminary approval to

18  *Santos III*. In doing so, the Court will weigh a number of factors. It will consider the strength of

19  the Plaintiff's case, the amount offered in settlement, the experience and views of counsel, the

20  extent of discovery completed and the reaction of class members to the settlement, the risk of

21  maintaining class action status, the risk, expense and complexity of further litigation, and the

22  presence of a governmental participant . *See Churchill Village, L.L.C. v. General Electric*, 361

23  F.3d 566, 575(9th Cir. 2004).

24

SUPPLEMENTAL FILING IN OPPOS.   VAN DE VELD SHIMIZU CANTO & FISHER   TOUSLEY BRAIN STEPHENS PLLC
TO PRELIM. APPROVAL OF CLASS    167 East Marine Corps Drive         1700 Seventh Avenue, Suite 2200
ACTION SETTLEMENT               Hagatna, Guam 96910                 Seattle, Washington 98101-1332
25   Page 35                    TEL. 671.472.1131 • FAX 671.472.2886  TEL. 206.682.5600 • FAX 206.682.2992

Case 1:04-cv-00006    Document 345-2    Filed 08/11/2006    Page 10 of 15

1    Plaintiffs clearly have a very strong case. Simpao established that the EITC program is

2    part of Guam's tax code (*see Summ. J. Order*), and the Guam Supreme Court made the very

3    same determination. *See In re Request of I Mina'Bente Sing'Kona Liheslaturan Guahan*

4    *Relative to the Application of the Earned Income Tax Credit Program to Guam Taxpayers ("the*

5    *EIC question")*, 2001 Guam 3, 2001 WL 113985 (Sup. Ct. Guam 2001). To argue otherwise is

6    frivolous. Additionally, Simpao established the jurisdictional reach of this Court over *all* class

7    years and, in doing so, placed them in parity. Simpao's accomplishment in the litigation has

8    effectively removed any complexity which may have attended the case, and the strength of

9    Plaintiff's case makes the offered settlement unacceptably pale. While the law may not know

10   the phenomenon of the "dead bang" winner, this matter comes awfully close. This is a suit on

11   behalf of the poor and disadvantaged. An overall settlement of 43% or less, with one-half of the

12   class receiving less than 20%, is paltry to the extent of shame.

13       Simpao anticipates that the Government will plead near-insolvency in defense of the

14   amount. If this is so, Simpao is unaware of any evidence establishing it. Neither does it appear

15   that Santos or Torres engaged in any discovery to establish the state of Government finances.

16   Simpao plaintiffs are represented well by a team of attorneys with extensive class action and

17   litigation experience. The firm of Tousley Brain Stephens PLLC enjoys a national reputation for

18   class action litigation and has achieved numerous multi-million dollar judgments on behalf of

19   plaintiffs. This experienced group comes before the Court and submits for its consideration the

20   inequities, illegalities and inadequacies of *Santos III* and prays the Court decline preliminary

21   approval.

22

23

24   SUPPLEMENTAL FILING IN OPPOS.     VAN DE VELD SHIMIZU CANTO & FISHER   TOUSLEY BRAIN STEPHENS PLLC
     TO PRELIM. APPROVAL OF CLASS      167 East Marine Corps Drive          1700 Seventh Avenue, Suite 2200
     ACTION SETTLEMENT                 Hagatna, Guam 96910                  Seattle, Washington 98101-1332
                                       TEL. 671.472.1131 • FAX 671.472.2886  TEL. 206.682.5600 • FAX 206.682.2992
25   Page 36

     Case 1:04-cv-00006   Document 345-2   Filed 08/11/2006   Page 11 of 15

DATED this _11^TH_ day of August, 2006.

VAN DE VELD SHIMIZU CANTO & FISHER

By: _____
    Thomas J. Fisher

TOUSLEY BRAIN STEPHENS PLLC
    Kim D. Stephens, P.S., *Pro Hac Vice*
    Nancy A. Pacharzina, *Pro Hac Vice*

Attorneys for Plaintiffs Simpao, Naputi & Cruz

SUPPLEMENTAL FILING IN OPPOS.
TO PRELIM. APPROVAL OF CLASS
ACTION SETTLEMENT
Page 37

VAN DE VELD SHIMIZU CANTO & FISHER
167 East Marine Corps Drive
Hagatna, Guam 96910
TEL. 671.472.1131 • FAX 671.472.2886

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

Case 1:04-cv-00006    Document 345-2    Filed 08/11/2006    Page 12 of 15

# TABLE OF AUTHORITIES

## U.S. Supreme Court cases

American Pipe & Const. Co. v. Utah, 414 U.S. 538, 94 S.Ct. 756 (1974) . . . 9, 35

Block v. North Dakota, 461 U.S. 273, 103 S.Ct. 1811(1983) . . . . 33

Devlin v. Scardaletti, 536 U.S. 1, 122 S.Ct. 2005(2002) . . . . 34

Eisen v. Carlisle and Jacquelin, 417 U.S. 156, 94 S.Ct. 2140 (1974). . . . 31

Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee
  456 U.S. 694, 102 S.Ct. 2099 (1982) . . . . . . 17, 18

Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 114 S.Ct. 1673 (1994) . 17

Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 98 S.Ct. 2396 (1978) . . 17

Ruckelshaus v. Sierra Club, 463 U.S. 680, 103 S.Ct. 3274(1983) . . . 33

U.S. v. Brockamp, 519 U.S. 347, 117 S.Ct. 849 (1997) . . . . 33

U.S. v. Garbutt Oil Co., 302 U.S. 528, 58 S.Ct. 320 (1938) . . . . 17


## U.S. Federal Court cases

Blackhawk Heating & Plumbing Co., v. United States, 622 F.2d 539 (Claims Ct. 1980) . 22

Boyd v. United States, 762 F.2d 1369 (9th Cir. 1985) . . . . 19

Churchill Village, LLC v. General Electric, 361 F.3d 566 (9th Cir. 2004) . . 35

Cotton v. Hinton, 559 F.2d 1326 (5th Cir. 1977) . . . . . 16

Gabelman v. C.I.R., 86 F.3d 609 (6th Cir. 1996) . . . . . 33

Hanlon v. Chrysler Corp., 150 F.3d 1011 (9th Cir. 1998) . . . . 16

In re General Tire and Rubber Co. Securities Litigation, 726 F.2d 1075 (6th Cir. 1984) . 16

Isby v. Bayh, 75 F.3d 1191 (7th Cir. 1996) . . . . . . 20

Jeff D. v. Andrus I, 889 F.2d 753 (9th Cir. 1989) . . . . . 22

Northern Life Ins. Co. v. United States, 685 F.2d 277 (9th Cir. 1982) . . . 17

Overhauser v. United States, 45 F.3d 1085 (7th Cir. 1995) . . . . . 17

Presidential Gardens Associates v. United States, 175 F.3d 132 (2nd Cir. 1999) . . 17

Quarty v. United States, 170 F.3d 961 (9th Cir. 1999) . . . . . 33

Rosenbluth Trading, Inc. v. United States, 736 F.2d 43 (2nd Cir. 1984) . . . 17

Santos et al., v. Camacho, et al., Dist. Ct. of Guam, CV 04-0006 . . . . passim

Simpao v. Govt. of Guam, Dist. Ct. of Guam, CV 04-0049 . . . . . passim

Sorenson v. Secretary of the Treasury, 752 F.2d 1433 (9th Cir. 1985) . . . 19

Staton v. Boeing Co., 327 F.3d 938 (9th Cir. 2003) . . . . . . 35

Tennessee Ass'n of Health Maintenance Organizations,
    Inc. v. Grier, 262 F.3d 559 (6th Cir. 2001) . . . . . . 20

Thomas v. United States, 755 F.2d 728 (9th Cir. 1985) . . . . . 16

Torres v. Camacho, et al., Dist. Ct. of Guam, CV 04-0038 . . . . . passim

Zeier v. U.S.I.R.S., 80 F.3d 1360 (9th Cir. 1996) . . . . . . 33


Supreme Court of Guam cases

In re Request of I Mina' Bente Sing Kona Liheslaturan Guahan Relative
    to the Application of the Earned Income Tax Credit Program to
    Guam Taxpayers, 2001 Guam 3 . . . . . . . 36

Pangelinan v. Gutierrez, 2003 Guam 13 . . . . . . . 22


Federal Statutes

26 U.S.C. § 6402 . . . . . . . . . . 25, 26

26 U.S.C. § 6511 . . . . . . . . . 8, 16, 17, 33, 34, 35

26 U.S.C. § 6511(a) . . . . . . . . . 33

26 U.S.C. § 6532 . . . . . . . . . . 12

26 U.S.C. § 6621 . . . . . . . . . . 25

26 U.S.C. § 6621(d) . . . . . . . . . . 26

26 U.S.C. § 7422 . . . . . . . . . . 16

26 U.S.C. § 7121 . . . . . . . . . . 21

26 U.S.C. § 7122 . . . . . . . . . . 21

31 U.S.C. § 1341 . . . . . . . . . . 22

48 U.S.C. § 1423j . . . . . . . . . . 24


Federal Regulations

26 C.F.R. § 301.7121-1 . . . . . . . . . . 21

26 C.F.R. § 301.7122-2 . . . . . . . . . . 21

26 C.F.R. § 601.202 . . . . . . . . . . 21

26 C.F.R. § 601.203 . . . . . . . . . . 21


Guam Statutes

5 Guam Code Ann. §22401 . . . . . . . . . 19, 22, 23

5 Guam Code Ann. § 50105 . . . . . . . . . 20

11 Guam Code Ann. Chapter 50 . . . . . . . . 7, 19

11 Guam Code Ann. Chapter 51 . . . . . . . . 7, 19


Other Publications

Making Work Pay; The Earned Income Tax Credit and Its Impact   on America's
    Families, Meyer and Holtz-Eakin, Russell Sage Foundation (New York, 2001) . 29, 32