[Appearing Counsel on next page]

FILED
DISTRICT COURT OF GUAM
AUG 11 2006
MARY L.M. MORAN
CLERK OF COURT

# DISTRICT COURT OF GUAM

# TERRITORY OF GUAM

| | |
|---|---|
| JULIE BABAUTA SANTOS, et. al., <br><br> Petitioners, <br><br> -v- <br><br> FELIX P. CAMACHO, et. al. <br><br> Respondents. | Civil Case No. 04-00006 <br><br> **AMENDED MOTION FOR CONDITIONAL CERTIFICATION OF THE EIC CLASS FOR SETTLEMENT PURPOSES (AMENDING DOCKET NO. 329)** <br><br> **[ORAL ARGUMENT REQUESTED]** |
| CHARMAINE R. TORRES, et al., <br><br> Plaintiffs, <br><br> -v- <br><br> GOVERNMENT OF GUAM, et al., <br><br> Defendants. | Civil Case No. 04-00038 |
| MARY GRACE SIMPAO, et al., <br><br> Plaintiffs, <br><br> -v- <br><br> GOVERNMENT OF GUAM, <br><br> Defendant. <br><br> -v- <br><br> FELIX P. CAMACHO, Governor of Guam, <br><br> Intervenor-Defendant. | Civil Case No. 04-00049 |

ORIGINAL

**MICHAEL F. PHILLIPS, ESQ.**
**PHILLIPS & BORDALLO, P.C.**
410 West O'Brien Drive
Hagåtña, Guam 96910
Telephone (671) 477-2223
Facsimile (671) 477-2329

*Attorneys for Petitioner Julie Babauta Santos*
*And Interim Class Counsel*

**IGNACIO C. AGUIGUI, ESQ.**
**PETER C. PEREZ, ESQ.**
**LUJAN AGUIGUI & PEREZ LLP**
Pacific News Building, Suite 300
238 Archbishop Flores Street
Hagåtña, Guam 96910
Telephone (671) 477-8064
Facsimile (671) 477-5297

*Attorneys for Plaintiff Charmaine R. Torres*

# MOTION

On April 6, 7, and 8, 2006, the parties to these three consolidated cases participated in mediation in Guam before the Hon. William J. Cahill (Ret. Judge). As a result of the mediation, parties in the *Santos* and *Torres* actions reached a settlement agreement in principle, subject to final documentation and the Court's approval.

On May 26, 2006 the parties submitted their Settlement Agreement to the Court. The parties also submitted a Joint Motion of the *Santos* and *Torres* Parties for Preliminary Approval of Class Action Settlement Agreement; Memorandum of Points and Authorities in Support Thereof ("Joint Motion for Preliminary Approval"), and Joint Petition for Declaratory and Injunctive relief, and/or for Recovery of Earned Income Tax Credits, or in the Alternative for a Writ in the Nature of Mandamus ("Joint Petition"). Pursuant to the Settlement Agreement ¶ II (a) (iii), the *Santos* and *Torres* Petitioners now move this Court for an order conditionally certifying the EIC settlement class.

This motion is based upon the following memorandum of points and authorities, the files and records in this action, and such other evidence and arguments as may be presented at or before the hearing, if any, on this motion.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The Petitioners in the *Santos* and *Torres* actions (Julie Babauta Santos and Charmaine R. Torres) respectfully submit this Memorandum of Points and Authorities in support of their Motion for Conditional Certification of the EIC Class for Settlement Purposes. As provided in the Settlement Agreement, the Joint Motion for Preliminary Approval and the Joint Petition, the EIC class requested to be conditionally certified is defined as follows:

> [A]ll persons who do not elect to request exclusion from the class under the procedures described [in the Settlement Agreement] and:

