

The Law Offices of
# PHILLIPS & BORDALLO
A Professional Corporation
410 West O'Brien Drive, Suite 102 Hagåtña, Guam 96910-5044
Tel: (671) 477-ABCD (2223) • Fax: (671) 477-2FAX (2329)
" I Erensia, Lina'la', Espiritu-ta"

FILED
DISTRICT COURT OF GUAM
AUG 11 2006 nbo
MARY L.M. MORAN
CLERK OF COURT

Attorneys for Petitioner
Julie Babauta Santos

### DISTRICT COURT OF GUAM
### TERRITORY OF GUAM

| | |
|---|---|
| JULIE BABAUTA SANTOS, *et al.*, <br><br> Petitioners, <br> -v- <br> FELIX P. CAMACHO, *et. al.* <br><br> Respondents. | Civil Case No. 04-00006 <br><br> **AMENDED MOTION OF PETITIONER JULIE BABAUTA SANTOS FOR APPOINTMENT OF LEAD CLASS COUNSEL (AMENDING DOCKET NO. 275)** |
| CHARMAINE R. TORRES, *et al.*, <br><br> Plaintiffs, <br> -v- <br> GOVERNMENT OF GUAM, *et al.*, <br><br> Defendants. | **CLASS ACTION** <br><br> Civil Case No. 04-00038 |
| MARY GRACE SIMPAO, *et al.*, <br><br> Plaintiffs, <br> -v- <br> GOVERNMENT OF GUAM, <br><br> Defendant. <br> -v- <br> FELIX P. CAMACHO, Governor of Guam, <br><br> Intervenor-Defendant. | Civil Case No. 04-00049 |

ORIGINAL

Petitioner Julie Babauta Santos, individually and on behalf of the all those similarly situated (hereinafter "EIC Class"), through her attorneys of record Phillips and Bordallo, P.C., by Michael F. Phillips, Interim Class Counsel, hereby submits this Amended Motion for the Appointment of Lead Class Counsel (Amending Docket No. 275), pursuant to Federal Rules of Civil Procedure Rule 23(g). This motion is supported by the Points and Authorities below, the Amended Declaration of Interim Class Counsel Michael F. Phillips, filed concurrently herewith, the record in this case, and any arguments that may be heard at a hearing, if any, on this matter.

By this motion, Petitioner Julie Babauta Santos moves the Court for appointment of Michael F. Phillips, Esq., as lead class counsel for the EIC Class.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. BACKGROUND

The background of this matter is set forth in various filings in this case, most recently in the May 26, 2006 Joint Motion of the Santos and Torres Parties for Preliminary Approval of Class Action Settlement Agreement, and in the preliminary recitations of the May 26, 2006 Settlement Agreement itself ("Settlement Agreement") (see Settlement Agreement at 1-5).

### II. ARGUMENT

**A. Pursuant to FRCP Rule 23(g), Petitioner Requests the Appointment of Attorney Michael F. Phillips as Class Counsel.**

The Federal Rules of Civil Procedure Rule 23(g) requires that this Court appoint lead class counsel who must fairly and adequately represent the interests of the class. The Court previously designated Attorney Michael F. Phillips of the law offices of

Phillips & Bordallo, P.C. as Interim Counsel for the EIC Class. Petitioner now requests the Court issue an Order appointing Attorney Michael F. Phillips as Lead EIC Class Counsel.

According to Rule 23(g), the "attorney appointed to serve as class counsel must fairly and adequately represent the interests of the class." 23(g)(1)(B). The Court must consider "the work counsel has done in identifying or investigating potential claims in the action, counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action, the resources counsel will commit to representing the class, and counsel's knowledge of the applicable law." 23(g)(1)(C)(i). This Court may also consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class. 23(g)(1)(C)(ii).

