1 | Counsel appearing on following page

**FILED**

DISTRICT COURT OF GUAM

AUG 25 2006

MARY L.M. MORAN
CLERK OF COURT

2

3 | DISTRICT COURT OF GUAM

4 | TERRITORY OF GUAM

5 | JULIE BABAUTA SANTOS, *et al.,*

Civil Case No. 04-00006

6 |     Petitioners,

7 |   v.

8 | FELIX P. CAMACHO, *et al.,*

    Respondents.

9

10 | CHARMAINE R. TORRES, *et al.,*

Civil Case No. 04-00038

11 |     Plaintiffs,

12 |   v.

13 | GOVERNMENT OF GUAM, *et al.,*

    Defendants.

14

15 | MARY GRACE SIMPAO, *et al,*

Civil Case No. 04-00049

16 |     Plaintiffs,

17 |   v.

**SIMPAO PLAINTIFFS'
OPPOSITION TO PETITIONER
SANTOS' AMENDED MOTION
FOR APPOINTMENT OF LEAD
COUNSEL**

18 | GOVERNMENT OF GUAM,

19 |     Defendant,

  v.

20 | FELIX P. CAMACHO, Governor of Guam

21 |     Intervenor-Defendant.

22

23

24

25

OPPOSITION TO SANTOS' AMENDED
MOTION FOR APPOINTMENT AS
LEAD COUNSEL

VAN DE VELD SHIMIZU CANTO & FISHER
East Marine Corps Drive
Hagatna, Guam 96910
Tel. 671.472.1131
Fax 671.472.2886

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
Tel. 206.682.5600
Fax 206.682.2992

Case 1:04-cv-00006   Document 354   Filed 08/25/2006   Page 1 of 26

ORIGINAL

1  VAN DE VELD SHIMIZU CANTO & VAN DE VELD
   Suite 101 Dela Corte Bldg.
2  167 East Marine Corps Drive
   Hagåtña, Guam 96910
3  671.472.1131

4  TOUSLEY BRAIN STEPHENS PLLC
   Kim D. Stephens, P.S., WSBA #11984
5  Nancy A. Pacharzina, WSBA #25946
   1700 Seventh Avenue, Suite 2200
6  Seattle, Washington 98101
   206.682.5600
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

OPPOSITION TO SANTOS' AMENDED        VAN DE VELD SHIMIZU CANTO & FISHER        TOUSLEY BRAIN STEPHENS PLLC
MOTION FOR APPOINTMENT AS            East Marine Corps Drive                  1700 Seventh Avenue, Suite 2200
25 LEAD COUNSEL                      Hagatna, Guam 96910                      Seattle, Washington 98101-1332
                                     Tel. 671.472.1131                        Tel. 206.682.5600
                                     Fax 671.472.2886                         Fax 206.682.2992

Case 1:04-cv-00006    Document 354    Filed 08/25/2006    Page 2 of 26

# I. INTRODUCTION

Petitioner Santos' counsel, Michael Phillips, has yet again wrongly asked this Court to appoint him lead counsel for the putative class(es) represented in the consolidated actions listed above. His motion is inappropriate at this time given the Court has not requested applications for lead counsel. Further, his motion goes beyond the scope of "supplemental" briefing requested by the Court. (*see Order,* J. Martinez, July 19, 2006, Docket No. 339, requesting supplemental briefing on five given motions only, none of which are motions for appointment of lead counsel).

In any event, Phillips' request to be appointed lead counsel should be denied because he has repeatedly demonstrated he is inadequate to serve as class counsel. His pleadings have failed to meet threshold requirements of tax cases and class actions; he has failed to comply with basic class action procedures; his irregular conduct during settlement has resulted in an inadequate and suspect settlement unsupported by any documentation; and his poor judgment and political tactics have caused recovery for the class to be delayed for almost two years. In addition, Phillips failed to protect important rights of all class members and failed to work cooperatively with other class counsel. The Court should deny his request to be appointed class counsel.[1]

---

[1] Where more than one counsel seeks the appointment, the Court should control the timing for submittal and format of applications for lead counsel. Manual for Complex Litigation (hereinafter "Manual") § 21.273 at 348. Should the Court wish to consider overall appointment of lead counsel at this time, counsel for the *Simpao* plaintiffs request the opportunity to make application. It should also be noted, however, counsel's qualifications and request to be appointed lead counsel is already before the Court in Simpao's Motion for class certification filed July 5, 2005 in the Simpao action prior to consolidation.

VAN DE VELD SHIMIZU CANTO & FISHER
East Marine Corps Drive
Hagatna, Guam 96910
Tel. 671.472.1131
Fax 671.472.2886

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
Tel. 206.682.5600
Fax 206.682.2992

## II. FACTS RELEVANT TO LEAD COUNSEL DETERMINATION

Phillips filed the *Santos* action February 12, 2004 -- three years after the Guam Supreme Court held the Earned Income Tax Credit (EITC) program applied on Guam.[2] Inexplicably, the action he filed sought recovery of EITCs only for tax years 1998–2003. It did not cover EITC claimants for tax years 1995–1997, nor claimants for 2004 and future tax years. It did not allege exhaustion of administrative remedies for either the named plaintiff or the class. *See Santos v. Camacho*, CV 04-00006 at Docket No. 1.[3]

Less than four months after he filed the petition, with no discernable discovery, and while the Governor was off-island, Phillips negotiated a settlement with the Lieutenant Governor that committed the Government of Guam to pay out $60 million and awarded Phillips $6 million in attorneys' fees.[4] Phillips had recently represented the Lieutenant Governor in a struggle with Governor Felix Camacho over the powers of the Office of Lieutenant Governor. See *In re Request of Governor Felix P. Camacho*, 2004 Guam 10, 2004 WL 1293239 (Sup. Ct. Guam 2004). Furthermore, at the same time he was negotiating the *Santos* settlement, Phillips was the lone bidder for a legal services contract to become the Lt Governor's permanent legal counsel. *See Decl. of Curtis C. Van de veld In Support Of Simpao Plaintiffs' Opposition To Petitioner*

---

[2] *See Class Action Petition for Recovery of Income Tax Refunds, CV04-00006, Docket No. 1; see also In re Request of I Mina'Bente Sing'Kona Liheslaturan Guahan Relative to the Application of the Earned Income Tax Credit Program to Guam Taxpayers ("the EIC question")*, 2001 Guam 3, 2001 WL 113985 (Sup. Ct. Guam 2001).

[3] On December 3, 2004, Plaintiffs Mary Grace Simpao and Christina Naputi filed a separate complaint. Prior to filing the complaint, Simpao counsel Van de veld Shimizu Canto & Van de veld associated with Tousley Brain Stephens PLLC, a Seattle, Washington firm with a national reputation for complex class action litigation. *See Simpao v. Guam, Docket No. 1.* Unlike Santos', Simpao's complaint also sought recovery for tax years 1995, 1996, and 1997. Additionally Simpao, also unlike Santos, pled and established jurisdiction, standing, and interest in each class year. Simpao sought relief for each year, sought a mechanism for making claims, sought adequate individual notice for each class year, sought payment of EIC refunds for each year, and enforcement of the EIC program in future years.

