1    Counsel appearing on following page

**FILED**

DISTRICT COURT OF GUAM

AUG 25 2006 ɱᵇ

MARY L.M. MORAN

CLERK OF COURT

2

3        DISTRICT COURT OF GUAM

        TERRITORY OF GUAM

4

5 JULIE BABAUTA SANTOS, *et al.,*

          Petitioners,

6

7      v.

FELIX P. CAMACHO, *et al.,*

8

          Respondents.

9

Civil Case No. 04-00006

10 CHARMAINE R. TORRES, *et al.,*

          Plaintiffs,

11

12      v.

GOVERNMENT OF GUAM, *et al.,*

13

          Defendants.

14

Civil Case No. 04-00038

15 MARY GRACE SIMPAO, *et al,*

16           Plaintiffs,

17      v.

18 GOVERNMENT OF GUAM,

19           Defendant,

     v.

20 FELIX P. CAMACHO, Governor of Guam

21           Intervenor-Defendant.

Civil Case No. 04-00049

**DECLARATION OF CURTIS C. VAN DE VELD IN SUPPORT OF SIMPAO PLAINTIFFS' OPPOSITION TO PETITIONER SANTOS' AMENDED MOTION FOR APPOINTMENT OF LEAD COUNSEL**

22

23

24

DECLARATION OF CURTIS C. VAN DE VELD IN SUPPORT OF OPPOSITION

**VAN DE VELD SHIMIZU CANTO & FISHER**
East Marine Corps Drive
Hagatna, Guam 96910
Tel. 671.472.1131
Fax. 671.472.2886

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
Tel. 206.682.5600
Fax 206.682.2992

25

Page 1   Case 1:04-cv-00006    Document 355    Filed 08/25/2006    Page 1 of 24

ORIGINAL

VAN DE VELD SHIMIZU CANTO & FISHER
Suite 101 Dela Corte Bldg.
167 East Marine Corps Drive
Hagåtña, Guam 96910
671.472.1131

TOUSLEY BRAIN STEPHENS PLLC
Kim D. Stephens, P.S., WSBA #11984
Nancy A. Pacharzina, WSBA #25946
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
206.682.5600

DECLARATION OF CURTIS C.
VAN DE VELD IN SUPPORT OF
OPPOSITION

VAN DE VELD SHIMIZU CANTO & FISHER
East Marine Corps Drive
Hagatna, Guam 96910
Tel. 671.472.1131
Fax 671.472.2886

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
Tel. 206.682.5600
Fax 206.682.2992

Page 2   Case 1:04-cv-00006    Document 355    Filed 08/25/2006    Page 2 of 24

## DECLARATION OF CURTIS C. VAN DE VELD

I, Curtis C. Van de veld, Esq., hereby declare and state the following under penalty of perjury:

1. I am an attorney for the Plaintiffs in the matter of Plaintiffs Mary Grace Simpao, et al., vs. Defendant Government of Guam and Intervenor-Defendant Felix P. Camacho, District Court of Guam Civil Case No. CIV04-00049;

2. The matters stated herein are based upon my personal knowledge or belief and as to those matters I swear that the extent of my knowledge is truthfully stated and as to those matters based on my belief, I believe those matters to be true. I further believe that, if I was called to give testimony upon the matters stated herein, I am competent to testify to those matters, the authentication of certain records having been established before my testimony;

3. I have read and reviewed the matters set forth in the *AMENDED DECALRATION OF INTERIM CLASS COUNSEL MICHAEL F. PHILLIPS IN SUPPORT OF AMENDED MOTION FOR APPOINTMENT OF LEAD CLASS COUNSEL (AMENDING DOCKET NO. 276)* (hereinafter "*Phillips Amend. Decl.*"); CV04-00006, Docket No. 349;

4. At ¶ 12 of *Phillips Amend. Decl.*, Mr. Phillips lists several cases that he holds out as examples of his experience and prowess which he believes qualify him as the EITC class lead counsel. I have reviewed the Superior Court of Guam court Dockets of nearly all these cases to reveal that Phillips' reliance on any record of past accomplishment in these cases is embellished and altogether unfounded. As shown below, many of the following cases cited by Phillips have languished without action for several years, and some have resulted in dismissals of Phillips' claims:

DECLARATION OF CURTIS C.
VAN DE VELD IN SUPPORT OF
OPPOSITION

VAN DE VELD SHIMIZU CANTO & FISHER
East Marine Corps Drive
Hagatna, Guam 96910
Tel. 671.472.1131
Fax 671.472.2886

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
Tel. 206.682.5600
Fax 206.682.2992

Page 3    Case 1:04-cv-00006    Document 355    Filed 08/25/2006    Page 3 of 24

1    (a) Mr. Phillips informs this court that he filed a suit titled *"Vicente C.*

2  *Pangelinan, Senator, Individually and on behalf of the People of Guam v. Carl T.C. Gutierrez, et*

3  *al.*, *SP0086-00*. However, Mr. Phillips neglects the fact that no law or rule authorizes him to act

4  in that matter for "the People of Guam." More importantly, shortly after this political suit was

5  commenced, the matter was dismissed with prejudice on April 20, 2000.

6    (b) Another case referenced by Mr. Phillips is the matter of *Angel Santos and the*

7  *Chamorro Nation v. Joseph F. Ada.* I reviewed this Docket that I received from the office of the

8  Clerk of Court, Superior Court of Guam, and it demonstrates that the matter was filed March 25,

9  1992, had some activity in late 1994 and early 1995 but has been dormant of any activity since

10  then. No Judgment has issued in that case, despite the assertion by Mr. Phillips that the case

11  produced a "landmark decision mandating grant of tens of thousands of acres ..."

12    (c) Mr. Phillips cites another matter of *Celestine C. Babauta, individually and on*

13  *behalf of all persons similarly situated ... vs. Government of Guam, SP0339-96.* I reviewed this

14  Docket that I received from the office of the Clerk of Court, Superior Court of Guam, and it

15  shows Mr. Phillips filed that action on December 31, 1996, some activity occurred through to

16  December 2002, however, since that time the case has had no activity. No Judgment has issued

17  in that case.

18    (d) In another matter cited, the case of *Vicente C. Pangelinan, Senator and*

19  *Joseph C. Wesley, Mayor, et al vs. Carl T.C. Gutierrez, et al, Special Proceedings Case No.*

20  *SP0073-98*, that matter was combined with SP0114-95, Civil Cases CV1383-95 and CV1856-95.

21  According my review of the court's files in those matters and Docket of those cases, the cases

22  have not had any court activity since February 4, 1998 and no judgment has issued in those

23  matters.

24

DECLARATION OF CURTIS C.
VAN DE VELD IN SUPPORT OF
OPPOSITION

VAN DE VELD SHIMIZU CANTO & FISHER
East Marine Corps Drive
Hagatna, Guam 96910
Tel. 671.472.1131
Fax 671.472.2886

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
Tel. 206.682.5600
Fax 206.682.2992

Page 4    Case 1:04-cv-00006    Document 355    Filed 08/25/2006    Page 4 of 24

(e) Another case touted by Mr. Phillips is the case of *Pacita Aguon v. Carl T.C. Gutierrez, et al., SP20797*. Mr. Phillips refers to that matter as "Class action prosecuted attempting to secure statutory supplement for retirees." I have reviewed this Docket from that matter and it indicates that case was filed on July 18, 1997, that the court issued a Decision And Order granting the Respondents' motion for summary judgment, a Judgment for Respondents rendering all other motions moot was filed on March 21, 2001, and at no time were issues of a class action addressed.

(f) In another example, Mr. Phillips filed several cases, SP0114-95, CV1383-95, CV1856-95 and SP0024-96, all of which were designed to challenge the constitutionality of the drawing of school districts based on the precept of 'one man – one vote.' The cases were eventually consolidated for hearing and the court found that the manner of the districting violated law. Despite orders from the court for Respondents to submit redistricting plans, none were filed. Thereafter, then Judge Gatewood became Associate Justice Gatewood and the cases have been inactive since 1998. No judgment has been entered in those cases.

(g) Another case Mr. Phillips holds out as part of his record (See *Phillips Amend. Decl.* at ¶ 7) is *Western Systems, Inc. et al. vs. Atkins Kroll, Inc., et al. Civil Case No. CV1314-01*. Mr. Phillips claims that the case was a discovery intensive case involving multi-million dollars claims. I have reviewed the Docket of that matter which discloses that the Complaint was filed August 1, 2001, and on October 30, 2003 was dismissed with prejudice by stipulation (each party bearing their own costs) while many depositions and discovery motions were pending.

(i) In another case offered by Phillips, *Ignacio J. Pangelinan et al. vs. Carl T.C. Gutierrez, et al., SP0098-00*, the matter was dismissed under a Judgment entered on April 9,

DECLARATION OF CURTIS C.
VAN DE VELD IN SUPPORT OF
OPPOSITION

VAN DE VELD SHIMIZU CANTO & FISHER
East Marine Corps Drive
Hagatna, Guam 96910
Tel. 671.472.1131
Fax 671.472.2886

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
Tel. 206.682.5600
Fax 206.682.2992

Page 5    Case 1:04-cv-00006    Document 355    Filed 08/25/2006    Page 5 of 24

1  2001, holding that plaintiff not recover from his complaint and that the issues raised had become

2  moot.

3  (j) Finally, Mr. Phillips has cited his involvement in *Rios v. Ada et al., SP0206-*

4  *93*, the only cognizable class action that Mr. Phillips has been counsel for, though Mr. Phillips

5  appears to be the only plaintiffs' counsel in the action. In a case which has been slowly litigated

6  since 1993, Mr. Phillips seeks to recover a judgment for unpaid cost of living adjustments to

7  retirees from the government of Guam, in an amount seeking over a hundred million dollars.

8  Mr. Phillips let this class action languish for over 10 years now without the class receiving any

9  monetary relief from the government defendant, even failing to do as little as change his

10  individually named defendant Governors when they left office. Recently, Mr. Phillips has

11  seemingly resurrected this case from inactivity and is pursuing over a hundred million dollars

12  from the same government in the EITC suit, which in both cases has claimed that either

13  judgment rendered against the government would have catastrophic effects because the

14  government lacks the ability to pay either, a fact invariably conflicting with and impacting upon

15  Mr. Phillips' resolve in his settlement negotiations over the amount of EITC refunds.

16

17  5.  I declare and attest that "Exhibit A" attached to this Declaration are true and

18  correct copies of KUAM Television Station News Reports downloaded from the KUAM internet

19  website (www. KUAM.com) of three separate news stories entitled:  "Lieutenant Governor still

20  negotiating legal representation" dated June 18, 2004; "Lieutenant Governor's Office still

21  working out detail with single legal services bidder" dated June 22, 2004; and "Lieutenant

22  Governor reportedly in final stages of negotiations with legal counsel" dated July 2, 1994;

23

24  ~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

DECLARATION OF CURTIS C.       VAN DE VELD SHIMIZU CANTO & FISHER    TOUSLEY BRAIN STEPHENS PLLC
VAN DE VELD IN SUPPORT OF      East Marine Corps Drive              1700 Seventh Avenue, Suite 2200
25 OPPOSITION                  Hagatna, Guam  96910                 Seattle, Washington 98101-1332
                               Tel. 671.472.1131                    Tel. 206.682.5600
                               Fax  671.472.2886                    Fax  206.682.2992
Page 6  Case 1:04-cv-00006      Document 355      Filed 08/25/2006      Page 6 of 24

1    6.    I declare and attest that "Exhibit B" attached to this Declaration is a true and

2    correct copy of a KUAM Television Station News Report downloaded from the KUAM internet

3    website (www. KUAM.com) of a news story entitled "Acting Governor, Attorney General

4    announce EITC will be paid over six years" dated June 13, 2004;

5    7.    I declare and attest that "Exhibit C" attached to this Declaration is a true and

6    correct copy of page 21 of the "Settlement Agreement" which is attached as Exhibit A to the

7    *Order Granting Preliminary Approval of Class Action Settlement* entered June 17, 2004, in

8    District Court of Guam Civil Case No. CV04-00006, *Santos v. Camacho* at Docket No. 14;

9    8.    I declare and attest that "Exhibit D" attached to this Declaration is a true and

10   correct copy of page 25 of the edition of the Pacific Sunday News newspaper published June 27,

11   2004 and entitled "Notice Of Class Action And Proposed Settlement";

12   9.    I declare and attest that "Exhibit E" attached to this Declaration is a true and

13   correct copy of correspondence between the Office of the Governor and the Attorney General's

14   Office, dated September 16, 2004, referring to the Administrative Plan as "a new settlement

15   under the guise of an administrative plan.";

16   10.    I declare and attest that "Exhibit F" attached to this Declaration is a true and

17   correct copy of the *Complaint* filed in <u>Simpao v. Govt. of Guam</u>, District Court of Guam Civil

18   Case No. CV04-00049, Docket No. 1;

19   11.    I declare and attest that "Exhibit G" attached to this Declaration is a true and

20   correct copy of the *Order* [denying motion to dismiss], issued by Judge Ronald Lew on March

21   15, 2005 in District Court of Guam Civil Case, <u>Simpao v Govt. of Guam</u>, No. CV04-00049,

22   Docket No. 53;

23

24

DECLARATION OF CURTIS C.
VAN DE VELD IN SUPPORT OF
OPPOSITION

VAN DE VELD SHIMIZU CANTO & FISHER
East Marine Corps Drive
Hagatna, Guam 96910
Tel. 671.472.1131
Fax 671.472.2886

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
Tel. 206.682.5600
Fax 206.682.2992

Page 7    Case 1:04-cv-00006    Document 355    Filed 08/25/2006    Page 7 of 24

12.     I declare and attest that "Exhibit H" attached to this Declaration is a true and correct copy of the *Order* [granting partial summary judgment], issued by Judge Ricardo. Martinez on June 15, 2005 in District Court of Guam Civil Case <u>Simpao v. Govt. of Guam</u>, No. CV04-00049, Docket No. 99;

13.     I declare and attest that "Exhibit I" attached to this Declaration is a true and correct copy of *Plaintiffs' Motion For Class Certification*, filed on July 5, 2005 in District Court of Guam in Civil Case No. 04-00049.


        FURTHER DELCARANT SAYETH NAUGHT this Friday, August 25, 2006 at Hagåtña, Guam, swearing and affirming the foregoing is true.

                              By: _____
                                  Curtis C. Van de veld

DECLARATION OF CURTIS C.
VAN DE VELD IN SUPPORT OF
OPPOSITION

VAN DE VELD SHIMIZU CANTO & FISHER
East Marine Corps Drive
Hagatna, Guam 96910
Tel. 671.472.1131
Fax 671.472.2886

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
Tel. 206.682.5600
Fax 206.682.2992

Page 8    Case 1:04-cv-00006    Document 355    Filed 08/25/2006    Page 8 of 24

# EXHIBIT A

Print this story

# Lieutenant Governor still negotiating legal representation

**by Ken Wetmore, KUAM News**
**Friday, June 18, 2004**

The Office of the Lieutenant Governor is still in negotiations for the services of an attorney. The Lieutenant Governor's Office only received one bidder on their request for proposal for legal services in May. While the Lieutenant Governor's Office hasn't revealed whom the proposal came from, saying procurement law bars them from answering that question, Attorney Mike Phillips says his law firm submitted the bid.

Phillips says while his firm has not dropped its proposal negotiations are not actively ongoing. According to news files the Lieutenant Governor's Office is contending since both the Superior and Supreme courts have found the Office of the Lieutenant Governor to be an individual entity outside of the Governor's Office, the Lieutenant Governor should have his own attorney to represent and give legal advice to his office.

**Copyright © 2000-2006 by Pacific Telestations, Inc.**

Print this story

Print this story

# Lieutenant Governor's Office still working out detail with single legal services bidder

**by Ken Wetmore, KUAM News**
**Tuesday, June 22, 2004**

The Office of the Lieutenant Governor still has to finalize negotiations with the single bidder on a request for proposal for an attorney to represent the office. Lieutenant Governor's spokesperson Phil Roberto would only say on the matter that negotiations are ongoing.

While the Lieutenant Governor's Office would not reveal who the single bidder is, KUAM News has confirmed with Attorney Mike Phillips that his law firm was the lone bidder. The original deadline to turn in proposals was May 7, but the request for proposal had to be extended to May 19, when there were no takers for the original RFP.

The Lieutenant Governor's Office is contending since both the Superior and Supreme courts have found the Office of the Lieutenant Governor to be an individual entity outside of the Lieutenant Governor, he should have his own attorney to represent and give legal advice to his office.

**Copyright © 2000-2006 by Pacific Telestations, Inc.**

Print this story

Case 1:04-cv-00006    Document 355    Filed 08/25/2006    Page 11 of 24

Print this story

# Lieutenant Governor reportedly in final stages of negotiations with legal counsel

**by Ken Wetmore, KUAM News**
**Friday, July 02, 2004**

Guam's Lieutenant Governor is in the final stages of negotiations with a law firm to represent his office. Lieutenant Governor Kaleo Moylan's spokesperson Phil Roberto today told KUAM News the Lieutenant Governor's Office was very close to closing a deal with the single bidder on the Lieutenant Governor's request for proposal for legal services.

According to news files the Lieutenant Governor's Office is contending since both the Superior and Supreme courts have found the Office of the Lieutenant Governor to be an individual entity outside of the Governor's Office, the Lieutenant Governor should have his own attorney to represent and give legal advice to his office. While Roberto has declined to name the law firm who bid on the request for proposal, Attorney Mike Phillips earlier confirmed that his law firm in the lone bidder.

Phillips represented Lieutenant Governor Moylan in Governor Felix Camacho's request for a declaratory motion before the Supreme Court and interestingly is also the chair of the Guam Democrat Party.

**Copyright © 2000-2006 by Pacific Telestations, Inc.**

Print this story

# EXHIBIT B



# Acting Governor, Attorney General announce EITC will be paid over six years

**by Zita Taitano, KUAM News**
**Sunday, June 13, 2004**

A settlement agreement was reached on the Earned Income Tax Credit for eligible taxpayers, as well as for the payment of overtime payments for public safety officers. The announcement was made during a joint press conference between Acting Governor Kaleo Moylan and Attorney General Douglas Moylan at the Office of the Governor at Adelup.

Saying it has always been the Administration's intent to pay the EITC, Acting Governor Moylan announced a settlement in a class action lawsuit to force the Government of Guam to pay out an estimated $120-160 million in tax credits over six years. The acting governor was flanked by the Attorney General, who represented the government in the case, and Attorney Mike Phillips, who was the legal counsel representing the plaintiffs in the class action suit.

The two sides announced they had agreed on terms that called for $60 million in owed EITCs to be paid out over eight years. GovGuam is required to immediately post $3 million to an account for payouts of the tax credit and must put an additional $17 million in over the next year. For the next eight years, $5 million would be set aside. The settlement also calls for the government to pay out the Earned Income Tax Credit in full in from this point on.

The $60 million settlement represents only about half of what is owed to eligible taxpayers. AG Moylan called the settlement "great for the Government of Guam as it means the government will only have to come up with half of what a court might have ordered by paid." At the same time, opposing attorney Phillips said the settlement was good for his clients because it allowed them to finally get at least a portion of the money owed to them.

As for where the public sector is going to come up with $60 million, Department of Revenue and Taxation director Art Ilagan said it is likely that payout of income tax refunds, as well as vendor payments may be slowed down as the government tries to find the cash to come up with the $3 million immediately and the additional $17 million over the next year. In future years the revenue projections will be adjusted to reflect the EITC payments.

According to Attorney Phillips, he was approached by the Attorney General on Thursday about the terms of this settlement and the along with the acting governor and Administration cabinet members worked out the details over the last several days. AG Moylan said today the settlement was not forced by the payment of a single EITC in March of this year. Moylan said the payment did not force the government into the settlement and said it has always been his desire to see the case settled.

It was also announced at this afternoon's press conference that a settlement had been reached between the Camacho Administration and the Guam Attorney General regarding the payment overtime to the Department of Corrections, the Guam Fire Department and the Guam Police Department. Acting Governor Moylan says that with an increase in business license renewals this year the Administration has been able to find the $2.7 million necessary to pay the past due overtime.

It was noted that this is the first time in years that the government does not owe overtime to the agencies.

---

Copyright © 2000-2004 by Pacific Telestations, Inc.

Print this story

# EXHIBIT C

D. Notice. Any notice, request, instruction or other document to be given by the Government of Guam to Petitioner, or vice versa, shall be in writing and (a) delivered personally or by Certified Mail, Return Receipt Requested, to counsel for the parties as follows:

If to the Government of Guam:

Honorable Douglas B. Moylan
Attorney General of Guam
Office of the Attorney General
Guam Judicial Center
120 West O'Brien Drive, Suite 2-200E
Hagatna, Guam 96910

If to the Petitioner:

Michael F. Phillips, Esq.
Phillips & Bordallo, P.C.
410 West O'Brien Drive, Suite 102
Hagatna, Guam 96910

E. Attorneys' Fees. The Petitioner and the Government of Guam agree that Counsel for the EIC Class shall recover attorneys' fees ~~and court costs in the amount of~~ in an amount to be d... ~~ten percent (10%) of the Settlement Amount.~~ by the Court. The recovery of attorneys' fees and court costs shall be from, and not in addition to, the Settlement Amount, and shall be executed in such manner as provided in the Administration Plan, not inconsistent with this Settlement Agreement. The Settlement Amount is attributed to the efforts of Petitioner and Counsel for the EIC Class. Although the value of the benefit conferred by Petitioner and Counsel for the EIC Class to each member of the EIC Class cannot be determined with complete accuracy until all claims are presented, attorneys' fees awarded against the Settlement will shift the costs of litigation to each member of the EIC Class in the exact proportion that the value of each individual's claim bears to the total recovery.

21

# EXHIBIT D

## UNITED STATES DISTRICT COURT OF GUAM

CIVIL NO. CIV04-00006

JULIE BABAUTA SANTOS, individually, and on behalf of all those similarly situated,

Petitioner.

vs.

FELIX A. CAMACHO, Governor of Guam, ART ILAGAN, Director of Department of Revenue and Taxation, LOURDES M. PEREZ, Director of Department of Administration; and GOVERNMENT OF GUAM,

Respondents.

## NOTICE OF CLASS ACTION AND PROPOSED SETTLEMENT

To: All individuals who filed Guam income tax returns and qualified for earned income tax credits for any or all of tax years 1996, 1998, 1999, 2000, 2001, 2002 or 2003.

**Summary of the Lawsuit.** This lawsuit sought payment of refundable earned income tax credits for tax years 1996, 1998, 1999, 2000, 2001, 2002, and 2003 (the "applicable tax period"). This lawsuit has been certified by the Court as a class action. The counsel for the petitioner and the class is Michael F. Phillips of Phillips & Bordallo, P.C. The counsel for the respondents is Douglass B. Moylan, Attorney General of Guam.

**Definition of the Class.** You are a member of the class if you (a) filed Guam income tax returns and (b) were and are entitled to be paid refundable earned income tax credits under the Guam Territorial Income Tax and the Earned Income Program for any or all of the following tax years: 1996, 1998, 1999, 2000, 2001, 2002 and 2003.

**Proposed Settlement.** The petitioner and the Government of Guam reached a Settlement of this lawsuit. The Court preliminarily approved the Settlement. The Settlement will provide payments, before Court-ordered deductions, to you of approximately fifty percent (50%) or more of the estimated refundable earned income tax credits you may have claimed for the applicable tax period. The Settlement Amount is **$60 Million Dollars.** The Settlement Amount will be deposited into an EIC Settlement Fund as follows: At least $3 Million Dollars by July 17, 2004; at least $17 Million Dollars over eleven months following the first installment; and at least Five Million Dollars on or before June 30th of each subsequent year, beginning on June 30, 2006 and ending June 30, 2013. The Settlement also provides that the Government of Guam will fully implement the earned income tax program for tax years 2004 and beyond. The Court awarded attorneys' fees and court costs to petitioner and Class Counsel in the amount of ten percent (10%) of the Settlement Amount. This Settlement will release the Government of Guam from all further liability for refundable earned income tax credits to Class Members for the applicable tax period.

**Procedures Concerning the Settlement.** On September 9, 2004, at 10:00 a.m., the Court will hold a hearing at the District Court of Guam before Magistrate Judge Joaquin V.E. Manibusan, Jr. to determine whether the Settlement is fair and reasonable and should be given Final Approval.

**Objections to the Settlement and Requests for Exclusion.** If you believe the Court should not approve the Settlement, you may deliver or mail to the Court written objections to the Settlement no later than August 9, 2004, together with evidence of qualification for earned income tax credits for any tax year within the applicable tax period. You may also appear at the hearing on Final Approval, provided, however, that no Class member shall be heard unless he or she complies with the requirements to file written objections. If you do **NOT** want to participate in the Settlement Amount of $60 Million Dollars, or if you want to pursue separate claims, you may request exclusion from the class by delivering to the Court a written request to opt out of the class by August 9, 2004. All objections and requests for exclusion shall be personally signed by the Class member and delivered to EIC Settlement, c/o Clerk of Court, 4th Floor, U.S. Courthouse, 520 West Soledad Avenue, Hagatna, Guam 96910.

