Office of the Attorney General
**Douglas B. Moylan**
Attorney General of Guam
Solicitors Division
The Justice Building
287 West O'Brien Drive
Hagåtña, Guam 96910 • USA
(671) 475-3324 • (671) 472-2493 (Fax)
www.guamattorneygeneral.com • guamattorneygeneral@hotmail.com

Attorneys for the Government of Guam

FILED
DISTRICT COURT OF GUAM
NOV 29 2006
MARY L.M. MORAN
CLERK OF COURT

# IN THE DISTRICT COURT OF GUAM
# TERRITORY OF GUAM

| | |
|---|---|
| JULIE BABAUTA SANTOS, et al., <br> Plaintiffs, <br> vs. <br> FELIX A. CAMACHO, et al., <br> Defendants. | CIVIL CASE NO. 04-0006 <br><br> **STATUS REPORT OF THE OFFICE OF ATTORNEY GENERAL** |
| CHARMAINE R. TORRES, et al., <br> Plaintiffs, <br> vs. <br> GOVERNMENT OF GUAM, et al., <br> Defendants. | CIVIL CASE NO. 04-00038 |
| MARY GRACE SIMPAO, et al., <br> vs. <br> Plaintiffs, <br> GOVERNMENT OF GUAM, <br> Defendant, <br> vs. <br> FELIX P. CAMACHO, Governor of Guam <br> Intervenor-Defendant. | CIVIL CASE NO. 04-00049 |

Pursuant to the Courts Order of November 28, 2006, the Office of the Attorney General herewith submits its status report:

The present case is the consolidation of *Julie Babauta Santos, et al v. Felix A. Camacho, et al,* CIV No. 04-00006, filed on February 12, 2004, *Torres v. Government of Guam, et al.* CIV No. CV04-00038, filed on August 9, 2004 and *Simpao v. Government of Guam,* CV04-00049, filed in December 2004.

In the early stages of *Santos,* the Attorney General represented the Governor and the Directors of the Department of Revenue & Taxation and Administration ("Directors") In June, 2004, while the Governor was off-island, the Attorney General and the Acting Governor negotiated as settlement of *Santos* for $60 million. When the Governor returned to Guam, the Governor and the Attorney General held discussions regarding the legality of the proposed settlement. In response to those discussions, the Governor instructed the Attorney General to take no action in furtherance of the settlement until the issues concerning the legality of the settlement could be resolved.

Thereafter, the Attorney General filed another pleading regarding implementation of the settlement. The Attorney General disclosed that the Governor disagreed with various aspects of the Agreement, and had purportedly instructed the Attorney General not to file pleadings on his behalf without his permission. The Attorney General claimed that his client was the people of Guam, not the Governor. The Governor and Directors then filed appearances through new counsel and stated their objections to the settlement. The Attorney General next moved to strike the appearances of the new counsel.

Meanwhile, the Attorney General subpoenaed his former clients, the Governor and the Directors of the GovGuam Retirement Fund. On February 9, 2005, the court denied the

Attorney General's Motion to strike and upheld the right of the Governor and Directors to retain independent counsel.

On March 2, 2005, the court denied a motion to reconsider its February 9, 2005 Order. *See* March 2, 2005 Order. On August 12, 2005, Chief Judge Marshall of the Central District of California, sitting by Designation in Guam, denied the Attorney General's challenge to the February 9, 2005 Order and March 2, 2005 Order.

On February 16, 2005, the Governor moved to disqualify the Attorney General from this action. While that motion was pending, the Governor and Directors reached a binding term sheet to settle *Santos.* However, the Attorney General refused to settle.

Meanwhile, in Simpao, the court granted the plaintiffs summary judgment on the issue of whether the Earned Income Credit applies to Guam. In ruling on this issue, the court considered the Attorney General's concession that the Earned Income Credit does not apply to Guam. This concession was contrary to the Governor's position; also the Governor had his own settlement proposal in *Santos.* Also in *Simpao,* the Attorney General conceded the issue of class certification. On September 12, 2005, the court granted the Governor intervention in *Simpao* to protect his interests in the case.

On September 19, 2005, the magistrate judge denied the Governor's Motion to Disqualify the Attorney General from this action. The Governor then filed objections to that order.

In his *Order Re: Objections to Magistrate Order of September 19, 2005*, Judge Martinez upheld the Governor's objections and ousted the Attorney General from representation of the Government of Guam in these cases. However, in a footnote, Judge Martinez noted the possibility of a motion to certify the issue as to the representation of the "Government of Guam" to the Ninth Circuit for interlocutory appeal. On March 31, 2006, the

Attorney General filed a Petition for Permission to Appeal in the Ninth Circuit Court of Appeals. No. 06-80042. On June 22, 2006, the Ninth Circuit filed an *Amended Order* stating that the petition for permission to appeal was denied.

The upshot of the foregoing is that the Attorney General is no longer participating in any capacity in these cases.

Dated this 29th day of November, 2006.

OFFICE OF THE ATTORNEY GENERAL
**Douglas B. Moylan, Attorney General**

*[signature]*

JOSEPH A. GUTHRIE
Deputy Attorney General
Solicitors Division