FILED
DISTRICT COURT OF GUAM
DEC -7 2006
MARY L.M. MORAN
CLERK OF COURT

DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| JULIE BABAUTA SANTOS, *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>FELIX A. CAMACHO, *et al.*,<br><br>Defendants. | Civil Case No. 04-00006<br><br>**ORDER** |
| CHARMAINE R. TORRES, *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>GOVERNMENT OF GUAM, *et al.*,<br><br>Defendants. | Civil Case No. 04-00038 |
| MARY GRACE SIMPAO, *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>GOVERNMENT OF GUAM,<br><br>Defendant,<br><br>vs.<br><br>FELIX P. CAMACHO, Governor of Guam,<br><br>Intervenor-Defendant. | Civil Case No. 04-00049 |

On December 1, 2006, this case came before the court for a status hearing. At the hearing, the *Santos* and *Torres* plaintiffs encouraged the court to proceed with the case by giving preliminary approval to the proposed class action settlement agreement ("agreement"). The court has reviewed the agreement and finds however that it would like further briefing on the issue of whether it lacks jurisdiction over those taxpayers who are included in the settlement class but have never filed a tax return. The court had previously found that the plaintiffs had exhausted their administrative remedies in accordance with 26 U.S.C. §§ 6511 and 7422 by filing a tax return. However, the agreement seemingly ignores the court's prior ruling on this matter and the class as defined may be impermissibly broad.

The court is also concerned as to whether it lacks jurisdiction over all the class members who failed to file suit within two years of denial of their claims for a refund pursuant to 26 U.S.C. § 6532(a)(1). While this issue was not fully addressed previously, the court questions whether the filing of the tax returns which were found to have satisfied the requirement for administrative exhaustion likewise could be characterized as the denials of those claims for refunds. In other words, did the Department of Taxation's tax return forms which stated that the Earned Income Tax Credit was inapplicable in Guam serve as the denial of the claims thereby triggering the two-year statute of limitations in which to file suit. The parties should address the issue of whether the statute of limitations can be waived if the claims are characterized as denied upon the filing of the tax returns.

The court notes that pursuant to paragraph 38 subsection (c) of the agreement the court has the option of discussing the negotiation process with the mediator. This court would like to discuss with the mediator whether the *Simpao* plaintiffs were given a "meaningful opportunity" to participate in the negotiations. The parties should indicate if they have any opposition to the court availing itself of this provision.

Lastly, the court is concerned about the immediate payout to 1997 and 1998 class members as provided for under the terms of the proposed agreement. In the event the agreement is not given final approval, the government will be in a position of having paid out monies which it would not have otherwise had to pay had the matter gone to trial because those claims may have been time-barred.

The parties are to brief these matters by December 15, 2006. Responses to the December 15, 2006 submissions are due by December 22, 2006. A hearing on the Preliminary Approval of Class Action Settlement is scheduled for January 4, 2007 at 9:30 a.m.

**SO ORDERED** this 4th day of December, 2006.

/s/ Frances M. Tydingco-Gatewood
**FRANCES M. TYDINGCO-GATEWOOD**
Chief Judge
United States District Judge