1 | <u>Counsel appearing on following page</u>

2

3 | DISTRICT COURT OF GUAM

4 | TERRITORY OF GUAM

5 | JULIE BABAUTA SANTOS, *et al.,*

Civil Case No. 04-00006

6 | Petitioners,

**FILED**

DISTRICT COURT OF GUAM

7 | v.

DEC 1 5 2006

8 | FELIX P. CAMACHO, *et al.,*

Respondents.

MARY L.M. MORAN

9 | CLERK OF COURT

10 | CHARMAINE R. TORRES, *et al.,*

Civil Case No. 04-00038

11 | Plaintiffs,

12 | v.

13 | GOVERNMENT OF GUAM, *et al.,*

Defendants.

14

15 | MARY GRACE SIMPAO, *et al,*

Civil Case No. 04-00049

16 | Plaintiffs,

17 | v.

**SIMPAO PLAINTIFFS'
SUPPLEMENTAL BRIEF
SUBMITTED PURSUANT TO
THE COURT'S ORDER OF
DECEMBER 7, 2006**

18 | GOVERNMENT OF GUAM,

Defendant,

19 | v.

20 | FELIX P. CAMACHO, Governor of Guam

21 | Intervenor-Defendant.

22

23

24

SIMPAO PLAINTIFFS' SUPPLEMENTAL
BRIEF SUBMITTED PURSUANT TO THE
COURT'S ORDER OF DEC. 7, 2006
PAGE 1

VAN DE VELD SHIMIZU CANTO & FISHER
East Marine Corps Drive
Hagatna, Guam 96910
Tel. 671.472.1131
Fax 671.472.2886

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
Tel. 206.682.5600
Fax 206.682.2992

Case 1:04-cv-00006    Document 367    Filed 12/15/2006    Page 1 of 23

ORIGINAL

VAN DE VELD SHIMIZU CANTO & FISHER
Suite 101 Dela Corte Bldg.
167 East Marine Corps Drive
Hagåtña, Guam 96910
671.472.1131

TOUSLEY BRAIN STEPHENS PLLC
Kim D. Stephens, P.S., WSBA #11984
Nancy A. Pacharzina, WSBA #25946
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
206.682.5600

SIMPAO PLAINTIFFS' SUPPLEMENTAL
BRIEF SUBMITTED PURSUANT TO THE
COURT'S ORDER OF DEC. 7, 2006
PAGE 2

VAN DE VELD SHIMIZU CANTO & FISHER
East Marine Corps Drive
Hagatna, Guam 96910
Tel. 671.472.1131
Fax 671.472.2886

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
Tel. 206.682.5600
Fax 206.682.2992

Case 1:04-cv-00006    Document 367    Filed 12/15/2006    Page 2 of 23

1  COME NOW Plaintiffs Mary Grace Simpao, Christina Naputi and Janice Cruz,

2 hereinafter "*Simpao* Plaintiffs," by and through counsel Van de veld Shimizu Canto & Fisher and

3 Tousley Brain Stephens PLLC, to submit this Brief pursuant to this Court's Order filed

4 December 7, 2006.

5  Before the Court are several pleadings related to the *Santos* and *Torres* plaintiffs' motion

6 for preliminary approval of a proposed settlement. The Court has scheduled a hearing on the

7 preliminary approval of the class action settlement and requested supplemental briefing on four

8 issues. In its December 7, 2006 Order, this Court requested briefing on the following issues: 1)

9 whether the Court lacks jurisdiction over those taxpayers included in the proposed settlement

10 class whom have never filed a tax return; 2) whether the statute of limitations of 26 U.S.C. §

11 6532 is commenced by the Guam Form 1040 tax forms containing the language that the Earned

12 Income Credit (EIC) is inapplicable to Guam, and if so, whether this statute of limitations is

13 waivable; 3) whether parties oppose this Court discussing with the mediator whether the Simpao

14 plaintiffs were given a "meaningful opportunity" to participate in settlement negotiations; and 4)

15 the Court's concern about an immediate payout to 1997 and 1998 class members under the

16 proposed settlement. The *Simpao* Plaintiffs respond as follows.

17

### I. LANGUAGE FOUND ON GUAM TAX FORM 1040 CANNOT LEGALLY COMMENCE 26 U.S.C. § 6532 STATUTE OF LIMITATIONS.

19

20  Title 26 U.S.C. § 6532 states in relevant part:

21  "(a) Suits by taxpayers for refund -- (1) General rule. -- No suit or proceeding under

22 section 7422(a) for the recovery of any internal revenue tax, penalty, or other sum, shall be

23 begun before the expiration of 6 months from the date of filing the claim required under such

24 section unless the Secretary renders a decision thereon within that time, **nor after the expiration**

25 SIMPAO PLAINTIFFS' SUPPLEMENTAL BRIEF SUBMITTED PURSUANT TO THE COURT'S ORDER OF DEC. 7, 2006  VAN DE VELD SHIMIZU CANTO & FISHER 167 East Marine Corps Drive, Suite 101 Hagatna, Guam 96910 Tel: 671.472.1131 Fax 671.472.2886  TOUSLEY BRAIN STEPHENS PLLC 1700 Seventh Avenue, Suite 2200 Seattle, Washington 98101-1332 Tel. 206.682.5600 Fax 206.682.2992

Page 3 Case 1:04-cv-00006 Document 367 Filed 12/15/2006 Page 3 of 23

1  **of 2 years <u>from the date of mailing by certified mail or registered mail</u> by the Secretary to**

2  **the taxpayer <u>of a notice of a disallowance</u> of the part of the claim to which the suit or**

3  **proceeding relates.**" (emphasis added).

