ORIGINAL

[Appearing Counsel on next page]

FILED
DISTRICT COURT OF GUAM
DEC 15 2006
MARY L.M. MORAN
CLERK OF COURT

**DISTRICT COURT OF GUAM**

**TERRITORY OF GUAM**

| | |
|---|---|
| JULIE BABAUTA SANTOS, *et. al.*,<br><br>    Petitioners,<br><br>-v-<br><br>FELIX P. CAMACHO, *et. al.*<br><br>    Respondents. | Civil Case No. 04-00006<br><br>**SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE *SANTOS* AND *TORRES* PARTIES' JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT PURSUANT TO THE COURT'S ORDER OF DECEMBER 7, 2006** |
| CHARMAINE R. TORRES, *et al.*,<br><br>    Plaintiffs,<br><br>-v-<br><br>GOVERNMENT OF GUAM, *et al.*,<br><br>    Defendants. | Civil Case No. 04-00038 |
| MARY GRACE SIMPAO, *et al.*,<br><br>    Plaintiffs,<br><br>-v-<br><br>GOVERNMENT OF GUAM,<br><br>    Defendant.<br><br>-v-<br><br>FELIX P. CAMACHO, Governor of Guam,<br><br>    Intervenor-Defendant. | Civil Case No. 04-00049 |

MICHAEL F. PHILLIPS
PHILLIPS & BORDALLO, P.C.
410 West O'Brien Drive
Hagatña, Guam 96910
Telephone: (671) 477-2223
Facsimile: (671) 477-2329
Interim Class Counsel and Attorneys for Petitioner *Julie Babauta Santos*

IGNACIO C. AGUIGUI
PETER C. PEREZ
LUJAN AGUIGUI & PEREZ LLP
300 Pacific News Building
Hagatña, Guam 96910
Telephone: (671) 477-8064
Facsimile: (671) 477-5297
Attorneys for Plaintiff *Charmaine R. Torres*

2
*Julie B. Santos and Charmaine R. Torres, et al. v. Felix P. Camacho, et al.*
*Civil Case No. 04-00006 and 04-00038*
Supplemental Memorandum of Points and Authorities
in Support of the Santos and Torres Parties' Joint Motion
for Preliminary Approval of Class Action Settlement Agreement
Pursuant to the Court's Order of December 7, 2006

Case 1:04-cv-00006   Document 368   Filed 12/15/2006   Page 2 of 20

## INTRODUCTION

The Moving Parties in the *Santos* and *Torres* actions respectfully submit this Supplemental Memorandum of Points and Authorities in support of their Joint Motion for Preliminary Approval of Class Action Settlement Agreement. Presented to this court for preliminary approval is a Settlement Agreement containing an expanded class with enhanced benefits, an increased settlement amount, expedited payments, and inclusion of the most people, among who are the neediest of EIC payments. This Settlement Agreement is the result of extensive arm's-length negotiations between and among all of the Parties and includes the settling parties, the *Santos* and *Torres* plaintiffs and the Government. The settlement process should continue and should neither be delayed nor derailed by non-parties to the Settlement Agreement whose rights and interests neither not be impaired nor impeded by preliminary approval of the Settlement Agreement. Conversely, undue prejudice will result to the settling parties should the *Simpao* plaintiffs be allowed to disregard the class action settlement procedures.

### A. The settling parties agree this court has jurisdiction.

While the settling parties had taken litigation positions prior to settlement concerning jurisdiction, statutes of limitation and other issues, the settling parties agree this court has jurisdiction over the subject matter and settlement class members. In light of the disputed issues involved in this litigation concerning the liability of Guam's government to pay Earned Income Tax Credits ("EIC") to eligible Guam taxpayers since 1995, the inherent uncertainties and risks involved in further litigation, the benefits to be received and potential recovery for EIC class members pursuant to the Settlement Agreement, and the expense and burden of continued litigation, the settling parties have agreed that settlement on the terms and conditions set forth in the Settlement Agreement is fair and reasonable and in the best interests of the parties and of the Class sought to be certified, and that this court has subject matter jurisdiction and jurisdiction

---

1

*Julie B. Santos and Charmaine R. Torres, et al. v. Felix P. Camacho, et al.*
*Civil Case No. 04-00006 and 04-00038*
Supplemental Memorandum of Points and Authorities
in Support of the Santos and Torres Parties' Joint Motion
for Preliminary Approval of Class Action Settlement Agreement
Pursuant to the Court's Order of December 7, 2006

Case 1:04-cv-00006   Document 368   Filed 12/15/2006   Page 3 of 20

over the settlement class members. The settling parties request that this court preliminarily approve the Settlement Agreement.

### B. The Preliminary Approval Standard.

Preliminary approval of a class action settlement agreement does not require the Court to make a final determination that the settlement is fair, reasonable, and adequate. Rather, that decision is made only at the final approval stage, after notice of the settlement has been given to the class members and they have had an opportunity to express their views of the settlement or to exclude themselves from the settlement. *See 5 James Wm. Moore, Moore's Fed. Practice* § 23.83[1] (3d ed. 2001). Thus, when a Court views a settlement for preliminary approval, it determines whether there is likelihood it could approve the settlement before conducting a full fairness hearing. *In re Jiffy Lube Sec. Litig.*, 927 F.2d 155, 158 (4th Cir. 1991). In presenting the settlement for preliminary approval, the settling parties will usually submit briefs and supporting documents to the court along with the proposed settlement, arguing that the proposal is fair and should be tentatively approved. *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1376 (9th Cir. 1993). The court will examine the submitted material and determine whether the proposed settlement seems fair on its face and worth submitting to class members. *In re Corrugated Container Antitrust Litig.*, 643 F.2d 195, 212 (5th Cir. 1981). Preliminary approval should be granted if the settlement reveals no obvious deficiencies or grounds to doubt its fairness and appears to fall within the range of possible approval. *See Manual for Complex Litig.* § 30.41 (3d ed. 1995). Here the terms of the Settlement Agreement satisfy the standards for preliminary approval. There are no obvious deficiencies with the agreement and no grounds to doubt its fairness; the agreement falls within the range of possible approval.

