SHANNON TAITANO, ESQ.
OFFICE OF THE GOVERNOR OF GUAM
Ricardo J. Bordallo Governor's Complex
Adelup, Guam 96910
Telephone: (671) 472-8931
Facsimile: (671) 477-6666

EDUARDO A. CALVO, ESQ.
RODNEY J. JACOB, ESQ.
DANIEL M. BENJAMIN, ESQ.
CALVO & CLARK, LLP
Attorneys at Law
655 South Marine Corps Drive, Suite 202
Tamuning, Guam 96913
Telephone: (671) 646-9355
Facsimile: (671) 646-9403

*Attorneys for the Government of Guam
and Felix P. Camacho, Governor of Guam*

FILED
DISTRICT COURT OF GUAM
DEC 15 2006
MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF GUAM

| | |
|---|---|
| JULIE BABAUTA SANTOS, et. al., <br><br> Petitioners, <br><br> -v- <br><br> FELIX P. CAMACHO, etc., et. al. <br><br> Respondents. | CIVIL CASE NO. 04-00006 <br> (Consolidated with Civil Case Nos. 04-00038 and 04-00049) <br><br> **THE GOVERNOR OF GUAM'S & GOVERNMENT OF GUAM'S BRIEF PURSUANT TO THE COURT'S DECEMBER 7, 2006 ORDER** |

**ORIGINAL**

## INTRODUCTION

The Government of Guam and Governor of Guam Felix P. Camacho hereby respond to the Court's December 7, 2006 Order setting the hearing on the joint motion to obtain preliminary approval of the class action Settlement Agreement in the *Santos* and *Torres* cases.

In the December 7 Order, the Court instructed the parties to address four issues: (1) whether the Court "lacks jurisdiction over those taxpayers who are included in the settlement class but have never filed a tax return"; (2) whether the statute of limitations in 26 U.S.C. § 6532(a)(1) applies and "whether the statute of limitations can be waived if the claims are characterized as denied upon the filing of the tax returns"; (3) whether the parties "have any opposition" to the court "discussing the negation process with the mediator" pursuant to Article IX(c) of the Settlement Agreement; and (4) the effect upon the Government of the immediate payout of the 1997 and 1998 claims.

## DISCUSSION

**I. THE COURT WILL HAVE JURISDICTION OVER PERSONS WHO HAVE YET TO FILE TAX RETURNS BECAUSE ANY POTENTIAL CLASS MEMBER MUST NOW FILE A RETURN TO BE INCLUDED IN THE CLASS**

The Court's first inquiry is with regard to the inclusion of persons who had not previously filed a tax return in the Settlement Agreement, and whether jurisdiction exists over their claims. The Court raises this question because, as it notes, prior rulings established jurisdiction over EIC claims on the theory that the filing of a tax return establishes exhaustion under 26 U.S.C. § 7422.[1]

---

[1] The Court's December 7, 2006 Order also refers to 26 U.S.C. § 6511. As a point of clarification, only the issue of exhaustion under § 7422 has been resolved in prior orders; no ruling has been reached as to the statute of limitations under § 6511. Previously, the *Simpao* plaintiffs attempted to argue that they already prevailed on that statute of limitations. However, Judge Martinez clarified that issue: "The [*Simpao*] plaintiffs have misread this Court's prior order. At no time did this Court state that the claims were not time barred. In fact, the Court stated [in its prior Order] that 'it would refrain from addressing whether the statute of limitations would act as a bar to many of the claims pursued in a refund suit.'" *Simpao* Docket No. 148-1 (Sept. 14, 2005 Order) at 6:12-16 (citing *Simpao* Docket No. 99 (June 15, 2005 Order).

