1  [Appearing Counsel on next page]




DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| JULIE BABAUTA SANTOS, *et. al.*,<br><br>              Petitioners,<br><br>    -v-<br><br>FELIX P. CAMACHO, *et. al.*<br><br>              Respondents. | Civil Case No. 04-00006<br><br>**THE *SANTOS* AND *TORRES* PARTIES' REPLY BRIEF PURSUANT TO THE COURT'S DECEMBER 7, 2006 ORDER** |
| CHARMAINE R. TORRES, *et al.*,<br><br>              Plaintiffs,<br><br>    -v-<br><br>GOVERNMENT OF GUAM, *et al.*,<br><br>              Defendants. | Civil Case No. 04-00038 |
| MARY GRACE SIMPAO, *et al.*,<br><br>              Plaintiffs,<br><br>    -v-<br><br>GOVERNMENT OF GUAM,<br><br>              Defendant.<br><br>    -v-<br><br>FELIX P. CAMACHO, Governor of Guam,<br><br>              Intervenor-Defendant. | Civil Case No. 04-00049 |

**MICHAEL F. PHILLIPS**
**PHILLIPS & BORDALLO, P.C.**
410 West O'Brien Drive
Hagatña, Guam 96910
Telephone: (671) 477-2223
Facsimile: (671) 477-2329
Interim Class Counsel and Attorneys for Petitioner *Julie Babauta Santos*

**IGNACIO C. AGUIGUI**
**PETER C. PEREZ**
**LUJAN AGUIGUI & PEREZ LLP**
300 Pacific News Building
Hagatña, Guam 96910
Telephone: (671) 477-8064
Facsimile: (671) 477-5297
Attorneys for Plaintiff *Charmaine R. Torres*

2
*Julie B. Santos and Charmaine R. Torres, et al. v. Felix P. Camacho, et al.*
Civil Case No. 04-00006 and 04-00038
The *Santos* and *Torres* Parties' Reply Brief Pursuant to
the Court's December 7, 2006 Order

Case 1:04-cv-00006   Document 371   Filed 12/22/2006   Page 2 of 8

The *Santos* and *Torres* parties submit this reply brief pursuant to the Court's December 7, 2006 Order. With respect to the Governor and Government's brief, the *Santos* and *Torres* parties maintain, as they did, that this Court has subject matter jurisdiction over the settlement class members and the Settlement Agreement, that the statutes of limitation do not bar the settlement of the claims as proposed, that Court consultation with the Mediator is not opposed, and that the 1997 and 1998 payouts are proper. The *Santos* and *Torres* parties request that preliminary approval of the Settlement Agreement be granted, and the processes and procedures outlined in the Settlement Agreement commence. Meanwhile, some of the positions advocated by the *Simpao* plaintiffs require a response as follows.

**I.    THE *SIMPAO* PLAINTIFFS LACK STANDING TO OBJECT TO PRELIMINARY APPROVAL OF THE SETTLEMENT AGREEMENT.**

The *Simpao* plaintiffs are not parties to the Settlement Agreement. Consequently, they lack standing to object to the Settlement Agreement preliminarily or finally. Accordingly, they should not be permitted to thwart the class action settlement agreement procedures. Nonparties in a class action lack standing to challenge approval of a class action settlement. *Gottlieb v. Wiles*, 11 F. 3d 1004, 1006 (10th Cir. 1993); *Guthrie v. Evans*, 815 F. 2d 626, 628 (11th Cir. 1987). In this case, the *Simpao* case was ordered consolidated with the *Santos* and *Torres* cases for pretrial purposes only. Since pretrial consolidation of suits does not merge suits into a single action or change the rights of parties or make those who are parties in one suit parties in another, *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496-97, 53 S. Ct. 721, 77 L. Ed. 1331 (1933); *In re Equity Funding Corp. of Am. Sec. Litig.*, 416 F. Supp. 161, 176 (C.D. Cal. 1976), *Simpao* plaintiffs are nonparties to the *Torres* and *Santos* suits. As such, they lack standing to challenge preliminary approval of the class action settlement agreement reached in the *Santos* and *Torres* actions.

1
*Julie B. Santos and Charmaine R. Torres, et al. v. Felix P. Camacho, et al.*
Civil Case No. 04-00006 and 04-00038
The *Santos* and *Torres* Parties' Reply Brief Pursuant to
the Court's December 7, 2006 Order

