SHANNON TAITANO, ESQ.
**OFFICE OF THE GOVERNOR OF GUAM**
Ricardo J. Bordallo Governor's Complex
Adelup, Guam 96910
Telephone: (671) 472-8931
Facsimile: (671) 477-6666

**EDUARDO A. CALVO, ESQ.**
**RODNEY J. JACOB, ESQ.**
**DANIEL M. BENJAMIN, ESQ.**
**CALVO & CLARK, LLP**
Attorneys at Law
655 South Marine Corps Drive, Suite 202
Tamuning, Guam 96913
Telephone: (671) 646-9355
Facsimile: (671) 646-9403

*Attorneys for the Government of Guam
and Felix P. Camacho, Governor of Guam*

FILED
DISTRICT COURT OF GUAM
DEC 22 2006
MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF GUAM

| | |
|---|---|
| JULIE BABAUTA SANTOS, et. al., <br><br> Petitioners, <br><br> -v- <br><br> FELIX P. CAMACHO, etc., et. al. <br><br> Respondents. | CIVIL CASE NO. 04-00006 <br> (Consolidated with Civil Case Nos. 04-00038 and 04-00049) <br><br> **THE GOVERNOR OF GUAM'S & GOVERNMENT OF GUAM'S REPLY BRIEF PURSUANT TO THE COURT'S DECEMBER 7, 2006 ORDER** |

The Government of Guam and Governor of Guam Felix P. Camacho hereby file their reply brief pursuant to the Court's December 7, 2006 Order setting the hearing on the joint motion to obtain preliminary approval of the class action Settlement Agreement in the *Santos* and *Torres* cases.

In their brief, the *Santos* and *Torres* parties make a number of arguments with regard to why the statute of limitations and exhaustion are satisfied in this case. Obviously, the Governor and Government have contested those issues in prior motions and briefs in the consolidated cases.[1] They will continue to do so as to any non-settling claimants. However, as the motion presently before the Court is the motion for preliminary approval of the Settlement, and as the Governor and Government are not contesting those or other issues as to those persons who enter into the Settlement, there is no cause at this time for them to restate their position on such issues.

With regard to the *Simpao* plaintiffs, the position in their brief and elsewhere is conflicted. On the one hand, they are using this preliminary approval motion to argue the EIC Class could have received a different or better deal. On the other hand, they point to alleged weaknesses in jurisdiction over the EIC Class' case so as to be able to destroy the Settlement. (*E.g. Santos* Docket No. 367 at 15-18). The fact that there are potential weaknesses to the EIC Class' case, however, simply points to the fairness of the $90 million settlement. Thus, issues such as the new filing by a few class members of tax returns do not, as the *Simpao* plaintiffs suggest, provide grounds for rejecting the Settlement, but are rather an argument in favor of the Settlement and its all-inclusive approach. In any case, the jurisdictional issue is addressed by the filing of a tax return as addressed in the Governor's and Government's December 15 brief, and the *Santos* and *Torres* parties have put forward alternative additional arguments with regard to this issue.

To the degree the *Simpao* plaintiffs do provide briefing responsive to the Court's Order, they cite to a line of cases that they claim hold that 26 U.S.C. § 6532(a) requires notice by mail and that other forms of notice are not satisfactory. (Docket No. 367 at 6-9). That authority is not

---

[1]The Governor and/or Government briefed these issues in moving to dismiss the *Torres* and *Simpao* complaints (*Torres* Docket Nos. 25, 43; *Simpao* Docket Nos. 18, 21, 50), in opposing the implementation of an administrative plan as to the first *Santos* settlement (*Santos* Docket No. 102), and in opposing the partial summary judgment motion in *Simpao* (*Simpao* Docket No. 76).

