# DISTRICT COURT OF GUAM
# TERRITORY OF GUAM

| | |
|---|---|
| JULIE BABAUTA SANTOS, *et al.*, <br><br> Petitioners, <br><br> v. <br><br> FELIX P. CAMACHO, *et al.*, <br><br> Respondents. | Civil Case No. 04-00006 <br><br> **FILED** <br> DISTRICT COURT OF GUAM <br> DEC 22 2006 *mba* <br> MARY L.M. MORAN <br> CLERK OF COURT |
| CHARMAINE R. TORRES, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> GOVERNMENT OF GUAM, *et al.*, <br><br> Defendants. | Civil Case No. 04-00038 |
| MARY GRACE SIMPAO, *et al*, <br><br> Plaintiffs, <br><br> v. <br><br> GOVERNMENT OF GUAM, <br><br> Defendant, <br><br> v. <br><br> FELIX P. CAMACHO, Governor of Guam <br><br> Intervenor-Defendant. | Civil Case No. 04-00049 <br><br> **SIMPAO PLAINTIFFS' REPLY BRIEF SUBMITTED PURSUANT TO THE COURT'S ORDER OF DECEMBER 7, 2006** |

SIMPAO PLAINTIFFS' REPLY BRIEF SUBMITTED PURSUANT TO THE COURT'S ORDER OF DEC. 7, 2006
PAGE 1

VAN DE VELD SHIMIZU CANTO & FISHER
East Marine Corps Drive
Hagatna, Guam 96910
Tel. 671.472.1131
Fax 671.472.2886

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
Tel. 206.682.5600
Fax 206.682.2992

Case 1:04-cv-00006    Document 374    Filed 12/22/2006    Page 1 of 19

| | |
|---|---|
| 1 | VAN DE VELD SHIMIZU CANTO & FISHER |
| | Suite 101 Dela Corte Bldg. |
| 2 | 167 East Marine Corps Drive |
| | Hagåtña, Guam 96910 |
| 3 | 671.472.1131 |
| 4 | |
| | TOUSLEY BRAIN STEPHENS PLLC |
| 5 | Kim D. Stephens, P.S., WSBA #11984 |
| | Nancy A. Pacharzina, WSBA #25946 |
| 6 | 1700 Seventh Avenue, Suite 2200 |
| | Seattle, Washington 98101 |
| 7 | 206.682.5600 |

SIMPAO PLAINTIFFS' REPLY BRIEF
SUBMITTED PURSUANT TO THE
COURT'S ORDER OF DEC. 7, 2006

PAGE 2

VAN DE VELD SHIMIZU CANTO & FISHER
East Marine Corps Drive
Hagatna, Guam 96910
Tel. 671.472.1131
Fax 671.472.2886

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
Tel. 206.682.5600
Fax 206.682.2992

Case 1:04-cv-00006   Document 374   Filed 12/22/2006   Page 2 of 19

## I. INTRODUCTION

Much of the supplemental briefing submitted by the Governor and the *Santos/Torres* Plaintiffs misidentifies or conflates the relevant jurisdictional statutes about which the Court has sought guidance. *See e.g.* Governors Supp. Bf. at n. 1 (confusing 26 U.S.C. § 6511 with § 6532, and misrepresenting the Court's prior holdings regarding the former). As such, a brief summary of the statutes at issue may be helpful and is provided below. But regardless of the errors in statutory references, it is apparent neither the Governor nor the *Santos/Torres* Plaintiffs can identify a credible basis for this Court to assert jurisdiction over a class that includes claimants who can not show they timely filed an administrative claim for an EIC sufficient to comply with the jurisdictional requirements of 26 U.S.C. §§ 7422 and 6511. Further, the Governor has failed to show it triggered the limitations period of §6532. *Santos, Torres* and the Governor have also failed to alleviate the obvious concerns regarding the coercive and improper payment of arbitrarily select EIC claims prior to class notice and an opt-out period, and prior to this Court's decision on whether to approve the settlement. They also recklessly overstate the potential for class members to protect their rights by opting out of the settlement of the government tax program.

These fatal defects, among others, preclude preliminary approval of this settlement. Denial of preliminary approval, however, does not preclude ultimate settlement of these consolidated actions for a properly defined class under fair and reasonable terms. In fact, the Court's recognition of this settlement's deficiencies, combined with an appropriate order regarding how these consolidated actions should proceed can only serve to hasten exploration of alternative settlement provisions.

SIMPAO PLAINTIFFS' REPLY BRIEF
SUBMITTED PURSUANT TO THE
COURT'S ORDER OF DEC. 7, 2006
Page 3

VAN DE VELD SHIMIZU CANTO & FISHER
167 East Marine Corps Drive, Suite 101
Hagatna, Guam 96910
Tel. 671.472.1131
Fax 671.472.2886

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
Tel. 206.682.5600
Fax 206.682.2992

Case 1:04-cv-00006    Document 374    Filed 12/22/2006    Page 3 of 19

## II. SUMMARY OF THE RELEVANT PROCEDURAL STATUTES

### A. Statutes Applicable to the Filing of "a Claim" for an EITC.

1. <u>Title 26 U.S.C. § 7422(a) – The Requirement to Make An Administrative Claim Before Filing a Tax Refund Action.</u>

Section 7422(a) states: "No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected ... until a claim for refund or credit has been duly filed with the Secretary ...." The Secretary has established requirements by regulation that prescribe the particularity with which a claim must be stated to be considered sufficiently "made" for purposes of §7422(a). 26 C.F.R. § 301.6402-3(a)(5). One way in which a claim for refund may be made is in the form of a filed income tax return. *Sorenson v. United States*, 752 F.2d 1433, 1439 (9th Cir. 1985).

