DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| JULIE BABAUTA SANTOS, *et al.*, <br> Petitioners, <br> vs. <br> FELIX A. CAMACHO, *et al.*, <br> Respondents. | Civil Case No. 04-00006 <br><br> **ORDER** |
| CHARMAINE R. TORRES, *et al.*, <br> Plaintiffs, <br> vs. <br> GOVERNMENT OF GUAM, *et al.*, <br> Defendants. | Civil Case No. 04-00038 |
| MARY GRACE SIMPAO, *et al.*, <br> Plaintiffs, <br> vs. <br> GOVERNMENT OF GUAM, <br> Defendant, <br> vs. <br> FELIX P. CAMACHO, Governor of Guam, <br> Intervenor-Defendant. | Civil Case No. 04-00049 |

This matter came before the court on January 4, 2007, for a hearing on the Motion for Preliminary Approval of Class Action Settlement Agreement ("proposed Settlement Agreement").[1] As the hearing began, the court informed the parties that it was generally in favor of settlement but that it was concerned that it lacked jurisdiction over taxpayers included in the proposed settlement class who had never filed a tax return (the "non-filers").[2] After the court gave the parties a 15 minute recess to discuss the court's specific concern, the settling parties agreed to redact those provisions in the proposed Settlement Agreement concerning the non-filers.

The parties also addressed and agreed during the hearing that the statute of limitations as set forth in 26 U.S.C. § 6532 may be waived. Section 6532(a)(2) provides for an extension of the statute of limitations if agreed upon between the taxpayer and Department of Revenue and Taxation.[3] This court agrees that the government may waive the statute of limitations and will not see this provision as an impediment for purposes of preliminary approval of the class action settlement agreement. However, the court will not address at this time whether the government

---

[1] After reviewing the proposed Settlement Agreement subsequent to the December 1, 2006 status hearing, the court had some concerns and asked the parties for further briefing on the following four issues:
1. Whether the court lacks jurisdiction over those taxpayers included in the proposed settlement class whom have never filed a tax return;
2. Whether the statute of limitations of 26 U.S.C. § 6532 is commenced by the Guam Form 1040 tax forms containing the language that the Earned Income Credit (EIC) is inapplicable to Guam, and if so, whether this statute of limitation is waivable;
3. Whether parties oppose this court discussing with the mediator whether the *Simpao* plaintiffs were given a "meaningful opportunity" to participate in settlement negotiations; and
4. Whether the proposed immediate payout to 1997 and 1998 class members under the proposed settlement was proper.

[2] Even if a taxpayer files an administrative claim within the prescribed time period under 28 U.S.C. § 6511 (a), subsection (b) of this provision establishes "look-back" periods which limits the amount of refund or credit a taxpayer may recover. *Israel v. United States*, 356 F.3d 221, 223 (2nd Cir. 2004). The "look-back" periods of Section 6511(b) are **jurisdictional**. *Zeier v. United States*, 80 F.3d 1360, 1364 (9th Cir. 1996) (emphasis added).

[3] "(2) Extension of time. The 2-year period prescribed in paragraph (1) shall be extended for such period as may be agreed upon in writing between the taxpayer and the Secretary or his delegate." 26 U.S.C. § 6532(a)(2).

2

would be deemed to have waived this defense should the issue be litigated by the non-settling plaintiffs.

This court was also concerned that the *Simpao* plaintiffs may have not been given a "meaningful opportunity" to participate in settlement negotiations. In light of the court's concerns all the parties agreed on the record that the court could contact the mediator to discuss this matter.[4] The court spoke to the mediator, Retired Judge William J. Cahill, and finds that the *Simpao* plaintiffs were given an opportunity to fully participate in the negotiation process. Although the proposed terms may have been other than what the *Simpao* plaintiffs preferred, it is not this court's place to now renegotiate the terms in order to satisfy all the parties. To suggest otherwise would frustrate and most likely delay the process.

Lastly, the parties addressed the issue concerning the immediate payout to 1997 and 1998 class members under the proposed Settlement Agreement.[5] The *Simpao* plaintiffs argued that the payment of these class years before final approval of the proposed Settlement Agreement is unfairly coercive. With respect to the immediate $10 million dollar settlement, the proposed Settlement Agreement provides:

> Any person receiving a check under this subdivision shall receive the class notice (Exhibit C) as well as a separate notice as to the consequences of depositing or not depositing the check, which shall be in the form of the notice attached hereto as Exhibit "D".

