1 [Appearing Counsel on next page]

FILED
DISTRICT COURT OF GUAM
JAN 25 2007 mba
MARY L.M. MORAN
CLERK OF COURT

**DISTRICT COURT OF GUAM**

**TERRITORY OF GUAM**

| | |
|---|---|
| JULIE BABAUTA SANTOS, *et. al.*, | Civil Case No. 04-00006 |
| Petitioners, | |
| -v- | **NOTICE OF SUBMISSION OF CLASS NOTICE** |
| FELIX P. CAMACHO, *et. al.* | |
| Respondents. | Civil Case No. 04-00038 |
| CHARMAINE R. TORRES, *et al.*, | |
| Plaintiffs, | |
| -v- | |
| GOVERNMENT OF GUAM, *et al.*, | |
| Defendants. | Civil Case No. 04-00049 |
| MARY GRACE SIMPAO, *et al.*, | |
| Plaintiffs, | |
| -v- | |
| GOVERNMENT OF GUAM, | |
| Defendant. | |
| -v- | |
| FELIX P. CAMACHO, Governor of Guam, | |
| Intervenor-Defendant. | |

**ORIGINAL**

SHANNON TAITANO, ESQ.
**OFFICE OF THE GOVERNOR OF GUAM**
Ricardo J. Bordallo Governor's Complex
Adelup, Guam 96910
Telephone: (671) 472-8931
Facsimile: (671) 477-6666

**EDUARDO A. CALVO, ESQ.**
**KATHLEEN V. FISHER, ESQ.**
**RODNEY J. JACOB, ESQ.**
**DANIEL M. BENJAMIN, ESQ.**
**CALVO & CLARK, LLP**
Attorneys at Law
655 South Marine Drive, Suite 202
Tamuning, Guam 96913
Telephone: (671) 646-9355
Facsimile: (671) 646-9403
Attorneys for *Felix P. Camacho, Governor of Guam*

**RAWLEN M.T. MANTANONA**
**CABOT MANTANONA LLP**
BankPacific Building, 2nd Floor
825 S. Marine Corps Drive
Telephone: (671) 646-2001
Facsimile: (671) 646-0777
Attorneys for Respondents *Lourdes M. Perez and Artemio B. Ilagan*

**MICHAEL F. PHILLIPS**
**PHILLIPS & BORDALLO, P.C.**
410 West O'Brien Drive
Hagåtña, Guam 96910
Telephone: (671) 477-2223
Facsimile: (671) 477-2329
Class Counsel and Attorneys for Petitioner *Julie Babauta Santos*

**IGNACIO C. AGUIGUI**
**PETER C. PEREZ**
**LUJAN AGUIGUI & PEREZ LLP**
300 Pacific News Building
Hagåtña, Guam 96910
Telephone: (671) 477-8064
Facsimile: (671) 477-5297
Attorneys for Plaintiff *Charmaine R. Torres*

Consistent with the Court's January 23, 2007 Scheduling Order, the undersigned parties hereby respectfully submit the final class notice for approval by the Court. It is attached hereto as Attachment "A."

Respectfully submitted this 25th day of January, 2007.

| | |
|---|---|
| **OFFICE OF THE GOVERNOR OF GUAM**<br>**CALVO & CLARK, LLP**<br>Attorneys for Respondent Felix P. Camacho,<br>Governor of Guam<br><br>By: _____<br>**DANIEL M. BENJAMIN** | **PHILLIPS & BORDALLO, P.C.**<br>Class Counsel & Attorneys for Petitioner<br>Julie Babauta Santos<br><br><br>By: _____<br>**MICHAEL F. PHILLIPS** |
| **CABOT MANTANONA LLP**<br>Attorneys for Respondents Lourdes M. Perez<br>and Artemio B. Ilagan<br><br>By: _____<br>**RAWLEN M.T. MANTANONA** | **LUJAN AGUIGUI & PEREZ LLP**<br>Attorneys for Plaintiff Charmaine R. Torres<br><br><br>By: _____<br>**PETER C. PEREZ** |

