1    [Appearing Counsel on next page]

# FILED

DISTRICT COURT OF GUAM

JUN 2 1 2007

MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF GUAM

| | |
|---|---|
| JULIE BABAUTA SANTOS, *et. al.*, | Civil Case No. 04-00006 |
| Petitioners, | **DECLARATION OF JOHN P. CAMACHO IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT** |
| -v- | |
| FELIX P. CAMACHO, *et. al.* | |
| Respondents. | Civil Case No. 04-00038 |
| CHARMAINE R. TORRES, *et al.*, | |
| Plaintiffs, | |
| -v- | |
| GOVERNMENT OF GUAM, *et al.*, | |
| Defendants. | |
| | Civil Case No. 04-00049 |
| MARY GRACE SIMPAO, *et al.*, | |
| Plaintiffs, | |
| -v- | |
| GOVERNMENT OF GUAM, | |
| Defendant. | |
| -v- | |
| FELIX P. CAMACHO, Governor of Guam, | |
| Intervenor-Defendant. | |

{G0023105.DOC;1}

ORIGINAL

**SHANNON TAITANO, ESQ.**
**OFFICE OF THE GOVERNOR OF GUAM**
Ricardo J. Bordallo Governor's Complex
Adelup, Guam 96910
Telephone:    (671) 472-8931
Facsimile:    (671) 477-4826

**EDUARDO A. CALVO, ESQ.**
**RODNEY J. JACOB, ESQ.**
**DANIEL M. BENJAMIN, ESQ.**
**CALVO & CLARK, LLP**
Attorneys at Law
655 South Marine Corps Drive, Suite 202
Tamuning, Guam 96913
Telephone:    (671) 646-9355
Facsimile:    (671) 646-9403
Attorneys for *Felix P. Camacho, Governor of Guam and
the Government of Guam*

**RAWLEN M.T. MANTANONA**
**CABOT MANTANONA LLP**
BankPacific Buiding, 2nd Floor
825 S. Marine Corps Drive
Telephone:    (671) 646-2001
Facsimile:    (671) 646-0777
Attorneys for Respondents *Lourdes M. Perez and Artemio R. Ilagan*

1

I, John P. Camacho, hereby declare and state as follows:

1.    I am the Deputy Director of the Department of Revenue and Taxation ("DRT"). I make this declaration on personal knowledge and based upon my knowledge of the official records on file with DRT. If called as a witness, I could and would testify competently as follows.

2.    I have overseen DRT's compliance with the class action settlement of the *Santos* and *Torres* actions. Attached hereto as Exhibit "A" is a true and correct copy of DRT's latest calculations as to the number of claims filed and, as to claims processed, their value.

3.    As required by the Settlement, the Notice of Pendency and Proposed Settlement of Class Action was published by the Pacific Daily News on the following dates:

> Sunday, February 11, 2007
> Wednesday, February 14, 2007
> Sunday, February 18, 2007
> Wednesday, February 21, 2007
> Sunday, February 25, 2007
> Wednesday, February 28, 2007
> Sunday, March 4, 2007
> Wednesday, March 7, 2007

True and correct copies are attached hereto as Exhibit "B."

4.    As required by the Settlement, the Notice of Pendency and Proposed Settlement of Class Action was published by the Marianas Variety on the following dates:

/ /

/ /

/ /

/ /

/ /

/ /

Tuesday, February 13, 2007
Friday, February 16, 2007
Tuesday, February 20, 2007
Friday, February 23, 2007
Tuesday, February 27, 2007
Thursday, March 1, 2007
Tuesday, March 6, 2007
Friday, March 9, 2007

True and correct copies are attached hereto as Exhibit "C"

     5.     As required by the Settlement, the Notice of Pendency and Proposed Settlement of Class Action was mailed to all class members on or before March 9, 2007.

     I swear under penalty of perjury under the laws of the Territory of Guam and the United States of America that the forgoing is true and correct.

     Executed on this 21st day of June in Tamuning, Guam.

JOHN P. CAMACHO

# EXHIBIT A

## Earned Income Credit Claims
## Filed as of May 18, 2007

| Description | Tax Year 1995 | 1996 | 1999 | 2000 | 2001 | Totals |
|---|---|---|---|---|---|---|
| Claims not imaged | 937 | 1000 | 1565 | 1578 | 1585 | **6665** |
| Imaged Claim | 42 | 5 | 273 | 276 | 291 | **887** |
| "A" Status Claims | 1057 | 1221 | 1830 | 1960 | 2287 | 8355 |
| "C" Status Claims | 29 | 27 | 35 | 27 | 44 | 162 |
| "D" Status Claims | 587 | 620 | 654 | 720 | 700 | 3281 |
| "E" Status Claims | 1 | 1 | 3 | 4 | | **9** |
| "F" Status Claims | | | | | | 0 |
| "S" Status Claims | 1 | 2 | | 7 | 7 | **17** |
| **Total per Year** | **2654** | **2876** | **4360** | **4572** | **4914** | **19376** |

Deadline to complete processing
**7/9/07**

Total claims to be processed as of 5/18/07: **7**

| Description | Tax Year 2002 | 2003 | 2004 | Totals |
|---|---|---|---|---|
| Claims not imaged | 1574 | 1518 | 1193 | **4285** |
| Imaged Claim | 282 | 283 | 367 | **932** |
| "A" Status Claims | 2701 | 3116 | 6620 | 12437 |
| "C" Status Claims | 47 | 83 | 259 | 389 |
| "D" Status Claims | 605 | 654 | 771 | 2030 |
| "E" Status Claims | | 8 | 36 | **44** |

Deadline to complete processing
**9/5/07**

Total claims to be processed as of 5/18/07: **5,299**

| | 1997 | 1998 | | |
|---|---|---|---|---|
| "F" Status Claims | | | | 0 |
| "S" Status Claims | | 12 | 26 | 38 |
| **Total per Year** | **5209** | **5674** | **9272** | **20155** |

| Description | Tax Year | | Totals |
|---|---|---|---|
| | **1997** | **1998** | |
| Claims not imaged | 35 | 78 | **113** |
| Imaged Claim | 4 | 40 | **44** |
| "A" Status Claims | 237 | 11531 | 11768 |
| "C" Status Claims | 146 | 479 | 625 |
| "D" Status Claims | 471 | 1015 | 1486 |
| "E" Status Claims | | 4 | **4** |
| "F" Status Claims | 4 | 8 | 12 |
| "S" Status Claims | | 4 | **4** |
| **Total per Year** | **897** | **13159** | **14056** |

Deadline to complete processing was 4/2/07, these claims were filed after this date.

Total claims to be processed as of 5/18/07: **165**

Earned Income Credit Claims
**Summary of Claims Processed**
As of May 18, 2007

| Tax Year | Qty | "A" Status | "S" Status | "E" Status |
|---|---|---|---|---|
| 1995 | 1059 | $ 1,592,600.00 | $ 717.00 | |
| 1996 | 1225 | $ 2,054,894.00 | $ 3,556.00 | |
| 1998 | 5 | $ 10,018.00 | | |
| 1999 | 1830 | $ 3,400,263.00 | | |
| 2000 | 283 | $ 3,690,196.00 | $ 9,414.00 | |
| Total | 4402 | $ 10,747,971.00 | $ 13,687.00 | |
| 2001 | 2295 | $ 4,523,916.00 | $ 17,796.00 | |
| 2002 | 2702 | $ 5,813,392.00 | | |
| 2003 | 3127 | $ 6,796,261.00 | $ 18,930.00 | |
| 2004 | 6681 | $ 14,194,255.00 | $ 27,254.00 | |
| Total EIC | 19207 | $ 42,075,795.00 | $ 77,667.00 | |

## 1997 & 1998 EIC PAID OUT

| | | | CLAIMS REFUNDED | |
|---|---|---|---|---|
| Tax Year | Qty | Checks Written | Offsets | Totals |
| 1997 | 237 | $ 444,642.26 | $ 106,946.80 | $ 551,589.06 |
| 1998 | 11534 | $ 8,238,449.23 | 1766195.84 | $ 10,004,645.07 |
| TOTALS | 11771 | $ 8,683,091.49 | $ 1,873,142.64 | $ 10,556,234.13 |

# EXHIBIT B

# IN THE UNITED STATES DISTRICT COURT DISTRICT OF GUAM

JULIE BABAUTA SANTOS and CHARMAINE R. TORRES, on behalf
of themselves and a class of others similarly situated,

Petitioners,

v.

FELIX P. CAMACHO, etc., et. al.

Respondents.

CIVIL CASE NO. 04-00006 and 04-00038

## NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

TO: **ALL PERSONS WHO CLAIMED OR COULD HAVE CLAIMED AN EARNED INCOME TAX CREDIT UNDER THE GUAM TERRITORIAL INCOME TAX OR GUAM TERRITORIAL LAW FOR TAX YEARS 1995, 1996, 1999, 2000, 2001, 2002, 2003, OR 2004; AND
ALL PERSONS WHO FILED AN EARNED INCOME TAX CREDIT CLAIM UNDER THE GUAM EARNED INCOME PROGRAM OR THE GUAM TERRITORIAL INCOME TAX FOR TAX YEAR 1997 AND HAVE YET TO RECEIVE PAYMENT IN FULL FOR TAX YEAR 1997; AND
ALL PERSONS WHO FILED AN EARNED INCOME TAX CREDIT CLAIM UNDER THE GUAM EARNED INCOME PROGRAM OR THE GUAM TERRITORIAL INCOME TAX FOR TAX YEAR 1998 AND HAVE YET TO RECEIVE PAYMENT IN FULL FOR TAX YEAR 1998.**

The above-captioned proceeding (the "Litigation") is pending before the District Court of Guam (the "Court"). In the Litigation, Julie B. Santos and Charmaine R. Torres (the "Plaintiffs") claim that they and other Guam taxpayers have been denied the right to file claims for earned income tax credit (the "EIC"), and have been denied the right to receive a refund of the EIC. The tax years covered by the Litigation are 1995 to 2004. The Respondents in the Litigation are the Government of Guam (the "Government"), Governor Felix P. Camacho, Director of Administration, Lourdes M. Perez, and Director of Revenue & Taxation, Artemio B. Ilagan (collectively "Respondents"). They have filed pleadings denying the claims and asserting various affirmative defenses.

The Court has conditionally ruled that the Litigation may be maintained on behalf of the following Class:

All persons who do not elect to request exclusion from the class under the procedures described below and: (1) were subject to the Guam Territorial Income Tax ("GTIT") established in 48 U.S.C. § 1421i for tax years 1995-1996 and/or 1999-2004 and would have been eligible to file for the EIC established in 26 U.S.C. § 32 (as it applied in each respective tax year) if that program were applied in the Territory of Guam, and filed a timely tax return for the applicable tax year or year(s) in which the credit is sought; and/or (2) were eligible to receive an EIC credit under certain Guam territorial laws for tax years 1995-1996 and/or 1999-2004 that mirrored the federal EIC law (26 U.S.C. § 32), including the Guam Earned Income Program (Chapter 42 of 11 G.C.A.), and filed a timely tax return for the applicable tax year or year(s) in which the credit is sought; and/or (3) actually filed a claim for the EIC with DRT for tax year 1998 under the GTIT or Guam Earned Income Program (Chapter 42 of 11 G.C.A.) on or before April 15, 2002, and have not yet received full payment for that claim; and/or (4) actually filed a claim for the EIC with DRT for tax year 1997 under the GTIT or Guam Earned Income Program (Chapter 42 of 11 G.C.A.) on or before April 16, 2001 and have not yet received full payment for that claim.

This definition of persons who fall within or are excluded from the Class is referred to in this Notice as the "Class Definition."

## I. PURPOSE OF THIS NOTICE

The purpose of this notice is to inform you, as a potential member of the Class, of: (a) the existence of the Litigation; (b) the proposed Class Action Settlement of the Litigation, described below; and (c) your rights with respect to the proposed Settlement. Those rights include the right to be excluded from the Class and the Settlement. If you are a Class Member and do not request exclusion in compliance with the procedures and deadline stated below, you will remain in the Class and be bound by the Settlement terms.

Plaintiffs' Counsel has investigated and evaluated the claims asserted in the Litigation and has determined that the proposed Settlement is fair, reasonable, and adequate for the Class as a whole, in light of the benefits of the Settlement and the disadvantages of continuing the Litigation. The proposed Settlement is a compromise of disputed claims and does not mean that Respondents admit liability.

## II. SETTLEMENT BENEFITS FOR CLASS MEMBERS

If the Court approves the Settlement, Respondents will make payments totaling up to $90 million for tax years 1995-96 and 1998-2004 to the Class Members to resolve their EIC claims. Tax year 1997 will be paid separately as stated below. Class Members will not receive interest on their EIC claims (except as to tax year 1997) and are waiving any right to interest on their EIC claims (except as to tax year 1997). The payment will be divided among Class Members as follows:

**A. Tax Year 1997:** The Government will pay the EIC Class 100% of any remaining amount owed for tax year 1997, together with any interest, on the same terms as it has paid previous tax year 1997 claims.

**B. Tax Year 1998:** The Government will pay the EIC Class not more than $15 million for their EIC claims for tax year 1998. This amount shall be divided proportionally among each claimant found eligible for the EIC by the Guam Department of Revenue & Taxation ("DRT") based on the value of his or her claim, up to 100%. Remaining amounts, if any, shall be utilized to fund claims for tax years 1995, 1996, 1999, & 2000 as stated below.

**C. Tax Years 1995, 1996, 1999, & 2000:** The Government will pay the EIC Class not more than $15 million for their EIC claims for tax years 1995, 1996, 1999, and 2000 (combined), together with any remainder from the payment for tax year 1998. This amount shall be divided proportionally among each claimant found eligible for the EIC by DRT based on the value of his or her claim, up to 100%. Remaining amounts, if any, shall be utilized to fund claims for tax year 2001 as stated below.

**D. Tax Year 2001:** The Government will pay the EIC Class not more than $15 million for their EIC claims for tax year 2001, together with any remainder from the payment for tax years 1995, 1996, 1999, and 2000 (combined). This amount shall be divided proportionally among each claimant found eligible for the EIC by DRT based on the value of his or her claim, up to 100%. Remaining amounts, if any, shall be utilized to fund claims for tax year 2002 as stated below.

**E. Tax Year 2002:** The Government will pay the EIC Class not more than $15 million for their EIC claims for tax year 2002, together with any remainder from the payment for tax year 2001. This amount shall be divided proportionally among each claimant found eligible for the EIC by DRT based on the value of his or her claim, up to 100%. Remaining amounts, if any, shall be utilized to fund claims for tax year 2003 as stated below.

**F. Tax Year 2003:** The Government will pay the EIC Class not more than $15 million for their EIC claims for tax year 2003, together with any remainder from the payment for tax year 2002. This amount shall be divided proportionally among each claimant found eligible for the EIC by DRT based on the value of his or her claim, up to 100%. Remaining amounts, if any, shall be utilized to fund claims for tax year 2004 as stated below.

**G. Tax Year 2004:** The Government will pay the EIC Class not more than $15 million for their EIC claims for tax year 2004, together with any remainder from the payment for tax year 2003. This amount shall be divided proportionally among each claimant found eligible for the EIC by DRT based on the value of his or her claim, up to 100%. Remaining amounts, if any, shall be utilized to fund tax refunds and the EIC in tax year 2005 and future tax years.

**H. Payment of EIC Claims in Future Tax Years:** If the Settlement is approved by the Court as described below, the Government has agreed to pay the EIC to all qualifying persons in tax year 2005 and future tax years. Persons do not have to be Class Members to receive this benefit.

## III. CLAIMS PROCESS & DEADLINES

**A. Deadlines for Submitting a Claim (Except as to Tax Year 1997 and 1998).** The deadlines for Class Members to submit EIC claims for tax years 1995, 1996, 1999, 2000, 2001, 2002, 2003 and 2004 is May 8, 2007. No new claims are being accepted for tax years 1997 and 1998.

**B. Submit a Claim by Filing Form EIC-GU (Except as to Tax Year 1997 and 1998).** To submit a claim as a Class Member, you must submit the Form EIC-GU applicable to each year in which you wish to make a claim. Claims must be filed with DRT or mailed to DRT on or before the deadline for the applicable tax year stated above. Form EIC-GU can be found at DRT and at other locations where Guam tax forms ordinarily are available. It also can be viewed and printed on-line at http://www.GovGuamdocs.com.

**C. Tax Return Required For Each Year.** For tax years 1995-2002, you must have already filed a tax return in a year to be eligible to file an EIC claim for that particular year. If you have not previously submitted a tax return (e.g. a Form 1040, 1040A, or 1040EZ) for tax year 2003 or tax year 2004 and you wish to make an EIC claim for one or both of those years, you must submit a tax return for the applicable year(s) along with submitting a Form EIC-GU to make a claim. As to tax year 2003, no new tax returns will be accepted after April 16, 2007, even though the time to file an EIC claim does not expire until May 8, 2007. If you already submitted a tax return for a tax year, you do not need to file a new tax return. However, you can amend the return, if you wish, anytime within three years of when that return was first due. If more than three years have passed since that return was first due, you will not be able to amend it.

**D. Persons Who Already Filed Form EIC-GU.** If you already submitted a Form EIC-GU for a tax year covered by the Litigation and the proposed Settlement, you do not need to file a new Form EIC-GU for that tax year. However, you may file a new Form EIC-GU within the time otherwise provided to file a claim if you wish to amend your previous filing or to correct an incomplete or defective Form EIC-GU filing. If you have already filed a Form EIC-GU, you will be included within the Class unless you request exclusion under the procedures and deadlines set forth below.

**E. Procedures Governing Tax Year 1997.** To be eligible to receive any payment under the Settlement for tax year 1997, Class Members must have filed a claim for the EIC under the GTIT or the Guam Earned Income Program for tax year 1997 on or before April 16, 2001. No new or amended tax returns for tax year 1997 will be accepted. If you already filed a tax year 1997 EIC claim as stated herein, and you have not yet been paid in full for that claim, you will be included within the Class unless you request exclusion under the procedures and deadlines set forth below.

**F. Procedures Governing Tax Year 1998.** To be eligible to receive any payment under the Settlement for tax year 1998, Class Members must have filed a claim for the EIC under the GTIT or the Guam Earned Income Program for tax year 1998 on or before April 15, 2002. No new or amended tax returns for tax year 1998 will be accepted. If you already filed a tax year 1998 EIC claim as stated herein, and you have not yet been paid in full for that claim, you will be included within the Class unless you request exclusion under the procedures and deadlines set forth below.

**G. Processing of Claims and Governing Laws.** Once submitted, all EIC claims will be processed by the DRT, which shall apply all laws that ordinarily apply to tax refund claims except as otherwise provided in the Settlement. Claims are still subject to an audit, and claims will be denied if found to be invalid under the federal and local laws governing EIC eligibility for each respective tax year. False or inaccurate EIC claims shall remain subject to applicable penalties permitted by federal or territorial law, including reducing or denying an EIC claim or assessing fines or other civil or criminal sanctions. If it is found that you intentionally or recklessly submitted a false claim you can be barred from receiving the EIC in future years beginning with tax year 1997 pursuant to 26 U.S.C. § 32(k), a federal statute that applies to all claims for EIC beginning January 1, 1997.

**H. Application of Offsets.** If a claimant is found eligible for the EIC, Respondents shall retain the right to offset the amount of an EIC claim as provided for GTIT refunds in general by 26 U.S.C. § 6402. If your claim is subject to an offset, you will be notified regarding whom the offset amount has been paid to.

**I. Right to Contest Particular Determinations.** With regard to any denial of a particular EIC claim or any assessment of any civil or criminal penalties, you shall maintain the right to challenge such a determination through all administrative and judicial processes afforded under federal or territorial law to a taxpayer as to any tax refund claim.

## IV. WHEN CLAIMS WILL BE PAID

**A. Funding (except as to Tax Year 1997).** The Government has agreed to reserve at least fifteen percent (15%) of all amounts it places into the accounts it uses to pay general tax refunds to pay for the $90 million settlement payment. It does not know exactly how fast money will be reserved. But, the Respondents have already commenced reserving money and Respondents will be supplying monthly reports to the Court and Plaintiffs' Counsel regarding how much money has been reserved so that the Court can monitor compliance with the Settlement. Further, Respondents can utilize other funding should it become available to speed payment.

**B. Funding (as to Tax Year 1997).** The Government has agreed to pay remaining EIC claims for tax year 1997 (most such claims having already been paid) from a reserved amount of $500,000.00 that is currently in the accounts the Government uses to pay general tax refunds. It has further warranted that this amount has been calculated by DRT to be sufficient to pay all outstanding 1997 claims. In the event that such reserved amount is insufficient to payment all outstanding 1997 claims, the Government shall utilize other funding sources permitted by law to pay all remaining 1997 claims.

**C. Order of Payments.** As money is reserved, and only after final approval of the settlement and entry of the judgment by the Court, claims will be paid in the following order: (1) claims for tax years 1997 and 1998 (except as tax year 1997 EIC claims have been subject to "early" payment as described below); (2) claims for tax years 1995, 1996, 1999, and 2000 (collectively); (3) claims for tax year 2001; (4) claims for tax year 2002; (5) claims for tax year 2003; and (6) claims for tax year 2004. Within each tax year, claims will be paid in the order submitted to DRT.

**D. Timely Processing of Claims.** On or before April 2, 2007, DRT will have processed all claims for tax years 1997 and 1998. On or before July 9, 2007, DRT will have processed all claims for tax years 1995, 1996, 1999, 2000, and 2001. On or before September 5, 2007, DRT will have processed all claims for tax years 2002, 2003, and 2004. After the completion of the periods for processing claims for each respective tax year, DRT will calculate the total amount of claims it has found to be valid for that respective tax year and calculate the percentage of each claim that shall be paid (up to 100%). DRT will then certify the claims and percentage amounts that should be paid pursuant to the provisions of the Settlement. DRT does retain the right to make individual hardship exceptions to the priority of payments based on standard pre-existing DRT policies and procedures. If your claim is denied or selected for an audit, and it is later determined in a judicial or administrative process that your claim was valid and should be paid, you will receive the same proportional payment of the amount found to be validly claimed as is paid to class members for that same tax year.

E. **"Early" Payment of 1997 and 1998 Claims.** The Court has authorized the Government to pay certain claims prior to final approval of the Settlement on the terms explained below. If you are eligible to receive an "early" payment, you also will receive a separate notice that you should review carefully prior to accepting or depositing the check.
1. Once all claims for 1997 are processed, the Government shall pay the full value of all 1997 tax year claims, using a check payable to each eligible Class Member in the amount owed.
2. Once all claims for tax year 1998 are processed, the Government shall pay two-thirds of the $15 million for tax year 1998 (in other words, $10 million) to each eligible Class Members who has a valid claim for tax year 1998. The Government shall do this by issuing a check payable to each eligible Class Member that represents 66.6% of that member's proportional share of the $15 million devoted by the Settlement to tax year 1998. This means that if you are eligible to receive a payment for tax year 1998, you will receive 66.6% of your payment under the terms of the Settlement prior to final approval of the Settlement. The remaining 33.4% will only be paid after final approval of the Settlement.
3. If you receive an "early" payment check and cash or deposit it, you will have released and waived your right to opt-out of the Settlement *if the Court later grants final approval of the Settlement.* If you cash or deposit such a check, but final approval is denied, you will not be bound by the Settlement. In the event final approval is denied, the payment shall operate as a payment (based solely on the dollar value actually paid) of a claim for tax year 1997 and/or 1998, should you later be found to have a valid claim for that tax year. Such payment now is not, and shall not be construed to be, an admission of liability or obligation to pay any present or future claim, except as stated in the Settlement. If you refuse the payment or fail to deposit a check within sixty days of the date stated on the check, you will not retain the right to opt-out of the Settlement prior to final approval based upon the procedures set forth herein. If you refuse a payment or fail to deposit your check within sixty days of the date stated on the check, but you do not opt-out of the Settlement under the procedures set forth herein, you will still be entitled to payment of your tax year 1997 and/or 1998 claim (if any) upon final approval of the Settlement.

V. **DISMISSAL OF LITIGATION, ENTRY OF JUDGMENT, RELEASE OF CLAIMS, & COVENANT NOT TO SUE**
A. **Final Judgment.** If the Court approves the proposed settlement, it will enter a judgment that will dismiss the Litigation with prejudice as to all Class Members, except those Class Members who request to be excluded. All people who meet the Class Definition and do not validly and timely request exclusion from the Class will be forever barred from prosecuting their own lawsuits to recover the EIC or obtain related relief regarding the EIC from Respondents for tax years 1995, 1996, 1997, 1998, 1999, 2000, 2001, 2002, 2003, and 2004.
B. **Release of Claims.** Further, upon final approval of the Settlement, each and every member of the EIC Class will expressly and irrevocably release, waive, settle, and discharge all claims (whether legal or equitable), demands, actions (whether judicial or administrative), suits, and causes of action, including without limitation those asserted in the Litigation, against the Government of Guam, the Governor of Guam, the Director of the Department of Revenue & Taxation, the Department of Revenue & Taxation, the Director of the Department of Administration, the Department of Administration, and their employees, officers, agents, instrumentalities, independent contractors, representatives, attorneys, and agents, whether in their individual or official capacities, with regard to claims for payment of the EIC under federal or Guam territorial law in tax years 1995, 1996, 1997, 1998, 1999, 2000, 2001, 2002, 2003, and 2004, or any refusal to accept or pay such claims or to implement any government programs with regard to such claims. Such release and discharge includes all such claims whether known, unknown, asserted, unasserted, suspected, or unsuspected. With regard to the release of claims, each and every member of the EIC Class expressly waives their rights under 18 G.C.A. § 82602 or principle of common or civil law that is similar to or analogous to 18 G.C.A. § 82602, which provides: "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR."
C. **Covenant Not to Sue.** Also upon final approval of the Settlement, the EIC Class separately covenants not to sue the Government of Guam, the Governor of Guam, the Director of Revenue & Taxation, the Department of Revenue & Taxation, the Department of Administration, the Department of Administration, and their employees, officers, agents, instrumentalities, independent contractors, representatives, attorneys, and agents, whether in their individual or official capacities, with regard to claims for payment of the EIC under federal or Guam territorial law in tax years 1995, 1996, 1997, 1998, 1999, 2000, 2001, 2002, 2003, and 2004, or any refusal to accept or pay such claims or to implement any government programs with regard to such claims
D. **Limitations.** The general release and covenant not to sue stated above shall not be construed to preclude any Class Member from challenging through the administrative and/or judicial procedures that govern ordinary tax refund claims a particular determination as to: (1) the existence and/or value of their particular EIC claim(s) for tax years 1995-2004 by DRT, (2) any amount of off-set or other adjustment made to their EIC claims by DRT (including without limitation by way of audit, penalty, intercept program, or off-set). The general release and covenant not to sue stated above exclude any future claims alleging solely a breach of this Settlement Agreement.

VI. **COSTS, EXPENSES, AND ATTORNEYS' FEES**
Respondents have agreed to pay all costs of mailing and publishing this Notice and administering the Settlement. Plaintiffs' counsel has filed a motion asking that if the Court approves the proposed settlement, the Court award ten percent (10%) of the settlement amount of $90 million as attorneys' fees payable to Plaintiffs' counsel. They have also asked that their non-taxable costs incurred in prosecution of this case be paid from the $90 million. The Court will ultimately decide the amount of attorneys' fees and costs, if any, to award. If you are a Class Member, you may submit written comments supporting, objecting, or commenting on the award of attorneys' fees and costs, and ask to be heard by the Court regarding this issue, in compliance with the procedures set forth in Section VIII(B), below.

VII. **RIGHTS AND OPTIONS OF CLASS MEMBERS**
A. **Remain a Class Member.** If you do not request exclusion from the Class, you will remain a Class Member. On July 17, 2004, the Court appointed counsel for Plaintiff Santos, Attorney Michael Phillips, Esq. of the law firm of Phillips & Bordallo, P.C., 410 West O'Brien Drive, Suite 102, Hagåtña, Guam 96910 as Interim Class Counsel. Plaintiff Torres is represented by Ignacio C. Aguigui, Esq., Lujan Aguigui & Perez LLP, 300 Pacific News Building, Hagåtña, Guam 96910. Subject to the Court's final appointment of Class Counsel, the Plaintiffs and their counsel will represent your interests in connection with the proposed Settlement. If the Court approves the Settlement and the judgment becomes final, you will be entitled to the benefits described in Section II, above. As a Class Member, you will be bound by any judgment or other disposition of the Litigation, even if you do not submit a claim or take advantage of any of the benefits of the Settlement. Furthermore, you and your heirs, executors, administrators, successors, and assigns will be deemed to have agreed to the terms of the release and covenant not to sue described in Section V above.
B. **Objections to or Comments on the Settlement.** As a Class Member, you have the right to object to or comment on the proposed Settlement or the motion for attorneys' fees and costs. The procedures for doing so are explained in Section VIII(B) below.
C. **Request Exclusion.** You have the right to request exclusion from the Class. If you request exclusion from the Class, you will not be bound by any judgment or settlement of the Litigation, you will not receive the benefits of the Settlement, and you will not be able to object to or comment in support of the Settlement. If you wish to be excluded from the Class, you must submit a signed, written statement requesting exclusion that either: (1) is filed with the Office of the Clerk of Court, District Court of Guam, 520 West Soledad Avenue, Hagåtña, GU 96910 on or before May 8, 2007 at 3 p.m.; or (2) is sent by first class mail to the Office of the Clerk of Court, District Court of Guam, 520 West Soledad Avenue, Hagåtña, GU 96910 bearing a postmark of May 8, 2007 or earlier. Any person requesting exclusion from the class and the Settlement Agreement must request exclusion from the class and the settlement in their entirety, and not just as to particular claim(s) for particular tax year(s). If you submit a request for exclusion that does not comply with these requirements, your request will be deemed invalid, and you will not be excluded from the Class.
D. **Retain Your Own Attorney and Seek Intervention.** You have the right to consult and/or retain an attorney of your choice, at your own expense, to advise you regarding the Settlement and your rights in connection with the Settlement. You also have the right, either personally or through an attorney retained by you, at your own expense, to seek to intervene in the Litigation. Any such motion must be filed no later than May 15, 2007.

VIII. **FAIRNESS HEARING**
A. **Time, Place, and Purpose of Hearing.** A Fairness Hearing will be held on Friday, July 6, 2007 at 10 a.m., before the District Court of Guam, 520 West Soledad Avenue, Hagåtña, GU 96910, to determine: (1) Whether the proposed settlement of the Litigation on the terms set forth in the Settlement Agreement is fair, reasonable, and adequate for the Class as a whole and should be granted final approval; (2) Whether the certification of the Class should be made final; (3) Whether the Court should enter the proposed judgment dismissing the Litigation with prejudice; and (4) Whether the Court should grant the application of Plaintiffs' Counsel for attorneys' fees and reimbursement of expenses, and, if so, in what amount.
B. **Procedures for Objecting to or Commenting in Support of Settlement**
1. **Written Objections or Comments.** If you have not requested exclusion from the Class, you, or an attorney retained by you with the Office of the Clerk of Court, District Court of Guam, 520 West Soledad Avenue, Hagåtña, GU 96910 a statement objecting to or commenting on the settlement and/or the motion for attorneys' fees on or before June 22, 2007. Such statement must also be served upon all counsel in the litigation, who are: (1) Phillips & Bordallo, P.C., 410 West O'Brien Drive, Suite 102, Hagåtña, Guam 96910; (2) Lujan Aguigui & Perez LLP, 300 Pacific News Building, Hagåtña, Guam 96910 (3) Shannon Taitano, Esq., Legal Counsel, Office of the Governor, Ricardo J. Bordallo Governor's Complex, Adelup, P.O. Box 2950, Hagåtña, GU 96932 (4) Calvo & Clark, LLP, 655 South Marine Corps Drive, Suite 202, Tamuning, Guam 96913; and (5) Mantanona Law Office, Suite 601B, GCIC Bldg., 414 W Soledad Ave., Hagåtña, Guam 96910.
2. **Presentation of Objections and Supporting Comments at Fairness Hearing.** You may also attend the Fairness Hearing, either personally or through an attorney retained by you, at your own expense, and ask to be heard by the Court on your comments or objections. If you wish to do so, you must submit your objections or comments in writing in compliance with section VIII(B)(1) above and include in your comments a statement that you intend to appear and wish to attend the Fairness Hearing.

IX. **ADDITIONAL INFORMATION**
A. **Rescission of Previous Settlement.** Previously, Respondents had entered into a $60 million settlement agreement dated June 14, 2004 with Plaintiff Santos and published a notice regarding this settlement, which had received preliminary, but not final, Court approval. This settlement would have covered some, but not all, of the Members of the Class identified herein. As part of the new settlement, Plaintiff Santos and her counsel and Respondents have agreed to rescind the previous settlement, which is no longer in effect. It is possible that Class Members under the new settlement will receive more, less, or be unaffected by the new settlement. If Respondents have failed to reserve at least $15 million for the payment of claims under the Settlement Agreement described in this Notice by the time the Agreement is subject to the Fairness Hearing, then the Court may elect to terminate the Settlement Agreement, which then shall be void and of no effect, and the June 14, 2004 Settlement shall be returned to effect, subject to all previously pending motions.
B. **Notice of Related Pending Litigation.** There is one other case pending in the District Court of Guam that seeks to establish a class action regarding classes of persons similar to, and overlapping with, the Class identified herein. It is entitled *Simpao, et al. vs. Govt. of Guam,* Dist. of Guam Civ. Case No. CV04-00049 (the "Other Litigation"). No class has yet been certified in the Other Litigation and the defendants in those cases oppose class certification. However, it is possible that if a Class Member requests exclusion from this Class, they could later be able to become part of the Other Litigation either by moving to join that Other Litigation or by becoming class members, should that case be certified as a class action. It is not known what the final outcome of the Other Litigation will be. In *Simpao,* the Court has held that the EIC applies to Guam and that filing a tax return establishes jurisdiction over those plaintiffs' claims. It is possible that by moving to join or by becoming part of a class in that case (if a motion for joinder or class certification were granted), a potential Class Member would ultimately receive less, more, or the same relief as they would receive by remaining a Class Member in this Litigation, or would possibly receive no relief at all. Class Members who do not request exclusion under the procedures set forth in Section VII(C) above will be barred forever from being part of the Other Litigation either as class members or by moving to join that case.
C. **Effect of Court Disapproval.** If the Court refuses to grant final approval of the Settlement Agreement after the Fairness Hearing, or refuses to enter the final judgment, the Settlement shall be rendered void and of no effect and any class certification shall be vacated.
D. **Questions.** Any questions regarding the Settlement should be directed to Plaintiffs' counsel, Phillips & Bordallo, P.C., 410 West O'Brien Drive, Suite 102, Hagåtña, Guam 96910, or Lujan Aguigui & Perez LLP, 300 Pacific News Building, Hagåtña, Guam 96910. You also can contact Plaintiffs' Counsel by mail at phillips@phillipsbordallo.com or ica@lujanaguiguiperez.com. Please do not submit questions to the Court. Copies of the Settlement Agreement and the pleadings and other documents filed in the Litigation and the Other Litigation are on file at the District Court of Guam, and may be examined and copied during regular office hours at the Office of the Clerk of Court, District Court of Guam, 520 West Soledad Avenue, Hagåtña, Guam 96910.

X. **DEADLINES**
Remember:    • If you wish to be excluded from the class, you must submit a written statement requesting exclusion that either (1) is filed with the Office of the Clerk of Court, District Court of Guam, 520 West Soledad Avenue, Hagåtña, GU 96910, on or before May 8, 2007 at 3:00 p.m.; or (2) is mailed by first class mail postmarked on or before May 8, 2007 to: Office of the Clerk of Court, District Court of Guam, 520 West Soledad Avenue, Hagåtña, GU 96910.
    • If you wish to submit objections or comments, you must file them with the Clerk of Court at the address listed above and serve them on all counsel listed in section VIII(B)(1) above on or before June 22, 2007.
    • If you wish to intervene, you must file and serve a motion on or before May 15, 2007.
    • The deadline for filing or mailing by first class mail claims for the EIC under the Settlement to DRT for tax years 1995, 1996, 1999, 2000, 2001, 2002, 2003, and 2004 is May 8, 2007.

# IN THE UNITED STATES DISTRICT COURT DISTRICT OF GUAM

JULIE BABAUTA SANTOS and CHARMAINE R. TORRES, on behalf
of themselves and a class of others similarly situated,

    Petitioners,

v.

FELIX P. CAMACHO, etc., et. al.

    Respondents.

CIVIL CASE NO. 04-00006 and 04-00038

## NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

TO:    **ALL PERSONS WHO CLAIMED OR COULD HAVE CLAIMED UNDER GUAM OR GUAM TERRITORIAL LAW FOR TAX YEARS 1995, 1996, 1999, 2000, 2001, 2002, 2003, OR 2004; AND
ALL PERSONS WHO FILED AN EARNED INCOME TAX CREDIT CLAIM UNDER THE GUAM EARNED INCOME TAX CREDIT UNDER THE GUAM TERRITORIAL INCOME TAX
TERRITORIAL INCOME TAX FOR TAX YEAR 1997 AND HAVE YET TO RECEIVE PAYMENT IN FULL FOR TAX YEAR 1997; AND
ALL PERSONS WHO FILED AN EARNED INCOME TAX CREDIT CLAIM UNDER THE GUAM EARNED INCOME TAX PROGRAM OR THE GUAM TERRITORIAL INCOME TAX FOR TAX YEAR 1998 AND HAVE YET TO RECEIVE PAYMENT IN FULL FOR TAX YEAR 1998.**

The above-captioned proceeding (the "Litigation") is pending before the District Court of Guam (the "Court"). In the Litigation, Julie B. Santos and Charmaine R. Torres (the "Plaintiffs") claim that they and other Guam taxpayers have been denied the right to file claims for earned income tax credit (the "EIC"), and have been denied the right to receive a refund of the EIC. The tax years covered by the Litigation are 1995 to 2004. The Respondents in the Litigation are the Government of Guam (the "Government"), Governor Felix P. Camacho, Director of Administration, Lourdes M. Perez, and Director of Revenue and Taxation, Artemio B. Ilagan (collectively "Respondents"). They have filed pleadings denying the claims and asserting various affirmative defenses.

The Court has conditionally ruled that the Litigation may be maintained on behalf of the following Class:

All persons who do not elect to request exclusion from the class under the procedures described below and: (1) were subject to the Guam Territorial Income Tax ("GTIT") established in 48 U.S.C. § 1421i for tax years 1995-1996 and/or 1999-2004 and would have been eligible to file for the EIC established in 26 U.S.C. § 32 (as it applied in each respective tax year) if that program were applied in the Territory of Guam, and filed a timely tax return for the applicable tax year or year(s) in which the credit is sought; and/or (2) were eligible to receive an EIC credit under certain Guam territorial laws for tax years 1995-1996 and/or 1999-2004 that mirrored the federal EIC law (26 U.S.C. § 32), including the Guam Earned Income Program (Chapter 42 of 11 G.C.A.), and filed a timely tax return for the applicable tax year or year(s) in which the credit is sought; and/or (3) actually filed a claim for the EIC with DRT for tax year 1998 under the GTIT or Guam Earned Income Program (Chapter 42 of 11 G.C.A.) on or before April 15, 2002, and have not yet received full payment for that claim; and/or (4) actually filed a claim for the EIC with DRT for tax year 1997 under the GTIT or Guam Earned Income Program (Chapter 42 of 11 G.C.A.) on or before April 16, 2001 and have not yet received full payment for that claim.

This definition of persons who fall within or are excluded from the Class is referred to in this Notice as the "Class Definition."

## I. PURPOSE OF THIS NOTICE

The purpose of this notice is to inform you, as a potential member of the Class, of: (a) the existence of the Litigation; (b) the proposed Class Action Settlement of the Litigation, described below; and (c) your rights with respect to the proposed Settlement. Those rights include the right to be excluded from the Class and the Settlement. If you are a Class Member and do not request exclusion, you will remain in the Class and be bound by the Settlement terms.

Plaintiffs' Counsel has investigated and evaluated the claims asserted in the Litigation and has determined that the proposed Settlement is fair, reasonable, and adequate for the Class as a whole, in light of the benefits of the Settlement and the disadvantages of continuing the Litigation. The proposed Settlement is a compromise of disputed claims and does not mean that Respondents admit liability.

## II. SETTLEMENT BENEFITS FOR CLASS MEMBERS

If the Court approves the Settlement, Respondents will make payments totaling up to $90 million to the Class Members to resolve their EIC claims. Tax year 1997 will be paid separately as stated below. Class Members will not receive interest on their EIC claims (except as to tax year 1997) and are waiving any right to interest on their EIC claims (except as to tax year 1997). The payment will be divided among Class Members as follows:

**A. Tax Year 1997:** The Government will pay the EIC Class 100% of any remaining amount owed for tax year 1997, together with any interest, on the same terms as it has paid previous tax year 1997 claims.

**B. Tax Year 1998:** The Government will pay not more than $15 million for their EIC claims for tax year 1998. This amount shall be divided proportionally among each claimant found eligible for the EIC by the Guam Department of Revenue & Taxation ("DRT") based on the value of his or her claim, up to 100%. Remaining amounts, if any, shall be utilized to fund claims for tax years Tax Year 1995, 1996, 1999, & 2000 as stated below.

**C. Tax Years 1995, 1996, 1999, & 2000:** The Government will pay the EIC Class not more than $15 million for their EIC claims for tax years 1995, 1996, 1999, and 2000 (combined), together with any remainder from the payment for tax year 1998. This amount shall be divided proportionally among each claimant found eligible for the EIC by DRT based on the value of his or her claim, up to 100%. Remaining amounts, if any, shall be utilized to fund claims for tax year 2001 as stated below.

**D. Tax Year 2001:** The Government will pay the EIC Class not more than $15 million for their EIC claims for tax year 2001, together with any remainder from the payment for tax years 1995, 1996, 1999, and 2000 (combined). This amount shall be divided proportionally among each claimant found eligible for the EIC by DRT based on the value of his or her claim, up to 100%. Remaining amounts, if any, shall be utilized to fund claims for tax year 2002 as stated below.

**E. Tax Year 2002:** The Government will pay the EIC Class not more than $15 million for their EIC claims for tax year 2002, together with any remainder from the payment for tax year 2001. This amount shall be divided proportionally among each claimant found eligible for the EIC by DRT based on the value of his or her claim, up to 100%. Remaining amounts, if any, shall be utilized to fund claims for tax year 2003 as stated below.

**F. Tax Year 2003:** The Government will pay the EIC Class not more than $15 million for their EIC claims for tax year 2003, together with any remainder from the payment for tax year 2002. This amount shall be divided proportionally among each claimant found eligible for the EIC by DRT based on the value of his or her claim, up to 100%. Remaining amounts, if any, shall be utilized to fund claims for tax year 2004 as stated below.

**G. Tax Year 2004:** The Government will pay the EIC Class not more than $15 million for their EIC claims for tax year 2004, together with any remainder from the payment for tax year 2003. This amount shall be divided proportionally among each claimant found eligible for the EIC by DRT based on the value of his or her claim, up to 100%. Remaining amounts, if any, shall be utilized to fund claims for tax year 2005 and future tax years.

**H. Payment of EIC Claims In Future Tax Years:** If the Settlement is approved by the Court as described below, the Government has agreed to pay the EIC to all qualifying persons in tax year 2005 and future tax years. Persons do not have to be Class Members to receive this benefit.

## III. CLAIMS PROCESS & DEADLINES

**A. Deadlines for Submitting a Claim (Except as to Tax Year 1997 and 1998).** The deadlines for Class Members to submit EIC claims for tax years 1995, 1996, 1999, 2000, 2001, 2002, 2003 and 2004 is May 8, 2007. No new claims are being accepted for tax years 1997 and 1998.

**B. Submit a Claim by Filing Form EIC-GU (Except as to Tax Year 1997 and 1998).** To submit a claim as a Class Member, you must submit the Form EIC-GU applicable to *each* year in which you wish to make a claim. Claims must be filed with DRT or mailed to DRT on or before the deadline for the applicable tax year stated above. Form EIC-GU can be filed at DRT and at other locations where Guam tax forms ordinarily are available. It also can be viewed and printed on-line at http://www.GovGuamdocs.com.

**C. Tax Return Required For Each Year.** For tax years 1995-2002, you must have already filed a tax return in a year to be eligible to file an EIC claim for that particular year. If you have not previously submitted a tax return (*e.g.* a Form 1040, 1040A, or 1040EZ) for tax year 2003 or tax year 2004 and you wish to make an EIC claim for one or both of those years, you must submit a tax return for the applicable year(s) along with submitting a Form EIC-GU to make a claim. As to tax year 2003, no new tax returns will be accepted after April 16, 2007, even though the time to file an EIC claim does not expire until May 8, 2007. If you already submitted a tax return for a tax year, you do not need to file a new tax return. However, you can amend the return, if you wish, anytime within three years of when that return was first due. If more than three years have passed since that return was first due, you will not be able to amend it.

**D. Persons Who Already Filed Form EIC-GU.** If you already submitted a Form EIC-GU for a tax year covered by the Litigation and the proposed Settlement, you do not need to file a new Form EIC-GU for that tax year. However, you may file a new Form EIC-GU either otherwise provided to file a claim if you wish to amend your previous filing or to correct an incomplete or defective Form EIC-GU filing. If you have already filed a Form EIC-GU, you will be included within the Class unless you request exclusion under the procedures and deadlines set forth below.

**E. Procedures Governing Tax Year 1997.** To be eligible to receive any payment under the Settlement for tax year 1997, Class Members must have filed a claim for the EIC under the GTIT or the Guam Earned Income Program for tax year 1997 on or before April 16, 2001. No new or amended tax returns for tax year 1997 will be accepted. If you already filed a tax year 1997 EIC claim as stated herein, and you have not yet been paid in full for that claim, you will be included within the Class unless you request exclusion under the procedures and deadlines set forth below.

**F. Procedures Governing Tax Year 1998.** To be eligible to receive any payment under the Settlement for tax year 1998, Class Members must have filed a claim for the EIC under the GTIT or the Guam Earned Income Program for tax year 1998 on or before April 15, 2002. No new or amended tax returns for tax year 1998 will be accepted. If you already filed a tax year 1998 EIC claim as stated herein, and you have not yet been paid in full for that claim, you will be included within the Class unless you request exclusion under the procedures and deadlines set forth below.

**G. Processing of Claims and Governing Laws.** Once submitted, all EIC claims will be processed by the DRT, which shall apply all laws that ordinarily apply to tax refund claims except as otherwise provided in the Settlement. Claims are still subject to an audit, and claims will be denied if information provided is incomplete or inaccurate for any respective tax year. False or inaccurate EIC claims shall remain subject to applicable penalties permitted by federal or territorial law, including reducing or denying an EIC claim or assessing fines pursuant to 26 U.S.C. § 32(k), a federal statute that applies to all claims for the EIC beginning January 1, 1997.

**H. Application of Offsets.** If a claimant is found eligible for the EIC, Respondents shall retain the right to offset the amount of an EIC claim as provided for GTIT refunds in general by 26 U.S.C. § 6402. If your claim is subject to an offset, you will be notified regarding whom the offset amount has been paid to.

**I. Right to Contest Particular Determinations.** With regard to any denial of a particular EIC claim or any assessment of any civil or criminal penalties, you shall maintain the right to challenge such a determination through all administrative and judicial processes afforded under federal or territorial law to a taxpayer as to any tax refund claim.

## IV. WHEN CLAIMS WILL BE PAID

**A. Funding (except as to Tax Year 1997).** The Government has agreed to reserve at least fifteen percent (15%) of all amounts it places into the accounts it uses to pay general tax refunds to pay for the $90 million settlement payment. It is not known exactly how fast money will be reserved. But, the Respondents have already commenced reserving money and Respondents will be supplying monthly reports to the Court and Plaintiffs' Counsel regarding how much money has been reserved so that the Court can monitor compliance with the Settlement. Further, Respondents can utilize other funding should it become available to speed payment.

**B. Funding (as to Tax Year 1997).** The Government has agreed to pay remaining EIC claims for tax year 1997 (most such claims having already been paid) from a reserved amount of $500,000.00 that is currently in the accounts the Government uses to pay general tax refunds. It has further warranted that this amount has been calculated by DRT to be sufficient to pay all outstanding 1997 claims. In the event that such reserved amount is insufficient to payment all outstanding 1997 claims, the Government shall utilize other funding sources permitted by law to pay all remaining 1997 claims.

**C. Order of Payments.** As money is reserved, and only after final approval of the settlement and entry of the judgment by the Court, claims will be paid in the following order: (1) claims for tax years 1997 and 1998 (except as tax year 1997 and 1998 claims have been subject to "early" payment as described below); (2) claims for tax years 1995, 1996, 1999, and 2000 (collectively); (3) claims for tax year 2001; (4) claims for tax year 2002; (5) claims for tax year 2003; and (6) claims for tax year 2004. Within each tax year, claims will be paid in the order submitted to DRT.

**D. Timely Processing of Claims.** On or before April 2, 2007, DRT will have processed all claims for tax year 1998. On or before July 9, 2007, DRT will have processed all claims for tax years 1995, 1996, 1999, and 2000. On or before September 5, 2007, DRT will have processed all claims for tax years 2002, 2003, and 2004. After the completion of the periods for processing claims for each respective tax year, DRT will calculate the total amount of claims it has found to be valid for that respective tax year and calculate the percentage of each claim that shall be paid (up to 100%). DRT will then certify the claims and percentage amounts that should be paid pursuant to the provisions of the Settlement. DRT does retain the right to make individual hardship exceptions to the priority of payments based on standard pre-existing DRT policies and procedures. If your claim is denied or selected for an audit, and it is later determined in a judicial or administrative process that your claim was valid and should be paid, you will receive the same proportional payment of the amount found to be validly claimed as is paid to class members for that same tax year.

**F. "Early" Payment of 1997 and 1998 Claims.** The Court has authorized the Government to pay certain claims prior to final approval of the Settlement on the terms explained below. If you are eligible to receive an "early" payment, you also will receive a separate notice that you should review carefully prior to accepting or depositing the check.

1. Once all claims for 1997 are processed, the Government shall pay the full value of all 1997 tax year claims by issuing a check payable to each eligible Class Member in the amount owed.

2. Once all claims for tax year 1998 are processed, the Government shall pay two-thirds of the $15 million for tax year 1998 (in other words, $10 million) to each eligible Class Members who has a valid claim for tax year 1998. The Government shall do this by issuing a check payable to each eligible Class Member that represents 66.6% of that member's proportional share of the $15 million devoted by the Settlement to tax year 1998. This means that if you are eligible to receive a payment for tax year 1998, you will receive 66.6% of your proportional under the terms of the Settlement prior to final approval of the Settlement. The remaining 33.4% will only be paid after final approval of the Settlement.

3. If you receive an "early" payment check and cash or deposit it, you will have released and waived your right to opt-out of the Settlement *if the Court later grants final approval of the Settlement.* If you cash or deposit such a check, but final approval is denied, you will not be bound by the Settlement. In the event final approval is denied, the payment shall operate as a payment (based solely on the dollar value actually paid) of a claim for tax year 1997 and/or 1998, should you later be found to have a valid claim for that tax year. Such payment now is not, and shall not be construed to be, an admission of liability or obligation to pay any present or future claim, except as stated in the Settlement. If you refuse the payment or fail to deposit a check within sixty days of the date stated on the check, you will retain the right to opt-out of the Settlement prior to final approval based upon the procedures set forth herein. If you refuse a payment or fail to deposit your check within sixty days of the date stated on the check, but you do not opt-out of the Settlement under the procedures set forth herein, you will still be entitled to payment of your tax year 1997 and/or 1998 claim (if any) upon final approval of the Settlement.

**V. DISMISSAL OF LITIGATION, ENTRY OF JUDGMENT, RELEASE OF CLAIMS, & COVENANT NOT TO SUE**

**A. Final Judgment.** If the Court approves the proposed settlement, it will enter a judgment that will dismiss the Litigation with prejudice as to all Class Members, except those Class Members who request to be excluded. All people who meet the Class Definition and do not validly and timely request exclusion from the Class will be forever barred from prosecuting their own lawsuits to recover the EIC or obtain related relief regarding the EIC from Respondents for tax years 1995, 1996, 1997, 1998, 1999, 2000, 2001, 2002, 2003, and 2004.

**B. Release of Claims.** Further, upon final approval of the Settlement, each and every member of the EIC Class will expressly and irrevocably release, waive, settle, and discharge all claims (whether legal or equitable), demands, actions (whether judicial or administrative), suits, and causes of action, including without limitation those asserted in the Litigation, against the Government of Guam, the Governor of Guam, the Director of the Department of Revenue & Taxation, the Department of Revenue & Taxation, the Director of the Department of Administration, the Department of Administration, and their employees, officers, agencies, instrumentalities, independent contractors, representatives, attorneys, and agents, whether in their individual or official capacities, with regard to claims for payment of the EIC under federal or Guam territorial law in tax years 1995, 1996, 1997, 1998, 1999, 2000, 2001, 2002, 2003, and 2004, or any refusal to accept or pay such claims or to implement any government programs with regard to such claims. Such release and discharge includes all such claims whether known, unknown, asserted, unasserted, suspected, or unsuspected. With regard to the release of claims, each and every member of the EIC Class expressly waives their rights under 18 G.C.A. § 82602 or principle of common or civil law that is similar to or analogous to 18 G.C.A. § 82602, which provides: "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR."

**C. Covenant Not to Sue.** Also upon final approval of the Settlement, the EIC Class separately covenants not to sue the Government of Guam, the Governor of Guam, the Director of Revenue & Taxation, the Department of Revenue & Taxation, the Director of the Department of Administration, the Department of Administration, and their employees, officers, agencies, instrumentalities, independent contractors, representatives, attorneys, and agents, whether in their individual or official capacities, with regard to claims for payment of the EIC under federal or Guam territorial law in tax years 1995, 1996, 1997, 1998, 1999, 2000, 2001, 2002, 2003, and 2004, or any refusal to accept or pay such claims or to implement any government programs with regard to such claims

**D. Limitations.** The general release and covenant not to sue stated above shall not be construed to preclude any Class Member from challenging through the administrative and/or judicial procedures that govern ordinary tax refund claims a particular disposition of (1) the existence and/or value of their particular EIC claim(s) for tax years 1995-2004 by DRT, (2) any amount of off-set or other adjustment made to their EIC claims by DRT (including without limitation by way of audit, penalty, intercept program, or off-set). The general release and covenant not to sue stated above exclude any future claims alleging solely a breach of this Settlement Agreement.

**VI. COSTS, EXPENSES, AND ATTORNEYS' FEES**

Respondents have agreed to pay all costs of mailing and publishing this Notice and administering the Settlement. Plaintiffs' counsel has filed a motion asking that if the Court approves the proposed settlement, the Court award ten percent (10%) of the settlement amount of $90 million as attorneys' fees payable to Plaintiffs' counsel. They have also asked that their non-taxable costs incurred in prosecution of this case be paid from the $90 million. The Court will ultimately decide the amount of attorneys' fees and costs, if any, to award. If you are a Class Member, you may submit written comments supporting, objecting, or commenting on the award of attorneys' fees and costs, and ask to be heard by the Court regarding this issue, in compliance with the procedures set forth in Section VIII(B), below.

**VII. RIGHTS AND OPTIONS OF CLASS MEMBERS**

**A. Remain a Class Member.** If you do not request exclusion from the Class, you will remain a Class Member. On July 17, 2004, the Court appointed counsel for Plaintiff Santos, Attorney Michael Phillips, Esq. of the law firm of Phillips & Bordallo, P.C., 410 West O'Brien Drive, Suite 102, Hagåtña, Guam 96910 as Interim Class Counsel. Plaintiff Torres is represented by Ignacio C. Aguigui, Esq., Lujan Aguigui & Perez LLP, 300 Pacific News Building, Hagåtña, Guam 96910. Subject to the Court's final appointment of Class Counsel, the Plaintiffs and their counsel will represent your interests in connection with the proposed Settlement. If the Court approves the Settlement and the judgment becomes final, you will be entitled to the benefits described in Section II, above. As a Class Member, you will be bound by any judgment or other disposition of the Litigation, even if you do not submit a claim or take advantage of any of the benefits of the Settlement. Furthermore, you and your heirs, executors, administrators, successors, and assigns will be deemed to have agreed to the terms of the release and covenant not to sue described in Section V above.

**B. Objections to or Comments on the Settlement.** As a Class Member, you have the right to object to or comment on the proposed Settlement or the motion for attorneys' fees and costs. The procedures for doing so are explained in Section VIII(B) below.

**C. Request Exclusion.** You have the right to request exclusion from the Class. If you request exclusion from the Class, you will not be bound by any judgment or settlement of the Litigation, you will not receive the benefits of the Settlement, and you will not be able to object to or comment in support of the Settlement. If you wish to be excluded from the Class, you must submit a signed, written statement requesting exclusion that either: (1) is filed with the Office of the Clerk of Court, District Court of Guam, 520 West Soledad Avenue, Hagåtña, GU 96910 on or before May 8, 2007 at 3 p.m.; or (2) is sent by first class mail to the Office of the Clerk of Court, District Court of Guam, 520 West Soledad Avenue, Hagåtña, GU 96910 bearing a postmark of May 8, 2007 or earlier. Any person requesting exclusion from the class and the Settlement Agreement must request exclusion from the class and the settlement in their entirety, and not just as to particular claim(s) for particular tax year(s). If you submit a request for exclusion that does not comply with these requirements, your request will be deemed invalid, and you will not be excluded from the Class.

**D. Retain Your Own Attorney and Seek Intervention.** You have the right to consult and/or retain an attorney of your choice, at your own expense, to advise you regarding the Settlement and your rights in connection with the Settlement. You also have the right, either personally or through an attorney retained by you, at your own expense, to seek to intervene in the Litigation. Any such motion must be filed no later than May 15, 2007.

**VIII. FAIRNESS HEARING**

**A. Time, Place, and Purpose of Hearing.** A Fairness Hearing will be held on Friday, July 6, 2007 at 10 a.m., before the District Court of Guam, 520 West Soledad Avenue, Hagåtña, GU 96910, to determine: (1) Whether the proposed settlement of the Litigation on the terms set forth in the Settlement Agreement is fair, reasonable, and adequate for the Class as a whole and should be granted final approval; (2) Whether the certification of the Class should be made final; (3) Whether the Court should enter the proposed judgment dismissing the Litigation with prejudice; and (4) Whether the Court should grant the application of Plaintiffs' Counsel for attorneys' fees and reimbursement of expenses, and, if so, in what amount.

**B. Procedures for Objecting to or Commenting in Support of Settlement**

**1. Written Objections or Comments.** If you have not requested exclusion from the Class, you, or an attorney retained by you, may file with the Office of the Clerk of Court, District Court of Guam, 520 West Soledad Avenue, Hagåtña, GU 96910 a statement objecting to or commenting on the settlement and/or the motion for attorneys' fees on or before June 22, 2007. Such statement must also be served upon all counsel in the litigation, who are: (1) Phillips & Bordallo, P.C., 410 West O'Brien Drive, Suite 102, Hagåtña, Guam 96910; (2) Lujan Aguigui & Perez LLP, 300 Pacific News Building, Hagåtña, Guam 96910 (3) Shannon Taitano, Esq., Legal Counsel, Office of the Governor, Ricardo J. Bordallo Governor's Complex, Adelup, P.O. Box 2950, Hagåtña, GU 96932 (4) Calvo & Clark, LLP, 655 South Marine Corps Drive, Suite 202, Tamuning, Guam 96913; and (5) Mantanona Law Office, Suite 601B, GCIC Bldg., 414 W Soledad Ave., Hagåtña, Guam 96910.

**2. Presentation of Objections and Supporting Comments at Fairness Hearing.** You may attend the Fairness Hearing, either personally or through an attorney retained by you, at your own expense, and ask to be heard by the Court on your comments or objections. If you wish to do so, you must submit your objections or comments in writing in compliance with Section VIII(B)(1) above and include in your comments a statement that you intend to appear and wish to attend the Fairness Hearing.

**IX. ADDITIONAL INFORMATION**

**A. Rescission of Previous Settlement.** Previously, Respondents had entered into a $60 million settlement agreement dated June 14, 2004 with Plaintiff Santos and published a notice regarding this settlement, which had received preliminary, but not final, Court approval. This settlement would have covered some, but not all, of the Members of the Class identified herein. As part of the new settlement, Plaintiff Santos and her counsel and Respondents have agreed to rescind the previous settlement, which is no longer in effect. It is possible that Class Members under the new settlement will receive more, less, or be unaffected by the new settlement. If Respondents have failed to reserve at least $15 million for the payment of claims under the Settlement described in this Notice by the time the Agreement is subject to the Fairness Hearing, Plaintiffs shall have the right to terminate the Settlement Agreement, which then shall be void and of no effect, and the June 14, 2004 Settlement shall be returned to effect, subject to all previously pending motions.

**B. Notice of Related Pending Litigation.** There is one other case pending in the District Court of Guam that seeks to establish a class action regarding classes of persons similar to, and overlapping with, the Class identified herein. It is entitled *Simpao, et al. vs. Govt. of Guam,* Dist. of Guam Civ. Case No. CV04-00049 (the "Other Litigation"). No class has yet been certified in the Other Litigation and the defendants in these cases oppose class certification. However, it is possible that if a Class Member requests exclusion from this Class, they could later be able to become part of the Other Litigation either by moving to join that Other Litigation or by becoming class members, should that case be certified as a class action. It is not known what the final outcome of the Other Litigation will be. In *Simpao,* the Court has held that the EIC applies to Guam and that filing a tax return establishes jurisdiction over those plaintiffs' claims. It is possible that by moving to join or by becoming part of a class in that case (if a motion for joinder or class certification were granted), a potential Class Member would ultimately receive less, more, or the same relief as they would receive by remaining a Class Member in this Litigation, or would possibly receive no relief at all. Class Members who do not request exclusion under the procedures set forth in Section VII(C) above will be barred forever from being part of the Other Litigation either as class members or by moving to join that case.

**C. Effect of Court Disapproval.** If the Court refuses to grant final class certification or final approval of the Settlement Agreement after the Fairness Hearing, or refuses to enter the final judgment, the Settlement shall be rendered void and of no effect and any class certification shall be vacated.

**D. Questions.** Any questions regarding the Settlement should be directed to Plaintiffs' counsel, Phillips & Bordallo, P.C., 410 West O'Brien Drive, Suite 102, Hagåtña, Guam 96910, or Lujan Aguigui & Perez LLP, 300 Pacific News Building, Hagåtña, Guam 96910. You also can contact Plaintiffs by email at mphillips@phillipsbordallo.com or ica@lujanaguiguiperez.com. Please do not submit questions to the Court. Copies of the Settlement Agreement and the pleadings and other documents filed in the Litigation and the Other Litigation are on file at the District Court of Guam and may be examined and copied during regular office hours at the Office of the Clerk of Court, District Court of Guam, 520 West Soledad Avenue, Hagåtña, GU 96910.

**X. DEADLINES**

Remember:
- **If you wish to be excluded from the class, you must submit a written statement requesting exclusion that either (1) is filed with the Office of the Clerk of Court, District Court of Guam, 520 West Soledad Avenue, Hagåtña, GU 96910, on or before May 8, 2007; or (2) is sent by first class mail postmarked on or before May 8, 2007 to: Office of the Clerk of Court, District Court of Guam, 520 West Soledad Avenue, Hagåtña, GU 96910.**
- **If you wish to submit objections or comments, you must file them with the Clerk of Court at the address listed above and serve them on all counsel listed in section VIII(B)(1) above on or before June 22, 2007.**
- **If you wish to intervene, you must file and serve a motion on or before May 15, 2007.**
- **The deadline for filing or mailing by first class mail claims for the EIC under the Settlement to DRT for tax years 1995, 1996, 1997, 2000, 2001, 2002, 2003, and 2004 is May 8, 2007.**

Dated: January 29, 2007

BY ORDER OF THE
DISTRICT COURT OF GUAM

# IN THE UNITED STATES DISTRICT COURT DISTRICT OF GUAM

JULIE BABAUTA SANTOS and CHARMAINE R. TORRES, on behalf
of themselves and a class of others similarly situated,

Petitioners,

v.

FELIX P. CAMACHO, etc., et. al.

Respondents.

CIVIL CASE NO. 04-00006 and 04-00038

## NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

**TO:** **ALL PERSONS WHO CLAIMED OR COULD HAVE CLAIMED AN EARNED INCOME TAX CREDIT UNDER THE GUAM TERRITORIAL INCOME TAX OR GUAM TERRITORIAL LAW FOR TAX YEARS 1995, 1996, 1999, 2000, 2001, 2002, 2003, OR 2004; AND**
**ALL PERSONS WHO FILED AN EARNED INCOME TAX CREDIT CLAIM UNDER THE GUAM EARNED INCOME PROGRAM OR THE GUAM TERRITORIAL INCOME TAX FOR TAX YEAR 1997 AND HAVE YET TO RECEIVE PAYMENT IN FULL FOR TAX YEAR 1997; AND**
**ALL PERSONS WHO FILED AN EARNED INCOME TAX CREDIT CLAIM UNDER THE GUAM EARNED INCOME PROGRAM OR THE GUAM TERRITORIAL INCOME TAX FOR TAX YEAR 1998 AND HAVE YET TO RECEIVE PAYMENT IN FULL FOR TAX YEAR 1998.**

The above captioned proceeding (the "Litigation") is pending before the District Court of Guam (the "Court"). In the Litigation, Julie B. Santos and Charmaine R. Torres (the "Plaintiffs") claim that they and other Guam taxpayers have been denied the right to file claims for earned income tax credit (the "EIC"), and have been denied the right to receive a refund of the EIC. The tax years covered by the Litigation are 1995 to 2004. The Respondents in the Litigation are the Government of Guam (the "Government"), Governor Felix P. Camacho, Director of Administration, Lourdes M. Perez, and Director of Revenue & Taxation, Artemio B. Ilagan (collectively "Respondents.") They have filed pleadings denying the claims and asserting various affirmative defenses.

The Court has conditionally ruled the Litigation may be maintained on behalf of the following Class:

All persons who do elect to request exclusion from the class under the procedures described below and: (1) were subject to the Guam Territorial Income Tax ("GTIT") established in 48 U.S.C. § 1421i for tax years 1995-1996 and/or 1999-2004 and would have been eligible to file for the EIC established in 26 U.S.C. § 32 (as it applied in each respective tax year) if that program were applied in the Territory of Guam, and filed a timely tax return for the applicable tax year or year(s) in which the credit is sought; and/or (2) were eligible to receive an EIC credit under certain Guam territorial laws for tax years 1995-1996 and/or 1999-2004 that mirrored the federal EIC law (26 U.S.C. § 32), including the Guam Earned Income Program (Chapter 42 of 11 G.C.A.), and filed a timely tax return for the applicable tax year or year(s) in which the credit is sought; and/or (3) actually filed a claim for the EIC with DRT for tax year 1998 under the GTIT or Guam Earned Income Program (Chapter 42 of 11 G.C.A.) on or before April 15, 2002, and have not yet received full payment for that claim; and/or (4) actually filed a claim for the EIC with DRT for tax year 1997 under the GTIT or Guam Earned Income Program (Chapter 42 of 11 G.C.A.) on or before April 16, 2001 and have not yet received full payment for that claim.

This definition of persons who fall within or are excluded from the Class is referred to in this Notice as the "Class Definition."

**I. PURPOSE OF THIS NOTICE**

The purpose of this notice is to inform you, as a potential member of the Class, of: (a) the existence of the Litigation; (b) the proposed Class Action Settlement of the Litigation, described below; and (c) your rights with respect to the proposed Settlement. Those rights include the right to be excluded from the Class and the Settlement. If you are a Class Member and do not request exclusion in compliance with the procedures and deadline stated below, you will be bound by the Settlement terms.

Plaintiffs' Counsel has investigated and evaluated the claims asserted in the Litigation and has determined that the proposed Settlement is fair, reasonable, and adequate for the Class as a whole, in light of the benefits of the Settlement and the disadvantages of continuing the Litigation. The proposed Settlement is a compromise of disputed claims and does not mean that Respondents admit liability.

**II. SETTLEMENT BENEFITS FOR CLASS MEMBERS**

If the Court approves the Settlement, Respondents will make payments totaling up to $90 million for tax years 1995-96 and 1998-2004 to the Class Members to resolve their EIC claims. Tax year 1997 will be paid separately as stated below. Class Members will not receive interest on their EIC claims (except as to tax year 1997) and are waiving any right to interest on their EIC claims (except as to tax year 1997). The payment will be divided among Class Members as follows:

**A. Tax Year 1997:** The Government will pay the EIC Class 100% of any remaining amount owed for tax year 1997, together with any interest, on the same terms as it has paid previous tax year 1997 claims.

**B. Tax Year 1998:** The Government will pay the EIC Class not more than $15 million for their EIC claims for tax year 1998. This amount shall be divided proportionally among each claimant found eligible for the EIC by the Guam Department of Revenue & Taxation ("DRT") based on the value of his or her claim, up to 100%. Remaining amounts, if any, shall be utilized to fund claims for tax years Tax Years 1995, 1996, 1999, & 2000 as stated below.

**C. Tax Years 1995, 1996, 1999, & 2000:** The Government will pay the EIC Class not more than $15 million for tax years 1995, 1996, 1999, and 2000 (combined), together with any remainder from the payment for tax year 1998. This amount shall be divided proportionally among each claimant found eligible for the EIC by DRT based on the value of his or her claim, up to 100%. Remaining amounts, if any, shall be utilized to fund claims for tax year 2001 as stated below.

**D. Tax Year 2001:** The Government will pay the EIC Class not more than $15 million for their EIC claims for tax year 2001, together with any remainder from the payment for tax years 1995, 1996, 1999, and 2000 (combined). This amount shall be divided proportionally among each claimant found eligible for the EIC by DRT based on the value of his or her claim, up to 100%. Remaining amounts, if any, shall be utilized to fund claims for tax year 2002 as stated below.

**E. Tax Year 2002:** The Government will pay the EIC Class not more than $15 million for their EIC claims for tax year 2002, together with any remainder from the payment for tax year 2001. This amount shall be divided proportionally among each claimant found eligible for the EIC by DRT based on the value of his or her claim, up to 100%. Remaining amounts, if any, shall be utilized to fund claims for tax year 2003 as stated below.

**F. Tax Year 2003:** The Government will pay the EIC Class not more than $15 million for their EIC claims for tax year 2003, together with any remainder from the payment for tax year 2002. This amount shall be divided proportionally among each claimant found eligible for the EIC by DRT based on the value of his or her claim, up to 100%. Remaining amounts, if any, shall be utilized to fund claims for tax year 2004 as stated below.

**G. Tax Year 2004:** The Government will pay the EIC Class not more than $15 million for their EIC claims for tax year 2004, together with any remainder from the payment for tax year 2003. This amount shall be divided proportionally among each claimant found eligible for the EIC by DRT based on the value of his or her claim, up to 100%. Remaining amounts, if any, shall be utilized to fund tax refunds and the EIC in tax year 2005 and future tax years.

**H. Payment of EIC Claims in Future Tax Years:** If the Settlement is approved by the Court as described below, the Government has agreed to pay the EIC all qualifying persons in tax year 2005 and future tax years. Persons do not have to be Class Members to receive this benefit.

**III. CLAIMS PROCESS & DEADLINES**

**A. Deadlines for Submitting a Claim (Except as to Tax Year 1997 and 1998).** The deadlines for Class Members to submit EIC claims for tax years 1995, 1996, 1999, 2000, 2001, 2002, 2003 and 2004 is May 8, 2007. No new claims are being accepted for tax years 1997 and 1998.

**B. Submit a Claim by Filing Form EIC-GU (Except as to Tax Year 1997 and 1998).** To submit a claim as a Class Member, you must submit the Form EIC-GU applicable to each year in which you wish to make a claim. Claims must be filed with DRT or mailed to DRT on or before the deadline for the applicable tax year stated above. Form EIC-GU can be found at DRT and at other locations where Guam tax forms ordinarily are available. It also can be viewed and printed on-line at http://www.GovGuamdocs.com.

**C. Tax Return Required For Each Year.** For tax years 1995-2002, you must have already filed a tax return in a year to be eligible to file an EIC claim for that particular year. If you have not previously submitted a tax return (e.g. a Form 1040, 1040A, or 1040EZ) for tax year 2003 or tax year 2004 and you wish to make an EIC claim for one or both of those years, you must submit a tax return for the applicable year(s) along with submitting a Form EIC-GU to make a claim. As to tax year 2003, no new tax returns will be accepted after April 16, 2007, even though the time to file an EIC claim does not expire until May 8, 2007. If you already submitted a tax return for a tax year, you do not need to file a new tax return. However, you can amend the return, if you wish, anytime within three years of when that return was first due. If more than three years have passed since that return was first due, you will not be able to amend it.

**D. Persons Who Already Filed Form EIC-GU.** If you already submitted a Form EIC-GU for a tax year covered by the Litigation and the proposed Settlement, you do not need to file a new Form EIC-GU for that tax year. However, you may file a new Form EIC-GU within the time otherwise provided to file a claim if you wish to amend your previous filing or to correct an incomplete or defective Form EIC-GU filing. If you have already filed a Form EIC-GU, you will be included within the Class unless you request exclusion under the procedures and deadlines set forth below.

**E. Procedures Governing Tax Year 1997.** To be eligible to receive any payment under the Settlement for tax year 1997, Class Members must have filed a claim for the EIC under the GTIT or the Guam Earned Income Program for tax year 1997 on or before April 16, 2001. No new or amended tax returns for tax year 1997 will be accepted. If you already filed a tax year 1997 EIC claim as stated herein, and you have not yet been paid in full for that claim, you will be included within the Class unless you request exclusion under the procedures and deadlines set forth below.

**F. Procedures Governing Tax Year 1998.** To be eligible to receive any payment under the Settlement for tax year 1998, Class Members must have filed a claim for the EIC under the GTIT or the Guam Earned Income Program for tax year 1998 on or before April 15, 2002. No new or amended tax returns for tax year 1998 will be accepted. If you already filed a tax year 1998 EIC claim as stated herein, and you have not yet been paid in full for that claim, you will be included within the Class unless you request exclusion under the procedures and deadlines set forth below.

**G. Processing of Claims and Governing Laws.** Once submitted, all EIC claims will be processed by the DRT, which shall apply all laws that ordinarily apply to tax refund claims except as otherwise provided in the Settlement. Claims are still subject to an audit, and claims will be denied if found to be invalid under the federal and local laws governing EIC eligibility for each respective tax year. False or inaccurate EIC claims shall remain subject to applicable penalties permitted by federal or territorial law, including reducing or denying an EIC claim or assessing fines or other civil or criminal sanctions. If it is found that you intentionally or recklessly submitted a false claim you can be barred from receiving the EIC in future years beginning with tax year 1997 pursuant to 26 U.S.C. § 32(k), a federal statute that applies to all claims for the EIC beginning January 1, 1997.

**H. Application of Offsets.** If a claimant is found eligible for the EIC, Respondents shall retain the right to offset the amount of an EIC claim as provided for GTIT refunds in general by 26 U.S.C. § 6402. If your claim is subject to an offset, you will be notified regarding whom the offset amount has been paid to.

**I. Right to Contest Particular Determinations.** With regard to any denial of a particular EIC claim or any assessment of any civil or criminal penalties, you shall maintain the right to challenge such a determination through all administrative and judicial processes afforded under federal or territorial law to a taxpayer as to any tax refund claim.

**IV. WHEN CLAIMS WILL BE PAID**

**A. Funding (except as to Tax Year 1997).** The Government has agreed to ensure at least fifteen percent (15%) of all amounts it places into the accounts it uses to pay general tax refunds to pay for the $90 million settlement payment. It is not known exactly how fast money will be recovered. But, the Respondents have already commenced reserving money and Respondents will be supplying monthly reports to the Court and Plaintiffs' Counsel regarding how much money has been reserved so that the Court can monitor compliance with the Settlement. Further, Respondents can utilize other funding should it become available to speed payment.

**B. Funding (as to Tax Year 1997).** The Government has agreed to pay remaining EIC claims for tax year 1997 (most such claims having already been paid) from a reserved amount of $500,000.00 that is currently in the accounts the Government uses to pay general tax refunds. It has further warranted that this amount has been calculated by DRT to be sufficient to pay all outstanding 1997 claims. In the event that such reserved amount is insufficient to payment all outstanding 1997 claims, the Government shall utilize other funding sources permitted by law to pay all remaining 1997 claims.

**C. Order of Payments.** As money is reserved, and only after final approval of the settlement and entry of the judgment by the Court, claims will be paid in the following order: (1) claims for tax years 1997 and 1998 (except as tax year 1997 and 1998 claims have been subject to "early" payment as described below); (2) claims for tax years 1995, 1996, 1999, and 2000 (collectively), (3) claims for tax year 2001; (4) claims for tax year 2002; (5) claims for tax year 2003; and (6) claims for tax year 2004. Within each tax year, claims will be paid in the order submitted to DRT.

**D. Timely Processing of Claims.** On or before April 2, 2007, DRT will have processed all claims for tax years 1997 and 1998. On or before July 9, 2007, DRT will have processed all claims for tax years 1995, 1996, 1999, 2000, and 2001. On or before September 5, 2007, DRT will have processed all claims for tax years 2002, 2003, and 2004. After the completion of the periods for processing claims for each respective tax year, DRT will calculate the total amount of claims it has found to be valid for that respective tax year and calculate the percentage of each claim that shall be paid (up to 100%). DRT will then certify the claims and percentage amounts that should be paid pursuant to the provisions of the Settlement. DRT does retain the right to make individual hardship exceptions to the priority of payments based on standard pre-existing DRT policies and procedures. If your claim is denied or selected for an audit, and it is later determined in a judicial or administrative process that your claim was valid and should be paid, you will receive the same proportional payment of the amount found to be validly claimed as is paid to other class members for that same tax year.

**E. "Early" Payment of 1997 and 1998 Claims.** The Court has authorized the Government to pay certain claims prior to final approval of the Settlement on the terms explained below. If you are eligible to receive an "early" payment, you also will receive a separate notice that you should review carefully prior to accepting or depositing the check.

1. Once all claims for 1997 are processed, the Government shall pay the full value of all 1997 tax year claims by issuing a check payable to each eligible Class Member in the amount owed.

2. Once all claims for tax year 1998 are processed, the Government shall pay two-thirds of the $15 million for tax year 1998 (in other words, $10 million) to each eligible Class Members who has a valid claim for tax year 1998. The Government shall do this by issuing a check payable to each eligible Class Member that represents 66.6% of that member's proportional share of the $15 million devoted by the Settlement to tax year 1998. This means that if you are eligible to receive a payment for tax year 1998, you will receive 66.6% of your payment under the terms of the Settlement prior to final approval of the Settlement. The remaining 33.4% will only be paid after final approval of the Settlement.

3. If you receive an "early" payment check and cash or deposit it, you will have released and waived your right to opt-out of the Settlement *if the Court later grants final approval of the Settlement.* If you cash or deposit such a check, but final approval is denied, you will not be bound by the Settlement. In the event final approval is denied, the payment shall operate as a payment (based solely on the dollar value actually paid) of a claim for tax year 1997 and/or 1998, should you later be found to have a valid claim for that tax year. Such payment now is not, and shall not be construed to be, an admission of liability or obligation to pay any present or future claim, except as stated in the Settlement. If you refuse the payment or fail to deposit a check within sixty days of the date stated on the check, you will retain the right to opt-out of the Settlement prior to final approval based upon the procedures set forth herein. If you refuse a payment or fail to deposit your check within sixty days of the date stated on the check, but you do not opt-out of the Settlement under the procedures set forth herein, you will still be entitled to payment of your tax year 1997 and/or 1998 claim (if any) upon final approval of the Settlement.

**V. DISMISSAL OF LITIGATION, ENTRY OF JUDGMENT, RELEASE OF CLAIMS, & COVENANT NOT TO SUE**

**A. Final Judgment.** If the Court approves the proposed settlement, it will enter a judgment that will dismiss the Litigation with prejudice as to all Class Members, except those Class Members who request to be excluded. All people who met the Class Definition and do not validly and timely request exclusion from the Class will be forever barred from prosecuting their own lawsuits to recover the EIC or obtain related relief regarding the EIC for Respondents for tax years 1995, 1996, 1997, 1998, 1999, 2000, 2001, 2002, 2003, and 2004.

**B. Release of Claims.** Further, upon final approval of the Settlement, each member of the EIC Class will expressly and irrevocably release, waive, settle, and discharge all claims (whether legal or equitable), demands, actions (whether judicial or administrative), suits, and causes of action, including without limitation those asserted in the Litigation, against the Government of Guam, the Governor of Guam, the Director of the Department of Revenue & Taxation, the Department of Revenue & Taxation, the Director of the Department of Administration, the Department of Administration, and their employees, officers, agencies, instrumentalities, independent contractors, representatives, attorneys, and agents, whether in their individual or official capacities, with regard to claims for payment of the EIC under federal or Guam territorial law in tax years 1995, 1996, 1997, 1998, 1999, 2000, 2001, 2002, 2003, and 2004, or any refusal to accept or pay such claims or to implement any government programs with regard to such claims. Such release and discharge includes all such claims whether known, unknown, asserted, unasserted, suspected, or unsuspected. With regard to the release of claims, each and every member of the EIC Class expressly waives their rights under 18 G.C.A. § 82602 or principle of common or civil law that is similar to or analogous to 18 G.C.A. § 82602, which provides: "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR."

**C. Covenant Not to Sue.** Also upon final approval of the Settlement, the EIC Class separately covenants not to sue the Government of Guam, the Governor of Guam, the Director of Revenue & Taxation, the Department of Revenue & Taxation, the Director of the Department of Administration, the Department of Administration, and their employees, officers, agencies, instrumentalities, independent contractors, representatives, attorneys, and agents, whether in their individual or official capacities, with regard to claims for payment of the EIC under federal or Guam territorial law in tax years 1995, 1996, 1997, 1998, 1999, 2000, 2001, 2002, 2003, and 2004, or any refusal to accept or pay such claims or to implement any government programs with regard to such claims.

**D. Limitations.** The general release and covenant not to sue stated above shall not be construed to preclude any Class Member from challenging through the administrative and/or judicial procedures that govern ordinary tax refund claims a particular determination as to: (1) the existence and/or value of their particular EIC claim(s) for tax years 1995-2004 by DRT, (2) any amount of off-set or other adjustment made to their EIC claims by DRT (including without limitation by way of audit, penalty, intercept program, or off-set). The general release and covenant not to sue stated above exclude any future claims alleging solely a breach of this Settlement Agreement.

**VI. COSTS, EXPENSES, AND ATTORNEYS' FEES**

Respondents have agreed to pay all costs of mailing and publishing this Notice and administering the Settlement. Plaintiffs' counsel has filed a motion asking that if the Court approves the proposed settlement, the Court award ten percent (10%) of the settlement amount of $90 million as attorneys' fees payable to Plaintiffs' counsel. They have also asked that their non-taxable costs incurred in prosecution of this case be paid from the $90 million. The Court will ultimately decide the amount of attorneys' fees and costs, if any, to award. If you are a Class Member, you may submit written comments supporting, objecting, or commenting on the award of attorneys' fees and costs, and ask to be heard by the Court regarding this issue, in compliance with the procedures set forth in Section VIII(B), below.

**VII. RIGHTS AND OPTIONS OF CLASS MEMBERS**

**A. Remain a Class Member.** If you do not request exclusion from the Class, you will remain a Class Member. On July 17, 2004, the Court appointed counsel for Plaintiff Santos, Attorney Michael Phillips, Esq. of the law firm of Phillips & Bordallo, P.C., 410 West O'Brien Drive, Suite 102, Hagåtña, Guam 96910 as Interim Class Counsel. Plaintiff Torres is represented by Ignacio C. Aguigui, Esq., Lujan Aguigui & Perez LLP, 300 Pacific News Building, Hagåtña, Guam 96910. Subject to the Court's final appointment of Class Counsel, the Plaintiffs and their counsel will represent your interests in connection with the proposed Settlement. If the Court approves the Settlement and the judgment becomes final, you will be entitled to the benefits described in Section II, above. As a Class Member, you will be bound by any judgment or other disposition of the Litigation, even if you do not submit a claim or take advantage of any of the benefits of the Settlement. Furthermore, you and your heirs, executors, administrators, successors, and assigns will be deemed to have agreed to the terms of the release and covenant not to sue described in Section V above.

**B. Objections to or Comments on the Settlement.** As a Class Member, you have the right to object to or comment on the proposed Settlement or the motion for attorneys' fees and costs. The procedures for doing so are explained in Section VIII(B) below.

**C. Request Exclusion.** You have the right to request exclusion from the Class. If you request exclusion from the Class, you will not be bound by any judgment or settlement of the Litigation, you will not receive the benefits of the Settlement, and you will not be able to object to or comment in support of the Settlement. If you wish to be excluded from the Class, you must submit a signed, written statement requesting exclusion that either: (1) is filed with the Office of the Clerk of Court, District Court of Guam, 520 West Soledad Avenue, Hagåtña, GU 96910 on or before May 8, 2007 at 3 p.m.; or (2) is sent by first class mail to the Office of the Clerk of Court, District Court of Guam, 520 West Soledad Avenue, Hagåtña, GU 96910 bearing a postmark of May 8, 2007 or earlier. Any person requesting exclusion from the class and the Settlement Agreement must request exclusion from the class and the settlement in their entirety, and not just as to particular claim(s) for particular tax year(s). If you submit a request for exclusion that does not comply with these requirements, your request will be deemed invalid, and you will not be excluded from the Class.

**D. Retain Your Own Attorney and Seek Intervention.** You have the right to consult and/or retain an attorney of your choice, at your own expense, to advise you regarding the Settlement and your rights in connection with the Settlement. You also have the right, either personally or through an attorney retained by you, at your own expense, to seek to intervene in the Litigation. Any such motion must be filed no later than May 15, 2007.

**VIII. FAIRNESS HEARING**

**A. Time, Place, and Purpose of Hearing.** A Fairness Hearing will be held on Friday, July 6, 2007 at 10 a.m., before the District Court of Guam, 520 West Soledad Avenue, Hagåtña, GU 96910, to determine: (1) Whether the proposed settlement of the Litigation on the terms set forth in the Settlement Agreement is fair, reasonable, and adequate for the Class as a whole and should be granted final approval; (2) Whether the certification of the Class should be made final; (3) Whether the Court should enter the proposed judgment dismissing the Litigation with prejudice; and (4) Whether the Court should grant the application of Plaintiffs' Counsel for attorneys' fees and reimbursement of expenses, and, if so, in what amount.

**B. Procedures for Objecting to or Commenting in Support of Settlement**

1. **Written Objections or Comments.** If you have not requested exclusion from the Class, you, or an attorney retained by you, may file with the Office of the Clerk of Court, District Court of Guam, 520 West Soledad Avenue, Hagåtña, GU 96910 a statement objecting to or commenting on the settlement and/or the motion for attorneys' fees on or before June 22, 2007. Such statement must also be served upon all counsel in the litigation, who are: (1) Phillips & Bordallo, P.C., 410 West O'Brien Drive, Suite 102, Hagåtña, Guam 96910; (2) Lujan Aguigui & Perez LLP, 300 Pacific News Building, Hagåtña, Guam 96910 (3) Shannon Taitano, Esq., Legal Counsel, Office of the Governor, Ricardo J. Bordallo Governor's Complex, Adelup, P.O. Box 2950, Hagåtña, GU 96932 (4) Calvo & Clark, LLP, 655 South Marine Corps Drive, Suite 202, Tamuning, Guam 96913; and (5) Mantanona Law Office, Suite 601B, GCIC Bldg., 414 W Soledad Ave., Hagåtña, Guam 96910.

2. **Presentation of Objections and Supporting Comments at Fairness Hearing.** You may also attend the Fairness Hearing, either personally or through an attorney retained by you, at your own expense, and ask to be heard by the Court on your comments or objections. If you wish to do so, you must submit your objections or comments in writing in compliance with the procedures set forth in Section VIII(B)(1) above and include in your comments a statement that you intend to appear and wish to attend the Fairness Hearing.

**IX. ADDITIONAL INFORMATION**

**A. Rescission of Previous Settlement.** Previously, Respondents had entered into a $60 million settlement agreement dated June 14, 2004 with Plaintiff Santos and published a notice regarding this settlement, which had received preliminary, but not final, Court approval. This settlement would have covered some, but not all, of the Members of the Class identified herein. As part of the new settlement, Plaintiff Santos and her counsel and Respondents have agreed to rescind the previous settlement, which is no longer in effect. It is possible that Class Members under the new settlement will receive more, less, or be unaffected by the new settlement. If Respondents have failed to reserve at least $15 million for the payment of claims under the Settlement Agreement described in this Notice by the time the Agreement is subject to the Fairness Hearing, Plaintiffs have the right to terminate the Settlement Agreement, which then shall be void and of no effect, and the June 14, 2004 Settlement shall be returned to effect, subject to all previously pending motions.

**B. Notice of Related Pending Litigation.** There is one other case pending in the District Court of Guam that seeks to establish a class action regarding classes of persons similar to, and overlapping with, the Class identified herein. It is entitled *Simpao, et al. vs. Govt. of Guam*, Dist. of Guam Civ. Case No. CV04-00049 (the "Other Litigation"). No class has yet been certified in the Other Litigation and the defendants in those cases oppose class certification. However, it is possible that if a Class Member requests exclusion from this Class, they could later be able to become part of the Other Litigation class either by moving to join that Other Litigation or by becoming class members, should that case be certified as a class action. It is not known what the final outcome of the Other Litigation will be. In *Simpao*, the Court has held that the EIC applies to Guam and that filing a tax return establishes jurisdiction over those plaintiffs' claims. It is possible that by moving to join or by becoming part of a class in that case (if a motion for class certification were granted), a potential Class Member would ultimately receive less, more, or the same relief as they would receive by remaining a Class Member in this Litigation, or would possibly receive no relief at all. Class Members who do not request exclusion under the procedures set forth in Section VII(C) above will be barred forever from being part of the Other Litigation either as class members or by moving to join that case.

**C. Effect of Court Disapproval.** If the Court refuses to grant final class certification or final approval of the Settlement Agreement after the Fairness Hearing, or refuses to enter the final judgment, the Settlement shall be rendered void and of no effect and any class certification shall be vacated.

**D. Questions.** Any questions regarding the Settlement should be directed to Plaintiffs' counsel, Phillips & Bordallo, P.C., 410 West O'Brien Drive, Suite 102, Hagåtña, Guam 96910, or Lujan Aguigui & Perez LLP, 300 Pacific News Building, Hagåtña, Guam 96910. You also can contact Plaintiffs' Counsel by email at mphillips@phillipsbordallo.com or ica@lujanaguiguiperez.com. Please do not submit questions to the Court. Copies of the Settlement Agreement and the pleadings and other documents filed in the Litigation and the Other Litigation are on file at the District Court of Guam, and may be examined and copied during regular office hours at the Office of the Clerk of Court, District Court of Guam, 520 West Soledad Avenue, Hagåtña, GU 96910.

**X. DEADLINES**

Remember:
- If you wish to be excluded from the class, you must submit a written statement requesting exclusion that either (1) is filed with the Office of the Clerk of Court, District Court of Guam, 520 West Soledad Avenue, Hagåtña, GU 96910, on or before May 8, 2007 at 3:00 p.m.; or (2) is mailed by first class mail postmarked on or before May 8, 2007 to: Office of the Clerk of Court, District Court of Guam, 520 West Soledad Avenue, Hagåtña, GU 96910.
- If you wish to submit objections or comments, you must file them with the Clerk of Court at the address listed above and serve them on all counsel listed in section VIII(B)(1) above on or before June 22, 2007.
- If you wish to intervene, you must file and serve a motion on or before May 15, 2007.
- The deadline for filing or mailing by first class mail claims for the EIC under the Settlement to DRT for tax years 1995, 1996, 1999, 2000, 2001, 2002, 2003, and 2004 is May 8, 2007.

Dated: January 29, 2007

BY ORDER OF THE
DISTRICT COURT OF GUAM

# IN THE UNITED STATES DISTRICT COURT DISTRICT OF GUAM

JULIE BABAUTA SANTOS and CHARMAINE R. TORRES, on behalf
of themselves and a class of others similarly situated,

Petitioners,

v.

FELIX P. CAMACHO, etc., et. al.

Respondents.

CIVIL CASE NO. 04-00006 and 04-00038

**NOTICE OF PENDENCY AND PROPOSED
SETTLEMENT OF CLASS ACTION**

TO:   **ALL PERSONS WHO CLAIMED OR COULD HAVE CLAIMED AN EARNED INCOME TAX CREDIT UNDER THE GUAM TERRITORIAL INCOME TAX OR GUAM TERRITORIAL LAW FOR TAX YEARS 1995, 1996, 1999, 2000, 2001, 2002, 2003, OR 2004; AND
ALL PERSONS WHO FILED AN EARNED INCOME TAX CREDIT CLAIM UNDER THE GUAM EARNED INCOME PROGRAM OR THE GUAM TERRITORIAL INCOME TAX FOR TAX YEAR 1997 AND HAVE YET TO RECEIVE PAYMENT IN FULL FOR TAX YEAR 1997; AND
ALL PERSONS WHO FILED AN EARNED INCOME TAX CREDIT CLAIM UNDER THE GUAM EARNED INCOME PROGRAM OR THE GUAM TERRITORIAL INCOME TAX FOR TAX YEAR 1998 AND HAVE YET TO RECEIVE PAYMENT IN FULL FOR TAX YEAR 1998.**

The above-captioned proceeding (the "Litigation") is pending before the District Court of Guam (the "Court"). In the Litigation, Julie B. Santos and Charmaine R. Torres (the "Plaintiffs") claim that they and other Guam taxpayers have been denied the right to file claims for earned income tax credit (the "EIC"), and have been denied the right to receive a refund of the EIC. The tax years covered by the Litigation are 1995 to 2004. The Respondents in the Litigation are the Government of Guam (the "Government"), Governor Felix P. Camacho, Director of Administration, Lourdes M. Perez, and Director of Revenue & Taxation, Artemio B. Ilagan (collectively "Respondents"). They have filed pleadings denying the claims and asserting various affirmative defenses.

The Court has conditionally ruled that the Litigation may be maintained on behalf of the following Class:

All persons who do not elect to request exclusion from the class under the procedures described below and: (1) were subject to the Guam Territorial Income Tax ("GTIT") established in 48 U.S.C. § 1421i for tax years 1995-1996 and/or 1999-2004 and would have been eligible to file for the EIC established in 26 U.S.C. § 32 (as it applied in each respective tax year) if that program were applied in the Territory of Guam, and filed a timely tax return for the applicable tax year or year(s) in which the credit is sought; and/or (2) were eligible to receive an EIC credit under certain Guam territorial laws for tax years 1995-1996 and/or 1999-2004 that mirrored the federal EIC law (26 U.S.C. § 32), including the Guam Earned Income Program (Chapter 42 of 11 G.C.A.), and filed a timely tax return for the applicable tax year or year(s) in which the credit is sought; and/or (3) actually filed a claim for the EIC with DRT for tax year 1998 under the GTIT or Guam Earned Income Program (Chapter 42 of 11 G.C.A.) or before April 15, 2002, and have not yet received full payment for that claim; and/or (4) actually filed a claim for the EIC with DRT for tax year 1997 under the GTIT or Guam Earned Income Program (Chapter 42 of 11 G.C.A.) on or before April 16, 2001 and have not yet received full payment for that claim.

This definition of persons who fall within or are excluded from the Class is referred to in this Notice as the "Class Definition."

## I. PURPOSE OF THIS NOTICE

The purpose of this notice is to inform you, as a potential member of the Class, of: (a) the existence of the Litigation; (b) the proposed Class Action Settlement of the Litigation, described below; and (c) your rights with respect to the proposed Settlement. Those rights include the right to be excluded from the Class if you are a Class Member and do not request exclusion in compliance with the procedures and deadline stated below, you will remain in the Class and be bound by the Settlement terms.

Plaintiffs' Counsel has investigated and evaluated the claims asserted in the Litigation and has determined that the proposed Settlement is fair, reasonable, and adequate for the Class as a whole, in light of the benefits of the Settlement and the disadvantages of continuing the Litigation. The proposed Settlement is a compromise of disputed claims and does not mean that Respondents admit liability.

## II. SETTLEMENT BENEFITS FOR CLASS MEMBERS

If the Court approves the Settlement, Respondents will make payments totaling up to $90 million for the Class Members to resolve their EIC claims. Tax year 1997 will be paid separately as stated below. Class Members will not receive interest on their EIC claims (except as to tax year 1997) and are waiving any right to interest on their EIC claims (except as to tax year 1997). The payment will be divided among Class Members as follows:

**A. Tax Year 1997:** The Government will pay the EIC Class for any remaining amount owed for tax year 1997, together with any interest, on the same terms as it has paid previous tax year 1997 claims.

**B. Tax Year 1998:** The Government will pay no more than $15 million for their EIC claims for tax year 1998. This amount shall be divided proportionally among each claims found eligible for the EIC by the Guam Department of Revenue & Taxation ("DRT") based on the value of his or her claim, up to 100%. Remaining amounts, if any, shall be utilized to fund claims for tax years Tax Years 1995, 1996, 1999, & 2000 as stated below.

**C. Tax Years 1995, 1996, 1999, & 2000:** The Government will pay the EIC Class not more than $15 million for their EIC claims for tax years 1995, 1996, 1999, and 2000 (combined), together with any remainder from the payment for tax year 1998. This amount shall be divided proportionally among each claimant found eligible for the EIC by DRT based on the value of his or her claim, up to 100%. Remaining amounts, if any, shall be utilized to fund claims for tax year 2001 as stated below.

**D. Tax Year 2001:** The Government will pay the EIC Class not more than $15 million for their EIC claims for tax year 2001, together with any remainder from the payment for tax years 1995, 1996, 1999, and 2000 (combined). This amount shall be divided proportionally among each claimant found eligible for the EIC by DRT based on the value of his or her claim, up to 100%. Remaining amounts, if any, shall be utilized to fund claims for tax year 2002 as stated below.

**E. Tax Year 2002:** The Government will pay the EIC Class not more than $15 million for their EIC claims for tax year 2002, together with any remainder from the payment for tax year 2001. This amount shall be divided proportionally among each claimant found eligible for the EIC by DRT based on the value of his or her claim, up to 100%. Remaining amounts, if any, shall be utilized to fund claims for tax year 2003 as stated below.

**F. Tax Year 2003:** The Government will pay the EIC Class not more than $15 million for their EIC claims for tax year 2003, together with any remainder from the payment for tax year 2002. This amount shall be divided proportionally among each claimant found eligible for the EIC by DRT based on the value of his or her claim, up to 100%. Remaining amounts, if any, shall be utilized to fund claims for tax year 2004 as stated below.

**G. Tax Year 2004:** The Government will pay the EIC Class not more than $15 million for their EIC claims for tax year 2004, together with any remainder from the payment for tax year 2003. This amount shall be divided proportionally among each claimant found eligible for the EIC by DRT based on the value of his or her claim, up to 100%. Remaining amounts, if any, shall be utilized to fund tax refunds and the EIC in tax year 2005 and future tax years.

**H. Payment of EIC Claims in Future Tax Years:** If the Settlement is approved by the Court as described below, the Government has agreed to pay the EIC to all qualifying persons in tax year 2005 and future tax years. Persons do not have to be Class Members to receive this benefit.

## III. CLAIMS PROCESS & DEADLINES

**A. Deadlines for Submitting a Claim (Except as to Tax Year 1997 and 1998).** The deadlines for Class Members to submit EIC claims for tax years 1995, 1996, 1999, 2000, 2001, 2002, 2003 and 2004 is May 8, 2007. No new claims are being accepted for tax years 1997 and 1998.

**B. Submit a Claim by Filing Form EIC-GU (Except as to Tax Year 1997 and 1998).** To submit a claim as a Class Member, you must submit the Form EIC-GU applicable to each year in which you wish to make a claim. Claims must be filed with DRT or mailed to DRT on or before the deadline for the applicable tax year stated above. Form EIC-GU can be found at DRT and at other locations where Guam tax forms ordinarily are available. It also can be viewed and printed on-line at http://www.GovGuamdocs.com.

**C. Tax Return Required For Each Year.** For tax years 1995-2002, you must have already filed a tax return in a year to be eligible to file an EIC claim for that particular year. If you have not previously submitted a tax return (e.g. a Form 1040, 1040A, or 1040EZ) for tax year 2003 or tax year 2004 and you wish to make an EIC claim for one or both of those years, you must submit a tax return for the applicable year(s) along with submitting a Form EIC-GU to make a claim. As to tax year 2003, no new tax returns will be accepted after April 16, 2007, even though the time to file an EIC claim does not expire until May 8, 2007. If you already submitted a tax return for tax year 2003 or tax year 2004, you do not need to file a new tax return. However, you can amend the return, if you wish, anytime within three years of when that return was first due. If more than three years have passed since that return was first due, you will not be able to amend it.

**D. Persons Who Already Filed Form EIC-GU.** If you already submitted a Form EIC-GU for a tax year covered by the Litigation and the proposed Settlement, you do not need to file a new Form EIC-GU for that year. However, you may file a new Form EIC-GU claim if the time otherwise provided to file a claim has not expired and your previous filing or to correct an incomplete or defective Form EIC-GU filing. If you have already filed a Form EIC-GU, you will be included within the Class unless you request exclusion under the procedures and deadlines set forth below.

**E. Procedures Governing Tax Year 1997.** To be eligible to receive any payment under the Settlement for tax year 1997, Class Members must have filed a claim for the EIC under the GTIT or the Guam Earned Income Program for tax year 1997 on or before April 16, 2001. No new or amended tax returns for tax year 1997 will be accepted. If you already filed a tax year 1997 EIC claim as stated herein, and you have not yet been paid in full for that claim, you will be included within the Class unless you request exclusion under the procedures and deadlines set forth below.

**F. Procedures Governing Tax Year 1998.** To be eligible to receive any payment under the Settlement for tax year 1998, Class Members must have filed a claim for the EIC under the GTIT or the Guam Earned Income Program for tax year 1998 on or before April 15, 2002. No new or amended tax returns for tax year 1998 will be accepted. If you already filed a tax year 1998 EIC claim as stated herein, and you have not yet been paid in full for that claim, you will be included within the Class unless you request exclusion under the procedures and deadlines set forth below.

**G. Processing of Claims and Governing Laws.** Once submitted, all EIC claims will be processed by the DRT, which shall apply all laws that ordinarily apply to tax refund claims except as otherwise provided in the Settlement. Claims are still subject to an audit, and claims will be denied if found to be invalid under the federal and local laws governing EIC eligibility for each respective tax year. False or inaccurate EIC claims shall remain subject to applicable penalties permitted by federal or territorial law, including reducing or denying an EIC claim or assessing fines or other civil or criminal sanctions. If it is found that you intentionally or recklessly submitted a false claim you can be barred from receiving the EIC in future years beginning with tax year 1997 pursuant to 26 U.S.C. § 32(k), a federal statute that applies to all claims for EIC beginning January 1, 1997.

**H. Application of Offsets.** If a claimant is found eligible for the EIC, Respondents shall retain the right to offset the amount of an EIC claim as provided for GTIT refunds in general by 26 U.S.C. § 6402. If your claim is subject to an offset, you will be notified regarding whom the offset amount has been paid to.

**I. Right to Contest Particular Determinations.** With regard to any denial of a particular EIC claim or any assessment of any civil or criminal penalties, you shall maintain the right to challenge such a determination through all administrative and judicial processes afforded under federal or territorial law to a taxpayer as to any tax refund claim.

## IV. WHEN CLAIMS WILL BE PAID

**A. Funding (except as to Tax Year 1997).** The Government has agreed to reserve at least fifteen percent (15%) of all amounts it places into the accounts it uses to pay general tax refunds to pay for the $90 million settlement payment. It is not known exactly how fast money will be reserved. But, the Respondents have already commenced reserving money and Respondents will be supplying monthly reports to the Court and Plaintiffs' Counsel regarding how much money has been reserved so that the Court can monitor compliance with the Settlement. Further, Respondents can utilize other funding should it become available to speed payment.

**B. Funding (as to Tax Year 1997).** The Government has agreed to pay remaining EIC claims for tax year 1997 (most such claims having already been paid) from a reserved amount of $500,000.00 that is currently in the accounts the Government uses to pay general tax refunds. It has further warranted that this amount has been calculated by DRT to be sufficient to pay all outstanding 1997 claims. To the extent that such reserved amount is insufficient to payment all outstanding 1997 claims, the Government shall utilize other funding sources permitted by law to pay all remaining 1997 claims.

**C. Order of Payments.** As money is reserved, and only after final approval of the settlement and entry of the judgment by the Court, claims will be paid in the following order: (1) claims for tax years 1997 and 1998 (except as tax year 1997 and 1998 claims have been subject to "early" payment as described below); (2) claims for tax years 1995, 1996, 1999, and 2000 (collectively); (3) claims for tax year 2001; (4) claims for tax year 2002; (5) claims for tax year 2003; and (6) claims for tax year 2004. Within each tax year, claims will be paid in the order submitted to DRT.

**D. Timely Processing of Claims.** On or before April 2, 2007, DRT will have processed all claims for tax years 1997 and 1998 . On or before July 9, 2007, DRT will have processed all claims for tax years 1995, 1996, 1999, 2000, and 2001. On or before September 5, 2007, DRT will have processed all claims for tax years 2002, 2003, and 2004. After the completion of the periods for processing claims for each respective tax year, DRT will calculate the total amount of claims it has found to be valid for that respective tax year and calculate the percentage of each claim that shall be paid (up to 100%). DRT will then certify the claims and percentage amounts that should be paid pursuant to the provisions of the Settlement. DRT does retain the right to make individual hardship exceptions to the priority of payments based on standard pre-existing DRT policies and procedures. If your claim is denied or selected for an audit, and it is later determined in a judicial or administrative process that your claim was valid and should be paid, you will receive the same proportional payment of the amount found to be validly claimed as is paid to class members for that same tax year.

IV. "**Early**" **Payment of 1997 and 1998 Claims.** The Court has authorized the Government to pay certain claims prior to final approval of the Settlement on the terms explained below. If you are eligible to receive an "early" payment, you also will receive a separate notice that you should review carefully prior to accepting or depositing the check.

1. Once all claims for 1997 are processed, the Government shall pay the full value of all 1997 tax year claims by issuing a check payable to each eligible Class Member in the amount owed.

2. Once all claims for tax year 1998 are processed, the Government shall pay two-thirds of the $15 million for tax year 1998 (in other words, $10 million) to each eligible Class Members who has a valid claim for tax year 1998. The Government shall do this by issuing a check payable to each eligible Class Member that represents 66.6% of that member's proportional share of the $15 million devoted by the Settlement to tax year 1998. This means that if you are eligible to receive a payment for tax year 1998, you will receive 66.6% of your payment under the terms of the Settlement prior to final approval of the Settlement. The remaining 33.4% will only be paid after final approval of the Settlement.

3. If you receive an "early" payment check and cash or deposit it, you will have released and waived your right to opt-out of the Settlement *if the Court later grants final approval of the Settlement*. If you cash or deposit such a check, but final approval is denied, you will not be bound by the Settlement. In the event final approval is denied, the payment shall operate as a payment from Respondents solely on the dollar value actually paid) of a claim for tax year 1997 and/or 1998, should you later be found to have a valid claim for that tax year. Such payment now is not, and shall not be construed to be, an admission of liability or obligation to pay any present or future claim, except as stated in the Settlement. If you refuse the payment or fail to deposit a check within sixty days of the date stated on the check, you will retain the right to opt-out of the Settlement prior to final approval based upon the procedures set forth herein. If you refuse a payment or fail to deposit your check within sixty days of the date stated on the check, but you do not opt-out of the Settlement under the procedures set forth herein, you will still be entitled to payment of your tax year 1997 and/or 1998 claim (if any) upon final approval of the Settlement.

V. **DISMISSAL OF LITIGATION, ENTRY OF JUDGMENT, RELEASE OF CLAIMS, & COVENANT NOT TO SUE**

A. **Final Judgment.** If the Court approves the proposed settlement, it will enter a judgment that will dismiss the Litigation with prejudice as to all Class Members, except those Class Members who request to be excluded. All people who meet the Class Definition and do not validly and timely request exclusion from the Class will be forever barred from prosecuting their own lawsuits to recover the EIC or obtain related relief regarding the EIC from Respondents for tax years 1995, 1996, 1997, 1998, 1999, 2000, 2001, 2002, 2003, and 2004.

B. **Release of Claims.** Further, upon final approval of the Settlement, each and every member of the EIC Class will expressly and irrevocably release, waive, settle, and discharge all claims (whether legal or equitable), demands, actions (whether judicial or administrative), suits, and causes of action, including without limitation those asserted in the Litigation, against the Government of Guam, the Governor of Guam, the Director of the Department of Revenue & Taxation, the Department of Revenue & Taxation, the Director of the Department of Administration, the Department of Administration, and their employees, officers, agencies, instrumentalities, independent contractors, representatives, attorneys, and agents, whether in their individual or official capacities, with regard to claims for payment of the EIC under federal or Guam territorial law in tax years 1995, 1996, 1997, 1998, 1999, 2000, 2001, 2002, 2003, and 2004, or any refusal to accept or pay such claims or any government programs with regard to such claims. Such release and discharge includes all such claims whether known, unknown, asserted, unasserted, suspected, or unsuspected. With regard to the release of claims, each and every member of the EIC Class expressly waives their rights under 18 G.C.A. § 82602 or principle of common or civil law that is similar to or analogous to 18 G.C.A. § 82602, which provides: "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR."

C. **Covenant Not to Sue.** Also upon final approval of the Settlement, the EIC Class separately covenants not to sue the Government of Guam, the Governor of Guam, the Director of the Department of Revenue & Taxation, the Department of Revenue & Taxation, the Director of the Department of Administration, the Department of Administration, and their employees, officers, agencies, instrumentalities, independent contractors, representatives, attorneys, and agents, whether in their individual or official capacities, with regard to claims for payment of the EIC under federal or Guam territorial law in tax years 1995, 1996, 1997, 1998, 1999, 2000, 2001, 2002, 2003, and 2004, or any refusal to accept or pay such claims or to implement any government programs with regard to such claims.

D. **Limitations.** The general release and covenant not to sue stated above shall not be construed to preclude any Class Member from challenging through the administrative and/or judicial procedures that govern ordinary tax refund claims a particular determination as to: (1) the existence and/or value of their particular EIC claim(s) for tax years 1995-2004 by DRT; (2) any amount of off-set or other adjustment made to their EIC claims by DRT (including without limitation by way of audit, penalty, intercept program, or off-set). The general release and covenant not to sue stated above exclude any future claims alleging solely a breach of this Settlement Agreement.

VI. **COSTS, EXPENSES, AND ATTORNEYS' FEES**

Respondents have agreed to pay all costs of mailing and publishing this Notice and administering the Settlement. Plaintiffs' counsel has filed a motion asking that if the Court approves the proposed settlement, the Court award ten percent (10%) of some $90 million as attorneys' fees payable to Plaintiffs' counsel. They have also asked that their non-taxable costs incurred in prosecution of this case be paid from the $90 million. The Court will ultimately decide the amount of attorneys' fees and costs, if any, to award. If you are a Class Member, you may submit written comments supporting, objecting, or commenting on the award of attorneys' fees and costs, and ask to be heard by the Court regarding this issue, in compliance with the procedures set forth in Section VIII(B), below.

VII. **RIGHTS AND OPTIONS OF CLASS MEMBERS**

A. **Remain a Class Member.** If you do not request exclusion from the Class, you will remain a Class Member. On July 17, 2004, the Court appointed counsel for Plaintiff Santos, Attorney Michael Phillips, Esq. of the law firm of Phillips & Bordallo, P.C., 410 West O'Brien Drive, Suite 102, Hagåtña, Guam 96910 as Interim Class Counsel. Plaintiff Torres is represented by Ignacio C. Aguigui, Esq., Lujan Aguigui & Perez LLP, 300 Pacific News Building, Hagåtña, Guam 96910. Subject to the Court's final appointment of Class Counsel, the Plaintiffs and their counsel will represent your interests in connection with the proposed Settlement. If the Court approves the Settlement and the judgment becomes final, you will be entitled to the benefits described in Section II, above. As a Class Member, you will be bound by any judgment or other disposition of the Litigation, even if you do not submit a claim or take advantage of any of the benefits of the Settlement. Furthermore, you and your heirs, executors, administrators, successors, and assigns will be deemed to have agreed to the terms of the release and covenant not to sue described in Section V above.

B. **Objections to or Comments on the Settlement.** As a Class Member, you have the right to object to or comment on the proposed Settlement or the motion for attorneys' fees and costs. The procedures for doing so are explained in Section VIII(B) below.

C. **Request Exclusion.** You have the right to request exclusion from the Class. If you request exclusion from the Class, you will not be bound by any judgment or settlement of the Litigation, and you will not be able to object to or comment on the proposed Settlement or motion for attorneys' fees and costs. If you wish to be excluded from the Class, you must submit a signed, written statement requesting exclusion that either: (1) is filed with the Office of the Clerk of Court, District Court of Guam, 520 West Soledad Avenue, Hagåtña, GU 96910 bearing a postmark of May 8, 2007 or before May 8, 2007 at 3 p.m.; or (2) is sent by first class mail to the Office of the Clerk of Court, District Court of Guam, 520 West Soledad Avenue, Hagåtña, GU 96910 bearing a postmark of May 8, 2007 or earlier. If you submit a request for exclusion from the class and the Settlement Agreement later fails the class and the settlement in their entirety, and not just as to particular claim(s) for particular tax year(s). If you submit a request for exclusion that does not comply with these requirements, your request will be deemed invalid, and you will not be excluded from the Class.

D. **Retain Your Own Attorney and Seek Intervention.** You have the right to consult and/or retain an attorney of your choice, at your own expense, to advise you regarding the Settlement and any such motion must be filed no later than May 15, 2007. In connection with the Settlement. You also have the right, either personally or through an attorney retained by you, at your own expense, to seek to intervene in the Litigation. Any such motion must be filed no later than May 15, 2007.

VIII. **FAIRNESS HEARING**

A. **Time, Place, and Purpose of Hearing.** A Fairness Hearing will be held on Friday, July 6, 2007 at 10 a.m., before the District Court of Guam, 520 West Soledad Avenue, Hagåtña, GU 96910, to determine: (1) Whether the proposed settlement of the Litigation on the terms set forth in the Settlement Agreement is fair, reasonable, and adequate for the Class as a whole and should be granted final approval; (2) Whether the certification of the Class should be made final; (3) Whether the Court should enter the proposed judgment dismissing the Litigation with prejudice; and (4) Whether the Court should grant the application of Plaintiffs' Counsel for attorneys' fees and reimbursement of expenses, and, if so, in what amount.

B. **Procedures for Objecting to or Commenting in Support of Settlement**

1. **Written Objections or Comments.** If you have not requested exclusion from the Class, you, or an attorney retained by you, may file with the Office of the Clerk of Court, District Court of Guam, 520 West Soledad Avenue, Hagåtña, GU 96910 a statement objecting to or commenting on the settlement and/or the motion for attorneys' fees on or before June 22, 2007. Such statement must also be served upon all counsel in the litigation, who are: (1) Phillips & Bordallo, P.C., 410 West O'Brien Drive, Suite 102, Hagåtña, Guam 96910; (2) Lujan Aguigui & Perez LLP, 300 Pacific News Building, Hagåtña, Guam 96910 (3) Shannon Taitano, Esq., Legal Counsel, Office of the Governor, Ricardo J. Bordallo Governor's Complex, Adelup, P.O. Box 2950, Hagåtña, GU 96932 (4) Calvo & Clark, LLP, 655 South Marine Corps Drive, Suite 202, Tamuning, Guam 96913; and (5) Mantanona Law Office, Suite 601B, GCIC Bldg., 414 W Soledad Ave., Hagåtña, Guam 96910.

2. **Presentation of Objections and Supporting Comments at Fairness Hearing.** You may also attend the Fairness Hearing, either personally or through an attorney retained by you, at your own expense, and ask to be heard by the Court on your comments or objections. If you wish to do so, you must submit your objections or comments in writing in compliance with Section VIII(B)(1) above and include in your comments a statement that you intend to appear and wish to attend the Fairness Hearing.

IX. **ADDITIONAL INFORMATION**

A. **Rescission of Previous Settlement.** Previously, Respondents had entered into a $60 million settlement agreement dated June 14, 2004 with Plaintiff Santos and published a notice regarding this settlement, which had received preliminary, but not final, Court approval. This settlement would have converted some, but not all, of the Members of the Class identified herein. As part of the new settlement, Plaintiff Santos and Respondents have agreed and Respondents have agreed to rescind the previous settlement, which is no longer in effect. It is possible that Class Members under the new settlement will receive more, less, or be unaffected by the new settlement. If Respondents have failed to reserve at least $15 million for the payment of claims under the Settlement Agreement described in this Notice by the time the Agreement is subject to the Fairness Hearing, Plaintiffs have the right to terminate the Settlement Agreement, which then shall be void and of no effect, and the June 14, 2004 Settlement shall be returned to effect, subject to all previously pending motions.

B. **Notice of Related Pending Litigation.** There is one other case pending in the District Court of Guam that seeks to establish a class action regarding classes of persons similar to, and overlapping with, the Class identified herein. It is entitled *Simpao, et al. vs. Govt. of Guam,* Dist. of Guam Civ. Case No. CV04-00049 (the "Other Litigation"). No class has yet been certified in the Other Litigation and the defendants in those cases oppose class certification. However, it is possible that if a Class Member requests exclusion from this Class, they could later be able to become part of the Other Litigation either by moving to join that Other Litigation or by becoming class members, should that case be certified as a class action. It is not known what the final outcome of the Other Litigation will be. In *Simpao,* the Court has held that the EIC applies to Guam and that filing a tax return establishes jurisdiction over those plaintiffs' claims. It is possible same relief as they would receive by remaining a Class Member in this Litigation, or would possibly receive no relief at all. Class Members who do not request exclusion under the procedures set forth in Section VII(C) above will be barred forever from being part of the Other Litigation after a class members or by moving to join that case.

C. **Effect of Court Disapproval.** If the Court refuses to grant final class certification or final approval of the Settlement Agreement after the Fairness Hearing, or refuses to enter the final judgment, the Settlement shall be rendered void and of no effect and any class certification shall be vacated.

D. **Questions.** Any questions regarding the Settlement should be directed to Plaintiffs' counsel: Phillips & Bordallo, P.C., 410 West O'Brien Drive, Suite 102, Hagåtña, Guam 96910, or Lujan Aguigui & Perez LLP, 300 Pacific News Building, Hagåtña, Guam 96910. You also can contact Plaintiffs' Counsel by email at mphillips@phillipsbordallo.com or ica@lujanaguiguiperez.com. Please do not submit questions to the Court. Copies of the Settlement Agreement and the pleadings and other documents filed in the Litigation and the Other Litigation are on file at the District Court of Guam, and may be examined and copied during regular office hours at the Office of the Clerk of Court, District Court of Guam, 520 West Soledad Avenue, Hagåtña, GU 96910.

X. **DEADLINES**

**Remember:**
- **If you wish to be excluded from the class, you must submit a written statement requesting exclusion that either (1) is filed with the Office of the Clerk of Court, District Court of Guam, 520 West Soledad Avenue, Hagåtña, GU 96910, on or before May 8, 2007 at 3:00 p.m.; or (2) is mailed by first class mail postmarked on or before May 8, 2007 to: Office of the Clerk of Court, District Court of Guam, 520 West Soledad Avenue, Hagåtña, GU 96910.**
- **If you wish to submit objections or comments, you must file them with the Office of the Clerk of Court at the address listed above and serve them on all counsel listed in section VIII(B)(1) above on or before June 22, 2007.**
- **If you wish to intervene, you must file and serve a motion on or before May 15, 2007.**
- **The deadline for filing or mailing by first class mail claims for the EIC under the Settlement to DRT for tax years 1995, 1996, 1997, 1998, 1999, 2000, 2001, 2002, 2003, and 2004 is May 8, 2007.**

Dated: January 29, 2007

BY ORDER OF THE
DISTRICT COURT OF GUAM

# IN THE UNITED STATES DISTRICT COURT DISTRICT OF GUAM

JULIE BABAUTA SANTOS and CHARMAINE R. TORRES, on behalf
of themselves and a class of others similarly situated,

Petitioners,

v.

FELIX P. CAMACHO, etc., et. al.

Respondents.

CIVIL CASE NO. 04-00006 and 04-00038

## NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

**TO:** **ALL PERSONS WHO CLAIMED OR COULD HAVE CLAIMED AN EARNED INCOME TAX CREDIT UNDER THE GUAM TERRITORIAL INCOME TAX OR GUAM TERRITORIAL LAW FOR TAX YEARS 1995, 1996, 1999, 2000, 2001, 2002, 2003, OR 2004; AND ALL PERSONS WHO FILED AN EARNED INCOME TAX CREDIT CLAIM UNDER THE GUAM EARNED INCOME PROGRAM OR THE GUAM TERRITORIAL INCOME TAX FOR TAX YEAR 1997 AND HAVE YET TO RECEIVE PAYMENT IN FULL FOR TAX YEAR 1997; AND ALL PERSONS WHO FILED AN EARNED INCOME TAX CREDIT CLAIM UNDER THE GUAM EARNED INCOME PROGRAM OR THE GUAM TERRITORIAL INCOME TAX FOR TAX YEAR 1998 AND HAVE YET TO RECEIVE PAYMENT IN FULL FOR TAX YEAR 1998.**

The above-captioned proceeding (the "Litigation") is pending before the District Court of Guam (the "Court"). In the Litigation, Julie B. Santos and Charmaine R. Torres (the "Plaintiffs") claim that they and other Guam taxpayers have been denied the right to file claims for earned income tax credit (the "EIC"), and have been denied the right to receive a refund of the EIC. The tax years covered by the Litigation are 1995 to 2004. The Respondents in the Litigation are the Government of Guam (the "Government"), Governor Felix P. Camacho, Director of Administration, Lourdes M. Perez, and Director of Revenue & Taxation, Artemio B. Ilagan (collectively "Respondents"). They have filed pleadings denying the claims and asserting various affirmative defenses.

The Court has conditionally ruled that the Litigation may be maintained on behalf of the following Class:

All persons who do not elect to request exclusion from the class under the procedures described below and: (1) were subject to the Guam Territorial Income Tax ("GTIT") established in 48 U.S.C. § 1421i for tax years 1995-1996 and/or 1999-2004 and would have been eligible to file for the EIC established in 26 U.S.C. § 32 (as it applied in each respective tax year) if that program were applied in the Territory of Guam, and filed a timely tax return for the applicable tax year or year(s) in which the credit is sought; and/or (2) were eligible to receive an EIC credit under certain Guam territorial laws for tax years 1995-1996 and/or 1999-2004 that mirrored the federal EIC law (26 U.S.C. § 32), including the Guam Earned Income Program (Chapter 42 of 11 G.C.A.), and filed a timely tax return for the applicable tax year or year(s) in which the credit is sought; and/or (3) actually filed a claim for the EIC with DRT for tax year 1998 under the GTIT or Guam Earned Income Program (Chapter 42 of 11 G.C.A.) on or before April 16, 2001, and have not yet received full payment for that claim; and/or (4) actually filed a claim for the EIC with DRT for tax year 1997 under the GTIT or Guam Earned Income Program (Chapter 42 of 11 G.C.A.) on or before April 16, 2001 and have not yet received full payment for that claim.

This definition of persons who fall within or are excluded from the Class is referred to in this Notice as the "Class Definition."

**I. PURPOSE OF THIS NOTICE**

The purpose of this notice is to inform you, as a potential member of the Class, of: (a) the existence of the Litigation; (b) the proposed Class Action Settlement of the Litigation, described below; and (c) your rights with respect to the proposed Settlement. Those rights include the right to be excluded from the Class and the Settlement. If you are a Class Member and do not request exclusion in compliance with the procedures and deadline stated below, you will remain in the Class and be bound by the Settlement terms. Plaintiffs' Counsel has investigated and evaluated the claims asserted in the Litigation and has determined that the proposed Settlement is fair, reasonable, and adequate for the Class as a whole, in light of the benefits of the Settlement and the disadvantages of continuing the Litigation. The proposed Settlement is a compromise of disputed claims and does not mean that Respondents admit liability.

**II. SETTLEMENT BENEFITS FOR CLASS MEMBERS**

If the Court approves the Settlement, Respondents will make payments totaling up to $90 million for tax years 1995-96 and 1999-2004 to the Class Members to resolve their EIC claims. Tax year 1997 will be paid separately as stated below. Class Members will not receive interest on their EIC claims (except as to tax year 1997) and are waiving any right to interest on their EIC claims (except as to tax year 1997). The payment will be divided among Class Members as follows:

**A. Tax Year 1997:** The Government will pay the EIC claims 100% of any remaining amount owed for tax year 1997, together with any interest, on the same terms as it has paid previous tax year 1997 claims.

**B. Tax Year 1998:** The Government will pay the EIC claims for tax year 1998. This amount shall be divided proportionally among each claimant found eligible for the EIC by the Guam Department of Revenue & Taxation ("DRT") based on the value of his or her claim, up to 100%. Remaining amounts, if any, shall be utilized to fund claims for tax years Tax Years 1995, 1996, 1999, & 2000 as stated below.

**C. Tax Years 1995, 1996, 1999, & 2000:** The Government will pay the EIC claims for tax years 1995, 1996, 1999, and 2000 (combined), together with any remainder from the payment for tax year 1998. This amount shall be divided proportionally among each claimant found eligible for the EIC by DRT based on the value of his or her claim, up to 100%. Remaining amounts, if any, shall be utilized to fund claims for tax year 2001 as stated below.

**D. Tax Year 2001:** The Government will pay the EIC claims not more than $15 million for their EIC claims for tax year 2001, together with any remainder from the payment for tax years 1995, 1996, 1999, and 2000 (combined). This amount shall be divided proportionally among each claimant found eligible for the EIC by DRT based on the value of his or her claim, up to 100%. Remaining amounts, if any, shall be utilized to fund claims for tax year 2002 as stated below.

**E. Tax Year 2002:** The Government will pay the EIC claims not more than $15 million for their EIC claims for tax year 2002, together with any remainder from the payment for tax year 2001. This amount shall be divided proportionally among each claimant found eligible for the EIC by DRT based on the value of his or her claim, up to 100%. Remaining amounts, if any, shall be utilized to fund claims for tax year 2003 as stated below.

**F. Tax Year 2003:** The Government will pay the EIC claims not more than $15 million for their EIC claims for tax year 2003, together with any remainder from the payment for tax year 2002. This amount shall be divided proportionally among each claimant found eligible for the EIC by DRT based on the value of his or her claim, up to 100%. Remaining amounts, if any, shall be utilized to fund claims for tax year 2004 as stated below.

**G. Tax Year 2004:** The Government will pay the EIC claims not more than $15 million for their EIC claims for tax year 2004, together with any remainder from the payment for tax year 2003. This amount shall be divided proportionally among each claimant found eligible for the EIC by DRT based on the value of his or her claim, up to 100%. Remaining amounts, if any, shall be utilized to fund tax refunds and the EIC in tax year 2005 and future tax years.

**H. Payment of EIC Claims in Future Tax Years:** If the Settlement is approved by the Court as described below, the Government has agreed to pay the EIC to all qualifying persons in tax year 2005 and future tax years. The remedies with respect to be Class Members to receive this benefit.

**III. CLAIMS PROCESS & DEADLINES**

**A. Deadlines for Submitting a Claim (Except as to Tax Year 1997 and 1998).** The deadlines for Class Members to submit EIC claims for tax years 1995, 1996, 1999, 2000, 2001, 2002, 2003 and 2004 is May 8, 2007. No new claims are being accepted for tax years 1997 and 1998.

**B. Submit a Claim by Filing Form EIC-GU (Except as to Tax Year 1997 and 1998).** To submit a claim as a Class Member, you must submit the Form EIC-GU applicable to each year in which you wish to make a claim. Claims must be filed with DRT or mailed to DRT on or before the deadline for the applicable tax year stated above. Form EIC-GU can be found at DRT and at other locations where Guam tax forms ordinarily are available. It also can be viewed and printed on-line at http://www.GovGuamdocs.com.

**C. Tax Return Required for Each Year.** For tax years 1995-2002, you must have already filed a tax return in a year to be eligible to file an EIC claim for that particular year. If you have not previously submitted a tax return (e.g. a Form 1040, 1040A, or 1040EZ) for tax year 2003 or tax year 2004 and you wish to make an EIC claim for one or both of those years, you must submit a tax return for the applicable year(s) along with submitting a Form EIC-GU to make a claim. As to tax year 2003, no new tax returns will be accepted after April 16, 2007, even though the time to file an EIC claim does not expire until May 8, 2007. If you already submitted a tax return for a tax year, you do not need to file a new tax return. However, you can amend the return, if you wish, anytime within three years of when that return was first due. If more than three years have passed since that return was first due, you will not be able to amend it.

**D. Persons Who Already Filed Form EIC-GU.** If you already submitted a Form EIC-GU for a tax year covered by the Litigation and the proposed Settlement, you do not need to file a new Form EIC-GU for that tax year. However, you may file a new Form EIC-GU unless the otherwise provided to file a claim if you wish to amend your previous filing or to correct an incomplete or defective Form EIC-GU filing. If you have already filed a Form EIC-GU, you will be included within the Class unless you request exclusion under the procedures and deadlines set forth below.

**E. Procedures Governing Tax Year 1997.** To be eligible to receive any payment under the Settlement for tax year 1997, Class Members must have filed a claim for the EIC under the GTIT or the Guam Earned Income Program for tax year 1997 on or before April 16, 2001. No new or amended tax returns for tax year 1997 will be accepted. If you already filed a tax year 1997 EIC claim as stated herein, and you have not yet been paid in full for that claim, you will be included within the Class unless you request exclusion under the procedures and deadlines set forth below.

**F. Procedures Governing Tax Year 1998.** To be eligible to receive any payment under the Settlement for tax year 1998, Class Members must have filed a claim for the EIC under the GTIT or the Guam Earned Income Program for tax year 1998 on or before April 15, 2002. No new or amended tax returns for tax year 1998 will be accepted. If you already filed a tax year 1998 EIC claim as stated herein, and you have not yet been paid in full for that claim, you will be included within the Class unless you request exclusion under the procedures and deadlines set forth below.

**G. Processing of Claims and Governing Laws.** Once submitted, all EIC claims will be processed by the DRT, which shall apply all laws that ordinarily apply to tax refund claims except as otherwise provided in the Settlement. EIC claims still subject to an audit, and claims will be denied if required to be invalid under the federal and local laws governing EIC eligibility for each respective tax year. False or inaccurate EIC claims shall remain subject to applicable penalties permitted by federal or territorial law, including reducing or denying an EIC claim or assessing fines or other civil or criminal sanctions. If it is found that you intentionally or recklessly submitted a false claim you can be barred from receiving the EIC in future years beginning with tax year 1997 pursuant to 26 U.S.C. § 32(k), a federal statute that applies to all claims for the EIC beginning January 1, 1997.

**H. Application of Offsets.** If a claimant is found eligible for the EIC, Respondents shall retain the right to offset the amount of an EIC claim as provided for GTIT refunds in general by 26 U.S.C. § 6402. If your claim is subject to an offset, you will be notified regarding whom the offset amount has been paid to.

**I. Right to Contest Particular Determinations.** With regard to any denial of a particular EIC claim or any assessment of any civil or criminal penalties, you shall maintain the right to challenge such a determination through all administrative and judicial processes afforded under federal or territorial law to a taxpayer as to any tax refund claim.

**IV. WHEN CLAIMS WILL BE PAID**

**A. Funding (except as to Tax Year 1997).** The Government has agreed to reserve at least fifteen percent (15%) of all amounts it places into the accounts it uses to pay general tax refunds to pay for the $90 million settlement payment. It is not known exactly how that money will be reserved. But, the Respondents have already commenced reserving money and Respondents will be supplying monthly reports to the Court and Plaintiffs' Counsel regarding how much money has been reserved so that the Court can monitor compliance with the Settlement. Further, Respondents can utilize other funding should it become available to speed payment.

**B. Funding (as to Tax Year 1997).** The Government has agreed to pay remaining EIC claims for tax year 1997 (most such claims having already been paid) from a reserved amount of $500,000.00 that is currently in the accounts the Government uses to pay general tax refunds. It is further warranted that this amount has been calculated by DRT to be sufficient to pay all outstanding 1997 claims. In the event that such reserved amount is insufficient to payment all outstanding 1997 claims, the Government shall utilize other funding sources permitted by law to pay all remaining 1997 claims.

**C. Order of Payments.** As money is reserved, and only after final approval of the settlement and entry of the judgment by the Court, claims will be paid in the following order: (1) claims for tax years 1997 and 1998 (except as tax year 1997 and 1998 claims have been subject to "early" payment as described below); (2) claims for tax years 1995, 1996, 1999, and 2000 (collectively); (3) claims for tax year 2001; (4) claims for tax year 2002; (5) claims for tax year 2003; and (6) claims for tax year 2004. Within each tax year, claims will be paid in the order described to DRT.

**D. Timely Processing of Claims.** On or before April 2, 2007, DRT will have processed all claims for tax years 1997 and 1998. On or before July 9, 2007, DRT will have processed all claims for tax years 1995, 1996, 1999, 2000, and 2001. On or before September 5, 2007, DRT will have processed all claims for tax years 2002, 2003, and 2004. After the completion of the periods for processing claims for each respective tax year, DRT will calculate the total amount of claims it has found to be valid for that respective tax year and calculate the percentage of each claim that shall be paid (up to 100%). DRT will then certify the claims and percentage amounts that should be paid pursuant to the provisions of the Settlement. DRT from retain the right to make individual hardship exceptions to the priority of payments based on standard pre-existing DRT policies and procedures. If your claim is denied or selected for an audit, and it is later determined in a judicial or administrative process that your claim was valid and should be paid, you will receive the same proportional payment of the amount found to be validly claimed as is paid to class members for that same tax year.

**E. "Early" Payment of 1997 and 1998 Claims.** The Court has authorized the Government to pay certain claims prior to final approval of the Settlement on the terms explained below. If you are eligible to receive an "early" payment, you also will receive a separate notice that you should review carefully prior to accepting or depositing the check.

1. Once all claims for 1997 are processed, the Government shall pay the full value of all 1997 tax year claims by issuing a check payable to each eligible Class Member in the amount owed.

2. Once all claims for tax year 1998 are processed, the Government shall pay two-thirds of the $15 million for tax year 1998 (in other words, $10 million) to each eligible Class Members who has a valid claim for tax year 1998. The Government shall do this by issuing a check payable to each eligible Class Member that represents 66.6% of that member's proportional share of the $15 million devoted by the Settlement to tax year 1998. This means that if you are eligible to receive a payment for tax year 1998, you will receive 66.6% of your payment under the terms of the Settlement prior to final approval of the Settlement. The remaining 33.4% will only be paid after final approval of the Settlement.

3. If you receive an "early" payment check and cash or deposit it, you will have released and waived your right to opt-out of the Settlement *if the Court later grants final approval of the Settlement.* If you cash or deposit such a check, but final approval is denied, you will not be bound by the Settlement. In the event final approval is denied, the payment shall operate as a payment (based solely on the dollar value actually paid) of a claim for tax year 1997 and/or 1998, should you later be found to have a valid claim for that tax year. Such payment now is not, and shall not be construed to be, an admission of liability or obligation to pay any present or future claim, except as stated in the Settlement. If you refuse the payment or fail to deposit a check within sixty days of the date stated on the check, you will retain the right to opt-out of the Settlement prior to final approval based upon the procedures set forth herein. If you refuse a payment or fail to deposit your check within sixty days of the date stated on the check, but you do not opt-out of the Settlement under the procedures set forth herein, you will still be entitled to payment of your tax year 1997 and/or 1998 claim (if any) upon final approval of the Settlement.

**V. DISMISSAL OF LITIGATION, ENTRY OF JUDGMENT, RELEASE OF CLAIMS, & COVENANT NOT TO SUE**

**A. Final Judgment.** If the Court approves the proposed settlement, it will enter a judgment that will dismiss the Litigation with prejudice as to all Class Members, except those Class Members who request to be excluded. All people who meet the Class Definition and do not validly and timely request exclusion from the Class will be forever barred from prosecuting their own lawsuits to recover the EIC or obtain related relief regarding the EIC for Respondents for tax years 1995, 1996, 1997, 1998, 1999, 2000, 2001, 2002, 2003, and 2004.

**B. Release of Claims.** Further, upon final approval of the Settlement, each and every member of the EIC Class will expressly and irrevocably release, waive, settle, and discharge all claims (whether legal or equitable), demands, actions (whether judicial or administrative), suits, and causes of action, including without limitation those asserted in the Litigation, against the Government of Guam, the Governor of Guam, the Director of the Department of Revenue & Taxation, the Department of Revenue & Taxation, the Director of the Department of Administration, the Department of Administration, and their employees, officers, agencies, instrumentalities, independent contractors, representatives, attorneys, and agents, whether in their individual or official capacities, with regard to claims for payment of the EIC under federal or Guam territorial law in tax years 1995, 1996, 1997, 1998, 1999, 2000, 2001, 2002, 2003, and 2004, or any refusal to accept or pay such claims or to implement any government programs with regard to such claims. Such release and discharge includes all such claims whether known, unknown, asserted, unasserted, suspected, or unsuspected. With regard to the release of claims, each and every member of the EIC Class expressly waives their rights under 18 G.C.A. § 82602 or principle of common or civil law that is similar to or analogous to 18 G.C.A. § 82602, which provides: "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR."

**C. Covenant Not to Sue.** Also upon final approval of the Settlement, the EIC Class expressly covenants not to sue the Government of Guam, the Governor of Guam, the Director of Revenue & Taxation, the Department of Revenue & Taxation, the Director of the Department of Administration, the Department of Administration, and their employees, officers, agencies, instrumentalities, independent contractors, representatives, attorneys, and agents, whether in their individual or official capacities, with regard to claims for payment of the EIC under federal or Guam territorial law in tax years 1995, 1996, 1997, 1998, 1999, 2000, 2001, 2002, 2003, and 2004, or any refusal to accept or pay such claims or to implement any government programs with regard to such claims.

**D. Limitations.** The general release and covenant not to sue stated above shall not be construed to preclude any Class Member from challenging through the administrative and/or judicial procedures that govern ordinary tax refund claims a particular determination as to: (1) the existence and/or value of their particular EIC claim(s) for tax years 1995-2004 by DRT, (2) any amount of off-set or other adjustment made to their EIC claims by DRT (including without limitation by way of audit, penalty, intercept program, or off-set). The general release and covenant not to sue stated above exclude any future claims alleging solely a breach of this Settlement Agreement.

**VI. COSTS, EXPENSES, AND ATTORNEYS' FEES**

Respondents have agreed to pay all costs of mailing and publishing this Notice and administering the Settlement. Plaintiffs' counsel have filed a motion asking that if the Court approves the proposed settlement, the Court award ten percent (10%) of the settlement amount of $90 million as attorneys' fees payable to Plaintiffs' counsel. They have also asked that their non-taxable costs incurred in prosecution of this case be paid from the $90 million. The Court will ultimately decide the amount of attorneys' fees and costs, if any, to award. If you are a Class Member, you may submit written comments supporting, objecting, or commenting on the award of attorneys' fees and costs, and ask to be heard by the Court regarding this issue, in compliance with the procedures set forth in Section VIII(B), below.

**VII. RIGHTS AND OPTIONS OF CLASS MEMBERS**

**A. Remain a Class Member.** If you do not request exclusion from the Class, you will remain a Class Member. On July 17, 2004, the Court appointed counsel for Plaintiff Santos, Attorney Michael Phillips, Esq. of the law firm of Phillips & Bordallo, P.C., 410 West O'Brien Drive, Suite 102, Hagåtña, Guam 96910 as Interim Class Counsel. Plaintiff Torres is represented by Ignacio C. Aguigui, Esq., Lujan Aguigui & Perez LLP, 300 Pacific News Building, Hagåtña, Guam 96910. Subject to the Court's final appointment of Class Counsel, the Plaintiffs and their counsel will represent your interests in connection with the proposed Settlement and the judgment between the Parties. If the Court approves the Settlement and the judgment becomes final, you will be entitled to the benefits described in Section II, above. As a Class Member, you will be bound by any judgment or other disposition of the Litigation, even if you do not submit a claim or take advantage of any of the benefits of the Settlement. Furthermore, you and your heirs, executors, administrators, successors, and assigns will be deemed to have agreed to the terms of the release and covenant not to sue described in Section V above.

**B. Objections to or Comments on the Settlement.** As a Class Member, you have the right to object to or comment on the proposed Settlement or the motion for attorneys' fees and costs. The procedures for doing so are explained in Section VIII(B) below.

**C. Request Exclusion.** You have the right to request exclusion from the Class. If you request exclusion from the Class, you will not be bound by any judgment or settlement of the Litigation. You will not receive the benefits of the Settlement, and you will not be able to object to or comment in support of the Settlement. If you wish to be excluded from the Class, you must submit a signed, written statement requesting exclusion that either: (1) is filed with the Office of the Clerk of Court, District Court of Guam, 520 West Soledad Avenue, Hagåtña, GU 96910 on or before May 8, 2007 at 3 p.m.; or (2) is sent by first class mail to the Office of the Clerk of Court, District Court of Guam, 520 West Soledad Avenue, Hagåtña, GU 96910 bearing a postmark of May 8, 2007 or earlier. Any person requesting exclusion from the class and the Settlement Agreement must request exclusion from the class and the settlement in their entirety, and not just as to particular claim(s) for particular tax year(s). If you submit a request for exclusion that does not comply with these requirements, your request will be deemed invalid, and you will not be excluded from the Class.

**D. Retain Your Own Attorney and Seek Intervention.** You have the right to consult and/or retain an attorney of your choice, at your own expense, to advise you regarding the Settlement and your rights in connection with the Settlement. You also have the right, either personally or through an attorney retained by you, at your own expense, to seek to intervene in the Litigation. Any such motion must be filed no later than May 15, 2007.

**VIII. FAIRNESS HEARING**

**A. Time, Place, and Purpose of Hearing.** A Fairness Hearing will be held on Friday, July 6, 2007 at 10 a.m., before the District Court of Guam, 520 West Soledad Avenue, Hagåtña, GU 96910, to determine: (1) Whether the proposed settlement of the Litigation on the terms set forth in the Settlement Agreement is fair, reasonable, and adequate for the Class as a whole and should be granted final approval; (2) Whether the certification of the Class should be made final; (3) Whether the Court should enter the proposed judgment dismissing the Litigation with prejudice; and (4) Whether the Court should grant the application of Plaintiffs' Counsel for attorneys' fees and reimbursement of expenses, and, if so, in what amount.

**B. Procedures for Objecting to or Commenting in Support of Settlement**

1. **Written Objections or Comments.** If you have not requested exclusion from the Class, you, or an attorney retained by you, may file with the Office of the Clerk of Court, District Court of Guam, 520 West Soledad Avenue, Hagåtña, GU 96910 a statement objecting to or commenting on the settlement and/or the motion for attorneys' fees on or before June 22, 2007. Such statement must also be served upon all counsel in the litigation, who are: (1) Phillips & Bordallo, P.C., 410 West O'Brien Drive, Suite 102, Hagåtña, Guam 96910; (2) Lujan Aguigui & Perez LLP, 300 Pacific News Building, Hagåtña, Guam 96910 (3) Shannon Taitano, Esq., Legal Counsel, Office of the Governor, Ricardo J. Bordallo Governor's Complex, Adelup, P.O. Box 2950, Hagåtña, GU 96932 (4) Calvo & Clark, LLP, 655 South Marine Corps Drive, Suite 202, Tamuning, Guam 96913; and (5) Mantanona Law Office, Suite 601B, GCIC Bldg., 414 W Soledad Ave., Hagåtña, Guam 96910.

2. **Presentation of Objections and Supporting Comments at Fairness Hearing.** You may also attend the Fairness Hearing, either personally or through an attorney retained by you, at your own expense, and ask to be heard by the Court on your comments or objections. If you wish to do so, you must submit your objections or comments in writing in compliance with section VIII(B)(1) above and include in your comments a statement that you intend to appear and wish to attend the Fairness Hearing.

**IX. ADDITIONAL INFORMATION**

**A. Rescission of Previous Settlement.** Previously, Respondents entered into a $60 million settlement agreement dated June 14, 2004 with Plaintiff Santos and published a notice regarding this settlement, which had received preliminary, but not final, Court approval. This settlement would have covered some, but not all, of the Members of the Class identified herein. As part of the new settlement, Plaintiff Santos and her counsel and Respondents have agreed to rescind the previous settlement, which is no longer in effect. It is possible that Class Members under the new settlement will receive more, less, or be unaffected by the new settlement. If Respondents have failed to reserve at least $15 million for the payment of claims under the Settlement Agreement described in this Notice by the time the Fairness Hearing is subject to the Fairness Hearing, Plaintiffs have the right to terminate the Settlement Agreement, which then shall be void and of no effect, and the June 14, 2004 Settlement shall be returned to effect, subject to all previously pending motions.

**B. Notice of Related Pending Litigation.** There is one other case pending in the District Court of Guam that seeks to establish a class regarding classes of persons similar to, and overlapping with, the Class identified herein. It is entitled *Simpao, et al. vs. Govt. of Guam,* Dist. of Guam Civ. Case No. CV04-00049 (the "Other Litigation"). No class has yet been certified in the Other Litigation and the defendants in those cases oppose class certification. However, it is possible that if a Class Member requests exclusion from this Class, they could later be able to become part of the Other Litigation either by moving to join that Other Litigation or by becoming class members, should that case be certified as a class action. It is not known what the final outcome of the Other Litigation will be. In *Simpao,* the Court has held that the EIC applies to Guam and that filing a tax return establishes jurisdiction over those plaintiffs' claims. It is possible that by moving to join or by becoming part of a class in that case (if a motion for joinder or class certification were granted), a potential Class Member would ultimately receive less, more, or the same relief as they would receive by remaining a Class Member in this Litigation, or would possibly receive no relief at all. Class Members who do not request exclusion under the procedures set forth in Section VII(C) above will be barred forever from being part of the Other Litigation either as a class members or by moving to join the Other Litigation.

**C. Effect of Court Disapproval.** If the Court refuses to grant final class certification or final approval of the Settlement Agreement after the Fairness Hearing, or refuses to enter the final judgment, the Settlement shall be rendered void and of no effect and any class certification shall be vacated.

**D. Questions.** Any questions regarding the Settlement should be directed to Plaintiffs' counsel, Phillips & Bordallo, P.C., 410 West O'Brien Drive, Suite 102, Hagåtña, Guam 96910, or Lujan Aguigui & Perez LLP, 300 Pacific News Building, Hagåtña, Guam 96910. You also can contact Plaintiffs' C'unsel by email at mphillips@phillipsbordallo.com or ica@lujanaguiguiperez.com. Please do not submit questions to the Court. Copies of the Settlement Agreement and the pleadings and other documents filed in the Litigation and the Other Litigation are on file at the District Court of Guam, and may be examined and copied during regular office hours at the Office of the Clerk of Court, District Court of Guam, 520 West Soledad Avenue, Hagåtña, GU 96910.

**X. DEADLINES**

Remember:
- If you wish to be excluded from the class, you must submit a written statement requesting exclusion that either (1) is filed with the Office of the Clerk of Court, District Court of Guam, 520 West Soledad Avenue, Hagåtña, GU 96910, on or before May 8, 2007 at 3:00 p.m.; or (2) is mailed by first class mail postmarked on or before May 8, 2007 to: Office of the Clerk of Court, District Court of Guam, 520 West Soledad Avenue, Hagåtña, GU 96910.
- If you wish to submit objections or comments, you must file them with the Clerk of Court at the address listed above and serve them on all counsel listed in section VIII(B)(1) above on or before June 22, 2007.
- If you wish to intervene, you must file and serve a motion on or before May 15, 2007.
- The deadline for filing or mailing by first class mail claims for the EIC under the Settlement to DRT for tax years 1995, 1996, 1999, 2000, 2001, 2002, 2003, and 2004 is May 8, 2007.

guammpch.com · Pacific Daily News · Wednesday, February 28, 2007

42

# IN THE UNITED STATES DISTRICT COURT DISTRICT OF GUAM

JULIE BABAUTA SANTOS and CHARMAINE R. TORRES, on behalf of themselves and a class of others similarly situated,

Petitioners,

v.

FELIX P. CAMACHO, etc., et. al.

Respondents.

CIVIL CASE NO. 04-00006 and 04-00038

NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

TO:    **ALL PERSONS WHO CLAIMED OR COULD HAVE CLAIMED AN EARNED INCOME TAX CREDIT UNDER THE GUAM TERRITORIAL INCOME TAX OR GUAM TERRITORIAL INCOME LAW FOR TAX YEARS 1995, 1996, 1999, 2000, 2001, 2002, 2003, OR 2004; AND**
**ALL PERSONS WHO FILED AN EARNED INCOME TAX CREDIT CLAIM UNDER THE GUAM EARNED INCOME PROGRAM OR THE GUAM TERRITORIAL INCOME TAX FOR TAX YEAR 1997 AND HAVE YET TO RECEIVE PAYMENT IN FULL FOR TAX YEAR 1997; AND**
**ALL PERSONS WHO FILED AN EARNED INCOME TAX CREDIT CLAIM UNDER THE GUAM EARNED INCOME PROGRAM OR THE GUAM TERRITORIAL INCOME TAX FOR TAX YEAR 1998 AND HAVE YET TO RECEIVE PAYMENT IN FULL FOR TAX YEAR 1998.**

The above-captioned proceeding (the "Litigation") is pending before the District Court of Guam (the "Court"). In the Litigation, Julie B. Santos and Charmaine R. Torres (the "Plaintiffs") claim that they and other Guam taxpayers have been denied the right to file claims for earned income tax credit (the "EIC"), and have been denied the right to receive a refund of the EIC. The tax years covered by the Litigation are 1995 through to 2004. The Respondents in the Litigation are Governor of Guam (the "Government"), Governor Felix P. Camacho, Director of Administration, Lourdes M. Perez, and Director of Revenue & Taxation, Artemio B. Ilagan (collectively "Respondents"). They have filed pleadings denying the claims and asserting various affirmative defenses.

The Court has conditionally ruled that the Litigation may be maintained on behalf of the following Class:

All persons who do not elect to request exclusion from the class under the procedures described below and: (1) were subject to the Guam Territorial Income Tax ("GTIT") established in 48 U.S.C. § 1421i for tax years 1995-1996 and/or 1999-2004 and would have been eligible to file for the EIC established in 26 U.S.C. § 32 (as it applied in each respective tax year) if that program were applied in the Territory of Guam, and filed a timely tax return for the applicable tax year or year(s) in which the credit is sought; and/or (2) were eligible to receive an EIC credit under certain Guam territorial laws for tax years 1995-1996 and/or 1999-2004 that mirrored the EIC established by law (26 U.S.C. § 32), including the Guam Earned Income Program (Chapter 42 of 11 G.C.A.), and filed a timely tax return for the applicable tax year or year(s) in which the credit is sought; and/or (3) actually filed a claim for the EIC with DRT for tax year 1998 under the GTIT or Guam Earned Income Program (Chapter 42 of 11 G.C.A.) and have not yet received full payment for that claim; and/or (4) actually filed a claim for the EIC with DRT for tax year 1997 under the GTIT or Guam Earned Income Program (Chapter 42 of 11 G.C.A.) on or before April 16, 2001 and have not yet received full payment for that claim.

This definition of persons who fall within or are excluded from the Class is referred to in this Notice as the "Class Definition."

## I. PURPOSE OF THIS NOTICE

The purpose of this notice is to inform you, as a potential member of the Class, of: (a) the existence of the Litigation; (b) the proposed Class Action Settlement of the Litigation, described below; and (c) your rights with respect to the proposed Settlement. Those rights include the right to be excluded from the Class and the Settlement. If you are a Class Member and do not request exclusion in compliance with the procedures and deadline stated below, you will remain in the Class and be bound by the Settlement terms.

Plaintiffs' Counsel has investigated and evaluated the claims asserted in the Litigation and has determined that the proposed Settlement is fair, reasonable, and adequate for the Class as a whole, in light of the benefits of the Settlement and the disadvantages of continuing the Litigation. The proposed Settlement is a compromise of disputed claims and does not mean that Respondents admit liability.

## II. SETTLEMENT BENEFITS FOR CLASS MEMBERS

If the Court approves the Settlement, Respondents will make payments totaling up to $90 million to Class Members to resolve their EIC claims. Tax year 1997 will be paid separately as stated below. Class Members will not receive interest on their EIC claims (except as to tax year 1997) and are waiving any right to interest on their EIC claims (except as to tax year 1997). The payment will be divided among Class Members as follows:

**A. Tax Year 1997:** The Government will pay the Class 100% of any remaining amount owed for tax year 1997, together with any interest, on the same terms as it has paid previous tax year 1997 claims.

**B. Tax Year 1998:** The Government will pay the EIC Class not more than $15 million for their EIC claims for tax year 1998. This amount shall be divided proportionally among each claimant found eligible for the EIC by the Guam Department of Revenue & Taxation ("DRT") based on the value of his or her claim, up to 100%. Remaining amounts, if any, shall be utilized to fund claims for tax years Tax Years 1995, 1996, 1999, & 2000 as stated below.

**C. Tax Years 1995, 1996, & 2000:** The Government will pay the EIC Class not more than $15 million for their EIC claims for tax years 1995, 1996, 1999, and 2000 (combined), together with any remainder from the payment for tax year 1998. This amount shall be divided proportionally among each claimant found eligible for the EIC by DRT based on the value of his or her claim, up to 100%. Remaining amounts, if any, shall be utilized to fund claims for tax year 2001 as stated below.

**D. Tax Year 2001:** The Government will pay the EIC Class not more than $15 million for their EIC claims for tax year 2001, together with any remainder from the payment for tax years 1995, 1996, 1999, and 2000 (combined). This amount shall be divided proportionally among each claimant found eligible for the EIC by DRT based on the value of his or her claim, up to 100%. Remaining amounts, if any, shall be utilized to fund claims for tax year 2002 as stated below.

**E. Tax Year 2002:** The Government will pay the EIC Class not more than $15 million for their EIC claims for tax year 2002, together with any remainder from the payment for tax year 2001. This amount shall be divided proportionally among each claimant found eligible for the EIC by DRT based on the value of his or her claim, up to 100%. Remaining amounts, if any, shall be utilized to fund claims for tax year 2003 as stated below.

**F. Tax Year 2003:** The Government will pay the EIC Class not more than $15 million for their EIC claims for tax year 2003, together with any remainder from the payment for tax year 2002. This amount shall be divided proportionally among each claimant found eligible for the EIC by DRT based on the value of his or her claim, up to 100%. Remaining amounts, if any, shall be utilized to fund claims for tax year 2004 as stated below.

**G. Tax Year 2004:** The Government will pay the EIC Class not more than $15 million for their EIC claims for tax year 2004, together with any remainder from the payment for tax year 2003. This amount shall be divided proportionally among each claimant found eligible for the EIC by DRT based on the value of his or her claim, up to 100%. Remaining amounts, if any, shall be utilized to fund claims for the EIC in tax year 2005 and future tax years.

**H. Payment of EIC Claims in Future Tax Years:** If the Settlement is approved by the Court as described below, the Government has agreed to pay the EIC to all qualifying persons in tax year 2005 and future tax years. Persons do not have to be Class Members to receive this benefit.

## III. CLAIMS PROCESS & DEADLINES

**A. Deadlines for Submitting a Claim (Except as to Tax Year 1997 and 1998).** The deadlines for Class Members to submit EIC claims for tax years 1995, 1996, 1999, 2000, 2001, 2002, 2003 and 2004 is May 8, 2007. No new claims are being accepted for tax years 1997 and 1998.

**B. Submit a Claim by Filing Form EIC-GU (Except as to Tax Year 1997 and 1998).** To submit a claim as a Class Member, you must submit the Form EIC-GU applicable to each year in which you wish to make a claim. Claims must be filed with DRT and mailed to DRT on or before the deadline for the applicable tax year stated above. Form EIC-GU can be found at DRT and at other locations where Guam tax forms ordinarily are available. It also can be viewed and printed on-line at http://www.GovGuamdocs.com.

**C. Tax Return Required For Each Year.** For tax years 1995-2002, you must have already filed a tax return in a year to be eligible to file an EIC claim for that particular year. If you have not previously submitted a tax return (e.g. a Form 1040, 1040A, or 1040EZ) for tax year 2003 or 2004 and you wish to make an EIC claim for one or both of those years, you must submit a tax return for the applicable year(s) along with submitting a Form EIC-GU to make a claim. As to tax year 2003, no new tax returns will be accepted after April 16, 2007, even though the time to file an EIC claim does not expire until May 8, 2007. If you already submitted a tax return for a tax year, you do not need to file a new tax return. However, you can amend the return, if you wish, anytime within three years of when that return was first due. If more than three years have passed since that return was first due, you will not be able to amend it.

**D. Persons Who Already Filed Form EIC-GU.** If you already submitted a Form EIC-GU for a tax year covered by the Litigation and the proposed Settlement, you do not need to file a new Form EIC-GU for that tax year. However, you may file a new Form EIC-GU within the time otherwise provided to file a claim if you wish to amend your prior claim or to correct an incomplete or defective Form EIC-GU filing. If you have already filed a Form EIC-GU, you will be included within the Class unless you request exclusion under the procedures and deadlines set forth below.

**E. Procedures Governing Tax Year 1997.** To be eligible to receive any payment under the Settlement for tax year 1997, Class Members must have filed a claim for the EIC under the GTIT or the Guam Earned Income Program for tax year 1997 on or before April 16, 2001. No new or amended tax returns for tax year 1997 will be accepted. If you already filed a tax year 1997 EIC claim as stated herein, and you have not yet been paid in full for that claim, you will be included within the Class unless you request exclusion under the procedures and deadlines set forth below.

**F. Procedures Governing Tax Year 1998.** To be eligible to receive any payment under the Settlement for tax year 1998, Class Members must have filed a claim for the EIC under the GTIT or the Guam Earned Income Program for tax year 1998 on or before April 15, 2002. No new or amended tax returns for tax year 1998 will be accepted. If you already filed a tax year 1998 EIC claim as stated herein, and you have not yet been paid in full for that claim, you will be included within the Class unless you request exclusion under the procedures and deadlines set forth below.

**G. Processing of Claims and Governing Laws.** Once submitted, all EIC claims will be processed by the DRT, which shall apply all laws that ordinarily apply to refund claims except as otherwise provided in the Settlement. False or inaccurate EIC claims shall remain subject to applicable penalties permitted by federal or territorial law, including reducing or denying an EIC claim or assessing fines or other civil or criminal sanctions. If it is found that you intentionally or recklessly submitted a false claim you can be barred from receiving the EIC in future years beginning with tax year 1997 pursuant to 26 U.S.C. § 32(k), a federal statute that applies to all claims for the EIC beginning January 1, 1997.

**H. Application of Offsets.** If a claimant is found eligible for the EIC, Respondents shall retain the right to offset the amount of an EIC claim as provided for GTIT refunds in general by 26 U.S.C. § 6402. If your claim is subject to an offset, you will be notified regarding whom the offset amount has been paid to.

**I. Right to Contest Particular Determinations.** With regard to any denial of a particular EIC claim or any assessment of any civil or criminal penalties, you shall maintain the right to challenge such a determination through all administrative and judicial processes afforded under federal or territorial law to a taxpayer as to any tax refund claim.

## IV. WHEN CLAIMS WILL BE PAID

**A. Funding (except as to Tax Year 1997).** The Government has agreed to reserve at least fifteen percent (15%) of all amounts it collects into the accounts it uses to pay general tax refunds to pay for the $90 million settlement payment. It is not known exactly how fast money will be reserved. But, the Respondents have already commenced reserving money and Respondents will be supplying monthly reports to the Court and Plaintiffs' Counsel regarding how much money has been reserved so that the Court can monitor compliance with the Settlement. Further, Respondents can utilize other funding should it become available to speed payments.

**B. Funding (as to Tax Year 1997).** The Government has agreed to pay remaining EIC claims for tax year 1997 (most such claims having already been paid) from a reserved amount of $500,000.00 that is currently in the accounts the Government uses to pay general tax refunds. It has further warranted that this amount has been calculated by DRT to be sufficient to pay all outstanding 1997 claims. In the event that such reserved amount is insufficient to payment all outstanding 1997 claims, the Government shall utilize other funding sources permitted by law to pay all remaining 1997 claims.

**C. Order of Payments.** As money is reserved, and only after final approval of the settlement and entry of the judgment by the Court, claims will be paid in the following order: (1) claim for tax years 1997 and 1998 (except as tax year 1997 and 1998 claims have been subject to "early" payment as described below); (2) claims for tax years 1995, 1996, 1999, and 2000 (collect. ely); (3) claims for tax year 2001; (4) claims for tax year 2002; (5) claims for tax year 2003; and (6) claims for tax year 2004. Within each tax year, claims will be paid in the order submitted to DRT.

**D. Timely Processing of Claims.** On or before April 2, 2007, DRT will have processed all claims for tax years 1997 and 1998. On or before July 9, 2007, DRT will have processed all claims for tax years 1995, 1996, 1999, 2000, and 2001. On or before September 5, 2007, DRT will have processed all claims for tax years 2002, 2003, and 2004. Upon the completion of the periods for processing claims for each respective tax year, DRT will calculate the total amount of claims it has found to be valid for that respective tax year and calculate the percentage of each claim that shall be paid (up to 100%). DRT will then certify the claims and percentage amounts that should be paid pursuant to the provisions of the Settlement. DRT does retain the right to make individual hardship exceptions to the priority of payments based on standard pre-existing DRT policies and procedures. If your claim is denied or selected for an audit, and it is later determined in a judicial or administrative process that your claim was valid and should be paid, you will receive the same proportional payment of the amount found to be validly claimed as is paid to class members for that same tax year.

E. "Early" Payment of 1997 and 1998 Claims. The Court has authorized the Government to pay certain claims prior to final approval of the Settlement on the terms explained below. If you are eligible to receive an "early" payment, you also will receive a separate notice that you should review carefully prior to accepting or depositing the check.

1. Once all claims for 1997 are processed, the Government shall pay the full value of all 1997 tax year claims by issuing a check payable to each eligible Class Member in the amount owed.

2. Once all claims for tax year 1998 are processed, the Government shall pay two-thirds of the $15 million for each tax year 1998 (in other words, $10 million) to each eligible Class Members who has a valid claim for tax year 1998. The Government shall do this by issuing a check payable to each eligible Class Member that represents 66.6⁶ʰ of that member's proportional share of the $15 million devoted by the Settlement to tax year 1998. This means that if you are eligible to receive a payment for tax year 1998, you will receive 66.6⁶ʰ of your payment under the terms of the Settlement prior to final approval of the Settlement. The remaining 33.4ᵗʰ will only be paid after final approval of the Settlement.

3. If you receive an "early" payment check and cash or deposit it, you will have released and waived your right to opt-out of the Settlement *if the Court later grants final approval of the Settlement*. If you cash or deposit such a check, but final approval is denied, you will not be bound by the Settlement. In the event final approval is denied, the payment shall operate as a payment made solely on the dollar value actually paid of a claim for tax year 1997 and/or 1998, should you later be found to have a valid claim for that tax year. Such payment now is not, and shall not be construed to be, an admission of liability or obligation to pay any present or future claim, except as stated in the Settlement. If you refuse the payment or fail to deposit a check within sixty days of the date stated on the check, you will retain the right to opt-out of the Settlement prior to final approval based upon the procedures set forth herein. If you refuse a payment or fail to deposit your check within sixty days of the date stated on the check, but you do not opt-out of the Settlement under the procedures set forth herein, you will still be entitled to payment of your tax year 1997 and/or 1998 claim (if any) upon final approval of the Settlement.

V. DISMISSAL OF LITIGATION, ENTRY OF JUDGMENT, RELEASE OF CLAIMS, & COVENANT NOT TO SUE

A. Final Judgment. If the Court approves the proposed settlement, it will enter a judgment that will dismiss the Litigation with prejudice as to all Class Members, except those Class Members who request to be excluded. All people who meet the Class Definition and do not validly and timely request exclusion from the Class will be forever barred from prosecuting their own lawsuits to recover the EIC or obtain related relief regarding the EIC from Respondents for tax years 1995, 1996, 1997, 1998, 1999, 2000, 2001, 2002, 2003, and 2004.

B. Release of Claims. Further, upon final approval of the Settlement, each and every member of the EIC Class will expressly and irrevocably release, waive, settle, and discharge all claims (whether legal or equitable), demands, actions (whether judicial or administrative), suits, and causes of action, including without limitation those asserted in the Litigation, against the Government of Guam, the Governor of Guam, the Director of the Department of Revenue & Taxation, the Department of Revenue & Taxation, the Director of the Department of Administration, the Department of Administration, and their employees, officers, agencies, instrumentalities, independent contractors, representatives, attorneys, and agents, whether in their individual or official capacities, with regard to claims for payment of the EIC under federal or Guam territorial law in tax years 1995, 1996, 1997, 1998, 1999, 2000, 2001, 2002, 2003, and 2004, or any refusal to accept or pay such claims or to implement any government programs with regard to such claims. Such release and discharge includes all such claims whether known, unknown, asserted, unasserted, suspected, or unsuspected. With regard to the release of claims, each and every member of the EIC Class expressly waives their rights under 18 G.C.A. § 82602, providing of common-or civil law that is similar to or analogous to 18 G.C.A. § 82602, which provides: "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR."

C. Covenant Not to Sue. Also upon final approval of the Settlement, the EIC Class separately covenants not to sue the Government of Guam, the Governor of Guam, the Director of Revenue & Taxation, the Department of Revenue & Taxation, the Director of the Department of Administration, the Department of Administration, and their employees, officers, agencies, instrumentalities, independent contractors, representatives, attorneys, and agents, whether in their individual or official capacities, with regard to claims for payment of the EIC under federal or Guam territorial law in tax years 1995, 1996, 1997, 1998, 1999, 2000, 2001, 2002, 2003, and 2004, or any refusal to accept or pay such claims or to implement any government programs with regard to such claims.

D. Limitations. The general release and covenant not to sue stated above shall not be construed to preclude any Class Member from challenging through the administrative and or judicial procedures that govern ordinary tax refund claims a particular determination as to: (1) the existence and value of their particular EIC claim(s) for tax years 1995-2004 by DRT, (2) any amount of off-set or other adjustment made to their EIC claims by DRT (including without limitation by way of audit, penalty, intercept program, or off-set). The general release and covenant not to sue stated above exclude any future claims alleging solely a breach of this Settlement Agreement.

VI. COSTS, EXPENSES, AND ATTORNEYS' FEES

Respondents have agreed to pay all costs of mailing and publishing this Notice and administering the Settlement. Plaintiffs' counsel has filed a motion asking that if the Court approves the proposed settlement, the Court award ten percent (10%) of the settlement amount of $90 million as attorneys' fees payable to Plaintiffs' counsel. They have also asked that their non-taxable costs incurred in prosecution of this case be paid from the $90 million. The Court will ultimately decide the amount of attorneys' fees and costs, if any, to award. If you are a Class Member, you may submit written comments supporting, objecting, or commenting on the award of attorneys' fees and costs, and ask to be heard by the Court regarding this issue, in compliance with the procedures set forth in Section VIII(B), below.

VII. RIGHTS AND OPTIONS OF CLASS MEMBERS

A. Remain a Class Member. If you do not request exclusion from the Class, you will remain a Class Member. On July 17, 2004, the Court appointed counsel for Plaintiff Santos, Attorney Michael Phillips, Esq. of the law firm of Phillips & Bordallo, P.C., 410 West O'Brien Drive, Suite 102, Hagåtña, Guam 96910 as Interim Class Counsel. Plaintiff Torres is represented by Ignacio C. Aguigui, Esq. Lujan Aguigui & Perez LLP, 300 Pacific News Building, Hagåtña, Guam 96910. Subject to the Court's final appointment of Class Counsel, the Plaintiffs and their counsel will represent your interests in connection with the proposed Settlement. If the Court approves the Settlement and the judgment becomes final, you will be entitled to the benefits described in Section II, above. As a Class Member, you will be bound by any judgment or other disposition of the Litigation, even if you do not submit a claim or take advantage of any of the benefits of the Settlement. Furthermore, you and your heirs, executors, administrators, successors, and assigns will be deemed to have agreed to the terms of the release and covenant not to sue described in Section V above.

B. Objections or Comments on the Settlement. As a Class Member, you have the right to object to or comment on the proposed Settlement or the motion for attorneys' fees and costs. The procedures for doing so are explained in Section VIII(B) below.

C. Request Exclusion. You have the right to request exclusion from the Class. If you request exclusion from the Class, you will not be bound by any judgment or settlement of the Litigation, you will not receive the benefits of the Settlement, and you will not be able to object to or comment in support of the Settlement. If you wish to be excluded from the Class, you must submit a signed, written statement requesting exclusion that either: (1) is filed with the Office of the Clerk of Court, District Court of Guam, 520 West Soledad Avenue, Hagåtña, GU 96910 on or before May 8, 2007 at 3 p.m.; or (2) is sent by first class mail to the Office of the Clerk of Court, District Court of Guam, 520 West Soledad Avenue, Hagåtña, GU 96910 bearing a postmark of May 8, 2007 or earlier. Any person requesting exclusion from the class and the Settlement Agreement must request exclusion from the class and the settlement in their entirety, and not just as to particular claim(s) for particular tax year(s). If you submit a request for exclusion that does not comply with these requirements, your request will be deemed invalid, and you will not be excluded from the Class.

D. Retain Your Own Attorney and Seek Intervention. You have the right to consult and/or retain an attorney of your choice, at your own expense, to advise you regarding the Settlement and your rights in connection with the Settlement. You also have the right, either personally or through an attorney retained by you, at your own expense, to seek to intervene in the Litigation. Any such motion must be filed no later than May 15, 2007.

VIII. FAIRNESS HEARING

A. Time, Place, and Purpose of Hearing. A Fairness Hearing will be held on Friday, July 6, 2007 at 10 a.m., before the District Court of Guam, 520 West Soledad Avenue, Hagåtña, GU 96910, to determine: (1) Whether the proposed settlement of the Litigation on the terms set forth in the Settlement Agreement is fair, reasonable, and adequate for the Class as a whole and should be granted final approval; (2) Whether the certification of the Class should be made final; (3) Whether the Court should enter the proposed judgment dismissing the Litigation with prejudice; and (4) Whether the Court should grant the application of Plaintiffs' Counsel for attorneys' fees and reimbursement of expenses, and, if so, in what amount.

B. Procedures for Objecting to or Commenting in Support of Settlement

1. Written Objections or Comments. If you have not requested exclusion from the Class, you, or an attorney retained by you, may file with the Office of the Clerk of Court, District Court of Guam, 520 West Soledad Avenue, Hagåtña, GU 96910 a statement objecting to or commenting on the settlement and/or the motion for attorneys' fees on or before June 22, 2007. Such statement must also be served upon all counsel in the litigation, who are: (1) Phillips & Bordallo, P.C., 410 West O'Brien Drive, Suite 102, Hagåtña, Guam 96910; (2) Lujan Aguigui & Perez LLP, 300 Pacific News Building, Hagåtña, Guam 96910 (3) Shannon Taitano, Esq., Legal Counsel, Office of the Governor, Ricardo J. Bordallo Governor's Complex, Adelup, P.O. Box 2950, Hagåtña, GU 96932 (4) Calvo & Clark, LLP, 655 South Marine Corps Drive, Suite 202, Tamuning, Guam 96913; and (5) Mantanona Law Office, Suite 601B, GCIC Bldg., 414 W Soledad Ave., Hagåtña, Guam 96910.

2. Presentation of Objections and Supporting Comments at Fairness Hearing. You may also attend the Fairness Hearing, either personally or through an attorney retained by you, at your own expense, and ask to be heard by the Court on your comments or objections. If you wish to do so, you must submit your objections or comments in writing in compliance with section VIII(B)(1) above and include in your comments a statement that you intend to appear and wish to attend the Fairness Hearing.

IX. ADDITIONAL INFORMATION

A. Rescission of Previous Settlement. Previously, Respondents had entered into a $60 million settlement agreement dated June 14, 2004 with Plaintiff Santos and published a notice regarding this settlement, which had received preliminary, but not final, Court approval. This settlement would have covered some, but not all, of the Members of the Class identified herein. As part of the new settlement, Plaintiff Santos and her counsel and Respondents have agreed to rescind the previous settlement, which is no longer in effect. It is possible that Class Members under the new settlement will receive more, less, or be unaffected by the new settlement. If Respondents have failed to reserve at least $15 million for the payment of claims under the Settlement Agreement described in this Notice by the time the Agreement is subject to the Fairness Hearing, Plaintiffs have the right to terminate the Settlement Agreement, which then shall be void and of no effect, and the June 14, 2004 Settlement shall be returned to effect, subject to all previously pending motions.

B. Notice of Related Pending Litigation. There is another lawsuit pending in the District Court of Guam that seeks to establish a class action regarding classes of persons similar to, and overlapping with, the Class identified herein. It is entitled *Simpao, et al. v. Govt. of Guam*, Dist. of Guam Civ. Case No. CV04-00049 (the "Other Litigation"). No class has yet been certified in the Other Litigation and the defendants in those cases oppose class certification. However, it is possible that if a Class Member requests exclusion from this Class, they could later be able to become part of the Other Litigation either by moving to join that Other Litigation or by becoming class members, should that case be certified as a class action. It is not known what the final outcome of the Other Litigation will be. In *Simpao*, the Court has held that the EIC applies to Guam and that filing a tax return establishes jurisdiction over those plaintiffs' claims. It is possible that by moving to join or by becoming part of a class in that case (if a motion for grant of class certification were granted), a potential Class Member would ultimately receive less, more, or the same relief as they would receive by remaining a Class Member in this Litigation, or would possibly receive no relief at all. Class Members who do not request exclusion under the procedures set forth in Section VII(C) above will be barred forever from being part of the Other Litigation either as class members or by moving to join that case.

C. Effect of Court Disapproval. If the Court refuses to grant final class certification or final approval of the Settlement Agreement at the Fairness Hearing, or refuses to enter the final judgment, the Settlement shall be rendered void and of no effect and any class certification shall be vacated.

D. Questions. Any questions regarding the Settlement should be directed to Plaintiffs' counsel, Phillips & Bordallo, P.C., 410 West O'Brien Drive, Suite 102, Hagåtña, Guam 96910, or Lujan Aguigui & Perez LLP, 300 Pacific News Building, Hagåtña, Guam 96910. You also can contact Plaintiffs' Counsel by email at mphillips@phillipsbordallo.com or ica@lujanaguiguiperez.com. Please do **not** submit questions to the Court. Copies of the Settlement Agreement and the pleadings and other documents filed in the Litigation and the Other Litigation are on file at the District Court of Guam, and may be examined and copied during regular office hours at the Office of the Clerk of Court, District Court of Guam, 520 West Soledad Avenue, Hagåtña, GU 96910.

X. DEADLINES

Remember:   • If you wish to be excluded from the class, you must submit a written statement requesting exclusion that either (1) is filed with the Office of the Clerk of Court, District Court of Guam, 520 West Soledad Avenue, Hagåtña, GU 96910, on or before May 8, 2007 at 3:00 p.m.; or (2) is mailed by first class mail postmarked on or before May 8, 2007 to: Office of the Clerk of Court, District Court of Guam, 520 West Soledad Avenue, Hagåtña, GU 96910.
• If you wish to submit objections or comments, you must file them with the Clerk of Court at the address listed above and serve them on all counsel listed in section VIII(B)(1) above on or before June 22, 2007.
• If you wish to intervene, you must file and serve a motion on or before May 15, 2007.
• The deadline for filing or mailing by first class mail claims for the EIC under the Settlement to DRT for tax years 1995, 1996, 1999, 2000, 2001, 2002, 2003, and 2004 is May 8, 2007.

Dated: January 2, 2007

BY ORDER OF THE
DISTRICT COURT OF GUAM

# IN THE UNITED STATES DISTRICT COURT DISTRICT OF GUAM

JULIE BABAUTA SANTOS and CHARMAINE R. TORRES, on behalf of themselves and a class of others similarly situated,

Petitioners,

v.

FELIX P. CAMACHO, etc., et. al.

Respondents.

CIVIL CASE NO. 04-00006 and 04-00038

**NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION**

TO: **ALL PERSONS WHO CLAIMED OR COULD HAVE CLAIMED AN EARNED INCOME TAX CREDIT UNDER THE GUAM TERRITORIAL INCOME TAX OR GUAM TERRITORIAL LAW FOR TAX YEARS 1995, 1996, 1999, 2000, 2001, 2002, 2003, OR 2004; AND**
**ALL PERSONS WHO FILED AN EARNED INCOME TAX CREDIT CLAIM UNDER THE GUAM EARNED INCOME PROGRAM OR THE GUAM TERRITORIAL INCOME TAX FOR TAX YEAR 1997 AND HAVE YET TO RECEIVE PAYMENT IN FULL FOR TAX YEAR 1997; AND**
**ALL PERSONS WHO FILED AN EARNED INCOME TAX CREDIT CLAIM UNDER THE GUAM EARNED INCOME PROGRAM OR THE GUAM TERRITORIAL INCOME TAX FOR TAX YEAR 1998 AND HAVE YET TO RECEIVE PAYMENT IN FULL FOR TAX YEAR 1998.**

The above-captioned proceeding (the "Litigation") is pending before the District Court of Guam (the "Court"). In the Litigation, Julie B. Santos and Charmaine R. Torres (the "Plaintiffs") claim that they and other Guam taxpayers have been denied the right to file claims for earned income tax credit (the "EIC"), and have been denied the right to receive a refund of the EIC. The tax years covered by the Litigation are 1995 to 2004. The Respondents in the Litigation are the Government of Guam (the "Government"), Governor Felix P. Camacho, Director of Administration, Lourdes M. Perez, and Director of Revenue & Taxation, Artemio B. Ilagan (collectively "Respondents"). They have filed pleadings denying the claims and asserting various affirmative defenses.
The Court has conditionally ruled that the Litigation may be maintained on behalf of the following Class:
All persons who do not elect to request exclusion from the class under the procedures described below and: (1) were subject to the Guam Territorial Income Tax ("GTIT") established in 48 U.S.C. § 1421i for tax years 1995-1996 and/or 1999-2004 and would have been eligible to file for the EIC established in 26 U.S.C. § 32 (as it applied in each respective tax year) if that program were applied in the Territory of Guam, and filed a timely tax return for the applicable tax year or year(s) in which the credit is sought; and/or (2) were eligible to receive an EIC credit under certain Guam territorial tax laws for tax years 1995-1996 and/or 1999-2004 that received the federal EIC law (26 U.S.C. § 32), including the Guam Earned Income Program (Chapter 42 of 11 G.C.A.), and filed a timely tax return for the applicable tax year or year(s) in which the credit is sought; and/or (3) actually filed a claim for the EIC with DRT for tax year 1998 under the GTIT or Guam Earned Income Program (Chapter 42 of 11 G.C.A.) on or before April 15, 2002, and have not yet received full payment for that claim; and/or (4) actually filed a claim for the EIC with DRT for tax year 1997 under the GTIT or Guam Earned Income Program (Chapter 42 of 11 G.C.A.) on or before April 16, 2001 and have not yet received full payment for that claim.
This definition of persons who fall within or are excluded from the Class is referred to in this Notice as the "Class Definition."

## I. PURPOSE OF THIS NOTICE

The purpose of this notice is to inform you, as a potential member of the Class, of: (a) the existence of the Litigation; (b) the proposed Class Action Settlement of the Litigation, described below; and (c) your rights with respect to the proposed Settlement. Those rights include the right to be excluded from the Class and the Settlement. If you are a Class Member and do not request exclusion in compliance with the procedures and deadline stated below, you will remain in the Class and be bound by the Settlement terms.
Plaintiffs' Counsel has investigated and evaluated the claims asserted in the Litigation and has determined that the proposed Settlement is fair, reasonable, and adequate for the Class as a whole, in light of the benefits of the Settlement and the disadvantages of continuing the Litigation. The proposed Settlement is a compromise of disputed claims and does not mean that Respondents admit liability.

## II. SETTLEMENT BENEFITS FOR CLASS MEMBERS

If the Court approves the Settlement, Respondents will make payments totaling up to $90 million for tax years 1995-96 and 1998-2004 to the Class Members to resolve their EIC claims. Tax year 1997 will be paid separately as stated below. Class Members will not receive interest on their EIC claims (except as to tax year 1997) and are waiving any right to interest on their EIC claims (except as to tax year 1997). The payment will be divided among Class Members as follows:
**A. Tax Year 1997:** The Government will pay the EIC Class 100% of any remaining amount owed for tax year 1997, together with any interest, on the same terms as it has paid previous tax year 1997 claims.
**B. Tax Year 1998:** The Government will pay the EIC Class not more than $15 million for their EIC claims for tax year 1998. This amount shall be divided proportionally among each claimant found eligible for the EIC by the Guam Department of Revenue & Taxation ("DRT") based on the value of his or her claim, up to 100%. Remaining amounts, if any, shall be utilized to fund claims for tax years Tax Years 1995, 1996, 1999, & 2000 as stated below.
**C. Tax Years 1995, 1996, 1999, & 2000:** The Government will pay the EIC Class not more than $15 million for their EIC claims for tax years 1995, 1996, 1999, and 2000 (combined), together with any remainder from the payment for tax year 1998. This amount shall be divided proportionally among each claimant found eligible for the EIC by DRT based on the value of his or her claim, up to 100%. Remaining amounts, if any, shall be utilized to fund claims for tax year 2001 as stated below.
**D. Tax Year 2001:** The Government will pay the EIC Class not more than $15 million for their EIC claims for tax year 2001, together with any remainder from the payment for tax years 1995, 1996, 1999, and 2000 (combined). This amount shall be divided proportionally among each claimant found eligible for the EIC by DRT based on the value of his or her claim, up to 100%. Remaining amounts, if any, shall be utilized to fund claims for tax year 2002 as stated below.
**E. Tax Year 2002:** The Government will pay the EIC Class not more than $15 million for their EIC claims for tax year 2002, together with any remainder from the payment for tax year 2001. This amount shall be divided proportionally among each claimant found eligible for the EIC by DRT based on the value of his or her claim, up to 100%. Remaining amounts, if any, shall be utilized to fund claims for tax year 2003 as stated below.
**F. Tax Year 2003:** The Government will pay the EIC Class not more than $15 million for their EIC claims for tax year 2003, together with any remainder from the payment for tax year 2002. This amount shall be divided proportionally among each claimant found eligible for the EIC by DRT based on the value of his or her claim, up to 100%. Remaining amounts, if any, shall be utilized to fund claims for tax year 2004 as stated below.
**G. Tax Year 2004:** The Government will pay the EIC Class not more than $15 million for their EIC claims for tax year 2004, together with any remainder from the payment for tax year 2003. This amount shall be divided proportionally among each claimant found eligible for the EIC by DRT based on the value of his or her claim, up to 100%. Remaining amounts, if any, shall be utilized to fund tax refunds and the EIC in tax year 2005 and future tax years.
**H. Payment of EIC Claims in Future Tax Years:** If the Settlement is approved by the Court as described below, the Government has agreed to pay the EIC to all qualifying persons in tax year 2005 and future tax years. Persons do not have to be Class Members to receive this benefit.

## III. CLAIMS PROCESS & DEADLINES

**A. Deadlines for Submitting a Claim (Except as to Tax Year 1997 and 1998).** The deadlines for Class Members to submit EIC claims for tax years 1995, 1996, 1999, 2000, 2001, 2002, 2003 and 2004 is May 8, 2007. No new claims can be accepted for tax years 1997 and 1998.
**B. Submit a Claim by Filing Form EIC-GU (Except as to Tax Year 1997 and 1998).** To submit a claim as a Class Member, you must submit the Form EIC-GU applicable to each year in which you wish to make a claim. Claims must be filed with DRT or mailed to DRT on or before the deadline for the applicable tax year stated above. Form EIC-GU can be found at DRT and at other locations where Guam tax forms ordinarily are available. It also can be viewed and printed on-line at http://www.GovGuamdocs.com.
**C. Tax Return Required For Each Year.** For tax years 1995-2002, you must have already filed a tax return in a year to be eligible to file an EIC claim for that particular year. If you have not previously submitted a tax return (e.g. a Form 1040, 1040A, or 1040EZ) for tax year 2003 or tax year 2004 and you wish to make an EIC claim for one or both of those years, you must submit a tax return for the applicable year(s) along with submitting a Form EIC-GU to make a claim. As to tax year 2003, no new tax returns will be accepted after April 16, 2007, even though the time to file an EIC claim does not expire until May 8, 2007. If you already submitted a tax return for a tax year, you do not need to file a new tax return. However, you can amend the return, if you wish, within three years of when that return was first due. If more than three years have passed since that return was first due, you will not be able to amend it.
**D. Persons Who Already Filed Form EIC-GU.** If you already submitted a Form EIC-GU for a tax year covered by the Litigation and the proposed Settlement, you do not need to file a new Form EIC-GU for that tax year. However, you may file a new Form EIC-GU within the time otherwise provided to file a claim if you wish to amend your previous filing or to correct an incomplete or defective Form EIC-GU filing. If you have already filed a Form EIC-GU, you will be included within the Class unless you request exclusion under the procedures and deadlines set forth below.
**E. Procedures Governing Tax Year 1997.** To be eligible to receive any payment under the Settlement for tax year 1997, Class Members must have filed a claim for the EIC under the GTIT or the Guam Earned Income Program for tax year 1997 on or before April 16, 2001. No new or amended tax returns for tax year 1997 will be accepted. If you already filed a tax year 1997 EIC claim as stated herein, and you have not yet been paid in full for that claim, you will be included within the Class unless you request exclusion under the procedures and deadlines set forth below.
**F. Procedures Governing Tax Year 1998.** To be eligible to receive any payment under the Settlement for tax year 1998, Class Members must have filed a claim for the EIC under the GTIT or the Guam Earned Income Program for tax year 1998 on or before April 15, 2002. No new or amended tax returns for tax year 1998 will be accepted. If you already filed a tax year 1998 EIC claim as stated herein, and you have not yet been paid in full for that claim, you will be included within the Class unless you request exclusion under the procedures and deadlines set forth below.
**G. Processing of Claims and Governing Laws.** All EIC claims will be processed by the DRT, which shall apply all laws that ordinarily apply to tax refund claims except as otherwise provided in the Settlement. Claims are still subject to an audit, and claims will be denied if found to be invalid under the federal and local laws governing EIC eligibility for each respective tax year. False or inaccurate EIC claims shall remain subject to applicable penalties permitted by federal or territorial law, including reducing or denying an EIC claim or assessing fines or other civil or criminal sanctions. If it is found that you intentionally or recklessly submitted a false claim you can be barred from receiving the EIC in future years beginning with tax year 1997 pursuant to 26 U.S.C. § 32(k), a federal statute that applies to all claims for the EIC beginning January 1, 1997.
**H. Application of Offsets.** If a claimant is found eligible for the EIC, Respondents shall retain the right to offset the amount of an EIC claim as provided for GTIT refunds in general by 26 U.S.C. § 6402. If your claim is subject to an offset, you will be notified regarding whom the offset amount has been paid to.
**I. Right to Contest Particular Determinations.** With respect to any denial of a particular EIC claim or any assessment of any civil or criminal penalties, you shall maintain the right to challenge such a determination through all administrative and judicial processes afforded under federal or territorial law to a taxpayer as to any tax refund claim.

## IV. WHEN CLAIMS WILL BE PAID

**A. Funding (except as to Tax Year 1997).** The Government has agreed to reserve at least fifteen percent (15%) of all amounts it places into the accounts it uses to pay general tax refunds to pay for the $90 million settlement payment. It is not known exactly how fast money will be reserved. But, the Respondents have already commenced reserving money and Respondents will be supplying monthly reports to the Court and Plaintiffs' Counsel regarding how much money has been reserved so that the Court can monitor compliance with the Settlement. Further, Respondents can utilize other funding should it become available to speed payment.
**B. Funding (as to Tax Year 1997).** The Government has agreed to pay remaining EIC claims for tax year 1997 (most such claims having already been paid) from a reserved amount of $500,000.00 that is currently in the accounts the Government uses to pay general tax refunds. It has further warranted that this amount has been calculated by DRT to be sufficient to pay all outstanding 1997 claims. In the event that such reserved amount is insufficient to payment all outstanding 1997 claims, the Government shall utilize other funding sources permitted by law to pay all remaining 1997 claims.
**C. Order of Payments.** As money is reserved, and only after final approval of the settlement and entry of the judgment by the Court, claims will be paid in the following order: (1) claims for tax years 1997 and 1998 (except as tax year 1997 and 1998 claims have been subject to "early" payment as described below); (2) claims for tax years 1995, 1996, 1999, and 2000 (collectively); (3) claims for tax year 2001; (4) claims for tax year 2002; (5) claims for tax year 2003; and (6) claims for tax year 2004. Within each tax year, claims will be paid in the order submitted to DRT.
**D. Timely Processing of Claims.** On or before April 2, 2007, DRT will have processed all claims for tax years 1997 and 1998. On or before July 9, 2007, DRT will have processed all claims for tax years 1995, 1996, 1999, 2000, and 2001. On or before September 5, 2007, DRT will have processed all claims for tax years 2002, 2003, and 2004. After the completion of the periods for processing claims for each respective tax year, DRT will calculate the total amount of claims it has found to be valid for that respective tax year and calculate the percentage of each claim that shall be paid (up to 100%). DRT will then certify the claims and percentage amounts that should be paid pursuant to the provisions of the Settlement. DRT does retain the right to make individual hardship exceptions to the priority of payments based on standard pre-existing DRT policies and procedures. If your claim is denied or selected for an audit, and it is later determined in a judicial or administrative process that your claim was valid and should be paid, you will receive the same proportional payment of the amount found to be validly claimed as is paid to class members for that same tax year.

**E. "Early" Payment of 1997 and 1998 Claims.** The Court has authorized the Government to pay certain claims prior to final approval of the Settlement on the basis explained below. If you are eligible to receive an "early" payment, you also will receive a separate notice that you should review carefully prior to accepting or depositing the check.

1. Once all claims for 1997 are processed, the Government shall pay the full value of all 1997 tax year claims to each eligible Class Member in the amount owed.

2. Once all claims for tax year 1998 are processed, the Government shall pay two-thirds of the $15 million for tax year 1998 (in other words, $10 million) to each eligible Class Members who has a valid claim for tax year 1998. The government shall do this by issuing a check payable to each eligible Class Member that represents 66.6% of that member's proportional share of the $15 million devoted by the Settlement to tax year 1998. This means that if you are eligible to receive a payment for tax year 1998, you will receive 66.6% of your payment under the terms of the Settlement prior to final approval of the Settlement. The remaining 33.4% will only be paid after final approval of the Settlement.

3. If you receive an "early" payment check and cash or deposit it, you will have released and waived your right to opt-out of the Settlement *if the Court later grants final approval of the Settlement.* If you cash or deposit such a check, but final approval is denied, you will not be bound by the Settlement. In the event final approval is denied, the payment shall operate as a payment (based solely on the dollar value actually paid) of a claim for tax year 1997 and/or 1998, should you later be found to have a valid claim for that tax year. Such payment now is not, and shall not be construed to be, an admission of liability or obligation to pay any present or future claim, except as stated in the Settlement. If you refuse the payment or fail to deposit a check within sixty days of the date stated on the check, you will retain the right to opt-out of the Settlement prior to final approval based upon the procedures set forth herein. If you refuse a payment or fail to deposit your check within sixty days of the date stated on the check, but you do not opt-out of the Settlement under the procedures set forth herein, you will still be entitled to payment of your tax year 1997 and/or 1998 claim (if any) upon final approval of the Settlement.

**V. DISMISSAL OF LITIGATION, ENTRY OF JUDGMENT, RELEASE OF CLAIMS & COVENANT NOT TO SUE**

**A. Final Judgment.** If the Court approves the proposed settlement, it will enter a judgment that will dismiss the Litigation with prejudice as to all Class Members, except those Class Members who request to be excluded. All people who met the Class Definition and do not validly and timely request exclusion from the Class will be forever barred from prosecuting their own lawsuits to recover the EIC of certain related relief regarding the EIC from Respondents for tax years 1995, 1996, 1997, 1998, 1999, 2000, 2001, 2002, 2003, and 2004.

**B. Release of Claims.** Further, upon final approval of the Settlement, each and every member of the EIC Class will expressly and irrevocably release, waive, settle, and discharge all claims (whether legal or equitable), demands, actions (whether judicial or administrative), suits, and causes of action, including without limitation those asserted in the Litigation, against the Government of Guam, the Governor of Guam, the Director of the Department of Administration, the Department of Revenue & Taxation, the Director of the Department of Administration, the Department of Administration, and their employees, officers, agencies, instrumentalities, independent contractors, representatives, attorneys, and agents, whether in their individual or official capacities, with regard to claims for payment of the EIC under federal or Guam territorial law in tax years 1995, 1996, 1997, 1998, 1999, 2000, 2001, 2002, 2003, and 2004, or any refusal to accept or pay such claims or to implement any government programs with regard to such claims. Such release and discharge includes all such claims whether known, unknown, asserted, unasserted, suspected, or unsuspected. With regard to the release of claims, each and every member of the EIC Class expressly waives their rights under 18 G.C.A. § 82602 or principle of common or civil law that is similar to or analogous to 18 G.C.A. § 82602, which provides: "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR."

**C. Covenant Not to Sue.** Also upon final approval of the Settlement, the EIC Class separately covenants not to sue the Government of Guam, the Governor of Guam, the Director of Revenue & Taxation, the Department of Revenue & Taxation, the Director of the Department of Administration, the Department of Administration, and their employees, officers, agencies, instrumentalities, independent contractors, representatives, attorneys, and agents, whether in their individual or official capacities, with regard to claims for payment of the EIC under federal or Guam territorial law in tax years 1995, 1996, 1997, 1998, 1999, 2000, 2001, 2002, 2003, and 2004, or any refusal to accept or pay such claims or to implement any government programs with regard to such claims

**D. Limitations.** The general release and covenant not to sue stated above shall not be construed to preclude any Class Member from challenging through the administrative and/or judicial procedures that govern ordinary tax refund claims a particular determination as to: (1) the existence and/or value of their particular EIC claim(s) for tax years 1995-2004 by DRT, (2) any amount of off-set or other adjustment made to their EIC claims by DRT (including without limitation by way of audit, penalty, intercept program, or off-set). The general release and covenant not to sue stated above exclude any future claims alleging solely a breach of this Settlement Agreement.

**VI. COSTS, EXPENSES, AND ATTORNEYS' FEES**

Respondents have agreed to pay all costs of mailing and publishing this Notice and administering the Settlement. Plaintiffs' counsel has filed a motion asking that if the Court approves the proposed settlement, the Court award ten percent (10%) of the settlement amount of $90 million as attorneys' fees payable to Plaintiffs' counsel. They have also asked that their non-taxable costs incurred in prosecution of this case be paid from the $90 million. The Court will ultimately decide the amount of attorneys' fees and costs, if any, to award. If you are a Class Member, you may submit written comments supporting, objecting, or commenting on the award of attorneys' fees and costs, and are to be heard by the Court regarding this issue, in compliance with the procedures set forth in Section VIII(B), below.

**VII. RIGHTS AND OPTIONS OF CLASS MEMBERS**

**A. Remain a Class Member.** If you do not request exclusion from the Class, you will remain a Class Member. On July 17, 2004, the Court appointed counsel for Plaintiff Santos, Attorney Michael Phillips, Esq. of the law firm of Phillips & Bordallo, P.C., 410 West O'Brien Drive, Suite 102, Hagåtña, Guam 96910 as Interim Class Counsel. Plaintiff Torres is represented by Ignacio C. Aguigui, Esq., Lujan Aguigui & Perez LLP, 300 Pacific News Building, Hagåtña, Guam 96910. Subject to the Court's final appointment of Class Counsel, the Plaintiffs and their counsel will represent your interests in connection with the proposed Settlement. If the Court approves the Settlement and the judgment becomes final, you will be entitled to the benefits described in Section II, above. As a Class Member, you will be bound by any judgment or other disposition of the Litigation, even if you do not submit a claim or take advantage of any of the benefits of the Settlement. Furthermore, you and your heirs, executors, administrators, successors, and assigns will be deemed to have agreed to the terms of the release and covenant not to sue described in Section V above.

**B. Objections to or Comments on the Settlement.** As a Class Member, you have the right to object to or comment on the proposed Settlement or the Plaintiffs' request for attorneys' fees and costs. The procedures for doing so are explained in Section VIII(B) below.

**C. Request Exclusion.** You have the right to request exclusion from the Class. If you request exclusion from the Class, you will not be bound by any judgment or settlement of the Litigation, you will not receive the benefits of the Settlement, and you will not be able to object to or comment in support of the Settlement. If you wish to be excluded from the Class, you must submit a signed, written statement requesting exclusion that either: (1) is filed with the Office of the Clerk of Court, District Court of Guam, 520 West Soledad Avenue, Hagåtña, GU 96910 on or before May 8, 2007 at 3 p.m.; or (2) is sent by first class mail to the Office of the Clerk of Court, District Court of Guam, 520 West Soledad Avenue, Hagåtña, GU 96910 bearing a postmark of May 8, 2007 or earlier. Any person requesting exclusion from the class and the Settlement Agreement must request exclusion from the class and the settlement in their entirety, and not just as to particular claim(s) for particular tax year(s). If you submit a request for exclusion that does not comply with these requirements, your request will be deemed invalid, and you will not be excluded from the Class.

**D. Retain Your Own Attorney and Seek Intervention.** You have the right to consult and/or retain an attorney of your choice, at your own expense, to advise you regarding the Settlement and your rights in connection with the Settlement. You also have the right, either personally or through an attorney retained by you, at your own expense, to seek to intervene in the Litigation. Any such motion must be filed no later than May 15, 2007.

**VIII. FAIRNESS HEARING**

**A. Time, Place, and Purpose of Hearing.** A Fairness Hearing will be held on Friday, July 6, 2007 at 10 a.m., before the District Court of Guam, 520 West Soledad Avenue, Hagåtña, GU 96910, to determine: (1) Whether the proposed settlement of the Litigation on the terms set forth in the Settlement Agreement is fair, reasonable, and adequate for the Class as a whole and should be granted final approval; (2) Whether the certification of the Class should be made final; (3) Whether the Court should enter the proposed judgment dismissing the Litigation with prejudice; and (4) Whether the Court should grant the application of Plaintiffs' Counsel for attorneys' fees and reimbursement of expenses, and, if so, in what amount.

**B. Procedures for Objecting to or Commenting in Support of Settlement**

1. **Written Objections or Comments.** If you have not requested exclusion from the Class, you, or an attorney retained by you, may file with the Office of the Clerk of Court, District Court of Guam, 520 West Soledad Avenue, Hagåtña, GU 96910 a statement objecting to or commenting on the settlement and/or the motion for attorneys' fees on or before June 22, 2007. Such statement must also be served upon all counsel in the litigation, who are: (1) Phillips & Bordallo, P.C., 410 West O'Brien Drive, Suite 102, Hagåtña, Guam 96910; (2) Lujan Aguigui & Perez LLP, 300 Pacific News Building, Hagåtña, Guam 96910 (3) Shannon Taitano, Esq., Legal Counsel, Office of the Governor, Ricardo J. Bordallo Governor's Complex, Adelup, P.O. Box 2950, Hagåtña, GU 96932 (4) Calvo & Clark, LLP, 655 South Marine Corps Drive, Suite 202, Tamuning, Guam 96913; and (5) Mantanona Law Office, Suite 601B, GCIC Bldg., 414 W Soledad Ave., Hagåtña, Guam 96910.

2. **Presentation of Objections and Supporting Comments at Fairness Hearing.** You may also attend the Fairness Hearing, either personally or through an attorney retained by you, at your own expense, and ask to be heard by the Court on your comments or objections. If you wish to do so, you must submit your objections or comments in writing in compliance with procedures VIII(B)(1) above and include in your comments a statement that you intend to appear and wish to attend the Fairness Hearing.

**IX. ADDITIONAL INFORMATION**

**A. Rescission of Previous Settlement.** Previously, Respondents had entered into a $60 million settlement agreement dated June 14, 2004 with Plaintiff Santos and published a notice regarding this settlement, which had received preliminary, but not final, Court approval. This settlement would have covered some, but not all, of the Members of the Class identified herein. As part of the new settlement, Plaintiff Santos and her counsel and Respondents have agreed to rescind the previous settlement, which is no longer in effect. It is possible that Class Members under the new settlement will receive more, less, or be unaffected by the new settlement. If Respondents have failed to reserve at least $15 million for the payment of claims under the Settlement Agreement described in this Notice by the time the Settlement is to take effect, Plaintiffs have the right to terminate the Settlement Agreement, which then shall be void and of no effect, and the June 14, 2004 Settlement shall be returned to effect, subject to all previously pending motions.

**B. Notice of Related Pending Litigation.** There is one other case pending in the District Court of Guam that seeks to establish a claim action regarding classes of persons similar to, and overlapping with, the Class identified herein. In the entitled *Simpao, et al. vs. Govt. of Guam*, Dist. of Guam Civ. Case No. CV04-00049 (the "Other Litigation"). No class has yet been certified in the Other Litigation and the defendants in those cases oppose class certification. However, it is possible that if a Class Member requests exclusion from this Class, they could later be able to become part of the Other Litigation either by moving to join that Other Litigation or by becoming class members, should that case be certified as a class action. It is not known whether the final outcome of the Other Litigation will be. In *Simpao*, the Court has held that the EIC applies to Guam and that filing a tax return establishes jurisdiction over those plaintiffs' claims. It is possible that by moving to join or by becoming part of a class in that case (if a motion for joinder or class certification were granted), a potential Class Member would ultimately receive less, more, or the same relief as they would receive by remaining a Class Member in this Litigation, or would possibly receive no relief at all. Class Members who do not request exclusion under the procedures set forth in Section VII(C) above will be barred forever from being part of the Other Litigation either as class members or by moving to join that case.

**C. Effect of Court Disapproval.** If the Court refuses to grant final class certification or final approval of the Settlement Agreement after the Fairness Hearing, or refuses to enter the final judgment, the Settlement shall be rendered void and of no effect and any class certification shall be vacated.

**D. Questions.** Any questions regarding the Settlement should be directed to Plaintiffs' counsel, Phillips & Bordallo, P.C., 410 West O'Brien Drive, Suite 102, Hagåtña, Guam 96910, or Lujan Aguigui & Perez LLP, 300 Pacific News Building, Hagåtña, Guam 96910. You also can contact Plaintiffs' Counsel by email at mphillips@phillipsbordallo.com or ica@lujanaguiguiperez.com. Please do not submit questions to the Court. Copies of the Settlement Agreement and the pleadings and other documents filed in the Litigation and the Other Litigation are on file at the District Court of Guam, and may be examined and copied during regular office hours at the Office of the Clerk of Court, District Court of Guam, 520 West Soledad Avenue, Hagåtña, Guam 96910.

**X. DEADLINES**

Remember:
- If you wish to be excluded from the class, you must submit a written statement requesting exclusion that either (1) is filed with the Office of the Clerk of Court, District Court of Guam, 520 West Soledad Avenue, Hagåtña, GU 96910, on or before May 8, 2007 or (2) is mailed by first class mail postmarked on or before May 8, 2007 to: Office of the Clerk of Court, District Court of Guam, 520 West Soledad Avenue, Hagåtña, GU 96910.
- If you wish to submit objections or comments, you must file them with the Clerk of Court at the address listed above and serve them on all counsel listed in section VIII(B)(1) above on or before June 22, 2007.
- If you wish to intervene, you must file and serve a motion on or before May 15, 2007.
- The deadline for filing or mailing by first class mail claims for the EIC under the Settlement to DRT for tax years 1995, 1996, 1999, 2000, 2001, 2002, 2003, and 2004 is May 8, 2007.

Dated: January 29, 2007

BY ORDER OF THE
DISTRICT COURT OF GUAM



# IN THE UNITED STATES DISTRICT COURT DISTRICT OF GUAM

JULIE BABAUTA SANTOS and CHARMAINE R. TORRES, on behalf
of themselves and a class of others similarly situated,

Petitioners,

v.

FELIX P. CAMACHO, etc., et. al.

Respondents.

CIVIL CASE NO. 04-00006 and 04-00038

**NOTICE OF PENDENCY AND PROPOSED
SETTLEMENT OF CLASS ACTION**

TO:     ALL PERSONS WHO CLAIMED OR COULD HAVE CLAIMED AN EARNED INCOME TAX CREDIT UNDER THE GUAM TERRITORIAL INCOME TAX
OR GUAM TERRITORIAL LAW FOR TAX YEARS 1995, 1996, 1999, 2000, 2001, 2002, 2003, OR 2004; AND
     ALL PERSONS WHO FILED AN EARNED INCOME TAX CREDIT CLAIM UNDER THE GUAM EARNED INCOME PROGRAM OR THE GUAM
TERRITORIAL INCOME TAX FOR TAX YEAR 1997 AND HAVE YET TO RECEIVE PAYMENT IN FULL FOR TAX YEAR 1997; AND
     ALL PERSONS WHO FILED AN EARNED INCOME TAX CREDIT CLAIM UNDER THE GUAM EARNED INCOME PROGRAM OR THE GUAM
TERRITORIAL INCOME TAX FOR TAX YEAR 1998 AND HAVE YET TO RECEIVE PAYMENT IN FULL FOR TAX YEAR 1998.

The above-captioned proceeding (the "Litigation") is pending before the District Court of Guam (the "Court"). In the Litigation, Julie B. Santos and Charmaine R. Torres (the "Plaintiffs") claim
that they and other Guam taxpayers have been denied the right to file claims for earned income tax credit (the "EIC"), and have been denied the right to receive a refund of the EIC. Plaintiffs claim in this case, which are
covered by the Litigation are from 1995 to 2004. The Respondents in the Litigation are the Government of Guam (the "Government"), Governor Felix P. Camacho, Director of Administration, Lourdes
M. Perez, and Director of Revenue & Taxation, Artemio B. Ilagan (collectively "Respondents"). They have filed pleadings denying the claims and asserting various affirmative defenses.
The Court has conditionally ruled that the Litigation may be maintained on behalf of the following Class:
     All persons who do not elect to request exclusion from the class under the procedures described below and: (1) were subject to the Guam Territorial Income Tax ("GTIT")
established in 48 U.S.C. § 1421i for tax years 1995, 1996 and/or 1999-2004 and would have been eligible to file the EIC under procedures in 26 U.S.C. § 32 (as it applied in each
respective tax year) if that program were applied in the Territory of Guam, and filed a timely tax return for the applicable tax year or year(s) in which the credit is sought; and/or
(2) were eligible to receive an EIC credit under certain Guam territorial laws for tax years 1995-1996 and/or 1999-2004 that mirrored the federal EIC law (26 U.S.C. § 32),
including the Guam Earned Income Program (Chapter 42 of 11 G.C.A.), and filed a timely tax return for the applicable tax year or year(s) in which the credit is sought; and/or
(3) actually filed a claim for the EIC with DRT for tax year 1998 under the GTIT or Guam Earned Income Program (Chapter 42 of 11 G.C.A.) on or before April 15, 2002, and
have not yet received full payment for that claim; and/or (4) actually filed a claim for the EIC with DRT for tax year 1997 under the GTIT or Guam Earned Income Program
(Chapter 42 of 11 G.C.A.) on or before April 16, 2001 and have not yet received full payment for that claim.
This definition of persons who fall within or are excluded from the Class is referred to in this Notice as the "Class Definition."

**I. PURPOSE OF THIS NOTICE**
The purpose of this notice is to inform you, as a potential member of the Class, of: (a) the existence of the Litigation; (b) the proposed Class Action Settlement of the Litigation, described below;
and (c) your rights with respect to the proposed Settlement. Those rights include the right to be excluded from the Class and the Settlement. If you are a Class Member and do not request exclusion
in compliance with the procedures and deadline stated below, you will remain in the Class and be bound by the Settlement terms.
Plaintiffs' Counsel has investigated and evaluated the claims asserted in the Litigation and has determined that the proposed Settlement is fair, reasonable, and adequate for the Class as a whole, in
light of the benefits of the Settlement and the disadvantages of continuing the Litigation. The proposed Settlement is a compromise of disputed claims and does not mean that Respondents admit
liability.

**II. SETTLEMENT BENEFITS FOR CLASS MEMBERS**
If the Court approves the Settlement, Respondents will make payments totaling up to $90 million for tax years 1995-96 and 1998-2004 to the Class Members to resolve their EIC claims. Tax year
1997 will be paid separately as stated below. Class Members will not receive interest on their EIC claims (except as to tax year 1997) and are waiving any right to interest on their EIC claims
(except as to tax year 1997). The payments will be divided among Class Members as follows:
**A. Tax Year 1997:** The Government will pay the EIC Class 100% of any remaining amount owed for tax year 1997, together with any interest, on the same terms as it has paid previous tax year
1997 claims.
**B. Tax Year 1998:** The Government will pay the EIC Class not more than $15 million for their EIC claims for tax year 1998. This amount shall be divided proportionally among each claimant
found eligible for the EIC by the Guam Department of Revenue & Taxation ("DRT") based on the value of his or her claim, up to 100%. Remaining amounts, if any, shall be utilized to fund claims
for tax years Tax Years 1995, 1996, 1999, & 2000 as stated below.
**C. Tax Years 1995, 1996, 1999, & 2000:** The Government will pay the EIC Class not more than $15 million for their EIC claims for tax years 1995, 1996, 1999, and 2000 (combined), together
with any remainder from the payment for tax year 1998. This amount shall be divided proportionally among each claimant found eligible for the EIC by DRT based on the value of his or her claim,
up to 100%. Remaining amounts, if any, shall be utilized to fund claims for tax year 2001 as stated below.
**D. Tax Year 2001:** The Government will pay the EIC Class not more than $15 million for their EIC claims for tax year 2001, together with any remainder from the payment for tax years 1995,
1996, 1999, and 2000 (combined). This amount shall be divided proportionally among each claimant found eligible for the EIC by DRT based on the value of his or her claim, up to 100%.
Remaining amounts, if any, shall be utilized to fund claims for tax year 2002 as stated below.
**E. Tax Year 2002:** The Government will pay the EIC Class not more than $15 million for their EIC claims for tax year 2002, together with any remainder from the payment for tax year 2001. This
amount shall be divided proportionally among each claimant found eligible for the EIC by DRT based on the value of his or her claim, up to 100%. Remaining amounts, if any, shall be utilized to
fund claims for tax year 2003 as stated below.
**F. Tax Year 2003:** The Government will pay the EIC Class not more than $15 million for their EIC claims for tax year 2003, together with any remainder from the payment for tax year 2002. This
amount shall be divided proportionally among each claimant found eligible for the EIC by DRT based on the value of his or her claim, up to 100%. Remaining amounts, if any, shall be utilized to
fund claims for tax year 2004 as stated below.
**G. Tax Year 2004:** The Government will pay the EIC Class not more than $15 million for their EIC claims for tax year 2004, together with any remainder from the payment for tax year 2003. This
amount shall be divided proportionally among each claimant found eligible for the EIC by DRT based on the value of his or her claim, up to 100%. Remaining amounts, if any, shall be utilized to
fund tax refunds and the EIC in tax year 2005 and future tax years.
**H. Payment of EIC Claims in Future Tax Years:** If the Settlement is approved by the Court as described below, the Government has agreed to pay the EIC to all qualifying persons in tax years
2005 and future tax years. Persons do not have to be Class Members to receive this benefit.

**III. CLAIMS PROCESS & DEADLINES**
**A. Deadlines for Submitting a Claim (Except as to Tax Year 1997 and 1998).** The deadlines for Class Members to submit EIC claims for tax years 1995, 1996, 1999, 2000, 2001, 2002, 2003,
and 2004 is May 8, 2007. No new claims are being accepted for tax years 1997 and 1998.
**B. Submit a Claim by Filing Form EIC-GU (Except as to Tax Year 1997 and 1998).** To submit a claim as a Class Member, you must submit the Form EIC-GU applicable to each year in which
you wish to make a claim. Claims must be filed with DRT or mailed to DRT on or before the deadline for the applicable tax year stated above. Form EIC-GU can be found at DRT and at other
locations where Guam tax forms ordinarily are available. It also can be viewed and printed on-line at http://www.GovGuamdocs.com.
**C. Tax Return Required For Each Year.** For tax years 1995-2002, you must have already filed a tax return in a year to be eligible to file an EIC claim for that particular year. If you have not
previously submitted a tax return (e.g. a Form 1040, 1040A, or 1040EZ) for tax year 2003 or tax year 2004 and you wish to make an EIC claim for one or both of those years, you must submit a tax
return for the applicable year(s) along with submitting a Form EIC-GU to make a claim. As to tax year 2003, no new tax returns will be accepted after April 16, 2007, even though the time to file an
EIC claim does not expire until May 8, 2007. If you already submitted a tax return for a tax year, you do not need to file a new tax return. However, you can amend the return, if you wish, anytime
within three years of when that return was first due. If more than three years have passed since that return was first due, you will not be able to amend it.
**D. Persons Who Already Filed Form EIC-GU.** If you already submitted a Form EIC-GU for a tax year covered by the Litigation and the proposed Settlement, you do not need to file a new Form
EIC-GU for that year. However, you may file a new Form EIC-GU within the time otherwise provided to file a claim if you wish to amend your previous filing or to correct an incomplete or
defective Form EIC-GU filing. If you have already filed a Form EIC-GU, you will be included within the Class unless you request exclusion under the procedures and deadlines set forth below.
**E. Procedures Governing Tax Year 1997.** To be eligible to receive any payment under the Settlement for tax year 1997, Class Members must have filed a claim for the EIC under the GTIT or the
Guam Earned Income Program for tax year 1997 on or before April 16, 2001. No new or amended tax returns for tax year 1997 will be accepted. If you already filed a tax year 1997 EIC claim as
stated herein, and you have not yet been paid in full for that claim, you will be included within the Class unless you request exclusion under the procedures and deadlines set forth below.
**F. Procedures Governing Tax Year 1998.** To be eligible to receive any payment under the Settlement for tax year 1998, Class Members must have filed a claim for the EIC under the GTIT or the
Guam Earned Income Program for tax year 1998 on or before April 15, 2002. No new or amended tax returns for tax year 1998 will be accepted. If you already filed a tax year 1998 EIC claim as
stated herein, and you have not yet been paid in full for that claim, you will be included within the Class unless you request exclusion under the procedures and deadlines set forth below.
**G. Processing of Claims and Determination of Settlement.** Claims are still subject to an audit, and claims will be denied if found to be invalid under the federal and local laws governing EIC eligibility for each
respective tax year. False or inaccurate EIC claims shall remain subject to applicable penalties permitted by federal or territorial law, including reducing or denying the EIC claim or assessing fines
or other civil or criminal sanctions. If it is found that you intentionally or recklessly submitted a false claim you can be barred from receiving the EIC in future years beginning with tax year 1997
pursuant to 26 U.S.C. § 32(k), a federal statute that applies to all claims for the EIC beginning January 1, 1997.
**H. Application of Offsets.** If a claimant is found eligible for the EIC, Respondents shall retain the right to offset the amount of an EIC claim as provided for GTIT refunds in general by 26 U.S.C.
§ 6402. If your claim is subject to an offset, you will be notified regarding whom the offset amount has been paid to.
**I. Right to Contest Particular Determinations.** With regard to any denial of a particular EIC claim or any assessment of any civil or criminal penalties, you shall maintain the right to challenge
such a determination through all administrative and judicial processes afforded under federal or territorial law to a taxpayer as to any tax refund claim.

**IV. WHEN CLAIMS WILL BE PAID**
**A. Funding (except as to Tax Year 1997).** The Government has agreed to reserve at least fifteen percent (15%) of all amounts it places into the accounts it uses to pay general tax refunds to pay
for the $90 million settlement payment. It is not known exactly how fast money will be reserved. But, the Respondents have already commenced reserving money and Respondents will be
supplying monthly reports to the Court and Plaintiffs' Counsel regarding how much money has been reserved so that the Court can monitor compliance with the Settlement. Further, Respondents
can utilize other funding should it become available to speed payment.
**B. Funding (as to Tax Year 1997).** The Government has agreed to pay remaining EIC claims for tax year 1997 (most such claims having already been paid) from a reserved amount of
$500,000.00 that is currently in the accounts the Government uses to pay general tax refunds. It has further warranted that this amount has been calculated by DRT to be sufficient to pay all
outstanding 1997 claims. In the event that such reserved amount is insufficient to payment all outstanding 1997 claims, the Government shall utilize other funding sources permitted by law to pay
all remaining 1997 claims.
**C. Order of Payments.** As money is reserved, and only after final approval of the settlement and entry of the judgment by the Court, claims will be paid in the following order: (1) claims for tax
years 1997 and 1998 (except as tax year 1997 and 1998 claims have been subject to "early" payment as described below); (2) claims for tax years 1995, 1996, 1999, and 2000 (collectively); (3)
claims for tax year 2001; (4) claims for tax year 2002; (5) claims for tax year 2003; and (6) claims for tax year 2004. Within each tax year, claims will be paid in the order submitted to DRT.
**D. Timely Processing of Claims.** On or before April 2, 2007, DRT will have processed all claims for tax years 1997 and 1998. On or before July 9, 2007, DRT will have processed all claims for
tax years 1995, 1996, 1999, 2000, and 2001. On or before September 5, 2007, DRT will have processed all claims for tax years 2002, 2003, and 2004. After the completion of the periods for
processing claims for each respective tax year, DRT will calculate the total amount of claims it has found to be valid for that respective tax year and calculate the percentage of each claim that shall
be paid (up to 100%). DRT will then certify the claims and percentage amounts that should be paid pursuant to the provisions of the Settlement. DRT does retain the right to make individual
hardship exceptions to the priority of payments based on standard pre-existing DRT policies and procedures. If your claim is denied or selected for an audit, and is later determined in a judicial or
administrative process that your claim was valid and should be paid, you will receive the same proportional payment of the amount found to be validly claimed as is paid to class members for that
same tax year.

Pacific Daily News, Wednesday, March 7, 2007 guampdn.com

E. **"Early" Payment of 1997 and 1998 Claims.** The Court has authorized the Government to pay certain claims prior to final approval of the Settlement on the terms explained below. If you are eligible to receive an "early" payment, you also will receive a separate notice that you should review carefully prior to accepting or depositing the check.
1. Once all claims for 1997 are processed, the Government shall pay the full value of all 1997 tax year claims by issuing a check payable to each eligible Class Member in the amount owed.
2. Once all claims for tax year 1998 are processed, the Government shall pay two-thirds of the $15 million for tax year 1998 (in other words, $10 million) to each eligible Class Members who has a valid claim for tax year 1998. The Government shall do this by issuing a check payable to each eligible Class Member that represents 66 6% of that member's proportional share of the $15 million devoted by the Settlement to tax year 1998. This means that if you are eligible to receive a payment for tax year 1998, you will receive 66.6% of your payment under the terms of the Settlement prior to final approval of the Settlement. The remaining 33-4% will only be paid after final approval of the Settlement.
3. If you receive an "early" payment check and cash or deposit it, you will have released and waived your right to opt-out of the Settlement *if the Court later grants final approval of the Settlement.* If you cash or deposit such a check, but final approval is denied, you will not be bound by the Settlement. In the event final approval is denied, the payment that would operate as a payment (based solely on the dollar value actually paid) of a claim for tax year 1997 and/or 1998, should you later be found to have a valid claim for that tax year. Such payment now is not, and shall not be construed to be, an admission of liability or obligation to pay any present or future claim, except as stated in the Settlement. If you refuse the payment or fail to deposit a check within sixty days of the date stated on the check, you will retain the right to opt-out of the Settlement prior to final approval based upon the procedures set forth herein. If you refuse a payment or fail to deposit your check within sixty days of the date stated on the check, but you do not opt-out of the Settlement under the procedures set forth herein, you will still be entitled to payment of your tax year 1997 and/or 1998 claim (if any) upon final approval of the Settlement.

V. **DISMISSAL OF LITIGATION, ENTRY OF JUDGMENT, RELEASE OF CLAIMS, & COVENANT NOT TO SUE**
A. **Final Judgment.** If the Court approves the proposed settlement, it will enter a judgment that will dismiss the Litigation with prejudice as to all Class Members, except those Class Members who request to be excluded. All people who meet the Class Definition and do not validly and timely request exclusion from the Class will be forever barred from prosecuting their own lawsuits to recover the EIC or obtain related relief regarding the EIC from Respondents for tax years 1995, 1996, 1997, 1998, 1999, 2000, 2001, 2002, 2003, and 2004.
B. **Release of Claims.** Further, upon final approval of the Settlement, each and every member of the EIC Class will expressly and irrevocably release, waive, settle, and discharge all claims (whether legal or equitable), demands, actions (whether judicial or administrative), suits, and causes of action, including without limitation those asserted in the Litigation, against the Government of Guam, the Governor of Guam, the Director of the Department of Revenue & Taxation, the Department of Revenue & Taxation, the Director of the Department of Administration, the Department of Administration, and their employees, officers, agencies, instrumentalities, independent contractors, representatives, attorneys, and agents, whether in their individual or official capacities, with regard to claims for payment of the EIC under federal or Guam territorial law in tax years 1995, 1996, 1997, 1998, 1999, 2000, 2001, 2002, 2003, and 2004, or any refusal to accept or pay such claims or to implement any government programs with regard to such claims. Such release and discharge includes all such claims whether known, unknown, asserted, unasserted, suspected, or unsuspected. With regard to the release of claims, each and every member of the EIC Class expressly waives their rights under 18 G.C.A. § 82602 or principle of common or civil law that is similar to or analogous to 18 G.C.A. § 82602, which provides: "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR."
C. **Covenant Not to Sue.** Also upon final approval of the Settlement, the EIC Class expressly covenants not to sue the Government of Guam, the Governor of Guam, the Director of Revenue & Taxation, the Department of Revenue & Taxation, the Director of the Department of Administration, the Department of Administration, and their employees, officers, agencies, instrumentalities, independent contractors, representatives, attorneys, and agents, whether in their individual or official capacities, with regard to claims for payment of the EIC under federal or Guam territorial law in tax years 1995, 1996, 1997, 1998, 1999, 2000, 2001, 2002, 2003, and 2004, or any refusal to accept or pay such claims or to implement any government programs with regard to such claims
D. **Limitations.** The general release and covenant not to sue stated above shall not be construed to preclude any Class Member from challenging through the administrative and/or judicial procedures that govern ordinary tax refund claims a particular determination as to: (1) the existence and/or value of their particular EIC claim(s) for tax years 1995-2004 by DRT, (2) any amount of off-set or other adjustment made to their EIC claims by DRT (including without limitation by way of audit, penalty, interest program, or off-set). The general release and covenant not to sue stated above exclude any future claim alleging solely a breach of this Settlement Agreement.

VI. **COSTS, EXPENSES, AND ATTORNEYS' FEES**
Respondents have agreed to pay all costs of mailing and publishing this Notice and administering the Settlement. Plaintiffs' counsel has filed a motion asking that if the Court approves the proposed settlement, the Court award ten percent (10%) of the settlement amount of $90 million as attorneys' fees payable to Plaintiffs' counsel. They have also asked that their non-taxable costs incurred in prosecution of this case be paid from the $90 million. The Court will ultimately decide the amount of attorneys' fees and costs. If any, to award. If you are a Class Member, you may submit written comments supporting, objecting, or commenting on the award of attorneys' fees and costs, and ask to be heard by the Court regarding this issue, in compliance with the procedures set forth in Section VIII(B), below.

VII. **RIGHTS AND OPTIONS OF CLASS MEMBERS**
A. **Remain a Class Member.** If you do not request exclusion from the Class, you will remain a Class Member. On July 17, 2004, the Court appointed counsel for Plaintiff Santos, Attorney Michael Phillips, Esq. of the law firm of Phillips & Bordallo, P.C., 410 West O'Brien Drive, Suite 102, Hagåtña, Guam 96910 as Interim Class Counsel. Plaintiff Torres is represented by Ignacio C Aguigui, Esq., Lujan Aguigui & Perez LLP, 300 Pacific News Building, Hagåtña, Guam 96910. Subject to the Court's final appointment of Class Counsel, the Plaintiffs and their counsel will represent your interests in connection with the proposed Settlement. If the Court approves the Settlement and the judgment becomes final, you will be entitled to the benefits described in Section II, above. As a Class Member, you will be bound by any judgment or other disposition of the Litigation, even if you do not submit a claim or take advantage of any of the benefits of the Settlement. Furthermore, you and your heirs, executors, administrators, successors, and assigns will be deemed to have agreed to the terms of the release and covenant not to sue described in Section V above. The procedures for doing so are explained in Section VIII(B) below.
B. **Objections to or Comments on the Settlement.** As a Class Member, you have the right to object to or comment on the proposed Settlement or the motion for attorneys' fees and costs. The procedures for doing so are explained in Section VIII(B) below.
C. **Request Exclusion.** You have the right to request exclusion from the Class. If you request exclusion from the Class, you will not be bound by any judgment or settlement of the Litigation, you will not receive the benefits of the Settlement, and you will not be able to object to or comment in support of the Settlement. If you wish to be excluded from the Class, you must submit a signed, written statement requesting exclusion that either: (1) is filed with the Office of the Clerk of Court, District Court of Guam, 520 West Soledad Avenue, Hagåtña, GU 96910 on or before May 8, 2007 at 3 p.m. or (2) is sent by first class mail to the Office of the Clerk of Court, District Court of Guam, 520 West Soledad Avenue, Hagåtña, GU 96910 bearing a postmark of May 8, 2007 or earlier. Any person requesting exclusion from the class and the Settlement Agreement must request exclusion from the class and the settlement in their entirety, and not just as to particular claim(s) for particular tax year(s). If you submit a request for exclusion that does not comply with these requirements, your request will be deemed invalid, and you will not be excluded from the Class.
D. **Retain Your Own Attorney and Seek Intervention.** You have the right to consult and/or retain an attorney of your choice, at your own expense, to advise you regarding the Settlement and your rights in connection with the Settlement. You also have the right, either personally or through an attorney retained by you, at your own expense, to seek to intervene in the Litigation. Any such motion must be filed no later than May 15, 2007.

VIII. **FAIRNESS HEARING**
A. **Time, Place, and Purpose of Hearing.** A Fairness Hearing will be held on Friday, July 6, 2007 at 10 a.m., before the District Court of Guam, 520 West Soledad Avenue, Hagåtña, GU 96910, to determine: (1) Whether the proposed settlement of the Litigation on the terms set forth in the Settlement Agreement is fair, reasonable, and adequate for the Class as a whole and should be granted final approval; (2) Whether the certification of the Class should be made final; (3) Whether the Court should enter the proposed judgment dismissing the Litigation with prejudice; and (4) Whether the Court should grant the application of Plaintiffs' Counsel for attorneys' fees and reimbursement of expenses, and, if so, in what amount.
B. **Procedures for Objecting to or Commenting in Support of Settlement**
1. **Written Objections or Comments.** If you have not requested exclusion from the Class, you, or an attorney retained by you, may file with the Office of the Clerk of Court, District Court of Guam, 520 West Soledad Avenue, Hagåtña, GU 96910 a statement objecting to or commenting on the settlement and/or the motion for attorneys' fees on or before June 22, 2007. Such statement must also be served upon all counsel in the litigation, who are: (1) Phillips & Bordallo, P.C., 410 West O'Brien Drive, Suite 102, Hagåtña, Guam 96910; (2) Lujan Aguigui & Perez LLP, 300 Pacific News Building, Hagåtña, Guam 96910 (3) Shannon Taitano, Esq., Legal Counsel, Office of the Governor, Ricardo J. Bordallo Governor's Complex, Adelup, P.O. Box 2950, Hagåtña, GU 96932 (4) Calvo & Clark, LLP, 655 South Marine Corps Drive, Suite 202, Tamuning, Guam 96913; and (5) Marianoma Law Office, Suite 601B, GCIC Bldg., 414 W Soledad Ave., Hagåtña, Guam 96910.
2. **Presentation of Objections and Supporting Comments at Fairness Hearing.** You may also attend the Fairness Hearing, either personally or through an attorney retained by you, at your own expense, and ask to be heard by the Court on your comments or objections. If you wish to do so, you must submit your objections or comments in writing in compliance with section VIII(B)(1) above and include in your comments a statement that you intend to appear and wish to attend the Fairness Hearing.

IX. **ADDITIONAL INFORMATION**
A. **Rescission of Previous Settlement.** Previously, Respondents had entered into a $60 million settlement agreement dated June 14, 2004 with Plaintiff Santos and published a notice regarding this settlement, which had received preliminary, but not final, Court approval. This settlement would have covered some, but not all, of the Members of the Class identified herein. As part of the new settlement, Plaintiff Santos and her counsel and Respondents have agreed to rescind the previous settlement, which is no longer in effect. It is possible that Class Members under the new settlement will receive more, less, or be unaffected by the new settlement. If Respondents have failed to reserve at least $15 million for the payment of claims under the Settlement Agreement described in this Notice by the time the Agreement is subject to the Fairness Hearing, Plaintiffs have the right to terminate the Settlement Agreement, which then shall be void and of no effect, and the June 14, 2004 Settlement shall be returned to effect, subject to all previously pending motions.
B. **Notice of Related Pending Litigation.** There is one other case pending in the District Court of Guam that seeks to establish a class action regarding classes of persons similar to, and overlapping with, the Class identified herein. It is entitled *Simpao, et al. vs. Govt. of Guam*, Dist. of Guam Civ. Case No. CV04-00049 (the "Other Litigation"). No class has yet been certified in the Other Litigation and the defendants in those cases oppose class certification. However, it is possible that if a Class Member requests exclusion from this Class, they could later be able to become part of the Other Litigation either by moving to join that Other Litigation or by becoming class members, should that case be certified as a class action. It is not known what the final outcome of the Other Litigation will be. In *Simpao*, the Court has held that the EIC applies to Guam and that filing a tax return establishes jurisdiction over those plaintiffs' claims. It is possible that by moving to join or by becoming part of a class in that case (if a motion for joinder or class certification were granted), a potential Class Member would ultimately receive less, more, or the same relief as they would receive by remaining a Class Member in this Litigation, or would possibly receive no relief at all. Class Members who do not request exclusion under the procedures set forth in Section VII(C) above will be barred forever from being part of the Other Litigation either as class members or by moving to join that case.
C. **Effect of Court Disapproval.** If the Court refuses to grant final class certification or final approval of the Settlement Agreement after the Fairness Hearing, or refuses to enter the final judgment, the Settlement shall be rendered void and of no effect and any class certification shall be vacated.
D. **Questions.** Any questions regarding the Settlement should be directed to Plaintiffs' counsel. Phillips & Bordallo, P.C., 410 West O'Brien Drive, Suite 102, Hagåtña, Guam 96910, or Lujan Aguigui & Perez LLP, 300 Pacific News Building, Hagåtña, Guam 96910. You may also direct questions at mphillips@phillipsbordallo.com or ica@lujanaguiguiperez.com. Please do not submit questions to the Court. Copies of the Settlement Agreement and the pleadings and other documents filed in the Litigation and the Other Litigation are on file at the District Court of Guam, and may be examined and copied during regular office hours at the Office of the Clerk of Court, District Court of Guam, 520 West Soledad Avenue, Hagåtña, GU 96910.

X. **DEADLINES**
Remember:        • If you wish to be excluded from the class, you must submit a written statement requesting exclusion that either (1) is filed with the Office of the Clerk of
Court, District Court of Guam, 520 West Soledad Avenue, Hagåtña, GU 96910, on or before May 8, 2007 at 3:00 p.m.; or (2) is mailed by first class mail
postmarked on or before May 8, 2007 to: Office of the Clerk of Court, District Court of Guam, 520 West Soledad Avenue, Hagåtña, GU 96910.
• If you wish to submit objections or comments, you must file them with the Clerk of Court at the address listed above and serve them on all counsel listed in section
VIII(B)(1) above on or before June 22, 2007.
• If you wish to intervene, you must file and serve a motion on or before May 15, 2007.
• The deadline for filing or mailing by first class mail claims for the EIC under the Settlement to DRT for tax years 1995, 1996, 1999, 2000, 2001, 2002, 2003, and 2004
is May 8, 2007.

# EXHIBIT C

TUESDAY, FEBRUARY 13, 2007 · MARIANAS VARIETY GUAM EDITION

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF GUAM

JULIE BABAUTA SANTOS and CHARMAINE R
TORRES, on behalf of themselves and a class of
others similarly situated,

Petitioners,

v.

FELIX P CAMACHO, etc., et al.

Respondents.

CIVIL CASE NO. 04-00006 and 04-00038

NOTICE OF PENDENCY AND PROPOSED
SETTLEMENT OF CLASS ACTION

TO:     ALL PERSONS WHO CLAIMED OR COULD HAVE CLAIMED AN EARNED INCOME TAX CREDIT
UNDER THE GUAM TERRITORIAL INCOME TAX OR GUAM TERRITORIAL LAW FOR TAX YEARS 1995, 1996,
1999, 2000, 2001, 2002, 2003, OR 2004; AND

ALL PERSONS WHO FILED AN EARNED INCOME TAX CREDIT CLAIM UNDER THE GUAM EARNED
INCOME PROGRAM OR THE GUAM TERRITORIAL INCOME TAX FOR TAX YEAR 1997 AND HAVE YET TO
RECEIVE PAYMENT IN FULL FOR TAX YEAR 1997; AND

ALL PERSONS WHO FILED AN EARNED INCOME TAX CREDIT CLAIM UNDER THE GUAM EARNED
INCOME PROGRAM OR THE GUAM TERRITORIAL INCOME TAX FOR TAX YEAR 1998 AND HAVE YET TO
RECEIVE PAYMENT IN FULL FOR TAX YEAR 1998.

The above-captioned proceeding (the 'Litigation') is pending before the District Court of Guam (the 'Court'). In the Litigation, Julie B. Santos and Charmaine R. Torres (the 'Plaintiffs') claim that they and other Guam taxpayers have been denied the right to file claims for earned income tax credit (the 'EIC') and have been denied the right to receive a refund of the EIC. The tax years covered by the Litigation are from 1995 to 2004. The Respondents in the Litigation are the Government of Guam (the 'Government'), Governor Felix P. Camacho, Director of Administration, Lourdes M. Perez, and Director of Revenue & Taxation, Artemio B. Ilagan (collectively 'Respondents'). They have filed pleadings denying the claims and asserting various affirmative defenses.

The Court has conditionally ruled that the Litigation may be maintained on behalf of the following Class.

All persons who do not elect to request exclusion from the class under the procedures described below and (1) were subject to the Guam Territorial Income Tax ('GTIT') established in 48 U.S.C. § 1421i for tax years 1995-1996 and/or 1999-2004 and would have been eligible to file for the EIC established in 26 U.S.C. § 32 (as it applied in each respective tax year) if that program were applied in the Territory of Guam, and filed a timely tax return for the applicable tax year or year(s) in which the credit is sought; and/or (2) were eligible to receive an EIC credit under certain Guam Territorial laws for tax years 1995-1996 and/or 1999-2004 that mirrored the federal EIC law (26 U.S.C. § 32, including the Guam Earned Income Program (Chapter 42 of 11 G.C.A.) and filed a timely tax return for the applicable tax year or year(s) in which the credit is sought; and/or (3) actually filed a claim for the EIC with DRT for tax year 1998 under the GTIT or Guam Earned Income Program (Chapter 42 of 11 G.C.A.) on or before April 15, 2002 and have not yet received full payment for that claim; and/or (4) actually filed a claim for the EIC with DRT for tax year 1997 under the GTIT or Guam Earned Income Program (Chapter 42 of 11 G.C.A.) on or before April 16, 2001 and have not yet received full payment for that claim.

This definition of persons who fall within or are excluded from the Class is referred to in this Notice as the 'Class Definition.'

### I.     PURPOSE OF THIS NOTICE

The purpose of this notice is to inform you, as a potential member of the Class, of (a) the existence of the Litigation, (b) the proposed Class Action Settlement of the Litigation described below, and (c) your rights with respect to the proposed Settlement. Those rights include the right to be excluded from the Class and the Settlement. If you are a Class Member and do not request exclusion in compliance with the procedures and deadline stated below, you will remain in the Class and be bound by the Settlement terms.

Plaintiffs' Counsel has investigated and evaluated the claims asserted in the Litigation and has determined that the proposed Settlement is fair, reasonable, and adequate for the Class as a whole in light of the benefits of the Settlement and the disadvantages of continuing the Litigation. The proposed Settlement is a compromise of disputed claims and does not mean that Respondents admit liability.

### II.    SETTLEMENT BENEFITS FOR CLASS MEMBERS

If the Court approves the Settlement, Respondents will make payments totaling up to $90 million for tax years 1995-96 and 1998-2004 to the Class Members to resolve their EIC claims. Tax year 1997 will be paid separately as stated below. Class Members will not receive interest on their EIC claims (except as to tax year 1997) and are waiving any right to interest on their EIC claims (except as to tax year 1997). The payment will be divided among Class Members as follows.

**A.     Tax Year 1997:** The Government will pay the EIC Class 100% of any remaining amount owed for tax year 1997 together with any interest, on the same terms as it has paid previous tax year 1997 claims.

**B.     Tax Year 1998:** The Government will pay the EIC Class not more than $15 million for their EIC claims for tax year 1998. This amount shall be divided proportionally among each claimant found eligible for the EIC by the Guam Department of Revenue & Taxation ('DRT') based on the value of his or her claim up to 100%. Remaining amounts, if any, shall be utilized to fund claims for tax years 1995, 1996, 1999, & 2000 as stated below.

**C.     Tax Years 1995, 1996, 1999, & 2000:** The Government will pay the EIC Class not more than $15 million for their EIC claims for tax years 1995, 1996, 1999, and 2000 (combined), together with any remainder from the payment for tax year 1998. This amount shall be divided proportionally among each claimant found eligible for the EIC by DRT based on the value of his or her claim up to 100%. Remaining amounts, if any, shall be utilized to fund claims for tax year 2001 as stated below.

**D.     Tax Year 2001:** The Government will pay the EIC Class not more than $15 million for their EIC claims for tax year 2001 together with any remainder from the payment for tax years 1995, 1996, 1999, and 2000 (combined). This amount shall be divided proportionally among each claimant found eligible for the EIC by DRT based on the value of his or her claim, up to 100%. Remaining amounts, if any, shall be utilized to fund claims for tax year 2002 as stated below.

**E.     Tax Year 2002:** The Government will pay the EIC Class not more than $15 million for their EIC claims for tax year 2002 together with any remainder from the payment for tax year 2001. This amount shall be divided proportionally among each claimant found eligible for the EIC by DRT based on the value of his or her claim, up to 100%. Remaining amounts, if any, shall be utilized to fund claims for tax year 2003 as stated below.

**F.     Tax Year 2003:** The Government will pay the EIC Class not more than $15 million for their EIC claims for tax year 2003, together with any remainder from the payment for tax year 2002. This amount shall be divided proportionally among each claimant found eligible for the EIC by DRT based on the value of his or her claim, up to 100%. Remaining amounts, if any, shall be utilized to fund claims for tax year 2004 as stated below.

**G.     Tax Year 2004:** The Government will pay the EIC Class not more than $15 million for their EIC claims for tax year 2004, together with any remainder from the payment for tax year 2003. This amount shall be divided proportionally among each claimant found eligible for the EIC by DRT based on the value of his or her claim, up to 100%. Remaining amounts, if any, shall be utilized to fund tax refunds and the EIC in tax year 2005 and future tax years.

**H.     Payment of EIC Claims in Future Tax Years:** If the Settlement is approved by the Court as described below, the Government has agreed to pay the EIC to all qualifying persons in tax year 2005 and future tax years. Persons do not have to be Class Members to receive this benefit.

### III.   CLAIMS PROCESS & DEADLINES

**A.     Deadlines for Submitting a Claim (Except as to Tax Year 1997 and 1998).** The deadlines for Class Members to submit EIC claims for tax years 1995, 1996, 1999, 2000, 2001, 2002, 2003 and 2004 is May 8, 2007. No new claims are being accepted for tax years 1997 and 1998.

**B.     Submit a Claim by Filing Form EIC-GU (Except as to Tax Year 1997 and 1998).** To submit a claim as a Class Member, you must submit the Form EIC-GU applicable to each year in which you wish to make a claim. Claims must be filed with DRT or mailed to DRT on or before the deadline for the applicable tax year stated above. Form EIC-GU can be found at DRT and at other locations where Guam tax forms ordinarily are available. It also can be viewed and printed on-line at http://www.GovGuamdocs.com

**C.     Tax Return Required For Each Year.** For tax years 1995-2002, you must have already filed a tax return in a year to be eligible to file an EIC claim for that particular year. If you have not previously submitted a tax return (e.g. a Form 1040, 1040A, or 1040EZ) for tax year 2003 or tax year 2004 and you wish to make an EIC claim for one or both of those years, you must submit a tax return for the applicable year(s) along with submitting a Form EIC-GU to make a claim. As to tax year 2003, no new tax returns will be accepted after April 16, 2007, even though the time to file an EIC claim does not expire until May 8, 2007. If you already submitted a tax return for a tax year, you do not need to file a new tax return. However, you can amend the return, if you wish, anytime within three years of when that return was first due. If more than three years have passed since that return was first due, you will not be able to amend it.

**D.     Persons Who Already Filed Form EIC-GU.** If you already submitted a Form EIC-GU for a tax year covered by the Litigation and the proposed Settlement, you do not need to file a new Form EIC-GU for that tax year. However, you may file a new Form EIC-GU within the time otherwise provided to file a claim if you wish to amend your previous filing or to correct an incomplete or defective Form EIC-GU filing. If you have already filed a Form EIC-GU, you will be included within the Class unless you request exclusion under the procedures and deadlines set forth below.

**E.     Procedures Governing Tax Year 1997.** To be eligible to receive any payment under the Settlement for tax year 1997, Class Members must have filed a claim for the EIC under the GTIT or the Guam Earned Income Program for tax year 1997 on or before April 16, 2001. No new or amended tax returns for tax year 1997 will be accepted. If you already filed a tax year 1997 EIC claim as stated herein, and you have not yet been paid in full for that claim, you will be included within the Class unless you request exclusion under the procedures and deadlines set forth below.

**F.     Procedures Governing Tax Year 1998.** To be eligible to receive any payment under the Settlement for tax year 1998, Class Members must have filed a claim for the EIC under the GTIT or the Guam Earned Income Program for tax year 1998 on or before April 15, 2002. No new or amended tax returns for tax year 1998 will be accepted. If you already filed a tax year 1998 EIC claim as stated herein, and you have not yet been paid in full for that claim, you will be included within the Class unless you request exclusion under the procedures and deadlines set forth below.

**G.     Processing of Claims and Governing Laws.** Once submitted, all EIC claims will be processed by the DRT, which shall apply all laws that ordinarily apply to tax refund claims except as otherwise provided in the Settlement. Claims are still subject to an audit and claims will be denied if found to be invalid under the federal and local laws governing EIC eligibility for each respective tax year. False or inaccurate EIC claims shall remain subject to applicable penalties permitted by federal or territorial law, including reducing or denying an EIC claim or assessing fines or other civil or criminal sanctions. If it is found that you intentionally or recklessly submitted a false claim you can be barred from receiving the EIC in future years beginning with tax year 1997 pursuant to 26 U.S.C. § 32(k), a federal statute that applies to all claims for the EIC beginning January 1, 1997.

**H.     Application of Offsets.** If a claimant is found eligible for the EIC, Respondents shall retain the right to offset the amount of an EIC claim as provided for GTIT refunds in general by 26 U.S.C. § 6402. If your claim is subject to an offset, you will be notified regarding whom the offset amount has been paid to.

**I.     Right to Contest Particular Determinations.** With respect to any denial of a particular EIC claim or any assessment of any civil or criminal penalties, you shall maintain the right to challenge such a determination through all administrative and judicial processes afforded under federal or territorial law to a taxpayer as to any tax refund claim.

### IV.    WHEN CLAIMS WILL BE PAID

**A.     Funding (except as to Tax Year 1997).** The Government has agreed to reserve at least fifteen percent (15%) of all amounts it places into the accounts it uses to pay general tax refunds to pay for the $90 million settlement payment. It is not known exactly how fast money will be reserved. But, the Respondents have already commenced reserving money and Respondents will be supplying monthly reports to the Court and Plaintiffs' Counsel regarding how much money has been reserved so that the Court can monitor compliance with the Settlement. Further, Respondents can utilize other funding should it become available for general tax payment.

**B.     Funding (as to Tax Year 1997).** The Government has agreed to pay remaining EIC claims for tax year 1997 (most such claims having already been paid) from a reserved amount of $500,000.00 that is currently in the accounts the Government uses to pay general tax refunds. It has further warranted that this amount has been calculated by DRT to be sufficient to pay all outstanding 1997 claims. In the event that such reserved amount is insufficient to payment all outstanding 1997 claims the Government shall utilize other funding sources permitted by law to pay all remaining 1997 claims.

**C.     Order of Payments.** As money is reserved, and only after final approval of the settlement and entry of the judgment by the Court, claims will be paid in the following order. (1) claims for tax years 1997 and 1998 (except as tax year 1997 and 1998 claims have been subject to 'early' payment as described below); (2) claims for tax years 1995, 1996, 1999 and 2000 (collectively); (3) claims for tax year 2001; (4) claims for tax year 2002; (5) claims for tax year 2003; and (6) claims for tax year 2004. Within each tax year, claims will be paid in the order submitted to DRT

**D.   Timely Processing of Claims.** On or before April 2, 2007, DRT will have processed all claims for tax years 1997 and 1998. On or before July 9, 2007, DRT will have processed all claims for tax years 1995, 1996, 1999, 2000, and 2001. On or before September 5, 2007, DRT will have processed all claims for tax years 2002, 2003, and 2004. After the completion of the periods for processing claims for each respective tax year, DRT will calculate the total amount of claims it has found to be valid for that respective tax year and calculate the percentage of each claim that shall be paid (up to 100%). DRT will then certify the claims and percentage amounts that should be paid pursuant to the provisions of the Settlement. DRT does retain the right to make individual hardship exceptions to the priority of payments based on standard pre-existing DRT policies and procedures. If your claim is denied or selected for an audit, and it is later determined in a judicial or administrative process that your claim was valid and should be paid, you will receive the same proportional payment of the amount found to be validly claimed as is paid to class members for that same tax year.

**E.   "Early" Payment of 1997 and 1998 Claims.** The Court has authorized the Government to pay certain claims prior to final approval of the Settlement on the terms explained below. If you are eligible to receive an "early" payment, you also will receive a separate notice that you should review carefully prior to accepting or depositing the check.

1      Once all claims for 1997 are processed, the Government shall pay the full value of all 1997 tax year claims by issuing a check payable to each eligible Class Member in the amount owed.

2      Once all claims for tax year 1998 are processed, the Government shall pay two-thirds of the $15 million for tax year 1998 (in other words, $10 million) to each eligible Class Members who has a valid claim for tax year 1998. The Government shall do this by issuing a check payable to each eligible Class Member that represents 66.6% of that member's proportional share of the $15 million devoted by the Settlement to tax year 1998. This means that if you are eligible to receive a payment for tax year 1998, you will receive 66.6% of your payment under the terms of the Settlement prior to final approval of the Settlement. The remaining 33.4% will only be paid after final approval of the Settlement.

3      If you receive an "early" payment check and cash or deposit it, you will have released and waived your right to opt out of the Settlement if the Court later grants final approval of the Settlement. If you cash or deposit such a check, but final approval is denied, you will not be bound by the Settlement. In the event final approval is denied, the payment shall operate as a payment (based solely on the dollar value actually paid) of a claim for tax year 1997 and/or 1998 should you later be found to have a valid claim for that tax year. Such payment now is not, and shall not be construed to be, an admission of liability or obligation to pay any present or future claim, except as stated in the Settlement. If you refuse the payment or fail to deposit a check within sixty days of the date stated on the check, you will retain the right to opt-out of the Settlement prior to final approval based upon the procedures set forth herein. If you refuse a payment or fail to deposit your check within sixty days of the date stated on the check, but you do not opt-out of the Settlement under the procedures set forth herein, you will still be entitled to payment of your tax year 1997 and/or 1998 claim (if any) upon final approval of the Settlement.

**V.   DISMISSAL OF LITIGATION, ENTRY OF JUDGMENT, RELEASE OF CLAIMS, & COVENANT NOT TO SUE**

**A.   Final Judgment.** If the Court approves the proposed settlement, it will enter a judgment that will dismiss the Litigation with prejudice as to all Class Members, except those Class Members who request to be excluded. All people who meet the Class Definition and do not validly and timely request exclusion from the Class will be forever barred from prosecuting their own lawsuits to recover the EIC or obtain related relief regarding the EIC from Respondents for tax years 1995, 1996, 1997, 1998, 1999, 2000, 2001, 2002, 2003, and 2004.

**B.   Release of Claims.** Further, upon final approval of the Settlement, each and every member of the EIC Class will expressly and irrevocably release, waive, settle, and discharge all claims (whether legal or equitable), demands, actions (whether judicial or administrative), suits, and causes of action, including without limitation those asserted in the Litigation, against the Government of Guam, the Governor of Guam, the Director of the Department of Revenue & Taxation, the Department of Revenue & Taxation, the Director of the Department of Administration, the Department of Administration, and their employees, officers, agencies, instrumentalities, independent contractors, representatives, attorneys, and agents, whether in their individual or official capacities, with regard to claims for payment of the EIC under federal or Guam territorial law in tax years 1995, 1996, 1997, 1998, 1999, 2000, 2001, 2002, 2003, and 2004, or any refusal to accept or pay such claims or to implement any government programs with regard to such claims. Such release and discharge includes all such claims whether known, unknown, asserted, unasserted, suspected, or unsuspected. With regard to the release of claims, each and every member of the EIC Class expressly waives their rights under 18 G.C.A. § 82602 or principle of common or civil law that is similar to or analogous to 18 G.C.A. § 82602, which provides: "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR."

**C.   Covenant Not to Sue.** Also upon final approval of the Settlement, the EIC Class separately covenants not to sue the Government of Guam, the Governor of Guam, the Director of Revenue & Taxation, the Department of Revenue & Taxation, the Director of the Department of Administration, the Department of Administration, and their employees, officers, agencies, instrumentalities, independent contractors, representatives, attorneys, and agents, whether in their individual or official capacities, with regard to claims for payment of the EIC under federal or Guam territorial law in tax years 1995, 1996, 1997, 1998, 1999, 2000, 2001, 2002, 2003, and 2004, or any refusal to accept or pay such claims or to implement any government programs with regard to such claims.

**D.   Limitations.** The general release and covenant not to sue stated above shall not be construed to preclude any Class Member from challenging through the administrative and/or judicial procedures that govern ordinary tax refund claims a particular determination as to: (1) the existence and/or value of their particular EIC claim(s) for tax years 1995-2004 by DRT, (2) any amount of off-set or other adjustment made to their EIC claims by DRT (including without limitation by way of audit, penalty, intercept program, or off-set). The general release and covenant not to sue stated above exclude any future claims alleging solely a breach of this Settlement Agreement.

**VI.   COSTS, EXPENSES, AND ATTORNEYS' FEES**

Respondents have agreed to pay all costs of making and publishing this Notice and administering the Settlement. Plaintiffs' counsel has filed a motion asking that if the Court approves the proposed settlement, the Court award ten percent (10%) of the settlement amount of $90 million as attorneys' fees payable to Plaintiffs' counsel. They have also asked that their non-taxable costs incurred in prosecution of this case be paid from the $90 million. The Court will ultimately decide the amount of attorneys' fees and costs, if any, to award. If you are a Class Member, you may submit written comments supporting, objecting, or commenting on the award of attorneys' fees and costs, and ask to be heard by the Court regarding this issue, in compliance with the procedures set forth in Section VIII(B), below

**VII.   RIGHTS AND OPTIONS OF CLASS MEMBERS**

**A.   Remain a Class Member.** If you do not request exclusion from the Class, you will remain a Class Member. On July 17, 2004, the Court appointed counsel for Plaintiff Santos, Attorney Michael Phillips, Esq. of the law firm of Phillips & Bordallo, P.C., 410 West O'Brien Drive, Suite 102, Hagatña, Guam 96910 as interim Class Counsel. Plaintiff Torres is represented by Ignacio C. Aguigui, Esq., Lujan Aguigui & Perez LLP, 300 Pacific News Building, Hagatña, Guam 96910. Subject to the Court's final appointment of Class Counsel, the Plaintiffs and their counsel will represent your interests in connection with the proposed Settlement. If the Court approves the Settlement and the judgment becomes final, you will be entitled to the benefits described in Section II, above. As a Class Member, you will be bound by any judgment or other disposition of the Litigation, even if you do not submit a claim or take advantage of any of the benefits of the Settlement. Furthermore, you and your heirs, executors, administrators, successors, and assigns will be deemed to have agreed to the terms of the release and covenant not to sue described in Section V above

**B.   Objections to or Comments on the Settlement.** As a Class Member, you have the right to object to or comment on the proposed Settlement or the motion for attorneys' fees and costs. The procedures for doing so are explained in Section VIII(B) below

**C.   Request Exclusion.** You have the right to request exclusion from the Class. If you request exclusion from the Class, you will not be bound by any judgment or settlement of the Litigation; you will not receive the benefits of the Settlement; and you will not be able to object to or comment in support of the Settlement. If you wish to be excluded from the Class, you must submit a signed, written statement requesting exclusion that either: (1) is filed with the Office of the Clerk of Court, District Court of Guam, 520 West Soledad Avenue, Hagatña, GU 96910 on or before May 8, 2007 at 3 p.m.; or (2) is sent by first class mail to the Office of the Clerk of Court, District Court of Guam, 520 West Soledad Avenue, Hagatña, GU 96910 bearing a postmark of May 8, 2007 or earlier. Any person requesting exclusion from the class and the Settlement Agreement must request exclusion from the class and the settlement in their entirety and not just as to particular claim(s) for particular tax year(s). If you submit a request for exclusion that does not comply with these requirements, your request will be deemed invalid, and you will not be excluded from the Class

**D.   Retain Your Own Attorney and Seek Intervention.** You have the right to consult and/or retain an attorney of your choice, at your own expense, to advise you regarding the Settlement and your rights in connection with the Settlement. You also have the right, either personally or through an attorney retained by you, at your own expense, to seek to intervene in the Litigation. Any such motion must be filed no later than May 15, 2007.

**VIII.   FAIRNESS HEARING**

**A.   Time, Place, and Purpose of Hearing.** A Fairness Hearing will be held on Friday, July 6, 2007 at 10 a.m. before the District Court of Guam, 520 West Soledad Avenue, Hagatña, GU 96910, to determine: (1) Whether the proposed settlement of the Litigation on the terms set forth in the Settlement Agreement is fair, reasonable, and adequate for the Class as a whole and should be granted final approval; (2) Whether the certification of the Class should be made final; (3) Whether the Court should enter the proposed judgment dismissing the Litigation with prejudice; and (4) Whether the Court should grant the application of Plaintiffs' Counsel for attorneys' fees and reimbursement of expenses and, if so, in what amount.

**B.   Procedures for Objecting to or Commenting in Support of Settlement**

1.     **Written Objections or Comments.** If you have not requested exclusion from the Class, you or an attorney retained by you may file with the Office of the Clerk of Court, District Court of Guam, 520 West Soledad Avenue, Hagatña, GU 96910 a statement objecting to or commenting on the settlement and/or the motion for attorneys' fees on or before June 22, 2007. Such statement must also be served upon all counsel in the litigation who are: (1) Phillips & Bordallo, P.C. 410 West O'Brien Drive, Suite 102, Hagatña, Guam 96910; (2) Lujan Aguigui & Perez LLP, 300 Pacific News Building, Hagatña, Guam 96910; (3) Shannon Taitano, Esq., Legal Counsel, Office of the Governor, Ricardo J. Bordallo Governor's Complex, Adelup, P.O. Box 2950, Hagatña, GU 96932; (4) Calvo & Clark, LLP, 655 South Marine Corps Drive, Suite 202, Tamuning, Guam 96913; and (5) Mantanona Law Office, Suite 601B, GCIC Bldg., 414 W Soledad Ave., Hagatña, Guam 96910

2.     **Presentation of Objections and Supporting Comments at Fairness Hearing.** You may also attend the Fairness Hearing, either personally or through an attorney retained by you, at your own expense, and ask to be heard by the Court on your comments or objections. If you wish to do so, you must submit your objections or comments in writing in compliance with section VIII(B)(1) above and include in your comments a statement that you intend to appear and wish to attend the Fairness Hearing.

**IX.   ADDITIONAL INFORMATION**

**A.   Rescission of Previous Settlement.** Previously, Respondents had entered into a $60 million settlement agreement dated June 14, 2004 with Plaintiff Santos and published a notice regarding this settlement which had received preliminary but not final Court approval. This settlement would have covered some, but not all, of the Members of the Class identified herein. As part of the new settlement, Plaintiff Santos and her counsel and Respondents have agreed to rescind the previous settlement, which is no longer in effect. It is possible that Class Members under the new settlement will receive more, less, or be unaffected by the new settlement. If Respondents have failed to receive at least $15 million for the payment of claims under the Settlement Agreement described in this Notice by the time the Agreement is subject to the Fairness Hearing, Plaintiffs have the right to terminate the Settlement Agreement, which then shall be void and of no effect, and the June 14, 2004 Settlement shall be returned to effect, subject to all previously pending motions.

**B.   Notice of Related Pending Litigation.** There is one other case pending in the District Court of Guam that seeks to establish a class action regarding classes of persons similar to, and overlapping with, the Class identified herein. It is entitled Simpson et al vs. Govt. of Guam Dist. of Guam Civ. Case No. CV04-00049 (the "Other Litigation"). No class has yet been certified in the Other Litigation and the defendants in those cases oppose class certification. However, it is possible that if a Class Member requests exclusion from this Class, they could later be able to become part of the Other Litigation either by moving to join that Other Litigation or by becoming class members should that case be certified as a class action. It is not known what the final outcome of the Other Litigation will be. In Simpson, the Court has held that the EIC applies to Guam and that filing a tax return establishes jurisdiction over those plaintiffs' claims. It is possible that by moving to join or by becoming part of a class in that case (if a motion for joinder or class certification were granted), a potential Class Member would ultimately receive less, more, or the same relief as they would receive by remaining a Class Member in this Litigation, or would possibly receive no relief at all. Class Members who do not request exclusion under the procedures set forth in Section VII(C) above will be barred forever from being part of the Other Litigation either as class members or by moving to join that case.

**C.   Effect of Court Disapproval.** If the Court refuses to grant final class certification or final approval of the Settlement Agreement after the Fairness Hearing, or refuses to enter the final judgment, the Settlement shall be rendered void and of no effect and any class certification shall be vacated

**D.   Questions.** Any questions regarding the Settlement should be directed to Plaintiffs' counsel Phillips & Bordallo, P.C., 410 West O'Brien Drive, Suite 102, Hagatña, Guam 96910, or Lujan Aguigui & Perez LLP, 300 Pacific News Building, Hagatña, Guam 96910.   You also can contact Plaintiffs' Counsel by email at mphilips@philipsbordallo.com or ica@lujanaguiguiperez.com. Please do not submit questions to the Court. Copies of the Settlement Agreement and the pleadings and other documents filed in the Litigation and the Other Litigation are on file at the District Court of Guam, and may be examined and copied during regular office hours at the Office of the Clerk of Court, District Court of Guam, 520 West Soledad Avenue, Hagatña, GU 96910

**X.   DEADLINES**

**Remember:**

- **If you wish to be excluded from the class, you must submit a written statement requesting exclusion that either (1) is filed with the Office of the Clerk of Court, District Court of Guam, 520 West Soledad Avenue, Hagatña, GU 96910, on or before May 8, 2007 at 3:00 p.m.; or (2) is mailed by first class mail postmarked on or before May 8, 2007 to: Office of the Clerk of Court, District Court of Guam, 520 West Soledad Avenue, Hagatña, GU 96910.**
- **If you wish to submit objections or comments, you must file them with the Clerk of Court at the address listed above and serve them on all counsel listed in section VIII(B)(1) above on or before June 22, 2007.**
- **If you wish to intervene, you must file and serve a motion on or before May 15, 2007.**
- **The deadline for filing or mailing by first class mail claims for the EIC under the Settlement to DRT for tax years 1995, 1996, 1999, 2000, 2001, 2002, 2003, and 2004 is May 8, 2007.**

Dated  January 29, 2007

BY ORDER OF THE
DISTRICT COURT OF GUAM

**14**

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF GUAM

JULIE BABAUTA SANTOS and CHARMAINE R.
TORRES, on behalf of themselves and a class of
others similarly situated,

    Petitioners,

v.

FELIX P. CAMACHO, etc., et. al.

    Respondents.

CIVIL CASE NO. 04-00006 and 04-00038

NOTICE OF PENDENCY AND PROPOSED
SETTLEMENT OF CLASS ACTION

TO:    ALL PERSONS WHO CLAIMED OR COULD HAVE CLAIMED AN EARNED INCOME TAX CREDIT UNDER THE GUAM TERRITORIAL INCOME TAX OR GUAM TERRITORIAL LAW FOR TAX YEARS 1995, 1996, 1999, 2000, 2001, 2002, 2003, OR 2004; AND

    ALL PERSONS WHO FILED AN EARNED INCOME TAX CREDIT CLAIM UNDER THE GUAM EARNED INCOME PROGRAM OR THE GUAM TERRITORIAL INCOME TAX FOR TAX YEAR 1997 AND HAVE YET TO RECEIVE PAYMENT IN FULL FOR TAX YEAR 1997; AND

    ALL PERSONS WHO FILED AN EARNED INCOME TAX CREDIT CLAIM UNDER THE GUAM EARNED INCOME PROGRAM OR THE GUAM TERRITORIAL INCOME TAX FOR TAX YEAR 1998 AND HAVE YET TO RECEIVE PAYMENT IN FULL FOR TAX YEAR 1998.

The above-captioned proceeding (the "Litigation") is pending before the District Court of Guam (the "Court"). In the Litigation Julie B. Santos and Charmaine R. Torres (the "Plaintiffs") claim that they and other Guam taxpayers have been denied the right to file claims for earned income tax credit (the "EIC") and have been denied the right to receive a refund of the EIC. The tax years covered by the Litigation are 1995 to 2004. The Respondents in the Litigation are the Government of Guam (the "Government") Governor Felix P. Camacho, Director of Administration, Lourdes M. Perez, and Director of Revenue & Taxation, Artemio B. Ilagan (collectively "Respondents"). They have filed pleadings denying the claims and asserting various affirmative defenses.

The Court has conditionally ruled that the Litigation may be maintained on behalf of the following Class:

All persons who do not elect to request exclusion from the class under the procedures described below and (1) were subject to the Guam Territorial Income Tax (GTIT) established in 48 U.S.C. § 1421i for tax years 1995-1996 and/or 1999-2004 and would have been eligible to file for the EIC established in 26 U.S.C. § 32 (as it applied in each respective tax year) if that program were applied in the Territory of Guam; and filed a timely tax return for the applicable tax year or year(s) in which the credit is sought; and/or (2) were eligible to receive an EIC credit under certain Guam territorial laws for tax years 1995-1996 and/or 1999-2004 that mirrored the federal EIC law (26 U.S.C. § 32), including the Guam Earned Income Program (Chapter 42 of 11 G.C.A.) and filed a timely tax return for the applicable tax year or year(s) in which the credit is sought; and/or (3) actually filed a claim for the EIC with DRT for tax year 1998 under the GTIT or Guam Earned Income Program (Chapter 42 of 11 G.C.A.) on or before April 15, 2002; and have not yet received full payment for that claim; and/or (4) actually filed a claim for the EIC with DRT for tax year 1997 under the GTIT or Guam Earned Income Program (Chapter 42 of 11 G.C.A.) on or before April 16, 2001 and have not yet received full payment for that claim.

This definition of persons who fall within or are excluded from the Class is referred to in this Notice as the "Class Definition."

### I.  PURPOSE OF THIS NOTICE

The purpose of this notice is to inform you, as a potential member of the Class, of: (a) the existence of the Litigation; (b) the proposed Class Action Settlement of the Litigation described below; and (c) your rights with respect to the proposed Settlement. Those rights include the right to be excluded from the Class and the Settlement. If you are a Class Member and do not request exclusion in compliance with the procedures and deadline stated below you will remain in the Class and be bound by the Settlement terms.

Plaintiffs' Counsel has investigated and evaluated the claims asserted in the Litigation and has determined that the proposed Settlement is fair, reasonable, and adequate for the Class as a whole, in light of the benefits of the Settlement and the disadvantages of continuing the Litigation. The proposed Settlement is a compromise of disputed claims and does not mean that Respondents admit liability.

### II.  SETTLEMENT BENEFITS FOR CLASS MEMBERS

If the Court approves the Settlement, Respondents will make payments totaling up to $90 million for tax years 1995-96 and 1998-2004 to the Class Members to resolve their EIC claims. Tax year 1997 will be paid separately as stated below. Class Members will not receive interest on their EIC claims (except as to tax year 1997) and are waiving any right to interest on their EIC claims (except as to tax year 1997). The payment will be divided among Class Members as follows:

**A.  Tax Year 1997:** The Government will pay the EIC Class 100% of any remaining amount owed for tax year 1997, together with any interest, on the same terms as it has paid previous tax year 1997 claims.

**B.  Tax Year 1998:** The Government will pay the EIC Class not more than $15 million for tax year 1998. This amount shall be divided proportionally among each claimant found eligible for the EIC by the Guam Department of Revenue & Taxation ("DRT") based on the value of his or her claim up to 100%. Remaining amounts, if any, shall be utilized to fund claims for tax years Tax Years 1995, 1996, 1999, & 2000 as stated below.

**C.  Tax Years 1995, 1996, 1999, & 2000:** The Government will pay the EIC Class not more than $15 million for their EIC claims for tax years 1995, 1996, 1999, and 2000 (combined), together with any remainder from the payment for tax year 1998. This amount shall be divided proportionally among each claimant found eligible for the EIC by DRT based on the value of his or her claim, up to 100%. Remaining amounts, if any, shall be utilized to fund claims for tax year 2001 as stated below.

**D.  Tax Year 2001:** The Government will pay the EIC Class not more than $15 million for their EIC claims for tax year 2001, together with any remainder from the payment for tax years 1995, 1996, 1999, and 2000 (combined). This amount shall be divided proportionally among each claimant found eligible for the EIC by DRT based on the value of his or her claim, up to 100%. Remaining amounts, if any, shall be utilized to fund claims for tax year 2002 as stated below.

**E.  Tax Year 2002:** The Government will pay the EIC Class not more than $15 million for their EIC claims for tax year 2002, together with any remainder from the payment for tax year 2001. This amount shall be divided proportionally among each claimant found eligible for the EIC by DRT based on the value of his or her claim, up to 100%. Remaining amounts, if any, shall be utilized to fund claims for tax year 2003 as stated below.

**F.  Tax Year 2003:** The Government will pay the EIC Class not more than $15 million for their EIC claims for tax year 2003, together with any remainder from the payment for tax year 2002. This amount shall be divided proportionally among each claimant found eligible for the EIC by DRT based on the value of his or her claim, up to 100%. Remaining amounts, if any, shall be utilized to fund claims for tax year 2004 as stated below.

**G.  Tax Year 2004:** The Government will pay the EIC Class not more than $15 million for their EIC claims for tax year 2004, together with any remainder from the payment for tax year 2003. This amount shall be divided proportionally among each claimant found eligible for the EIC by DRT based on the value of his or her claim, up to 100%. Remaining amounts, if any, shall be utilized to fund tax refunds and the EIC in tax year 2005 and future tax years.

**H.  Payment of EIC Claims in Future Tax Years:** If the Settlement is approved by the Court as described below, the Government has agreed to pay the EIC to all qualifying persons in tax year 2005 and future tax years. Persons do not have to be Class Members to receive this benefit.

### III.  CLAIMS PROCESS & DEADLINES

**A.  Deadlines for Submitting a Claim (Except as to Tax Year 1997 and 1998).** The deadlines for Class Members to submit EIC claims for tax years 1995, 1996, 1999, 2000, 2001, 2002, 2003 and 2004 is May 8, 2007. No new claims are being accepted for tax years 1997 and 1998.

**B.  Submit a Claim by Filing Form EIC-GU (Except as to Tax Year 1997 and 1998).** To submit a claim as a Class Member, you must submit the Form EIC-GU applicable to each year in which you wish to make a claim. Claims must be filed with DRT or mailed to DRT on or before the deadline for the applicable tax year stated above. Form EIC-GU can be found at DRT and at other locations where Guam tax forms ordinarily are available. It also can be viewed and printed on-line at http://www.GovGuamdocs.com.

**C.  Tax Return Required For Each Year.** For tax years 1995-2002, you must have already filed a tax return in a year to be eligible to file an EIC claim for that particular year. If you have not previously submitted a tax return (e.g. a Form 1040, 1040A, or 1040EZ) for tax year 2003 or tax year 2004 and you wish to make an EIC claim for one or both of those years, you must submit a tax return for the applicable year(s) along with submitting a Form EIC-GU to make a claim. As to tax year 2003, no new tax returns will be accepted after April 16, 2007, even though the time to file an EIC claim does not expire until May 8, 2007. If you already submitted a tax return for a tax year, you do not need to file a new tax return. However, you can amend the return, if you wish, anytime within three years of when that return was first due. If more than three years have passed since that return was first due, you will not be able to amend it.

**D.  Persons Who Already Filed Form EIC-GU.** If you already submitted a Form EIC-GU for a tax year covered by the Litigation and the proposed Settlement, you do not need to file a new Form EIC-GU for that tax year. However, you may file a new Form EIC-GU within the time otherwise provided to file a claim if you wish to amend your previous filing or to correct an incomplete or defective Form EIC-GU filing. If you have already filed a Form EIC-GU, you will be included within the Class unless you request exclusion under the procedures and deadlines set forth below.

**E.  Procedures Governing Tax Year 1997.** To be eligible to receive any payment under the Settlement for tax year 1997, Class Members must have filed a claim for the EIC under the GTIT or the Guam Earned Income Program for tax year 1997 on or before April 16, 2001. No new or amended tax returns for tax year 1997 will be accepted. If you already filed a tax year 1997 EIC claim as stated herein, and you have not yet been paid in full for that claim, you will be included within the Class unless you request exclusion under the procedures and deadlines set forth below.

**F.  Procedures Governing Tax Year 1998.** To be eligible to receive any payment under the Settlement for tax year 1998, Class Members must have filed a claim for the EIC under the GTIT or the Guam Earned Income Program for tax year 1998 on or before April 15, 2002. No new or amended tax returns for tax year 1998 will be accepted. If you already filed a tax year 1998 EIC claim as stated herein, and you have not yet been paid in full for that claim, you will be included within the Class unless you request exclusion under the procedures and deadlines set forth below.

**G.  Processing of Claims and Governing Laws.** Once submitted, all EIC claims will be processed by the DRT, which shall apply all laws that ordinarily apply to tax refund claims except as otherwise provided in the Settlement. Claims are still subject to an audit and claims will be denied if found to be invalid under the federal and local laws governing EIC eligibility for each respective tax year. False or inaccurate EIC claims shall remain subject to applicable penalties permitted by federal or territorial law, including reducing or denying an EIC claim or assessing fines or other civil or criminal sanctions. If it is found that you intentionally or recklessly submitted a false claim you can be barred from receiving the EIC in future years beginning with tax year 1997 pursuant to 26 U.S.C. § 32(k), a federal statute that applies to all claims for the EIC beginning January 1, 1997.

**H.  Application of Offsets.** If a claimant is found eligible for the EIC, Respondents shall retain the right to offset the amount of an EIC claim as provided for GTIT refunds in general by 26 U.S.C. § 6402. If your claim is subject to an offset, you will be notified regarding whom the offset amount has been paid to.

**I.  Right to Contest Particular Determinations.** With regard to any denial of a particular EIC claim or any assessment of any civil or criminal penalties, you shall maintain the right to challenge such a determination through all administrative and judicial processes afforded under federal or territorial law to a taxpayer as to any tax refund claim.

### IV.  WHEN CLAIMS WILL BE PAID

**A.  Funding (except as to Tax Year 1997).** The Government has agreed to reserve at least fifteen percent (15%) of all amounts it places into the accounts it uses to pay general tax refunds to pay for the $90 million settlement payment. It is not known exactly how fast money will be reserved. But the Respondents have already commenced reserving money and Respondents will be supplying monthly reports to the Court and Plaintiffs' Counsel regarding how much money has been reserved so that the Court can monitor compliance with the Settlement. Further, Respondents can utilize other funding should it become available to speed payment.

**B.  Funding (as to Tax Year 1997).** The Government has agreed to pay remaining EIC claims for tax year 1997 (most such claims having already been paid) from a reserved amount of $500,000.00 that is currently in the accounts the Government uses to pay general tax refunds. It has further warranted that this amount has been calculated by DRT to be sufficient to pay all outstanding 1997 claims. In the event that such reserved amount is insufficient to payment all outstanding 1997 claims, the Government shall utilize other funding sources permitted by law to pay all remaining 1997 claims.

**C.  Order of Payments.** As money is reserved, and only after final approval of the settlement and entry of the judgment by the Court, claims will be paid in the following order: (1) claims for tax years 1997 and 1998 (except as tax year 1997 and 1998 claims have been subject to "early" payment as described below); (2) claims for tax years 1995, 1996, 1999, and 2000 (collectively); (3) claims for tax year 2001; (4) claims for tax year 2002; (5) claims for tax year 2003; and (6) claims for tax year 2004. Within each tax year, claims will be paid in the order submitted to DRT.

**D. Timely Processing of Claims.** On or before April 2, 2007, DRT will have processed all claims for tax years 1997 and 1998. On or before July 9, 2007, DRT will have processed all claims for tax years 1995, 1996, 1999, 2000, and 2001. On or before September 5, 2007, DRT will have processed all claims for tax years 2002, 2003, and 2004. After the completion of the periods for processing claims for each respective tax year, DRT will calculate the total amount of claims it has found to be valid for that respective tax year and calculate the percentage of each claim that shall be paid (up to 100%). DRT will then certify the claims and percentage amounts that should be paid pursuant to the provisions of the Settlement. DRT does retain the right to make individual hardship exceptions to the priority of payments based on standard pre-existing DRT policies and procedures. If your claim is denied or selected for an audit, and it is later determined in a judicial or administrative process that your claim was valid and should be paid, you will receive the same proportional payment of the amount found to be validly claimed as is paid to class members for that same tax year.

**E. "Early" Payment of 1997 and 1998 Claims.** The Court has authorized the Government to pay certain claims prior to final approval of the Settlement on the terms explained below. If you are eligible to receive an "early" payment, you also will receive a separate notice that you should review carefully prior to accepting or depositing the check.

1 Once all claims for 1997 are processed, the Government shall pay the full value of all 1997 tax year claims by issuing a check payable to each eligible Class Member in the amount owed.

2 Once all claims for tax year 1998 are processed, the Government shall pay two-thirds of the $15 million for tax year 1998 (in other words, $10 million) to each eligible Class Members who has a valid claim for tax year 1998. The Government shall do this by issuing a check payable to each eligible Class Member that represents 66.6% of that member's proportional share of the $15 million devoted by the Settlement to tax year 1998. This means that if you are eligible to receive a payment for tax year 1998, you will receive 66.6% of your payment under the terms of the Settlement prior to final approval of the Settlement. The remaining 33.4% will only be paid after final approval of the Settlement

3 If you receive an "early" payment check and cash or deposit it, you will have released and waived your right to opt-out of the Settlement if the Court later grants final approval of the Settlement. If you cash or deposit such a check, but final approval is denied, you will not be bound by the Settlement. In the event final approval is denied, the payment shall operate as a payment (based solely on the dollar value actually paid) of a claim for tax year 1997 and/or 1998, should you later be found to have a valid claim for that tax year. Such payment now is not, and shall not be construed to be, an admission of liability or obligation to pay any present or future claim, except as stated in the Settlement. If you refuse the payment or fail to deposit a check within sixty days of the date stated on the check, you will retain the right to opt-out of the Settlement prior to final approval based upon the procedures set forth herein. If you refuse a payment or fail to deposit your check within sixty days of the date stated on the check, but you do not opt-out of the Settlement under the procedures set forth herein, you will still be entitled to payment of your tax year 1997 and/or 1998 claim (if any) upon final approval of the Settlement

## V. DISMISSAL OF LITIGATION, ENTRY OF JUDGMENT, RELEASE OF CLAIMS, & COVENANT NOT TO SUE

**A. Final Judgment.** If the Court approves the proposed settlement, it will enter a judgment that will dismiss the Litigation with prejudice as to all Class Members, except those Class Members who request to be excluded. All people who meet the Class Definition and do not validly and timely request exclusion from the Class will be forever barred from prosecuting their own lawsuits to recover the EIC or obtain related relief regarding the EIC from Respondents for tax years 1995, 1996, 1997, 1998, 1999, 2000, 2001, 2002, 2003, and 2004

**B. Release of Claims.** Further, upon final approval of the Settlement, each and every member of the EIC Class will expressly and irrevocably release, waive, settle, and discharge all claims (whether legal or equitable), demands, actions (whether judicial or administrative), suits, and causes of action, including without limitation those asserted in the Litigation, against the Government of Guam, the Governor of Guam, the Director of the Department of Revenue & Taxation, the Department of Revenue & Taxation, the Director of the Department of Administration, the Department of Administration, and their employees, officers, agencies, instrumentalities, independent contractors, representatives, attorneys, and agents, whether in their individual or official capacities with regard to claims for payment of the EIC under federal or Guam territorial law in tax years 1995, 1996, 1997, 1998, 1999, 2000, 2001, 2002, 2003, and 2004, or any refusal to accept or pay such claims or to implement any government programs with regard to such claims. Such release and discharge includes all such claims whether known, unknown, asserted, unasserted, suspected, or unsuspected. With regard to the release of claims each and every member of the EIC Class expressly waives their rights under 18 G.C.A. § 82632 or principle of common or civil law that is similar to or analogous to 18 G.C.A. § 82632, which provides: "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR."

**C. Covenant Not to Sue.** Also upon final approval of the Settlement, the EIC Class separately covenants not to sue the Government of Guam, the Governor of Guam, the Director of Revenue & Taxation, the Department of Revenue & Taxation, the Director of the Department of Administration, the Department of Administration, and their employees, officers, agencies, instrumentalities, independent contractors, representatives, attorneys, and agents, whether in their individual or official capacities, with regard to claims for payment of the EIC under federal or Guam territorial law in tax years 1995, 1996, 1997, 1998, 1999, 2000, 2001, 2002, 2003, and 2004, or any refusal to accept or pay such claims or to implement any government programs with regard to such claims

**D. Limitations.** The general release and covenant not to sue stated above shall not be construed to preclude any Class Member from challenging through the administrative and/or judicial procedures that govern ordinary tax refund claims a particular determination as to (1) the existence and/or value of their particular EIC claim(s) for tax years 1995-2004 by DRT, (2) any amount of off-set or other adjustment made to their EIC claims by DRT (including without limitation by way of audit, penalty, intercept program, or off-set). The general release and covenant not to sue stated above exclude any future claims alleging solely a breach of this Settlement Agreement

## VI. COSTS, EXPENSES, AND ATTORNEYS' FEES

Respondents have agreed to pay all costs of making and publishing this Notice and administering the Settlement. Plaintiffs' counsel has filed a motion asking that if the Court approves the proposed settlement, the Court award ten percent (10%) of the settlement amount of $90 million as attorneys' fees payable to Plaintiffs' counsel. They have also asked that their non-taxable costs incurred in prosecution of this case be paid from the $90 million. The Court will ultimately decide the amount of attorneys' fees and costs, if any, to award. If you are a Class Member, you may submit written comments supporting, objecting, or commenting on the award of attorneys' fees and costs, and ask to be heard by the Court regarding this issue, in compliance with the procedures set forth in Section VIII(B), below

## VII. RIGHTS AND OPTIONS OF CLASS MEMBERS

**A. Remain a Class Member.** If you do not request exclusion from the Class, you will remain a Class Member. On July 17, 2004, the Court appointed counsel for Plaintiff Santos, Attorney Michael Phillips, Esq. of the law firm of Phillips & Bordallo, P.C., 410 West O'Brien Drive, Suite 102, Hagatña, Guam 96910 as Interim Class Counsel. Plaintiff Torres is represented by Ignacio C. Aguigui, Esq., Lujan Aguigui & Perez LLP, 300 Pacific News Building, Hagatña, Guam 96910. Subject to the Court's final appointment of Class Counsel, the Plaintiffs and their counsel will represent your interests in connection with the proposed Settlement. If the Court approves the Settlement and the judgment becomes final, you will be entitled to the benefits described in Section II, above. As a Class Member, you will be bound by any judgment or other disposition of the Litigation, even if you do not submit a claim or take advantage of any of the benefits of the Settlement. Furthermore, you and your heirs, executors, administrators, successors, and assigns will be deemed to have agreed to the terms of the release and covenant not to sue described in Section V above

**B. Objections to or Comments on the Settlement.** As a Class Member, you have the right to object to or comment on the proposed Settlement or the motion for attorneys' fees and costs. The procedures for doing so are explained in Section VIII(B) below

**C. Request Exclusion.** You have the right to request exclusion from the Class. If you request exclusion from the Class, you will not be bound by any judgment or settlement of the Litigation, you will not receive the benefits of the Settlement, and you will not be able to object to or comment in support of the Settlement. If you wish to be excluded from the Class, you must submit a signed written statement requesting exclusion that either (1) is filed with the Office of the Clerk of Court, District Court of Guam 520 West Soledad Avenue, Hagatña, GU 96910 on or before May 8, 2007 at 3 p.m. or (2) is sent by first class mail to the Office of the Clerk of Court, District Court of Guam, 520 West Soledad Avenue, Hagatña, GU 96910 bearing a postmark of May 8, 2007 or earlier. Any person requesting exclusion from the class and the Settlement Agreement must request exclusion from the class and the settlement in their entirety and not just as to particular claim(s) for particular tax year(s). If you submit a request for exclusion that does not comply with these requirements, your request will be deemed invalid, and you will not be excluded from the Class.

**D. Retain Your Own Attorney and Seek Intervention.** You have the right to consult and/or retain an attorney of your choice at your own expense, to advise you regarding the Settlement and your rights in connection with the Settlement. You also have the right, either personally or through an attorney retained by you, at your own expense, to seek to intervene in the Litigation. Any such motion must be filed no later than May 15, 2007.

## VIII. FAIRNESS HEARING

**A. Time, Place, and Purpose of Hearing.** A Fairness Hearing will be held on Friday, July 6, 2007 at 10 a.m. before the District Court of Guam, 520 West Soledad Avenue, Hagatña, GU 96910 to determine (1) Whether the proposed settlement of the Litigation on the terms set forth in the Settlement Agreement is fair, reasonable, and adequate for the Class as a whole and should be granted final approval; (2) Whether the certification of the Class should be made final; (3) Whether the Court should enter the proposed judgment dismissing the Litigation with prejudice; and (4) Whether the Court should grant the application of Plaintiffs' Counsel for attorneys' fees and reimbursement of expenses, and if so in what amount.

### B. Procedures for Objecting to or Commenting in Support of Settlement

1. **Written Objections or Comments.** If you have not requested exclusion from the Class, you, or an attorney retained by you, may file with the Office of the Clerk of Court, District Court of Guam, 520 West Soledad Avenue, Hagatña, GU 96910 a statement objecting to or commenting on the settlement and/or the motion for attorneys' fees on or before June 22, 2007. Such statement must also be served upon all counsel in the litigation, who are (1) Phillips & Bordallo, P.C., 410 West O'Brien Drive, Suite 102, Hagatña, Guam 96910; (2) Lujan Aguigui & Perez LLP, 300 Pacific News Building, Hagatña, Guam 96910; (3) Shannon Taitano, Esq., Legal Counsel, Office of the Governor, Ricardo J. Bordallo Governor's Complex, Adelup, P.O. Box 2950, Hagatña, GU 96932; (4) Calvo & Clark, LLP, 655 South Marine Corps Drive, Suite 202, Tamuning, Guam 96913; and (5) Mantanona Law Office, Suite 601B, GCIC Bldg., 414 W Soledad Ave., Hagatña, Guam 96910

2. **Presentation of Objections and Supporting Comments at Fairness Hearing.** You may also attend the Fairness Hearing, either personally or through an attorney retained by you, at your own expense, and ask to be heard by the Court on your comments or objections. If you wish to do so, you must submit your objections or comments in writing in compliance with section VIII(B)(1) above and include in your comments a statement that you intend to appear and wish to attend the Fairness Hearing

## IX. ADDITIONAL INFORMATION

**A. Rescission of Previous Settlement.** Previously, Respondents had entered into a $60 million settlement agreement dated June 14, 2004 with Plaintiff Santos and published a notice regarding this settlement, which had received preliminary but not final Court approval. This settlement would have covered some, but not all, of the Members of the Class identified herein. As part of the new settlement, Plaintiff Santos and her counsel and Respondents have agreed to rescind the previous settlement, which is no longer in effect. It is possible that Class Members under the new settlement will receive more, less, or be unaffected by the new settlement. If Respondents have failed to reserve at least $15 million for the payment of claims under the Settlement Agreement described in this Notice by the time the Agreement is subject to the Fairness Hearing, Plaintiffs have the right to terminate the Settlement Agreement which then shall be void and of no effect, and the June 14, 2004 Settlement shall be returned to effect, subject to all previously pending motions.

**B. Notice of Related Pending Litigation.** There is one other case pending in the District Court of Guam that seeks to establish a class action regarding classes of persons similar to and overlapping with the Class identified herein. It is entitled Simpao, et al. vs. Govt. of Guam, Dist. of Guam Civ. Case No. CV04-00049 (the "Other Litigation") No class has yet been certified in the Other Litigation and the defendants in those cases oppose class certification. However, it is possible that if a Class Member requests exclusion from this Class, they could later be able to become part of the Other Litigation either by moving to join that Other Litigation or by becoming class members, should that case be certified as a class action. It is not known what the final outcome of the Other Litigation will be. In Simpao the Court has held that the EIC applies to Guam and that filing a tax return establishes jurisdiction over those plaintiffs' claims. It is possible that by moving to join or by becoming part of a class in that case (if a motion for joinder or class certification were granted) a potential Class Member would ultimately receive less, more, or the same relief as they would receive by remaining a Class Member in this Litigation, or would possibly receive no relief at all. Class Members who do not request exclusion under the procedures set forth in Section VII(C) above will be barred forever from being part of the Other Litigation either as class members or by moving to join that case

**C. Effect of Court Disapproval.** If the Court refuses to grant final class certification or final approval of the Settlement Agreement after the Fairness Hearing, or refuses to enter the final judgment, the Settlement shall be rendered void and of no effect and any class certification shall be vacated.

**D. Questions.** Any questions regarding the Settlement should be directed to Plaintiffs' counsel: Phillips & Bordallo, P.C., 410 West O'Brien Drive, Suite 102, Hagatña, Guam 96910 or Lujan Aguigui & Perez LLP, 300 Pacific News Building, Hagatña, Guam 96910. You also can contact Plaintiffs' Counsel by email at mphillips@phillipsbordallo.com or ca@lujanaguiguiperez.com. Please do not submit questions to the Court. Copies of the Settlement Agreement and the pleadings and other documents filed in the Litigation and the Other Litigation are on file at the District Court of Guam, and may be examined and copied during regular office hours at the Office of the Clerk of Court, District Court of Guam, 520 West Soledad Avenue, Hagatña, GU 96910

## X. DEADLINES

Remember:
- If you wish to be excluded from the class, you must submit a written statement requesting exclusion that either (1) is filed with the Office of the Clerk of Court, District Court of Guam, 520 West Soledad Avenue, Hagatña, GU 96910, on or before May 8, 2007 at 3:00 p.m.; or (2) is mailed by first class mail postmarked on or before May 8, 2007 to: Office of the Clerk of Court, District Court of Guam, 520 West Soledad Avenue, Hagatña, GU 96910.
- If you wish to submit objections or comments, you must file them with the Clerk of Court at the address listed above and serve them on all counsel listed in section VIII(B)(1) above on or before June 22, 2007.
- If you wish to intervene, you must file and serve a motion on or before May 15, 2007.
- The deadline for filing or making by first class mail claims for the EIC under the Settlement to DRT for tax years 1995, 1996, 1999, 2000, 2001, 2002, 2003, and 2004 is May 8, 2007.

Dated: January 29 2007

BY ORDER OF THE
DISTRICT COURT OF GUAM

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF GUAM

TUESDAY, FEBRUARY 20, 2007 • MARIANAS VARIETY GUAM EDITION

JULIE BABAUTA SANTOS and CHARMAINE R.
TORRES, on behalf of themselves and a class of
others similarly situated,

       Petitioners,

       v.

FELIX P. CAMACHO, etc., et al.

       Respondents.

CIVIL CASE NO. 04-00006 and 04-00038

NOTICE OF PENDENCY AND PROPOSED
SETTLEMENT OF CLASS ACTION

**TO:** ALL PERSONS WHO CLAIMED OR COULD HAVE CLAIMED AN EARNED INCOME TAX CREDIT UNDER THE GUAM TERRITORIAL INCOME TAX OR GUAM TERRITORIAL LAW FOR TAX YEARS 1995, 1996, 1999, 2000, 2001, 2002, 2003, OR 2004; AND

ALL PERSONS WHO FILED AN EARNED INCOME TAX CREDIT CLAIM UNDER THE GUAM EARNED INCOME PROGRAM OR THE GUAM TERRITORIAL INCOME TAX FOR TAX YEAR 1997 AND HAVE YET TO RECEIVE PAYMENT IN FULL FOR TAX YEAR 1997; AND

ALL PERSONS WHO FILED AN EARNED INCOME TAX CREDIT CLAIM UNDER THE GUAM EARNED INCOME PROGRAM OR THE GUAM TERRITORIAL INCOME TAX FOR TAX YEAR 1998 AND HAVE YET TO RECEIVE PAYMENT IN FULL FOR TAX YEAR 1998.

The above captioned proceeding (the "Litigation") is pending before the District Court of Guam (the "Court"). In the Litigation, Julie B. Santos and Charmaine R. Torres (the "Plaintiffs") claim that they and other Guam taxpayers have been denied the right to file claims for earned income tax credit (the "EIC"), and have been denied the right to receive a refund of the EIC. The tax years covered by the Litigation are 1995 to 2004. The Respondents in the Litigation are the Government of Guam (the "Government"), Governor Felix P. Camacho, Director of Administration, Lourdes M. Perez, and Director of Revenue & Taxation, Artemio B. Ilagan (collectively "Respondents"). They have filed pleadings denying the claims and asserting various affirmative defenses.

The Court has conditionally ruled that the Litigation may be maintained on behalf of the following Class:

All persons who do not elect to request exclusion from the class under the procedures described below and (1) were subject to the Guam Territorial Income Tax ("GTIT") established in 48 U.S.C. § 1421i for tax years 1995-1996 and/or 1999-2004 and would have been eligible to file for the EIC established in 26 U.S.C. § 32 (as it applied in each respective tax year) if that program were applied in the Territory of Guam; and filed a timely tax return for the applicable tax year or year(s) in which the credit is sought; and/or (2) were eligible to receive an EIC credit under certain Guam territorial laws for tax years 1995-1996 and/or 1999-2004 that mirrored the federal EIC law (26 U.S.C. § 32), including the Guam Earned Income Program (Chapter 42 of 11 G.C.A.) and filed a timely tax return for the applicable tax year or year(s) in which the credit is sought; and/or (3) actually filed a claim for the EIC with DRT for tax year 1998 under the GTIT or Guam Earned Income Program (Chapter 42 of 11 G.C.A.) on or before April 15, 2002 and have not yet received full payment for that claim; and/or (4) actually filed a claim for the EIC with DRT for tax year 1997 under the GTIT or Guam Earned Income Program (Chapter 42 of 11 G.C.A.) on or before April 16, 2001 and have not yet received full payment for that claim.

This definition of persons who fall within or are excluded from the Class is referred to in this Notice as the "Class Definition."

**I. PURPOSE OF THIS NOTICE**

The purpose of this notice is to inform you, as a potential member of the Class, of (a) the existence of the Litigation, (b) the proposed Class Action Settlement of the Litigation described below, and (c) your rights with respect to the proposed Settlement. Those rights include the right to be excluded from the Class and the Settlement. If you are a Class Member and do not request exclusion in compliance with the procedures and deadline stated below, you will remain in the Class and be bound by the Settlement terms.

Plaintiffs' Counsel has investigated and evaluated the claims asserted in the Litigation and has determined that the proposed Settlement is fair, reasonable, and adequate for the Class as a whole, in light of the interests of the Settlement and the disadvantages of continuing the Litigation. The proposed Settlement is a compromise of disputed claims and does not mean that Respondents admit liability.

**II. SETTLEMENT BENEFITS FOR CLASS MEMBERS**

If the Court approves the Settlement, Respondents will make payments totaling up to $90 million for tax years 1995-96 and 1998-2004 to the Class Members to resolve their EIC claims. Tax year 1997 will be paid separately as stated below. Class Members will not receive interest on their EIC claims (except as to tax year 1997) and are waiving any right to interest on their EIC claims (except as to tax year 1997). The payment will be divided among Class Members as follows:

**A. Tax Year 1997.** The Government will pay the EIC Class 100% of any remaining amount owed for tax year 1997, together with any interest on the same terms as it has paid previous tax year 1997 claims.

**B. Tax Year 1998:** The Government will pay the EIC Class not more than $15 million for their EIC claims for tax year 1998. This amount shall be divided proportionally among each claimant found eligible for the EIC by the Guam Department of Revenue & Taxation ("DRT") based on the value of his or her claim up to 100%. Remaining amounts, if any, shall be utilized to fund claims for tax years Tax Years 1995, 1996, 1999 & 2000 as stated below.

**C. Tax Years 1995, 1996, 1999, & 2000:** The Government will pay the EIC Class not more than $15 million for their EIC claims for tax years 1995, 1996, 1999, and 2000 (combined), together with any remainder from the payment for tax year 1998. This amount shall be divided proportionally among each claimant found eligible for the EIC by DRT based on the value of his or her claim up to 100%. Remaining amounts, if any, shall be utilized to fund claims for tax year 2001 as stated below.

**D. Tax Year 2001:** The Government will pay the EIC Class not more than $15 million for their EIC claims for tax year 2001, together with any remainder from the payment for tax years 1995, 1996, 1999, and 2000 (combined). This amount shall be divided proportionally among each claimant found eligible for the EIC by DRT based on the value of his or her claim up to 100%. Remaining amounts, if any, shall be utilized to fund claims for tax year 2002 as stated below.

**E. Tax Year 2002:** The Government will pay the EIC Class not more than $15 million for their EIC claims for tax year 2002, together with any remainder from the payment for tax year 2001. This amount shall be divided proportionally among each claimant found eligible for the EIC by DRT based on the value of his or her claim up to 100%. Remaining amounts, if any, shall be utilized to fund claims for tax year 2003 as stated below.

**F. Tax Year 2003:** The Government will pay the EIC Class not more than $15 million for their EIC claims for tax year 2003, together with any remainder from the payment for tax year 2002. This amount shall be divided proportionally among each claimant found eligible for the EIC by DRT based on the value of his or her claim up to 100%. Remaining amounts, if any, shall be utilized to fund claims for tax year 2004 as stated below.

**G. Tax Year 2004:** The Government will pay the EIC Class not more than $15 million for their EIC claims for tax year 2004, together with any remainder from the payment for tax year 2003. This amount shall be divided proportionally among each claimant found eligible for the EIC by DRT based on the value of his or her claim up to 100%. Remaining amounts, if any, shall be utilized to fund tax refunds and the EIC in tax years 2005 and future tax years.

**H. Payment of EIC Claims in Future Tax Years:** If the Settlement is approved by the Court as described below, the Government has agreed to pay the EIC to all qualifying persons in tax years 2005 and future tax years. Persons do not have to be Class Members to receive this benefit.

**III. CLAIMS PROCESS & DEADLINES**

**A. Deadlines for Submitting a Claim (Except as to Tax Year 1997 and 1998).** The deadlines for Class Members to submit EIC claims for tax years 1995, 1996, 1999, 2000, 2001, 2002, 2003 and 2004 is May 8, 2007. No new claims are being accepted for tax years 1997 and 1998.

**B. Submit a Claim by Filing Form EIC-GU (Except as to Tax Year 1997 and 1998).** To submit a claim as a Class Member you must submit the Form EIC-GU applicable to each year in which you wish to make a claim. Claims must be filed with DRT or mailed to DRT on or before the deadline for the applicable tax year stated above. Form EIC-GU can be found at DRT and at other locations where Guam tax forms ordinarily are available. It also can be viewed and printed on-line at http://www.GovGuamdocs.com.

**C. Tax Return Required For Each Year.** For tax years 1995-2002, you must have already filed a tax return in a year to be eligible to file an EIC claim for that particular year. If you have not previously submitted a tax return (e.g. a Form 1040, 1040A or 1040EZ) for tax year 2003 or tax year 2004 and you wish to make an EIC claim for one or both of those years, you must submit a tax return for the applicable year(s) along with submitting a Form EIC-GU to make a claim. As to tax year 2003, no new tax returns will be accepted after April 16, 2007, even though the time to file an EIC claim does not expire until May 8, 2007. If you already submitted a tax return for a tax year, you do not need to file a new tax return. However, you can amend the return, if you wish, anytime within three years of when that return was first due. If more than three years have passed since that return was first due, you will not be able to amend it.

**D. Persons Who Already Filed Form EIC-GU.** If you already submitted a Form EIC-GU for a tax year covered by the Litigation and the proposed Settlement, you do not need to file a new Form EIC-GU for that tax year. However, you may file a new Form EIC-GU within the time otherwise provided to file a claim if you wish to amend your previous filing or to correct an incomplete or defective Form EIC-GU filing. If you have already filed a Form EIC-GU, you will be included within the Class unless you request exclusion under the procedures and deadlines set forth below.

**E. Procedures Governing Tax Year 1997.** To be eligible to receive any payment under the Settlement for tax year 1997, Class Members must have filed a claim for the EIC under the GTIT or the Guam Earned Income Program for tax year 1997 on or before April 16, 2001. No new or amended tax returns for tax year 1997 will be accepted. If you already filed a tax year 1997 EIC claim as stated herein, and you have not yet been paid in full for that claim, you will be included within the Class unless you request exclusion under the procedures and deadlines set forth below.

**F. Procedures Governing Tax Year 1998.** To be eligible to receive any payment under the Settlement for tax year 1998, Class Members must have filed a claim for the EIC under the GTIT or the Guam Earned Income Program for tax year 1998 on or before April 15, 2002. No new or amended tax returns for tax year 1998 will be accepted. If you already filed a tax year 1998 EIC claim as stated herein, and you have not yet been paid in full for that claim, you will be included within the Class unless you request exclusion under the procedures and deadlines set forth below.

**G. Processing of Claims and Governing Laws.** Once submitted, all EIC claims will be processed by the DRT, which shall apply all laws that ordinarily apply to tax refund claims except as otherwise provided in the Settlement. Claims are still subject to an audit, and claims will be denied if found to be invalid under the federal and local laws governing EIC eligibility for each respective tax year. False or inaccurate EIC claims shall remain subject to applicable penalties permitted by federal or territorial law, including reducing or denying an EIC claim or assessing fines or other civil or criminal sanctions. If it is found that you intentionally or recklessly submitted a false claim you can be barred from receiving the EIC in future years beginning with tax year 1997 pursuant to 26 U.S.C. § 32(k), a federal statute that applies to all claims for the EIC beginning January 1, 1997.

**H. Application of Offsets.** If a claimant is found eligible for the EIC, Respondents shall retain the right to offset the amount of an EIC claim as provided for GTIT refunds in general by 26 U.S.C. § 6402. If your claim is subject to an offset, you will be notified regarding whom the offset amount has been paid to.

**I. Right to Contest Particular Determinations.** With regard to any denial of a particular EIC claim or any assessment of any civil or criminal penalties, you shall maintain the right to challenge such a determination through all administrative and judicial processes afforded under federal or territorial law to a taxpayer as to any tax refund claim.

**IV. WHEN CLAIMS WILL BE PAID**

**A. Funding (except as to Tax Year 1997).** The Government has agreed to reserve at least fifteen percent (15%) of all amounts it places into the accounts it uses to pay general tax refunds to pay for the $90 million settlement payment. It is not known exactly how fast money will be reserved. But, the Respondents have already commenced reserving money and Respondents will be supplying monthly reports to the Court and Plaintiffs' Counsel regarding how much money has been reserved so that the Court can monitor compliance with the Settlement. Further, Respondents can utilize other funding should it become available to speed payment.

**B. Funding (as to Tax Year 1997).** The Government has agreed to pay remaining EIC claims for tax year 1997 (most such claims having already been paid) from a reserved amount of $500,000.00 that is currently in the accounts the Government uses to pay general tax refunds. It has further warranted that this amount has been calculated by DRT to be sufficient to pay all outstanding 1997 claims. In the event that such reserved amount is insufficient to payment all outstanding 1997 claims, the Government shall utilize other funding sources permitted by law to pay all remaining 1997 claims.

**C. Order of Payments.** As money is reserved and only after final approval of the settlement and entry of the judgment by the Court, claims will be paid in the following order: (1) claims for tax years 1997 and 1998 (except as tax year 1997 and 1998 claims have been subject to 'early' payment as described below); (2) claims for tax years 1995, 1996, 1999 and 2000 (collectively); (3) claims for tax year 2001; (4) claims for tax year 2002; (5) claims for tax year 2003; and (6) claims for tax year 2004. Within each tax year, claims will be paid in the order submitted to DRT.

**D.** **Timely Processing of Claims.** On or before April 2, 2007, DRT will have processed all claims for tax years 1997 and 1998. On or before July 9, 2007, DRT will have processed all claims for tax years 1995, 1996, 1999, 2000, and 2001. On or before September 5, 2007, DRT will have processed all claims for tax years 2002, 2003, and 2004. After the completion of the periods for processing claims for each respective tax year, DRT will calculate the total amount of claims it has found to be valid for that respective tax year and calculate the percentage of each claim that shall be paid (up to 100%). DRT will then notify the claims and percentage amounts that should be paid pursuant to the provisions of the Settlement. DRT does retain the right to make individual hardship exceptions to the priority of payments based on standard pre-existing DRT policies and procedures. If your claim is denied or selected for an audit, and it is later determined in a judicial or administrative process that your claim was valid and should be paid, you will receive the same proportional payment of the amount found to be validly claimed as is paid to class members for that same tax year.

**E.** **"Early" Payment of 1997 and 1998 Claims.** The Court has authorized the Government to pay certain claims prior to final approval of the Settlement, on the terms explained below. If you are eligible to receive an "early" payment, you also will receive a separate notice that you should review carefully prior to accepting or depositing the check.

1 Once all claims for 1997 are processed, the Government shall pay the full value of all 1997 tax year claims by issuing a check payable to each eligible Class Member in the amount owed.

2 Once all claims for tax year 1998 are processed, the Government shall pay two-thirds of the $15 million for tax year 1998 (in other words, $10 million) to each eligible Class Members who has a valid claim for tax year 1998. The Government shall do this by issuing a check payable to each eligible Class Member that represents 66.6% of that member's proportional share of the $15 million devided by the Settlement to tax year 1998. This means that if you are eligible to receive a payment for tax year 1998, you will receive 66.6% of your payment under the terms of the Settlement prior to final approval of the Settlement. The remaining 33.4% will only be paid after final approval of the Settlement.

3 If you receive an "early" payment check and cash or deposit it, you will have released and waived your right to opt-out of the Settlement if the Court later grants final approval of the Settlement. If you cash or deposit such a check, but final approval is denied, you will not be bound by the Settlement. In the event final approval is denied, the payment shall operate as a payment (based solely on the dollar value actually paid) of a claim for tax year 1997 and/or 1998, should you later be found to have a valid claim for that tax year. Such payment now is not, and shall not be construed to be, an admission of liability or obligation to pay any present or future claim, except as stated in the Settlement. If you refuse the payment or fail to deposit a check within sixty days of the date stated on the check, but you do not opt-out of the Settlement prior to final approval based upon the procedures set forth herein. If you refuse a payment or fail to deposit your check within sixty days of the date stated on the check, but you do not opt-out of the Settlement under the procedures set forth herein, you will still be entitled to payment of your tax year 1997 and/or 1998 claim (if any) upon final approval of the Settlement.

**V.** **DISMISSAL OF LITIGATION, ENTRY OF JUDGMENT, RELEASE OF CLAIMS, & COVENANT NOT TO SUE**

**A.** **Final Judgment.** If the Court approves the proposed settlement, it will enter a judgment that will dismiss the Litigation with prejudice as to all Class Members, except those Class Members who request to be excluded. All people who meet the Class Definition and do not validly and timely request exclusion from the Class will be forever banned from prosecuting their own lawsuits to recover the EIC or obtain related relief regarding the EIC from Respondents for tax years 1995, 1996, 1997, 1998, 1999, 2000, 2001, 2002, 2003, and 2004.

**B.** **Release of Claims.** Further, upon final approval of the Settlement, each and every member of the EIC Class will expressly and irrevocably release, waive, settle, and discharge all claims (whether legal or equitable), demands, actions (whether judicial or administrative), suits, and causes of action, including without limitation those asserted in the Litigation, against the Government of Guam, the Governor of Guam, the Director of the Department of Revenue & Taxation, the Department of Revenue & Taxation, the Director of the Department of Administration, the Department of Administration, and their employees, officers, agencies, instrumentalities, independent contractors, representatives, attorneys, and agents, whether in their individual or official capacities, with regard to claims for payment of the EIC under federal or Guam territorial law in tax years 1995, 1996, 1997, 1998, 1999, 2000, 2001, 2002, 2003, and 2004, or any refusal to accept or pay such claims or to implement any government programs with regard to such claims. Such release and discharge includes all such claims whether known, unknown, asserted, unasserted, suspected, or unsuspected. With regard to the release of claims, each and every member of the EIC Class expressly waives their rights under 18 G.C.A. § 82652 or principle of common or civl law that is similar to or analogous to 18 G.C.A. § 82652, which provides: "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR."

**C.** **Covenant Not to Sue.** Also upon final approval of the Settlement, the EIC Class separately covenants not to sue the Government of Guam, the Governor of Guam, the Director of Revenue & Taxation, the Department of Revenue & Taxation, the Director of the Department of Administration, the Department of Administration, and their employees, officers, agencies, instrumentalities, independent contractors, representatives, attorneys, and agents, whether in their individual or official capacities, with regard to claims for payment of the EIC under federal or Guam territorial law in tax years 1995, 1996, 1997, 1998, 1999, 2000, 2001, 2002, 2003, and 2004, or any refusal to accept or pay such claims or to implement any government programs with regard to such claims.

**D.** **Limitations.** The general release and covenant not to sue stated above shall not be construed to preclude any Class Member from challenging through the administrative and/or judicial procedures that govern ordinary tax refund claims a particular determination as to (1) the existence and/or value of their particular EIC claim(s) for tax years 1995-2004 by DRT, (2) any amount of off-set or other adjustment made to their EIC claims by DRT (including without limitation by way of audit, penalty, interest, program, or off-set). The general release and covenant not to sue stated above exclude any future claims alleging solely a breach of this Settlement Agreement.

**VI.** **COSTS, EXPENSES, AND ATTORNEYS' FEES**

Respondents have agreed to pay all costs of mailing and publishing this Notice and administering the Settlement. Plaintiffs' counsel has filed a motion asking that if the Court approves the proposed settlement, the Court award ten percent (10%) of the settlement amount of $90 million as attorneys' fees payable to Plaintiffs' counsel. They have also asked that their non-taxable costs incurred in prosecution of this case be paid from the $90 million. The Court will ultimately decide the amount of attorneys' fees and costs if any to award. If you are a Class Member, you may submit written comments supporting, objecting, or commenting on the award of attorneys' fees and costs, and ask to be heard by the Court regarding this issue in compliance with the procedures set forth in Section VIII(B), below.

**VII.** **RIGHTS AND OPTIONS OF CLASS MEMBERS**

**A.** **Remain a Class Member.** If you do not request exclusion from the Class, you will remain a Class Member. On July 17, 2004, the Court appointed counsel for Plaintiff Santos. Attorney Michael Philips, Esq. of the law firm of Phillips & Bordallo, P.C. 410 West O'Brien Drive, Suite 102, Hagatña, Guam 96910 as Interim Class Counsel. Plaintiff Torres is represented by Ignacio C. Aguigui, Esq. Lujan Aguigui & Perez LLP, 300 Pacific News Building, Hagatña, Guam 96910. Subject to the Court's final appointment of Class Counsel, the Plaintiffs and their counsel will repres ent your interests in connection with the proposed Settlement. If the Court approves the Settlement and the judgment becomes final, you will be entitled to the benefits described in Section II above. As a Class Member, you will be bound by any judgment or other disposition of the Litigation, even if you do not submit a claim or take advantage of any of the benefits of the Settlement. Furthermore, you and your heirs, executors, administrators, successors and assigns will be deemed to have agreed to the terms of the release and covenant not to sue described in Section V above.

**B.** **Objections to or Comments on the Settlement.** As a Class Member, you have the right to object to or comment on the proposed Settlement or the motion for attorneys' fees and costs. The procedures for doing so are explained in Section VIII(B) below.

**C.** **Request Exclusion.** You have the right to request exclusion from the Class. If you request exclusion from the Class, you will not be bound by any agreement or settlement of the Litigation, you will not receive the benefits of the Settlement, and you will not be able to object to or comment in support of the Settlement. If you wish to be excluded from the Class, you must submit a signed, written statement requesting exclusion that either (1) is filed with the Office of the Clerk of Court, District Court of Guam, 520 West Soledad Avenue, Hagatña, GU 96910 on or before May 8, 2007 at 3 p.m., or (2) is sent by first class mail to the Office of the Clerk of Court, District Court of Guam, 520 West Soledad Avenue, Hagatña, GU 96910 bearing a postmark of May 8, 2007 or earlier. Any person requesting exclusion from the class and the Settlement Agreement must request exclusion from the class and the settlement in their entirely, and not just as to particular claim(s) for particular tax year(s). If you submit a request for exclusion that does not comply with these requirements, your request will be deemed invalid, and you will not be excluded from the Class.

**D.** **Retain Your Own Attorney and Seek Intervention.** You have the right to consult and/or retain an attorney of your choice, at your own expense, to advise you regarding the Settlement and your rights in connection with the Settlement. You also have the right, either personally or through an attorney retained by you, at your own expense, to seek to intervene in the Litigation. Any such motion must be filed no later than May 15, 2007

**VIII.** **FAIRNESS HEARING**

**A.** **Time, Place, and Purpose of Hearing.** A Fairness Hearing will be held on Friday, July 6, 2007 at 10 a.m. before the District Court of Guam, 520 West Soledad Avenue, Hagatña, GU 96910 to determine: (1) Whether the proposed settlement of the Litigation on the terms set forth in the Settlement Agreement is fair, reasonable, and adequate for the Class as a whole and should be granted final approval; (2) Whether the certification of the Class should be made final; (3) Whether the Court should enter the proposed judgment dismissing the Litigation with prejudice; and (4) Whether the Court should grant the application of Plaintiffs' Counsel for attorneys' fees and reimbursement of expenses; and if so in what amount.

**B.** **Procedures for Objecting to or Commenting in Support of Settlement**

1. **Written Objections or Comments.** If you have not requested exclusion from the Class, you, or an attorney retained by you, may file with the Office of the Clerk of Court, District Court of Guam, 520 West Soledad Avenue, Hagatña, GU 96910 a statement objecting to or commenting on the settlement and/or the motion for attorneys' fees on or before June 22, 2007. Such statement must also be served upon all counsel in the litigation, who are: (1) Phillips & Bordallo, P.C. 410 West O'Brien Drive, Suite 102, Hagatña, Guam 96910, (2) Lujan Aguigui & Perez LLP, 300 Pacific News Building, Hagatña, Guam 96910, (3) Shannon Taitano, Esq., Legal Counsel, Office of the Governor, Ricardo J. Bordallo Governor's Complex Adelup, P.O. Box 2950, Hagatña, GU 96932 (4) Calvo & Clark, LLP, 655 South Marine Corps Drive, Suite 202, Tamuning, Guam 96913, and (5) Mantanona Law Office, Suite 601B, GCIC Bldg, 414 W Soledad Ave., Hagatña, Guam 96910.

2. **Presentation of Objections and Supporting Comments at Fairness Hearing.** You may also attend the Fairness Hearing, either personally or through an attorney retained by you, at your own expense, and ask to be heard by the Court on your comments or objections. If you wish to do so, you must submit your objections or comments in writing in compliance with section VIII(B)(1) above and include in your comments a statement that you intend to appear and wish to attend the Fairness Hearing.

**IX.** **ADDITIONAL INFORMATION**

**A.** **Rescission of Previous Settlement.** Previously, Respondents had entered into a $60 million settlement agreement dated June 14, 2004 with Plaintiff Santos and published a notice regarding this settlement, which had received preliminary, but not final Court approval. This settlement would have covered some, but not all of the Members of the Class identified herein. As part of the new settlement, Plaintiff Santos and her counsel and Respondents have agreed to rescind the previous settlement, which is no longer in effect. It is possible that Class Members under the new settlement will receive more, less, or be unaffected by the new settlement. If Respondents have failed to reserve at least $15 million for the payment of claims under the Settlement Agreement described in this Notice by the time the Agreement is subject to the Fairness Hearing, Plaintiffs have the right to terminate the Settlement Agreement which then shall be void and of no effect, and the June 14, 2004 Settlement shall be returned to effect, subject to all previously pending motions.

**B.** **Notice of Related Pending Litigation.** There is one other case pending in the District Court of Guam that seeks to establish a class action regarding classes of persons similar to and overlapping with the Class identified herein. It is entitled Simpao, et al vs. Govt of Guam Dist of Guam Civ. Case No. CV04-00049 (the Other Litigation). No class has yet been certified in the Other Litigation and the defendants in those cases oppose class certification. However, it is possible that if a Class Member requests exclusion from the Class, they could later be able to become part of the Other Litigation either by moving to join that Other Litigation or by becoming class members, should that case be certified as a class action. It is not known what the final outcome of the Other Litigation will be. In Simpao, the Court has held that the EIC applies to Guam and that filing a tax return establishes jurisdiction over those plaintiffs claims. It is possible that by moving to join or by becoming part of a class in that case (if a motion for joinder or class certification were granted) a potential Class Member would ultimately receive less, more, or the same relief as they would receive by remaining a Class Member in this Litigation, or would possibly receive no relief at all. Class Members who do not request exclusion under the procedures set forth in Section VII(C) above will be barred forever from being part of the Other Litigation either as class members or by moving to join that case.

**C.** **Effect of Court Disapproval.** If the Court refuses to grant final class certification or final approval of the Settlement Agreement after the Fairness Hearing, or refuses to enter the final judgment, the Settlement shall be rendered void and of no effect and any class certification shall be vacated.

**D.** **Questions.** Any questions regarding the Settlement should be directed to Plaintiffs' counsel: Phillips & Bordallo, P.C., 410 West O'Brien Drive, Suite 102, Hagatña, Guam 96910 or Lujan Aguigui & Perez LLP, 300 Pacific News Building, Hagatña, Guam 96910. You also can contact Plaintiffs' Counsel by email at mphilips@philipsbordallo.com or ica@lujanaguiguiperez.com. Please do not submit questions to the Court. Copies of the Settlement Agreement and the pleadings and other documents filed in the Litigation and the Other Litigation are on file at the District Court of Guam and may be examined and copied during regular office hours at the Office of the Clerk of Court, District Court of Guam, 520 West Soledad Avenue, Hagatña, GU 96910.

**X.** **DEADLINES**

Remember:

- If you wish to be excluded from the class, you must submit a written statement requesting exclusion that either (1) is filed with the Office of the Clerk of Court, District Court of Guam, 520 West Soledad Avenue, Hagatña, GU 96910, on or before May 8, 2007 at 3:00 p.m.; or (2) is mailed by first class mail postmarked on or before May 8, 2007 to: Office of the Clerk of Court, District Court of Guam, 520 West Soledad Avenue, Hagatña, GU 96910.

- If you wish to submit objections or comments, you must file them with the Clerk of Court at the address listed above and serve them on all counsel listed in section VIII(B)(1) above on or before June 22, 2007.

- If you wish to intervene, you must file and serve a motion on or before May 15, 2007.

- The deadline for filing or mailing by first class mail claims for the EIC under the Settlement to DRT for tax years 1995, 1996, 1999, 2000, 2001, 2002, 2003, and 2004 is May 8, 2007.

Dated: January 29, 2007

BY ORDER OF THE
DISTRICT COURT OF GUAM

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF GUAM

FRIDAY, FEBRUARY 23, 2007 · MARIANAS VARIETY GUAM EDITION

JULIE BABAUTA SANTOS and CHARMAINE R
TORRES, on behalf of themselves and a class of
others similarly situated,

        Petitioners,

        v

FELIX P CAMACHO, etc , et al

        Respondents

CIVIL CASE NO. 04-00006 and 04-00038

**NOTICE OF PENDENCY AND PROPOSED
SETTLEMENT OF CLASS ACTION**

TO:    **ALL PERSONS WHO CLAIMED OR COULD HAVE CLAIMED AN EARNED INCOME TAX CREDIT
UNDER THE GUAM TERRITORIAL INCOME TAX OR GUAM TERRITORIAL LAW FOR TAX YEARS 1995, 1996,
1999, 2000, 2001, 2002, 2003, OR 2004; AND**

    **ALL PERSONS WHO FILED AN EARNED INCOME TAX CREDIT CLAIM UNDER THE GUAM EARNED
INCOME PROGRAM OR THE GUAM TERRITORIAL INCOME TAX FOR TAX YEAR 1997 AND HAVE YET TO
RECEIVE PAYMENT IN FULL FOR TAX YEAR 1997; AND**

    **ALL PERSONS WHO FILED AN EARNED INCOME TAX CREDIT CLAIM UNDER THE GUAM EARNED
INCOME PROGRAM OR THE GUAM TERRITORIAL INCOME TAX FOR TAX YEAR 1998 AND HAVE YET TO
RECEIVE PAYMENT IN FULL FOR TAX YEAR 1998.**

The above-captioned proceeding (the 'Litigation') is pending before the District Court of Guam (the 'Court'). In the Litigation Julie B. Santos and Charmaine R Torres (the 'Plaintiffs') claim that they and other Guam taxpayers have been denied the right to file claims for earned income tax credit (the 'EIC') and have been denied the right to receive a refund of the EIC. The tax years covered by the Litigation are 1995 to 2004. The Respondents in the Litigation are the Government of Guam (the 'Government') Governor Felix P Camacho Director of Administration Lourdes M Perez, and Director of Revenue & Taxation Artemio B Ilagan (collectively 'Respondents') They have filed pleadings denying the claims and asserting various affirmative defenses

The Court has conditionally ruled that the Litigation may be maintained on behalf of the following Class

All persons who do not elect to request exclusion from the class under the procedures described below and (1) were subject to the Guam Territorial Income Tax ('GTIT') established in 48 U S C § 1421i for tax years 1995-1996 and/or 1999-2004 and would have been eligible to file for the EIC established in 26 U S C § 32 (as it applied in each respective tax year) if that program were applied in the Territory of Guam and filed a timely tax return for the applicable tax year or year(s) in which the credit is sought and/or (2) were eligible to receive an EIC credit under certain Guam territorial laws for tax years 1995-1996 and/or 1999-2004 that mirrored the federal EIC law (26 U S C § 32) including the Guam Earned Income Program (Chapter 42 of 11 G C A) and filed a timely tax return for the applicable tax year or year(s) in which the credit is sought and/or (3) actually filed a claim for the EIC with DRT for tax year 1998 under the GTIT or Guam Earned Income Program (Chapter 42 of 11 G C A) on or before April 15 2002 and have not yet received full payment for that claim and/or (4) actually filed a claim for the EIC with DRT for tax year 1997 under the GTIT or Guam Earned Income Program (Chapter 42 of 11 G C A) on or before April 16 2001 and have not yet received full payment for that claim

This definition of persons who fall within or are excluded from the Class is referred to in this Notice as the 'Class Definition '

**I.    PURPOSE OF THIS NOTICE**

The purpose of this notice is to inform you, as a potential member of the Class of (a) the existence of the Litigation (b) the proposed Class Action Settlement of the Litigation described below, and (c) your rights with respect to the proposed Settlement Those rights include the right to be excluded from the Class and the Settlement If you are a Class Member and do not request exclusion in compliance with the procedures and deadlines stated below you will remain in the Class and be bound by the Settlement terms

Plaintiffs Counsel has investigated and evaluated the claims asserted in the Litigation and has determined that the proposed Settlement is fair reasonable and adequate for the Class as a whole in light of the benefits of the Settlement and the disadvantages of continuing the Litigation The proposed Settlement is a compromise of disputed claims and does not mean that Respondents admit liability

**II.    SETTLEMENT BENEFITS FOR CLASS MEMBERS**

If the Court approves the Settlement Respondents will make payments totaling up to $90 million for tax years 1995-96 and 1999-2004 to the Class Members to resolve their EIC claims Tax year 1997 will be paid separately as stated below Class Members will not receive interest on their EIC claims (except as to tax year 1997) and are waiving any right to interest on their EIC claims (except as to tax year 1997) The payment will be divided among Class Members as follows

**A.    Tax Year 1997:** The Government will pay the EIC Class 100% of any remaining amount owed for tax year 1997 together with any interest on the same terms as it has paid previous tax year 1997 claims

**B.    Tax Year 1998:** The Government will pay the EIC Class not more than $15 million for their EIC claims for tax year 1998 This amount shall be divided proportionally among each claimant found eligible for the EIC by the Guam Department of Revenue & Taxation ( DRT ) based on the value of his or her claim up to 100%. Remaining amounts if any shall be utilized to fund claims for tax years 1995 1996 1999 & 2000 as stated below

**C.    Tax Years 1995, 1996, 1999, & 2000:** The Government will pay the EIC Class not more than $15 million for their EIC claims for tax years 1995 1996 1999 and 2000 (combined) together with any remainder from the payment for tax year 1998 This amount shall be divided proportionally among each claimant found eligible for the EIC by DRT based on the value of his or her claim up to 100% Remaining amounts if any shall be utilized to fund claims for tax year 2001 as stated below

**D.    Tax Year 2001:** The Government will pay the EIC Class not more than $15 million for their EIC claims for tax year 2001 together with any remainder from the payment for tax years 1995 1996 1999 and 2000 (combined) This amount shall be divided proportionally among each claimant found eligible for the EIC by DRT based on the value of his or her claim up to 100%. Remaining amounts if any shall be utilized to fund claims for tax year 2002 as stated below

**E.    Tax Year 2002:** The Government will pay the EIC Class not more than $15 million for their EIC claims for tax year 2002 together with any remainder from the payment for tax year 2001 This amount shall be divided proportionally among each claimant found eligible for the EIC by DRT based on the value of his or her claim up to 100%. Remaining amounts if any shall be utilized to fund claims for tax year 2003 as stated below

**F.    Tax Year 2003:** The Government will pay the EIC Class not more than $15 million for their EIC claims for tax year 2003 together with any remainder from the payment for tax year 2002 This amount shall be divided proportionally among each claimant found eligible for the EIC by DRT based on the value of his or her claim up to 100%. Remaining amounts if any shall be utilized to fund claims for tax year 2004 as stated below

**G.    Tax Year 2004:** The Government will pay the EIC Class not more than $15 million for their EIC claims for tax year 2004 together with any remainder from the payment for tax year 2003 This amount shall be divided proportionally among each claimant found eligible for the EIC by DRT based on the value of his or her claim up to 100%. Remaining amounts if any shall be utilized to fund tax refunds and the EIC in tax year 2005 and future tax years

**H.    Payment of EIC Claims in Future Tax Years:** If the Settlement is approved by the Court as described below, the Government has agreed to pay the EIC to all qualifying persons in tax year 2005 and future tax years Persons do not have to be Class Members to receive this benefit

**III.    CLAIMS PROCESS & DEADLINES**

**A.    Deadlines for Submitting a Claim (Except as to Tax Year 1997 and 1998).** The deadlines for Class Members to submit EIC claims for tax years 1995, 1996, 1999, 2000, 2001, 2002, 2003 and 2004 is May 8, 2007 No new claims are being accepted for tax years 1997 and 1998

**B.    Submit a Claim by Filing Form EIC-GU (Except as to Tax Year 1997 and 1998).** To submit a claim as a Class Member, you must submit the Form EIC-GU applicable to each year in which you wish to make a claim Claims must be filed with DRT or mailed to DRT on or before the deadline for the applicable tax year stated above Form EIC-GU can be found at DRT and at other locations where Guam tax forms ordinarily are available It also can be viewed and printed on-line at http://www GovGuamdocs.com

**C.    Tax Return Required For Each Year.** For tax years 1995-2002 you must have already filed a tax return in a year to be eligible to file an EIC claim for that particular year If you have not previously submitted a tax return (e.g a Form 1040, 1040A or 1040EZ) for tax year 2003 or tax year 2004 and you wish to make an EIC claim for one or both of those years you must submit a tax return for the applicable year(s) along with submitting a Form EIC-GU to make a claim As to tax year 2003, no new tax returns will be accepted after April 16 2007 even though the time to file an EIC claim does not expire until May 8, 2007 If you already submitted a tax return for a tax year, you do not need to file a new tax return However, you can amend the return, if you wish anytime within three years of when that return was first due If more than three years have passed since that return was first due, you will not be able to amend it

**D.    Persons Who Already Filed Form EIC-GU.** If you already submitted a Form EIC-GU for a tax year covered by the Litigation and the proposed Settlement, you do not need to file a new Form EIC-GU for that tax year However, you may file a new Form EIC-GU within the time otherwise provided to file a claim if you wish to amend your previous filing or to correct an incomplete or defective Form EIC-GU filing If you have already filed a Form EIC-GU, you will be included within the Class unless you request exclusion under the procedures and deadlines set forth below

**E.    Procedures Governing Tax Year 1997.** To be eligible to receive any payment under the Settlement for tax year 1997, Class Members must have filed a claim for the EIC under the GTIT or the Guam Earned Income Program for tax year 1997 on or before April 16 2001 No new or amended tax returns for tax year 1997 will be accepted If you already filed a tax year 1997 EIC claim as stated herein and you have not yet been paid in full for that claim, you will be included within the Class unless you request exclusion under the procedures and deadlines set forth below

**F.    Procedures Governing Tax Year 1998.** To be eligible to receive any payment under the Settlement for tax year 1998, Class Members must have filed a claim for the EIC under the GTIT or the Guam Earned Income Program for tax year 1998 on or before April 15 2002. No new or amended tax returns for tax year 1998 will be accepted If you already filed a tax year 1998 EIC claim as stated herein and you have not yet been paid in full for that claim, you will be included within the Class unless you request exclusion under the procedures and deadlines set forth below

**G.    Processing of Claims and Governing Laws.** Once submitted all EIC claims will be processed by the DRT which shall apply all laws that ordinarily apply to tax refund claims except as otherwise provided in the Settlement Claims are still subject to an audit and claims will be denied if found to be invalid under the federal and local laws governing EIC eligibility for each respective tax year False or inaccurate EIC claims shall remain subject to applicable penalties permitted by federal or territorial law including reducing or denying an EIC claim or assessing fines or other civil or criminal sanctions If it is found that you intentionally or recklessly submitted a false claim you can be barred from receiving the EIC in future years beginning with tax year 1997 pursuant to 26 U S C § 32(k). a federal statute that applies to all claims for the EIC beginning January 1, 1997

**H.    Application of Offsets.** If a claimant is found eligible for the EIC, Respondents shall retain the right to offset the amount of an EIC claim as provided for GTIT refunds in general by 26 U S C § 6402 If your claim is subject to an offset, you will be notified regarding whom the offset amount has been paid to

**I.    Right to Contest Particular Determinations** With regard to any denial of a particular EIC claim or any assessment of any civil or criminal penalties, you shall maintain the right to challenge such a determination through all administrative and judicial processes afforded under federal or territorial law to a taxpayer as to any tax refund claim

**IV.    WHEN CLAIMS WILL BE PAID**

**A.    Funding (except as to Tax Year 1997).** The Government has agreed to reserve at least fifteen percent (15%) of all amounts it places into the accounts it uses to pay general tax refunds to pay for the $90 million settlement payment It is not known exactly how fast money will be reserved But the Respondents have already commenced reserving money and Respondents will be supplying monthly reports to the Court and Plaintiffs Counsel regarding how much money has been reserved so that the Court can monitor compliance with the Settlement Further Respondents can utilize other funding should it become available to speed payment

**B.    Funding (as to Tax Year 1997)** The Government has agreed to pay remaining EIC claims for tax year 1997 (most such claims having already been paid) from a reserved amount of $500,000.00 that is currently in the accounts the Government uses to pay general tax refunds It has further warranted that this amount has been calculated by DRT to be sufficient to pay all outstanding 1997 claims In the event that such reserved amount is insufficient to payment all outstanding 1997 claims the Government shall utilize other funding sources permitted by law to pay all remaining 1997 claims

**C.    Order of Payments** As money is reserved and only after final approval of the settlement and entry of the judgment by the Court claims will be paid in the following order (1) claims for tax years 1997 and 1998 (except as tax year 1997 and 1998 claims have been subject to early payment as described below) (2) claims for tax years 1995 1996 1999 and 2000 (collectively) (3) claims for tax year 2001 (4) claims for tax year 2002 (5) claims for tax years 2003 and (6) claims for tax year 2004 Within each tax year claims will be paid in the order submitted to DRT

**15**

D.    **Timely Processing of Claims.** On or before April 2, 2007, DRT will have processed all claims for tax years 1997 and 1998. On or before July 9, 2007, DRT will have processed all claims for tax years 1995, 1996, 1999, 2000, and 2001. On or before September 5, 2007, DRT will have processed all claims for tax years 2002, 2003, and 2004. After the completion of the periods for processing claims for each respective tax year, DRT will calculate the total amount of claims it has found to be valid for that respective tax year and calculate the percentage of each claim that shall be paid (up to 100%). DRT will then certify the claims and percentage amounts that should be paid pursuant to the provisions of the Settlement. DRT does retain the right to make individual hardship exceptions to the priority of payments based on standard pre-existing DRT policies and procedures. If your claim is denied or selected for an audit, and it is later determined in a judicial or administrative process that your claim was valid and should be paid, you will receive the same proportional payment of the amount found to be validly claimed as is paid to class members for that same tax year.

E.    **"Early" Payment of 1997 and 1998 Claims.** The Court has authorized the Government to pay certain claims prior to final approval of the Settlement on the terms explained below. If you are eligible to receive an "early" payment, you also will receive a separate notice that you should review carefully prior to accepting or depositing the check.

1    Once all claims for 1997 are processed, the Government shall pay the full value of all 1997 tax year claims by issuing a check payable to each eligible Class Member in the amount owed.

2    Once all claims for tax year 1998 are processed, the Government shall pay two-thirds of the $15 million for tax year 1998 (in other words, $10 million) to each eligible Class Members who has a valid claim for tax year 1998. The Government shall do this by issuing a check payable to each eligible Class Member that represents 66.6% of that member's proportional share of the $15 million devoted by the Settlement to tax year 1998. This means that if you are eligible to receive a payment for tax year 1998, you will receive 66.6% of your payment under the terms of the Settlement prior to final approval of the Settlement. The remaining 33.4% will only be paid after final approval of the Settlement.

3    If you receive an "early" payment check and cash or deposit it, you will have released and waived your right to opt-out of the Settlement if the Court later grants final approval of the Settlement. If you cash or deposit such a check, but final approval is denied, you will not be bound by the Settlement. In the event final approval is denied, the payment shall operate as a payment (based solely on the dollar value actually paid) of a claim for tax year 1997 and/or 1998, should you later be found to have a valid claim for that tax year. Such payment now is not, and shall not be construed to be, an admission of liability or obligation to pay any present or future claim, except as stated in the Settlement. If you refuse the payment or fail to deposit a check within sixty days of the date stated on the check, you will retain the right to opt-out of the Settlement prior to final approval based upon the procedures set forth herein. If you refuse a payment or fail to deposit your check within sixty days of the date stated on the check, but you do not opt out of the Settlement under the procedures set forth herein, you will still be entitled to payment of your tax year 1997 and/or 1998 claim (if any) upon final approval of the Settlement.

V.    **DISMISSAL OF LITIGATION, ENTRY OF JUDGMENT, RELEASE OF CLAIMS, & COVENANT NOT TO SUE**

A.    **Final Judgment.** If the Court approves the proposed settlement, it will enter a judgment that will dismiss the Litigation with prejudice as to all Class Members, except those Class Members who request to be excluded. All persons who meet the Class Definition and do not validly and timely request exclusion from the Class will be forever barred from prosecuting their own lawsuits to recover the EIC or obtain related relief regarding the EIC from Respondents for tax years 1995, 1996, 1997, 1998, 1999, 2000, 2001, 2002, 2003, and 2004.

B.    **Release of Claims.** Further, upon final approval of the Settlement, each and every member of the EIC Class will expressly and irrevocably release, waive, settle, and discharge all claims (whether legal or equitable), demands, actions (whether judicial or administrative), suits, and causes of action, including without limitation those asserted in the Litigation, against the Government of Guam, the Governor of Guam, the Director of the Department of Revenue & Taxation, the Department of Revenue & Taxation, the Director of the Department of Administration, the Department of Administration, and their employees, officers, agencies, instrumentalities, independent contractors, representatives, attorneys, and agents, whether in their individual or official capacities, with regard to claims for payment of the EIC under federal or Guam territorial law in tax years 1995, 1996, 1997, 1998, 1999, 2000, 2001, 2002, 2003, and 2004, or any refusal to accept or pay such claims or to implement any government programs with regard to such claims. Such release and discharge includes all such claims whether known, unknown, asserted, unasserted, suspected, or unsuspected. With regard to the release of claims, each and every member of the EIC Class expressly waives their rights under 18 G.C.A. § 82602 or principle of common or civil law that is similar to or analogous to 18 G.C.A. § 82602, which provides: "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR."

C.    **Covenant Not to Sue.** Also upon final approval of the Settlement, the EIC Class separately covenants not to sue the Government of Guam, the Governor of Guam, the Director of Revenue & Taxation, the Department of Revenue & Taxation, the Director of the Department of Administration, the Department of Administration, and their employees, officers, agencies, instrumentalities, independent contractors, representatives, attorneys, and agents, whether in their individual or official capacities, with regard to claims for payment of the EIC under federal or Guam territorial law in tax years 1995, 1996, 1997, 1998, 1999, 2000, 2001, 2002, 2003, and 2004, or any refusal to accept or pay such claims or to implement any government programs with regard to such claims.

D.    **Limitations.** The general release and covenant not to sue stated above shall not be construed to preclude any Class Member from challenging through the administrative and/or judicial procedures that govern ordinary tax refund claims a particular determination as to (1) the existence and/or value of their particular EIC claim(s) for tax years 1995-2004 by DRT; (2) any amount of off-set or other adjustment made to their EIC claims by DRT (including without limitation by way of audit, penalty, intercept program, or off-set). The general release and covenant not to sue stated above exclude any future claims alleging solely a breach of this Settlement Agreement.

VI.    **COSTS, EXPENSES, AND ATTORNEYS' FEES**

Respondents have agreed to pay all costs of mailing and publishing this Notice and administering the Settlement. Plaintiffs' counsel has filed a motion asking that if the Court approves the proposed settlement, the Court award ten percent (10%) of the settlement amount of $90 million as attorneys' fees payable to Plaintiffs' counsel. They have also asked that their non-taxable costs incurred in prosecution of this case be paid from the $90 million. The Court will ultimately decide the amount of attorneys' fees and costs if any to award. If you are a Class Member you may submit written comments supporting, objecting, or commenting on the award of attorneys' fees and costs, and ask to be heard by the Court regarding this issue, in compliance with the procedures set forth in Section VIII(B) below.

VII.    **RIGHTS AND OPTIONS OF CLASS MEMBERS**

A.    **Remain a Class Member.** If you do not request exclusion from the Class, you will remain a Class Member. On July 17, 2004, the Court appointed counsel for Plaintiff Santos. Attorney Michael Phillips, Esq. of the law firm of Phillips & Bordallo, P.C. 410 West O'Brien Drive, Suite 102. Hagatña, Guam 96910 as Interim Class Counsel. Plaintiff Torres is represented by Ignacio C. Aguigui, Esq. Lujan Aguigui & Perez LLP. 300 Pacific News Building. Hagatña, Guam 96910. Subject to the Court's final appointment of Class Counsel, the Plaintiffs and their counsel will represent your interests in connection with the proposed Settlement. If the Court approves the Settlement and the judgment becomes final you will be entitled to the benefits described in Section II above. As a Class Member you will be bound by any judgment or other disposition of the Litigation, even if you do not submit a claim or take advantage of any of the benefits of the Settlement. Furthermore, you and your heirs, executors, administrators, successors, and assigns will be deemed to have agreed to the terms of the release and covenant not to sue described in Section V above.

B.    **Objections to or Comments on the Settlement.** As a Class Member you have the right to object to or comment on the proposed Settlement or the motion for attorneys' fees and costs. The procedures for doing so are explained in Section VIII(B) below.

C.    **Request Exclusion.** You have the right to request exclusion from the Class. If you request exclusion from the Class, you will not be bound by any judgment or settlement of the Litigation, you will not receive the benefits of the Settlement, and you will not be able to object to or comment in support of the Settlement. If you wish to be excluded from the Class, you must submit a signed, written statement requesting exclusion that either (1) is filed with the Office of the Clerk of Court, District Court of Guam, 520 West Soledad Avenue, Hagatña, GU 96910 on or before May 8, 2007 at 3 p.m. or (2) is sent by first class mail to the Office of the Clerk of Court, District Court of Guam, 520 West Soledad Avenue, Hagatña, GU 96910 bearing a postmark of May 8, 2007 or earlier. Any person requesting exclusion from the class and the Settlement Agreement must request exclusion from the class and the settlement in their entirety, and not just as to particular claim(s) for particular tax year(s). If you submit a request for exclusion that does not comply with these requirements, your request will be deemed invalid, and you will not be excluded from the Class.

D.    **Retain Your Own Attorney and Seek Intervention.** You have the right to consult and/or retain an attorney of your choice, at your own expense, to advise you regarding the Settlement and your rights in connection with the Settlement. You also have the right, either personally or through an attorney retained by you, at your own expense, to seek to intervene in the Litigation. Any such motion must be filed no later than May 15, 2007.

VIII.    **FAIRNESS HEARING**

A.    **Time, Place, and Purpose of Hearing.** A Fairness Hearing will be held on Friday, July 6, 2007 at 10 a.m. before the District Court of Guam, 520 West Soledad Avenue, Hagatña, GU 96910, to determine: (1) Whether the proposed settlement of the Litigation on the terms set forth in the Settlement Agreement is fair, reasonable, and adequate for the Class as a whole and should be granted final approval; (2) Whether the certification of the Class should be made final; (3) Whether the Court should enter the proposed judgment dismissing the Litigation with prejudice; and (4) Whether the Court should grant the application of Plaintiffs' Counsel for attorneys' fees and reimbursement of expenses, and, if so, in what amount.

B.    **Procedures for Objecting to or Commenting in Support of Settlement**

1.    **Written Objections or Comments.** If you have not requested exclusion from the Class, you, or an attorney retained by you, may file with the Office of the Clerk of Court, District Court of Guam, 520 West Soledad Avenue, Hagatña, GU 96910 a statement objecting to or commenting on the settlement and/or the motion for attorneys' fees on or before June 22, 2007. Such statement must also be served upon all counsel in the litigation who are: (1) Phillips & Bordallo, P.C. 410 West O'Brien Drive, Suite 102, Hagatña, Guam 96910; (2) Lujan Aguigui & Perez LLP, 300 Pacific News Building, Hagatña, Guam 96910; (3) Shannon Taitano, Esq. Legal Counsel, Office of the Governor, Ricardo J. Bordallo Governor's Complex, Adelup, P.O. Box 2950, Hagatña, GU 96932; (4) Calvo & Clark, LLP, 655 South Marine Corps Drive, Suite 202, Tamuning, Guam 96913; and (5) Mantanona Law Office, Suite 601B, GCIC Bldg., 414 W Soledad Ave., Hagatña, Guam 96910.

2.    **Presentation of Objections and Supporting Comments at Fairness Hearing.** You may also attend the Fairness Hearing, either personally or through an attorney retained by you, at your own expense, and ask to be heard by the Court on your comments or objections. If you wish to do so, you must submit your objections or comments in writing in compliance with section VIII(B)(1) above and include in your comments a statement that you intend to appear and wish to attend the Fairness Hearing.

IX.    **ADDITIONAL INFORMATION**

A.    **Rescission of Previous Settlement.** Previously, Respondents had entered into a $60 million settlement agreement dated June 14, 2004 with Plaintiff Santos and published a notice regarding this settlement, which had received preliminary but not final Court approval. This settlement would have covered some, but not all, of the Members of the Class identified herein. As part of the new settlement, Plaintiff Santos and her counsel and Respondents have agreed to rescind the previous settlement, which is no longer in effect. It is possible that Class Members under the new settlement will receive more, less, or be unaffected by the new settlement. If Respondents have failed to reserve at least $15 million for the payment of claims under the Settlement Agreement described in this Notice by the time the Agreement is subject to the Fairness Hearing, Plaintiffs have the right to terminate the Settlement Agreement which then shall be void and of no effect, and the June 14, 2004 Settlement shall be returned to effect, subject to all previously pending motions.

B.    **Notice of Related Pending Litigation.** There is one other case pending in the District Court of Guam that seeks to establish a class action regarding classes of persons similar to, and overlapping with the Class identified herein. It is entitled Simpao, et al. vs. Govt. of Guam. Dist. of Guam Civ. Case No. CV04-00049 (the "Other Litigation.") No class has yet been certified in the Other Litigation and the defendants in those cases oppose class certification. However, it is possible that if a Class Member requests exclusion from this Class, they could later be able to become part of the Other Litigation either by moving to join that Other Litigation or by becoming class members, should that case be certified as a class action. It is not known what the final outcome of the Other Litigation will be. In Simpao, the Court has held that the EIC applies to Guam and that filing a tax return establishes jurisdiction over those plaintiffs' claims. It is possible that by moving to join or by becoming part of a class in that case (if a motion for joinder or class certification were granted), a potential Class Member would ultimately receive less, more, or the same relief as they would receive by remaining a Class Member in this Litigation or would possibly receive no relief at all. Class Members who do not request exclusion under the procedures set forth in Section VII(C) above will be barred forever from being part of the Other Litigation either as class members or by moving to join that case.

C.    **Effect of Court Disapproval.** If the Court refuses to grant final class certification or final approval of the Settlement Agreement after the Fairness Hearing, or refuses to enter the final judgment, the Settlement shall be rendered void and of no effect and any class certification shall be vacated.

D.    **Questions.** Any questions regarding the Settlement should be directed to Plaintiffs' counsel, Phillips & Bordallo, P.C. 410 West O'Brien Drive, Suite 102, Hagatña, Guam 96910, or Lujan Aguigui & Perez LLP, 300 Pacific News Building, Hagatña, Guam 96910. You also can contact Plaintiffs' Counsel by email at mphillips@phillipsbordallo.com or ica@lujanaguiguiperez.com. Please do not submit questions to the Court. Copies of the Settlement Agreement and the pleadings and other documents filed in the Litigation and the Other Litigation are on file at the District Court of Guam and may be examined and copied during regular office hours at the Office of the Clerk of Court, District Court of Guam, 520 West Soledad Avenue, Hagatña, GU 96910.

X.    **DEADLINES**

**Remember:**

- If you wish to be excluded from the class, you must submit a written statement requesting exclusion that either (1) is filed with the Office of the Clerk of Court, District Court of Guam, 520 West Soledad Avenue, Hagatña, GU 96910, on or before May 8, 2007 at 3:00 p.m.; or (2) is mailed by first class mail postmarked on or before May 8, 2007 to: Office of the Clerk of Court, District Court of Guam, 520 West Soledad Avenue, Hagatña, GU 96910.

- If you wish to submit objections or comments, you must file them with the Clerk of Court at the address listed above and serve them on all counsel listed in section VIII(B)(1) above on or before June 22, 2007.

- If you wish to intervene, you must file and serve a motion on or before May 15, 2007.

- The deadline for filing or mailing by first class mail claims for the EIC under the Settlement to DRT for tax years 1995, 1996, 1999, 2000, 2001, 2002, 2003, and 2004 is May 8, 2007.

Dated: January 29, 2007                     BY ORDER OF THE
                                                       DISTRICT COURT OF GUAM

TUESDAY, FEBRUARY 27, 2007 · MARIANAS VARIETY GUAM EDITION

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF GUAM

JULIE BABAUTA SANTOS and CHARMAINE R.
TORRES, on behalf of themselves and a class of
others similarly situated,

              Petitioners,

v.

FELIX P. CAMACHO, etc., et al

              Respondents.

CIVIL CASE NO. 04-00006 and 04-00038

**NOTICE OF PENDENCY AND PROPOSED
SETTLEMENT OF CLASS ACTION**

TO:      **ALL PERSONS WHO CLAIMED OR COULD HAVE CLAIMED AN EARNED INCOME TAX CREDIT
UNDER THE GUAM TERRITORIAL INCOME TAX OR GUAM TERRITORIAL LAW FOR TAX YEARS 1995, 1996,
1999, 2000, 2001, 2002, 2003, OR 2004; AND
ALL PERSONS WHO FILED AN EARNED INCOME TAX CREDIT CLAIM UNDER THE GUAM EARNED
INCOME PROGRAM OR THE GUAM TERRITORIAL INCOME TAX FOR TAX YEAR 1997 AND HAVE YET TO
RECEIVE PAYMENT IN FULL FOR TAX YEAR 1997; AND
ALL PERSONS WHO FILED AN EARNED INCOME TAX CREDIT CLAIM UNDER THE GUAM EARNED
INCOME PROGRAM OR THE GUAM TERRITORIAL INCOME TAX FOR TAX YEAR 1998 AND HAVE YET TO
RECEIVE PAYMENT IN FULL FOR TAX YEAR 1998.**

The above-captioned proceeding (the Litigation) is pending before the District Court of Guam (the Court). In the Litigation, Julie B. Santos and Charmaine R. Torres (the Plaintiffs) claim that they and other Guam taxpayers have been denied the right to file claims for earned income tax credit (the EIC) and have been denied the right to receive a refund of the EIC. The tax years covered by the Litigation are 1995 to 2004. The Respondents in the Litigation are the Government of Guam (the Government), Governor Felix P. Camacho, Director of Administration Lourdes M. Perez, and Director of Revenue & Taxation Artemio B. Ilagan (collectively Respondents). They have filed pleadings denying the claims and asserting various affirmative defenses.

The Court has conditionally ruled that the Litigation may be maintained on behalf of the following Class:

All persons who do not elect to request exclusion from the class under the procedures described below and (1) were subject to the Guam Territorial Income Tax (GTIT) established in 48 U.S.C. § 1421i for tax years 1995-1996 and/or 1999-2004 and would have been eligible to file for the EIC established in 26 U.S.C. § 32 (as it applied in each respective tax year) if that program were applied in the Territory of Guam, and filed a timely tax return for the applicable tax year or year(s) in which the credit is sought; and/or (2) were eligible to receive an EIC credit under certain Guam territorial laws for tax years 1995-1996 and/or 1999-2004 that mirrored the federal EIC law (26 U.S.C. § 32) including the Guam Earned Income Program (Chapter 42 of 11 G.C.A.) and filed a timely tax return for the applicable tax year or year(s) in which the credit is sought; and/or (3) actually filed a claim for the EIC with DRT for tax year 1998 under the GTIT or Guam Earned Income Program (Chapter 42 of 11 G.C.A.) or before April 15, 2002, and have not yet received full payment for that claim and/or (4) actually filed a claim for the EIC with DRT for tax year 1997 under the GTIT or Guam Earned Income Program (Chapter 42 of 11 G.C.A.) or before April 16, 2001 and have not yet received full payment for that claim

This definition of persons who fall within or are excluded from the Class is referred to in this Notice as the 'Class Definition.'

**I.    PURPOSE OF THIS NOTICE**

The purpose of this notice is to inform you, as a potential member of the Class, of (a) the existence of the Litigation, (b) the proposed Class Action Settlement of the Litigation described below, and (c) your rights with respect to the proposed Settlement. Those rights include the right to be excluded from the Class and the Settlement. If you are a Class Member and do not request exclusion in compliance with the procedures and deadline stated below, you will remain in the Class and be bound by the Settlement terms.

Plaintiffs' Counsel has investigated and evaluated the claims asserted in the Litigation and has determined that the proposed Settlement is fair, reasonable, and adequate for the Class as a whole, in light of the benefits of the Settlement and the disadvantages of continuing the Litigation. The proposed Settlement is a compromise of disputed claims and does not mean that Respondents admit liability

**II.    SETTLEMENT BENEFITS FOR CLASS MEMBERS**

If the Court approves the Settlement, Respondents will make payments totaling up to $90 million for tax years 1995-96 and 1998-2004 to the Class Members to resolve their EIC claims. Tax year 1997 will be paid separately as stated below. Class Members will not receive interest on their EIC claims (except as to tax year 1997) and are waiving any right to interest on their EIC claims (except as to tax year 1997). The payment will be divided among Class Members as follows:

**A.    Tax Year 1997:** The Government will pay the EIC Class 100% of any remaining amount owed for tax year 1997 together with any interest, on the same terms as it has paid previous tax year 1997 claims.

**B.    Tax Year 1998:** The Government will pay the EIC Class not more than $15 million for their EIC claims for tax year 1998. This amount shall be divided proportionally among each claimant found eligible for the EIC by the Guam Department of Revenue & Taxation (DRT) based on the value of his or her claim up to 100%. Remaining amounts, if any, shall be utilized to fund claims for tax years 1995, 1996, 1999, & 2000 as stated below

**C.    Tax Years 1995, 1996, 1999, & 2000:** The Government will pay the EIC Class not more than $15 million for their EIC claims for tax years 1995, 1996, 1999 and 2000 (combined) together with any remainder from the payment for tax year 1998. This amount shall be divided proportionally among each claimant found eligible for the EIC by DRT based on the value of his or her claim up to 100%. Remaining amounts, if any, shall be utilized to fund claims for tax year 2001 as stated below

**D.    Tax Year 2001:** The Government will pay the EIC Class not more than $15 million for their EIC claims for tax year 2001 together with any remainder from the payment for tax years 1995, 1996, 1999 and 2000 (combined). This amount shall be divided proportionally among each claimant found eligible for the EIC by DRT based on the value of his or her claim up to 100%. Remaining amounts, if any, shall be utilized to fund claims for tax year 2002 as stated below

**E.    Tax Year 2002:** The Government will pay the EIC Class not more than $15 million for their EIC claims for tax year 2002, together with any remainder from the payment for tax year 2001. This amount shall be divided proportionally among each claimant found eligible for the EIC by DRT based on the value of his or her claim up to 100%. Remaining amounts, if any, shall be utilized to fund claims for tax year 2003 as stated below.

**F.    Tax Year 2003:** The Government will pay the EIC Class not more than $15 million for their EIC claims for tax year 2003, together with any remainder from the payment for tax year 2002. This amount shall be divided proportionally among each claimant found eligible for the EIC by DRT based on the value of his or her claim up to 100%. Remaining amounts, if any, shall be utilized to fund claims for tax year 2004 as stated below.

**G.    Tax Year 2004:** The Government will pay the EIC Class not more than $15 million for their EIC claims for tax year 2004, together with any remainder from the payment for tax year 2003. This amount shall be divided proportionally among each claimant found eligible for the EIC by DRT based on the value of his or her claim up to 100%. Remaining amounts, if any, shall be utilized to fund tax refunds and the EIC in tax year 2005 and future tax years.

**H.    Payment of EIC Claims in Future Tax Years:** If the Settlement is approved by the Court as described below, the Government has agreed to pay the EIC to all qualifying persons in tax year 2005 and future tax years. Persons who do not have to be Class Members to receive this benefit.

**III.    CLAIMS PROCESS & DEADLINES**

**A.    Deadlines for Submitting a Claim (Except as to Tax Year 1997 and 1998).** The deadlines for Class Members to submit EIC claims for tax years 1995, 1996, 1999, 2000, 2001, 2002, 2003 and 2004 is May 8, 2007. No new claims are being accepted for tax years 1997 and 1998

**B.    Submit a Claim by Filing Form EIC-GU (Except as to Tax Year 1997 and 1998).** To submit a claim as a Class Member, you must submit the Form EIC-GU applicable to each year in which you wish to make a claim. Claims must be filed with DRT or mailed to DRT on or before the deadline for the applicable tax year stated above. Form EIC-GU can be found at DRT and at other locations where Guam tax forms ordinarily are available. It also can be viewed and printed on-line at http://www.GovGuamdocs.com

**C.    Tax Return Required For Each Year.** For tax years 1995-2002, you must have already filed a tax return in a year to be eligible to file an EIC claim for that particular year. If you have not previously submitted a tax return (e.g. a Form 1040, 1040A, or 1040EZ) for tax year 2003 or tax year 2004 and you wish to make an EIC claim for one or both of those years, you must submit a tax return for the applicable year(s) along with submitting a Form EIC-GU to make a claim. As to tax year 2003, no new tax returns will be accepted after April 16, 2007 even though the time to file an EIC claim does not expire until May 8, 2007. If you already submitted a tax return for a tax year, you do not need to file a new tax return. However, you can amend the return if you wish anytime within three years of when that return was first due. If more than three years have passed since that return was first due, you will not be able to amend it.

**D.    Persons Who Already Filed Form EIC-GU.** If you already submitted a Form EIC-GU for a tax year covered by the Litigation and the proposed Settlement, you do not need to file a new Form EIC-GU for that tax year. However, you may file a new Form EIC-GU within the time otherwise provided to file a claim if you wish to amend your previous filing or to correct an incomplete or defective Form EIC-GU filing. If you have already filed a Form EIC-GU, you will be included within the Class unless you request exclusion under the procedures and deadlines set forth below.

**E.    Procedures Governing Tax Year 1997.** To be eligible to receive any payment under the Settlement for tax year 1997, Class Members must have filed a claim for the EIC under the GTIT or the Guam Earned Income Program for tax year 1997 on or before April 16, 2001. No new or amended tax returns for tax year 1997 will be accepted. If you already filed a tax year 1997 EIC claim as stated herein, and you have not yet been paid in full for that claim, you will be included within the Class unless you request exclusion under the procedures and deadlines set forth below

**F.    Procedures Governing Tax Year 1998.** To be eligible to receive any payment under the Settlement for tax year 1998, Class Members must have filed a claim for the EIC under the GTIT or the Guam Earned Income Program for tax year 1998 on or before April 15, 2002. No new or amended tax returns for tax year 1998 will be accepted. If you already filed a tax year 1998 EIC claim as stated herein, and you have not yet been paid in full for that claim, you will be included within the Class unless you request exclusion under the procedures and deadlines set forth below

**G.    Processing of Claims and Governing Laws.** Once submitted, all EIC claims will be processed by the DRT, which shall apply all laws that ordinarily apply to tax refund claims except as otherwise provided in the Settlement. Claims are still subject to an audit, and claims will be denied if found to be invalid under the federal and local laws governing EIC eligibility for each respective tax year. False or inaccurate EIC claims shall remain subject to applicable penalties permitted by federal or territorial law, including reducing or denying an EIC claim or assessing fines or other civil or criminal sanctions. If it is found that you intentionally or recklessly submitted a false claim you can be barred from receiving the EIC in future years beginning with tax year 1997 pursuant to 26 U.S.C. § 32(k), a federal statute that applies to all claims for the EIC beginning January 1, 1997

**H.    Application of Offsets.** If a claimant is found eligible for the EIC, Respondents shall retain the right to offset the amount of an EIC claim as provided for GTIT refunds in general by 26 U.S.C. § 6402. If your claim is subject to an offset, you will be notified regarding whom the offset amount has been paid to.

**I.    Right to Contest Particular Determinations.** With regard to any denial of a particular EIC claim or any assessment of any civil or criminal penalties, you shall maintain the right to challenge such a determination through an administrative and judicial processes afforded under federal or territorial law to a taxpayer as to any tax refund claim

**IV.    WHEN CLAIMS WILL BE PAID**

**A.    Funding (except as to Tax Year 1997).** The Government has agreed to reserve at least fifteen percent (15%) of all amounts it places into the accounts it uses to pay general tax refunds to pay for the $90 million settlement payment. It is not known exactly how fast money will be reserved. But, the Respondents have already commenced reserving money and Respondents will be supplying monthly reports to the Court and Plaintiffs' Counsel regarding how much money has been reserved so that the Court can monitor compliance with the Settlement. Further, Respondents can utilize other funding should it become available to speed payment.

**B.    Funding (as to Tax Year 1997).** The Government has agreed to pay remaining EIC claims for tax year 1997 (most such claims having already been paid) from a reserved amount of $500,000.00 that is currently in the accounts the Government uses to pay general tax refunds. It has further warranted that this amount has been calculated by DRT to be sufficient to pay all outstanding 1997 claims. In the event that such reserved amount is insufficient to payment all outstanding 1997 claims the Government shall utilize other funding sources permitted by law to pay all remaining 1997 claims.

**C.    Order of Payments.** As money is reserved, and only after final approval of the settlement and entry of the judgment by the Court, claims will be paid in the following order: (1) claims for tax years 1997 and 1998 (except as tax year 1997 and 1998 claims have been subject to 'early' payment as described below); (2) claims for tax years 1995, 1996, 1999, and 2000 (collectively); (3) claims for tax year 2001; (4) claims for tax year 2002; (5) claims for tax year 2003; and (6) claims for tax year 2004. Within each tax year, claims will be paid in the order submitted to DRT

**15**

**D.  Timely Processing of Claims.**  On or before April 2, 2007 DRT will have processed all claims for tax years 1997 and 1998.  On or before July 9, 2007  DRT will have processed all claims for tax years 1995, 1996, 1999, 2000, and 2001.  On or before September 5, 2007  DRT will have processed all claims for tax years 2002, 2003, and 2004.  After the completion of the periods for processing claims for each respective tax year, DRT will calculate the total amount of claims it has found to be valid for that respective tax year and calculate the percentage of each claim that shall be paid (up to 100%).  DRT will then certify the claims and percentage amounts that should be paid pursuant to the provisions of the Settlement.  DRT does retain the right to make individual hardship exceptions to the priority of payments based on standard pre-existing DRT policies and procedures.  If your claim is denied or selected for an audit, and it is later determined in a judicial or administrative process that your claim was valid and should be paid, you will receive the same proportional payment of the amount found to be validly claimed as is paid to class members for that same tax year.

**E.  "Early" Payment of 1997 and 1998 Claims.**  The Court has authorized the Government to pay certain claims prior to final approval of the Settlement on the terms explained below.  If you are eligible to receive an "early" payment, you also will receive a separate notice that you should review carefully prior to accepting or depositing the check

1  Once all claims for 1997 are processed, the Government shall pay the full value of all 1997 tax year claims by issuing a check payable to each eligible Class Member in full.

2  Once all claims for tax year 1998 are processed, the Government shall pay two-thirds of the $15 million for tax year 1998 (in other words, $10 million) to each eligible Class Members who has a valid claim for tax year 1998.  The Government shall do this by issuing a check payable to each eligible Class Member that represents 66.6% of that member's proportional share of the $15 million devided by the Settlement for tax year 1998.  This means that if you are eligible to receive a payment for tax year 1998, you will receive 66.6% of your payment under the terms of the Settlement prior to final approval of the Settlement.  The remaining 33.4% will only be paid after final approval of the Settlement.

3  If you receive an early payment check and cash or deposit it, you will have received and waived your right to opt-out of the Settlement if the Court later grants final approval of the Settlement.  If you cash or deposit such a check, but final approval is denied, you will not be bound by the Settlement.  In the event final approval is denied, the payment shall operate as a payment (based solely on the dollar value actually paid) of a claim for tax year 1997 and/or 1998, should you later be found to have a valid claim for that tax year.  Such payment now is not, and shall not be construed to be, an admission of liability or obligation to pay any present or future claim, except as stated in the Settlement.  If you refuse the payment or fail to deposit a check within sixty days of the date stated on the check, you will retain the right to opt-out of the Settlement prior to final approval based upon the procedures set forth herein.  If you refuse a payment or fail to deposit your check within sixty days of the date stated on the check, but you do not opt-out of the Settlement under the procedures set forth herein, you will still be entitled to payment of your tax year 1997 and/or 1998 claim (if any) upon final approval of the Settlement.

**V.  DISMISSAL OF LITIGATION, ENTRY OF JUDGMENT, RELEASE OF CLAIMS, & COVENANT NOT TO SUE**

**A.  Final Judgment.**  If the Court approves the proposed settlement, it will enter a judgment that will dismiss the Litigation with prejudice as to all Class Members, except those Class Members who request to be excluded.  All people who meet the Class Definition and do not validly and timely request exclusion from the Class will be forever barred from prosecuting their own lawsuits to recover the EIC or obtain related relief regarding the EIC from Respondents for tax years 1995, 1996, 1997, 1998 1999, 2000, 2001 2002, 2003, and 2004

**B.  Release of Claims.**  Further, upon final approval of the Settlement, each and every member of the EIC Class will expressly and irrevocably release, waive, settle, and discharge all claims (whether legal or equitable), demands, actions (whether judicial or administrative), suits, and causes of action, including without limitation those asserted in the Litigation, against the Government of Guam, the Governor of Guam, the Director of the Department of Revenue & Taxation, the Department of Revenue & Taxation, the Director of the Department of Administration, the Department of Administration, and their employees, officers, agencies, representatives, independent contractors, representatives, attorneys, and agents, whether in their individual or official capacities, with regard to claims for payment of the EIC under federal or Guam territorial law in tax years 1995, 1996, 1997, 1998, 1999, 2000, 2001, 2002, 2003, and 2004, or any refusal to accept or pay such claims or to implement any government programs with regard to such claims.  Such release and discharge includes all such claims whether known, unknown, asserted, unasserted, suspected, or unsuspected.  With regard to the release of claims, each and every member of the EIC Class expressly waives their rights under 18 G.C.A. § 82602 or principle of common or civil law that is similar to or analogous to 18 G.C.A. § 82602, which provides: "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR."

**C.  Covenant Not to Sue.**  Also upon final approval of the Settlement, the EIC Class separately covenants not to sue the Government of Guam, the Governor of Guam, the Director of Revenue & Taxation, the Department of Revenue & Taxation, the Director of the Department of Administration, the Department of Administration, and their employees, officers, agencies, instrumentalities, independent contractors, representatives, attorneys, and agents, whether in their individual or official capacities, with regard to claims for payment of the EIC under federal or Guam territorial law in tax years 1995, 1996, 1997, 1998, 1999, 2000, 2001, 2002, 2003, and 2004, or any refusal to accept or pay such claims or to implement any government programs with regard to such claims

**D.  Limitations.**  The general release and covenant not to sue stated above shall not be construed to preclude any Class Member from challenging through the administrative and/or judicial procedures that govern ordinary tax refund claims a particular determination as to (1) the existence and/or value of their particular EIC claim(s) for tax years 1995-2004 by DRT, (2) any amount of off-set or other adjustment made to their EIC claims by DRT (including without limitation by way of audit, penalty, intercept program, or off-set)  The general release and covenant not to sue stated above exclude any future claims alleging solely a breach of this Settlement Agreement

**VI.  COSTS, EXPENSES, AND ATTORNEYS' FEES**

Respondents have agreed to pay all costs of mailing and publishing this Notice and administering the Settlement  Plaintiffs' counsel has filed a motion asking that if the Court approves the proposed settlement, the Court award ten percent (10%) of the settlement amount of $90 million as attorneys' fees payable to Plaintiffs' counsel.  They have also asked that their non-taxable costs incurred in prosecution of this case be paid from the $90 million.  The Court will ultimately decide the amount of attorneys' fees and costs, if any, to award.  If you are a Class Member, you may submit written comments supporting, objecting, or commenting on the award of attorneys' fees and costs, and ask to be heard by the Court regarding this issue, in compliance with the procedures set forth in Section VIII(B). below

**VII.  RIGHTS AND OPTIONS OF CLASS MEMBERS**

**A.  Remain a Class Member.**  If you do not request exclusion from the Class, you will remain a Class Member.  On July 17, 2004  the Court appointed counsel for Plaintiff Santos, Attorney Michael Phillips, Esq. of the law firm of Phillips & Bordallo, P.C.  410 West O'Brien Drive, Suite 102, Hagatña, Guam 96910 as Interim Class Counsel  Plaintiff Torres is represented by Ignacio C. Aguigui, Esq., Lujan Aguigui & Perez LLP, 300 Pacific News Building, Hagatña, Guam 96910  Subject to the Court's final appointment of Class Counsel, the Plaintiffs and their counsel will represent your interests in connection with the proposed Settlement.  If the Court approves the Settlement and the judgment becomes final, you will be entitled to the benefits described in Section II. above  As a Class Member, you will be bound by any judgment or other disposition of the Litigation, even if you do not submit a claim or take advantage of any of the benefits of the Settlement.  Furthermore, you and your heirs, executors, administrators, successors, and assigns will be deemed to have agreed to the terms of the release and covenant not to sue described in Section V above

**B.  Objections to or Comments on the Settlement.**  As a Class Member, you have the right to object to or comment on the proposed Settlement or the motion for attorneys' fees and costs  The procedures for doing so are explained in Section VIII(B) below

**C.  Request Exclusion.**  You have the right to request exclusion from the Class.  If you request exclusion from the Class, you will not be bound by any judgment or settlement of the Litigation, you will not receive the benefits of the Settlement, and you will not be able to object to or comment in support of the Settlement.  If you wish to be excluded from the Class you must submit a signed, written statement requesting exclusion that either  (1) is filed with the Office of the Clerk of Court, District Court of Guam, 520 West Soledad Avenue, Hagatña, GU 96910 on or before May 8, 2007 at 3 p.m.  or (2) is sent by first class mail to the Office of the Clerk of Court, District Court of Guam, 520 West Soledad Avenue, Hagatña, GU 96910 bearing a postmark of May 8, 2007 or earlier  Any person requesting exclusion from the class and the Settlement Agreement must request exclusion from the class and the settlement in their entirety, and not just as to particular claim(s) for particular tax year(s)  If you submit a request for exclusion that does not comply with these requirements, your request will be deemed invalid and you will not be excluded from the Class

**D.  Retain Your Own Attorney and Seek Intervention.**  You have the right to consult and/or retain an attorney of your choice, at your own expense to advise you regarding the Settlement and your rights in connection with the Settlement.  You also have the right, either personally or through an attorney retained by you at your own expense to seek to intervene in the Litigation  Any such motion must be filed no later than May 15, 2007

**VIII.  FAIRNESS HEARING**

**A.  Time, Place, and Purpose of Hearing.**  A Fairness Hearing will be held on Friday, July 6, 2007 at 10 a.m.  before the District Court of Guam, 520 West Soledad Avenue, Hagatña, GU 96910, to determine  (1) Whether the proposed settlement of the Litigation on the terms set forth in the Settlement Agreement is fair, reasonable, and adequate for the Class as a whole and should be granted final approval  (2) Whether the certification of the Class should be made final  (3) Whether the Court should enter the proposed judgment dismissing the Litigation with prejudice  and (4) Whether the Court should grant the application of Plaintiffs' Counsel for attorneys' fees and reimbursement of expenses, and if so, in what amount

**B.  Procedures for Objecting to or Commenting in Support of Settlement**

**1.  Written Objections or Comments.**  If you have not requested exclusion from the Class, you or an attorney retained by you may file with the Office of the Clerk of Court, District Court of Guam, 520 West Soledad Avenue, Hagatña, GU 96910 a statement objecting to or commenting on the settlement and/or the motion for attorneys' fees on or before June 22, 2007  Such statement must also be served upon all counsel in the litigation, who are  (1) Phillips & Bordallo, P.C., 410 West O'Brien Drive, Suite 102, Hagatña, Guam 96910  (2) Lujan Aguigui & Perez LLP, 300 Pacific News Building, Hagatña, Guam 96910  (3) Shannon Taitano, Esq., Legal Counsel, Office of the Governor, Ricardo J. Bordallo Governor's Complex, Adelup, P.O. Box 2950, Hagatña, GU 96932  (4) Calvo & Clark, LLP, 655 South Marine Corps Drive, Suite 202, Tamuning, Guam 96913, and (5) Manlanona Law Office, Suite 501B, GCIC Bldg, 414 W. Soledad Ave, Hagatña, Guam 96910

**2.  Presentation of Objections and Supporting Comments at Fairness Hearing.**  You may also attend the Fairness Hearing, either personally or through an attorney retained by you at your own expense, and ask to be heard by the Court on your comments or objections  If you wish to do so, you must submit your objections or comments in writing in compliance with section VIII(B)(1) above and include in your comments a statement that you intend to appear and wish to attend the Fairness Hearing

**IX.  ADDITIONAL INFORMATION**

**A.  Rescission of Previous Settlement.**  Previously, Respondents had entered into a $60 million settlement agreement dated June 14, 2004 with Plaintiff Santos and published a notice regarding this settlement, which had received preliminary but not final Court approval.  This settlement would have covered some, but not all of the Members of the Class identified herein.  As part of the new settlement, Plaintiff Santos and her counsel and Respondents have agreed to rescind the previous settlement, which is no longer in effect.  It is possible that Class Members under the new settlement will receive more, less, or be unaffected by the new settlement.  If Respondents have failed to reserve at least $15 million for the payment of claims under the Settlement Agreement described in this Notice by the time the Agreement is subject to the Fairness Hearing, Plaintiffs have the right to terminate the Settlement Agreement, which then shall be void and of no effect  and the June 14, 2004 Settlement shall be returned to effect subject to all previously pending motions.

**B.  Notice of Related Pending Litigation.**  There is one other case pending in the District Court of Guam that seeks to establish a class action regarding claims of persons similar to, and overlapping with, the Class identified herein.  It is entitled Simpao et al vs. Govt of Guam Dist. of Guam Civ. Case No. CV04-00046 (the "Other Litigation.")  No class has yet been certified in the Other Litigation and the defendants in those cases oppose class certification.  However, it is possible that if a Class Member requests exclusion from this Class, they could later be able to become part of the Other Litigation either by moving to join that Other Litigation or by becoming class members  should that case be certified as a class action  It is not known what the final outcome of the Other Litigation will be  In Simpao the Court has held that the EIC applies to Guam and that hiring a tax return establishes jurisdiction over those plaintiffs claims  It is possible that by moving to join or by becoming part of a class in that case (if a motion for joinder or class certification were granted) a potential Class Member would ultimately receive less, more, or the same relief as they would receive by remaining a Class Member in the Litigation  or would possibly receive no relief at all  Class Members who do not request exclusion under the procedures set forth in Section VII(C) above will be barred forever from being part of the Other Litigation either as class members or by moving to join that case

**C.  Effect of Court Disapproval.**  If the Court refuses to grant final class certification or final approval of the Settlement Agreement after the Fairness Hearing  or refuses to enter the final judgment  the Settlement shall be rendered void and of no effect and any class certification shall be vacated

**D.  Questions.**  Any questions regarding the Settlement should be directed to Plaintiffs' counsel  Phillips & Bordallo P.C. 410 West O'Brien Drive Suite 102, Hagatña, Guam 96910 or Lujan Aguigui & Perez LLP  300 Pacific News Building Hagatña, Guam 96910  You also can contact Plaintiffs' Counsel by email at mphillips@philipsbordallo.com or ica@lujanaguiguiperez.com  Please do not submit questions to the Court.  Copies of the Settlement Agreement and the pleadings and other documents filed in the Litigation and the Other Litigation are on file at the District Court of Guam and may be examined and copied during regular office hours at the Office of the Clerk of Court  District Court of Guam, 520 West Soledad Avenue, Hagatña, GU 96910

**X.  DEADLINES**

**Remember:**

- If you wish to be excluded from the class, you must submit a written statement requesting exclusion that either (1) is filed with the Office of the Clerk of Court, District Court of Guam, 520 West Soledad Avenue, Hagatña, GU 96910, on or before May 8, 2007 at 3:00 p.m.; or (2) is mailed by first class mail postmarked on or before May 8, 2007 to: Office of the Clerk of Court, District Court of Guam, 520 West Soledad Avenue, Hagatña, GU 96910.
- If you wish to submit objections or comments, you must file them with the Clerk of Court at the address listed above and serve them on all counsel listed in section VIII(B)(1) above on or before June 22, 2007.
- If you wish to intervene, you must file and serve a motion on or before May 15, 2007.
- The deadline for filing or mailing by first class mail claims for the EIC under the Settlement to DRT for tax years 1995, 1996, 1999, 2000, 2001, 2002, 2003, and 2004 is May 8, 2007.

Dated  January 29, 2007

BY ORDER OF THE
DISTRICT COURT OF GUAM

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF GUAM

THURSDAY, MARCH 01, 2007 - MARIANAS VARIETY GUAM EDITION

JULIE BABAUTA SANTOS and CHARMAINE R.
TORRES, on behalf of themselves and a class of
others similarly situated,

                 Petitioners,

       v.

FELIX P. CAMACHO, etc., et. al

           Respondents.

CIVIL CASE NO. 04-00006 and 04-00038

**NOTICE OF PENDENCY AND PROPOSED
SETTLEMENT OF CLASS ACTION**

**TO:**    **ALL PERSONS WHO CLAIMED OR COULD HAVE CLAIMED AN EARNED INCOME TAX CREDIT UNDER THE GUAM TERRITORIAL INCOME TAX OR GUAM TERRITORIAL LAW FOR TAX YEARS 1995, 1996, 1999, 2000, 2001, 2002, 2003, OR 2004; AND**

            **ALL PERSONS WHO FILED AN EARNED INCOME TAX CREDIT CLAIM UNDER THE GUAM EARNED INCOME PROGRAM OR THE GUAM TERRITORIAL INCOME TAX FOR TAX YEAR 1997 AND HAVE YET TO RECEIVE PAYMENT IN FULL FOR TAX YEAR 1997; AND**

            **ALL PERSONS WHO FILED AN EARNED INCOME TAX CREDIT CLAIM UNDER THE GUAM EARNED INCOME PROGRAM OR THE GUAM TERRITORIAL INCOME TAX FOR TAX YEAR 1998 AND HAVE YET TO RECEIVE PAYMENT IN FULL FOR TAX YEAR 1998.**

The above-captioned proceeding (the "Litigation") is pending before the District Court of Guam (the "Court"). In the Litigation Julie B. Santos and Charmaine R. Torres (the "Plaintiffs") claim that they and other Guam taxpayers have been denied the right to file claims for earned income tax credit (the "EIC"), and have been denied the right to receive a refund of the EIC. The tax years covered by the Litigation are 1995 to 2004. The Respondents in the Litigation are the Government of Guam (the "Government"), Governor Felix P. Camacho, Director of Administration Lourdes M. Perez, and Director of Revenue & Taxation Artemio B. Ilagan (collectively "Respondents"). They have filed pleadings denying the claims and asserting various affirmative defenses.

The Court has conditionally ruled that the Litigation may be maintained on behalf of the following Class:

All persons who do not elect to request exclusion from the class under the procedures described below and (1) were subject to the Guam Territorial Income Tax ("GTIT") established in 48 U.S.C. § 1421i for tax years 1995-1996 and/or 1999-2004 and would have been eligible to file for the EIC established in 26 U.S.C. § 32 (as it applied in each respective tax year) if that program were applied in the Territory of Guam, and filed a timely tax return for the applicable tax year or year(s) in which the credit is sought; and/or (2) were eligible to receive an EIC credit under certain Guam territorial laws for tax years 1995-1996 and/or 1999-2004 that mirrored the federal EIC law (26 U.S.C. § 32), including the Guam Earned Income Program (Chapter 42 of 11 G.C.A.); and filed a timely tax return for the applicable tax year or year(s) in which the credit is sought; and/or (3) actually filed a claim for the EIC with DRT for tax year 1998 under the GTIT or Guam Earned Income Program (Chapter 42 of 11 G.C.A.) on or before April 15, 2002; and have not yet received full payment for that claim; and/or (4) actually filed a claim for the EIC with DRT for tax year 1997 under the GTIT or Guam Earned Income Program (Chapter 42 of 11 G.C.A.) on or before April 16, 2001 and have not yet received full payment for that claim.

This definition of persons who fall within or are excluded from the Class is referred to in this Notice as the "Class Definition."

**I.    PURPOSE OF THIS NOTICE**

The purpose of this notice is to inform you as a potential member of the Class of: (a) the existence of the Litigation; (b) the proposed Class Action Settlement of the Litigation described below; and (c) your rights with respect to the proposed Settlement. Those rights include the right to be excluded from the Class and the Settlement. If you are a Class Member and do not request exclusion in compliance with the procedures and deadline stated below, you will remain in the Class and be bound by the Settlement terms.

Plaintiffs' Counsel has investigated and evaluated the claims asserted in the Litigation and has determined that the proposed Settlement is fair, reasonable and adequate for the Class as a whole, in light of the benefits of the Settlement and the disadvantages of continuing the Litigation. The proposed Settlement is a compromise of disputed claims and does not mean that Respondents admit liability.

**II.    SETTLEMENT BENEFITS FOR CLASS MEMBERS**

If the Court approves the Settlement, Respondents will make payments totaling up to $90 million for tax years 1995-96 and 1999-2004 to the Class Members to resolve their EIC claims. Tax year 1997 will be paid separately as stated below. Class Members will not receive interest on their EIC claims (except as to tax year 1997) and are waiving any right to interest on their EIC claims (except as to tax year 1997). The payment will be divided among Class Members as follows:

**A.    Tax Year 1997:** The Government will pay the EIC Class' 100% of any remaining amount owed for tax year 1997 together with any interest on the same terms as it has paid previous tax year 1997 claims.

**B.    Tax Year 1998:** The Government will pay the EIC Class not more than $15 million for their EIC claims for tax year 1998. This amount shall be divided proportionally among each claimant found eligible for the EIC by the Guam Department of Revenue & Taxation ("DRT") based on the value of his or her claim, up to 100%. Remaining amounts, if any, shall be utilized to fund claims for tax years Tax Years 1995, 1996, 1999, & 2000 as stated below.

**C.    Tax Years 1995, 1996, 1999, & 2000:** The Government will pay the EIC Class not more than $15 million for their EIC claims for tax years 1995, 1996, 1999, and 2000 (combined), together with any remainder from the payment for tax year 1998. This amount shall be divided proportionally among each claimant found eligible for the EIC by DRT based on the value of his or her claim, up to 100%. Remaining amounts, if any, shall be utilized to fund claims for tax year 2001 as stated below.

**D.    Tax Year 2001:** The Government will pay the EIC Class not more than $15 million for their EIC claims for tax year 2001, together with any remainder from the payment for tax years 1995, 1996, 1999, and 2000 (combined). This amount shall be divided proportionally among each claimant found eligible for the EIC by DRT based on the value of his or her claim, up to 100%. Remaining amounts, if any, shall be utilized to fund claims for tax year 2002 as stated below.

**E.    Tax Year 2002:** The Government will pay the EIC Class not more than $15 million for their EIC claims for tax year 2002, together with any remainder from the payment for tax year 2001. This amount shall be divided proportionally among each claimant found eligible for the EIC by DRT based on the value of his or her claim, up to 100%. Remaining amounts, if any, shall be utilized to fund claims for tax year 2003 as stated below.

**F.    Tax Year 2003:** The Government will pay the EIC Class not more than $15 million for their EIC claims for tax year 2003, together with any remainder from the payment for tax year 2002. This amount shall be divided proportionally among each claimant found eligible for the EIC by DRT based on the value of his or her claim, up to 100%. Remaining amounts, if any, shall be utilized to fund claims for tax year 2004 as stated below.

**G.    Tax Year 2004:** The Government will pay the EIC Class not more than $15 million for their EIC claims for tax year 2004, together with any remainder from the payment for tax year 2003. This amount shall be divided proportionally among each claimant found eligible for the EIC by DRT based on the value of his or her claim, up to 100%. Remaining amounts, if any, shall be utilized to fund tax refunds and the EIC in tax year 2005 and future tax years.

**H.    Payment of EIC Claims in Future Tax Years:** If the Settlement is approved by the Court as described below, the Government has agreed to pay the EIC to all qualifying persons in tax year 2005 and future tax years. Persons do not have to be Class Members to receive this benefit.

**III.    CLAIMS PROCESS & DEADLINES**

**A.    Deadlines for Submitting a Claim (Except as to Tax Year 1997 and 1998).** The deadlines for Class Members to submit EIC claims for tax years 1995, 1996, 1999, 2000, 2001, 2002, 2003 and 2004 is May 8, 2007. No new claims are being accepted for tax years 1997 and 1998.

**B.    Submit a Claim by Filing Form EIC-GU (Except as to Tax Year 1997 and 1998).** To submit a claim as a Class Member, you must submit the Form EIC-GU applicable to each year in which you wish to make a claim. Claims must be filed with DRT or mailed to DRT on or before the deadline for the applicable tax year stated above. Form EIC-GU can be found at DRT and at other locations where Guam tax forms ordinarily are available. It also can be viewed and printed on-line at http://www.GovGuamdocs.com.

**C.    Tax Return Required For Each Year.** For tax years 1995-2002, you must have already filed a tax return in a year to be eligible to file an EIC claim for that particular year. If you have not previously submitted a tax return (e.g. a Form 1040, 1040A or 1040EZ) for tax year 2003 or tax year 2004 and you wish to make an EIC claim for one or both of those years, you must submit a tax return for the applicable year(s) along with submitting a Form EIC-GU to make a claim. As to tax year 2003, no new tax returns will be accepted after April 16, 2007, even though the time to file an EIC claim does not expire until May 8, 2007. If you already submitted a tax return for a tax year, you do not need to file a new tax return. However, you can amend the return, if you wish, anytime within three years of when that return was first due. If more than three years have passed since that return was first due, you will not be able to amend it.

**D.    Persons Who Already Filed Form EIC-GU.** If you already submitted a Form EIC-GU for a tax year covered by the Litigation and the proposed Settlement, you do not need to file a new Form EIC-GU for that tax year. However, you may file a new Form EIC-GU within the time otherwise provided to file a claim if you wish to amend your previous filing or to correct an incomplete or defective Form EIC-GU filing. If you have already filed a Form EIC-GU, you will be included within the Class unless you request exclusion under the procedures and deadlines set forth below.

**E.    Procedures Governing Tax Year 1997.** To be eligible to receive any payment under the Settlement for tax year 1997, Class Members must have filed a claim for the EIC under the GTIT or the Guam Earned Income Program for tax year 1997 on or before April 16, 2001. No new or amended tax returns for tax year 1997 will be accepted. If you already filed a tax year 1997 EIC claim as stated herein, and you have not yet been paid in full for that claim, you will be included within the Class unless you request exclusion under the procedures and deadlines set forth below.

**F.    Procedures Governing Tax Year 1998.** To be eligible to receive any payment under the Settlement for tax year 1998, Class Members must have filed a claim for the EIC under the GTIT or the Guam Earned Income Program for tax year 1998 on or before April 15, 2002. No new or amended tax returns for tax year 1998 will be accepted. If you already filed a tax year 1998 EIC claim as stated herein, and you have not yet been paid in full for that claim, you will be included within the Class unless you request exclusion under the procedures and deadlines set forth below.

**G.    Processing of Claims and Governing Laws.** Once submitted, all EIC claims will be processed by the DRT, which shall apply all laws that ordinarily apply to tax refund claims except as otherwise provided in the Settlement. Claims are still subject to an audit, and claims will be denied if found to be invalid under the federal and local laws governing EIC eligibility for each respective tax year. False or inaccurate EIC claims shall remain subject to applicable penalties permitted by federal or territorial law, including reducing or denying an EIC claim or assessing fines or other civil or criminal sanctions. It is found that you intentionally or recklessly submitted a false claim you can be barred from receiving the EIC in future years beginning with tax year 1997 pursuant to 26 U.S.C. § 32(k), a federal statute that applies to all claims for the EIC beginning January 1, 1997.

**H.    Application of Offsets.** If a claimant is found eligible for the EIC, Respondents shall retain the right to offset the amount of an EIC claim as provided for GTIT refunds in general by 26 U.S.C. § 6402. If your claim is subject to an offset, you will be notified regarding whom the offset amount has been paid for.

**I.    Right to Contest Particular Determinations.** With regard to any denial of a particular EIC claim or any assessment of any civil or criminal penalties, you shall maintain the right to challenge such a determination through all administrative and judicial processes afforded under federal or territorial law to a taxpayer as to any tax refund claim.

**IV.    WHEN CLAIMS WILL BE PAID**

**A.    Funding (except as to Tax Year 1997).** The Government has agreed to reserve at least fifteen percent (15%) of all amounts it places into the accounts it uses to pay general tax refunds to pay for the $90 million settlement payment. It is not known exactly how fast money will be reserved. But the Respondents have already commenced reserving money and Respondents will be supplying monthly reports to the Court and Plaintiffs' Counsel regarding how much money has been reserved so that the Court can monitor compliance with the Settlement. Further, Respondents can utilize other funding sources should it become available to speed payment.

**B.    Funding (as to Tax Year 1997).** The Government has agreed to pay remaining EIC claims for tax year 1997 (most such claims having already been paid) from a reserved amount of $500,000.00 that is currently in the accounts the Government uses to pay general tax refunds. It has further warranted that this amount has been calculated by DRT to be sufficient to pay all outstanding 1997 claims. In the event that such reserved amount is insufficient to payment all outstanding 1997 claims, the Government shall utilize other funding sources permitted by law to pay all remaining 1997 claims.

**C.    Order of Payments.** As money is reserved, and only after final approval of the settlement and entry of the judgment by the Court, claims will be paid in the following order: (1) claims for tax years 1997 and 1998 (except as tax year 1997 and 1998 claims have been subject to "early" payment as described below); (2) claims for tax years 1995, 1996, 1999, and 2000 (collectively); (3) claims for tax year 2001; (4) claims for tax year 2002; (5) claims for tax year 2003; and (6) claims for tax year 2004. Within each tax year, claims will be paid in the order submitted to DRT.

**D. Timely Processing of Claims.** On or before April 2, 2007, DRT will have processed all claims for tax years 1997 and 1998. On or before July 9, 2007, DRT will have processed all claims for tax years 1995, 1996, 1999, 2000, and 2001. On or before September 5, 2007, DRT will have processed all claims for tax years 2002, 2003, and 2004. After the completion of the periods for processing claims for each respective tax year, DRT will calculate the total amount of claims it has found to be valid for that respective tax year and calculate the percentage of each claim that shall be paid (up to 100%). DRT will then certify the claims and percentage amounts that should be paid pursuant to the provisions of the Settlement. DRT does retain the right to make individual hardship exceptions to the priority of payments based on standard pre-existing DRT policies and procedures. If your claim is denied or selected for an audit, and it is later determined in a judicial or administrative process that your claim was valid and should be paid, you will receive the same proportional payment of the amount found to be validly claimed as is paid to class members for that same tax year.

**E. "Early" Payment of 1997 and 1998 Claims.** The Court has authorized the Government to pay certain claims prior to final approval of the Settlement on the terms explained below. If you are eligible to receive an "early" payment, you also will receive a separate notice that you should review carefully prior to accepting or depositing the check.

1 Once all claims for 1997 are processed, the Government shall pay the full value of all 1997 tax year claims by issuing a check payable to each eligible Class Member in the amount owed.

2 Once all claims for tax year 1998 are processed, the Government shall pay two-thirds of the $15 million for tax year 1998 (in other words $10 million) to each eligible Class Members who has a valid claim for tax year 1998. The Government shall do this by issuing a check payable to each eligible Class Member that represents 66.6% of that member's proportional share of the $15 million devoted by the Settlement to tax year 1998. This means that if you are eligible to receive a payment for tax year 1998, you will receive 66.6% of your payment under the terms of the Settlement prior to final approval of the Settlement. The remaining 33.4% will only be paid after final approval of the Settlement.

3 If you receive an "early" payment check and cash or deposit it, you will have released and waived your right to opt out of the Settlement if the Court later grants final approval of the Settlement. If you cash or deposit such a check, but final approval is denied, you will not be bound by the Settlement. In the event final approval is denied, the payment shall operate as a payment (based solely on the dollar value actually paid) of a claim for tax year 1997 and/or 1998, should you later be found to have a valid claim for that tax year. Such payment now is not, and shall not be construed to be, an admission or liability or obligation to pay any present or future claim, except as stated in the Settlement. If you refuse the payment or fail to deposit a check within sixty days of the date stated on the check, you will retain the right to opt out of the Settlement prior to final approval based upon the procedures set forth herein. If you refuse a payment or fail to deposit your check within sixty days of the date stated on the check, but you do not opt out of the Settlement under the procedures set forth herein, you will still be entitled to payment of your tax year 1997 and/or 1998 claim (if any) upon final approval of the Settlement.

**V. DISMISSAL OF LITIGATION, ENTRY OF JUDGMENT, RELEASE OF CLAIMS, & COVENANT NOT TO SUE**

**A. Final Judgment.** If the Court approves the proposed settlement, it will enter a judgment that will dismiss the Litigation with prejudice as to all Class Members, except those Class Members who request to be excluded. All people who meet the Class Definition and do not validly and timely request exclusion from the Class will be forever barred from prosecuting their own lawsuits to recover the EIC or obtain related relief regarding the EIC from Respondents for tax years 1995, 1996, 1997, 1998, 1999, 2000, 2001, 2002, 2003, and 2004.

**B. Release of Claims.** Further, upon final approval of the Settlement, each and every member of the EIC Class will expressly and irrevocably release, waive, settle, and discharge all claims (whether legal or equitable), demands, actions (whether judicial or administrative), suits, and causes of action, including without limitation those asserted in the Litigation against the Government of Guam, the Governor of Guam, the Director of the Department of Revenue & Taxation, the Department of Revenue & Taxation, the Director of the Department of Administration, the Department of Administration, and their employees, officers, agencies, instrumentalities, independent contractors, representatives, attorneys, and agents, whether in their individual or official capacities, with regard to claims for payment of the EIC under federal or Guam territorial law in tax years 1995, 1996, 1997, 1998, 1999, 2000, 2001, 2002, 2003, and 2004, or any refusal to accept or pay such claims or to implement any government programs with regard to such claims. Such release and discharge includes all such claims whether known, unknown, asserted, unasserted, suspected, or unsuspected. With regard to the release of claims, each and every member of the EIC Class expressly waives their rights under 18 G.C.A. § 82602 or principle of common or civil law that is similar to or analogous to 18 G.C.A. § 82602, which provides: "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR."

**C. Covenant Not to Sue.** Also upon final approval of the Settlement, the EIC Class separately covenants not to sue the Government of Guam, the Governor of Guam, the Director of the Department of Revenue & Taxation, the Department of Revenue & Taxation, the Director of the Department of Administration, the Department of Administration, and their employees, officers, agencies, instrumentalities, independent contractors, representatives, attorneys, and agents, whether in their individual or official capacities, with regard to claims for payment of the EIC under federal or Guam territorial law in tax years 1995, 1996, 1997, 1998, 1999, 2000, 2001, 2002, 2003, and 2004, or any refusal to accept or pay such claims or to implement any government programs with regard to such claims.

**D. Limitations.** The general release and covenant not to sue stated above shall not be construed to preclude any Class Member from challenging through the administrative and/or judicial procedures that govern ordinary tax refund claims a particular determination as to: (1) the existence and/or value of their particular EIC claim(s) for tax years 1995-2004 by DRT, (2) any amount of off-set or other adjustment made to their particular EIC claim(s) by DRT (including without limitation by way of audit, penalty, intercept program, or off-set). The general release and covenant not to sue stated above exclude any future claims alleging solely a breach of this Settlement Agreement.

**VI. COSTS, EXPENSES, AND ATTORNEYS' FEES**

Respondents have agreed to pay all costs of mailing and publishing this Notice and administering the Settlement. Plaintiffs' counsel has filed a motion asking that if the Court approves the proposed settlement, the Court award ten percent (10%) of the settlement amount of $90 million as attorneys' fees payable to Plaintiffs' counsel. They have also asked that their non-taxable costs incurred in prosecution of this case be paid from the $90 million. The Court will ultimately decide the amount of attorneys' fees and costs, if any, to award. If you are a Class Member, you may submit written comments supporting, objecting, or commenting on the award of attorneys-fees and costs, and ask to be heard by the Court regarding this issue, in compliance with the procedures set forth in Section VIII(B) below.

**VII. RIGHTS AND OPTIONS OF CLASS MEMBERS**

**A. Remain a Class Member.** If you do not request exclusion from the Class, you will remain a Class Member. On July 17, 2004, the Court appointed counsel for Plaintiff Santos, Attorney Michael Phillips, Esq. of the law firm of Phillips & Bordallo P.C., 410 West O'Brien Drive, Suite 102, Hagatña, Guam 96910 as Interim Class Counsel. Plaintiff Torres is represented by Ignacio C. Aguigui, Esq., Lujan Aguigui & Perez LLP, 300 Pacific News Building, Hagatña, Guam 96910. Subject to the Court's final appointment of Class Counsel, the Plaintiffs and their counsel will represent your interests in connection with the Settlement. If the Court approves the Settlement and the judgment becomes final, you will be entitled to the benefits described in Section II, above. As a Class Member, you will be bound by any judgment or other disposition of the Litigation, even if you do not submit a claim or take advantage of any of the benefits of the Settlement. Furthermore, you and your heirs, executors, administrators, successors, and assigns will be deemed to have agreed to the terms of the release and covenant not to sue described in Section V above.

**B. Objections to or Comments on the Settlement.** As a Class Member, you have the right to object to or comment on the proposed Settlement or the motion for attorneys' fees and costs. The procedures for doing so are explained in Section VIII(B) below.

**C. Request Exclusion.** You have the right to request exclusion from the Class. If you request exclusion from the Class, you will not be bound by any judgment or settlement of the Litigation, you will not receive the benefits of the Settlement, and you will not be able to object to or comment in support of the Settlement. If you wish to be excluded from the Class, you must submit a signed, written statement requesting exclusion that either: (1) is filed with the Office of the Clerk of Court, District Court of Guam, 520 West Soledad Avenue, Hagatña, GU 96910 on or before May 8, 2007 at 3 p.m.; or (2) is sent by first class mail to the Office of the Clerk of Court, District Court of Guam, 520 West Soledad Avenue, Hagatña, GU 96910 bearing a postmark of May 8, 2007 or earlier. Any person requesting exclusion from the class and the Settlement Agreement must request exclusion from the class and the settlement in their entirety and not just as to particular claim(s) for particular tax year(s). If you submit a request for exclusion that does not comply with these requirements, your request will be deemed invalid, and you will not be excluded from the Class.

**D. Retain Your Own Attorney and Seek Intervention.** You have the right to consult and/or retain an attorney of your choice, at your own expense, to advise you regarding the Settlement and your rights in connection with the Settlement. You also have the right, either personally or through an attorney retained by you, at your own expense, to seek to intervene in the Litigation. Any such motion must be filed no later than May 15, 2007.

**VIII. FAIRNESS HEARING**

**A. Time, Place, and Purpose of Hearing.** A Fairness Hearing will be held on Friday July 6, 2007 at 10 a.m., before the District Court of Guam, 520 West Soledad Avenue, Hagatña, GU 96910 to determine: (1) Whether the proposed settlement of the Litigation on the terms set forth in the Settlement Agreement is fair, reasonable, and adequate for the Class as a whole and should be granted final approval; (2) Whether the certification of the Class should be made final; (3) Whether the Court should enter the proposed judgment dismissing the Litigation with prejudice; and (4) Whether the Court should grant the application of Plaintiffs' Counsel for attorneys' fees and reimbursement of expenses; and, if so, in what amount.

**B. Procedures for Objecting to or Commenting in Support of Settlement**

1. **Written Objections or Comments.** If you have not requested exclusion from the Class, you, or an attorney retained by you, may file with the Office of the Clerk of Court, District Court of Guam, 520 West Soledad Avenue, Hagatña, GU 96910 a statement objecting to or commenting on the settlement and/or the motion for attorneys' fees on or before June 22, 2007. Such statement must also be served upon all counsel in the litigation who are: (1) Phillips & Bordallo, P.C. 410 West O'Brien Drive, Suite 102, Hagatña, Guam 96910; (2) Lujan Aguigui & Perez LLP, 300 Pacific News Building, Hagatña, Guam 96910; (3) Shannan Tatiano, Esq. Legal Counsel, Office of the Governor, Ricardo J. Bordallo Governor's Complex, Adelup, P.O. Box 2950, Hagatña, GU 96932; (4) Calvo & Clark, LLP, 655 South Marine Corps Drive, Suite 202, Tamuning, Guam 96913; and (5) Marianna Law Office, Suite 601B, GCIC Bldg, 414 W. Soledad Ave, Hagatña, Guam 96910.

2. **Presentation of Objections and Supporting Comments at Fairness Hearing.** You may also attend the Fairness Hearing, either personally or through an attorney retained by you, at your own expense, and ask to be heard by the Court on your comments or objections. If you wish to do so, you must submit your objections or comments in writing in compliance with section VIII(B)(1) above and include in your comments a statement that you intend to appear and wish to attend the Fairness Hearing.

**IX. ADDITIONAL INFORMATION**

**A. Rescission of Previous Settlement.** Previously, Respondents had entered into a $60 million settlement agreement dated June 14, 2004 with Plaintiff Santos and published a notice regarding this settlement, which had received preliminary, but not final Court approval. This settlement would have covered some, but not all, of the Members of the Class identified herein. As part of the new settlement, Plaintiff Santos and her counsel and Respondents have agreed to rescind the previous settlement, which is no longer in effect. It is possible that Class Members under the new settlement will receive more, less, or be unaffected by the new settlement. If Respondents have failed to reserve at least $15 million for the payment of claims under the Settlement Agreement described in this Notice by the time the Agreement is subject to the Fairness Hearing, Plaintiffs have the right to terminate the Settlement Agreement, which then shall be void and of no effect, and the June 14, 2004 Settlement shall be returned to effect, subject to all previously pending motions.

**B. Notice of Related Pending Litigation.** There is one other case pending in the District Court of Guam that seeks to establish a class action regarding classes of persons similar to, and overlapping with, the Class identified herein. It is entitled Simpao et al. vs. Govt of Guam, Dist of Guam Civ. Case No. CV04-00049 (the 'Other Litigation'). No class has yet been certified in the Other Litigation and the defendants in those cases oppose class certification. However, it is possible that if a Class Member requests exclusion from this Class, they could later be able to become part of the Other Litigation either by moving to join that Other Litigation or by becoming class members should that case be certified as a class action. It is not known what the final outcome of the Other Litigation will be. In Simpao, the Court has held that the EIC applies to Guam and that filing a tax return establishes jurisdiction over those plaintiffs claims. It is possible that by moving to join or by becoming part of a class in that case (if a motion for joinder or class certification were granted), a potential Class Member would ultimately receive less, more, or the same relief as they would receive by remaining a Class Member in this Litigation, or would possibly receive no relief at all. Class Members who do not request exclusion under the procedures set forth in Section VII(C) above will be barred forever from being part of the Other Litigation either as class members or by moving to join that case.

**C. Effect of Court Disapproval.** If the Court refuses to grant final class certification or final approval of the Settlement Agreement after the Fairness Hearing, or refuses to enter the final judgment, the Settlement shall be rendered void and of no effect and any class certification shall be vacated.

**D. Questions.** Any questions regarding the Settlement should be directed to Plaintiffs counsel Phillips & Bordallo P.C., 410 West O'Brien Drive, Suite 102, Hagatña, Guam 96910 or Lujan Aguigui & Perez LLP, 300 Pacific News Building, Hagatña, Guam 96910. You also can contact Plaintiffs Counsel by email at mphillips@phillipsbordallo.com or ica@kuamagaguiguiperez.com. Please do not submit questions to the Court. Copies of the Settlement Agreement and the pleadings and other documents filed in the Litigation and the Other Litigation are on file at the District Court of Guam, and may be examined and copied during regular office hours at the Office of the Clerk of Court, District Court of Guam, 520 West Soledad Avenue, Hagatña, GU 96910.

**X. DEADLINES**

Remember:
- If you wish to be excluded from the class, you must submit a written statement requesting exclusion that either (1) is filed with the Office of the Clerk of Court, District Court of Guam, 520 West Soledad Avenue, Hagatña, GU 96910, on or before May 8, 2007 at 3:00 p.m.; or (2) is mailed by first class mail postmarked on or before May 8, 2007 to: Office of the Clerk of Court, District Court of Guam, 520 West Soledad Avenue, Hagatña, GU 96910.
- If you wish to submit objections or comments, you must file them with the Clerk of Court at the address listed above and serve them on all counsel listed in section VIII(B)(1) above on or before June 22, 2007.
- If you wish to intervene, you must file and serve a motion on or before May 15, 2007.
- The deadline for filing or making by first class mail claims for the EIC under the Settlement to DRT for tax years 1995, 1996, 1999, 2000, 2001, 2002, 2003, and 2004 is May 8, 2007.

Dated January 29, 2007

BY ORDER OF THE
DISTRICT COURT OF GUAM

THURSDAY · MARCH 01, 2007 · MARIANAS VARIETY GUAM EDITION

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF GUAM

TUESDAY, MARCH 06, 2007 - MARIANAS VARIETY GUAM EDITION

JULIE BABAUTA SANTOS and CHARMAINE R.
TORRES, on behalf of themselves and a class of
others similarly situated,

         Petitioners,

     v.

FELIX P. CAMACHO, etc., et. al.

         Respondents.

CIVIL CASE NO. 04-00006 and 04-00038

**NOTICE OF PENDENCY AND PROPOSED
SETTLEMENT OF CLASS ACTION**

TO:      **ALL PERSONS WHO CLAIMED OR COULD HAVE CLAIMED AN EARNED INCOME TAX CREDIT UNDER THE GUAM TERRITORIAL INCOME TAX OR GUAM TERRITORIAL LAW FOR TAX YEARS 1995, 1996, 1999, 2000, 2001, 2002, 2003, OR 2004; AND**

        **ALL PERSONS WHO FILED AN EARNED INCOME TAX CREDIT CLAIM UNDER THE GUAM EARNED INCOME PROGRAM OR THE GUAM TERRITORIAL INCOME TAX FOR TAX YEAR 1997 AND HAVE YET TO RECEIVE PAYMENT IN FULL FOR TAX YEAR 1997; AND**

        **ALL PERSONS WHO FILED AN EARNED INCOME TAX CREDIT CLAIM UNDER THE GUAM EARNED INCOME PROGRAM OR THE GUAM TERRITORIAL INCOME TAX FOR TAX YEAR 1998 AND HAVE YET TO RECEIVE PAYMENT IN FULL FOR TAX YEAR 1998.**

The above-captioned proceeding (the "Litigation") is pending before the District Court of Guam (the "Court"). In the Litigation Julie B. Santos and Charmaine R. Torres (the "Plaintiffs") claim that they and other Guam taxpayers have been denied the right to file claims for earned income tax credit (the "EIC"), and have been denied the right to receive a refund of the EIC. The tax years covered by the Litigation are 1995 to 2004. The Respondents in the Litigation are the Government of Guam (the "Government"), Governor Felix P. Camacho, Director of Administration Lourdes M. Perez, and Director of Revenue & Taxation Artemio B. Ilagan (collectively "Respondents"). They have filed pleadings denying the claims and asserting various affirmative defenses.

The Court has conditionally ruled that the Litigation may be maintained on behalf of the following Class:

All persons who do not elect to request exclusion from the class under the procedures described below and (1) were subject to the Guam Territorial Income Tax ("GTIT") established in 48 U.S.C. § 1421i for tax years 1995-1996 and/or 1999-2004 and would have been eligible to file for the EIC established in 26 U.S.C. § 32 (as it applied in each respective tax year) if that program were applied in the Territory of Guam, and filed a timely tax return for the applicable tax year or year(s) in which the credit is sought, and/or (2) were eligible to receive an EIC credit under certain Guam territorial laws for tax years 1995-1996 and/or 1999-2004 that mirrored the federal EIC law (26 U.S.C. § 32), including the Guam Earned Income Program (Chapter 42 of 11 G.C.A.) and filed a timely tax return for the applicable tax year or year(s) in which the credit is sought, and/or (3) actually filed a claim for the EIC with DRT for tax year 1998 under the GTIT or Guam Earned Income Program (Chapter 42 of 11 G.C.A.) on or before April 15, 2002, and have not yet received full payment for that claim, and/or (4) actually filed a claim for the EIC with DRT for tax year 1997 under the GTIT or Guam Earned Income Program (Chapter 42 of 11 G.C.A.) on or before April 16, 2001 and have not yet received full payment for that claim.

This definition of persons who fall within or are excluded from the Class is referred to in this Notice as the "Class Definition."

**I.    PURPOSE OF THIS NOTICE**

The purpose of this notice is to inform you as a potential member of the Class, of (a) the existence of the Litigation, (b) the proposed Class Action Settlement of the Litigation, described below, and (c) your rights with respect to the proposed Settlement. Those rights include the right to be excluded from the Class and the Settlement. If you are a Class Member and do not request exclusion in compliance with the procedures and deadline stated below, you will remain in the Class and be bound by the Settlement terms.

Plaintiffs' Counsel has investigated and evaluated the claims asserted in the Litigation and has determined that the proposed Settlement is fair, reasonable and adequate for the Class as a whole, in light of the benefits of the Settlement and the disadvantages of continuing the Litigation. The proposed Settlement is a compromise of disputed claims and does not mean that Respondents admit liability.

**II.    SETTLEMENT BENEFITS FOR CLASS MEMBERS**

If the Court approves the Settlement, Respondents will make payments totaling up to $90 million for tax years 1995-96 and 1998-2004 to the Class Members to resolve their EIC claims. Tax year 1997 will be paid separately as stated below. Class Members will not receive interest on their EIC claims (except as to tax year 1997) and are waiving any right to interest on their EIC claims (except as to tax year 1997). The payment will be divided among Class Members as follows:

**A.    Tax Year 1997:** The Government will pay the EIC Class 100% of any remaining amount owed for tax year 1997 together with any interest, on the same terms as it has paid previous tax year 1997 claims.

**B.    Tax Year 1998:** The Government will pay the EIC Class not more than $15 million for their EIC claims for tax year 1998. This amount shall be divided proportionally among each claimant found eligible for the EIC by the Guam Department of Revenue & Taxation ( DRT ) based on the value of his or her claim, up to 100%. Remaining amounts, if any, shall be utilized to fund claims for tax years 1995, 1996, 1999, & 2000 as stated below.

**C.    Tax Years 1995, 1996, 1999, & 2000:** The Government will pay the EIC Class not more than $15 million for their EIC claims for tax years 1995, 1996, 1999, and 2000 (combined), together with any remainder from the payment for tax year 1998. This amount shall be divided proportionally among each claimant found eligible for the EIC by DRT based on the value of his or her claim up to 100%. Remaining amounts, if any, shall be utilized to fund claims for tax year 2001 as stated below.

**D.    Tax Year 2001:** The Government will pay the EIC Class not more than $15 million for their EIC claims for tax year 2001 together with any remainder from the payment for tax years 1995, 1996, 1999, and 2000 (combined). This amount shall be divided proportionally among each claimant found eligible for the EIC by DRT based on the value of his or her claim, up to 100%. Remaining amounts, if any, shall be utilized to fund claims for tax year 2002 as stated below.

**E.    Tax Year 2002:** The Government will pay the EIC Class not more than $15 million for their EIC claims for tax year 2002, together with any remainder from the payment for tax year 2001. This amount shall be divided proportionally among each claimant found eligible for the EIC by DRT based on the value of his or her claim, up to 100%. Remaining amounts, if any, shall be utilized to fund claims for tax year 2003 as stated below.

**F.    Tax Year 2003:** The Government will pay the EIC Class not more than $15 million for their EIC claims for tax year 2003, together with any remainder from the payment for tax year 2002. This amount shall be divided proportionally among each claimant found eligible for the EIC by DRT based on the value of his or her claim, up to 100%. Remaining amounts, if any, shall be utilized to fund claims for tax year 2004 as stated below.

**G.    Tax Year 2004:** The Government will pay the EIC Class not more than $15 million for their EIC claims for tax year 2004, together with any remainder from the payment for tax year 2003. This amount shall be divided proportionally among each claimant found eligible for the EIC by DRT based on the value of his or her claim, up to 100%. Remaining amounts, if any, shall be utilized to fund tax refunds and the EIC in tax year 2005 and future tax years.

**H.    Payment of EIC Claims in Future Tax Years:** If the Settlement is approved by the Court as described below, the Government has agreed to pay the EIC to all qualifying persons in tax year 2005 and future tax years. Persons do not have to be Class Members to receive this benefit.

**III.    CLAIMS PROCESS & DEADLINES**

**A.    Deadlines for Submitting a Claim (Except as to Tax Year 1997 and 1998).** The deadlines for Class Members to submit EIC claims for tax years 1995, 1996, 1999, 2000, 2001, 2002, 2003 and 2004 is May 8, 2007. No new claims are being accepted for tax years 1997 and 1998.

**B.    Submit a Claim by Filing Form EIC-GU (Except as to Tax Year 1997 and 1998).** To submit a claim as a Class Member you must submit the Form EIC-GU applicable to each year in which you wish to make a claim. Claims must be filed with DRT or mailed to DRT on or before the deadline for the applicable tax year stated above. Form EIC-GU can be found at DRT and at other locations where Guam tax forms ordinarily are available. It also can be viewed and printed on-line at http://www.GovGuamdocs.com.

**C.    Tax Return Required For Each Year.** For tax years 1995-2002, you must have already filed a tax return in a year to be eligible to file an EIC claim for that particular year. If you have not previously submitted a tax return (e.g. a Form 1040, 1040A, or 1040EZ) for tax year 2003 or tax year 2004 and you wish to make an EIC claim for one or both of those years, you must submit a tax return for the applicable year(s) along with submitting a Form EIC-GU to make a claim. As to tax year 2003, no new tax returns will be accepted after April 16, 2007, even though the time to file an EIC claim does not expire until May 8, 2007. If you already submitted a tax return for a tax year, you do not need to file a new tax return. However, you can amend the return, if you wish, anytime within three years of when that return was first due. If more than three years have passed since that return was first due, you will not be able to amend it.

**D.    Persons Who Already Filed Form EIC-GU.** If you already submitted a Form EIC-GU for a tax year covered by the Litigation and the proposed Settlement, you do not need to file a new Form EIC-GU for that tax year. However, you may file a new Form EIC-GU within the time otherwise provided to file a claim if you wish to amend your previous filing or to correct an incomplete or defective Form EIC-GU filing. If you have already filed a Form EIC-GU, you will be included within the Class unless you request exclusion under the procedures and deadlines set forth below.

**E.    Procedures Governing Tax Year 1997.** To be eligible to receive any payment under the Settlement for tax year 1997 Class Members must have filed a claim for the EIC under the GTIT or the Guam Earned Income Program for tax year 1997 on or before April 16, 2001. No new or amended tax returns for tax year 1997 will be accepted. If you already filed a tax year 1997 EIC claim as stated herein, and you have not yet been paid in full for that claim, you will be included within the Class unless you request exclusion under the procedures and deadlines set forth below.

**F.    Procedures Governing Tax Year 1998.** To be eligible to receive any payment under the Settlement for tax year 1998, Class Members must have filed a claim for the EIC under the GTIT or the Guam Earned Income Program for tax year 1998 on or before April 15, 2002. No new or amended tax returns for tax year 1998 will be accepted. If you already filed a tax year 1998 EIC claim as stated herein, and you have not yet been paid in full for that claim, you will be included within the Class unless you request exclusion under the procedures and deadlines set forth below.

**G.    Processing of Claims and Governing Laws.** Once submitted, all EIC claims will be processed by the DRT, which shall apply all laws that ordinarily apply to tax refund claims except as otherwise provided in the Settlement. Claims are still subject to an audit, and claims will be denied if found to be invalid under the federal and local laws governing EIC eligibility for each respective tax year. False or inaccurate EIC claims shall remain subject to applicable penalties permitted by federal or territorial law, including reducing or denying an EIC claim or assessing fines or other civil or criminal sanctions. If it is found that you intentionally or recklessly submitted a false claim you can be barred from receiving the EIC in future years beginning with tax year 1997 pursuant to 26 U.S.C. § 32(k), a federal statute that applies to all claims for the EIC beginning January 1, 1997.

**H.    Application of Offsets.** If a claimant is found eligible for the EIC, Respondents shall retain the right to offset the amount of an EIC claim as provided for GTIT refunds in general by 26 U.S.C. § 6402. If your claim is subject to an offset, you will be notified regarding whom the offset amount has been paid to.

**I.    Right to Contest Particular Determinations.** With regard to any denial of a particular EIC claim or any assessment of any civil or criminal penalties, you shall maintain the right to challenge such a determination through all administrative and judicial processes afforded under federal or territorial law to a taxpayer as to any tax refund claim.

**IV.    WHEN CLAIMS WILL BE PAID**

**A.    Funding (except as to Tax Year 1997).** The Government has agreed to reserve at least fifteen percent (15%) of all amounts it places into the accounts it uses to pay general tax refunds to pay for the $90 million settlement payment. It is not known exactly how fast money will be reserved. But, the Respondents have already commenced reserving money and Respondents will be supplying monthly reports to the Court and Plaintiffs' Counsel regarding how much money has been reserved so that the Court can monitor compliance with the Settlement. Further, Respondents can utilize other funding should it become available to speed payment.

**B.    Funding (as to Tax Year 1997).** The Government has agreed to pay remaining EIC claims for tax year 1997 (most such claims having already been paid) from a reserved amount of $500,000.00 that is currently in the accounts the Government uses to pay general tax refunds. It has further warranted that this amount has been calculated by DRT to be sufficient to pay all outstanding 1997 claims. In the event that such reserved amount is insufficient to payment all outstanding 1997 claims, the Government shall utilize other funding sources permitted by law to pay all remaining 1997 claims.

**C.    Order of Payments.** As money is reserved, and only after final approval of the settlement and entry of the judgment by the Court, claims will be paid in the following order: (1) claims for tax years 1997 and 1998 (except as tax year 1997 and 1998 claims have been subject to "early" payment as described below); (2) claims for tax years 1995, 1996, 1999, and 2000 (collectively); (3) claims for tax year 2001; (4) claims for tax year 2002; (5) claims for tax year 2003; and (6) claims for tax year 2004. Within each tax year, claims will be paid in the order submitted to DRT.

**D. Timely Processing of Claims.** On or before April 2, 2007, DRT will have processed all claims for tax years 1997 and 1998. On or before July 9, 2007, DRT will have processed all claims for tax years 1995, 1996, 1999, 2000, and 2001. On or before September 5, 2007, DRT will have processed all claims for tax years 2002, 2003, and 2004. After the completion of the periods for processing claims for each respective tax year, DRT will calculate the total amount of claims it has found to be valid for that respective tax year and calculate the percentage of each claim that shall be paid (up to 100%). DRT will then certify the claims and percentage amounts that should be paid pursuant to the provisions of the Settlement. DRT does retain the right to make individual hardship exceptions to the priority of payments based on standard pre-existing DRT policies and procedures. If your claim is denied or selected for an audit, and it is later determined in a judicial or administrative process that your claim was valid and should be paid, you will receive the same proportional payment of the amount found to be validly claimed as is paid to class members for that same tax year.

**E. "Early" Payment of 1997 and 1998 Claims.** The Court has authorized the Government to pay certain claims prior to final approval of the Settlement on the terms explained below. If you are eligible to receive an "early" payment, you also will receive a separate notice that you should review carefully prior to accepting or depositing the check.

1    Once all claims for 1997 are processed, the Government shall pay the full value of all 1997 tax year claims by issuing a check payable to each eligible Class Member in the amount owed.

2    Once all claims for tax year 1998 are processed, the Government shall pay two thirds of the $15 million for tax year 1998 (in other words, $10 million) to each eligible Class Members who has a valid claim for tax year 1998. The Government shall do this by issuing a check payable to each eligible Class Member that represents 66.6% of that member's proportional share of the $15 million devoted by the Settlement to tax year 1998. This means that if you are eligible to receive a payment for tax year 1998, you will receive 66.6% of your payment under the terms of the Settlement prior to final approval of the Settlement. The remaining 33.4% will only be paid after final approval of the Settlement.

3    If you receive an "early" payment check and cash or deposit it, you will have released and waived your right to opt-out of the Settlement if the Court later grants final approval of the Settlement. If you cash or deposit such a check, but final approval is denied, you will not be bound by the Settlement. In the event final approval is denied, the payment shall operate as a payment (based solely on the dollar value actually paid) of a claim for tax year 1997 and/or 1998, should you later be found to have a valid claim for that tax year. Such payment now is not, and shall not be construed to be, an admission of liability or obligation to pay any present or future claim, except as stated in the Settlement. If you refuse the payment or fail to deposit a check within sixty days of the date stated on the check, you will retain the right to opt-out of the Settlement prior to final approval based upon the procedures set forth herein. If you refuse a payment or fail to deposit your check within sixty days of the date stated on the check, but you do not opt-out of the Settlement under the procedures set forth herein, you will still be entitled to payment of your tax year 1997 and/or 1998 claim (if any) upon final approval of the Settlement.

**V.    DISMISSAL OF LITIGATION, ENTRY OF JUDGMENT, RELEASE OF CLAIMS, & COVENANT NOT TO SUE**

**A.    Final Judgment.** If the Court approves the proposed settlement, it will enter a judgment that will dismiss the Litigation with prejudice as to all Class Members, except those Class Members who request to be excluded. All people who meet the Class Definition and do not validly and timely request exclusion from the Class will be forever barred from prosecuting their own lawsuits to recover the EIC or obtain related relief regarding the EIC from Respondents for tax years 1995, 1996, 1997, 1998, 1999, 2000, 2001, 2002, 2003, and 2004.

**B.    Release of Claims.** Further, upon final approval of the Settlement, each and every member of the EIC Class will expressly and irrevocably release, waive, settle, and discharge all claims (whether legal or equitable), demands, actions (whether judicial or administrative), suits, and causes of action, including without limitation those asserted in the Litigation, against the Government of Guam, the Governor of Guam, the Director of the Department of Revenue & Taxation, the Department of Revenue & Taxation, the Director of the Department of Administration, the Department of Administration, and their employees, officers, agencies, instrumentalities, independent contractors, representatives, attorneys, and agents, whether in their individual or official capacities, with regard to claims for payment of the EIC under federal or Guam territorial law in tax years 1995, 1996, 1997, 1998, 1999, 2000, 2001, 2002, 2003, and 2004, or any refusal to accept or pay such claims or to implement any government programs with regard to such claims. Such release and discharge includes all such claims whether known, unknown, asserted, unasserted, suspected, or unsuspected. With regard to the release of claims, each and every member of the EIC Class expressly waives their rights under 18 G C A § 82502 or principle of common or civil law that is similar to or analogous to 18 G C A § 82502, which provides "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR."

**C.    Covenant Not to Sue.** Also upon final approval of the Settlement, the EIC Class separately covenants not to sue the Government of Guam, the Governor of Guam, the Director of Revenue & Taxation, the Department of Revenue & Taxation, the Director of the Department of Administration, the Department of Administration, and their employees, officers, agencies, instrumentalities, independent contractors, representatives, attorneys, and agents, whether in their individual or official capacities, with regard to claims for payment of the EIC under federal or Guam territorial law in tax years 1995, 1996, 1997, 1998, 1999, 2000, 2001, 2002, 2003, and 2004, or any refusal to accept or pay such claims or to implement any government programs with regard to such claims.

**D.    Limitations.** The general release and covenant not to sue stated above shall not be construed to preclude any Class Member from challenging through the administrative and/or judicial procedures that govern ordinary tax refund claims a particular determination as to (1) the existence and/or value of their particular EIC claim(s) for tax years 1995-2004 by DRT, (2) any amount of off-set or other adjustment made to their EIC claims by DRT (including without limitation by way of audit, penalty, intercept program, or off-set). The general release and covenant not to sue stated above exclude any future claims alleging solely a breach of this Settlement Agreement.

**VI.    COSTS, EXPENSES, AND ATTORNEYS' FEES**

Respondents have agreed to pay all costs of mailing and publishing this Notice and administering the Settlement. Plaintiffs' counsel has filed a motion asking that if the Court approves the proposed settlement, the Court award ten percent (10%) of the settlement amount of $90 million as attorneys' fees payable to Plaintiffs' counsel. They have also asked that their non-taxable costs incurred in prosecution of this case be paid from the $90 million. The Court will ultimately decide the amount of attorneys' fees and costs, if any, to award. If you are a Class Member, you may submit written comments supporting, objecting, or commenting on the award of attorneys' fees and costs, and ask to be heard by the Court regarding this issue, in compliance with the procedures set forth in Section VIII(B), below

**VII.    RIGHTS AND OPTIONS OF CLASS MEMBERS**

**A.    Remain a Class Member.** If you do not request exclusion from the Class, you will remain a Class Member. On July 17, 2004, the Court appointed counsel for Plaintiff Santos, Attorney Michael Phillips, Esq. of the law firm of Phillips & Bordallo, P.C., 410 West O'Brien Drive, Suite 102, Hagåtña, Guam 96910 as interim Class Counsel. Plaintiff Torres is represented by Ignacio C. Aguigui, Esq., Lujan Aguigui & Perez LLP, 300 Pacific News Building, Hagåtña, Guam 96910. Subject to the Court's final appointment of Class Counsel the Plaintiffs and their counsel will repres ent your interests in connection with the proposed Settlement. If the Court approves the Settlement and the judgment becomes final, you will be entitled to the benefits described in Section II, above. As a Class Member, you will be bound by any judgment or other disposition of the Litigation, even if you do not submit a claim or take advantage of any of the benefits of the Settlement. Furthermore, you and your heirs, executors, administrators, successors, and assigns will be deemed to have agreed to the terms of the release and covenant not to sue described in Section V above.

**B.    Objections to or Comments on the Settlement.** As a Class Member, you have the right to object to or comment on the proposed Settlement or the motion for attorneys' fees and costs. The procedures for doing so are explained in Section VIII(B) below

---

**C.    Request Exclusion.** You have the right to request exclusion from the Class. If you request exclusion from the Class, you will not be bound by any judgment or settlement of the Litigation, you will not receive the benefits of the Settlement, and you will not be able to object to or comment in support of the Settlement. If you wish to be excluded from the Class, you must submit a signed, written statement requesting exclusion that either (1) is filed with the Office of the Clerk of Court, District Court of Guam, 520 West Soledad Avenue, Hagåtña, GU 96910 on or before May 8, 2007 at 3 p.m., or (2) is sent by first class mail to the Office of the Clerk of Court, District Court of Guam, 520 West Soledad Avenue, Hagåtña, GU 96910 bearing a postmark of May 8, 2007 or earlier. Any person requesting exclusion from the class and the Settlement Agreement must request exclusion from the class and the settlement in their entirety, and not just as to particular claim(s) for particular tax year(s). If you submit a request for exclusion that does not comply with these requirements, your request will be deemed invalid, and you will not be excluded from the Class.

**D.    Retain Your Own Attorney and Seek Intervention.** You have the right to consult and/or retain an attorney of your choice, at your own expense, to advise you regarding the Settlement and your rights in connection with the Settlement. You also have the right, either personally or through an attorney retained by you, at your own expense, to seek to intervene in the Litigation. Any such motion must be filed no later than May 15, 2007.

**VIII.    FAIRNESS HEARING**

**A.    Time, Place, and Purpose of Hearing.** A Fairness Hearing will be held on Friday, July 6, 2007 at 10 a.m., before the District Court of Guam, 520 West Soledad Avenue, Hagåtña, GU 96910, to determine: (1) Whether the proposed settlement of the Litigation on the terms set forth in the Settlement Agreement is fair, reasonable, and adequate for the Class as a whole and should be granted final approval; (2) Whether the certification of the Class should be made final; (3) Whether the Court should enter the proposed judgment dismissing the Litigation with prejudice; and (4) Whether the Court should grant the application of Plaintiffs' Counsel for attorneys' fees and reimbursement of expenses, and, if so, in what amount.

**B.    Procedures for Objecting to or Commenting in Support of Settlement**

1.    **Written Objections or Comments.** If you have not requested exclusion from the Class, you, or an attorney retained by you, may file with the Office of the Clerk of Court, District Court of Guam, 520 West Soledad Avenue, Hagåtña, GU 96910 a statement objecting to or commenting on the settlement and/or the motion for attorneys' fees on or before June 22, 2007. Such statement must also be served upon all counsel in the litigation, who are: (1) Phillips & Bordallo, P.C., 410 West O'Brien Drive, Suite 102, Hagåtña, Guam 96910; (2) Lujan Aguigui & Perez LLP, 300 Pacific News Building, Hagåtña, Guam 96910; (3) Shannon Taitano, Esq., Legal Counsel, Office of the Governor, Ricardo J. Bordallo Governor's Complex, Adelup, P.O. Box 2950, Hagåtña, GU 96932 (4) Calvo & Clark, LLP, 655 South Marine Corps Drive, Suite 202, Tamuning, Guam 96913; and (5) Maritanona Law Office, Suite 501B, GCIC Bldg., 414 W Soledad Ave., Hagåtña, Guam 96910

2.    **Presentation of Objections and Supporting Comments at Fairness Hearing.** You may also attend the Fairness Hearing, either personally or through an attorney retained by you, at your own expense, and ask to be heard by the Court on your comments or objections. If you wish to do so, you must submit your objections or comments in writing in compliance with section VIII(B)(1) above and include in your comments a statement that you intend to appear and wish to attend the Fairness Hearing.

**IX.    ADDITIONAL INFORMATION**

**A.    Rescission of Previous Settlement.** Previously, Respondents had entered into a $60 million settlement agreement dated June 14, 2004 with Plaintiff Santos and published a notice regarding this settlement, which had received preliminary but not final Court approval. This settlement would have covered some, but not all of the Members of the Class identified herein. As part of the new settlement, Plaintiff Santos and her counsel and Respondents have agreed to rescind the previous settlement, which is no longer in effect. It is possible that Class Members under the new settlement will receive more, less, or be unaffected by the new settlement. If Respondents have failed to reserve at least $15 million for the payment of claims under the Settlement Agreement described in this Notice by the time the Agreement is subject to the Fairness Hearing, Plaintiffs have the right to terminate the Settlement Agreement, which then shall be void and of no effect, and the June 14, 2004 Settlement shall be returned to effect, subject to all previously pending motions.

**B.    Notice of Related Pending Litigation.** There is one other case pending in the District Court of Guam that seeks to establish a class action regarding classes of persons similar to, and overlapping with the Class identified herein. It is entitled Simpao, et al. vs. Govt. of Guam, Dist. of Guam Civ. Case No. CV04-00049 (the "Other Litigation"). No class has yet been certified in the Other Litigation and the defendants in those cases oppose class certification. However, it is possible that if a Class Member requests exclusion from this Class, they could later be able to become part of the Other Litigation either by moving to join that Other Litigation or by becoming class members, should that case be certified as a class action. It is not known what the final outcome of the Other Litigation will be. In Simpao, the Court has held that the EIC applies to Guam and that filing a tax return establishes jurisdiction over those plaintiffs' claims. It is possible that by moving to join or by becoming part of a class in that case (if a motion for joinder or class certification were granted), a potential Class Member would ultimately receive less, more, or the same relief as they would receive by remaining a Class Member in this Litigation, or would possibly receive no relief at all. Class Members who do not request exclusion under the procedures set forth in Section VII(C) above will be barred forever from being part of the Other Litigation either as class members or by moving to join that case.

**C.    Effect of Court Disapproval.** If the Court refuses to grant final class certification or final approval of the Settlement Agreement after the Fairness Hearing, or refuses to enter the final judgment, the Settlement shall be rendered void and of no effect and any class certification shall be vacated.

**D.    Questions.** Any questions regarding the Settlement should be directed to Plaintiffs' counsel: Phillips & Bordallo, P.C., 410 West O'Brien Drive, Suite 102, Hagåtña, Guam 96910, or Lujan Aguigui & Perez LLP, 300 Pacific News Building, Hagåtña, Guam 96910. You also can contact Plaintiffs' Counsel by email at mphillips@phillipsbordallo.com or ica@lujanaguiguiperez.com. Please do not submit questions to the Court. Copies of the Settlement Agreement and the pleadings and other documents filed in the Litigation and the Other Litigation are on file at the District Court of Guam and may be examined and copied during regular office hours at the Office of the Clerk of Court, District Court of Guam, 520 West Soledad Avenue, Hagåtña, GU 96910

**X.    DEADLINES**

**Remember:**

•    **If you wish to be excluded from the class**, you must submit a written statement requesting exclusion that either (1) is filed with the Office of the Clerk of Court, District Court of Guam, 520 West Soledad Avenue, Hagåtña, GU 96910, on or before May 8, 2007 at 3:00 p.m.; or (2) is mailed by first class mail postmarked on or before May 8, 2007 to: Office of the Clerk of Court, District Court of Guam, 520 West Soledad Avenue, Hagåtña, GU 96910.

•    **If you wish to submit objections or comments**, you must file them with the Office of the Clerk of Court at the address listed above and serve them on all counsel listed in section VIII(B)(1) above on or before June 22, 2007.

•    **If you wish to intervene, you must file and serve a motion on or before May 15, 2007.**

•    **The deadline for filing or mailing by first class mail claims for the EIC under the Settlement to DRT for tax years 1995, 1996, 1999, 2000, 2001, 2002, 2003, and 2004 is May 8, 2007.**

Dated: January 29, 2007

BY ORDER OF THE
DISTRICT COURT OF GUAM

*(Right margin, vertical text:)* TUESDAY, MARCH 06, 2007 · MARIANAS VARIETY GUAM EDITION

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF GUAM

MARIANAS VARIETY GUAM EDITION - FRIDAY, MARCH 09, 2007

JULIE BABAUTA SANTOS and CHARMAINE R. TORRES, on behalf of themselves and a class of others similarly situated,

    Petitioners,

v.

FELIX P. CAMACHO, etc., et al

    Respondents.

CIVIL CASE NO. 04-00006 and 04-00038

NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

**TO:**     **ALL PERSONS WHO CLAIMED OR COULD HAVE CLAIMED AN EARNED INCOME TAX CREDIT UNDER THE GUAM TERRITORIAL INCOME TAX OR GUAM TERRITORIAL LAW FOR TAX YEARS 1995, 1996, 1999, 2000, 2001, 2002, 2003, OR 2004; AND**

    **ALL PERSONS WHO FILED AN EARNED INCOME TAX CREDIT CLAIM UNDER THE GUAM EARNED INCOME PROGRAM OR THE GUAM TERRITORIAL INCOME TAX FOR TAX YEAR 1997 AND HAVE YET TO RECEIVE PAYMENT IN FULL FOR TAX YEAR 1997; AND**

    **ALL PERSONS WHO FILED AN EARNED INCOME TAX CREDIT CLAIM UNDER THE GUAM EARNED INCOME PROGRAM OR THE GUAM TERRITORIAL INCOME TAX FOR TAX YEAR 1998 AND HAVE YET TO RECEIVE PAYMENT IN FULL FOR TAX YEAR 1998.**

The above-captioned proceeding (the "Litigation") is pending before the District Court of Guam (the "Court"). In the Litigation Julie B. Santos and Charmaine R. Torres (the "Plaintiffs") claim that they and other Guam taxpayers have been denied the right to file claims for earned income tax credit (the "EIC") and have been denied the right to receive a refund of the EIC. The tax years covered by the Litigation are 1995 to 2004. The Respondents in the Litigation are the Government of Guam (the "Government"), Governor Felix P. Camacho, Director of Administration Lourdes M. Perez and Director of Revenue & Taxation Artemio B. Ilagan (collectively "Respondents"). They have filed pleadings denying the claims and asserting various affirmative defenses.

The Court has conditionally ruled that the Litigation may be maintained on behalf of the following Class:

    All persons who do not elect to request exclusion from the class under the procedures described below and: (1) were subject to the Guam Territorial Income Tax ("GTIT") established in 48 U.S.C. § 1421i for tax years 1995-1996 and/or 1999-2004 and would have been eligible to file for the EIC established in 26 U.S.C. § 32 (as it applied in each respective tax year) if that program were applied in the Territory of Guam, and filed a timely tax return for the applicable tax year (or year(s) in which the credit is sought, and/or (2) were eligible to receive an EIC credit under certain Guam territorial laws for tax years 1995-1996 and/or 1999-2004 that mirrored the federal EIC tax (26 U.S.C. § 32), including the Guam Earned Income Program (Chapter 42 of 11 G.C.A.), and filed a timely tax return for the applicable tax year or year(s) in which the credit is sought and/or (3) actually filed a claim for the EIC with DRT for tax year 1998 under the GTIT or Guam Earned Income Program (Chapter 42 of 11 G.C.A.) on or before April 15, 2002, and have not yet received full payment for that claim, and/or (4) actually filed a claim for the EIC with DRT for tax year 1997 under the GTIT or Guam Earned Income Program (Chapter 42 of 11 G.C.A.) on or before April 16, 2001, and have not yet received full payment for that claim.

This definition of persons who fall within or are excluded from the Class is referred to in this Notice as the "Class Definition."

**I. PURPOSE OF THIS NOTICE**

The purpose of this notice is to inform you, as a potential member of the Class, of (a) the existence of the Litigation; (b) the proposed Class Action Settlement of the Litigation, described below; and (c) your rights with respect to the proposed Settlement. Those rights include the right to be excluded from the Class and the Settlement. If you are a Class Member and do not request exclusion in compliance with the procedures and deadline stated below, you will remain in the Class and be bound by the Settlement terms.

Plaintiffs' Counsel has investigated and evaluated the claims asserted in the Litigation and has determined that the proposed Settlement is fair, reasonable and adequate for the Class as a whole, in light of the benefits of the Settlement and the disadvantages of continuing the Litigation. The proposed Settlement is a compromise of disputed claims and does not mean that Respondents admit liability.

**II. SETTLEMENT BENEFITS FOR CLASS MEMBERS**

If the Court approves the Settlement, Respondents will make payments totaling up to $90 million for tax years 1995-96 and 1998-2004 to the Class Members to resolve their EIC claims. Tax year 1997 will be paid separately as stated below. Class Members will not receive interest on their EIC claims (except as to tax year 1997) and are waiving any right to interest on their EIC claims (except as to tax year 1997). The payment will be divided among Class Members as follows:

**A.**   **Tax Year 1997.** The Government will pay the EIC Class 100% of any remaining amount owed for tax year 1997, together with any interest, on the same terms as it has paid previous tax year 1997 claims.

**B.**   **Tax Year 1998.** The Government will pay the EIC Class not more than $15 million for their EIC claims for tax year 1998. This amount shall be divided proportionally among each claimant found eligible for the EIC by the Guam Department of Revenue & Taxation ("DRT") based on the value of his or her claim, up to 100%. Remaining amounts, if any, shall be utilized to fund claims for tax years Tax Years 1995, 1996, 1999, & 2000 as stated below.

**C.**   **Tax Years 1995, 1996, 1999, & 2000.** The Government will pay the EIC Class not more than $15 million for their EIC claims for tax years 1995, 1996, 1999, and 2000 (combined), together with any remainder from the payment for tax year 1998. This amount shall be divided proportionally among each claimant found eligible for the EIC by DRT based on the value of his or her claim, up to 100%. Remaining amounts, if any, shall be utilized to fund claims for tax year 2001 as stated below.

**D.**   **Tax Year 2001.** The Government will pay the EIC Class not more than $15 million for their EIC claims for tax year 2001, together with any remainder from the payment for tax years 1995, 1996, 1999, and 2000 (combined). This amount shall be divided proportionally among each claimant found eligible for the EIC by DRT based on the value of his or her claim, up to 100%. Remaining amounts, if any, shall be utilized to fund claims for tax year 2002 as stated below.

**E.**   **Tax Year 2002.** The Government will pay the EIC Class not more than $15 million for their EIC claims for tax year 2002, together with any remainder from the payment for tax year 2001. This amount shall be divided proportionally among each claimant found eligible for the EIC by DRT based on the value of his or her claim, up to 100%. Remaining amounts, if any, shall be utilized to fund claims for tax year 2003 as stated below.

**F.**   **Tax Year 2003.** The Government will pay the EIC Class not more than $15 million for their EIC claims for tax year 2003, together with any remainder from the payment for tax year 2002. This amount shall be divided proportionally among each claimant found eligible for the EIC by DRT based on the value of his or her claim, up to 100%. Remaining amounts, if any, shall be utilized to fund claims for tax year 2004 as stated below.

**G.**   **Tax Year 2004.** The Government will pay the EIC Class not more than $15 million for their EIC claims for tax year 2004, together with any remainder from the payment for tax year 2003. This amount shall be divided proportionally among each claimant found eligible for the EIC by DRT based on the value of his or her claim, up to 100%. Remaining amounts, if any, shall be utilized to fund tax refunds and the EIC in tax years 2005 and future tax years.

**H.**   **Payment of EIC Claims in Future Tax Years:** If the Settlement is approved by the Court as described below, the Government has agreed to pay the EIC to all qualifying persons in tax year 2005 and future tax years. Persons do not have to be Class Members to receive this benefit.

**III. CLAIMS PROCESS & DEADLINES**

**A.**   **Deadlines for Submitting a Claim (Except as to Tax Year 1997 and 1998).** The deadlines for Class Members to submit EIC claims for tax years 1995, 1996, 1999, 2000, 2001, 2002, 2003 and 2004 is May 8, 2007. No new claims are being accepted for tax years 1997 and 1998.

**B.**   **Submit a Claim by Filing Form EIC-GU (Except as to Tax Year 1997 and 1998).** To submit a claim as a Class Member, you must submit the Form EIC-GU applicable to each year in which you wish to make a claim. Claims must be filed with DRT or mailed to DRT on or before the deadline for the applicable tax year stated above. Form EIC-GU can be found at DRT and at other locations where Guam tax forms ordinarily are available. It also can be viewed and printed on-line at http://www.GovGuamdocs.com

**C.**   **Tax Return Required For Each Year.** For tax years 1995-2002, you must have already filed a tax return in a year to be eligible to file an EIC claim for that particular year. If you have not previously submitted a tax return (e.g. a Form 1040, 1040A, or 1040EZ) for tax year 2003 or tax year 2004 and you wish to make an EIC claim for one or both of those years, you must submit a tax return for the applicable year(s) along with submitting a Form EIC-GU to make a claim. As to tax year 2003, no new tax returns will be accepted after April 16, 2007, even though the time to file an EIC claim does not expire until May 8, 2007. If you already submitted a tax return for a tax year, you do not need to file a new tax return. However, you can amend the return if you wish, anytime within three years of when that return was first due. If more than three years have passed since that return was first due, you will not be able to amend it.

**D.**   **Persons Who Already Filed Form EIC-GU.** If you already submitted a Form EIC-GU for a tax year covered by the Litigation and the proposed Settlement, you do not need to file a new Form EIC-GU for that tax year. However, you may file a new Form EIC-GU within the time otherwise provided to file a claim if you wish to amend your previous filing or to correct an incomplete or defective Form EIC-GU filing. If you have already filed a Form EIC-GU, you will be included within the Class unless you request exclusion under the procedures and deadlines set forth below.

**E.**   **Procedures Governing Tax Year 1997.** To be eligible to receive any payment under the Settlement for tax year 1997, Class Members must have filed a claim for the EIC under the GTIT or the Guam Earned Income Program for tax year 1997 on or before April 16, 2001. No new or amended tax returns for tax year 1997 will be accepted. If you already filed a tax year 1997 EIC claim as stated herein, and you have not yet been paid in full for that claim, you will be included within the Class unless you request exclusion under the procedures and deadlines set forth below.

**F.**   **Procedures Governing Tax Year 1998.** To be eligible to receive any payment under the Settlement for tax year 1998, Class Members must have filed a claim for the EIC under the GTIT or the Guam Earned Income Program for tax year 1998 on or before April 15, 2002. No new or amended tax returns for tax year 1998 will be accepted. If you already filed a tax year 1998 EIC claim as stated herein, and you have not yet been paid in full for that claim, you will be included within the Class unless you request exclusion under the procedures and deadlines set forth below.

**G.**   **Processing of Claims and Governing Laws.** Once submitted, all EIC claims will be processed by the DRT, which shall apply all laws that ordinarily apply to tax refund claims except as otherwise provided in the Settlement. Claims are still subject to an audit, and claims will be denied if found to be invalid under the federal and local laws governing EIC eligibility for each respective tax year. False or inaccurate EIC claims shall remain subject to applicable penalties permitted by federal or territorial law, including reducing or denying an EIC claim or assessing fines or other civil or criminal sanctions. If it is found that you intentionally or recklessly submitted a false claim you can be barred from receiving the EIC in future years beginning with tax year 1997 pursuant to 26 U.S.C. § 32(k), a federal statute that applies to all claims for the EIC beginning January 1, 1997.

**H.**   **Application of Offsets.** If a claimant is found eligible for the EIC, Respondents shall retain the right to offset the amount of an EIC claim as provided for GTIT refunds in general by 26 U.S.C. § 6402. If your claim is subject to an offset, you will be notified regarding whom the offset amount has been paid to.

**I.**   **Right to Contest Particular Determinations.** With regard to any denial of a particular EIC claim or any assessment of any civil or criminal penalties, you shall maintain the right to challenge such a determination through all administrative and judicial processes afforded under federal or territorial law to a taxpayer as to any tax refund claim.

**IV. WHEN CLAIMS WILL BE PAID**

**A.**   **Funding (except as to Tax Year 1997).** The Government has agreed to reserve at least fifteen percent (15%) of all amounts it places into the accounts it uses to pay general tax refunds to pay for the $90 million settlement payment. It is not known exactly how tax money will be reserved. But, the Respondents have already commenced reserving money and Respondents will be supplying monthly reports to the Court and Plaintiffs' Counsel regarding how much money has been reserved so that the Court can monitor compliance with the Settlement. Further, Respondents can utilize other funding should it become available to speed payment.

**B.**   **Funding (as to Tax Year 1997).** The Government has agreed to pay remaining EIC claims for tax year 1997 (most such claims having already been paid) from a reserved amount of $500,000.00 that is currently in the accounts the Government uses to pay general tax refunds. It has further warranted that this amount has been calculated by DRT to be sufficient to pay all outstanding 1997 claims. In the event that such reserved amount is insufficient to payment all outstanding 1997 claims, the Government shall utilize other funding sources permitted by law to pay all remaining 1997 claims.

**C.**   **Order of Payments.** As money is reserved, and only after final approval of the settlement and entry of the judgment by the Court, claims will be paid in the following order: (1) claims for tax years 1997 and 1998 (except as tax year 1997 and 1998 claims have been subject to "early" payment as described below), (2) claims for tax years 1995, 1996, 1999, and 2000 (collectively); (3) claims for tax year 2001; (4) claims for tax year 2002; (5) claims for tax year 2003; and (6) claims for tax year 2004. Within each tax year, claims will be paid in the order submitted to DRT.

**D.   Timely Processing of Claims.** On or before April 2, 2007, DRT will have processed all claims for tax years 1997 and 1998. On or before July 9, 2007, DRT will have processed all claims for tax years 1995, 1996, 1999, 2000, and 2001. On or before September 5, 2007, DRT will have processed all claims for tax years 2002, 2003, and 2004. After the completion of the periods for processing claims for each respective tax year, DRT will calculate the total amount of claims it has found to be valid for that respective tax year and calculate the percentage of each claim that shall be paid (up to 100%). DRT will then certify the claims and percentage amounts that should be paid pursuant to the provisions of the Settlement. DRT does retain the right to make individual hardship exceptions to the priority of payments based on standard pre-existing DRT policies and procedures. If your claim is denied or selected for an audit, and it is later determined in a judicial or administrative process that your claim was valid and should be paid, you will receive the same proportional payment of the amount found to be validly claimed as is paid to class members for that same tax year.

**E.   "Early" Payment of 1997 and 1998 Claims.** The Court has authorized the Government to pay certain claims prior to final approval of the Settlement on the terms explained below. If you are eligible to receive an "early" payment, you also will receive a separate notice that you should review carefully prior to accepting or depositing the check.

1      Once all claims for 1997 are processed, the Government shall pay the full value of all 1997 tax year claims by issuing a check payable to each eligible Class Member in the amount owed.

2      Once all claims for tax year 1998 are processed, the Government shall pay two-thirds of the $15 million for tax year 1998 (in other words, $10 million) to each eligible Class Members who has a valid claim for tax year 1998. The Government shall do this by issuing a check payable to each eligible Class Member that represents 66.6% of that member's proportional share of the $15 million devoted by the Settlement to tax year 1998. This means that if you are eligible to receive a payment for tax year 1998, you will receive 66.6% of your payment under the terms of the Settlement prior to final approval of the Settlement. The remaining 33.4% will only be paid after final approval of the Settlement.

3      If you receive an "early" payment check and cash or deposit it, you will have released and waived your right to opt out of the Settlement if the Court later grants final approval of the Settlement. If you cash or deposit such a check, but final approval is denied, you will not be bound by the Settlement. In the event final approval is denied, the payment shall operate as a payment (based solely on the dollar value actually paid) of a claim for tax year 1997 and/or 1998, should you later be found to have a valid claim for that tax year. Such payment now is not, and shall not be construed to be, an admission or liability or obligation to pay any present or future claim, except as stated in the Settlement. If you refuse the payment or fail to deposit a check within sixty days of the date stated on the check, you will retain the right to opt-out of the Settlement prior to final approval based upon the procedures set forth herein. If you refuse a payment or fail to deposit your check within sixty days of the date stated on the check, but you do not opt-out of the Settlement under the procedures set forth herein, you will still be entitled to payment of your tax year 1997 and/or 1998 claim (if any) upon final approval of the Settlement.

**V.   DISMISSAL OF LITIGATION, ENTRY OF JUDGMENT, RELEASE OF CLAIMS, & COVENANT NOT TO SUE**

**A.   Final Judgment.** If the Court approves the proposed settlement, it will enter a judgment that will dismiss the Litigation with prejudice as to all Class Members, except those Class Members who request to be excluded. All people who meet the Class Definition and do not validly and timely request exclusion from the Class will be forever barred from prosecuting their own lawsuits to recover the EIC or obtain related relief regarding the EIC from Respondents for tax years 1995, 1996, 1997, 1998, 1999, 2000, 2001, 2002, 2003, and 2004.

**B.   Release of Claims.** Further, upon final approval of the Settlement, each and every member of the EIC Class will expressly and irrevocably release, waive, settle, and discharge all claims (whether legal or equitable), demands, actions (whether judicial or administrative), suits, and causes of action, including without limitation those asserted in the Litigation, against the Government of Guam, the Governor of Guam, the Director of the Department of Revenue & Taxation, the Department of Revenue & Taxation, the Director of the Department of Administration, the Department of Administration, and their employees, officers, agencies, instrumentalities, independent contractors, representatives, attorneys, and agents, whether in their individual or official capacities, with regard to claims for payment of the EIC under federal or Guam territorial law in tax years 1995, 1996, 1997, 1998, 1999, 2000, 2001, 2002, 2003, and 2004 or any refusal to accept or pay such claims or to implement any government programs with regard to such claims. Such release and discharge includes all such claims whether known, unknown, asserted, unasserted, suspected, or unsuspected. With regard to the release of claims each and every member of the EIC Class expressly waives their rights under 18 G.C.A. § 82602 or principle of common or civil law that is similar to or analogous to 18 G.C.A. § 82602, which provides. "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR."

**C.   Covenant Not to Sue.** Also upon final approval of the Settlement, the EIC Class separately covenants not to sue the Government of Guam, the Governor of Guam, the Director of Revenue & Taxation the Department of Revenue & Taxation the Director of the Department of Administration, the Department of Administration, and their employees, officers, agencies, instrumentalities, independent contractors, representatives, attorneys, and agents, whether in their individual or official capacities, with regard to claims for payment of the EIC under federal or Guam territorial law in tax years 1995, 1996, 1997, 1998, 1999, 2000, 2001, 2002, 2003, and 2004, or any refusal to accept or pay such claims or to implement any government programs with regard to such claims.

**D.   Limitations.** The general release and covenant not to sue stated above shall not be construed to preclude any Class Member from challenging through the administrative and/or judicial procedures that govern ordinary tax refund claims a particular determination as to (1) the existence and/or value of their particular EIC claim(s) for tax years 1995-2004 by DRT (2) any amount of off-set or other adjustment made to their EIC claims by DRT (including without limitation by way of audit penalty interest program, or off-set). The general release and covenant not to sue stated above exclude any future claims alleging solely a breach of this Settlement Agreement.

**VI.   COSTS, EXPENSES, AND ATTORNEYS' FEES**

Respondents have agreed to pay all costs of mailing and publishing this Notice and administering the Settlement. Plaintiffs' counsel has filed a motion asking that if the Court approves the proposed settlement, the Court award ten percent (10%) of the settlement amount of $90 million as attorneys' fees payable to Plaintiffs' counsel. They have also asked that their non-taxable costs incurred in prosecution of this case be paid from the $90 million. The Court will ultimately decide the amount of attorneys' fees and costs, if any, to award. If you are a Class Member you may submit written comments supporting, objecting, or commenting on the award of attorneys' fees and costs, and ask to be heard by the Court regarding this issue in compliance with the procedures set forth in Section VIII(B) below.

**VII.   RIGHTS AND OPTIONS OF CLASS MEMBERS**

**A.   Remain a Class Member.** If you do not request exclusion from the Class, you will remain a Class Member. On July 17, 2004 the Court appointed one Plaintiff Santos, Attorney Michael Phillips, Esq. of the law firm of Phillips & Bordallo, P.C., 410 West O'Brien Drive. Suite 102. Hagatña, Guam 96910 as interim Class Counsel. Plaintiff Torres is represented by Ignacio C. Aguigui. Esq. Lujan Aguigui & Perez LLP. 300 Pacific News Building, Hagatña, Guam 96910. Subject to the Court's final appointment of Class Counsel, the Plaintiffs and their counsel will represent your interests in connection with the proposed Settlement. If the Court approves the Settlement and the judgment becomes final you will be entitled to the benefits described in Section II above. As a Class Member, you will be bound by any judgment or other disposition of the Litigation, even it you did not submit a claim or take advantage of any of the benefits of the Settlement. Furthermore, you and your heirs, executors, administrators, successors, and assigns will be deemed to have agreed to the terms of the release and covenant not to sue described in Section V above.

**B.   Objections or Comments on the Settlement.** As a Class Member, you have the right to object to or comment on the proposed Settlement or the motion for attorneys' fees and costs. The procedures for doing so are explained in Section VIII(B) below.

**C.   Request Exclusion.** You have the right to request exclusion from the Class. If you request exclusion from the Class, you will not be bound by any judgment or settlement of the Litigation, you will not receive the benefits of the Settlement, and you will not be able to object to or comment in support of the Settlement. If you wish to be excluded from the Class, you must submit a signed, written statement requesting exclusion that either. (1) is filed with the Office of the Clerk of Court, District Court of Guam, 520 West Soledad Avenue, Hagatña, GU 96910 on or before May 8, 2007 at 3 p.m.; or (2) is sent by first class mail to the Office of the Clerk of Court, District Court of Guam, 520 West Soledad Avenue, Hagatña, GU 96910 bearing a postmark of May 8, 2007 or earlier. Any person requesting exclusion from the class and the Settlement Agreement must request exclusion from the class and the settlement in their entirety, and not just as to particular claim(s) for particular tax year(s). If you submit a request for exclusion that does not comply with these requirements, your request will be deemed invalid, and you will not be excluded from the Class.

**D.   Retain Your Own Attorney and Seek Intervention.** You have the right to consult and/or retain an attorney of your choice, at your own expense, to advise you regarding the Settlement and your rights in connection with the Settlement. You also have the right, either personally or through an attorney retained by you, at your own expense, to seek to intervene in the Litigation. Any such motion must be filed no later than May 15, 2007.

**VIII.   FAIRNESS HEARING**

**A.   Time, Place, and Purpose of Hearing.** A Fairness Hearing will be held on Friday, July 6, 2007 at 10 a.m., before the District Court of Guam, 520 West Soledad Avenue, Hagatña, GU 96910, to determine (1) Whether the proposed settlement of the Litigation on the terms set forth in the Settlement Agreement is fair, reasonable, and adequate for the Class as a whole and should be granted final approval; (2) Whether the certification of the Class should be made final; (3) Whether the Court should enter the proposed judgment dismissing the Litigation with prejudice; and (4) Whether the Court should grant the application of Plaintiffs' Counsel for attorneys' fees and reimbursement of expenses, and, if so, in what amount.

**B.   Procedures for Objecting to or Commenting in Support of Settlement.**

1.   **Written Objections or Comments.** If you have not requested exclusion from the Class, you, or an attorney retained by you, may file with the Office of the Clerk of Court, District Court of Guam, 520 West Soledad Avenue, Hagatña, GU 96910 a statement objecting to or commenting on the settlement and/or the motion for attorneys' fees on or before June 22, 2007. Such statement must also be served upon all counsel in the litigation, who are: (1) Phillips & Bordallo, P.C., 410 West O'Brien Drive, Suite 102, Hagatña, Guam 96910; (2) Lujan Aguigui & Perez LLP, 300 Pacific News Building, Hagatña, Guam 96910; (3) Shannon Taitano, Esq., Legal Counsel, Office of the Governor, Ricardo J. Bordallo Governor's Complex, Adelup, P.O. Box 2950, Hagatña, GU 96932 (4) Calvo & Clark, LLP, 655 South Marine Corps Drive, Suite 202, Tamuning, Guam 96913; and (5) Mantanona Law Office, Suite 601B, GCIC Bldg., 414 W Soledad Ave., Hagatña, Guam 96910.

2.   **Presentation of Objections and Supporting Comments at Fairness Hearing.** You may also attend the Fairness Hearing, either personally or through an attorney retained by you, at your own expense, and ask to be heard by the Court on your comments or objections. If you wish to do so, you must submit your objections or comments in writing in compliance with section VIII(B)(1) above and include in your comments a statement that you intend to appear and wish to attend the Fairness Hearing.

**IX.   ADDITIONAL INFORMATION**

**A.   Rescission of Previous Settlement.** Previously, Respondents had entered into a $60 million settlement agreement dated June 14, 2004 with Plaintiff Santos and published a notice regarding this settlement, which had received preliminary, but not final, Court approval. This settlement would have covered some, but not all, of the Members of the Class identified herein. As part of the new settlement, Plaintiff Santos and her counsel and Respondents have agreed to rescind the previous settlement, which is no longer in effect. It is possible that Class Members under the new settlement will receive more, less, or be unaffected by the new settlement. If Respondents have failed to reserve at least $15 million for the payment of claims under the Settlement Agreement described in this Notice by the time the Agreement is subject to the Fairness Hearing, Plaintiffs have the right to terminate the Settlement Agreement, which then shall be void and of no effect, and the June 14, 2004 Settlement shall be returned to effect, subject to all previously pending motions.

**B.   Notice of Related Pending Litigation.** There is one other case pending in the District Court of Guam that seeks to establish a class action regarding classes of persons similar to and overlapping with, the Class identified herein. It is entitled Simpao et al. vs. Govt. of Guam Dist. of Guam Civ. Case No. CV04-00049 (the "Other Litigation"). No class has yet been certified in the Other Litigation and the defendants in those cases oppose class certification. However, it is possible that if a Class Member requests exclusion from this Class, they could later be able to become part of the Other Litigation either by moving to join that Other Litigation or by becoming class members, should that case be certified as a class action. It is not known what the final outcome of the Other Litigation will be. In Simpao, the Court has held that the EIC applies to Guam and that liking a tax return establishes jurisdiction over those plaintiffs' claims. It is possible that by moving to join or by becoming part of a class in that case (if a motion for joinder or class certification were granted), a potential Class Member would ultimately receive less, more, or the same relief as they would receive by remaining a Class Member in this Litigation, or would possibly receive no relief at all. Class Members who do not request exclusion under the procedures set forth in Section VII(C) above will be barred forever from being part of the Other Litigation either as class members or by moving to join that case.

**C.   Effect of Court Disapproval.** If the Court refuses to grant final class certification or final approval of the Settlement Agreement after the Fairness hearing, or refuses to enter the final judgment, the Settlement shall be rendered void and of no effect and any class certification shall be vacated.

**D.   Questions.** Any questions regarding the Settlement should be directed to Plaintiffs' counsel, Phillips & Bordallo. P.C., 410 West O'Brien Drive. Suite 102. Hagatña, Guam 96910, or Lujan Aguigui & Perez LLP, 300 Pacific News Building, Hagatña, Guam 96910. You also can contact Plaintiffs' Counsel by email at mpphillips@phillipsbordallo.com or eic@lujanaguiguiperez.com. Please do not submit questions to the Court. Copies of the Settlement Agreement and the pleadings and other documents filed in the Litigation and the Other Litigation are on file at the District Court of Guam, and may be examined and copied during regular office hours at the Office of the Clerk of Court, District Court of Guam, 520 West Soledad Avenue, Hagatña, GU 96910

**X.   DEADLINES**

Remember:

· If you wish to be excluded from the class, you must submit a written statement requesting exclusion that either (1) is filed with the Office of the Clerk of Court, District Court of Guam, 520 West Soledad Avenue, Hagatña, GU 96910, on or before May 8, 2007 at 3:00 p.m.; or (2) is mailed by first class mail postmarked on or before May 8, 2007 to: Office of the Clerk of Court, District Court of Guam, 520 West Soledad Avenue, Hagatña, GU 96910.
· If you wish to submit objections or comments, you must file them with the Clerk of Court at the address listed above and serve them on all counsel listed in section VIII(B)(1) above on or before June 22, 2007.
· If you wish to intervene, you must file and serve a motion on or before May 15, 2007.
· The deadline for filing or mailing by first class mail claims for the EIC under the Settlement to DRT for tax years 1995, 1996, 1999, 2000, 2001, 2002, 2003, and 2004 is May 8, 2007.

Dated  January 29, 2007                                BY ORDER OF THE
                                                                   DISTRICT COURT OF GUAM