SHIMIZU CANTO & FISHER
Suite 101 De La Corte Bldg.
167 East Marine Corps Drive
Hagåtña, Guam 96910
671.472.1131

TOUSLEY BRAIN STEPHENS PLLC
Kim D. Stephens, P.S., *Pro Hac Vice*
Nancy A. Pacharzina, *Pro Hac Vice*
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
206.682.5600

*Attorneys for Plaintiffs Mary Grace Simpao, Christina Naputi and Janice Cruz*

## DISTRICT COURT OF GUAM

## TERRITORY OF GUAM

| | |
|---|---|
| JULIE BABAUTA SANTOS et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>FELIX A. CAMACHO et al.,<br><br>Defendants. | In the consolidated cases of:<br><br>Case No. CV04-00006 |
| CHARMAINE R. TORRES et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>GOVERNMENT OF GUAM, et al.,<br><br>Defendants. | Case No. CV04-00038 |
| MARY GRACE SIMPAO *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>GOVERNMENT OF GUAM,<br><br>Defendant,<br><br>vs.<br><br>FELIX P. CAMACHO, Governor of Guam,<br><br>Intervenor-Defendant. | Case No. CV04-00049<br><br>SIMPAO PLAINTIFFS' REPLY IN SUPPORT OF APPLICATION FOR ATTORNEYS' FEES AND REIMBURSEMENT OF COSTS |

ORIGINAL

1    COME NOW Plaintiffs Mary Grace Simpao, Christina Naputi and Janice Cruz,

2  hereinafter "*Simpao* Plaintiffs," by and through counsel Shimizu Canto & Fisher and Tousley

3  Brain Stephens PLLC, to submit their Reply to the *[Santos] Opposition To Simpao Plaintiffs'*

4  *Fees And Reimbursement Of Costs* and *The Governor And Government Of Guam's Position*

5  *Regarding Applications For Attorneys' Fees*, both filed June 22, 2007.

6

7    **I.    The Simpao Plaintiffs' Work Benefited the Class**

8      In opposing Simpao's request for attorney's fees both the Government and Santos attempt to

9  minimize the significance of Simpao's successful litigation of this matter while Santos pursued

10  settlement.   However, the Court need go no further than Santos' briefing in support of approval

11  of this settlement in order to see the folly in this argument.  In fact, *Santos* cited the *Simpao* case

12  in its briefing as evidence of the sufficiency of the proposed settlement. Supplemental Mem. of

13  Points and Authorities in Supp. of the *Santos* and *Torres* Parties' Joint Mot. for Prelim. Approval,

14  filed Dec. 15, 2006, Docket No. 368, p.7.  Although the Government suggests the *Simpao*

15  Summary Judgment ruling "did little for the class" because the point was already conceded, the

16  Government briefed and argued that the EITC does not apply to Guam, and the Government

17  continues to refute the summary judgment ruling by denying liability, including within its

18  proposed settlement agreement.  Most importantly, if the settlement had proceeded without the

19  proper jurisdictional requirements, the entire settlement would have been subject to reversal.

20  Absent the summary judgment ruling in *Simpao* requiring that the class have exhausted their

21  administrative remedies for the Court to have jurisdiction, the *Santos* settlement would not even

22  be possible.

23

24

25  SIMPAO PLAINTIFFS' REPLY IN SUPPORT
OF APPLICATION FOR ATTORNEYS' FEES
AND REIMBURSEMENT OF COSTS

**SHIMIZU CANTO & FISHER**
167 East Marine Corps Drive, Suite 101
Hagatna, Guam 96910
Tel. 671.472.1131
Fax 671.472.2886

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
Tel. 206.682.5600
Fax 206.682.2992

Page 1    Case 1:04-cv-00006    Document 438    Filed 06/29/2007    Page 2 of 12

1    The Government and Santos also suggest the *Simpao* Plaintiffs did nothing more than create

2    delay. They cite no specific examples of these supposed delays, however, because there are

3    none.[1] To the contrary, Simpao Plaintiffs have diligently and successfully pursued gains for the

4    class. Everything the *Simpao* Plaintiffs have done throughout the two and one-half years of this

5    litigation is to insist the Court and class be provided with full information and the rights due to

