[Appearing Counsel on next page]

FILED
DISTRICT COURT OF GUAM
JUL 26 2007
MARY L.M. MORAN
CLERK OF COURT

# DISTRICT COURT OF GUAM

# TERRITORY OF GUAM

| | |
|---|---|
| JULIE BABAUTA SANTOS, et. al., <br><br> Petitioners, <br><br> -v- <br><br> FELIX P. CAMACHO, et. al. <br><br> Respondents. | Civil Case No. 04-00006 <br><br> **REPLY IN SUPPORT OF JOINT MOTION OF PETITIONERS AND RESPONDENTS IN *SANTOS* AND *TORRES* FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT** |
| CHARMAINE R. TORRES, et al., <br><br> Plaintiffs, <br><br> -v- <br><br> GOVERNMENT OF GUAM, et al., <br><br> Defendants. | Civil Case No. 04-00038 |
| MARY GRACE SIMPAO, et al., <br><br> Plaintiffs, <br><br> -v- <br><br> GOVERNMENT OF GUAM, <br><br> Defendant. <br><br> -v- <br><br> FELIX P. CAMACHO, Governor of Guam, <br><br> Intervenor-Defendant. | Civil Case No. 04-00049 |

ORIGINAL

**MICHAEL F. PHILLIPS**
**PHILLIPS & BORDALLO, P.C.**
410 West O'Brien Drive
Hagatña, Guam 96910
Telephone: (671) 477-2223
Facsimile: (671) 477-2329
Interim Class Counsel and Attorneys for Petitioner *Julie Babauta Santos*

**IGNACIO C. AGUIGUI**
**PETER C. PEREZ**
**LUJAN AGUIGUI & PEREZ LLP**
300 Pacific News Building
Hagatña, Guam 96910
Telephone: (671) 477-8064
Facsimile: (671) 477-5297
Attorneys for Plaintiff *Charmaine R. Torres*

**SHANNON TAITANO, ESQ.**
**OFFICE OF THE GOVERNOR OF GUAM**
Ricardo J. Bordallo Governor's Complex
Adelup, Guam 96910
Telephone: (671) 472-8931
Facsimile: (671) 477-4826

**EDUARDO A. CALVO, ESQ.**
**RODNEY J. JACOB, ESQ.**
**DANIEL M. BENJAMIN, ESQ.**
**CALVO & CLARK, LLP**
Attorneys at Law
655 South Marine Drive, Suite 202
Tamuning, Guam 96913
Telephone: (671) 646-9355
Facsimile: (671) 646-9403
Attorneys for *Felix P. Camacho, Governor of Guam*

**RAWLEN M.T. MANTANONA**
**CABOT MANTANONA LLP**
BankPacific Buiding, 2nd Floor
825 S. Marine Corps Drive
Telephone: (671) 646-2001
Facsimile: (671) 646-0777
Attorneys for Respondents *Lourdes M. Perez and Artemio R. Ilagan*

The only class members who filed objections to Final Approval of the Settlement Agreement in this matter are Mary Grace Simpao and Janice Cruz (hereinafter "Simpao Plaintiffs"), the embittered Plaintiffs in <u>Simpao et al v. Government of Guam</u>, Civil Case No. 04-00049, who, having failed to themselves submit to meaningful negotiations, now attempt to thwart the progress of this meritorious settlement. Simpao Plaintiffs object to final approval of the settlement agreement on four bases: (1) purported lack of sufficient information by which the Court can evaluate effectiveness of notice or the fairness of the settlement; (2) purported inadequacy of notice to Class Members of the potential settlement; (3) that the settlement is purportedly substantively unfair; and (4) that the funding mechanism for the settlement is unlikely to survive a challenge that it is violative of Guam law.

