MICHAEL F. PHILLIPS
PHILLIPS & BORDALLO, P.C.
410 West O'Brien Drive
Hagåtña, Guam 96910
Telephone (671) 477-2223
Facsimile (671) 477-2329

*Attorneys for Petitioner Julie B. Santos and Lead Counsel*

IGNACIO C. AGUIGUI
PETER C. PEREZ
LUJAN AGUIGUI & PEREZ LLP
Attorneys at Law
Pacific News Building, Suite 300
238 Archbishop Flores Street
Hagåtña, Guam 96910
Telephone (671) 477-8064/5
Facsimile (671) 477-5297

*Attorneys for Petitioner Charmaine R. Torres*

**FILED**
DISTRICT COURT OF GUAM
JUL 26 2007
MARY L.M. MORAN
CLERK OF COURT

## DISTRICT COURT OF GUAM

## TERRITORY OF GUAM

| | |
|---|---|
| JULIE B. SANTOS AND CHARMAINE R. TORRES, on behalf of themselves and a class of others similarly situated,<br><br>Petitioners,<br><br>-vs-<br><br>FELIX P. CAMACHO, Governor of Guam; ART ILAGAN, Director of Department of Revenue and Taxation; LOURDES M. PEREZ, Director of Department of Administration; and, GOVERNMENT OF GUAM,<br><br>Respondents. | CIVIL CASE NOS. 04-00006 and 04-00038<br><br>**REPLY IN SUPPORT OF JOINT MOTION OF THE PETITIONERS IN *SANTOS* AND *TORRES* FOR FINAL CERTIFICATION OF THE EIC CLASS FOR SETTLEMENT PURPOSES** |

ORIGINAL

1
Julie B. Santos and Charmaine R. Torres *et al.* v. Felix P. Camacho *et al.*
Civil Case Nos. 04-00006 and 04-00038
Reply in Support of Joint Motion of the Petitioners in *Santos* and *Torres* for Final Certification of the EIC Class for Settlement Purposes

Case 1:04-cv-00006   Document 453   Filed 07/26/2007   Page 1 of 11

Julie B. Santos, Petitioner in CV04-00006, individually and on behalf of all those similarly situated (hereinafter "EIC Class"), through her attorneys of record Phillips and Bordallo, P.C., by Interim Class Counsel Michael F. Phillips; and Charmaine R. Torres, Petitioner in CV04-00038, through her attorneys of record Lujan Aguigui & Perez LLP, by Peter C. Perez") submit this Reply in Support of Joint Motion for Final Certification of the EIC Class for Settlement Purposes.

## ARGUMENT

In their Opposition to Joint Motion for Final Certification of EIC Class for Settlement Purposes, Janice Cruz and May Grace Simpao (hereinafter "Simpao Plaintiffs") advance two arguments against certification of the EIC Class as preliminarily approved by the Court on January 9, 2007. First, the Simpao Plaintiffs argue that antagonism exists between the class members that somehow compromises the predominance of questions of law or fact common to the members of the class as opposed to its individual members. Second, they argue that the class representative does not fairly and adequately represent the interests of the class. However, as they did in the past, the Simpao Plaintiffs are merely attempting to defeat certification of the class and delay meaningful settlement in this matter based upon a farfetched and unrealistic wish for compensation above that which the settlement provides. Neither claim is meritorious, and the Court should not entertain or otherwise humor these desperate attempts to gratuitously attack the validity of the instant settlement.

### QUESTIONS OF LAW AND FACT COMMON TO THE MEMBERS OF THE CLASS PREDOMINATE OVER ANY QUESTIONS AFFECTING ONLY INDIVIDUAL MEMBERS

The Simpao Plaintiffs first argue that the settlement creates antagonism

2
Julie B. Santos and Charmaine R. Torres *et al.* v. Felix P. Camacho *et al.*
Civil Case Nos. 04-00006 and 04-00038
Reply in Support of Joint Motion of the Petitioners in *Santos* and *Torres* for Final Certification of the EIC Class for Settlement Purposes

