*Counsel appearing on following page*
**FILED**
DISTRICT COURT OF GUAM

AUG 23 2007 

JEANNE G. QUINATA
Clerk of Court

## DISTRICT COURT OF GUAM
## TERRITORY OF GUAM

| | |
|---|---|
| JULIE BABAUTA SANTOS, *et.al*<br><br>    Petitioners,<br><br>v.<br><br>FELIX P. CAMACHO, et al.<br><br>    Respondents | Civil Case No. 04-0006 |
| | Civil Case No. 04-00048 |
| CHARMAINE R. TORRES, *et al.*<br><br>    Plaintiffs<br><br>v.<br><br>GOVERNMENT OF GUAM, et al.<br><br>    Respondents | |
| MARY GRACE SIMPAO, *et al*,<br><br>    Plaintiffs,<br><br>v.<br><br>GOVERNMENT OF GUAM<br><br>    Defendant.<br><br>v.<br><br>FELIX P. CAMACHO, Governor of Guam<br><br>    Intervenor-Defendant | Civil Case No. 04-00049<br><br>**RESPONSE OF JANICE CRUZ AND MARY GRACE SIMPAO TO A REPLY TO AN OPPOSITION TO A JOINT MOTION FOR FINAL CERTIFICATION OF EIC CLASS FOR SETTLEMENT PURPOSES** |

**ORIGINAL**

**Shimizu Canto & Fisher**
Suite 101 De La Corte Bldg.
167 East Marine Corps Drive
Hagatna Guam 96910
671.472.1131

**Tousley Brain Stephens PLLC**
Kim D. Stephens, P.S., WSBA #11984
Nancy A. Pacharzina, WSBA #25946
700 Fifth Avenue, Suite 5600
Seattle, Washington 98104-5056
206.682.5600

Counsel for Simpao et al.

## Response to a Reply to an Objection to Class Certification

Simpao Plaintiffs agree that they hope to gain a greater and fairer settlement for the class. *See Santos and Torres Reply in Support of Final Certification (hereinafter Reply) at 2.*

It is true that the Court appointed Mr. Phillips class counsel when it granted preliminary approval of the settlement. This does not foreclose further examination of his performance though. In fact, the Court should examine his conduct at all stages. *See Key v. Gillette*, 782 F. 2d 5, 7 (1st Cir. 1986).

By now, this Court is aware of the error left in Mr. Phillips' wake. The Court need look no further than his bungling of class notice; from the very beginning with no individualized notice, to today's incomprehensible mess. It is inconceivable that Mr. Phillips was unaware of the Constitutional requirement of individual notice. *Eisen v. Carlisle and Jacquelin*, 417 U.S. 156 (1974). He has never explained his repeated mistakes though, and makes only vague reference that we do things differently here on Guam (things he believes beyond the comprehension of "Philadelphia-based firm(s)" (*Reply in Support of Joint Motion for Final Approval at 8)* and adherents to the Constitution in general).

Even now, in the third year of the litigation, he let pass notice to the class which resulted in an abysmally low rate of claim, contained plain error, and has been condemned by the nation's leading expert on class notice. *See Intrepido declaration, Fisher declaration in Support of Opposition to Final Certification at docket no. 429.*

Even now, in the third year of the litigation, he has not identified the value of the claims and has absolutely no idea what he gave away in his "negotiation".

Page 1

1. Class Counsel's Performance

This case is about a class of people who have suffered enough and deserve the best representation possible. Simpao objectors will not recite the lengthy list of accumulated error in counsel's performance, but we will point to new and recurring deficiencies.

Since the Court granted preliminary approval to the settlement, Mr. Phillips allowed notice of off-set to be issued but failed to provide the advice to innocent spouses required by federal law. *See CFR § 301.6402-6(i)(1)*. Simpao believes that this is because Mr. Phillips wasn't aware of it. This is not an excuse, he should educate himself on the needs of notice.

The litany of inadequacy in the actual notice has been discussed in our *Opposition to Final Approval*. The lower points of the notice include its general incomprehensibility, a format designed to repel the recipient, a failure to try and get notice to the class member, and a coercive "early payment" mechanism designed to trap the unwary. It is unsatisfactory to state that somehow the class deserves less because that is just a reality of "Guam notice publication" *See Reply in Support of Joint Motion for Final Approval at 8*.

