SHANNON TAITANO, ESQ.
OFFICE OF THE GOVERNOR OF GUAM
Ricardo J. Bordallo Governor's Complex
Adelup, Guam 96910
Telephone: (671) 472-8931
Facsimile: (671) 477-6666

EDUARDO A. CALVO, ESQ.
KATHLEEN V. FISHER, ESQ.
RODNEY J. JACOB, ESQ.
DANIEL M. BENJAMIN, ESQ.
CALVO & CLARK, LLP
Attorneys at Law
655 South Marine Corps Drive, Suite 202
Tamuning, Guam 96913
Telephone: (671) 646-9355
Facsimile: (671) 646-9403

*Attorneys for the Government of Guam
and Felix P. Camacho, Governor of Guam*

FILED
DISTRICT COURT OF GUAM
SEP - 6 2007
JEANNE G. QUINATA
Clerk of Court

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF GUAM

| | |
|---|---|
| JULIE BABAUTA SANTOS, et. al.,<br><br>Petitioners,<br><br>-v-<br><br>FELIX P. CAMACHO, etc., et. al.<br><br>Respondents. | CIVIL CASE NO. 04-00006<br>(Consolidated with Civil Case Nos.<br>04-00038 and 04-00049)<br><br>**RESPONSE TO SEPTEMBER 5, 2007 ORDER TO SHOW CAUSE** |

This response is filed to the Court's September 5, 2007 Order to Show Cause as to why publication of the new hearing date had yet to occur and why sanctions should not issue.

As the Court knows, this has been a high profile case and the Governor and counsel have made every effort to provide notice to class members, including through individualized notice to the class and publication of the class notice twice a week for four weeks (when, if the Court looks at the cases cited in the Governor's September 5 brief, notice by publication is often only once or twice, total). *E.g. White v. National Football League*, 822 F. Supp. 1389, 1400 (D. Minn. 1993) (publication only occurred once, on March 12, 1993); *see also Bynum v. Govt. of Dist. of Columbia*, 384 F. Supp. 2d 342, 353-54 (D.D.C. 2005) (ordering notice twice a week for two weeks). Indeed, as the Court also knows, when there was a question regarding notice of early payments to persons subject to offsets, the Governor went back to this Court in March 2007 to secure permission to provide additional notice and explanation to members of the Class. (*See* Docket No. 400). In other words, the issue of notice is a concern that has always been important to the Governor and his counsel and they have always tried to insure that such notice occurred.

This then leads to the question of the Court's June 26, 2007 Order. That Order required publication of the new hearing date on any two calendar weeks, and publication on the internet. The Order did not specify when such publication had to occur, and so counsel for the Governor (who certainly takes responsibility if they misunderstood the Court's intent) simply set out to try to determine what type of notice they thought would be most reasonably calculated to provide effective notice to the class.

Counsel judged that notice for the two weeks before the hearing would be most effective. The reasoning was as follows. First, by the time the June 26 Order issued, the opt-out dates and objections dates under the Settlement had already passed. This seemed significant to counsel because it seemed to mean there was no reason to give notice well in advance of the hearing as there was no further decision to be made by class members except whether or not to appear at the hearing. Second, there have been multiple settlements and notices of this action, and hearing date changes. If notice was provided well in advance, there was a risk that the Class might just conclude that this was the latest update until things changed again. Third, counsel was concerned

that if notice was published well in advance of the hearing, there was a risk that the hearing would be forgotten by Class Members by the time it arrived. Fourth, there was always the risk that the hearing might get postponed again; if that occurred, there was a risk of confusion to the class if a notice was already posted on the internet and in the papers, especially in the context where there had been prior notice and prior hearing dates that had already changed.

Thus, in counsel's view, the most effective notice would be immediately before the hearing for the following reasons: (1) There was no reason for notice well in advance as class members had no decision left except whether to attend the hearing; (2) repeated notice in the two weeks before the hearing ensured that the hearing would not be forgotten; (3) repeated notice in the two weeks before the hearing ensured that the Class would not dismiss it as only a possibility, but would know the date was set; and (4) if there was any further change in the date, no further change in the notice to the Class that might cause confusion would occur.

