ORIGINAL

*Counsel appearing on following page*


**FILED**
DISTRICT COURT OF GUAM
OCT - 4 2007
JEANNE G. QUINATA
Clerk of Court

# DISTRICT COURT OF GUAM
## TERRITORY OF GUAM

| | |
|---|---|
| JULIE BABAUTA SANTOS, *et.al* <br><br> Petitioners, <br><br> v. <br><br> FELIX P. CAMACHO, et al. <br><br> Respondents | Civil Case No. 04-0006 |
| CHARMAINE R. TORRES, *et al.* <br><br> Plaintiffs <br><br> v. <br><br> GOVERNMENT OF GUAM, et al. <br><br> Respondents | Civil Case No. 04-00048 |
| MARY GRACE SIMPAO, *et al*, <br><br> Plaintiffs, <br><br> v. <br><br> GOVERNMENT OF GUAM <br><br> Defendant. <br><br> v. <br><br> FELIX P. CAMACHO, Governor of Guam <br><br> Intervenor-Defendant | Civil Case No. 04-00049 <br><br> **MOTION TO SUBMIT SUPPLEMENTAL AUTHORITY** |

**Shimizu Canto & Fisher**
Suite 101 De La Corte Bldg.
167 East Marine Corps Drive
Hagatna Guam 96910
671.472.1131

**Tousley Brain Stephens PLLC**
Kim D. Stephens, P.S., WSBA #11984
Nancy A. Pacharzina, WSBA #25946
700 Fifth Avenue, Suite 5600
Seattle, Washington 98104-5056
206.682.5600

Counsel for Objectors Simpao and Cruz

### *** MOTION ***

**COME NOW** Objectors Mary Grace Simpao and Janice Cruz to move this Court accept a submission of supplemental authority in the substance and form attached. Oral argument is not requested on this motion.

### *** FACTS RELEVANT TO THE MOTION ***

Objectors to the settlement have urged this Court deny final approval citing, *inter alia*, a failure to adequately provide notice to the class of the settlement. Objectors were unaware of the attached code section prior to the hearing on this matter.

### *** MEMORANDUM OR POINTS AND AUTHORITY ***

26 CFR 301.6212-2(a) and (b) define "last known address" for purposes of notice of assessment and for the Internal Revenue Code generally. *Id at (c)*. Objectors believe the court may find this information relevant and useful.

**WHEREFORE** Objectors respectfully pray this Court accept submitted supplemental authority.

*/s/ Thomas J. Fisher*
Thomas J. Fisher
Attorney for Objectors Cruz and Simpao

```
[Code of Federal Regulations]
[Title 26, Volume 18]
[Revised as of April 1, 2007]
From the U.S. Government Printing Office via GPO Access
[CITE: 26CFR301.6212-2]

[Page 166-168]
```

TITLE 26--INTERNAL REVENUE

CHAPTER I--INTERNAL REVENUE SERVICE, DEPARTMENT OF THE TREASURY
(CONTINUED)

PART 301_PROCEDURE AND ADMINISTRATION--Table of Contents

Assessment

Sec.  301.6212-2  Definition of last known address.

    (a) General rule. Except as provided in paragraph (b)(2) of this
section, a taxpayer's last known address is the address that appears on
the taxpayer's most recently filed and properly processed Federal tax
return, unless the Internal Revenue Service (IRS) is given clear and
concise notification of a different address. Further information on
what
constitutes clear and concise notification of a different address and a
properly processed Federal tax return can be found in Rev. Proc. 90-18
(1990-1 C.B. 491) or in procedures subsequently prescribed by the
Commissioner.
    (b) Address obtained from third party--(1) In general. Except as
provided in paragraph (b)(2) of this section, change of address
information that a taxpayer provides to a third party, such as a payor
or another government agency,

