Counsel appearing on following page

FILED
DISTRICT COURT OF GUAM
OCT 12 2007
JEANNE G. QUINATA
Clerk of Court

DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| JULIE BABAUTA SANTOS, *et al.*,<br><br>Petitioners,<br><br>v.<br><br>FELIX P. CAMACHO, *et al.*,<br><br>Respondents. | Civil Case No. 04-00006 |
| CHARMAINE R. TORRES, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>GOVERNMENT OF GUAM, *et al.*,<br><br>Defendants. | |
| MARY GRACE SIMPAO, *et al*,<br><br>Plaintiffs,<br><br>v.<br><br>GOVERNMENT OF GUAM,<br><br>Defendant,<br><br>v.<br><br>FELIX P. CAMACHO, Governor of Guam<br><br>Intervenor-Defendant. | **SIMPAO PLAINTIFFS' BRIEF RE APPLICABILITY OF 26 U.S.C. §7430** |

SIMPAO PLAINTIFFS' BRIEF RE
APPLICABILITY OF 26 U.S.C. §7430

SHIMIZU CANTO & FISHER
167 East Marine Corps Drive
Hagatna, Guam 96910
Tel. 671.472.1131
Fax 671.472.2886

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
Tel. 206.682.5600
Fax 206.682.2992

ORIGINAL

Case 1:04-cv-00006    Document 500    Filed 10/12/2007    Page 1 of 9

SHIMIZU CANTO & FISHER
Suite 101 Dela Corte Bldg.
167 East Marine Corps Drive
Hagåtña, Guam 96910
671.472.1131

TOUSLEY BRAIN STEPHENS PLLC
Kim D. Stephens, P.S., WSBA #11984
Nancy A. Pacharzina, WSBA #25946
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
206.682.5600

SIMPAO PLAINTIFFS' BRIEF RE
APPLICABILITY OF 26 U.S.C. §7430

SHIMIZU CANTO & FISHER
167East Marine Corps Drive
Hagatna, Guam 96910
Tel. 671.472.1131
Fax 671.472.2886

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
Tel. 206.682.5600
Fax 206.682.2992

Case 1:04-cv-00006   Document 500   Filed 10/12/2007   Page 2 of 9

COME NOW Plaintiffs Mary Grace Simpao, Christina Naputi and Janice Cruz, hereinafter "*Simpao* Plaintiffs," by and through counsel Shimizu Canto & Fisher and Tousley Brain Stephens PLLC, to submit their Brief regarding the applicability of 26 U.S.C. §7430 under the circumstances of this case, pursuant to this Court's Order of September 13, 2007.

**TITLE 26 U.S.C. §7430 IS NOT APPLICABLE TO A COMMON FUND CASE SUCH AS THIS ONE.**

Title 26 U.S.C. §7430 states in pertinent part: "In any administrative or court proceeding which is brought against the United States [or Guam, here due to the mirrored IRC] in connection with the determination, collection, or refund of any tax, interest, or penalty under this title, the prevailing party may be awarded a judgment or a settlement for (1) reasonable administrative costs incurred in connection with such administrative proceeding within the Internal Revenue Service, and (2) reasonable litigation costs incurred in connection with such court proceeding." This provision of the Internal Revenue Code is what is commonly referred to as a "fee-shifting" provision. The question posed by the Court is whether this statute applies to its award of fees in this class action settlement.

The short yet unshakable answer according to well established precedent is "no." The Ninth Circuit Court of Appeals, among others, has long held that a fee-shifting provision does not apply to a "common fund" case even where, as here, the claims at issue arise directly under the relevant statute. *See Staton v. Boeing Co.*, 327 F.3d 938, 967 (9th Cir. 2003) ("Under the 'common fund' doctrine, 'a litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole.' <u>Boeing Co. v. Van Gemert</u>, 444 U.S. 472, 478, 100 S.Ct. 745, 62 L.Ed.2d 676 (1980)… Thus, the common fund doctrine ensures that each member of the winning party contributes

SIMPAO PLAINTIFFS' BRIEF RE
APPLICABILITY OF 26 U.S.C. §7430
Page 1

SHIMIZU CANTO & FISHER
167 East Marine Corps Drive, Suite 101
Hagatna, Guam 96910
Tel: 671.472.1131

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
Tel. 206.682.5600
Fax 206.682.2992

Case 1:04-cv-00006   Document 500-2   Filed 10/12/2007   Page 3 of 9

proportionately to the payment of attorneys' fees.")). There can be no dispute this is a common fund case. Under the express terms of the proposed settlement, all Plaintiffs' counsel fees will be paid from the $ 90 million fund won for the common benefit of the Class.

