SHANNON TAITANO, ESQ.
OFFICE OF THE GOVERNOR OF GUAM
Ricardo J. Bordallo Governor's Complex
Adelup, Guam 96910
Telephone: (671) 472-8931
Facsimile: (671) 477-6666

EDUARDO A. CALVO, ESQ.
KATHLEEN V. FISHER, ESQ.
RODNEY J. JACOB, ESQ.
DANIEL M. BENJAMIN, ESQ.
CALVO & CLARK, LLP
Attorneys at Law
655 South Marine Corps Drive, Suite 202
Tamuning, Guam 96913
Telephone: (671) 646-9355
Facsimile: (671) 646-9403

*Attorneys for the Government of Guam
and Felix P. Camacho, Governor of Guam*

CESAR CABOT, ESQ.
RAWLEN M.T. MANTANONA, ESQ.
RAYMOND L. SOUZA, JR., ESQ.
CABOT MANTANONA LLP
BankPacific Building, 2nd Floor
825 S. Marine Corps Drive
Telephone: (671) 646-2001
Facsimile: (671) 646-0777
Attorneys for Respondents *Lourdes M. Perez and Artemio B. Ilagan*

**FILED**
DISTRICT COURT OF GUAM

OCT 1 7 2007

**JEANNE G. QUINATA**
**Clerk of Court**

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF GUAM

| | |
|---|---|
| JULIE BABAUTA SANTOS, et. al., <br><br> Petitioners, <br><br> -v- <br><br> FELIX P. CAMACHO, etc., et. al. <br><br> Respondents. | CIVIL CASE NO. 04-00006 <br> (Consolidated with Civil Case Nos. 04-00038 and 04-00049) <br><br> **BRIEF OF THE GOVERNOR, GOVERNMENT, AND DIRECTORS OF DOA AND DRT REGARDING FILING OF ATTORNEY BILLS IN CAMERA (AND OPPOSITION TO MOTION TO SEAL)** |

Pursuant to the Court's October 15, 2007 Order, Governor of Guam Felix P. Camacho, the Government of Guam, and the Directors of the Department of Administration and Revenue & Taxation (collectively, the "Government") hereby respectfully submit this brief opposing plaintiffs' counsels' efforts to submit their attorneys' fees billing statements *in camera* and/or under seal. This brief also constitutes the Government's Opposition to the *Simpao* Plaintiffs' October 15 Motion to Seal.

I. **Billing Statements Are Generally *Not* Privileged**

The first issue is whether any privilege even applies to the billing statements. The party seeking to invoke the protection of the attorney-client privilege carries the burden of proving to a reasonable certainty that the elements of the privilege exist. *Clarke v. American Commerce National Bank*, 974 F.2d 127, 129 (9th Cir.1992); *United States v. Abrahams*, 905 F.2d 1276, 1283 (9th Cir.1990). "Because it impedes full and free discovery of the truth, the attorney-client privilege is strictly construed." *Weil v. Investment/Indicators, Research and Management, Inc.*, 647 F.2d 18, 24 (9th Cir. 1981); *Aronson v. McKesson HBOC, Inc.*, 2005 WL 934331, at *3 (N.D. Cal. 2005).

The leading Ninth Circuit case on whether attorneys' billing statements are privileged is *Clarke v. Am. Commerce Nat'l Bank*, 974 F.2d 127, 129-30 (9th Cir. 1992). It held that "the identity of the client, the amount of the fee, the identification of payment by case file name, <u>and the general purpose of the work performed</u> are usually not protected from disclosure by the attorney-client privilege." *Id.* at 129 (emphasis added). But, the court did then continue on to hold that "correspondence, bills, ledgers, statements, and time records which also reveal the motive of the client in seeking representation, litigation strategy, or the specific nature of the services provided, such as researching particular areas of law, fall within the privilege." *Id.*; *accord United States v. Olano*, 62 F.3d 1180, 1205 (9th Cir. 1995).

However, this exception permitting some portion of billing statements to be privileged is not very broad, and many billing statements are general and contain no privileged information. For example, in *Clarke* itself, the court held that the district court had erred in finding certain billing statements privileged because "they do not contain privileged communications between

attorney and client. The statements contain information on the identity of the client, the case name for which payment was made, the amount of the fee, and the general nature of the services performed. Our previous decisions have held that this type of information is not privileged." *Clarke*, 974 F.2d at 129 (citations omitted).

