| | |
|---|---|
| JULIE BABAUTA SANTOS, *et al.*, <br><br> Petitioners, <br><br> v. <br><br> FELIX P. CAMACHO, *et al.*, <br><br> Respondents. | Civil Case No. 04-00006 <br><br> **FILED** <br> DISTRICT COURT OF GUAM <br><br> OCT 1 7 2007 <br><br> **JEANNE G. QUINATA** <br> **Clerk of Court** |
| CHARMAINE R. TORRES, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> GOVERNMENT OF GUAM, *et al.*, <br><br> Defendants. | Civil Case No. 04-00038 |
| MARY GRACE SIMPAO, *et al*, <br><br> Plaintiffs, <br><br> v. <br><br> GOVERNMENT OF GUAM, <br><br> Defendant, <br><br> v. <br><br> FELIX P. CAMACHO, Governor of Guam <br><br> Intervenor-Defendant. | Civil Case No. 04-00049 <br><br> **PLAINTIFFS SIMPAO AND CRUZ' BRIEF IN RESPONSE TO COURT'S OCTOBER 15TH ORDER IN RE DETAILED BILLING RECORDS** |

SHIMIZU CANTO & FISHER
East Marine Corps Drive
Hagatna, Guam 96910
Tel. 671.472.1131
Fax 671.472.2886

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
Tel. 206.682.5600
Fax 206.682.2992

Page 1

**ORIGINAL**

**COME NOW** Plaintiffs Mary Grace Simpao and Janice Cruz in response to this Court's order of October 15th, 2007.

I. *In Camera* Review, or Sealing, of Detailed Billing Records is Appropriate Under the Circumstances of this Case

This Court may order *in camera* review of attorney billing statements. Because the Court exercises care over the common fund in its capacity as a fiduciary, *in camera* review is warranted. In *Federal Sav. and Loan Ins. Corp. v. Ferm,* Judge Shroeder said "Appellants next contend that the district court's order requiring the submission of invoices for legal services provided to Ferm violates both the attorney-client and the attorney work product privileges. Fee information is generally not privileged. The payment of fees is incidental to the attorney-client relationship, and does not usually involve disclosure of confidential communications arising from the professional relationship. Here, the district court's order amply protects both the confidentiality of Ferm's communications with her counsel and her counsel's mental impressions concerning litigation strategy. The order provides for *in camera* review of the invoices and leaves the submission of supporting documentation up to the discretion of the attorneys." *Id*, 909 F.2d 372, 374 (9th Cir. 1990)(*internal citations and quotations omitted*).

Accordingly, counsel for Plaintiffs Simpao and Cruz believe *in camera* review is appropriate and, in order to preserve confidentiality and the confidentiality of counsels' mental impressions, will not object to the release of the records to other Plaintiffs' counsel under a protective order. Release to Defendant however is inappropriate since the litigation is ongoing.

SHIMIZU CANTO & FISHER
East Marine Corps Drive
Hagatna, Guam 96910
Tel. 671.472.1131
Fax 671.472.2886
Page 2

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
Tel. 206.682.5600
Fax 206.682.2992

Case 1:04-cv-00006   Document 517   Filed 10/17/2007   Page 2 of 8

## II. Review of Detailed Billing Records, and Comment Upon by Defendant is Inappropriate as They Have No Standing in the Matter.

The Defendant Government wrongly asserts it has "a right to review and challenge the specific billings being submitted . . . by plaintiffs' counsel . . . to ensure that all such billings are reasonable and otherwise in compliance with the governing statutory requirements." Government's Brief Regarding the Applicability of 26 U.S.C. §7430 (hereinafter "Gov's Bf.") at n.1. But the Federal Rules applicable to Class Actions and well settled Ninth Circuit law hold otherwise. Those authorities also make it clear that if the Government wanted to prescribe counsel's fee award it should have negotiated to pay a specific amount in attorneys' fees separate and apart from the common settlement fund. Having failed to do so, the Government has no role to play in the Court's evaluation of requests for common fund fee awards

The federal rule applicable to class actions limits the universe of those who can object to an attorney fee motion to persons, unlike the Government, from ***whom payment is sought***. See Fed.R.Civ.P 23(h)(2)("A class member, or a party from whom payment is sought may object to the motion [for an attorney fee award.]." The Advisory Committee specifically notes: "Other parties . . . may not object because they lack sufficient interest in the amount the Court awards." Fed.R.Civ.P. 23, Advisory Committee Notes to 2003 Amendments at 152. Thus, the Defendant here, who did not negotiate to pay attorneys' fees itself when it had the opportunity to do so, cannot now assert a belated interest in protecting the class.

