**LUJAN AGUIGUI & PEREZ** LLP
Pacific News Building, Suite 300
238 Archbishop Flores Street
Hagåtña, Guam 96910
Telephone (671) 477-8064
Facsimile (671) 477-5297

*Attorneys for Plaintiff Charmaine R. Torres*

**FILED**
DISTRICT COURT OF GUAM

OCT 17 2007

**JEANNE G. QUINATA**
Clerk of Court

# DISTRICT COURT OF GUAM

## TERRITORY OF GUAM

| | |
|---|---|
| JULIE BABAUTA SANTOS, *et. al.*, <br><br> Petitioners, <br><br> -v- <br><br> FELIX P. CAMACHO, *et. al.* <br><br> Respondents. | Civil Case No. 04-00006 <br><br> **PLAINTIFF CHARLMAINE R. TORRES' RESPONSE TO COURT'S ORDER OF OCTOBER 15, 2007, RE SUBMISSION OF BILLING RECORDS IN SUPPORT OF MOTION FOR AWARD OF ATTORNEY'S FEES** |
| CHARMAINE R. TORRES, *et al.*, <br><br> Plaintiffs, <br><br> -v- <br><br> GOVERNMENT OF GUAM, *et al.*, <br><br> Defendants. | Civil Case No. 04-00038 |
| MARY GRACE SIMPAO, *et al.*, <br><br> Plaintiffs, <br><br> -v- <br><br> GOVERNMENT OF GUAM, <br><br> Defendant. <br><br> -v- <br><br> FELIX P. CAMACHO, Governor of Guam, <br> Intervenor-Defendant. | Civil Case No. 04-00049 |

Plaintiff, Charmaine R. Torres, hereby responds to the Court's October 15, 2007 order concerning whether or not redaction, *in camera* review, or sealing of the detailed billing records is appropriate" in this action. Plaintiff submits that *in camera* review and sealing of attorney billing fee records is appropriate.

Disposition before this Court of the pending motions for attorneys' fees are governed by Local Rule 7.1 and Rule 54(d)(2), F.R.C.P. L.R. 54.3. L.R. 7.1 has to do with the procedures to be followed in the filing of motions and other non-trial applications to the Court; Rule 54(d)(2) establishes guidelines to be followed by a district court in making an award of attorneys' fees. Rule 54(d)(2)(B) does empower the Court to require a party to "disclose the terms of any agreement with respect to fees to be paid for the services for which claim is made." The rule does not address, however, the question of whether an attorney's billing records to his client or clients are to be a matter of open record.

Plaintiff submits that its billing records are protected from being made public by the attorney-client privilege because the records reveal the nature of the services rendered. *Montgomery County v. MicroVote Corp.*, 175 F3d 296, 304 (3d Cir. 1999); *Maxima Corp. v. 6933 Arlington Development Ltd. Partnership*, 641 A.2d 977, 457 (Md. 1994) ("correspondence, bills, ledgers, statements, and time records which also reveal the motive of the client in seeking representation, litigation strategy, or the specific nature of the services provides, such as researching particular areas of the law, fall within the privilege").

Because an attorney's itemized bill necessarily reveals confidential information, it falls within the realm of the attorney-client privilege. *Hewes v. Langston*, 853 So.2d 1237, 1248 (Miss. 2003) (Citing *Clarke v. American Commerce Nat'l' Bank*, 974 F.2d 127 (9th Cir. 1992); *Chaudhry v. Gallerizzo*, 174 F.3d 394, 402 (4th Cir. 1999) (similarly citing *Clarke v. American Commerce Nat'l' Bank, id.*

The billing records should be subjected to an *in camera* review and be sealed to assure the attorney-client privilege is not violated. *Old Holdings, Ltd. V. Taplin Howard Shaw & Miller, P.A.*, 584 So.2d 1128, (Fla. Dist. Ct. App. 4th Dist. 1991).

## CONCLUSION

For the reasons set forth, counsel for Charmaine R. Torres respectfully submits that the billing records be subject to *in camera* review, sealed and not be otherwise disclosed.

Respectfully submitted this 17th day of October 2007.

LUJAN AGUIGUI & PEREZ LLP

By: /s/ Peter C. Perez
PETER C. PEREZ, ESQ.

*Attorneys for Plaintiff Charmaine R. Torres*

T-0025C/347-02C/0347/PCP: jsb