

The Law Offices of
# PHILLIPS & BORDALLO
A Professional Corporation
410 West O'Brien Drive, Suite 102 Hagåtña, Guam 96910-5044
Tel: (671) 477-ABCD (2223) • Fax: (671) 477-2FAX (2329)
" I Erensia, Lina'Ia', Espiritu-ta"

Attorneys for Petitioners

**FILED**
DISTRICT COURT OF GUAM

OCT 1 7 2007

JEANNE G. QUINATA
Clerk of Court

DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| JULIE BABAUTA SANTOS, et al., | CIVIL CASE NO. 04-00006 |
|---|---|
| Petitioners, | |
| vs. | **PETITIONER'S JOINDER IN PETITIONER TORRES' RESPONSE TO THE COURT'S ORDER OF OCTOBER 16, 2007 Re: THE PROTECTION OF DETAILED BILLING RECORDS** |
| FELIX A. CAMACHO, etc., et al., | |
| Respondents. | |

The Petitioner, individually and on behalf of all those similarly situated (hereinafter "EIC Class"), through her attorneys of record Phillips and Bordallo, P.C., by Michael F. Phillips, herewith joins in Petitioner Torres' Response to the Court's Order of October 16, 2007, regarding the applicability of redaction, *in camera* review, or sealing of the detailed billings records is appropriate under the circumstances.

The court has authority to require submission of relevant documents for in camera inspection, or to make other appropriate orders to preserve the privacy of confidential material. See Rules 26(c)(5), (7) and (8), Fed.R.Civ.P.; 8 C. Wright & A. See also, <u>In re First Peoples Bank Shareholders Litigation</u>, 121 F.R.D. 219, 230 (D.N.J. 1988) (The broad discretion of the court in handling confidential information was summarized by Justice Holmes: It will be understood that if, in the opinion of the trial judge, it is or should become necessary to reveal

the secrets to others, it will rest in the judge's discretion to determine whether, to whom, and under what precautions, the revelation should be made.)

The Ninth Circuit has long held that detailed billing statements are protected under the attorney-client privilege. In re Grand Jury Subpoena Issued To Horn, 1992 U.S. App. LEXIS 30917 (9th Cir. 1992). The Court in In re Grand Jury, held that the demand for letters of consultation and retainer agreements describing the intended scope of the attorney-client relationship, billing records describing the services performed for his clients and the time spent on those services, and any other attorney-client correspondence relating to the performance of legal services and the rates therefore constitute an unjustified intrusion into the attorney-client relationship." See also, In re Grand Jury Witness (Salas), 695 F.2d 359, 362 (9th Cir. 1982).

Based on the foregoing, the court should take such steps it deems necessary so as to preserve the privacy and confidentiality of the requested materials.

Respectfully submitted this 17th day of October, 2007.

PHILLIPS & BORDALLO, P.C.

By: _____
MICHAEL F. PHILLIPS