DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| JULIE BABAUTA SANTOS, *et al.*,<br><br>  Plaintiffs,<br><br>  vs.<br><br>FELIX A. CAMACHO, *et al.*,<br><br>  Defendants. | Civil Case No. 04-00006<br><br>**ORDER** |
| CHARMAINE R. TORRES, *et al.*,<br><br>  Plaintiffs,<br><br>  vs.<br><br>GOVERNMENT OF GUAM, *et al.*,<br><br>  Defendants. | Civil Case No. 04-00038 |
| MARY GRACE SIMPAO, *et al.*,<br><br>  Plaintiffs,<br><br>  vs.<br><br>GOVERNMENT OF GUAM,<br><br>  Defendant,<br><br>  vs.<br><br>FELIX P. CAMACHO, Governor of Guam,<br><br>  Intervenor-Defendant. | Civil Case No. 04-00049 |

1  The present issue before the court is whether the Plaintiffs' counsel should be permitted to file their billing statements/time records *in camera* and/or under seal. The attorneys argue that they should be permitted to file those records *in camera* and/or under seal because of the attorney-client privilege. "The party asserting the attorney-client privilege has the burden of proving that the privilege applies to a given set of documents or communications. To meet this burden, a party must demonstrate that its documents [or communications] adhere to the essential elements of the attorney-client privilege adopted by this court." *U.S. v. The Corporation*, 974 F.2d 1068, 1070 (9th Cir.1992).

The attorneys argue that the records are confidential because they necessarily contain the nature of the services provided. The government of Guam, argues that any privilege is now "waived" because the issue in question concerns the "fees." *See Ideal Electronic Sec. Co., Inc. V. Inter'l Fidelity Ins. Co.,* 129 F.3d 143, 151 (D.C. Cir. 1997) ("As a practical matter, the reasonableness of any portion of the billing statement can only be determined by examining all billing statements pertaining to the legal services provided as a whole."). The court agrees with the government's position. The attorneys are requesting fees be paid from a class common fund where the settling class consists of a significant number of individuals in the community. It seems reasonable that the settling class should be permitted to review the billing statements or time records to see what services were provided. In fact, Rule 23(h)(1)-(2) of the Federal Rules of Civil Procedure provides for the class to be provided notice of the motion for fees and to be able to object to the motion for fees. Clearly, for any objection to be meaningful, a class member would have to know what the attorney is requesting in terms of fees for services provided.

In addition, the Objectors' attorneys assert that the government of Guam should not be allowed to provide comment concerning the reasonableness of fees. However, this court is tasked with determining the reasonableness of the fees requested. *See* Fed. R. Civ. P. 23 (h). In light of this mandate, the court will permit the government of Guam to provide its opinion as to the reasonableness of the fees requested.

///

///

Accordingly, the Objectors' Motion to Place Exhibits Under Seal is **DENIED**, and Mr. Perez shall file unredacted billing statements no later than October 24, 2007.

**SO ORDERED**.



/s/ Frances M. Tydingco-Gatewood
    Chief Judge
**Dated: Oct 19, 2007**