SHANNON TAITANO, ESQ.
OFFICE OF THE GOVERNOR OF GUAM
Ricardo J. Bordallo Governor's Complex
Adelup, Guam 96910
Telephone: (671) 472-8931
Facsimile: (671) 477-6666

EDUARDO A. CALVO, ESQ.
KATHLEEN V. FISHER, ESQ.
RODNEY J. JACOB, ESQ.
DANIEL M. BENJAMIN, ESQ.
CALVO & CLARK, LLP
Attorneys at Law
655 South Marine Corps Drive, Suite 202
Tamuning, Guam 96913
Telephone: (671) 646-9355
Facsimile: (671) 646-9403

*Attorneys for the Government of Guam
and Felix P. Camacho, Governor of Guam*

RAWLEN M.T. MANTANONA, ESQ.
RAYMOND L. SOUZA, JR., ESQ.
CABOT MANTANONA LLP
BankPacific Building, 2nd Floor
825 S. Marine Corps Drive
Telephone: (671) 646-2001
Facsimile: (671) 646-0777
Attorneys for Respondents *Lourdes M. Perez and Artemio B. Ilagan*

FILED
DISTRICT COURT OF GUAM
OCT 22 2007
JEANNE G. QUINATA
Clerk of Court

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF GUAM

| | |
|---|---|
| JULIE BABAUTA SANTOS, et. al., <br><br> Petitioners, <br><br> -v- <br><br> FELIX P. CAMACHO, etc., et. al. <br><br> Respondents. | CIVIL CASE NO. 04-00006 <br> (Consolidated with Civil Case Nos. 04-00038 and 04-00049) <br><br> **BRIEF OF THE GOVERNOR, GOVERNMENT, AND DIRECTORS OF DOA AND DRT REGARDING 26 C.F.R. § 301.6212-2** |

**ORIGINAL**

Pursuant to the Court's October 15, 2007 Order, Governor of Guam Felix P. Camacho, the Government of Guam, and the Directors of the Department of Administration and Revenue & Taxation (collectively, the "Government") hereby respectfully submit this brief regarding Objectors' submission of 26 C.F.R. § 301.6212-2 as "supplemental" authority.[1]

The supplemental "authority" submitted, 26 C.F.R. § 301.6212-2, is an IRS regulation defining "last known address" for purposes of the *IRS'* enforcement of the Internal Revenue Code, 26 U.S.C., *et seq.* (the "IRC"). This is significant here because it limits the ultimate relief that could have been ordered against the Government of Guam.

The Government is voluntarily cooperating in administration of this case as part of the Settlement, but this remains a suit against it. It only agreed to depart from its standard tax refund procedures as *expressly* provided for in the Settlement Agreement; in all other respects, it was to follow its own procedures. (Settlement Agreement § VI(a)). And, the Government is not under a duty to adopt the "last known address" definition now utilized the IRS, it has not agreed to do so in the Settlement, and most importantly, *such relief could not have been obtained by plaintiffs had they pursued it instead of settling the case.*

At the present juncture, DRT does not consider this regulation to be practical for it, as its resources are not the same as the IRS' resources. (*See* Dec. of John Camacho ¶¶ 2-4, submitted herewith). In any case, it certainly is under *no duty* to adopt such a construction, because, as explained below: (1) an IRS regulation does not automatically apply to the administration of tax

---

[1] At the outset, the Government must object to Objectors' untimely briefing of this issue, which constitutes a waiver. Objectors submitted at least three briefs regarding preliminary approval of the Settlement, had an opportunity to appear and argue at a full day hearing regarding preliminary approval, were permitted to submit two full briefs stating their objections to final approval of the Settlement, had two full days of arguments regarding their objections to final approval, and once before submitted supplementary authority regarding final approval. (Dock Nos. 345, 367, 374, 379, 426, 461, 491, 494). Even in the class action context, where certainly the Government shares the Court's concern that full briefing be permitted, at some point Objectors have simply waived the opportunity to continually raise new objections – especially an objection such as the present one that challenges the terms of the Settlement that have been known since May 31, 2006 based upon a regulation (26 C.F.R. § 301.6212-2) that has existed since January 2001. (*See also* Dock. No. 389 (setting deadline for objections for June 22, 2007)). There is simply no justification given or possible for Objectors' untimely briefing in this case.

*CIVIL CASE NO. 04-00006* 1
*(Consolidated with Civil Case Nos. 04-00038 and 04-00049)*

collection under the GTIT; and (2) the construction of "last known address" that is presently used by DRT (which does not require updates for postal service changes of address) has been repeatedly held reasonable.

