

DISTRICT COURT OF GUAM

OCT 23 2007 mba

JEANNE G. QUINATA
Clerk of Court

DISTRICT COURT OF GUAM
TERRITORY OF GUAM

| | |
|---|---|
| JULIE BABAUTA SANTOS, *et al.*,<br>Petitioners,<br>v.<br>FELIX P. CAMACHO, *et al.*,<br>Respondents. | Civil Case No. 04-00006 |
| CHARMAINE R. TORRES, *et al.*,<br>Plaintiffs,<br>v.<br>GOVERNMENT OF GUAM, *et al.*,<br>Defendants. | Civil Case No. 04-00038 |
| MARY GRACE SIMPAO, *et al*,<br>Plaintiffs,<br>v.<br>GOVERNMENT OF GUAM,<br>Defendant,<br>v.<br>FELIX P. CAMACHO, Governor of Guam<br>Intervenor-Defendant. | Civil Case No. 04-00049<br><br>**OBJECTORS SIMPAO AND CRUZ' SUPPLEMENT TO A REQUEST TO BE HEARD IN RE MOTION TO SUBMIT SUPPLEMENTAL AUTHORITY** |

SHIMIZU CANTO & FISHER
East Marine Corps Drive
Hagatna, Guam 96910
Tel. 671.472.1131
Fax 671.472.2886

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
Tel. 206.682.5600
Fax 206.682.2992

ORIGINAL

**COME NOW OBJECTORS** Cruz and Simpao to supplement their request to be heard in re a Motion to Submit Supplemental Authority.

On October 15th , 2007 this Court issued an order allowing the Government to brief issues raised by *Simpao's* submission of IRS regulation *26 C.F.R. §301.6212-2* which not only allows updating of addresses through the United States Postal Office Service's National Change of Address system but requires it. *Simpao* had submitted the authority without comment. As such, she requested through motion dated October 22nd, 2007 and filed at approximately 2:20 p.m, that she also be allowed to brief the issue. Shortly thereafter she received the Government's brief on the issue which was joined by settling plaintiffs *Santos* and *Torres*. The representations within the Governor's Brief highlight the need for *Simpao* to be heard and submit additional evidence on this matter.

First, the Government's brief wrongly equates what it claims it is "required" to do as part of its routine operation with what constitutes best practicable notice for this settlement. Recall, the Government has been arguing that it can't make the effort on notice; it clearly can (according to its own regulations) and must. Second, the Government's representation that "**the Government of Guam and DRT issue their own regulations under the GTIT as to its enforcement and are not bound by the IRS' regulation**" *Governor's Brief at 2 (emphasis in original)* is contrary to representations made by the Department of Revenue and Taxation and the Executive.

Objectors provide the Court a letter received from the Director, Department of Revenue and Taxation dated August 29th, 2005 in response to *Simpao's* request that the Department identify the rules and regulations applicable to enforcement of the Guam Territorial Income Tax. The Department responded stating: "As per your request, said



SHIMIZU CANTO & FISHER
East Marine Corps Drive
Hagatna, Guam 96910
Tel. 671.472.1131
Fax 671.472.2886

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
Tel. 206.682.5600
Fax 206.682.2992

rules and regulations for the enforcement of the Guam Territorial Income Tax as prescribed by the Governor of Guam pursuant to his authority under 48 USC §1421i is the one in the same (sic) as that which is used by the United States of America Internal Revenue Service (i.e. the Internal Revenue Code, Department of the Treasury Regulations and Case law)." *Ilagan Letter, August 29th 2005, attachment A*. This is consistent with *Executive Order 68-27 , November 1st ,1968 (Dickerson, Acting Governor)* adopting and promulgating the regulations of the United States in regard to income tax laws as those of Guam both in the past and the future. *See Executive Order, Attachment B.*

In light of the fact that Guam specifically adopts the rules and regulations of the United States in regard to tax matters, which includes 26 CFR §301.6212-2, and the settling parties state otherwise, we submit that briefing by *Simpao* Objectors is both warranted and meaningful.

Respectfully Submitted,

Thomas J. Fisher
Attorney for Simpao Objectors



SHIMIZU CANTO & FISHER
East Marine Corps Drive
Hagatna, Guam 96910
Tel. 671.472.1131
Fax 671.472.2886

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
Tel. 206.682.5600
Fax 206.682.2992

*Dipåttamenton Kontribusion yan Adu'ånå*
DEPARTMENT OF
# REVENUE AND TAXATION
GOVERNMENT OF GUAM *Gubetnamenton Guåhan*

FELIX P. CAMACHO, Governor / *Maga'låhi*
KALEO S. MOYLAN, Lt. Governor / *Tiñente Gubetnadot*

ARTEMIO B. ILAGAN, Director
Direktot
John P. CAMACHO, Deputy Director
Segundo Direktot

2 9 AUG 2005

Van de Veld, Shimizu, Canto and Fisher
**Attn: Thomas J. Fisher, Esq.**
167 East Marine Corps Drive
Suite 101 De LA Corte Bldg.
Hagatna, Guam, 96910

Dear Mr. Fisher:

As per your request, said rules and regulations for the enforcement of the Guam Territorial Income Tax as prescribed by the Governor of Guam pursuant to his authority under 48 USC § 1421i is the one in the same as that which is used by the United States of America Internal Revenue Service (i.e. the Internal Revenue Code, Department of the Treasury Regulations and Case law). I hope this answers your question.

Sincerely,

Artemio B. Ilagan

**Artemio B. Ilagan, Director**

Post Office Box 23607, Guam Main Facility, Guam 96921 • Tel. / *Telifon*: (671) 475-1801/1785-89 • Fax / *Faks*: (671) 472-2643



ATTACHMENT A

GOVERNMENT OF GUAM
Office of the Governor
Agana, Guam

EXECUTIVE ORDER NO. 68-27

REGULATIONS FOR GUAM TERRITORIAL INCOME TAX

By virtue of the authority vested in me by the provisions of Section 1421i(d)(2) of Title 48, United States Code, I, Denver Dickerson, as Acting Governor of the territory of Guam, do hereby prescribe as the official Income Tax Regulations for the enforcement of the Guam Territorial Income Tax Law, created by Section 31 of the Organic Act of Guam, the Income Tax Law Regulations of the United States, as they existed on August 1, 1950, together with all of the subsequent amendments to said Regulations, it being my purpose to prescribe and to render effective all of the regulations and the amendments thereto for the enforcement of the said Guam Territorial Income Tax Law, to coincide as to content and effective dates, with the content and respective effective dates of each of the amendments to the United States Income Tax Law Regulations, both in the past and in the future and both prospectively and/or retrospectively, as the case may be, so that the Guam Territorial Income Tax shall be construed from time to time in the past, present and future, as the respective amendments to the Income Tax Law Regulations of the United States are construed by the United States Internal Revenue Service.

In applying these regulations herein prescribed as the official Income Tax Regulations for the enforcement of the said Guam Territorial Income Tax Law in force in Guam, except where it is manifestly otherwise required, the applicable provisions of these Regulations shall be read so as to substitute "Guam" for "United States", "Governor or his delegate" for "Commissioner of Internal Revenue" and "Collector of Internal Revenue", "District


ATTACHMENT B

Court of Guam" for "district court" and with other changes in nomenclature and other language, including the omission of inapplicable language where necessary to effect the intent of Section 1421i of said Title 48.

Dated at Agana, Guam, this 1st day of November, 1968.

DENVER DICKERSON
Acting Governor of Guam

COUNTERSIGNED:

RUDOLPH G. SABLAN
Acting Secretary
of Guam