SHANNON TAITANO, ESQ.
OFFICE OF THE GOVERNOR OF GUAM
Ricardo J. Bordallo Governor's Complex
Adelup, Guam 96910
Telephone: (671) 472-8931
Facsimile: (671) 477-6666

EDUARDO A. CALVO, ESQ.
KATHLEEN V. FISHER, ESQ.
RODNEY J. JACOB, ESQ.
DANIEL M. BENJAMIN, ESQ.
CALVO & CLARK, LLP
Attorneys at Law
655 South Marine Corps Drive, Suite 202
Tamuning, Guam 96913
Telephone: (671) 646-9355
Facsimile: (671) 646-9403

*Attorneys for the Government of Guam
and Felix P. Camacho, Governor of Guam*

RAWLEN M.T. MANTANONA, ESQ.
RAYMOND L. SOUZA, JR., ESQ.
CABOT MANTANONA LLP
BankPacific Building, 2nd Floor
825 S. Marine Corps Drive
Telephone: (671) 646-2001
Facsimile: (671) 646-0777
Attorneys for Respondents *Lourdes M. Perez and Artemio B. Ilagan*

**FILED**
DISTRICT COURT OF GUAM

OCT 29 2007

JEANNE G. QUINATA
Clerk of Court

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF GUAM

| | |
|---|---|
| JULIE BABAUTA SANTOS, et. al., <br><br> Petitioners, <br><br> -v- <br><br> FELIX P. CAMACHO, etc., et. al. <br><br> Respondents. | CIVIL CASE NO. 04-00006 <br> (Consolidated with Civil Case Nos. 04-00038 and 04-00049) <br><br> **OPPOSITION BY THE GOVERNOR, GOVERNMENT, AND DIRECTORS OF DOA AND DRT TO OBJECTORS' REQUEST TO SUBMIT FURTHER BRIEFING REGARDING 26 C.F.R. § 301.6212-2** |

The Governor of Guam Felix P. Camacho, the Government of Guam, and the Directors of the Department of Administration and Revenue & Taxation (collectively, the "Government") hereby file this opposition to Objectors' motion to submit further briefing regarding 26 C.F.R. § 301.6212-2.

To begin with, Objectors are quite obviously seeking in their "request" to submit briefing actually submitting such briefing – in essence, they are arguing that there is a forty year old executive order by a former acting governor requiring compliance with the regulation. Given that the Government believes that Objectors have already had ample briefing and have waived this issue,[1] and that Objectors have now already submitted their proposed argument, the Government asks that this request be denied. However, Objectors have now already slipped such argument in, and so the Government also responds as follows in the event that the Court considers such arguments in determining whether or not to allow Objectors further briefing:

The executive order cited is forty years old, and occurred almost thirty years before the regulation at issue ever came into being. The reality is that Guam does depart from IRS regulations on occasion where necessitated by the facts (see, for example, Executive Order 2005-001) and that there is ample authority to do so under the Organic Act so long as a reasonable construction of the GTIT is adopted (as discussed in prior briefing). Indeed, the present governor, Governor Camacho, exercising his Organic Act powers over the administration and enforcement of the GTIT, signed off on the Settlement that utilizes procedures other than those stated in 26 C.F.R. § 301.6212-2. He did so because the procedures in the Settlement governing "last known address" reflect the procedures in use at DRT, procedures that have been held reasonable by numerous federal court decisions as previously briefed.

---

[1] As previously pointed out, Objectors submitted at least three briefs regarding preliminary approval of the Settlement, had an opportunity to appear and argue at a full day hearing regarding preliminary approval, were permitted to submit two full briefs stating their objections to final approval of the Settlement, had two full days of arguments regarding their objections to final approval, and once before submitted supplementary authority regarding final approval. (Dock Nos. 345, 367, 374, 379, 426, 461, 491, 494). They could have raised the issue of 26 C.F.R. § 301.6212-2 in any of those briefs or at any of those hearings. They did not.

As explained in greater detail in the second, supplemental declaration of John Camacho being submitted herewith, DRT does not have the financial, technological, or employee resources to institute 26 C.F.R. § 301.6212-2 (or certain other IRS regulations) at this time. As also explained, the computer systems are not compatible, hardware and software would have to be updated, DRT is understaffed for all of its responsibilities, and the IRS has superior access to certain information from federal agencies that DRT just does not have.

Thus, a forty year old executive order of uncertain breadth by an acting governor simply does not lock-in the present Governor. Given the practical impossibility of instituting 26 C.F.R. § 301.6212-2 at this time, if the forty year old executive order were read to require compliance with 26 C.F.R. § 301.6212-2, the result would *not* be that DRT would institute 26 C.F.R. § 301.6212-2 – the result would be that Governor Camacho would issue a new executive order clarifying that this was not intended and that DRT does not have to implement regulations such as 26 C.F.R. § 301.6212-2 when they exceed DRT's resources and abilities (assuming compliance with the GTIT is still assured, which it is here). In fact, by signing the Settlement with its present terms, Governor Camacho has effectively done as much.

In sum, supplemental briefing could not alter the fact that – given the unique circumstances of this class action where the defendant had to under federal law control the notice procedure to protect taxpayer privacy – the notice mailing procedure that reached 81% of the class remains the best notice practicable under the circumstances. The Government accordingly believes no further briefing is required.[2]

Dated this 29th day of October, 2007.

| OFFICE OF THE GOVERNOR OF GUAM<br>CALVO & CLARK, LLP<br>Attorneys for Respondents Felix P. Camacho,<br>Governor of Guam and the Government of Guam | CABOT MANTANONA LLP<br>Attorneys for Respondents Lourdes M. Perez and Artemio B. Ilagan |
|---|---|
| By: _____<br>DANIEL M. BENJAMIN | By: _____<br>RAWLEN M.T. MANTANONA |

---

[2] If such briefing were permitted, the Government requests an opportunity to respond.