

FILED
DISTRICT COURT OF GUAM
NOV - 7 2007
JEANNE G. QUINATA
Clerk of Court

DISTRICT COURT OF GUAM
TERRITORY OF GUAM

| | |
|---|---|
| JULIE BABAUTA SANTOS, *et al.*,<br><br>Petitioners,<br><br>v.<br><br>FELIX P. CAMACHO, *et al.*,<br><br>Respondents. | Civil Case No. 04-00006 |
| CHARMAINE R. TORRES, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>GOVERNMENT OF GUAM, *et al.*,<br><br>Defendants. | Civil Case No. 04-00038 |
| MARY GRACE SIMPAO, *et al*,<br><br>Plaintiffs,<br><br>v.<br><br>GOVERNMENT OF GUAM,<br><br>Defendant,<br><br>v.<br><br>FELIX P. CAMACHO, Governor of Guam<br><br>Intervenor-Defendant. | Civil Case No. 04-00049<br><br>**OBJECTORS SIMPAO AND CRUZ' BRIEF IN RE 26 CFR §301.6212-2** |
SHIMIZU CANTO & FISHER
East Marine Corps Drive
Hagatna, Guam 96910
Tel. 671.472.1131
Fax 671.472.2886

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
Tel. 206.682.5600
Fax 206.682.2992

Page 1

ORIGINAL

I. Introduction

Pursuant to this Court's order, Objectors Simpao and Cruz submit the following brief regarding the relevance of 26 CFR § 301.6212-2 to the arguments regarding the adequacy of the individual notice made in this proposed class action settlement.

II. Best practicable notice, under the circumstances here, requires the Settling Parties to update class members' addresses.

At issue is whether the individual notice given in this class action settlement meets the Rule 23 standard for "best practicable notice under the circumstances" in light of DRT's failure to update addresses of Class members through any means, prior to mailing notices; or even in response to notices that were returned as undeliverable.

In its prior briefing on the issue the Government argued only that it was **prohibited** by law from using any address updating techniques. *See Gov's Reply Bf. filed July 26, 2007 at 5.* The law it claimed prohibit such activity is a provision of the U.S. Tax Code mirrored in the GTIT that relates to the confidentiality of tax payer information. 26 U.S.C. §6103(a). Surreply at 1-2("there is simply no way that [using third parties to update addresses and mailing notices to such addresses] could avoid violating § 6103," and subjecting DRT to civil penalties.). *See also id at 3* "no alternative means of individualized notice by mail was possible." Settling Parties offered no argument that the effort or cost required to update addresses *for this settlement* would have been unreasonable.

In response, Objectors submitted authority (in the form of 26 CFR § 301.6212-2) that conclusively proves 26 USC 6103 does not prohibit the use of address updating through the United States Postal Service's (USPS') National Change of Address

SHIMIZU CANTO & FISHER
East Marine Corps Drive
Hagatna, Guam 96910
Tel. 671.472.1131
Fax 671.472.2886
Page 1

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
Tel. 206.682.5600
Fax 206.682.2992

(NCOA) data base. That authority shows that even the IRS routinely uses the NCOA data base to update what it classifies as a tax payers "last known address."

Now the government has completely changed its tune. Forced to abandon its "prohibited by law" argument, it now claims this Court cannot define due process in the Rule 23 context in a manner that requires the Government to do more than it has done under its routine procedures in the past and has essentially reverted to its 'good enough for Guam argument.' The Government is wrong again.

First, while citing numerous outdated cases, the Government has failed to cite recent controlling law that defines the effort *judicially* required of the IRS to meet due process notice requirements before depriving a tax payer of property. In *Jones v. Flowers, 547 U.S. 220, 229 126 S.Ct. 1708, 1716 (2006)* the Supreme Court addressed what is required when a notice of a tax deficiency sale of a man's home is returned as undeliverable. The court specifically held: " . . . when mailed notice of a tax sale is returned unclaimed, the State must take additional reasonable steps to attempt to provide notice . . . ., if it is practicable to do so." *Id.* at 1715. The Court observed:

> We do not think that a person who actually desired to inform a real property owner of an impending tax sale of a house he owns would do nothing when a certified letter sent to the owner is returned unclaimed. . . . Failure to follow up would be unreasonable, despite the fact that the letters were reasonably calculated to reach their intended recipients when delivered to the postman. . . .
> By the same token, when a letter is returned by the post office, the sender will ordinarily attempt to resend it, if it is practicable to do so. This is especially true when, as here, the subject matter of the letter concerns such an important and irreversible prospect as the loss of a house. Although the State may have made a reasonable calculation of how to reach Jones, it had good reason to suspect when the notice was returned that Jones was "no better off than if the notice had never been sent." Deciding to take no further action is not what someone "desirous of actually informing" Jones would do; such a person would take further reasonable steps if any were available.

SHIMIZU CANTO & FISHER
East Marine Corps Drive
Hagatna, Guam 96910
Tel. 671.472.1131
Fax 671.472.2886
Page 2

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
Tel. 206.682.5600
Fax 206.682.2992

*Id.* at 1716. In so holding the Supreme Court observed that the Ninth Circuit requires the same. *Id.* at n. 1 *citing U.S. v Ritchie,* 342 F.3d 903, 911 (9th Cir. 2003).

Other courts have also held the same. *See Buffano v. Commissioner of Internal Revenue,* T.C. Memo. 2007-32, 2007 WL 424705 (U.S.Tax Ct. 2007)( <u>Taxpayer's "last known address," for purposes of final notice of intent to levy, was not address on his last-filed tax return, since taxpayer had furnished change-of-address information to Postal Service, and IRS clearly had access to correct information</u>).

