FILED
DISTRICT COURT OF GUAM

NOV 0 9 2007

JEANNE G. QUINATA
Clerk of Court

DISTRICT COURT OF GUAM
TERRITORY OF GUAM

| | |
|---|---|
| JULIE BABAUTA SANTOS, *et al.*,<br><br>Petitioners,<br><br>v.<br><br>FELIX P. CAMACHO, *et al.*,<br><br>Respondents. | Civil Case No. 04-00006 |
| CHARMAINE R. TORRES, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>GOVERNMENT OF GUAM, *et al.*,<br><br>Defendants. | Civil Case No. 04-00038 |
| MARY GRACE SIMPAO, *et al*,<br><br>Plaintiffs,<br><br>v.<br><br>GOVERNMENT OF GUAM,<br><br>Defendant,<br><br>v.<br><br>FELIX P. CAMACHO, Governor of Guam<br><br>Intervenor-Defendant. | Civil Case No. 04-00049<br><br>**OBJECTORS SIMPAO AND CRUZ' SUPPLEMENTAL PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW** |

SHIMIZU CANTO & FISHER
East Marine Corps Drive
Hagatna, Guam 96910
Tel. 671.472.1131
Fax 671.472.2886
Page 1

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
Tel. 206.682.5600
Fax 206.682.2992

**COMES NOW** Simpao Objectors, pursuant to the Court's order of October 31st, 2007, and submits these Supplemental Findings of Fact and Conclusions of Law.

## I. SUPPLEMENTAL FACTS OF THE CASE

01. In their motion for final approval, the Settling Parties indicated notice was effected as required by the Notice Plan but provided the Court no proof or documentation. No information was provided as to the number of notices actually mailed; the number of mailed notices returned as undeliverable or the procedure followed, if any, to resend notices returned as undeliverable. Similarly, regarding the early payment of 1997 and 1998 claims, no information was provided as to the number of checks or offset notices that were mailed, the total value in claims those checks and notices represented; the number of mailings returned as undeliverable, or the number of checks cashed and offset notices returned. Finally, no information was provided as to the value of the case should Plaintiffs succeed at trial, the number and value of claims filed under the settlement, or the distribution of those claims over the various tax years.

02. In subsequent briefing to respond to *Simpao's* objections, and during the fairness hearing, the Settling Parties provided some additional information regarding the number of notices mailed, the fate of those notices, the estimated value of offsets and the number of individual claimants participating in the settlement.

03. In a Declaration filed October 19th, 2007, the Department of Revenue and Taxation (DRT) stated that 49,378 individual taxpayers received individual notice in this case because the Department had identified them as potentially eligible to receive the EIC in tax years 1995-2004. In an earlier declaration filed September 21st, 2007, DRT said

SHIMIZU CANTO & FISHER
East Marine Corps Drive
Hagatna, Guam 96910
Tel. 671.472.1131
Fax 671.472.2886
Page 2

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
Tel. 206.682.5600
Fax 206.682.2992

Case 1:04-cv-00006   Document 561   Filed 11/09/2007   Page 2 of 8

that 47,351 of these notices were mailed to Guam addresses and 2,027 were mailed to off island addresses.

04.  Based on a review of tax returns on file, DRT estimated there were 49,378 potential Class Members with non 1997/1998 claims. Of these, 24,108 class members (or 49%) have filed a total of 40,222 EIC claims (averaging 1.7 claims per Class Member).

05.  Of the 24,108 class members who filed claims, 22,748 (or 94%) filed all their claims, or at least one of their claims, prior to the commencement of notice. Subtraction of the people who filed claims prior to notice from the total number of estimated Class Members shows there were 25,630 class members remaining who had not yet filed a claim before implementation of the notice program. Of this number, the notice program captured only 1,360 or 5.3%.

## II. SUPPLEMENTAL CONCLUSIONS OF LAW

06.  Notice and an opportunity to be heard are fundamental requisites of the constitutional guarantee of due process. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657 (1950). When notice is a person's due, process which is a mere gesture is not due process. *Id.* Here, where unnoticed low-income tax payers will lose their right to assert claims that average perhaps thousands of dollars in value, the importance of effective notice cannot be overstated.

