| | |
|---|---|
| LUJAN AGUIGUI & PEREZ LLP<br>DNA Building, Suite 300<br>238 Archbishop Flores Street<br>Hagåtña, Guam 96910<br>Telephone (671) 477-8064<br>Facsimile (671) 477-5297 |  **FILED**<br>DISTRICT COURT OF GUAM<br>APR 1 4 2008 <br>JEANNE G. QUINATA<br>Clerk of Court |

*Attorneys for Plaintiff Charmaine R. Torres*

## DISTRICT COURT OF GUAM

## TERRITORY OF GUAM

| | |
|---|---|
| JULIE BABAUTA SANTOS, et. al.,<br><br>                      Petitioners,<br><br>-v-<br><br>FELIX P. CAMACHO, et. al.<br><br>                      Respondents. | Civil Case No. 04-00006<br>Civil Case No. 04-00038<br>Civil Case No. 04-00049<br><br><br><br><br>**CHARMAINE R. TORRES'**<br>**MOTION TO AMEND FINAL EIC**<br>**CLASS ACTION ORDER** |
| CHARMAINE R. TORRES, et al.,<br><br>                      Plaintiffs,<br>-v-<br><br>GOVERNMENT OF GUAM, et al.,<br><br>                      Defendants. | |
| MARY GRACE SIMPAO, et al.,<br><br>                      Plaintiffs,<br>-v-<br><br>GOVERNMENT OF GUAM,<br><br>                      Defendant.<br>-v-<br><br>FELIX P. CAMACHO, Governor of Guam,<br><br>                      Intervenor-Defendant. | |

**ORIGINAL**

Before this Honorable Court comes Plaintiff Charmaine R. Torres, respectfully moving to amend the Final EIC Class Action Order ("the Final Order") pursuant to Federal Rule of Civil Procedure 60(a) or, alternatively, Federal Rule of Civil Procedure 59(e).

Federal Rule of Civil Procedure 60(a) permits a court, on motion or at any time on its own initiative, to "correct a clerical mistake or mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." "The error can be corrected whether it is made by a clerk or by the judge." Blanton v. Anzalone, 813 F. 2d 1574, 1577 (9th Cir. 1987). In determining whether to alter an order pursuant to Rule 60(a), the court's focus is on what the court originally intended to do. Sanchez v. City of Santa Ana, 936 F. 2d 1027, 1033 (9th Cir. 1991). Rule 60(a) is limited to correcting errors which arise from omission and may not be used to correct more substantial errors, such as errors of law. Id.

In this case, the Court reduced by 89.08 hours the 318.06 hours claimed by one of Plaintiff's attorneys, Delia Lujan, and so awarded 228.98 total hours for Attorney Lujan's work. (Final Order at 78.) As Attorney Lujan's hourly rate in this matter is $195 per hour, the total fees awarded for 228.98 hours should be $44,651.10. However, the Court allowed for Attorney Lujan's work only $4,651.10 in total fees. (Id.) Plaintiff submits that it was the Court's intention to award fees for Attorney Lujan's work based on an hourly rate of $195 and 228.98 total hours awarded and, therefore, the $4,651.10 total fees awarded is a clerical error.

As the Court arrived at the $211,626.10 Total Fees Allowed for *Torres* counsel by including only the $4,651.10, and not the correct figure of $44,651.10, for Attorney Lujan's work, the Total Fees Allowed and Fees Awarded is also incorrect. Substituting the $44,651.10 for the $4,651.10, the Total Fees Allowed and Fees Awarded for *Torres* counsel should be $251,626.10, and not $211,626.10 as stated in the Final Order. (Final Order at 78.)[1]

---

[1] Plaintiff further notes that on page 93 of the Final Order, the Court stated that the Fees Awarded for *Torres* counsel is $211,**262**.10. However, this contradicts the amount stated in page

Alternatively, Plaintiff moves for amendment pursuant to Federal Rule of Civil Procedure 59(e), which permits a judgment to be altered or amended to correct manifest errors of fact or law upon which the judgment is based. McDowell v. Calderon, 197 F. 3d 1253, 1255 n.1 (9th Cir. 1999). As stated above, it is Plaintiff's belief that the Court intended to award $44,651.10 for Attorney Lujan's work, based on 228.98 total hours awarded and an hourly rate of $195, and that the Total Fees Allowed for *Torres* counsel should then be $251,626.10. If this is not a clerical error correctable under Rule 60(a), then it is an error of fact that $195 multiplied by 228.98 equals only $4,651.10. As this error of fact informed the Court's Final Order regarding the total award of fees for *Torres* counsel, Plaintiff requests that the Court amend the Final Order to provide instead for a total fees award for *Torres* counsel of $251,626.10.

Based on the foregoing, Plaintiff respectfully requests that the Court amend the Final EIC Class Action Order to provide that the Total Fees Allowed for Attorney Delia Lujan's work is $44,651.10 and the Total Fees Allowed and Fees Awarded for *Torres* counsel is $251,626.10.

**RESPECTFULLY SUBMITTED** this 14th day of April, 2008.

          **LUJAN AGUIGUI & PEREZ LLP**

By: _____
      **DELIA S. LUJAN**
      Attorneys for Plaintiff Charmaine R. Torres

---

78 for Total Fees Allowed, which is $211,**626**.10. Plaintiff submits that it was clerical error to state on page 93 the amount of $211,262.10. Nonetheless, both amounts are erroneous due to the clerical error regarding the Total Fees Allowed for Attorney Delia Lujan's work.