FILED

MAR 05 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARY GRACE SIMPAO, JANICE CRUZ, and others similarly situated,<br><br>        Plaintiffs - Appellants,<br><br> and<br><br>CHRISTINA NAPUTI,<br><br>        Plaintiff,<br><br> v.<br><br>GOVERNMENT OF GUAM,<br><br>        Defendant - Appellee,<br><br>FELIX P. CAMACHO, in his official capacity as Governor of Guam,<br><br>        Defendant-intervenor - Appellee. | No. 08-16230<br><br>D.C. No. 1:04-cv-00049-FTG<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Guam
Frances Tydingco-Gatewood, Chief District Judge, Presiding

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Argued and Submitted February 11, 2010
Honolulu, Hawaii

Before: FARRIS, D.W. NELSON and BEA, Circuit Judges.

Janice Cruz and Mary Jane Simpao (collectively, "Simpao") appeal the district court's approval of the settlement of a class action challenging the decision by the Government of Guam to withhold payment of Earned Income Tax Credit ("EIC") from taxpayers. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

I.

Before approving a settlement, "the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." FED. R. CIV. P. 23(c)(2)(B). This court reviews "de novo whether notice of a proposed settlement satisfies due process." *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1374 (9th Cir. 1993).

The settlement received extensive coverage on television stations, talk radio stations, and websites. The notice was published twice weekly for four weeks in the *Pacific Daily News* and the *Marianas Variety,* two newspapers of significant general circulation in Guam. Additionally, the Department of Revenue and

Taxation ("DRT") mailed notice to 49,378 taxpayers that were identified as potentially qualified for the EIC for 1995–96, or 1999–2004, or who filed a claim in 1997 or 1998 but did not yet receive payment. The government used the last known address of claimants as provided by claimants on their tax returns. The DRT maintains an updated database of taxpayer contact information, and although information was entered into the database "as soon as possible," some information was not included because there was a cut-off date for data entry. The deputy director of the DRT set forth an affidavit explaining that the DRT does not have the financial and technological resources to access the IRS database to locate claimants.

Under these circumstances, searching government records for updated claimant contact information was neither practicable nor constitutionally required. *See Jones v. Flowers*, 547 U.S. 220, 235–36 (2006). Instead, consistent with claimants' due process rights, the government mailed notice to the most reliable address and supplemented it by publishing notice in multiple media outlets. Thus, "[t]he means employed [were] such as one desirous of actually informing the absentee might reasonably adopt to accomplish it," *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 315 (1950), and we find Guam provided potential claimants with the best notice practicable under the circumstances, including

3

identifying potential claimants through reasonable efforts and providing them individual notice. *See* FED. R. CIV. P. 23(c)(2)(B).

We reject Simpao's argument that the early mailing of settlement checks violated claimants' due process rights. Contrary to Simpao's assertion, the procedure did not induce class members to act against their interest. Coupling notice with cash settlement checks prior to final approval did not make the notice any less likely to "inform all class members of their opportunity to be heard" and did not deny them "the opportunity to opt out." *In re Gypsum Antitrust Cases*, 565 F.2d 1123, 1125 (9th Cir. 1977).

We also find that the notice clearly and concisely stated in plain, easily understood language all of the information required by Federal Rule of Civil Procedure 23. Although the notice did not mirror the models provided by the Federal Judicial Center, the notice was satisfactory because it "generally describe[d] the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard." *Churchill Village, L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004) (internal quotation marks omitted).

II.

The court reviews "a district court's decision to approve a class action settlement for a clear abuse of discretion." *Molski v. Gleich*, 318 F.3d 937, 953 (9th Cir. 2003). The court "will affirm if the district judge applies the proper legal standard and his [or her] findings of fact are not clearly erroneous." *Id*. (alteration in original).

"If the [settlement] proposal would bind class members, the court may approve it only after a hearing and on finding that it is fair, reasonable, and adequate." FED. R. CIV. P. 23(e)(2). "[W]here the court is '[c]onfronted with a request for settlement-only class certification,' the court must look to the factors 'designed to protect absentees.'" *Molski*, 318 F.3d at 953 (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997)). Furthermore, "settlements that take place prior to formal class certification require a higher standard of fairness." *Id*. (quotations omitted).

We reject Simpao's argument that the settlement was substantively unfair. Before the district court issued its final approval of the settlement, Guam provided the district court with data on the value of the claims filed, an estimate of the potential value of offsets, the number of claims filed and the theoretical number of total possible claims. The district court balanced the *Torrisi* factors and had an

5

adequate basis to conclude that the settlement was fair. *See Torrisi*, 8 F.3d at 1375. Nor were certain class years unfairly compromised. Although the parties disputed whether claims for tax year 2000 were time-barred, settlement permitted the parties to avoid this uncertainty; by foregoing interest as part of the settlement, the claimants avoided the risk that the case could not be sustained as a class action, as well as litigation over whether the EIC applied to Guam. Provided with the opportunity to opt out, few potential class members did so and only the Simpao parties objected. The district court had an adequate record of the value of the claims before it issued its judgment, and did not abuse its discretion when it held that the allocation of funds and the decision to waive interest for all class years satisfied the standard for substantive fairness.

III.

"Because the district court has broad authority over awards of attorneys' fees in class actions, we review the award for abuse of discretion." *Powers v. Eichen*, 229 F.3d 1249, 1256 (9th Cir. 2000) (internal quotation marks omitted). "The district court's underlying factual determinations are reviewed for clear error and its legal analysis relevant to the fee determination is reviewed de novo." *Shapiro ex rel. Shapiro v. Paradise Valley Unified Sch. Dist. No. 69*, 374 F.3d 857, 861 (9th Cir. 2004). The "district court abuses its discretion if its decision is based on

an erroneous conclusion of law or if the record contains no evidence on which it rationally could have based its decision." *In re FPI/Agretech Sec. Litig.*, 105 F.3d 469, 472 (9th Cir. 1997) (internal quotation marks omitted).

We reject Simpao's argument that the district court abused its discretion by awarding Simpao's counsel insufficient attorneys' fees and costs. Simpao asserts that the district court (1) should not have accepted Torres's block billing while rejecting Simpao's block billing, and (2) should not have included all of Torres's hours while crediting Simpao only for hours that resulted in a benefit. However, the district court has "authority to reduce hours that are billed in block format" and it was proper to credit counsel for time only where it could "determine how much time was spent on particular activities." *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007). The district court explained that it rejected Simpao's block billing "[w]here the tasks were block billed and unclear." Additionally, the fact that Simpao served as an objector while Torres joined and promoted the settlement serves as a reasonable basis for crediting their requested hours differently. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1051–52 (9th Cir. 2002). The district court considered any actual benefit that accrued to the class as a result of Simpao's efforts, and articulated its reasons for concluding that some of

Simpao's actions resulted in no benefit. The district court's award of attorneys' fees was not an abuse of discretion.

**AFFIRMED.**