1

(1) were subject to the Guam Territorial Income Tax ("GTIT") established in 48 U.S.C. § 1421i for tax years 1995-1996 and/or 1999-2004 and would have been eligible to file (whether or not they actually filed) for the EIC established in 26 U.S.C. § 32 (as it applied in each respective tax year) if that program were applied in the Territory of Guam; and/or (2) were eligible to receive an EIC credit under certain Guam territorial laws for tax years 1995-1996 and/or 1999-2004 that mirrored the federal EIC law (26 U.S.C. § 32), including the Guam Earned Income Program (Chapter 42 of 11 G.C.A.); and/or (3) actually filed a claim for the EIC with DRT for tax year 1998 under the GTIT or Guam Earned Income Program (Chapter 42 of 11 G.C.A.) on or before April 15, 2002 and have not yet received full payment for that claim; and/or (4) actually filed a claim for the EIC with DRT for tax year 1997 under the GTIT or the Guam Earned Income Program (Chapter 42 of 11 G.C.A.) on or before April 16, 2001 and have not yet received full payment for that claim.

Certification is appropriate pursuant to Rule 23 of the Federal Rules of Civil Procedure because the EIC class represented by the Petitioners is so numerous such that joinder of each member of the class is impractical, there are common questions of law and fact common to the class, the Petitioners' claims are typical of the claims of the class members, and the Petitioners can and will fairly and adequately protect the interests of the class. Additionally, the Petitioners are represented by able and well-qualified counsel.

A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class. The acts or omissions complained of in the Joint Petition are applicable generally to the class thereby making appropriate final relief with respect to the class as a whole. Furthermore, adjudications with respect to individual members of the class would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests.

As set forth in further detail in this filing, the Petitioners submit that the requirements for conditional certification of the EIC class for settlement purposes have been met.

## II. SUMMARY OF THE LITIGATION

The Court already is familiar with the lengthy history of this litigation, initiated first with the *Santos* action in February 2004, followed by the *Torres* action in August 2004, and then the (non-settling) *Simpao* action in December 2004. This litigation involves the Government of Guam's non-payment of Earned Income Tax Credits to eligible Guam taxpayers.

The Court consolidated the cases for pretrial purposes in March 2006, and granted the Governor of Guam's request for mediation under Local Rule 16.6. *See* Order Re: Settlement Conference Pursuant to Local Rule 16.6 (March 21, 2006). The parties agreed on a mediator and engaged in mediation; however, only parties to the *Santos and Torres* actions were able to successfully reach a settlement, which then resulted in execution of the Settlement Agreement now being presented to the Court.

Prior to the execution of the instant Settlement Agreement, two prior settlement agreements were entered into in the *Santos* action, one in 2004, the other in 2005. Compared to the settlement reached in the *Santos* case on June 20, 2005 (the "2005 Settlement Agreement"), the instant Settlement Agreement involves parties to both the *Santos and Torres* actions. As stated above, it was the result of mediation held in Guam over three (3) full days, from April 6-8, 2006, before a distinguished JAMS mediator, the Hon. William J. Cahill. The agreement enlarges the putative class that will benefit from the settlement while providing enhanced benefits to the putative class compared to the benefits provided for under the 2005 Settlement Agreement.

On May 26, 2006 the parties submitted the instant Settlement Agreement to the Court. In addition the parties submitted for the Court's consideration, *inter alia*, a Joint Petition for Declaratory and Injunctive Relief, and/or for Recovery of Earned Income Tax Credits, or in the Alternative for a Writ in the Nature of Mandamus.

The class Petitioners seek to certify consists of more than ten thousand (10,000) taxpayers entitled to and qualified to receive EIC. The Petitioners and each EIC class member were denied

the full implementation of the earned income tax credit as applied to Guam, including the Government's prohibition or prevention of EIC class members to file claims for earned income tax refunds, and/or the Government's denial or failure to pay earned income tax credits to otherwise qualified Guam taxpayers. No conflicts of interest exist between the Petitioners and the EIC class members. Petitioners have vigorously pursued this action on behalf of themselves and the EIC class members. Petitioners request that the Court grant conditional certification of the EIC class for settlement purposes.