Michael F. Phillips is a local attorney from Guam, raised in the village of Santa Rita. He has worked his entire legal career here on Guam. Attorney Phillips attended Cathedral Grade School in Hagåtña, Mount Carmel School in Agat, and in 1980 graduated from George Washington High School in Mangilao. Phillips immediately entered the University of Guam, and received his B.A. in Economics from the University of Hawaii at Manoa in 1984. He then attended the University of California at Los Angeles (UCLA) and received his Degree of Juris Doctor (JD) in 1987. See Amended Declaration of Interim Class Counsel Michael F. Phillips in Support of Amended Motion for Appointment of Lead Class Counsel ("Phillips Decl.") (filed concurrently herewith) par. 3-4. Phillips immediately returned to Guam and after completing a clerkship with the Superior Court of Guam, began the practice of law in 1988. He is licensed to practice in all courts on Guam, and before the Court of Appeals for the Ninth Circuit.

Phillips has extensive experience in criminal defense and civil litigation, and continues to represent clients before the Superior Court of Guam, District Court of Guam, Supreme Court of Guam, and Ninth Circuit Court of Appeals. Phillips Decl, Par. 5.

Phillips was the first and most likely still the only attorney on Guam to win a "not guilty by reason of entrapment" defense case before a jury in the Superior Court of Guam, and did so very early in his career. Phillips has defended many cases before juries, including murder and other first-degree felony matters. He has served as lead counsel in a number of lengthy jury trials, and has successfully defended and argued many "high profile" criminal and civil cases before the Supreme Court of Guam, District Court of Guam, and Ninth Circuit Court of Appeals. Phillips served as lead counsel in the Chamorro Land Trust case, the first court case televised live from the Superior Court of Guam. Supreme Court justices and judges of the Superior Court continue to request Attorney Phillips handle many of the more serious and sensitive court appointed criminal cases. Phillips Decl, Par. 6.

Attorney Phillips has served as lead counsel in a number of extremely complex cases involving many thousands of discovery documents. Phillips was lead counsel for EIE International in <u>EIE Guam Corporation, et al. v. The Long Term Credit Bank of Japan, et al.</u>, District Court of Guam Civil Case No. 00-00009, a complex international civil case with claims totaling in the hundreds of millions of dollars which commenced in the Superior Court and ended in the District Court of Guam. He was also lead counsel for the defense, representing one of two defendants in a recent discovery-intense case involving multi-million dollar claims, <u>Western Systems, Inc., Guam Cable TV, Southern media, Inc., Lee M. Holmes, Joan S. Holmes, Pacific Color Press, Holmes Management</u>

Company, Holmes Cliff Corporation, Holmes Enterprises and Guam Radio Services, Inc. v. Atkins Kroll, Inc., F/K/A Atkins (Guam) Ltd., and Aon Insurance Micronesia (Guam) Inc., F/K/A Atkins Kroll Insurance, Inc. CV1314-01. Additionally, Phillips has served as local counsel on other occasions for off-island firms. Phillips Decl, Par. 7.

For over a decade, Phillips has continuously represented legislative committees or offices, and, likewise, has extensive experience representing other governmental entities. Phillips served as counsel to the Territorial Board of Education and Department of Education. This involvement with the day-to-day operations of government has contributed to his extensive knowledge and experience dealing with government-related claims, government revenue projections, cash flow, debt, accounts, and the manner in which the executive branch receives and pays out tax dollars. Phillips Decl, Par. 8.

Phillips' *pro bono* service to the community is matched by few, if any, in the Guam Bar. Phillips has contributed an enormous amount of his time to direct legal representation of those that could not otherwise afford legal services. In the early 1990's, Phillips hosted a Chamorro radio talk show wherein he explained the law and answered questions for the Chamorro speaking population. Phillips served as an instructor of law for the University of Guam, and for eleven years as a volunteer coach for high school mock trial, while one year coaching his team to second place in the entire United States. Phillips Decl, Par.9.