[4] *Id* at Docket No. 14, Order Granting Prelim. Approval of Class Action Settlement entered June 17, 2005 with Settlement Agreement attached (hereinafter, *Santos I*).

1 | *Santos' Amended Motion For Appointment Of Lead Counsel* (hereinafter referred to as *"Van de*

2 | *veld Decl."*) at "Exhibit A," KUAM Television News Station Reports.

3 |      Phillips, the Lieutenant Governor and the Attorney General announced *Santos I* in the

4 | press on Sunday, June 13, 2004. See *Van de veld Decl.* at "Exhibit B," KUAM Television News

5 | Station Report. The next day on June 14, 2004, they submitted a Stipulated Order of Preliminary

6 | Approval to the federal court. The settlement agreement attached to the Stipulated Order

7 | contained a provision that Phillips be awarded 10% of the recovery as attorneys' fees ($6 million

8 | dollars).

9 |      On June 17, 2004, the Court conducted what Phillips refers to as a "settlement

10 | conference" with Phillips, the Lieutenant Governor and the Attorney General. At the conclusion

11 | of the meeting, the magistrate signed a Stipulated Order Granting Preliminary Approval of Class

12 | Action Settlement. Phillips' fee in the attached settlement agreement, however, was now crossed

13 | out and replaced with a provision that the Court would determine attorneys' fees.[5]

14 |      The next day (June 18, 2004), Phillips submitted a separate stipulation signed by the

15 | Attorney General awarding himself $6 million dollars in attorney's fees. *Santos v. Camacho* at

16 | Docket No. 16. That Order was signed by Magistrate Manibusan and entered in the *Santos*

17 | action on June 24, 2004. *Id.* At this time, no class had been certified and Phillips had never

18 | moved for or been appointed lead counsel. No motion for attorneys' fees compliant with Federal

19 | Rules Of Civil Procedure (FRCP) Rule 23(h)(1) or 54(d)(2) had ever been filed.

20 |      *Santos I* provided for notice to the class solely through publication (one notice per week

21 | for three weeks) even though the parties fully acknowledged the Respondent had mailing

22 | addresses on file for the putative class claimants. *Santos I* at p. 17, ¶ V.2. The notice Phillips

23 |

---

[5] *Santos v. Camacho* at Docket No. 14, Order Granting Prelim. Approval of Class Action Settlement entered

24 | June 17, 2004 with Settlement Agreement attached. See *Van de veld Decl.* at "Exhibit C" for relevant page.

25 | OPPOSITION TO SANTOS' AMENDED MOTION FOR APPOINTMENT AS LEAD COUNSEL

VAN DE VELD SHIMIZU CANTO & FISHER
East Marine Corps Drive
Hagatna, Guam 96910
Tel. 671.472.1131
Fax. 671.472.2886

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
Tel. 206.682.5600
Fax 206.682.2992

Page 3    Case 1:04-cv-00006    Document 354 Filed 08/25/2006    Page 5 of 26

1   allowed to be published was inaccurate in several respects. The notice told class members they

2   would recover approximately 50% of their claim when, for some years, *Santos I* provided for

3   would be less than 20% recovery. *See Van de veld Decl.* at "Exhibit D," "Notice Of Class Action

4   And Proposed Settlement," Pacific Sunday News, June 27, 2004. It also incorrectly stated the

5   class had already been certified. *Id.* Additionally, although he held himself out as class counsel,

6   Phillips provided no contact information for himself and directed class members' inquiries to the

7   Respondent. *See Id.*

8       On July 14, 2004, after two motions to intervene had highlighted Phillips' numerous

9   errors, Phillips filed a belated motion to be appointed class counsel and re-requested his already

10  court-approved award of attorney fees. *Memorandum Of Points And Authorities In Support For*

11  *Petitioner's Motion For An Order Appointing Class Counsel*, CV04-00006, Docket No. 45. In

12  his words, he did so because "a number of attorneys are seeking to intervene and share in any

13  recovery" and he wanted "to ensure a clear record in this matter." *Id.* at p. 4. In his motion,

14  Philips acknowledged the parties had failed to accomplish even the minimal notice they had

15  promised (it was published only once) and now realized individual notice "would be best for all

16  parties involved." *Id.* at p. 24; see *Stipulation Of The Parties Regarding Additional Notices To*

17  *The Class*, CV04-00006, Docket No. 40. In addition, he obtusely acknowledged it necessary to

18  "clarify" the false information in the first *Santos* notice (i.e., that the class had been certified and

19  that the Court had already approved the attorneys' fee award) in order to now comply with the

20  Federal Rules of Civil Procedure. *Id.* at p. 24. The revised notice Phillips proposed, however,

21  still contained a statement that the Court had "preliminarily" approved a 10% attorney fee and

22  lists Phillips as "counsel" for the class. *See* CV04-00006, Docket No. 45 at Exhibit A. The

23  revised notice did not inform class members they could enter an appearance in the action through

24  ~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

25  OPPOSITION TO SANTOS' AMENDED          VAN DE VELD SHIMIZU CANTO & FISHER      TOUSLEY BRAIN STEPHENS PLLC
    MOTION FOR APPOINTMENT AS              East Marine Corps Drive                 1700 Seventh Avenue, Suite 2200
    LEAD COUNSEL                           Hagatna, Guam 96910                     Seattle, Washington 98101-1332
                                           Tel. 671.472.1131                       Tel. 206.682.5600
                                           Fax 671.472.2886                        Fax 206.682.2992
    Page 4   Case 1:04-cv-00006      Document 354      Filed 08/25/2006      Page 6 of 26

counsel if they desired, nor did it inform the class there were two motions for intervention pending which cited deficiencies in the settlement. *Id.* The Court signed an order appointing Phillips interim class counsel on July 16, 2004. CV04-00006, Docket No. 54. The Court took no action on Phillips' second motion for attorneys' fees.

By this time, two competing class actions had been filed in response to the inadequacies of *Santos I* (the *Simpao*[6] *and Torres* actions now consolidated here), and the Governor was expressing his procedural concerns with the settlement. The Governor sought to investigate the circumstances under which *Santos I* had been reached. He was told by the Attorney General, "there is no written documentation regarding the history of the negotiations leading up to the Settlement Agreement." See *Amended Memorandum Of Points And Authorities In Support Of Opposition To Petitioner's Motion For The Approval Of The Administrative Plan*, CV04-00006, Docket No. 102, at p. 4 (hereinafter, "*Gov's Opp. To Settlement*").

In an attempt to cure defects in the settlement, Phillips filed a motion for approval of a purported "Administrative Plan" that was, in reality, a revised settlement agreement. See *Van de veld Decl.* at 'Exhibit E," Correspondence between the Office of the Governor and the Attorney General's Office, dated September 16, 2004, referring to the Administrative Plan as "a new settlement under the guise of an administrative plan."