**Participation in Settlement.** If you want to participate in the Settlement Amount of $60 Million Dollars, you do not have to take any action at this time. If the Settlement becomes final, you will be mailed a notice informing you of the information that must be provided to the Department of Revenue and Taxation and all other procedures necessary to obtain your portion of the Settlement Amount. Those who do NOT request exclusion will be bound by the judgment in this Class Action and by the Settlement if it becomes final. Any person who provides false information in an attempt to obtain a portion of the settlement will be prosecuted to the fullest extent of the law.

**Further Information.** For further details of this Settlement, you may request further information from the Department of Revenue and Taxation at Bldg. 13-1, Mariner Avenue, Tiyan, Guam, 96913, or visit the Attorney General of Guam's website at www.guamattorneygeneral.com.

PLEASE FOLLOW THE PROCEDURES SET OUT ABOVE. DO NOT CONTACT THE COURT FOR QUESTIONS ABOUT THE SETTLEMENT.

# EXHIBIT E



*Office of the Governor of Guam*

P.O. Box 2950 Hagåtña, Guam 96932
TEL (671) 472-8931 · FAX (671) 477-4826 · EMAIL: governor@mail.gov.gu

**Felix Perez Camacho**
*Governor*

**Kaleo Scott Moylan**
*Lieutenant Governor*



RECEIVED
SEP 17 2004
1:51 A.M.
GENERAL'S OFFICE

1 6 SEP 2004

Stephen A. Cohen
Assistant Attorney General
Office of the Attorney General
Guam Judicial Center, Suite 2-200E
120 West O'Brien Drive
Hagåtña, Guam 96910

Re:   Julie Babauta Santos v. Felix P. Camacho, Governor of Guam, et al:
District Court of Guam, Civil Case No. 04-00006

Dear Steve:

We have reviewed the materials that you forwarded to our offices on September 9 from
Mike Phillips. We have concerns regarding Mr. Phillips' proposal. I understand from Ray
Souza that you described it as an attempt by Mr. Phillips to get a new settlement under the guise
of an administration plan  We agree.

However, we have greater concerns regarding the settlement as a whole that we would
like addressed before any consideration is given to Mr. Phillips' proposal. As you know,
Governor Camacho was never consulted with regard to the June 2004 settlement agreement
entered into by Attorney General Moylan and Acting Governor Moylan. Therefore, we would
like this opportunity to raise the concerns the Governor has regarding the agreement.

The Governor's most significant concern is that the settlement is not contingent on legislative funding. This is a concern as a practical matter because the Legislature has failed to make an appropriation since the settlement was executed. However, even if the Legislature had made an appropriation, we would be concerned because we are unsure of whether the contract complies with Guam law.

Guam law forbids any officer of the Government of Guam from involving "the government of Guam in any contract or other obligation, for the payment of money for any purpose, in advance of the appropriation made for such purpose." 5 G.C.A. § 22401(a)(3); *see Pangelinan v. Gutierrez*, 2003 Guam 13 (2003), *reconsidered in part on other grounds* 2004 Guam 16. Further, Guam law forbids the participation in any contract that requires the expenditure of non-appropriated funds. *See* 5 G.C.A. § 22401(a)(2).

Based on these laws, we are concerned that the settlement agreement is invalid. We therefore require an explanation as to how the settlement agreement complies with Section 22401's ("Illegal Expenditures") provisions before we can further respond.

We also are concerned with certain structural problems that we see with the settlement agreement. It appears that under the settlement agreement, and under Mr. Phillips' proposed administrative plan, Mr. Phillips will receive 10% of the $60 million no matter how many prospective class members may opt-out. Given that the settlement has not led to a complete peace for the Government, but instead gave birth to both the intervention motions and the new *Torres* case, we are concerned that the Government will be spending $6 million to purchase a

settlement with only a limited number of plaintiffs while facing future liability to a greater number of plaintiffs. This is another area that we would like to have addressed in your response.

Further, as the agreement is written, the Government could end up paying the opt-in plaintiffs 100% if there are a substantial number of opt-outs. Given the potentially strong defenses that existed to the class action and lack of any litigation in the case, we would like to know what procedural safeguards exist regarding this matter.

We also would like a better understanding of how the determination was made to include what appear to be time-barred claims. Related to this, we would like to know why claims from 1996 were favored in the settlement, even though those claims are arguably less meritorious given the statute of limitations issue.

The final concern we have regarding the settlement is our lack of knowledge of the history of the negotiations of the settlement. We want to review all information concerning the settlement and its negotiations so that we are fully informed prior to the hearing. Therefore, please transmit to us the information you have on the negotiations, including the materials exchanged in negotiating the settlement, how fees were agreed to in the settlement, letters and memos regarding compliance with Guam's illegal expenditure laws (§ 22401), and any other information that may be relevant. We want to review this information to evaluate Mr. Phillips' request and to give your office instructions on how to proceed. Further, we want to ensure that all such information is preserved during any litigation relating to EITC.

Assuming our concerns regarding the settlement are addressed, we also have concerns regarding Mr. Phillips' proposal. The objective of the plan appears to be securing payments of attorneys' fees as each payment is made into the settlement fund. Any condition permitting lawyers to receive fees before amounts are actually disbursed to class members is obviously unacceptable to the Governor.

Next, Mr. Phillips' plan seeks to place the burden of almost one million dollars in administration costs on the Government. This would appear to be another unappropriated expenditure, and on that ground alone the Governor must refuse. Further, one million dollars would be a material change to the settlement at a time when we all know the Government of Guam continues to be strapped for cash.

Lastly, we are concerned that the proposed dates in the administrative plan are all in the immediate future. Given the appeal filed by one of the would-be interveners, it would be of concern to us were the settlement to be approved before the appeal is resolved. It would be unfortunate if funds were distributed, only to have the settlement thrown out based on the appeal.

We realize that we have raised multiple issues, responding to which will require some effort. However, we hope that you are able to respond quickly as some of the issues (particularly with regard to the illegal expenditures issue) place the Governor in a position where he may need to act. Thank you for your time on this matter.

Very truly yours,

Shannon Taitano

EXHIBIT F

1  VAN DE VELD SHIMIZU CANTO & FISHER
   Suite 101 De La Corte Bldg.
2  167 East Marine Corps Drive
   Hagatna Guam 96910
3  671.472.1131

4  TOUSLEY BRAIN STEPHENS PLLC
   Kim D. Stephens, P.S., WSBA #11984
5  Nancy A. Pacharzina, WSBA #25946
   700 Fifth Avenue, Suite 5600
6  Seattle, Washington 98104-5056
   206.682.5600

7

   *Attorneys for Plaintiffs Christina Naputi and Mary Grace Simpao.*
8

9

10

11                    DISTRICT COURT OF GUAM

12                     TERRITORY OF GUAM

13
   MARY GRACE SIMPAO, CHRISTINA       Civil Case No.  **04-00049**
14 NAPUTI on behalf of themselves and a class
   of others similarly situated,
15
                                       **COMPLAINT**
16            Plaintiffs,

17      v.

18 GOVERNMENT OF GUAM                   **CLASS ACTION**

19            Defendants.

20
                        **I. INTRODUCTION**
21
        1.1     Plaintiffs bring this action on behalf of themselves and all others similarly
22
   situated who paid income taxes on Guam.
23
        1.2     . They seek redress for, and to put an end to, the unfairness and uncertainty
24
   associated with the income tax Earned Income Credit (the "EIC"), as it has been administered
25
   by the government of Guam (the "Government").
26

FILED
DISTRICT COURT OF GUAM
DEC - 3 2004
MARY L. M. MORAN
CLERK OF COURT

1    1.3    Prior to 1995, the Government provided its taxpayers a means to claim the EIC

2    and routinely processed such claims. In tax year 1994 more than 9,400 Guam taxpayers

3    received approximately $11 million in EIC payments.

4    1.4    But in tax years 1995 and 1996, the Government wrongly represented on its

5    published tax return forms that the EIC was "inapplicable in Guam." Guam tax payers who

6    filed an income tax return and qualified for the EIC in those years were provided no mechanism

7    or procedure to make a claim for their EIC, other than filing their general, income-tax return.

8    Not surprisingly, the Government did not compute or refund any EICs rightfully due qualifying

9    taxpayers in those years.

10    1.5    In tax years 1997 and 1998, the Government once again provided a mechanism

11    for those filing an income tax return to claim the EIC. As before, the procedure included filling

12    out a section of the income tax form applicable to the EIC, and filing a supplemental form

13    specifically for the EIC claim.

14    1.6    Based upon information and belief, the Government paid only a portion of the

15    EICs legitimately claimed for 1997 and paid none of the EICs claimed for 1998.

16    1.7    Then, in tax years 1999 through 2003, the Government returned to its behavior

17    of 1995 and 1996. Once again, the Government wrongly represented on its published tax

18    return forms that the EIC was "Not applicable" and, in some years, obscured or placed

19    cross-hatching over the EIC claims section of the return. Once again, qualifying taxpayers

20    were provided no mechanism or procedure to make a claim for their EIC other than filing their

21    general, income-tax return. And once again, the Government did not compute or refund any

22    EICs rightfully due qualifying taxpayers.

23    1.8    Inexplicably, however, in 2004 one taxpayer was paid an EIC he had claimed

24    for tax year 1998. The Government also indicated it might pay some claims but not others

25    1.9    Through this action, Plaintiffs who qualified for the EIC in 1995–2003 seek to

26    establish they have either (1) already made timely claims for their EICs by filing income tax

COMPLAINT - 2

4162/00U173540.1

VAN DE VELD SHIMIZU CANTO & FISHER
167 East Marine Corps Drive
Hagatna, Guam 96910
671.472.1888

TOUSLEY BRAIN STEPHENS PLLC
700 Fifth Avenue, Suite 5600
Seattle, Washington 98104-5056
206.682.5600 FAX 206.682.2992

Case 1:04-cv-00006    Document 35-3    Filed 08/25/2006    Page 27 of 117

1 returns or that the returns they have already filed are at the least sufficient to allow amendment
2 of an EIC claim; and/or (2) in the alternative, still have the right to make such claims for the tax
3 years 1995, 1996 and 1999–2003.

4     1.10    In the latter case, Plaintiffs also seek to require the Government to: (1) notify all
5 taxpayers who filed a tax return in 1995, 1996 and 1999-2003 that, if they were eligible for the
6 EIC in any or all of those years, they have a right to file a claim for the EIC; (2) to provide all
7 such taxpayers a procedural mechanism to make a claim for an EIC; and (3) to ensure the
8 Government continues to provide a mechanism for eligible Guam tax payers to make specific
9 claims for an EIC on future income tax return forms.

10     1.11    Finally, Plaintiffs seek refund of the EIC overpayments due all eligible
11 taxpayers who filed a timely claim for an EIC in any or all of tax years 1995-2003 but did not
12 receive the corresponding EIC refund or offset to their income tax liability; and for those who
13 will file a timely claim for an EIC pursuant to the relief described in Paragraph 1.9, or in the
14 future.

15             **II. JURISDICTION AND VENUE**

16     2.1    The Court has original jurisdiction over this matter pursuant to 48 U.S.C.
17 §§ 1421i(h) and 1424, and 28 U.S.C. §§ 1330 and 1361.

18             **III. THE PARTIES**

19     3.1    Plaintiff Naputi is a resident of Guam, paid income taxes and filed income tax
20 returns for tax years 2001-2003. Plaintiff Naputi was eligible for the EIC for tax years 2001-03
21 and was prevented from making the claim in tax years 2001-2003. She received her EIC for
22 none of these years. Plaintiff Naputi expects to qualify for the EIC for tax year 2004.

23     3.2    Plaintiff Simpao is a resident of Guam, paid income taxes and filed income tax
24 returns for tax years 1996-2003. Plaintiff Naputi was eligible for the EIC for tax years 1996,
25 1997, 1998, 2002-03 and was prevented from making the claim in tax years 1996, 2001-2003.
26

VAN DE VELD SHIMIZU CANTO & FISHER
167 East Marine Corps Drive
Hagatna, Guam 96910
TEL. 671.472.1131 FAX 671.472.2886

TOUSLEY BRAIN STEPHENS PLLC
700 Fifth Avenue, Suite 5600
Seattle, Washington 98104-5056
TEL. 206.682.5600 FAX 206.682.2992

Case 1:04-cv-00006    Document 35-2    Filed 08/25/2006    Page 4 of 17

1    She received her EIC for none of these years.  Plaintiff Simpao expects to qualify for the EIC

2    for tax year 2004.

3         3.3     Defendant the Government of Guam is an organized unincorporated territory of

4    the United States of America, formed August 1, 1950, by enactment of the Organic Act,

5    48 U.S.C. § 1421 *et seq.*  Defendant is a sovereign government entity.

6                        **IV.  FACTUAL ALLEGATIONS**

7    **A.     History of the EIC in Guam**

8         4.1     The Organic Act provides that the income tax applicable to Guam taxpayers

9    must mirror the income tax applicable to United States citizens under certain provisions of the

10   United States Internal Revenue Service Code (IRC).  One of these mirroring provisions,

11   Subtitle A of the IRC, contains the EIC.

12        4.2     The EIC became effective in the U.S., and, therefore, in Guam, in 1975.

13        4.3     On information and belief, the Government provided a mechanism for its

14   citizens to make claims for the EIC and paid the credit due from 1975 through 1994.

15        4.4     In fact, more than 9,400 Guam taxpayers received approximately $11 million in

16   EIC payments for tax year 1994.

17        4.5     On June 23, 1989, the Government, through its Attorney General's office (the

18   "AG"), expressly acknowledged it is obligated to pay the EIC to eligible taxpayers in the same

19   manner as ordinary tax refunds, *i.e.*, from the General Fund.  *See* Memorandum Opinion

20   No. DOA 89-0750 (the "1989 AG Opinion").

21        4.6     Six years later, however, the Director of the Department of Revenue and

22   Taxation (the "Department") unilaterally decided to terminate the EIC in Guam.

23        4.7     In direct contradiction to the 1989 AG Opinion, the Department issued Revenue

24   Ruling 96-001 (the "1996 Revenue Ruling") stating the EIC did not apply to Guam and, even if

25   it did, the Department could not certify EICs due for payment because the Legislature had

26   made no appropriation to fund the EIC.

COMPLAINT - 4
4162/001/173540.1

VAN DE VELD SHIMIZU CANTO & FISHER
167 East Marine Corps Drive
Hagatna, Guam 96910
TEL FAX 671.477

TOUSLEY BRAIN STEPHENS PLLC
700 Fifth Avenue, Suite 5600
Seattle, Washington 98104-5056
206.682.5600 FAX 206.682.2992

Case 1:04-cv-00006    Document 11    Filed 08/25/2006    Page 5 of 28

1      4.8     On January 4, 1996, Guam's AG at the time, issued Memorandum Opinion No.

2   DRT/DOA 96-001 (the "1996 AG Opinion") adopting the Department's misguided 1996

3   Revenue Ruling.

4      4.9     As a result of the 1996 AG Opinion and Revenue Ruling, the 1996 tax return

5   forms published by the Government included the words "not applicable in Guam" over the

6   section providing taxpayers a mechanism to claim the EIC. Further, no specific form to claim

7   the EIC was made available to taxpayers. On information and belief this was true of 1995

8   income tax returns as well.

9      4.10    The Government did not compute or pay any individual EICs for either tax year

10   1995 or 1996.

11      4.11    In response to the Executive Branch's unilateral reversal of tax policy, in 1997

12   the Legislative Branch of the Government passed several laws to implement the Guam Earned

13   Income Program (the "Guam EIC") and to ensure continuous funding of the Program. *See*

14   Public Law 23-74, 11 Guam Code Ann. §§ 42101 et seq.

15      4.12    As such, the 1997 and 1998 income tax forms published by the Government

16   included a mechanism for eligible taxpayers to specifically claim the EIC.

17      4.13    The Government paid some, but not all, EICs for the 1997 tax year.

18      4.14    The Government did not pay any EICs for the 1998 tax year.

19      4.15    The 1999-2003 income tax forms published by the Government once again

20   included the words "Not Applicable" over the section providing the mechanism to claim the

21   EIC. Once again the Government did not provide a supplemental form to make a specific

22   claim for the EIC.

23      4.16    Instead, despite the action of the Legislatures in 1997, the Executive Branch

24   once again refused to implement the EIC.

25      4.17    The Government did not change its conduct even though in 2001, the Supreme

26   Court of Guam, at the request of the Legislative Branch, published an opinion stating the

COMPLAINT - 5
4162/001/173540,1

VAN DE VELD SHIMIZU CANTO & FISHER
167 East Marine Corps Drive
Hagatna, Guam 96910
Tel. 671.488.8888 FAX 671.477.8886

TOUSLEY BRAIN STEPHENS PLLC
700 Fifth Avenue, Suite 5600
Seattle, Washington 98104-5056
206.682.5600 FAX 206.682.2992

Case 1:04-cv-00006      Document 73      Filed 08/25/2006      Page 6 of 20

1  Organic Act required Guam taxpayers receive the benefits of the EIC and thus, the Director of
2  the Department is obligated to pay the EIC to eligible Guam taxpayers.[1]

3      4.18    The Government has not calculated or paid any EICs for the 1995, 1996, 1999-
4  2003 tax years with one exception.

5      4.19    In 2004, the Government paid an EIC to one taxpayer who persistently
6  complained to the Governor he was entitled to the credit and who, upon information and belief,
7  claimed the EIC in 1998. No other taxpayers have received an EIC refund for tax year 1998 or
8  any year subsequent.

9  **B.    The Plaintiff's Experience With the EIC**

10     1.    Plaintiff Naputi

11     4.20    Plaintiff Naputi has been a resident of Guam during all relevant tax years.  In
12  2001 she filed as "single", In 2002 as "married filing jointly" and in 2003 as "single" and had
13  one qualifying child in each tax year.  She never had a taxable income greater than that allowed
14  to qualify for the EIC.  In each tax year she provided all information requested on the form
15  relevant to her as a taxpayer.

16     4.21    Naputi estimates she qualified for an EIC of $1,200.00 in 2001, $1,466.00 in
17  2002 and $1,964.00 in 2003.

18     4.22    Naputi did not receive an EIC payment or offset against their taxes for any of
19  those tax years.

20     4.23    Naputi  never received a formal notice of disallowance of her claims to an EIC,
21  nor did she waive her right to such notice for any of the tax years.

22     4.24    Naputi expects she will qualify for the EIC in 2004.

23

24

25

26  [1] *In Re Request of I Mina' Bente Sing'ko Na Liheslaturan Guahan Relative to the  Application of the Earned
    Income Tax Credit Programto Guam Taxpayers ("the EIC  question")* , 2001 Guam 3 at 9.

4162/061/173340v1
Case 1:04-cv-00006    Document 13    Filed 08/25/2006    Page 7 of 22

VAN DE VELD SHIMIZU CANTO & FISHER
167 East Marine Corps Drive
Hagatna, Guam 96910
TEL 671.472.1131 FAX 671.472.2886

TOUSLEY BRAIN STEPHENS PLLC
700 Fifth Avenue, Suite 5600
Seattle, Washington  98104-5056
TEL 206.682.5600 FAX 206.682.2992

1

2. Plaintiff Simpao

2    4.25    Plaintiff Simpao has been a resident of Guam during all relevant tax years. In
3    1996 she filed as "single" with one qualifying child, in 1997 she filed as "married filing
4    jointly" with one qualifying child, in 1998 she filed as "married filing jointly" with two
5    qualifying children, in 1999 she filed as "married filing separately" with one qualifying child,
6    in 2000 she filed as "married filing separately" with one qualifying child, in 2001 she filed as
7    "married filing separately" with two qualifying children, in 2002 as "head of household" with
8    two qualifying children, and in 2003 as "head of household" with three qualifying children. She
9    never had a taxable income greater than that allowed to qualify for the EIC. In each tax year
10   she provided all information requested on the form relevant to her as a taxpayer.

11   4.26    In tax years 1997 and 1998 she qualified for an claimed the EIC by completing
12   the provided Guam Earned Income Program Application (GEIPA).

13   4.27    Simpao estimates she qualified for an EIC of $1,750.00 in 1996, $837.00 in
14   1997, $868.00 in 1998, $3,128.00 in 2002 and $2,984.00 in 2003.

15   4.28    Based upon information and belief, Simpao did not receive an EIC payment or
16   offset against her taxes for any of those tax years.

17   4.29    Simpao never received a formal notice of disallowance of her claims to an EIC,
18   nor did she waive her right to such notices for any of the tax years.

19   4.30    Simpao expects she will qualify for the EIC in 2004.

20   **C.    Tax payers' efforts to recover the EIC through litigation**

21   4.31    On February 12, 2004, Julie Babauta Santos filed a class action complaint
22   seeking to recover the unpaid EICs due Guam taxpayers for tax years 1998 through 2003.[2] *See*
23   *Santos v. Camacho, et al.,* No. 04-00006, District Court of Guam, February 12, 2004.

24

25

26

---

[2] *Santos* Complaint

VAN DE VELD SHIMIZU CANTO & FISHER
167 East Marine Corps Drive
Hagatna, Guam 96910

TOUSLEY BRAIN STEPHENS PLLC
700 Fifth Avenue, Suite 5600
Seattle, Washington 98104-5056

1    4.32    Santos sought to certify a class of "all Guam taxpayers who were and are

2    entitled to be paid . . . [EICs]," presumably for tax years 1998–2003, irrespective of each

3    taxpayer's compliance with administrative income tax filing procedures.

4    4.33    Santos sought actual refund of the EIC or in the alternative a writ compelling the

5    Government to implement the "EIC" and to pay EICs due for those tax years.[3]

6    4.34    Approximately five months after the Santos action was filed, the Court entered a

7    "Stipulated Order Granting Preliminary Approval of Class Action Settlement."

8    4.35    The settlement class was expanded to include: "all persons who (a) filed Guam

9    tax returns and (b) were and are entitled to be paid . . . [EICs] for any or all of the following tax

10   years: 1996, and 1998 . . . [through] 2003."

11   4.36    Concerned that the Santos action was procedurally and substantively flawed,

12   Plaintiff Naputi sought to intervene. Her petition to intervene was denied August 5, 2004. See

13   August 5, 2004 Order in Santos v. Camacho, et al., No. 04-00006, District Court of Guam. In

14   the Order denying the Petition, the Court noted the proper procedure for Plaintiff Naputi, and

15   others who sought to intervene, was to participate in the Santos action as objectors or to file a

16   parallel action of their own. Id. at 5.

17   4.37    This Complaint in the Nature of a Class Action Petition represents Plaintiffs'

18   efforts (1) to secure specific relief for themselves and other Guam tax payers not addressed in

19   the Santos action; and (2) where the claims overlap with those in the Santos action, to bring

20   those claims in a procedural posture more likely to produce some or all of the relief, sought for

21   themselves and for the class they seek to represent.

22                          V.  CLASS ACTION ALLEGATIONS

23   A. The Proposed Classes

24   5.1    Plaintiffs seek to certify three separate but related classes: a "Claims Made"

25   Class, a "Refund" Class, and a "Future Refund" Class.

26

_____

[3] Id.

COMPLAINT - 8
4162/007/173340.1 :04-cv-00006

VAN DE VELD SHIMIZU CANTO & FISHER
167 East Marine Corps Drive
Hagatna, Guam 96910
Document 13-5 Fax 671.472.5860/25/2006

TOUSLEY BRAIN STEPHENS PLLC
700 Fifth Avenue, Suite 5600
Seattle, Washington 98104-5056
206.682.5600 FAX 206.682.2992
Page 33 of 117

I. The Claims Made Class

5.2     The Claims Made Class seeks to ensure all its class members have been or are afforded the opportunity to file a timely and allowable administrative claim for any EIC to which they were entitled in tax years 1995, 1996, and 1999-2003.[4]

5.3     The Claims Made Class is defined as:

> All Guam income tax payers who, for any or all of tax years, 1995, 1996 and 1999–2003 were: (1) eligible to claim an EIC pursuant to the Organic Act and/or the Guam EIC; (2) filed a sufficient tax return; and (3) have not received a refund or an overpayment associated with their EIC claim, nor has such overpayment been applied to their tax liability.

5.4     The Claims Made Class includes a subclass consisting of Potentially Time Barred Claims. The subclass is defined as: all members of the Claims Made Class who were eligible for an EIC and filed a tax return for tax years 1995, 1996 and 1999.[5]

5.5     The specific relief sought for the Claims Made Class, as a whole, consists of either: (i) declaratory relief stating the tax returns they have already filed constitute timely and allowable claims for refund of the overpayment associated with their EICs, or are sufficient to allow amendment of such claims; or, alternatively, (ii) injunctive relief requiring the Government to provide class members notice of their entitlement to the EIC and a procedure and schedule under which such claims should be made.