4      The Court poses the question of whether the language the Government placed on the

5  Guam Tax Form 1040 stating that the EIC is "inapplicable" to Guam serves as an adequate

6  substitute for the requirement of 26 U.S.C. § 6532 that the Government mail a notice of

7  disallowance to each affected taxpayer in order to commence a two-year statute of limitation for

8  a tax refund suit. *Simpao* plaintiffs submit that controlling law resoundingly answers this

9  question in the negative for several reasons: 1) 26 U.S.C. § 6532 is a jurisdictional statute which

10  may not be expanded beyond its plain language by either the Court or the Executive Branch; 2)

11  Federal case law interpreting 26 U.S.C. § 6532 mandates the mailing of a disallowance notice is

12  necessary to the operation of the statute; 3) this statute explicitly requires taxpayer's written

13  waiver to forego the mailing of a disallowance notice; and 4) the language printed on a tax form

14  in no way reasonably constitutes a formal or adequate notice of disallowance to any singularly

15  affected taxpayer, especially in the absence of any specific analysis and determination by the

16  Government of any individual taxpayer's refund claim.

17      **A.**    <u>**26 U.S.C. § 6532 Is A Jurisdictional Statute Which Must Be Strictly**</u>
   <u>**Construed And May Not Be Circumvented by Courts or Executive Officials.**</u>

18

19      Title 26 U.S.C. § 6532 was enacted by Congress as a specific waiver of sovereign

20  immunity to suit, making it a statute of limitations that is jurisdictional in nature. *Oatman v.*

   *Dept. of Treasury*, 34 F.3d 787, 789 (9th Cir. 1994) ("The district court lacks jurisdiction over

21

22  claims for refunds … [that] have not satisfied the procedural requirements of <u>26 U.S.C. §§ 6532</u>

23  and <u>7422</u>."); *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 324 (6th Cir. 1990) ("the

24  prerequisites to suit described in <u>section 6532</u>'s 'general rule' are jurisdictional"). Accordingly,

25  ~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
SIMPAO PLAINTIFFS' SUPPLEMENTAL    VAN DE VELD SHIMIZU CANTO & FISHER    TOUSLEY BRAIN STEPHENS PLLC
BRIEF SUBMITTED PURSUANT TO THE    167 East Marine Corps Drive, Suite 101    1700 Seventh Avenue, Suite 2200
COURT'S ORDER OF DEC. 7, 2006    Hagatna, Guam 96910    Seattle, Washington 98101-1332
    Tel. 671.472.1131    Tel. 206.682.5600
Page 4    Fax 671.472.2886    Fax 206.682.2992

Case 1:04-cv-00006    Document 367    Filed 12/15/2006    Page 4 of 23

the U.S. Supreme Court demands the language of the statute be strictly observed by courts. *United States v. Dalm*, 494 U.S. 596, 608, 110 S.Ct. 1361 (1990) ("[A]lthough we should not construe such a time-bar provision unduly restrictively, we must be careful not to interpret it in a manner that would extend the waiver beyond that which Congress intended."). Put another way, "the task of an appellate court in such cases is … determining technical application of the law consistent with the well-established view that tax laws are technical and, for the most part, are to be accordingly interpreted." *Webb v. United States*, 66 F.3d 691, 694 (4th Cir. 1995). The plain language of Section 6532(a) states the two-year statute of limitations commences upon the Government mailing a disallowance notice to the taxpayer by registered or certified mail. This did not occur in the instant case and thus the two-year limitation period was never commenced. This Court is prohibited from departing from the strict instruction of this jurisdictional statute requiring registered or certified mailing of a disallowance notice, to instead accept as substitute some surrogate language on the tax form which was never mailed to a single affected taxpayer. "A statute's plain meaning should be conclusive unless it creates an inconsistent or incoherent statutory scheme 'at odds with the intentions of its drafters.'" *Oatman*, 34 F.3d at 788 (internal citation omitted).

Similarly, the Government is bound by the jurisdictional nature of Section 6532 to conform to its language, thus it may not disregard the mailing of a disallowance notice and yet still initiate a two-year statute of limitation on suit. "While the IRS has the ability to waive its own regulatory requirements and consider a claim that is not in the proper form, it is powerless to waive the statutory requirements set forth by Congress, including the statute of limitations." *Wertz v. United States*, 51 Fed.Cl. 443, 448 (2002); see *United States v. Garbutt Oil Co.*, 302

SIMPAO PLAINTIFFS' SUPPLEMENTAL
BRIEF SUBMITTED PURSUANT TO THE
COURT'S ORDER OF DEC. 7, 2006
Page 5

VAN DE VELD SHIMIZU CANTO & FISHER
167 East Marine Corps Drive, Suite 101
Hagatna, Guam 96910
Tel. 671.472.1131
Fax 671.472.2886

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
Tel. 206.682.5600
Fax 206.682.2992

Case 1:04-cv-00006    Document 367    Filed 12/15/2006    Page 5 of 23

U.S. 528, 533-34, 58 S.Ct. 320 (1938) ("The opinion expressly recognized [is] that no officer of the government has the power to waive the statute of limitations ...").

Neither this Court nor the Government may deviate from the specific language of the statute requiring mailing of disallowance notices in order to invoke a two-year limitation on suit. Section 6532 is a jurisdictional statute enacted by Congress to set a condition which, if invoked by the mailing of a notice of disallowance, compels the filing of a suit upon this occurrence. If this precondition never occurs, as it has not here, then two-year statute of limitation is not commenced.

**B.    Mailing of Notice of Disallowance Is Necessary to Operation of 26 U.S.C. §6532.**

Several federal courts confirm that Congress intended the government actually mail a notice of disallowance in order for the purpose of 26 U.S.C. § 6532 to be fulfilled. Numerous decisions on this subject repeatedly uphold the premise that the literal mailing of a notice of disallowance to the taxpayer is vital to the operation of the statute. Congress itself re-emphasized this mailing requirement by enhancing the method of mailing notice and adding certified mail to the existing registered mail requirement, when it amended this statute in 1958 (Pub. L. 85-866).

The Eleventh Circuit Court of Appeals applied Congress' express intent within Section 6532 that it is vital to the statute that notice be mailed, in a case that interprets this principle as superior to whether the taxpayer actually received the notice which was mailed. *Rosser v. United States*, 9 F.3d 1519 (11th Cir. 1993). Prefacing that the court was bound to rely upon the plain meaning of the statutory language of Sec. 6532(a)(1), the court held: "The only reasonable interpretation of this language is that the statutory period for bringing suit begins to run from the date that the IRS mails, by certified or registered mail, a notice of disallowance to the taxpayer".