### C. Settlement of litigation, especially class actions is highly favored.

Public policy favors preliminary approval of the Settlement Agreement. As a matter of public policy, settlement of litigation is highly favored in the law. *See Util. Reform Project v. Bonneville Power Admin.*, 869 F.2d 437, 443 (9th Cir. 1989). The principle applies with

---

2
*Julie B. Santos and Charmaine R. Torres, et al. v. Felix P. Camacho, et al.*
Civil Case No. 04-00006 and 04-00038
Supplemental Memorandum of Points and Authorities
in Support of the Santos and Torres Parties' Joint Motion
for Preliminary Approval of Class Action Settlement Agreement
Pursuant to the Court's Order of December 7, 2006

particular force where, as here, settlement involves class action lawsuits. *See Officers for Justice v. Civil Serv. Comm'n,* 688 F.2d 615, 615 (9th Cir. 1982); *Van Bronkhorst v. Safeco Corp.,* 529 F.2d 943, 950 (9th Cir. 1976); *Wilkerson v. Martin Marietta Corp.,* 171 F.R.D. 273, 284 (D. Colo. 1997). In the context of a class action, "the extraordinary amount of judicial and private resources consumed by massive class action litigation elevates the general policy of encouraging settlements to 'an overriding public interest.'" *Austin v. Pennsylvania Department of Corrections,* 876 F.Supp. 1437, 1455 (E.D.Pa. 1995).

The Ninth Circuit and federal courts uphold the principle favoring settlements, particularly class actions. *Jeff D. v. Andrus,* 889 F.2d 753, 759 (9th Cir. 1989); *Metropolitan Housing Corp. v. Village of Arlington Heights,* 616 F.2d 1006, 1013 (7th Cir. 1980); *Armstrong v. Board of School Directors of the City of Milwaukee,* 616 F.2d 305, 312 (7th Cir. 1980); *Cotton v. Hinton,* 559 F.2d 1326, 1331 (5th Cir. 1977); *United States v. Guam Waterworks Authority,* Civil Case No.01-0035; *Untied States v. Government of Guam,* Civil Case No. 02-00022. In this instance, settlement would resolve not one, but two of the class action cases involving the EIC, without the necessity, time, and expense of further protracted litigation.

### D. The Settlement Agreement resulted from extensive arm's-length negotiations.

The Settlement Agreement resulted from extensive arm's-length negotiations. There is an initial presumption that a proposed settlement agreement is fair and reasonable when it is the result of arm's-length negotiations. *See Williams v. Vukovich,* 720 F.2d 909, 922-923 (6th Cir. 1983) ("The court should defer to the judgment of experienced counsel who has completely evaluated the strength of his proofs"); *In re Inter-Op Hip Prosthesis Liab. Litig.,* 204 F.R.D. 359, 380 (N.D. Ohio 2001) ("when a settlement is the result of extensive negotiations by experienced counsel, the Court should presume it is fair").

Here, the proposed settlement is the product of arm's-length negotiations. The origin of negotiations for some of the core terms of the agreement began in 2005 in connection with settlement of the *Santos* action during that period. After the Court consolidated the actions,
3
*Julie B. Santos and Charmaine R. Torres, et al. v. Felix P. Camacho, et al.*
*Civil Case No. 04-00006 and 04-00038*
Supplemental Memorandum of Points and Authorities
in Support of the Santos and Torres Parties' Joint Motion
for Preliminary Approval of Class Action Settlement Agreement
Pursuant to the Court's Order of December 7, 2006

Case 1:04-cv-00006   Document 368   Filed 12/15/2006   Page 5 of 20

including the *Torres* action, the parties engaged in extensive mediation in April 2006 in Guam before an experienced JAMS mediator, the Hon. William J. Cahill, a retired jurist. The 2006 mediation resulted in an agreement that expanded the EIC class definition, incorporated settlement of an addition case (the *Torres* action), and resulted in enhanced EIC benefits for the expanded class including ultimate payment of all remaining EIC claims for tax year 1997, and immediate payment (upon preliminary approval) of millions of dollars for a portion of 1998 and 1997 EIC claims.

### E. The Court is not required to resolve "unresolved" litigation issues in determining whether to preliminarily approve the Settlement Agreement.

In reviewing the Settlement Agreement, the court is not required to reach any ultimate conclusions on the contested issues of fact and law which underlie the merits of the dispute, for it is the very uncertainty of outcome in litigation and avoidance of wasteful and expensive litigation that induce consensual settlements. *Officers for Justice v. Civil Service Com'n, etc.*, 688 F.2d 615, 625 (9th Cir. 1982). The settlement or fairness hearing is not to be turned into a trial or rehearsal for trial on the merits. *Id.*; *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992); *7-Eleven Owners for Fair Franchising v. Southland Corp.*, 85 Cal.App.4th 1135, 1145 (2000).