This same issue was raised by Judge Manibusan in *Torres*, who recognized that the ruling that the filing of a tax return satisfied the exhaustion requirement of § 7422 did not necessarily mean that § 6511 was satisfied. *Torres* Docket No. 64 (Sept. 29, 2005 Report and Recommendations of Magistrate Judge) at 9:24-27 ("While the Court concluded *supra* that the Plaintiff's mere filing of a tax return suffices for the requirement of filing an administrative refund claim under 26 U.S.C. § 7422(a), such limited action by the Plaintiff is insufficient to

1

*CIVIL CASE NO. 04-00006*
*(Consolidated with Civil Case Nos. 04-00038 and 04-00049)*
Case 1:04-cv-00006   Document 369   Filed 12/15/2006   Page 2 of 14

Outside the context of the Settlement, the Governor continues to respectfully reserve his rights with regard to whether § 7422 can be satisfied by the filing of a tax return that does not include a claim for the EIC.[2] Indeed, it was this concern that led the Governor to issue Executive Order 2005-01 (attached hereto as Attachment 1) to ensure that any qualifying taxpayer could establish a definitive date on which they made a claim in the event this jurisdictional issue was later questioned. That is one reason why the Settlement Agreement requires the filing of a Form EIC-GU, consistent with the Executive Order, thereby ensuring that an actual claim is made should the issue of exhaustion be challenged. *See* Settlement Agreement § VI(b).[3]

The Governor acknowledges that the previous judges who presided in these proceedings have ruled that the filing of a tax return that includes no EIC claim nonetheless satisfies the necessary jurisdictional prerequisite under § 7422.[4] In reaching the Settlement, the Governor has agreed not to further contest such issues as to class members if the Settlement is approved. Thus, accepting this position for settlement purposes, the Settlement Agreement addresses this issue by providing that persons who wish to file EIC claims who did not previously file tax returns must

---

satisfy the requirement under 26 U.S.C. § 6511(a) that refund suits be brought in the district court within the applicable statute of limitations."). Judge Manibusan's Report and Recommendation recommended deferring a ruling on the statute of limitations pending a hearing on the settlement of *Santos*. *See Torres* Docket No. 64 (Sept. 29, 2005 Report and Recommendations of Magistrate Judge) at 10-11.

Finally, Judge Martinez had identified the lingering issue with regard to the statute of limitations as one reason why a settlement might well be more beneficial to the class over further litigation. *See Simpao* Docket No. 148-1 (Sept. 14, 2005 Order) at 6 n.5 ("This Court notes that many of the putative class members may fare better under a structured settlement agreement. Should they proceed with a tax refund suit the relief sought for many of the tax years in question may be barred because of a statute of limitations problem.").

[2] To the degree these issues continue to be litigated by persons who opt-out of the Settlement, or in the event the Settlement is not approved, the Governor and Government continue to maintain all available defenses.

[3] Because claims for 1997 and 1998 are already on file, they are not included in this requirement.

[4] The Governor notes the Judge Martinez later acknowledged the Governor's assertion that the *Simpao* Order was the result of the Attorney General conceding issues he had agreed to argue, and that the record "support[ed] a finding that the Governor of Guam [wa]s not being adequately represented" in the *Simpao* case at the time the relevant Order issued. *Simpao* Docket No. 148-1 (Sept. 14, 2005 Order) at 8:8-15.

2

*CIVIL CASE NO. 04-00006*
*(Consolidated with Civil Case Nos. 04-00038 and 04-00049)*

file a tax return along with their EIC-GU claim form. *See* Settlement Agreement § VI(b)(i).[5] In this manner, for settlement purposes, the jurisdictional prerequisite is met in two different manners: (1) through the filing of the tax return form that the Court has previously held is alone sufficient; and (2) through the filing of the EIC-GU Form should there be a later challenge to the ruling that § 7422 is satisfied by a tax return alone. Moreover, the *Santos* and *Torres* plaintiffs also have asserted certain equitable doctrines in their Joint Petition, which the Court may also wish to consider as additional grounds for jurisdiction.

II. **UNDER 26 U.S.C. § 6532(a)(2), THE GOVERNOR IS EMPOWERED TO WAIVE 26 U.S.C. § 6532(a)(1) AS TO PERSONS JOINING IN THE SETTLEMENT**

The Court's second inquiry includes two issues: (1) whether the statute of limitations in 26 U.S.C. § 6532(a)(1) applies; and (2) whether that statute of limitations can be waived if it applies.