Case 1:04-cv-00006    Document 371    Filed 12/22/2006    Page 3 of 8

Even if *Simpao* plaintiffs are considered to be parties to the *Santos* and *Torres* suits, they still lack standing to object. Generally, non-settling parties in multiparty cases lack standing to object to preliminary approval of class action settlement agreements as such non-settling parties are not affected by settlement. *See Mayfield v. Barr*, 985 F. 2d 1090, 1092 (D.C. Cir. 1993); *In re NASDAQ Market-Makers Antritrust Litig.*, 176 F.R.D. 99, 103 (S.D.N.Y. 1997); *Smith v. Arthur Andersen LLP*, 421 F. 3d 989, (9th Cir. 2005). A non-settling party may not object to the terms of a settlement which does not affect its own rights. *Fisher Bros. v. Phelps Dodge Industries, Inc.*, Master File No. 82-4921, 1984 WL 3650, at *4 (E.D. Pa. 1984) (on plaintiffs' motion for preliminary approval of class action settlement agreement). In order for a non-settling party to have standing to object, the party must demonstrate he or she will sustain some formal legal prejudice as a result of settlement. *Smith*, 421 F. 3d at 998; *NASDAQ*, 176 F.R.D. at 103. Such prejudice exists where the settlement purports to strip a non-settling party of a legal claim or cause of action. *Smith*, 421 F. 3d at 998; *Mayfield*, 985 F. 2d at 1093. Such prejudice does not exist in the instant case to the *Simpao* plaintiffs.

Approval of the instant Settlement Agreement would not deprive the *Simpao* plaintiffs of a legal claim or cause of action. If the *Simpao* plaintiffs are dissatisfied with the terms of the agreement, they each possess the power to opt out of the class and proceed with their lawsuit. Whatever the *Simpao* plaintiffs' decision may be regarding strategy, they nevertheless lack standing to object to preliminary approval of a Settlement Agreement they relentlessly scheme to undermine, to the detriment of those who need it most, the settlement class members.

## II. SUBJECT MATTER JURISDICTION EXISTS OVER THE SETTLEMENT CLASS MEMBERS.

This Court has subject matter jurisdiction over all settlement class members despite the cynical efforts of the *Simpao* plaintiffs to assert meritless technical obstacles designed to prevent

2
*Julie B. Santos and Charmaine R. Torres, et al. v. Felix P. Camacho, et al.*
Civil Case No. 04-00006 and 04-00038
The *Santos* and *Torres* Parties' Reply Brief Pursuant to
the Court's December 7, 2006 Order

Case 1:04-cv-00006   Document 371   Filed 12/22/2006   Page 4 of 8

payments to and exclude from the settlement class definition the neediest and most vulnerable citizens entitled to EIC. Subject matter jurisdiction is acknowledged by all but the *Simpao* plaintiffs whose motives for depriving the Court of jurisdiction are not only inconsistent with their varying complaint versions, from their original complaint to their two amended complaints, but are just plain suspicious.

The *Simpao* plaintiffs argue that the settlement class members definition is "impermissibly broad." The settlement class member definition in the Settlement Agreement is intentionally inclusive to ensure that EIC payments are made to the most people consistent with legislative and executive policies and judicial opinion so that the neediest and most deserving people are not excluded because of the technicalities such as those repeatedly argued by the *Simpao* plaintiffs to exclude them. Accordingly, if a person has not filed a tax return or an EIC claim, he or she will still be able to become a settlement class member and benefit from the enhanced benefits contained in the Settlement Agreement. Settlement Agreement § VI(b)(i). Persons needing to amend, correct or file a tax return or an EIC claim are given the opportunity to do so prior to the fairness hearing and final approval procedures. Settlement Agreement § VI(c). Accordingly, all settlement class members are or will be "filers" under the Settlement Agreement. In this way the Settlement Agreement and other goals are advanced: EIC claims will be paid to the most and neediest people, according to expedited procedures. And, the *Simpao* plaintiffs will not be able to argue red herrings such as their relentless claim that some people have failed to exhaust their administrative remedies or are otherwise excludable from EIC benefits.

3
*Julie B. Santos and Charmaine R. Torres, et al. v. Felix P. Camacho, et al.*
*Civil Case No. 04-00006 and 04-00038*
The *Santos* and *Torres* Parties' Reply Brief Pursuant to
the Court's December 7, 2006 Order

Case 1:04-cv-00006   Document 371   Filed 12/22/2006   Page 5 of 8

### III. PAYMENT OF 1997 AND 1998 CLAIMS TO THOSE ENTITLED TO RECEIVE THEM IS NOT, AS THE SIMPAO PLAINTIFFS CONTEND, "SINISTER," "COERCIVE," "INSIDIOUS," OR A "WASTE OF PUBLIC FUNDS."