1

*CIVIL CASE NO. 04-00006*
*(Consolidated with Civil Case Nos. 04-00038 and 04-00049)*
Case 1:04-cv-00006    Document 372    Filed 12/22/2006    Page 2 of 5

very persuasive. *Rosser v. United States*, 9 F.3d 1519, 1522 (11th Cir. 1993), held that the statute of limitations began to run upon mailing of the notice of disallowance even where the taxpayer alleged they never received the actual notice; it was not addressing the question of whether alternative forms of actual notice were sufficient. *Maiman v. I.R.S.*, 1998 WL 161003 (E.D.N.Y. 1998), simply followed *Rosser* and again has no on-point holding. *Einson-Freeman Co. v. Corwin*, 112 F.2d 683, 684 (2d Cir. 1940), is even further off-point; its holding was that the mailing of a notice of disallowance started the statute of limitations even where a second, identical refund claim was filed. The *Simpao* plaintiffs also are completely misstating *Looney v. United States*, 228 Ct.Cl. 807, 1981 WL 11173 (1981), which held that a mailed notice of disallowance had started the statute of limitations and that a telephone call by an IRS employee to the contrary could not give rise to estoppel as that employee had no authority to alter the statute through a phone call.

However, even if on point, none of these cases addressing § 6532 are from the U.S. Supreme Court or Ninth Circuit; *i.e.*, none could be controlling. And, as the Governor has pointed out, a contrary line of authority exists. *E.g. Smith v. United States*, 478 F.2d 398, 399 (5th Cir. 1973) ("the purpose of a notice of disallowance is to provide the taxpayer with official notification of the Commissioner's adverse action. So long as the taxpayer receives adequate notice of the Commissioner's disallowance, no particular form of notice is necessary to start the running of the period of limitations."), *citing A. G. Reeves Steel Const. Co. v. Weiss*, 119 F.2d 472 (6th Cir.), *cert. denied* 314 U.S. 677 (1941); *accord Finkelstein v. United States*, 943 F. Supp. 425, 430-31 (D.N.J. 1996) (collecting additional authorities). Similar law exists as to the similar requirement of mailing notices of deficiency. *Balkissoon v. Comm'r of Internal Revenue*, 995 F.2d 525, 528 (4th Cir.), *cert. denied* 510 U.S. 978 (1993) ("[I.R.S.] Commissioner's failure to comply with the authorization in section 6212(a) inviting the use of registered or certified mail proves to be a technical, but harmless violation"); *Berger v. Comm'r of Internal Revenue*, 404 F.2d 668, 673 (3d Cir.1968), *cert. denied* 395 U.S. 905 (1969) (section 6212(a) authorization that notice of deficiency be sent by registered or certified mail does not forbid any other method of notice).

2

*CIVIL CASE NO. 04-00006*
*(Consolidated with Civil Case Nos. 04-00038 and 04-00049)*
Case 1:04-cv-00006   Document 372   Filed 12/22/2006   Page 3 of 5

Of course, the Governor's cases too are not from the U.S. Supreme Court or Ninth Circuit. This means that, *if* litigated, this issue presents a risk to the plaintiffs and defendants both, although obviously the Governor believes his line of authority to be substantially stronger. Indeed, it is this risk and others that justify the compromise settlement that was reached. If the issue is litigated, first this Court, and later the Ninth Circuit, will have to pass on what appears to be a novel question of law in this Circuit, presenting risks to all sides. The Settlement compromises that risk, and provides benefit to the EIC Class of a sure resolution, especially given the Governor's power under 26 U.S.C. § 6532(b) to waive the statute of limitations in § 6532(a), a waiver that will only be obtained by persons who enter into the Settlement.

The Governor does take note of two notable misstatements of fact by the *Simpao* plaintiffs. First, they claim in their December 15, 2006 filing: "the Court granted summary judgment that that those claims were timely filed, equally satisfying the jurisdictional requirement of 26 U.S.C. § 6511." (*Santos* Docket No. 367 at 17:7-8). That is a misrepresentation of fact that Judge Martinez (who decided the partial summary judgment Order referenced) already told the *Simpao* plaintiffs was not true. As he stated over a year ago: "The [*Simpao*] plaintiffs have misread this Court's prior order. At no time did this Court state that the claims were not time barred. In fact, the Court stated [in its prior Order] that 'it would refrain from addressing whether the statute of limitations would act as a bar to many of the claims pursued in a refund suit.'" *Simpao* Docket No. 148-1 (Sept. 14, 2005 Order) at 6:12-16 (citing *Simpao* Docket No. 99 (June 15, 2005 Order)).[2]