The filing of a claim for refund is an absolute jurisdictional prerequisite to filing of a tax refund suit like this one, *i.e.*, in order to file a tax refund action, the taxpayer must have previously filed a claim. *See United States v. Dalm*, 494 U.S. 596, 110 S.Ct. 1361 (1990); *see also Martinez v. United States*, 595 F.2d 1147 (1979). The Government and the Court are strictly prohibited from waiving the §7422 requirement that a claim be made. *See Bartley v. U.S.*, 123 F.3d 466, 469 (7th Cir. 1997) ("we do not have the authority to excuse her failure to make a claim as required by <u>section 7422(a)</u>").[1]

Importantly, however, the Government may waive, or the Court may find the government has waived (either expressly or through its conduct), the regulatory requirements regarding the particularity with which the claim must be made. *Martinez*, 595 F.2d 1147; *Goulding v. United*

---

[1] *Lemoge v. U.S.*, 378 F.Supp. 228, 232-33 (N.D.Cal. 1974), a case cited by *Santos* and *Torres* does not hold otherwise. There the court held only that it would not bar a claim the government asserted had not been administratively filed as required by § 7422, where it was the second of two claims and it was identical to the first claim which the government admitted had been filed. Thus the Court did not excuse § 7422 compliance but rather, like Judge Martinez did here, found the potentially time barred claim had indeed been made in a different form.

SIMPAO PLAINTIFFS' REPLY BRIEF
SUBMITTED PURSUANT TO THE
COURT'S ORDER OF DEC. 7, 2006

VAN DE VELD SHIMIZU CANTO & FISHER
167 East Marine Corps Drive, Suite 101
Hagatna, Guam 96910
Tel. 671.472.1131
Fax. 671.472.2886

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
Tel. 206.682.5600
Fax 206.682.2992

Page 4                  Case 1:04-cv-00006    Document 374    Filed 12/22/2006    Page 4 of 19

*States*, 929 F.2d 329 (7th Cir. 1991); *Pearson v. Commissioner*, 443 F.Supp. 878 (E.D. N.Y. 1978). Thus it matters whether a plaintiff in a tax refund action such as this one, seeks relief from the obligation to have made a claim before bringing suit (not available), versus relief from the obligation to have made a claim in a particular way (potentially available).

   2.   <u>Title 26 U.S.C. § 6511 – The Time Limit to Make An Administrative Claim.</u>

Section 6511(a) prescribes a limitations period for when an administrative claim for a refund must be made. The section applies to claims for EICs, *Israel v. United States*, 356 F.3d 221 (2nd Cir. 2004), and states:

> [A] Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid.

26 U.S.C. § 6511(a).

Compliance with Section 6511's time limits is also an absolute jurisdictional prerequisite to filing a tax refund suit -- the Government may not waive this statute of repose. *United States v. Dalm*, 494 U.S. 596, 110 S.Ct. 1361 (1990). In addition, the U.S. Supreme Court has emphatically held Section 6511 is not subject to equitable tolling. *United States v. Brockamp*, 519 U.S. 347, 117 S.Ct. 849 (1997). Therefore if a taxpayer has failed to file tax returns (or any form of administrative claim), her claim to a refund based on taxes paid in 1995-2004 is now time barred because over two years have past since the tax was paid.[2]

---

[2] Subsection (b) of 26 U.S.C. § 6511 contains additional look back provisions: "Limitation on allowance of credits and refunds.-- (1) Filing of claim within prescribed period.--No credit or refund shall be allowed or made after the expiration of the period of limitation prescribed in subsection (a) for the filing of a claim for credit or refund, unless a claim for credit or refund is filed by the taxpayer within such period. Since a tax return may constitute a claim, and Section 6511 allows a claim to be filed within 3 years of the filing of a return, the question arises for the proposed settlement class whether their claims can be paid if a late return is filed more than 3 years after the

SIMPAO PLAINTIFFS' REPLY BRIEF
SUBMITTED PURSUANT TO THE
COURT'S ORDER OF DEC. 7, 2006

Page 5

VAN DE VELD SHIMIZU CANTO & FISHER
167 East Marine Corps Drive, Suite 101
Hagatna, Guam 96910
Tel. 671.472.1131
Fax 671.472.2886

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
Tel. 206.682.5600
Fax 206.682.2992