Settlement Agreement § VI(e)(i)(4) (1998 checks), § VI(e)(ii)(3)(1997 checks).

Before cashing a check based upon the early payment, a qualifying class member will receive both the general class notice and the special notice that advises him/her of the consequence

---

[4]In fact, all the parties encouraged the court to broaden its discussion with the mediator to discuss any matter of concern and not limit its discussions to the level of participation by the *Simpao* plaintiffs.

[5]Although the *Simpao* plaintiffs also raised other concerns, the court notes that those matters are better addressed at a fairness hearing. In addition, the court finds that the *Simpao* plaintiffs were given a greater level of participation than otherwise may have been warranted at this juncture considering they were not parties to the proposed Settlement Agreement. Notwithstanding, the court finds that their participation was appreciated as they raised key issues concerning jurisdiction.

3

of cashing the check. Admittedly, this term is included to induce potential members to enter into the proposed Settlement Agreement. However, the court does not find this to be a coercive provision or anything other than what it is intended to be, which is simply an inducement.

At the conclusion of the hearing, the settling parties were instructed to file the revised Settlement Agreement taking into consideration the jurisdictional issue as to the non-filers. The settling parties have now submitted a revised Settlement Agreement ("Settlement Agreement"). It is upon review and consideration of it, including the exhibits attached thereto, that this court hereby **ORDERS** the following:

### PRELIMINARY APPROVAL

1. This court finds that it has jurisdiction over this action, and for purposes of settlement over each of the parties to the Settlement Agreement.

2. The court preliminarily finds that the Settlement Agreement is fair, adequate and reasonable after taking into account the fact that litigation is always uncertain and that delays are the norm. In addition, the court finds that the settlement encompassed by the Settlement Agreement was entered into after arm's length negotiations by experienced counsel and is sufficiently within the range of reasonableness so that notice of the Settlement Agreement should be provided to potential class members[6]. Accordingly, the terms of the Settlement Agreement are hereby preliminarily approved, and discovery is hereby stayed except to the extent discovery is necessary with respect to opt-outs, if any, and/or purposes of administering and consummating the Settlement Agreement, subject to further consideration thereof at the hearing on final settlement (the "Fairness Hearing").

### CONDITIONAL CLASS CERTIFICATION FOR SETTLEMENT PURPOSES

3. A party seeking class certification, bears the burden to establish a prima facie showing of each of the prerequisites of Rule 23(a) of the Federal Rules of Civil Procedure and to establish an appropriate ground for class action under Rule 23(b). *Blackie v. Barrack*, 524 F.2d

---

[6]The Settlement Agreement before the court is the third agreement proposed and is the result of the three (3) full days of negotiations held in Guam with the aid of an experienced class action mediator, the Honorable William J. Cahill.

4

891, 901 (9th Cir. 1975). This burden can be met by providing the court with a sufficient basis for forming a "reasonable judgment" on each requirement. *Id.*

Rule 23 provides in part:

> (a) **Prerequisites to a Class Action**. One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.
>
> (b) **Class Actions Maintainable**. An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition: . . .
>
> (3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

FED. R. CIV. P. 23(a) and (b)(3).

The first prerequisite is that the class is so numerous that joinder of all members would be impracticable. FED. R. CIV. P. 23(a)(1). In satisfying this requirement there is no exact numerical cut-off, the specific facts of each case must be examined to determine if impracticability exists. *See, e.g., General Tel. Co. v. EEOC*, 446 U.S. 318, 330 (1980). In this instance, the EIC class is believed to consist of more than ten thousand (10,000) taxpayers. *See* Joint Motion of the *Santos* and *Torres* Parties for Conditional Certification of the EIC Class for Settlement Purposes, at p. 5. To join that many members would be impracticable. Accordingly, the numerosity requirement is met.