1

Case 1:04-cv-00006   Document 390   Filed 01/25/2007   Page 3 of 10

# ATTACHMENT "A"

| | |
|---|---|
| JULIE BABAUTA SANTOS and CHARMAINE R. TORRES, on behalf of themselves and a class of others similarly situated,<br><br>Petitioners,<br><br>v.<br><br>FELIX P. CAMACHO, etc., et. al.<br><br>Respondents. | CIVIL CASE NO. 04-00006 and 04-00038<br><br>NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION |

TO: ALL PERSONS WHO CLAIMED OR COULD HAVE CLAIMED AN EARNED INCOME TAX CREDIT UNDER THE GUAM TERRITORIAL INCOME TAX OR GUAM TERRITORIAL LAW FOR TAX YEARS 1995, 1996, 1999, 2000, 2001, 2002, 2003, OR 2004; AND
ALL PERSONS WHO FILED AN EARNED INCOME TAX CREDIT CLAIM UNDER THE GUAM EARNED INCOME PROGRAM OR THE GUAM TERRITORIAL INCOME TAX FOR TAX YEAR 1997 AND HAVE YET TO RECEIVE PAYMENT IN FULL FOR TAX YEAR 1997; AND
ALL PERSONS WHO FILED AN EARNED INCOME TAX CREDIT CLAIM UNDER THE GUAM EARNED INCOME PROGRAM OR THE GUAM TERRITORIAL INCOME TAX FOR TAX YEAR 1998 AND HAVE YET TO RECEIVE PAYMENT IN FULL FOR TAX YEAR 1998.

The above-captioned proceeding (the "Litigation") is pending before the District Court of Guam (the "Court"). In the Litigation, Julie B. Santos and Charmaine R. Torres (the "Plaintiffs") claim that they and other Guam taxpayers have been denied the right to file claims for earned income tax credit (the "EIC"), and have been denied the right to receive a refund of the EIC. The tax years covered by the Litigation are 1995 to 2004. The Respondents in the Litigation are the Government of Guam (the "Government"), Governor Felix P. Camacho, Director of Administration Lourdes M. Perez, and Director of Revenue & Taxation Artemio B. Ilagan (collectively "Respondents"). They have filed pleadings denying the claims and asserting various affirmative defenses.

The Court has conditionally ruled that the Litigation may be maintained on behalf of the following Class:

> All persons who do not elect to request exclusion from the class under the procedures described below and: (1) were subject to the Guam Territorial Income Tax ("GTIT") established in 48 U.S.C. § 1421i for tax years 1995-1996 and/or 1999-2004 and would have been eligible to file for the EIC established in 26 U.S.C. § 32 (as it applied in each respective tax year) if that program were applied in the Territory of Guam, and filed a timely tax return for the applicable tax year or year(s) in which the credit is sought; and/or (2) were eligible to receive an EIC credit under certain Guam territorial laws for tax years 1995-1996 and/or 1999-2004 that mirrored the federal EIC law (26 U.S.C. § 32), including the Guam Earned Income Program (Chapter 42 of 11 G.C.A.), and filed a timely tax return for the applicable tax year or year(s) in which the credit is sought; and/or (3) actually filed a claim for the EIC with DRT for tax year 1998 under the GTIT or Guam Earned Income Program (Chapter 42 of 11 G.C.A.) on or before April 15, 2002, and have not yet received full payment for that claim; and/or (4) actually filed a claim for the EIC with DRT for tax year 1997 under the GTIT or Guam Earned Income Program (Chapter 42 of 11 G.C.A.) on or before April 16, 2001 and have not yet received full payment for that claim.

This definition of persons who fall within or are excluded from the Class is referred to in this Notice as the "Class Definition."

I. **PURPOSE OF THIS NOTICE**

The purpose of this notice is to inform you, as a potential member of the Class, of: (a) the existence of the Litigation; (b) the proposed Class Action Settlement of the Litigation, described below; and (c) your rights with respect to the proposed Settlement. Those rights include the right to be excluded from the Class and the Settlement. If you are a Class Member and do not request exclusion in compliance with the procedures and deadline stated below, you will remain in the Class and be bound by the Settlement terms.

Plaintiffs' Counsel has investigated and evaluated the claims asserted in the Litigation and has determined that the proposed Settlement is fair, reasonable, and adequate for the Class as a whole, in light of the benefits of the Settlement and the disadvantages of continuing the Litigation. The proposed Settlement is a compromise of disputed claims and does not mean that Respondents admit liability.