6    them as members of a class. One example of this is *Simpao* Plaintiffs' appeal to the

7    Government to increase benefits to the class by improving the proposed settlement agreement,

8    including in ways which did not affect the settlement award amount. See Declaration of James

9    L. Canto at Exhibit A, Letter from T. Fisher to K. Fisher and D. Benjamin, Jan. 5, 2007. In fact,

10   while Santos insists that *Simpao* "frustrated the efforts of the Class as much as possible," she

11   nonetheless recognizes that the *Simpao* Plaintiffs sought "top dollar" recovery and pursued an

12   ideal of recovery greater than that of the settling parties. This is hardly the indictment *Santos*

13   intends it to be, but rather proof that the *Simpao* Plaintiffs were committed to their duty to get the

14   best results possible for the class.

15   In another effort to discredit the work of the *Simpao* Plaintiffs, both the Government and

16   Santos ask the Court to suspend reason and instead find that there is no correlation between the

17   timing of the *Simpao* plaintiffs' actions and the additional benefits to the class. This is a self-

18   serving argument that defies probability. Take for example the most recent "coincidence"

19   correlated to the *Simpao* Plaintiffs' actions: on Thursday June 21, 2007, Simpao's counsel

20   contacted counsel for the Government of Guam asking why no proof of notice had been filed

21

22   _____

     [1] This statement does not include the Court's recent decision to set over the final fairness hearing in order to
     deal with the serious issues the *Simpao* Plaintiffs raised in their objections. However, this can not properly be seen
23   as creating delay since that decision was made on the Court's own initiative, without the *Simpao* Plaintiffs seeking
     any delay.

24

25   SIMPAO PLAINTIFFS' REPLY IN SUPPORT          **SHIMIZU CANTO & FISHER**              **TOUSLEY BRAIN STEPHENS PLLC**
     OF APPLICATION FOR ATTORNEYS' FEES          167 East Marine Corps Drive, Suite 101   1700 Seventh Avenue, Suite 2200
     AND REIMBURSEMENT OF COSTS                  Hagatna, Guam 96910                       Seattle, Washington 98101-1332
                                                 Tel. 671.472.1131                         Tel. 206.682.5600
     Page 2  Case 1:04-cv-00006    Document 438  Filed 06/29/2007   Fax 206.682.2992  Page 3 of 12

1  with the Court, and asking for additional information regarding the claims that had allegedly

2  been made. See Declaration of James L. Canto at Exhibit B, Decl. of Nancy Pacharzina in Supp.

3  of App. for Attys' Fees ¶¶2, 3. Later that same day, the Government filed a declaration that

4  disclosed information responsive to this request. *Id.* at ¶ 4. While the Government and Santos

5  discount these contributions, these efforts by the *Simpao* Plaintiffs recognize and honor the

6  importance of providing necessary protections and due process to all class members.

7      The Government also argues that the *Simpao* Plaintiffs may not be awarded fees because

8  some specific actions they took may not have benefited the class. This is not true. The Court

9  may award attorneys' fees based on the fact that the overall work of a party benefited the class.

10  There is no requirement to show that *each* particular task specifically benefited the class. *In re*

11  *Coordinated Pretrial Proceedings in Petroleum Products Antitrust Litig.*, 109 F.3d 602, 608 (9th

12  Cir. 1997) (noting, "good legal representation regularly includes some work which does not bear

13  fruit" but this does not mean that beneficiaries of the common fund need not pay for the effort).

14

15  **II.    The *Simpao* Plaintiffs are Entitled to Attorneys Fees for their Work as Plaintiffs**

16      The Government and Santos argue that the *Simpao* plaintiffs are not entitled to recover

17  their attorneys' fees because they did not "join in the settlement" but their argument is not

18  supported by the law."[2] Government's Brief at p. 10. There is no requirement that parties in a

19  consolidated parallel action affirmatively join in proposing a settlement in order to be awarded

20  attorneys' fees.    The Ninth Circuit Court of Appeals firmly established that, in a common fund

21  case such as this, the District Court may award attorneys' fees to parties who did not even

22  *participate* in the litigation directly before the Court. *Wininger v. SI Management L.P.*, 301 F.3d

23

24  ─────────────
[2] As a point in fact, *Simpao* plaintiffs Cruz and Simpao have not opted-out and therefore are joined in the settlement.