As the Court noted in its Order Granting Preliminary Approval of Settlement Agreement,

> The court preliminarily finds that the Settlement Agreement is fair, adequate and reasonable after taking into account the fact that litigation is always uncertain and that delays are the norm. In addition, the court finds that the settlement encompassed by the Settlement Agreement was entered into after arm's length negotiations by experienced counsel and is sufficiently within the range of reasonableness so that notice of the Settlement Agreement should be provided to potential class members n6. Accordingly, the terms of the Settlement Agreement are hereby preliminarily approved, and discovery is hereby stayed except to the extent discovery is necessary with respect to opt-outs, if any, and/or purposes of administering and consummating the Settlement Agreement, subject to further consideration thereof at the hearing on final settlement (the "Fairness Hearing").

*Order Granting Joint Motion for Preliminary Approval of Class Action Settlement Agreement, Joint Motion of the Parties for Conditional Certification of the EIC Class for Settlement Purposes, Amended Motion for Appointment of Lead Class Counsel*, p 4.

The parties submit to the Court that, Notice requirements having been met and the parties having complied with the Court's orders, the Settlement Agreement meets the requirements of law as it is fair, adequate and reasonable within the meaning of Rule 23. Accordingly, the Court should grant final approval of the Settlement Agreement and thereby ensure that the Class receives immediate and meaningful relief.

### A. Adequacy of Record Before the Court

Simpao Plaintiffs challenge the adequacy of the record before the Court to form the basis for final approval of the settlement agreement. Specifically, they contend that the information available to the Court is insufficient for the Court to gauge the fairness of the settlement. Simpao Plaintiffs argue that in order to properly assess the fairness of the settlement agreement, the Court would have to consider information such as the value of the claims class members have filed, the value of the offsets the government will apply to the claims, and the number of class members would actually filed claims. Upon the date of Simpao Plaintiffs objections, they had already received, though inexplicably failed to account for, the information provided in the *Declaration of John P. Camacho in Support of Motion for Final Approval of Class Action Settlement Agreement.*

The Declaration evidences the filing of over fifty-four thousand (54,000) claims, which the Department of Revenue and Taxation compiled according to year, status, and processing date. Further, per the Summary of Claims processed, approximately thirty thousand (30,000) claims had been processed and/or paid out by May 18, 2007, totaling over fifty-two million dollars ($52,000,000.00), before offsets. Offsets accounted for approximately 18% of the ten million, five hundred fifty-six thousand, two hundred thirty-four dollars and thirteen cents ($10,556,234.13) of the total 1997 and 1998 claims refunded as of that date. The data is understandably incomplete, as the deadline to complete processing for some twenty thousand (20,000) claims has yet to elapse. However, such data will likely be available for the Court's review prior to the fairness

2

hearing in this matter, presently scheduled for September 20, 2007. Given the current data before the Court however, it is clear that the parties have complied with the Court's reporting requirements, and will continue to comply as more data becomes available.

### B. Adequacy of Notice

Simpao Plaintiffs also challenge the sufficiency of the record before the Court as it pertains to Notice given to Class Members of the potential settlement pursuant to the Court's Order of January 9, 2007. Again, the Department of Revenue and Taxation documented the notice it effected via the requirements the Court set forth in its Order, and though data is not finalized regarding the number of valid claims, it is clear that DRT has complied and intends to comply with the Court's reporting requirements. As the Court found:

> **NOTICE TO POTENTIAL CLASS MEMBERS**
>
> 7. Rule 23(e) requires that once the parties obtain preliminary approval of their settlement, "[t]he court must direct notice in a reasonable manner to all class members who would be bound by a proposed settlement, voluntary dismissal, or compromise." FED. R. CIV. P. 23(e). Proper notice should:
>
> -- define the class and subclass;
>
> -- describe clearly the options open to the class members and the deadlines for taking action;
>
> -- describe the essential terms of the proposed settlement;
>
> -- disclose any special benefits provided to the class representatives;
>
> -- provide information regarding attorney fees;
>
> -- indicate the time and place of the hearing to consider approval of the settlement, and the method for objecting to the settlement;
>
> -- explain the procedures for allocating and distributing settlement funds;