Case 1:04-cv-00006   Document 453   Filed 07/26/2007   Page 2 of 11

among class members that defeats the commonality requirement of Rule 23. The Simpao Plaintiffs specifically reference four areas that purportedly create antagonism between class members. First, they claim that the settlement fails to account for interest accumulated for unpaid tax refunds, which would presumably benefit the earlier settlement years more so than the later years. Second, Simpao Plaintiffs claim that the structure of the settlement, providing for 1997 payments first, then 1998 then returns to the earlier years and continues up creates antagonism because "naturally…each year would prefer to be at the head of the line." P.8-9. Third, Simpao Plaintiffs criticize the fact that the settlement allows Respondents to accumulate funds prior to disbursement of compensation to each settlement year. Finally, Simpao Plaintiffs take issue with the fact that future payments are "predicated on the continued existence of the Reserve Fund."

In asserting these objections to class certification, Simpao Plaintiffs demonstrate the same fundamental lack of understanding of the negotiation and settlement process that has plagued them throughout their litigation. The parties to the settlement agreement entertained a wide variety of factors, above and beyond the superficial issues Simpao Plaintiffs have repeatedly raised, in reaching the current settlement. As previously repeatedly pointed out by the parties to the settlement, compromise is the cornerstone to settlement. Naturally, neither party is going to secure the maximum benefit for their client that is potential in full litigation. However, weighed against other important concerns such as the degree of risk involved in complete litigation and, in the case of the class, the desire for speedy and meaningful recovery, and it should not be difficult to understand and accept the parties' willingness to forego full litigation in favor of recovery through settlement which, though never ideal, accounts for the pressing

Page 3 of 11
Julie B. Santos and Charmaine R. Torres *et al.* v. Felix P. Camacho *et al.*
Civil Case Nos. 04-00006 and 04-00038
Memorandum of Points and Authorities in Support of Joint Motion of the Petitioners
in *Santos* and *Torres* for Final Certification of the EIC Class for Settlement Purposes

Case 1:04-cv-00006    Document 453    Filed 07/26/2007    Page 3 of 11

concerns of the parties. Such is the case involving all the factors Simpao Plaintiffs claim defeat commonality in the class. The decision to forego a claim for interest was weighed and leveraged in the settlement negotiations, particularly against the backdrop of a potential statute of limitations bar to recovery for the earlier class years. Though Plaintiffs Simpao can conveniently *allege* all they want that there is no statute of limitations bar to recovery implicated for the class years, the issue would most assuredly be subject to extensive briefing and litigation by the parties, and a potentially belated ultimate determination by the Court, which would only serve to further exacerbate the injury to the class and possibly result in a statutory bar to some of the class years. Pitted against these considerations, the decision to proceed with settlement that does not require payment of interest was reasonable.

The three remaining issues Simpao Plaintiffs raised that purportedly create antagonism between class members are related in that they involve the method of disbursement of settlement funds to the class. Specifically, the settlement creates a schedule for disbursement largely in place to reasonably accommodate Respondents' present and future ability to pay for the settlement. In an ideal situation, Respondents would pay immediately. Indeed, complete litigation would possibly, though not likely, yield such a result. Rather than proceed at litigation and risk a harsher payment schedule, Respondents, in settlement, negotiated a manageable payment schedule that simultaneously alleviates their concerns of being compelled to pay for EIC funds all at once or without regard for governmental budgeting issues, as well as provides the class a predictable timetable by which they can expect payment. Contrary to Simpao Plaintiffs' assertion, creating a reasonable schedule for payment that includes a provision allowing

Page 4 of 11
Julie B. Santos and Charmaine R. Torres *et al.* v. Felix P. Camacho *et al.*
Civil Case Nos. 04-00006 and 04-00038
Memorandum of Points and Authorities in Support of Joint Motion of the Petitioners
in *Santos* and *Torres* for Final Certification of the EIC Class for Settlement Purposes

Case 1:04-cv-00006   Document 453   Filed 07/26/2007   Page 4 of 11

the government to accumulate funds prior to each disbursement makes it *more* likely that regular payments will be effected. Significantly, in the meantime, while Class members await compensation, the government remains in their debt. To the extent that one class year may stand to recover compensation sooner than another year, such is the case with the traditional practice of "first in, first out." Further, disbursement in this manner is consistent with attempts to mitigate the losses attributable to the time that has run between the date the government should have paid the credit and the date actually paid.