In moving for final approval of the class settlement, Mr. Phillips failed to provide the Court with the information necessary to evaluate it. It was only after Simpao objected that some information trickled in. And to date, the Court still has no idea what the value of the case is, how effective the notice program was, the value of waived interest or other information critical to the Court's assessment of fairness. Furthermore, Mr. Phillips simply drops his defense of the settlement's crucial funding mechanism and tells the Court to go look at an older response to a motion on the issue. "The parties decline to brief this issue further in light of the extensive briefing already on the record before the Court." *Id at* 10. Simpao does not believe that the determination of this matter is so certain that counsel can turn his attention elsewhere. Simpao will continue to actually litigate on behalf of the class.

This Court may think of these complaints (except the violation of the Code of Federal Regulations) as quibbling; perhaps, but the larger point is that these are part of a continuing train of conduct.

More troubling is counsel's quotation of the Court's order regarding preliminary approval. Mr. Phillips states;

> The Court held as evident that [Attorney Phillips] has the requisite experience in handling class actions to be able to advocate on behalf of the class in this instance

And then, quoting from the Court's Order,

> Attorney Phillips has spent years trying to get the Government to pay the EIC and went so far as to obtain a ruling in 2001 from the Supreme Court of Guam that the EIC was applicable to Guam and that the Governor had to administer and enforce the EIC. While this ruling seemingly did not change the government's policy and practice of paying the EIC, Attorney Phillips filed the instant suit to further pursue the matter.

*Reply at 9, quoting Order Granting Preliminary Approval at 10.*

Simpao is no more eager to call attention to error *coram nobis* than the next attorney. But Mr. Phillips actually quotes back plain, known error to the Court as authority in support of his own application! The Court was referring to the case of *In re I Mina' Bente Sing'ko Na Liheslaturan Guahan*, 2001 WL 113985 (Guam 2001). It need hardly be said that Mr. Phillips was not a part of that case and knows it. While the Court simply made a mistake, Mr. Phillips exploits it for his own advantage. This is not candor toward the tribunal.

Mr. Phillips states that "he remains knowledgeable regarding the applicable law, has demonstrated the skill necessary to litigate the interests of the class, and has devoted sufficient resources to investigating and prosecuting the interests of class members." *Id at* 10. This assertion is not supported anywhere in the record. Finally, Simpao notes that as to Mr. Phillips catalogue of error, he doesn't deny its truth.

Page 3

This Court may remember that even beyond a grant of final approval, even beyond possible appeals, the case continues as counsel oversees class payment. Mr. Phillips is simply not up to the job.

2. Class Antagonism[1]

Mr. Phillips states that "The decision to forego a claim for interest was weighed and **leveraged** in the settlement negotiations, particularly against the backdrop of a potential statute of limitations bar to recovery for the earlier class years" *Reply at 4, emphasis added.*

The antagonism he denies exists is nicely summed up in this phrase. Under his structure, class years outside the shadow of a "time bar" have foregone interest (the leverage) on their claims in order to insure compensation for class years within the shadow. It is evident that these years will not want to give up just compensation to assist strangers. Moreover, an attorney who sacrifices the interest of one client to aid another is laboring under the most obvious of conflicts.

Disparity in class treatment is a signal of unfairness. *See 7-Eleven Owners for Fair Franchising v. Southland Corp.*, 85 Cal. App. 4th 1135, 1162 (2000). This perception of unfairness may be rebutted by a showing that the treatment is based on legitimate considerations. *Id.* Indeed, "such disparities must be regarded as *prima facie* evidence that the settlement is unfair to the class, and a heavy burden falls on those who seek approval of such a settlement" *Holmes v. Continental Can Co.*, 706 F.2d 1144, 1148 (11th Cir. 1983). In this case the showing of legitimate consideration cannot be made. Assuming some class years are subject to a time bar, why is it rational to take money from others who are unaffected by the

bar, just so that group can be compensated? Wouldn't they rather be cut loose from the vulnerable group so that they could pursue the greatest compensation, including interest? "[T]he gain of one segment of a class should not be premised on the sacrifices of the other segment." *Petruzzi's, Inc. v. Darling-Delaware Co., Inc.*, 880 F.Supp. 292, 300 (M.D.Pa.,1995).

## Conclusion

For these reasons, and all reasons on file in our objection to final certification, Simpao Plaintiffs respectfully pray this Court deny final certification and all other remedies the Court deems just.

Dated this 23rd day of August , 2007

Thomas J. Fisher
Attorney for Objectors

---

[1] It is important to note that the antagonism is not natural to the class, rather it is created by counsel.

Page 5