In reviewing that June 26 Order then, and in re-reviewing that Order now, counsel does not believe that the decision to publish the notice in the two weeks prior to the hearing and to place that notice on the internet at that time is contrary to the Court's Order. The Court's Order did not require publication on a given date, or contain other wording (such as that publication had to occur "immediately") that would have indicated that notice had to be published or posted at an earlier time. Counsel states this very respectfully, because counsel now realizes from the Court's Order to Show Cause that the Court may have had other intentions. But counsel does not believe that the decision made to publish in the two weeks leading up to the hearing was contrary to the June 26 Order as written, and therefore does not believe that counsel (who made the decision) or the Governor are guilty of contempt. At most, they have misunderstood or misapplied the Court's Order in a manner that was consistent with the Order as written and that they believe caused no harm to the Class.[1]

---

[1] The focus of this brief is to promptly address the Court's inquiry. But, because the Court has stated it was considering sanctions, it is respectfully noted that civil sanctions for violation of a court order require a clear violation of that order, and respectfully no such violation

*CIVIL CASE NO. 04-00006*  2
*(Consolidated with Civil Case Nos. 04-00038 and 04-00049)*

Case 1:04-cv-00006   Document 478   Filed 09/06/2007   Page 3 of 7

Indeed, it is worth noting that the law is fairly clear that the Class, once informed of the fairness hearing in the class action notice, does not actually have to be told of the new hearing date (because, having been informed of the proceedings, class members could then follow the proceedings and appear if desired). For example, in *In re Prudential Ins. Co. of America Sales Practices Litigation*, 177 F.R.D. 216, 232 (D.N.J. 1997), the court approved a class notice that actually stated the fairness hearing could be moved without notice. The court did then later move the hearing, and nonetheless (as non-required additional step) directed notice be given *to class members who had indicated an intent to appear. Id.* at 232 & n. 13. But no further notice was given to class members who had not indicated an intent to appear.

Here, the Settlement and Class Notice required Class Members to submit written objections or comments stating their desire to appear by June 22, 2007:

> **1.     Written Objections or Comments.** If you have not requested exclusion from the Class, you, or an attorney retained by you, may file with the Office of the Clerk of Court, District Court of Guam, 520 West Soledad Avenue, Hagåtña, GU

occurred as notice is being published consistent with the terms of the Order. With regard to sanctions, this case law can be summarized as follows:

> In analyzing a contempt order, we recognize that such an order is a "potent weapon," *International Longshoremen's Ass'n v. Philadelphia Marine Trade Ass'n*, 389 U.S. 64, 76, 88 S.Ct. 201, 208, 19 L.Ed.2d 236 (1967), to which courts should not resort "where there is a fair ground of doubt as to the wrongfulness of the defendant's conduct," *California Artificial Stone Paving Co. v. Molitor*, 113 U.S. 609, 618, 5 S.Ct. 618, 622, 28 L.Ed. 1106 (1885). A contempt order is warranted only where the moving party establishes by clear and convincing evidence that the alleged contemnor violated the district court's edict. *See Hart Schaffner & Marx v. Alexander's Dep't Stores, Inc.*, 341 F.2d 101, 102 (2d Cir.1965) (per curiam). More specifically, a movant must establish that (1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner. *See New York State Nat'l Org. for Women v. Terry*, 886 F.2d 1339, 1351 (2d Cir.1989), *cert. denied*, 495 U.S. 947, 110 S.Ct. 2206, 109 L.Ed.2d 532 (1990). A clear and unambiguous order is one that leaves "no uncertainty in the minds of those to whom it is addressed," *Hess v. New Jersey Transit Rail Operations, Inc.*, 846 F.2d 114, 116 (2d Cir.1988), who "must be able to ascertain from the four corners of the order precisely what acts are forbidden," see *Drywall Tapers, Local 1974 v. Local 530, Operative Plasterers Int'l Ass'n*, 889 F.2d 389, 395 (2d Cir.1989), cert. denied, 494 U.S. 1030, 110 S.Ct. 1478, 108 L.Ed.2d 615 (1990).

*King v. Allied Vision, Ltd.*, 65 F.3d 1051, 1058 (2d Cir. 1995) (emphasis added).

96910 a statement objecting to or commenting on the settlement and/or the motion for attorneys' fees on or before June 22, 2007. Such statement must also be served upon all counsel in the litigation, who are: (1) Phillips & Bordallo, P.C., 410 West O'Brien Drive, Suite 102, Hagåtña, Guam 96910; (2) Lujan Aguigui & Perez LLP, 300 Pacific News Building, Hagåtña, Guam 96910; (3) Shannon Taitano, Esq., Legal Counsel, Office of the Governor, Ricardo J. Bordallo Governor's Complex, Adelup, P.O. Box 2950, Hagåtña, GU 96932 (4) Calvo & Clark, LLP, 655 South Marine Corps Drive, Suite 202, Tamuning, Guam 96913; and (5) Mantanona Law Office, Suite 601B, GCIC Bldg., 414 W Soledad Ave., Hagåtña, Guam 96910.