[[Page 167]]

is not clear and concise notification of a different address for
purposes of determining a last known address under this section.
    (2) Exception for address obtained from the United States Postal
Service--(i) Updating taxpayer addresses. The IRS will update taxpayer
addresses maintained in IRS records by referring to data accumulated
and
maintained in the United States Postal Service (USPS) National Change
of
Address database that retains change of address information for thirty-
six months (NCOA database). Except as provided in paragraph (b)(2)(ii)
of this section, if the taxpayer's name and last known address in IRS
records match the taxpayer's name and old mailing address contained in
the NCOA database, the new address in the NCOA database is the
taxpayer's last known address, unless the IRS is given clear and
concise
notification of a different address.
    (ii) Duration of address obtained from NCOA database. The address
obtained from the NCOA database under paragraph (b)(2)(i) of this
section is the taxpayer's last known address until one of the following

events occurs--
　　(A) The taxpayer files and the IRS properly processes a Federal tax return with an address different from the address obtained from the NCOA
database; or
　　(B) The taxpayer provides the Internal Revenue Service with clear and concise notification of a change of address, as defined in procedures prescribed by the Commissioner, that is different from the address obtained from the NCOA database.
　　(3) Examples. The following examples illustrate the rules of paragraph (b)(2) of this section:

　　Example 1. (i) A is an unmarried taxpayer. The address on A's 1999 Form 1040, U.S. Individual Income Tax Return, filed on April 14, 2000, and 2000 Form 1040 filed on April 13, 2001, is 1234 Anyplace Street, Anytown, USA 43210. On May 15, 2001, A informs the USPS of a new permanent address (9876 Newplace Street, Newtown, USA 12345) using the USPS Form 3575, ``Official Mail Forwarding Change of Address Form.''
The
change of address is included in the weekly update of the USPS NCOA database. On May 29, 2001, A's address maintained in IRS records is changed to 9876 Newplace Street, Newtown, USA 12345.
　　(ii) In June 2001 the IRS determines a deficiency for A's 1999 tax year and prepares to issue a notice of deficiency. The IRS obtains A's address for the notice of deficiency from IRS records. On June 15, 2001,
the Internal Revenue Service mails the notice of deficiency to A at 9876
Newplace Street, Newtown, USA 12345. For purposes of section 6212(b), the notice of deficiency mailed on June 15, 2001, is mailed to A's last known address.
　　Example 2. (i) The facts are the same as in Example 1, except that instead of determining a deficiency for A's 1999 tax year in June 2001, the IRS determines a deficiency for A's 1999 tax year in May 2001.
　　(ii) On May 21, 2001, the IRS prepares a notice of deficiency for A and obtains A's address from IRS records. Because A did not inform the USPS of the change of address in sufficient time for the IRS to process and post the new address in Internal Revenue Service's records by May 21, 2001, the notice of deficiency is mailed to 1234 Anyplace Street, Anytown, USA 43210. For purposes of section 6212(b), the notice of deficiency mailed on May 21, 2001, is mailed to A's last known address.
　　Example 3. (i) C and D are married taxpayers. The address on C and D's 2000 Form 1040, U.S. Individual Income Tax Return, filed on April 13, 2001, and 2001 Form 1040 filed on April 15, 2002, is 2468 Spring Street, Little City, USA 97531. On August 15, 2002, D informs the USPS of a new permanent address (8642 Peachtree Street, Big City, USA 13579) using the USPS Form 3575, ``Official Mail Forwarding Change of Address Form.'' The change of address is included in the weekly update of the USPS NCOA database. On August 29, 2002, D's address maintained in IRS records is changed to 8642 Peachtree Street, Big City, USA 13579.
　　(ii) In October 2002 the IRS determines a deficiency for C and D's 2000 tax year and prepares to issue a notice of deficiency. The Internal
Revenue Service obtains C's address and D's address for the notice of deficiency from IRS records. On October 15, 2002, the IRS mails a copy of the notice of deficiency to C at 2468 Spring Street, Little City, USA

97531, and to D at 8642 Peachtree Street, Big City, USA 13579. For purposes of section 6212(b), the notices of deficiency mailed on October
15, 2002, are mailed to C and D's respective last known addresses.

    (c) Last known address for all notices, statements, and documents. The rules in paragraphs (a) and (b) of this section apply for purposes of determining whether all notices, statements, or other documents are mailed to a taxpayer's last known address whenever the term last known address is used in

[[Page 168]]

the Internal Revenue Code or the regulations thereunder.
    (d) Effective Date--(1) In general. Except as provided in paragraph (d)(2) of this section, this section is effective on January 29, 2001.
    (2) Individual moves in the case of joint filers. In the case of taxpayers who file joint returns under section 6013, if the NCOA database contains change of address information for only one spouse, paragraphs (b)(2) and (3) of this section will not apply to notices, statements, and other documents mailed before the processing of the taxpayers' 2000 joint return.

[T.D. 8939, 66 FR 2820, Jan. 12, 2001]