In such circumstances, the Ninth Circuit has concluded: "**as have the two other circuits that have addressed the issue, that there is no preclusion on recovery of common fund fees [even] where a fee-shifting statute applies.**" *Staton v. Boeing Co.*, 327 F.3d 938, 967 (9th Cir. 2003). The Court explains its ruling in *Staton*, stating:

> The procedures used to determine the amount of reasonable attorneys' fees differ concomitantly in cases involving a common fund from those in which attorneys' fees are sought under a fee-shifting statute. ... Alternatively, in a common fund case, the district court can determine the amount of attorneys' fees to be drawn from the fund by employing a "percentage" method. *See* Hanlon [*v. Chrysler Corp.*], 150 F.3d at 1029 ("In 'common fund' cases where the settlement or award creates a large fund for distribution to the class, the district court has discretion to use either a percentage or lodestar method."). ... That common fund fees can be awarded where statutory fees are available follows from the equitable nature of common fund fees. ... **Thus, unless Congress has forbidden the application of the common fund doctrine in cases in which attorneys could potentially recover fees under the type of fee-shifting statutes at issue here, the courts retain their equitable power to award common fund attorneys' fees.**

*Staton v. Boeing Co.*, 327 F.3d 938, 967-69 (9th Cir. 2003); *see In re Veritas Software Corp. Securities Litig.*, 2005 WL 3096079 *11 (N.D. Cal. 2005); *see Moore v. United States*, 63 Fed.Cl. 781, 786 (2005).

The Staton Court also noted "application of the common fund doctrine to class action settlements does not compromise the purposes underlying fee-shifting statutes." *Staton*, 327 F.3d at 969. This is because it is the Class rather than the Defendant who is compensating its attorneys.

The Ninth Circuit finds support in the Third and Seventh Circuits for their ruling: *e.g., Brytus v. Spang & Co.*, 203 F.3d 238, 246 (3rd Cir. 2000) ("When there has been a settlement, the basis for the statutory fee has been discharged, and it is only the [common] fund that
SIMPAO PLAINTIFFS' BRIEF RE
APPLICABILITY OF 26 U.S.C. §7430
Page 2

SHIMIZU CANTO & FISHER
167 East Marine Corps Drive, Suite 101
Hagatna, Guam 96910
Tel. 671.472.1131

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
Tel. 206.682.5600
Fax 206.682.2992

Case 1:04-cv-00006    Document 500-2    Filed 10/12/2007    Page 4 of 9

remains."); *Cook v. Niedert*, 142 F.3d 1004, 1014 (7th Cir. 1998) (in ERISA common fund cases, attorney fees are awarded pursuant to equitable principles, and not the fee-shifting provision of ERISA), *affirming Florin v. Nationsbank of Georgia*, 34 F.3d 560 (7th Cir. 1994).

The Ninth Circuit ruled in another seminal case that the bar against augmenting attorneys' fees with risk multipliers in statutory fee cases does not apply when the case involves a common fund. *In re Washington Public Power Supply System Securities Litig.*, 19 F.3d 1291, 1299-1300 (9th Cir. 1994) ("*WPSS*"). In that case, the court found the U.S. Supreme Court case of *City of Burlington v. Dague* to be inapposite to the common fund case context. *WPSS*, at 1300-01. In *Dague*, the Supreme Court held that a court, when faced with a federal fee-shifting statute in a non-common fund case, could not enhance attorneys' fees awards with a risk multiplier over and above the lodestar amount. *City of Burlington v. Dague*, 505 U.S. 557, 112 S.Ct. 2638 (1992). However, the Ninth Circuit pointed out:

> Unlike statutory fee-shifting cases, where the winner's attorneys' fees are paid by the losing party, attorneys' fees in common fund cases are not paid by the losing defendant, but by members of the plaintiff class, who shoulder the burden of paying their own counsel out of the common fund. There is nothing unfair about contingency enhancements in common fund cases because of the equitable notion that those who benefit from the creation of the fund should share the wealth with the lawyers whose skill and effort helped create it. … Thus, the concerns expressed in *Dague* about unduly burdening losing parties in statutory fee cases are not present in common fund cases where fees are paid out of the settlement fund. … Accordingly, because we find *Dague's* reasoning inapposite in the common fund context, we hold that district courts have discretion to use risk multipliers to enhance the lodestar in common fund cases.