Indeed, *Clark* is not exceptional in its conclusion that nothing in the fee statements there was privileged; there are numerous other cases concluding that the particular attorneys' bills at issue also contained no privileged information whatsoever. *E.g. Hillside Dairy, Inc. v. Kawamura*, 2004 WL 3733409, *1 (E.D. Cal. 2004) (denying request to seal attorneys' bills and noting "it is unclear why Plaintiffs seek to seal information in their attorneys' billing invoices which is made evident by Plaintiffs' filings in these cases, *e.g.*, that Plaintiffs' attorneys researched Commerce Clause cases"); *United States v. Naegele*, 468 F.Supp.2d 165, 171 (D.D.C. 2007) ("The descriptions in Mr. Sherman's billing statements to Naegele are general and do not reveal any litigation strategy or other specifics of the representation or any confidential client communications. They therefore are not protected by the attorney-client privilege."); *Beavers v. Hobbs*, 176 F.R.D. 562, 564 (S.D. Iowa 1997) ("there is a threshold question whether the attorney billing statements are subject to the attorney-client privilege. The descriptions of the various services performed do not appear to be substantive or to suggest the content of privileged communications. Most of the entries simply describe what the attorney did, when, and for what amount of time. Generally billing records which did not reveal confidential information are subject to discovery and not protected by the attorney-client privilege."); *Maxima Corp. v. 6933 Arlington Development Ltd. Partnership*, 641 A.2d 977, 984-85 (Md. App. 1994) (following *Clarke*) ("[A] finding that information in attorneys' bills is within the attorney-client privilege is the exception and not the general rule. The fact that a motion was prepared or research was completed on an issue in a motion that was obviously already filed is a mere description of the work and is not privileged.").

Thus, although the Government has not had the opportunity to review the billing statements at issue here, it appears quite possibly that they are not privileged at all.[1] Moreover, plaintiffs have yet to meet their burden in the event that there is any possibly privileged material in the billing statements. Just as with any other claim of privilege, each specific redaction of a billing statement based on privilege must be justified. *Hillside Dairy, Inc.*, 2004 WL 3733409, at *1 (denying request to place portions of attorneys' fees billings under seal for in camera even though unopposed by other party; "[e]ven though the request is unopposed, Plaintiffs must sustain their burden of showing a sealing order should issue."); *ERA Franchise Sys., Inc. v. N. Ins. Co. of New York*, 183 F.R.D. 276, 278, 280 (D. Kan. 1998) (where plaintiff argued that billing statements were privileged, it could not "satisfy the burden by mere assertions that courts have recognized that documents similar to those requested here have the potential to contain privileged information").

Thus, in *Clarke*, the court held that the district court could require "a line-by-line justification for each requested redaction" if necessary. *Clarke*, 974 F.2d at 129. Further, the complete, unredacted statement should be submitted to the Court for *in camera* review if privilege is claimed. *Id.* at 129-30. This process has not been completed yet. However, as explained in the next section, this procedure should not even be necessary here, as the privilege has been waived. But were the Court to find that no waiver occurred, the Government would ask that an appropriate review be conducted of counsels' grounds for claiming privilege.

II. **Where a Party Places Attorneys' Fees "At Issue" by Seeking to Recover Such Fees, Any Privilege that Would Apply Is Waived**

The party asserting that the attorney-client privilege applies "must prove that it has not waived the privilege." *Weil v. Investment/Indicators, Research and Management, Inc.*, 647 F.2d 18, 25 (9th Cir.1981). Here, even if the particular billing statements at issue in this case did contain privileged materials, plaintiffs' counsel have filed for attorneys' fees <u>and thus placed the</u>

---

[1] Government counsel of course received *Simpao* counsels' billing statements. Counsel is now awaiting the Court's ruling before conducting further review or returning them, depending upon the Court's ruling.

*CIVIL CASE NO. 04-00006* 3
*(Consolidated with Civil Case Nos. 04-00038 and 04-00049)*

*reasonableness of the fees claimed and hours worked at issue*. *See Fischel v. Equitable Life Assur. Society*, 307 F.3d 997, 1006 (9th Cir. 2002) (any fee award in a class action must be found to be reasonable). Further, the fee applications have been submitted under Fed. R. Civ. Proc. 23(h) as requests for fees in a class action, which entitles the class to have notice of the fees being requested. *See* Fed. R. 23(h)(1)-(2).