The Ninth Circuit holds the same and explains: ***"How the fund is divided between members of the class and class counsel is of no concern whatsoever to the***

SHIMIZU CANTO & FISHER
East Marine Corps Drive
Hagatna, Guam 96910
Tel. 671.472.1131
Fax 671.472.2886
Page 3

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
Tel. 206.682.5600
Fax 206.682.2992

1 ***defendants who contributed to the fund.*** " *In re Washington Public Power Supply System Securities Litigation,* 19 F.3d 1291, 1301 (9th Cir. 1994)*(emphasis added).* It is the person or entity (including a fiduciary) whose interests are affected that may complain, not a by-stander. *See Uselton v. Commercial Lovelace Motor Freight, Inc.* 9 F.3d 849, 854 (10th Cir. 1993)*(*holding that it is the class members who have the right to object to an award of attorney fees.)

Further, even if comment by the Defendant were appropriate (and it is not), the Ninth Circuit has expressly prohibited the type of review the Government proposes here i.e., mixing the apples of a statutory fee shifting analysis to the oranges of a common fund fee analysis. *See Stanton v. Boeing, 327 F.3d 938, 963-972 (9th Cir. 2003).* In *Stanton,* the Ninth Circuit held that common fund fees can be requested and awarded in cases where a fee shifting statute was available. *Id.* at 968. In doing so the Court discussed the differences between the two fee mechanisms at length. *Id.* The Court observed that even in the settlement context, a fee shifting approach properly applies where, as was the case in *Stanton,* the defendant conditioned settlement on its payment of a negotiated sum certain for counsel's fees separate and apart from the common fund. *Id. at 969.* The Court also noted the common fund method should be used where, as in this case, plaintiffs' counsel request an award from a common fund established for the benefit of all Class Members. *Id.* The Court explained that this substantive difference regarding who is paying the fees is reflected in different standards of judicial review:

> Fees sought or awarded under a fee-shifting statute require the application of the standards and procedures crafted for such statutes, discussed above. Similarly, if the parties invoke common fund principles, they must follow common fund procedures and standards, designed to protect class members when common fund fees are awarded.

SHIMIZU CANTO & FISHER
East Marine Corps Drive
Hagatna, Guam 96910
Tel. 671.472.1131
Fax 671.472.2886
Page 4

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
Tel. 206.682.5600
Fax 206.682.2992

Case 1:04-cv-00006   Document 517   Filed 10/17/2007   Page 4 of 8

*Id.*. More specifically, the Court noted, that if fee shifting standards apply, the Court will evaluate the fee amount through application of the loadstar method. *Id.* at 967. In common fund cases, however, the court can apply a risk multiplier to the loadstar or use the percentage of the fund method to evaluate the appropriate fee award. *Id.* The Court then noted that parties could use one or the other approach but can not mix both.

> We hold, therefore, that in a class action involving both a statutory fee-shifting provision and an actual or putative common fund, the parties may negotiate and settle the amount of statutory fees along with the merits of the case, as permitted by *Evans*. In the course of judicial review, the amount of such attorneys' fees can be approved if they meet the reasonableness standard when measured against statutory fee principles. Alternatively, the parties may negotiate and agree to the value of a common fund (which will ordinarily include an amount representing an estimated hypothetical award of statutory fees) and provide that, subsequently, class counsel will apply to the court for an award from the fund, using common fund fee principles. In those circumstances, the agreement as a whole does not stand or fall on the amount of fees.

*Id.* at 972.

Here there is no dispute this is a common fund case and plaintiffs' counsel are entitled to seek fees under the common fund doctrine. Gov's Bf. at 3(acknowledging Court can award fees from the common fund). All Plaintiffs' counsel of record have sought fees under the common fund doctrine. Thus, under *Stanton* this Court must apply common fund standards and procedures to determine if the amounts requested are appropriate.