First, in general, an IRS regulation regarding the enforcement of the IRC is not binding up the Government of Guam. 48 U.S.C. § 1421i creates the Guam Territorial Income Tax ("GTIT") to mirror the IRC. However, it does not state that IRS regulations regarding IRC enforcement are binding upon the Government of Guam. Rather, to the contrary, 48 U.S.C. § 1421(d)(2) states:

> The Governor or his delegate shall have the same administrative and enforcement powers and remedies with regard to the Guam Territorial income tax as the Secretary of the Treasury, and other United States officials of the executive branch, have with respect to the United States income tax. **Needful rules and regulations not inconsistent with the regulations prescribed under section 7654(e) of the Internal Revenue Code of 1986 [26 U.S.C.A. § 7654(e) ] for enforcement of the Guam Territorial income tax shall be prescribed by the Governor.** The Governor or his delegate shall have authority to issue, from time to time, in whole or in part, the text of the income-tax laws in force in Guam pursuant to subsection (a) of this section.

(Emphasis added).

Thus, except as to IRS regulations issued under section 26 U.S.C. § 7654(e) (which are plainly inapplicably here[2]), **the Government of Guam and DRT issue their own regulations under the GTIT as to its enforcement and are not bound by the IRS' regulations**. *See Govt. of Guam v. Koster*, 362 F.2d 248, 250-51 (9th Cir. 1966) (holding that the Government of Guam may issue regulations as to procedural issues such as "administration and collection" of the GTIT, but not as to substantive issues such as defining "gross income"); *see also* 48 U.S.C. § 1421i(c) ("The administration and enforcement of the Guam Territorial income tax shall be performed by or under the supervision of the Governor."). This, of course, makes practical sense as the challenges in administering and enforcing the GTIT are not always the same as those faced by the

---

[2] Section 7654(e) permits the IRS to issue regulations necessary for the implementation of 26 U.S.C. § 931 ("Income from sources within Guam, American Samoa, or the Northern Mariana Islands"), 26 U.S.C. § 932 ("Coordination of United States and Virgin Islands income taxes"), and 26 U.S.C. § 7654 ("Coordination of United States and certain possession individual income taxes"). If the Court examines those sections, it will see that all three involve the coordination and sourcing of taxable income as between the territories and United States; none involve the interpretation of what constitutes a "last known address." Hence, this one exception where IRS regulations take precedence over Guam's as to enforcement of the GTIT is inapplicable.

IRS in administering the IRC (nor, frankly, are DRT's resources always the equal of the IRS' resources). Thus, as to a procedural issue such as what constitutes a taxpayer's last known address, it is Guam's own procedures and regulations, not the IRS', that control.

Second, obviously the limitation on this is that any Guam regulation must be a reasonable interpretation of a GTIT provision and cannot be contrary to the IRC. *Koster*, 362 F.2d at 252 ("The United States Commissioner of Internal Revenue may not prescribe any regulations which are not consistent with the federal tax statutes or which add a restriction to a statute which is not justified by the statutory language or the intent of Congress. . . . Except to overcome manifest inapplicability, or incompatibility with the general intent of section 31 of the Organic Act, as amended, Guam tax officials are similarly limited."). The same is true as to any policy or practice that is not as formal regulation, but which can still receive deference so long as it is reasonable. *Barnhart v. Walton*, 535 U.S. 212, 221-22 (2002) (holding that an agency's reasonable interpretation of a statute it is charged with interpreting can receive *Chevron* deference even absent formal rule making).

Here, the IRC does not define "last known address." As a result, DRT determines a taxpayers' last known address based upon the last address used on their most recent tax return unless the taxpayer has filed a change of address with DRT. (Camacho Dec. ¶¶ 2-4; Dock. No. 450 at ¶¶ 3-4 (previous declaration regarding this)).

DRT's policy is reasonable. There is no express regulation on this, but **DRT's current procedure is the *exact same* procedure that the IRS used to use (and it also had no regulation), and that practice was repeatedly found reasonable.**[3] Specifically, prior to the

---

[3] It does not matter that the IRS has now changed its practice and given a different construction of the IRC that Guam has not adopted because the courts have long recognized that there can be more than one reasonable interpretation of a statute. *See Nat'l Cable & Telecommunications Ass'n v. Brand X Internet Services*, 545 U.S. 967, 981 (2005) (recognizing that an agency can adopt one reasonable construction of a statute, and then switch to another, contrary but reasonable construction because "[a]gency inconsistency is not a basis for declining to analyze the agency's interpretation under the *Chevron* framework."); *Pacheco-Camacho v. Hood*, 272 F.3d 1266, 1270 (9th Cir. 2001) ("In determining whether a regulation is reasonable, we 'need not conclude that the agency construction was the only one it permissibly could have adopted to uphold the construction, or even the reading [we] would have reached if the question