Here the Government appears to claim no further "reasonable" steps were available because its computer system is not linked such that it can routinely update addresses through the NCOA data base and it cannot use a third party to update the address. First, just as 26 U.S.C. §6103(a) does not preclude use of the NCOA data base to update addresses it also does not preclude the government's use of a third party licensee to perform that task for it. In fact this very procedure is described in detail in *Carlisle v. Commissioner of Internal Revenue,* T.C. Memo. 2000-310, 2000 WL 1434174 at 2 (U.S.Tax Ct. 2000)("This information is stored on cassettes and sent to the vendors. The vendors contract with a National Change of Address (NCOA ) licensee which has access to the NCOA file that the U.S. Postal Service maintains in Memphis, Tennessee. The NCOA licensee matches the names and addresses from the IRS master file with the NCOA database. Old addresses are replaced with new addresses that were submitted to the post office, and they are stored on the cassette.")[1]

---

[1] <u>Also,</u> the Tax Court stated in the *Buffano* case that "In *McPartlin v. Commissioner,* 653 F.2d 1185 (7th Cir. 1981), the Seventh Circuit found the Commissioner had not mailed a notice of deficiency to the taxpayers' last known address because, inter alia, other correspondence from the IRS had gone to the taxpayers' correct address. The Court of Appeals for the Seventh Circuit wrote, in 1981, that we live in the age of "sophisticated computer information storage and retrieval systems" such that asking the

SHIMIZU CANTO & FISHER
East Marine Corps Drive
Hagatna, Guam 96910
Tel. 671.472.1131
Fax 671.472.2886
Page 3

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
Tel. 206.682.5600
Fax 206.682.2992

Case 1:04-cv-00006    Document 559    Filed 11/07/2007    Page 4 of 6

Second, this settlement is not routine tax administration. The government is seeking to retire hundreds of millions of its own potential liability by voluntarily entering into a settlement and asking this Court to find the settlement is fair. It is true the Court cannot order DRT to change its routine procedures nor can it order the government to settle a case on terms different than what it agreed to it. But what it can and must do here is define what constitutes due process notice and deny approval of a settlement that has not provided such notice. Settling parties are then free to do as they see fit.

Notably, courts in this circuit routinely require settling parties to update addresses as part of notice programs and do not find it burdensome. *See Adams v. Inter-Con Security Systems, Inc.*, Slip Copy, 2007 WL 3225466 at 4 (N.D.Cal. 2007)("Prior to the mailing of the Notice Materials, the Claims Administrator will update any new address information for potential class members as may be available through the National Change of Address ("NCOA") database or equivalent system."); *Satchell v. Federal Express Corp.*, Slip Copy, 2007 WL 1114010 (N.D.Cal., 2007) "Within 40 days of the Preliminary Approval Date, the Claims Administrator shall mail, via first class postage, the Notice Materials to all known potential Settlement Class members at their last known address or at the most recent address that may have been obtained through the NCOA. The Claims Administrator will trace all returned undeliverable notices and re-mail to the most recent address available." *and Browning v. Yahoo! Inc.*, 2006 WL 3826714 (N.D.Cal., 2006) "Thereafter, Defendants shall cause the last known mailing addresses to

---

Commissioner to make use of them "can hardly be deemed to impose an unreasonable burden. The Court can only imagine that if computer systems 25 years ago were sufficiently robust for the Seventh Circuit to require some due diligence on the part of the IRS, any such requirement would be more than applicable today." *Id. at 5 (internal citations omitted).*

SHIMIZU CANTO & FISHER
East Marine Corps Drive
Hagatna, Guam 96910
Tel. 671.472.1131
Fax 671.472.2886
Page 4

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
Tel. 206.682.5600
Fax 206.682.2992

Case 1:04-cv-00006    Document 559    Filed 11/07/2007    Page 5 of 6

be updated by the Browning Settlement Administrator utilizing the National Change of Address ("NCOA") process as licensed by the U.S. Postal Service. The Court finds that the foregoing databases reflect the most accurate current mailing addresses reasonably available for the Settlement Class Members."

In this case, the Government was required to do something more when it received thousands of notices back as undeliverable[2]. Failure to update its addresses by NCOA or otherwise is a violation of due process. In *Parker v. Time Warner*, the Court stated where address updating was practicable, failure to do so violated Rule 23, "If Stash were correct, the (c)(2) notice requirement would have almost certainly been violated by the parties' failure to update the names and addresses of all "non-Category I" class members at a price that pales in comparison to the amounts already expended, the value of the current settlement, and the attorneys' fees sought." *Parker v. Time Warner, 239 F.R.D. 318, 335 (E.D.N.Y. 2007)*.

III. Conclusion

Notice to the class in this case did not comply with the requirements of due process nor Rule 23. Consequently certification of the class is not possible, nor is final approval of the settlement. Objectors thank the Court for the opportunity to be heard on this matter.

Thomas J. Fisher
Counsel for Objectors

---

[2] It should be remembered that in addition to the NCOA, the Department could have resorted to media in an attempt to find class members. *See 26 USC §6103(m)*.

SHIMIZU CANTO & FISHER
East Marine Corps Drive
Hagatna, Guam 96910
Tel. 671.472.1131
Fax 671.472.2886

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
Tel. 206.682.5600
Fax 206.682.2992