07.  The notice program used in this settlement was a failure. In fact, it failed to capture approximately 94.7% of class members who had not yet filed a claim. The Court notes that the Settling Parties failed to rebut the expert testimony provided by *Simpao's* recognized notice expert that the *Santos-III* settlement notice does not, "by any measure," meet the "best practicable" standard applicable to the method, content and form of Rule

SHIMIZU CANTO & FISHER
East Marine Corps Drive
Hagatna, Guam 96910
Tel. 671.472.1131
Fax 671.472.2886
Page 3

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
Tel. 206.682.5600
Fax 206.682.2992

23 notices and failed to demonstrate they were diligent in their efforts to achieve individual notice or that publication notice would adequately reach class members – especially off-island class members. DRT's Declaration of October 19th bears out *Simpao Objectors'* expert's conclusions.

08. Individual notice to identifiable class members is an "unambiguous requirement of Rule 23." *Eisen v. Carlisle & Jacquelin, et al.*, 417 U.S. 156, 174, 94 S. Ct. 2140, 2151 (1974). Best practices for individual notice require class member's addresses to be updated where reasonable. *See Jones v. Flowers*, 547 U.S. 220, 229 126 S.Ct. 1708, 1716 (2006) and *Parker v. Time Warner Entertainment, Co.*, 239 F.R.D. 318, 325(E.D.N.Y. 2007. Updating addresses here is a reasonable and practicable means of updating old, outdated addresses. Updating addresses is especially critical where, as here, mailed notice is the primary means of reaching the class, and class members include two highly mobile groups (military personnel and low income individuals). Had Settling Parties employed a form of address updating, this Court concludes that thousands of class members would have been reached with a much higher rate of claims being submitted. Certainly many more than the 5.3% here. Settling Parties failure to update addresses falls below well accepted and easily achievable notice standards. Because no address updating services were undertaken in this case, the number of mailings that did not reach their intended recipient would be expected to be significant. DRT's numbers bear this out.

09. Settling Parties argue inadequacies in individual notice do not matter because Class members were still receiving notice by publication. But Settling Parties have provided this Court no information to demonstrate the publication notice was the best

SHIMIZU CANTO & FISHER
East Marine Corps Drive
Hagatna, Guam 96910
Tel. 671.472.1131
Fax 671.472.2886
Page 4

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
Tel. 206.682.5600
Fax 206.682.2992

Case 1:04-cv-00006   Document 561   Filed 11/09/2007   Page 4 of 8

1 practicable. Instead they ask the Court to take "judicial notice" that publication notice in
2 Guam's two local newspapers was adequate. The Court declines to do so and will rule
3 based on the evidentiary record before it. In any case, notice by publication could not
4 have cured the Settling Parties' failure to take additional steps where notice was returned.
5 This conclusion is required by the controlling law of this Circuit, *see United States v.*
6 *Ritchie, 342 F.3d 903, 911 (9th Cir. 2003)* (We now join these circuits in holding that,
7 when initial personal notice letters are returned undelivered, the government must make
8 reasonable additional efforts to provide personal notice) and this nation. *See Jones at*
9 *237, 1720* (Following up by publication was not constitutionally adequate under the
10 circumstances presented here because, as we have explained, it was possible and
11 practicable to give Jones more adequate warning of the impending tax sale.). The record
12 is not only insufficient to demonstrate best practical methods were used here, it
13 affirmatively shows they were not.

14 10. First, no aspect of publication notice was designed to reach off island Class
15 members. And, despite the fact that Guam's population has "an extraordinarily high
16 composition of military personnel," no notice was published in military publications.

17 11. Second, just because there are only two daily papers on the island of Guam, does
18 not mean publication there is the best notice for these *Class Members*. The
19 uncontroverted expert testimony before the Court shows newspaper readership is
20 expected to be low among lower income adults which comprise the bulk of this Class. As
21 such, radio and television would be expected to be more effective and efficient in
22 reaching this low income target.