### III. ARGUMENTS SUPPORTING CONDITIONAL CERTIFICATION OF THE EIC CLASS FOR SETTLEMENT PURPOSES

Certification is appropriate under Rule 23 of the Federal Rules of Civil Procedure which sets forth a two step procedure for certifying a class. First, the party seeking to certify the class must make a prima facie showing of each of the requirements of Rule 23(a): numerosity, commonality, typicality, and adequacy. *Blackie v. Barrack*, 524 F.2d 891, 901 (9th Cir. 1975). Rule 23(a) of the Federal Rules of Civil Procedure states:

> One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law and fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Once these four requirements are met, a plaintiff must show that the lawsuit qualifies for class action status under one of the possibilities in found in Rule 23(b). *In re Methionine Antitrust Litigation*, 204 F.R.D. 161, 163 (2001). Rule 23(b) states:

> An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and, in addition: (1) the prosecution of separate actions by or against individual members of the class would create a risk of (A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or (B) adjudications with respect to individual members of the class would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests;

> or, (2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy...

In ruling on a motion for class certification, the substantive allegations in a plaintiff's complaint must be accepted as true. *Blackie v. Barrack*, 524 F.2d 891, 901 n. 7 (9th Cir 1975). The court may not consider the merits of plaintiff's case in determining the certification motion. *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 177-178, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974). Rather, the only issue on point for class certification is whether plaintiffs assert a claim which, assuming its merit, satisfies the requirements of Rule 23. *Id.* at 178.

## A. Rule 23(a) criteria

### 1. NUMEROSITY

The first prerequisite is that the class is so numerous that joinder of all members would be impracticable. The prerequisite of numerosity is discharged if the class is so large that joinder of all members is impracticable. *Hanlon v Chrysler Corp.,* 150 F.3d 1011, 1019 (9th Cir. 1998). Plaintiffs need not, however, allege the precise number or identity of class members for class certification. Rather, a finding of numerosity may be supported by common sense assumptions. For example, in *In re Playmobil Antitrust Litigation,* 35 F.Supp.2d 231, 239 (E.D.N.Y.1998), the exact number of class members required for certification of a class had not been defined. A class with more than forty members is generally considered sufficiently numerous such that joinder is considered impracticable. *Paper Systems, Inc. v. Mitsubishi Corp.,* 193 F.R.D. 601, 604 (E.D. Wis. 2000). Classes numbering in the hundreds have routinely satisfied the numerosity requirement. *In re Flat Glass Antitrust Litigation,* 191 F.R.D. 472 (E.D. Pa. 1999).

The EIC class consists of more than ten thousand (10,000) taxpayers entitled to and qualified to receive earned income tax credits. The Settlement Agreement, which has been

executed by the Governor of Guam, the Director of the Department of Administration and the Director of the Department of Revenue and Taxation, indicates that on January 12, 2005, the Governor issued Executive Order 2005-001 to permit the filing of EIC claims, which created a means of determining the nature of any potential class of EIC claimants. Under the Executive Order, over twenty thousand (20,000) EIC claims have already been filed with the Department of Revenue and Taxation. (Settlement Agreement, page 3). The class Petitioners seek to certify is so numerous such that joinder of each member of the class is impracticable.

### 2. COMMONALITY

The second prerequisite for class certification is that there are questions of law or fact common to the class. The requirement that common questions of law or fact exist among class members is satisfied if the named plaintiffs share at least one question of fact or law with the grievances of the class. *In re Flat Glass Antitrust Litigation,* 191 F.R.D. 472, 478 (E.D. Pa. 1999). All questions of fact and law need not be common to satisfy the rule. The existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir 1998). Petitioners and each EIC class member have been denied the full implementation of the earned income tax program as applied on Guam, including the Government's prohibition or prevention of EIC class members to file claims for earned income tax refunds and/or the Government's denial or failure to pay earned income tax refunds to otherwise qualified Guam taxpayers. Common questions of law or fact exist among the Petitioners and the EIC class members.