Phillips is extremely active in civic and political organizations on Guam. Democrats have three times elected him as their party chair, and Phillips remains the youngest person ever elected to such a position on Guam. Phillips is the President of

the George Washington High School Class of 1980 Alumni Association and the first recipient of the University of Guam Alumni Association's "Achiever Award." He has received numerous awards and legislative commendations, including repeated recognition for his pro bono work and success in a number of landmark cases. Pacific Magazine, a regional publication, has recognized Phillips' performance as an attorney on a number of occasions. Phillips Decl, Par. 10.

In the class action case of <u>Rios et al. v. Ada, et al.</u>, respondents argued the Court should consider counsel's political notoriety and disapprove the appointment of Phillips & Bordallo as class counsel. While rejecting respondents' arguments, the Superior Court certified Phillips & Bordallo as class counsel and commented on the firm's qualifications:

> Here, it is true Petitioner's counsel successfully completed a wide-sweeping class action, namely, the Chamorro Land Trust Act, against Governor Ada, but they also represent various government entities in this administration. (Petitioner's Reply Memorandum in Support of Class Certification and Attorneys' Fees, filed 15 March 1994, p. 9.) They have been in practice together for five years and have appeared in this court on a wide variety of causes. It is not likely that the political affiliations of the Petitioner and class counsel will undermine the counsel's impartiality and performance. Additionally, Petitioner's counsel already successfully argued what both sides concede to be the main issue of this case on 20 December l993. The decision by the Court illustrates counsels' competence in handling the type of litigation involved and their motivation in spite of additional political commitments.

Special Proceedings Case No. SP0206—93 (Decision and Order, August 8, 1994) p. 8.

As can be seen from the Superior Court of Guam's Decision and Order, as far back as a decade ago the Interim Class Counsel and his law firm had already developed a reputation for pursuing similar causes. More importantly, on at least one

occasion, Guam Courts have certified Attorney Phillips and Phillips & Bordallo, P.C. as class counsel after entertaining objections and arguments from respondents and defendants. Phillips & Bordallo pursued the above class action in the Superior Court of Guam for over a decade and have battled three separate administrations on behalf of the class they represent. Phillips Decl, Par. 11.

Attorney Phillips has filed various lawsuits over the last seventeen (17) years representing the public interest, various causes, and on behalf of himself, individual petitioners, or on behalf of a class of claimants. These cases include successful claims for arguably hundreds of millions of dollars worth of land for the indigenous Chamorros of Guam, and the Cost Of Living Allowance case (Rios, et al. v. Ada, et al.) estimated to entitle the class to over One Hundred Million Dollars (resulting in summary judgment in favor of class). Phillips has prosecuted cases against numerous developers to enjoin the desecration of Chamorro burial remains, various FOIA actions against the Government of Guam, and a large number of constitutional (Organic Act) cases. Phillips' civil litigation experience includes the following:

> Vicente C. Pangelinan, Senator, Individually and on behalf of the People of Guam v. Carl T.C. Gutierrez, Governor; John F. Tarantino, Attorney General of Guam, Guam Memorial Hospital Authority; Ann A. Muna, James Stadler, M.D., Rosemarie Trapp, Bevan Geslanie, M.D., Annie Make Peace and Edward M. Calvo, in their capacities as members of the Guam Memorial Hospital Authority Board of Trustees and Lillian P. Posadas, in her capacity as Acting Hospital Administrator, Special Proceedings Case No. SP86-00 (Case brought on behalf of Senator and People of Guam to authorize the hiring of nurses at Guam Memorial Hospital);
>
> Angel Santos and The Chamorro Nation v. Joseph F. Ada, Governor of Guam, SP83-92 (Claim by Chamorro people of Guam resulting in landmark decision mandating grant of tens of thousands of acres formerly in possession of the federal government and Government of Guam);

Celestine C. Babauta, individually and on the behalf of all persons similarly situated; Estate Of Lorenzo C. Rosario by Lorenzo C. Rosario, Jr. and Judy M. Rosario; and Estates Of Bernabe And Trinidad Paulino by Ana Paulino Mafnas v. Government Of Guam, SP0339-96 (Action to force Government of Guam to pay for lands taken for easements);