The Governor then appeared in the *Santos* action with his own counsel, Calvo and Clark, to oppose the settlement. See *Gov's Opp. To Settlement*. He noted the following defects:

    1.     The settlement was illegal because it was contrary to Guam's Illegal Expenditures Act, 5 G.C.A. § 22401, prohibiting an officer of the Government from obligating the Government to pay money in advance of an appropriation made by the Legislature for such purpose;

---

[6] See *Complaint*, Simpao v. Govt. of Guam, CV04-00049, Docket No. 1, found at "Exhibit F" of *Van de veld Decl.*

OPPOSITION TO SANTOS' AMENDED
MOTION FOR APPOINTMENT AS
LEAD COUNSEL

VAN DE VELD SHIMIZU CANTO & FISHER
East Marine Corps Drive
Hagatna, Guam 96910
Tel. 671.472.1131
Fax 671.472.2886

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
Tel. 206.682.5600
Fax 206.682.2992

Page 5   Case 1:04-cv-00006   Document 354   Filed 08/25/2006   Page 7 of 26

1    2.    The complaint was insufficient to establish jurisdiction because it did not allege

2    exhaustion of administrative remedies; and

3    3.    Any approval of an "administrative plan" was improper unless and until final

4    approval was given to the settlement.

5    4.    Additional defects noted by the Governor included:

     • Numerous deficiencies in the notice;

6    • Attorney's fees had been resolved by stipulation as opposed to by motion and

7    were disproportionately high ($6 million), given Plaintiff's counsel had done

8    nothing but file a complaint and negotiate a settlement in less than a day;

9    • A noticeable lack of adversarial proceedings prior to settlement including a

10   complete lack of discovery regarding the value of the claims;

11   • Conflicts within the class between members whose claims were time-barred

12   and those whose were not;

13   • The settlement was substantively unfair given claimants would receive only

14   50% of the EITCs due (if that); and

15   • Attorney's fees were guaranteed regardless of how many members opted out

16   of the settlement.

17   *See Gov's Opp. To Settlement, passim.*

18   Phillips negotiated with the government again, this time with the Governor. As a result,

19   Phillips and the Governor came to the Court on June 20, 2005, with a new class action petition

20   and a second settlement agreement (See *Declaration Of Rodney J. Jacob In Support Of Joint*

21   *Motion For Preliminary Approval Of Settlement Agreement* at Exhibit 2, entitled "Settlement

22   Agreement" [hereinafter referred to as "*Santos II*"]), but not before the unincluded Simpao

23   Plaintiffs defeated a motion to dismiss for lack of jurisdiction and failure to state a claim on

24

OPPOSITION TO SANTOS' AMENDED
MOTION FOR APPOINTMENT AS
LEAD COUNSEL

VAN DE VELD SHIMIZU CANTO & FISHER
East Marine Corps Drive
Hagatna, Guam 96910
Tel. 671.472.1131
Fax 671.472.2886

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
Tel. 206.682.5600
Fax 206.682.2992

Page 6    Case 1:04-cv-00006    Document 354    Filed 08/25/2006    Page 8 of 26

1   March 17, 2005.[7] The amended *Santos* petition now alleged exhaustion of administrative

2   remedies but did not explain how Plaintiffs had done so. CV04-00006, Docket No. 210. This

3   new petition and settlement included tax year 1995, but recoveries for tax years 1996, 1998,

4   1999, and 2000 *actually decreased* compared to *Santos I*. Tax year 1997 was still not included.[8]

5   *Id.*

6          The new settlement changed few, if any, of the defects previously noted by the Governor

7   and Plaintiffs and added new ones:

8                  • The Court still had no jurisdiction over much of the class as it included

9                     claimants who had not filed tax returns;

10                 • The class remained internally conflicted between time-barred and non-time-

                      barred class members;
11
                   • The funding mechanism contained the same objectionable and illegal features
12
                      as in *Santos I;* and
13
                   • The settlement was substantively unfair with drastically discounted refund
14
                      amounts of the EITCs due (if that).

15         This time, the parties filed a joint motion for preliminary approval as opposed to a

16  stipulated order and, as required by the *Santos II* agreement, Phillips filed a motion for

17  conditional certification of a settlement class. CV04-00006, Docket Nos. 211 & 212.

18         There was no indication that Phillips had attempted to discover or estimate the actual

19  damage suffered by the class, and to the very present Phillips has neglected to so investigate.

20  See, e.g., *Amended Declaration of Interim Class Counsel Michael F. Phillips in Support of*

21  _____

22  [7] See *Order*, J. Lew, Mar. 15, 2005, Dist. Ct. of Guam, Simpao v Govt. of Guam, CV04-00049, Docket No. 53,
    found at "Exhibit G" of *Van de Veld Decl.*

23  [8] Other defects associated with Santos II are presented in Simpao's Objections to Santos III. As noted in that
    pleading, there is not much difference between Santos II and III. See *Supplemental Filing In Opposition To*
    *Preliminary Approval Of Class Action Settlement*, CV06-00004, Docket No. 345.
24

25  OPPOSITION TO SANTOS' AMENDED          VAN DE VELD SHIMIZU CANTO & FISHER    TOUSLEY BRAIN STEPHENS PLLC
    MOTION FOR APPOINTMENT AS              East Marine Corps Drive               1700 Seventh Avenue, Suite 2200
    LEAD COUNSEL                           Hagatna, Guam 96910                   Seattle, Washington 98101-1332
                                           Tel. 671.472.1131                     Tel. 206.682.5600
                                           Fax 671.472.2886                      Fax 206.682.2992
    Page 7   Case 1:04-cv-00006    Document 354    Filed 08/25/2006    Page 9 of 26

1  *Amended Motion for Appointment of Lead Class Counsel (Amending Docket No. 276)*, CV04-
2  00006, Docket No. 349, *passim*.

3      Although the Governor signed on to the settlement, this time it was the Attorney General
4  who did not. The Attorney General then opposed the settlement.

5      In the meantime, Simpao continued to litigate her case and, on June 15, 2005, the Court
6  granted Simpao partial summary judgment.[9] The Court ruled the EITC applies to Guam and,
7  under the circumstances present here, the Plaintiffs had exhausted administrative remedies by
8  filing tax returns. The court directed Simpao to file a motion to certify the class. *Order* [for
9  partial summary judgment], at 13. Simpao filed a motion for class certification on July 5, 2005.
10  CV04-00049, Docket No. 107.

11      At this point, the EITC litigation disintegrated into a morass of procedural battles
12  centered around the battle between the Attorney General and the Governor for control of the
13  action and the various procedural postures of the three pending class actions.

14      Ultimately, the Court ordered the cases consolidated and stayed them all until such time
15  as it could rule on the dispute between the Attorney General and the Governor. See CV04-
16  00006, *Santos v. Camacho*, Docket No. 299. Despite the stay, however, the Court did direct the
17  petitioners to file motions for appointment of lead counsel. *Santos v. Camacho*, Docket No. 300.
18  In response, the Governor requested and was granted time to conduct a global settlement
19  conference. Phillips again failed to work cooperatively with the Simpao Plaintiff's counsel.