5.6     The additional or alternative relief sought for the Potentially Time Barred Subclass includes declaratory relief that the Government is estopped from asserting the applicable statutory limitations period to bar Plaintiffs from filing claims now for refund of

---

[4] Tax years 1997 and 1998 are excluded from this class because, on information and belief the Government of Guam provided an adequate EIC claims mechanism and procedure for those tax years. Should discovery indicate adequate claims procedures were not provided, Plaintiffs preserve their right to amend the Complaint to include tax payers with claims based on their 1997 and 1998 tax returns to the Claims Made Class.

[5] Tax year 2000 is not included because in the potentially Time Barred Claims Class the Santos action tolled the time period for filing an EIC claim as of February 12, 2004. Absent tolling, the limitations period for tax year 2000 would have expired April 15, 2004. If tolling does not apply, tax payers asserting claims for tax year 2000 should be included in the Potentially Time Barred Subclass.

VAN DE VELD SHIMIZU CANTO & FISHER
167 East Marine Corps Drive
Hagatna, Guam 96910
TEL 671.472.1131 FAX 671.472.2886

TOUSLEY BRAIN STEPHENS PLLC
700 Fifth Avenue, Suite 5600
Seattle, Washington 98104-5056
TEL 206.682.5600 FAX 206.682.2992

1   1995, 1996, and 1999-2003 EIC overpayments. Such claims may be filed within a reasonable

2   time as set by the Court.

3       II. The Refund Class

4       5.7     The "Refund Class" is defined as:

5               all Guam income tax payers who, for any or all of tax years 1995-
                2003, were:   (1) eligible to receive the EIC pursuant to the
6               Organic Act and/or the Guam EIC, (2) filed a timely and
                allowable administrative claim for refund of the overpayment of
7               their EIC, and (3) have not received a refund of the overpayment
                nor has the overpayment been applied to offset their tax liability.
8               For purposes of this class definition a "timely and allowable
                administrative claim" includes claims filed pursuant to any relief
9               granted any portion of the "Claims Made Class," as well as
                claims timely filed pursuant to applicable provisions of the tax
10              code.

11      5.8     The relief sought for the Refund Class is payment of the refund due based on the

12  EIC claims, with interest, plus attorneys' fees and costs.

13      III. The Future Refund Class

14      5.9     The Future Refund Class includes:

15              all Guam citizens who, for any or all of tax year 2000 and any
                subsequent year in which the EIC remains authorized by law: (1)
16              were or will be eligible to receive the EIC pursuant to either the
                Organic Act and/or the Guam EIC, (2) have not yet filed a tax
17              return;   (3) are still able to file a timely and allowable
                administrative claim, pursuant to 26 U.S.C. § 6511, for refund of
18              an overpayment associated with an EIC to which they are
                entitled; and (4) have not received a refund of an overpayment
19              associated with an EIC, nor has such an overpayment been
                applied to offset their tax liability.

20
        5.10    The relief sought for the Future Refund Class includes declaratory relief that the
21
    EIC applies to Guam taxpayers either through the Organic Act or pursuant to the Guam EIC
22
    and that the Government is obligated to pay, in a time and manner required by law, class
23
    members' properly made administrative claims for refund of an overpayment associated with
24
    an EIC to which they are entitled.
25

26

VAN DE VELD SHIMIZU CANTO & FISHER          TOUSLEY BRAIN STEPHENS PLLC
167 East Marine Corps Drive                 700 Fifth Avenue, Suite 5600
Hagatna, Guam 96910                         Seattle, Washington 98104-5056
TEL 671.472.1131 FAX 671.472.2886           TEL 206.682.5600 FAX 206.682.2992

## B. The Requirements of Fed. R. Civ. P. 23 (a)

5.11    All of these classes meet the prerequisites of Fed. R. Civ. P. 23(a) for a class action.

5.12    The classes consist of thousands of Guam's poorest taxpayers making joinder of all members impracticable.

5.13    There are numerous questions of law or fact common to the classes.

5.14    Questions common to all classes include the following:

5.15    Whether pursuant to the Organic Act or the Guam EIC, the Government was and/or is required to refund income tax overpayments and/or offset income tax liabilities in response to tax payers' administratively sufficient claims made for an EIC.

5.16    Whether the Government has, in the manner and time required by law, refunded Plaintiffs' overpayments associated with properly made claims for an EIC.

5.17    Questions common to the claims made class include, among others, all of the following:

5.18    Whether Guam tax payers are entitled to notice now, that they were entitled to claim the EIC on income tax returns for tax years 1995, 1996 and 1999-2003.

5.19    Whether the Government wrongly represented on published tax forms and through other means that the EUIC was unavailable to Guam taxpayers in any or all of tax years 1995, 1996, 1999-2003.

5.20    Whether the Government provided notice and a process for EIC claims sufficient to satisfy the basic requirements of Due Process for tax years 1995, 1996 and 1999-2003.

5.21    Whether the Government has waived any requirement that taxpayers who filed income tax returns for tax years 1995, 1996 and 1999-2003 are required to make a more sufficient claim for an EIC.

5.22    Whether Plaintiffs are entitled to the declaratory relief requested in ¶5.5.

VAN DE VELD SHIMIZU CANTO & FISHER
167 East Marine Corps Drive
Hagatna, Guam 96910
TEL 671.472.1131 FAX 671.472.2886

TOUSLEY BRAIN STEPHENS PLLC
700 Fifth Avenue, Suite 5600
Seattle, Washington 98104-5056
TEL 206.682.5600 FAX 206.682.2992

1    5.23    Whether the Government acted in bad faith in 1996 when it terminated the EIC

2    made applicable to Guam tax payers through the Organic Act.

3    5.24    Whether the Government acted in bad faith in 1999 and all years subsequent

4    when it refused to pay EIC claims and/or provide notice and a procedure to make EIC claims

5    despite provisions of the Organic Act and the Guam EIC requiring it to do so.

6    5.25    Whether the EIC claims of the Potentially Time Barred subclass are, in fact,

7    time barred, in light of the Governments conduct directed toward all subclass members.

8    5.26    Whether the Government's conduct has caused a serious injustice.

9    5.27    Whether payment of EIC claims will cause the public's interest to suffer undue

10   damage.

11   5.28    Whether the Government has provided a clear and certain post-deprivation

12   remedy by which Plaintiffs could have claimed their right to a refund of EIC overpayments to

13   which they were entitled

14   5.29    Whether Plaintiffs who were denied a post-deprivation remedy have no

15   alternative adequate remedy at law, thus entitling them to the injunctive relief requested in ¶ 5.5

16   and 5.6.

17   5.30    The claims of the class representatives proposed for each class are typical of the

18   claims of the class members in each class, in that each named Plaintiff was denied access to

19   their EIC despite having filed a sufficient tax return.

20   5.31    Because their interests are identically aligned, the proposed class representatives

21   will fairly and adequately protect the interest of the Classes.   In addition, the named plaintiffs

22   have engaged counsel with significant experience prosecuting similar class actions.

23   **C. The Requirements of Fed. R. Civ. P. 23(b)**

24   5.32    The Claims Made Class and Future Refund Classes meet all requirements for

25   class certification under Fed R. Civ. P. 23(b)(1) and (b)(2).

26

COMPLAINT - 12
4162/001/173540.1

VAN DE VELD SHIMIZU CANTO & FISHER
167 East Marine Corps Drive
Hagatna, Guam 96910

TOUSLEY BRAIN STEPHENS PLLC
700 Fifth Avenue, Suite 5600
Seattle, Washington 98104-5056

Case 1:04-cv-00006     Document 355-2     Filed 08/25/2008     Page 37 of 117

1    5.33    The prosecution of separate actions by individual class members will create a

2    risk of inconsistent or incompatible standards as to which EIC claims already made must be

3    paid to the Government; and which claims, if any, will be paid in the future.

4    5.34    The prosecution of any one individual action could, as a practical matter, be

5    dispositive of the interest of members in both classes, thus substantially impairing or impeding

6    their ability to protect their interests.

7    5.35    The Government has acted and refused to act on grounds applicable to all

8    members of both classes, thereby making appropriate declaratory and injunctive relief with

9    respect to the classes as a whole.

10    5.36    The Refund Class also meets the requirements for certification under Fed R.

11    Civ. P. 23(b)(3).

12    5.37    The questions of law and fact common to the Refund Class predominate over

13    any questions affecting only individual class members.

14    5.38    The class action is superior to other available methods for the fair and efficient

15    adjudication of the controversy.

16    5.39    In particular, individual class members' have little incentive and ability to

17    prosecute this action on their own. By definition these individuals do not have extra resources

18    available to prosecute claims against the Government.  Further, each individual's damages are

19    relatively small, ranging from a few hundred dollars to no more than $5000 dollars per tax year.

20    Thus, a class action may be the class members' only way to recover their damages or to at least

21    establish their right to make a claim for a refund. Further, concentration of the individual

22    claims in one action will conserve judicial resources and promote consistency in the treatment

23    of each class members' claim.

24

25

26

VAN DE VELD SHIMIZU CANTO & FISHER
167 East Marine Corps Drive
Hagatna, Guam 96910
TEL 671.472.1131 FAX 671.472.2886

TOUSLEY BRAIN STEPHENS PLLC
700 Fifth Avenue, Suite 5600
Seattle, Washington 98104-5056
TEL 206.682.5600 FAX 206.682.2992

# VI. CLAIMS

**A.     Claim One – Action for Declaratory Relief Regarding Sufficiency of Certain EIC Administrative Claims Already Made**

6.1     Plaintiffs incorporate by reference all allegations made in the preceding paragraphs as if fully stated herein.

6.2     Plaintiffs assert this claim on behalf of themselves and all members of the Claims Made Class.

6.3     Unless otherwise stated all allegations are for any or all of tax years 1995, 1996 and 1999-2003.

6.4     The Government assessed and collected income tax from Plaintiffs.

6.5     Plaintiffs filed sufficient income tax returns.

6.6     Plaintiffs were eligible for an EIC in one or all of the tax years for which they filed a sufficient return.

6.7     An EIC represents an overpayment of taxes in the amount of the EIC.

6.8     The Government is required to refund properly claimed overpayments or use them to off set tax liabilities pursuant to 26 U.S.C. § 6402(a).

6.9     The Government provided no notice to Plaintiffs they were entitled to the EIC.

6.10     The Government affirmatively misrepresented to Plaintiffs they were not entitled to the EIC.

6.11     The Government provided no procedural mechanism for Plaintiffs to make a specific claim for an overpayment associated with an EIC consistent with the mechanism the Government provided prior to 1995 and in 1997 and 1998.

6.12     To the extent Plaintiffs' income tax returns were claims for EICs, the Government has investigated and acted on Plaintiffs' claim by (1) affirmatively stating it is not required to pay EIC claims; and (2) not refunding in the time and manner required by law, the amount of overpayment associated with the EICs to which Plaintiffs are entitled.

VAN DE VELD SHIMIZU CANTO & FISHER
167 East Marine Corps Drive
Hagatna, Guam 96910
TEL: 671.472.1131 FAX 671.472.2886

TOUSLEY BRAIN STEPHENS PLLC
700 Fifth Avenue, Suite 5600
Seattle, Washington 98104-5056
TEL 206.682.5600 FAX 206.682.2992

1    6.13    As such, the Government has waived any regulatory requirement that Plaintiffs

2    must file a more specific claim for their EIC other than the income tax returns already filed.

3    6.14    Plaintiffs are entitled to a declaratory judgment that the income tax returns they

4    have already filed are adequate to exhaust administration remedies as required by 26 U.S.C. §

5    7422(a), such that Plaintiffs are eligible to bring a tax refund action for all years they were

6    eligible for the EIC.

7    **B.    Claim Two — Action for Declaratory Relief Regarding Application of 26
        U.S.C.§ 6511 to Certain Plaintiffs' Right to Claim an EIC**

8

9    6.15    Plaintiffs incorporate by reference all allegations made in the preceding

10   paragraphs as if fully stated herein.

11   6.16    Plaintiffs assert this claim on behalf of themselves and all members of the

12   Potentially Time Barred Subclass of the Claims Made Class.

13   6.17    Unless otherwise stated all allegations are for any or all of tax years 1995, 1996

14   and 1999.

15   6.18    The Government affirmatively, and non-negligently, represented to Plaintiffs

16   they were not entitled to the EIC through published rulings, oral comments and by printing

17   "Not applicable in Guam" or "Not applicable" and cross hatching or otherwise obscuring that

18   section of the official government tax return form applicable to the EIC.

19   6.19    The Government provided no procedural mechanism for Plaintiffs to make a

20   claim for an overpayment associated with an EIC consistent with the mechanism the

21   Government provided prior to 1995 and in 1997 and 1998.

22   6.20    The Government knew Plaintiffs were entitled to the EIC under the Organic Act

23   and/or the Guam EIC, or at the very least, that there was a dispute as to whether Plaintiffs were

24   entitled to the EIC.

25   6.21    The Government intended Plaintiffs to refrain from making claims for

26   overpayments associated with EICs based on its conduct; and/or, Plaintiffs had a right to

COMPLAINT - 15

VAN DE VELD SHIMIZU CANTO & FISHER
167 East Marine Corps Drive
Hagatna, Guam 96910
TEL 671.472.1131 FAX 671.472.2886

TOUSLEY BRAIN STEPHENS PLLC
700 Fifth Avenue, Suite 5600
Seattle, Washington 98104-5056
TEL 206.682.5600 FAX 206.682.2992

1 believe the Government intended them to refrain from making claims for overpayments

2 associated with EICs based on its conduct.

3       6.22    Plaintiffs did not know if they were entitled to the EIC, even though they

4 believed they were eligible for the EIC.

5       6.23    Plaintiffs relied on the Government's conduct to their detriment in that they did

6 not make timely claims for, and have not received a refund of, overpayments associated with

7 the EIC to which they are entitled, nor has such overpayment been applied to their tax liability.

8       6.24    Absent the relief requested in Claim One or in this Claim, Plaintiffs' EIC claims,

9 for a tax refund are time barred pursuant to 26 U.S.C. § 6511.

10       6.25    The Government's conduct has caused a serious injustice in that Guam's poorest

11 taxpayers have been deprived of their right to claim a tax credit specifically developed for

12 them,

13       6.26    The public's interest will not suffer undue damage by allowing Plaintiffs to

14 claim the EIC they were always entitled to.

15       6.27    Plaintiffs are entitled to a declaratory judgment that the Government is estopped

16 from asserting the applicable statutory limitations periods of 26 USC 6511 to bar them from

17 filing a civil action claim for a refund pursuant to 26 USC § 7422.

18 **C.    Claim Three – For Injunctive Declaratory Relief Providing Notice of the**
        **Entitlement to the EIC and Availability of a Procedure to Make a Claim for**

19         **Refund of an EIC Overpayment**

20       6.28    Plaintiffs incorporate by reference all allegations made in the preceding

21 paragraphs as if fully stated herein.

22       6.29    Plaintiffs assert this claim on behalf of themselves and all members of the

23 Claims Made Class, in addition, and as an alternative, to Claim One.

24       6.30    Unless otherwise stated all allegations are for any or all of tax years 1995, 1996

25 and 1999-2003.

26

VAN DE VELD SHIMIZU CANTO & FISHER
167 East Marine Corps Drive
Hagatna, Guam 96910
PHONE 671.472.8868 FAX 671.477.2511

TOUSLEY BRAIN STEPHENS PLLC
700 Fifth Avenue, Suite 5600
Seattle, Washington 98104-5056
206.682.5600 FAX 206.682.2992

Case 1:04-cv-00006    Document 135-2    Filed 08/25/2006    Page 16 of 31

6.31    Plaintiffs are eligible to file a timely and allowable claim for refund of any EIC overpayments, either pursuant to 26 U.S.C. § 6511 or pursuant to relief granted certain Plaintiffs under Claim Two.

6.32    The Government, however, in violation of the Due Process Clause of the Fifth Amendment, has provided no clear and certain post-deprivation remedy by which Plaintiffs could or can claim their right to a refund of any EIC overpayments to which they were or are entitled.

6.33    Plaintiffs private property interest in their refund is significant.

6.34    The risk Plaintiffs will wrongly be permanently deprived of their overpayment through the procedures used by the Government is substantial.

6.35    The value of providing additional specific notice for these Plaintiffs is great as they have no other way of knowing they are entitled to claim an EIC refund.

6.36    The Government's interest in not providing the notice is small.

6.37    Plaintiffs only remedy at law to recover their overpayment is predicated on exhausting post-deprivation remedies and the Government has prevented them from doing so. Thus, Plaintiffs have no adequate remedy at law.

6.38    Plaintiffs are entitled to injunctive relief requiring the Government to notify them of their entitlement to make a claim for a refund of any EIC overpayment to which they were or are entitled, and to inform them of the procedure and schedule under which such claims can be made.

6.39    Plaintiffs are entitled to Declaratory Relief stating the Government is required to refund to them any overpayment associated with an EIC properly claimed under the relief provided in ¶ 6.40.

**D.    Claim Four — Claim for Refund of Tax Overpayment Pursuant to 26 U.S.C. § 7422**

6.40    Plaintiffs incorporate by reference all allegations made in the preceding paragraphs as if fully stated herein.

VAN DE VELD SHIMIZU CANTO & FISHER
167 East Marine Corps Drive
Hagatna, Guam 96910
Telephone 671.472.1131 Fax 671.472.2886

TOUSLEY BRAIN STEPHENS PLLC
700 Fifth Avenue, Suite 5600
Seattle, Washington 98104-5056
206.682.5600 Phone 206.682.2992

6.41     Plaintiffs assert this claim on behalf of themselves and all members of the Refund Class.

6.42     Unless otherwise stated all allegations are for any or all of tax years 1995-2003.

6.43     Plaintiffs have complied with 26 USC § 7422 by filing sufficient administrative claims for refund of overpayments associated with EICs to which they are entitled.  The administrative claims are both timely and allowable either pursuant to 26 U.S.C. § 6511, or pursuant to the relief granted in Claims 1, 2, or 3.

6.44     The Government is required to refund Plaintiffs' properly claimed overpayment pursuant to 26 U.S.C. § 6402(a).

6.45     The Government has not, in the manner and time required by law, refunded Plaintiffs' overpayments associated with EICs to which they are entitled, or used the overpayments to offset Plaintiffs' tax liability

6.46     Plaintiffs are entitled to payment of their refund, with interest, plus attorneys fees and costs.

**E.     Claim Five — Claim for Declaratory Relief re Future Refunds of Tax Overpayments Associated with the EIC**

6.47     Plaintiffs incorporate by reference all allegations made in the preceding paragraphs as if fully stated herein.

6.48     Plaintiffs assert this claim on behalf of themselves and all members of the Future Refund Class.

6.49     Unless otherwise stated, all allegations are for any or all of tax year 2000 and any subsequent year in which the EIC remains authorized by law.

6.50     The Government has, or will, assess and collect income tax from Plaintiffs.

6.51     Plaintiffs were, or will be, eligible for an EIC in one or all of the applicable tax years.  The EIC entitles, or will entitle, Plaintiffs to a refund of an overpayment or application of the overpayment to offset their tax liability.

COMPLAINT - 18

VAN DE VELD SHIMIZU CANTO & FISHER
167 East Marine Corps Drive
Hagatna, Guam 96910
TEL 671.472.1131 FAX 671.472.2886

TOUSLEY BRAIN STEPHENS PLLC
700 Fifth Avenue, Suite 5600
Seattle, Washington 98104-5056
TEL 206.682.5600 FAX 206.682.2992

4162/004/119644

Case 1:04-cv-00006     Document 156     Filed 08/25/2006     Page 43 of 117

1    6.52    Plaintiffs are still able to file timely and allowable administrative claims,

2    pursuant to either 26 U.S.C. § 6511 or the relief granted in response to Claim Three, for refund

3    of the overpayment associated with EICs to which they are, or will be, entitled.

4    6.53    The Government is required to refund overpayments for which a proper

5    administrative claim is made pursuant to  26 U.S.C. §6402 and 6511.

6    6.54    Since 1996, the Government has not, on any consistent basis, provided notice of

7    any taxpayer's entitlement to the EIC, provided a procedural mechanism for taxpayers to make

8    a claim for an EIC overpayment consistent with mechanisms provided in the past, or paid

9    timely and allowable claims for refunds of EIC overpayments.  Some administrative claims

10   have been paid, others have not.

11   6.55    Since June 23, 1989 , the date of first AG's opinion], the Government has

12   represented that Plaintiffs are both entitled to the EIC and that they are not.

13   6.56    Absent resolution and notice of the status of the EIC in Guam, Plaintiffs cannot

14   modify their conduct related to taxable income to ensure they take advantage of applicable tax

15   laws.  In addition, Plaintiffs are, or will be, forced to incur time and expense associated with

16   filing a potentially futile administrative claim, or risk losing entitlement to their claim

17   altogether.

18   6.57    As such, Plaintiffs seek declaratory relief that the EIC applies to Guam

19   taxpayers and the Government will be obligated to pay, in the time and manner required by

20   law, Plaintiffs' properly made administrative claims for refund of overpayments associated

21   with EICs to which they are entitled.

22                          **VII.  PRAYER FOR RELIEF**

23   7.0    Wherefore, Plaintiffs on behalf of themselves and the classes they seek to

24   represent,    request the Court enter judgment against Defendant and in favor of Plaintiffs and

25   Class Members, and to award the following relief:

26

VAN DE VELD SHIMIZU CANTO & FISHER
167 East Marine Corps Drive
Hagatna, Guam 96910
TEL 671.472.1131 FAX 671.472.2886

TOUSLEY BRAIN STEPHENS PLLC
700 Fifth Avenue, Suite 5600
Seattle, Washington 98104-5056
TEL 206.682.5600 FAX 206.682.2992

Document 85-5   Filed 08/25/2006   Page 20 of 22

1    7.1    Enter an Order certifying the proposed classes and where applicable, subclasses
2  and/or issues;

3    7.2    Declare that the EIC is applicable in Guam such that the Defendant is obligated
4  to refund to Plaintiffs and all members of the Claims Made, Refund and Future Refund Classes,
5  in the time and manner required by law, the overpayments associated with properly claimed
6  EICs.

7    7.3    Declare that the 1995, 1996 and 1999-2003 income tax returns already filed by
8  Plaintiffs and all members of the Claims Made Class adequately exhaust administrative
9  remedies as required by 26 U.S.C. § 7422(a) such that Plaintiffs and class members are eligible
10  to bring a tax refund action to recover overpayments associated with their EIC, for all years
11  they were eligible for the EIC.

12    7.4    Declare that the 1995, 1996 and 1999-2003 income tax returns  already filed by
13  Plaintiffs and the members of the Claims Made Class are sufficient to allow amendment of an
14  EIC claim as of the date of judgment and until a date certain as set by the Court;

15    7.5    Declare that Plaintiffs and all members of the Potentially Time Barred Subclass
16  of the Claims Made Class are not time barred from asserting claims for refunds of the
17  overpayment associated with EICs for which they were eligible in tax years 1995, 1996 and
18  1999.

19    7.6    Enter an order requiring Defendant to notify Plaintiffs and all members of the
20  Claims Made Class of their entitlement to make a claim for any EIC overpayment to which
21  they were or are entitled and establishing a procedure and schedule for such claims to be made.

22    7.7    Award Plaintiffs and all members of the Refund Class income tax refunds in
23  amounts to be proven at trial;

24    7.8    Award pre- and post-judgment interest as allowed by law;

25    7.9    Award attorneys' fees and costs of suit as allowed by law;  and

26    7.10    Award any such other relief the Court deems just and equitable.