SIMPAO PLAINTIFFS' SUPPLEMENTAL BRIEF SUBMITTED PURSUANT TO THE COURT'S ORDER OF DEC. 7, 2006

Page 6    Case 1:04-cv-00006    Document 567    Filed 12/15/2006    Page 6 of 23

VAN DE VELD SHIMIZU CANTO & FISHER
167 East Marine Corps Drive, Suite 101
Hagatna, Guam 96910
Tel: 671.472.1131
Fax 671.472.2886

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
Tel. 206.682.5600
Fax 206.682.2992

9 F.3d at 1522. The court noted that previously it was difficult to ascertain with certainty when the statute of limitations began to run, until Congress amended the Internal Revenue Code in 1932 to "provide a definite date that triggered the statute of limitations for a tax refund suit. *Id.* The court looked to the Senate Report on the amendment, which states "the bill requires the mailing of a notice of disallowance by registered mail" and concluded the purpose consistent through legislative history of Section 6532 was to eliminate uncertainty about the statute of limitations and "mandating that the statutory period begin to run in every case from the date of mailing a disallowance notice." *Id.*

The Second Circuit Court of Appeals holds that "the two-year period for commencing [tax refund] suit starts to run when the commissioner mails notice of disallowance to the taxpayer. That is the moment when the taxpayer's cause of action accrues." *Einson-Freeman Co., Inc. v. Corwin*, 112 F.2d 683, 684 (2d Cir. 1940); see also *Maiman v. I.R.S.*, 1998 WL 161003, *2 (E.D.N.Y.) ("It is the mailing of a notice of disallowance, by certified or registered mail, that triggers the running of the two-year statute of limitations.").

The United States Court of Claims holds that a form of communication of disallowance other than mailing, a notifying phone call in that case, did not commence the statute of limitation for filing suit in comparison to the disallowance notice mailed to the taxpayer. *Looney v. United States*, 228 Ct.Cl. 807 (1981), 1981 WL 11173. The court further found this would constitute an invalid attempt by a government tax official to contravene the statutory mandate and lies outside the scope of his authority as circumscribed by the statute he or she is legally obligated to execute without exception. *Id.* at *2.

The Fifth Circuit Court of Appeals noted "the specific command of the [§6532] statute that the two year permissive period dates from the mailing of the notice of disallowance to the

SIMPAO PLAINTIFFS' SUPPLEMENTAL
BRIEF SUBMITTED PURSUANT TO THE
COURT'S ORDER OF DEC. 7, 2006

VAN DE VELD SHIMIZU CANTO & FISHER
167 East Marine Corps Drive, Suite 101
Hagatna, Guam 96910
Tel. 671.472.1131
Fax 671.472.2886

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
Tel. 206.682.5600
Fax 206.682.2992

Page 7     Case 1:04-cv-00006     Document 96     Filed 12/15/2006     Page 7 of 23

1   taxpayer," and held that "No officer or employee of the United States is authorized to waive or

2   vary the requirements of the statute." *Gallion v. United States*, 389 F.2d 522, 524 (5th Cir. 1968)

3   citing *Finn v. United States*, 123 U.S. 227, 8 S.Ct. 82 (1887). In fact, Subsection (4) of 26

4   U.S.C. § 6532(a) states: "Reconsideration after mailing of notice. -- Any consideration,

5   reconsideration, or action by the Secretary [of the Treasury] with respect to such claim following

6   the mailing of a notice by certified mail or registered mail of disallowance shall not operate to

7   extend the period within which suit may begin." Thus the statute itself additionally prohibits the

8   government from altering the requirements of this limitation provision.

9       Case law interpreting Congress' intent behind 26 U.S.C. § 6532 is clear: the mailing of a

10  notice of disallowance is the condition whose occurrence is necessary to trigger the

11  commencement of a two-year limitation period, after which a tax refund suit may no longer be

12  filed. The Internal Revenue Service issued a Revenue Ruling exactly on point which states:

13          It is held that, in the absence of a waiver filed by the taxpayer of the
            requirement that he be mailed a registered notice of disallowance, **a**
14          **notification letter rejecting the taxpayer's claim, not sent by registered**
            **mail, will not invoke the two-year period of filing suit,**

15
            **and such period does not commence until action is taken by the**
16          **Secretary or his delegate in the form of a notice of disallowance of a**
            **claim by registered mail.**

17
            **Since the period of limitations for filing suit does not commence in**
18          **such a case,** agreement Forms 907, Agreement to Suspend Running of
            Statute of Limitations, to extend such period are not necessary. See
19          <u>Consolidated Edison Company of New York v. United States, 135</u>
            <u>Fed.Supp. 881</u>; <u>Detroit Trust Company v. United States, 130 Fed.Supp.</u>
20          <u>815</u>.

21          Rev. Rul. 56-381, 1956-2 C.B. 953.

22
23      Thus in the present case, the statute of limitation under 26 U.S.C. § 6532 was simply

24  never engaged by the Government to require suit be filed two years from some date certain. The

25  SIMPAO PLAINTIFFS' SUPPLEMENTAL          VAN DE VELD SHIMIZU CANTO & FISHER          TOUSLEY BRAIN STEPHENS PLLC
    BRIEF SUBMITTED PURSUANT TO THE         167 East Marine Corps Drive, Suite 101      1700 Seventh Avenue, Suite 2200
    COURT'S ORDER OF DEC. 7, 2006           Hagatna, Guam 96910                         Seattle, Washington 98101-1332
                                            Tel. 671.472.1131                           Tel. 206.682.5600
    Page 8   Case 1:04-cv-00006    Document 567   Fax 671.472.2886   Filed 12/15/2006   Fax 206.682.2992   Page 8 of 23

statute was arguably engaged for the purpose of <u>accrual</u> of time for filing of suit, that is, where

taxpayers must have waited 6 months from the time the claim was disallowed before filing, but

the limitation period for when suit could no longer be filed was never initiated by the

Government.

### C. __Only Written Waiver by Taxpayer May Excuse Mailing of Disallowance Notice.__

Yet another reason why the government may not avoid mailing a notice of disallowance

to initiate the two-year statute of limitations can be found in 26 U.S.C. § 6532 itself. Subsection

(3) of 26 U.S.C. § 6532(a) states: "Waiver of notice of disallowance. -- If a person files a written

waiver of the requirement that he be mailed a notice of disallowance, the 2-year period

prescribed in paragraph (1) shall begin on the date such waiver is filed." This particular

provision demonstrates the statute's primacy for the notice to actually be mailed by the

Government to ensure minimally sufficient notice is attempted, since the only legal authorization

to bypass this statutory mandate would require a written waiver by each affected taxpayer.