The merits of the underlying class claims are not a basis for upsetting the settlement; the operative word is "settlement." Voluntary conciliation and settlement are the preferred means of a dispute resolution. This is especially true in complex class action litigation. *Officers for Justice v. Civil Service Commission of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982). In the instant case, the settling parties submit that this court has subject matter jurisdiction preliminarily to and ultimately, finally approve the Settlement Agreement, and the parties should not be required to litigate the issue of jurisdiction. See *Air Line Stewards and Stewardesses Assn. v. Trans World Airlines, Inc.*, 630 F.2d 1164, 1167-1169 (7th Cir. 1980)("We think the principles favoring settlement of class action lawsuits remain the same regardless of whether the disputed legal issues center on the jurisdiction of the court over the action. Where, as here, the jurisdictional question is

4
*Julie B. Santos and Charmaine R. Torres, et al. v. Felix P. Camacho, et al.*
*Civil Case No. 04-00006 and 04-00038*
Supplemental Memorandum of Points and Authorities
in Support of the Santos and Torres Parties' Joint Motion
for Preliminary Approval of Class Action Settlement Agreement
Pursuant to the Court's Order of December 7, 2006

Case 1:04-cv-00006   Document 368   Filed 12/15/2006   Page 6 of 20

not settled with finality, parties should not be forced to litigate the issue of jurisdiction if they can arrive at a settlement that is otherwise appropriate for district court approval.").

# DISCUSSION

## I. SUBJECT MATTER JURISDICTION EXISTS OVER THE REFUND CLAIMS OF POTENTIAL CLASS MEMBERS WHO DID NOT FILE TAX RETURNS.

District courts have jurisdiction over any civil action arising under any Act of Congress providing for internal revenue. 28 U.S.C. § 1340. Districts courts also have jurisdiction over any civil action against the United States for the recovery of any internal revenue tax alleged to have been erroneously or illegally assed or collected. 28 U.S.C. § 1346(a)(1).

### A. The Court's subject matter jurisdiction over the EIC claims of taxpayers who did not file tax returns is not disputed by any of the parties, but, instead, the parties wish to settle all issues including jurisdiction issues rather than fully litigate such issues.

The settling parties acknowledge this Court's subject matter jurisdiction and jurisdiction over settlement class members, including those who may not have filed tax returns. The Settlement Agreement is designed to settle with the most people and include the poorest of the poor who, perhaps not knowing of their EIC rights, may not have had an incentive to file and/or may not have filed tax returns. Accordingly, the Settlement Agreement provides a series of opportunities for settlement class members to perfect their EIC claims, except for the years 1997 and 1998, by curing incomplete or defective claims, filing necessary tax returns, or amending tax returns. Settlement Agreement § VI(b)(i).

### B. Any and all available administrative remedies were exhausted by potential non-filing class members prior to filing suit.

5
*Julie B. Santos and Charmaine R. Torres, et al. v. Felix P. Camacho, et al.*
Civil Case No. 04-00006 and 04-00038
Supplemental Memorandum of Points and Authorities
in Support of the Santos and Torres Parties' Joint Motion
for Preliminary Approval of Class Action Settlement Agreement
Pursuant to the Court's Order of December 7, 2006

Case 1:04-cv-00006    Document 368    Filed 12/15/2006    Page 7 of 20

26 U.S.C. § 7422(a) provides that one must file a claim for refund or credit with the appropriate administrative authority before filing suit in court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected or of any sum alleged to have been excessive or in any manner wrongfully collected.

Here, it is undisputed that taxpayers were never allowed to file a proper EIC claim, as the government provided no mechanism for filing or processing EIC claims, and never informed Guam taxpayers that they may have been eligible for credit. Without such a mechanism in place, and in light of the government's misrepresentation of the inapplicability of EIC to Guam taxpayers, *Santos* and *Torres* EIC claimants who did not file tax returns pursued any and all available administrative remedies prior to filing suit.

### C. Alternatively, futility and impossibility of seeking administrative remedies excuses nonexhaustion.

Even if the non-filing of tax returns is construed as a failure to exhaust administrative remedies, such non-filing class members were left with no additional administrative remedies for seeking EIC since the Government failed to provide any. The general rule is that the requirement of filing a claim to recover taxes paid as a prerequisite to suit is not dispensed with because the claim may be rejected, since it is the rejection of the claim which makes the suit necessary. *United States v. Felt & Tarrant Mfg. Co.*, 283 U.S. 269, 273 (1931) However, the failure to observe the statutory requirements prohibiting a civil action for recovery of any internal revenue tax allegedly erroneously or illegally assessed or collected until a claim for refund or credit has been filed with the Commissioner of the Internal Revenue does not necessarily preclude recovery of taxes. *Lemoge v. United States*, 378 F. Supp. 228, 232 (N.D. Cal. 1974).