As the Court notes in its Order, the first issue arises based upon the previous conclusion that the filing of a tax return constituted administrative exhaustion under the Internal Revenue Code. If, in fact, the filing of a tax return constituted the filing of an EIC claim, this could trigger the statute of limitations in § 6532(a)(1). The tax return forms for tax years 1995-1996 and 1999-2003 stated on their face that the EIC would not be applied. Arguably this gave taxpayers actual notice that their claim was denied and thereby triggered § 6532(a)(1).

Section 6532(a)(1) refers to notice by registered or certified mail. However, the Governor assumes that the Court may be concerned based on the precedent of some courts that have held that any form of actual notice is sufficient. *E.g. Smith v. United States*, 478 F.2d 398, 399 (5th Cir. 1973) ("So long as the taxpayer receives adequate notice of the Commissioner's disallowance, no particular form of notice is necessary to start the running of the period of limitations."); *Berger v. Comm'r of Internal Revenue*, 404 F.2d 668, 673 (3d Cir. 1968); *Finkelstein v. United States*, 943 F. Supp. 425, 430-31 (D.N.J. 1996). Outside the context of the Settlement, this issue is one of the Government's defenses.

---

[5] This procedure does not apply to 1997 and 1998 because those claims already are on file.

3

*CIVIL CASE NO. 04-00006*
*(Consolidated with Civil Case Nos. 04-00038 and 04-00049)*
Case 1:04-cv-00006   Document 369   Filed 12/15/2006   Page 4 of 14

However, in determining whether to grant preliminary approval of the Settlement Agreement, the Court need not decide whether the statute of limitations in § 6532(a)(1) applies and the Governor is not asking for such a determination. That is because this statute can be waived as part of the Settlement Agreement. 26 U.S.C. § 6532(a)(2) provides: "Extension of time.--The 2-year period prescribed in paragraph (1) shall be extended for such period <u>as may be agreed upon in writing between the taxpayer and the Secretary</u>." (Emphasis added). This provision is understood to give the government the power to waive the statute of limitations in § 6532(a)(1). *E.g. Kaffenberger v. United States*, 314 F.3d 944, 951 (8th Cir. 2003) (Although "'[n]o officer by his action can confer jurisdiction[,]' [citation omitted], Congress expressly allows the Secretary to extend the time for filing suit for a refund, and correspondingly to extend the waiver of immunity, as provided in a written agreement with the taxpayer.") (citing 26 U.S.C. § 6532(a)(2)).[6]

Thus, assuming the statute of limitations contained in 26 U.S.C. § 6532(a)(1) is applied to this case, it is within the Governor's power to waive that statute through the Settlement Agreement and the submission by taxpayers of a form EIC-GU. Of course, it is equally within his power to refuse to waive that statute as to non-settling persons, which would leave such persons to assume the risk of litigating this issue. *Cf. Simpao* Docket No. 148-1 (Sept. 14, 2005 Order) at 6 n.5 ("This Court notes that many of the putative class members may fare better under a structured settlement agreement. Should they proceed with a tax refund suit the relief sought for many of the tax years in question may be barred because of a statute of limitations problem.").

### III. THE GOVERNOR (AND OTHER PARTIES) HAVE ALL INDICATED THEY ARE AGREEABLE WITH THE COURT CONTACTING THE MEDIATOR

As the Court noted in its Order, all signatories to the Settlement Agreement (all defendants, and the plaintiffs in the *Santos* and *Torres* actions) consented to the Court's communications with the mediator as necessary to evaluate the Settlement Agreement pursuant to Article IX(c) of that agreement. That provision states:

---

[6] This is contrary to the general rule that the government lacks the power to waive statutes of limitations in the IRC. *E.g. Dacanay v. Government of Guam*, 2006 WL 2244579, *5 (D. Guam Aug. 4, 2006) ("The limitations period is jurisdictional in nature and cannot be waived.") (quoting *Gabelman v. Commissioner*, 86 F.3d 609, 611 (6th Cir. 1996)).