For years, the people entitled to receive EIC payments have been denied their opportunities to claim or receive EIC benefits. The settling parties have devoted extraordinary efforts towards fixing this. The Settlement Agreement provides for the payment of previously denied EIC amounts, future payment of EIC claims, implementation of the EIC program, and, as an added settlement incentive and in further consideration for the settlement class members, expedited payments of 1997 and 1998 claims amounting to millions of dollars. This is not as the *Simpao* plaintiffs claim a "waste of public funds," "sinister," "coercive" or "insidious." Fundamentally, it is simply righting prior wrongs. But, in addition, it is consistent with legislative, executive and judicial mandates. Any person who does not wish to participate in the Settlement Agreement may opt out and pursue full recovery of their claims. Participation is voluntary. The *Simpao* plaintiffs know this but use inflammatory language in a misguided and entirely suspect effort to impugn the Settlement Agreement. The *Simpao* plaintiffs themselves have sued to recover and demand EIC payments for 1997 and 1998. *See, Simpao v. Government of Guam,* CV04-00049 Complaint, *inter alia* ¶¶ 1.5, 1.6, 1.9, 1.11, 4.12, 4.13, 4.14, 4.25, 4.26, 4.27, 4.28, 4.29, 5.7, 5.8, 7.2, 7.6 and 7,7; First Amended Complaint, *inter alia* ¶¶ 1.5, 1.6, 1.10, 3.2, 4.12, 4.13, 4.14, 4.34, 4.35, 4.36, 4.37, 5.7, 5.8, 7.2, Second Amended Complaint, *inter alia* ¶¶ 1.5, 1.6, 1.10, 1.12, 3.2, 3.3, 4.12, 4.13, 4.14, 4.34, 4.35, 4.36, 4.37, 5.7, 5.8, 7.2. Yet, they characterize the payments of EIC claims on tax years 1997 and 1998, under the terms of the Settlement Agreement, as a waste of money. This blatant inconsistency begs the question: Whose side are the *Simpao* plaintiffs on when they disparage the positions they advocate themselves?

4
*Julie B. Santos and Charmaine R. Torres, et al. v. Felix P. Camacho, et al.*
Civil Case No. 04-00006 and 04-00038
The *Santos* and *Torres* Parties' Reply Brief Pursuant to
the Court's December 7, 2006 Order

Case 1:04-cv-00006   Document 371   Filed 12/22/2006   Page 6 of 8

## IV. CONCLUSION

The *Santos* and *Torres* parties respectfully request preliminary approval of the Settlement Agreement be granted, and the processes and procedures outlined in the Settlement Agreement commence.

Dated this 22nd day of December, 2006.

**PHILLIPS & BORDALLO, P.C.**

By: _____
**MICHAEL F. PHILLIPS, ESQ.**
*Attorneys for Petitioner Julie Babauta Santos and Lead Counsel*

**LUJAN AGUIGUI & PEREZ LLP**

By: _____
**PETER C. PEREZ, ESQ.**
*Attorneys for Plaintiff Charmaine R. Torres*

5
*Julie B. Santos and Charmaine R. Torres, et al. v. Felix P. Camacho, et al.*
*Civil Case No. 04-00006 and 04-00038*
The *Santos* and *Torres* Parties' Reply Brief Pursuant to
the Court's December 7, 2006 Order

Case 1:04-cv-00006   Document 371   Filed 12/22/2006   Page 7 of 8

# CERTIFICATE OF SERVICE

I, PETER C. PEREZ, ESQ., certified that I caused a copy of the foregoing document here filed to be served on the following individuals or entities on December 22, 2006, via hand delivery at the following addresses:

| | |
|---|---|
| James L. Canto, II Esq.<br>Attorneys for Plaintiffs<br>**VAN DE VELD SHIMIZU CANTO & FISHER**<br>Suite 101 Dela Corte Building<br>167 East Marine Corps Drive<br>Hagåtña, Guam 96910 | Daniel M. Benjamin, Esq.<br>Counsel for Respondent Felix P. Camacho<br>**CALVO & CLARK, LLP**<br>655 S. Marine Corps Drive, Suite 502<br>Tamuning, Guam 96911 |
| Shannon Taitano, Esq.<br>Counsel for Respondent<br>**OFFICE OF THE GOVERNOR OF GUAM**<br>Governor's Complex<br>East Marine Corps Drive<br>Adelup, Guam 96910 | Rawlen M. T. Mantanona, Esq.<br>Counsel for Respondents Artemio Ilagan and Lourdes Perez<br>**CABOT MANTANONA LLP**<br>BankPacific Building, 2nd Floor<br>825 South Marine Corps Drive<br>Tamuning, Guam 96911 |
| Michael F. Phillips, Esq.<br>Counsel for Petitioner Julie Babauta Santos<br>**PHILLIPS & BORDALLO, P.C.**<br>410 West O'Brien Drive<br>Hagåtña, Guam 96910 | |

Respectfully submitted this 22nd day of December, 2006.

**LUJAN AGUIGUI & PEREZ** LLP

By: /s/ Peter C. Perez

**PETER C. PEREZ, ESQ.**
*Counsel for Plaintiff Charmaine R. Torres*

---

6

*Julie B. Santos and Charmaine R. Torres, et al. v. Felix P. Camacho, et al.*
Civil Case No. 04-00006 and 04-00038
The *Santos* and *Torres* Parties' Reply Brief Pursuant to
the Court's December 7, 2006 Order