Second, the *Simpao* plaintiffs accuse the Governor of taking actions that are "sinister" in nature by agreeing to make the initial $10 million payment, which they label as "insidiously

---

[2] The repetition of this misrepresentation is part of a pattern. Following a similar incident in the *Simpao* case, Judge Martinez stated as follows: "The plaintiffs are admonished that they are to exercise care in making representations to the Court and are cautioned that any further misrepresentations may result in the imposition of sanctions and/or other action deemed appropriate. *Simpao* Docket No. 99 (June 15, 2005 Order) at 4 n.5. Similarly, when plaintiffs' counsel was attempting to intervene in *Santos*, Judge Coughenour stated: "The Court is disappointed with the baseless allegations raised . . . . Counsel for Applicant Naputi is reminded of his obligations under Rule 11 of the Federal Rules of Civil Procedure…" *Santos* Docket No. 76 (Aug. 5, 2004 Order) at 2 n.3. It separately stated that plaintiffs' counsel had made "unfounded accusations" regarding opposing counsel, and that the Court would "disregard [the subject brief] in its entirety." *Id.* at 6 n.6.

3

*CIVIL CASE NO. 04-00006*
*(Consolidated with Civil Case Nos. 04-00038 and 04-00049)*
Case 1:04-cv-00006   Document 372   Filed 12/22/2006   Page 4 of 5

coercive" and designed to make EIC Class members "knuckle under." (*Santos* Docket No. 367 at 18). That characterization is disingenuous and absurd. The Governor and Government are taking a substantial risk—as the Court's December 7 Order appears to be taking note of—by agreeing to pay $10 million upon preliminary approval with no guarantee that the Court will give the Settlement Agreement final approve. As explained in the Governor's December 15 brief, he believes this term ultimately to be of benefit to the Government. But it is a risk. The EIC Class, meanwhile, receives an immediate benefit of $10 million, but will only be bound by the Settlement if it is found to be fair at the final fairness hearing. That is not "insidiously coercive."

Indeed, the *Simpao* plaintiffs are only able to make their argument that a $10 million payment to the Class is "insidiously coercive" by – once again – misrepresenting facts. They state that "the class members in question will receive this check and unwittingly cash it before receiving the class-wide notice required to inform them of the specifics of the entire agreement." (*Santos* Docket No. 367 at 18). Untrue. The Settlement Agreement quite plainly states:

> **Any person receiving a check under this subdivision shall receive the class notice** (Exhibit "C") **as well as a separate notice as to the consequences of depositing or not depositing the check**, which shall be in the form of the notice attached hereto as Exhibit "D."

Settlement Agreement § VI(e)(i)(4) (1998 checks), § VI(e)(ii)(3) (1997 checks) (emphasis added). In other words, before cashing any check based upon the early payment, a qualifying class member will be receiving both the general class notice (Settlement Ex. C), and the special notice that advises them of the consequence of cashing the check (Settlement Ex. D). The argument by the *Simpao* plaintiffs is false.

Finally, the Governor and Government note that no party has objected to contacts with the mediator and suggest that a telephonic hearing be scheduled as soon as possible.

Dated this 22nd day of December, 2006.

OFFICE OF THE GOVERNOR OF GUAM<br>
CALVO & CLARK, LLP<br>
Attorneys at Law<br>
*Attorneys for the Government of Guam*<br>
*and Felix P. Camacho, Governor of Guam*<br>
<br>
By: _____<br>
DANIEL M. BENJAMIN

4

*CIVIL CASE NO. 04-00006*
*(Consolidated with Civil Case Nos. 04-00038 and 04-00049)*
Case 1:04-cv-00006    Document 372    Filed 12/22/2006    Page 5 of 5