Case 1:04-cv-00006   Document 374   Filed 12/22/2006   Page 5 of 19

### 3. Statutes applicable to the Filing of a Tax Refund Action

Title 26 U.S.C. §6532 describes the time limit within which to bring a lawsuit for a tax refund, as distinguished from the §6511 time limit for filing an administrative claim. In its relevant part it provides: "No suit ... shall be begun ... after the expiration of 2 years from the date of mailing ... by the Secretary to the taxpayer of a notice of the disallowance of the part of the claim to which the suit or proceeding relates." 26 U.S.C. §6532(a)(1). By its express terms, the government is required to mail a denial to initiate the limitations period. *Thomas v. U.S.*, 166 F.3d 825, 830 (6th Cir. 1999); *Rosser v. U.S.*, 9 F.3d 1519, 1522 (11th Cir. 1993). The statute is jurisdictional in nature and, therefore its requirements are strictly construed. *Oatman v. Dept. of Treasury*, 34 F.3d 787, 789 (9th Cir. 1994). Thus this section cannot serve to bar a claim that was denied in a manner not in accordance with the procedure prescribed by the statute (*i.e.*, through a direct mailing to the claimant). *Looney v. U.S.*, 228 Ct.Cl. 807 (1981). In addition, while normally a jurisdictional time limit such as this cannot be extended by the government (or by application of equitable doctrines), Congress crafted an exception in this case that allows the government to extend the limitations period even after it has passed. *See* 26 U.S.C. §6532(a)(2); *Kaffenberger v. U.S.*, 314 F.3d 944 (8th Cir. 2003).

Here, if the government had properly triggered the limitations period of each claimant (which it did not), § 6532, would bar claims associated with tax years 1995-2003 if suit were

---

overpayment of tax was made, for which refund is sought. The answer is undeniably "no". Section 6511(b)(2)(A) provides that if a claim was filed during the 3-year period described in Section 6511(a), only overpayments made within 3 years prior to the filing of the claim (plus any extension period allowed for filing the tax return) will be refunded. Section 6511(b)(2)(B) states that if the claim was not filed within the 3-year period described in Section 6511(a), then only overpayments made during the 2 years immediately preceding the filing of the claim will be refunded. Section 6511(b)(2)(C) provides that if no claim is filed, then the amount of the refund will be treated under subsections (A) and (B) as if the claim were filed on the date the refund is allowed. These "look-back" provisions of Section 6511 are also jurisdictional in nature and may not be waived by the Government. *Dalm*, 494 U.S. 596.

SIMPAO PLAINTIFFS' REPLY BRIEF
SUBMITTED PURSUANT TO THE
COURT'S ORDER OF DEC. 7, 2006
Page 6

VAN DE VELD SHIMIZU CANTO & FISHER
167 East Marine Corps Drive, Suite 101
Hagatna, Guam 96910
Tel. 671.472.1131
Fax 671.472.2886

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
Tel. 206.682.5600
Fax 206.682.2992

Case 1:04-cv-00006   Document 374   Filed 12/22/2006   Page 6 of 19

filed today. The filing of the Santos action in February 2004, however, has tolled (not equitably, but as a matter of law) the limitations period such that claims for 1995-2000 are timely. *American Pipe & Const. Co. v. Utah*, 414 U.S. 538, 94 S.Ct. 756 (1974). Thus, only claims for 2001-2005 would be barred by operation of §6532.

## III. REPLY

### A. This Court Does Not Have Jurisdiction Over Claims of "Non-Filing" Claimants for Tax Years 1995-2004.[3]

The parties do not dispute that non-filing claimants for tax years 1995-2004 have not made any form of administrative claim for a refund of their EIC, as required by §7422, within the time limit prescribed by § 6511. As such, under well-settled law, this Court cannot assert jurisdiction over these claims. None of the arguments made by the settling parties credibly support a contrary conclusion.

#### 1. The Jurisdictional Holdings in *Simpao* Are Limited to Class Members Who Timely Filed Tax Returns.

All settling parties attempt to rely on holdings obtained in the *Simpao* action to find jurisdiction for non-filing claimants. But the *Simpao* holdings are necessarily tied to the facts and issues presented in the *Simpao* case. *Simpao* alleged she timely filed tax returns in each year for which she sought payment of an EIC; and the class defined in *Simpao* includes only taxpayers who also timely filed tax returns for each claim year. Thus the issue before the Court was whether a ***timely filed*** tax return constitutes a ***timely filed*** administrative claim for an EITC -- under the circumstances presented in this case (*i.e.*, where the government provided no mechanism for taxpayers to make a perfected EITC claim and affirmatively stated on tax return forms that the EITC did not apply on Guam).

---

[3] Claimants for tax year 2005 can timely file administrative claim through April 15, 2007.

SIMPAO PLAINTIFFS' REPLY BRIEF
SUBMITTED PURSUANT TO THE
COURT'S ORDER OF DEC. 7, 2006
Page 7

VAN DE VELD SHIMIZU CANTO & FISHER
167 East Marine Corps Drive, Suite 101
Hagatna, Guam 96910
Tel. 671.472.1131
Fax 671.472.2886

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
Tel. 206.682.5600
Fax 206.682.2992

Case 1:04-cv-00006   Document 374   Filed 12/22/2006   Page 7 of 19

Notably, when Judge Lew denied the government's motion to dismiss *Simpao*'s claims for failure to timely exhaust administrative remedies, he did so, not because § 6511's limitations period could be equitably tolled, but because *Simpao's* First Amended Complaint expressly "allege[d] that sufficient administrative refund claims associated with EIC's were timely filed pursuant to 26 U.S.C. § 6511." *Order* [denying 12(b) dismissal], J. Lew, Mar. 17, 2005, at 13, CV04-00049 (Docket No. 53). Later, in moving for summary judgment, *Simpao* argued the timely tax returns that she and class members had filed should be considered sufficiently particularized administrative claims for EIC's for purposes of compliance with § 7422 and § 6511. *Mtn. for Partial Summ. Judg.*, § II.B.3., pp.18-20, *Simpao* Docket No. 60. In granting her motion, Judge Martinez rightly held "the filing of ***the*** tax returns [not ***a*** tax return] should be considered a claim satisfying the jurisdictional requirement of 26 U.S.C. ***§ 6511.***" *Order* [granting partial summary judgment], J. Martinez, June 15, 2005, at 9, CV04-00049 (Docket No. 99) (emphasis added).