The second prerequisite for class certification is that there are questions of law or fact common to the class. FED. R. CIV. P. 23(a)(2). To justify class action treatment, there must be some issue involved "common to the class as a whole," and relief must "turn on questions of law applicable in the same manner to each member of the class." *See General Tel. Co. v. Falcon*, 457 U.S. 147, 155 (1982). In this instance, the Petitioners and class members have been denied both

5

the opportunity to file for the earned income tax credit ("EIC") for several years and the recovery of the same. Indeed, for the commonality requirement to be met, there must only be one single issue common to the proposed class. *In re Telectronics Pacing Systems, Inc.*, 164 F.R.D. 222, 228 (S.D.Ohio 1995). This standard is satisfied by this common fact alone.

In order to satisfy the third prerequisite for class certification, the claims or defenses of the representative parties must be typical of the claims or defenses of the class. FED. R. CIV. P. 23(a)(3). A claim is typical if it: (1) arises from the same event or practice or course of conduct that gives rise to the claims of other class members; and (2) is based on the same legal theory as their claims. *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir.1992). The test requires that the class representative "must be part of the class and possess the same interest and suffer the same injury as the class members." *General Tel. Co. v. Falcon*, 457 U.S. 147, 156 (1982).

Here, the Respondents' "course of conduct" with respect to the various plaintiffs, *i.e.*, its failure to allow EIC claims and subsequent payment thereof is exactly the same. In addition, Petitioners' claims are also based on the same basic legal theory as the class. Thus, it would seem that Petitioners' claims are "typical" of those of the rest of the class.

The final prerequisite to a class action under Rule 23(a) is that "the representative parties will fairly and adequately protect the interests of the class." FED. R. CIV. P. 23(a)(4). According to the Ninth Circuit, representation is "adequate" if: (1) the attorney representing the class is qualified and competent; and (2) the class representatives do not have interests antagonistic to the remainder of the class. *See Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir.1978). The Petitioners and the class members possess the same interest in recovering the EIC and in the implementation of the earned income tax credit program. The Petitioners have vigorously pursued this action. Although there have been delays in this case, they cannot be attributed to Petitioners.[7]

///

---

[7] The court acknowledges that the delays in this action were in large part due to the lack of a sitting district judge in this jurisdiction (six different judges handled various matters) and issues concerning the legal representation of the Government and Governor of Guam.

Class certification can only be granted to the Petitioners if, "[t]he court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." FED. R. CIV. P. 23(b)(3). The court has already found that common questions of law and fact exist in the instant action, however, it must go one step further and find that such common questions "predominate" the action, or else class certification is inappropriate. *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234 (9th Cir.1996). "Implicit in the satisfaction of the predominance test is the notion that the adjudication of common issues will help achieve judicial economy." *Valentino*, 97 F.3d at 1234. In other words, in determining if common issues of fact and law predominate the action, the court will also take into consideration whether the resolution of questions common to all the class members through a class action would be far more efficient than having a number of separate trials. The Respondents' conduct with regard to implementation of the EIC is at the heart of all the Plaintiffs' cases. Accordingly, the court finds that common questions of law and fact do predominate in this case.

Having concluded that common questions of law and fact predominate, the last important issue for this court's consideration is whether a class action would be superior in this case where the Respondents failed to pay the EIC. The first factor for consideration is the interest of each member in "individually controlling the prosecution or defense of separate actions." FED. R. CIV. P. 23(b)(3)(A). This factor is more relevant where each class member has suffered sizeable damages or has an emotional stake in the litigation. *See, e.g., In re Northern Dist. of Cal., Dalkon Shield, Etc.*, 693 F.2d 847, 856 (9th Cir.1982). Here, where the monetary damages each plaintiff individually suffered are not that great, certifying a class action is favored. A class action in this matter is particularly appropriate where the individual plaintiff's claim are small in comparison to the litigation costs associated with a lawsuit. The court also notes that the EIC plaintiffs are lower income individuals who may not have the ability or inclination to retain counsel. Thus, under the circumstances, there appears to be no special desire to maintain individual actions.

The next factor is "the extent and nature of any litigation concerning the controversy already commenced by or against members of the class." FED. R. CIV. P. 23(b)(3)(B). In the instant case,

there are currently two other pending lawsuits. Because these lawsuits involve the same basic theories and claims of liability, it seems worthwhile to join together as many plaintiffs as possible to settle the matters.