## II. SETTLEMENT BENEFITS FOR CLASS MEMBERS

If the Court approves the Settlement, Respondents will make payments totaling up to $90 million for tax years 1995-96 and 1998-2004 to the Class Members to resolve their EIC claims. Tax year 1997 will be paid separately as stated below. Class Members will not receive interest on their EIC claims (except as to tax year 1997) and are waiving any right to interest on their EIC claims (except as to tax year 1997). The payment will be divided among Class Members as follows:

**A.** **Tax Year 1997:** The Government will pay the EIC Class 100% of any remaining amount owed for tax year 1997, together with any interest, on the same terms as it has paid previous tax year 1997 claims.

**B.** **Tax Year 1998:** The Government will pay the EIC Class not more than $15 million for their EIC claims for tax year 1998. This amount shall be divided proportionally among each claimant found eligible for the EIC by the Guam Department of Revenue & Taxation ("DRT") based on the value of his or her claim, up to 100%. Remaining amounts, if any, shall be utilized to fund claims for tax years Tax Years 1995, 1996, 1999, & 2000 as stated below.

**C.** **Tax Years 1995, 1996, 1999, & 2000:** The Government will pay the EIC Class not more than $15 million for their EIC claims for tax years 1995, 1996, 1999, and 2000 (combined), together with any remainder from the payment for tax year 1998. This amount shall be divided proportionally among each claimant found eligible for the EIC by DRT based on the value of their claim, up to 100%. Remaining amounts, if any, shall be utilized to fund claims for tax year 2001 as stated below.

**D.** **Tax Year 2001:** The Government will pay the EIC Class not more than $15 million for their EIC claims for tax year 2001, together with any remainder from the payment for tax years 1995, 1996, 1999, and 2000 (combined). This amount shall be divided proportionally among each claimant found eligible for the EIC by DRT based on the value of his or her claim, up to 100%. Remaining amounts, if any, shall be utilized to fund claims for tax year 2002 as stated below.

**E.** **Tax Year 2002:** The Government will pay the EIC Class not more than $15 million for their EIC claims for tax year 2002, together with any remainder from the payment for tax year 2001. This amount shall be divided proportionally among each claimant found eligible for the EIC by DRT based on the value of his or her claim, up to 100%. Remaining amounts, if any, shall be utilized to fund claims for tax year 2003 as stated below.

**F.** **Tax Year 2003:** The Government will pay the EIC Class not more than $15 million for their EIC claims for tax year 2003, together with any remainder from the payment for tax year 2002. This amount shall be divided proportionally among each claimant found eligible for the EIC by DRT based on the value of his or her claim, up to 100%. Remaining amounts, if any, shall be utilized to fund claims for tax year 2004 as stated below.

**G.** **Tax Year 2004:** The Government will pay the EIC Class not more than $15 million for their EIC claims for tax year 2004, together with any remainder from the payment for tax year 2003. This amount shall be divided proportionally among each claimant found eligible for the EIC by DRT based on the value of his or her claim, up to 100%. Remaining amounts, if any, shall be utilized to fund tax refunds and the EIC in tax year 2005 and future tax years.

**H.** **Payment of EIC Claims in Future Tax Years:** If the Settlement is approved by the Court as described below, the Government has agreed to pay the EIC to all qualifying persons in tax year 2005 and future tax years. Persons do not have to be Class Members to receive this benefit.

## III. CLAIMS PROCESS & DEADLINES

**A.** **Deadlines for Submitting a Claim (Except as to Tax Year 1997 and 1998).** The deadlines for Class Members to submit EIC claims for tax years 1995, 1996, 1999, 2000, 2001, 2002, 2003 and 2004 is May 8, 2007. No new claims are being accepted for tax years 1997 and 1998.

**B.** **Submit a Claim by Filing Form EIC-GU (Except as to Tax Year 1997 and 1998).** To submit a claim as a Class Member, you must submit the Form EIC-GU applicable to *each* year in wish you wish to make a claim. Claims must be filed with DRT or mailed to DRT on or before the deadline for the applicable tax year stated above. Form EIC-GU can be found at DRT and at other locations where Guam tax forms ordinarily are available. It also can be viewed and printed on-line at http://www.GovGuamdocs.com.