25  SIMPAO PLAINTIFFS' REPLY IN SUPPORT          SHIMIZU CANTO & FISHER              TOUSLEY BRAIN STEPHENS PLLC
    OF APPLICATION FOR ATTORNEYS' FEES          167 East Marine Corps Drive, Suite 101     1700 Seventh Avenue, Suite 2200
    AND REIMBURSEMENT OF COSTS                  Hagatna, Guam 96910                Seattle, Washington 98101-1332
                                                Tel. 671.472.1131                  Tel. 206.682.5600
    Page 3  Case 1:04-cv-00006      Document 438  Filed 06/29/2007  Fax 206.682.2992  Page 4 of 12

1115, 1121 (9th Cir. 2002) *citing Angoff v. Goldfine*, 270 F.2d 185, 190 (1st Cir. 1959) (holding District Court erred in refusing to award attorneys' fees arising from a separate proceeding in state court when it "produced a benefit to the corporation on behalf of which the main action was brought.")

The *Chemical Bank* case heralded by *Santos* does not contradict this rule. The court in that case simply found in that a particular parallel state court action was not sufficiently related to the class action for the purpose of awarding attorneys' fees. *Chemical Bank v. Jaffe & Schleisinger, P.A.*, 19 F.3d 1306 (9th Cir. 1994). That case was entirely different from the instant situation. The *Chemical Bank* court found the state action to be a "somewhat parallel action in a different forum . . . [that] was not waged on behalf of the entire Class, and the entire Class would not have shared all potentially attainable benefits. The two actions were distinct and detached. Thus, while the cases may have been "related," the relationship was attenuated." *Id.* at 1308. The *Simpao* plaintiffs' case is neither attenuated nor detached. It is in the same jurisdiction and consolidated with *Santos*. It deals with exactly the same issues addressed by the settlement and was waged on behalf of the entire class. Every benefit obtained by the *Simpao* Plaintiffs is shared by the rest of the class, although the class is in effect represented by the three separate groups of attorneys.

## III. Percentage-of-the-Fund Attorneys' Fee Awards are Preferred to the Lodestar Method in Awarding Fees in Common Fund Cases.

When the Government urges use of a lodestar fee award and argues that the common fund provided for the "working poor" must not be diminished by attorneys' fees, the argument rings hollow. Before attorneys brought this case, these "working poor" were *not even receiving* their EITC and the Government was taking affirmative steps to make sure they could *not even claim*

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
SIMPAO PLAINTIFFS' REPLY IN SUPPORT
OF APPLICATION FOR ATTORNEYS' FEES
AND REIMBURSEMENT OF COSTS

SHIMIZU CANTO & FISHER
167 East Marine Corps Drive, Suite 101
Hagatna, Guam 96910
Tel. 671.472.1131

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
Tel. 206.682.5600

Page 4 Case 1:04-cv-00006    Document 438<sup>72.288</sup>Filed 06/29/2007  Fax Page 5 of 12

*it.* Moreover, based on the low number of claims being made, it appears that the Government's true motive in making this argument is not to get additional money to taxpayers, but rather to make sure the Government returns as large a share as possible of the unpaid settlement fund to its own coffers.

The purpose of enhanced fee awards is to entice qualified counsel to take on representation of parties and cases that would otherwise go without representation. Therefore, the fact that the "working poor" are being represented makes it <u>imperative</u> that the attorneys' fee award in this case be related to the benefit to class.

> The common fund approach is also grounded on a policy of encouraging counsel to act as "private attorneys general" to vindicate the rights of class members, most of whom have small individual claims:
>> [C]ourts also have acknowledged the economic reality that in order to encourage "private attorney general" class actions brought to enforce ... laws on behalf of persons with small individual losses, a financial incentive is necessary to entice capable attorneys, who otherwise could be paid regularly by hourly-rate clients, to devote their time to complex, time-consuming cases for which they may never be paid.