> -- provide information that will enable class members to calculate or at least estimate their individual recoveries, including estimates of the size of the class and any subclass;
>
> -- explain the procedures for allocating and distributing settlement funds; and
>
> -- prominently display the address and phone number of class counsel and the procedure for making inquiries.
>
> Manual for Complex Litigation, Fourth, § 21.312. Rule 23 essentially gives the court complete discretion as to the manner of service of settlement notice. See <u>Franks v. Kroger Co.</u>, 649 F.2d 1216, 1222-1223 (6th Cir. 1981).
>
> The parties propose that each class member be mailed a notice of the proposed class action settlement, as well as providing notice by publication. The proposed notice adequately describes the facts underlying this action. The proposed notice describes who members of the class are, and it provides the terms of the settlement. The proposed notice provides information regarding attorney's fees. The proposed notice provides information on how class members may object to the settlement, and clearly indicates contact information for both class counsel and defense counsel. Thus, the court conditionally approves the proposed notice, subject to the inclusion of the pertinent dates.

Order, supra at 10-11.

As provided in the Declaration of John P. Camacho in support of Motion for Final Approval of Class Settlement, Notice of Pendency and Proposed Settlement of Class Action was mailed to Class Members in compliance with the Court's order and with the Settlement Agreement, which provides in relevant part:

> II. **CLASS NOTICE**
>
> ...
>
> b. Notice by publication shall include the publication of Exhibit "C" in a full-page advertisement reprinted in full twice weekly for not less than four consecutive weeks in the Pacific Daily News an Marianas Variety. Publication in the Pacific Daily News shall include Sunday and any one other day. Publications in the Marianas Variety shall include any two days. Notice by publication shall commence on the first

Sunday that occurs at least seven (7) days after the Court orders the publication of the class notice.

c. Individual notice shall consist of DRT mailing Exhibit "C" to the last known address of the individuals who may fall within the EIC Class whose identity it is reasonably practicable to identify and shall be accomplished as follows:

i. DRT shall first assemble a list of all persons who it is reasonably practicable to identify who may belong to the EIC class. The list shall be developed by assembling a list of the names and social security number (or taxpayer identification number ) of the following persons:

...

6. By comparing social security numbers (or taxpayer identification numbers), DRT shall then combine the lists developed into one master list.

ii. Once DRT has assembled its master list based on the foregoing provisions, DRT shall match each name and social security number (or taxpayer identification number) identified with the last known address appearing on DRT's computerized records.

iii. Except as otherwise specified herein, the Parties have determined that it is not reasonably practicable for DRT to identify any tax filings not yet entered into DRT's computer system or to use such un-entered filings in its determination of individuals or their last known addresses because this would substantially delay or even prevent DRT's completion of its list.

iv. One copy of Exhibit "C" shall then be mailed to each person so identified at the address so identified. Persons identified as potential class members who have potential claims in multiple tax years shall be mailed only one copy of the notice.

v. DRT shall complete its list of individuals and last known addresses, and shall mail Exhibit "C" by first class mail to each individual at their last known address, no later than 35 days after the Court orders the publication of the Class Notice.

vi. The Parties acknowledge that it is unlawful under federal law and territorial to disclose individual taxpayer information to any third party except for as authorized by law. None of the forgoing provisions regarding individual notice shall be construed to require such unauthorized disclosures, and DRT shall maintain the confidentiality of the master list and all other lists developed under the forgoing provisions.

d. The completion of the notice by publication and the mailing of the individual notice at the times stated herein shall constitute completion of the "Class Notice Period."

5

*Declaration of Daniel M. Benjamin in Support of Joint Motion of the Santos and Torres Parties for Preliminary Approval of Class Action Settlement Agreement; Memorandum of Points and Authorities in Support Thereof*, Exhibit 1.

To the extent that Simpao Plaintiffs challenge the form and content of the notice, such matters are firmly left to the discretion of the Court. See Gainey v. Occidental Land Research, 186 Cal. App. 3d 1051, 1057-1058 (Cal. Ct. App. 1986) ("The form and content of the notice to the class of pendency of the class action is regulated by the court...The notice is a matter of extreme importance, committed to the discretion of the court, not the whim of litigants. The mechanism selected for accomplishing this is the class notice, which is designed to present the relevant facts in an unbiased format. The process of creating such a notice [involves the court and the parties working together]") (citations omitted). Here, where the parties produced substantive notice, with guidance and approval from the Court regarding the sufficiency of the information contained therein, and where the notice the parties mailed and published reflects the information and format approved by the Court, the parties submit that the form and content of the notice meets the requirements of law.