To say that these factors create antagonism between the individual class members and destroys commonality would be severely understating the benefit the Class derives as a result of this collective action and settlement. There are few opt-outs and even fewer objections to the proposed settlement. Notably, the claims filed in this matter demonstrate that the each class year is well-represented despite the alleged "antagonism" between the years. *See Declaration of John P. Camacho in Support of Motion for Final Approval of Class Action Settlement Agreement,* Exhibit A. Also noteworthy is the fact that none of the opt-outs or objections, Simpao Plaintiffs excluded, cite to antagonism between the years as the basis for their actions. The overwhelming response to the settlement by claimants from all years is support for the settlement, an indication that individual claimants themselves prefer to proceed in the class action settlement than persist in an objection or opt-out based upon some purported antagonism.

As Petitioners Santos and Torres explained in their Joint Motion for Final Certification of the EIC Class for Settlement Purposes:

Page 5 of 11
Julie B. Santos and Charmaine R. Torres *et al.* v. Felix P. Camacho *et al.*
Civil Case Nos. 04-00006 and 04-00038
Memorandum of Points and Authorities in Support of Joint Motion of the Petitioners
in *Santos* and *Torres* for Final Certification of the EIC Class for Settlement Purposes

Case 1:04-cv-00006   Document 453   Filed 07/26/2007   Page 5 of 11

the requirement that common questions of law or fact exist among class members is satisfied if the named plaintiffs share at least one question of fact or law with the grievances of the class. In re Flat Glass Antitrust Litigation, 191 F.R.D. 472, 478 (E.D. Pa. 1999). Petitioners and each EIC class member have been denied the full implementation of the earned income tax program as applied on Guam, including the Government's prohibition or prevention of EIC class members to file claims for earned income tax refunds and/or the Government's denial or failure to pay earned income tax refunds to otherwise qualified Guam taxpayers. Common questions of law or fact exist among the Petitioners and the EIC class members. In considering conditional certification, the Court found that the single fact that "the Petitioners and class members have been denied both the opportunity to file for the earned income tax credit ("EIC") for several years and the recovery of the same" satisfied the requirement of commonality.

*Joint Motion of the Petitioners in Santos and Torres for Final Certification of the EIC Class for Settlement Purposes*, p. 9.

Simpao Plaintiffs attempt to analogize the instant class settlement to one attempted in Amchem Prods. v. Windsor, wherein the Court held "the Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." 521 U.S. 591, 623 (U.S. 1997). The Court specifically addressed the requirement of predominance in the context of complex asbestos exposure litigation. Citing to disparities in injuries to individual claimants and their varying medical expenses, smoking histories, and family situations, as well as to the fact alone that class members were in varying stages of injury ranging from claimants with no manifested symptoms to those in advanced stages of illness, the Court agreed with the Third Circuit's finding that the nuance to individual claimants' injuries were particularly pronounced and created a circumstance wherein the mere

Page 6 of 11
Julie B. Santos and Charmaine R. Torres *et al.* v. Felix P. Camacho *et al.*
Civil Case Nos. 04-00006 and 04-00038
Memorandum of Points and Authorities in Support of Joint Motion of the Petitioners
in *Santos* and *Torres* for Final Certification of the EIC Class for Settlement Purposes

Case 1:04-cv-00006   Document 453   Filed 07/26/2007   Page 6 of 11

common cause of injury and potential injury did not afford the class sufficient commonality to meet the requirements of law.

By contrast, claimants in the instant matter are not waiting for injury to manifest. There are no extenuating circumstances that negate the fact that class members all suffered a present, discrete injury as they were all denied the full implementation of the earned income tax program as applied on Guam, including the Government's prohibition or prevention of EIC class members to file claims for earned income tax refunds and/or the Government's denial or failure to pay earned income tax refunds to otherwise qualified Guam taxpayers. Under these circumstances, the common injury to class members is not speculative and the nature of the injury is shared by the class *in toto*, schedule of compensation notwithstanding.