**2. Presentation of Objections and Supporting Comments at Fairness Hearing.** You may also attend the Fairness Hearing, either personally or through an attorney retained by you, at your own expense, and ask to be heard by the Court on your comments or objections. **If you wish to do so, you must submit your objections or comments in writing in compliance with section VIII(B)(1) above and include in your comments a statement that you intend to appear and wish to attend the Fairness Hearing.**

(Notice § VIII(B) (emphasis added); *see also* Docket 389 at 2:25-3:2 (Court Order setting this schedule and specifically stating that requests to appear were due by June 22, 2007)).

Other than the *Simpao* Objectors, no other Class Members asked to participate by June 22, 2007. Accordingly, although the Governor would encourage class participation, as a legal matter, by the time of the June 26 Order, Class Members had already waived the right to appear at the hearing under the Court's scheduling Order. (*See* Docket 389 at 2:25-3:2). This Court therefore could have, consistent with class action law, directed that notice only be provided to the Class members who had appeared (the *Simpao* Objectors), just as occurred in *In re Prudential Ins. Co.*

Of course, this Court required additional notice in the June 26 Order, and the Governor and counsel do not object to that, and in fact are intending to give notice consistent with that Order. Thus, *if* counsel and the Governor have misunderstood the Court's Order, or if the Court believes there is now a defect in notice,[2] then the Governor and counsel respectfully request that

---

[2] Again, counsel has never seen any case law to that affect, otherwise they would have handled this differently. Indeed, it is notable that Objectors' motion that raised the issue of compliance with the Court's June 26 Order never said that notice in the two weeks before the hearing was ineffective, they just asked the Court to order such notice (hence the Governor's response that this was already the Governor's intention).

*CIVIL CASE NO. 04-00006* 4
*(Consolidated with Civil Case Nos. 04-00038 and 04-00049)*

the Court reschedule the hearing as soon as possible and directly specifically when the Court wishes the notice of a new hearing date be published.[3]

Counsel does not like to impose on the Court in this manner by asking for direction so quickly, but notice is scheduled to be published in the PDN starting this Sunday, September 9, and counsel would not want that notice to be published if the Court intends to move the date because counsel does not want to face any accusations that the Class was confused by this sequence of events. Thus, if possible, they would ask for direction from the Court prior to September 9 as to whether to halt the currently scheduled publication.

## CONCLUSION

The Governor and counsel apologize if they misunderstood or misapplied the Court's June 26 Order. They believe they have an established track record in this case of obeying the Court's Orders and doing everything they can to ensure this Settlement succeeds, including supplying notice to the Class that exceeds the federal standard set by the Ninth Circuit. They also believe that they selected the means of supplying notice most reasonably calculated under the circumstances to provide notice to the Class. They do not believe that their actions violated the Court's Order of June 26, and therefore most respectfully do not believe they should be subject to sanctions. However, they also believe that it is critical in this instance to ensure not only that they believe that the form of notice provided is adequate, but that the Court also shares that view. So if counsel and the Governor have misunderstood or misapplied the Court's prior Order, they would ask that the hearing be immediately rescheduled, and that the Court specify the dates of publication desired and it will be carried out. Further, because notice publication in the PDN is scheduled to begin this Sunday, if the Court does intend to move the hearing, they most respectfully ask that they be so notified by this Friday so that they can immediately contact the

---

[3] The Governor and counsel only mention the possibility of rescheduling reluctantly, because they do not think there is any defect in notice here. However – and this is why counsel and the Governor are responding to the Court's Order to Show cause within hours of receipt of the Order to Show Cause this morning and even sooner than required by the Court in the Order to Show Cause – what is critical here is that the Class receive adequate notice *and* that the Court be satisfied that such notice is adequate.

PDN and halt publication. Again, however, they do believe that the notice of the upcoming hearing that they intend to presently supply barring further direction from the Court is legally sufficient and correct.

Dated this 6th day of September, 2007.

> OFFICE OF THE GOVERNOR OF GUAM
> CALVO & CLARK, LLP
> Attorneys at Law
> *Attorneys for the Government of Guam
> and Felix P. Camacho, Governor of Guam*
>
> By: _____
> DANIEL M. BENJAMIN