*WPSS*, 19 F.3d 1291, 1300-1301 (9th Cir. 1994) (citations omitted); *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1051 (9th Cir. 2002); *see In re Veritas Software Corp. Securities Litig.*, 2005 WL 3096079 *11 & fn.9 (N.D. Cal. 2005); *see In re Oracle Securities Litig.*, 852 F.Supp. 1437, 1456 (N.D. Cal. 1994) ("Indeed, the Ninth Circuit recently held that a district court's refusal to enhance class counsel's lodestar fee award in a common fund case by using a risk multiplier was an *abuse of discretion*.") (emphasis in original).

SIMPAO PLAINTIFFS' BRIEF RE
APPLICABILITY OF 26 U.S.C. §7430
Page 3

SHIMIZU CANTO & FISHER
167 East Marine Corps Drive, Suite 101
Hagatna, Guam 96910
Tel. 671.472.1131
Fax 671.472.2886

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
Tel. 206.682.5600
Fax 206.682.2992

Case 1:04-cv-00006   Document 500   Filed 10/12/2007   Page 3 of 9

This last case, *In re Oracle Securities Litig.*, also distinguishes *Dague* and soundly illustrates the inapplicability of a fee-shifting statute to a fee award in a common fund class action. There the court held:

> *Dague* is inapposite to the case at hand because *Dague* only applies in the fee-shifting context, and not the common fund context. Swedish Hosp. Corp. v. Shalala, 1 F.3d 1261, 1268 (D.C.Cir.1993). In *Swedish Hosp. Corp.*, the District of Columbia Circuit carefully considered and rejected the proposition that "[*Dague*] ... mandate[s] an unenhanced lodestar approach in common fund cases." That court held that common fund cases are sufficiently different from fee-shifting cases so that the *Dague* rationale has no applicability in the former context. *Id.* The court agrees with this conclusion. ... Because of the fundamental difference between fee shifting an common fund cases, the *Dague* rationale cannot be applied to this case. Mandating the use of the unenhanced lodestar method to calculate class counsel's fees in this common fund case would close off class counsel's lone source of compensation for the risk of non-payment. Such a result could not have been intended by the Supreme Court.

*In re Oracle Securities Litig.*, 852 F.Supp. 1437, 1455-56 (N.D. Cal. 1994).

Another important point raised by the *In re Oracle Securities Litig.* court was to dispel any misapplication of the *Dague* decision to try to prioritize a lodestar approach over a percentage approach in determining attorneys' fees in the common fund context. The district court held: It is important to note that the *Dague* Court did not acknowledge a global trend favoring lodestar over percentage fees. An analysis of the case that the Court cites for this 'trend,' Venegas v. Mitchell, 495 U.S. 82, 110 S.Ct. 1679, 109 L.Ed.2d 74 (1990), shows that the preference for lodestar only applies in the statutory fee-shifting context." *Id.* at 1455.

This sentiment is echoed in the Ninth Circuit, which has implied a percentage method may actually be preferable over lodestar in the common fund arena:

> [The Ninth Circuit] acknowledged that the percentage method may be a better approach in some cases, referring to Skelton [v. Gen. Motors Corp., 860 F.2d 250 (7th Cir.1988)] and Bebchick. [v. Wash. Metro. Area Transit Comm'n, 805 F.2d 396 (D.C.Cir.1986)] Paul, Johnson, Alston & Hunt v. Graulty, 886 F.2d 269 (9th Cir.1989). ... Reviewing the history the court is compelled to conclude that the accepted practice of applying the

SIMPAO PLAINTIFFS' BRIEF RE
APPLICABILITY OF 26 U.S.C. §7430
Page 4

SHIMIZU CANTO & FISHER
167 East Marine Corps Drive, Suite 101
Hagatna, Guam 96910
Tel. 671.472.1131
Fax 671.472.2886

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
Tel. 206.682.5600
Fax 206.682.2992

Case 1:04-cv-00006   Document 500   Filed 10/12/2007   Page 6 of 9

> lodestar or <u>Kerr – Johnson</u> regime to common fund cases does not achieve the stated purposes of proportionality, predictability and protection of the class. It encourages abuses such as unjustified work and protracting the litigation. It adds to the work load of already overworked district courts. In short, it does not encourage efficiency, but rather, it adds inefficiency to the process.
>
> Therefore, this court concludes that in class action common fund cases the better practice is to set a percentage fee and that, absent extraordinary circumstances that suggest reasons to lower or increase the percentage, the rate should be set at 30%. This will encourage plaintiffs' attorneys to move for early settlement, provide predictability for the attorneys and the class members, and reduce the time consumed by counsel and court in dealing with voluminous fee petitions.