On such facts, where the fees are "at issue" in the litigation, courts have held that any privilege as to attorneys' bills is waived. *E.g. Ideal Electronic Sec. Co., Inc. v. Inter'l Fidelity Ins. Co.*, 129 F.3d 143, 151 (D.C. Cir. 1997) ("redaction of portions of the billing statements withholds" essential information; "[a]s a practical matter, the reasonableness of any portion of the billing statement can only be determined by examining all billing statements pertaining to the legal services provided as a whole."); *Essex Builders Group, Inc. v. Amerisure Ins. Co.*, 2007 WL 700851, at *2 (M.D. Fla. 2007) ("Amerisure contends that it should have access to the unredacted billing statements to determine the reasonableness of the fees sought by Essex. The Court finds that it would be manifestly unfair to Amerisure to require it to defend against the sizeable fee award claimed by Essex without the benefit of the full record upon which the fees are based. The Court, therefore, DENIES Essex's motion to file the documents under seal for an *in camera* review...."). *Am. Economy Ins. Co. v. Schoolcraft*, 2007 WL 1229308, *5 (D. Col. 2007) (party "put in issue the legal bills incurred by COPIC in the Underlying Suit, and has thereby waived any privilege which may have existed with respect to those bills"); *Energy Capital Corp. v. U.S.*, 45 Fed. Cl. 481, 486-87 (2000) (party asserting claim for attorneys' fees has waived privilege and must submit fees in unredacted form); *Newpark Environ. Ser. v. Admiral Ins. Co.*, 2000 WL 136006, *3 (E.D. La. 2000) ("Because Newpark may only recover reasonable attorney's fees and will necessarily have to prove that its attorney's fees were reasonable and directly related to that defense, it will have to disclose the substance of the work its counsel performed. Therefore, plaintiff has placed the communications contained within its attorney invoices at issue and thereby waived both its attorney-client privilege and work product protection.");.

Accordingly, by placing the reasonableness of their fees at issue, plaintiffs' counsel waived the privilege and must produce unredacted bills.

### III. The Simpao Plaintiffs' Filing Waived Any Privilege

Finally, the *Simpao* plaintiffs have waived the privilege by filing their billing statements in the public record (where they became publicly available on the Pacer website) and serving them on counsel. "[I]t has been widely held that voluntary disclosure of the content of a privileged attorney communication constitutes waiver of the privilege as to all other such communications on the same subject." *Weil*, 647 F.2d at 24.

In their October 15 motion to seal, *Simpao* plaintiffs rest on the conclusory assertion that their public filing was "inadvertent," without offering any explanation as to why such filing was inadvertent. (*See* Oct. 15 Motion to Seal at 1). To begin with, a waiver "need not be effectuated by words or accompanied by the litigant's subjective intent. [Citation omitted] Rather, the privilege may be waived by the client's, and in some cases the attorney's, actions, even if the disclosure that gave rise to the waiver was inadvertent." *Bittaker v. Woodford*, 331 F.3d 715, 720 n.4 (9th Cir. 2003) (citing, *inter alia*, *Weil*, 647 F.2d at 24-25 & n. 13).

In any case, the Government cannot locate any statement in the *Simpao* plaintiffs' October 12 unsealed filings indicating that they were intending to file a portion of their exhibits under seal or redacted form (which one would expect would have occurred had their intent been to file under seal at that time, as there would have been an obligation to alert other parties and the Court to such an *in camera* filing, as the *Torres* attorneys did by seeking instructions). Thus, on the present record, it appears that the public filing was not inadvertent at all, but rather that *Simpao* plaintiffs had second thoughts after their filing, which is not an "inadvertent" waiver at all. In any case, in this highly publicized case, with the pleadings already having been served on the parties and placed on Pacer, it is to late to unring the bell and *Simpao* plaintiffs cannot meet their burden to show the privilege was not waived. *See Weil*, 647 F.2d at 24.

Thus, while for the reasons given herein, the Government does not believe that there was any right to redact the billing statements or file them under seal, if there had been, the *Simpao* plaintiffs nonetheless waived the privilege.

## IV. Sealing the Records Is Not Proper Either

Finally, the October 15 Order also asked the parties to address the requests by the plaintiffs to seal the billing records. In the Ninth Circuit, a party seeking to seal a judicial record bears the burden of articulating "compelling reasons supported by specific factual findings, that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (citations and quotation marks omitted). Here, not only is this showing not made, but the compelling interest is in *not* sealing the records.

As has been briefed, in the context of an attorneys' fees motion in a class action, the Court is acting as the protector of the class. *In re Coordinated Pretrial Proceedings in Petroleum Products Antitrust Litig.*, 109 F.3d 602, 608 (9th Cir. 1997). An essential part of a class action is ensuring that the class is informed of the attorneys' fees motion and has the opportunity to object (which notice was given in the notice in this case). *See* Fed. R. 23(h)(1)-(2). If the billing statements are sealed, the EIC Class would be prevented from knowing the most basic information any client should be provided with—an explanation of what they are paying for. Accordingly, the Government believes sealing also would be improper and that it unsupported by the record.

## CONCLUSION

Based on the forgoing discussion, the Government believes that all attorneys' fees statements should be filed in the public record and in unredacted form.

Dated this 17th day of October, 2007.

| | |
|---|---|
| OFFICE OF THE GOVERNOR OF GUAM<br>CALVO & CLARK, LLP<br>Attorneys for Respondents Felix P. Camacho,<br>Governor of Guam and the Government of Guam<br><br>By: _____<br>DANIEL M. BENJAMIN | CABOT MANTANONA LLP<br>Attorneys for Respondents Lourdes M.<br>Perez and Artemio B. Ilagan<br><br>By: _____ |