Defendant's suggestion that the Court could perform a fee shifting analysis in this context without running afoul of *Stanton* is simply wrong. Further the Government's

SHIMIZU CANTO & FISHER
East Marine Corps Drive
Hagatna, Guam 96910
Tel. 671.472.1131
Fax 671.472.2886
Page 5

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
Tel. 206.682.5600
Fax 206.682.2992

Case 1:04-cv-00006    Document 517    Filed 10/17/2007    Page 5 of 8

1 brief is misleading in the way it describes what the *Stanton* court found was error. The
2 Government states the *Stanton* court found error where "a set amount ***was assessed***
3 [passive voice] for attorneys' fees from the common fund without any consideration of
4 the availability of recovery under the fee-shifting statute." Gov's. Bf. at 6 (emphasis
5 added). That is incorrect. In fact the Ninth Circuit found error only where a set amount
6 for attorneys fees ***was negotiated between counsel and defendant and was to be to be***
7 ***paid by defendant*** and the Court then approved the amount using a percentage of the
8 fund analysis instead of a fee shifting analysis. *See Stanton*, 327 F.3d at 969. In fact the
9 court below had performed no loadstar analysis at all. *Id.* at 966.

The Government's representation that a fee shifting analysis is appropriate here because it allegedly has not received a release from a potential statutory claim for attorney's fees is specious. The Settlement Agreement expressly releases *all* claims asserted and unasserted in the EIC litigation (which included claims for fees) and provides a covenant not to bring any future claims for payment of EIC's. *See* Agreement at VII. The Agreement also expressly noted Plaintiffs' counsel would seek an award of fees from the Court. *See* Agreement at II.a.v. Where a settlement encompasses a release of all claims, including potential claims arising from the action, it includes release of statutory attorneys' fees and costs. *See e.g. Vaillette v. Fireman's Fund Ins. Co.*, 18 Cal. App. 4th 680, 686 (1993) (holding Plaintiff barred from seeking statutory attorneys' fees by settlement agreement in which he agreed not to execute on "any potential claim" arising from an event and where the issue of costs and fees was addressed by the agreement and did not reserve specifically the right to seek statutory fees).

SHIMIZU CANTO & FISHER
East Marine Corps Drive
Hagatna, Guam 96910
Tel. 671.472.1131
Fax 671.472.2886
Page 6

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
Tel. 206.682.5600
Fax 206.682.2992

It appears the Government is making the remarkable claim that plaintiffs' counsel, in the context of settlement, would have been free to ask the Court to require Defendant to pay its fees. *See* Gov's Bf. at 6 (claiming it was plaintiffs' counsels' apparent choice to not assert a claim for fees under fee shifting statutes). But, it is axiomatic the Court's power to approve a settlement does not authorize the Court to establish settlement terms (*i.e.*, payment of fees) to which the parties did not agree. *See also Stanton*, 327 F.3d. at n.16 *citing Strong .v BellSouth Telecomms.*, 137 F.3d 844. 848 (5th Cir 1998)("Any modification to the agreement, whether by a party or a court would render the Agreement void.") Thus, the Court cannot modify the settlement by ordering the Government to pay plaintiffs' counsels' fees, nor can it do so by requiring plaintiffs' counsel to give up its right to seek fees from the common fund.

In short, while the Government did not want to negotiate and pay attorneys fees separate and apart from the common fund, it wants to have a say in what the fee award should be. The law does not afford any defendant that amount of influence. The amount of fee to be awarded from the common fund is between the Court, plaintiffs' counsel and class members. And it is the Court, not the Government, that will assume the role of fiduciary to decide the merits of a fee application. *See Stanton,* 327 F.3d. at 970("when awarding attorneys fees from a common fund the district court must assume the role of fiduciary for the class plaintiffs")(citations omitted). The Government's request to view detailed billing records should be denied.

SHIMIZU CANTO & FISHER
East Marine Corps Drive
Hagatna, Guam 96910
Tel. 671.472.1131
Fax 671.472.2886
Page 7

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
Tel. 206.682.5600
Fax 206.682.2992

1   **WHEREFORE** counsel for Plaintiffs Simpao and Cruz do not oppose a release under a
2 protective order to other Plaintiffs of their fee application, but assert that review and
3 comment by Defendant is inappropriate.

By: /s/ Thomas J. Fisher
Thomas J. Fisher
Attorney for Plaintiffs Simpao and Cruz

SHIMIZU CANTO & FISHER
East Marine Corps Drive
Hagatna, Guam 96910
Tel. 671.472.1131
Fax 671.472.2886
Page 8

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
Tel. 206.682.5600
Fax 206.682.2992

Case 1:04-cv-00006    Document 517    Filed 10/17/2007    Page 8 of 8