IRS' voluntary adoption of 26 C.F.R. § 301.6212-2 in January 2001, numerous court decisions (including by the Ninth Circuit) recognized that the construction of what constitutes a "last known address" now utilized by DRT is reasonable. *King v. Comm'r*, 857 F.2d 676, 679-680 (9th Cir. 1988) ("The Tax Court has established, and this court has adopted, the following frequently cited rule: '[W]hile the Commissioner is bound to exercise reasonable diligence in ascertaining the taxpayer's correct address, **he is entitled to treat the address appearing on a taxpayer's return as the last known in the absence of clear and concise notification from the taxpayer directing the Commissioner to use a different address.**'") (emphasis added) (quoting *Alta Sierra Vista, Inc. v. Comm'r*, 62 T.C. 367, 374 (1974), *aff'd mem.* 538 F.2d 334 (9th Cir. 1976), and citing *Wallin v. Comm'r*, 744 F.2d 674, 676 (9th Cir. 1984)); *Cyclone Drilling, Inc. v. Kelley*, 769 F.2d 662, 664 (10th Cir. 1985) ("In recognition of obvious nationwide administrative realities, the burden is on the taxpayer to provide 'clear and concise' notice of his current address to the IRS; the IRS is otherwise entitled to rely on the address shown on the taxpayer's tax return for the year in question."); *Robinson v. C.I.R.*, 1998 WL 237783, at 3-4 (U.S. Tax Ct. 1998) ("**The phrase 'last known address' is not defined in the Code or in the regulations. We have held that a taxpayer's last known address is the address shown on his or her most recently filed return, absent clear and concise notice of a change of address.**") (emphasis added) (citing *Abeles v. Comm'r*, 91 T.C. 1019, 1035, 1988 WL 129221 (1988)); *Pack v. C.I.R.*, 2002 WL 31558079, at *4 (U.S. Tax Ct. 2002) (similar).

Notably, this includes decisions holding that a postal service change of address notice is not notice for tax purposes. *Adams v. C.I.R.*, 1994 WL 397318, *4 (U.S. Tax Ct. 1994) ("Despite the fact that the evidence shows, and respondent admits, that the U.S. Postal Service made a mistake in not forwarding the notice to the Dumas, Texas, address, there is no relief for petitioner under the case law or the statutory language of section 6212. **The filing of a forwarding order with the U.S. Postal Service is not a clear and concise notification to the IRS of petitioner's change of address.**") (emphasis added); *see also Tadros v. Comm'r*, 763 F.2d 89, 91 (2d Cir.

---

initially had arisen in a judicial proceeding.' . . . Instead, 'we simply ask 'whether we are compell[ed] to reject' the agency's construction.'") (quotations omitted).

1985) (it is taxpayer's obligation to notify the IRS of any changes of address). Indeed, **the Ninth Circuit has expressly held that the IRC creates no duty to ascertain a taxpayer's new address even where a mailing is returned as undeliverable**. *King,* 857 F.2d at 681 (the "validity of the notice turns on whether the IRS used the last known address when the notice was *mailed.* Nothing in the statute suggests that the IRS is obligated to take additional steps to effectuate delivery if the notice is returned; indeed, a notice mailed to the last known address is sufficient even if it is never received.") (citing *Wallin,* 744 F.2d at 676); *Adams v. C.I.R.,* WL 397318, *5 (U.S. Tax Ct. 1994) (same).

Thus, the prior case law demonstrates that DRT is acting reasonably in its construction of "last known address" in utilizing the last known address stated on tax forms and official change of address forms (and not assuming any duty to compare those addresses to U.S. Postal change-of-address forms as well).

As a result, this means that, even if the *Santos* and *Torres* parties had never settled this case, the only place that notices ever could have been sent is to where DRT defined the last known address of a taxpayer as existing. It must be remembered, as has been briefed, that DRT cannot simply turn over a list of names and addresses to plaintiffs or a third party due to the privacy statute, 26 U.S.C. § 6103. DRT must be the one that administers any mailing and mailing lists. And, as has been briefed above, DRT is under no legal obligation to adopt a construction of last known address that includes U.S. Postal address updates (and, just as importantly, is not able on a practical level to implement such a system (Camacho Dec. ¶ 4)). If such relief could not be compelled by plaintiffs against DRT, plaintiffs equally had no ability to demand it as part of the Settlement notice program.

The test as to the adequacy of notice, as the Court knows, is that it be the best notice practicable under the circumstances. *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 617 (1997) (quoting Fed. R. Civ. P. 23(c)(2)). Here, that was individual notice in compliance with DRT's reasonable practices as to what constitutes individual notice at taxpayers' last known, and that is what occurred under the Settlement. (It might also be noted as has been briefed that such notice was quite effective as well, reaching well over 80% of the targeted taxpayers).

## CONCLUSION

For the reasons stated, 26 C.F.R. § 301.6212-2 does not alter the conclusion that the notice provided here was the best notice practicable under the circumstances of this case, which are dictated by DRT's established procedures in implementing the GTIT.

Dated this 22nd day of October, 2007.

| | |
|---|---|
| **OFFICE OF THE GOVERNOR OF GUAM**<br>**CALVO & CLARK, LLP**<br>Attorneys for Respondents Felix P. Camacho,<br>Governor of Guam and the Government of Guam | **CABOT MANTANONA LLP**<br>Attorneys for Respondents Lourdes M. Perez and Artemio B. Ilagan |
| By: *[signature]*<br>RODNEY J. JACOB | By: *[signature]*<br>RAWLEN M.T. MANTANONA |