SHIMIZU CANTO & FISHER
East Marine Corps Drive
Hagatna, Guam 96910
Tel. 671.472.1131
Fax 671.472.2886
Page 5

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
Tel. 206.682.5600
Fax 206.682.2992

Case 1:04-cv-00006   Document 561   Filed 11/09/2007   Page 5 of 8

12. Finally, it is apparent Settling Parties did not seek out or engage any qualified help in designing an effective notice program. In making this observation the Court does not hold that in every case retention of a notice expert is required to meet Rule 23's best practicable notice standard. Here, however, Settling Parties bear the burden of demonstrating their notice plan will adequately protect the due process rights of almost 50,000 class members regarding their stake in a potential Government liability of well over $200 million (and an award to their counsel of millions in attorneys' fees). Under these circumstances the use of appropriate expertise would be prudent. The Settling Parties have not argued it would have been unreasonable to retain a notice expert. Rather, they argue it was unnecessary based on their apparent assumption that what constitutes effective publication notice on Guam should be intuitively obvious to those who live here. This Court, however, will rely on the qualified expert testimony presented to it. That testimony indicates media research and analysis is critical to making an informed decision on which media vehicles will best reach class member demographics. Absent such evidence from the Settling Parties and faced with credible expert testimony that this publication notice was inadequate, and based upon actual results now in the record, this Court has no choice but to hold Settling Parties have not met their burden to demonstrate notice was the best practicable under the circumstances.

13. The post-notice data Settling Parties provided the Court does not change the conclusion notice was inadequate. As for individualized mailings, 19% of the notices mailed to class members were returned as undeliverable. Settling Parties argument that this "success" rate meets the 75-90% standard for a successful reach cited by notice expert Intrepido misconstrues her testimony and misrepresents the data. Ms. Intrepido

SHIMIZU CANTO & FISHER
East Marine Corps Drive
Hagatna, Guam 96910
Tel. 671.472.1131
Fax 671.472.2886
Page 6

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
Tel. 206.682.5600
Fax 206.682.2992

testified courts embrace notice programs that *are predicted to or actually do* reach 75-90% of the class. Here, Settling Parties have provided no qualified testimony on the expected reach of their notice plan. Further, the fact that 81% of the mailings were not returned as undeliverable does not mean 81% reached the intended class member.

14. Class participation data underscore the ineffectiveness of notice here. It is telling that the majority of Class members filed their EIC claims, not in response to this notice program, but in response to the Executive Order which was first announced in the middle of the 2004 tax season. In fact over 20,000 claims had been filed by March 22, 2006 over 33% of which were for tax year 2004. Even so, when notice began there were over 25,000 potential Class Members remaining who had not yet filed a claim. These are precisely the class members that were either not reached or not motivated by general press coverage related to the EIC and the Governor's issuance of the Executive Order. The individual mailing notice program, however, captured only 1,360 (5.3%) them. It is hard to believe a more clearly written notice that identified the potential value of the claims at stake and was effectively delivered to Guam's working poor would not have generated more claims.

15. Further, under the circumstances of this case, the estimated subscription rate of 50% of class members is not impressive (where as it might be in a typical consumer class action). The Court would expect a much higher rate of participation where, as here, most class members should have received individual notice informing them of their right to make claims worth thousands of dollars.

16. Settling Parties assertion that is was "very successful" in obtaining a high percent of estimated claims for Tax Year 2004 is both misleading and insufficient to demonstrate adequate notice. Notably the vast majority of the 9,351 claims filed for 2004 were not the product of class notice – almost 7000 of those claims were made long before settlement pursuant the existing Executive Order. The fact that a better claims rate was

SHIMIZU CANTO & FISHER
East Marine Corps Drive
Hagatna, Guam 96910
Tel. 671.472.1131
Fax 671.472.2886
Page 7

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
Tel. 206.682.5600
Fax 206.682.2992

obtained for recent years, where addresses were more likely to remain valid, does nothing to alleviate concerns associated with inadequate notice for later years' claims. The Settling Parties wrongly attempt to rely on this Court's prior approval of notice as a basis for final approval now. Preliminary approval of the settlement "in no way limits this Court's ability to deny final approval. *Buchet v. ITT Consumer Financial Corp.*, 845 F.Supp. 684, 688 (D. Minn. 1994). The Court's preliminary approval was conditional and based on the record before it at the time.

Respectfully Submitted,

Thomas J. Fisher
Counsel for Objectors

SHIMIZU CANTO & FISHER
East Marine Corps Drive
Hagatna, Guam 96910
Tel. 671.472.1131
Fax 671.472.2886
Page 8

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
Tel. 206.682.5600
Fax 206.682.2992

Case 1:04-cv-00006    Document 561    Filed 11/09/2007    Page 8 of 8