### 3. TYPICALITY

The third prerequisite for class certification is that the claims or defenses of the representative parties are typical of the claims or defenses of the class. Typicality focuses on whether the individual claim of the class representatives has the essential characteristics common

to the claims of the class. *In re Flat Glass Antitrust Litigation*, 191 F.R.D. 472, 479 (E.D. Pa. 1999). The typicality requirement has been liberally construed by the courts. *Scholes v. Stone*, 143 F.R.D. 181, 185 (N.D.I. 1992); *Mersay v. First Republic Corp.*, 43 F.R.D. 465, 468 (S.D.N.Y. 1968). Courts have uniformly held that claims and defenses are typical if they stem from the same event, practice, or course of conduct that forms the basis for the claims of the class and are based upon the same legal or remedial theory. *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992). The purpose of the typicality requirement is to assure that the interests of the named representative aligns with the interest of the class. Under the rule's permissive standards, representation claims are "typical" if they are reasonably coextensive with those of absent class members; they need not be substantially identical. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998). Petitioners and each EIC class member have been denied the full implementation of the earned income tax program as applied on Guam, including the Government's prohibition or prevention of EIC class members to file claims for earned income tax refunds and/or the Government's denial or failure to pay earned income tax refunds to otherwise qualified Guam taxpayers. The claims of the Petitioners are typical of the claims of the EIC class.

### 4. ADEQUACY

The fourth prerequisite for class certification is that the representative party will fairly and adequately represent the class. Parties are generally considered to be adequate representatives of absent class members if there are no conflicts of interest between the representatives and class members, and if the court is persuaded that counsel for the representatives will vigorously pursue the action. A class representative must be part of the class and possess the same interest and suffer the same injury as the class members. *East Tex. Motor Freight System, Inc. v. Rodriguez*, 431 U.S. 395, 403, 97 S.Ct. 1891, 1896 52 L.Ed.2d 706 (1974). The representation is "adequate" if the attorney representing the class is qualified and competent and the class representatives are

not disqualified by interests antagonistic to the remainder of the class. *Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978). To determine whether there is "adequacy of representation, the Ninth Circuit asks two questions: (1) Do the representative plaintiffs and their counsel have any conflicts of interest with other class members, and (2) will the representative plaintiffs and their counsel prosecute the action vigorously on behalf of the class. *Staton v. Boeing Company,* 327 F.3d 938, 957 (9th Cir. 2003). Petitioners and each EIC class member possess the same interest in recovering earned income tax credits and in compelling the implementation of the earned income tax credit program. Petitioners and each EIC class member have suffered the same injury. No conflicts of interest exist between the Petitioners and their counsel and the EIC class members. The Petitioners, directly and through qualified and competent counsel, have vigorously pursued this action on behalf of themselves and the class members, as is demonstrated by the case histories, followed by the submission of the instant Settlement Agreement

**B. Rule 23(b) criteria**

Maintenance of this action as a class action is permitted pursuant to Rule 23(b) based upon the following: (i) the minimal interest of members of the EIC class in individually controlling the prosecution of separate actions; (ii) the extent and nature of the litigation concerning the controversy already commenced by members of the Petitioners; (iii) the desirability of concentrating the litigation of the claims in this Court; (iv) the difficulties unlikely to be encountered in the management of this class action; (v) the interest of the Petitioners and the EIC class members in avoiding inconsistent rulings regarding the Respondents' conduct; (vi) the questions of law or fact common to the members of the EIC Class predominate over any questions affecting only individual members, and, (vii) this class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## IV. CONCLUSION

For the reasons stated herein, the Petitioners respectfully request that the Court grant conditional certification of the EIC class for settlement purposes.

Respectfully submitted this 11th day of August, 2006.

**PHILLIPS & BORDALLO, P.C.**

By: _____
MICHAEL F. PHILLIPS, ESQ.

*Attorneys for Petitioner Julie Babauta Santos and Lead Counsel*

**LUJAN AGUIGUI & PEREZ LLP**

By: _____
PETER C. PEREZ, ESQ.

*Attorneys for Plaintiff Charmaine R. Torres*