Thomas C. Ada, Senator v. Guam Telephone Authority, Paul D. Untalan, Leslie D. Moreno, Pedro R. Martinez, Edward L.G. Aguon, Nora P. Hitosis, Rena B. Wang, and Roman L. Cepeda, personally and in their capacities as members of the Guam Telephone Authority Board of Directors, and Vicente M. Camacho, personally and in his capacity as the Guam Telephone Authority General Manager, SP265-96 (Prosecution of taxpayer's action to enjoin Guam Telephone Company from expending local tax dollars in the CNMI and for the return of tax dollars improperly spent);

Vincente C. Pangelinan, Senator, and Joseph C. Wesley, Mayor, on behalf of themselves and all those similarly situated v. Carl T.C. Gutierrez, Govenor, Y'Asela A. Pereira, Treasurer, the Government of Guam, and Does 1 through 10, SP73-98 (Case filed on behalf of Senator, Mayor, and those similarly situated to block construction of incinerator);

Pacita Aguon v. Carl T.C. Gutierrez, Governor of Guam, Michael J. Reidy, Acting Director of Administration; Y'Asela A. Pereira, Treasurer of Guam; John H. Rios, Director of the Governement of Guam Retirement Fund; Gerald S.A. Perez, Odilla M. Bautista, Jennifer Muna-Aguon, Mark J. Heath and Paul M. Untalan, in their capacities as members of the Trustees of the Government of Guam Retirement Fund, and Does 1 through 50, inclusive, SP207-97 (Class action prosecuted attempting to secure statutory supplement for retirees);

Vicente C. Pangelinan and Joseph C. Wesley v. Carl T.C. Gutierrez, et al, Guam Resources Recovery Partners, SP 0212-00 (Taxpayers' case brought against government and large developer to enjoin the expenditure of millions in tax dollars on an incinerator contract);

Ignacio Tainatongo, et al. v. Territorial Board of Education, et al., SP114-95, CV1383-95, CV1856-95, SP24-96 (Successfully defended constitutionality of an elected school board resulting in landmark decision authorizing residents of Guam to elect representatives to school board);

Gloria B. Nelson, et al, v. Gus Diaz, Attorney General of Guam, et al., SP 254-98 (Landmark decision wherein Phillips successfully argued legislation violated Organic Act of Guam resulting in court ruling that children of Guam have a right to public education); and

Ignacio J. Pangelinan, a.k.a. "Ike Pangelinan," on behalf of himself and all Government of Guam Employees v. Carl T.C. Gutierrez, I Maga'lahi; John F.

Tarantino, Attorney General of Guam; and Rosie R. Tainatongo, Direktora, Depattamenton Edukasion, SP98-00 (Prosecution of case attempting to enjoin Executive Order preventing government employees from speaking to Legislature). Phillips Decl, Par. 12.

Phillips has spent virtually all his career defending clients prosecuted by the government and representing petitioners against the government. Phillips takes cases most attorneys will not accept without payment, and at times is the only attorney able and willing to represent the "underdog" or litigants involved in controversial cases. He has represented plaintiffs against every sitting Governor of Guam since his admission to the practice of law approximately seventeen (17) years ago. As a result of his success as an attorney, Mayors and Senators of both political parties have retained Phillips' services for both consultation and litigation. Large, international, multi-billion dollar corporations have retained Phillips to represent them in court and in negotiations with the Government of Guam (e.g. AT&T, Yamaha Motors of Japan, Aon Insurance Company). Both Republican and Democratic Senators (and their legislative committees) have utilized Phillips' services for over a decade in every capacity ranging from the initiation of law suits to the conducting of oversight and investigative hearings. He has represented former Governors and Lt. Governors, and, just last year, filed an action against the Governor of Guam on behalf of the Republican Lt. Governor of Guam and the Office of the Lt. Governor of Guam. The Lt. Governor and his Office subsequently retained Phillips to defend them against the Governor in an expedited appellate case before the Supreme Court of Guam. See In Re Request of Governor Felix P. Camacho Relative to the Interpretation and Application of §§ 6 and 9 of the Organic Act of Guam, Supreme Court Case No. CRQ04-01 (2004). Phillips also recently successfully defended the former Director of the Retirement Fund (the co-