20      Phillips, with petitioner Torres' counsel and the Governor, have now filed a new
21  settlement (hereinafter referred to as "*Santos III*") substantively no different from *Santos II* with
22  the exception that class year 1997 is now included and Phillips has split part of the proposed fee

23  ────────────
[9] *Order* [granting partial summary judgment], J. Martinez, June 15, 2005, <u>Simpao v. Govt. of Guam</u>, CV04-00049,
    Docket No. 99, found at "Exhibit H" of *Van de veld Decl.*

24

OPPOSITION TO SANTOS' AMENDED          VAN DE VELD SHIMIZU CANTO & FISHER      TOUSLEY BRAIN STEPHENS PLLC
MOTION FOR APPOINTMENT AS              East Marine Corps Drive                 1700 Seventh Avenue, Suite 2200
LEAD COUNSEL                           Hagatna, Guam 96910                     Seattle, Washington 98101-1332
                                       Tel. 671.472.1131                       Tel. 206.682.5600
                                       Fax 671.472.2886                        Fax 206.682.2992
Page 8  Case 1:04-cv-00006    Document 354    Filed 08/25/2006    Page 10 of 26

award with counsel for Torres. See *Amended Declaration Of Daniel M. Benjamin In Support Of Joint Motion Of The Santos And Torres Parties For Preliminary Approval Of Class Action Settlement Agreement*, CV04-00006, *Santos v. Camacho*, Docket No. 324, at Exhibit 1. While wearing a mantle of procedural folly upon his shoulders, Phillips now asks this Court to officially appoint him lead counsel in this class action.

## III. ARGUMENT

### A.   Standard for Selection of Lead Counsel

An attorney appointed to serve as class counsel must be able to fairly and adequately represent the class. Fed. R. Civ. P.23(g)(1)(b). The Manual for Complex Litigation sets forth the following criteria for appointment of class counsel.

> In every case, the judge must inquire into the work counsel has done in investigating and identifying the particular case; counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action; counsel's knowledge of the applicable law; the resources counsel will commit to representing the class; and any other factors that bear on the attorney's ability to represent the class fairly and adequately. This last category may include the ability to coordinate the litigation with other state and federal class and individual actions involving the same subject matter..:

David F. Herr, *Manual for Complex Litigation* (4th ed. 2004) (hereinafter "Manual") § 21.271 at 345. The attorney seeking the appointment has the burden to prove he is both qualified and otherwise adequate.

The adequacy of counsel should be assessed at all stages of litigation. *See Key v Gillette*, 782 F.2d 5, 7 (1986). Counsel originally thought to be suitable may prove themselves unsuitable through their conduct. *Id.* (approving decertification of a class because previously accepted counsel's lackluster performance during trial reflected an inability to adequately protect the interests of the class).

OPPOSITION TO SANTOS' AMENDED
MOTION FOR APPOINTMENT AS
LEAD COUNSEL

VAN DE VELD SHIMIZU CANTO & FISHER
East Marine Corps Drive
Hagatna, Guam 96910
Tel. 671.472.1131
Fax 671.472.2886

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
Tel. 206.682.5600
Fax 206.682.2992

Page 9   Case 1:04-cv-00006   Document 354   Filed 08/25/2006   Page 9 of 26

1           Mistakes made by counsel in the early rounds of litigation can be indicative of

2 inadequacy. *Armstrong v. Chicago Park District*, 117 F.R.D. 623, 633 (N.D. Ill. 1987). Conduct

3 during settlement negotiations can be particularly relevant to an adequacy assessment. See *In re*

4 *General Motors Corp. Engine Interchange Litigation*, 594 f.2d 1106, 1121-1130 (7th Cir.1979).

5 In *General Motors,* the court identified several factors that may suggest representation of the

6 class during settlement negotiations is less than vigorous. They include: (1) Settlement reached

7 relatively early in the course of the action; (2) incomplete discovery; (3) counsel ill-informed

8 about the full value of the claims they were surrendering; (4) abandonment of some claims; and,

9 (5) failure to include all class counsel in negotiations. *Id.* [10]

10           At issue here is a tax refund case. There are few cases more procedurally difficult than a

11 tax refund class action as both tax cases and class actions present significant procedural hurdles.

12 These threshold requirements must be met to ensure the outcome is just and the effort put in to

13 resolve the matter is not wasted by subsequent reversal. Where government misconduct and

14 public funds are at issue, rigorous scrutiny is required. Phillips' record in this case cannot

15 withstand such scrutiny.

---

[10] This is one reason The Manual for Complex Litigation recommends the Court conduct a hearing to determine if a class action settlement is "within the range of possible approval" before authorizing notice to class members and conducting a full fairness hearing. *In re General Motors* at 1124, citing Manual § 1.46 at 53-54 (reversing approval of settlement based on irregularities in settlement negotiations). The Manual specifically advises:

> The judge should raise questions at the preliminary hearing and perhaps seek an independent review if there are reservations about the settlement, such as unduly preferential treatment of . . . segments of the class, inadequate compensation or harm to the class, the need for subclasses, or excessive compensation for attorneys. The parties then have an opportunity to resume negotiations in an effort to remove potential obstacles to court approval.

Manual, § 21.632 at 414.

OPPOSITION TO SANTOS' AMENDED
MOTION FOR APPOINTMENT AS
LEAD COUNSEL
Page 10

VAN DE VELD SHIMIZU CANTO & FISHER
East Marine Corps Drive
Hagatna, Guam 96910
Tel. 671.472.1131
Fax 671.472.2886

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
Tel. 206.682.5600
Fax 206.682.2992

Case 1:04-cv-00006    Document 354    Filed 08/25/2006    Page 12 of 26

**B. Phillips' Repeated Failure To Comply With Both Tax Litigation And Class Action Procedure Demonstrate He Is Inadequate Counsel**

1. The Santos I Complaint was fatally flawed

The complaint filed in *Santos* demonstrates Phillips did not adequately identify or investigate the potential claims in this action or develop an understanding of the applicable law. Fed. R. Civ. P. § 23(g)(1)(c)(i). While he claims to have prepared for years to bring an EITC action against the government, the action he actually filed evidences little attention to its procedural complexities. His complaint shows no attempt to meet the statutory requirements of a tax refund action as Santos never alleged she had filed tax returns for the relevant years or had otherwise met the exhaustion requirements of 26 U.S.C. § 7422. He also failed to define the class such that it could be alleged its members satisfied exhaustion requirements on a class-wide basis. Thus, the original *Santos* Petition would not have survived a motion to dismiss. *Cf., Order*, J. Lew, Mar. 17, 2005, *Simpao v. Guam*, CV04-00049, Docket No. 53 (denying Governor's motion to dismiss because Plaintiffs pled exhaustion).[12]

In addition, while claiming to represent all disadvantaged people of Guam, Phillips brought this important case with a class representative who apparently cannot represent all tax years at issue. As a result, when Phillips filed the complaint, he abandoned Guam citizens with EITC claims for tax years 1995-1997. Although tax year 1996 (but not 1995 or 1997) was eventually covered in the *Santos I* settlement (apparently at the request of government), there is no evidence Phillips sought relief on their behalf. "Counsel's choice of an incorrect opening date for a class period can seriously prejudice class members and has been considered by other courts

---

[12] *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) (Moreover, if the parties fail to raise the question of the existence of jurisdiction, the federal court has the duty to raise and resolve the matter. . . . "[T]he rule . . . is inflexible and without exception, which requires [a] court, of its own motion, to deny its jurisdiction, and, in the exercise of its appellate power, that of all other courts of the United States, in all cases where such jurisdiction does not affirmatively appear in the record") quoting *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702, 102 S. Ct. 2099 (1982).