VAN DE VELD SHIMIZU CANTO & FISHER
167 East Marine Corps Drive
Hagatna, Guam 96910
TEL 671.472.1131 FAX 671.472.2886

TOUSLEY BRAIN STEPHENS PLLC
700 Fifth Avenue, Suite 5600
Seattle, Washington 98104-5056
206.682.5600 FAX 206.682.2992

1

2    DATED this 3rd day of December, 2004.

3

4                       VAN DE VELD SHIMIZU CANTO & FISHER

                           TOUSLEY BRAINS STEPHENS PLLC

5

6                  By: _____

7                    Thomas J. Fisher, Esq.

                    **Attorneys for Plaintiffs**

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

VAN DE VELD SHIMIZU CANTO & FISHER
167 East Marine Corps Drive
Hagatna, Guam 96910
TEL: 671.472.1131 FAX 671.472.2886

TOUSLEY BRAIN STEPHENS PLLC
700 Fifth Avenue, Suite 5600
Seattle, Washington 98104-5056
TEL: 206.682.5600 FAX 206.682.2992

# EXHIBIT G

FILED

DISTRICT COURT OF GUAM

MAR 17 2005

MARY L.M. MORAN
CLERK OF COURT

## DISTRICT COURT OF GUAM
## TERRITORY OF GUAM

| | |
|---|---|
| MARY GRACE SIMPAO, CHRISTINA NAPUTI on behalf of themselves and a class of others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>GOVERNMENT OF GUAM<br><br>Defendant. | CV 04-00049<br><br>**ORDER** |

On March 17, 2005, the Court heard Defendant's Motion to Dismiss the First Amended Complaint ("FAC"). Having considered all papers and argument submitted in the matter, the Court now rules as follows:

1

# I.    INTRODUCTION

Plaintiffs Mary Grace Simpoa and Christina Naputi, on
behalf of themselves and a class of others similarly
situated, (collectively "Plaintiffs") bring this action
against the Government of Guam for inconsistency in
acknowledging the applicability of the Earned Income Credit
("EIC").

Primarily before the Court is Defendant's Motion to
Dismiss for Lack of Subject Matter Jurisdiction and Failure
to State a Claim upon which relief can be granted pursuant
to the Federal Rules of Civil Procedure 12(b)(1) and (6).[1]

# II.   BACKGROUND

The Organic Act imposes several Internal Revenue Codes
on Guam residents.  See 48 U.S.C. § 1421 et seq.  Within
those tax codes is the EIC, which was enacted in 1975.  The
EIC provides some tax benefits to low-income workers in the
hopes that these benefits will make working more attractive
that welfare.

---

[1]In conjunction with their Motion to Dismiss, Defendant filed
several other motions including: 1)Defendant's Objection to
Plaintiff's Stated Intention to File a Second Opposition to
Defendant's Motion to Dismiss FAC and Motion to Strike if Second
Opposition is Filed; 2)Motion to Shorten Time for Hearing or
Consideration of Defendant's Objection; and 3)Motion to Strike
Plaintiffs' March 8, 2004 Opposition for Using Less Than a Standard 12
Point Font Type and Failure to Meet Court's Limitation of 20 pages.

2

Prior to 1995, Defendant allowed Plaintiffs to claim the EIC, and subsequently processed thousands of claims. During the 1995-1996 tax years, Defendant represented on its tax forms that the EIC was "inapplicable in Guam." In those years, Defendant did not allow Plaintiffs to claim credits and did not issue refunds associated with EIC. During the 1997-1998 tax years, Defendant once again allowed Plaintiffs to claim EIC, however they paid only a portion of the 1997 claims and only one 1998 claim.[2] During the 1999-2003 tax years, Defendant again represented that the EIC was inapplicable to Guam residents. Plaintiffs allege there were no other mechanisms for applying for an EIC during those years.

On December 3, 2004, Plaintiffs filed a complaint against Defendant seeking declaratory judgments regarding the applicability of the EIC to Guam residents and refunds from tax overpayments. On February 1, 2005, Plaintiffs filed the FAC with six specific claims: 1) Declaratory relief regarding sufficiency of Certain EIC Administrative Claims already made; 2)Declaratory relief regarding the application of 26 U.S.C. § 6511 to certain Plaintiffs' Right to Claim an EIC; 3) Injunctive Declaratory relief providing notice of the entitlement to the EIC and availability of a

---

[2]The 1998 claim was not paid out until 2004.

3

1  procedure to make a refund claim; 4) Refund of tax
2  overpayment; 5) Declaratory relief regarding future refunds
3  of EIC overpayments; and 6) Injunctive relief requiring
4  Defendant to establish an EIC reserve and trust fund.
5
6      In the instant matter, Defendant contends Plaintiffs'
7  FAC should be dismissed for lack of subject matter
8  jurisdiction and failure to state a claim.  Defendant's
9  contention is based on several distinct arguments including
10 state immunity, failure to exhaust administrative remedies,
11 statute of limitations, applicability of the Declaratory
12 Judgment and Anti-injunctive Acts, and improper proposed
13 classes.  This matter was originally set for March 11, 2005,
14 but the Court partially granted the parties' stipulation for
15 continuance, which moved the hearing to March 17, 2005.
16
17 **III.  DISCUSSION**
18 **A.  Subject Matter Jurisdiction**
19     Defendant first contends Plaintiffs' FAC should be
20 dismissed for lack of subject matter jurisdiction.
21
22    **1. Legal Standard: Subject Matter Jurisdiction**
23     Federal courts are courts of limited jurisdiction.
24 <u>Owen Equip. & Erection Co. v. Kroger</u>, 437 U.S. 365, 374, 98
25 S. Ct. 2396, 2403 (1978).  A federal court has jurisdiction
26 over actions that either arise under federal law, or where

4

the amount in controversy exceeds $75,000 and is between (1)
citizens of different States; (2) citizens of a State and
citizens or subjects of a foreign state; (3) citizens of
different States and citizens or subjects of a foreign state
that are additional parties; or (4) a foreign state as
plaintiff and citizens of a State or different States.
<u>See</u> 28 U.S.C. §§ 1331, 1332(a).

The plaintiff bears the burden of establishing subject
matter jurisdiction, and the court presumes lack of
jurisdiction until the plaintiff proves otherwise. <u>Kokkonen</u>
<u>v. Guardian Life Ins. Co. of America</u>, 511 U.S. 375, 377
(1994); <u>Stock West, Inc. v. Confederated Tribes</u>, 873 F.2d
1221, 1225 (9th Cir. 1989).

Pursuant to Fed. R. Civ. Proc. 12(b)(1), subject matter
jurisdiction may be challenged at any time. <u>Albrecht v.</u>
<u>Lund</u>, 845 F.2d 193, 194 (9th Cir. 1988). If the court
concludes that it lacks jurisdiction over the subject matter
of the complaint, it must dismiss the action. <u>See</u> Fed. R.
Civ. Proc. 12(h)(3).

## 2. Analysis: Subject Matter Jurisdiction

Plaintiffs have pled sufficient facts to give the Court
jurisdiction under 48 U.S.C. § 1424 and 48 U.S.C. § 1421i(h)
which states, "the District Court of Guam shall have

5

exclusive original jurisdiction over all judicial proceedings in Guam...with respect to the Guam Territorial income tax." 48 U.S.C. § 1421i(h). This case pertains directly to the income tax filings of Guam residents. Thus, as a general matter, this case presents a federal question over which the Court has subject matter jurisdiction.

Defendant also alleges a lack of subject matter jurisdiction in three specific areas. Defendant argues the Court lacks jurisdiction over Plaintiffs' first through fifth claims because: 1) Defendant has sovereign immunity; 2) Plaintiffs failed to exhaust administrative remedies; and, 3) should the Court find that subject matter jurisdiction does not exist with respect to Plaintiffs' first through fifth claims, the Court cannot exercise supplemental jurisdiction over the sixth claim.

### a.  Sovereign Immunity

Defendant first contends the Court lacks subject matter jurisdiction because the Defendant has sovereign immunity. Indeed, in Crain v. Gov. of Guam, the Ninth Circuit held that Defendant had sovereign immunity and could not be sued without permission. 195 F.2d 414 (9th Cir. 1952). The Ninth Circuit later found, however, that 28 U.S.C. § 1421i(h), which gives the Court jurisdiction over the Guam Territorial Income Tax ("GTIT"), is effectively a waiver of

6

immicity, and thereby grants the Court jurisdiction over
Defendant.  <u>See</u> <u>Forbes v. Maddox</u>, 339 F.2d 387 (9th Cir.
1964).


  Accordingly, the Court can exercise jurisdiction, as
Defendant cannot claim sovereign immunity.


### b. Administrative Remedies

  Defendant next contends Plaintiffs' first through fifth
claims should be dismissed for failure to exhaust
administrative remedies.[3]


  The tax code states, "no suit or proceeding shall be
maintained in any court for the recovery of any ... [refund]
... until a claim for refund or credit has been duly filed."
26 U.S.C. § 7422(a).


  Plaintiffs argue the mere filing of a tax return,
without any specific application for the EIC, constitutes a
claim.  This argument is unpersuasive as it effectively
places the burden on Defendant to determine whether someone
is eligible for a refund or credit.  <u>See</u> <u>United States v.</u>
<u>Felt & Tarrant Mfg. Co.</u>, 283 U.S. 269 (1931).

---

[3]Because Plaintiffs did file EIC requests in 1997 and 1998,
Defendant's argument does not relate to those years.

7

| | |
|---|---|
| 1 | Nevertheless, because Defendant affirmatively prevented |
| 2 | Plaintiffs from filing EIC claims by blocking out the |
| 3 | relevant section on tax returns with the words "inapplicable |
| 4 | in Guam." Any attempt to claim and EIC credit would have |
| 5 | been futile. Thus, Defendant's argument is unpersuasive in |
| 6 | that there were no additional administrative remedies |
| 7 | available, and further exhaustion would have been futile.[4] |
| 8 | |
| 9 | **c. Monetary Relief** |
| 10 | Defendant next contends Plaintiffs' fourth claim, |
| 11 | refund of tax overpayment, should be dismissed for lack of |
| 12 | jurisdiction because the Court cannot grant monetary relief |
| 13 | under 26 U.S.C. § 7422(a), unless Plaintiffs first exhaust |
| 14 | administrative remedies. |
| 15 | |
| 16 | Again, the tax code states, "no suit or proceeding |
| 17 | shall be maintained in any court for the recovery of any ... |
| 18 | [refund] ... until a claim for refund or credit has been |
| 19 | duly filed." 26 U.S.C. § 7422(a). In their FAC, Plaintiffs |
| 20 | allege they did file "sufficient administrative claims for |
| 21 | |
| 22 | |
| 23 | [4]Curiously, in the declaration of Thomas J. Fisher, Plaintiffs submitted Guam's EIC application form for the 1995-1996 and 1999-2004 tax years. Although it is unclear how these forms support Plaintiffs' |
| 24 | arguments as they suggest Plaintiffs should have filled them out, the alleged facts taken in light most favorable to the Plaintiffs suggest |
| 25 | that Defendant effectively prevented any exhaustion of administrative remedies. |
| 26 | |

8

refund of overpayments associated with EIC's to which they are entitled." Complaint at ¶ 6.43. Thus, Plaintiffs allege sufficient facts to support an exhaustion of administrative remedies. Because Plaintiffs pled that a refund claim was filed and Defendant has yet to pay, Plaintiffs' suit is proper under 26 U.S.C. § 7422(a), and the Court may grant monetary relief if deemed appropriate.

### d. Supplemental Jurisdiction

Defendant next contends that Plaintiffs' Sixth Claim, injunctive relief requiring the Defendant to comply with provisions of 11 G.C.A. §§ 50101 and 51101 in establishing an EIC reserve fund and trust fund, should be dismissed for lack of subject matter jurisdiction. Because the Court has jurisdiction of the other claims under 48 U.S.C. §§ 1421i(h) and 1424, Defendant's argument fails in that the Court can exercise supplemental jurisdiction over Plaintiff's Sixth Claim under 28 U.S.C § 1367(a).

## B.  Failure to State a Claim

Defendant also contends Plantiffs' first through sixth claims in their FAC should be dismissed for failure to state a claim upon which the Court can grant relief.

### 1. Legal Standard: Failure to State a Claim

9

In a Rule 12(b)(6) motion to dismiss, the Court must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the non-moving party. <u>Klarfeld v. United States</u>, 944 F.2d 583, 585 (9th Cir. 1991). A dismissal can be based on the lack of cognizable legal theory or the lack of sufficient facts alleged under a cognizable legal theory. <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1988). A party need not, however, state the legal basis for his claim, only the facts underlying it. <u>McCalden v. California Library Ass'n</u>, 955 F.2d 1214, 1223 (9th Cir. 1990).

A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957); <u>Klarfeld</u>, 944 F.2d at 585; <u>Usher v. City of Los Angeles</u>, 828 F.2d 556, 561 (9th Cir. 1987) <u>see also</u>, <u>NL Industries, Inc. v. Kaplan</u>, 792 F.2d 896, 898 (9th Cir. 1986). The court need not, however, accept conclusory allegations or unreasonable inferences as true. <u>Western Mining Council v. Watt</u>, 643 F.2d 618, 624 (9th Cir. 1981).

## 2. Analysis: Failure to State a Claim

Specifically, Defendant argues Plaintiffs' FAC fails to

10

state a claim because: 1) claims are barred by the
applicable statute of limitations; 2) declaratory judgments
are not available remedies; 3) injunctive relief is not an
available remedy; and, 4) Plaintiffs' proposed classes do
not meet the requirements of Fed. R. Civ. Pro. 23.

### a. Statute of Limitations

Defendant first contends Plaintiffs' first through
fifth claims are barred by the statute of limitations. This
contention is primarily based on Defendant's argument that
Plaintiffs' claims should be reclassified as a 42 U.S.C. §
1983 Civil Rights action, and therefore be subjected to a
two-year limitations period.

Plaintiffs, however, never classified their claims as
civil rights violations and have not sought damages for
denial of fundamental Constitutional rights. Although they
allege that they have been deprived of their rights and
privileges granted by law, see 42 U.S.C. § 1983, Defendant
may not reclassify Plaintiffs' claims to avoid liability.
Accordingly, a two-year statute of limitations period is not
appropriate.

Defendant in the alternative, contends that all EIC

11

refund claims prior to 2001 should be barred by the limitations period set forth in 26 U.S.C. § 6511(a). The Internal Revenue Code states that all refund claims "shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later." 26 U.S.C. § 6511(a). Furthermore, the Court also notes the Supreme Court's elimination of the possibility of equitable tolling by declaring, "[s]ection 6511's detail, its technical language, the iteration of the limitations in both procedural and substantive forms, and the explicit listing of exceptions...indicate to us that Congress did not intend courts to read other unmentioned, open-ended, "equitable" exceptions into the statute." <u>United States v. Brockamp</u>, 519 U.S. 347, 352 (1997). Thus, any argument by Plaintiffs that the Statute of Limitations should be tolled due to any action by Defendant cannot survive.

Plaintiffs argue that the mere filing of their tax returns constitutes an EIC claim. Plaintiffs argue that their general filing of a tax return constitutes "a claim" because the tax return contained the relevant information for EIC eligibility. Again, the Court finds this argument unpersuasive because although the Defendant determines how much of an EIC refund is due, it is not their burden to

12

determine whether an individual qualifies for a tax credit. Taken to the extreme, Plaintiffs' argument suggests that taxpayers should simply send any relevant paperwork to the IRS and require the government to play the role of H&R Block in determining how best to calculate and individual's tax liability.

Regardless of this argument by Plaintiffs, their FAC alleges that sufficient administrative refund claims associated with EICs were timely filed pursuant to 26 U.S.C. § 6511(a). <u>See</u> Complaint at ¶ 6.43. Although specific facts regarding these administrative claims are lacking in the Complaint, Plaintiffs' conclusory statement is sufficient to survive a motion to dismiss, as the Court must interpret the facts in the light most favorable to Plaintiffs. Therefore, the Court can concludes that the statute of limitations does not bar Plaintiffs' claims.

## b. The Declaratory Judgment Act

Defendant next contends Plaintiffs' FAC should be dismissed for failure to state a claim because declaratory judgments are not available in cases involving federal taxes or the Guam Territorial Income Tax. The Declaratory Judgment Act states,

13

> "[i]n a case of actual controversy within its
> jurisdiction, except with respect to Federal taxes
> other than actions brought under section 7428 of the
> Internal Revenue Code of 1986, ... any court of the
> United States ... may declare the rights and other
> legal relations of any interested party seeking
> declaration, whether or not further relief is or could
> be sought."

28 U.S.C. § 2201(a). Section 7428 applies to the classification of organizations, which is not at issue in this case. See 28 U.S.C. § 7428.

Defendant first argues declaratory judgment is not available because it is not specifically mentioned in the GTIT as a remedy. The GTIT, however, does not specifically mention available remedies of any kind. See 28 U.S.C. § 2201. Although there are some limitations on enforcing the GTIT, there is no indication these limitations extend beyond the executive branch. See 48 U.S.C. § 1421i(d)(2). Because Plaintiffs' claim falls within the jurisdiction of the Court, declaratory judgment is available. See 28 U.S.C. § 2201(a).

Defendant also argues Plaintiffs cannot receive declaratory judgment because the GTIT is a federal tax, to which the Declaratory Judgement Act does not apply. See 28 U.S.C. § 2201(a). The Ninth Circuit, however, has repeatedly held that the GTIT is a territorial tax, and not a federal tax. See Bank of America v. Chaco, 539 F.2d 1226,

14

1227 (9th Cir. 1976); <u>Forbes v. Maddox</u>, 339 F.2d 387, 389
(9th Cir. 1964); <u>Phelan v. Taitano</u>, 233 F.2d 117, 118 (9th
Cir. 1956). Thus, the Declaratory Judgment Act is
applicable to Plaintiffs' claim.[5]


### c. The Anti-Injunctive Act

Defendant next contends Plaintiffs' third claim for
Injunctive Declaratory Relief should be dismissed for
failure to state a claim because the Anti-Injunctive Act
bars Plaintiffs' claim.


The Anti-Injunctive acts provides, "no suit for the
purpose of restraining the assessment or collection of any
tax shall be maintained in any court by any person." 26
U.S.C. § 7421(a). Plaintiffs persuasively argue that their
suit is not brought for the purpose of restraining the
assessment of collection of any tax, but for the enforcement
of the EIC. Because assessment and collection of taxes has
already taken place, Plaintiffs' suit does not restrain or
interfere in those activities. <u>See Sorenson v. Sec'y of the
Treasury</u>, 557 F. Supp. 729 (D. Wash. 1982), *aff'd*, 752 F.2d

---

[5]Although Defendant is now contesting the applicability of the
Declaratory Judgment Act, the Court notes that it relied on the same
act to seek relief from the Supreme Court of Guam when Guam's
legislative branch attempted to force the executive branch to
implement the EIC. <u>See In re Request of I Mina' Bente Sing'ko Na
Lihelaturan Guahna</u>, 2001 Guam 3 (2001).

15

1433 (9th Cir. 1985), *aff'd*, 475 U.S. 851 (1986).
Accordingly, the Anti-Injunctive Act does not bar
Plaintiffs' claim.

### d. Class Certification

Next, Defendant contends Plaintiffs' claims should be
dismissed for failure to state a claim because the proposed
classes do not meet the requirements of commonality and
typicality as required by Fed. R. Civ. Pro. 23(a)(3) and
(b)(3). This argument goes to whether certification of the
proposed classes is proper. As Plaintiffs have not yet
brought a motion to certify the classes, Defendant's
argument is premature.

## IV. CONCLUSION

As a preliminary matter, Defendant has filed the
following additional motions: (1) Objection to Plaintiffs'
stated intention to file a second opposition and Motion to
strike if second opposition is filed; (2) Motion to shorten
time for hearing or consideration of Defendant's Objection
to Plaintiffs' stated intention; (3) Motion to strike
Plaintiffs' March 8, 2005 Opposition for using less than
twelve point font and exceeding page limit; and (4) Motion
to shorten time for hearing or consideration of Defendant's

16

motion to strike Plaintiffs' March 8, 2005 Opposition. The
Court notes any formatting and procedural deficiencies, but
**DENIES** all such motions and accordingly will rule on the
substantive merits of the case.

The Court has valid subject matter jurisdiction over
Plaintiffs' first through fifth claims under 48 U.S.C §§
1421i(h) and 1424. Defendant cannot validly claim sovereign
immunity and Plaintiffs have exhausted any administrative
remedies which were not deliberately impeded by Defendant.
Additionally, because the Court has valid subject matter
jurisdiction over the first through fifth claims, it can
validly exercise supplemental jurisdiction over Plaintiffs'
sixth claim.

As to Defendant's argument that Plaintiffs' first
through third and fifth claims should be dismissed for
failure to state a claim upon which relief can be granted,
the Court first finds that the statute of limitation does
not bar any of Plaintiffs' claims. Second, the Declaratory
Judgment and Anti-Injunctive Acts do not bar Plaintiffs'
claims and do not prevent the Court from granting
declaratory judgments and injunctions in Plaintiffs' case.
Third improper class definition does not prevent Plaintiffs'
case from proceeding at this stage, and Defendant is

17

1  premature in contesting possible certification.

2  Accordingly, Defendant's Motion to Dismiss is **DENIED** in its

3  entirety.

4  **IT IS SO ORDERED**.

5

6

7

8                                        _____
                                         **RONALD  S.W.  LEW**
9                                        United States District Judge

10  DATED: March 17, 2005

11

12

13

14

15

16

17

18

19          Notice is hereby given that this document was
            entered on the docket on **MAR 1 8 2005**.
20          No separate notice of entry on the docket will
            be issued by this Court.
21                   Mary L. M. Moran
                     Clerk, District Court of Guam
22          By: /s/ Shirlene A. Ishizu  MAR 1 8 2005
                     Deputy Clerk          Date
23

24

25

26

                                  18

# EXHIBIT H



FILED
DISTRICT COURT OF GUAM

JUN 15 2005

MARY L.M. MORAN
CLERK OF COURT

DISTRICT COURT OF GUAM

TERRITORY OF GUAM

MARY GRACE SIMPAO, CHRISTINA
NAPUTI and JANICE CRUZ, on behalf of
themselves and a class of others similarly
situated,

        Plaintiffs,

vs.

GOVERNMENT OF GUAM,

        Defendant.

Civil Case No. 04-00049

ORDER

    This matter is before the Court on the Plaintiffs' Partial Summary Judgment motion. *See* Docket No. 59. After hearing argument from counsel and reviewing the parties' submissions, as well as relevant caselaw and authority, the Court hereby memorializes the bases for its rulings herein.

## BACKGROUND

    In the tax years prior to 1995, Guam taxpayers claimed the Earned Income Tax Credit ("EIC") and the Government of Guam paid it.[1] However, in the years 1995 and 1996, the Government of Guam stopped paying the EIC. In 1996 the Department of Revenue and Taxation

---

[1] The EIC also referred to as the EITC was first enacted by the United States Congress in 1975 and codified as Section 43 of the U.S. Internal Revenue Code of 1954. *See* U.S. Public Law 94-12, § 204. The EIC is a refundable Federal income tax credit for low-income working individuals and families. It allows an eligible individual to claim a tax credit against the amount of income tax liability, if any, on his or her annual income tax return.

("DRT") issued a ruling ("Revenue Ruling No. 96-001") regarding whether the EIC applied in Guam under the Guam Territorial Income Tax ("GTIT"). *See* Canto Decl., at Exhibit C, attached thereto. It concluded that it did not. The Attorney General of Guam issued his own opinion on the matter and agreed with the DRT's ruling. *Id.,* Exhibit B ("Attorney General of Guam Memorandum Opinion DRT/DOA 96-001 ('1996 AG Opinion')), attached thereto.

In light of the DRT's ruling and Attorney General's opinion, the Government of Guam published that EIC was inapplicable in Guam on its tax return forms for the years 1995 and 1996 and 1999 through 2003.[2] *See* Answer at ¶ 3. For example, the 1999 1040A tax form contained the language "**Not Applicable**" where Earned Income Credit was listed. *See* Canto Decl., Exhibit L, attached thereto.[3] For the years 1997 and 1998, such prohibitory language was not on the Government of Guam's tax forms. *See Id.,* Exhibit E, attached thereto.

For tax years 1995 and 1996, the Government of Guam did not pay refunds associated with EICs. *See* Answer at ¶ 18. In the years 1997 and 1998, qualified Guam taxpayers could claim EIC on their tax returns. However, only some of the EIC claims were paid for the tax year 1997 and with the exception of one individual taxpayer, no EICs were paid for the tax year 1998. *Id.* at ¶s 7, 21 and 23. No EICs were paid for the tax years of 1999 through 2003.

On January 12, 2005, the Governor of Guam issued an Executive Order indicating the Government would establish a procedure whereby EIC claims would become a part of a qualified taxpayer's tax return. *See* Canto Decl., Exhibit F, attached thereto. Shortly after the Governor issued this order, the DRT published forms with which to make claims for the relevant tax years of 1995 though 2004. *Id.,* at Exhibit G, attached thereto.

The plaintiffs have collectively filed individual income tax returns with the Government of Guam during the tax years 1995 through 2003. *See* Canto Decl., at Exhibit L, attached thereto. None of the plaintiffs received an EIC offsetting the taxes paid during those years. Additionally,

---

[2] Guam issues it own 1040 forms.

[3] The plaintiffs in some of the years in question actually used the federal form 1040 which did not black out the EIC portion.

2

none of the plaintiffs filed an administrative claim for a refund of overpaid taxes. The plaintiffs, Mary Grace Simpoa, Christiana Naputi and Janice Cruz,[4] on behalf of themselves and a class of other similarly situated, ("plaintiffs") brought this action against the Government of Guam seeking declaratory relief regarding the applicability of the EIC to Guam taxpayers and refunds from tax overpayments.