In fact, the act of mailing the notice of disallowance is so crucial that it does not even

matter if the taxpayer did not receive the notice, as long as it was mailed, which also avoids

convoluted disputes over whether the taxpayer truly received the notice. *Rosser v. United States*,

9 3d. 1519, 1523 (11th Cir. 1993) ("Based on the plain language of the statute, its legislative

history, and practical considerations, we hold that the two-year statute of limitations laid out in

26 U.S.C. § 6532(a)(1) begins to run in every case on the date the IRS mails the taxpayer a

notice of disallowance, whether or not the taxpayer actually receives the notice.").

\\

\\

SIMPAO PLAINTIFFS' SUPPLEMENTAL BRIEF SUBMITTED PURSUANT TO THE COURT'S ORDER OF DEC. 7, 2006

VAN DE VELD SHIMIZU CANTO & FISHER
167 East Marine Corps Drive, Suite 101
Hagatna, Guam 96910
Tel. 671.472.1131
Fax 671.472.2886

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
Tel. 206.682.5600
Fax 206.682.2992

Page 9    Case 1:04-cv-00006    Document 96-7    Filed 12/15/2006    Page 9 of 23

## D. The Government of Guam Did Not "Deny" EIC Claims For Purposes of 26 U.S.C. §6532(a)(1).

In view of the legal authority given above, it cannot be said with any reasonableness that the language printed on the Guam Tax Form 1040 satisfies the elements of a "notice of disallowance" required by the Internal Revenue Code, regardless of mailing. The language on the Guam tax form does not say "your claim has been disallowed," or "your claim has been reviewed and is hereby denied," it says that EIC is generally "not available," regardless of whether taxpayer is even attempting to claim an EIC amount on the form. Hence, the taxpayer's individual claim is never looked at or specifically adjudged by the government to somehow transform the language on the form into a notice to that taxpayer that his/her individual claim has been specifically disallowed.

Additionally, if the language on the Guam tax form is deemed a "notice of disallowance," then when does the statute of limitation actually begin running? Would it be at the printing of form; at the first day of availability of form; at the signing and filing of form by taxpayer? If so, then why would the clock begin to tick at any one of these occurrences as opposed to another? This creates a dangerous slippery slope for trying to determine when the statute of limitation commences because there is no guidance for what constitutes "notice" to the taxpayer, thus no certainty for when the statutes starts to run. Surely it cannot be the date the claim is filed because the taxpayer is made aware of the language when he or she completes the form beforehand. Does the language of "not available" inform the taxpayer that, when it may become available, he or she will be eventually compensated for a prior year? In this vein, the Government began accepting EIC claims in 1997 and 1998. Did that event give "notice" that their 1995 and 1996 claims may now be paid? Does the Guam Supreme Court EIC opinion of 2001 at that point inform taxpayers they have a legitimate entitlement equating "inevitable

SIMPAO PLAINTIFFS' SUPPLEMENTAL
BRIEF SUBMITTED PURSUANT TO THE
COURT'S ORDER OF DEC. 7, 2006

VAN DE VELD SHIMIZU CANTO & FISHER
167 East Marine Corps Drive, Suite 101
Hagatna, Guam 96910
Tel. 671.472.1131
Fax 671.472.2886

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
Tel. 206.682.5600
Fax 206.682.2992

Page 10

Case 1:04-cv-00006     Document 387     Filed 12/15/2006     Page 10 of 23

1  discovery" which then invokes the statute of limitation? Or does Executive Order 2005-01

2  invoke the statute of limitation because it announces EIC will be paid? As the Eleventh Circuit

3  points out, this is exactly why Congress amended 26 U.S.C. § 6532 to avoid these problems and

4  establish a firm date for the commencement of the statute of limitation by requiring a <u>mailing</u> of

5  the disallowance notice. *Rosser v. United States, supra,* 9 F.3d 1519 (11th Cir. 1993)

6      In this context, it is equally important for the Court to remember that the general refusal

7  to pay EIC was a blanket government policy enacted in 1996 which continued uninterrupted,

8  except for 1997 and 1998, when the Government maintains that money was specifically

9  appropriated by the Legislature for this purpose. Therefore, would this mean that all taxpayers

10 had their right to sue elapsed for all years after 1998 because the language on the 1996 form and

11 every form thereafter (save for 1997 and 1998) is a notice of disallowance, so they can never file

12 suit at all? If instead the court looks to the first interrupted period of general refusal beginning in

13 1998, would this mean that no one could ever file a suit to recover EIC that should have been

14 paid in 2001, 2002, 2003 or 2004 because a general policy was declared in 1998 that the EIC

15 would no longer be paid henceforth? This is a ludicrous result which forecloses any time limit,

16 thus any ability, to sue. Ultimately, the language on the tax forms was not an evaluation

17 conducted every year of individual EIC claims. This was a policy pronouncement echoed on a

18 form for years to come without any individual claim determination being made. This is just

19 another reason why the language printed on the tax forms can in no way be reasonably construed

20 as an adequate substitute for a formal notice of disallowance delivered to an individual affected

21 taxpayer after an assessment was made of his or her specific claim.

22      Finally, what if taxpayer utilizes Federal Form 1040 for filing on Guam (which the

23 Department of Revenue and Taxation as a rule accepts) that does not contain the language in

24

25  SIMPAO PLAINTIFFS' SUPPLEMENTAL      VAN DE VELD SHIMIZU CANTO & FISHER      TOUSLEY BRAIN STEPHENS PLLC
    BRIEF SUBMITTED PURSUANT TO THE      167 East Marine Corps Drive, Suite 101      1700 Seventh Avenue, Suite 2200
    COURT'S ORDER OF DEC. 7, 2006        Hagatna, Guam 96910                        Seattle, Washington 98101-1332
                                         Tel. 671.472.1131                          Tel. 206.682.5600
    Page 1                               Fax 671.472.2886                           Fax 206.682.2992

Case 1:04-cv-00006      Document 307      Filed 12/15/2006      Page 11 of 23

1  question? Does this create a separate subclass of claimants who are unaffected by the statute of

2  limitations because they are never deemed to have "received" a notice of disallowance

3  communicated by the Guam tax form's language? The logical answer is "no" because this

4  example helps prove the language on the Guam forms cannot constitute a formal "notice of

5  disallowance" since it is impossible to ascertain if and when the notice is received by the

6  taxpayer. Quite simply, the language at issue is no more than an obliteration of the ability to

7  report the amount of the claim, and it cannot be said with any confidence to be a disallowance as

8  intended by the IRC, especially since the language does not personally analyze and determine

9  individual claims.