6
*Julie B. Santos and Charmaine R. Torres, et al. v. Felix P. Camacho, et al.*
*Civil Case No. 04-00006 and 04-00038*
Supplemental Memorandum of Points and Authorities
in Support of the Santos and Torres Parties' Joint Motion
for Preliminary Approval of Class Action Settlement Agreement
Pursuant to the Court's Order of December 7, 2006

Case 1:04-cv-00006   Document 368   Filed 12/15/2006   Page 8 of 20

On March 17, 2005, this Court addressed the issue of exhaustion in *Simpao*. In that case, the defendant, the Government of Guam, moved to dismiss the plaintiffs' case on the basis that they had failed to exhaust administrative remedies by filing earned income credit claims with the government. This Court denied the government's motion and stated the following regarding exhaustion:

> [B]ecause Defendant affirmatively prevented Plaintiffs from filing EIC claims by blocking out the relevant section on tax returns with the words "inapplicable in Guam." [sic] Any attempt to claim and [sic] EIC credit would have been futile. Thus, Defendant's argument is unpersuasive in that there were no additional administrative remedies available, and further exhaustion would have been futile.

*See id.*, Order at 8.

As in *Simpao*, the Court here is faced with an entirely unique set of facts, where the Government had actually rejected EIC for all taxpayers for the tax years 1995, 1996, and 1999 to 2003. Therefore, it was entirely futile and impossible for Plaintiff and other class members to attempt to exhaust administrative remedies that simply did not exist and it would be highly unreasonable to expect non-filing taxpayers to file tax returns, especially when they otherwise had no need to do so, solely for the purpose of claiming EIC when EIC was clearly rejected by the government as inapplicable to Guam.

Non-filing taxpayers eligible for EIC should not be punished for failing to avail themselves of claims procedures which, as a result of the government's failings, were never made available to any Guam taxpayer. Thus, where there were no administrative remedies made available by the Government, the attempt to exhaust administrative remedies was an exercise in futility, as well as a sheer impossibility. As a result, any nonexhaustion was excused by futility and impossibility.

7
*Julie B. Santos and Charmaine R. Torres, et al. v. Felix P. Camacho, et al.*
Civil Case No. 04-00006 and 04-00038
Supplemental Memorandum of Points and Authorities
in Support of the Santos and Torres Parties' Joint Motion
for Preliminary Approval of Class Action Settlement Agreement
Pursuant to the Court's Order of December 7, 2006

Case 1:04-cv-00006    Document 368    Filed 12/15/2006    Page 9 of 20

### D. Defendants have waived strict compliance with the statutory filing requirements for claiming EIC.

The government has the ability to waive strict compliance with the statutory filing requirements of § 7422(a) and consider the merits of a taxpayer's claim. *See United States v. Brunwasser*, Civ. Nos. 85-2464, 87-2139, 1990 WL 264715, at *4 (W.D. Pa. Dec. 11, 1990); *Bear Valley Mutual Water Co. v. Riddell*, 493 F. 2d 948, 951 (9th Cir. 1974). There must be a clear showing of such waiver. *Brunwasser*, 1990 WL 264715, at *4. The United States Supreme Court has stated that in order to find a waiver of the claim filing requirements

> [t]he showing should be unmistakable that the Commissioner has in fact seen fit to dispense with his formal requirement and to examine the merits of the claim. It is not enough that in some round about way the facts supporting the claim may have reached him. The Commissioner's attention should have been focused on the merits of the particular dispute. The evidence should be clear that the Commissioner understood the specific claim that was made even though there was a departure from form in its submission.

*Angelus Milling Co. v. Commissioner of Internal Revenue*, 325 U.S. 293, 297-98 (1945).

Waiver by the government of claims of lack of jurisdiction by reason of the taxpayer's failure to satisfy jurisdictional requirements for a § 7422(a) refund suit may also occur either by a very tardy motion on the part of the government or by action on the merits by the Internal Revenue Service. *Santa Cruz Bldg. Ass'n v. United States*, 411 F. Supp. 871, 877 (E.D. Mo. 1976).

In this case, Defendants are not challenging the *Santos* and *Torres* plaintiffs' compliance with the filing requirements of § 7422(a). Instead, Defendants are actively seeking this Court's preliminary approval of a settlement agreement with the *Santos* and *Torres* plaintiffs. By proceeding to settlement, it is the parties' intent to resolve all matters, including jurisdiction issues, instead of engaging in further litigation on such issues. By including in the settlement

8
*Julie B. Santos and Charmaine R. Torres, et al. v. Felix P. Camacho, et al.*
Civil Case No. 04-00006 and 04-00038
Supplemental Memorandum of Points and Authorities
in Support of the Santos and Torres Parties' Joint Motion
for Preliminary Approval of Class Action Settlement Agreement
Pursuant to the Court's Order of December 7, 2006

Case 1:04-cv-00006    Document 368    Filed 12/15/2006    Page 10 of 20

agreement taxpayers who did not file EIC claims as part of the EIC class, Defendants are waiving any jurisdictional challenge regarding the claims of such taxpayers. Therefore, Defendants have waived the argument of nonexhaustion as to these *Santos* and *Torres* taxpayers.

### E. Estoppel applies to prevent the assertion of nonexhaustion.

Regardless of whether non-filing class members complied with the filing requirement of 28 U.S.C. § 7422(a), equitable estoppel prevents the assertion of nonexhaustion of administrative remedies. Estoppel is an equitable doctrine flexibly applied to avoid injustice in particular cases. *Heckler v. Cmty. Health Servs. of Crawford County, Inc.*, 467 U.S. 51, 59, 104 S. Ct. 2218, 81 L. Ed. 2d 42 (1984). Equitable estoppel may be applied to prevent the government from denying jurisdiction over a § 7422(a) tax refund suit based on the taxpayer's failure to comply with statutory requirements. Santa Cruz, 411 F. Supp. at 877.