4

*CIVIL CASE NO. 04-00006*
*(Consolidated with Civil Case Nos. 04-00038 and 04-00049)*
Case 1:04-cv-00006   Document 369   Filed 12/15/2006   Page 5 of 14

**AMENDMENT OF PRIOR CONFIDENTIALITY AGREEMENT.** The Parties hereby amend and enter a limited waiver of their March 2005 and March 2006 Confidentiality Agreements governing their negotiations in March 2005 to June 2005 (as to the Santos Petition), and again in March to April 2006 (as to the Santos and Torres Petition). This limited waiver shall only permit the Mediator to disclose to the Court such information as may be required, in the sole discretion of the Mediator, to assist the Court in determining whether to grant preliminary or final approval of this Agreement; provided, however, that this limited waiver is not, and shall not be construed as, a waiver of any Party's attorney-client or work product privileges. This limited waiver shall also permit any Party to disclose the Parties' previous term sheet executed in May 2005. In all other respects, the Confidentiality Agreements shall remain in effect except as ordered by the Court.

The Governor and Government continue to abide by that provision and understand that all other signatories also are in agreement that there is no objection to the Court's contacts with the mediator consistent with that provision. Further, he notes that the *Simpao* parties recently stated their non-objection as well. (*See* Attachment 2).

Given the consensus that exists, the only issue the Governor can foresee is the method of communication. The *Simpao* plaintiffs objected to the Governor's suggestion of a declaration (a suggestion made prior to the Court's December 7 Order, but based upon the inquiries made at the December 1 status conference). (*See* Attachment 2). Although the Governor does not understand the reasoning behind that objection, he also does not view the point as crucial as there are multiple alternative options. Given the need, however, to ensure that there is a complete record of the Court's communications with the mediator, the most appropriate method might be a telephonic appearance by the mediator (who is located in San Francisco). If the Court indicates its preferred method, the Governor and other parties can communicate the Court's desire to the mediator and determine when his appearance (telephonically or otherwise) can be secured.

### IV. THE EFFECT UPON THE GOVERNMENT OF THE IMMEDIATE PAYOUT OF THE 1997 AND 1998 CLAIMS

The Court's final inquiry was with regard to the Governor's decision to begin the immediate partial payout of the 1997 and 1998 claims. These particular tax years are unique in that taxpayers were permitted to file EIC claims in those years. (Indeed, the Government has

5

*CIVIL CASE NO. 04-00006*
*(Consolidated with Civil Case Nos. 04-00038 and 04-00049)*
Case 1:04-cv-00006   Document 369   Filed 12/15/2006   Page 6 of 14

already paid millions of dollars in claims for tax year 1997 years ago, with only a residual of claims that are left to be resolved in the Settlement Agreement.) By its terms, the Settlement Agreement only allows the payment of 1997 and 1998 claims if those claims were timely filed within three years of when tax returns were due for tax years 1997 and 1998. *See* Settlement Agreement § VI(b)(ii)-(iii).

Given that most 1997 claims already were paid, and all 1997 and 1998 claims already are on file, and with in excess of $10 million already set aside for the Settlement, it was the Governor's judgment that proceeding with the payment of the 1997 and 1998 claims was in the interest of the Government. *See also Santos* Docket No. 285 (Order re: Objections to Magistrate Order of September 19 2005) (establishing the Governor's power and responsibility over all executive matters concerning the GTIT). The early payment benefits the Government by providing an incentive for persons with 1997 and 1998 EIC claims to join the Settlement – although it should be noted this incentive is non-coercive as claimants remain free to refuse the early partial payment and instead await full payment after final approval, as claimants will be expressly informed. *See* Settlement Agreement § VI(e)(i)-(ii). Of course, like any decision to settle a case without awaiting the outcome of a contested hearing (be it a trial, or here the final fairness hearing), the Government might fair better or worse through some other path than the chosen method of settlement. However, the Governor believes that this initial payment is in the best interest of the Government when all relevant factors are weighed, and thus asks that the Court maintain this provision of the Agreement.