The Court did not hold, as the Governor implies, that an ***untimely*** filed tax return could satisfy the jurisdictional requirement of §6511 – nor could it. As noted above, the law gives this Court some discretion to equitably determine how much information a taxpayer must have provided to find she "made a claim" for purposes of § 7422, but no discretion to relax the time limit of § 6511. The Court's prior holding, of necessity, is limited to a theory inapplicable to non-filing claimants. Thus the Governor's argument that the *Simpao* Summary Judgment Order would confer Section 6511 jurisdiction based on a tax return filed today as part of the settlement claims procedure is wrong. However, the holding does ensure taxpayers who were diligent and filed tax returns in 1996-2006 can recover their EICs in this tax refund action – ***provided that*** the action itself is not time barred by § 6532(a)(1). *See* Summ. J. Order at n.13.[4]

---

[4] The Governor simply has it wrong when he asserts Judge Martinez did not decide the question of whether § 6511 could bar these claims. He expressly did. What he did not decide was whether § 6532 might otherwise bar the tax refund action – the issue addressed in the next section. In his Sept 14, 2005 Order, Judge Martinez reiterated that compliance with § 6532 was the open question when he misinterpreted the *Simpao* Plaintiffs' statement that the Court held "the claims" were not time barred to mean that *Simpao* was asserting the Court had held "the action" was not time barred.

SIMPAO PLAINTIFFS' REPLY BRIEF
SUBMITTED PURSUANT TO THE
COURT'S ORDER OF DEC. 7, 2006
Page 8

VAN DE VELD SHIMIZU CANTO & FISHER
167 East Marine Corps Drive, Suite 101
Hagatna, Guam 96910
Tel. 671.472.1131
Fax 671.472.2886

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
Tel. 206.682.5600
Fax 206.682.2992

Case 1:04-cv-00006   Document 374   Filed 12/22/2006   Page 8 of 19

Finally, as the Court well knows, the parties' "agreement" that jurisdiction exists has no relevance to the question. Jurisdiction cannot be conferred by virtue of an agreement between the parties, it must be found to exist beforehand by this Court. See *Presidential Gardens Associates v. United States*, 175 F.3d 132 (2d Cir. 1999). There is no credible basis to argue jurisdiction exists for persons who did not even file a tax return in the early claim years. That is precisely why the *Simpao* EIC class did not include them, and they should not be included, in the definition of the true tax refund action class.

2. Equitable Tolling or Estoppel Cannot Cure a §6511 Time bar.

*Santos* and *Torres* argue this Court can exercise jurisdiction over non-filing class members by applying doctrines of futility and other equitable theories to toll the § 6511 limitations period or estopping the government from asserting failure to exhaust as a defense. These arguments simply ignore the realities of the strict jurisdictional requirements of the tax statutes and the prohibition against courts or officials attempting to waive strictly construed waivers of sovereign immunity. See e.g. *Quarty v. U.S.*, 170 F.3d 961, 973 (9th Cir. 1990) (holding the requirements of §7422 and §6511 must be met even if it is undisputed exhaustion would be futile). As J. Lew noted, in a prior order in *Simpao*:

> The Court also notes the Supreme Court's elimination of the possibility of equitable tolling . . . § 6511 . . . [and] other unmentioned open ended equitable exceptions to the statute. Thus any argument by Plaintiffs that the statute of limitations should be tolled due to any action by Defendant cannot survive.

March 17, 2005 Order (*Simpao* Docket No.53) at p.12, *citing U.S. v. Brockamp*, 519 U.S. 347, 352 (1997).

Cases cited by *Santos and Torres* do not hold otherwise. For example, in *Lemoge v. U.S.*, 378 F.Supp. 228, 232-33 (N.D.Cal. 1974), *see Santos/Torres* Brief at 6, the court held only that it would not bar a claim the government asserted had not been administratively filed as required by

SIMPAO PLAINTIFFS' REPLY BRIEF
SUBMITTED PURSUANT TO THE
COURT'S ORDER OF DEC. 7, 2006
Page 9

VAN DE VELD SHIMIZU CANTO & FISHER
167 East Marine Corps Drive, Suite 101
Hagatna, Guam 96910
Tel. 671.472.1131
Fax 671.472.2886

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
Tel. 206.682.5600
Fax 206.682.2992

Case 1:04-cv-00006    Document 97-4    Filed 12/22/2006    Page 9 of 19

§ 7422, where: it was the second of two claims; it was identical to the first claim which the government admitted had been timely filed; and therefore, notice of the redundant second claim had adequately been provided through the filing of the first. Thus the *Lemoge* court did not excuse § 7422 compliance, but rather like Judge Martinez did in *Simpao*, found the claim had been sufficiently "made" albeit in a different form than usual.

*Santos* and *Torres* also attempt to make the same argument for these claims on which *Simpao* prevailed for those who did file tax returns *i.e.*, that §7422 requirements regarding the form of a claim can be waived and/or equitably relaxed. Even if that argument could be accepted in the complete absence of any actual filing, *Santos* and *Torres* offer no theory or authority for this Court to also find § 6511 time limits were met – an equal precondition to finding jurisdiction.