The third factor to consider is "the desirability or undesirability of concentrating the litigation of the claims in the particular forum." FED. R. CIV. P. 23(b)(3)(C). In this case, where most of the potential plaintiffs are located here in Guam and where the witnesses and the particular evidence will also be found here, it is especially efficient for this court to hear the action as a class action as opposed to thousands of individual cases.

Consideration of "the difficulties likely to be encountered in the management of a class action" is the fourth and final factor under FED. R. CIV. P. 23(b)(3)(D). Commonly described as the manageability issue "encompass[ing] the whole range of practical problems that may render the class format inappropriate for a particular suit." *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156,164 (1974). However, for purposes of certifying a class for settlement purposes, this court need not address this factor. *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 620 (1997) (a district judge faced with a request to certify a settlement class "need not inquire whether the case, if tried, would present intractable management problems " under Rule 23(b)(3)).

In this case, the court finds that a class action is superior to other methods of litigation for the fair and efficient adjudication of the controversy. As noted, the EIC class is believed to consist of more than ten thousand (10,000) taxpayers. The court recognizes that given the economic limitations of probably most, if not all of the class members, resolution by individual lawsuits would be unrealistic. It is unlikely members would pursue separate lawsuits where the legal costs would probably exhaust any potential recovery. Multiple lawsuits would be an inefficient use of the limited resources of the parties. This court believes a class action will reduce litigation costs and promote greater efficiency, and in this instance appears superior to other methods of litigation.

4. Pursuant to Rule 23 of the Federal Rule of Civil Procedure, the court hereby conditionally finds that the prerequisites for a class action have been met and conditionally certifies the following class for settlement purposes only:

///

8

> All persons who do not elect to request exclusion from the class under the procedures described [in the Settlement Agreement] and: (1) were subject to the Guam Territorial Income tax ("GTIT") established in 48 U.S.C. § 1421i for tax years 1995-1996 and/or 1999-2004 and would have been eligible to file for the EIC established in 26 U.S.C. § 32 (as it applied in each respective tax year) if that program were applied in the Territory of Guam, and filed a timely tax return for the applicable tax year or year(s) in which the credit is sought; and/or (2) were eligible to receive an EIC credit under certain Guam territorial laws for tax years 1995-1996 and/or 1999-2004 that mirrored the federal EIC law (26 U.S.C. § 32), including the Guam Earned Income Program (Chapter 42 of 11 G.C.A.), and filed a timely tax return for the applicable tax year or year(s) in which the credit is sought; and/or (3) actually filed a claim for the EIC with DRT for tax year 1998 under the GTIT or Guam Earned Income Program (Chapter 42 of 11 G.C.A.) on or before April 15, 2002, and have not yet received full payment for that claim; and/or (4) actually filed a claim for the EIC with DRT for tax year 1997 under GTIT or Guam Earned Income Program (Chapter 42 of 11 G.C.A.) on or before April 16, 2001 and have not yet received full payment for that claim.

If the court declines to grant final approval of the Settlement Agreement at the Fairness Hearing, then the certification of the Class shall become null and void without further court action.

**APPOINTMENT OF CLASS REPRESENTATIVES**

5. The court further hereby conditionally finds that Petitioners, Julie B. Santos and Charmaine R. Torres, are adequate representatives of the Class under Rule 23(a)(4) of the Federal Rules of Civil Procedure. Among other things, the court finds that Petitioners interests are aligned with the interests of other members of the Class because all members of the Class allegedly have been denied the implementation and recovery of the EIC.

**APPOINTMENT OF LEAD COUNSEL**

6. Rule 23(g) states that "[u]nless a statute provides otherwise, a court that certifies a class must appoint class counsel. An attorney appointed to serve as class counsel must fairly and adequately represent the interests of the class." FED. R. CIV. P. 23(g)(1)(A) and (B). In appointing counsel, Rule 23(g) requires the court to consider the work counsel has done in "investigating potential claims in the action, counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the litigations, counsel's knowledge of the applicable law, and the resources counsel will commit to representing the class;. . . ." FED. R. CIV. P. 23(g)(1)(C). The court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." *Id.*

///

9

The court notes that Attorney Michael F. Phillips ("Attorney Phillips") was previously appointed as Interim Counsel for the EIC Class. The Petitioners now request that he be appointed as lead counsel.[8] Attorney Phillips has served as lead counsel in other class actions and complex cases. *See* Michael F. Phillips Declaration at ¶s 11-12 ("Phillips Decl"). It is evident to this court that he has the requisite experience in handling class actions to be able to advocate on behalf of the class in this instance.