**C.** **Tax Return Required For Each Year.** For tax years 1995-2002, you must have already filed a tax return in a year to be eligible to file an EIC claim for that particular year. If you have not previously submitted a tax return (*e.g.* a Form 1040, 1040A, or 1040EZ) for tax year 2003 or tax year 2004 and you wish to make an EIC claim for one or both of those years, you <u>must</u> submit a tax return for the applicable year(s) along with submitting a Form EIC-GU to make a claim. As to tax year 2003, no new tax returns will be accepted after April 16, 2007, even though the time to file an EIC claim does not expire until May 8, 2007. If you already submitted a tax return for a tax

year, you do not need to file a new tax return. However, you can amend the return, if you wish, anytime within three years of when that return was first due. If more than three years have passed since that return was first due, you will not be able to amend it.

**D.      Persons Who Already Filed Form EIC-GU.** If you already submitted a Form EIC-GU for a tax year covered by the Litigation and the proposed Settlement, you do not need to file a new Form EIC-GU for that tax year. However, you may file a new Form EIC-GU within the time otherwise provided to file a claim if you wish to amend your previous filing or to correct an incomplete or defective Form EIC-GU filing. If you have already filed a Form EIC-GU, you will be included within the Class unless you request exclusion under the procedures and deadlines set forth below.

**E.      Procedures Governing Tax Year 1997.** To be eligible to receive any payment under the Settlement for tax year 1997, Class Members must have filed a claim for the EIC under the GTIT or the Guam Earned Income Program for tax year 1997 on or before April 16, 2001. No new or amended tax returns for tax year 1997 will be accepted. If you already filed a tax year 1997 EIC claim as stated herein, and you have not yet been paid in full for that claim, you will be included within the Class unless you request exclusion under the procedures and deadlines set forth below.

**F.      Procedures Governing Tax Year 1998.** To be eligible to receive any payment under the Settlement for tax year 1998, Class Members must have filed a claim for the EIC under the GTIT or the Guam Earned Income Program for tax year 1998 on or before April 15, 2002. No new or amended tax returns for tax year 1998 will be accepted. If you already filed a tax year 1998 EIC claim as stated herein, and you have not yet been paid in full for that claim, you will be included within the Class unless you request exclusion under the procedures and deadlines set forth below.

**G.      Processing of Claims and Governing Laws.** Once submitted, all EIC claims will be processed by the DRT, which shall apply all laws that ordinarily apply to tax refund claims except as otherwise provided in the Settlement. Claims are still subject to an audit, and claims will be denied if found to be invalid under the federal and local laws governing EIC eligibility for each respective tax year. False or inaccurate EIC claims shall remain subject to applicable penalties permitted by federal or territorial law, including reducing or denying an EIC claim or assessing fines or other civil or criminal sanctions. If it is found that you intentionally or recklessly submitted a false claim you can be barred from receiving the EIC in future years beginning with tax year 1997 pursuant to 26 U.S.C. § 32(k), a federal statute that applies to all claims for the EIC beginning January 1, 1997.

**H.      Application of Offsets.** If a claimant is found eligible for the EIC, Respondents shall retain the right to offset the amount of an EIC claim as provided for GTIT refunds in general by 26 U.S.C. § 6402. If your claim is subject to an offset, you will be notified regarding whom the offset amount has been paid to.

**I.      Right to Contest Particular Determinations.** With regard to any denial of a particular EIC claim or any assessment of any civil or criminal penalties, you shall maintain the right to challenge such a determination through all administrative and judicial processes afforded under federal or territorial law to a taxpayer as to any tax refund claim.

**IV.     WHEN CLAIMS WILL BE PAID**

**A.      Funding (except as to Tax Year 1997).** The Government has agreed to reserve at least fifteen percent (15%) of all amounts it places into the accounts it uses to pay general tax refunds to pay for the $90 million settlement payment. It is not known exactly how fast money will be reserved. But, the Respondents have already commenced reserving money and Respondents will be supplying monthly reports to the Court and Plaintiffs' Counsel regarding how much money has been reserved so that the Court can monitor compliance with the Settlement. Further, Respondents can utilize other funding should it become available to speed payment.