*Pinto v. Princess Cruise Lines,* 2007 WL 853431 *4 (S.D.Fla. 2007) citing *Mashburn v. National Healthcare, Inc.,* 684 F.Supp. 679, 687 (M.D. Ala. 1988).

Moreover, adequate compensation promotes the availability of counsel for plaintiffs. *Id. citing Muehler v. Land O'Lakes, Inc.,* 617 F.Supp. 1370, 1375-76 (D.Minn. 1985).

The Government is correct in asserting that the Court may select either a lodestar approach or a percentage-of-the-fund approach. *In re Washington Public Power Supply System Securities Litigation ("WPPSSS"),* 19 F.3d 1291, 1295 (9th Cir. 1994). ("Despite the recent ground swell of support for mandating a percentage-of-the-fund approach in common fund cases . . . we require only that fee awards in common fund cases be reasonable.") In deciding which method to use, the Court should consider both the public policy reason cited above and the numerous

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
SIMPAO PLAINTIFFS' REPLY IN SUPPORT
OF APPLICATION FOR ATTORNEYS' FEES
AND REIMBURSEMENT OF COSTS

**SHIMIZU CANTO & FISHER**
167 East Marine Corps Drive, Suite 101
Hagatna, Guam 96910
Tel. 671.472.1131

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
Tel. 206.682.5600
Fax 206.682.2992

Page 5 Case 1:04-cv-00006    Document 438 72.28 Filed 06/29/2007    Page 6 of 12

good reasons for using a percentage-of-the fund calculation in this case. First, the Ninth Circuit has cited, with favor, the general rule that "although statutory awards of attorneys' fees are subject to 'lodestar' calculation procedures, a reasonable fee under the common fund doctrine is calculated as a percentage of the recovery." *Six (6) Mexican Workers v. Arizona Citrus Growers,* 904 F.2d 1301, 1311 (9th Cir. 1990). Second, the percentage of the fund method has a number of advantages: it is easy to calculate; it establishes reasonable expectations on the part of plaintiffs' attorneys as to their expected recovery; and it encourages early settlement, which avoids protracted litigation. *In re DPL Inc., Securities Litigation,* 307 F.Supp. 2d 947, 951 (S.D. Ohio 2004). Third, the lodestar method has been criticized for being too time-consuming of scarce judicial resources. *Id.* citing *Swedish Hosp. Corp. v. Shalala,* 1 F.3d 1261 (D.C. Cir. 1993); Task Force Report at 250. When using the lodestar, district courts must pore over time sheets, arrive at a reasonable hourly rate, and consider numerous factors in deciding whether to award a multiplier. With the emphasis it places on the number of hours expended by counsel rather than the results obtained, it also provides incentives for overbilling and the avoidance of early settlement. *Id.*

In making its decision of which method to use, the Court should also consider this advice, offered by the Ninth Circuit in *Paul, Johnson, Alston & Hunt v. Graulty*: "A task force commissioned by the Third Circuit has recommended that compensation for creating common funds be calculated by a percentage of the funds created." 886 F.2d 268, 272 (9th Cir. 1989) *citing* Court Awarded Attorney Fees, Report of the Third Circuit Task Force, 108 F.R.D. 237, 254-59, (1985) and *Blum v. Stenson*, 465 U.S. 886, 900 n. 16, 104 S.Ct. 1541, 1550 n. 16 (1984) (noting that the percentage basis method is grounded in tradition and therefore an acceptable way of calculating the fee award). Because it is much easier to calculate a percentage-of-the-fund fee

SIMPAO PLAINTIFFS' REPLY IN SUPPORT
OF APPLICATION FOR ATTORNEYS' FEES
AND REIMBURSEMENT OF COSTS
Page 6

SHIMIZU CANTO & FISHER
167 East Marine Corps Drive. Suite 101
Hagatna, Guam 96910
Tel. 671.472.1131

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
Tel. 206.682.5600
Fax 206.682.2992

Case 1:04-cv-00006    Document 438    Filed 06/29/2007    Page 7 of 12

than to review hourly billing for several years of litigation, the percentage-of-the-fund fee also helps comply with the Supreme Court's directive that "a request for attorney's fees should not result in a second major litigation." *Swedish Hosp. Corp. v. Shalala*, 1 F.3d. 1261, 1269-1270 (D.C. Cir. 1993) *citing Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S.Ct. 1933, 1941 (1983).