Simpao Plaintiffs also criticize the method the parties utilized to disseminate notice to Class Members. In support of their objections, Simpao Plaintiffs submitted a Declaration of Gina M. Intrepido, a purported expert in legal notice dissemination, who details a number of criticisms regarding the methodology employed by the Department of Revenue and Taxation and in so doing, demonstrates her own unfamiliarity with the practicability of implementing the virtual wishlist of legal notice dissemination she recommends the parties implement.

Due process does not require actual notice of all Class Members. See In re Prudential Secs. Ltd. Pshps. Litig., 164 F.R.D. 362, 368 (D.N.Y. 1996) ("[i]t is widely

recognized that for the due process standard to be met it is not necessary that every class member receive actual notice, so long as class counsel acted reasonably in selecting means likely to inform persons affected")(citing Weigner v. The City of New York, 852 F.2d 646, 649 (2d Cir. 1988), cert. denied, 488 U.S. 1005, 102 L. Ed. 2d 777, 109 S. Ct. 785 (1989) ("the proper inquiry is whether [class counsel] acted reasonably in selecting means likely to inform persons affected, not whether each [class member] actually received notice"); Silber v. Mabon, 18 F.3d 1449, 1453-54 (9th Cir. 1994); In re VMS Limited Partnership Sec. Litig., No. 90 C 2412, 1995 U.S. Dist. LEXIS 8079, *3, 1995 WL 355722 at *2 (N.D. Ill. June 12, 1995); Trist v. First Federal Savings & Loan Assoc. of Chester, 89 F.R.D. 1, 2 (E.D. Pa. 1980) ("Mullane has never been interpreted to require the sort of actual notice demanded by the defendants, but rather only notice reasonably calculated to apprise interested parties of the nature of the object"). Further, "[t]he Court is granted the power to direct the means of providing notice, subject only to these broad 'reasonableness' standards imposed by due process." In re Prudential Secs. Ltd. Pshps. Litig., supra at 368 (citing Grunin v. International House of Pancakes, 513 F.2d 114, 121 (8th Cir.) cert. denied, 423 U.S. 864, 46 L. Ed. 2d 93, 96 S. Ct. 124 (1975)).

Ms. Intrepido is of the opinion that the DRT could have undertaken a variety of tasks in an attempt to update their address databases to accommodate sociological and mobility factors on Guam. Ms. Intrepido also offers what reads to be a policy concern as to the propriety of excluding tax filings that were not yet entered into the DRT's computer system.

However, none of Ms. Intrepido's suggestions are mandated by law. The parties' decision to send notice to the last known addresses of Class members does not defeat the reasonableness of notice. In In re Prudential Secs. Ltd. Pshps. Litig., 164 F.R.D.

7

362, 368 (D.N.Y. 1996), the Court was confronted with determining the reasonableness of notice mailed to last known addresses of class members. The Court found:

> In complying with this Order, Class Counsel had notice mailed to each identifiable Class Member's last known address, a procedure that has been given wide-spread approval in other class actions. See, e.g., Grunin, 513 F.2d at 121 (mailing notice to last known address of class members constitutionally adequate even where one-third of class members were not reached by mailing); Weinberger v. Kendrick, 698 F.2d 61, 71 (2d Cir. 1982), cert. denied, 464 U.S. 818, 78 L. Ed. 2d 89, 104 S. Ct. 77 (1983) (rejecting appellants' contention that the mailing of individual notice to the last known addresses of all class members was inadequate); Trist, 89 F.R.D. at 3 (approving notice procedure, stating "the failure to send notice to 37 or even 137 must be considered together with the fact that notice was given to 25,000 other similarly situated class members without provoking a single objection").