The purported antagonism between the class years that Simpao Plaintiffs point to amounts to no more than reasonable decision-making on behalf of the class and its individual members and does not destroy the commonality of the class based upon the distinct, shared injury this Court already found to sufficient to meet the requirements of Rule 23. For this reason, Petitioners submit that the commonality requirement is met in this case and Plaintiff Simpao's claims to the contrary should not deter this Court from granting final class certification.

### CLASS REPRESENTATIVE AND CLASS COUNSEL FAIRLY AND ADEQUATELY REPRESENT THE INTERESTS OF THE CLASS

The Simpao Plaintiffs persist in challenging the adequacy of class counsel, repeating claims that were already previously before the Court in its conditional

Page 7 of 11
Julie B. Santos and Charmaine R. Torres *et al.* v. Felix P. Camacho *et al.*
Civil Case Nos. 04-00006 and 04-00038
Memorandum of Points and Authorities in Support of Joint Motion of the Petitioners
in *Santos* and *Torres* for Final Certification of the EIC Class for Settlement Purposes

Case 1:04-cv-00006   Document 453   Filed 07/26/2007   Page 7 of 11

certification of the EIC class as well as in its appointment of class counsel. The Simpao Plaintiffs are once more attempting to rehash events in the earlier portion of this matter to support their claim of class counsel's inadequacy. Specifically, they charge that Class Counsel made repeated mistakes that proved costly to the class, such as (1) the original complaint "did not adequately identify or investigate the potential claims in this action or develop an understanding of the applicable law, (2) the complaint "shows no attempt to meet the statutory requirements of a tax refund action as Santos never alleged she had filed tax returns for the relevant years or had otherwise met the exhaustion requirements of 26 U.S.C. §7422, (3) that counsel, in filing the complaint, "abandoned Guam citizens with EITC claims for tax years 1995-1997, (4) that counsel named the wrong party as defendant and "arguably contributed to the resulting battle between the Governor and the Attorney General." Further, Simpao Plaintiffs allege, virtually verbatim, the same baseless allegations they asserted in their Opposition to Petitioner Santos' Amended Petition for Appointment of Lead Counsel regarding purported political manipulation behind the settlement and Class Counsel's conduct during fee negotiations.

Notably, Simpao Plaintiffs fail to advance any new or unresolved arguments against appointment of this Class Counsel. In its Order of January 9, 2007, the Court set forth the requirements for appointment of Class Counsel:

> Rule 23(g) states that "[u]nless a statute provides otherwise, a court that certifies a class must appoint class counsel. An attorney appointed to serve as class counsel must fairly and adequately represent the interests of the class." FED. R. CIV. P. 23(g)(1)(A) and (B). In appointing counsel, Rule 23(g) requires the court to consider the work counsel has done in "investigating potential claims in the action,

Page 8 of 11
Julie B. Santos and Charmaine R. Torres *et al.* v. Felix P. Camacho *et al.*
Civil Case Nos. 04-00006 and 04-00038
Memorandum of Points and Authorities in Support of Joint Motion of the Petitioners
in *Santos* and *Torres* for Final Certification of the EIC Class for Settlement Purposes

Case 1:04-cv-00006   Document 453   Filed 07/26/2007   Page 8 of 11

> counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the litigations, counsel's knowledge of the applicable law, and the resources counsel will commit to representing the class;. . . ." FED. R. CIV. P. 23(g)(1)(C). The court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Id.

*Order Granting Joint Motion for Preliminary Approval of Class Action Settlement Agreement, Joint Motion of the Parties for Conditional Certification of the EIC Class for Settlement Purposes, Amended Motion for Appointment of Lead Class Counsel*, p 9. The Court held as "evident" that "[Attorney Phillips] has the requisite experience in handling class actions to be able to advocate on behalf of the class in this instance." *Id.* at 10. The Court further noted

> that Attorney Phillips has a long history of taking on cases where the interests of the disenfranchised and downtrodden are involved. In addition, he has challenged the administration of every sitting Governor of Guam since his admission to the practice of law approximately 17 years ago. This case concerns the government's failure to pay the EIC, an income tax credit for low-income working individuals and families. Attorney Phillips has spent years trying to get the government to pay the EIC and went so far as to obtain a ruling in 2001 from the Supreme Court of Guam that the EIC was applicable to Guam and that the Governor had to enforce and administer the EIC. While this ruling seemingly did not change the government's policy and practice of paying the EIC, Attorney Phillips filed the instant suit to further pursue the matter.
>
> In light of Attorney Phillips' class action experience and work on this case, the court hereby appoints him as the lead class counsel for the Class, having determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedures are fully satisfied by this appointment.