*In re Activision Securities Litig.*, 723 F.Supp. 1373, 1377-79 (N.D. Cal. 1989).

In any event, it has long been established in the Ninth Circuit that a district court has discretion to use the percentage of the fund method or a lodestar method in calculating what are reasonable attorneys' fees in common fund cases:

> The district court abuses its discretion when it uses a mechanical or formulaic approach that results in an unreasonable reward. As long as the fee award is reasonable and the district court adequately explains its determination by written order or in open court, adopting the percentage approach is not an abuse of discretion. ... We have also established twenty-five percent of the recovery as a "benchmark" for attorneys' fees calculations under the percentage-of-recovery approach. *See Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1376 (9th Cir.1993); *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989). A district court may depart from the benchmark but, "[i]f such an adjustment [to the benchmark] is warranted, ... it must be made clear by the district court how it arrives at the figure ultimately awarded.

*Powers v. Eichen*, 229 f.3D 1249, 1256-57 (9th Cir. 2000); *see Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1376-77 (9th Cir. 1993) (upholding percentage of the fund method of compensating class counsel, finding counsel endured a "double contingency," of prevailing on the merits and of collecting fees, entitling counsel to more than unenhanced lodestar amount).

\\

\\

\\

SIMPAO PLAINTIFFS' BRIEF RE APPLICABILITY OF 26 U.S.C. §7430
Page 5

SHIMIZU CANTO & FISHER
167 East Marine Corps Drive, Suite 101
Hagatna, Guam 96910
Tel. 671.472.1131
Fax 671.472.2886

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
Tel. 206.682.5600
Fax 206.682.2992

Case 1:04-cv-00006   Document 500   Filed 10/12/2007   Page 7 of 9

Respectfully submitted this 12th day of October, 2007.

                         SHIMIZU CANTO & FISHER

                         By: _____
                               James L. Canto II

                         TOUSLEY BRAIN STEPHENS PLLC
                            Kim D. Stephens, P.S., *Pro Hac Vice*
                            Nancy A. Pacharzina, *Pro Hac Vice*

                         Attorneys for Plaintiffs Simpao, Naputi & Cruz

SIMPAO PLAINTIFFS' BRIEF RE
APPLICABILITY OF 26 U.S.C. §7430

SHIMIZU CANTO & FISHER
167 East Marine Corps Drive, Suite 101
Hagatna, Guam 96910
Tel. 671.472.1131

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
Tel. 206.682.5600
Fax 206.682.2992

Page 6    Case 1:04-cv-00006    Document 500    Filed 10/12/2007    Page 8 of 9

# CERTIFICATE OF SERVICE

I, JAMES L. CANTO II, certify that I caused a copy of the foregoing document here filed to be served on the following individuals or entities on October 12, 2007, via hand delivery at the following addresses:

| | |
|---|---|
| Counsel for Petitioner<br>   Charmaine Torres<br>Peter C. Perez, Esq.<br>Lujan, Aguigui & Perez, LLP<br>Pacific News Bldg., Ste. 300<br>238 Archbishop Flores St.<br>Hagatna, Guam 96910 | Counsel for Respondent<br>   Felix P. Camacho<br>Daniel M. Benjamin, Esq.<br>Calvo & Clark, LLP<br>655 S. Marine Corps Drive, Ste. 202<br>Tamuning, Guam 96913 |
| Counsel for Respondent<br>   Felix P. Camacho<br>Shannon Taitano, Esq.<br>Office of the Governor of Guam<br>Governor's Complex<br>East Marine Corps Drive<br>Adelup, Guam 96910 | Counsel for Respondents<br>   Artemio Ilagan and Lourdes Perez<br>Rawlen M.T. Mantanona, Esq.<br>Cabot Mantanona LLP<br>BankPacific Building, 2nd Floor<br>825 South Marine Corps Drive<br>Tamuning, Guam 96913 |
| Counsel for Petitioner<br>   Julie Babauta Santos<br>Michael F. Phillips, Esq.<br>Phillips & Bordallo, P.C.<br>410 West O'Brien Drive<br>Hagatna, Guam 96910 | |

Respectfully submitted this _OCTOBER 12, 2007_

SHIMIZU CANTO & FISHER
TOUSLEY BRAIN STEPHENS PLLC

_____
James L. Canto II
Attorneys for Plaintiffs