defendant to the former Governor of Guam) against criminal charges in a high profile case resulting in the dismissal of the entire indictment against both defendants based on his pre-trial arguments before the Superior Court. See People of Guam v. Gutierrez and Rios, Superior Court Criminal Case No. CF0216-04, now on appeal before the Supreme Court of Guam. Phillips Decl, Par. 13.

The law offices of Phillips & Bordallo researched and followed the EIC developments at the Department of Revenue and Taxation, Supreme Court of Guam, and the Guam Legislature from early 1998 to the present. Initially, Interim Class Counsel intended to file this action in 1998 and then learned the administration at the time intended to (and did) pay some EIC refunds that year for tax year 1997, reversing their policy position and appearing to commit to compliance with EIC mandates. Since then, the Guam Legislature has mandated and authorized payment of the refunds on a yearly basis. In 2001, the Guam Legislature sued the Governor of Guam in the Supreme Court and received a declaratory judgment interpreting the EIC program as applicable to Guam. Phillips Decl, Par. 14.

Nevertheless, even after allowing applications for EIC refunds for tax year 1997 and 1998, and after the Supreme Court of Guam held in In re Request of I Mina Bente Singko Na Liheslaturan Guahan Relative to the Application of the Earned Income Tax Credit Program to Guam Taxpayers, 2001 Guam 3 (2001) that the substantive provisions of the Internal Revenue Code referenced in the Organic Act, including the EIC, must be applied in mirrored fashion to Guam, and that the Governor is required to enforce and administer the EIC, the Government of Guam still failed to implement EIC and pay earned income tax refunds. Phillips Decl, Par. 15.

Although Phillips was not involved in an official capacity during the Supreme Court case above, he had the benefit of presentations by both sides of the argument, attended the hearing, reviewed all submissions and briefs, listened to arguments, and reviewed the Supreme Court decision. As can be seen from the Supreme Court decision, the issues and facts involved in that case are similar if not identical to the issues presented in this class action. Phillips Decl, Par. 16.

Before completing the original June 14, 2004 settlement agreement in this case, the Interim Class Counsel obtained information regarding the current Government of Guam deficit, debt, cash shortfall, economic and cash flow projections, and other information relating to the Government's ability to pay past refundable earned income tax refunds and commence full payment of all future refunds (e.g. GPA expected bond payments and projected individual taxpayer refunds). Phillips Decl, Par. 17.

At the time of the original settlement negotiations in 2004, the cash deficit of the Government of Guam was estimated to be in excess of Two Hundred Million Dollars ($200,000,000). Respondent Governor Camacho described the state of government finances in 2003 as a "crisis," and, while bracing our people for further reductions in services and government employment, stated "The harsh reality of our economy and our government's financial state leaves us no choice. Our community must begin to understand that government cannot be all things to all people. . . ." State of the Island Address, May 13, 2003. Phillips Decl, Par. 18.

In 2003, the administration had to reduce government spending by an estimated Eighty Four Million Dollars ($84,000,000). In order to avoid "payless paydays" and the financial collapse of the Government, the Legislature and Governor increased the Gross

Receipts Tax ("GRT") by 50%. The administration implemented a reduced 32-hour work week for most line agency employees of the Government of Guam. Taxpayers continued to wait for individual tax refunds not paid in years because of the unavailability of government revenue. As of January 2004, the Government was still attempting to make payments on individual tax refunds for tax years 2000 and 2001. Making matters worse, the Legislature and Governor terminated the additional stream of government revenue in early 2004 resulting from the tax increase by repealing the 50% GRT increase. Phillips Decl, Par. 19.