OPPOSITION TO SANTOS' AMENDED MOTION FOR APPOINTMENT AS LEAD COUNSEL
Page 11

VAN DE VELD SHIMIZU CANTO & FISHER
East Marine Corps Drive
Hagatna, Guam 96910
Tel. 671.472.1131
Fax 671.472.2886

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
Tel. 206.682.5600
Fax 206.682.2992

Case 1:04-cv-00006    Document 364    Filed 08/25/2006    Page 13 of 26

1    as a factor justifying denial of class certification." *Armstrong v. Chicago Park Dist.*, 117 F.R.D.
2    623, 633 (N.D. Ill. 1987).

3        Finally, contrary to express statutory requirements, Phillips named the wrong party as a
4    defendant. Phillips named the Governor, the Attorney General, and two administrative
5    department heads, when the law expressly requires only "the government" can be named as a
6    defendant in tax refund actions. 26 U.S.C. § 7422(f)(1) (Internal Revenue Code), made
7    applicable by 48 U.S.C. §§ 1421i(a) & (h)(2) (Organic Act of Guam). Under normal
8    circumstances, this would be considered a hyper-technical criticism, but in this case, the error
9    arguably contributed to the resulting battle between the Governor and the Attorney General.

10       2.    The Procedural Irregularities In The Santos I Settlement Demonstrate Phillips Is
              Inadequate Counsel

11       More troubling than the deficiencies in his complaint is the poor judgment and disregard
12   for class action settlement procedure Phillips exhibited in securing court approval for *Santos I*.
13   Courts have long recognized these procedures are important.

14            a.    *Phillips' Conduct Regarding Fee Negotiations Were Improper.*

15       First, and most egregious, the available record indicates Phillips negotiated his fee at the
16   same time he negotiated the settlement for the class. The agreement executed by all parties on
17   June 14, 2004 and filed with the Court for preliminary approval contained a provision that
18   Phillips would receive 10% of the settlement fund. CV04-00006, Docket No. 14; see *Van de*
19   *veld Decl.* at Exhibit C. On June 17, 2004, apparently during the parties' meeting with the
20   Magistrate Judge, that provision was crossed over and replaced with the more proper wording
21   that the Court would determine appropriate fees. *Id.* Its presence in the original document and
22   the timing of its correction strongly suggest a prior agreement regarding fees had been reached
23   by the parties.

24
OPPOSITION TO SANTOS' AMENDED        VAN DE VELD SHIMIZU CANTO & FISHER        TOUSLEY BRAIN STEPHENS PLLC
MOTION FOR APPOINTMENT AS            East Marine Corps Drive                   1700 Seventh Avenue, Suite 2200
LEAD COUNSEL                         Hagatna, Guam 96910                       Seattle, Washington 98101-1332
                                     Tel. 671.472.1131                         Tel. 206.682.5600
                                     Fax 671.472.2886                          Fax 206.682.2992
Page 12 Case 1:04-cv-00006    Document 354    Filed 08/25/2006    Page 14 of 26

The Ninth Circuit has explained the problem with simultaneously negotiating attorney's fees with settlement terms.

> We cannot indiscriminately assume, without more, that the amount of fees have no influence on the ultimate settlement obtained for the class when, along with the substantive remedy issues, it is an active element of negotiation.

*Mendoza v. Tucson School Dist. No. 1*, 623 F.2d 1338, 1352 (9th Cir. 1980), citing *Prandini v. National Tea Co.*, 557 F.2d 1015, 1021 (3d Cir. 1977). *See also* H. Newberg & A. Conte, *Newberg on Class Actions* (4th ed. 2002) Newburg, § 15.31 at 108 (noting that where counsel has engaged in such conduct "the court would have the almost impossible task of deciding whether the class settlement was fair and adequate or whether it should have been increased by some or all of the funds allocated by the attorneys for fees."); *Knisley v. Network Associates, Inc.* 312 F.3d 1123, 1125 (9th Cir. 2002.) ("One risk of class action settlements is that class counsel may collude with the defendants, tacitly reducing the overall settlement in return for a higher attorney's fee.").

The *Mendoza* Court specifically noted that even if actual impropriety is not found, the Court has a "duty to see to it that the administration of justice has the appearance of propriety as well as being so in fact." Mendoza, 623 F.2d at 1353, n.20. Thus the Court has directed:

> The presence of simultaneously negotiated attorneys' fees should cause the court to examine with special scrutiny the benefits negotiated for the class. It would rarely be an abuse of discretion for a trial court to reject a settlement proposal where such combined negotiation took place.

*Id.* at 1353. Phillips' failure to secure a settlement for the class before he worried about his fees demonstrates he is inadequate counsel for this class.

Further, Phillips has never provided the Court with any of the indicia of reliability that might overcome the presumption of impropriety caused by his conduct. As the Attorney General

OPPOSITION TO SANTOS' AMENDED MOTION FOR APPOINTMENT AS LEAD COUNSEL

VAN DE VELD SHIMIZU CANTO & FISHER
East Marine Corps Drive
Hagatna, Guam 96910
Tel. 671.472.1131
Fax 671.472.2886

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
Tel. 206.682.5600
Fax 206.682.2992

Page 13

Case 1:04-cv-00006    Document 354    Filed 08/25/2006    Page 15 of 26

informed the Governor, "there is no written documentation regarding the history of the negotiations leading up to [Santos I]." *Gov's Opp. To Settlement*, CV04-00006, Docket No. 102, at p. 4. In addition, Phillips never provided the Court the information it needs to "examine with special scrutiny the benefits negotiated for the class" in any of the three settlements he has presented to this Court. The Manual expressly notes:

> Where settlement is proposed early in the litigation . . . consider asking counsel to provide complete and detailed information abut the factors that indicate the value of the settlement. Such factors include:
>
> -likelihood of success at trial;
>
> -likelihood of class certification;
>
> -status of competing or overlapping actions;
>
> -claimants damages and value of claims;
>
> -total present value of monetary and non-monetary terms;
>
> -attorneys fees;
>
> -cost of litigation; and
>
> -defendant's ability to pay.