### DISCUSSION

The plaintiffs now move for partial summary judgment and seek the following relief: (1) A declaration that, under the GTIT, the EIC applies to Guam and requires refunds of properly claimed EIC claims; (2) A declaration that, by filing income tax returns that contain no claim for the EIC, the plaintiffs have nonetheless exhausted their administrative remedies as required by the GTIT as a condition precedent to bringing suit; (3) A declaration and injunctive relief requiring the Government of Guam to provide notice to plaintiffs of their right to file EIC claims and creating procedures for filing such claims under the GTIT, or alternatively, a declaration that the Government of Guam must refund EIC claims to plaintiffs upon filing proper amended tax returns containing an EIC claim under the GTIT; and (4) A declaration and injunctive relief that the Government of Guam must enforce certain local Guam laws concerning amounts that are alleged to be required to be set aside to pay the EIC.

Summary judgment is appropriate when the evidence, read in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The party opposing summary judgment cannot rest on conclusory allegations, but must set forth specific facts showing that there is a genuine issue for trial. *Leer v. Murphy*, 844 F.2d 628, 631 (9th Cir. 1988). Moreover, to defeat a summary judgment motion, the nonmoving party must come forward with evidence sufficient to establish the existence of any disputed element essential to that party's case, and for which that party will bear the burden of proof at trial. *Celotex Corp. v.*

---

[4]On April 14, 2005, when the summary judgment motion was filed, Janice Cruz, was not a named plaintiff. However, on April 18, 2005, plaintiffs filed a Second Amended Complaint wherein, plaintiff Cruz was added.

3

*Catrett*, 477 U.S. 317, 322, 102 S.Ct. 2548 (1986).

Before addressing the merits of the motion, the defendant makes a number of objections. The defendant first contends that the plaintiffs' motion is premature. The motion is based on the Second Amended Complaint. However, the motion was filed on April 14, 2005 and the Second Amended Complaint was filed on April 18, 2005, four days after the motion. The defendant claims that in filing the motion, the plaintiffs misrepresented that the Second Amended Complaint contained no new facts, "apart from the addition of the plaintiff. All of the defendant's answers therefore to the Second Amended Complaint are required to be identical to its answers to the First Amended Complaint, save for those referring to the newly added Plaintiff Janice Cruz." *See* Motion, p.2. The defendant claims that this is not true. This Court agrees. In comparing the First Amended Complaint with the Second Amended Complaint, the Court notes that there are changes in the Second Amended Complaint that pertain to the original plaintiffs, Ms. Simpao and Ms. Naputi.[5] Notwithstanding the changes to the Second Amended Complaint, the substance of the complaint remains the same. Moreover, the changes have no bearing on the relief sought in the motion requiring this Court to hold the motion in abeyance.

The defendant also argues that the Declaratory Judgment Act and Anti-Injunctive Relief Act prohibit the relief sought. The Declaratory Judgment Act states that:

> [i]n a case of actual controversy within its jurisdiction, except with respect to Federal taxes other than actions brought under section 7428 of the Internal Revenue Code of 1986 . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking declaration, whether or not further relief is or could be sought.

28 U.S.C. § 2201(a).

The defendant argues that the Declaratory Judgment Act prohibits declaratory relief with respect to *federal taxes*. (Emphasis added.) However, in this instance, the plaintiffs argue that GTIT is not a federal tax so therefore the Declaratory Judgment Act does not bar the relief

---

[5]The plaintiffs are admonished that they are to exercise care in making representations to the Court and are cautioned that any further misrepresentations may result in the imposition of sanctions and/or other action deemed appropriate.

4

sought. This Court notes that this issue was discussed and ruled upon in the Court's prior Order concerning the defendant's motion to dismiss.[6] Honorable Ronald S.W. Lew agreed with the plaintiffs and found that the Declaratory Judgment Act did apply. Likewise, the Court addressed the applicability of the Anti-Injunction Act in its prior Order. The Anti-Injunction Act generally prohibits suits "for the purpose of restraining the assessment or collection of any tax." 26 U.S.C. § 7421(a). Judge Lew held that the Anti-Injunction Act did not bar the plaintiffs' claims because the suit was not brought for the purpose of restraining the assessment or collection of taxes, but was instead brought for the applicability and enforcement of the EIC. This Court finds Judge Lew's rulings to be the law of the case and will not otherwise disturb them. *See United States v. Lummi Indian Tribe,* 235 F.3d 443, 452 (9th Cir.2000) ("Under the law of the case doctrine, 'a court is generally precluded from reconsidering an issue previously decided by the same court, or a higher court in the identical case.'").

Turning now to the real issue before the Court, does the EIC apply to Guam and if so, what actions must the Government of Guam take in order to administer it. At the outset of its discussion, the Court notes that this issue has been unsettled for years.

Apparently, the issue was first raised in 1989. The Attorney General concluded in Memorandum Opinion No. DOA 89-0750 to the Director of Administration ("DOA"), that Guam was obligated to pay the EIC in excess of the tax owing. *See* Canto Decl., at Exhibit A, attached thereto. The Attorney General stated that:

> Guam currently uses a mirror image of the Internal Revenue Codes as its basis for collecting income taxes. Some time ago, the Territory received the permission of Congress to enact its own tax code in the 1986 Tax Reform Act.[7] By Executive Order, we have established the Guam Tax Reform Commission to determine and recommend how we will delink from IRC. The Earned Income Credit (EIC) and its applicability to Guam is one of the issues currently before the Commission. We have been informed that Guam had previously received an annual reimbursement from the

---

[6]*See* Order, Docket No. 53.

[7]In 1986, Congress authorized Guam to "de-link" from the I.R.C. and pass its own tax laws that would go into effect "upon an exchange of notes" by the governments of Guam and the United States. Tax Reform Act of 1986, §§ 1271, 1277(b), Pub.L. No. 99-514, 100 Stat.2085.

5

federal government amounting to several million dollars, but that the practice was halted during the administration of President Carter.

It appears that because we have the authority to delink from IRC, and yet choose not to do so (if only by our inaction), that we are in a position of being responsible for any shortfall resulting from following federal tax policies which are entirely discretionary upon us. We might be able to attempt to seek reimbursement for the estimated or actual shortfall caused by Earned Income Credit. However, the response of Congress is likely to be that we merely have to rewrite our local tax code to remove this burden.

A few years later, on or about January 4, 1996, the Attorney General revoked its earlier Memorandum Opinion DOA 89-0750 and adopted the DRT's Revenue Ruling 96-001. *See* Canto Decl., at Exhibit B, attached thereto. The Attorney General decided that: (1) EIC was not applicable in Guam and should not be administered by DRT, and (2) DRT should not certify to the DOA for the payment of any amounts owing as refundable EIC. *Id.*

In response to the change in tax policy the Legislature enacted its own program (Guam Earned Income Program) to ensure that Guam's taxpayers would receive the EIC. *See* 11 Guam Code Ann. § 4108. The program mirrored the federal program under 26 U.S.C. § 32. However, the program was never implemented and in 2000, the Legislature filed a declaratory judgment action with Guam's Supreme Court asking for its opinion as to whether Guam's taxpayers were entitled to the EIC, pursuant to Subtitle A of the IRC and applied to Guam by the operation of the Organic Act, 48 U.S.C. § 1421 et seq. *See In re Request of I Mina 'Bente Sing'Kona Liheslaturan Guahan Relative to the Application of the Earned Income Tax Credit Program to Guam Taxpayers ("The EIC question"),* 2001 Guam 3, 2001 WL 113985 (Sup. Ct. Guam 2001). After providing a thorough description of the history of the EIC, the Guam Supreme Court held that the EIC must be applied in mirrored fashion to Guam. This Court agrees.

Guam's tax code is based on the Internal Revenue Code. It is made applicable to Guam by the Organic Act and by the provisions of the Code itself. Organic Act §1421i(k); Internal Revenue Code § 7651. In effect, the Congress established a mirror system of taxation.

The Organic Act of Guam states:

(a) Applicability of Federal laws; separate tax

6

> The income tax laws in force in the United States of America and those which may hereafter be enacted shall be held to be likewise in force in Guam: *Provided,* That notwithstanding any other provision of law, the Legislature of Guam may levy a separate tax on all taxpayers in an amount not to exceed 10 per centum of their annual income tax obligation to the Government of Guam.
>
> (b) Guam Territorial income tax
>
> The income-tax laws in force in Guam pursuant to subsection (a) of this section shall be deemed to impose separate Territorial income tax, payable to the government of Guam, which tax is designated the "Guam Territorial income tax."

48 U.S.C. § 1421i(a) and (b).

Title 48 U.S.C. § 1421i(d) adds:

> (1) The income tax laws in force in Guam pursuant to subsection (a) of this section include but are not limited to the following provisions of the Internal Revenue Code of 1986, where not manifestly inapplicable or incompatible with the intent of this section: Subtitle A [26 U.S.C.A. § 1 et seq.] . . . and all provisions of subtitle F [26 U.S.C.A. § 6001 et. seq.] . . .

Section 31 of the Organic Act specifically lists the mirroring provisions, including Subtitle A of the I.R.C. which creates and defines the EIC.[8] The EIC was enacted in 1975 to provide tax benefits to low-income workers in the hopes that these benefits would make working more attractive than welfare. Since that time, Guam taxpayers applied for and received EICs until 1995 when the Government of Guam had a shift in tax policy and decided that it was not responsible for the payment of the EIC.

However, it would appear that the shift in policy was more attributable to a shortfall in the public coffers than one in legal reasoning. In DRT's Revenue Ruling No. 96-001, the director stated that "[a] definitive ruling by the Director of DRT is necessary at this time because GovGuam has experienced large amounts of lost revenue and cash outlays under the EITC." *See* Canto Decl., at Exhibit C, attached thereto. Guam's taxpayers should not be made to pay for the financial woes of its sovereign. If Guam is unable to pay for the EIC, it alone, has the power to change its tax code by delinking from the IRC in accordance with the Tax Reform Act of

---

[8]Section 6401(a) of Subtitle F directs the taxing authority to refund the EIC to the taxpayer or credit the EIC overpayment against the taxpayer's liabilities.

7

1986, or by enacting an additional tax to cover its expenses. *See* 48 U.S.C. § 1421i(a). Short of those options, the Court finds that as a matter of law, Guam must pay the EIC.

Moreover, the Court notes that the defendant seemingly has conceded that the EIC applies to Guam. The defendant stated in its Clarification of Defendant's Opposition to Plaintiff's Motion for Partial Summary Judgment that "[t]he position of the Office of the Attorney General, on behalf of the Government of Guam, with respect to the Earned Income Tax Credit ("EIC") is set forth in the Settlement Agreement entered into on June 14, 2004 . . ."[9] That Settlement Agreement was attached as Exhibit A to a Stipulated Order Granting Preliminary Approval of Class Action Settlement. Some of the positions set forth in the Stipulated Order were as follows:

> 2. "EIC Class" means all persons who (a) filed Guam tax returns and (b) were and are entitled to be paid refundable earned income tax credits under the Guam Territorial Income Tax and the Earned Income Program for any or all of the following tax years: 1996, 1998, 1999, 2000, 2001, 2002 and 2003.

> 3. The EIC Class members, otherwise eligible, are entitled to the Earned Income Tax Credit, pursuant to a provision in Subtitle A of the Internal Revenue Code and applied to Guam by operation of the Organic Act, 48 U.S.C. § 1421 et seq.

> 4. The Government of Guam is required to pay the Earned Income Tax Credit to eligible taxpayers.[10]

Additionally, the Government of Guam further stated "[t]he Government of Guam does not oppose the Motion for Partial Summary Judgment to the extent it will determine whether the EIC applies to the People of Guam as a matter of law."

Having decided that the EIC applies to Guam, the next question is whether the taxpayers exhausted their administrative remedies in claiming the EIC. According to 26 U.S.C. § 7422(a) a taxpayer is required to file a claim for a tax refund before filing suit.[11] However, in this instance,

_____

[9]*See* Clarification of Defendant's Opposition to Plaintiff's Motion for Partial Summary Judgment. Docket No. 81.

[10]*See* Certified Copy of Stipulated Order Granting Preliminary Approval of Class Action Settlement With Attached Settlement Agreement in Santos Case, CIV04-00006, Docket No. 82, page 2.

[11]26 U.S.C. § 7422 states:

8

the plaintiffs argue that the filing of an income tax return acts as a claim for the EIC, since the Government of Guam affirmatively took steps to prohibit a taxpayer from actually filing an EIC claim. The Government of Guam represented to the taxpayers that the EIC was inapplicable or not available on Guam. *See* Canto Decl., Exhibit L, attached thereto. The DRT's policy was to reject claims where individual taxpayers attempted to write EIC claims on their Guam tax forms, submit the U.S. versions of the forms (which did not block out the EIC box), submit the Form 1040 X[12] or submit letters or informal claims. *See* Camacho Decl., at ¶ 9. It was DRT's policy to return such forms to the taxpayer and (sometimes) provide the taxpayer with a copy of the Revenue Ruling stating the EIC did not apply in Guam. This Court is concerned that the Government took actions that discouraged if not actually affirmatively prohibited the filing of a return with the request for the EIC. The Court therefore finds under the circumstances, the filing of the tax returns should be considered a claim satisfying the jurisdictional requirement under 26 U.S.C. § 6511.[13]

The plaintiffs next seek declaratory and injunctive relief requiring the Government of Guam to provide notice to plaintiffs of their right to file EIC claims and creating procedures for filing such claims under the GTIT, or alternatively, a declaration that the Government of Guam must refund EIC claims to plaintiffs upon filing proper amended tax returns containing an EIC

---

(a) No suit prior to filing claim for refund.

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established pursuance thereof.

[12]As used in the federal system, Form 1040 X is used for amended tax claims.

[13]Although the Court has jurisdiction based on the filing of the claims, the Court will refrain at this time from addressing whether the statute of limitations would act as a bar to many of the claims pursued in a refund suit. *See* 26 U.S.C. § 6532(a)(1).

9

claim under the GTIT. The Government of Guam claims that this issue is moot and the request unnecessary as the Government of Guam is already accepting EIC claims and permitting the amendment of tax returns to facilitate such claims, to the extent permitted by federal and territorial law. *See* Camacho Decl., at Exhibit 2, attached thereto.

In January 2005, the Governor of Guam issued Executive Order 2005-001, requiring DRT to create supplemental EIC forms ("Guam Earned Income Credit Application") and to accept the submission of the EIC claims under territorial and, to the extent applicable, federal law. *See* Camacho Decl., at Exhibit 1, attached thereto. It applies to tax years 1995-1996 and 1999-2004, and into the future. *Id.* There are no forms for the years 1997-1998 because DRT had already created a form for the those years and had accepted claims. The Order expressly states that tax returns may be amended as part of such a submission, although amendments are limited to three years as provided under federal law. *Id.* Accompanying the forms is an EIC brochure prepared by DRT. *Id.* at Exhibit 4. Pursuant to the Executive Order, the EIC claims submitted under this procedure shall constitute sufficient claims for the EIC under the GTIT if the EIC is held to apply to Guam. *Id.* at Exhibit 1, ¶ 2. As of April 26, 2005, DRT has received 15,475 claims for the EIC under the Executive Order. *Id.* at ¶ 14 and Exhibit 5.

The plaintiffs state that they are concerned that the forms contain qualifying language that would allow the Government of Guam to ignore its obligation to pay the EIC. The offending language is as follows:

> By providing this form neither the Department of Revenue & Taxation nor any other part of the Government of Guam or its officers are agreeing to make any payment to any taxpayer or any offset in favor of any taxpayer or waiving any applicable law regarding submission of claims.

*See* Camacho Decl., at Exhibit 2.

The plaintiffs claim that since the Government of Guam is claiming there is no obligation to pay the EIC on the forms, the request for declaratory relief is not moot. This Court has reviewed the forms and notes that at the time they were created, the issue of the EIC had not been decided. It seems to reason that in drafting the documents, the Government wanted to preserve its rights should a Court subsequently rule that it had no legal obligation to pay the EIC. Despite

10

1  a history of non-payment by the Government, the Court finds the Government of Guam has taken

2  efforts to create forms that would allow it to process the claims in the event it is found

3  responsible for paying the claims.

4      Under the circumstances, the Court does not find the need to grant declaratory relief.

5  Should the Government of Guam refuse to pay the claims after they have been found owing, the

6  plaintiffs are free to take steps to enforce the payments. The Court is reluctant to grant

7  declaratory relief where there is only the possibility of future harm. *Hodgers-Durgin v. de la*

8  *Vina* 199 F.3d 1037, 1042 (9th Cir.,1999) ("The Supreme Court has repeatedly cautioned that,

9  absent a threat of immediate and irreparable harm, the federal courts should not enjoin a state to

10  conduct its business in a particular way."). The Court notes that the plaintiffs' complaint is also

11  one for a refund. There is nothing preventing the plaintiffs from proceeding with this action.

12  Accordingly, the Court denies the declaratory and injunctive relief as requested.

13      Lastly, the plaintiffs ask for injunctive relief requiring the Government of Guam to

14  enforce certain local Guam law (11 Guam Code Ann. § 50101 et seq. and 11 Guam Code Ann. §

15  51101 et seq.) concerning amounts that are alleged to be required to be set aside to pay the EIC.

16  In 1999, the Legislature amended the Income Tax Reserve Fund law (the "Reserve Fund"), to

17  create a yearly reserve fund to reserve tax receipts for the payment of income tax refunds, the

18  child tax credit, and the EIC. 11 Guam Code Ann. § 50103. It also requires the DOA, DRT and

19  the Bureau of Budget & Management Research to establish a yearly formula for how much

20  money should be reserved from income tax receipts. *Id.* This formula is to be used by DOA to

21  pay projected income tax refunds, child tax credits, and EIC. 11 Guam Code Ann. § 50104.

22      In addition to the Reserve Fund, the Legislature enacted the Income Tax Refund Efficient

23  Payment Trust Fund Act of 2002 (the "Trust Fund"). The Trust Fund is supposed to receive

24  weekly, quarterly, and monthly deposits (depending on the source) of payroll and other income

25  taxes. 11 Guam Code Ann. § 50102. The formula for such deposits is supposed to be the same

26  formula as the yearly account under the Reserve Fund, except that the money in the Trust Fund

27  account is being reserved for the coming year and is supposed to be earning interest. *Id.* When

28  DOA is ready to release tax refunds, child tax credits, or the EIC, the money is to be transferred

11

1  from the Trust Fund into the Reserve Fund, and to the taxpayers. *Id.*

2      The Government of Guam argues that the plaintiffs have no right to sue for the

3  enforcement of the Reserve and Trust Fund laws. The Government of Guam states that these

4  laws are local budget laws designed to benefit the Legislature with regard to expenditures of

5  public funds. There is nothing in the laws themselves that create a generalized private cause of

6  action, much less a right to seek injunctive relief. The plaintiffs therefore should be denied

7  injunctive relief. *See Touche Ross & Co. v. Readington,* 442 U.S. 560, 568 (1979) (an implied

8  cause of action can only be created under a statute if it is consistent with the intent of the

9  legislature.)

10      The Government of Guam also states that it is complying with the laws to the degree

11  permitted by the intervening budget laws. In 2004, the Guam Legislature passed its budget for

12  fiscal year 2005, P.L. 27-106 (Bill 363), creating a tax refund reserve of $72 million. There was

13  no provision therein for the EIC or other reserves. *See* Guam P.L. 27-106. Based upon the

14  current financial figures available to the Government, $72 million is not sufficient to pay this

15  year's estimated tax refunds and EIC. Decl. of Lourdes Perez, at ¶ 4.

16      According to the Director of the DOA, an injunction that requires the Government of

17  Guam to immediately begin to set aside money for the EIC could cause a financial crisis. Decl.

18  of Lourdes Perez, at ¶ 8. The Court is concerned about the consequences of ordering the

19  Government of Guam to comply with these laws without a showing of actually how much money

20  would be required and the effects that would have on the operations of the Government. Under

21  the circumstances, the Court finds the request premature in light of the fact that the class has not

22  been certified. There simply are not enough facts to indicate what sum of monies should actually

23  be set aside. In addition, when the plaintiffs proceed with their refund suit, the Court can revisit

24  the issue of how refunds are to be paid if found owing. Should the Government of Guam choose

25  not to take action in paying its obligation, the Court can then take the appropriate action.

26  Accordingly, the Court denies summary judgment as to this request.

27  ///

28  ///

12

CONCLUSION

In light of the foregoing, the Court grants partial summary judgment as to the issue of whether EIC applies to Guam and that, by filing income tax returns that contain no claim for the EIC, the plaintiffs have nonetheless exhausted their administrative remedies as required by the GTIT as a condition precedent to bringing suit. As to the other requests, the Court denies the relief sought. The plaintiffs are to take action to certify the class and proceed with this matter as a refund suit.[14]

SO ORDERED this __15__ day of June, 2005.

RICARDO S. MARTINEZ
Designated Judge

Notice is hereby given that this document was
entered on the docket on __JUN 1 5 2005__.
No separate notice of entry on the docket will
be issued by this Court.
            Mary L. M. Moran
       Clerk, District Court of Guam
By: /s/ Shirlene A. Ishizu    JUN 1 5 2005
    Deputy Clerk         Date

---

[14]The Court notes the conspicuous absence of the United States as a party in this action. The Court questions whether there may be an equal protection argument in light of the fact that Guam taxpayers are not entitled to the Advance EIC and an offset of their social security taxes paid to the federal government.

*The Honorable Ricardo S. Martinez, United States District Judge for the Western District of Washington, by designation.

13

# EXHIBIT I

1  VAN DE VELD SHIMIZU CANTO & FISHER
   Suite 101 Dela Corte Building
2  167 East Marine Corps Drive
   Hagåtña, Guam  96910
3  671.472.1131

4  TOUSLEY BRAIN STEPHENS PLLC
   Kim D. Stephens, P.S., *Pro Hac Vice*
5  Nancy A. Pacharzina, *Pro Hac Vice*
   700 Fifth Avenue, Suite 5600
6  Seattle, Washington  98104-5056
   206.682.5600

7

*Attorneys for Plaintiffs Mary Grace Simpao, Christina Naputi and Janice Cruz*

8

9

10              DISTRICT COURT OF GUAM

11              TERRITORY OF GUAM

12  MARY GRACE SIMPAO, CHRISTINA
    NAPUTI and JANICE CRUZ on behalf of
13  themselves and a class of others similarly
    situated,
14

15              Plaintiffs,

16      v.

17  GOVERNMENT OF GUAM,

18              Defendant.

Civil Case No. 04-00049

PLAINTIFFS' MOTION FOR CLASS
CERTIFICATION

19

20              **I. INTRODUCTION**

21      This case seeks to establish the right of all eligible Guam citizens to file for and recover

22  Earned Income Credits (EICs) as required by Guam's tax laws.  Its primary issues have already

23  been resolved on behalf of the named Plaintiffs through summary judgment. Plaintiffs now ask

24  the Court to extend those results to the Class as a whole and certify this case as a class action

25  pursuant to Fed. R. Civ. P. 23.

26

VAN DE VELD SHIMIZU CANTO & FISHER
167 East Marine Corps Drive, Suite 101
Hagatna, Guam 96910
TEL 671.472.1131 · FAX 671.472.2886

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL 206.682.5600 · FAX 206.682.2992

FILED
DISTRICT COURT OF GUAM
JUL - 5 2005
MARY L.M. MORAN
CLERK OF COURT

OFFICE OF THE GOVERNOR
0 5 JUL 2005
DATE
LEGAL OFFICE

RECEIVED

## A. Plaintiffs' Claims

Resolution of all claims in this action depends on the threshold holding Plaintiffs sought when the action was filed: an enforceable ruling that EIC provisions of the U.S. Internal Revenue Tax Code are applicable to Guam. The action then seeks various forms of relief to allow Plaintiffs and proposed Class members to file for and recover EICs wrongfully withheld.

Plaintiffs' Claims One, Two and Three seek declaratory and injunctive relief to establish who has timely filed (or still can timely file) an administrative EIC claim for the tax years at issue. This is a condition prerequisite not only to filing a claim for EICs, but also to this Court's jurisdiction over any action challenging denial of an EIC. The proposed Class for these claims consists of taxpayers who filed tax returns in years the Government prevented specific EIC claims from being filed, and affirmatively represented on tax refund forms that such claims were not applicable in Guam. Under statutory limitations periods, some of these claims (claims for tax years 1995, 1996 and 1999) could be time barred. A subclass is proposed for those claimants.

Plaintiffs' Fourth claim is a tax refund action seeking actual payment of EICs due. The proposed class for this claim consists of all taxpayers who timely filed an administrative claim for an EIC for tax years 1995 – 2003 either as declared by the Court in resolution of Claims One through Three, or by actually filing EIC claim forms the Government made available and accepted for tax years 1997 and 1998.