10  **E.  <u>Other Relvant Case Law</u>.**

11  In a rather different factual circumstance, where a taxpayer sought to recover a cash bond

12  deposited with the IRS to stop the running of interest and penalties for payroll tax liability, the

13  District Court of New Jersey found that if the specific limitation statute of 26 U.S.C. § 6532 is

14  not invoked by occurrence of mailing of notice to the taxpayer, then the general limitation statute

15  of 28 U.S.C. § 2401(a) calling for 6 years for any civil suit against the Government would apply.

16  *Finkelstein v. United States*, 943 F.Supp. 425 (D. N.J. 1996). However, the holding of

17  *Finkelstein* is distinguishable because in that case the disallowance notice was actually mailed,

18  and the court stated the actual mailing of the notice was not at issue because the taxpayer

19  admitted receiving the notice. *Id.* at 430. Consequently, the court rejected taxpayer's claim,

20  posing hypothetically that, if the Government had instead failed to mail the disallowance notice

21  by registered or certified mail, taxpayer exceeded the 28 U.S.C. §2401 six-year statute of

22  limitation anyway. *Id.* at 432. This case only reaffirms the importance of mailing the

23  disallowance notice, citing the *Rosser* case (9 F.3d 1519) to argue that, once it is undisputed the

24

25  SIMPAO PLAINTIFFS' SUPPLEMENTAL
BRIEF SUBMITTED PURSUANT TO THE
COURT'S ORDER OF DEC. 7, 2006

VAN DE VELD SHIMIZU CANTO & FISHER
167 East Marine Corps Drive, Suite 101
Hagatna, Guam 96910
Tel. 671.472.1131
Fax 671.472.2886

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
Tel. 206.682.5600
Fax 206.682.2992

Page 12

Case 1:04-cv-00006      Document 307      Filed 12/15/2006      Page 12 of 23

1 | taxpayer received the notice, and the date of receipt is undisputed (both differing from the case at
2 | bar), it does not matter if the notice was mailed registered or certified, as long as it was mailed.
3 | *Id.* at 430.

4 |   Standing in stark opposition to *Finkelstein* is *Detroit Trust Co. v. United States*, wherein
5 | the U.S. Court of Claims found that, because the Commissioner of Internal Revenue never gave
6 | the taxpayer notice of claim rejection by registered mail, the taxpayer complied with the specific
7 | statute of limitation of 1939 IRC § 3772 (transformed today into 26 U.S.C. § 6532) and the six-
8 | year general statute of limitation did not apply. 130 F.Supp. 815, 817-18 (Ct.Cl. 1955); see *Klein*
9 | *Bancorporation, Inc. v. Comm'r of Revenue*, 581 N.W.2d 863, 867-68 (Minn. Ct. App. 1998)
10 | (analogizing to 26 U.S.C. §6532 and following *Detroit Trust*). The *Detroit Trust* court stated
11 | that because the specific limitation statute set out the terms and conditions under which the
12 | government could be sued in this specific tax refund action context, the more general statute of
13 | limitations is not applicable. *Id.* at 817. Another case converse to *Finkelstein* is *Consolidated*
14 | *Edison Co. of New York v. United States*, 135 F.Supp. 881 (Ct.Cl. 1955). In that case, the U.S.
15 | Court of Claims affirmed its holding in *Detroit Trust* and reiterated that the specific statute of
16 | limitation of 1939 IRC § 3772 (what is codified today as 26 U.S.C. § 6532) must apply and the
17 | same general six-year limitation statute on suit does not apply. *Id.* at 883.

18 |   The only other case that notably cites *Finkelstein* appears to be *Goss v. United States*, 293
19 | F.Supp.2d 816 (N.D. Ohio 2003), yet this case is inapposite because the taxpayer was mailed a
20 | letter by the IRS and it involves a refund check that was mailed but never received by the
21 | taxpayer. Also, the court analyzes a different statute of limitations: 31 U.S.C. § 3702(c). Again
22 | using a hypothetical approach, the court viewed 28 U.S.C. § 2401(a) before looking to the
23 | specific statute of limitations to find the taxpayer would have failed this statute as well. *Id.*

24 |

25 | SIMPAO PLAINTIFFS' SUPPLEMENTAL    VAN DE VELD SHIMIZU CANTO & FISHER    TOUSLEY BRAIN STEPHENS PLLC
BRIEF SUBMITTED PURSUANT TO THE    167 East Marine Corps Drive, Suite 101    1700 Seventh Avenue, Suite 2200
COURT'S ORDER OF DEC. 7, 2006    Hagatna, Guam 96910    Seattle, Washington 98101-1332
   Tel. 671.472.1131    Tel. 206.682.5600

Page 13    Fax 671.472.2886    Fax 206.682.2992

Case 1:04-cv-00006    Document 367    Filed 12/15/2006    Page 13 of 23

1 Despite these two cases, it is doubtful that 28 U.S.C. § 2401(a) can be considered organically

2 compatible to the Guam Territorial Income Tax authored by Congress in the Organic Act and

3 therefore is to be rejected as inapplicable per 48 U.S.C. § 1421i(d)(1). The section does not lie

4 within the Internal Revenue Code that the Guam Tax mirrors by Congressional mandate. The

5 section applies to all suits against the United States sovereign, and could not have been intended

6 by Congress when forging the GTIT in the Organic Act to apply to tax refund suits against the

7 locality of the government of Guam which has its own general statutes of limitation for suits

8 against itself as a distinct sovereign. Finally, the two decisions discussed above lack congruence

9 to the case at bar, both generally and in aspects already mentioned. It is noteworthy to remember

10 the nature of the Government of Guam's bad faith in denying refunds and imagine the injustice

11 created if the Government can exploit its own fundamentally wrong acts to the further injury of

12 the Guam EIC taxpayer class by depriving them of any legal recourse whatsoever.