The party asserting estoppel must have reasonably relied on its adversary's conduct "in such a manner as to change his position for the worse." *Heckler*, 467 U.S. at 59. The test for equitable estoppel against a government or its privies is: "(1) misrepresentation by an agent of the government acting within the apparent scope of his duties; (2) the absence of contrary knowledge by the taxpayer in circumstances where he may reasonably act in reliance; (3) actual reliance; (4) detriment; and (5) a factual context in which the absence of equitable relief would be unconscionable." *Tonkonogy v. United States*, 417 F. Supp. 78, 79 (S.D.N.Y. 1976) (citation omitted); *see also Producers Brokerage Co. v. United States*, Civ. No. B-90-309(WWE), 1991 WL 185236 (D. Conn. July 8, 1991). Some courts have included the additional factor of "affirmative conduct" by the Government. *See City of New York v. Shalala*, 34 F. 3d 1161, 1168 (2d Cir. 1994); *Fredericks v. Comm'r of Internal Revenue*, 126 F. 3d 433, 438 (3d Cir. 1997).

---

9
*Julie B. Santos and Charmaine R. Torres, et al. v. Felix P. Camacho, et al.*
Civil Case No. 04-00006 and 04-00038
Supplemental Memorandum of Points and Authorities
in Support of the Santos and Torres Parties' Joint Motion
for Preliminary Approval of Class Action Settlement Agreement
Pursuant to the Court's Order of December 7, 2006

Case 1:04-cv-00006   Document 368   Filed 12/15/2006   Page 11 of 20

In *Santa Cruz*, the district court found that the government should be equitably estopped from denying jurisdiction over a § 7422(a) refund action based on the plaintiff's failure to follow the jurisdictional requirements. In that case, the government sent the plaintiff a letter denying the refund claim but which was unnecessarily unclear and misleading, appeared to invite the plaintiff to court, and failed to state the actual reason for disallowance of the claim. Due to the government's conduct, the court applied equitable estoppel to prevent the government from raising a lack of jurisdiction defense.

The government in this case engaged in misrepresentations which prevented taxpayers from asserting EIC eligibility and entitlement. For the tax years 1995, 1996, and 1999 to 2003, the government issued tax return forms which had the EIC section blocked out and the words "Not Applicable" written over the space for claiming EIC. Due to this wrongful conduct, taxpayers, such as the *Santos* and *Torres* plaintiffs, had no way of discovering that the EIC should have been made available for those qualifying. The *Santos* and *Torres* plaintiffs relied on the misrepresentation that the EIC did not apply to Guam. Explicitly stating that the EIC did not apply to Guam further inhibited taxpayers from ever trying to circumvent the government's efforts to block any EIC claims on tax returns since a taxpayer could reasonably believe that asserting any EIC eligibility or EIC amount might expose him to criminal liability. Consequently, there was no assertion of eligibility for or entitlement to the EIC on tax returns or elsewhere. Even if the *Santos* and *Torres* plaintiffs chose to file a claim, the government, in derelict of its duty, failed to provide the tools for such a procedure. Thus, the government must be estopped from raising the defense of nonexhaustion.

II. **EIC CLAIMANTS TIMELY BROUGHT SUIT FOR RECOVERY OF CREDITS DUE FOR TAX YEARS 1995-2002.**

10

*Julie B. Santos and Charmaine R. Torres, et al. v. Felix P. Camacho, et al.*
Civil Case No. 04-00006 and 04-00038
Supplemental Memorandum of Points and Authorities
in Support of the Santos and Torres Parties' Joint Motion
for Preliminary Approval of Class Action Settlement Agreement
Pursuant to the Court's Order of December 7, 2006

Case 1:04-cv-00006   Document 368   Filed 12/15/2006   Page 12 of 20

26 U.S.C. § 6532(a)(1) provides:

> No suit or proceeding under section 7422(a) for the recovery of any internal revenue tax, penalty, or other sum, shall be begun before the expiration of 6 months from the date of filing the claim required under such section unless the Secretary renders a decision thereon within that time, nor after the expiration of 2 years from the date of mailing by certified mail or registered mail by the Secretary to the taxpayer of a notice of the disallowance of the part of the claim to which the suit or proceeding relates.

The 2-year period prescribed in subsection § 6532(a)(2) shall be extended upon written agreement between the taxpayer and the Secretary. 26 U.S.C. § 6532(a)(2).

In this case, assuming that taxpayers' EIC claims were denied by the government upon filing of tax returns, the 2-year period prescribed in section 6532(a)(1) has been extended by the parties, as they are entering into a written settlement agreement allowing plaintiffs recovery of earned income credit for tax years 1995 through 2002. Therefore, the *Santos* and *Torres* lawsuits were timely filed and the Court has jurisdiction over their claims.

### A. Even if the two-year period is not extended under § 6532(a)(2), the defense of lack of jurisdiction due to expiration of the statute of limitations under § 6532(a)(1) is waived by Defendants.

As discussed earlier, the government can waive a lack of jurisdiction claim arising from the taxpayer's failure to satisfy jurisdictional requirements for a § 7422(a) refund suit, by filing a very tardy motion on the part of the government or by action on the merits by the Internal Revenue Service. *See Santa Cruz*, 411 F. Supp. at 877.