## CONCLUSION

The Governor and Government respectfully request that the joint motion for preliminary approval be granted.

Dated this 15th day of December, 2006.

OFFICE OF THE GOVERNOR OF GUAM
CALVO & CLARK, LLP
Attorneys at Law
*Attorneys for the Government of Guam
and Felix P. Camacho, Governor of Guam*

By: _____
DANIEL M. BENJAMIN

6

*CIVIL CASE NO. 04-00006*
*(Consolidated with Civil Case Nos. 04-00038 and 04-00049)*
Case 1:04-cv-00006    Document 369    Filed 12/15/2006    Page 7 of 14

# ATTACHMENT 1



OFFICE OF THE GOVERNOR
HAGÅTÑA, GUAM 96910
U.S.A.

EXECUTIVE ORDER NO. 2005- 01

RELATIVE TO FILING EARNED INCOME TAX CREDIT CLAIMS
WITH THE DEPARTMENT OF REVENUE AND TAXATION

WHEREAS, the Guam Territorial Income Tax is established in the Organic Act of Guam to mirror the federal Internal Revenue Code in most, but not all, respects, as a tax that is collected by and payable to the government of Guam; and

WHEREAS, the Earned Income Tax Credit ("EITC") was enacted by the United States Congress in 1975 as a subsidy to the working poor as an extension of social welfare benefits; and

WHEREAS, the federal EITC is funded in the Fifty States in part through the collection of Social Security taxes, which are not collected by the government of Guam and therefore are not available to fund payment of the EITC in Guam absent federal action; and

WHEREAS, in 1996, under the previous administration, the Department of Revenue and Taxation ("DRT") issued Revenue Ruling No. 96-001, which provided that the EITC was not applicable in Guam, it should not be administered by DRT, and DRT should not certify to the Department of Administration ("DOA") for payment the amounts of EITC cash refunds reported by Guam taxpayers on their Guam individual income tax returns; and

WHEREAS, pursuant to Revenue Ruling No. 96-001, and with the exceptions of tax years 1997 and 1998, DRT has in most cases not accepted filings that claimed the EITC; and

WHEREAS, in response to Revenue Ruling No. 96-001, the Legislature has passed a number of laws intended to mirror the federal EITC, including the Guam Earned Income Program, but there presently is no funding of the EITC on Guam; and

WHEREAS, the government of Guam wishes to promptly and efficiently determine which taxpayers claim eligibility for the EITC and whether such claims are otherwise valid under the laws of Guam and/or the United States, regardless of legal disputes over the applicability of the EITC on Guam and regardless of issues over the lack of availability of funding for payment of EITC claims; and

WHEREAS, taxpayers should not have to bear the primary burden of determining whether they are eligible for the EITC in past tax years, or in what amounts, and to expect them to do so could at a minimum require them to obtain copies of all relevant back years' tax returns, at substantial cost and burden to both taxpayers and DRT; and

WHEREAS, the use of a new simplified claim form for EITC claims, which requires only information not already known to DRT from taxpayers' previously submitted tax returns, would minimize the burden on taxpayers of making EITC claims and would allow DRT to determine the eligibility and calculate the amount of the legitimate claims of each taxpayer submitting the simplified form in the fastest possible time; and

WHEREAS, a new simplified claim form can be designed to support a computerized tracking system that will automatically identify duplicative, mutually inconsistent, and otherwise improper claims (specifically including fraudulent claims regarding qualifying children and head



of household status) thereby preventing overpayments and facilitating the prosecution of false or fraudulent claims; and

WHEREAS, the Governor urges the federal government to fund the EITC on Guam to establish equality between the rights of taxpayers residing in the United States and its territories, but will work in the meantime with the Legislature to pass an appropriation or bond to fund the payment of otherwise valid but unpaid claims for the EITC.