3. <u>The EITC Claim Filing Procedure Established in Executive Order 2005-01 Can Not Confer Jurisdiction Over Otherwise Time Barred EIC Claims.</u>

The *Simpao* amended Complaint, filed February 1, 2005, made it clear that the absence of a claim filing mechanism was an ***ongoing*** cause of injury that required its own form of relief. In response, the Governor issued Executive Order 2005-01 establishing a claims filing procedure. This provided a way for claimants whose claims were not yet time barred (post-2003 claims) to affirmatively file a fully particularized EITC claim that would be deemed timely independent of the *Simpao* holding. Notably, at the time the order was issued, *Simpao* had not yet obtained the summary judgment holding establishing jurisdiction for those who had filed tax returns. Thus a claim filed pursuant to the Executive Order provides a second means for post-2003 claims to establish §7422 and § 6511 jurisdiction. But the act of filing a pre-2003 claim pursuant to the Executive Order can not confer jurisdiction because such claims were already untimely and the Governor does not have the authority to waive the §6511 requirement established by Congress.

In sum, nether the Governor, nor *Santos* and *Torres* have offered any valid basis for this Court to assert jurisdiction over claims of non-filing class members.

SIMPAO PLAINTIFFS' REPLY BRIEF
SUBMITTED PURSUANT TO THE
COURT'S ORDER OF DEC. 7, 2006
Page 10

VAN DE VELD SHIMIZU CANTO & FISHER
167 East Marine Corps Drive, Suite 101
Hagatna, Guam 96910
Tel. 671.472.1131
Fax 671.472.2886

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
Tel. 206.682.5600
Fax 206.682.2992

Case 1:04-cv-00006   Document 374   Filed 12/22/2006   Page 10 of 19

B. **None of the Consolidated Tax Refund Actions are Time Barred by Operation of 26 U.S.C. § 6532**

1. Title 26 U.S.C. §6532 Was Not Triggered by Pre-Printed Tax Return Forms.

The governor makes a token attempt to argue the Court could hold the language pre-printed on Guam's tax forms constituted "actual notice" of claim denial sufficient to trigger the limitations period of 6532(a)(1), thus barring this refund action for tax years 1995-1996 and 1999-2003. But, as thoroughly briefed by *Simpao*, because the government never took the statutorily required steps to trigger the limitations period, the action cannot be time barred. See also *Thomas v. United States*, 166 F.3d 825, 830 (6th Cir. 1999) (holding that because Government did not send disallowance notice by registered or certified mail, the limitation period of § 6532 did not start); *First Alabama Bank v. United States*, 981 F.2d 1226, 1228 (11th Cir. 1993) ("The scope of this waiver of sovereign immunity [in §6532] is limited by the conditions attached to it by Congress").

The cases the Governor cites do not support any other conclusion. In *Smith v. United States*, the court did not hold that mailing of the disallowance notice was not required, rather it noted that a denial notice was in fact mailed and received and held only that the particular form of the mailed notice was immaterial to the running of the statute of limitation. 404 F.2d 668, 673 (3d Cir. 1968). The case of *Finkelstein v. United States*, 943 F.Supp. 425 (D.N.J. 1996), is equally inapplicable as it too involved a circumstance where a disallowance notice was in fact mailed and received.[5] Finally, the *Berger v. C.I.R.* case cited by the Governor applies to an entirely different section of the tax code, 26 U.S.C. § 6212 as opposed to § 6532. The Court found only that a Congressional amendment to the language of §6212 eliminated the mailing requirement for that particular type of notice, namely a notice of deficiency. Such language does not exist in §6532. The law requires a mailing the government never made, thus the limitation period of 26 U.S.C. §6532 has never been triggered and cannot bar these actions.

---

[5] *Simpao* thoroughly addressed the holding and treatment of *Finkelstein v. United States* (943 F.Supp. 425 (D.N.J. 1996) in her opening brief.

SIMPAO PLAINTIFFS' REPLY BRIEF SUBMITTED PURSUANT TO THE COURT'S ORDER OF DEC. 7, 2006
Page 11

VAN DE VELD SHIMIZU CANTO & FISHER
167 East Marine Corps Drive, Suite 101
Hagatna, Guam 96910
Tel. 671.472.1131
Fax 671.472.2886

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
Tel. 206.682.5600
Fax 206.682.2992

Case 1:04-cv-00006   Document 374   Filed 12/22/2006   Page 11 of 19

2. *Simpao* Does Not Dispute the Governor Can Extend the §6532 limitations period.

The Governor notes that, pursuant to *Kaffenberger v. United States*, 314 F.3d 944 (8th Cir. 2003), he has the authority to extend the limitations period prescribed by §6532, even after the period has lapsed. Governor's Brief at 4. *Simpao* does not dispute, and in fact supports, the Governor's position. *Simpao* importantly notes, however, that under the facts of these cases, Guam's poorest tax payers are not dependent on permission from the Governor to access this Court for relief. This Court would have jurisdiction over litigation on the merits as well as settlement proceedings. Further, even if the Court found the government had properly triggered §6532 (which it did not), Guam's taxpayers still need not rely on the Governor for jurisdiction. The Court itself can, and should, equitably extend Section 6532's limitations period. *See e.g.*, *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204 (9th Cir. 1995).