In addition, the court takes notice of the fact that Attorney Phillips has a long history of taking on cases where the interests of the disenfranchised and downtrodden are involved. Phillips Decl. at ¶ 13. In addition, he has challenged the administration of every sitting Governor of Guam since his admission to the practice of law approximately 17 years ago. *Id.* This case concerns the government's failure to pay the EIC, an income tax credit for low-income working individuals and families. Attorney Phillips has spent years trying to get the government to pay the EIC and went so far as to obtain a ruling in 2001 from the Supreme Court of Guam that the EIC was applicable to Guam and that the Governor had to enforce and administer the EIC. While this ruling seemingly did not change the government's policy and practice of paying the EIC, Attorney Phillips filed the instant suit to further pursue the matter.

In light of Attorney Phillips' class action experience and work on this case, the court hereby appoints him as the lead class counsel for the Class, having determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedures are fully satisfied by this appointment.

### NOTICE TO POTENTIAL CLASS MEMBERS

7. Rule 23(e) requires that once the parties obtain preliminary approval of their settlement, "[t]he court must direct notice in a reasonable manner to all class members who would be bound by a proposed settlement, voluntary dismissal, or compromise." FED. R. CIV. P. 23(e). Proper notice should:

---

[8] The *Simpao* plaintiffs, however, oppose the appointment of Attorney Phillips. The court finds for purposes of proceeding with the Settlement Agreement, it would be better practice to appoint counsel who participated in the negotiations and is in favor of that agreement.

10

-- define the class and subclass;

-- describe clearly the options open to the class members and the deadlines for taking action;

-- describe the essential terms of the proposed settlement;

-- disclose any special benefits provided to the class representatives;

-- provide information regarding attorney fees;

-- indicate the time and place of the hearing to consider approval of the settlement, and the method for objecting to the settlement;

-- explain the procedures for allocating and distributing settlement funds;

-- provide information that will enable class members to calculate or at least estimate their individual recoveries, including estimates of the size of the class and any subclass;

-- explain the procedures for allocating and distributing settlement funds; and

-- prominently display the address and phone number of class counsel and the procedure for making inquiries.

Manual for Complex Litigation, Fourth, § 21.312. Rule 23 essentially gives the court complete discretion as to the manner of service of settlement notice. *See Franks v. Kroger Co.,* 649 F.2d 1216, 1222-1223 (6th Cir. 1981).

The parties propose that each class member be mailed a notice of the proposed class action settlement, as well as providing notice by publication. The proposed notice adequately describes the facts underlying this action. The proposed notice describes who members of the class are, and it provides the terms of the settlement. The proposed notice provides information regarding attorney's fees. The proposed notice provides information on how class members may object to the settlement, and clearly indicates contact information for both class counsel and defense counsel. Thus, the court conditionally approves the proposed notice, subject to the inclusion of the pertinent dates.

## CONCLUSION

Accordingly, based on the above, the court **ORDERS** that:

1) The parties' Motion for Preliminary Approval of Class Action Settlement Agreement is **GRANTED**. The Settlement Agreement is preliminarily approved;

11

2) The Motion for Conditional Certification of the EIC Class for Settlement Purposes is **GRANTED**;

3) The parties shall submit by hard copy and by email a "proposed" scheduling order setting forth all the triggering dates as required by the Settlement Agreement;

4) The Proposed Notice of Settlement is approved subject to the inclusion of pertinent dates, the parties should provide a copy of the Notice with the inclusion of the applicable dates no later than two days after the court issues the scheduling order setting forth the triggering dates. Thereafter, the court shall issue an order requiring the parties to provide the notice to the potential class members as required under the Settlement Agreement;

5) The Motion for Appointment of Counsel is **GRANTED**. Mr. Michael F. Phillips is hereby appointed as lead counsel for purposes of settlement; and

6) In light of this order, the June 17, 2004 Stipulated Order Granting Preliminary Approval of Class Action Settlement is vacated.

**IT IS SO ORDERED** this 9th day of January, 2007.

FRANCES M. TYDINGCO-GATEWOOD
Chief Judge
United States District Judge