**B.      Funding (as to Tax Year 1997).** The Government has agreed to pay remaining EIC claims for tax year 1997 (most such claims having already been paid) from a reserved amount of $500,000.00 that is currently in the accounts the Government uses to pay general tax refunds. It has further warranted that this amount has been calculated by DRT to be sufficient to pay all outstanding 1997 claims. In the event that such reserved amount is insufficient to payment all outstanding 1997 claims, the Government shall utilize other funding sources permitted by law to pay all remaining 1997 claims.

**C.      Order of Payments.** As money is reserved, and only after final approval of the settlement and entry of the judgment by the Court, claims will be paid in the following order: (1) claims for tax years 1997 and 1998 (except as tax year 1997 and 1998 claims have been subject to "early" payment as described below); (2) claims for tax years 1995, 1996, 1999, and 2000 (collectively); (3) claims for tax year 2001; (4) claims for tax year 2002; (5) claims for tax year 2003; and (6) claims for tax year 2004. Within each tax year, claims will be paid in the order submitted to DRT.

**D.      Timely Processing of Claims.** On or before April 2, 2007, DRT will have processed all claims for tax years 1997 and 1998. On or before July 9, 2007, DRT will have processed all claims for tax years 1995, 1996, 1999, 2000, and 2001. On or before September 5, 2007, DRT will have processed all claims for tax years 2002, 2003, and 2004. After the completion of the periods for processing claims for each respective tax year, DRT will calculate the total amount of claims it has found to be valid for that respective tax year and calculate

the percentage of each claim that shall be paid (up to 100%). DRT will then certify the claims and percentage amounts that should be paid pursuant to the provisions of the Settlement. DRT does retain the right to make individual hardship exceptions to the priority of payments based on standard pre-existing DRT policies and procedures. If your claim is denied or selected for an audit, and it is later determined in a judicial or administrative process that your claim was valid and should be paid, you will receive the same proportional payment of the amount found to be validly claimed as is paid to class members for that same tax year.

E. **"Early" Payment of 1997 and 1998 Claims.** The Court has authorized the Government to pay certain claims prior to final approval of the Settlement on the terms explained below. If you are eligible to receive an "early" payment, you also will receive a separate notice that you should review carefully prior to accepting or depositing the check.

1. Once all claims for 1997 are processed, the Government shall pay the full value of all 1997 tax year claims by issuing a check payable to each eligible Class Member in the amount owed.

2. Once all claims for tax year 1998 are processed, the Government shall pay two-thirds of the $15 million for tax year 1998 (in other words, $10 million) to each eligible Class Members who has a valid claim for tax year 1998. The Government shall do this by issuing a check payable to each eligible Class Member that represents 66.6% of that member's proportional share of the $15 million devoted by the Settlement to tax year 1998. This means that if you are eligible to receive a payment for tax year 1998, you will receive 66.6% of your payment under the terms of the Settlement prior to final approval of the Settlement. The remaining 33.4% will only be paid after final approval of the Settlement.

3. If you receive an "early" payment check and cash or deposit it, you will have released and waived your right to opt-out of the Settlement *if the Court later grants final approval of the Settlement*. If you cash or deposit such a check, but final approval is denied, you will not be bound by the Settlement. In the event final approval is denied, the payment shall operate as a payment (based solely on the dollar value actually paid) of a claim for tax year 1997 and/or 1998, should you later be found to have a valid claim for that tax year. Such payment now is not, and shall not be construed to be, an admission of liability or obligation to pay any present or future claim, except as stated in the Settlement. If you refuse the payment or fail to deposit a check within sixty days of the date stated on the check, you will retain the right to opt-out of the Settlement prior to final approval based upon the procedures set forth herein. If you refuse a payment or fail to deposit your check within sixty days of the date stated on the check, but you do not opt-out of the Settlement under the procedures set forth herein, you will still be entitled to payment of your tax year 1997 and/or 1998 claim (if any) upon final approval of the Settlement.