## IV.     The Percentage of the Fund the *Simpao* Plaintiffs Seek is Reasonable.

The parties can at least all agree that an attorneys' fee award must be reasonable. *WPPSS,* 19 F.3d at 1295. In the Ninth Circuit, an award of 25% of the common fund is reasonable, but can be adjusted upward or downward to "account for unusual circumstances in the case." *Paul, Johnson, Alston & Hunt v. Graulty.* 886 F.2d 268, 272-273 (9th Cir. 1989). When making those deviations, the Court must articulate the unusual circumstances that justify the downward deviation; too great of a downward deviation may constitute an abuse of discretion. *Id.* (reversing the District Court's fee award because it was only a "paltry seven percent of the common fund that was created").

The Court should not rely on *Fischel v. Equitable Life Assur. Society,* or the Government's proposition that the *Simpao* Plaintiffs' fee request of 5% of the common fund is unreasonable in this case. 307 F.3d 997 (9th Cir. 2002). In *Fischel*, the court acknowledged the 25% benchmark, but held that where that case settled for almost \$20 million only three and one half months after filing and without litigation, the trial court did not abuse its discretion in applying the Lodestar method, even though the award was only three percent of the fund. The *Simpao* Plaintiffs' work in this case is entirely distinguishable from the *Fischel* case, as evidenced by Simpao's counsel's lodestar calculation. Simpao has actively litigated for over two and one-half years for the benefit of the class and has also raised important and timely objections. A 5 percent-of-the-fund award under these facts is entirely reasonable.

SIMPAO PLAINTIFFS' REPLY IN SUPPORT OF APPLICATION FOR ATTORNEYS' FEES AND REIMBURSEMENT OF COSTS

**SHIMIZU CANTO & FISHER**
167 East Marine Corps Drive, Suite 101
Hagatna, Guam 96910
Tel. 671.472.1131

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
Tel. 206.682.5600
Fax 206.682.5600

Page 7

Case 1:04-cv-00006     Document 438-2     Filed 06/29/2007     Page 8 of 12

1    Additionally, the *Fischel* case represents an exception rather than a rule. Even the cases cited

2    by the Government in arguing against the percentage-of-the-fund award demonstrate that courts

3    regularly make awards within the Ninth Circuit's benchmark range. See *Young v. Polo Retail*

4    *LLC*, 2007 WL 951821 (N.D. Cal. 2007) (awarding an attorneys' fee of 31% of the common

5    fund); *In re Coordinated Pretrial Proceedings in Petroleum Products Antitrust Litigation*, 109

6    F.3d 602, 606 (9th Cir. 1997) (awarding slightly less than 25% of the common fund as attorneys'

7    fees); *In re DPL Inc. Sec. Litig.*, 307 F.Supp. 2d 947, 951 (S.D. Ohio 2004) (holding that 35% of

8    a $110 million common fund would be unreasonable given the "small amount of work" required

9    to reach the settlement, and instead awarding 20% of the fund to counsel);

10

11   **V.    *Simpao* Plaintiffs' Fee Request is Reasonable Based on a Lodestar "Cross-Check."**

12       In awarding the percentage fee, the Court is not required to consider the hours expended by

13   the attorneys. *Ann. Manual Complex Litig.* § 14.121 (4th ed.) ("A percentage-fee award may give

14   little weight to the amount of attorney time expended.") Generally, the greatest emphasis is on

15   the size of the fund created, because that is the measure of success. *Id.* However, the Governor is

16   correct in noting that attorneys' hours are sometimes considered through use of a lodestar "cross-

17   check" as a method of verifying the reasonableness of a percentage award. *Xcel Energy, Inc.*

18   *Sec., Derivative & "ERISA" Litig.*, 364 F.Supp.2d 980, 999 (D.Minn. 2005).    The resulting

19   multiplier does not have to fall within a specific range, but should be determined by the unique

20   circumstances of each case. *Id.*

21       The Government suggests that the *Simpao* Plaintiffs' lodestar calculation is

22   inappropriate because the hourly fees used are "scandalous," citing *Young v. Polo Retail* as