Likewise, in this matter, sending notice to the last known address of class members is both practicable and reasonable, particularly given the relative concentration of most Class Members in a geographic area as small as Guam's. Similarly, Ms. Intrepido cries foul because the parties did not provide data on the recommended publications "selected" in this matter, further demonstrating just how removed her Philadelphia-based firm is from the realities of Guam notice publication. Publication via the Pacific Daily News and the Marianas Variety is standard practice in Guam Courts. These publications are widely-read, widely-available, regular, and are the typical publications in which legal notices would appear.

The parties acknowledge that there are potential tactics available for improving or focusing notice methodology on Guam. However, fulfillment of the bottomless possibilities does not govern this inquiry. The standard is reasonableness, and the parties submit that the notice provided in this matter complies with the Court's order, the current notice practice on Guam, and the requirements of due process. The notice the

parties effected in this matter is both reasonable and practicable, and the Court should not sustain Simpao Plaintiff's objections to final approval on this basis.

### C. Substantive Fairness of the Settlement Agreement

Simpao Plaintiffs, as expected, reiterate their now-familiar argument that the settlement agreement in this matter is purportedly unfair (1) as it purportedly creates conflict among the class members in that it abandons recovery of interest, (2) its funding mechanism is purportedly illusory, (3) the pre-approval "payout" of 1997 and 1998 is allegedly coercive, and (4) the compensation provided in the settlement is "woefully inadequate." None of these arguments are novel. Petitioners have addressed them time and again, most recently in the Joint Reply in Support of Petitioners' Motion for Final Certification of the EIC Class. Regarding interest, the purportedly coercive payout, and the Simpao Plaintiffs' desire for greater compensation, these were factors considered and compromised in settlement negotiations. As noted in the Joint Reply in Support of Petitioners' Motion for Final Certification of the EIC Class, settlement entails compromising a portion of the Class's potential claim in order to receive immediate and meaningful compensation while minimizing the Class's exposure to the risks associated with full litigation.

Finally, the funding mechanism provided in the settlement agreement is the most efficient method by which the Class can be ensured compensation. Funding for the Settlement Agreement benefits will be made by reserving a minimum of 15% of each amount set aside or earmarked by the Government or Legislature for income tax refunds and placed into either the Income Tax Reserve Fund or the Income Tax Refund Efficient Payment Trust Fund. Settlement Agreement § V. And in order to assure the class that such funds are being set aside, the Guam Department of Administration ("DOA") will provide monthly reports.

By providing funding mechanisms for each expenditure under the Settlement Agreement, the Agreement addresses concerns regarding the Illegal Expenditure Act (5

G.C.A. § 22401) that had caused, in part, opposition to the previous settlement agreement of June 14, 2004. However, the Settlement Agreement also provides the flexibility for the Governor to utilize other funding sources to satisfy the Government's obligations under the Settlement Agreement, as permitted by law. Notably, the Agreement leaves the Respondents free to pursue federal reimbursement of the EIC, while providing the class with a final resolution and payment of their claims now (*see* Settlement Agreement § X(e)).

### D. Funding Mechanism Does Not Violate Guam Law

Allegations that the funding mechanism in the Settlement Agreement violates Guam law are, again, not new in this case. Petitioners and Respondents litigated this issue and ultimately negotiated it in settlement. Petitioner Santos briefed these issues extensively in Petitioner's Response to Respondent Governor's Objection to Petitioner's Motion for Approval of the Administration Plan, filed on December 8, 2004 which the parties incorporate herein in its entirety. The parties decline to brief this issue further in light of the extensive briefing already on the record before the Court.

### **CONCLUSION**

For the reasons stated herein and those forthcoming in oral arguments, the Moving Parties respectfully request that the Court (1) grant final approval of the Settlement Agreement; (2) grant final certification of the EIC class as defined in the Settlement Agreement for settlement purposes; and (3) grant such other and further relief as the Court deems just and proper.

//

//

//

//

Respectfully submitted this 26th day of July, 2007.

**PHILLIPS & BORDALLO, P.C.**
Interim Class Counsel & Attorneys for Petitioner Julie Babauta Santos

By: _____
MICHAEL F. PHILLIPS

**LUJAN AGUIGUI & PEREZ LLP**
Attorneys for Plaintiff Charmaine R. Torres

By: _____
IGNACIO C. AGUIGUI