*Id.* at 10.

Page 9 of 11
Julie B. Santos and Charmaine R. Torres *et al.* v. Felix P. Camacho *et al.*
Civil Case Nos. 04-00006 and 04-00038
Memorandum of Points and Authorities in Support of Joint Motion of the Petitioners
in *Santos* and *Torres* for Final Certification of the EIC Class for Settlement Purposes

Case 1:04-cv-00006   Document 453   Filed 07/26/2007   Page 9 of 11

The Court's previous findings that Class Counsel fulfilled the requirements of 23(g) were not conditional or somehow subject to a lower standard during Conditional Certification of the Class. Simpao Plaintiffs' current application regarding the supposed inadequacy of Class Counsel is tantamount to an ad hoc attempt at reconsideration. Simpao Plaintiffs are not, however, arguing that Class Counsel's conduct since appointment has demonstrated further purported inadequacies. Without new law, new evidence, or even new argument, the circumstances exist today as they did at the time the Court appointed Class Counsel. Evidence considered by the Court when it determined that the requirements of 23(g) are met is still intact and applicable. Class Counsel remains knowledgeable regarding the applicable law, has demonstrated the skill necessary to litigate the interests of the Class, and has devoted sufficient resources to investigating and prosecuting the interests of Class members. The Court has already considered and dismissed the superfluous, unmeritorious and plainly repetitive objections of Simpao Plaintiffs to Class Counsel. Class Counsel submits that there is insufficient reason, if there is reason at all, to revisit or otherwise reconsider appointment of Class Counsel in the absence of affirmative allegations of misconduct or inappropriate actions on the part of Class Counsel.

Finally, Simpao Plaintiffs conclusory request that their counsel instead be appointed lead counsel is out of place and unsupported by any arguments, let alone sufficient arguments, in their brief. Class Counsel submits that Simpao Plaintiffs qualifications to this end are as hollow as their brief. In the event Simpao Plaintiffs intend to seriously pursue appointment of their attorney as Class Counsel, Class Counsel would vehemently oppose. However, such opposition is premature at this juncture without an

Page 10 of 11
Julie B. Santos and Charmaine R. Torres *et al.* v. Felix P. Camacho *et al.*
Civil Case Nos. 04-00006 and 04-00038
Memorandum of Points and Authorities in Support of Joint Motion of the Petitioners
in *Santos* and *Torres* for Final Certification of the EIC Class for Settlement Purposes

Case 1:04-cv-00006    Document 453    Filed 07/26/2007    Page 10 of 11

offer from Simpao Plaintiffs regarding adequacy of their preferred counsel. Petitioners submit that any attempts by Simpao Plaintiffs to supplement their vague application for appointment of their preferred counsel are untimely and do not merit serious consideration by this Court.

**CONCLUSION**

For the reasons stated herein, the Petitioners respectfully request that the Court grant final certification of the EIC class for settlement purposes.

Respectfully submitted this 26th day of July, 2007.

**PHILLIPS & BORDALLO, P.C.**
Interim Class Counsel & Attorneys for Petitioner Julie Babauta Santos

By: _____
MICHAEL F. PHILLIPS

**LUJAN AGUIGUI & PEREZ LLP**
Attorneys for Plaintiff Charmaine R. Torres

By: _____
IGNACIO C. AGUIGUI

Page 11 of 11
Julie B. Santos and Charmaine R. Torres *et al.* v. Felix P. Camacho *et al.*
Civil Case Nos. 04-00006 and 04-00038
Memorandum of Points and Authorities in Support of Joint Motion of the Petitioners in Santos and Torres to Certify the Class for Settlement Purposes

Case 1:04-cv-00006   Document 463   Filed 07/26/2007   Page 11 of 11