Except for one payment shortly after a gubernatorial election, the Government has not paid EIC refunds in nearly a decade. In fact, while misleading taxpayers in 1998 by including a section on tax forms for EIC application, the Government still failed to pay out the refunds. The Government had opposed paying the EIC since the middle 1990's. The Government's responses, whether in public, the Supreme Court of Guam, or even in the District Court, included defenses of the lack of federal or local appropriations (unfunded mandate), the financial inability of the Government to pay the EIC refunds, a lack of Congressional intent to have the EIC applicable to Guam, the EIC is inorganic as it undermines the Government's ability to control expenditures as provided in section 1423j of the Organic Act, statute of limitations issues, challenges to the Supreme Court of Guam's jurisdiction, the supremacy of local tax commissioner Revenue Rulings, and allegations that a remedy could not be secured from the District Court of Guam because it is not an Article III court. After the initial pleadings in this action (Civ. Case No. 04-00006) and a Scheduling Conference, it appeared that the

Government of Guam intended to vigorously challenge the success of this class action. Phillips Decl, Par. 20.

It was within this climate of financial crisis that the Interim Class Counsel negotiated and completed in 2004 the initial settlement of $60 million plus full implementation of the EIC program estimated to cost the government an additional $15 to $20 million each year for subsequent years. Phillips Decl, Par. 21. Interim Class Counsel defended the 2004 settlement agreement as providing a resolution of claims in the best interest of the EIC Class. Shortly after Petitioner moved the Court for approval of the Administration Plan and other procedural issues, Respondent Governor and Respondent Directors made appearances to vacate the preliminary approval of the original settlement agreement. Respondent Governor and Respondent Directors asserted a variety of legal arguments ranging from statute of limitation concerns to the lack of legislative appropriation. Phillips Decl. Par. 22.

The Interim Class Counsel continued to defend the legality of the settlement agreement in the interests of the EIC Class. During this period, Respondent Governor and the Office of the Attorney General also entered into a conflict over the legal authority of the first-elected Attorney General of Guam. In the best interests of the EIC Class, Interim Class Counsel agreed to enter Mediation with all Respondents, including the Attorney General, in the hope that all legal issues could be resolved in favor of furthering payments of EIC to the EIC Class. Phillips Decl. Par. 23. This resulted in June 20, 2005 Settlement Agreement. Again, Interim Class Counsel extensively researched the financial condition of the government, sought and utilized expert assistance, including continued discussions with administrators from the Department of

Revenue and Taxation, and participated in Mediation with an experienced negotiation team capable of analyzing and discussing all outstanding legal and economic issues, and, most importantly, resolving such issues in favor of the EIC Class. Phillips Decl, Par. 24.

Interim Class Counsel believes the proposed Settlement is in the best interests of the EIC Class. The Settlement Agreement will provide for $90 million to be paid to the EIC Class, including the assurance of an immediate reservation of at least $15 million. The proposed Settlement Agreement also provides for the full implementation of the EIC beginning with tax year 2005 and includes relief to EIC claimants for tax years 1995 and 2004. Phillips Decl. Par. 25.

After the Court consolidated Case Nos. 04-00006, 04-00038, and 04-00049 in March 2006 for pre-trial purposes, it granted the Governor of Guam's request for mediation under Local Rule 16.6. *See* Order Re: Settlement Conference Pursuant to Local Rule 16.6 (March 21, 1006). The parties agreed on a mediator (the Hon. William J. Cahill, Ret. Judge) and engaged in extensive mediation; however, only parties to the *Santos* and *Torres* actions were able to successfully reach a settlement, which then resulted in execution of a new Settlement Agreement presented to the Court on May 26, 2006.