Manual § 21.631 at 413.

Phillips claims he conducted research on these claims and the government's ability to pay the EIC but he has yet to even identify for the Court the full value of the class' EITC claims inclusive of interest. He has presented no analysis of what the government's actual outlay would be after the government accounts for all the offsets it has preserved in the settlement. He has simply accepted the government's representation that this is all it will pay.

Phillips' failure to provide any specific evidence as to the factors related to the reasonableness and adequacy of *Santos I, II* or *III*, especially in light of his inappropriate conduct

OPPOSITION TO SANTOS' AMENDED
MOTION FOR APPOINTMENT AS
LEAD COUNSEL

VAN DE VELD SHIMIZU CANTO & FISHER
East Marine Corps Drive
Hagatna, Guam 96910
Tel. 671.472.1131
Fax 671.472.2886

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
Tel. 206.682.5600
Fax 206.682.2992

Page 14

Case 1:04-cv-00006    Document 354    Filed 08/25/2006    Page 16 of 26

1   has produced a suspect settlement.  See *In re General Motors*, 594 F.2d at 128 (noting vigorous

2   representation is absent where counsel is ill informed about the value of the claims he is

3   surrendering). In providing no such evidence he has demonstrated his inadequacy to serve as

4   lead counsel.

5        Other conduct regarding the fee award in Santos I further demonstrates Phillips is

6   indifferent to or completely unaware of the duties he owes the class.  He inappropriately sought

7   and obtained approval of his proposed attorney fees without ever submitting a proper motion as

8   required by FRCP 23(h)(1). Thus, the class would have been deprived of any ability to scrutinize

9   the reasonableness of the fee.  Phillips also caused the first notice of the proposed settlement to

10  include a statement that his six million dollar fee award had already been approved by the Court.

11  Even after he acknowledged the Court would have to asses the reasonableness of fees at a final

12  fairness hearing, he still sought to give his fee request an imprimatur of reasonableness by

13  proposing a notice that said the Court had "preliminarily" approved his fee.  Phillips' complete

14  failure to follow procedures designed to mitigate the appearance of and actual potential for abuse

15  in the class action context (much less one involving precious government funds) makes him

16  unsuitable to serve as class counsel.

17          b.      *Conduct unrelated to fees also indicates Phillips is not likely to*
                    *adequately protect the interest of this class.*

18

19       In the *Santos I* notice, Phillips did not even identify himself and instruct class members to

20  contact him with their questions regarding the proposed settlement.  Instead he delegated to the

21  defendant his duty to inform and advise the class he claims to represent.  See Manual at § 21.641

22  at 416 ("Counsel must be available to answer questions from class members in the interval

23  between notice of the settlement and settlement hearing.")

24

OPPOSITION TO SANTOS' AMENDED       VAN DE VELD SHIMIZU CANTO & FISHER    TOUSLEY BRAIN STEPHENS PLLC
MOTION FOR APPOINTMENT AS           East Marine Corps Drive               1700 Seventh Avenue, Suite 2200
LEAD COUNSEL                        Hagatna, Guam 96910                   Seattle, Washington 98101-1332
                                    Tel. 671.472.1131                     Tel. 206.682.5600
                                    Fax  671.472.2886                     Fax  206.682.2992

25

Page 17  Case 1:04-cv-00006    Document 354    Filed 08/25/2006    Page 17 of 26

1  Further, Phillips' acquiescence to published notice versus individual notice belies any

2  vigor exercised on behalf of the class. Because class members will be bound by the judgment in

3  a class action, notice of impending settlement is crucial. The Supreme Court held that,

4  > in any class action maintained under subdivision (b)(3), each class
   > member shall be advised that he has the right to exclude himself
5  > from the action on request or to enter an appearance through
   > counsel, and further that the judgment, whether favorable or not,
6  > will bind all class members not requesting exclusion. To this end,
   > the court is required to direct to class members 'the best notice
7  > practicable under the circumstances including individual notice to
   > all members who can be identified through reasonable effort. We
8  > think the import of this language is unmistakable. Individual notice
   > must be sent to all class members whose names and addresses may
9  > be ascertained through reasonable effort.

10  *Eisen v. Carlisle and Jacquelin*, 417 U.S. 156, 173, 94 S. Ct. 2140, 2150 (1974). Phillips

11  apparently does not understand that class counsel, not defendant, has and will continue to have a

12  duty to ensure adequate informative interaction with the class throughout the settlement approval

13  process and through claims administration as well.

14  Phillips also failed to secure adequate treatment for tax year 2000 claims in the current

15  proposed settlement. As noted in the *Simpao* Plaintiff's opposition to this settlement, *Santos III*

16  treats year 2000 claims as if they are potentially time-barred when they are not. Other courts

17  have held mishandling of a limitations period reflects on the counsel's competence and diligence

18  in pursuing class claims. *Armstrong v. Chicago Park Dist.*, 117 F.R.D. 623, 633 (N.D. Ill. 1987).

19  This Court should hold the same.

20  Phillips' failure to include all class counsel in settlement negotiations also demonstrates

21  his inadequacy. See Manual at §21.271 at 345. The two class actions filed after Santos,

22  identified ways to strengthen the class' claims, yet Phillips refused to work cooperatively with

23

24

OPPOSITION TO SANTOS' AMENDED
MOTION FOR APPOINTMENT AS
25  LEAD COUNSEL

VAN DE VELD SHIMIZU CANTO & FISHER
East Marine Corps Drive
Hagatna, Guam 96910
Tel. 671.472.1131
Fax 671.472.2886

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
Tel. 206.682.5600
Fax 206.682.2992

Page 16

Case 1:04-cv-00006   Document 354   Filed 08/25/2006   Page 18 of 26

1    other class counsel, specifically rejecting the Simpao counsel's request to participate in the

2    negotiations that led to Santos II. As courts note:

3
4                . . . settlement negotiations with less than all class counsel
                weakens the class' tactical position even if the attorney who enters
5                into the negotiations attempts to represent the class' interest
                vigorously.

6
7    *In re General Motors,* 594 F.2d at 1125. Phillips repeated the mistake even after this Court made
     known its desire for a global settlement.

8
         In addition to not working with other class counsel, Philips also did nothing to protect the
9    class' claims from potentially adverse, if not fatal, rulings in the competing class actions. He

10   never moved to stay the competing actions in favor of *Santos* nor did he move to consolidate the

11   cases and seek to have himself appointed lead counsel. The latter failure is especially glaring

12   given he had the advantage of having been first to file and had what he claimed was a fair and

13   reasonable settlement. Instead, Phillips sat idly by while the government filed a motion to

14   dismiss in *Simpao*. Notably, if the government had succeeded in dismissing *Simpao* based on

15   lack of jurisdiction, *Santos I* would have been invalidated as well. The Court would have had no

16   jurisdiction to approve the settlement. *Cf., Order*, J. Lew, Mar. 17, 2005, *Simpao v. Guam*,

17   CV04-00049, Docket No. 53 (denying Governor's motion to dismiss for lack of jurisdiction); *see*

18   *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694 at 701,

19   102 S. Ct. 2099 (1982) (parties may not confer subject matter jurisdiction upon court via

20   settlement agreement where it does not otherwise exist). Phillips also took no action when

21   *Simpao* moved for summary judgment even though his client's claims would have been damaged

22   if *Simpao*'s motion had failed. Notably, Phillips and respondents now expressly attempt to rely

23   on holdings obtained in *Simpao* to claim this Court has jurisdiction over their flawed settlements.