Plaintiffs' Fifth and Sixth claims seek to secure the right to make claims for EICs and efficiently receive EIC refunds for future tax years. The primary relief sought is an injunction ordering the Defendant to establish and fund certain reserve funds mandated by law specifically to ensure prompt and efficient payment of tax refunds and EICs.

## B. Relief Already Obtained

The individual Plaintiffs have already won relief for the Class in two ways. First, they obtained summary judgment holding the following: (1) the EIC applies in Guam; and (2) in light of the Government's conduct in this matter, Plaintiffs are deemed to have exhausted

PLAINTIFFS' MOTION FOR    - 2
CLASS CERTIFICATION

VAN DE VELD SHIMIZU CANTO & FISHER
167 East Marine Corps Drive, Suite 101
Hagatna, Guam 96910
TEL. 671.472.1291 • FAX 671.472.2886

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

Case 1:04-cv-00006    Document 333    Filed 08/25/2006    Page 2 of 4

1  administrative remedies for *all* tax years at issue by timely filing tax returns for those years. In
2  other words, the Government is estopped from asserting Plaintiffs did not comply with the time
3  limits prescribed by 26 U.S.C. § 6511 for filing administrative claims.

4      Second, shortly after Plaintiffs filed their complaint requesting a mechanism be
5  provided for filing EIC claims, the Government implemented an EIC claims application
6  process. Final determination of the need for and scope of injunctive relief for a claims process
7  in light of Government's action remains to be determined.

8  **C.    Class Treatment is Desirable For Plaintiffs' Claims**

9      Tax refund actions like this one have been found suitable for class treatment where, as
10  here, the Class includes only those who have exhausted administrative remedies. Here, such
11  Class members are defined by whether they have or still can file a tax return for the relevant tax
12  years — a fact easily and objectively determinable.

13      The threshold Rule 23(a) requirements for class certification are also easily met. The
14  number of Class members is in the thousands, and to some degree, they are geographically
15  dispersed. It is most likely not all Class members remain on Guam. Further, the issues
16  presented are common to all claims, and the named Plaintiffs' claims are by definition typical
17  of those of proposed Class members. Finally, Plaintiffs have retained counsel experienced in
18  class actions.

19      Class treatment is also suitable under Rule 23 (b)(2). All Class members' claims are
20  based on one common course of conduct by Defendant, that is, its uniform policy and practice
21  of refusing to accept, process and pay claims for EICs due. The injury suffered by all class
22  members is categorically the same — denial of their EIC benefit. And, the relief sought by
23  each Class member is the same — the right to properly claim and recover EICs for which they
24  are eligible. Importantly, eligibility for an EIC is objectively determinable through review of
25  each Class members' tax return and EIC claim form. The amount due is prescribed by tax

26

VAN DE VELD SHIMIZU CANTO & FISHER
167 East Marine Corps Drive, Suite 101
Hagatna, Guam 96910
TEL. 671.472.1131 • FAX. 671.472.2886

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206.682.5600 • FAX. 206.682.2992

1  credit tables. It is no hindrance to class certification that the specific amount of EIC due each

2  Class member may vary.

3       Finally, class treatment is not only suitable, it is desirable. Resolution of these claims in

4  a single proceeding will conserve resources of both the parties and the Court. Perhaps most

5  importantly, it may be the only way most Class members will receive any relief at all. The

6  value of each individual claim is too small to justify pursuit on an individual basis, especially

7  where Class members are known to be of limited resources and relatively unsophisticated.

8       This Court should certify this case for class treatment to extend Plaintiffs' summary

9  judgment ruling and provide any further relief obtained to all Class members.

10                      **II. STATEMENT OF FACTS**

11  **A.    The EIC**

12       The Earned Income Credit provides a tax benefit to low income workers in the hopes

13  the benefit will make working more attractive than welfare. Only taxpayers with an income

14  below a certain level qualify for the credit. Once this threshold requirement is met, additional

15  factors may effect whether a taxpayer qualifies for the credit and the amount of credit due (*e.g.*

16  whether the taxpayer has a qualifying child and whether the taxpayer is a qualifying child of

17  another taxpayer). *See* Declaration of James L. Canto II In Support Of Plaintiffs' Motion For

18  Class Certification (hereinafter Canto Decl.), Exhibit A – 1994 Guam Forms 1040, 1040A,

19  1040EZ; 1994 Schedule EIC; 1994 Form 1040 Instructions.

20       A taxpayer claims the EIC by filling out a specific section of the income tax return form

21  designated for this purpose. *Id.* An additional form is required only if a "qualifying child" is

22  also claimed. By filling out the EIC section of their tax return a taxpayer is attesting they meet

23  all requirements to qualify for the credit. Abuse is deterred by imposing a penalty for false

24  claims. Ineligible taxpayers who take the credit may not be allowed to take the credit for as

25  long as ten years. *Id.* If a taxpayer does not want to compute the actual amount of credit due

26

VAN DE VELD SHIMIZU CANTO & FISHER
167 East Marine Corps Drive, Suite 101
Hagatna, Guam  96910
TEL. 671.472.1131 • FAX 671.472.2886

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

Case 1:93-cv-00006   Document 355-4   Filed 08/25/2006   Page 1 of 29

1  they can simply write "EIC" on that portion of their tax return and the Government of Guam

2  will compute the credit owing for them. *Id.*

3  **B.    The Government's Misconduct In Administration of the EIC in Guam**[1]

4       By law Guam's tax code mirrors certain provisions of the U.S. Internal Revenue Code,

5  including those sections that create and define the Earned Income Credit. The EIC became

6  effective in the U.S., and, therefore, in Guam, in 1975. The Government of Guam provided a

7  mechanism for its citizens to make claims for the EIC and paid the credit due from 1975

8  through 1994. In fact, it is estimated more than 9,400 Guam taxpayers received approximately

9  $11 million in EIC payments for tax year 1994.

10      On June 23, 1989, the Government, through its Attorney General's office (the "AG"),

11  expressly acknowledged it is obligated to pay the EIC to eligible taxpayers in the same manner

12  as ordinary tax refunds, *i.e.*, from the General Fund. *See* Canto Decl., Exhibit C -

13  Memorandum Opinion No. DOA 89-0750 (the "1989 AG Opinion"). Six years later, however,

14  the Director of the Department of Revenue and Taxation (the "DRT") unilaterally decided to

15  terminate the EIC in Guam. In direct contradiction to the 1989 AG Opinion, DRT issued

16  Revenue Ruling 96-001 (the "1996 Revenue Ruling") stating the EIC did not apply to Guam

17  and, even if it did, DRT could not certify EICs due for payment because the Legislature had

18  made no appropriation to fund the EIC. *Id.*, Ex. D – 1996 Revenue Ruling. On January 4,

19  1996, Guam's AG at the time, issued Memorandum Opinion No. DRT/DOA 96-001 (the "1996

20  AG Opinion") adopting DRT's misguided 1996 Revenue Ruling. *Id.*, Ex. E – 1996 AG

21  Opinion.

22      As this Court recently noted:

23                . . . [T]he shift in policy was more attributable to a shortfall in
                  the public coffers than one in legal reasoning. In DRT's Revenue
24                Ruling No. 96-001, the director stated that '[a] definitive ruling
                  by the Director of DRT is necessary at this time because
25

_____

26  [1] The following facts have been admitted by Defendants in their Answer and accepted by the Court in its ruling on
summary judgment. *See* Canto Decl., Ex. B – Summ.J Order entered June 15, 2005.

PLAINTIFFS' MOTION FOR      - 5
CLASS CERTIFICATION

VAN DE VELD SHIMIZU CANTO & FISHER          TOUSLEY BRAIN STEPHENS PLLC
167 East Marine Corps Drive, Suite 101       1700 Seventh Avenue, Suite 2200
Hagatna, Guam  96910                          Seattle, Washington  98101-1332
TEL. 671.472.1131 · FAX 671.472.2886         TEL. 206.682.5600 · FAX 206.682.2992

Case 1:04-cv-00006   Document 350-2   Filed 08/25/2006   Page 5 of 11

1    GovGuam has experienced large amounts of lost revenue and
     cash outlays under the EITC.'

2    Summ.J Order at 7.

3        As a result of the 1996 AG Opinion and Revenue Ruling, the 1995 and 1996 tax return

4    forms published by the Government included the words "not applicable in Guam" over the

5    section providing taxpayers a mechanism to claim the EIC. *See* Canto Decl., Ex. F – Guam

6    Income Tax Return Forms for tax years 1995, 1996 & 1999-2003 (hereinafter "Guam Tax

7    Forms"). Further, no specific form to claim the EIC was made available to taxpayers. The

8    Government did not compute or pay any individual EICs for either tax year 1995 or 1996.

9        In response to the Executive Branch's unilateral reversal of tax policy, in 1997 the

10   Legislative Branch of the Government passed several laws to implement the Guam Earned

11   Income Program (the "Guam EIC") and to ensure continuous funding of the Program. *See*

12   Public Law 23-74, 11 Guam Code Ann. §§ 42101 et seq. As such, the 1997 and 1998 income

13   tax forms published by the Government included a mechanism for eligible taxpayers to

14   specifically claim the EIC. The Government paid some, but not all, EICs for the 1997 tax year.

15   The Government did not pay any EICs for the 1998 tax year.

16       The 1999-2003 income tax forms published by the Government once again included the

17   words "Not Applicable" over the section providing the mechanism to claim the EIC. *See* Canto

18   Decl., Ex. F – Guam Tax Forms. Once again the Government did not provide a supplemental

19   form to make a specific claim for the EIC. Instead, despite the action of the Legislature in

20   1997, the Executive Branch once again refused to implement the EIC.

21       The Government did not change its conduct even though in 2001, the Supreme Court of

22   Guam, at the request of the Legislative Branch, published an opinion stating the Organic Act

23   required Guam taxpayers receive the benefits of the EIC and thus, DRT is obligated to pay the

24   EIC to eligible Guam taxpayers.[2]

25   _____

26   [2] *In Re Request of I Mina' Bente Sing'ko Na Liheslaturan Guahan Relative to the Application of the Earned Income Tax Credit Program to Guam Taxpayers ("the EIC question")*, 2001 Guam 3, 9 (S.Ct. Guam 2001) a copy of which is attached hereto as Exhibit G to the Canto Decl.

VAN DE VELD SHIMIZU CANTO & FISHER
167 East Marine Corps Drive, Suite 101
Hagatna, Guam 96910
TEL 671.472.1131 • FAX 671.472.2886

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL 206.682.5600 / FAX 206.682.2992

Filed 07/28/2006

## C.    The Income Tax Refund Reserve Fund and Tax Refund Efficient Payment Trust Fund

In 1994 the I Liheslaturan Guahan [the Guam Legislature] mandated a portion of income tax receipts be reserved in a special fund "in order to accumulate sufficient cash reserves to pay projected income tax refunds, earned income tax credits and child tax credits in a timely manner." 11 Guam Code Ann. §§ 50103. *See also* Public Law 22-140:IV:2(b), the Income Tax Refund Reserve Fund Law (the Reserve Fund Law); 11 Guam Code Ann. §§ 50101 et seq.  Under the Reserve Fund Law, the Director of Revenue and Taxation, in consultation with the Director of Administration and the Director of the Bureau of Budget and Management, is required every year to establish a formula, based on the statistical average of refunds and credits issued in the prior three years, to determine the portion of tax receipts to deposit in the Income Tax Refund Reserve Fund (the "Reserve Fund"). 11 GCA § 50103.

The Reserve Fund must be maintained in a separate bank account and cannot be commingled with any other government funds. 11 GCA § 50102. Expenditures can be made solely for payment of income tax refunds and specified credits. 11 GCA § 50105.The money placed in the Reserve Fund is not subject to any transfer authority of the I Maga'lahen Guahan [the Governor of Guam] and cannot be pledged by the I Maga'lahen Guahan. *Id. See also* 11 GCA § 51106.  Monthly reports to the Legislature on all expenditures from and deposits to the Reserve Fund must be made by the Director of Administration. 11 GCA § 50107.

In 2002 the I Liheslaturan Guahan, passed additional provisions which allow the portion of tax receipts designated for the Reserve Fund to be placed in an interest bearing Tax Efficient Payment Trust Fund (the Trust Fund) as they are collected on a monthly or quarterly basis. *See* 11 GCA § 51101 et seq. When the Tax Commissioner is ready to pay tax refunds and credits, the tax receipts deposited in the Trust Fund must be transferred by the Director of Administration to the Reserve Fund. 11 GCA § 51102.

As with the Reserve Fund, monies in the Trust Fund must be maintained in a separate bank account and cannot be commingled with any other government funds, 11 GCA § 51101;

VAN DE VELD SHIMIZU CANTO & FISHER
167 East Marine Corps Drive, Suite 101
Hagatna, Guam 96910
TEL. 671.472.1131 • FAX 671.472.2886

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

Case 1:04-cv-00006    Document 85-2    Filed 08/25/2006    Page 7

they are not subject to any transfer authority of the I Maga'lahen Guahan, 11 GCA § 51107; and cannot be pledged by the I Maga'lahen Guahan. 11 GCA § 51105. Within 15 days of every deposit made to the Trust Fund the Director of Administration and the Tax Commissioner must report to both the I Liheslaturan Guahan and the I Maga'lahen Guahan the amount of the deposit and the current balance of the Trust Fund. 11 GCA § 51106.

Unfortunately for Guam's taxpayers, tax receipts, have not been deposited into either the Reserve Fund or the Trust Fund pursuant to the formula prescribed in the Reserve Fund Law and/or the manner prescribed in 11 GCA § 51102. *See* Canto Decl., Ex. H – Correspondence from Department of Administration dated January 18 and 26, 2005 (hereinafter "DOA Letters"). *See also id.*, Ex. I – Correspondence from Department of Revenue & Taxation dated February 8, 2005 (hereinafter "DRT Letter"). Further, neither the Department of Administration or the Department of Revenue and Taxation have complied with the reporting requirements of 11 GCA § 50107 and § 51106. *Id.*

**D.    The Plaintiff's Experience With the EIC[3]**

1.    Plaintiff Naputi

Plaintiff Naputi has been a resident of Guam during all relevant tax years. For tax years 2000, 2001, 2002 and 2004 she paid income taxes and timely filed tax returns with the Government of Guam. For tax year 2002 she filed as "married filing jointly," she had one qualifying child, and in that tax year Ms. Naputi had a taxable income that qualified her for the EIC. For these four tax years she provided all information requested on the income tax return form relevant to her as a taxpayer.

Plaintiff Naputi estimates she qualifies for an EIC of $1,394 in 2002 and an undetermined amount in 2004. She did not receive an EIC refund payment or offset against her taxes for any of the tax years at issue. She never received a formal notice of disallowance of her

[3] Affidavits of each named Plaintiff submitted with Plaintiffs Reply Brief in Support of Plaintiffs' Motion for Partial Summary Judgment are attached hereto.

PLAINTIFFS' MOTION FOR    - 8
CLASS CERTIFICATION

VAN DE VELD SHIMIZU CANTO & FISHER
167 East Marine Corps Drive, Suite 101
Hagatna, Guam 96910
TEL. 671.472.1131 • FAX 671.472.2886

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

Case 1:04-cv-00006    Document 36-2    Filed 08/25/2006    Page 88 of 117

claims to an EIC, nor did she waive her right to such notice for any of the tax years at issue. Ms. Naputi expects she will qualify for an EIC in 2004.

2. Plaintiff Simpao

Plaintiff Simpao has been a resident of Guam during all relevant tax years. For tax years 1996 through 2004, she paid income taxes and timely filed tax returns with the Government of Guam. In 1996 she filed a tax return as a "single" taxpayer. She had one qualifying child. In 1997 she filed as "married filing jointly" with one qualifying child; in 1998 as "married filing jointly" with two qualifying children; in 1999 as "married filing separately" with one qualifying child; in 2000 as "married filing separately" with one qualifying child, in 2001 "married filing separately" with two qualifying children; in 2002 as "head of household" with two qualifying children; and in 2003 as "head of household" with three qualifying children. In tax years 1996-1998 and 2002-2003 her taxable income qualify her for the EIC and she provided all information requested on the income tax return forms relevant to her as a taxpayer. Specifically, in tax years 1997 and 1998 she completed and filed the Guam Earned Income Program Application (GEIPA) provided by the Government.

Plaintiff Simpao estimates she qualified for an EIC of $1,750 in 1996, $837 in 1997, $836 in 1998, $3,128 in 2002, $2,984 in 2003 and an undetermined amount in 2004. Ms. Simpao did not receive an EIC payment or offset against her taxes for any of those tax years. She never received a formal notice of disallowance of her claims to an EIC, nor did she waive her right to such notices for any of the tax years at issue. Ms. Simpao expects she will qualify for the EIC in 2004.

3. Plaintiff Cruz

Plaintiff Cruz has been a resident of Guam during all relevant tax years. For tax years 1995 through 2004, she paid income taxes and timely filed tax returns with the Government of Guam. For tax years 1996 through 2004, based upon income and filing status, she is eligible for the EIC refund. In 1996, 1997, 1998, 1999, 2000, 2001 and 2003 she filed a tax return as a

PLAINTIFFS' MOTION FOR   - 9
CLASS CERTIFICATION 0006          Document 36-2   Filed 08/25/2006

VAN DE VELD SHIMIZU CANTO & FISHER
167 East Marine Corps Drive, Suite 101
Hagatna, Guam 96910
TEL. 671.472.1131 · FAX 671.472.2886

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206.682.5600 · FAX 206.682.2992

1 "head of household" taxpayer and she had one qualifying child. In 2002 she filed as "head of
2 household" with two qualifying children. In tax years 1996-2004 her taxable income and
3 taxpayer status qualify her for the EIC and she provided all information requested on the income
4 tax return forms relevant to her as a taxpayer. Specifically, in tax years 1997 and 1998 she
5 completed and filed the Guam Earned Income Program Application (GEIPA) provided by the
6 Government.

7 Plaintiff Cruz estimates she qualified for an EIC of $855 in 1996, $908 in 1997, $1,022
8 in 1998, $712 in 1999, $789 in 2000, $1,144 in 2001, $2,644 in 2002, $1,005 in 2003 and an
9 undetermined amount in 2004. Ms. Cruz did not receive an EIC payment or offset against her
10 taxes for any of those tax years. She never received a formal notice of disallowance of her
11 claims to an EIC, nor did she waive her right to such notices for any of the tax years at issue.
12 Ms. Cruz expects she will qualify for the EIC in 2004

13

14 **E.      Procedural History of This Action and Related Actions**

15       1.      <u>Procedural History of This Action</u>

16 This action was filed on December 3, 2004. Five weeks later, in direct response to
17 Plaintiffs' Complaint, the Governor of Guam issued Executive Order No. 2005-01 directing
18 DRT to establish a process by which Guam's taxpayers can submit claims for the EIC for tax
19 years 1995–1996 and 1999–2004. *See* Canto Decl., Ex. J – Executive Order No. 2005-01,
20 entered January 12, 2005 (hereinafter "2005 Executive Order"). The 2005 Executive Order
21 however, made no commitment those claims would ever be processed or paid. *Id.* The
22 Government never published any formal announcement through public media to give notice to
23 taxpayers that a claims procedure was now available. Despite the lack of individual notice,
24 over 15,000 claims have been filed, over one third of which are for 2004. *See* Canto Decl., Ex.
25 K – Copy of Exhibit 5 to the Decl. of John Camacho Submitted in Support of Defendant's
26 Opp. To Plts.' Mot. For Summ.J.

PLAINTIFFS' MOTION FOR     - 10
CLASS CERTIFICATION

VAN DE VELD SHIMIZU CANTO & FISHER
167 East Marine Corps Drive, Suite 101
Hagatna, Guam 96910
TEL 671 472 1131 • FAX 671 472 2886

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206 682 5600 • FAX 206 682 2992

Case 1:04-cv-00006     Document 355-4     Filed 08/25/2006     Page 11 of 15

Plaintiffs filed a First Amended Complaint on February 1, 2005, adding an additional named Plaintiff and the claim regarding creation and administration of the Reserve and Trust Funds. On March 17, 2005, this Court denied in its entirety the Government's Motion to Dismiss the First Amended Complaint. The Government then answered the operative complaint on March 28, 2005. A Second Amended Complaint was filed April 18, 2005 adding a third named plaintiff.

On June 15, 2005 this Court granted Plaintiffs partial summary judgment holding:

> Guam's taxpayers should not be made to pay for the financial woes of its sovereign. If Guam is unable to pay for the EIC, it alone, has the power to change its tax code by delinking from the IRC in accordance with the Tax Reform Act of 1986, or by enacting an additional tax to cover its expense. *See* 48 U.S.C. §1421i(a). Short of those options, ***the Court finds as a matter of law, Guam must pay the EIC.***

Summ.J Order at 7-8. This Court also held:

> This Court is concerned that the government took actions that discouraged if not actually affirmatively prohibited the filing of a return with the request for the EIC. ***The Court therefore finds, under the circumstances, the filing of the tax returns should be considered a claim satisfying the jurisdiction requirement under 26 U.S.C. § 6511*** [*i.e.,* the provision prescribing time limits for filing an administrative claim].

Summ.J. Order at 9. The Court noted the Government had implemented an Executive Order establishing a claims procedure for EIC claims as requested in Plaintiffs' Second Amended Complaint. In light of that fact, the Court declined to grant, on summary judgment motion, the injunctive and declaratory relief regarding provision of a claims procedure and payment of claims. Summ.J. Order at 11. The Court then directed:

> ***The plaintiffs are to take action to certify the class and proceed with this matter as a refund suit.***

Summ.J. Order at 13.

2.    Related Cases

Two class actions similar to this case are also pending in this Court:

(1) *Santos v. Camacho*, Civil Docket No. 04-00006; and

PLAINTIFFS' MOTION FOR    - 11
CLASS CERTIFICATION

VAN DE VELD SHIMIZU CANTO & FISHER
167 East Marine Corps Drive, Suite 101
Hagatna, Guam 96910
TEL. 671.472.1131 · FAX 671.472.2886

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206.682.5600 · FAX 206.682.2992

Case 1:04-cv-00006    Document 35    Filed 03/25/2006

1    (2) *Torres v. Government of Guam* , Civil Docket No. 04-00038.

2    There has been little activity in the *Torres* action. A motion to dismiss was briefed and heard

3    but no order has issued. The Plaintiff in *Torres* has, however, asked its court to take judicial

4    notice of this Court's denial of Defendant's Motion to Dismiss and entry of Partial Summary

5    Judgment for Plaintiffs in the present case.

6         The *Santos* action was filed February 12, 2004 on behalf of a class consisting of persons

7    denied EICs in tax years 1998-2003.   It did not cover EIC claimants for tax years 1995-1997

8    nor claimants for 2004 and future tax years. *See* Canto Decl., Ex. L – *Santos* Complaint.

9         Only four months after the Complaint was filed Magistrate Judge Manibusan signed a

10   Stipulated Order Granting Preliminary Approval of Class Action Settlement. *See* Canto Decl.

11   Ex. M. – Copy of *Santos* Stip. Order Granting Prelim. Approval of Class Action Settlement

12   entered June 17, 2005 with Settlement Agreement attached (hereinafter First Settlement

13   Agreement).   A few days later Judge Manibusan signed an additional order awarding the

14   *Santos* Plaintiff's counsel stipulated attorneys' fees and costs in the amount of 10% of the

15   Settlement Amount ($6 million dollars).   No motion pursuant to Rule 26(a) had been filed.  The

16   fees were to be paid from, and not in addition to, the Settlement Amount.   He also authorized

17   class notice by publication only. *See* Canto Decl., Ex. O – *Santos* Order Granting Atty's Fees

18   and Costs entered June 24, 2004).

19        The proposed settlement agreement was not signed by the Governor of Guam.   Instead

20   it was signed by the Attorney General; the Lieutenant Governor as "Acting Governor of Guam"

21   (the Governor himself was off island); and the Directors of the Department of Revenue and

22   Taxation the Department of Administration. *See* Canto Decl. Ex. M – First Settlement

23   Agreement.   Governor Camacho later sought to investigate the circumstances under which the

24   settlement had been reached.   He was told by the Attorney General: "there is no written

25   documentation regarding the history of the negotiations leading up to the Settlement

26   Agreement." *See* Canto Decl. Ex. N – Copy of Governor of Guam's Mem. Of P. & A. in

VAN DE VELD SHIMIZU CANTO & FISHER
167 East Marine Corps Drive, Suite 101
Hagåtña, Guam 96910
TEL. 671.472.1131 • FAX 671.472.2886

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

Case 1:04-cv-00006    Document 357    08/25/2006

1 Supp. Of Opp. To Pet'r Mot. For Approval of the Administrative Settlement Plan at 5

2 (hereinafter "Gov's Opp. To Settlement").