13      The *Goss* case is significant, however, because it defines when a taxpayer is put on

14 "notice" to file suit, which by analogy defeats the notion that the Guam taxpayers were given

15 "notice" of their right to sue upon filing their tax returns containing the language at issue. Even

16 in light of 28 U.S.C. § 2401(a), the court noted a claim accrues "when all events have occurred to

17 fix the Government's alleged liability, entitling the claimant to demand payment and sue" for

18 their [EIC] refunds. 293 F.Supp.2d at 818. Applying this to the present case, the Government of

19 Guam arguably denied liability, but no event occurred to legally "fix" its liability to compel

20 Guam taxpayers until the year 2001 when the Guam Supreme Court issued *In Request Of I Mina'*

21 *Bente Sing'ko Na Liheslaturan Guahan Relative To The Application Of The Earned Income Tax*

22 *Credit Program To Guam Taxpayers ("The EIC question")* (2001 Guam 3) to find that EIC

23 applies to Guam. The adjudication of this question to fix or determine the Government's liability

24

25 SIMPAO PLAINTIFFS' SUPPLEMENTAL
BRIEF SUBMITTED PURSUANT TO THE
COURT'S ORDER OF DEC. 7, 2006

Page 14

VAN DE VELD SHIMIZU CANTO & FISHER
167 East Marine Corps Drive, Suite 101
Hagatna, Guam 96910
Tel. 671.472.1131
Fax 671.472.2886

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
Tel. 206.682.5600
Fax 206.682.2992

Case 1:04-cv-00006    Document 367    Filed 12/15/2006    Page 14 of 23

1  presents a more reasonable form of adequate notice to the taxpayer to commence a limitation

2  period, as only then they received notice of their enforceable right and their legal "entitlement" to

3  sue.

4       Furthermore, the 1995 and 1996 class year members did not see events which fixed the

5  Government's liability but instead saw claims accepted in 1997 and 1998. Arguably, at the most

6  these taxpayers were only then first put on "notice" that the EIC now applies to Guam and that

7  they should demand payment and sue to recover their refunds. At the very extreme, *Goss* might

8  show 1995 and 1996 class year members can be considered noticed or advised in 1997 that their

9  prior claims have been disallowed to commence the statute of limitation.

10

11       ## II.  COURT LACKS JURISDICTION OVER CLAIMS OF CLASS
         MEMBERS WHO HAVE NOT FILED A TAX RETURN.

12

13       *Simpao* Plaintiffs share this Court's concern that the proposed settlement class includes

those who may have been"eligible" to receive EIC yet never filed a tax return for the years for

14

15  which they would receive EIC refunds. This class definition is impermissibly broad and this

Court must deny preliminary approval because it lacks jurisdiction to entertain the subject matter

16

17  of the proposed settlement. *Simpao* Plaintiffs raised this concern in pages 13-18 of their

*Plaintiff's Opposition To Governor Of Guam's Motion To Stay*, filed October 12, 2005 in Civil

18

19  Case No. 04-00049, and in pages 16-19 of their *Supplemental Filing In Opposition To*

*Preliminary Approval Of Class Action Settlement*, filed August 11, 2006 in the consolidated

20

21  action. As *Simpao* Plaintiffs have already thoroughly briefed this issue in the aforementioned

pleadings, the Court is asked to refer to those filings and only a brief summary of them will be

22

offered for the present pleading.

23

24

25

SIMPAO PLAINTIFFS' SUPPLEMENTAL
BRIEF SUBMITTED PURSUANT TO THE
COURT'S ORDER OF DEC. 7, 2006

VAN DE VELD SHIMIZU CANTO & FISHER
167 East Marine Corps Drive, Suite 101
Hagatna, Guam 96910
Tel. 671.472.1131
Fax 671.472.2886

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
Tel. 206.682.5600
Fax 206.682.2992

Page 15

Case 1:04-cv-00006    Document 367    Filed 12/15/2006    Page 15 of 23

1    Title 26 U.S.C. § 7422(a) plainly states that no suit shall be maintained in any court for

2    the recovery of any tax until a claim for refund or credit has been duly filed with the taxing

3    authority. This is a jurisdictional prerequisite to filing an action for the recovery of taxes paid,

4    meaning that if the taxpayer has not exhausted this administrative requirement, the court lacks

5    subject matter jurisdiction over the suit and it must be dismissed. *Imperial Plan, Inc. v. United*

6    *States*, 95 F.3d 25, 26 (9th Cir. 1996); *Quarty v. United States*, 170 F.3d 961, 971-73 (9th Cir.

7    1999). The settling parties bear the burden of showing the proposed settlement affords

8    jurisdiction to this Court, which they have in fact failed to do. *Kokkonen v. Guardian Life Ins.*

9    *Co. of America*, 511 U.S. 375, 377, 114 S.Ct. 1673 (1994). Section 7422(a) is a jurisdictional

10   statute of limitations, which means it may not be waived by the Government, whether by

11   settlement agreement or otherwise. *Rosenbluth Trading, Inc. v. United States*, 736 F.2d 43, 47

12   (2d Cir. 1984). A properly executed income tax return constitutes a claim for refund or credit

13   satisfying 26 U.S.C. § 7422(a). *Sorenson v. Sec. of Treas.*, 752 F.2d 1433, 1439 (9th Cir. 1985).

14   By failing to offer a class that complies with 26 U.S.C. § 7422(a), the settlement is

15   further fatally defective because the class thereby fails to satisfy the requirements of 26 U.S.C. §

16   6511 as well. Section 6511 (requiring a claim be filed within 3 years of a return or within 2

17   years from the payment of the tax, whichever expires later) is also a jurisdictional prerequisite to

18   maintaining a tax refund suit and the Court must dismiss any suit that has not pled or proved

19   subject matter jurisdiction under this provision. *U.S. v. Dalm*, 494 U.S. 596, 110 S.Ct. 1361

20   (1990); *Zeier v. United States*, 80 F.3d 1360 (9th Cir. 1996). Just like Section 7422(a), Section

21   6511 may not be waived by the Government nor the courts. *Wertz v. United States*, 51 Fed.Cl.

22   443, 448 (2002). If no claim is alleged to have been made per Section 7422(a), then no claim is

23

24

25   SIMPAO PLAINTIFFS' SUPPLEMENTAL            VAN DE VELD SHIMIZU CANTO & FISHER    TOUSLEY BRAIN STEPHENS PLLC
     BRIEF SUBMITTED PURSUANT TO THE           167 East Marine Corps Drive, Suite 101   1700 Seventh Avenue, Suite 2200
     COURT'S ORDER OF DEC. 7, 2006             Hagatna, Guam 96910                     Seattle, Washington 98101-1332
                                               Tel. 671.472.1131                       Tel. 206.682.5600
     Page 16                                   Fax 671.472.2886                        Fax 206.682.2992

Case 1:04-cv-00006     Document 387     Filed 12/15/2006     Page 16 of 23

1  made within 3 years of a return or within 2 years from the payment of the tax either, and Section

2  6511 remains unfulfilled.