Here, Defendants are not contesting this Court's jurisdiction over either the *Santos* or *Torres* class actions, and have never filed motions to dismiss for failure to file suit within the two-year period prescribed in § 6532(a)(1). Instead, Defendants are actively pursuing settlement of all matters with the *Santos* and *Torres* plaintiffs. By not challenging the timeliness of the claimants'

11
*Julie B. Santos and Charmaine R. Torres, et al. v. Felix P. Camacho, et al.*
Civil Case No. 04-00006 and 04-00038
Supplemental Memorandum of Points and Authorities
in Support of the Santos and Torres Parties' Joint Motion
for Preliminary Approval of Class Action Settlement Agreement
Pursuant to the Court's Order of December 7, 2006

Case 1:04-cv-00006    Document 368    Filed 12/15/2006    Page 13 of 20

actions and proceeding to settlement, the defense of expiration of the statute of limitations of section 6532(a)(1) is waived.

### B. Assuming there has been no waiver by Defendants, equitable estoppel bars a statute of limitations defense.

As discussed above, the doctrine of equitable estoppel is flexibly applied to avoid injustice in particular cases. *Heckler*, 467 U.S. at 59. The doctrine may be applied to prevent the denial of jurisdiction over a § 7422(a) tax refund suit based on the taxpayer's failure to comply with statutory requirements. *Santa Cruz*, 411 F. Supp. at 877.

As explained earlier, the requirements of equitable estoppel are met here since the government misrepresented that EIC did not apply to Guam taxpayers and the *Santos* and *Torres* plaintiffs actually and reasonably relied on this repeated misrepresentation to their detriment. Thus, the doctrine of equitable estoppel must be applied to prevent assertion of the defense of expiration of the statute of limitations of section 6532(a).

### C. The statute of limitations in 6532(a)(1) is subject to equitable tolling.

The doctrine of equitable tolling is read into every federal statute of limitations. <u>See</u> *Holmberg v. Armbrecht*, 327 U.S. 392, 397 (1946). The decision whether the doctrine should be applied lies within the sole discretion of the court. *Id.* "[C]ases occasionally arise where the equities in favor of tolling are 'so great that deference to the agency's judgment is inappropriate.'" *New York v. Sullivan*, 906 F. 2d 910, 917 (2d Cir. 1990) (quoting *Mathews v. Eldridge*, 424 U.S. 319, 330 (1976)). Equitable tolling is warranted when government misconduct keeps plaintiffs from appreciating the scope of their rights. *Id.* Courts have permitted equitable tolling when the defendant has actively misled the plaintiff respecting the cause of action or the plaintiff has in some extraordinary way been prevented from asserting her rights.

12
*Julie B. Santos and Charmaine R. Torres, et al. v. Felix P. Camacho, et al.*
*Civil Case No. 04-00006 and 04-00038*
Supplemental Memorandum of Points and Authorities
in Support of the Santos and Torres Parties' Joint Motion
for Preliminary Approval of Class Action Settlement Agreement
Pursuant to the Court's Order of December 7, 2006

Case 1:04-cv-00006   Document 368   Filed 12/15/2006   Page 14 of 20

*Doherty v. Teamsters Pension Trust Fund of Philadelphia & Vicinity*, 16 F. 3d 1386, 1393 (3d Cir. 1994). Equitable tolling means that a person need not sue within the statutory period if that person reasonably cannot be expected to do so under the circumstances. *Central States, Southeast & Southwest Areas Pension Fund v. Slotky*, 956 F. 2d 1369, 1376 (7th Cir. 1992).

The statute of limitations in § 7422(a) tax refund actions may be subject to equitable tolling. *See, e.g., Wiltgen v. United States*, 813 F. Supp. 1387, 1394-95 (N.D. Iowa 1992) (allowing equitable tolling due to taxpayer's mental incompetence); *Johnsen v. United States*, 758 F. Supp. 834, 835-36 (E.D.N.Y. 1991) (tolling tax refund statute of limitations for taxpayer's mental incompetence). In fact, courts have applied equitable tolling to cases involving section 6532. *See, e.g., Supermail Cargo, Inc. v. United States*, 68 F. 3d 1204, 1207-08 (9th Cir. 1995) (invoking equitable tolling to statute of limitations under § 6532(c)).

In this case, equitable tolling of the statute of limitations of section 6532(a) is warranted due to the government's conduct in actively preventing the filing of any proper EIC claims in Guam. Surely, the facts underlying this case are truly unique, as the federal government and other governmental entities subject to the internal revenue statutes have never prevented all citizens within their purview from claiming EIC on tax forms and misrepresented that such credits were not applicable to those jurisdictions. It is highly unlikely that the drafters of § 6532 or the courts interpreting this statute ever contemplated a situation such as this where an entire population of taxpayers was subjected to clear misrepresentations by its own government regarding the applicability of EIC and systematically prevented from filing any EIC claims for tax years 1995, 1996, and 1999 to 2003, so that no eligible taxpayer could ever receive an EIC. During the relevant tax years, the Government issued tax return forms which had the spaces for EIC amounts or claims blackened so that no taxpayer could even indicate eligibility for EIC. Not

13

*Julie B. Santos and Charmaine R. Torres, et al. v. Felix P. Camacho, et al.*
Civil Case No. 04-00006 and 04-00038
Supplemental Memorandum of Points and Authorities
in Support of the Santos and Torres Parties' Joint Motion
for Preliminary Approval of Class Action Settlement Agreement
Pursuant to the Court's Order of December 7, 2006

Case 1:04-cv-00006    Document 368    Filed 12/15/2006    Page 15 of 20

only did these tax return forms lack a space for taxpayers to fill in EIC claims, but the forms unequivocally stated "Not Applicable." Due to the Government's wrongful tailoring of the tax return forms, taxpayers simply could not even begin to claim entitlement to EIC for tax years 1995, 1996, and 1999 to 2003. As a direct result of Defendants' actions, it would be unreasonable to expect taxpayers to file civil actions in court within the two-year period prescribed in § 6532(a)(1). Consequently, the statute of limitations for filing a lawsuit must be equitably tolled to allow the *Santos* and *Torres* taxpayers to pursue earned income credits for tax years 1995, 1996, and 1999 to 2003.