NOW, THEREFORE, I, FELIX P. CAMACHO, *I Maga'låhen Guåhan*, Governor of Guam, by virtue of the authority vested in me by the Organic Act of Guam, as amended, do order as follows:

1. The Department of Revenue and Taxation ("DRT") shall begin accepting claims for the Earned Income Tax Credit pursuant to the Guam Earned Income Program, 11 G.C.A. §§ 42101-04, as soon as forms described in paragraph 2 below can promulgated and printed, and in no event later than January 31, 2005.

2. Pursuant to the authority vested in it by 11 G.C.A.§§ 42102 and 42103, DRT shall prepare simplified forms to permit submission of EITC claims for tax years 1995-1996 and 1999-2004, together with explanatory materials as necessary to inform taxpayers about the procedures and plans for administration of such claims. The simplified forms shall require only information not already provided to DRT in tax returns and necessary for DRT to determine taxpayers' eligibility, calculate the amount of taxpayers' legitimate claims, and detect duplicative, mutually inconsistent, and fraudulent claims. Submission of a claim under the Guam Earned Income Program shall constitute submission of a claim for the federal EITC to the extent the federal EITC applies to Guam. However, any taxpayer who has not yet filed a tax return as to a given tax year shall be required to file that tax return for that tax year along with the simplified EITC claim form in order to be eligible for the EITC under the Guam Earned Income Program for that tax year.

3. DRT shall use the information submitted by taxpayers on the form described in paragraph 2, together with information already in DRT's possession, to determine taxpayers' eligibility, calculate the amount of taxpayers' legitimate claims, and promptly communicate that information to taxpayers submitting the form. Submitted information must be truthful, and the form shall require that its contents be submitted under penalty of perjury. The provisions of 26 U.S.C. § 32(k) will in all other respects apply to claims under the Guam Earned Income Program pursuant to 11 G.C.A. § 42102.

4. To detect duplicative, mutually inconsistent, and fraudulent claims, DRT shall institute a computer-based tracking system to compare the information submitted by each taxpayer on the form described in paragraph 2 to other information submitted by the same and other taxpayers, with particular emphasis on preventing the submission of false or incorrect claims regarding qualifying children or head of household status.

5. DRT shall make a preliminary determination of eligibility and shall calculate the proper amount of the claim for each claim submitted on the form described in paragraph 2, pursuant to all governing laws including DRT's procedures for auditing tax returns and claim forms as necessary, but in no case shall DRT pay any such claim until lawful funding is determined and made available.

6. The Directors of DOA, DRT, and the Bureau of Budget and Management Research ("BBMR") are instructed to begin immediately the implementation of 11 G.C.A. §§ 50101-07 and 51101-08 to the degree compliance with the current budget law, P.L. 27-106, can be achieved. In all future years, the Directors of DOA, DRT, and BBMR are instructed to implement 11 G.C.A. §§ 50101-07 and 51101-08 without reservation.

7. Nothing in this Executive Order or in the processing of an EITC claim pursuant to this Order shall entitle any claimant to payment for the EITC and nothing shall relieve any



claimant of the requirements of the Internal Revenue Code (including without limitation 26 U.S.C. §§ 32(k), 7206, and 7207) or the Guam Territorial Income tax with regard to claims for tax refunds, claims for the EITC, or any other applicable laws.

8. Revenue Ruling 96-001 is revoked to the degree it is inconsistent with this Order.

**SIGNED AND PROMULGATED** at Hagåtña, Guam this _12th_ day of January, 2005.

FELIX P. CAMACHO
*I Maga' låhen Guåhan*
Governor of Guam

**COUNTERSIGNED**

MARK FORBES
*I Segundo Maga Låhen Guåhan Para Pago*
Acting Lieutenant Governor of Guam