**C.     Court Contact with the Mediator.**

Given all parties have waived confidentiality, Plaintiff can think of no reason this Court should not feel free to independently contact the mediator and discuss the circumstances of the last mediation. Settling parties offer no reason or legal support for their contention the mediator can only provide input in open Court.

**D.     Pre Approval Payments for 1997 and 1998.**

The settling parties briefing only confirms that the premature pay-out of 1997 and 1998 class year claims is unfairly coercive. It takes advantage of a relatively poor taxpayers' natural inclination to accept a payment now rather than later even when so doing automatically opts her in to a settlement for all remaining years, the terms of which she does not yet know because the checks go out before class notice. The Defendant Governor admits his purpose is to entice class members to participate in its settlement and candidly acknowledges it is in the Defendant's best interest while disregarding the interests of the Class. Even more problematic is *Santos'* and *Torres'* agreement to such a coercive tactic clearly not in the best interest of the Class they are supposed to represent. *Santos* and *Torres* close by arguing the Government always had the option to pay these class years apart from the settlement. But the Government never had the

SIMPAO PLAINTIFFS' REPLY BRIEF
SUBMITTED PURSUANT TO THE
COURT'S ORDER OF DEC. 7, 2006
Page 12

VAN DE VELD SHIMIZU CANTO & FISHER
167 East Marine Corps Drive, Suite 101
Hagatna, Guam 96910
Tel. 671.472.1131
Fax 671.472.2886

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
Tel. 206.682.5600
Fax 206.682.2992

Case 1:04-cv-00006     Document 374     Filed 12/22/2006     Page 12 of 19

option to conditionally pay EIC's rightfully due. Further, the government has not paid these claims and, while it has provided a claims mechanism, it has continued to deny its obligation to pay the EIC and has paid no claims filed pursuant to the Executive Order or with 2005 tax returns. In fact, absent the recognition that EIC applies on Guam, it is entirely unclear what authority allows the Governor to suddenly issue checks to a selected group of Guam taxpayers.

### E. The Role of These Issues In the Context of a Preliminary Approval Hearing[6]

For the Court to grant preliminary approval of this settlement it must find: (1) it has jurisdiction over all claims settled; (2) the class, as defined, can satisfy the requirements for certification pursuant to CR 23; and (3) that it is likely the Court will ultimately find the settlement fair, adequate and reasonable. Manual for Complex Litigation, 4th Ed., § 21.632, at 422. "There is no purpose served by sending out a proposed settlement to class members if it does not appear preliminarily to be within the range of an approvable proposal." *Liebman v. J.W. Petersen Coal & Oil Co.*, 73 F.R.D. 531, 535 (N.D. Ill. 1973). One of several factors that will inform this later holding is the Court's assessment of the strength of the Class' claims. Manual for Complex Litigation, 4th Ed., at § 21.62. It is axiomatic, however, that before the Court evaluates any aspect of the settlement, it must first find jurisdiction.

#### 1. The Court Has an Independent Duty to Ensure it Has Jurisdiction.

*Santos*, *Torres* and the Governor wrongly claim this Court need not evaluate its jurisdiction as long as the parties agree to confer jurisdiction. But, as the Court well knows, parties cannot confer jurisdiction that does not constitutionally or statutorily exist. *United States v. Garbutt Oil Co.*, 302 U.S. 528, 533-34, 58 S.Ct. 320 (1938).

The case wrongly relied on by *Santos* and *Torres*, *Air Line Stewards and Stewardesses Association, Local 550 v. Trans World Airlines, Inc.*, 630 F.2d 1164 (7th Cir. 1980), for the proposition the Court can accept uncertainty in its jurisdiction, is a rarity dependent on

---

[6] The section is provided in strict reply to the *Santos* supplemental briefing on the standard for preliminary approval and its comments.

SIMPAO PLAINTIFFS' REPLY BRIEF
SUBMITTED PURSUANT TO THE
COURT'S ORDER OF DEC. 7, 2006
Page 12

VAN DE VELD SHIMIZU CANTO & FISHER
167 East Marine Corps Drive, Suite 101
Hagatna, Guam 96910
Tel. 671.472.1131
Fax 671.472.2886

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
Tel. 206.682.5600
Fax 206.682.2992

Case 1:04-cv-00006  Document 374  Filed 12/22/2006  Page 13 of 19

circumstances not present here. The Court in *Trans World* had previously held in the same case now settling, that it did not have jurisdiction over 92% of class members' claims because of their failure to comply with a jurisdictional prerequisite (timely filing a claim with the EEOC). When it later assumed jurisdiction to approve a settlement, it found it significant that a challenge to its jurisdictional holding of first impression was pending before the U.S. Supreme Court. Thus in *Trans World*, the jurisdictional issue was unsettled; in fact, the circuit courts were split as to whether the prerequisite to suit really was jurisdictional in nature. While the *Trans World* Court grounded its settlement jurisdiction on its belief it could allow uncertainty as to jurisdiction to inform and motivate a settlement, *id.* at 1167-68, that Court also had a colorable basis to assert jurisdiction given the state of the law. No such uncertainty in the law exists here. Further, the Fifth Circuit Court of Appeals has held the opposite. *McArthur v. Southern Airways, Inc.*, 569 F.2d 276, 277 (5th Cir. 1978). That Court reversed a district court's approval of a settlement on the grounds the court lacked jurisdiction over the action and thus lacked authority to approve the settlement.