V. **DISMISSAL OF LITIGATION, ENTRY OF JUDGMENT, RELEASE OF CLAIMS, & COVENANT NOT TO SUE**

A. **Final Judgment.** If the Court approves the proposed settlement, it will enter a judgment that will dismiss the Litigation with prejudice as to all Class Members, except those Class Members who request to be excluded. All people who meet the Class Definition and do not validly and timely request exclusion from the Class will be forever barred from prosecuting their own lawsuits to recover the EIC or obtain related relief regarding the EIC from Respondents for tax years 1995, 1996, 1997, 1998, 1999, 2000, 2001, 2002, 2003, and 2004.

B. **Release of Claims.** Further, upon final approval of the Settlement, each and every member of the EIC Class will expressly and irrevocably release, waive, settle, and discharge all claims (whether legal or equitable), demands, actions (whether judicial or administrative), suits, and causes of action, including without limitation those asserted in the Litigation, against the Government of Guam, the Governor of Guam, the Director of the Department of Revenue & Taxation, the Department of Revenue & Taxation, the Director of the Department of Administration, the Department of Administration, and their employees, officers, agencies, instrumentalities, independent contractors, representatives, attorneys, and agents, whether in their individual or official capacities, with regard to claims for payment of the EIC under federal or Guam territorial law in tax years 1995, 1996, 1997, 1998, 1999, 2000, 2001, 2002, 2003, and 2004, or any refusal to accept or pay such claims or to implement any government programs with regard to such claims. Such release and discharge includes all such claims whether known, unknown, asserted, unasserted, suspected, or unsuspected. With regard to the release of claims, each and every member of the EIC Class expressly waives their rights under 18 G.C.A. § 82602 or principle of common or civil law that is similar to or analogous to 18 G.C.A. § 82602, which provides: "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR."

C. **Covenant Not to Sue.** Also upon final approval of the Settlement, the EIC Class separately covenants not to sue the Government of Guam, the Governor of Guam, the Director of Revenue & Taxation, the Department of Revenue & Taxation, the Director of the Department of Administration, the Department of Administration, and their employees, officers, agencies, instrumentalities, independent contractors, representatives, attorneys, and agents, whether in their individual or official capacities, with regard to claims for payment of the EIC under federal or Guam territorial law in tax years 1995, 1996, 1997, 1998, 1999, 2000, 2001, 2002, 2003, and 2004, or any refusal to accept or pay such claims or to implement any government programs with regard to such claims

D. **Limitations.** The general release and covenant not to sue stated above shall not be construed to preclude any Class Member from challenging through the administrative and/or judicial procedures that govern ordinary tax refund claims a particular determination as to: (1) the existence and/or value of their particular EIC claim(s) for tax years 1995-2004 by DRT, (2) any amount of off-set or other adjustment made to their EIC claims by DRT (including without limitation by way of audit, penalty, intercept program, or off-set). The general release and covenant not to sue stated above exclude any future claims alleging solely a breach of this Settlement Agreement.

## VI. COSTS, EXPENSES, AND ATTORNEYS' FEES

Respondents have agreed to pay all costs of mailing and publishing this Notice and administering the Settlement. Plaintiffs' counsel has filed a motion asking that if the Court approves the proposed settlement, the Court award ten percent (10%) of the settlement amount of $90 million as attorneys fees payable to Plaintiffs' counsel. They have also asked that their non-taxable costs incurred in prosecution of this case be paid from the $90 million. The Court will ultimately decide the amount of attorneys' fees and costs, if any, to award. If you are a Class Member, you may submit written comments supporting, objecting, or commenting on the award of attorneys' fees and costs, and ask to be heard by the Court regarding this issue, in compliance with the procedures set forth in Section VIII(B), below.

## VII. RIGHTS AND OPTIONS OF CLASS MEMBERS

**A.     Remain a Class Member.** If you do not request exclusion from the Class, you will remain a Class Member. On July 17, 2004, the Court appointed counsel for Plaintiff Santos, Attorney Michael Phillips, Esq. of the law firm of Phillips & Bordallo, P.C., 410 West O'Brien Drive, Suite 102, Hagåtña, Guam 96910 as Interim Class Counsel. Plaintiff Torres is represented by Ignacio C. Aguigui, Esq., Lujan Aguigui & Perez LLP, 300 Pacific News Building, Hagåtña, Guam 96910. Subject to the Court's final appointment of Class Counsel, the Plaintiffs and their counsel will represent your interests in connection with the proposed Settlement. If the Court approves the Settlement and the judgment becomes final, you will be entitled to the benefits described in Section II, above. As a Class Member, you will be bound by any judgment or other disposition of the Litigation, even if you do not submit a claim or take advantage of any of the benefits of the Settlement. Furthermore, you and your heirs, executors, administrators, successors, and assigns will be deemed to have agreed to the terms of the release and covenant not to sue described in Section V above.