23   support for what appropriate rates would be. 2007 WL 951821. The hourly fees cited by the

24

25   SIMPAO PLAINTIFFS' REPLY IN SUPPORT          SHIMIZU CANTO & FISHER              TOUSLEY BRAIN STEPHENS PLLC
     OF APPLICATION FOR ATTORNEYS' FEES          167 East Marine Corps Drive, Suite 101   1700 Seventh Avenue, Suite 2200
     AND REIMBURSEMENT OF COSTS                   Hagatna, Guam 96910                   Seattle, Washington 98101-1332
                                                  Tel. 671.472.1131                     Tel. 206.682.5600
     Page 8  Case 1:04-cv-00006    Document 473  2.288 Filed 06/29/2007  Fax 206.682.2992  Page 9 of 12

1  Government are lower than those commonly used by class action attorneys in the same

2  marketplace. See Declaration of James L. Canto at Exhibit C, Declaration of Jonathan D. Selbin.

3  In fact, far from being "scandalous," the rates used by the *Simpao* Plaintiffs are within the

4  normal range. *Id.*

5  Based on the *Simpao* Plaintiffs' lodestar, the 5% percentage-of-the-fund fee it seeks is

6  equivalent to Simpao's lodestar with a multiplier of 4 (literally 4.016). This is an entirely

7  reasonable award. Where the lodestar method is used as a cross-check, percentage award

8  multipliers greater than this are not uncommon. *Rite Aid Corp. Sec. Litig.*, 362 F.Supp.2d 587,

9  589-590 (E.D.Pa. 2005) (awarding a percentage amount equivalent to a 6.96 multiplier); *Roberts*

10  *v. Texaco, Inc.,* 979 F.Supp. 185, 197 (S.D.N.Y. 1997) (awarding a percentage amount

11  equivalent to a 5.5 times multiplier) *citing In re Beverly Hills Fire Litig.*, 639 F.Supp. 915

12  (E.D.Ky. 1986) (lodestar with 5 times multiplier) *also In re Boston and Maine Corp. v. Sheehan,*

13  *Phinney, Bass & Green, P.A.*, 778 F.2d 890 (1st Cir. 1985) (lodestar with 6 times multiplier);

14  *Xcel Energy, Inc. Sec.,* 364 F.Supp.2d at 99 (awarding percentage amount equivalent to a 4.7

15  multiplier) *and citing In re Aremissoft Corp. Sec. Litig.*, 210 F.R.D. 109, 134-35 (D.N.J. 2002)

16  (awarding percentage amount equivalent to a 4.3 multiplier) *also Maley v. Del Global Techs.*

17  *Corp.*, 186 F.Supp.2d 358, 371 (S.D.N.Y. 2002) (percentage fee resulted in "modest multiplier of

18  4.65").[3]

19

20

21  [3] *See also Pinto v. Princess Cruise Lines,* 2007 WL 853431 (S.D.Fla. 2007) *citing Weiss v. Mercedes-Benz of N. Amer., Inc.,* 1995 U.S. Dist. LEXIS 14708 (D.N.J. May 11, 1995) (multiple of 9.3 times lodestar); *In re RJR*

22  *Nabisco, Inc. Sec. Litig.,* Fed. Sec. L. Rep. (CCH) ¶ 96,984 (S.D.N.Y.1992) (multiple of 6 times lodestar); *Cosgrove v. Sullivan,* 759 F.Supp. 166 (S.D.N.Y. 1991) (multiple of 8.74); *Glendora Comm. Redevelopment Agency*

23  *v. Demeter,* 155 Cal.App.3d 465, 202 Cal. Rptr. 389 (Cal.Ct.App. 1984) (multiple of 12 times lodestar); *Grimshawe v. New York Life Ins. Co.,* Case No. 96-0746-Civ-Nesbitt (S.D.Fla.) (percentage-based fee award equivalent to a

24  multiple of 8.5).