Compared to the settlement reached in the *Santos* case on June 20, 2005, the May 26, 2006 Settlement Agreement involves parties to both the *Santos* and *Torres* actions. It was the result of mediation held in Guam over three (3) full days, from April 6-8, 2006, before a distinguished JAMS mediator, the Hon. William J. Cahill. The agreement enlarges the putative class that will benefit from the settlement while

providing enhanced benefits to the putative class compared to the benefits provided for under the 2005 settlement.

The May 26, 2006 Settlement Agreement provides immediate relief and creates an enforceable entitlement to a stream of payments to be made by the Government of Guam to qualified taxpayers. The Settlement Agreement will provide for $90+ million to be paid to the EIC Class. The proposed Settlement Agreement also provides for the full implementation of the EIC beginning with tax year 2005. The May 26, 2006 Settlement Agreement is summarily discussed in the Joint Motion of the *Santos* and *Torres* Parties for Preliminary Approval of the Settlement Agreement, filed on or about May 26, 2006.

Considering the longstanding failure of the Government of Guam to not only pay refundable earned income tax refunds, but to even recognize the applicability of the program and to allow applications for the credit, the May 26, 2006 Settlement Agreement demonstrates the competency and ability of the Interim Class Counsel to provide fair and exemplary representation of the interests of the EIC Class, and also exemplifies the significant and valuable contributions of counsel for the *Torres* parties, the Lujan Aguigui & Perez firm, in connection with reaching a fair and just settlement for the EIC class.

Even if settlement had not proceeded in this class action, Interim Class Counsel was prepared early on to try this matter. He successfully negotiated an expedited trial schedule with the Government of Guam in 2004. During a Scheduling Conference, he informed this Court that he was prepared to file a Motion for Summary Judgment. However, soon after the expedited scheduling order was issued by this Court, an apparent change in policy by the administration occurred, and meaningful settlement

negotiations commenced resulting in the initial settlement agreement of June 14, 2004. Another settlement agreement followed on June 20, 2005, as discussed above, and finally the May 26, 2006 settlement agreement was entered into which included the parties the *Torres* Action (Civ. Case. No. 04-00038) and benefited from the contributions of Plaintiff Torres and her counsel. Phillips Decl. Par. 28.

The performance of Interim Class Counsel throughout this case demonstrates he possesses now and has possessed throughout this litigation the requisite competence, experience, dedication, knowledge, training, interest, objectivity and resources to adequately litigate the claims and defenses raised by the parties to this class action. Phillips Decl. Par. 29.

Interim Class Counsel prosecuted this action from its inception and settled the action on three separate occasions, and has always acted in the best interests of the EIC Class. As provided above, Interim Class Counsel tracked the progress of the EIC program for years before filing Civ. Case No. 04-00006, and extensively worked to identify and investigate all claims.

Interim Class Counsel has remained and will continue to remain steadfast in defending the best interests of the EIC Class, and expended, and will continue to expend, the resources necessary to obtain the benefits due EIC claimants under the law. From the inception of this action through the negotiation and execution of three separate complex settlement agreements, Interim Class Counsel has demonstrated considerable and superior knowledge of the applicable law in this action. Phillips Decl. Par. 30.

On the basis of the above and the entire record in this case, Petitioner submits that Interim Class Counsel's ability to fairly and adequately represent the interests of the EIC Class is unmistakable. Petitioner respectfully requests the appointment of the Interim Class Counsel as Lead Class Counsel for the EIC Class.

### III. CONCLUSION

Based on the foregoing, Petitioner respectfully requests that this Court appoint Interim Class Counsel Attorney Michael F. Phillips of Phillips & Bordallo, P.C. as Lead Class Counsel, pursuant to FRCP Rule 23(g). Interim Counsel Phillips has demonstrated throughout this matter that he will continue to fairly and adequately represent the interests of the EIC Class.

Respectfully submitted this 11th day of August, 2006.

**PHILLIPS & BORDALLO, P.C.**
Attorneys for Petitioner
Julie Babauta Santos

By: _____
Michael F. Phillips, Esq.