24

OPPOSITION TO SANTOS' AMENDED          VAN DE VELD SHIMIZU CANTO & FISHER     TOUSLEY BRAIN STEPHENS PLLC
MOTION FOR APPOINTMENT AS              East Marine Corps Drive                1700 Seventh Avenue, Suite 2200
LEAD COUNSEL                           Hagatna, Guam 96910                    Seattle, Washington 98101-1332
                                       Tel. 671.472.1131                      Tel. 206.682.5600
25                                     Fax 671.472.2886                       Fax 206.682.2992
Page 17                                                                       

Case 1:04-cv-00006    Document 354    Filed 08/25/2006    Page 19 of 26

3.     The Apparent Political Manipulation Associated with the *Santos I* Settlement was not in the Best Interest of the Class

Based on the circumstances of the *Santos I* settlement, the Court can reasonably infer, and must at least consider the possibility, that Phillips used this class action as a political tool, putting the interest of certain political office holders ahead of the interest of the class. It does not take the benefit of 20/20 hindsight to know that entering a stipulated settlement creating a $60 million dollar liability for a cash-poor government without the knowledge or consent of the Governor is fraught with peril. Yet Phillips, along with the Lieutenant Governor and the Attorney General, hastily entered into and publicly announced a settlement in this matter while the Governor was off-island. Instead of using the strength of the EITC claims to ensure a secure settlement, he chose to negotiate with political opponents of the Governor, one of which was his client. Their collective actions placed the Governor in an untenable position politically. He either had to oppose the settlement publicly or allow his political opponents to (in his view) hamstring him financially. That tactic directly resulted in the political battle between the Governor and the Attorney General that has delayed relief for the class for over two years. It is difficult to believe Phillips was so insensitive to these political considerations when, by his own admission, he was thrice elected chair of the local Democratic party and is actively involved in Guam politics. See *Amended Motion Of Petitioner Julie Babauta Santos For Appointment Of Lead Class Counsel*, CV04-00006, Docket No. 348. Even if Phillips believed he had a better chance of securing a settlement from these political players than the Governor, the attempt to pull an end run around the Governor at best exhibited a profound lack of judgment. Had Phillips included the Governor from the outset, the EITC class might well be receiving their refunds today.

OPPOSITION TO SANTOS' AMENDED
MOTION FOR APPOINTMENT AS
LEAD COUNSEL

VAN DE VELD SHIMIZU CANTO & FISHER
East Marine Corps Drive
Hagatna, Guam 96910
Tel. 671.472.1131
Fax 671.472.2886

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
Tel. 206.682.5600
Fax 206.682.2992

Page 18

Case 1:04-cv-00006     Document 354     Filed 08/25/2006     Page 20 of 26

1   Phillips' imprudent tactics resulted in two years of delay in the refund of money to the

2   claimants while a completely unnecessary internecine struggle in the Government of Guam

3   unfolded, none of which would have happened if Phillips had included the Governor in his initial

4   settlement discussions. Had Phillips taken that course, the EITC class might well be receiving

5   their refunds today.

6       Phillips' long series of procedural irregularities demonstrate he cannot be relied on to

7   adequately represent the class. *See Wrighten v. Metropolitan Hospitals, Inc.*, 726 F.2d 1346,

8   1352 (9th Cir. 1984) (a trial court rightly considers the competency of counsel when determining

9   class certification) *and Fendler v. Westgate-California Corp.*, 527 F.2d 1168, 1170 (9th Cir.

10  1975) (one of the criteria for adequacy of representation would appear to be the zeal and

11  competence of the counsel and party who wish to prosecute the action.).

12      4.      Phillips' Prior Representation Fails To Support His Ability To Adequately
                Represent The Class And Demonstrates Phillips Has A Conflict Of Interest

13              a.      *Phillips' Class Action Experience.*

14      Mr. Phillips has cited his involvement in *Rios v. Ada et al.,* Superior Court of Guam,

15  SP0206-93, the only cognizable class action that Mr. Phillips has been counsel for, though Mr.

16  Phillips appears to be the only plaintiffs' counsel in the action.[13] In a case which has been slowly

17  litigated since 1993, Mr. Phillips seeks to recover a judgment for unpaid cost of living

18  adjustments to retirees from the government of Guam, in an amount seeking over a hundred

19  million dollars. Mr. Phillips let this class action languish for over 10 years now without the class

20  receiving any monetary relief from the government defendant, even failing to do as little as

21  change his individually named defendant Governors when they left office. Recently, Mr.

22  Phillips has seemingly resurrected this case from inactivity and is pursuing over a hundred

23  _____

24  [13] See *Van de Veld Decl.* at ¶ 4 (j).

25  OPPOSITION TO SANTOS' AMENDED          VAN DE VELD SHIMIZU CANTO & FISHER    TOUSLEY BRAIN STEPHENS PLLC
    MOTION FOR APPOINTMENT AS              East Marine Corps Drive               1700 Seventh Avenue, Suite 2200
    LEAD COUNSEL                           Hagatna, Guam 96910                   Seattle, Washington 98101-1332
                                           Tel. 671.472.1131                     Tel. 206.682.5600
    Page 19                                Fax 671.472.2886                      Fax 206.682.2992

    Case 1:04-cv-00006      Document 384      Filed 08/25/2006      Page 21 of 26

1 | million dollars from the same government in the EITC suit, which in both cases has claimed that
2 | either judgment rendered against the government would have catastrophic effects because the
3 | government claims it lacks the ability to pay either, a fact invariably conflicting with and
4 | impacting upon Mr. Phillips' resolve in his settlement negotiations over the amount of EITC
5 | refunds.

6 |      b.      *Other Cases Phillips Touts as Experience Deserving of Lead Counsel.*

7 |      Mr. Phillips lists several cases in his amended declaration in support of lead counsel that
8 | he holds out as examples of his experience and prowess which he believes qualify him for the
9 | role as the EITC class lead counsel. A review of the Superior Court of Guam court Dockets of
10 | nearly all these cases reveals that Phillips' reliance on any record of past accomplishment in these
11 | cases is embellished and altogether unfounded. See *Van de veld Decl.* at ¶ 4 (a) through (i).
12 | Many of the following cases cited by Phillips have languished without action for several years,
13 | and some have resulted in dismissals of Phillips' claims, hardly evidencing the vigor and
14 | diligence desired of lead counsel in this EITC tax refund class action. *Id.*

15 |

16 |                    **IV. CONCLUSION**

17 |      For all the reasons stated herein this Court should deny Phillips' motion to be appointed
18 | lead counsel. Should the Court desire to make a lead counsel appointment at this time, it should
19 | order such briefing. Alternatively, if the Court believes the record before it is adequate, it should
20 | appoint *Simpao* Plaintiffs' counsel as lead counsel for these consolidated class actions.