3 Under the proposed settlement the class was expanded to include 1996 (but not 1995 or

4 1997 or 2004 and subsequent tax years) and class members would receive, at best, less than

5 50% of EIC credits due ($60,000,000 was offered to settle $112,000,000 in estimated claims,

6 exclusive of accrued interest). See Canto Decl., Ex. M – First Settlement Agreement.

7 In response to the proposed settlement Plaintiff Naputi in this action and Plaintiff Torres

8 moved to intervene noting numerous substantive and procedural defects in the proposed

9 settlement. Their motions were denied August 5, 2004. The Court found Plaintiffs Naputi and

10 Torres could protect their interests by opting out of the settlement, filing objections or by filing

11 a separate law suit. Thus, both Torres and Naputi here filed their own class actions.[4]

12 In an attempt to cure some of the defects in the settlement noted in the intervention

13 briefing, Plaintiff's counsel in Santos asked for and received an Order appointing him interim

14 class counsel. See Canto Decl., Ex. O – Santos Order entered July 16, 2004. He also filed a

15 motion for approval of a purported "Administrative Plan" that was, in reality, a revised

16 settlement agreement. See Canto Decl. Ex. P – Correspondence between the Office of the

17 Governor and the Attorney General's Office dated September 16, 2004 referring to the

18 Administrative Plan as "a new settlement under the guise of an administrative plan." The

19 Attorney General filed a response to the motion, apparently over the objection of the Governor.

20 As a result, on November 9, 2004, the Governor of Guam sought to appear in the action

21 with his own counsel for purposes of "stating his concerns" regarding the proposed settlement.

22 The Governor contended the Attorney General did not adequately represent his office. As for

23 the settlement, the Governor believed: (1) the settlement was illegal because it was contrary to

24

---

25 [4] In addition, Plaintiffs filed a Notice of Appearance in the Santos action as class members to monitor its progress. The notice requested Plaintiffs be served copies of all pleadings and motions. Plaintiff Santos moved to strike the entry of appearance and has not served Plaintiffs copies of her filings. The issue was briefed in the Santos action

26 but never acted on by the court.

VAN DE VELD SHIMIZU CANTO & FISHER
167 East Marine Corps Drive, Suite 101
Hagatna, Guam 96910
TEL 671.472.1131 • FAX 671.472.2886

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206.682.5600 FAX 206.682.2992

1   Guam's Illegal Expenditures Act, 5 G.C.A. § 22401, prohibiting an officer of the Government

2   from obligating the Government to pay money in advance of an appropriation made by the

3   Legislature for such purpose; (2) the complaint was insufficient to establish jurisdiction

4   because it did not allege exhaustion of administrative remedies; and (3) any approval of an

5   "administrative plan" was improper unless and until final approval was given to the settlement.

6   *See* Canto Decl., Ex. N – Gov's Opp. to Settlement. Additional defects noted by the Governor

7   included:

8   • Numerous deficiencies in the notice;

9   • Attorney's fees had been resolved by stipulation as opposed to by motion and were

10      disproportionately high ($6 million) given Plaintiff's counsel had done nothing but file

11      a complaint and negotiate a settlement in less than a day;

12   • A noticeable lack of adversarial proceedings prior to settlement including a complete

13

14      lack of discovery regarding the value of the claims;

15   • Conflicts within the class between members whose claims were time barred and those

16      whose were not;

17   • The settlement was substantively unfair given claimants would receive only 50% of the

18      EICs due (if that); and

19   • Attorney's fees were guaranteed regardless of how many members opted out of the

20      settlement.

21

22   *See* Canto Decl. Ex. N – Gov's Opp. to Settlement.[5]

23   _____

24   [5] In addition to the predictable disputes regarding such a suspect settlement, the *Santos* action has also
      been the scene of a battle between the Governor of Guam and the Attorney General over who speaks for Guam in

25   the litigation. The Attorney General filed a motion to strike the appearance made by the Governor arguing he was
      the "Chief Legal Officer for the Government of Guam" and therefore had the right to control this litigation. Much
      briefing ensued in which the Attorney General sought to prohibit the Governor from appearing with his own

26   counsel. In the end, Magistrate Judge Manibusan ruled, on February 9, 2005, the Governor had a right to be heard
      through his own counsel because the Organic Act provides: administration and enforcement of the GTIT shall be
      performed by or under the supervision of the Governor. But notably, two days later on February 11, 2005, it was

PLAINTIFFS' MOTION FOR    - 14
CLASS CERTIFICATION

VAN DE VELD SHIMIZU CANTO & FISHER
167 East Marine Corps Drive, Suite 101
Hagåtña, Guam 96910
TEL 671.472.1131 • FAX 671.472.2886

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL 206.682.5600 • FAX 206.682.2992

Case 1:04-cv-00006    Document 353    Filed 07/25/2006

On March 11, 2005, before arguments regarding the settlement were heard, the parties asked the Court to hold the motions in abeyance while they pursued mediation. About this same time, Plaintiffs in this present action defeated the Attorney General's Motion to Dismiss. *See* Order entered March 17, 2005. Plaintiffs here asked the parties in *Santos* if they could join the mediation. *See* Canto Decl., Ex. P - Correspondence Re: Mediation. The request was denied. *Id.* Plaintiff's then asked the *Santos* court to allow and order their participation in the mediation. *See* Canto Decl., Ex. Q – Plts.' Mot. Re: Mediation. The Court declined to do so. *Id.*, Ex. R – Order Re: Mediation. As such, Plaintiffs here proceeded to move for summary judgment in this action.

On June 13, 2005 the day before the hearing on Plaintiffs' motion for summary judgment in this action, the Governor of Guam notified this Court the parties in the *Santos* action (with the notable exception of the Attorney General) had entered into a "term sheet." That did not deter this Court, who acknowledged as much, from hearing and granting Plaintiffs' summary judgment motion. A few days later, after this Court entered summary judgment for Plaintiffs, the parties to the *Santos* action (with the notable exception of the Attorney General) filed:

1.   A Motion to Amend Class Action Petition (with the proposed amended petition);

2.   A Motion for Conditional Certification Of The EIC Class for Settlement Purposes; and

3.   A Joint Motion for Preliminary Approval of Settlement Agreement with a New Settlement Agreement attached. *See* Canto Decl., Ex. S.

---

the Attorney General, not the Governor who moved to dismiss this action. And together the AG's office and the Governor jointly participated in opposing the summary judgment motion.

PLAINTIFFS' MOTION FOR   - 15
CLASS CERTIFICATION

VAN DE VELD SHIMIZU CANTO & FISHER
167 East Marine Corps Drive, Suite 101
Hagatna, Guam 96910
TEL 671.472.1131 • FAX 671.472.2886

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

Case 1:04-cv-00006   Document 355-5   Filed 08/25/2006   Page 1 of 23

1  Although the Governor has signed on to the settlement, this time it is the AG who has not. The
2  AG publicly opposes the settlement.

3      Magistrate Judge Manibusan, who entered all orders in the *Santos* matter to date stated
4  on June 27, 2005 he will not hear the motions. Rather, they will be heard by a visiting District
5  Court Judge with Article III authority. Hearings on the motions are as yet unscheduled.

6      Whether the new settlement proposed in *Santos* should be given preliminary approval
7  will be determined in a separate proceeding. Suffice it to say here, the new settlement cures few
8  if any of the defects previously noted by the Governor and Plaintiffs. In particular, the Court
9  still has no jurisdiction over the action as the requirement for exhaustion of administrative
10 remedies cannot be waived. Notably two prior District Court judges have held this Court has
11 jurisdiction over the matter solely because the issue of estoppel was adversarially litigated and
12 decided. Further in the new *Santos* settlement the proposed class remains internally conflicted
13 between time barred and non-time barred class members. And, most importantly, the new
14 *Santos* settlement is grossly unfair and unreasonable in light of the results Plaintiffs have
15 obtained here in the present action. Notably, claims for tax years 1995, 1996, 1999 and 2000
16 are compromised for less than 25% their estimated worth in the settlement agreement.

17     The Governor of Guam now seeks to intervene and subsequently stay this action
18 pending resolution of a futile motion for preliminary approval of the new but still defective
19 settlement in *Santos*. The matter of the proposed intervention will also be briefed separately.
20 For now Plaintiffs simply note Guam's poorest taxpayers should not be deprived of the
21 victories secured in this action, in particular, the holding regarding exhaustion of administrative
22 remedies. As such, Plaintiffs ask this Court to certify this action and its summary judgment
23 holding for class treatment pursuant to Fed. R. Civ. P. 23(a) and (b)(2).

24              **III. PROPOSED CLASS DEFINITIONS**

25     To prosecute all claims brought in this action, Plaintiffs seek to certify three separate
26 but related classes: a "Claims-Made Class," a "Refund Class," and a "Future Refund Class."

PLAINTIFFS' MOTION FOR    - 16
CLASS CERTIFICATION

VAN DE VELD SHIMIZU CANTO & FISHER
167 East Marine Corps Drive, Suite 101
Hagatna, Guam  96910
TEL. 671.472.1131 · FAX 671.472.2886

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101-1332
TEL. 206.682.5600 · FAX 206.682.2992

Case 1:04-cv-00006   Document 96-2   Filed 08/25/2006

## A. The Claims-Made Class

Claims One, Two, and Three of Plaintiffs' Second Amended Complaint are brought on behalf of the Claims-Made Class. The named Plaintiffs seeks to ensure all these class members have been or are afforded the opportunity to file a timely and allowable administrative claim for any EIC to which they were entitled in tax years 1995, 1996, and 1999-2003.[6] The Claims-Made Class is defined as:

> All Guam income taxpayers who, for any or all of tax years 1995, 1996, and 1999–2003: (1) meet threshold criteria to claim an EIC pursuant to the Organic Act and/or the Guam EIC; (2) filed a tax return; and (3) have not received a refund or an overpayment associated with their EIC claim, nor has such overpayment been applied to their tax liability. For purposes of this class definition "threshold criteria to claim an EIC" are: (1) an income level within the range of that specified for EIC eligibility pursuant to 26 U.S.C. § 32; and (2) a filing status consistent with eligibility for the EIC pursuant to 26 U.S.C. § 32.

The Claims-Made Class includes a subclass consisting of Potentially Time Barred Claims. The subclass is defined as: all members of the Claims-Made Class who filed a tax return for tax years 1995, 1996 and/or 1999.[7]

Plaintiffs are the named representatives for this class. Plaintiffs Simpao and Cruz are the named representatives for the Potentially Time-Barred subclass.

The specific relief sought for the Claims-Made Class, as a whole, consists of either: (1) declaratory relief stating the tax returns they have already filed constitute timely and allowable claims for refund of the overpayment associated with their EICs, or are sufficient to allow amendment of such claims; or, alternatively, (2) injunctive relief requiring the

---

[6] Tax years 1997 and 1998 are excluded from this class because, on information and belief, the Government of Guam provided an adequate EIC claims mechanism and procedure for those tax years. Should discovery indicate adequate claims procedures were not provided, Plaintiffs preserve their right to seek modification of the Class Definition to include taxpayers with claims based on their 1997 and 1998 tax returns in the Claims-Made Class.

[7] Tax year 2000 is not included because in the potentially Time Barred Claims Class the Santos action tolled the time period for filing an EIC claim as of February 12, 2004. Absent tolling, the limitations period for tax year 2000 would have expired April 15, 2004. If tolling does not apply, taxpayers asserting claims for tax year 2000 should be included in the Potentially Time Barred Subclass.

VAN DE VELD SHIMIZU CANTO & FISHER
167 East Marine Corps Drive, Suite 101
Hagatna, Guam 96910
TEL. 671.472.1131 • FAX 671.472.2886

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

Case 1:04-cv-00006     Document 355-5     Filed 08/25/2006     Page 3 of 23

1  Government to provide notice to Class members of their entitlement to the EIC and a procedure

2  and schedule under which such claims can be made.

3      The additional or alternative relief sought for the Potentially Time-Barred Subclass

4  includes declaratory relief the Government is estopped from asserting the applicable statutory

5  limitations period to bar Plaintiffs from filing claims now for refund of 1995, 1996, and 1999

6  EIC overpayment.  Such claims may be filed within a reasonable time as set by the Court.

7  **B.    The Refund Class**

8      Claim Four is brought on behalf of the Refund Class.  The Refund Class is defined as:

> All Guam income taxpayers who, for any or all of tax years
> 1995–2003, were:  (1) eligible to receive the EIC pursuant to the
> Organic Act and/or the Guam EIC; (2) filed a timely and
> allowable administrative claim for refund of the overpayment of
> their EIC; and (3) have not received a refund of the overpayment
> nor has the overpayment been applied to offset their tax liability.
> For purposes of this class definition, a "timely and allowable
> administrative claim" includes claims filed pursuant to any relief
> granted any portion of the "Claims-Made Class," as well as
> claims timely filed pursuant to applicable provisions of the tax
> code.

15  The relief sought for the Refund Class includes declaratory relief that the EIC applies to Guam

16  taxpayers either through the Organic Act or pursuant to the Guam EIC and payment of the

17  refund due based on the EIC claims.  Plaintiffs Simpao, Naputi and Cruz are the named

18  representatives for this Class.

19  **C.    The Future Refund Class**

20      Claims Five and Six are brought on behalf of the Future Refund Class.  This proposed

21  Class includes:

> All Guam citizens who, for any or all of tax year 2000 and any
> subsequent year in which the EIC remains authorized by law:
> (1) were or will be eligible to receive the EIC pursuant to either
> the Organic Act and/or the Guam EIC; (2) have not yet filed a tax
> return; (3) are still able to file a timely and allowable
> administrative claim, pursuant to 26 U.S.C. § 6511, for refund of
> an overpayment associated with an EIC to which they are
> entitled; and (4) have not received a refund of an overpayment
> associated with an EIC, nor has such an overpayment been
> applied to offset their tax liability.

VAN DE VELD SHIMIZU CANTO & FISHER
167 East Marine Corps Drive, Suite 101
Hagatna, Guam 96910
TEL. 671.472.1131 • FAX 671.472.2886

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

Case 1:04-cv-00049    Document 85-2    Filed 08/25/2006

1    The relief sought for the Future Refund Class includes declaratory relief that the EIC
2    applies to Guam taxpayers either through the Organic Act or pursuant to the Guam EIC and
3    injunctive relief requiring the Government to: (1) process and pay EIC claims in the time and
4    manner required by law; and (2) establish and fund the Reserve Fund and Trust Funds
5    mandated by the Legislature in 11 GCA § 50101 and § 51101. Plaintiffs Simpao, Naputi and
6    Cruz are the named representatives for this Class.

7    Plaintiffs seek to certify this action on behalf of all proposed Classes as a mandatory
8    class pursuant to Rule 23 (b)(1) and (2).

## IV. THE LAW SUPPORTS CERTIFICATION OF THIS ACTION FOR CLASS TREATMENT

### A.  The Principles Governing a Class Certification Determination

The decision whether to certify a class is left to the sound discretion of the Court. *Staton v. Boeing*, 327 F.3d 938, 953 (9th Cir. 2003). The Court's determination will be upheld if it appears from the record the Court considered all the criteria of Rule 23. *Local Joint Exec. Bd. of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.*, 244 F.3d 1152, 1161 (9th Cir. 2001) (reversing denial of class certification where trial court did not apply Rule 23 criteria). Courts favor a liberal interpretation of Rule 23, rather than a restrictive one. *Bower v. Bunker Hill Co.*, 114 F.R.D. 587, 592 (E.D. Wash. 1986) (a "liberal construction [is] intended for Rule 23"). "[I]f there is to be an error made, let it be in favor and not against the maintenance of the class action, for it is always subject to modification should later developments during the course of the trial so require." *Esplin v. Hirschi*, 402 F.2d 94, 99 (10th Cir. 1968); *see also* Fed. R. Civ. P. 23(c)(1) ("An order under this subsection may be conditional, and may be altered or amended before the decision on the merits.").

Application of the Rule 23 criteria is independent of any consideration of the merits of the complaint. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 94 S.Ct. 2140 (1974). There is "nothing in either the language or the history of Rule 23 that gives a court any authority to conduct a preliminary inquiry into the merits of a suit in order to determine whether it may be

VAN DE VELD SHIMIZU CANTO & FISHER
167 East Marine Corps Drive, Suite 101
Hagatna, Guam 96910
TEL 671.472.1131 • FAX 671.472.2886

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL 206.682.5600 • FAX 206.682.2992

1 maintained as a class action." *Id* at 177. To the contrary, "a court is bound to take the

2 substantive allegations of the complaint as true . . . ." *Blackie v. Barrack*, 524 F.2d 891, 901

3 n.17 (9th Cir. 1975).

4     The issue on the instant motion, therefore, is not whether the Class will prevail on the

5 remaining issues. Indeed Plaintiffs have already prevailed on the primary issues. Rather, the

6 Court must decide whether this case raises common issues of law or fact, and whether unitary

7 adjudication of these common issues is manageable and superior to the alternatives of

8 piecemeal litigation or non-redress of claims. *See* Fed. R. Civ. P. 23

9     For the reasons set forth below, application of Rule 23's requirements demonstrates

10 certification of the Class proposed is both appropriate and necessary in this case.

11 **B.   All Class Claims Meet Rule 23(a) Requirements for Class Treatment**

12     1.   <u>Rule 23(a) Requirements</u>

13     There are four prerequisites to class certification under Fed. R. Civ. P. 23 (a):

14
15
16
17         One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions or law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

18     2.   <u>The Numerosity Requirement is Satisfied in This Action</u>

19     Rule 23(a)(1) requires a class be sufficiently numerous to make joinder of all members

20 impracticable. Notably, joinder is not required to be impossible — merely impracticable.

21 *Smith v. University of Washington School of Law*, 2 F. Supp. 2d 1324, 1340 (W.D. Wash. 1998)

22 citing *Harris v. Palm Springs Alpine Estates, Inc.*, 329 F.2d 909, 913 (9th Cir. 1964). In

23 addition to the expected number of Class members, other factors to consider include:

24 "geographical dispersion, degree of sophistication, and class members' reluctance to sue

25 individually." *Rodriguez v. Carlson*, 166 F.R.D. 465, 471 (E.D. Wash. 1996). *See also Jordan*

26

VAN DE VELD SHIMIZU CANTO & FISHER
167 East Marine Corps Drive, Suite 101
Hagatna, Guam 96910
TEL. 472-1131 • FAX 472-2886

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

1    *v. Los Angeles,* 669 F.2d 1311, 1319 (9th Cir.1982), *vacated on other grounds,* 459 U.S. 810,

2    103 S.Ct. 35, 74 L.Ed.2d 48 (1982).

3        Here, the numerosity requirement is easily met. Based on the number of EIC claims

4    filed in 1994, Plaintiffs estimate the Class numbers in the thousands. Over 9,000 claims were

5    filed in 1994. Further, over 15,000 claims have been filed in response to the Governor's recent

6    Executive Order establishing a claims procedure. *See* Canto Decl., Ex. K. In addition,

7    individuals comprising the putative Classes are likely to be reluctant or unable to bring their

8    own actions since the majority of them, as shown by their qualification for the EIC, are most

9    likely unable to front the fees necessary for representation. In addition, individual recoveries

10    are relatively small ranging from $2 to $4,000, further decreasing the likelihood individual

11    claims would be pursued.

12        3.     <u>Numerous Questions of Law and Fact Are Common to the Proposed Classes</u>

13        Rule 23(a)(2) requires there be "questions of law or facts common to the class." The

14    commonality requirement is liberally construed. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011,

15    1019 (9th Cir. 1998). "The threshold for commonality is not high." *Mortimore v. Federal*

16    *Deposit Ins. Corp.*, 197 F.R.D. 432, 436 (W.D. Wash. 2000) citing *Jenkins v. Raymark*

17    *Industries, Inc.*, 782 F.2d 468, 472 (5th Cir.1986). It "is satisfied when a party has engaged in

18    a standard course of conduct which adversely affects a group of individuals and gives rise to a

19    claim for relief." *Bjustrom v. Trust One Management Corp., 199 F.R.D.* 346, 348 (W.D. Wash.

20    2001); *see also Mortimore*, 197 F.R.D. at 436 ("Plaintiff's allegations must arise from a

21    common nucleus of operative fact, and the defendants must have engaged in a common course

22    of conduct").

23        Here, each Class member's cause of action derives from a single course of conduct by

24    the Government: its public announcement the EIC was no longer applicable in Guam; its

25    printing of tax forms that blocked out sections designated to claim the EIC; and its refusal to

26    process and pay claims made for EICs. Plaintiffs and Class members all seek the same relief:

PLAINTIFFS' MOTION FOR    - 21

CLASS CERTIFICATION

VAN DE VELD SHIMIZU CANTO & FISHER
167 East Marine Corps Drive, Suite 101
Hagatna, Guam 96910
TEL. 671.472.1131 • FAX 671.472.2886

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

Case 1:04-cv-00006    Document 355-5    Filed 08/25/2006    Page 7 of 23

an ability to submit claims for EICs and recovery of EICs owed them by the Government. Further, "[c]lass treatment is not precluded by the fact determination of the refund amount might require individualized assessment." *Appoloni v. U.S.*, 218 F.R.D. 556, 562 (W.D. Mich. 2003) (certifying tax refund action for class treatment.) The application of the governing federal and Guam statutes to these claims is uniform. All claims in this case raise uniform issues of law. The common issues include but are not limited to the following:

1. Whether Guam taxpayers are entitled to notice now that they are entitled to claim the EIC on income tax returns for tax years 1995, 1996, and 1999–2003;

2. Whether the Government wrongly represented on published tax forms and through other means that the EIC was unavailable to Guam taxpayers in any or all of tax years 1995, 1996, 1999-2003;

3. Whether the Government provided notice and a process for EIC claims sufficient to satisfy the basic requirements of Due Process for tax years 1995, 1996 and 1999-2003;

4. Whether the Government has waived any requirement that taxpayers who filed income tax returns for tax years 1995, 1996 and 1999-2003 are required to make a more sufficient claim for an EIC;

5. Whether Plaintiffs are entitled to declaratory relief;

6. Whether the Government acted in bad faith in 1996 when it terminated the EIC made applicable to Guam taxpayers through the Organic Act;

7. Whether the Government acted in bad faith in 1999 and all years subsequent when it refused to pay EIC claims and/or provide notice and a procedure to make EIC claims despite provisions of the Organic Act and the Guam EIC requiring it to do so;

8. Whether the EIC claims of the Potentially Time Barred subclass are, in fact, time barred, in light of the Government's conduct directed toward all subclass members;

9. Whether the Government's conduct has caused a serious injustice;

PLAINTIFFS' MOTION FOR - 22
CLASS CERTIFICATION

VAN DE VELD SHIMIZU CANTO & FISHER
167 East Marine Corps Drive, Suite 101
Hagatna, Guam 96910
TEL. 671-472-1131 • FAX 671-472-2886

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

Case 1.04-cv-00006    Document 355-5    Filed 08/25/2006    Page 8 of 23

1        10.    Whether payment of EIC claims will cause the public's interest to suffer undue

2  damage;

3        11.    Whether the Government has provided a clear and certain post-deprivation

4  remedy by which Plaintiffs could have claimed their right to a refund of EIC overpayments to

5  which they were entitled; and

6        12.    Whether Plaintiffs who were denied a post-deprivation remedy have no

7  alternative adequate remedy at law, thus entitling them to the injunctive relief.

8        The proposed class meets the commonality requirement.

9       4.    <u>The Claims of the Representative Plaintiffs Are Typical of the Claims of the</u>
                <u>Classes</u>

10

11        Rule 23(a)(3) further requires "the claims and defenses of the representative parties are

12  typical of the claims or defenses of the class." "The typicality requirement . . . is closely

13  related to the commonality requirement . . . ." *Bjustrom*, 199 F.R.D. at 349. *See also General*

14  *Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 102 S.Ct. 2364 (1982).

15      The   . . .  requirement is designed to assure that the named
    representative's interests are aligned with those of the class.

16      Where there is such an alignment of interests, a named plaintiff
    who vigorously pursues his or her own interests will necessarily

17      advance the interests of the class. . . .

18      The named plaintiff's claim will be typical of the class where
    there is a nexus between the injury suffered by the plaintiff and

19      the injury suffered by the class. Thus, a named plaintiff's claim is
    typical if it stems from the same event, practice, or course of

20      conduct that forms the basis of the class claims and is based upon
    the same legal or remedial theory.

21  *Jordan v. County of Los Angeles*, 669 F.2d 1311, 1321 (9th Cir.1982), *judgment vacated on*

22  *other grounds*, 459 U.S. 810, 103 S.Ct. 35 (1982).