3     The *Simpao* Plaintiffs have not only defined their class as having filed tax returns, but

4  they have secured a summary judgment from this Court confirming that those tax returns filed by

5  the putative class satisfy the jurisdictional requirement of 26 U.S.C. § 7422(a).  Because this

6  Court found that the tax returns filed by the *Simpao* Plaintiffs' putative class constitute claims

7  under Section 7422(a), the Court granted summary judgment that those claims were timely filed,

8  equally satisfying the jurisdictional requirement of 26 U.S.C. § 6511.  The proposed settlement

9  class fails to be comprised of anyone who has exhausted administrative remedies to lend this

10 Court jurisdiction over the matter.  Moreover, the Government is prohibited from waiving 26

11 U.S.C. §§ 6511 and 7422(a) in a settlement agreement or any context, as sovereign immunity

12 may not be waived by any executive officer but only by strict congressional enactment.

13 *Presidential Gardens Associates v. United States*, 175 F.3d 132, 140 (2d Cir. 1999); see

14 *Overhauser v. United States*, 45 F.3d. 1085, 1088 (7th Cir. 1995); *U.S. v. Garbutt Oil Co.*, 302

15 U.S. 528, 534, 58 S.Ct. 320 (1938).

16     Therefore, this Court must disapprove at the preliminary stage the proposed settlement

17 since the validity of an order for preliminary approval depends upon the subject matter

18 jurisdiction of this Court.  See *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de*

19 *Guinee*, 456 U.S. 694, 701, 102 S.Ct. 2099 (1982) ("[T]he rule ... is inflexible and without

20 exception, which requires this court, of its own motion, to deny its jurisdiction ... where such

21 jurisdiction does not affirmatively appear in the record.").  No federal court has the authority to

22 approve a settlement that contains or embraces illegality (see *Isby v. Bayh*, 75 F.3d 559, 565 (6th

23 Cir. 2001), and this Court should disapprove the proposed settlement as facially injudiciable for

24

25  SIMPAO PLAINTIFFS' SUPPLEMENTAL        VAN DE VELD SHIMIZU CANTO & FISHER    TOUSLEY BRAIN STEPHENS PLLC
    BRIEF SUBMITTED PURSUANT TO THE        167 East Marine Corps Drive, Suite 101  1700 Seventh Avenue, Suite 2200
    COURT'S ORDER OF DEC. 7, 2006          Hagatna, Guam 96910                     Seattle, Washington 98101-1332
                                           Tel. 671.472.1131                       Tel. 206.682.5600
    Page 17                                Fax 671.472.2886                        Fax 206.682.2992

Case 1:04-cv-00006     Document 367     Filed 12/15/2006     Page 17 of 23

1   failure of jurisdictional requirements (see *Robertson v. Nat'l Basketball Ass'n*, 556 F.2d 682, 686

2   (2d Cir. 1977). Both sections 26 U.S.C. §§ 6511 and 7422(a) are waivers of sovereign immunity

3   that may not be extended by the Court. *Block v. North Dakota*, 461 U.S. 273, 287, 103 S.Ct.

4   1811 (1983).

### III.  IMMEDIATE PAYOUTS UNDER THE AGREEMENT ARE COERCIVE AND IMPROPER.

*Simpao* Plaintiffs also share this Court's concern regarding the proposed settlement's

intent to make payments to class years 1997 and 1998 before it can be granted or denied final

approval by this Court. Besides the potential waste of public funds by the Government if

approval of this settlement is denied, which the Court points out (as well as the potential

violation of the Guam Illegal Expenditures Act), *Simpao* Plaintiffs submit, as done previously at

pages 29-30 of the *Supplemental Filing In Opposition To Preliminary Approval Of Class Action

Settlement*, that the payout of claims before the settlement is approved is inherently coercive

upon the EIC class and sinister in nature. The language of the proposed settlement unabashedly

states: "acceptance of such payment shall cause them to have released their right to opt-out of

this Settlement Agreement" if the agreement is granted final approval. *Settlement Agreement*,

pp. 25 (1998) and 26-27 (1997). Nothing could be more insidiously coercive to cause EIC class

members to knuckle under and accept lesser amounts than they might otherwise receive for all

possible tax years, than by hurriedly putting an actual check in their hands for one or two of

those years. On top of that, the class members in question will receive this check and

unwittingly cash it before receiving the class-wide notice required to inform them of the specifics

of the entire agreement. The Government benefits by ensuring the conscription of many through

the exploitation of an understandably compelling urge of some of Guam's poorest taxpayers to

SIMPAO PLAINTIFFS' SUPPLEMENTAL
BRIEF SUBMITTED PURSUANT TO THE
COURT'S ORDER OF DEC. 7, 2006
Page 18

VAN DE VELD SHIMIZU CANTO & FISHER
167 East Marine Corps Drive, Suite 101
Hagatna, Guam 96910
Tel. 671.472.1131
Fax 671.472.2886

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
Tel. 206.682.5600
Fax 206.682.2992

Case 1:04-cv-00006   Document 367   Filed 12/15/2006   Page 18 of 23

1 | cash a check instead of the Government obtaining fully informed consent or at least a signature

2 | on a form first. Instead, the Government unfairly capitalizes on the ignorance of the class

3 | members who are not yet afforded the education of class notice as to what they are really getting

4 | themselves into.

## IV. COURT CONTACT WITH THE MEDIATOR.

The *Simpao* Plaintiffs have no objection to this Court contacting Judge William Cahill regarding the events of the mediation that took place in April 2006.

Respectfully submitted this 15th day of December, 2006.