### D. The statute of limitations is an unresolved litigation issue the settling parties contemplated in reaching settlement.

The Court is not required to resolve any unresolved statute of limitations issues. In a prior court order, this Court acknowledged that it is questionable whether the statutes of limitation have even begun to run for EIC claims, noting:

> Although the Court does not take a definitive position as to whether or not there is a viable statute of limitations defense, it does question whether the time for making a claim can even begin to run when a claimant has not been notified of his or her right to file such a claim. In other words, since the right to an EIC claim was no longer provided for on the tax return forms, many taxpayers may not have been aware of the fact that they were even entitled to such a tax credit.

*Santos v. Camacho,* Civil Case No. 04-00006, Order, August 5, 2004, page 6, footnote 5.

Each of the settling parties is aware that statutes of limitation issues remain unresolved. It is in part because each of the parties faced substantial risks should the issue be dispositively determined that the parties settled, and for the amounts settled. The Settlement Agreement provides varying values for different EIC claim periods based in part on the statute of limitation concerns. Additionally, if Plaintiffs had a judicial ruling that the statutes of limitation did not bar

14
*Julie B. Santos and Charmaine R. Torres, et al. v. Felix P. Camacho, et al.*
Civil Case No. 04-00006 and 04-00038
Supplemental Memorandum of Points and Authorities
in Support of the Santos and Torres Parties' Joint Motion
for Preliminary Approval of Class Action Settlement Agreement
Pursuant to the Court's Order of December 7, 2006

Case 1:04-cv-00006    Document 368    Filed 12/15/2006    Page 16 of 20

any EIC claims, the Plaintiffs may not have settled or settled for the amounts in the agreement, and instead might have pursued full EIC recovery. Similarly, had the Government obtained a judicial ruling that the statutes of limitation precluded plaintiffs' claims, the Government would have had less incentive to settle. For these and other reasons this Court is not required to resolve this issue nor perhaps should the Court do so because it may detrimentally impact the settling parties' rights.

### III. COURT CONSULTATION WITH MEDIATOR

The *Santos* and *Torres* do not object if the Court consults the Mediator in a hearing on the record, in the Parties' presence, pursuant to Settlement Agreement paragraph IX(c) which provides a limited waiver of the Parties' March 2005 and March 2006 Confidentiality Agreements and permits the Mediator to disclose to the Court such information as may be required, in the sole discretion of the Mediator, to assist the Court in determining whether or not to grant preliminary or final approval of the Settlement Agreement.

The Moving Parties note that the *Simpao* plaintiffs are not parties to the Settlement Agreement and their "meaningful participation" argument should not be a basis to deny or delay the settlement process. The *Simpao* plaintiffs' ability to protect their interests will not be impaired or impeded should the court grant preliminary approval of the Settlement Agreement because their rights and interests are preserved: they may raise objections to the fairness of the Settlement Agreement at the fairness hearing, or opt out of the Settlement Agreement and proceed with their lawsuit. In contrast, permitting the *Simpao* plaintiffs any opportunity to disrupt otherwise the settlement process will unduly delay or prejudice the adjudication of the rights of settling parties and the final disposition of the *Santos* and *Torres* actions.

Earlier court decisions in this matter noted these concerns. On August 4, 2004, the court denied the *Simpao* ( *Naputi* ) plaintiffs' motion to intervene recognizing their option of filing separate suits to protect their interests in receiving 100% of the EIC funds allegedly due to them:

15
*Julie B. Santos and Charmaine R. Torres, et al. v. Felix P. Camacho, et al.*
Civil Case No. 04-00006 and 04-00038
Supplemental Memorandum of Points and Authorities
in Support of the Santos and Torres Parties' Joint Motion
for Preliminary Approval of Class Action Settlement Agreement
Pursuant to the Court's Order of December 7, 2006

Case 1:04-cv-00006   Document 368   Filed 12/15/2006   Page 17 of 20

> The applicants' ability to protect their interest will not be impaired or impeded because...their rights and interests are preserved by opting out of the settlement and/or raising these same concerns at the fairness hearing. Moreover, the applicants may protect their interests by filing separate suits. Intervention would not accomplish any more than their participation as objectors.

*Santos v. Camacho,* Civil Case No. 04-00006, Order, August 5, 2004, page 5.

In addition, this court also recognized that intervention would merely delay the progress of the settlement reached by the parties to the prejudice the settling class:

> In the present case, the Court finds that granting these motions to intervene could unduly prejudice the settling parties by unnecessarily delaying the fairness hearing on the Settlement Agreement and final disposition of this action.

*Id.* at 9.