# ATTACHMENT 2

## D Benjamin

**From:** Nancy Pacharzina [NPacharzina@Tousley.com]
**Sent:** Saturday, December 09, 2006 7:15 AM
**To:** HMuirhead@JAMSADR.com; wcahill@JAMSADR.com
**Cc:** D Benjamin; pperez@lujanaguiguiperez.com; rm@cmlaw.us; kotla@netpci.com; James L. Canto II; cvande@teleguam.net; Kim Stephens
**Subject:** FW: EITC/Guam mediation

Dear Judge Cahill:
   Regarding the email below, thank you for ensuring we were both informed of, and given an opportunity to comment, on the settling parties' recent request for a declaration.
   As you may now know, the judge intends to call and discuss the settlement process directly with you. See the attached order issued yesterday. She also asked the parties to indicate if they objected to this approach.
   ***We do not object. Not only do we not object – we encouraged Judge Tydingoo-Gatewood to call you.*** We did so after the settling parties, at the recent status conference, made much of the fact that the current settlement was the product of a mediation over which you presided; and, Judge Tydingoo-Gatewood indicated it was important to her that a judge of your stature conducted the mediation.
   Please feel free to share with Judge Tydingoo-Gatewood anything you think appropriate to her inquiry. To the extent necessary, we waive our right to confidentiality for that purpose. Also, please find attached the status report we submitted to the Court last April, immediately after the mediation, summarizing the relevant events.
   In light of the judge's order, we assume the settling parties' request for a declaration is now moot. To the extent it is not – we object to the provision of such a declaration. As you recall, at the time of the mediation the settling parties asked you to provide such a declaration. You indicated to us that it was your policy not to provide such declarations; that you would not do so in this case; and that you believed it was inappropriate for a former judge to provide such a declaration. We assume you explained that to the settling parties as well. We believe your stated policy is appropriate.
   Regards,
*Nancy A. Pacharzina*
*Attorney*
*Tousley Brain Stephens PLLC*
*1700 Seventh Avenue, Suite 2200*
*Seattle, WA 98101-4416*
*(206) 682-5600*
*(206) 682-2992 (fax)*
*npacharzina@tousley.com*


----- Original Message -----
**From:** D Benjamin
**To:** Muirhead Heather ; pperez@lujanaguiguiperez.com ; rm@cmlaw.us ; cvande@teleguam.net ; jcanto@teleguam.net ; kotla@netpci.com
**Cc:** Kathy Fisher
**Sent:** Saturday, December 02, 2006 10:15 AM
**Subject:** RE: EITC/Guam mediation

Dear Heather:

This email follows our brief call with you and Judge Cahill.

As we indicated, there was a status hearing in the EITC case yesterday in Guam. A challenge was raised by the Simpao counsel with regard to how they were treated in the settlement negotiations that Judge Cahill oversaw and whether they had been able to meaningfully participate in that process. We indicated our disagreement with this challenge. An inquiry was made as to whether Judge Cahill could provide a statement on this issue of whether Simpao counsel had a meaningful opportunity to participate in a structured mediation.

As we stated in our call, we would like for Judge Cahill to provide a brief declaration addressing this issue that could be submitted to the Court. As requested by Judge Cahill, we are copying this email to all counsel so that they have the opportunity to comment on this request.

Thank you,

Dan Benjamin

Daniel M. Benjamin
Calvo & Clark, LLP
(671) 646-9355
(671) 646-9403 – facsimile
www.calvoclark.com

===============================================================

This e-mail message is intended only for the use of the individual or entity named above and may contain confidential and privileged information. If you are not the intended recipient, any disclosure, copying, distribution or use of the information contained in this transmission is strictly PROHIBITED. If you have received this transmission in error, please immediately notify us. Reply cclaw@calvoclark.com, and delete the message immediately. Thank you very much.

===============================================================

|

----------------------------------------------------------------

This e-mail is sent by a law firm and contains information that may be
privileged and confidential. If you are not the intended recipient,
please delete the email and notify us immediately. To comply with
recent IRS rules, we must inform you that this message, if it contains
advice relating to federal taxes, was not intended or written to be
used, and it cannot be used, for the purpose of avoiding penalties
that may be imposed under federal tax law.