The Court must establish it has jurisdiction over the claims presented in the proposed settlement. As argued above, however, the Court cannot do that here given *Santos* and *Torres*' inclusion of non-filers in the class.[7]

2. <u>The §6511 Jurisdictional Issue is also Relevant to Class Certification.</u>

The court's finding on the § 6511 issue also informs its assessment of whether the class proposed in this settlement can be certified. As *Simpao* noted in her Motion for Class Certification, the only tax refund cases that have been certified for class treatment are those in which each and every class member's compliance with the exhaustion requirements of §§ 7422 and 6511 was objectively demonstrated and undisputed. *See e.g., Appoloni v. United States*, 218 F.R.D. 556, 562 (W.D. Mich. 2003). Where that is not the case, courts deny certification on the

---

[7] *Santos* and *Torres* make an appealing plea that those who did not file a tax return should be included because it is possible they had no reason to file a return if they believed the EITC did not apply. But neither *Santos* and *Torres* nor the Government has put forth any analysis as to how many potential class members might both: (1) be in the subclass of non-filers; and (2) have not been entitled to any refund absent a claim for the EIC.

SIMPAO PLAINTIFFS' REPLY BRIEF SUBMITTED PURSUANT TO THE COURT'S ORDER OF DEC. 7, 2006
Page 14

VAN DE VELD SHIMIZU CANTO & FISHER
167 East Marine Corps Drive, Suite 101
Hagatna, Guam 96910
Tel. 671.472.1131
Fax 671.472.2886

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
Tel. 206.682.5600
Fax 206.682.2992

Case 1:04-cv-00006    Document 374    Filed 12/22/2006    Page 14 of 19

basis that compliance with the exhaustion requirement is an individual issue. *See e.g., Saunooke v. United States*, 8 Cl. Ct. 327, 330-31 (1985). Thus to meet CR 23 requirements, exhaustion should be alleged for the class as a whole and be objectively determinable for all class members. The Court's holding in *Simpao* provided a uniform objectively determinable basis for the Court to find the exhaustion requirement was met for all class members who timely filed tax returns, thus ensuring the presence of individual issues would not prevent CR 23 certification. The failure of *Santos* and *Torres* to define the class in such a manner is another problematic aspect of the settlement even if the Court could find jurisdiction.

    3.    <u>The Court's Assessment of the Fairness of the Settlement Depends in Part on its View of the § 6532 Jurisdictional Issue.</u>

In addition to determining jurisdiction, the Court's assessment of whether § 6532 could bar these actions is the primary factor informing the strength of Plaintiffs' claims. This is because the Court has already found the EIC applies to Guam. *Order* [granting partial summary judgment], J. Martinez, June 15, 2005, at 7-8, CV04-00049 (Docket No. 99). Thus the Governor's only defense is to argue procedural barriers to suit such as the §6532 time bar. The Governor is simply wrong when he states the Court need not determine this issue because he has agreed "in the context of settlement" to extend the limitations period. As noted above, taxpayers do not need the Governor's consent to establish jurisdiction. Further, given the jurisdictional holding of *Simpao* and the strength of Plaintiff's §6532 jurisdiction, the settlement inappropriately discounts claims associated with tax years potentially time barred. Ironically, Santos and Torres note in their briefing that if "Plaintiffs had a judicial ruling that the statutes of limitations did not bar any EIC claim , Plaintiffs may not have settled or settled for the amounts in the agreements . . . ." *Santos/Torres* Bf. at 15. Yet *Santos* refused to account for the significant holding *Simpao* obtained (and on which he now seeks to rely), in allowing many class members claims to be inappropriately discounted.

SIMPAO PLAINTIFFS' REPLY BRIEF
SUBMITTED PURSUANT TO THE
COURT'S ORDER OF DEC. 7, 2006
Page 15

VAN DE VELD SHIMIZU CANTO & FISHER
167 East Marine Corps Drive, Suite 101
Hagatna, Guam 96910
Tel. 671.472.1131
Fax 671.472.2886

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
Tel. 206.682.5600
Fax 206.682.2992

Case 1:04-cv-00006   Document 374   Filed 12/22/2006   Page 13 of 19

4. <u>The Ability to Opt Out Does Not protect These Class Members.</u>

If the Court approves the settlement before it, the claims of the *Simpao* plaintiffs and putative class members will be terminated unless they opt-out of the settlement. *Santos and Torres* refer often to this ability to opt-out as if it provides ultimate and complete protection from an inadequate settlement. But courts well recognize where, as here, individual class members' claims are relatively small, the cost of individual resolution through litigation cannot be justified. Thus opting out to pursue claims individually is not really a viable option and as a practical matter "the settlement will in effect bind objectors." *Churchill Village LLC v. General Electric*, 361 F.3d 566, 572 (9th Cir. 2004). This is precisely why, in a preliminary approval proceeding, Courts frequently hear from counsel for competing class actions. See *e.g., id.* (noting counsel from two competing class actions participated in the preliminary approval and fairness hearing). *See also Manual for Complex Litgation, 4th ed. §21.632* at 422 (it is often prudent to hear from . . . attorneys . . . who did not participate in the settlement negotiations.")

Far from being disruptive, as *Santos/Torres* claim, the additional input ensures full representation of the class and adds perspective helpful to the Court's assessment. Further, given this action involves a government tax program, it is even more important that these consolidated actions result in a uniform and final resolution of the EIC issue that will sustain scrutiny from potential objectors, at present unknown.