**B.     Objections to or Comments on the Settlement.** As a Class Member, you have the right to object to or comment on the proposed Settlement or the motion for attorneys' fees and costs. The procedures for doing so are explained in Section VIII(B) below.

**C.     Request Exclusion.** You have the right to request exclusion from the Class. If you request exclusion from the Class, you will not be bound by any judgment or settlement of the Litigation, you will not receive the benefits of the Settlement, and you will not be able to object to or comment in support of the Settlement. If you wish to be excluded from the Class, you must submit a signed, written statement requesting exclusion that either: (1) is filed with the Office of the Clerk of Court, District Court of Guam, 520 West Soledad Avenue, Hagåtña, GU 96910 on or before May 8, 2007 at 3 p.m.; or (2) is sent by first class mail to the Office of the Clerk of Court, District Court of Guam, 520 West Soledad Avenue, Hagåtña, GU 96910 bearing a postmark of May 8, 2007 or earlier. Any person requesting exclusion from the class and the Settlement Agreement must request exclusion from the class and the settlement in their entirety, and not just as to particular claim(s) for particular tax year(s). If you submit a request for exclusion that does not comply with these requirements, your request will be deemed invalid, and you will not be excluded from the Class.

**D.     Retain Your Own Attorney and Seek Intervention.** You have the right to consult and/or retain an attorney of your choice, at your own expense, to advise you regarding the Settlement and your rights in connection with the Settlement. You also have the right, either personally or through an attorney retained by you, at your own expense, to seek to intervene in the Litigation. Any such motion must be filed no later than May 15, 2007.

## VIII. FAIRNESS HEARING

**A.     Time, Place, and Purpose of Hearing.** A Fairness Hearing will be held on Friday, July 6, 2007 at 10 a.m., before the District Court of Guam, 520 West Soledad Avenue, Hagåtña, GU 96910, to determine: (1) Whether the proposed settlement of the Litigation on the terms set forth in the Settlement Agreement is fair, reasonable, and adequate for the Class as a whole and should be granted final approval; (2) Whether the certification of the Class should be made final; (3) Whether the Court should enter the proposed judgment dismissing the Litigation with prejudice; and (4) Whether the Court should grant the application of Plaintiffs' Counsel for attorneys' fees and reimbursement of expenses, and, if so, in what amount.

**B.     Procedures for Objecting to or Commenting in Support of Settlement**

**1.     Written Objections or Comments.** If you have not requested exclusion from the Class, you, or an attorney retained by you, may file with the Office of the Clerk of Court, District Court of Guam, 520 West Soledad Avenue, Hagåtña, GU 96910 a statement objecting to or commenting on the settlement and/or the motion for attorneys' fees on or before June 22, 2007. Such statement must also be served upon all counsel in the litigation, who are: (1) Phillips & Bordallo, P.C., 410 West O'Brien Drive, Suite 102, Hagåtña, Guam 96910; (2) Lujan Aguigui & Perez LLP, 300 Pacific News Building, Hagåtña, Guam 96910; (3) Shannon Taitano, Esq., Legal Counsel, Office of the Governor, Ricardo J. Bordallo Governor's Complex, Adelup, P.O. Box 2950, Hagåtña, GU 96932 (4) Calvo & Clark, LLP, 655 South Marine Corps Drive, Suite 202, Tamuning, Guam 96913; and (5) Mantanona Law Office, Suite 601B, GCIC Bldg., 414 W Soledad Ave., Hagåtña, Guam 96910.

**2.     Presentation of Objections and Supporting Comments at Fairness Hearing.** You may also attend the Fairness Hearing, either personally or through an attorney retained by you, at your own expense, and ask to be heard by the Court on your comments or objections.

If you wish to do so, you must submit your objections or comments in writing in compliance with section VIII(B)(1) above <u>and</u> include in your comments a statement that you intend to appear and wish to attend the Fairness Hearing.