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

25  SIMPAO PLAINTIFFS' REPLY IN SUPPORT         SHIMIZU CANTO & FISHER             TOUSLEY BRAIN STEPHENS PLLC
    OF APPLICATION FOR ATTORNEYS' FEES          167 East Marine Corps Drive, Suite 101    1700 Seventh Avenue, Suite 2200
    AND REIMBURSEMENT OF COSTS                  Hagatna, Guam 96910               Seattle, Washington 98101-1332
                                                Tel. 671.472.1131                 Tel. 206.682.5600
    Page 9 Case 1:04-cv-00006      Document 436  Fax 671.472.2886  Filed 06/29/2007   Fax 206.682.2992  Page 10 of 12

The Ninth Circuit has held it to be an abuse of discretion <u>not</u> to apply a multiplier where attorneys are motivated to take the case, in part, with the expectation of an enhanced fee. *WPPSSS,* 19 F.3d. at 1301.

## VI. *Simpao* **Plaintiffs' Fee Request is Appropriate Even if the Award is Simply Based on their Status as "Objectors."**

Not only is the 5% percentage-of-the-fund award reasonable as an award to *Simpao* for the benefits they provided the class as plaintiffs, when combined with the benefits they provided as objectors, it amounts to a good deal for the class. Courts have awarded more to objectors who <u>only</u> participated in the case for the limited purpose of objecting <u>after</u> the notice of settlement went out. *Howes v. Atkins,* 668 F.Supp. 1021, 1025 (E.D. Ky. 1987) (awarding 10% of the common fund to objectors because, by making a "vigorous" attack on the settlement, they assisted the court in determining that the proposed settlement was fair); *In re Horizon/CMS Healthcare Corp. Sec. Litig.*, 3 F. Supp.2d 1208, 1215 (D.N.M. 1998) (awarding objectors attorneys' fees of 6% of the common fund).

Santos' efforts to discount the benefits of objections raised by the *Simpao* Plaintiffs reveals either an alarming disinterest or ignorance of how such objections actually help protect the class interests. *In re the Prudential Ins. Co. of Am. Sales Practices Litig.*, 273 F.Supp.2d 563 (D.N.J. 2003) ("Objectors serve as a highly useful vehicle for members of the class and for the public generally"). For example, if the settlement had gone ahead without the Court's proper jurisdiction, the entire settlement would have been reversible.

Santos' desperate attempt to argue that "*Simpao* Plaintiffs cannot take credit" for the jurisdictional issue highlights the weakness of her entire argument against awarding attorneys' fees to the *Simpao* Plaintiffs for their role as both plaintiffs and objectors. It also directly contradicts a specific statement by this Court which noted that the *Simpao* plaintiffs'

SIMPAO PLAINTIFFS' REPLY IN SUPPORT
OF APPLICATION FOR ATTORNEYS' FEES
AND REIMBURSEMENT OF COSTS

Page 10

SHIMIZU CANTO & FISHER
167 East Marine Corps Drive, Suite 101
Hagatna, Guam 96910
Tel. 671.472.1131

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
Tel. 206.682.5600
Fax 206.682.2992

Case 1:04-cv-00006    Document 436    Filed 06/29/2007    Page 11 of 12

1 | participation "was appreciated as they raised key issues concerning jurisdiction." *Order,* J.

2 | Tydingco-Gatewood, CV04-00006, Jan. 9, 2007, Docket No. 384 p.2.

3 |

4 | Respectfully submitted this 29th day of June, 2007.

5 |

SHIMIZU CANTO & FISHER

6 |

7 | By: _____

8 | James L. Canto II

9 | TOUSLEY BRAIN STEPHENS PLLC
   | Kim D. Stephens, P.S., *Pro Hac Vice*

10 | Nancy A. Pacharzina, *Pro Hac Vice*

11 | Attorneys for Plaintiffs Simpao, Naputi & Cruz

SIMPAO PLAINTIFFS' REPLY IN SUPPORT
OF APPLICATION FOR ATTORNEYS' FEES
AND REIMBURSEMENT OF COSTS

SHIMIZU CANTO & FISHER
167 East Marine Corps Drive, Suite 101
Hagatna, Guam 96910
Tel. 671.472.1131
Fax: 671.472.2886

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
Tel. 206.682.5600
Fax 206.682.2992

Page 1

Case 1:04-cv-00006    Document 436    Filed 06/29/2007    Page 12 of 12