21 |

22 |

23 |

24 |

25 | OPPOSITION TO SANTOS' AMENDED
MOTION FOR APPOINTMENT AS
LEAD COUNSEL

VAN DE VELD SHIMIZU CANTO & FISHER
East Marine Corps Drive
Hagatna, Guam 96910
Tel. 671.472.1131

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
Tel. 206.682.5600

Page 20

Case 1:04-cv-00006      Document 384472.2856iled 08/25/2006      Page 22 of 26

Respectfully submitted this _25_ day of _August_, 2006.

VAN DE VELD SHIMIZU CANTO & FISHER

By: _Curtis Van de_

Curtis C. Van de veld

TOUSLEY BRAIN STEPHENS PLLC
Kim D. Stephens, P.S., *Pro Hac Vice*
Nancy A. Pacharzina, *Pro Hac Vice*

Attorneys for Plaintiffs Simpao, Naputi & Cruz

OPPOSITION TO SANTOS' AMENDED
MOTION FOR APPOINTMENT AS
LEAD COUNSEL

VAN DE VELD SHIMIZU CANTO & FISHER
East Marine Corps Drive
Hagatna, Guam 96910
Tel. 671.472.1131
Fax 671.472.2886

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
Tel. 206.682.5600
Fax 206.682.2992

Case 1:04-cv-00006    Document 334    Filed 08/25/2006    Page 23 of 26

# TABLE OF CASES AND AUTHORITIES

## CASES

Armstrong v. Chicago Park District, . . . . . 10, 11-12, 16
    117 F.R.D. 623 (N.D. Ill. 1987).

Eisen v. Carlisle & Jacquelin, . . . . . . . 16
    417 U.S. 156, 94 S.Ct. 2140 (1974)

Fendler v. Westgate-California Corp., . . . . . . 19
    527 F.2d 1168 (9th Cir. 1975)

In re General Motors Corp. Engine Interchange Litigation, . . . . 10, 15, 17
    594 F.2d 1106 (7th Cir.1979)

In re Request of Governor Felix P. Camacho Relative to the . . . 2
Interpretation and Application of Sections 6 and 9 of the
Organic Act of Guam,
    2004 Guam 10 (Sup. Ct. Guam 2004)

In re Request of I Mina' Bente Sing'ko Na Liheslaturan Guahan . . . 2
Relative to the Application of the Earned Income Tax Credit
Program to Guam Taxpayers,
    2001 Guam 3 (S.Ct. Guam 2001)

Insurance Corp. of Ireland, Ltd. v. Compagnie des . . . . . 11, 17
Bauxites de Guinee,
    456 U.S. 694, 102 S. Ct. 2099 (1982)

Key v Gillette, . . . . . . . 9
    782 F.2d 5 (1st Cir. 1986)

Knisley v. Network Associates, Inc. . . . . . . 13
    312 F.3d 1123 (9th Cir. 2002.)

Laughlin v. Kmart Corp., . . . . . . 11
    50 F.3d 871 (10th Cir. 1995)

Mendoza v. Tucson School Dist. No. 1, . . . . . . 13
    623 F.2d 1338 (9th Cir. 1980)

Prandini v. National Tea Co., . . . . . . 13
    557 F.2d 1015 (3d Cir. 1977)

<u>Wrighten v. Metropolitan Hospitals, Inc.</u>,    .    .    .    .    .    .    19
    726 F.2d 1346 (9th Cir. 1984)

## **STATUTES AND RULES**

26 U.S.C. § 7422(f)(1)    .    .    .    .    .    .    .    12

48 U.S.C. § 1421i(a)    .    .    .    .    .    .    .    12

48 U.S.C. § 1421i(h)(2)    .    .    .    .    .    .    .    12

Fed. R. Civ. P. § 23(g)(1)(b)    .    .    .    .    .    .    .    9

Fed. R. Civ. P. § 23(g)(1)(c)(i)    .    .    .    .    .    .    .    11

## **OTHER AUTHORITIES**

Herr, David F., *Manual for Complex Litigation*    .    .    .    .    .    9, 16
    (4th ed. 2004), § 21.271

Herr, David F., *Manual for Complex Litigation*    .    .    .    .    .    1
    (4th ed. 2004), § 21.273

Herr, David F., *Manual for Complex Litigation*    .    .    .    .    .    14
    (4th ed. 2004), § 21.631

Herr, David F., *Manual for Complex Litigation*    .    .    .    .    .    10
    (4th ed. 2004), § 21.632

Herr, David F., *Manual for Complex Litigation*    .    .    .    .    .    15
    (4th ed. 2004), § 21.641

Newberg, H. & Conte, A., *Newberg on Class Actions*    .    .    .    .    13
    (4th ed. 2002), § 15.31

Order, J. Lew, District Court of Guam Civil    .    .    .    .    .    7, 11, 17
    Case No. 04-00049, Mar. 17, 2005

Order, J. Martinez, District Court of Guam Civil
    Case No. 04-00049, June 15, 2005    .    .    .    .    .    8

**CERTIFICATE OF SERVICE**

I, CURTIS C. VAN DE VELD, certify that I caused a copy of the foregoing document here filed to be served on the following individuals or entities on August 25, 2006, via hand delivery at the following addresses:

Counsel for Petitioner
   Charmaine Torres
Peter C. Perez, Esq.
Lujan, Aguigui & Perez, LLP
Pacific News Bldg., Ste. 300
238 Archbishop Flores St.
Hagatna, Guam 96910

Counsel for Respondent
   Felix P. Camacho
Daniel M. Benjamin, Esq.
Calvo & Clark, LLP
655 S. Marine Corps Drive, Ste. 202
Tamuning, Guam 96913

Counsel for Respondent
   Felix P. Camacho
Shannon Taitano, Esq.
Office of the Governor of Guam
Governor's Complex
East Marine Corps Drive
Adelup, Guam 96910

Counsel for Respondents
   Artemio Ilagan and Lourdes Perez
Rawlen M.T. Mantanona, Esq.
Cabot Mantanona LLP
BankPacific Building, 2nd Floor
825 South Marine Corps Drive
Tamuning, Guam 96913

Counsel for Petitioner
   Julie Babauta Santos
Michael F. Phillips, Esq.
Phillips & Bordallo, P.C.
410 West O'Brien Drive
Hagatna, Guam 96910

Respectfully submitted this    25 August 2006.

VAN DE VELD SHIMIZU CANTO & FISHER
TOUSLEY BRAIN STEPHENS PLLC

Curtis C. Van de veld
Attorneys for Plaintiffs