23      When it is alleged that the same unlawful conduct was directed at
    or affected both the named Plaintiff and the class sought to be

24      represented, the typicality requirement is usually satisfied,
    irrespective of varying fact patterns which underlie individual

25      claims. Smith, 2 F. Supp. 2d at 1342. [T]ypicality turns on the
    defendant's actions toward the Plaintiff class, not particularized

26      defenses against individual class members.

PLAINTIFFS' MOTION FOR  - 23
CLASS CERTIFICATION

VAN DE VELD SHIMIZU CANTO & FISHER
167 East Marine Corps Drive, Suite 101
Hagatna, Guam 96910
TEL. 671.472.1131 • FAX 671.472.2886

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

Case 1:04-cv-00006   Document 355-5   Filed 08/25/2006   Page 9 of 23

1  *Id.* (citation omitted).

2     Each of the named Plaintiffs have claims typical of the Classes they represent. All have

3  suffered from the Government's illegal conduct refusing to process and pay EIC claims

4  rightfully due. The claims of Plaintiffs and Class members thus arise from the same course of

5  conduct by Defendant, are based on the same legal theories, and seek the same relief. The

6  typicality requirement is met.

7     5.   The Named Plaintiffs and Their Counsel Will Fairly and Adequately Protect the
          Interests of the Classes
8

9        Adequate representation 'depends on the qualifications of counsel
         for the representatives, an absence of antagonism, a sharing of
         interests between representatives and absentees, and the
10       unlikelihood that the suit is collusive.

11  *Molski v. Gleich,* 318 F.3d 937, 955 (9th Cir. 2003) citing *Crawford v. Honig,* 37 F.3d 485, 487

12  (9th Cir. 1995) (amended opinion)

13     The representative Plaintiffs in this case seek to force Defendant to accept, process, and

14  pay all taxpayers' proper claims for EICs as required by law. Thus, Plaintiffs' claims are

15  coextensive with, and not antagonistic to, the claims asserted on behalf of the Classes. Any

16  potential conflicts between Class members with time barred claims and those whose claims are

17  not so barred have been largely eviscerated by the summary judgment holding in this present

18  case that *all* Class members have exhausted administrative remedies. To the extent any such

19  conflicts exist, however, Plaintiffs have addressed the issue through establishment of an

20  appropriate subclass.

21     Plaintiffs are committed to vigorously prosecuting these actions on behalf of their

22  respective Class members. In fact, Plaintiffs have demonstrated that commitment through their

23  prior motion practice establishing Defendant's liability for these claims.

24     Plaintiffs have also retained experience class counsel highly experienced in certifying,

25  litigating, trying, and settling statewide and nationwide class actions, including actions

26  involving consumer fraud, unfair business practices, and defective products. Plaintiff's counsel

PLAINTIFFS' MOTION FOR   - 24
CLASS CERTIFICATION

VAN DE VELD SHIMIZU CANTO & FISHER
167 East Marine Corps Drive, Suite 101
Hagatna, Guam 96910
TEL 671-472-1131 • FAX 671-472-2886

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206-682-5600 • FAX 206-682-2992

Case 1:04-cv-00006   Document 355-5   Filed 08/25/2006   Page 10 of 25

have been found by many state and federal courts to be able, fair, and experienced class advocates. *See* Declaration of Kim D. Stephens submitted in support of this motion. Class counsel have been court-appointed to represent plaintiff classes in numerous complex, multi-state and nationwide class actions.

In sum, the named Plaintiffs and Class counsel readily satisfy the requirements of Rule 23(a)(4).

**C. Certification of all Claims Under Rule 23(b)(1) and (2) is Appropriate**

    1.    <u>Rule 23(b) identifies three alternative sets of criteria for class certification</u>

Once the requirements of Rule 23(a) are satisfied, an action may be maintained as a class action under Rule 23(b) if it meets any one of the following criteria:

> **(1)** the prosecution of separate actions by or against individual members of the class would create a risk of
>
> **(A)** inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or
>
> **(B)** adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or
>
> **(2)** the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or
>
> **(3)** the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

VAN DE VELD SHIMIZU CANTO & FISHER
167 East Marine Corps Drive, Suite 101
Hagatna, Guam 96910
TEL 671-472-1131 • FAX 671-472-2886

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL 206-682-5600 • FAX 206-682-2992

Case 1:04-cv-00006   Document 353-5   Filed 08/25/2006   Page 26 of 26

1  Fed. R. Civ. P. 23 (b).

2  When a class is certified under Rule 23(b)(1) or (2) its members are not entitled to

3  notice and an opportunity to opt out. *See* Rule 23(c)(2) (noting the requirement for notice and

4  an opportunity to opt out is only mandatory for cases certified under Rule 23(b)(3)). Under the

5  discretionary authority provided in Rule 23(d)(2), however, the Court has the discretion to

6  require notice and the right to opt-out even for a (b)(1) or (b)(2) class. *See Molski v. Gleich*,

7  318 F.3d at 947 (9th Cir. 2003) (noting same).

8  2.  This action meets the definition of a Rule 23(b)(1) or (b)(2) class

9  Here, the criteria for certification under 23(b)(1) and (b)(2) are easily met. The primary

10  and threshold relief Plaintiffs seek is declaratory and injunctive relief to declare their right to

11  EICs, address issues of whether certain claims are time barred, establish a procedural

12  mechanism to claim EICs, and to receive efficient refund of EICs found due. Thus, as required

13  under Rule 23(b)(1) prosecution of separate actions could create a risk of inconsistent

14  adjudications, *see* Rule 23(b)(1)(A). Specifically, separate actions could result in inconsistent

15  adjudications regarding whether a given plaintiff's claims are time barred. Further, this action

16  will "as a practical matter be dispositive of the interests of the other members not parties." Fed.

17  R. Civ. P 23(b)(1)(B). It is dispositive of all class members' interest in establishing once and

18  for all the EIC applies in Guam. In addition, this action has the characteristics of those

19  generally recognized as suitable for certification under Rule 23(b)(1), *i.e.*, it challenges the

20  conduct or practices of a defendant required by law to deal with all class members in the same

21  way, the relief sought is a combination of injunctive and monetary relief, and other individual

22  suits are reasonably expected to be filed. *See* Newberg on Class Actions, Vol. 2 at 26-33

23  (discussing characteristics of practical candidates for certification under Rule 23(b)(1)(A)).

24  These claims also fit the certification category defined by Rule 23(b)(2). Defendants

25  have "acted or refused to act on grounds generally applicable to the class, thereby making

26  appropriate final injunctive relief or corresponding declaratory relief with respect to the class as

VAN DE VELD SHIMIZU CANTO & FISHER
167 East Marine Corps Drive, Suite 101
Hagatna, Guam 96910
TEL. 671.472.5131 • FAX 671.472.2886

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

a whole . . . ." Fed. R. Civ. P. 23(b)(2). As noted above, the government conduct at issue here was uniformly applied to all class members and the declaratory and injunctive relief sought will be as well. Thus, the claims satisfy the 23(b)(2) criteria.

Courts have certified tax cases under 23(b)(2) in similar circumstances, where the bulk of relief sought is declaratory and injunctive in nature. The holding in *Nelson v. Regan,* 560 F.Supp. 1101, 1105 (D.C. Conn. 1983) *aff'd by* 731 F.2d 105, 110 (2nd Cir. 1984) is instructive:

> An action, such as this, seeking declaratory and injunctive relief against government officials is the archetype of one where class action designation is straightforward, but largely a formality. Rule 23(b)(2) authorizes maintenance of a class action when "the party opposing the class has acted or refused to act on grounds generally applicable to the class." That is clearly the case here. This case may be maintained as a class action, extending to those who have had or will have their tax refunds intercepted and paid over to the State of Connecticut.

Plaintiffs here are similar, their tax credits have been "intercepted" and held hostage by the Government of Guam. *See also Sorenson v. Sec. of Treas.*, 752 F.2d 1433, 1440 (9th Cir. 1985) *aff'd by* 475 U.S. 851, 106 S.Ct. 1600 (1986); *Oatman v. Dept. of Treasury-I.R.S.*, 34 F.3d 787, 789 (9th Cir. 1994).

3. <u>The fact that Claim Four also seeks money damages in the form of the actual refund of EICs does not preclude certification under 23(b)(2).</u>

In the Ninth Circuit:

> Class actions certified under Rule 23(b)(2) are not limited to actions requesting only injunctive or declaratory relief, but may include cases that also seek monetary damages.

*Molski v. Gleich*, 318 F.3d 937, 947 (9th Cir. 2003) quoting *Probe v. State Teachers' Ret. Sys.*, 780 F.2d 776, 780 (9th Cir. 1986). Where money damages are sought the appropriateness of certification pursuant to Rule 23(b)(2) depends on two factors: (1) whether money damages are the predominant form of relief sought by the Plaintiffs; and (2) whether "substantial money damages are involved." *See id.* at 946-951 (discussing at length the criteria for (b)(2) certification where money damages are sought). There is no bright-line rule. Rather the

PLAINTIFFS' MOTION FOR  - 27
CLASS CERTIFICATION

VAN DE VELD SHIMIZU CANTO & FISHER
167 East Marine Corps Drive, Suite 101
Hagatna, Guam 96910
TEL. 671.472.1131 • FAX 671.472.2886

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206.682.5600 FAX 206.682.2992

Case 1:04-cv-00006   Document 355-5   Filed 08/25/2006   Page 18 of 28

1  determination depends on examination of the specific facts and circumstances of each case. *Id.*
2  at 950.

3      Here both tests are met.  As delineated in their Complaint the relief sought by Plaintiffs
4  in this action includes:  a declaration the EIC applies in Guam;  a declaration tax returns
5  already filed are sufficient to exhaust administrative remedies for purposes of bringing an EIC
6  tax refund action; an injunction requiring the Government to establish a mechanism whereby
7  class members can submit claims for EICs and requiring the Government to process those
8  claims; an injunction requiring the Government to establish and fund certain Reserve and Trust
9  Funds as mandated by the Legislature specifically to ensure EICs and other tax refunds would
10  be paid in a timely and efficient manner; and actual refund of EICs due.  The requests for
11  declaratory and injunctive relief predominate both in number and in substance as no monetary
12  relief can be won absent the declaratory and injunctive relief sought.

13      In addition, this is not a case that involves "substantial" money damages.  Although the
14  value of any class member's EIC claim for any given tax year can range from $2 to $4,204,
15  plaintiffs believe discovery will show the majority of claims are in the lower end of this range.

16      Additionally, circumstances in this case ensure class members' due process rights will
17  be adequately protected despite certification of mandatory class.  Specifically, class members
18  will have direct input as to the amount of their recovery through their participation in the claims
19  procedure secured by injunctive relief.  In addition the amount of money damages due flows
20  naturally and incidentally from the declaratory and injunctive relief sought. Indeed, their
21  calculation is formulaic and governed by existing tax tables.

22      Further, if after all the facts are known, the Court has concerns that individual damage
23  amounts are significant enough to warrant an opt out opportunity for individual class members,
24  the Court can afford appropriate notice be given to the class and provide that opportunity.  *See*
25  *Molski*, 318 F.3d  at 951 (noting due process concerns raised by (b)(2) certification of money
26  claims can be addressed by giving class members the right to opt out).

PLAINTIFFS' MOTION FOR    - 28
CLASS CERTIFICATION

VAN DE VELD SHIMIZU CANTO & FISHER
167 East Marine Corps Drive, Suite 101
Hagatna, Guam 96910
TEL. 671.472.4131 • FAX 671.472.2886

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

Case 1:04-cv-00006    Document 355-5    Filed 08/25/2006    Page 14 of 23

4. <u>Alternatively, Claim Four Meets the Requirements for Certification Under</u>
<u>Rule 23(b)(3)</u>

If the Court perceives Claim Four as primarily a claim for money damages requiring certification pursuant to Rule 23(b)(3), the court can bifurcate the claims and certify Claim Four as a (b)(3) class. Those criteria are easily met by the claim.

a. *Common Questions of Law and Fact Predominate Over Individual*
*Issues*

A court should grant 23(b)(3) class certification when the questions of law and fact common to all Class members predominate over questions affecting only individual members. Fed. R. Civ. P. 23(b)(3). The predominance inquiry tests "whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 594, 117 S.Ct. 2231 (1997). It focuses on the relationship between common and individual issues. "When common issues present a significant aspect of the case and they can be resolved for all members of the Class in a single adjudication, there is clear justification for handling the dispute on a representative rather than on an individual basis." *Hanlon*, 150 F.3d at 1022 (citations and quotations omitted).

Here, the two main issues presented in this case (whether the EIC applies in Guam, and whether class members have collectively exhausted administrative remedies) are without question central to this case. Their favorable resolution through summary judgment is potentially dispositive of any subsequent individual trials. Thus, the predominance requirement is easily met.

b. *A Class Action is Superior to a Multiplicity of Litigations as a Means of*
*Fairly and Efficiently Adjudicating Class Members' Claims*

To justify certification under 23(b)(3) this Court must find a "class action is superior to other available methods for fair and efficient adjudication of the controversy." "A class action may be superior if class litigation of common issues will reduce litigation costs and promote greater efficiency, or if no realistic alternative exists." *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1235 (9th Cir.1996). Thus, a court must "balance, in terms of fairness and

PLAINTIFFS' MOTION FOR    - 29
CLASS CERTIFICATION

VAN DE VELD SHIMIZU CANTO & FISHER
167 East Marine Corps Drive, Suite 101
Hagatna, Guam 96910
TEL: 671.472.131 • FAX 671.472.2886

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

Case 1:04-cv-00006    Document 355-5    Filed 08/25/2006    Page 15 of 23

1  efficiency, the merits of a class action against those of 'alternative available methods' of

2  adjudication." *Georgine v. Amchem Prods. Inc.,* 83 F.3d 610, 632 (3d Cir.1996). Factors the

3  Court should consider in making this determination are prescribed by the Rule:

> The matters pertinent to the findings include: (A) the interest of
> members of the class in individually controlling the prosecution
> or defense of separate actions; (B) the extent and nature of any
> litigation concerning the controversy already commenced by or
> against members of the class; (C) the desirability or
> undesirability of concentrating the litigation of the claims in the
> particular forum; (D) the difficulties likely to be encountered in
> the management of a class action.

Fed. R. Civ. P 23(b)(3).

Use of the class device here will conserve scarce judicial and government resources.

The alternative is to require thousands of Guam taxpayers to seek their own counsel and

individually litigate claims most of which are well under $4,000. Under these circumstances,

Class members simply do not have a strong interest in individually controlling the prosecution

of a separate action. Notably, while few taxpayers filed suit while the Government wrongfully

deprived them of their EICs, over 15,000 have submitted claims for refunds once the

Government made a claims procedure available — relief that was sought in this action and

arguably brought about by this action. Thus, while there is little question Guam's eligible

taxpayers want their EICs, there is also little question they cannot afford to individually litigate

their claims.

Further, Plaintiffs anticipate discovery will show not all Class members are on Guam.

Many may have migrated off island such that adjudication of their claims would occur in a

different forum with potentially different results. A class action is also appropriate if

duplicative lawsuits with potentially inconsistent results can be avoided. *Mortimore,*

197 F.R.D. at 438. Also, there is no difficulty anticipated in managing a class action where the

issues are decided on summary judgment and determination of damages is formulaic.

Finally, the pendency of two other actions concerning this controversy (the *Santos* and

the *Torres* actions) does not preclude certification here. No other action has, as yet, been

VAN DE VELD SHIMIZU CANTO & FISHER
167 East Marine Corps Drive, Suite 101
Hagatna, Guam 96910
TEL 671.472.3131 · FAX 671.472.2886

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL 206.682.5600 · FAX 206.682.2992

PLAINTIFFS' MOTION FOR    - 30
CLASS CERTIFICATION

Case 1:04-cv-00006    Document 355-3    Filed 08/25/2006    Page 110 of 117

certified for class treatment. The proposed settlement in *Santos* is unlikely to gain court approval. And, unlike this action, no other action has obtained any relief or rulings that benefit the Class.

## V. CONCLUSION

This case meets all requirements of Rule 23 and is especially well suited for class treatment. For all the reasons stated herein, this Court should exercise its discretion to manage what could be tens of thousands of individual actions as a fair and efficient class action. Accordingly, Plaintiffs respectfully request the Court grant Plaintiff's Motion for Class Certification, designate the named Plaintiffs as Class representatives for their respective Classes and Subclasses, appoint Plaintiffs' counsel as Class counsel, and, if necessary, order notice be sent to Class members.

DATED this 5TH day of July, 2005.

VAN DE VELD SHIMIZU CANTO & FISHER

By: _____
James L. Canto II

TOUSLEY BRAIN STEPHENS PLLC
Kim D. Stephens, P.S., *Pro Hac Vice*
Nancy A. Pacharzina, *Pro Hac Vice*
700 Fifth Avenue, Suite 5600
Seattle, Washington 98104-5056
206.682.5600

**Attorneys for Plaintiff**

PLAINTIFFS' MOTION FOR     - 31
CLASS CERTIFICATION

VAN DE VELD SHIMIZU CANTO & FISHER
167 East Marine Corps Drive, Suite 101
Hagatna, Guam 96910
TEL. 671.472.3131 • FAX 671.472.2886

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

Case 1:05-cv-00037   Document 355-3   Filed 07/25/2006   Page 111 of 117

# TABLE OF CASES AND AUTHORITIES

## CASES

Amchem Products, Inc. v. Windsor,  . . . . . . .     28
    521 U.S. 591, 117 S.Ct. 2231 (1997)

Appoloni v. United States, . . . . . . .     21
    218 F.R.D. 556 (W.D. Mich. 2003)

Bjustrom v. Trust One Management Corp., . . . . . .     20, 22
    199 F.R.D. 346 (W.D. Wash. 2001)

Blackie v. Barrack, . . . . . . .     19
    524 F.2d 891 (9th Cir. 1975)

Bower v. Bunker Hill, . . . . . .     18
    114 F.R.D. 587 (E.D. Wash. 1986)

Crawford v. Honig, . . . . . . .     23
    37 F.3d 485 (9th Cir. 1995)

Eisen v. Carlisle & Jacquelin, . . . . . . .     19
    417 U.S. 156, 94 S.Ct. 2140 (1974)

Esplin v. Hirschi, . . . . . .     19
    402 F.2d 94 (10th Cir. 1968)

General Telephone Co. of Southwest v. Falcon, . . . .     22
    457 U.S. 147, 102 S.Ct. 2364 (1982)

Georgine v. Amchem Products, Inc., . . . . .     29
    83 F.3d 610 (3rd Cir. 1996)

Hanlon v. Chrysler Corp., . . . . .     20, 28
    150 F.3d 1011 (9th Cir. 1998)

In re Request of I Mina' Bente Sing'ko Na Liheslaturan Guahan . .     6
Relative to the Application of the Earned Income Tax Credit
Program to Guam Taxpayers,
    2001 Guam 3 (S.Ct. Guam 2001)

Jenkins v. Raymark Industries, Inc., . . . . .     20
    782 F.2d 468 (5th Cir. 1986)

Jordan v. Los Angeles,
    669 F.2d 1311 (9ᵗʰ Cir. 1982) . . . . 20, 22-23

Local Joint Exec. Bd. of Culinary/Bartender
    Trust Fund v. Las Vegas Sands, Inc.,
    244 F.3d 1152 (9ᵗʰ Cir. 2001) . . . . . 18

Molski v. Gleich,
    318 F.3d 937 (9ᵗʰ Cir. 2003) . . . . 23, 25, 26-27, 28

Mortimore v. Federal Deposit Ins. Corp.,
    197 F.R.D. 432 (W.D. Wash. 2000) . . . . . 20, 21, 30

Nelson v. Regan,
    560 F. Supp. 1101 (D.C. Conn. 1983) . . . . 26

Oatman v. Dept. of Treas.,
    34 F.3d 787 (9th Cir. 1994) . . . . . 26

Probe v. State Teachers' Ret. Sys.,
    780 F.2d 776 (9ᵗʰ Cir. 1986) . . . . . 27

Rodriguez v. Carlson,
    166 F.R.D. 465 (E.D. Wash. 1996) . . . . . 20

Smith v. University of Washington
    School of Law,
    2 F. Supp. 2d 1324 (W.D. Wash. 1998) . . . . 20

Staton v. Boeing,
    327 F.3d 938 (9th Cir. 2003) . . . . 18

Sorenson v. Sec. of Treas.,
    752 F.2d 1433 (9th Cir. 1985) . . . . . . 26

Valentino v. Carter-Wallace, Inc.,
    97 F.3d 1227 (9ᵗʰ Cir. 1996) . . . . . . 29

## STATUTES, REGULATIONS AND RULES

Fed. R. Civ. P. Rule 23 . . . . . passim

Fed. R. Civ. P. Rule 23 (a) . . . . . . 19

ii

Fed. R. Civ. P. Rule 23 (b) . . . . . . 24-25

Fed. R. Civ. P. Rule 23 (b)(1)(A) . . . . . . 25

Fed. R. Civ. P. Rule 23 (b)(1)(B) . . . . . . 25

Fed. R. Civ. P. Rule 23 (b)(2) . . . . . . 26

Fed. R. Civ. P. Rule 23 (b)(3) . . . . . . 28, 29

Fed. R. Civ. P. Rule 23 (c)(1) . . . . . . 19

Fed. R. Civ. P. Rule 23 (c)(2) . . . . . . 25

11 Guam Code Annotated §42101 . . . . . 6

11 Guam Code Annotated §50101 . . . . . 7

11 Guam Code Annotated §50102 . . . . . . 7

11 Guam Code Annotated §50103 . . . . . . 7

11 Guam Code Annotated §50105 . . . . . . 7

11 Guam Code Annotated §50106 . . . . . . 7

11 Guam Code Annotated §50107 . . . . . . 7

11 Guam Code Annotated §51101 . . . . . . 7

11 Guam Code Annotated §51102 . . . . . . 7

11 Guam Code Annotated §51105 . . . . . . 8

11 Guam Code Annotated §51106 . . . . . . 8

11 Guam Code Annotated §51107 . . . . . . 8

## **OTHER AUTHORITIES**

Attorney General of Guam Memorandum
   Opinion No. DOA 89-0750 . . . . 5

Attorney General of Guam Memorandum
   Opinion No. DRT/DOA 96-001 . . . . 5

Department of Revenue and Taxation
    Revenue Ruling 96-001    •    •    •    •    •     5

Governor of Guam Executive Order No. 2005-01   •    •    •    •     10

Order, J. Martinez, District Court of Guam Civil
    Case No. 04-00049, June 15, 2005    •    •    •    •     5-6, 10-11

Newberg on Class Actions
    Vol. 2 at 26-33    •    •    •    •     25-26

# CERTIFICATE OF SERVICE

I, JAMES L. CANTO II, certify that I caused a copy of the foregoing document here filed to be served on the following individuals or entities on July 5, 2005, via hand delivery at the following addresses:

Counsel for Defendant
Douglas B. Moylan, Esq.
Office of the Attorney General of Guam
Pedro's Plaza
247 West O'Brien Drive
Hagatna, Guam 96910

Office of the Governor of Guam
Governor's Complex
East Marine Corps Drive
Adelup, Guam 96910

Respectfully submitted this _JULY 5, 2005_

VAN DE VELD SHIMIZU CANTO & FISHER
TOUSLEY BRAIN STEPHENS PLLC

James L. Canto II
Attorneys for Plaintiffs

# CERTIFICATE OF SERVICE

I, CURTIS C. VAN DE VELD, certify that I caused a copy of the foregoing document here filed to be served on the following individuals or entities on August 25, 2006, via hand delivery at the following addresses:

Counsel for Petitioner
   Charmaine Torres
Peter C. Perez, Esq.
Lujan, Aguigui & Perez, LLP
Pacific News Bldg., Ste. 300
238 Archbishop Flores St.
Hagatna, Guam 96910

Counsel for Respondent
   Felix P. Camacho
Daniel M. Benjamin, Esq.
Calvo & Clark, LLP
655 S. Marine Corps Drive, Ste. 202
Tamuning, Guam 96913

Counsel for Respondent
   Felix P. Camacho
Shannon Taitano, Esq.
Office of the Governor of Guam
Governor's Complex
East Marine Corps Drive
Adelup, Guam 96910

Counsel for Respondents
   Artemio Ilagan and Lourdes Perez
Rawlen M.T. Mantanona, Esq.
Cabot Mantanona LLP
BankPacific Building, 2nd Floor
825 South Marine Corps Drive
Tamuning, Guam 96913

Counsel for Petitioner
   Julie Babauta Santos
Michael F. Phillips, Esq.
Phillips & Bordallo, P.C.
410 West O'Brien Drive
Hagatna, Guam 96910

Respectfully submitted this _25 August 2006_.

VAN DE VELD SHIMIZU CANTO & FISHER
TOUSLEY BRAIN STEPHENS PLLC

Curtis C. Van de veld
Attorneys for Plaintiffs