VAN DE VELD SHIMIZU CANTO & FISHER

By: _____
    James L. Canto II

TOUSLEY BRAIN STEPHENS PLLC
    Kim D. Stephens, P.S., *Pro Hac Vice*
    Nancy A. Pacharzina, *Pro Hac Vice*

Attorneys for Plaintiffs Simpao, Naputi & Cruz

SIMPAO PLAINTIFFS' SUPPLEMENTAL
BRIEF SUBMITTED PURSUANT TO THE
COURT'S ORDER OF DEC. 7, 2006

VAN DE VELD SHIMIZU CANTO & FISHER
167 East Marine Corps Drive, Suite 101
Hagatna, Guam 96910
Tel. 671.472.1131
Fax 671.472.2886

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
Tel. 206.682.5600
Fax 206.682.2992

Page 19

Case 1:04-cv-00006     Document 367     Filed 12/15/2006     Page 19 of 23

# TABLE OF AUTHORITIES

Cases

*Block v. North Dakota* . . . . . . . 17-18
461 U.S. 273, 103 S.Ct. 1811 (1983)

*Consolidated Edison Co. of New York v. United States* . . . 13
135 F.Supp. 881 (Ct.Cl. 1955)

*Detroit Trust Co. v. United States* . . . . . . 13
130 F.Supp. 815 (Ct.Cl. 1955)

*Einson-Freeman Co., Inc. v. Corwin* . . . . . 7
112 F.2d 683 (2d Cir. 1940)

*Finkelstein v. United States* . . . . . . . 12-13
943 F.Supp. 425 (D. N.J. 1996)

*Finn v. United States* . . . . . . . 8
123 U.S. 227, 8 S.Ct. 82 (1887)

*Gallion v. United States* . . . . . . . 7-8
389 F.2d 522 (5th Cir. 1968)

*Goss v. United States* . . . . . . . 13, 14
293 F.Supp.2d 816 (N.D. Ohio 2003)

*Imperial Plan, Inc. v. United States* . . . . . . 16
95 F.3d 25 (9th Cir. 1996)

*In Request Of I Mina' Bente Sing'ko Na Liheslaturan Guahan*
 *Relative To The Application Of The Earned Income Tax*
 *Credit Program To Guam Taxpayers ("The EIC question")*
2001 Guam 3 . . . . . . . . . 14

*Insurance Corp. of Ireland, Ltd. v. Compagnie des* . . . . 17
 *Bauxites de Guinee*
456 U.S. 694, 102 S.Ct. 2099 (1982)

*Isby v. Bayh* . . . . . . . . . 17
75 F.3d 559 (6th Cir. 2001)

*Klein Bancorporation, Inc. v. Comm'r of Revenue* . . . . 13
581 N.W.2d 863 (Minn. Ct. App. 1998)

*Kokkonen v. Guardian Life Ins. Co. of America* . . . . 16
511 U.S. 375, 114 S.Ct. 1673 (1994)

*Looney v. United States* . . . . . . . 7
228 Ct.Cl. 807 (1981)

*Maiman v. I.R.S.* . . . . . . . . 7
1998 WL 161003 (E.D.N.Y.)

*Oatman v. Dept. of Treasury* . . . . . . . 4, 5
34 F.3d 787 (9th Cir. 1994)

*Ohio Nat'l Life Ins. Co. v. United States* . . . . . 4
922 F.2d 320 (6th Cir. 1990)

*Overhauser v. United States* . . . . . . . 17
45 F.3d. 1085 (7th Cir. 1995)

*Presidential Gardens Associates v. United States* . . . . 17
175 F.3d 132 (2d Cir. 1999)

*Quarty v. United States* . . . . . . . 16
170 F.3d 961 (9th Cir. 1999)

*Robertson v. Nat'l Basketball Ass'n* . . . . . . 17
556 F.2d 682 (2d Cir. 1977)

*Rosenbluth Trading, Inc. v. United States* . . . . . 16
736 F.2d 43 (2d Cir. 1984)

*Rosser v. United States* . . . . . . . 6-7, 9, 11
9 F.3d 1519 (11th Cir. 1993)

*Sorenson v. Sec. of Treas.* . . . . . . . 16
752 F.2d 1433 (9th Cir. 1985)

*United States. v. Dalm* . . . . . . . 5, 16
494 U.S. 596, 110 S.Ct. 1361 (1990)

*United States v. Garbutt Oil Co.* . . . . . . 5-6, 17
302 U.S. 528, 58 S.Ct. 320 (1938)

*Webb v. United States* . . . . . . . 5
66 F.3d 691 (4th Cir. 1995)

*Wertz v. United States* . . . . . . . 5, 16
51 Fed.Cl. 443 (2002) page 5

*Zeier v. United States* . . . . . . . 16
80 F.3d 1360 (9th Cir. 1996)


Statutes

26 U.S.C. § 6532 . . . . . . . . 3, 8, 9

26 U.S.C. § 7422(a) . . . . . . . . 15

26 U.S.C. § 6511 . . . . . . . . 16

Public Law 85-866 . . . . . . . . 6


Other authority

Rev. Rul. 56-381, 1956-2 C.B. 953 . . . . . . 8

# CERTIFICATE OF SERVICE

I, JAMES L. CANTO II, certify that I caused a copy of the foregoing document here filed to be served on the following individuals or entities on December 15, 2006, via hand delivery at the following addresses:

Counsel for Petitioner
   Charmaine Torres
Peter C. Perez, Esq.
Lujan, Aguigui & Perez, LLP
Pacific News Bldg., Ste. 300
238 Archbishop Flores St.
Hagatna, Guam 96910

Counsel for Respondent
   Felix P. Camacho
Daniel M. Benjamin, Esq.
Calvo & Clark, LLP
655 S. Marine Corps Drive, Ste. 202
Tamuning, Guam 96913

Counsel for Respondent
   Felix P. Camacho
Shannon Taitano, Esq.
Office of the Governor of Guam
Governor's Complex
East Marine Corps Drive
Adelup, Guam 96910

Counsel for Respondents
   Artemio Ilagan and Lourdes Perez
Rawlen M.T. Mantanona, Esq.
Cabot Mantanona LLP
BankPacific Building, 2nd Floor
825 South Marine Corps Drive
Tamuning, Guam 96913

Counsel for Petitioner
   Julie Babauta Santos
Michael F. Phillips, Esq.
Phillips & Bordallo, P.C.
410 West O'Brien Drive
Hagatna, Guam 96910

Respectfully submitted this  DECEMBER 15, 2006

VAN DE VELD SHIMIZU CANTO & FISHER
TOUSLEY BRAIN STEPHENS PLLC

_____
James L. Canto II
Attorneys for Plaintiffs