The *Simpao* plaintiffs eventually entered a limited appearance in *Santos*. This court expressed concern noting the necessity of preventing undue delay to settlement proceedings and cautioned the *Simpao* plaintiffs and their counsel that this court would not permit them to circumvent this court's previous denial of their motion to intervene in this case. *Santos v. Camacho,* Civil Case No. 04-0006, Order, September 20, 2005, page 3. This court should not permit the *Simpao* plaintiffs to disregard the class action settlement procedures and delay or undermine the Settlement Agreement. Instead, the court should preliminarily approve the Settlement Agreement and the *Simpao* plaintiffs pursue their class action settlement procedure options as they desire.

### IV.  1997/1998 PAYOUTS

As an added settlement incentive to the settling plaintiffs and as further consideration for the Settlement Agreement, subject to certain terms, the Government agreed to the release of 10 million dollars ($10,000,000.00) to pay a portion of remaining 1998 EIC claims, after the completion of processing of all claims for 1998 and preliminary approval of the Settlement Agreement. Settlement Agreement § VI(e)(i). Additionally, the Government agreed that it may

16
*Julie B. Santos and Charmaine R. Torres, et al. v. Felix P. Camacho, et al.*
Civil Case No. 04-00006 and 04-00038
Supplemental Memorandum of Points and Authorities
in Support of the Santos and Torres Parties' Joint Motion
for Preliminary Approval of Class Action Settlement Agreement
Pursuant to the Court's Order of December 7, 2006

Case 1:04-cv-00006   Document 368   Filed 12/15/2006   Page 18 of 20

pay remaining 1997 EIC claims upon preliminary approval of the Settlement Agreement. Settlement Agreement § VI(e)(ii).

Any litigation position the Government may have taken for trial purposes, that the 1997 and 1998 EIC claims are time-barred is not only unlikely to succeed for the reasons stated above, but also is less likely to succeed because the Government lacks an exhaustion defense, the Government received and accepted claims for these years, the Government paid portions of 1997 claims, because the claims were not disallowed, and the local law acknowledged their validity. Additionally, the Government has always had the option, separate and apart from the Settlement Agreement provisions, to pay these claims.

## CONCLUSION

The *Santos* and *Torres* plaintiffs respectfully request that the joint motion for preliminary approval be granted.

Respectfully submitted this 15th day of December, 2006.

**PHILLIPS & BORDALLO, P.C.**

By: _____
MICHAEL F. PHILLIPS, ESQ.
*Attorneys for Petitioner Julie Babauta Santos and Lead Counsel*

**LUJAN AGUIGUI & PEREZ LLP**

By: _____
PETER C. PEREZ, ESQ.
*Attorneys for Plaintiff Charmaine R. Torres*

17
*Julie B. Santos and Charmaine R. Torres, et al. v. Felix P. Camacho, et al.*
Civil Case No. 04-00006 and 04-00038
Supplemental Memorandum of Points and Authorities
in Support of the Santos and Torres Parties' Joint Motion
for Preliminary Approval of Class Action Settlement Agreement
Pursuant to the Court's Order of December 7, 2006

Case 1:04-cv-00006    Document 368    Filed 12/15/2006    Page 19 of 20

# CERTIFICATE OF SERVICE

I, PETER C. PEREZ, ESQ., certified that I caused a copy of the foregoing document here filed to be served on the following individuals or entities on December 15, 2006, via hand delivery at the following addresses:

| | |
|---|---|
| James L. Canto, II Esq.<br>Attorneys for Plaintiffs<br>**VAN DE VELD SHIMIZU CANTO & FISHER**<br>Suite 101 Dela Corte Building<br>167 East Marine Corps Drive<br>Hagåtña, Guam 96910 | Daniel M. Benjamin, Esq.<br>Counsel for Respondent Felix P. Camacho<br>**CALVO & CLARK, LLP**<br>655 S. Marine Corps Drive, Suite 502<br>Tamuning, Guam 96911 |
| Shannon Taitano, Esq.<br>Counsel for Respondent<br>**OFFICE OF THE GOVERNOR OF GUAM**<br>Governor's Complex<br>East Marine Corps Drive<br>Adelup, Guam 96910 | Rawlen M. T. Mantanona, Esq.<br>Counsel for Respondents Artemio Ilagan and Lourdes Perez<br>**CABOT MANTANONA LLP**<br>BankPacific Building, 2nd Floor<br>825 South Marine Corps Drive<br>Tamuning, Guam 96911 |
| Michael F. Phillips, Esq.<br>Counsel for Petitioner Julie Babauta Santos<br>**PHILLIPS & BORDALLO, P.C.**<br>410 West O'Brien Drive<br>Hagåtña, Guam 96910 | |

Respectfully submitted this 15th day of December, 2006.

LUJAN AGUIGUI & PEREZ LLP

By: /s/ Peter C. Perez

**PETER C. PEREZ, ESQ.**
*Counsel for Plaintiff Charmaine R. Torres*

18

*Julie B. Santos and Charmaine R. Torres, et al. v. Felix P. Camacho, et al.*
Civil Case No. 04-00006 and 04-00038
Supplemental Memorandum of Points and Authorities
in Support of the Santos and Torres Parties' Joint Motion
for Preliminary Approval of Class Action Settlement Agreement
Pursuant to the Court's Order of December 7, 2006

Case 1:04-cv-00006    Document 368    Filed 12/15/2006    Page 20 of 20