5. <u>The Court Itself Cannot Cure The Defects on Which It has Sought Briefing.</u>

In reviewing the settlement before it, the Court can not parse the settlement, approving it for some claims and denying it for others.

> Neither the district court nor this court have the ability to 'delete, modify or substitute certain provisions. The settlement must stand or fall in its entirety.

*Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998) (internal citation omitted).

SIMPAO PLAINTIFFS' REPLY BRIEF
SUBMITTED PURSUANT TO THE
COURT'S ORDER OF DEC. 7, 2006
Page 16

VAN DE VELD SHIMIZU CANTO & FISHER
167 East Marine Corps Drive, Suite 101
Hagatna, Guam 96910
Tel. 671.472.1131
Fax 671.472.2886

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
Tel. 206.682.5600
Fax 206.682.2992

Case 1:04-cv-00006   Document 374   Filed 12/22/2006   Page 16 of 19

Given the jurisdictional defects here, this Court can do no more than to deny approval of the proposed settlement. *See Grunin v. International House of Pancakes*, 513 F.2d 114, 123 (8th Cir. 1975) (court cannot lend approval to agreement that violates the law). But in denying approval, the Court can identify the settlement's deficiencies such that the parties can address those deficiencies in subsequent negotiations and hopefully return to the Court with an improved and approvable settlement.

The Court must also decide how these consolidated class cases should be jointly managed going forward, whether in further settlement negotiations or in litigation on the merits. In fact, this Court had previously requested briefing on who should be lead counsel but stayed that order when the Governor and *Santos* represented they would make an effort to achieve a "global settlement." Typically in consolidated class actions, the Court solicits briefing on the subject and appoints one set of counsel as lead counsel or it appoints a lead counsel committee consisting of selected counsel from the various actions. Newberg on Class Actions, 4th Ed., §9:35. Alternatively, if completing class counsel cannot agree on an approach, the court must elect lead counsel from among them. Manual for Complex Litigation, 4th Ed. § 21.272.

### G. Conclusion.

The facially apparent defects of the proposed settlement are so fundamental they fail the foundational threshold for this Court to grant preliminary approval of the agreement. For all the reasons stated herein and in prior briefing, the Court should deny preliminary approval of the proposed settlement.

\\
\\
\\
\\
\\

SIMPAO PLAINTIFFS' REPLY BRIEF
SUBMITTED PURSUANT TO THE
COURT'S ORDER OF DEC. 7, 2006
Page 17

VAN DE VELD SHIMIZU CANTO & FISHER
167 East Marine Corps Drive, Suite 101
Hagatna, Guam 96910
Tel. 671.472.1131
Fax 671.472.2886

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
Tel. 206.682.5600
Fax 206.682.2992

Case 1:04-cv-00006    Document 374    Filed 12/22/2006    Page 17 of 19

Respectfully submitted this 22nd day of December, 2006.

          VAN DE VELD SHIMIZU CANTO & FISHER

By: _____
    James L. Canto II

TOUSLEY BRAIN STEPHENS PLLC
    Kim D. Stephens, P.S., *Pro Hac Vice*
    Nancy A. Pacharzina, *Pro Hac Vice*

Attorneys for Plaintiffs Simpao, Naputi & Cruz

SIMPAO PLAINTIFFS' REPLY BRIEF
SUBMITTED PURSUANT TO THE
COURT'S ORDER OF DEC. 7, 2006

Page 18

VAN DE VELD SHIMIZU CANTO & FISHER
167 East Marine Corps Drive, Suite 101
Hagatna, Guam 96910
Tel. 671.472.1131
Fax 671.472.2886

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
Tel. 206.682.5600
Fax 206.682.2992

Case 1:04-cv-00006   Document 374   Filed 12/22/2006   Page 18 of 19

# CERTIFICATE OF SERVICE

I, JAMES L. CANTO II, certify that I caused a copy of the foregoing document here filed to be served on the following individuals or entities on December 22, 2006, via hand delivery at the following addresses:

Counsel for Petitioner
   Charmaine Torres
Peter C. Perez, Esq.
Lujan, Aguigui & Perez, LLP
Pacific News Bldg., Ste. 300
238 Archbishop Flores St.
Hagatna, Guam 96910

Counsel for Respondent
   Felix P. Camacho
Daniel M. Benjamin, Esq.
Calvo & Clark, LLP
655 S. Marine Corps Drive, Ste. 202
Tamuning, Guam 96913

Counsel for Respondent
   Felix P. Camacho
Shannon Taitano, Esq.
Office of the Governor of Guam
Governor's Complex
East Marine Corps Drive
Adelup, Guam 96910

Counsel for Respondents
   Artemio Ilagan and Lourdes Perez
Rawlen M.T. Mantanona, Esq.
Cabot Mantanona LLP
BankPacific Building, 2nd Floor
825 South Marine Corps Drive
Tamuning, Guam 96913

Counsel for Petitioner
   Julie Babauta Santos
Michael F. Phillips, Esq.
Phillips & Bordallo, P.C.
410 West O'Brien Drive
Hagatna, Guam 96910

Respectfully submitted this DECEMBER 22, 2006

VAN DE VELD SHIMIZU CANTO & FISHER
TOUSLEY BRAIN STEPHENS PLLC

_____
James L. Canto II
Attorneys for Plaintiffs