## IX. ADDITIONAL INFORMATION

A. **Rescission of Previous Settlement.** Previously, Respondents had entered into a $60 million settlement agreement dated June 14, 2004 with Plaintiff Santos and published a notice regarding this settlement, which had received preliminary, but not final, Court approval. This settlement would have covered some, but not all, of the Members of the Class identified herein. As part of the new settlement, Plaintiff Santos and her counsel and Respondents have agreed to rescind the previous settlement, which is no longer in effect. It is possible that Class Members under the new settlement will receive more, less, or be unaffected by the new settlement. If Respondents have failed to reserve a least $15 million for the payment of claims under the Settlement Agreement described in this Notice by the time the Agreement is subject to the Fairness Hearing, Plaintiffs have the right to terminate the Settlement Agreement, which then shall be void and of no effect, and the June 14, 2004 Settlement shall be returned to effect, subject to all previously pending motions.

B. **Notice of Related Pending Litigation.** There is one other case pending in the District Court of Guam that seeks to establish a class action regarding classes of persons similar to, and overlapping with, the Class identified herein. It is entitled *Simpao, et al. vs. Govt. of Guam*, Dist. of Guam Civ. Case No. CV04-00049 (the "Other Litigation"). No class has yet been certified in the Other Litigation and the defendants in those cases oppose class certification. However, it is possible that if a Class Member requests exclusion from this Class, they could later be able to become part of the Other Litigation either by moving to join that Other Litigation or by becoming class members, should that case be certified as a class action. It is not known what the final outcome of the Other Litigation will be. In *Simpao*, the Court has held that the EIC applies to Guam and that filing a tax return establishes jurisdiction over those plaintiffs' claims. It is possible that by moving to join or by becoming part of a class in that case (if a motion for joinder or class certification were granted), a potential Class Member would ultimately receive less, more, or the same relief as they would receive by remaining a Class Member in this Litigation, or would possibly receive no relief at all. Class Members who do not request exclusion under the procedures set forth in Section VII(C) above will be barred forever from being part of the Other Litigation either as class members or by moving to join that case.

C. **Effect of Court Disapproval.** If the Court refuses to grant final class certification or final approval of the Settlement Agreement after the Fairness Hearing, or refuses to enter the final judgment, the Settlement shall be rendered void and of no effect and any class certification shall be vacated.

D. **Questions.** Any questions regarding the Settlement should be directed to Plaintiffs' counsel, Phillips & Bordallo, P.C., 410 West O'Brien Drive, Suite 102, Hagåtña, Guam 96910, or Lujan Aguigui & Perez LLP, 300 Pacific News Building, Hagåtña, Guam 96910 You also can contact Plaintiffs' Counsel by email at mphillips@phillipsbordallo.com or ica@lujanaguiguiperez.com. Please do <u>not</u> submit questions to the Court. Copies of the Settlement Agreement and the pleadings and other documents filed in the Litigation and the Other Litigation are on file at the District Court of Guam, and may be examined and copied during regular office hours at the Office of the Clerk of Court, District Court of Guam, 520 West Soledad Avenue, Hagåtña, GU 96910.

## X. DEADLINES

**Remember:**
- **If you wish to be excluded from the class, you must submit a written statement requesting exclusion that either (1) is filed with the Office of the Clerk of Court, District Court of Guam, 520 West Soledad Avenue, Hagåtña, GU 96910, on or before May 8, 2007 at 3:00 p.m.; or (2) is mailed by first class mail postmarked on or before May 8, 2007 to: Office of the Clerk of Court, District Court of Guam, 520 West Soledad Avenue, Hagåtña, GU 96910.**
- **If you wish to submit objections or comments, you must submit file them Clerk of Court at the address listed above and serve them on all counsel listed in section VIII(B)(1) above on or before June 22, 2007.**
- **If you wish to intervene, you must file and serve a motion on or before May 15, 2007.**
- **The deadline for filing or mailing by first class mail claims for the EIC under the Settlement to DRT for tax years 1995, 1996, 1999, 2000, 2001, 2002, 2003, and 2004 is May 8, 2007.**

Dated: January __, 2007

                                                                                                                  **BY ORDER OF THE**
                                                                                                                  **DISTRICT COURT OF GUAM**